# Exhibit A

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CRAIG SHAPIRO and JULIE SHAPIRO
Individually, and as guardians of their minor child,
B.S.,

    Plaintiffs,

JUUL LABS INC., ALTRIA GROUP,
INC., PHILIP MORRIS USA, INC.,
MY VAPOR HUT, INC. d/b/a 1ST WAVE VAPOR,
EDGAR F. DI PUGLIA in his capacity as owner of
THE SMOKE HOUSE SMOKE SHOP.

    Defendants.

**CIVIL ACTION**
CASE NO: **CACE-19010866**

_____/

## PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JUUL LABS INC.

PLAINTIFFS, pursuant to Fla .R. Civ. P. 1.350, hereby request that Defendant JUUL

Labs, Inc., produce the following documents and things within its custody, possession, or

control, in accordance with the requirements and procedures set forth in the rule.

As used in these requests, the following terms have the following meanings.

## DEFINITIONS

1.  "You" and "Your" and "JUUL" refer to JUUL Labs Inc., including (as may apply

depending upon the time frame of a given request), subsidiary companies (specifically including

Altria Group, Inc. ("Altria") and Philip Morris USA  ("Philip Morris"), its predecessors-in-

interest, its successors-in-interest, its executives, officers, agents, and employees, and any other

person acting on its behalf, including attorneys.

2.  As used throughout these Interrogatories, the term "Document" or any similar

term refers in the broadest possible sense meaning anything which may be considered to be a

document and includes, without limitations, any written, printed, typed, photostatic,

photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra office communication, questionnaires, surveys, charts, graph, photographs, recordings, tapes, back-up tapes, discs, data cells, printouts, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in back-up or legacy data formats, wherever found or maintained, including all servers, hard drives, lap tops, and firewalls.

3.     "JUUL" or "product" refers to JUUL brand e-cigarettes placed in the stream of commerce/within the United States at any time, including all packings and line extensions.

4.     Unless otherwise specified, all requests are limited to documents and things pertaining to the sales, marketing, design, and manufacture of JUUL and JUULPods within the United States.

5.      Unless a request contains a specific time limitation, it seeks all documents created, generated or obtained at any point in time through the date of your response.

6.      "To," "relating to" or "refer or relate to" shall mean, without limitation, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, concerning, mentioning, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting ,or otherwise involving, in whole or in part the subject matter of the request.

## INSTRUCTIONS

1.      The use of the singular herein shall be deemed to include the plural. The use of one gender shall be deemed to include all other genders. The use of the conjunction "or" shall be deemed to include the conjunction "and," and vice versa.

2.      In producing the documents and things requested herein, you shall furnish all documents in your actual or constructive possession, custody, or control, or in the actual or constructive possession, custody, or control of your officers, employees, agents, representatives, corporate affiliates, or attorneys.

3.      If any requested document or thing cannot be produced in full, it shall be produced to the extent possible, indicating what document or portion of documents are being withheld and the reasons why such documents are being withheld.

4.      If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document:  date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

5.     Notwithstanding the assertion of any privilege or objection, any document which contains both privileged or objectionable and non-privileged or non-objectionable information which is responsive to these requests must be produced with the privileged or objectionable information redacted from the document.

6.     Copies of the file tab or label of the file within which a requested document is located shall be produced along with the document found in the file.

7.     If you are aware that a document or thing once existed but has been destroyed, please state when the document or thing was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

8.     If you object to or are unable to answer any of these requests, please state your objection or reason for your inability to answer separately in detail for each such request.  Any ground not stated shall be deemed waived.

9.     Failure to provide information in response to these requests will be deemed a waiver of your right to produce such evidence at trial.  Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

## PLEASE PRODUCE LEGIBLE/AUDIBLE COPIES OF THE FOLLOWING DOCUMENTS

1.     Any and all documents or communications concerning or that you believe concern the acquisition of JUUL Labs, Inc. by Altria Group, Inc., or any other of its subsidiaries including, but not limited to, all documents and communications prior to its acquisition.

2.     Any and all documents or communications concerning or that you believe concern, marketing practices of JUUL Lab, Inc., concerning JUUL and related e-cigarette products including communications with Altria Group, Inc., and/or any other of its officers,

directors, agents, employees or personnel, and its subsidiaries including their officers, directors, agents, employees or personnel.

3.      Any and all documents or communications concerning or that you believe concern, sales practices of JUUL Lab, Inc., concerning JUUL and related e-cigarette products including communications with Altria Group, Inc., and/or any other of its officers, directors, agents, employees or personnel, and its subsidiaries including their officers, directors, agents, employees or personnel.

4.      Any and all documents or communications concerning or that you believe concern, advertising practices of JUUL Lab, Inc., concerning JUUL and related e-cigarette products including communications with Altria Group, Inc., and/or any other of its officers, directors, agents, employees or personnel, and its subsidiaries including their officers, directors, agents, employees or personnel.

5.      Any and all documents or communications concerning or that you believe concern product usage by youth or use by underaged persons concerning JUUL.

6.      Any and all documents or communications concerning or that you believe concern, communications regarding JUUL between JUUL Labs, Inc. and/or Altria Group, INC., and/or any of its subsidiaries, and the Food and Drug Administration (FDA).

7.      Any and all documents or communications concerning or that you believe concern, the product safety or risk of JUUL including but not limited to safety compared to conventional cigarettes from JUUL Labs, Inc., and/or Altria Group, INC., and/or any of its subsidiaries, excluding pleadings and discovery responses in this action.

8.    Any and all documents or communications concerning or that you believe concern trade practices of JUUL Labs, Inc., and/or Altria Group, Inc., and/or any subsidiary of Altria Group, Inc., concerning JUUL.

9.    Any and all documents or communications that you believe were authored by or that you believe otherwise memorializes the beliefs, opinions, or knowledge of any named defendant in any related action, excluding pleadings and discovery responses in this action.

10.    If not encompassed within the manufacturing specifications produced in response to the preceding request, any other product specification or profile or other document that identifies [a] the ingredients, additives, and processing aids for all JUUL Labs, Inc. products, including, but not limited to: [b] the product design, [c] how the nicotine that is being used in the JUUL e-cigarette is developed, [d] nicotine formulation, [e] e-cigarette configuration, [f] e-liquid additives, [g] nicotine yield and/or percentage in the device, [h] vapor yield, [i] pH levels of vapor, and [j] every other additive and processing aid of any description.

11.    Any and all documents necessary to interpret the documents produced in response to the preceding requests, including, for example, internal indexes or glossaries revealing the significance of manufacturing or ingredient codes.

12.    Any and all documents not produced in response to any preceding request which discusses, refers to, or otherwise reflects product use by youth or underaged persons of JUUL products.

13.    Any and all documents not produced in response to any preceding request which discusses, refers to, or otherwise reflects product design of JUUL Labs, Inc.

14.    Any and all documents not produced in response to any preceding request which discusses, refers to, or otherwise reflects nicotine development of JUUL Labs, Inc.

15.     Any and all documents not produced in response to any preceding request which discusses, refers to, or otherwise reflects the acquisition of JUUL Labs, Inc. by Altria Group, Inc.

16.     Please provide copies of all materials that JUUL provides to health insurers, employers, health care providers, and the public sector.

17.     Please provide copies of all documents and other information reflecting communications with the FDA about whether any JUUL advertisements or proposed advertisements – or other actual or proposed promotional materials – make claims that JUUL helps smokers quit smoking (smoking cessation claims) or claims that JUUL is less hazardous than other tobacco products (modified risk claims).

18.     Please provide a breakdown of sales – broken down by retail and online – between all of JUUL's flavored products – including year-over-year sales, aggregate sales, and percentage sales between flavored JUULpods.

19.     Regarding a February 4, 2019 letter to President Trump, urging the White House to intervene with the FDA's public health oversight and "pump the brakes on its new regulatory efforts," the New York Times reported that JUUL made financial contributions to organizations that were signatories of that letter. Please confirm the amounts and dates of JUUL's contributions to these organizations, as well as amounts and dates of contributions to any other organizations that signed the February 4, 2019 letter.

20.     Please provide all documents and communications relating to or concerning JUUL customer loyalty program, including the lists or databases of known customers, and all communications between you and Defendant Altria Group, Inc. and Philip Morris USA, Inc. or any subsidiary of these companies, or between you and any third party relating to same.

21.     Please produce any and all documents seized by or produced to the FDA in

connection with JUUL, and produce any and all communications regarding same.

Dated: May 21, 2019                           By: /s/ Jeffrey L. Haberman

                                              Scott Schlesinger
                                              Jonathan Gdanski
                                              Jeffrey Haberman
                                              scott@schlesingerlaw.com
                                              jonathan@schlesingerlaw.com
                                              Jhaberman@schlesingerlaw.com
                                              **SCHLESINGER LAW OFFICES, P.A.**
                                              1212 SE 3rd Avenue
                                              Fort Lauderdale, FL 33316
                                              Telephone: (954) 467-8800
                                              Facsimile: (954) 320-9509

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CRAIG SHAPIRO and JULIE SHAPIRO
Individually, and as guardians of their minor child,
B.S.,

        Plaintiffs,

**CIVIL ACTION**
CASE NO: **CACE-19010866**

JUUL LABS INC., ALTRIA GROUP,
INC., PHILIP MORRIS USA, INC.,
MY VAPOR HUT, INC. d/b/a 1ST WAVE VAPOR,
EDGAR F. DI PUGLIA in his capacity as owner of
THE SMOKE HOUSE SMOKE SHOP.

        Defendants.

_____/

## PLAINTIFFS' NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT JUUL LABS, INC.

PLAINTIFFS, pursuant to Fla. R. Civ. P. 1.340, hereby request that Defendant JUUL Labs, Inc., responds to the following interrogatories. As used in these interrogatories, the following terms have the following meanings.

As used in these requests, the following terms have the following meanings.

**DEFINITIONS**

1.      "You" and "Your" and "JUUL" refers to Defendant JUUL Labs, Inc., and including (as may apply depending upon the time frame of a given request), subsidiary companies, its predecessors-in-interest, its successors-in-interest, its executives, officers, agents, and employees, and any other person acting on its behalf, including attorneys.

2.      As used throughout these Interrogatories, the term "Document" or any similar term refers in the broadest possible sense meaning anything which may be considered to be a document and includes, without limitations, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether

comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra office communication, questionnaires, surveys, charts, graph, photographs, recordings, tapes, back-up tapes, discs, data cells, printouts, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in back-up or legacy data formats, wherever found or maintained, including all servers, hard drives, lap tops, and firewalls.

3.      "JUUL" or "product" refers to JUUL brand e-cigarettes placed in the stream of commerce/within the United States at any time, including all packings and line extensions.

4.      Unless otherwise specified, all requests are limited to documents and things pertaining to the sale, marketing, design and manufacture of JUUL and JUULPods within the United States.

5.      Unless a request contains a specific time limitation, it seeks all documents created, generated or obtained at any point in time through the date of your response.

6.      "To," "relating to" or "refer or relate to" shall mean, without limitation, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, concerning, mentioning, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part the subject matter of the request.

**INSTRUCTIONS**

1.      The use of the singular herein shall be deemed to include the plural.  The use of one gender shall be deemed to include all other genders.  The use of the conjunction "or" shall be deemed to include the conjunction "and," and vice versa.

2.      In producing the documents and things requested herein, you shall furnish all documents in your actual or constructive possession, custody, or control, or in the actual or constructive possession, custody, or control of your officers, employees, agents, representatives, corporate affiliates, or attorneys.

3.      If any requested document or thing cannot be produced in full, it shall be produced to the extent possible, indicating what document or portion of documents are being withheld and the reasons why such documents are being withheld.

4.      If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document:  date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

5.      Notwithstanding the assertion of any privilege or objection, any document which contains both privileged or objectionable and non-privileged or non-objectionable information

which is responsive to these requests must be produced with the privileged or objectionable information redacted from the document.

6. Copies of the file tab or label of the file within which a requested document is located shall be produced along with the document found in the file.

7. If you are aware that a document or thing once existed but has been destroyed, please state when the document or thing was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

8. If you object to or are unable to answer any of these requests, please state your objection or reason for your inability to answer separately in detail for each such request. Any ground not stated shall be deemed waived.

9. Failure to provide information in response to these requests will be deemed a waiver of your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

## INTERROGATORIES

1. Please identify in chronological order every product produced by JUUL LABS, INC. including the dates it was available for purchase in the United States (excluding dates relating solely to geographically limited test markets).

2. For each product identified in response to the preceding interrogatory identify every ingredient (including processing aids and additives, whether in the e-liquid, or device) noting any changes or variation since 2007.

3. Please identify by name, title, and last known address, every executive, officer, and board member for JUUL Labs, Inc. from its inception as PAX Labs, Inc.

4. Please describe in detail the division/allocation of respective corporate responsibilities between JUUL Labs, Inc., Philip Morris USA, and/or Altria Group, Inc.,

including any of Altria Group, Inc.'s subsidiaries, including before and after Altria Group, Inc.'s

acquisition of JUUL Labs, Inc. with respect to the design, manufacture, regulatory compliance,

advertising, marketing, and sale of JUUL products, including a description of document

retention/destruction responsibilities for documents that pre-existed the acquisition and

documents generated or obtained after the acquisition.

5.      Please set forth the advertising/marketing budget for JUUL for each of the past

years since 2015, including the amounts allocated for particular budget line items.

6.      Please identify by name and date of publication every print or online publication

and/or forum in which JUUL has advertised.

7.      Please explain in detail the economic and/or corporate rationale for the acquisition

of JUUL Labs, Inc. by Altria Group, Inc.

8.      Please explain in detail how JUUL Labs, Inc., and/or Altria Group, Inc. has

complied or failed to comply with the Food and Drug Administration (FDA)'s concern of the

surge in e-cigarette use among youth.

9.      Please state the gross sales, in dollars and units, of the products sold in the United

States during the past six years, broken down by year, state/territory, and brand/flavor.

10.     Please identify all e-mail, text, and/or mailing lists used to communicate with

consumers who have purchased JUUL Labs' products in the United States during the past six

years.

11.     Please describe any research that indicates whether JUUL Labs' products are

safer, safer, less hazardous and/or less addictive than conventional cigarettes.

12.     Please identify all packaging of the products, including any changes to the

packaging and when the changes were made.

13. Please identify all consumer surveys, reports, and other documents that pertain to youth or underaged viewing of the marketing and advertising of the products.

14. Please describe in detail the process or processes in which nicotine is developed for e-liquid use.

15. Please describe in detail how the e-liquid is heated in the JUUL device.

16. Please describe in detail the product design and function of all JUUL devices, respectively.

17. Has JUUL ever conducted a clinical trial in the United States proving that's its products actually help smokers with nicotine cessation? If so, please provide that study. If not, why not?

18. Please explain in detail, what actions JUUL Labs, Inc. or Altria Group, Inc. has taken to decrease youth e-cigarette use?

19. Has JUUL paid any "social media influencers" to promote its products? If so, please provide a list of influencers who have been paid by JUUL to promote its products. Has JUUL identified its connection with these influencers, in accordance with Federal Trade Commission (FTC) rules?

20. Please provide a copy of JUUL's response to the FDA's 904(b) letter on April 24, 2018.

21. Following December 19, 2018 Altria merger announcement, please list any and all changes to JUUL's November 13, 2018 commitments and action plan.

22. For products sold online, will JUUL require independent, third-party age and identity verification that compares customer information against third-party data sources, such as public records?

23.     Ostensibly to prevent bulk shipments and youth access, JUUL announced that it would limit online customers to two devices and fifteen JUUL pod packages per month, and no more than ten devices per year. How did JUUL determine it would limit online purchases to 15 JUUL pods per month? Please provide pattern of use documentation to explain.

24.     Did JUUL, or any of its employees or contractors, discuss with Altria, or any of its employees or contractors, either company's response to the FDA's September 12, 2018, inquiry on plans to address youth e-cigarette use? If so, please describe said communication(s) and produce a copy of same.

25.     Has JUUL collected information on the appeal of its flavored products among youth? Please provide information on youth use of each of JUUL's flavored products.

26.     According to a recent report, JUUL has an "enterprise markets team" that is working to strike deals with health insurers, employers, health care providers, and the public sector to make JUUL available to employees and beneficiaries who want to stop smoking cigarettes. What data and other information does JUUL communicate to health insurers, employers, health care providers, and the public sector about whether JUUL is effective at helping adult smokers stop smoking cigarettes?

27.     Does JUUL clearly indicate that its products have not been found safe and effective by the FDA for the purpose of smoking cessation?

Dated: May 21, 2019                    By: /s/ Jeffrey L. Haberman

                                       Scott Schlesinger
                                       Jonathan Gdanski
                                       Jeffrey Haberman
                                       scott@schlesingerlaw.com
                                       jonathan@schlesingerlaw.com
                                       Jhaberman@schlesingerlaw.com
                                       **SCHLESINGER LAW OFFICES, P.A.**
                                       1212 SE 3rd Avenue
                                       Fort Lauderdale, FL 33316
                                       Telephone: (954) 467-8800
                                       Facsimile: (954) 320-9509



## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CRAIG SHAPIRO and JULIE SHAPIRO
Individually, and as guardians of their minor child,
B.S.,

    Plaintiffs,

**CIVIL ACTION**
CASE NO:

DEMAND FOR JURY TRIAL

JUUL LABS INC., ALTRIA GROUP,
INC., PHILIP MORRIS USA, INC.,
MY VAPOR HUT, INC. d/b/a 1ST WAVE VAPOR,
EDGAR F. DI PUGLIA in his capacity as owner of
THE SMOKE HOUSE SMOKE SHOP.

    Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or petition

in this action on Defendant,

    JUUL LABS, INC.
    c/o INCORP SERVICES INC.
    LOXAHATCHEE, FL 33470

    Each Defendant is required to serve written defenses to the Complaint or petition on
attorney for Plaintiffs whose address is:

            Scott P. Schlesinger
            SCHLESINGER LAW OFFICES, P.A.
            Attorney for Plaintiffs
            1212 Southeast Third Avenue
            Fort Lauderdale, FL 33316
            Telephone: (954) 320-9507

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of

service, and to file the original of the defenses with the clerk of this court either before service on

Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

DATED on    MAY 21 2019

BRENDA D. FORMAN,
As Clerk of said Court

BY: _____

AS DEPUTY CLERK

BRENDA D. FORMAN

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CRAIG SHAPIRO and JULIE SHAPIRO
Individually, and as guardians of their minor child,
B.S.,

       Plaintiffs,            Case No.: **CACE-19010866**

v.

JUUL LABS INC., ALTRIA GROUP,
INC., PHILIP MORRIS USA, INC.,
MY VAPOR HUT, INC. d/b/a 1ST WAVE VAPOR,
EDGAR F. DI PUGLIA in his capacity as owner of
THE SMOKE HOUSE SMOKE SHOP.

       Defendants.
_____/

## NOTICE OF TAKING VIDEOTAPED DEPOSITION

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| NAME AND ADDRESS | DATE & TIME | LOCATION |
|---|---|---|
| JAMES MONSEES<br>JUUL Labs Inc.<br>560 20th Street<br>San Francisco, CA 94107 | July 9, 2019<br>at 9:00 a.m. | Barkley Court Reporter<br>201 California Street<br>Suite 375<br>San Francisco, CA 94111<br>T: 415.433.5777 |

The deposition will be upon oral examination before **Barkley Court Reporters,** Notary Public, or officer authorized by law to take depositions. The deposition will be taken orally and will be videotaped. The oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of the Court.

Respectfully submitted,

s/ Jeffrey L. Haberman
SCOTT P. SCHLESINGER
Fla. Bar No. 444952
scott@schlesingerlaw.com
JEFFREY L. HABERMAN
Fla. Bar. No. 98522
jhaberman@schlesingerlaw.com
JONATHAN R. GDANSKI
Fla. Bar. No. 32097
SCHLESINGER LAW OFFICES, P.A.
1212 SE 3rd AVENUE
FT LAUDERDALE, Florida 33316
T: (954) 467-8800
F: (954) 320-9509


*Attorneys for Plaintiffs Craig and Julie Shapiro individually, and as guardians of their minor child, B.S.*