# GUTRIDE SAFIER LLP  Attorneys at Law

October 16, 2019

**VIA ECF**
The Honorable William H. Orrick
United State District Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

   Re: *In re: JUUL Labs Inc., Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2913-WHO

Dear Judge Orrick:

  Pursuant to Pretrial Order No. 1 (Dkt.# 2), please accept this letter as my application to serve as Co-Lead Counsel, or in such other role as the Court deems appropriate. My firm, Gutride Safier LLP ("GSLLP"), filed the first lawsuit against JUUL, on behalf of a proposed nationwide class of all purchasers, on April 26, 2018, months before the FDA declared youth vaping a public health emergency and other cases were filed. On September 27, 2018, this Court appointed my firm and our co-counsel, Migliaccio & Rathod, to be Interim Lead Counsel for the putative class of all JUUL purchasers pursuant to Rule 23(g). Case No. 3:18-cv-02499 (Dkt.# 63). In subsequent consolidation orders, it reaffirmed that appointment. (*See id*., Dkt.## 71, 129.)

  During the months of pre-filing investigation, as well as the sixteen months of litigation, we have vigorously prosecuted the interests of the putative class. We have interviewed hundreds of class members; proposed 44 class representatives from nearly every state; survived two rounds of motions to dismiss and a motion to compel arbitration; served detailed document demands on JUUL, government agencies (via FOIA request) and dozens of third parties (via subpoena)—obtaining over 500,000 pages thus far; retained almost a dozen experts; and engaged in extensive investigations of JUUL's conduct. Our 118-page Second Amended Complaint (plus hundreds of pages of appendices regarding commonalities among the state laws) has served as a model for all the subsequent case filings; it seeks not only restitution of the money paid to purchase JUUL products, but also damages and injunctive relief to redress the harm from their use. We are hard at work on improvements for the forthcoming Third Amended Complaint.

  This MDL now includes not only class cases like ours, but also individual injury cases (both addiction-as-injury and catastrophic stroke and lung damage claims), and governmental entity cases (public nuisance claims by school districts and municipalities). I intend to continue to work on behalf of the class as Court-appointed interim co-lead. I respectfully request that I also be appointed to serve as a co-lead of the overall MDL, to ensure the most efficient coordination among the various lawyers, issues and claims, and to make the best use of the very significant work that has been done to date. I am pleased that I have the support from nearly all lawyers in this MDL for my application; their names and affiliations are shown on Exhibit A.

### Experience

  I am one of two founding partners of GSLLP, a consumer class action boutique headquartered in San Francisco. Since the firm's founding in 2005, I, along with my colleagues at GSLLP, have litigated to final class judgment more than two dozen actions for deceptive

advertising or defective products. Although I have not previously applied in an MDL to be appointed as lead or member of a committee, I have regularly been appointed lead class counsel (with no such application ever being rejected) in our cases. GSLLP is currently lead counsel in class actions pending in the Northern District of California, the District of Delaware, the Eastern District of New York, the Western District of Washington and the California Superior Court. My firm includes many other highly talented lawyers, graduates of top law schools and alumni from large defense firms, with experience in complex litigation, including class and mass trials. Details are provided in Exhibit B.

Much of GSLLP's work has broken new ground to advance the ability of injured persons to seek class redress. We attained several noteworthy Ninth Circuit opinions in the last decade regarding consumer class actions, including opinions (1) invalidating arbitration agreements that purport to waive the right to public injunctive relief, (2) holding that purchasers retain Article III standing to seek such injunctive relief even after they discover that a product label is false, (3) permitting certification of a restitution class without a showing of individualized deception or reliance, and (4) affirming certification of a RICO class despite differences in the types of injury and damage. In addition, I personally have negotiated and obtained court approval of numerous multimillion-dollar class settlements, not just in state and federal trial courts, but also in bankruptcy court. Those cases involved, among other things, defective tablet computers for children, defective operating systems on laptop and desktop computers, "flushable" wipes, "extra virgin" olive oil, "real ginger" ale, "unlimited" video rentals, hidden recurring charges for online services, and exorbitant mutual fund fees. For more information, please see Exhibit B.

Although this is my first lawsuit involving tobacco products, it is not my first foray into high-profile anti-tobacco advocacy. That was a role I initiated as a fourteen-year-old high school sophomore in Reno, Nevada, in the mid 1980s, winning the district-wide competition in original oratory and proceeding to the national championship tournament, with a speech on the perils of smoking. Two years later, I reprised the subject to win the state debate tournament, having marshaled evidence about addiction science, tobacco industry deception, youth predation, and the harms wrought by cigarettes on families and country. Over the following years, I was proud of our society's achievements—banning smoking on airplanes, then in public buildings; outlawing cigarette advertising; forcing the industry to pay millions to fund education and treatment; and nearly eliminating youth uptake. Like so many others, I am devastated that JUUL has in such short order reversed these gains and addicted a whole new generation of high school students—people just like the classmates I was speaking to more than thirty years ago.

**Commitment and Resources**

My life experience, from my current role as lead counsel in consumer class actions to my teenage years researching and speaking about Big Tobacco, has given me an appreciation of the magnitude of time, energy, and resources necessary to effectively lead in this case. After careful reflection and consultation with my colleagues and my family, I confirm that my other responsibilities allow me to make that commitment here. My firm will commit a minimum of 5500 annual hours of attorney time, of which a very substantial share will be my own time. I also assure this Court that GSLLP has the financial resources to serve in a leadership role and fund litigation costs. GSLLP routinely advances substantial funds and does nearly all its work on a

Hon. William H. Orrick
October 16, 2019
Page 3

contingent basis.  We have never used and are not using third-party funding (other than traditional bank lines of credit) to fund this litigation or our firm.

**Cooperation**

I have worked closely with colleagues across the country since the early stages of this litigation and advocated for a cooperative approach with counsel for plaintiffs in follow-on cases. I am honored that so many of them support my application, as shown in Exhibit A. Among other things, I have spoken about JUUL to hundreds of plaintiffs' lawyers at two national conferences and co-organized a meeting of more than 60 lawyers in San Francisco after the MDL proceedings were coordinated here. I will continue these efforts if appointed Lead Counsel. I have also worked cooperatively with defense counsel to consolidate follow-on cases, prepare joint pleadings, and coordinate discovery. I can report, and I am confident that defense counsel would similarly report, that the case has thus far been litigated vigorously and professionally, cooperatively, and respectfully, as should be done in all cases.

**Proposed Leadership Structure**

Because millions of newly addicted kids need help immediately, including funds for cessation treatment and education, cases in this MDL must be tried expeditiously. JUUL—controlled by tobacco giant Altria—will mount no less tenacious a defense than did Big Tobacco in years past. To vindicate the complex claims of the putative classes, of individuals with catastrophic injuries, of school districts and others, it is essential to have a highly coordinated, large, and eminently skilled team of lawyers. I am grateful to have assembled such a team, which includes MDL veterans and tobacco litigation experts; is diverse by gender, race, age, geography, and type of case; and in which all have agreed to cooperate on the common goal. I respectfully request that I and two others be appointed to serve as co-leads, along with an approximately 20-member Steering Committee to work on the numerous parts of the cases, of whom approximately 10 would be designated to an Executive Committee to manage the cooperative work and prevent duplication. I understand that applications are being submitted for those roles from each of the persons listed on Exhibit A; I support their applications and understand that they support mine. I also support appointing Migliaccio & Rathod to the Executive or Steering Committees. To ensure continued dedication, I would suggest that all who are appointed (including me) be required to apply for re-appointment in one year. The overall size of the proposed steering committee is in line with those in cases of similar importance and complexity, including the Volkswagen Diesel Emissions MDL and the ongoing Opioids MDL. In addition, designating a portion of the steering committee as an executive group to assist the co-leads is a preferred model where there needs to be simultaneous tracking and coordination among disparate types of plaintiffs and claims—as in the ongoing Valsartan MDL and others.

Sincerely yours,

Adam J. Gutride

# EXHIBIT A

# EXHIBIT A

In re Juul
MDL No. 2913
Plaintiffs' Leadership Applications

### Applications for Co-Lead

| | | |
|---|---|---|
| Adam Gutride | Sarah London | Michael London |
| Gutride Safier | Lieff Cabraser | Douglas & London |
| San Francisco, CA | San Francisco, CA | New York, NY |
| | (liaison) | |

### Applications for Membership on Executive Committee of the Steering Committee

| | | |
|---|---|---|
| Matt Schultz | Emily Jeffcott | Stacey Slaughter |
| Levin Papantonio | Morgan & Morgan | Robins Kaplan |
| Pensacola, FL | Pensacola, FL | Minneapolis, MN |
| | | |
| Ellen Relkin | Brad Honnold | Tom Cartmell |
| Weitz & Luxenberg | Goza & Honnold | Wagstaff & Cartmell |
| New York, NY | Overland Park, KS | Kansas City, MO |
| | | |
| Joseph VanZandt | Dean Kawamoto | Christopher Gold |
| Beasley Allen | Keller Rohrback | Robbins Geller |
| Montgomery, AL | Seattle, WA | Boca Raton, FL |

### Applications for Membership on the Steering Committee

| | | | | |
|---|---|---|---|---|
| Neil Overholtz | Mikal Watts | Rachel Abrams | Leslie LaMacchia | Michael Weinkowitz |
| Aylstock Witkin | Watts Guerra | Levin Simes Abrams | Pulaski Kherkher | Levin Sedran |
| Pensacola, FL | San Antonio, TX | San Francisco, CA | Houston, TX | Philadelphia, PA |
| | | | | |
| Kristine Kraft | Khaldoun Baghdadi | Tracy Finken | Erin Dickinson | Linda Nussbaum |
| Schlichter Bogard | Walkup Melodia | Anapol Weiss | Crueger Dickinson | Nussbaum Law |
| St Louis, MO | San Francisco, CA | Philadelphia, PA | Milwaukee, WI | New York, NY |

The proposed co-leads also support (1) Sabita Soneji, Tycko & Zavareii, Oakland CA, in an Executive Committee or Steering Committee role and (2) Michelle Drake, Berger Montague, Minneapolis MN, in a Steering Committee role, and understand that they support the proposed co-leads.

# EXHIBIT B

**ADAM J. GUTRIDE**
Gutride Safier LLP

**EDUCATION:**     **YALE LAW SCHOOL** J.D., 1994
**UNIVERSITY OF CHICAGO** B.A., 1991

**PROFILE**:     Mr. Gutride is a member of the state bar of California and several federal courts and co-founder of Gutride Safier LLP ("GSLLP"), whose successes are described below. Prior to the formation of GSLLP in 2005, Mr. Gutride litigated at Keker & Van Ness and Orrick Herrington & Sutcliffe. He also has served as an adjunct instructor in Legal Research and Writing at Hastings College of the Law. Mr. Gutride was law clerk to the Honorable Ellen Ash Peters, Chief Justice of the Connecticut Supreme Court, from 1994 to 1995. At Yale, he was awarded the Stephen J. Massey Prize for outstanding clinical advocacy. At the University of Chicago, he graduated Phi Beta Kappa, with General Honors.

**SIGNIFICANT CLASS ACTION RESULTS:** Mr. Gutride has not previously applied for appointment to an MDL leadership.  However, he has nearly twenty years' experience representing plaintiffs in large false advertising, consumer fraud, and product defect litigation.  In the past six years, he has been appointed Class Counsel and achieved substantial settlements on behalf of consumers in the following cases, among others: *Fitzhenry-Russell, et al. v. The Coca-Cola Company*, Dkt. No. 89, Case No. 5:17-cv-00603-EJD (N.D. Cal. June 13, 2019) (Davila, J.) ($2.45 million common fund on "real ginger" ale claim); *In re Arctic Sentinel, Inc.* (*Miller v. Fuhu, Inc.*), Dkt. No. 1301, Case No. 15-bk-12465 (Bankr. D. Del. May 7, 2019) (Sontchi, J.) ($154 million common fund for defective children's electronic tablets); *Koller v. Med Foods Inc., et al.*, Dkt. No. 169, Case No. 3:14-cv-02400 (N.D. Cal. Aug. 29, 2018) (Seeborg, J.) ($7 million common fund on "extra virgin" olive oil); *Rainbow Business Solutions, Inc., et al. v. MBF Leasing LLC, et al.,* Dkt. No. 730, Case No. 10-cv-01993-CW (N.D. Cal. Dec. 5, 2017) (Wilken, J.) (refunds of overcharged property taxes and improper debits on credit card terminal leases up to $9.2 million); *Miller, et al. v. Ghirardelli Chocolate Company*, Dkt No. 170, Case No. 12-cv-04936-LB (N.D. Cal. Feb. 20, 2015) (Dkt. #170) (Beeler, J.) ($5.25 million common fund for purchasers of mislabeled chocolate); *Rainbow Business Solutions, Inc., et al. v. Merchant Services, Inc., et al.,* Dkt. No. 578, Case No. 10-cv-01993-CW (N.D. Cal. Dec. 11, 2013) (Wilken, J.) (refunds of $350 per claimant for credit card processing service enrollment); *Mancini, et al v Ticketmaster, et al.*, Dkt. No. 510, Case No. 07-cv-01459-DSF-JTL (C.D. Cal. Aug. 2, 2013) ($23 million common fund in case involving monthly coupon subscription service))

**SIGNIFICANT APPELLATE VICTORIES**: Mr. Gutride has overseen GSLLP's groundbreaking appellate work to benefit consumers.  Key cases include the following: *McArdle v. AT&T Mobility LLC, et al.*, 772 Fed. Appx. 575 (9th Cir. June 28, 2019) (argued and decided with *Blair v Rent-A-Center, Inc.,* 928 F.3d 919 (9th Cir. June 28, 2019) (upholding conclusion that arbitration agreement was enforceable since it contained a public injunctive relief waiver); *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017) (holding plaintiff had Article III standing to seek injunctive relief

even though she was already on notice of the misrepresentation); *Just Film, Inc. v. Buono*, 847 F.3d 1108 (9th Cir. 2017) (affirming certification of RICO class despite differences in types of injuries resulting from enterprise and even though assessment of damages would require individual inquiry); *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011) (reversing denial of certification; holding that proof of class-wide deception and reliance were not required under Article III); *Just Film, Inc. v. Merch. Servs., Inc.*, 474 F. App'x 493 (9th Cir. 2012) (affirming preliminary injunction order issued prior to class certification); *Chavez v. Blue Sky Nat. Bev. Co.*, 340 F. App'x 359 (9th Cir. 2009) (recognizing the "benefit of the bargain" theory for standing in consumer class actions).

**SUBSTANTIAL COMPLEX CLASS & MASS TRIAL EXPERIENCE.** While still a law student, Mr. Gutride was a member of the successful trial team in the Eastern District of Brooklyn that ended the indefinite detention at Guantanamo Bay, Cuba of a class of several hundred HIV+ Haitian refugees. *Haitian Centers Council et al. v. Sale*, 823 F. Supp. 1028 (E.D.N.Y 1993). Before founding GSLLP, Mr. Gutride also assisted in the state court trial of an insurance coverage case for asbestos injuries to thousands of shipworkers, which resulted in a settlement of $900 million. *Western MacArthur Co. et al, v. USF&G, Inc.*, Alameda County Super. Ct. Case No. 721595 (B. Sabraw, J.) Mr. Gutride's partners at GSLLP also have deep experience in large complex trials. For example, Matthew McCrary helped try *Adams v. Pilgrim's Pride Corp.*, No. 2:09-CV-397 (E.D. Tex.) (Payne, J.), a mass action involving thousands of poultry growers who brought federal antitrust claims under the Packer's and Stockyard's Act, as well as claims under various state deceptive trade practices acts. In addition, Todd Kennedy served on highly technical patent infringement trial teams on behalf of Google in *Bright Response v. Google Inc. et al.*, 2:07-cv-00279 (E.D. Tex.) (Everingham, J.) and *Function Media, L.L.C. v. Google, Inc. et al.*, 2:07-cv-00371 (E.D. Tex.) (Everingham, J.). For contact information for judges in these cases, please see next page.

**LEAD COUNSEL IN PENDING CLASS ACTIONS**: GSLLP has been appointed class counsel in two certified class actions which remain pending: *Allen v. Conagra Foods Inc.*, Case No. 3:13-cv-01279-WHO (N.D. Cal.) (Orrick, J.) and *Saliani et al. v. Bay Area Toll Authority, et al.,* Case No. CGC-14-540384 (San Francisco County Superior Court) (Massullo, J.). GSLLP also is acting as lead counsel representing putative classes in the following pending cases: *Niles v. Beverage Marketing USA, Inc.*, Case No. 2:19-cv-01902-EJD (E.D.N.Y.) (Feuerstein, J.); *Reed v. General Mills, Inc.*, Case No. 2:19-cv-00005-JCC (W.D. Wash.) (Coughenour, J.); *Zizumbo v. Unilever United States, Inc.*, Case No. 4:18-cv-7213-JSW (N.D. Cal.) (White, J.); *Scanlon v. Curtis International Ltd. et al.*, Case No. 1:19-cv-00937-LJO-SKO (E.D. Cal.) (O'Neill, J.); *Miller v. Peter Thomas Roth, LLC*, Case No. 5:19-cv-00698-WHA (N.D. Cal.) (Alsup, J.); *Hicks v. HP Inc.*, Case No. 17CV317178 (S.J. Sup. Ct.) (Walsh, J.); *Carlotti v. ASUS Computer International et al.*, 4:18-cv-03369-DMR (N.D. Cal.) (Ryu, J.); *Gonzales et al. v. TP- Link USA Corp.*, 3:18-cv-05824-RS (N.D. Cal.) (Seeborg, J.); *Moretti v. The Hertz Corporation, et al.*, Case No. 1:14-cv-00469-LPS (D. Del.) (Stark, J.); *Olosoni et al. v. H&R Block, Inc., et al.*, Case No. 3:19-cv-03610-SK (N.D. Cal.) (Kim, J.). For contact information for judges in these cases, please see next page.

Case 3:19-md-02913-WHO   Document 79   Filed 10/16/19   Page 9 of 9

| Judge | Court Name | Phone Number |
|---|---|---|
| Hon. William Alsup | N.D. Cal. | (415) 522-2020 |
| Hon. Laura Beeler | N.D. Cal. | 415-522-3140 |
| Hon. John C. Coughenour | W.D. Wash. | (206) 370-8457 |
| Hon. Edward J. Davila | N.D. Cal. | (408) 535-5356 |
| Hon. Charles Everingham (ret'd) | E.D. Tex. | (214) 969-2800 |
| Hon. Sandra J. Feuerstein | E.D.N.Y. | (631) 712-5630 |
| Hon. Sallie Kim | N.D. Cal. | (415) 522-4158 |
| Hon. Anne-Christine Massullo | S.F. Superior | (415) 551-3729 |
| Hon. Lawrence J. O'Neill | E.D. Cal. | (559) 499-5653 |
| Hon. Roy Payne | E.D. Tex. | (903) 935-2498 |
| Hon. Donna M. Ryu | N.D. Cal. | (510) 637-3639 |
| Hon. Bonnie L. Sabraw (ret'd) | Alameda Ct. Super. | (415) 772-0900 |
| Hon. Richard J. Seeborg | N.D. Cal. | (415) 522-2123 |
| Hon. Christopher S. Sontchi | Bankr. Del. | (302) 252-2888 |
| Hon. Leonard P. Stark | D. Del. | (302) 573-6003 |
| Hon. Brian C. Walsh | Santa Clara Super. | (408) 882-2110 |
| Hon. Jeffrey S. White | N.D. Cal. | (510) 637-3541 |
| Hon. Claudia A. Wilken | N.D. Cal. | (510) 637-3542 |