Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

October 16, 2019

Sarah R. London
Partner
slondon@lchb.com

**VIA ECF AND U.S. MAIL**

District Judge William H. Orrick
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

RE:   *In re Juul Labs Inc., Marketing, Sales Practices, And Products Liability Litigation*
MDL No. 2913 WHO

Your Honor:

Pursuant to Pretrial Order No. 1, I respectfully apply to serve as Liaison and Co-Lead Counsel.[1]  As a partner at Lieff, Cabraser, Heimann & Bernstein, LLP's ("LCHB") based in the San Francisco office,[2] my practice is focused on personal injury, mass torts, and class actions.  I have a decade of legal experience and have served as both lead trial counsel in tobacco cases and class counsel in product liability cases, and have experience successfully managing multiple trial teams concurrently with discovery teams, law and briefing teams, and mediation efforts leading to an unprecedented $100 million settlement for injured smokers and their families. I have prosecuted novel and challenging mass torts and class actions, and have developed particular expertise in the history, business, and science of nicotine addiction, a topic upon which I have been invited to speak.[3]  In this litigation, I have had the opportunity to begin cooperatively coordinating nationwide efforts to further the interests of putative class members, individual personal injury claimants, school districts, and municipalities, many of whom support this application. (See Exhibit B.)  I appreciate the significant resources necessary to steer this litigation to quickly and effectively address this public health crisis facing young people, and am eager to make that commitment.  My partners Elizabeth Cabraser, Wendy Fleishman, Lexi Hazam and Robert Nelson will devote their considerable expertise to this case, bringing unparalleled experience in complex litigation and tobacco.  (See Exhibit D.)

**Professional Experience in This Type of Litigation**

My professional experience with managing mass torts and class actions generally, and tobacco cases specifically, makes me uniquely suited to spearhead this litigation.  For five years, I litigated more than 3000 tobacco cases pending in the Middle District of Florida.  I managed all aspects of the federal *Engle* cases, including handling pretrial motions, opposing *Daubert* challenges, deposing defendants' experts, defeating due process and preemption challenges that entailed several trips to the 11th Circuit and dozens of certiorari petitions,[4] working with the world's leading experts in nicotine

---

[1] My colleagues have nominated me to serve as Liaison Counsel, pursuant to PTO 1.  After conferring with more than 60 attorneys with cases in this MDL, I understand that there is consensus for my role as Liaison Counsel. I would be willing to serve on the Plaintiffs' Steering Committee if the Court deems that role most appropriate.

[2] We have filed *Beatriz-Alegre v. Juul Labs, Inc.*, No. 3:19-cv-05174, which has been associated with this MDL.

[3] For example, I presented: "Harmful Effects of JUUL: An Overview of Nicotine Addiction Science and Cardiovascular/Pulmonary Effects" at the HarrisMartin Juul, E-Cigarettes & Vaping Conference: Emerging Litigation and Liability Theories, in September 2019.

[4] *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342 (11th Cir. 2018), *cert. denied*, 139 S.Ct. 1262 (2019); *Graham v. R.J. Reynolds Tobacco Co.*, 2013 WL 12166326 (M.D. Fla. 2013), *aff'd en banc*, 857 F.3d 1169 (11th

*Footnote continued on next page*

District Judge William H. Orrick
October 16, 2019
Page 2

addiction and nicotine-related injuries, and trying thirteen jury trials to verdict. In those, I served as lead trial counsel in two cases and second-chair trial counsel in seven cases, handled pretrial motions as well as trial and appellate work, and achieved collectively more than $50 million in plaintiff judgments. I managed four trial teams involving three law firms, while simultaneously managing teams handling all aspects of pre-trial, post-trial, and settlement work over multiple waves of trials spanning two years. Our trial success and overall case management strategy led to a historic $100 million settlement of individual tobacco cases, which is the only group settlement to date of smokers' addiction claims. I participated closely in managing the settlement allocation process, achieving a 100 percent participation rate.

In addition to my tobacco-specific experience, I have served as class counsel (interim) in product liability actions resulting in personal injuries. I am currently co-interim class counsel in the *In re Pacific Fertility Center Litigation*, Case No. 3:18-CV-01586 (Magistrate Judge Corley), where we are prosecuting claims on behalf of women and couples whose eggs and embryos were compromised when a fertility center storage freezer failed. I also serve as Liaison Counsel in a parallel state JCCP proceeding (JCCP No. 5021), where the fertility cases similarly allege product defect claims, negligence claims, and personal injuries. This past September, Judge Judith E. Levy appointed me to serve as Subclass Settlement Counsel in *In re Flint Water Cases*, Case No. 16-10444, the federal class action lawsuit seeking justice for the over 100,000 residents of Flint, Michigan who were exposed to seriously elevated levels of lead as a result of insufficient water treatment. I also have experience working on the bellwether case in the Yaz birth control injury litigation, *Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL 2100, deposing fact witnesses and physicians and opposing motions.

Additionally, I have served on MDL and JCCP committees in several litigations, including on the proposed executive committee in *Gilead Tenofovir Cases and Coordinated Actions*, JCCP No. 5043, the narrative subcommittee in *In re: Zofran (Ondansetron) Products Liability Litigation*, MDL 2657, and the discovery subcommittee in *In re: Southern California Gas Leak Cases*, JCCP No. 4861. My pertinent experience, including leadership appointments, is listed in Exhibit A.

As a result of my work, I have been named a Super Lawyers Rising Star for eight consecutive years, and in 2015 I was a finalist for the Consumer Attorneys of California Streetfighter of the Year Award. I have been selected by my peers to be included in the publication The Best Lawyers in American in the field of "Mass Tort Litigation/Class Actions" for the past three years. I was also included in the Daily Journal's 2018 Top 40 under 40. Additional information regarding my experience and qualifications is contained in Exhibit A.I have provided a list of the names and contact information of judges before whom I have appeared in the matters discussed above in Exhibit C.

## Ability to Work Cooperatively With Others

As one of the nation's largest plaintiff-only law firms, LCHB routinely works with large groups of plaintiffs' counsel, and, as reflected on Exhibit A, I have been fortunate to serve in some of those leadership roles.   LCHB often serves as co-counsel with many plaintiffs' counsel appearing in the related actions, and enjoys professional and congenial relationships with the plaintiff and defense firms involved in this MDL.

I consider my most valuable contribution to any coordinated litigation to be the ability to efficiently and strategically manage complex projects of any type, utilizing a mix of communication, leadership, and social skills. In addition to my litigation work, I serve in a leadership role in several organizations, including co-chairing the Resource Board of the National Association of Women Judges and serving on the Board of Governors for the Consumer Attorneys of California. Prior to becoming a

---

*Footnote continued from previous page*
Cir. 2017), *and cert. denied*, 138 S.Ct. 646 (2018); *Burkhart v. R.J. Reynolds Tobacco Co.*, 884 F.3d 1068 (11th Cir. 2018); *Walker v. R.J. Reynolds*, 734 F.3d 1278 (11th Cir. 2013), *cert. denied*, 573 S.Ct. 913 (2014).

lawyer, I was a community organizer for various social justice organizations, where I learned how to listen, reflect, and mobilize groups to create positive social change.

This case is an emergency. We are in the midst of a public health nicotine addiction and vaping crisis among kids, and cases should proceed to trial without delay. Along with urgency, this case has many complex issues—including the scope and types of injuries alleged and relief sought, the potential for naming several defendants, and the many anticipated defenses—that will likely require moving forward on multiple tracks concurrently. This MDL is unusual in that the Court also has trial jurisdiction because Juul's home is here in San Francisco, and hence the MDL should focus on getting multiple cases, and the key common questions, to trial as soon as possible. I and my partners at LCHB have discussed with numerous stakeholders the development of a leadership structure that will ensure sufficient diversity and resources to manage this complex and ever-evolving litigation. LCHB conducted the first focus groups analyzing strategies for litigation against JUUL, and convened an all-hands meeting attended by over 60 plaintiffs' attorneys to update on the legal and factual issues driving the litigation and address issues of common strategy for the MDL litigation. To prosecute the case efficiently and effectively, I respectfully submit that a three-person Co-Lead structure, along with an executive committee directing the work of a diverse and talented Plaintiffs' Steering Committee, would provide the best vehicle to manage this litigation. (See Exhibit B). Appointing three Co-Lead Counsel would facilitate the coordination of simultaneous efforts on multiple fronts, including class action cases, personal injury cases, and governmental cases. An executive committee comprised of many powerful trial lawyers will allow us to field several trial teams, so we can try cases in rapid succession. The lawyers and firms set forth in Exhibit B are ready to develop and execute a litigation and trial plan that will be swift, effective, and inclusive. This team will get the job done.[5]

## Resources Available And Ability to Maintain Reasonable Fees and Expenses

LCHB is a 98-lawyer AV-rated firm, founded over 40 years ago here in San Francisco, with offices in New York, Nashville, and Seattle. We are dedicated *solely* to representing plaintiffs and plaintiff classes. We have tried dozens of individual and class actions to verdict and obtained several billions of dollars for our clients. We will commit the human and financial resources necessary to prosecute this litigation to completion. We do not rely on third party litigation funding, and we repeatedly have contributed substantial sums in up-front assessments to fund the work of MDLs.

LCHB has developed a work culture designed to minimize fees and expenses in the interest of the class. In cases where LCHB has served as lead counsel, it utilizes cutting-edge, bespoke in-house databases that can generate reports that track lodestar and expenses by firms, dates, timekeepers, and type of work, which helps prevent duplication and ensure efficiency.

## Present and Future Ability to Commit to Time-Consuming Litigation

My experience in leadership roles in complex and coordinated actions, including in tobacco litigation involving working up hundreds of cases for trial over multiple waves, has given me an appreciation of the magnitude of time, energy, and resources necessary for effective leadership. I can confirm that my other current responsibilities and my firm's backing and resources allow me to make that commitment here, and that I have more than sufficient time to lead this case.

Respectfully,

Sarah R. London

---

[5] Neither I, nor LCHB, have made any promises to anyone or any firm in exchange for supporting this structure. I support my colleagues listed in Exhibit C in their applications because I believe participation of any one of them would contribute positively to the representation of the plaintiffs.