# TADLER LAW LLP

NEW YORK | SAN FRANCISCO

October 23, 2019

**VIA ECF**

The Honorable William H. Orrick
United States District Court for the Northern District of California
450 Golden Gate Avenue
Courtroom 2, Floor 17
San Francisco, California 94102

> Re: *In Re: JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, Case No. 19-md-02913:
> Response of Ariana J. Tadler, Applicant for Appointment as Member of Plaintiffs' Steering Committee in Consumer Class Actions and/or Special Discovery Liaison Counsel

Dear Judge Orrick:

In accordance with Pretrial Order # 1, ¶ 7, I, Ariana J. Tadler, submit this response to the applications for appointment of Plaintiffs' Lead Counsel and Plaintiffs' Steering Committee ("PSC"). Tadler Law LLP and our co-counsel, Sabita Soneji of Tycko & Zavareei LLP, represent Plaintiffs Savannah Smith and Tyler Krauel in the consumer class action *Smith v. JUUL Labs, Inc.*, Case No. 3:19-cv-05838, a Member Case in the MDL. In accordance with ¶ 9 of the Pretrial Order, Tadler Law is a signatory to the Case Management Statement in Support of Tracked Approach to A "Hybrid" MDL filed today.

The Court is acutely aware that the *JUUL* MDL is comprised of several sets of cases involving various claims: class action claims, personal injury claims and the public nuisance municipality claims. Such a varied and separate composition presents unique and complex case management challenges. Indeed, at the hearing before the Judicial Panel on Multidistrict Litigation, the Court noted that the case is made up of both class and individual claims against JUUL and offered that "the transferee judge can use separate tracks or other appropriate pretrial techniques to accommodate any differences among the actions." *In re JUUL Labs, Inc., Marketing, Sales Practices, and Prods. Liab. Litig.*, --- F. Supp. 3d ---, 2019 WL 4940625 (J.P.M.L. Oct. 2, 2019).

I submit that this MDL warrants separate attorney representation and leadership for each distinct set of cases to ensure the best representation of the clients in each respective set, complemented by coordination among those leadership teams in accordance with best practices for managing such "hybrid" actions. *See* Duke Law School, *Guidelines and Best Practices for Implementing 2018 Amendments to Rule 23 Class Action Settlement Provisions*, at 42-43 (2018) ("*Best Practices*") ("a transferee court in a hybrid MDL should typically appoint different counsel to take primary responsibility for personal injury claims on the one hand and economic loss claims on the other"). *See also Manual on Complex Litigation,* Fourth, 2009, §10.221

The Honorable Judge Orrick
October 23, 2019
Page 2

(Organizational Structures) ("The types of appointments and assignments of responsibilities will depend on many factors.  The most important is achieving efficiency and economy without jeopardizing fairness to the parties.  Depending on the number and complexity of different interests represented, both lead and liaison counsel may be appointed for one side, with only liaison counsel appointed for the other.").

      Here, it makes sense to optimize the use of resources while also best pursuing the claims and protecting the interests of the clients in their respective cases.   Practically speaking, the distinct cases that are coordinated in this MDL are already – and for many reasons should continue to proceed – on different timelines, given the different causes of action and different points of proof, and different procedural and substantive priorities and sequencing attendant to them.  ***Different legal and strategy issues are present now.*** By way of simple example, consumer class actions, which are governed by Rule 23 of the Federal Rules of Civil Procedure, involve a variety of procedural steps that the personal injury cases do not and vice versa.  The prosecution of one set of cases should not delay or derail the prosecution of another.  Rather, each set should proceed apace consistent with applicable rules, procedures, and best practices.  A separate yet coordinated case-specific team leadership structure is not only efficient, economical and practical; it ensures that the interests of the *clients* are best represented.[1]

      Of course, efficiencies can be achieved through coordination in certain aspects – discovery being one of them, at least in part.  Surely, there will be overlapping discovery among the cases – and in those instances the case leadership teams should work together.  Having lawyers in leadership who are attuned to the needs of discovery in today's digital age *and* who have recognized experience in successfully collaborating with others on both sides of the "v." is key to efficient and effective case management in complex MDLs such as this one.  As my resume attests, I have that experience and have been acknowledged and sought out for it.  *See* Tadler Application, ECF Dkt. 104.

      Before and since I filed my October 16, 2019, application to serve as a PSC member and/or Special Discovery Liaison Counsel, I have been speaking collaboratively with many of the attorneys and law firms involved in this litigation. Based on these ongoing discussions, and consistent with my previous letter to this Court, I support and recommend for co-lead counsel of the class action cases: **E. Michelle Drake of Berger Montague, Adam Gutride of Gutride Safier LLP, and Esfand Nafisi of Migliaccio & Rathod LLP**. These firms stand in a unique position to lead this litigation because they have been successfully prosecuting the underlying case, *Colgate et al. v. JUUL Labs, Inc. et al.*, No. 3:18-cv-2499-WHO (N.D. Cal.), since its inception. Given their intimate knowledge of the claims and facts of this litigation, and their

---

[1] *See, e.g.*, Order, *In re: Takata Airbag Prod. Liab. Litig.*, MDL 2599, No. 15-md-2599 (S.D. Fl. Mar. 17, 2015) (appointing separate co-leads for consumer class's economic loss claims and for personal injury claims, and a chairperson); Order No. 2, *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Prod. Liab. Litig.*, MDL 2151, No. 8:10-ml-02151 (C.D. Cal. May 14, 2010) (ECF No. 169) (appointing separate leadership for personal injury and economic loss plaintiffs).

The Honorable Judge Orrick
October 23, 2019
Page 3

significant investment of time and resources to date in the *Colgate* action, the appointment of these firms naturally and logically promotes efficient and cost-effective litigation.

 I also continue to enthusiastically support Sabita Soneji at Tycko & Zavareei in an Executive Committee or Steering Committee role. Ms. Soneji has proven her interest in this case. For over a year, Ms. Soneji has worked closely with Esfand Nafisi and Adam Gutride in developing and researching legal strategies and theories in the *Colgate* case. Based on my experience and reputation in the bar, and knowing of my promotion of and success in the pursuit of targeted discovery in other matters consistent with the governing rules and best practices, Ms. Soneji reached out to me months ago to discuss how discovery could be most efficiently pursued and managed in a consumer class case of this magnitude. Since then, Ms. Soneji's firm and my firm have filed a separate case with the intention of working together with counsel in the *Colgate* action. In addition to her efforts to date, and relevant experience, Ms. Soneji's appointment would signal this Court's dedication to promoting inclusive diversity in the legal profession and particularly in the appointment of leadership in MDLs.

 Regarding a class action team, I strongly support the application of Michelle Drake of Berger & Montague in a leadership role as her firm has been integral to the prosecution of the *Colgate* action. I have had the privilege of working on other litigation with Ms. Drake, as well as other partners at her firm, all of whom are talented litigators with strong firm resources. I also support Dena Sharp of Girard Sharp and Laurence King of Kaplan Fox. Both are stellar lawyers with solid MDL and consumer class action experience.

 Turning to the individual actions, I do not represent any clients in the personal injury cases. I do, however, continue to support Ms. Sarah London of Lieff Cabraser and Mr. Michael London of Douglas & London. I have extensive experience working with the Lieff Cabraser firm; and I further base my support on their diligent efforts to coordinate with the many lawyers in this MDL and my confidence that in a coordinated structure of different case teams, I would work well with them and any other lawyers that the Court appoints to work with them in the prosecution of the personal injury claims.

 For the reasons stated here and in my October 16, 2019 application, I seek to be appointed to a PSC member position and/or as Special Discovery Liaison Counsel within a "hybrid" MDL team-oriented leadership organization as set out in the Case Management Statement in Support of Tracked Approach to A "Hybrid" MDL.

           Respectfully submitted,

           /s/ *Ariana J. Tadler*

           Ariana J. Tadler
           **TADLER LAW LLP**