1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE JUUL LABS, INC., MARKETING,          Case No. 19-md-02913-WHO
     SALES PRACTICES, AND PRODUCTS
12   LIABILITY LITIGATION
                                                **CASE MANAGEMENT
13   _____            ORDER NO. 3 – DIRECT FILING ORDER**

14   This Document Relates to:

15   ALL ACTIONS

16

17                    <u>**CASE MANAGEMENT ORDER NO. 3**</u>

18   **I.      <u>Scope of Order</u>**

19          This Order shall govern all actions in the above-captioned MDL proceeding ("the MDL")

20   to the extent set forth herein that are directly filed in this District as a member case of the MDL

21   after the date of this Order.

22   **II.     <u>Direct Filing of Actions into the MDL</u>**

23          **A.      Direct Filing**:  To eliminate potential delays associated with transfer to this Court

24   of actions filed in or removed to other federal district courts, and to promote judicial efficiency,

25   any Plaintiff whose action qualifies for transfer to the MDL may, subject to the provisions set

26   forth below, file his or her action against one or more Defendants hereto directly in this District as

27   a member case of the MDL.

28

**B.** **Pretrial Proceedings Only; No *Lexecon* Waiver**: Each action filed directly in this District will be deemed related to and become a member case in the MDL for pretrial proceedings only, consistent with the JPML's October 2, 2019, transfer Order. Plaintiffs' and Defendants' agreement to this Order does not constitute a waiver under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) ("*Lexecon*"), by any party. However, nothing in this Order shall preclude the parties from agreeing to such waivers in the future.

**C.** **Designated Forum.** Each case filed directly in this District as a member case of the MDL must identify the federal district court in which the Plaintiff would have filed his or her case in the absence of direct filing. This designation shall not, standing alone, constitute a determination by this Court that jurisdiction or venue is proper in the designed forum. At the completion of all pretrial proceedings applicable to such cases, and subject to any agreement that may be reached concerning a waiver of the requirements for transfer pursuant to *Lexecon*, this Court will transfer such cases to a federal district court of proper venue as defined by 28 U.S.C. § 1391. The parties reserve all rights with respect to the proper venue for remand and any post-remand jurisdictional, venue, or forum challenges or motions, including pursuant to 28 U.S.C. § 1404(a).

**D.** **Choice of Law**. Filing an action as a member case of the MDL pursuant to this Order will not determine the applicable choice of law, including the choice of law for any of the claims in the action and for statute of limitations purposes. The parties' agreement to this Order shall not constitute a waiver of or agreement to the application of any choice of law principles or substantive choice of law to a particular Plaintiff's action. The fact that an action was filed in this District as a member case of the MDL pursuant to this Order will have no impact on choice of law. Choice of law issues are reserved and shall be briefed, as appropriate, at a later date.

**E.** **Electronic Filing of Complaints**. All complaints must be filed electronically. Filing of a complaint in this District requires the completion of a Civil Cover Sheet which can be found here: https://www.cand.uscourts.gov/forms/civil-forms/. When filing a complaint in this District pursuant to this Order, plaintiff's counsel must identify the MDL Case name and number in Section VIII of the Civil Cover Sheet to ensure the case is included as a member case of the

MDL. Before any Plaintiff's attorney files a complaint in this District pursuant to this Order, that attorney must become a Northern District of California ECF User and must be assigned a Northern District of California ECF login name and password in accordance with Pre-Trial Order No. 1 entered on October 2, 2019. All forms and instructions may be found on the Court's website at www.cand.uscourts.gov/cm-ecf.

**F. Attorney Admission**. Immediately after filing a complaint in this District pursuant to this Order, counsel who are not admitted to practice in the Northern District of California must file an application to be admitted *pro hac vice* in accordance with instructions provided in Pre-Trial Order No. 1 entered on October 2, 2019, as well as Northern District of California Civil Local Rule 11-3. The *pro hac vice* application shall be filed only in the underlying member case, and not in the main MDL Docket. Any attorney whose *pro hac vice* application is granted in a member case has permission to appear in MDL proceedings and file in the main MDL Docket. Once a counsel is admitted *pro hac vice* for any case in this litigation, that admission will suffice for any future cases filed in this MDL.

**G. Service of Process**. For Complaints that are properly filed in, removed to, or transferred to this MDL, JLI, Altria Group, Inc., and PAX Labs, Inc. agree to waive formal service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Service upon these entities will be deemed complete upon providing copies of the Complaint, Summons, and Civil Cover Sheet to the following email addresses:

MDL2913_Service_JUUL@winston.com for JLI;

MDL2913_Service_AltriaGroupInc@arnoldporter.com; MDL2913_Service_PMUSA@arnoldporter.com; MDL2913_Service_AltriaClientServices@arnoldporter.com; MDL2913_Service_AltriaDistributionGroup@arnoldporter.com; MDL2913_Service_NuMark@arnoldporter.com; and MDL2913_Service_NuMarkInnovations@arnoldporter.com for Altria Group, Inc.; and

ELow@goodwinlaw.com for PAX Labs, Inc.

Defendants' email system will generate an automated response to the sender upon receipt of an e-mail to the designated address. The automated response will confirm receipt of the e-mail

and shall constitute proof of service upon JLI, Altria Group, Inc. and PAX Labs, Inc., respectively. Defendants will not otherwise respond to emails sent to the above e-mail address. Plaintiffs shall make proof of electronic service to the Court as required by Rule 4(1) of the Federal Rules of Civil Procedure. For all Complaints filed in, removed to, or transferred to this MDL: (i) all requests for issuance of summons shall be made in the underlying member case, and not through the MDL case; (ii) all proofs of service shall be filed only in the underlying member case and not in the MDL Docket. Acceptance of electronic service shall not constitute a waiver of any defense.

**H.** **Filing Fees**. Internet credit card payments shall be required for all electronically filed complaints and made online through pay.gov. Plaintiff's counsel will be prompted to pay the required filing fee. Information regarding filing fees may be found at https://www.cand.uscourts.gov/ecf/payments.

**I.** **Response to Complaint**. Defendants need not move, plead, or otherwise respond to any Complaint directly filed in this District as a member case of the MDL until so ordered by the Court.

**IT IS SO ORDERED.**

Dated: December 13, 2019

HON. WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE