UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 19-md-02913-WHO<br><br>**CASE MANAGEMENT ORDER NO. 4: RULE 502(D) AND PRIVILEGED MATERIALS ORDER** |

The Plaintiffs and Defendants to this multi-district litigation, by and through their respective counsel, have jointly stipulated to the terms of the Rule 502(d) and Privileged Materials Order, and with the Court being fully advised as to the same, it is hereby ORDERED:

**A. Applicability.**

1. This Order shall be applicable to any privileged or otherwise protected or exempted information contained in deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or during any hearing (collectively "Information").

**B. Production of Discovery Materials Containing Potentially Privileged Information.**

2. Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted information in this case shall not be deemed a waiver or impairment of any claim of privilege or protection in this case or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material.

3. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

4. The producing party must notify the receiving party promptly, in writing, upon discovery that a document has been produced for which the producing party asserts privilege and/or other protection. This "Clawback Notice" shall include (i) the bates range of the produced materials, (ii) a privilege log listing the item(s) produced, and (iii) a new copy of the material (utilizing the same bates number as the original material) with the privileged or protected material redacted (if the producing party claims that only a portion of the document contains privilege or other protected).  If the producing party claims that the entire document is privileged or protected, then the producing party shall provide a slip sheet noting that the document has been withheld.

5. Upon receipt of a Clawback Notice, all such information, and all copies thereof, shall be sequestered and the receiving party shall not use such information for any purpose, except as provided in paragraphs 6 and 7, until further Order of the Court.  The receiving party shall also attempt, in good faith, to retrieve and sequester all copies of the documents in electronic format.

6. The receiving party may contest the producing party's assertion of privilege or other protection.  In that instance, within seven (7) business days from receipt of the Clawback Notice, the receiving party shall give the producing party written "Notice of Clawback Challenge" providing the reason for said disagreement.  The producing party will have seven (7) business days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim.  If the producing party's response to the Notice of Clawback Challenge does not resolve the issue, the parties shall meet and confer within five (5) business days of the response.  If the conference does not resolve the dispute, within five (5) business days of the conference, the parties shall submit the dispute to Judge Corley for resolution. The producing party retains the burden of establishing the applicability of the privilege or other protection as to any inadvertently produced materials.  If the receiving party does not serve a Notice of Clawback Challenge, then, upon expiration of the seven (7) business day period, all copies of the disputed material shall be returned or destroyed.


7.     Nothing in this Stipulation prevents a receiving party from submitting the item(s) listed in the Clawback Notice to the Court for review or using the content of the item(s) in briefing submitted in connection with any challenge to such notice that is raised in accordance with paragraph 6. Prior to submitting the item(s) to the Court for review and/or using the content of the item(s) in briefing, the receiving party must (1) provide the Court with a factual basis adequate to support a good-faith belief by a reasonable person that the privilege or protection does not apply and (2) obtain an order from the Court authorizing the submission of the items to the Court and/or use of the item(s) in briefing submitted in connection with the clawback dispute. If any information is found to be privileged or protected in accordance with the procedures described herein, all copies of the information shall be returned or destroyed. The joint discovery letter brief must be filed under seal and the receiving party must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

8.     Any analyses, memoranda or notes or portions thereof which were internally generated and contain or were based upon the item(s) listed in the Clawback Notice shall immediately be sequestered, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged or subject to other protection pursuant to paragraph 6 above, or (b) the Court rules that the information is privileged or otherwise protected.  Such analyses, memoranda or notes or portions thereof may only be removed from sequestration and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged or otherwise protected, or (b) the Court rules that the information is not privileged or otherwise protected.

9.     If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is subject to the attorney-client privilege, the attorney work product doctrine, or other protection, the producing party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privilege or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the court. If the producing party allows the examination concerning the document to

proceed consistent with this paragraph, all parties shall sequester all copies of the inadvertently produced document. As to any testimony subject to a claim of privilege or other protection, the producing party shall serve a Clawback Notice within five (5) business days of the deposition's conclusion, after which the parties shall follow the procedures set forth in paragraphs 5 and 6. With respect to any document or testimony that is the subject of a Clawback Notice that is sent more than twenty (20) days after the conclusion of the deposition, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with paragraph 5.

10. If a receiving party uses produced material in a brief or at a hearing, and the producing party has not served a Clawback Notice in advance of the briefing event or hearing, the producing party shall serve a Clawback Notice within five (5) business days of the briefing event or hearing. Thereafter, the procedures set forth in paragraphs 5 and 6 shall apply. With respect to any produced material used in a brief or at a hearing that is the subject of a Clawback Notice that is sent more than twenty (20) days after the filing of the brief or conclusion of the hearing, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances.

11. This Stipulation does not preclude a party from voluntarily waiving any claims of privilege or protection. The provisions of Fed. R. Evid. 502(a) apply when a party uses privileged or other protected information to support a claim or defense.

**C. Privilege Logging.**

12. Unless otherwise provided in this Order, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the producing party on a privilege log, which the producing party shall produce in Excel format.

13. Within thirty (30) days of each production of documents or ESI, the producing party shall provide a privilege log or logs concerning any information that has been redacted or withheld in whole or in part from that production.

14. The privilege log shall set forth the privilege or protection relied upon and specify separately for each document:

(a) Bates-number range, or if no Bates-number range, a unique document identifier;

(b) Family relationship, if applicable (*i.e.* identification of parent emails and all attachments)

(c) A description of the document, including the factual basis sufficient to support the claim that the document is privileged and/or protected;

(d) The names of the author(s);

(e) The names of all addressees and recipients, including copyees and blind copyees;

(f) The document date;

(g) An indication of whether the document has been produced in redacted form or withheld in its entirety; and

(h) The privilege designation (attorney-client; attorney work product; joint defense and/or common interest, etc.).

15. Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

16. Attorneys or their staff must be identified on the log with an asterisk (or similar notation).

17. With the exception of materials produced by Altria, privilege log identification is not required for work product created by counsel after April 26, 2018, or for communications exchanged after April 26, 2018, among: (i) the producing party and their counsel; (ii) counsel for the producing party; (iii) counsel for plaintiffs; and/or (iv) counsel for defendants. For materials produced by Altria, privilege log identification is not required for work product created by counsel after October 2, 2019, or for communications exchanged after October 2, 2019, among the individuals listed in the preceding sentence. Privilege log identification is also not required for internal communications solely within: (a) a law firm representing a party or (b) a legal department of a party that is a corporation or another organization. The parties reserve their rights to seek modification of this paragraph upon a showing of good cause why such modification is appropriate.

18. Where multiple email messages are part of a single chain or "thread," a party is only required to include on a privilege log the most inclusive message ("Last In Time Email") and need not log earlier, less inclusive email messages or "thread members" that are fully contained within the thread, provided that the log entry includes the names of the authors, addressees, and recipients (including

copyees and blind copyees) for all thread members, that the description of the thread include the factual bases sufficient to support the claim of privilege for each thread member over which privilege is asserted, and that the log entry include the privilege designations applicable to any thread members.

19. Documents withheld on the basis of privilege and/or work product protection may be grouped in categories based on content, and a categorical privilege log prepared, including a description of the nature or general subject matter of the communications for each category sufficient to support the claim that the documents within the category are privileged and/or protected. The categorical log shall also include the metadata listed in paragraphs 14(a), (b), and (d)-(g) for each document within the category. Notwithstanding the forgoing, the decision to log documents on a categorical basis does not waive party's right to adjudicate any challenge(s) to privilege on a document-by-document basis.

20. After the receipt of a privilege log, any Party may dispute a claim of privilege. Prior to seeking Court intervention, the Party disputing, questioning, or otherwise objecting to a claim of privilege shall provide in writing the identification of the documents or category of documents for which it questions the claim of privilege and the reasons for disputing, questioning, or otherwise objecting to the privilege designation. Within fourteen (14) days, the Party that designated the documents as privileged will provide a written response explaining the basis for its claim or privilege, or if applicable, de-designating documents as privilege and producing such documents in accordance with this Order. Thereafter, if the Parties continue to disagree, they will then then meet and confer in good faith as to the claims of privilege. If agreement has not been reached after fourteen (14) days, the parties shall submit the dispute to Judge Corley for resolution.

**IT IS SO ORDERED:**

Hon. William H. Orrick
United States District Court Judge

**DATED: December 17, 2019**

- 6 -

CASE MANAGEMENT ORDER NO. 4:
RULE 502(D) & PRIVILEGED MATERIALS ORDER,
CASE NO. 19-MD-02913-WHO