UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY COLGATE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JUUL LABS, INC., et al.,<br><br>    Defendants. | Case No. 19-md-02913-WHO<br><br>**ORDER APPOINTING PLAINTIFFS' LEADERSHIP AND STEERING COMMITTEE MEMBERS** |

I received an impressive array of applicants for plaintiffs' leadership positions in this MDL. I have reviewed the applications and the data from the Initial Census (Dkt. No. 262) provided though the Ankura platform. I could easily have appointed several more counsel to the Steering Committee but decided that a greater number would be too unwieldy, particularly at the outset of the case. Considering the diversity and number of cases filed (or anticipated to be filed) in this MDL, the claims and injuries asserted in those cases, the leadership-applicant firms who have filed or anticipate filing those cases, the geographic distribution of the cases, as well as the geographic location of leadership-applicants, I APPOINT the following individuals to the Plaintiffs' Steering Committee of this MDL.

**CO-LEAD COUNSEL:** Sarah London (who shall also act as liaison counsel), Dean Kawamoto, Ellen Relkin and Dena Sharp.

**PLAINTIFFS' FEDERAL/STATE COURT LIAISON COUNSEL:** Khaldoun Baghdadi and Leslie LaMacchia.

**PLAINTIFFS' GOVERNMENT ENTITY LIAISON COUNSEL:** Thomas Cartmell.

**PLAINTIFFS' STEERING COMMITTEE:** Rachel Abrams, Erin Dickinson, Michelle Drake, Jonathan Gdanski, Adam Gutride, Bradley Honnold, Emily Jeffcott, Kristine Kraft, Esfand

Nafisi, Matthew Schultz, Sabita Soneji, Joseph VanZandt, Mikal Watts, and Michael Weinkowitz.

In general, **Co-Lead Counsel** are responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

(a) determine (after such consultation with other members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

(b) coordinate the scheduling and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), as well as the preparation of protocols for individual, class, and public entity discovery and the development of platforms to allow for equitable and efficient use of discovery secured through this MDL;

(c) suggest, in consultation with defendants, the ordering, priority, and response to pending and anticipation motions;

(d) coordinate, at the appropriate juncture, the selection of trial team(s) and selection of cases to resolve common issues and "bellweather" trials;

(e) conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

(f) delegate specific tasks to PSC Members other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively;

(g) enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

(h) prepare and distribute periodic status reports to the Court and parties;

(i) monitor time and expenses of all plaintiffs' counsel consistent with the mandates of Common Benefit Orders entered by the Court and administer the Common Benefit Fund to ensure that the litigation moves forward expeditiously while unnecessary expenditures of time and funds are avoided; and

(j) perform such other duties as may be necessary for effective and efficient coordination of plaintiffs' pretrial activities or authorized by further order of the Court.

In general, **Plaintiffs' Liaison Counsel** and **Plaintiffs' Steering Committee Members**

shall consult with and operate with the guidance of Co-Lead Counsel.

The appointment as Co-Lead Counsel, Liaison Counsel, or a general PSC Member is a personal appointment. The appointees cannot be substituted by other attorneys, including members of the appointee's law firm, except with my prior approval.  The appointment to the PSC is for one year from the date of this Order.  Appointees may apply to be reappointed when their term expires, by submitting an application on or before December 21, 2020, detailing the nature and scope of their work on behalf of the PSC during the prior year.  The PSC appointments may be revoked or amended at any time by my order.  In addition, as this case develops, I may revisit these appointments and add members to the PSC as needed.

I authorize Co-Lead Counsel to appoint, without my prior approval, members of the PSC or other counsel to do such work as they deem necessary to the most effective and efficient management of this litigation.  I recognize that I did not appoint many excellent counsel who offer important strengths to plaintiffs.  For example, Mark Gottlieb from Public Health Advocacy Institute, Inc. was generally supported in his application to lead an Advisory Committee on Public Health Relief, which seems to be an important role.

As previously ordered, I will meet with Plaintiffs' Co-Lead Counsel at 3:00 p.m. in chambers on January 13, 2020, along with Defendants' Lead Counsel.

**IT IS SO ORDERED.**

Dated: December 20, 2019



William H. Orrick
United States District Judge

3