UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO |
| | **CASE MANAGEMENT ORDER NO. 5: COMMON BENEFIT ORDER — TIMEKEEPING AND EXPENSES PROTOCOL** |
| This Document Relates to: | |
| ALL ACTIONS | |

## I.    APPLICATION AND SCOPE OF THE ORDER

On November 8, 2019, the Court appointed Interim Plaintiffs' Counsel.  *See* Dkt. No. 250. On December 9, 2019, the Court directed Interim Plaintiffs' Counsel to prepare a partial Common Benefit Order that addresses time and expenses that shall be recorded and compensated from the eventual Common Benefit Fund (CBF) set up for this litigation. Dkt. No. 299.  Pursuant to that Order, the Court now sets specific guidelines and rules for work performed and expenses and costs incurred in this MDL.  This Order is entered to provide standards and procedures for the fair and equitable sharing among Plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all Plaintiffs in this complex litigation.  At the appropriate time, and by separate order, the Court anticipates establishing a mechanism for creating a CBF and determining an appropriate holdback amount for contribution to that fund.  Failure to follow the guidelines and procedures of this Order will mean that expenses incurred by counsel will not be reimbursable from the CBF or from any settlement fund approved by the Court.

The Court will review on a quarterly basis the propriety of the time and costs submitted by all plaintiffs' counsel and approved by Lead Counsel in accordance with the standards and procedures set forth in this Common Benefit Order.  The first submission is due on May 15, 2020, and it shall include all approved time and expenses approved by Lead Counsel through March 31, 2020, organized so that the Court can readily identify the hours and rates being sought for specific categories of work by individual billers and firms, as well as approved expenses by firm.  The Court may, if necessary, appoint a Special Master to assist it in reviewing and auditing the fees and expenses submitted.

## II.   CASE MANAGEMENT PROTOCOLS FOR COMMON BENEFIT WORK

The Court hereby adopts the following protocol, which shall govern all common benefit work and expenses in this action, including, among other issues, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses, and/or costs; staffing; and rules for attendance at court hearings.  The recovery of any common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel."  "Participating Counsel" shall be defined as Lead Counsel, counsel appointed by the Court to Plaintiffs' Steering Committee ("PSC") in the December 20, 2019 Order, or other counsel authorized in writing (via email or letter) by Lead Counsel to perform Common Benefit Work (along with attorneys and staff of their respective firms, if authorized by Lead Counsel).  "Lead Counsel" are the four individuals appointed as Co-Lead Counsel in the Court's December 20, 2019 Order.

Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted; (c) not duplicative; and (d) reasonable in the determination of Lead Counsel and the Court or its designee. The Court may appoint a fee committee per subsequent order.  Costs or expenses that fall within the limitations set forth herein shall not be deemed presumptively reasonable, and the Court retains its discretion to evaluate any costs or expenses submitted by counsel for reasonableness.

Any counsel intending to seek payment of common benefit attorneys' fees and

1    reimbursement of common benefit costs and expenses agree to the terms and conditions herein,

2    including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority

3    regarding the award and allocation of common benefit attorneys' fees and expense

4    reimbursements in this matter.

5        Any counsel seeking reimbursement for fees and expenses for work in this action will

6    submit to Lead Counsel monthly common benefit time and expense submissions.  Interim

7    Plaintiffs' Counsel conferred and determined, subject to the Court's approval, that appointing a

8    CPA or other third party is not necessary at this time, but Lead Counsel may propose a

9    mechanism for auditing the propriety of the time and costs submitted, whether it be by a CPA or

10   other third party neutral, or Lead Counsel and any of its designees, or some combination thereof.

11   Lead Counsel may propose entry of an order concerning the appropriate method for audit and

12   review in due course.  The ultimate determination of what is compensable common benefit work,

13   and the extent or rate at which it is compensable, is within the purview of the Court.  In the event

14   that Participating Counsel are unsure if the action they are about to undertake is considered

15   common benefit work, they shall receive approval from Lead Counsel in advance as to whether

16   Lead Counsel consider such work to be common benefit work.

17       **A.    Compensable Common Benefit Work**

18       "Common Benefit Work" and "Common Benefit Expenses" include all work done and

19   expenses incurred that inure to the common benefit of Plaintiffs in this MDL.

20       Examples of compensable and non-compensable work include, but are not limited to:

21       1.    **Consolidated Pleadings and Briefs:**  When authorized by Lead Counsel,

22   (i) factual and legal research and preparation of consolidated complaints and related briefing;

23   (ii) comments and suggestions regarding the consolidated complaints; (iii) class-related issues and

24   briefing related thereto; and (iv) other briefing or presentation of argument before the Court

25   regarding common legal issues (such as discovery disputes) are compensable.

26       2.    **Bellwethers:**  When authorized by Lead Counsel: (i) communication with clients

27   for the purposes of identifying suitable bellwether candidates; (ii) factual and legal research

28

necessary to select the appropriate bellwethers; and (iii) prosecution of the selected bellwether cases.

3.     **Discovery and Document Review:**  Only discovery and document review authorized by Lead Counsel and assigned to an attorney or law firm will be considered Common Benefit Work.  If a firm/attorney elects to review documents that have not been assigned to them by Lead Counsel, that review may not be considered Common Benefit Work.  Descriptions associated with document review should contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed.  For example, indicating the custodian, search query, or number of document folders reviewed is the kind of description needed.

4.     **Depositions:**  Lead Counsel shall exercise discretion, judgment, and prudence to limit the number of attorneys authorized to participate in any given deposition to be commensurate with the nature of that deposition, so as to avoid over-staffing and inefficiencies.  Time and expenses for Participating Counsel not designated as one of the attorneys authorized to ask questions, defend a deposition, or otherwise attend the deposition by Lead Counsel may not be considered Common Benefit Work but, rather, considered as attending on behalf of such counsel's individual clients.  Unnecessary attendance by counsel will not be compensated in any fee application to the Court.

5.     **Discovery Responses**:  Only those attorneys designated by Lead Counsel or their designees to review and summarize discovery requests served on Plaintiffs and prepare responses are working for the common benefit and their time will be considered Common Benefit Work.  Time spent reviewing discovery requests and preparing responses for the benefit of counsel's own clients is not considered Common Benefit Work, unless it is at Lead Counsel's direction and for a bellwether case after the case is selected as a bellwether, or for class representatives.  Nothing in this Order is intended to preclude counsel for the *Colgate* action, *Colgate v. JUUL Labs, Inc.*, No. 2018-cv-2499 (N.D. Cal), from seeking reasonable attorneys' fees and costs for work performed in the case prior to the creation of this MDL.

6.     **Periodic MDL Status Conferences:**  Only counsel who will address the Court, or who have been asked to attend by the Court, Lead Counsel or PSC members, may record their

time and expenses as Common Benefit Work and Common Benefit Expenses.  All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, and are free to attend or listen to periodic status conferences.  Mere telephonic or in-person attendance at a status conference, however, will not be considered compensable Common Benefit Work, and expenses incurred in relation thereto will not be considered Common Benefit Expenses.

7. **Periodic MDL Conference Calls:**  These calls are held so that individual attorneys may be kept up-to-date on the status of the litigation, and participation by listening to such calls is not Common Benefit Work.  The attorneys designated by Lead Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered Common Benefit Work.

8. **Leadership Meetings or Calls**:  PSC members may submit common benefit time for participation in leadership communications and meetings that are germane to all members of the PSC and are necessary to fulfill their Court-appointed obligations.  During leadership phone calls or other meetings there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by Lead Counsel.

9. **Expert-Related Work:**  If a Participating Counsel retains an expert without the knowledge and approval of Lead Counsel and any expert committee, time and expenses attributable to that expert may not be approved as Common Benefit Work.  Work with experts retained for the common benefit of plaintiffs, on the other hand, shall be considered Common Benefit Work if performed with the authorization of Lead Counsel.

10. **Use of Contract Attorneys.**  For work authorized by Lead Counsel, contract attorneys may be used.  However, the terms of the compensation for the contract attorneys (e.g., whether at actual cost or on a cost + multiplier basis) will be determined at the time of any Court-approved disbursement of any recovery, if any.

11. **Attendance at Seminars:**  Except as approved by Lead Counsel, attendance at seminars (e.g., American Association for Justice Section Meetings, Mass Torts Made Perfect,

1   HarrisMartin, and similar seminars and Continuing Legal Education programs) shall not qualify

2   as Common Benefit Work, or the expenses pertaining thereto as Common Benefit Expenses.

3       12.    **Review of Court Filings and Orders:**  Only PSC members and those attorneys

4   working on assignments authorized by Lead Counsel that require them to review, analyze, or

5   summarize particular filings or Orders in connection with their assignments are doing so for the

6   common benefit.  All other counsel are reviewing those filings and Orders for their own benefit

7   and that of their respective clients and such review will not be considered Common Benefit

8   Work.

9       13.    **Emails and Correspondence:**  Except for PSC members and their authorized

10  attorneys and staff, time recorded for reviewing emails and other correspondence is not

11  compensable Common Benefit Work unless germane to an assignment authorized by Lead

12  Counsel and performed by the attorney or party that is directly related to that assignment.  Thus,

13  for example, review of an email or other correspondence sent to dozens of attorneys to keep them

14  informed on a matter on which they are not specifically working would not be compensable as

15  Common Benefit Work.

16      14.    **Other Non-Compensable Work**: The following types of work will not be

17  compensated: time not authorized by Lead Counsel, duplicative time, excessive amounts of time

18  spent on a particular task, work performed by a person more senior than reasonably necessary for

19  the task (which may not be compensated or may be compensated at a reduced rate), time spent on

20  internal firm management, and time spent preparing and reviewing time and expenses

21  submissions or responding to questions concerning time and expenses submissions.  While all

22  attorneys have an obligation to stay informed about the litigation so that they can best represent

23  their respective clients, review of emails and court filings, attendance at status conference,

24  participation in conference calls, and similar activities will not be considered Common Benefit

25  Work solely because such activities are undertaken to keep counsel informed about the litigation.

26      B.    **Common Benefit Timekeeping Protocols**

27          1.    **Recording Requirements**

28      All time must be accurately and contemporaneously maintained. Any counsel intending to

1   seek payment of common benefit attorneys' fees and reimbursement of common benefit costs and

2   expenses shall keep contemporaneous billing records of the time spent in connection with

3   Common Benefit Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour

4   increments) and billing rate, along with a description of the particular activity (such as

5   "conducted deposition of John Doe").

6        Descriptions must bear sufficient detail to identify the precise task and how it relates to

7   Common Benefit Work.  Individuals identified in time descriptions must be described by at least

8   their first initial and last name, not by initials.  "John Doe" is preferred; "J. Doe" is acceptable;

9   and "JD" is unacceptable.

10       Each time entry must be categorized using one of the categories in **Exhibit A**.  In general,

11  when possible, a more specific category should be used in place of a more general category.

12  Under no circumstances should a submitting firm make up new categories for use in its

13  submission.  Lead Counsel will provide further guidance through memorandum to counsel as

14  needed.

15       While the categories are generally self-explanatory, below are some further explanations

16  of some of the categories that may have the potential for the most confusion:

17            a.       **Leadership Case Management Duties (3)** – This category code

18  should only be used for work done by PSC members, other Court-appointed counsel, and their

19  assigned attorneys and staff, in their capacity as PSC members.  This category should be used

20  primarily for PSC members' more general or administrative responsibilities that do not fit into

21  other, more specific categories.  These include, but are not limited to, reviewing, analyzing, and

22  summarizing filings and orders as appropriate based on the work being conducted by counsel, or

23  coordinating and designating non-Court-appointed attorneys to conduct common benefit tasks

24  such as document reviews, depositions, or work with experts.  This category should not be used

25  by any timekeeper who is not a PSC member or one of their assigned attorneys or staff.

26            b.       **Document Review (8)** – For the purposes of this category, the

27  word "document" specifically means documents or other information produced in discovery. In

28  other words, this category is not to be used for every instance of reading a document – it is more

specific than that.  Time entry descriptions for document review tasks should include specific details such as custodians, search query, number of document folders reviewed, or other similar details.

c.     **Trial (18)** – This category is reserved solely for tasks performed during a trial.

d.     **Miscellaneous (21)** – This is a general category that should not be used if a more specific category can be used instead.  Any activities that are done in connection with or as part of a larger task like a brief, or a court appearance, or a meeting, should be categorized according to that larger task.  This category should be used relatively infrequently; however, if it is used, it is critical that the description of the task be sufficiently detailed to make clear how the work was common benefit.

### 2.     Hourly Rates

Counsel shall record their then-present hourly rates for all attorneys and staff.  Counsel shall not bill a rate other than their standard rates at the time the work is performed.  Use of these rates does not guarantee their payment.

### 3.     Document Analysis

Lead Counsel has or will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality.  A document analysis system will be used to avoid unnecessary travel expenses and procedures will be put in place to monitor how much time is spent analyzing documents and to monitor the efficiency and quality of analysis by other firms. Lead Counsel will establish further parameters regarding the use and compensation of attorneys for document review and other tasks, which will be addressed in a subsequent order.

### C.     Common Benefit Expenses Protocol

### 1.     Shared Costs

"Shared Costs" are costs that will be paid out of the Common Benefit Fund administered by Lead Counsel.  Participating Counsel shall contribute to the Fund at times and in amounts sufficient to cover Plaintiffs' Shared Costs.  The timing and amount of each assessment will be determined by Lead Counsel, and each assessment will be paid within 14 days as instructed by

Lead Counsel.  Failure to pay assessments will be grounds for removal from the appointments made in previous Court Orders or other common benefit assignments.

Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole.  No client-related costs, save certain costs relating to cases selected as bellwether cases that will be for the common benefit (*e.g.*, related to liability and causation), shall be considered Shared Costs, unless exceptional circumstances exist and are approved by later order of this Court.  All Shared Costs must be approved by Lead Counsel prior to the cost being incurred.  All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Fund:

a.  Court, filing, and service costs related to common issues;

b.  Costs for transcripts of court hearings;

c.  Court reporter and interpreter costs for depositions;

d.  Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;

e.  Common benefit administrative expenses (*e.g.*, expenses for courtroom equipment or technology, service costs for court filings and discovery documents, costs related to hosting Lead Counsel and leadership meetings and conference calls, etc.);

f.  Legal, tax, accountant, or financial institution fees relating to the Fund;

g.  Expert witness and consultant fees and expenses for experts approved by Lead Counsel whose opinions and testimony would be for the common benefit;

h.  Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);

i.  Research by outside third-party vendors/consultants/attorneys, approved by Lead Counsel;

j.  Translation costs, approved by Lead Counsel;

k.  Investigative services, approved by Lead Counsel;

l.      Reimbursements of assessments paid by Lead Counsel or by a non-Lead Counsel firm from whom an assessment was requested by Lead Counsel in the event no further litigation-related payments will be needed from the Fund.

Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith. Requests for payments from the Fund for common benefit expenses shall include sufficient information to permit Lead Counsel and, as appropriate, a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

## 2.      **Held Costs**

a.      "Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when Lead Counsel determines to do so.  Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all Plaintiffs in this MDL.  No client-specific costs can be considered Held Costs, other than certain common benefit costs relating to class representatives and future bellwether cases at the discretion of Lead Counsel.  Held Costs shall be recorded in accordance with the guidelines set forth herein and shall be subject to the travel and administrative limitations set forth in this Order.

## 3.      **Travel Limitations**

a.      Only reasonable expenses will be reimbursed. Except in unusual circumstances approved by Lead Counsel, all travel reimbursements are subject to the following limitations:

b.      **Airfare**:  For routine domestic flights, only the price of a non-refundable coach fare seat or its equivalent will be reimbursed. Any unusual circumstances must be approved by Lead Counsel.

c.      **Hotel**:  Reasonable hotel room charges for the average available room rate of a reasonable business hotel (such as the Hilton, Hyatt or Marriott chains in the specific location) will be reimbursed unless otherwise approved by Lead Counsel.  Unusually high hotel charges may be reviewed by Lead Counsel and disallowed.

d.      **Meals**:  Meal expenses must be reasonable.  In no event shall the total reimbursed exceed $124 for itemized daily meal and incidental expenditures (the itemized M&IE rate for Federal Judges).  Expenses for alcohol may not be claimed.

e.      **Cash Expenses**:  Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

f.      **Automobile Rental**:  Automobile rentals must be reasonable for the date and location of the rental and shall not exceed the cost for a "standard" type rental. Unusually high car rental charges may be reviewed by Lead Counsel and disallowed.

g.      **Mileage**:  Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

**4.      Non-Travel Limitations**

a.      **Long Distance, Conference Call, and Cellular Telephone Charges**:  Common benefit long distance, conference call, and cellular telephone charges are to be reported at actual cost.

b.      **Shipping, Overnight, Courier, and Delivery Charges**:  All claimed common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

c.      **Postage Charges**:  Common benefit postage charges are to be reported at actual cost.

d.      **Telefax Charges**:  Common benefit fax charges shall not exceed $0.50 per page.

e.      **In-House Photocopy**:  The maximum charge for common benefit in-house copies is $0.15 per page.

f. **Computerized Research – Lexis, Westlaw, or Bloomberg**: Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

5. **Expense Reporting Protocol**

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category code. Similarly, when practical, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? (The same goes for hotels, taxis, car services, tips, meals, and any other travel-related expenses.) Expense entries without sufficient detail may be rejected at Lead Counsel's discretion.

Attorneys shall provide receipts for all expenses. This does not mean that receipts are to be provided "upon request"—it means each firm must provide receipts monthly along with their expense submissions, in PDF form, not hard copy. Credit card receipts (not the monthly statements) are an appropriate form of verification. Hotel costs must be proven with the full hotel invoice. The description of expenses on the invoice that are not claimed in this action may be

1   redacted.

2   **D.      Protocols for Submission of Time and Expenses**

3      **1.      Format**

4      a.      For necessary scrutiny of submissions, all of the time and expense

5   submissions must be provided by submitting counsel in the following format:

6      b.      Counsel must use the Excel forms provided as **Exhibits A-D** to this

7   Order. This means that each monthly submission will consist of one Excel file, within which there

8   will be four "sheets" (marked by tabs at the bottom): "Expense Report," "Supplemental Expense

9   Report," "Monthly Time Report," and "Monthly Time Report Totals."

10      c.      In the "Monthly Time Report," the person who performed each task

11   should be identified in the column called "Last Name, First Name" by their complete last name, a

12   comma, and their complete first name (e.g., Smith, John).  Please do not use abbreviations or

13   initials in this column.

14      d.      In all reports, the date must be provided in month/day/year format

15   (e.g., 12/28/19).

16      **2.      Deadlines**

17      All time and expense submissions must be timely submitted by the 20th day of each

18   month, in accordance with the guidelines set forth herein, to the following email address:

19   JuulMDLTime@lchb.com.

20      The first submission is due on February 20, 2020 and should include all time and expense

21   from inception of work on JUUL-related litigation through January 31, 2020.  Lead Counsel will

22   assess and determine whether pre-MDL formation work submitted warrants inclusion as common

23   benefit work.  After this first submission, each monthly submission will be due on the 20th of each

24   month and should include all common benefit time and expenses incurred from the first to the last

25   day of the preceding month (e.g., a submission due October 20, 2020, should contain all common

26   benefit time and expenses incurred from September 1, 2020, through September 30, 2020).

27      Although counsel should endeavor to submit all common benefit expenses incurred in a

28   certain month in the submission made on the 20th of the next month, the realities of third-party

billing and credit card statement schedules may make such quick expense submission difficult in some circumstances.  Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous six months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline.  Any common benefit expenses submitted more than six months in arrears may not be considered or included in any compilation of common benefit expense calculation and may be disallowed, except for good cause shown and with approval of Lead Counsel.

**IT IS SO ORDERED.**

**DATED:  January 13, 2020**

Hon. William H. Orrick
United States District Court Judge

EXHIBIT A

# IN RE JUUL LABS INC. LITIGATION
## MONTHLY TIME REPORT

Firm Name: _____

Date: _____

**Categories:** 1. Investigation/Factual Research  2. Attorney Meetings/Strategy  3. Leadership Case Management Duties  4. Court Appearances  5. Pleadings  6. Written Discovery  7. Plaintiff Discovery (Doc. Production, DME)  8. Document Review  9. Legal Research/Memoranda  10. Scientific Research  11. Motions/Briefs  12. Depositions (Prepare/Take/Defend)  13. Class Certification/Notice 14. Experts/Consultants  15. Settlement/Mediation  16. Bellwether Selection  17. Trial Preparation  18. Trial  19. Appeal  20. Client Communications  21. Miscellaneous

| Last Name, First Name | Professional level: Partner (PT), Associate (A), or Paralegal (PL) | Date of Service: | Category Code: | Detailed Description of Work performed: | Billing Rate: | Time spent (by 0.1 increments) | Fees Total: |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | Total | | |

EXHIBIT B

**IN RE JUUL LABS INC. LITIGATION**
**MONTHLY TIME REPORT TOTALS**

Firm Name: _____

Date: _____

| Category Name | Total Time per Category | Total Fees per Category |
|---|---|---|
| Investigation/Factual Research | | |
| Attorney Meetings/Strategy | | |
| Leadership Case Management Duties | | |
| Court Appearances | | |
| Pleadings | | |
| Written Discovery | | |
| Plaintiff Discovery (Doc. Production, DME) | | |
| Document Review | | |
| Legal Research/Memoranda | | |
| Scientific Research | | |
| Motions/Briefs | | |
| Depositions (Prepare/Take/Defend) | | |
| Class Certification/Notice | | |
| Experts/Consultants | | |
| Settlement/Mediation | | |
| Bellwether Selection | | |
| Trial Preparation | | |
| Trial | | |
| Appeal | | |
| Client Communications | | |
| Miscellaneous | | |
| **Total:** | | |

EXHIBIT C

# IN RE JUUL LABS INC. LITIGATION Expense Report for:

Law Firm

**Categories: 1.** Investigation/Factual Research **2.** Attorney Meetings/Strategy **3.** Leadership Case Management Duties **4.** Court Appearances **5.** Pleadings **6.** Written Discovery **7.** Plaintiff Discovery (Doc. Production, DME) **8.** Document Review **9.** Legal Research/Memoranda **10.** Scientific Research **11.** Motions/Briefs **12.** Depositions (Prepare/Take/Defend) **13.** Class Certification/Notice **14.** Experts/Consultants **15.** Settlement/Mediation **16.** Bellwether Selection **17.** Trial Preparation **18.** Trial **19.** Appeal **20.** Client Communications **21.** Miscellaneous

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*ALL ORIGINAL RECEIPTS MUST BE ATTACHED TO THIS EXPENSE SHEET\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Date: | Last Name, First Name | Category Code: | Category Name: | Detailed Description: | Amount: | Receipt Provided: Yes / No (if no, provide reason) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | Total | |

EXHIBIT D

IN RE JUUL LABS INC. LITIGATION **Supplemental Expense Report** for:

Law Firm

**Categories: 1.** Investigation/Factual Research  **2.** Attorney Meetings/Strategy  **3.** Leadership Case Management Duties  **4.** Court Appearances  **5.** Pleadings  **6.** Written Discovery  **7.** Plaintiff Discovery (Doc. Production, DME)  **8.** Document Review  **9.** Legal Research/Memoranda  **10.** Scientific Research  **11.** Motions/Briefs  **12.** Depositions (Prepare/Take/Defend)  **13.** Class Certification/Notice  **14.** Experts/Consultants  **15.** Settlement/Mediation  **16.** Bellwether Selection  **17.** Trial Preparation  **18.** Trial  **19.** Appeal  **20.** Client Communications  **21.** Miscellaneous

********************ALL ORIGINAL RECEIPTS MUST BE ATTACHED TO THIS EXPENSE SHEET********************

| Date: | Last Name, First Name | Category Code: | Category Name: | Detailed Description: | Amount: | Receipt Provided: Yes / No (If no, provide reason) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Total |  |  |