*[Submitting Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 19-md-02913-WHO<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED AGENDA** |

Pursuant to Civil Local Rule 16-10(d), Federal Rule of Civil Procedure 26(f), the Court's February 14, 2020 Minute Order (Dkt. No. 370), counsel for Defendants JUUL Labs, Inc. ("JLI") and Altria[1] (collectively referred to as the "Undersigned Defendants"), and Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as the "Parties") respectfully provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for March 20, 2020.

---

[1] "Altria" refers to Altria Group, Inc., as well as the wholly-owned subsidiaries that have been named as defendants and served in at least one case: Philip Morris USA Inc., Altria Client Services, Altria Distribution Group, Nu Mark LLC and Nu Mark Innovations Ltd.

**I.  PARTICIPANT INFORMATION**

Subject to any future orders of the Court, the conference will proceed telephonically and the parties will not appear in person.  Anyone who wishes to attend the conference must dial in using the below conference line.  Unless you are addressing the Court, please be sure your phone is on mute.

**Dial-In: 888-330-1716**

**Access Code: 470535**

**II.  ISSUES TO BE DISCUSSED BELOW AND PROPOSED AGENDA**

- Status of Case Filings
- Discovery Status
- Case Management Developments and Issues
- Master Pleadings
- Briefing Schedule for Motions to Dismiss
- Joint Coordination Order
- Plaintiff and Defendant Fact Sheets
- Update re Federal/State Working Group and Liaisons
- ADR Status

**III.  STATUS OF CASE FILINGS**

To date, 385 cases are pending in this MDL, naming 52 defendants.  A list of these defendants is attached as **Exhibit A**.  There also are 90 cases pending in JCCP 5052, which is assigned to Judge Ann I. Jones of the Los Angeles Superior Court as the Coordination Trial Judge. There are six defendants named in those cases.

The Parties are also aware of ten cases filed by state attorneys general across the country, specifically: California, Illinois, New York, North Carolina, Mississippi, Minnesota, Washington D.C., Arizona, Pennsylvania, and Massachusetts.  Plaintiffs' Liaison Counsel are continuing their outreach to various State Attorneys General to discuss coordination with this MDL.

## IV. **DISCOVERY STATUS**

The parties' Rule 26(f)-related meet and confers are continuing productively, including as to matters identified in the Northern District of California Guidelines for the Discovery of Electronically Stored Information.

### A. **JLI Discovery Status**

During the parties' February 11, 2020 conference regarding ESI issues, Plaintiffs asked JLI to provide the search terms it has used when responding to discovery requests in connection with government investigations. On March 12, 2020, JLI provided the consolidated set of search terms it has used for the purposes of responding to all government investigations. Co-Lead Counsel is working with leadership in the JCCP to assess JLI's proffered search terms, and the parties' discussions are ongoing. On March 17, 2020 the MDL Plaintiffs served upon JLI and Altria their First Set of Requests for Production of Documents to Defendants and MDL Plaintiffs' First Set of Interrogatories to Defendants.

**Plaintiffs' Position**: During the March 12 meet and confer, Plaintiffs reiterated a request they have made repeatedly since the parties' initial meet and confers in November 2019: that JLI provide the identities of the government regulators that have sought documents or other information from JLI; identify which documents have been produced in connection with specific investigations; and produce copies of any document or other information requests served on JLI by government regulators, along with any related correspondence or record of communications between JLI and any given regulator. JLI has yet to respond to these requests.

**JLI's Position**: JLI has agreed to provide information regarding which documents produced in the MDL have been produced to which government regulators, provided that it is consistent with its commitments and obligations to specific regulators. JLI did not agree to produce copies of "any document or other information requests served on JLI by government regulators, along with any related correspondence or record of communications between JLI and any given regulator." However, it is considering this request and will meet-and-confer with Plaintiffs on this issue. JLI anticipates producing in the MDL an additional 50,000-60,000 documents that it has recently produced to government regulators. JLI agrees that Rule 26(f)-

related meet and confers are continuing productively, including as to matters identified in the Northern District of California Guidelines for the Discovery of Electronically Stored Information. JLI is in receipt of Plaintiffs' First Set of Requests for Production of Documents to Defendants and Plaintiffs' First Set of Interrogatories to Defendants. JLI and the rest of the Undersigned Defendants were surprised by Plaintiffs' service of discovery on March 17, which was served without notice, and which seems largely addressed to issues about which the Parties have already been meeting and conferring. The Undersigned Defendants reserve all rights, and note that many requests appear facially improper because, among other things, they seek discovery on discovery, which is particularly non-productive and unfortunate given the ongoing meet-and-confer process that has, to date, productively addressed many of these subjects.

### B.     Altria Discovery Status

The parties have met and conferred. Altria has described to Plaintiffs the companies' email and document management systems. Plaintiffs asked Altria to confirm that no other systems used by Altria employees (such as any applicable instant messaging systems) were used for business purposes, and Altria's has agreed to continue to meet and confer on this question.

Altria has notified Plaintiffs' counsel that they have responded (or are in the process of responding) to requests for production from various government entities, and the documents that Altria has produced (and/or may produce) relate to the topics and categories of information that Plaintiffs have stated they intend to seek in discovery from Altria. Altria has provided Plaintiffs with a list of those topics and categories and Altria has stated it would be willing to produce those documents to Plaintiffs after Altria conducts a review of those documents for privilege and confidentiality. Plaintiffs have asked Altria: (1) whether the topics and categories that Altria has provided encompass all of the documents Altria produced to government entities, or only a subset of those productions; (2) for the search terms, custodians, and other collection methodologies used to collect documents in response to the government entities' requests; and (3) copies of any document or other information requests served on Altria by those government entities, along with any related responses and communications. Altria has agreed to continue to meet and confer on these questions. Plaintiffs have also requested that Altria provide the identities of the government

regulators that have sought documents or other information from Altria. While Plaintiffs believe that government productions provide a useful starting point for discovery, Plaintiffs do not believe that formal discovery of Altria in the MDL, such as service of written discovery and substantive discussions of custodians and search methodologies, should be delayed. Altria has indicated that once it produces the referenced documents and Plaintiffs have had an opportunity to review, the parties will discuss whether, and if so what, additional discovery Plaintiffs would like from Altria.

### C. PAX Discovery Status

On March 5, 2020, Plaintiffs entered into a stipulated tolling agreement with Pax Labs Inc. ("Pax"). In exchange for the Plaintiffs agreeing not to name Pax as a defendant in any action at this time, Pax agreed to, among other things: (1) accept Plaintiffs' subpoena for documents in its possession and produce responsive documents promptly; and (2) accept Plaintiffs' subpoena and produce a witness pursuant to Fed. R. Civ. P. 30(b)(6). Pax was not named as a defendant in the Consolidated Master Complaint (Personal Injury) or Consolidated Amended Class Complaint. Plaintiffs will keep the Court apprised regarding developments with Pax.

## V. CASE MANAGEMENT DEVELOPMENTS AND ISSUES

### A. Master Pleadings

#### Plaintiffs' Position

On March 10, 2020, Plaintiffs filed their Consolidated Master Complaint (Personal Injury) and the Consolidated Amended Class Complaint. The below chart identifies all of the Defendants named in the consolidated complaints, and indicates which of those entities and/or person had not previously been named as a defendant in any action in this MDL:

| Defendants | Class Complaint | PI Master Complaint | Newly Named Defendant |
|---|---|---|---|
| Juul Labs, Inc., previously d/b/a as Pax Labs, Inc. and Ploom Inc. | X | X | |
| Altria Group, Inc. | X | X | |

5

| | | | |
|---|:---:|:---:|:---:|
| Philip Morris USA, Inc. | X | X | |
| Altria Client Services LLC | X | X | |
| Altria Group Distribution Company | X | X | |
| Altria Enterprises LLC | | X | X |
| James Monsees | X | X | |
| Adam Bowen | X | X | |
| Nicholas Pritzker | X | X | X |
| Hoyoung Huh | X | X | X |
| Riaz Valani | X | X | X |
| Mother Murphy's Labs, Inc. | | X | X |
| Alternative Ingredients, Inc. | | X | X |
| Tobacco Technology, Inc. | | X | X |
| Eliquitech, Inc. | | X | X |
| Mclane Company, Inc. | | X | X |
| Eby-Brown Company, LLC | | X | X |
| Core-Mark Holding Company, Inc. | | X | X |
| Chevron Corporation | | X | X |
| Circle K Stores Inc. | | X | |
| Speedway LLC | | X | X |
| 7-Eleven, Inc. | | X | X |
| Walmart | | X | X |
| Walgreens Boots Alliance, Inc. | | X | X |

Service of the Consolidated Amended Class Complaint is underway as to the new defendants in that action only, and should be complete this week or next, accounting for current events. Counsel for Defendants Pritzker and Valani has reached out to Plaintiffs' counsel regarding waiver of service under Rule 4(d). With respect to the new defendants named in the PI Master Complaint, service will proceed pursuant to the process laid out in Proposed Case

1  Management Order No. 7. As discussed at the February Case Management Conference, the

2  Government Entity/School District cases will not utilize master pleadings.

3  While traditionally Defendants do not have a say in the verbiage of a Plaintiff's complaint,

4  on March 13, 2020, Plaintiffs sent Defendants a proposed Short Form Complaint for the Personal

5  Injury Cases. A copy of the Proposed Short Form Complaint is attached as **Exhibit B**. The Short

6  Form Complaint cautions Plaintiffs' counsel to exercise due diligence before checking off

7  potential defendants to ensure they are appropriate to the particular case and that they do not

8  destroy diversity jurisdiction. Defendants maintain below that the Short Form complaints do not

9  satisfy the *Iqbal* and *Twombly* pleading requirements. By their analysis, there would never be

10  short form complaints utilized in MDL. MDL Judges have rejected such arguments. An MDL

11  Judge in the District of Maryland noted that "Each short-form complaint, usually but not

12  always…expressly adopts the allegations made in the MACC. The purpose of the MACC was to

13  provide a set of representative allegations that any individual allegedly injured by the BHR

14  system may adopt to support their claims. It fulfilled that purpose here." *See In re Smith &*

15  *Nephew Birmingham Hip Resurfacing* (BHR), 300 F.Supp.3d 732, 749 (D. Md. 2018). The MDL

16  court went on to note that the failure to warn allegation that the defendant failed to apprise the

17  FDA of adverse incidents and  disseminated false information,  was "more than enough to raise

18  the plaintiffs' "right to relief above the speculative level", *id.* citing to *Twombly*.[2] Moreover, any

19  such pleading objection could be raised in a motion and not as a basis to prevent the use of short

20  form complaints or orders authorizing them.

21  _____

[2]  *See also In re Zofran (Ondansetron) Products Liability Litigation* **2017 WL 1458193 at \*6 the MDL
22  Court explained** "It is true that this case, like most MDL proceedings, employs the device of a
master complaint, supplemented by individual short-form complaints that adopt the master
23  complaint in whole or in part. It is also true that a master complaint could not possibly be
expected to include every case-specific detail, such as a particular misleading statement made by
24  a particular sales representative to the physician of an individual plaintiff. *See In re Trasylol*,
2009 WL 577726, at \*8. But the "complaint" in this proceeding is not a single document. The
25  master complaint has no legal effect, standing alone; it has an effect only when it is adopted by a
plaintiff through the filing of an individual complaint.  In other words, the complaint in each
26  action in this proceeding consists of the master complaint and the individual short-form
complaint, taken together. *See* MDL Order No. 14 (Docket No. 243) (ordering that short-form
27  complaints together with the applicable master complaint are "legally operative and binding as to
that plaintiff").  The court also noted that individual fraud allegations could be pled specific to an
28  individual plaintiffs' short form complaint.

## The Undersigned Defendants' Position

**The Master Or Consolidated Complaints.**  On March 11, 2020, Plaintiffs filed a Master Personal Injury Complaint and a Consolidated Class Complaint purportedly on behalf of a nationwide class and 51 separate state/district classes.  (ECF Nos. 387, 388.)  The Personal Injury Complaint spans 287 pages and 1057 paragraphs, and the Class Complaint spans 667 pages and 3372 paragraphs.  The Personal Injury Complaint identifies 24 potential defendants (at least 15 of which were not previously named in a case filed in or transferred to this MDL), and the Class Complaint identifies nine defendants (at least five of which were not previously named in any class complaint filed in or transferred to this MDL).  The docket reflects that none of the newly-identified defendants ("New Defendants") named in these complaints has yet been served.  Under Federal Rule of Civil Procedure 4(m), Plaintiffs have 90 days to effect service.  Plaintiffs state they intend to complete service of the New Defendants named in the Consolidated Class Complaint this week, but they apparently will not attempt to serve the 15 New Defendants included on the Personal Injury Complaint until a Short Form Complaint and Enabling Order have been approved and until a case is filed naming those New Defendants at some unspecified time in the future.[3]

The political subdivision plaintiffs have not yet amended any of their complaints, but have indicated that (a) they intend to amend their complaints, (b) they might add additional defendants, but also might not, and (c) they will file additional complaints on behalf of additional political subdivisions before the end of March.  The Undersigned Defendants propose that the political subdivision plaintiffs be directed to amend their complaints and add any additional defendants by March 31, 2020, and that any New Defendants be served by April 13, 2020.

A number of allegations and documents in the consolidated complaints were filed under seal because they contain information designated as confidential under the protective order in this action.  Given the amount of such material and the current circumstances, the parties have agreed

---

[3] The procedure proposed by Plaintiffs raises a significant due process question with regard to whether an Enabling Order should be entered and applied to the New Defendants who have not had an opportunity to be heard with regard to the provisions of the proposed Enabling Order.

that additional time is warranted for Defendants to file papers supporting the sealing of such information under Local Rule 79-5.  The parties have agreed to a deadline of 30 days after the filing of the consolidated complaints and the Court has entered an order granting the Parties' stipulation to that effect.  (ECF No. 386.)

The Proposed Short Form Complaint: Defendants do not believe that the Short Form Complaint satisfies pleading requirements under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and reserve all rights to move to dismiss any or all such complaints as appropriate.  None of the cases cited by Plaintiffs holds to the contrary.  Contrary to Plaintiffs assertion above, the Undersigned Defendants are not suggesting that Short Form Complaints are never proper or have not been found to be proper in other cases.  The Undersigned Defendants instead observe that, as proposed in this case, the SFC does not appear to satisfy pleading requirements, and that they are reserving all rights with respect to such deficiencies.  Among other things, the proposed SFC does not identify the particular state law or laws under which each plaintiff purports to bring claims, nor does it require Plaintiffs to provide sufficient factual allegations to make such claims plausible in light of the required elements for such claims.  To the extent a plaintiff purports to bring claims sounding in fraud or misrepresentation claims, the Short Form fails to meet the pleading requirements of Federal Rule of Civil Procedure 9(b).  *See Colgate v. JUUL Labs, Inc.*, 345 F. Supp. 3d 1178, 1191 (N.D. Cal. 2018) (granting motion to dismiss false advertising, CLRA, fraud, and UCL "and laws of similar states claims" where "plaintiffs have not identified which advertisements they saw during the class period, or where they saw them (outside of social media))."

**B.     Proposed Case Management Order No. 7**

**Plaintiffs' Position**

The parties have met and conferred over Proposed Case Management Order No. 7 (CMO 7) regarding procedures for the *Master* and *Short Form Complaints* (SFC) in the Personal Injury Cases.  The SFC adopts the factual allegations in the *PI Master Complaint* and allegations set forth in the *PI Master Complaint* which shall be deemed pled against all relevant parties named in each SFC. The SFC shall indicate the federal district in which the individual Plaintiff(s) originally

filed or would have originally filed their Complaint. CMO 7 provides that this process does not constitute any waiver of defendants' rights to dispute the legal validity of the claims alleged. CMO 7 provides deadlines requiring each Plaintiff with a case pending in this MDL as of the date of the Order to file a SFC by April 6, 2020 checking off each Defendant against whom Plaintiff is asserting claims. There would be twenty (20) day deadline from the date cases are transferred into this MDL to file a SFC into this MDL.

CMO 7 also provides that all Defendants named in the *Master Complaint,* including newly named defendants, need not answer or otherwise respond to any SFC filed in the MDL until ordered to do so by the Court. The proposed order provides that upon effectuated service of process, each newly named defendant shall promptly file an *Entry of Appearance* in this Court. It enables plaintiffs to file an action against newly named defendants directly in the MDL by using the *PI Master Complaint* which is deemed adopted into any filed SFC and spells out a procedure for service of process as to the newly named defendants as follows: by serving upon each newly named defendant named in a SFC, in accordance with Rule 4 of the Federal Rules of Civil Procedure the following: (a) a copy of the *PI Master Complaint*; (b) the SFC; (c) a copy of CMO 7, and, (d) a Summons.

A copy of Proposed Case Management Order No. 7 is attached as **Exhibit C**. Notably Defendants object to this order because the newly named defendants are not present to object to it, but this is the mechanism by which to efficiently bring in the new defendants to the case and once they appear, they can voice their objections and file any appropriate motions.

**The Undersigned Defendants' Position**

Plaintiffs' proposed Enabling Order would apply to and bind 24 defendants. To the Undersigned Defendants' knowledge, 15 of those Defendants have never been named in a complaint in this litigation and have not been served with any personal injury complaint. The Undersigned Defendants believe it is premature to consider, argue the merits of, or adopt the proposed Enabling Order or Short Form Complaint without input and coordination from these New Defendants. The Undersigned Defendants believe there are serious problems with the

1  proposed Short Form Complaint, including that it suggests that Plaintiffs can avoid providing

2  facts required to satisfy Federal Rules of Civil Procedure 8(a) and 9(b).

3  **C.  Class Plaintiffs' Parallel Personal Injury Claims**

4  **Plaintiffs' Position**

5       The class plaintiffs allege claims on behalf of themselves and other class members seeking

6  recovery of economic losses associated with their JUUL purchases. Certain of the proposed class

7  representatives may, in addition, seek to separately recover for personal injuries they suffered.

8  The class complaint expressly states that the class representatives and proposed class(es) do not,

9  through the causes of action asserted in the class complaint, seek damages or other relief as a

10 result of personal injuries. *See* Consolidated Class Action Complaint Section IX. Co-lead counsel

11 instead anticipate that any class representatives' personal injury claims will be advanced through

12 the personal injury master complaint and subsequent short-form complaints. *Id.* To head off

13 confusion or inefficiencies, Plaintiffs' counsel explained this plan to counsel for Defendants

14 before the complaints were filed, and asked for confirmation that Defendants agree that the class

15 representatives' personal injury claims (1) are not waived by virtue of the filing of the economic-

16 loss class complaint, and (2) may be asserted by way of later-filed short-form complaints (or

17 tolled pursuant to agreement of the parties). Defense counsel suggested that the parties discuss

18 this issue after the filing of the complaints. While Plaintiffs do not anticipate requiring the Court's

19 assistance on this issue at this time, all Plaintiffs expressly reserve and do not waive their rights to

20 later assert, or request leave to assert, causes of action and claims that are not alleged in the

21 complaints served on March 10, 2020. If Defendants wish to raise any objection or waiver

22 argument concerning Plaintiffs' approach to asserting these parallel claims, Plaintiffs wish to

23 resolve those issues as promptly as possible.

24 **The Undersigned Defendants' Position**

25      The Plaintiffs appear to seek an advisory ruling.  No class representative has yet filed a

26 personal injury claim, so far as the Undersigned Defendants know.  Thus, there is no ripe issue

27 for the Court to address.  Moreover, as the Undersigned Defendants have noted previously, there

28 are many New Defendants who have not yet been served, and who have not appeared, yet who

have a right to be heard on this and many other issues.  It would be premature for the Court to issue an advisory opinion on an issue that is not ripe, that has not yet been joined, and as to which many potentially interested parties have not yet been heard.  There is no reason to reach this issue now.  The Undersigned Defendants reserve all their rights and defenses with regard to such claims, should they be asserted in the future.

### D.	Government Entities

#### Plaintiffs' Position

Currently, 56 government entities from 14 states have complaint on file in the MDL.  By March 31, Plaintiffs anticipate that there will be over 64 government entities with complaints on file in the MDL – including 16 counties from eight different states (CA, CO, IL, KY, MD, NH, WA, and WV), and forty-eight school districts from ten states (AZ, CA, FL, KS, KY, MO, MS, NY, PA, and WA).  Plaintiffs believe that this existing group of government entities is adequate to select bellwethers for purposes of filing operative complaints and preparing cases for possible trial.

Plaintiffs propose meeting and conferring with defendants to identify the appropriate bellwethers.  If the parties cannot agree, then the parties would submit competing proposals to the Court.  After the bellwethers have been selected, those bellwethers would file amended complaints that would be subject to motions to dismiss.  The selection of bellwethers followed by an opportunity to amend the bellwether's complaints and then motion to dismiss briefing focused on those bellwethers is the process that was adopted by Judge Polster for use in the national Opiate MDL, and Plaintiffs believe it should be applied here.  *See In re National Prescription Opiate Litigation*, No. 17-md-2804-DAP, Doc. # 32, pp. 2-4 (April 11, 2018) (setting out amendment and briefing schedule for specified bellwethers in Case Management Order One). (Attached as **Exhibit D.**)  Those entities that are not selected as bellwethers could file amended complaints in due course.

Defendants' proposal, that all 56 complaints currently on file be amended prior to bellwether selection occurring, is inefficient and would unreasonably burden counties and school districts—government entities that are already experiencing increased burdens in light of the

coronavirus pandemic.  Defendants do not require amended complaints to meaningfully engage in the bellwether selection process.  Based on the complaints already on file, the defendants know the identities of the government entities that are asserting claims, the state laws that govern those claims, and the general legal theories that are being advanced by the government entity.   While there is additional factual material to be added, particularly regarding Defendants' conduct, Defendants are already aware of much of this material from the amended class action and personal injury complaints.  In addition, Plaintiffs do not envision naming defendants in the government entity complaints beyond those that have already been served with existing complaints or are in the process of being served by the master class or personal injury complaints.

It is unlikely that all of the government entities will be able to file amended complaints by March 31st.  The practical consequence of Defendants' proposal will be to further delay the bellwether selection process, and the subsequent motion to dismiss briefing.  Plaintiffs respectfully submit that there needs to be a balance between moving this critical litigation forward while being sensitive to the demands being placed on our counties and school systems.  Moving forward with bellwether selection, followed by briefing on selected bellwethers, strikes the appropriate balance.

## The Undersigned Defendants' Position

The government entity plaintiffs have not yet amended any of their 56 complaints, but have indicated that (a) they intend to amend their complaints, (b) they might add additional defendants, but also might not, and (c) they will file additional complaints on behalf of additional political subdivisions before the end of March.  The Undersigned Defendants propose that the government entity plaintiffs be directed to amend their complaints and add any additional defendants by March 31, 2020, and that any newly-named defendants be served by April 13, 2020.

In response, the government entity plaintiffs claim that they lack the resources to file amendments that would set forth the claims upon which they intend to proceed in this case.  At least two facts appear to contradict their position.  First, most if not all of the government entities are represented by contingent fee counsel, and thus are incurring no expenses in connection with

13

this litigation. Second, if all the government entities intend to do is to copy material from the Master Complaints, there should be little cost or expense entailed in doing so.

The balance the Court should strike is a balance that will ensure that the Undersigned Defendants are fully apprised of the claims asserted against them, and that they have a full and fair opportunity to test the legal sufficiency of those claims. What the government entities propose does not provide that opportunity and does not comport with the requirements of due process.

## VI. SCHEDULE FOR RULE 12 MOTIONS

### Plaintiffs' Position

The Court has stated its goal of ruling on contemplated Rule 12 motions by mid-September 2020. ECF 370. Plaintiffs propose the following schedule for a first wave of Rule 12 motions:

| Date | Event |
|------|-------|
| May 22, 2020 | Deadline to file first wave of Rule 12 motions |
| June 22, 2020 | Deadline to file oppositions to first wave of Rule 12 motions |
| July 13, 2020 | Deadline to file replies in support of first wave of Rule 12 motions |
| August 17, 2020 or after (subject to Court availability) | Hearing on first wave of motions to dismiss |

Plaintiffs agree with Defendants' suggestion that Rule 12 briefing should "take into account certain cross-cutting issues first," including preemption and primary jurisdiction. At the February 14, 2020 Case Management Conference, the Court directed that "the preemption and primary jurisdiction issues [be] teed up as soon as they can be teed up for me, so that I can address the issue from a legal perspective…. I would like to deal with those issues soon." Tr. 2/14/2020 CMC at 4-5. The Court directed that the "parties shall work out a schedule" on "selected motions to dismiss for the Court's consideration at the March 20, 2020 Case

1   Management Conference." ECF 370. Defendants' proposal does not meet the Court's

2   expectation to essentially resolve the pleadings by September, and instead front-loads resolution

3   of hypothetical case-specific personal jurisdiction motions involving defendants who have not yet

4   appeared. Plaintiffs do not agree with this approach, which violates Rule 1.

5       Plaintiffs recognize that new Defendants have been named in the complaints filed on

6   March 10, and that those newly-named Defendants may wish to join pending Rule 12 briefing or

7   file their own motions. Plaintiffs anticipate that the newly named defendants in the Consolidated

8   Amended Class Complaint will be served imminently and will have retained counsel before the

9   next status conference. That Plaintiffs have named additional Defendants is no surprise, as

10  Plaintiffs disclosed their intention to do so in early January 2020. ECF 350. In any event, the

11  newly-named Defendants will not be prejudiced by entry of a briefing schedule and the

12  advancement of basic case management issues, about which all parties are free to object or make

13  suggestions.

14      Defendants incorrectly suggest that the Court must resolve issues related to personal

15  jurisdiction "at the outset" and before the parties can even brief any other Rule 12 issues. A court

16  must of course determine that it has jurisdiction before it issues any decisions on the merits as to a

17  particular defendant, but it does not follow that all other Rule 12 briefing must await those

18  determinations. Rule 12 motions raising personal jurisdiction and other Rule 12 grounds for

19  dismissal are common. And a party waives personal jurisdiction only "by omitting it from its first

20  Rule 12(b) motion." *AT&T v. Teliax, Inc.*, 2016 WL 4241910, at *2 (N.D. Cal. Aug. 11, 2016)

21  (citing Fed. R. Civ. Proc. 23(h)). There is therefore no impediment to Defendants contesting

22  personal jurisdiction while also raising (or joining) arguments concerning preemption, primary

23  jurisdiction, and any other defenses in their initial Rule 12 motions.

24      In the meantime, the Defendants that have appeared in the MDL should file their

25  contemplated motions promptly, particularly as to those "cross-cutting issues" that Defendants

26  have already identified as potentially dispositive.

27

28

**The Undersigned Defendants' Position**

The Undersigned Defendants continue to digest the nearly one-thousand pages of allegations in the Complaints, and believe certain threshold issues may impact the briefing schedule, including the addition of a multitude of New Defendants—most of whom have not appeared in these matters and have apparently not yet been served, and all of whom presumably will expect and are entitled to time to digest and consider the Complaints and potential briefing schedules that will impact the claims against them. Moreover, it appears that some New Defendants may have grounds for motions pursuant to Rules 12(b)(1), (2), and (3), at least some of which must, in order to be preserved, be filed at the outset of the case. *See* Fed. R. Civ. P. 12(h)(1); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998). A feasible and efficient schedule for Rule 12 motions should not be set until Plaintiffs have served the New Defendants.

On January 13, 2020, The Court adopted a schedule requiring defendants to provide notice "of Rule 12 motions within 30 days of the filing of the complaints," after which the parties would the "propose a briefing schedule for those motions." (ECF. No. 356.) On February 14, 2020, the Court further directed the parties "to file an agreed-to or disputed briefing schedule for the selected motions to dismiss for the Court's consideration at the March 20, 2020 Case Management Conference." (ECF. No. 370.)

It is inappropriate and inefficient to set a briefing schedule without input from parties who have been newly-added to the litigation, but apparently have not yet been served. It is likely that many of these New Defendants will have an interest in the motions that are likely to be brought by the Undersigned Defendants and likely will have their own motions to bring. The New Defendants thus have an interest in, and right to be part of, the process for determining the schedule by which such motions will be heard and decided.

Although the Undersigned Defendants can speak only for themselves and not for the other defendants, it appears highly likely that defendants will have viable Rule 12 motions, and perhaps other preliminary motions as well, under at least the following legal theories:

(a) **Personal Jurisdiction.**  New Defendants should be permitted to file motions under Rules 12(b)(1), (2), (3), (4), and (5) (referred to collectively as "Personal Jurisdiction Motions" for ease of reference) before being required to file motions concerning the merits of Plaintiffs' claims.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).   The Undersigned Defendants therefore suggest that Plaintiffs be directed to serve the newly-named defendants by April 13, 2020.  Thereafter, any New Defendants not served by that date should be dismissed unless Plaintiffs show good cause for their failure to effect service.  The New Defendants who were served should have until May 29, 2020, to file any Personal Jurisdiction Motions.  Plaintiffs would then have until July 27, 2020 to file any opposition to these motions, and any defendant filing such a motion would have until August 26, 2020 to file a reply, with a hearing to be set at the Court's convenience, likely in or about September 2020.

(b) **Primary Jurisdiction and Preemption**.  The Undersigned Defendants intend to file Rule 12 motions based upon primary jurisdiction and federal preemption (referred to collectively as "Primary Jurisdiction and Preemption Motions").  These motions cut across all complaints and apply to some or all of the claims in the two Consolidated Complaints and the political subdivision cases as they are currently pled.  Consistent with the Court's guidance, the Undersigned Defendants propose that these motions be filed early.  In particular, the Primary Jurisdiction and Preemption Motions would be filed just after the Personal Jurisdiction Motions outlined in subparagraph (a) above and concurrently with Altria's Motion to Dismiss described in subparagraph (c) below, on June 12, 2020, and Plaintiffs' opposition would be due on July 27, 2020, and Defendants' reply would be due on August 26, 2020, as set out in the table below.  The

1    Undersigned Defendants expect that the ruling on their primary

2    jurisdiction and preemption motions will significantly narrow the issues

3    before the Court, resolve – at least until the FDA acts on JLI's Premarket

4    Tobacco Application – many claims asserted by Plaintiffs, and shape the

5    litigation to allow it to be more efficiently managed going forward.

6    (c)    **Altria's Motions to Dismiss Plaintiffs' Claims Against Altria in the**

7    **Master Personal Injury Complaint and the Consolidated Class Action**

8    **Complaint ("Altria's Motions to Dismiss").**  Altria believes that both the

9    Master Personal Injury Complaint and Consolidated Class Complaint fail

10   to state any claim against Altria for numerous, independent reasons and

11   that Altria therefore should be dismissed.  These arguments also should be

12   resolved at the outset.  Indeed, even if a small number of JUUL purchasers

13   or users can state a claim against Altria that survives dismissal, resolving

14   the issues likely be raised in these motions to dismiss would narrow and

15   clarify the issues to be addressed at later stages in these proceedings, such

16   as discovery and class certification.  The Undersigned Defendants

17   therefore propose that Altria be permitted to file motions under Rule

18   12(b)(6) against the Master Personal Injury Complaint and Consolidated

19   Class Action Complaint by June 12, 2020.  These Motions would focus on

20   arguments specific to Altria raised by these two complaints and be made

21   without prejudice to Altria's ability to file or join additional motions to

22   dismiss.  The briefing schedule for Altria's Motions to Dismiss would be

23   the same as the schedule for the Primary Jurisdiction and Preemption

24   Motions, with oppositions due July 27, 2020 and reply briefs due August

25   26, 2020.

26   (d)    **Other Significant Rule 12(b)(6) Motions.**  In addition to the preceding

27   Motions, which the Undersigned Defendants believe should eliminate or

28   substantially narrow the case, additional motions under Rule 12(b)(6)

should further eliminate certain claims and further narrow and streamline these cases (collectively referred to as "Other 12(b)(6) Motions").

Plaintiffs have asserted numerous causes of action, including a putative class claim for common-law fraud; claims for violations of the Racketeer Influenced and Corrupt Organizations Act; claims under the Magnuson-Moss Warranty Act; and claims under 50 states' consumer laws, including individual states' consumer protection acts, fraud, and other miscellaneous claims. It is highly likely that a significant expansion of page limits will be necessary to address these issues, and it will be difficult, if not impossible to address these issues in a single, comprehensive Motion. Moreover, because service is not complete, the Undersigned Defendants have not coordinated with the New Defendants about the most efficient way to bring these Other 12(b)(6) Motions before the Court. Thus, the Undersigned Defendants propose that the specific structure and coordination of these motions be deferred until a later date. At this time, however, the Undersigned Defendants propose that a parallel, but sequenced schedule be tentatively adopted by the Court for handling these Other 12(b)(6) Motions. Specifically, the Undersigned Defendants propose that they file their first set of Other 12(b)(6) Motions by July 27, 2020, and that the New Defendants file their first set of Other Rule 12(b)(6) Motions by the later of August 14, 2020, or 14 days after the ruling on the Personal Jurisdiction Motions described in subparagraph (a) above.[4] Plaintiffs' oppositions to these motions shall be due 45 days after the motions are filed and Defendants' reply papers shall be due 30 days

_____

[4] The Undersigned Defendants further propose that, once the New Defendants have appeared, all Defendants will meet and confer with Plaintiffs regarding which specific motions will be included in the first wave of Other 12(b)(6) Motions to be presented to the Court on this proposed schedule.

thereafter. Briefing on these Other 12(b)(6) Motions should be complete

by the end of October under this schedule.[5]

In sum, the Undersigned Defendants propose the following briefing schedule:

| Action | Date |
|---|---|
| Political Subdivision Plaintiffs to Have Filed and Served Amended Complaints | March 30, 2020 |
| All Plaintiffs (including Political Subdivision Plaintiffs) to Have Served or Dismissed All Defendants | April 13, 2020 |
| **Personal Jurisdiction Motions** (defined above) with regard to all complaints served by April 13, 2020 | May 29, 2020 |
| Oppositions to Personal Jurisdiction Motions | June 29, 2020 |
| Replies in support of Personal Jurisdiction Motions | July 29, 2020 |
| Hearing on Personal Jurisdiction Motions and Altria's Motion to Dismiss | At the Court's convenience |
| **Primary Jurisdiction and Preemption Motions** (defined above) as to all complaints and **Altria's Motion to Dismiss** (defined above) | June 12, 2020 |
| Oppositions to Primary Jurisdiction and Preemption Motions and Altria's Motion to Dismiss | July 27, 2020 |
| Replies in support of Primary Jurisdiction and Preemption Motions and Altria's Motion to Dismiss | August 26, 2020 |
| Hearing on Primary Jurisdiction and Preemption Motions | October 2, 2020, or at the Court's convenience |
| **Other 12(b)(6) Motions** (defined above) by JLI, Altria, and PM USA as to all complaints served by April 13, 2020 – first wave | July 27, 2020 |
| **Other 12(b)(6) Motions** (defined above) by | August 14, 2020, or 14 days after the ruling on |

---

[5] Unless amended complaints will be later filed, the Undersigned Defendants anticipate that the Court would hold a Further Case Management Conference shortly after ruling on these Other 12(b)(6) Motions and would, at that time, establish a schedule for further motions, picking up on rulings on the first wave of Other 12(b)(6) motions, or establish a deadline for the filing of answers.

| | |
|---|---|
| New Defendants as to all complaints served by April 13, 2020 – first wave | the Personal Jurisdiction Motions, whichever is later |
| Oppositions to Other Rule 12(b)(6) Motions | 45 days after motions are filed |
| Replies in support of Other Rule 12(b)(6) Motions | 30 days after opposition are filed |
| Hearing on Other Rule 12(b)(6) Motions | 30 days after reply papers are filed, at the Court's convenience |

This briefing schedule has the advantage of resolving significant legal issues in an efficient, fair way. (*See* FRCP 1) It also respects Defendants' due process rights without impairing Plaintiffs' rights. It does have the disadvantage of sequencing briefing on the Other 12(b)(6) Motions before the Primary Jurisdiction and Preemption Motions have been decided, but the trade-off is to resolve the preliminary motions earlier than if the motions were filed and resolved entirely sequentially.

**VII.   JOINT COORDINATION/COOPERATION ORDER**

The Parties all agree a Joint Coordination or Cooperation Order should be entered to establish efficient and fair methods for the MDL to work with parallel litigations. The parties have some disagreement as to the details, but have agreed that by April 2, the parties will submit either joint or if necessary, competing orders, which can be entered by the April 13 Case Management Conference.

**VIII.   PLAINTIFF AND DEFENDANT FACT SHEETS**

After exchanging initial drafts, the Parties met and conferred for several weeks regarding Plaintiff and Defendant Fact Sheets pertaining to personal injury claims. On February 20, 2020, Judge Corley held an informal discovery conference to address the competing proposals and provide guidance to the parties in an effort to resolve their outstanding disputes. Heeding Judge Corley's guidance, the Parties engaged in several additional rounds of discussions and were able to narrow the issues in dispute, and then ultimately reach a compromise. The Proposed Plaintiff

Fact Sheet is attached as **Exhibit E**, the Proposed Defense Fact Sheet[6] is attached as **Exhibit F** and the Proposed CMO No. 8, the Proposed Fact Sheet Implementation Order, is attached as **Exhibit G**.

## IX.    FEDERAL/STATE WORKING GROUP AND LIAISONS

Plaintiffs agree with the Undersigned Defendants that having a Cooperation Order and deposition protocol entered before or at the next Case Management Conference will promote efficiency and economy.  Plaintiffs have been engaging in ongoing discussions with the newly-appointed JCCP leadership regarding these matters, as described further above.  Plaintiffs will be prepared to discuss the status of these discussions at the Conference or at such other time as the Court desires.

## X.    ADR

Pursuant to Civil Local Rule 16-10(d), the parties report that ADR is not yet appropriate given the preliminary state of the proceedings.

---

[6] Only the Undersigned Defendants have participated in preparing the Proposed Defense Fact Sheet and none of the New Defendants or other defendants who have not yet been served or appeared have been involved or their concerns, if any, heard.

Dated:  March 20, 2020

Respectfully submitted,

By: /s/ Gregory P. Stone

By: /s/ Sarah R. London

Gregory P Stone, SBN 78329
Bethany W. Kristovich, SBN 241891
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:      (213) 683-9100
Facsimile:      (213) 687-3702
gregory.stone@mto.com
bethany.kristovich@mto.com

Sarah R. London
**LIEFF CABRASER HEIMANN &
BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone:  (415) 956-1000

-and

Austin V. Schwing, SBN 211696
Joshua D. Dick, SBN 268853
Peter C. Squeri, SBN 286249
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
aschwing@gibsondunn.com

By: /s/ Dena C. Sharp

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

By: /s/ Dean Kawamoto

Deborah L. Stein, SBN 224570
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone:  (206) 623-1900

-and-

By: /s/ Ellen Relkin

Renee D. Smith (*pro hac vice*)
Mike Brock (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2310

Ellen Relkin
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500

*Co-Lead Counsel for Plaintiffs*

-and-

David M. Bernick (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064

*Attorneys for Defendant JUUL Labs, Inc.*

By: */s/ John S. Massaro*

**ARNOLD & PORTER KAYE SCHOLER LLP**

John C. Massaro (admitted pro hac vice)
Jason A. Ross (admitted pro hac vice)
601 Massachusetts Ave., N.W.
Washington D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
john.massaro@arnoldporter.com
Jason.ross@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc. and Philip Morris USA Inc.*