[*Submitting Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates to:**<br><br>ALL ACTIONS | **Case No. 19-md-02913-WHO**<br><br>**CASE MANAGEMENT ORDER NO. 7:**<br><br>**ORDER GOVERNING ADOPTION OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT FORM COMPLAINT (PERSONAL INJURY)** |

This Stipulated Order shall govern all individual personal injury cases in MDL No. 2913. In light of the number of complaints filed and anticipated in this Multi-District Litigation, the inefficiency of drafting individual Complaints and Answers to those Complaints, and in order to streamline the process for the Court's consideration of dispositive motions, the Parties have agreed to the use of master pleadings. This Order sets forth the procedures governing this process.

**I. APPLICABILITY OF ORDER**

1. This Order applies to all personal injury cases currently pending in MDL No. 2913 and to all personal injury actions that have or will be filed in, transferred, removed or otherwise assigned, to this proceeding (collectively, "this MDL proceeding"). This Order is binding on all Parties and their counsel in all such cases. This Order is not intended to alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as specified herein or in any subsequent Pretrial Order.

## II. **MASTER PLEADINGS**

2. On March 11, 2020, the PSC filed *Plaintiffs' Consolidated Master Complaint (Personal Injury)* ("*Master Complaint*") on behalf of all individual Plaintiffs in this MDL proceeding.[1] This Order applies to all parties named in the *Master Complaint* including those parties originally named in this MDL proceeding, (JUUL *i.e.* Labs, Inc., Altria Group, Inc., and Phillip Morris USA, Inc.) ("CMO NO. 3 DEFENDANTS")[2] as well as the newly-named Defendants in the *Master Complaint* ("NEWLY-NAMED DEFENDANTS").[3]

3. Attached as EXHIBIT A, is a form *Short Form Complaint (Personal Injury)* ("SFC"). The SFC is an abbreviated form that each individual Plaintiff will complete, indicating their individual claims, and adopting the factual allegations set forth in the *Master Complaint* as the basis for those individual claims. By this process, all allegations set forth in the *Master Complaint* shall be deemed pleaded against all relevant parties named in each SFC.

4. Each SFC filed in this MDL proceeding shall indicate the federal district in which the individual Plaintiff(s) originally filed or would have originally filed their Complaint.

5. The procedures for filing the *Master Complaint* and the SFC, do not reflect that the "CMO NO. 3 DEFENDANTS" have agreed to or admitted the allegations set forth in those pleadings, nor have the "CMO NO. 3 DEFENDANTS" conceded or waived their right to dispute the legal validity of the claims alleged therein.

---

[1] *See* ECF Doc. No. 388.

[2] *See* ECF Doc. No. 309.

[3] Altria Client Services LLC, Altria Group Distribution Company, Altria Enterprises LLC, James Monsees, Adam Bowen, Nicholas Pritzker, Hoyoung Huh, Riaz Valani, Mother Murphy's Labs, Inc., Alternative Ingredients, Inc., Tobacco Technology, Inc., Eliquitech, Inc., McLane Company, Inc., Eby-Brown Company, LLC, Core-Mark Holding Company, Inc., Chevron Corporation, Circle K Stores Inc., Speedway LLC, 7-Eleven, Inc., Walmart, Walgreens Boots Alliance, Inc.

6. Each Plaintiff with a case pending in this MDL <u>as of the date of this Order</u>, shall file a SFC by April 13, 2020 naming each *diverse* Defendant against whom Plaintiff is asserting claims, by placing a check-mark in the box next to the *diverse* Defendants name to select each applicable diverse Defendant against whom claims are alleged.

7. Each Plaintiff with a case transferred into this MDL <u>after the date of this Order</u>, shall file a SFC within twenty (20) days of transfer into this MDL, naming each *diverse* Defendant against whom Plaintiff is asserting claims, by placing a check-mark in the box next to the diverse Defendants name to select each applicable *diverse* Defendant against whom claims are alleged.

8. Plaintiffs should only select Defendants, by placing a check-mark next to the Defendants name, if Diversity exists and the Court expects that each Plaintiff and their counsel will make a carefully individualized evaluation of the basis for naming appropriate defendants in the filed SFC.

9. For purposes of the calculating the statutes of limitation and/or repose as to previously filed cases, the date that the Plaintiff first started an action by filing an original Complaint or other pleading, in either state or federal court, shall be deemed the relevant date of first filing not the later date when the SFS was filed.

### III. RESPONSE TO MASTER COMPLAINT AND SHORT FORM COMPLAINTS

10. To eliminate potential delays and to promote judicial efficiency with respect to the administration of this MDL proceedings, all Defendants named in the *Master Complaint*—including those "NEWLY NAMED DEFENDANTS" identified in paragraph 2, footnote 3 above—need not answer or otherwise respond to any SFC filed in this MDL proceeding until ordered to do so by the Court.

## IV. SERVICE OF PROCESS

11. Plaintiffs may file an action against any *"*NEWLY NAMED DEFENDANTS*"* directly in the MDL by using the *Master Complaint* which is deemed adopted into any filed SFC.

### A. SERVICE OF PROCESS OF THE NEWLY NAMED DEFENDANTS

12. By this Order, Plaintiffs who name any "NEWLY NAMED DEFENDANT" in their SFC may effectuate service of process on each "NEWLY NAMED DEFENDANT" by serving upon each NEWLY NAMED DEFENDANT named in a SFC, in accordance with Rule 4 of the Federal Rules of Civil Procedure with the following:

    a. a copy of the *Master Complaint*;

    b. the SFC;

    c. a copy of this Order, and,

    d. a Summons.

### B. SERVICE OF PROCESS OF THE CMO-3 DEFENDANTS

13. For the "CMO NO. 3 DEFENDANTS" already in this MDL who have stipulated and agreed to E-mail service in accordance with Case Management Order No. 3[4] that form of alternative service is still available. A Plaintiff that is serving a SFC pursuant to CMO-3 is **not** required to serve a copy of the *Master Complaint* by e-mail upon the "CMO NO. 3 DEFENDANTS."

14. Upon effectuated service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure, each "CMO NO. 3 DEFENDANT" shall promptly file an *Entry of Appearance* in this Court.

---

[4] *See* ECF Doc. No.309.

15. Neither the existence of this Order nor any of its terms shall in any manner burden the right of any "CMO NO. 3 DEFENDANT" or "NEWLY NAMED DEFENDANT" to assert defenses available under Federal Rule of Civil Procedure 12(b) or otherwise challenge the sufficiency of any claim in the Master Complaint under the applicable laws.

On this 27th day of March, 2020



Hon. William H. Orrick

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-02913-WHO<br><br>Honorable William H. Orrick |
| This Document Relates to:<br><br>[INSERT PLAINTIFF NAME HERE] | **JURY TRIAL DEMANDED** |

**SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL**
**(PERSONAL INJURY)**

The Plaintiff(s) named below file(s) this *Short-Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Consolidated Master Complaint (Personal Injury),* in *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Lability Litigation,* MDL No. 2913 in the United States District Court for the Northern District of California. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order No. 7 of this Court.

Plaintiff(s) select and indicate by checking-off where requested, the Parties and Causes of Actions specific to this case.[1]

Plaintiff, by and through their undersigned counsel, allege as follows:

---

[1] If Plaintiff wants to allege additional Cause(s) of Action other those selected in paragraph 10, the specific facts supporting any such additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure (*see* paragraph 11). In doing so you may attach additional pages to this *Short-Form Complaint*.

## I. DESIGNATED FORUM[2]

1. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing:

   [INSERT FEDERAL DISTRICT COURT]

   ("Transferee District Court").

## II. IDENTIFICATION OF PARTIES

### A. PLAINTIFF(S)

2. *Injured Plaintiff(s):* Name of the individual injured due to use of JUUL products:

   [INSERT PLAINTIFF NAME]

   ("Plaintiff").

3. At the time of the filing of this *Short-Form Complaint*, Plaintiff resides at:

   [INSERT PLAINTIFF ADDRESS (CITY AND STATE ONLY)]

4. *Consortium Plaintiff:* Name of the individual(s) that allege damages for loss of consortium:

   [INSERT CONSORTIUM PLAINTIFF NAME]

   ("Consortium Plaintiff").

5. *Survival and/or Wrongful Death Claims*:

   (a) Name and residence of Decedent Plaintiff when he/or she suffered a JUUL related death:

   [INSERT PLAINTIFF/DECEDENT NAME AND ADDRESS (CITY AND STATE ONLY)]

   (b) Plaintiff/Decedent died on:

   [INSERT DATE]

   (c) Plaintiff is filing this case in a representative capacity as the [INSERT DESCRIPTOR IE. ADMINSTRATOR ETC.] of the [INSERT

---

[2] *See* Case Management Order No. 3, at II(C) (ECF No. 309).

1    DESCRIPTOR IE. ESTATE OF NAME, ETC] having been duly appointed
     as such by the Court of [INSERT NAME OF COURT].

   B.   **DEFENDANT(S)**

   6.   Plaintiff(s) name(s) the following Defendants in this action

[BEFORE PROCEEDING - PLEASE CAREFULLY READ AND CONSIDER THE PLACES OF INCORPORATION AND PRINCIPAL PLACE OF BUSINESS OR RESIDENCE OF **EACH** DEFENDANT BEFORE SELECTING TO ENSURE THAT YOU ARE NOT NAMING ANY DEFENDANTS FROM THE SAME STATE OF THE PLAINTIFF. THE PLACE OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS OR RESIDENCE OF EACH DEFENDANT IS IN THE FOOTNOTES FOR YOUR CONVENIENCE]:

☐ JUUL LABS, INC., previously d/b/a as PAX LABS, INC. and PLOOM INC.;[3]

☐ ALTRIA GROUP, INC.;[4]

☐ PHILIP MORRIS USA, INC.;[5]

☐ ALTRIA CLIENT SERVICES LLC;[6]

☐ ALTRIA GROUP DISTRIBUTION COMPANY;[7]

☐ ALTRIA ENTERPRISES LLC;[8]

**THE MANGEMENT DEFENDANTS**

☐ JAMES MONSEES;[9]

☐ ADAM BOWEN;[10]

☐ NICHOLAS PRITZKER;[11]

---

[3] Delaware corporation, with its principal place of business in San Francisco, California.

[4] Virginia corporation, with its principal place of business in Richmond, Virginia.

[5] Virginia corporation with its principal place of business in Richmond, Virginia.

[6] Virginia limited liability company with its principal place of business in Richmond, Virginia.

[7] Virginia corporation with its principal place of business in Richmond, Virginia.

[8] Virginia limited liability company with its principal place of business in Richmond, Virginia.

[9] A resident of California.

[10] A resident of California.

SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

☐ HOYOUNG HUH;[12]

☐ RIAZ VALANI;[13]

**THE E-LIQUID MANUFACTURING DEFENDANTS**

☐ MOTHER MURPHY'S LABS, INC.;[14]

☐ ALTERNATIVE INGREDIENTS, INC.;[15]

☐ TOBACCO TECHNOLOGY, INC.;[16]

☐ eLIQUITECH, INC.;[17]

**THE DISTRIBUTOR DEFENDANTS**

☐ MCLANE COMPANY, INC.;[18]

☐ EBY-BROWN COMPANY, LLC;[19]

☐ CORE-MARK HOLDING COMPANY, INC.;[20]

**THE RETAILER DEFENDANTS**

☐ CHEVRON CORPORATION;[21]

☐ CIRCLE K STORES INC.;[22]

☐ SPEEDWAY LLC;[23]

---

[11] A resident of California.

[12] A resident of California.

[13] A resident of California.

[14] North Carolina corporation, with a principal place of business in North Carolina.

[15] North Carolina corporation, with a principal place of business in North Carolina.

[16] Maryland corporation, with a principal place of business in Maryland.

[17] Maryland corporation, with a principal place of business in Maryland.

[18] Texas corporation with a principal place of business in Texas.

[19] Delaware limited liability company with a principal place of business in Illinois.

[20] Delaware corporation. From 2015-2018, principal place of business California; as of 2019, principal place of business Texas.

[21] Delaware corporation with a principal place of business in California.

[22] Texas corporation with a principal place of business in Arizona.

☐ 7-ELEVEN, INC.;[24]

☐ WALMART;[25]

☐ WALGREENS BOOTS ALLIANCE, INC.[26]

### C. PRODUCT USE

7. Plaintiff used JUUL during the time period including from [INSERT MONTH/DATE] to [INSERT MONTH/DATE] and that use caused and or substantially contributed to his/her injury.

### D. PHYSICAL INJURY[27]

8. The Plaintiff(s) experienced the following physical condition, injury or illness alleged to have been caused and or contributed to as a substantial factor by JUUL:

☐ ADDICTION

☐ NICOTINE POISONING

☐ BEHAVIORAL ISSUES/MENTAL HEALTH (check all that apply):

- ☐ ANGER/OUTBURSTS
- ☐ MOOD SWINGS
- ☐ IRRITABILITY
- ☐ SUICIDAL THOUGHTS
- ☐ SUICIDAL ATTEMPTS
- ☐ DEATH BY SUICIDE
- ☐ OTHER (specify): _____

---

[23] Delaware corporation with a principal place of business in Ohio.

[24] Texas corporation with a principal place of business in Texas.

[25] Delaware corporation with a principal place of business in Arkansas.

[26] Delaware corporation with a principal place of business in Illinois.

[27] Plaintiff(s) must check-off all physical injuries allegedly caused by Plaintiff's use of JUUL. Plaintiff is not required to plead here emotional or psychological injuries, or all manifestations of the physical injury alleged which will be inquired into as part of the Plaintiff's Fact Sheet ("PFS"). This *Short-Form Complaint* assumes that emotional and psychological damages are asserted by the Plaintiff.

☐ COGNITIVE ISSUES (check all that apply):

- ☐ ATTENTION DEFICIT DISORDER
- ☐ LEARNING IMPAIRMENTS
- ☐ LACK OF CONCENTRATION
- ☐ TROUBLE SLEEPING
- ☐ OTHER (specify):_____

☐ CARDIOVASCULAR (check all that apply):

- ☐ HEART ATTACK
- ☐ OTHER CARDIOVASCULAR DIAGNOSIS (specify) _____

☐ NEUROLOGIC (check all that apply):

- ☐ SEIZURES
- ☐ STROKE

☐ RESPIRATORY/LUNG (check all that apply):

- ☐ ACUTE EOSINOPHILIC PNEUMONIA/PULMONARY EOSINOPHILIA
- ☐ ACUTE INTERSTITIAL PNEUMONITIS OR ACUTE PNEUMONIA
- ☐ ACUTE RESPIRATORY DISTRESS SYNDROME (ARDS)
- ☐ ASTHMA
- ☐ BRONCHITIS
- ☐ CHRONIC LUNG PROBLEMS
- ☐ CHRONIC OBSTRUCTIVE PULMONARY DISEASE (COPD)
- ☐ E-CIGARETTE, OR VAPING, PRODUCT USE ASSOCIATED LUNG INJURY (EVALI)
- ☐ ESPHYSEMA
- ☐ LIPOID PNEUMONIA
- ☐ LUNG TRANSPLANT
- ☐ OTHER SPECIFIED INTERSTITIAL PULMONARY DISEASE
- ☐ PNEUMONIA (any type) (specify): _____
- ☐ POPCORN LUNG/BRONCHIOLITIS OBLITERANS

☐ DEATH

☐ OTHER PERSONAL INJURIES (specify): _____

[INSERT ANY AND ALL OTHER PHYSICAL INJURIES]

9. The physical condition, injury or illness alleged in paragraph 7 occurred on or about: [INSERT APPROXIMATE DATE(S)OF INJURIE(S)]

**V. CAUSES OF ACTION ASSERTED**

10. The following Causes of Action asserted in the *Plaintiffs' Consolidated Master Complaint (Personal Injury),* and the allegations with regard thereto in the *Plaintiffs' Consolidated Master Complaint (Personal Injury),* are adopted in this *Short Form Complaint* by reference:

| Check if Applicable | Cause of Action Number | Cause of Action |
|---|---|---|
| ☐ | I | STRICT LIABILITY - DESIGN DEFECT |
| ☐ | II | STRICT LIABILITY - FAILURE TO WARN |
| ☐ | III | STRICT LIABILITY - MANUFACTURING DEFECT |
| ☐ | IV | PRODUCTS LIABILITY - NEGLIGENT DESIGN |
| ☐ | V | PRODUCTS LIABIITY –NEGLIGENT FAILURE TO WARN |
| ☐ | VI | PRODUCTS LIAIBILITY – NEGLIGENT MANUFACTURING |
| ☐ | VII | NEGLIGENCE AND/OR GROSS NEGLIGENCE |
| ☐ | VIII | NEGLIGENT FAILURE TO RECALL/ RETROFIT |
| ☐ | IX | NEGLIGENT MISREPRESENTATION |
| ☐ | X | FRAUD |
| ☐ | XI | FRAUDULENT CONCEALMENT |

| Check if Applicable | Cause of Action Number | Cause of Action |
|---|---|---|
| ☐ | XII | CONSPIRACY TO COMMIT FRAUD |
| ☐ | XIII | UNJUST ENRICHMENT |
| ☐ | XIV | VIOLATION OF UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAW and specify which state's statute below _____ |
| ☐ | XV | BREACH OF EXPRESS WARRANTY |
| ☐ | XVI | BREACH OF AN IMPLIED WARRANTY OF MERCHANTABILITY |
| ☐ | XVII | WRONGFUL DEATH |
| ☐ | XVIII | SURVIVAL ACTION |
| ☐ | XIX | LOSS OF CONSORTIUM |

## VI. ADDITIONAL CAUSES OF ACTION

> **NOTE**
>
> If Plaintiff wants to allege additional Cause(s) of Action other those selected in paragraph 10, the specific facts supporting any such additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure (*see* paragraph 11). In doing so you may attach additional pages to this *Short-Form Complaint*.

11. Plaintiff(s) assert(s) the following additional theories against the Defendants designated in paragraph 6 above:

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

|  |
|---|
|  |
|  |
|  |
|  |
|  |
|  |
|  |

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants for compensatory, treble, and punitive damages, medical monitoring to diagnose JUUL induced injuries at an earlier date to allow for timely treatment and prevention of exacerbation of injuries, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper, and such further relief as the Court deems equitable and just, and as set forth in the *Plaintiffs' Consolidated Master Complaint (Personal Injury)*.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

[SIGNATURE BLOCK]