1
2
3
4
5
6
7

*[Submitting Counsel on Signature Page]*

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11
12
13

IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

_____

14

This Document Relates to:

15

ALL ACTIONS

16

Case No. 19-md-02913-WHO

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED AGENDA**

17         Pursuant to Civil Local Rule 16-10(d) and the Court's March 23, 2020 Minute Order (Dkt.

18   No. 400), counsel for Defendants JUUL Labs, Inc. ("JLI") and Altria[1] (collectively referred to as

19   the "Undersigned Defendants"), and Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively

20   referred to herein as the "Parties") respectfully provide this Joint Case Management Statement in

21   advance of the Further Case Management Conference scheduled for April 13, 2020.

22
23
24
25
26

_____

27   [1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs'
     Consolidated Class Action Complaint and Consolidated Master Complaint (collectively,
28   "Complaints"), *see* ECF Nos. 387, 388.

## I.   PARTICIPANT INFORMATION

The conference will proceed telephonically and the parties will not appear in person. Anyone who wishes to attend the conference must dial in using the below conference line. Unless you are addressing the Court, please be sure your phone is on mute.

**Dial-In: 888-330-1716**

**Access Code: 470535**

## II.   ISSUES TO BE DISCUSSED BELOW AND PROPOSED AGENDA

1.  Status of Service On New Defendants

2.  Status of Case Filings

3.  Joint Coordination Order and Deposition Protocol

4.  Plaintiffs' Motion for Leave to File Amended Complaints

5.  Motion for Entry of Common Benefit Order

6.  Motions To Dismiss Schedule and Sequencing

7.  Discovery Status

8.  ADR Status

## III.   AGENDA ITEMS IN DETAIL

### 1.   STATUS OF SERVICE ON NEW DEFENDANTS

Pursuant to the Court's instruction at the March 20, 2020 Case Management Conference, Plaintiffs served each of the defendants newly identified in the Consolidated Class Complaint (Dkt. Nos. 409-412), with the exception of Mr. Adam Bowen.  Service of Mr. Bowen was attempted multiple times at multiple addresses.  On April 9, 2020, Plaintiffs received contact information for Mr. Bowen's counsel and have been in touch with him regarding service.

On March 27, 2020, Plaintiffs also sent a letter, via certified mail, to each defendant newly identified in the Master Personal Injury Complaint informing them that they were named as a defendant in this litigation, that the Court requested they appear at the next Case Management Conference, and attaching: a redacted copy of the Master Complaint, a copy of this Court's March 20, 2020 Minute Order, and a Rule 4 Request for Waiver of Service Package.  Per Case Management Order No. 7 and absent a Rule 4 waiver, each defendant will be formally served

with all appropriate short-form complaints as they are filed.  Plaintiffs sent similar correspondence via e-mail to counsel for McLane Company, Inc., Mr. Pritzker, and Mr. Valani on April 1, 2020. Plaintiffs have spoken to counsel for defendant Eby-Brown, L.L.C. from the San Francisco firm Harrington, Foxx, Dubrow & Canter, LLP who we anticipate will be calling into the conference, and have had email communications with Chevron's counsel, as well as the law firm Hagan Davis Mangum Barrett & Langley PLLC who are counsel for defendants Mother Murphy's Labs, Inc. and Alternative Ingredients, Inc. On April 8, 2020, Notices of Appearance were filed on behalf of McLane Company, Inc.  Yesterday Notices of Appearances were filed by two law firms jointly representing  the following new Retailer and/or Distributor Defendants: Circle K Stores, Inc., 7-Eleven Inc., Eby-Brown Company, LLC, and Sheetz, Inc.  Sheetz, Inc. was not named in the Short Form Complaint but instead was named in one of the cases that was conditionally transferred to this Court following removal to federal court from Pennsylvania state court.

The status of service and correspondence with each newly identified defendant is below:

| Identified Defendants | Consolidated Class Complaint | Master Personal Injury Complaint |
|---|---|---|
| James Monsees | Summons served 3/17/20 | Correspondence delivered 3/30/20 |
| Adam Bowen | Waiver signed 4/11/20 | Correspondence sent to newly identified counsel on 4/10/20 |
| Nicholas Pritzker | Waiver signed 3/24/20 | Correspondence package sent to counsel 4/1/20 |
| Hoyoung Huh | Summons served 3/17/20 | Correspondence delivered, 3/30/20 |
| Riaz Valani | Waiver signed 3/25/20 | Correspondence package sent to counsel 4/1/20 |
| Mother Murphy's Labs, Inc. | n/a | Correspondence delivered, 4/1/2020 |
| Alternative Ingredients, Inc. | n/a | Correspondence delivered, 3/30/20 |

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

| Tobacco Technology, Inc. | n/a | Correspondence delivered, 3/30/20 |
| Eliquitech, Inc. | n/a | Correspondence delivered, 4/1/2020 |
| McLane Company, Inc. | n/a | Correspondence package sent to counsel 4/1/20 |
| Eby-Brown Company, LLC | n/a | Correspondence delivered 3/31/20 |
| Core-Mark Holding Company, Inc. | n/a | Correspondence delivered 3/31/20 |
| Chevron Corporation | n/a | Correspondence delivered 3/31/20 |
| Circle K Stores Inc. | n/a | Correspondence delivered, 4/1/2020 |
| Speedway LLC | n/a | Correspondence delivered, 3/31/20 |
| 7-Eleven, Inc. | n/a | Correspondence delivered, 3/30/20 |
| Walmart | n/a | Correspondence delivered, 4/1/2020 |
| Walgreens Boots Alliance, Inc. | n/a | Correspondence delivered, 3/31/20 |

On April 8, 2020, Plaintiffs sent an additional correspondence via FedEx to the new defendants who had not yet contacted Plaintiffs through counsel providing them with the appropriate dial-in information for the April 13, 2020 status conference.

## 2.  STATUS OF CASE FILINGS

To date, 437 cases are pending in this MDL, naming 65 defendants.  A list of these defendants is attached as **Exhibit A**.  There are 90 cases pending in JCCP 5052, which is assigned to Judge Ann I. Jones of the Los Angeles Superior Court as the Coordination Trial Judge.  There are six defendants named in those cases.

The Parties are also aware of ten cases filed by state attorneys general across the country, specifically: California, Illinois, New York, North Carolina, Mississippi, Minnesota, Washington D.C., Arizona, Pennsylvania, and Massachusetts.  Plaintiffs' Liaison Counsel are continuing their outreach to various State Attorneys General to discuss coordination with this MDL

### 3.  JOINT COORDINATION ORDER AND DEPOSITION PROTOCOL

The Parties have discussed and developed a proposed Joint Coordination Order and proposed Deposition Protocol for the Court's consideration.  The Parties have cooperated with and solicited input from Co-Lead Counsel in the related JCCP proceedings to build consensus before finalization for submission to this Court.  The Parties and the JCCP Co-Lead Counsel exchanged multiple drafts and engaged in several meet-and-confers. On April 9, 2020, Judge Corley held an informal discovery conference to address the competing proposals and provide guidance to the Parties to resolve the outstanding disputes.  Consequently, the Parties were able to resolve remaining issues, and anticipate they will be able to submit an agreed-upon Proposed Joint Coordination Order and Proposed Deposition Protocol Order for the Court's consideration early the week of April 13, 2020.

### 4.  PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

On April 1, 2020, the United States Federal Trade Commission filed an administrative complaint alleging that Altria and JLI committed violations of federal antitrust laws and the FTC Act.  In the wake of the FTC Complaint, on April 6, 2020, Plaintiffs moved for leave to file an Amended Consolidated Class Action Complaint and an Amended Master Complaint (Personal Injury).  (ECF No. 421)  The proposed Amended Consolidated Class Action Complaint adds claims for alleged violations of federal antitrust laws, as well as the antitrust or competition laws of more than 30 states.  (ECF No. 419).

**Plaintiffs' Position**

The Amended Consolidated Class Action Complaint asserts antitrust claims arising from Altria's $12.8 billion acquisition of a 35% stake in JLI and its exit from the e-cigarette market, raising questions of fact relating to the relationship between JLI and Altria that are also central to

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    many of plaintiffs' previously-asserted claims.  Plaintiffs' amendments add no new defendants to

2    the complaints, and assert claims on behalf of the same consumer classes on whose behalf the

3    previous complaint was filed (as well as other e-cigarette purchasers).  The claims all involve

4    common questions of fact and will turn on much the same discovery.   Including the antitrust

5    claims in this MDL will be convenient for the parties and promote the efficient conduct of the

6    litigation.

7         Plaintiffs' amendments are permissible as a matter of course under Rule 15(a)(1)(B).  In

8    an abundance of caution and to streamline the proceedings, however, Plaintiffs filed a motion for

9    leave concurrently with their amended complaints.  Defendants have thus far not identified any

10   colorable basis to oppose leave to amend which is, under Rule 15, to be "freely give[n]."  To the

11   extent Defendants do elect to oppose Plaintiffs' motion, Plaintiffs propose a more expedited

12   schedule than Defendants propose, and suggest that any opposition should be due by April 20,

13   2020, and any reply due on April 27, 2020.

14        **The Undersigned Defendants' Position**

15        The Undersigned Defendants are considering the Plaintiffs' proposed amended

16   complaints, including whether the new claims in the proposed Amended Consolidated Class

17   Action Complaint, ECF 419, fall within the ambit of the JPML's Transfer Order and the scope of

18   this MDL.  (ECF No. 1)  Based on the significant issues raised by the proposed amendments, the

19   Undersigned Defendants request the Court set a briefing schedule on the Plaintiffs Motion for

20   Leave to File Amended Complaints, as follows:  Oppositions to Plaintiffs' Motion for Leave to

21   File Amended Complaints, if any, to be filed and served no later than May 1, 2020; Reply in

22   Support of Plaintiffs' Motion for Leave to File Amended Complaints to be filed and served no

23   later than May 15, 2020; and hearing thereafter at the Court's convenience.[2]

24        Although they are continuing to evaluate Plaintiffs' proposed amendments, the

25   Undersigned Defendants question whether, given the scope of the Transfer Order, it would have

26

27   [2] The Undersigned Defendants note that Rule 15(a)(1)(B) does not permit the filing of Plaintiffs'
     amended complaints, as more than 15 days had elapsed from Plaintiffs' filing of their prior
28   complaints. *Ramirez v. County of San Bernardino*, 806 F.2d 1002, 1008 (9th Cir. 2015).

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

been necessary and certainly preferable , for Plaintiffs, like the plaintiffs in *Douglas J. Reece v. Altria Group, Inc. and JUUL Labs, Inc.,* Case 3:20-cv-02345 (N.D. Cal.), to have filed their claims as a separate antitrust action.  Then, either this Court or the JPML, whichever was the appropriate arbiter, would decide whether the antitrust claims should be included within this MDL, coordinated with other cases (such as *Reece*), or included in a separate antitrust-focused MDL.  Given the possibility that other antitrust actions may be filed in the coming weeks, it seems premature to decide now which of these procedures is the appropriate one.

In its Transfer Order, the JPML described the cases to be coordinated in this MDL as:

> [A]ctions [that] involve allegations that JLI has marketed its JUUL nicotine delivery products in a manner designed to attract minors, that JLI's marketing misrepresents or omits that JUUL products are more potent and addictive than cigarettes, that JUUL products are defective and unreasonably dangerous due to their attractiveness to minors, and that JLI promotes nicotine addiction.

ECF 1, at 1. These actions, the panel held, "share multiple factual issues concerning the development, manufacture, labeling, and marketing of JUUL products, and the alleged risks posed by use of those products." *Id.* at 1-2. Plaintiffs' proposed antitrust claims, as set forth in their [Proposed] Amended Consolidated Class Action Complaint, ECF 419, bear little if any resemblance to the RICO and tort claims upon which the JMPL initiated this MDL.

Plaintiffs allege violations of Section 1 of the Sherman Act based on Altria's supposedly anticompetitive agreement "not to compete in the sale of e-cigarettes now or in the future, in return for a substantial ownership stake in JLI's JUUL, the market leader."  ECF 419, at 260. Relatedly, in alleging violations of Section 2 of the Sherman Act, Plaintiffs claim defendants wrongfully acquired (or attempted to acquire) and unlawfully maintained monopoly power when Altria halted its participation in the e-cigarette market. *Id.* at 261-63.  And under Section 7 of the Clayton Act, Plaintiffs allege that, by acquiring significant ownership interest in JLI, Altria "substantially lessened competition" in the e-cigarette market, without "cognizable efficiencies sufficient to outweigh the competitive harm." *Id.* at 263-64.  The state antitrust claims proceed along similar lines, *see generally id.* at 281-737, as does the FTC complaint that prompted

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    Plaintiffs' new claims, *see* Complaint, *In the matter of Altria Group, Inc. and JUUL Labs, Inc.*,

2    FTC Dkt. No. 9393 (Apr. 1, 2020).

3          While the core of Plaintiffs' RICO and tort claims is that JUUL products were too readily

4    available to youth, including because of their price, the essence of the proposed antitrust claims is

5    that there should have been more ENDS products available in the market and that the prices

6    should have been lower than they were. Similarly, Plaintiffs' RICO and tort claims allege that JLI

7    and Altria were conspiring together for periods before the December 2018 agreement between the

8    parties, whereas the antitrust claims allege, to the contrary, that they were fierce competitors prior

9    to that time.

10         These differences and conflicting allegations raise questions whether adding Plaintiffs'

11   proposed antitrust claims to this MDL will create inefficiencies and delay the ultimate resolution

12   of the MDL.  At the same, adding these claims may be unfair to the Undersigned Defendants, and

13   to other defendants as well.  In order to allow further consideration by all defendants of the

14   implications of these proposed amendments, Undersigned Defendants request that the Court

15   establish the briefing schedule previously outlined.

16              **5.   MOTION FOR ENTRY OF COMMON BENEFIT ORDER**

17         As discussed in previous Case Management Conferences and anticipated by Case

18   Management Order No. 5, Plaintiffs intend to file a motion for entry of an order establishing a

19   common benefit fund for this MDL proceeding.  Plaintiffs request that the Court set a briefing

20   schedule on that motion as follows:

| Date | Event |
|------|-------|
| April 24, 2020 | Plaintiffs to file motion for entry of common benefit order |
| May 8, 2020 | Any opposition brief(s) due |
| May 15, 2020 | Any reply brief(s) due |
| May 29, 2020 <br> *(or next convenient/feasible date for the Court's calendar)* | Hearing if deemed necessary by the Court (*telephonic or otherwise*) |

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1

## 6.  MOTIONS TO DISMISS SCHEDULE AND SEQUENCING

### a.  Motions by JLI and Altria

#### (a)  *Pre-Motion Conference*

In accordance with the Court's March 23, 2020 Minute Order (ECF No. 400 at 2), the Parties have met and conferred and progressed on several briefing issues.

*First*, the Parties reached an agreement on Government Entity bellwether cases which will be subject to particularized motions to dismiss and also have reached agreement on a proposed briefing schedule for those motions as set forth below.

*Second*, on April 10, 2020, the Parties also met-and-conferred regarding what Undersigned Defendants believe are two pleading deficiencies in the Master or Short Form Complaints:  (i) the absence of identified putative class representatives for each of the putative state subclasses in the Consolidated Class Action Complaint (ECF No. 387); and (ii) the lack of specificity under which state substantive laws certain of the claims in the personal injury Short Form Complaint are purportedly brought (CMO No. 7 at Ex. A, ECF No. 405).  With respect to the first issue, Plaintiffs propose to defer any challenge to the alleged absence of a proposed class representative until a class bellwether state (or states) are selected, at which time the parties will meet and confer on this issue and bring any disputes to the Court.  As for the second issue, Plaintiffs have indicated that they agree with the Undersigned Defendants' proposal that rights to move  on such issues are reserved and will be more appropriately raised for correcting amendments tailored to state specific law and or motions may be brought at the stage after bellwether cases are selected.

*Third*, Plaintiffs have agreed that, with the possible exception of their antitrust claims,[3] they do not intend to seek nationwide certification of the claims under California law.

#### (b)  *Proposed Schedule*

---

[3] To the extent the antitrust claims amendments are allowed, the Undersigned Defendants reserve rights to sequence briefing to address threshold choice-of-law issues first.

The Undersigned Defendants believe that the motion for leave to file Amended Complaints raises complex issues regarding the operative complaints and that efficiency would be served by addressing the proposed amendments before determining a briefing schedule.

Plaintiffs believe that, because the complaints were amended only to add antitrust claims (as to the class complaint only) and supporting factual allegations, the amendments pose no impediment to the parties' ability to proceed with Rule 12 motion practice as to the remainder of Plaintiff's claims, beginning in May as set out below.

To the extent the Court wishes to proceed with motions to dismiss briefing beginning on May 22, 2020, the Parties have reached an agreement on a proposed briefing schedule for the Court's consideration, as follows:

| Date | Event |
|------|-------|
| May 22, 2020 | Undersigned Defendants' Primary Jurisdiction, Preemption, and RICO motions to be addressed to the operative Class Action Complaint, the operative Master Complaint (Personal Injury- with the exception of RICO since there is no RICO claim in the Personal Injury Complaint), and   exemplar Government Entity bellwether complaint(s) to be selected from those amended on or before May 1, 2020. |
|  | Altria-Specific Motion to Dismiss Plaintiffs' RICO and UCL Claims from the operative Class Action Complaint |
|  | Undersigned Defendants' Opening Briefs Regarding Motion to Dismiss Claims of California Subclass in the operative Class Action Complaint |
| June 22, 2020 | Plaintiffs' Oppositions to Motions re Primary Jurisdiction, Preemption, and RICO |
|  | Plaintiffs' Oppositions to Altria-Specific Motions |
|  | Plaintiffs' Opposition to the Undersigned Defendants' Motion to Dismiss Claims of California Subclass operative Class Action Complaint |
|  | Undersigned Defendants' Opening Briefs on Bellwether Government Entity Claims |

| | Undersigned Defendants' Opening Briefs Regarding Motion to Dismiss Claims of Additional Bellwether Subclasses (if any) in the operative Class Action Complaint[4] |
|---|---|
| July 13, 2020 | Undersigned Defendants' Reply in support of their Motions re Primary Jurisdiction, Preemption, and RICO |
| | Altria's Reply in support of Altria-Specific Motion |
| | Undersigned Defendants' Reply in support of their Motion to Dismiss Claims of California Subclass |
| July 20, 2020 | Plaintiffs' Opposition to the Undersigned Defendants' Motions to Dismiss the Selected Government Entity Complaints |
| August 17, 2020 | Undersigned Defendants' Replies in Support of their Motions to Dismiss Selected Government Entity Complaints |

(c)     *Bellwether Selection for Class Cases*

The Parties have agreed on a proposed schedule that provides that opening motions to dismiss on the proposed California subclass be presented in the May 22, 2020 briefing.  In addition, and subject to this Court's approval, the Parties have agreed that any additional "bellwether" motion to dismiss candidates be briefed in the next round (June 22, 2020). In the meantime, the Parties will work to select additional proposed subclass motion-to-dismiss bellwethers and submit proposed agreed or disputed procedures for the Court's consideration in advance of the next Case Management Conference.

The Parties have not, however, reached an agreement on the overall case management of the class action claims.  Plaintiffs continue to advocate for the efficient advancement of the class action claims through all phases of litigation—including class certification, summary judgment, and trial—based on the prosecution of the claims of a bellwether state or states, as well as their nationwide claims (brought under RICO, the Magnuson-Moss Warranty Act, the Sherman Act, and the Clayton Act), and are prepared to discuss attendant briefing and discovery sequencing

---

[4] The briefing schedule for any additional bellwether briefing will track the second round of briefing that begins on June 22, 2020 and will be complete by early August.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

issues.  Defendants, on the other hand, have indicated that while they are willing to proceed with motions to dismiss as to a specific state or states, they reserve their rights on the question of whether the state claims subject to motions to dismiss should be the claims that proceed to class certification, summary judgment, and trial.  Plaintiffs believe that the Undersigned Defendants' equivocation on this point undermines the case management efficiencies a bellwether process is intended to foster. To avoid multiple rounds of briefing concerning claims brought under the laws of different states, the claims that will proceed to trial are the ones that the parties and the Court should focus on from the start.

The Undersigned Defendants share the goal of advancing the litigation and are working collaboratively with Plaintiffs to develop fair and efficient procedures for doing so, and will proceed with motions to dismiss as to a specific state or states as discussed above.  The Undersigned Defendants believe it is premature to address the question of whether the state claims subject to motions to dismiss should be the claims that proceed to class certification, summary judgment, and potential trial, and reserve their rights on these issues.  The Undersigned Defendants believe that discovery will be required before specific state subclasses can be selected, and as a prerequisite to that discovery, Plaintiffs need to identify the class representative for each state subclass alleged in their complaints.

> *(d)     Selection of Government Entity Complaints for Purposes of Motions to Dismiss*

The Court's March 22, 2020 Minute Order directed the parties to meet and confer to "select the government entity complaints/claims to be challenged initially."  To be the clear, the complaints that are being identified as this point – the "selected complaints" – are identified for purposes of motion to dismiss briefing.  The parties agree that given the demands being placed on governmental entities by the Covid-19 pandemic, it is not feasible to identify trial bellwethers at this time. County health departments are almost completely focused on containing the pandemic, and school districts are largely shut down while still trying to provide important services for their students.  At this time, government entities cannot forecast their ability to participate in a trial next year.

The purpose of this current selection process is to identify vehicles for testing legal theories and claims under select state laws.  This strikes the appropriate balance between recognizing the burdens being placed on government entities, while also allowing for rulings that will advance the litigation by informing the bellwether selection process and providing guidance to the Parties regarding various claims and theories.  The Parties anticipate that rulings on certain legal issues from the states identified through this process may apply to the claims of government entities from analogous states.

Thus the Parties expressly agree that the identification of a government entity in this proposal for the purpose of amending that entity's complaint and subjecting it to potential motion practice *does not* prejudice any party's ability to propose a different government entity as a trial bellwether.  As a result, the trial bellwethers may be different than the government entities that have been selected as bellwethers for purposes of motions to dismiss.

Subject to the above agreement, and with the Court's approval, the Parties propose the following process for identifying for motion practice amended selected complaints from those complaints that are currently included in the MDL or have previously been identified as having been filed and expected to be tagged for inclusion in the MDL:

1.  By the end of the day Monday, April 13, 2020, Defendants will pick complaints from three states.

2.  In the event that a state picked by Defendants has both counties and school districts that have already sued and Defendants pick only one type of entity to move against, after the briefing on the entity Defendants chose (school district or county), should another entity from that state be substituted for the entity Defendants selected, Defendants will not later seek to file a motion to dismiss against that substitute entity to the extent that the substitute entity asserts the same claims as were asserted by the originally selected entity, but can move against any claims that the originally selected entity did not assert.  Defendants may, however, also select a

complaint from a county and from a school district from a state, in which case the preceding provision shall not apply.

3.  This stipulated agreement does not in any way limit or prejudice the Defendants' right to file Rule 56 motions for summary judgment on the claims of any Plaintiffs at the appropriate time in the litigation.

4.  By end of the day Tuesday, April 14, 2020, Plaintiffs will identify up to three additional states.

5.  By end of the day Thursday, April 16, 2020, Defendants will identify three complaints to move on or answer in the additional states identified by Plaintiffs.

6.  By end of the day Friday, April 17, 2020, Plaintiffs have the option to select an additional complaint for any of the states identified above, provided that Plaintiffs select no more than four additional complaints.

7.  For any of the additional complaints identified by Plaintiffs, Defendants have the option of only moving on the complaint selected by Plaintiffs, or moving on both the Plaintiffs' complaint and the complaint Defendants initially selected.  Defendants will notify Plaintiffs of their choice by Sunday morning, April 19, 2020.

8.  The Parties will identify all of the agreed upon complaints for motion practice to the Court by Monday, April 20, 2020.

9.  In the unlikely event that there are any disputes, they will be submitted to the Court by Tuesday, April 21, 2020.

*(e)*     *Additional Issues Related to Certain Motions*

The Parties have agreed on certain additional sequencing that they believe will provide efficiencies without interfering with the progress of the case.

*First*, the Undersigned Defendants believe that a number of proposed class representatives or personal injury claimants may be subject to binding arbitration provisions for plaintiffs that the Court has not previously considered that require dismissal of their claims based on improper venue or stay of their claims while arbitration proceeds.  For reasons of efficiency, Defendants wish to defer filing motions to dismiss for improper venue on the basis of arbitration provisions or motions to compel arbitration.  Subject to the approval of the Court, the Parties agree that such motions may be brought at a later date, on a schedule to be proposed by the Parties or established by the Court, and that the participation of the Undersigned Defendants and/or any other defendants, in this litigation, and the passage of time before such motions are brought, shall not waive the rights of the Undersigned Defendants or any other defendants to compel arbitration and shall not be considered by the Court in ruling on such arbitration-based motions.

*Second*, except for cross-cutting primary-jurisdiction and preemption issues, the Parties have agreed to reserve setting a schedule for any motions regarding the personal injury complaint and claims asserted therein.  These claims will be subject to myriad state laws and involve case-specific facts and motions to dismiss these claims, which cannot be presented given the current state of the pleadings and therefore would be better addressed later.  In addition, the Undersigned Defendants anticipate that there may be categorical or omnibus summary judgment and *Daubert* motions that apply to substantial numbers of personal injury claims, and will work with the Plaintiffs to propose agreed-upon or disputed proposed procedures for the Court's consideration regarding the same as the case matures.

### b.  Motions by the New Defendants

All the newly-named Defendants have been served with the Class Complaint except for Adam Bowen, as noted above, and have begun entering notices of appearance in this matter, but are not yet signatories to this statement.  Counsel for Defendants Pritzker and Valani participated in the parties' meet and confer call of April 8.  With regard to the Personal Injury Complaint, Plaintiffs believe the new Defendants are all aware of the April 13 conference and  have been provided with the call-in information, some but not all have counsel who filed Notices of Appearances and some of  their out-of-state counsel filed *Pro Hac Vice* motions, and they have

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

and/or will be receiving service in the many individual Short Form complaints on an ongoing basis.   Personal service has been extraordinarily difficult to effect in light of COVID 19 as reported by some of the process servers utilized by Plaintiffs' counsel.  Further, mail service is also delayed as the Postal Service is performing on delayed schedules as well.

**Plaintiffs' Position**

*(a)     The Class Complaint*

Counsel for Defendants Pritzker, Valani, and Huh (the "Director Defendants," who were first named in the March 10 complaints) have advised that to the extent they join JLI and Altria's Rule 12 motions (discussed above) they will do so on the parties' agreed schedule.  Counsel for Defendants Monsees and Bowen have also been advised of the parties' agreed schedule.  To the extent the newly-named Management Defendants (Pritzker, Valani, Huh, Monsees, and Bowen) intendto file their own independent motions, they have advised that wish to defer filing their opening papers until July.  While Plaintiffs appreciate that the newly-named Defendants were served with copies of Plaintiffs' complaint after JLI and Altria and the claims as to these new Defendants may pose some unique issues, the new Defendants' proposed July deadline for filing motions to dismiss threatens to delay the resolution of the first round of motions to dismiss.

To the extent the Management Defendants have additional challenges to assert under Rule 12, Plaintiffs propose that they file any supplemental motions by June 12, 2020, with Plaintiffs' supplemental oppositions to be due on June 29 and the Management Defendants' replies to be due on July 20. Under Plaintiffs' proposed schedule, the Management Defendants will have additional time to raise any unique issues and will have the benefit of a decision on any additional bellwether state motion to dismiss candidates.  By then the parties will have clarity on any' agreement on which bellwether states claims will be briefed, while also keeping the parties on track for resolution of the Rule 12 motions by mid-September.

*(b)     The Personal Injury Complaint*

Since additional defendants in the personal injury complaint have not all been  formally served with individual complaints (although they all received the Long Form Complaint, the Short Form Complaint template and CMO 7 and notice of this conference) or  and some but not

1    all of new counsel have formally  appeared, fulsome discussions concerning motions to dismiss

2    have not yet occurred.  It is anticipated that some of the new defendants  will have personal

3    jurisdiction motions, and Plaintiffs anticipate seeking discovery pertinent as to personal

4    jurisdiction issues and would seek an expedited schedule for that limited discovery prior to the

5    motion practice.  As a practical matter, the outcome of the motions of JLI and Altria on

6    preemption and primary jurisdiction may well be applicable to the newer defendants as well.

7              **New Defendants' Position**

8                   *(a)      The Class Complaint*

9              Director defendants Hoyoung Huh, Nicholas Pritzker and Riaz Valani (the "Director

10   Defendants") have informed the Parties of the following position:  Director Defendants intend to

11   bring a motion to dismiss that will be entirely distinct from JLI and Altria's first wave of motions

12   to dismiss.  With respect to both the class action and individual personal injury complaints, the

13   director motion will focus on the legal standards for valid tort, negligence and nuisance claims

14   against directors, which will vary from state to state.  Director Defendants suggest that their

15   unique motion be heard in the second wave of motions to dismiss because the issue of which

16   states will be selected as motion to dismiss bellwethers has not been resolved.   A mid-July date

17   for director defendants' motion to dismiss the class action and bellwether personal injury

18   complaints will allow sufficient time for the state law issues to be resolved.  Otherwise, the

19   briefing may be inefficient for the Court, and these defendants may have to prepare to make their

20   motion based on the laws of all or many of the fifty states included in the amended class

21   complaint.  If Directors Defendants choose to join in JLI's first wave motions to dismiss with

22   respect to the amended class action complaint, however, they are prepared to so by May 29, 2020,

23   so that the briefing on those motions is not delayed and can proceed on a single track.

24             Defendants James Monsees and Adam Bowen have informed the Parties of the following

25   position:  Defendant James Monsees recently retained Orrick, Herrington & Sutcliffe LLP in the

26   above-captioned action and Defendant Adam Bowen recently retained Boersch & Illovsky

27   LLP.  To date, neither firm has been involved in this action, including the negotiations described

28   herein or drafting of the case management conference statement (other than this paragraph).  Mr.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

Monsees and Mr. Bowen understand there are two rounds of motions to dismiss being contemplated, the first being limited to Juul Labs and Altria on certain cross-cutting issues, an Altria-specific motion, and a motion to dismiss certain subclass claims, then a second round of motions including the other defendants, including Mr. Monsees and Mr. Bowen, to raise any Rule 12 arguments that they may have.  Mr. Monsees and Mr. Bowen agree that this bifurcated motion schedule is appropriate, and propose that their motions to dismiss regarding the Class Action complaint be due in mid-July.

### (b)     The Personal Injury Complaint

The New Defendants are not signatories to this Case Management Conference Statement. Certain New Defendants have appeared through counsel, but some may not have yet appeared or been served, and except to the extent otherwise noted herein, no New Defendants participated in the Parties' telephonic meet and confer on this Statement. The Parties understand that counsel for certain New Defendants may appear at the April 13, 2020 Case Management Conference.

### 7.  DISCOVERY STATUS

The parties' Rule 26(f)-related meet and confers are continuing productively, including as to matters identified in the Northern District of California Guidelines for the Discovery of Electronically Stored Information.

### a.  Status of Document Productions

To date, JLI has produced over 250,000 documents to MDL Plaintiffs.  JLI anticipates producing in the MDL approximately 50,000-60,000 additional documents during or before the week of April 13, 2020.

As described in the parties' March 18 CMC statement, Plaintiffs have repeatedly asked JLI to provide the identities of the government regulators that have sought documents or other information from JLI; identify which documents have been produced in connection with specific investigations; and produce copies of any document or other information requests served on JLI by government regulators, along with any related correspondence or record of communications

1    between JLI and any given regulator.  On April 8, JLI confirmed that it is unwilling to provide

2    this information to Plaintiffs. With the issue now ripened, the parties intend to seek the assistance

3    of Magistrate Judge Corley as soon as practicable.

**b.  Search Terms and Custodians**

5         On March 12, 2020, JLI provided Plaintiffs with the search terms it has used for its

6    consolidated review.  On April 3, 2020, JLI received a set of follow-up questions relating to those

7    search terms, including Plaintiffs' proposal on how the parties should exchange important

8    information as they negotiate terms and ensure appropriate validation of those terms across the

9    document population.  The Parties are meeting and conferring regarding these questions.

**c.  Documents Requests and Interrogatories**

11        On March 17, 2020, the MDL Plaintiffs served their First Set of Requests for Production

12   of Documents to Defendants and MDL Plaintiffs' First Set of Interrogatories to Defendants.  On

13   March 26, 2020, the MDL Plaintiffs served their Second and Third Sets of Requests for

14   Production of Documents to Defendants and MDL Plaintiffs' Second and Third Set of

15   Interrogatories to Defendants.   Collectively, the March 17 and 26, 2020 discovery requests

16   include 80 Requests for Production and 39 Interrogatories (not including subparts).

17        While the Undersigned Defendants are working diligently to respond to these requests,

18   Plaintiffs have agreed to an extension of the Undersigned Defendants' obligations to respond to

19   Plaintiffs' March 17 and 26 discovery requests as follows:  With respect to the document requests,

20   the Undersigned Defendants may have an additional 30 days to (1) serve responses and objections

21   and (2) subject to and without waiving objections, to provide documents responsive to Requests

22   Nos. 6-8 (organizational charts and job title information); Nos. 9, 14, 15, 21, and 22 (document

23   retention and/or destruction policies); and Nos. 10-12 (corporate policies concerning the use of

24   computers and communications software) in Plaintiffs' First Set of Interrogatories.

25        With respect to interrogatories, the Undersigned Defendants may have an extension of 45

26   days to provide responses and objections. Plaintiffs' position is that all other written responses,

27   documents and ESI productions will be timely made, subject to any agreement otherwise.

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

**d.  Plaintiffs' Position Regarding ESI Discussions**

Plaintiffs have also requested a variety of information regarding the preservation of certain ESI to which JLI has undertaken or is undertaking to provide information.  Meanwhile, Altria has indicated to Plaintiffs that it may be willing to informally provide some of the requested information concerning ESI, document retention, litigation holds, corporate policies, and inaccessible data while Plaintiffs' discovery requests are still pending.  Plaintiffs believe this informal information exchange can keep discovery moving at an expeditious pace and minimize any potential discovery disputes down the road, provided it proceeds quickly and anticipate that the process will be completed by April 24. Any further delay may require that the parties revert to more formal processes.

**e.  Other Discovery Items**

JLI has contracted with a vendor to set up a Document Depository for the delivery of its productions to the Plaintiffs, which would also be available to the JCCP and parties in Coordinated State-Court actions that have adopted the Joint Coordination Order.

The Parties will continue to meet and confer on proposed procedures regarding authentication of documents and expect to reach agreement or seek guidance from Magistrate Judge Corley if there are disputes before the May Case Management Conference.

**8.  ADR**

Pursuant to Civil Local Rule 16-10(d), the parties report that ADR is not yet appropriate given the preliminary state of the proceedings.

1    Dated:  April 11, 2020                    Respectfully submitted,

2

3    By: /s/ Gregory P. Stone                  By: /s/ Sarah R. London

4    Gregory P Stone, SBN 78329
     Bethany W. Kristovich, SBN 241891         Sarah R. London
5    **MUNGER, TOLLES & OLSON LLP**            **LIEFF CABRASER HEIMANN &**
     350 South Grand Avenue                    **BERNSTEIN**
6    Fiftieth Floor                            275 Battery Street, Fl. 29
     Los Angeles, California 90071-3426        San Francisco, CA 94111
7    Telephone:    (213) 683-9100              Telephone:  (415) 956-1000
     Facsimile:    (213) 687-3702
8    gregory.stone@mto.com
     bethany.kristovich@mto.com
9                                              By: /s/ Dena C. Sharp

10    -and                                     Dena C. Sharp
                                               **GIRARD SHARP LLP**
11    Austin V. Schwing, SBN 211696            601 California St., Suite 1400
      Joshua D. Dick, SBN 268853               San Francisco, CA 94108
12    Peter C. Squeri, SBN 286249              Telephone: (415) 981-4800
      **GIBSON, DUNN & CRUTCHER LLP**
13    555 Mission Street, Suite 3000
      San Francisco, CA 94105-0921             By: /s/ Dean Kawamoto
14    Telephone: 415.393.8200
      Facsimile: 415.393.8306                  Dean Kawamoto
15    aschwing@gibsondunn.com                  **KELLER ROHRBACK L.L.P.**
                                               1201 Third Ave., Ste. 3200
16    Deborah L. Stein, SBN 224570             Seattle, WA 98101
      333 South Grand Avenue                   Telephone:  (206) 623-1900
17    Los Angeles, CA 90071-3197
      Telephone: 213.229.7000
18    Facsimile: 213.229.7520                  By: /s/ Ellen Relkin

19                                             Ellen Relkin
      -and-                                    **WEITZ & LUXENBERG**
20                                             700 Broadway
                                               New York, NY 10003
21    Renee D. Smith (*pro hac vice*)          Telephone: (212) 558-5500
      Mike Brock (*pro hac vice*)
22    **KIRKLAND & ELLIS LLP**
      300 N. LaSalle                           *Co-Lead Counsel for Plaintiffs*
23    Chicago, IL 60654
      Telephone: (312) 862-2310
24

25    -and-

26
      David M. Bernick (*pro hac vice*)
27    **PAUL, WEISS, RIFKIND, WHARTON &**
      **GARRISON LLP**
28    1285 Avenue of the Americas
      New York, NY 10019-6064

*Attorneys for Defendant JUUL Labs, Inc.*

21

1

2    By: */s/ John S. Massaro*

3    **ARNOLD & PORTER KAYE SCHOLER LLP**

4

5    John C. Massaro (admitted pro hac vice)
     Jason A. Ross (admitted pro hac vice)
6    601 Massachusetts Ave., N.W.
     Washington D.C.  20001
7    Telephone:   (202) 942-5000
     Facsimile:  (202) 942-5999
8    john.massaro@arnoldporter.com
     Jason.ross@arnoldporter.com

9    *Attorneys for Defendants Altria Group, Inc.*
     *and Philip Morris USA Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT