UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| **Date:** April 13, 2020 | **Time:** 34 minutes<br>1:00 p.m. to 1:34 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 19-md-02913-WHO | **Case Name:**. In Re: Juul Labs, Inc., Marketing, Sales Practices | |

**Co-Lead Counsel for Plaintiffs:** Sarah R. London, Dena Sharp, and Dean Kawamoto

**Attorneys for Defendants JUUL Labs, Inc. and Altria[1]:** Gregory Stone, Scott Richburg, John Massaro, Renee D. Smith, and Jason Ross.

**Deputy Clerk:** Jean Davis         **Court Reporter:** Ruth Levine Ekhaus

PROCEEDINGS

At 12:30 p.m. plaintiffs' Co-Lead counsel and defense counsel identified above participated in an *in camera* video conference.

At 1:00 p.m. Case Management Conference held telephonically. In addition to counsel identified above, defense attorney Michael Guzman also addressed the Court. Dial in information was published to the public, and a large number of additional counsel involved in the litigation attended telephonically; only lead counsel and those who addressed the Court have been identified.

The Court expressed its continued appreciation of the evident cooperation between counsel and their ability to reach substantial agreement on issues during this very difficult time.

The Court acknowledged that there are a number of defense counsel who have not been present to date, given that their clients – the "Retailer or Distributor defendants" and "Founder and Director defendants" – have only recently been named or served. The Court is interested in appointing liaison counsel for each these two groups of defendants in order to provide a clear point-of-contact for the Court, plaintiffs' counsel, and the other defendants. The defense lawyers in those two groups shall consider the best method for appointment of liaison counsel. Proposals for appointment of liaison counsel for these groups, identifying the method of section and/or identities of counsel who should serve in those roles, shall be filed with the Court on or before **May 8, 2020.** Anyone seeking appointment as liaison counsel shall append to the proposals a resume that

---

[1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs' Consolidated Class Action Complaint and Consolidated Master Complaint (collectively, "Complaints"), *see* ECF Nos. 387, 388.

demonstrates her or his qualifications. The appointment of liaison counsel for those two groups may be made at the May 15, 2020 Case Management Conference or as soon as practicable thereafter.

The briefing schedule on plaintiffs' pending motion for leave to file an Amended Consolidated Class Action Complaint and an Amended Consolidated Master Complaint (Personal Injury) is as follows: Oppositions are due by **April 24, 2020**, and any Reply is due by **May 5, 2020**. The Court will notify counsel whether it intends to resolve the motion on the papers or whether argument will be heard during the May 15, 2020 Case Management Conference.

The briefing on the Common Benefit Order proposed by plaintiffs is adopted, as amended. The CBO motion shall be filed on April 24, 2020; any Oppositions are due by May 8, 2020; and any Reply is due by May 12, 2020.

As to the motion to dismiss proposed schedules, the Court agrees with the general phased filing (of first-wave and second-wave motions) identified at pages 10-11 of the CMC Statement. That schedule has briefing completed on both waves as of August 17, 2020. The Court will set both of those waves of motions for hearing on **September 21, 2020** at 9:00 a.m.

The Court agrees that filing of these phased motions to dismiss will not effect a general waiver of other Rule 12(b)(6) defenses and agrees with the parties' proposal that motions to compel arbitration with respect to some plaintiffs or claims may be brought at a later date, as long as any motions to compel are filed so that they can be resolved sufficiently in advance of any trial. The Court appreciates counsels' ongoing efforts to reach agreement on the few outstanding issues regarding these motions discussed in the Case Management Statement.

As to the newly served Founder and Director defendants, Michael Guzman was heard on behalf of those defendants regarding scheduling of motions to dismiss. These defendants and plaintiffs have agreed to the following briefing schedules, which are approved by the Court: filings in support of the JUUL and Altria's first-wave motions are due on **May 29, 2020**. Any "unique" motions to dismiss by the Founder and Director defendants shall be filed by **June 29, 2020**; Oppositions are due by **July 27, 2020**; and Replies are due by **August 17, 2020**. These motions will be set for hearing on **September 21, 2020**.

Regarding the few other issues, the Court confirms and plaintiffs' Co-Lead counsel will continue to inform counsel that Short Form Complaints should not be filed in the main MDL docket, but should be filed in each underlying case consistent with CMO No. 3.

Plaintiffs intend to file a request for an amended CMO No. 7B, that will adopt the proposed amendments to the Amended Consolidated Master Complaint (Personal Injury). Plaintiffs will meet and confer with defendants first, but assuming there is no substantive opposition to the motion for leave to file the Amended Consolidated Master Complaint (Personal Injury), the Court agrees that a modified CMO 7B incorporating amendments in any Master Complaints into the Short Form Complaints makes sense.

Plaintiffs have been and will continue to ask all newly appearing defendants to agree to email service and plaintiffs intend to file a request to enter an Amended CMO No. 3 that will identify additional service emails for the new defendants.

Finally, plaintiffs are continuing to review, and will meet and confer with defendants as necessary, regarding their difficulties in effectuating personal service of subpoenas under Rule 45 in light of the COVID-19 crisis (which has impacted the availability of process servers and the ability to locate recipients of the subpoenas). If plaintiffs need relief from the Court, they may file an Administrative Motion under Civil Local Rule 7-11, so that the matter may be resolved on an expedited basis.