[Submitting Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO <br><br> **ADMINISTRATIVE MOTION FOR ALTERNATIVE SERVICE** |
| This Document Relates to: <br> ALL ACTIONS | |

**TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs will and hereby do move the Court for an administrative order temporarily relieving the requirement for personal service of subpoenas set forth in Rule 45 of the Federal Rules of Civil Procedure.

Plaintiffs file this motion pursuant to the Court's instruction at the April 13, 2020 Case Management Conference (Dkt. No. 464) and Civil Local Rule 7-11. Pursuant to Civil Local Rules 7-11(c), no hearing date has been set.

### BACKGROUND

As the Court is fully aware, the United States is currently in the grips of a public health crisis caused by the outbreak of COVID-19. In response to the COVID-19 outbreak, the President of the United States has declared a National Emergency, the Governor of California has declared a State of Emergency, and local public health departments have recommended a minimization of person-to-person contact for the time being. On March 16, 2020, in response to this public health crisis, the United States District Court for the Northern District of California temporarily suspended all jury trials, all grand jury proceedings and issued specific findings that

"the ends of justice served by ordering [trial] continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. section 3161(h)(7)(A)." General Order 72, *In Re: Coronavirus Disease Public Health Emergency*, C. J. Phyllis Hamilton (N.D. Cal March 16, 2020).

Against this backdrop and in keeping with the Court's expectations, the parties in this MDL proceeding have sought to advance this litigation "in a speedy and collaborative and efficient way." 11/8/19 Hr'g Tr. at 12:3–7. The Court has continued to hold monthly Case Management Conferences, where the parties have reported consistent progress in coordinating the proceeding, administering the litigation, and resolving discovery disputes. *See e.g.* Dkt. Nos. 370, 400, 464. As a result of these efforts, discovery in this MDL proceeding is in full swing. To date, Defendants have produced over 250,000 documents. Declaration of Sarah London in Support of Plaintiffs' Administrative Motion to Temporarily Relieve the Parties of the Rule 45 Service Requirements ("London Decl."), ¶3.

At this stage, further efficient discovery requires Plaintiffs subpoena documents from non-parties. Plaintiffs have so far sent 23 subpoenas out for personal service and 12 attempts have been made. To date, four (4) subpoenas have been successfully served. *Id*. The COVID-19 outbreak has made locating the intended recipients of the subpoenas quite challenging. *Id*. Additionally, social distancing requirements and recommendations have reduced the overall availability of process servers willing to effectuate personal service. *Id*.

On April 13, 2020, Plaintiffs raised this issue of difficulties in effectuating personal service of subpoenas under Rule 45 of the Federal Rule of Civil Procedure. The Court instructed that, should Plaintiffs need relief from the Court on this issue, "they may file an Administrative Motion under Rule 7-11, so that the matter may be resolved on an expedited basis." Dkt. No. 464. This motion now follows.

**REQUESTED RELIEF**

Plaintiffs respectfully request that the Court enter an order stating that, for the purposes of this MDL proceeding, the personal service requirements set forth in Rule 45 of the Federal Rules of Civil Procedure can be satisfied by delivering subpoenas via certified mail until September 1,

2020.

Federal Rule of Civil Procedure 45(b)(1) states that a subpoena under the rule "requires delivering a copy to the named person." The majority of courts in this district have construed that use of "delivering" as requiring personal service of the subpoena. *See Finjan, Inc. v. Cisco Sys. Inc.,* 17CV00072BLFSVK, 2019 WL 1970551, at *1 (N.D. Cal. May 3, 2019). Notably, there is "a growing—although still minority—trend among [the courts of this district] to allow substitute service of a Rule 45 subpoena, such as mail delivery, so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *Fujikuru Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015). However, even among the majority that normally requires personal service, courts are inclined to relax this standard where the circumstances warrant it and the serving party seeks leave of court in advance. *Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-mc-80090-MEJ, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015) (collecting cases and granting motion to serve Rule 45 subpoenas by certified mail); *see also Green v. Baca*, No. CV 02-204744, 2005 WL 283361, at *1 n.1 (C.D. Cal. Jan. 31, 2005) (same)(collecting cases).

At the most recent Case Management Conference, Defendants cited two unpublished Ninth Circuit cases affirming district court orders holding unenforceable subpoenas served by mail. *Chima v. U.S. Dep't of Def.*, 23 Fed.Appx. 721, 724–25 (9th Cir. Dec. 14, 2001); *Bailey v. Leonhardt*, 481 F. App'x 381 (9th Cir. 2012). As unpublished decisions, neither opinion is controlling. Nor are they on point. In both *Chima* and *Bailey*, the court considered "whether to compel a witness to comply with a subpoena served by means other than personal service," when no leave was granted, ***not*** whether leave to serve by alternative method is forbidden by Rule 45. *Toni Brattin & Co.*, 2015 WL 1844056 at *3 (rejecting the argument that *Chima* and *Bailey* forbid service by mail). This distinction may explain why—notwithstanding this authority— motions for alternative service are routinely granted by district courts in the Ninth Circuit. *See e.g. Toni Brattin & Co.*, 2015 WL 1844056, at *4 (collecting cases); *see also Green v. Baca*, 2005 WL 283361, at *1 n.1 (collecting cases). Any argument that Rule 45 must be interpreted to forbid alternative means of service should be rejected as unsupported and a violation of "the

1  policy enshrined in Rule 1 that 'these rules ... should be construed, administered, and employed
2  by the court to secure the just, speedy, and inexpensive determination of every action.'" *See*
3  *generally, BBK Tobacco & Foods LLP v. Skunk Inc.*, 2020 WL 619675, at *2 (D. Ariz. Feb. 10,
4  2020) (construing Rule 45 and granting motion for alternative service).

5  Here, Plaintiffs submit that the circumstances created by the COVID-19 outbreak warrant
6  relaxing the Rule 45 standard and allowing service to be effectuated by certified mail until
7  September 1, 2020, to allow time for regular order to resume.  As noted above, the outbreak has
8  both reduced the availability of process servers and made locating the intended recipients for
9  personal service abnormally difficult.  London Decl., ¶4.  These challenges are not hypothetical.
10 As set forth in the attached sworn affidavit of Mr. Dennis Richman, President of a long-time
11 process serving company, the "stay-home" orders issued to contain the outbreak have made
12 service at businesses "nearly impossible" and in many jurisdictions, have prohibited residential
13 service entirely.  *Id.*, Ex. A ("Richman Affidavit"), ¶5.  On the whole, Mr. Richman further attests
14 that, in his decades of experience, nothing "has hampered [his company's] ability to effectuate
15 personal service of process like the COVID-19 crisis."  Richman Affidavit, ¶4.  Consistent with
16 Mr. Richman's experience, Plaintiffs are already seeing the vast majority of their service attempts
17 stymied.  London Decl., ¶4.  Granting this temporary procedural relief now will allow Plaintiffs
18 to continue developing their case and create greater efficiency and specificity in conducting
19 discovery going forward.  Whereas, requiring personal service will result in delay and likely
20 create a discovery backlog, to be dealt with—all at once—at a later date.  There is no question
21 that the Court has authority to grant this relief under the circumstances (s*ee e.g. Toni Brattin*,
22 2015 WL 1844056 at *4) and doing so would be consistent with the approach of courts across the
23 nation that have issued orders temporarily relaxing or suspending various rules of procedure to
24 promote the expeditious resolution of litigations during these extraordinary times.  *See e.g.*, *Order*
25 *Re COVID-19 Virus*, J. Liman (S.D.N.Y. March 18, 2020) (suspending Rule 30's requirement
26 that deposition be taken physically before an appointed officer "in order to protect public health
27 while promoting the just, speedy and inexpensive determination of every action"); *First*
28 *Emergency Order Regarding the COVID-19 State Of Disaster*, Joint Order of the Court  (Tex.

Sup. Crt. March 13, 2020) (empowering lower courts to "[m]odify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period" to accommodate the disruption caused by the outbreak); Gen. Order 20-0012, *In re: Coronavirus Covid-19 Public Emergency*, C. J. Rebecca Pallmeyer (N.D.Ill. March 30, 2020) (extending all civil deadlines and suspending local rule requiring notice of motions by presentment).

For the reasons stated above, Plaintiffs respectfully request that the Court grant the relief requested herein and enter the Proposed Order attached hereto. In addition to the Proposed Order, and in accordance with Civil Local Rule 7-11(a), this motion is also accompanied by the supportive Declaration of Sarah R. London, which explains why a stipulation on this issue could not be obtained.

Dated:  April 22, 2020
.

Respectfully submitted,

By: /s/ *Sarah R. London*

Sarah R. London
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone:  (415) 956-1000
slondon@lchb.com


By: /s/ *Dena C. Sharp*

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

By: */s/ Dean Kawamoto*

Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone: (206) 623-1900
dkawamoto@kellerrohrback.com


By: */s/ Ellen Relkin*

Ellen Relkin
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
erelkin@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Sarah R. London*
Sarah R. London