UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates to: <br> ALL ACTIONS | Case No. 19-md-02913-WHO <br><br> **ORDER APPOINTING THOMAS J. PERRELLI AS SETTLEMENT MASTER** |

The Court previously provided notice of its intent to appoint **Thomas J. Perrelli** as Settlement Master. Dkt. No. 523. The Court gave the parties an opportunity to respond to the Court's notice by May 11, 2020. *Id.* The date for the parties to respond has passed, and no party has objected to the appointment of Mr. Perrelli. Accordingly, the Court orders as follows:

1. The Court appoints Thomas J. Perrelli to facilitate settlement discussions among all parties to this multi-district litigation as soon as is feasible. Mr. Perrelli will abide by the potential conflicts procedure outlined in Exhibit B to Dkt. No. 523.

2. Mr. Perrelli's authority is limited to facilitating settlement discussions. Mr. Perrelli will not adjudicate, or assist the Court with adjudicating, any issues in these consolidated proceedings.

3. The Settlement Process

    a. As Settlement Master, Mr. Perrelli has the authority to schedule at his discretion any settlement discussions; to decide who shall participate in the discussions (including, if appropriate, non-parties whose participation may facilitate

settlement), including what party representatives are needed; and to choose where and how the discussions are to occur.

    b.    Mr. Perrelli, all counsel and parties, and any other persons (including non-parties) participating in settlement discussions shall treat as "confidential information" the contents of any written settlement statements or other settlement-related communications, anything that happened or was said, any position taken or view expressed by any participant in connection with any settlement conference or discussion.  "Confidential information" shall not be:

        (i)    Disclosed to anyone not involved in the settlement discussions;

        (ii)    Disclosed to the Court; or

        (iii)    Used for any purpose, including impeachment, in any pending or future proceeding.

    c.    To facilitate settlement discussions, Mr. Perrelli may have *ex parte* communications with any party and party representative.  If a party does not want Mr. Perrelli to share any of the contents of an *ex parte* communication with another party, the sharing party shall make that desire clear to Mr. Perrelli.

    d.    Notwithstanding paragraph 3(b)(ii) above, upon the agreement of all relevant participating parties, Mr. Perrelli may communicate Confidential Information to the Court without violating this Order or the rules governing confidentiality of settlement discussions.  Mr. Perrelli may otherwise communicate with the Court regarding non-confidential matters, including procedural issues, the nature of Mr. Perrelli's activities, and updates on the progress of settlement communications; but, as explained above, he shall not communicate any Confidential Information to the Court absent the relevant parties' agreement.

4.   The plaintiffs and defendants shall jointly and promptly compensate Mr. Perrelli and any personnel working under his direction at their normal and customary hourly rates. Mr. Perrelli shall maintain billing records with general descriptions of the activities undertaken.  Mr. Perrelli may incur expenses and costs at reasonable amounts to permit him to fully facilitate settlement of these related actions, and the plaintiffs and defendants shall jointly reimburse Mr. Perrelli for such costs and expenses.  Such costs and expenses may consist of, but are not limited to, the engagement of additional necessary personnel, including any outside experts.  Plaintiffs shall pay 50% of the incurred fees and expenses, and defendants shall pay 50% of such fees and expenses. Any disputes regarding compensation, costs and expenses, or the allocation of payment of such fees and costs among the parties, shall be brought to the Court's attention.

The Court thanks Mr. Perrelli in advance for his service to the parties and the Court.

**IT IS SO ORDERED.**

Dated: May 18, 2020

Honorable Judge William H. Orrick