1

2

3

4

5

6

7    [*Submitting Counsel on Signature Page*]

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE: JUUL LABS, INC., MARKETING,          Case No. 19-md-02913-WHO
     SALES PRACTICES, AND PRODUCTS
12   LIABILITY LITIGATION                        **JOINT CASE MANAGEMENT**
                                                 **CONFERENCE STATEMENT AND**
13   _____        **PROPOSED AGENDA**

14   This Document Relates to:

15   ALL ACTIONS

16

17          Pursuant to Civil Local Rule 16-10(d) and the Court's June 19, 2020 Minute Order (ECF

18   No. 681), counsel for Defendants Juul Labs, Inc. ("JLI"), Altria,[1] Director Defendants,[2] E-Liquid

19   Defendants,[3] Retailer Defendants,[4] and Distributor Defendants[5] (collectively "Defendants"), and

20   Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as the "Parties")

21   _____

22   [1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs'
     Consolidated Class Action Complaint and Consolidated Master Complaint (collectively,
23   "Complaints"), *see* ECF Nos. 387, 388.

24   [2] "Director Defendants" refers to Messrs. James Monsees, Adam Bowen, Nicholas Pritzker,
     Hoyoung Huh, and Riaz Valani.

25   [3] "E-Liquid Defendants" refers to Mother Murphy's Labs, Inc., Alternative Ingredients, Inc.,
     Tobacco Technology, Inc., and Eliquitech, Inc.

26   [4] "Retailer Defendants" refers to Chevron Corporation, Circle K Stores, Inc., Speedway LLC, 7-
27   Eleven, Inc., Walmart, and Walgreen Co.

28   [5] "Distributor Defendants" refers to McLane Company, Inc., Eby-Brown Company, LLC, and
     Core-Mark Holding Company, Inc.

respectfully provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for July 17, 2020.

## I.  PARTICIPANT INFORMATION

The conference will proceed via Zoom and the parties will not appear in person. Anyone who wishes to attend the conference must log in using the information provided by the Court on the public docket.

## II.  ISSUES TO BE DISCUSSED BELOW AND PROPOSED AGENDA

1.  Status of Case Filings
2.  Case Management Matters
3.  26(f) Report
4.  Discovery Status
5.  ADR Status

## III.  STATUS OF CASE FILINGS

To date, 776 cases are pending in this MDL, naming 83 defendants. A list of these defendants is attached as **Exhibit A**. To date, 640 personal injury cases and 100 government entity cases (including 69 school districts, 19 counties, 1 city, and 11 tribes) have been filed in this MDL.

There are 185 complaints pending in JCCP 5052, which is assigned to Judge Ann I. Jones of the Los Angeles Superior Court as the Coordination Trial Judge. There are 12 defendants named in those cases.

The Parties are also aware of 13 cases filed by state attorneys general across the country, specifically: California, Illinois, Hawaii, New York, North Carolina, Mississippi, Minnesota, Washington D.C., Arizona, Pennsylvania, New Mexico, Massachusetts, and Colorado. Plaintiffs' Liaison Counsel are continuing their outreach to various State Attorneys General to discuss cooperation with this MDL.

## IV.  CASE MANAGEMENT MATTERS

### A.  <u>Supplement to Deposition Protocol Regarding Remote Depositions</u>

The Parties have conferred and anticipate submitting a joint request for entry of a supplemental deposition protocol regarding remote depositions by the July 17, 2020 CMC.  If there are any remaining areas of dispute precluding joint submission at the CMC, the parties will seek guidance from Judge Corley to assist in finalization.

### B.  <u>Update on Bellwether Selection Procedure</u>

*Personal injury cases*: The Parties have conferred and agree on the following procedure and schedule for selecting the bellwether cases:

<u>Position of Plaintiffs, JLI, and Altria</u>:  Plaintiffs, JLI, and Altria agree that any action filed in or transferred to this Court by October 15, 2020 will be included in the bellwether selection pool. The initial bellwether discovery pool will be selected (pursuant to procedures to be determined by agreement and/or by order of the court) from the bellwether selection pool on or before December 15, 2020. Plaintiffs will make good faith efforts to timely submit completed PFSs and authorizations for those Plaintiffs in the bellwether selection pool, and JLI and Altria reserve all rights to move to dismiss complaints with incomplete PFSs and/or authorizations pursuant to the procedures set forth in Case Management Order No. 8.

<u>Position of Other Defendants</u>:  The Newly Named Defendants (Retailer Defendants, Distributor Defendants, E-Liquid Defendants, and Director Defendants) state that their ability to meaningfully participate in this process hinges on Plaintiffs' timely and complete submission of Supplemental Plaintiff Fact Sheets, which the Parties are still in the process of submitting to Judge Corley (Plaintiffs do concede some new questions are appropriate for the Newly Named Defendants, who did not have an opportunity to participate in the negotiation of the original Plaintiff Fact Sheet).  To date, less than half of the personal injury plaintiffs have submitted a Plaintiff Fact Sheet and none have completed Supplemental Fact Sheets because the supplement has not yet been entered.  Given the pace of new filings, the ratio of completed Fact Sheets to total filings may not change materially by October 15.  Without a substantial majority of Plaintiffs submitting timely and complete Plaintiff Fact Sheets and Supplemental Plaintiff Fact

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

Sheets, Newly Named Defendants—who will be working to evaluate bellwether cases after being involved in the case for approximately nine months—will be prejudiced by incomplete information about the pool of potential bellwethers. Accordingly, the Newly Named Defendants agree to the October 15/December 15 schedule laid out above, but should a majority of Plaintiffs fail to provide timely and complete Supplemental PFSs well prior to the December 15 selection date, Newly Named Defendants reserve their rights to re-visit the bellwether schedule with the Parties and the Court.

Plaintiffs' Position in Response to the Other Defendants' Position: Plaintiffs do not agree to most of the proposed additions to the PFS, as they are either repetitive of questions already on the fact sheet, or go beyond the scope allowed following the conference before Judge Corley. Plaintiffs have agreed to a narrowly tailored supplemental PFS (and corresponding DFS) to gather information regarding the plaintiff's participation in a retailer's loyalty program, which would not impose undue burden or delay the bellwether selection process. Plaintiffs fail to understand how any defendants would be prejudiced by the schedule agreed to by JLI and Altria, which will allow for many hundred cases to be considered for a bellwether discovery pool.

The Parties have discussed the number of proposed cases for the bellwether discovery pool and the method for selecting those cases and will be prepared to put forth any agreements or competing proposals by the August Case Management Conference. With respect to the selection of bellwether cases for trial, Plaintiffs propose that, at the appropriate time, both sides present their positions, under seal or *ex parte* as needed to protect confidential information, to the Court to determine the bellwether case selections. Defendants do not believe that this is a proper subject for *ex parte* or under seal filings, and will work in good faith with Plaintiffs on the appropriate format for submitting agreed upon or disputed proposed procedures for the selection and sequencing of trial bellwethers at a future date.

*Government entity cases*: Plaintiffs, JLI, Altria, and the Director Defendants are continuing to meet and confer regarding a procedure and schedule for selecting the bellwether cases. At the August Case Management Conference, these Parties shall submit joint or competing selection protocols.

4

*Class action cases*: As set out in the May 13, 2020 Case Management Statement (ECF No. 551 at 7-8), the Parties to the class action have agreed that any California subclass and federal claims remaining after the Court rules on motions to dismiss will be among the initial summary judgment, class certification, and trial bellwether candidates. The Parties to the class action reserved their rights to propose additional state-subclass claims for inclusion in the bellwether pool, but agreed that the later inclusion of any such additional subclass claims will not impact or delay the schedule for adjudicating and resolving (through summary judgment, class certification, and/or trial) the claims asserted by the proposed California or federal subclasses.

**C.      Amendment to Protective Order and ESI Protocol**

The Parties are in the process of conferring regarding an amended protective order and an amended ESI protocol and will submit an agreed upon or competing proposals before the August Case Management Conference.

**D.      Appointment of a Defense Liaison**

Plaintiffs renew their request for the Court to appoint a defense liaison to streamline scheduling and communication among the parties.  Defendants will be prepared to address the issue at the Case Management Conference, and note that at least some Defendants oppose Plaintiffs' request for appointment of an overall defense liaison.

**E.      Authentication**

Plaintiffs have provided an updated authenticity stipulation to address the language proposed by JLI and Altria in the last CMC Statement, which Defendants are considering.   If the Parties cannot finalize an agreement before the next Case Management Conference, they will seek guidance from Judge Corley on this issue.

**F.      Proposed Page Limits for Oppositions to Certain Pending Motions to Dismiss**

Plaintiffs and JLI, Altria, and the Director Defendants have conferred regarding the limits and format of Plaintiffs' oppositions to the pending motions to dismiss the Government Entity and California Subclass claims. The parties agree, subject to the Court's approval, to the following.

The Government Entities will file (1) an omnibus response to JLI and Altria's motion to dismiss not to exceed 60 pages and (2) an omnibus response to the individual defendants' motions to dismiss not to exceed 60 pages.

As to the motions to dismiss filed by the Director Defendants on June 29, 2020 (ECF Nos. 748, 751, 752), the California Subclass Plaintiffs will file a single omnibus response not to exceed 40 pages.

### G.    Deadline for Amending Non-operative Government Entity Complaints

Plaintiffs and Defendants have conferred regarding an appropriate deadline for amending the non-operative Government Entity complaints.  In light of the pending motions to dismiss, the Parties agree that the amendment deadline should occur after resolution of those motions.  The Parties propose an amendment deadline of 60 days after the Court issues its rulings on the pending motions.

### H.    Tribal Cases

On July 7, 2020, counsel representing tribal plaintiffs filed a Motion to Establish a Tribal Leadership Sub-Committee, ECF No. 782. The PSC does not object to the requested relief.

### I.    Update on Common Benefit Special Master

On July 9, 2020, Judge Jones entered CMO 8 appointing Judge Andler as the Common Benefit Special Master in the parallel state court proceedings, JCCP 5052. Leadership in the MDL and the JCCP have had several meetings with Judge Andler and are finalizing their recommendations for a vendor that can provide technical support for analyzing and generating common benefit time and expense reports. To provide Judge Andler sufficient time to become familiar with the technology and review the submissions to date, Plaintiffs anticipate that they may need an extension until at least October 15, 2020 to provide their initial report to the Court, but will keep the Court apprised of progress at the next CMC.

### J.    Certain Defendants' Proposal for Additional Rounds of Motions to Dismiss

Plaintiffs and the Retailer Defendants, Distributor Defendants, Director Defendants, and e-Liquid Defendants have been conferring and will continue to confer on issues in connection

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1   with Plaintiffs' Master and Short Form Complaints. If these parties cannot reach agreement on

2   these issues in advance of the August CMC, they will seek further guidance from the Court.

3       **K.    Preservation of Defenses by Mother Murphy's Laboratories, Inc. and**
            **Alternative Ingredients, Inc.**

4

5       With respect to Preservation of Defenses by Mother Murphy's Laboratories, Inc. and

6   Alternative Ingredients, Inc., Plaintiffs agree as follows: Mother Murphy's Laboratories, Inc.

7   ("MML") and Alternative Ingredients, Inc.'s ("AI") participation in case management, discovery,

8   and any disputes that may arise, shall not in any manner impair, burden or waive their rights to

9   assert defenses available under Federal Rules of Civil Procedure 8, 9, or 12 or otherwise

10  challenge the sufficiency of any claim in the Master Complaint or any Short Form Complaints

11  under the applicable laws. For example and without limitation, MML's and AI's participation in

12  discovery and discovery related issues including, but not limited to, any disputes that may arise,

13  shall not be used as evidence or considered in any other matter filed against MML or AI as a

14  waiver to assert defenses of any kind including, but not limited to, choice of law, jurisdiction and

15  venue.  Further, MML's and AI's participation in discovery and discovery related issues

16  including, but not limited to, any disputes that may arise, shall not in any manner burden their the

17  right to assert defenses of any kind including, but not limited to, those available under Federal

18  Rule of Civil Procedure 12(b) in any unrelated matter.  All such defenses are expressly reserved

19  by MML and AI.

20  **V.    26(F) REPORT**

21      Plaintiffs and Defendants continue Rule 26 discussions.  Over the past few weeks, the

22  parties had several meet and confer sessions and offer the following report:

23      **A.    Initial Disclosures**

24      Walgreens and Chevron will serve their Rule 26(a)(1)(A) disclosures by July 31, 2020.

25  Walmart has recently retained new counsel.  To avoid further delay, Plaintiffs request that the

26  Court order Walmart serve Rule 26(a)(1)(A) disclosures no later than August 13, 2020 and that

27  these disclosures expressly include all potentially applicable insurance policies.

28

7

1    The e-Liquid Defendants will provide applicable insurance policies by August 15, 2020

2    and initial disclosures by August 30, 2020.

3    Defendants have requested that any Government Entity Plaintiffs, excluding Indian Tribes,

4    with complaints on file by August 30, 2020, complete their Rule 26(a)(1)(A) disclosures by a date

5    to be proposed to and established by the Court, but in any event no later than October 30, 2020.

6    The Government Entity Plaintiffs believe it is premature to set a date for the disclosures until the

7    scope of such disclosures are clarified and while the Parties are discussing whether these

8    obligations can be satisfied in accordance with and as part of the obligations the Government

9    Entity Plaintiffs will have to respond to Plaintiff Fact Sheets, as discussed further in Section VI

10   below. The Government Entity Plaintiffs and Defendants will continue to confer on these issues.

11   In the event the Parties are unable to reach agreement they will present this issue to Judge Corley.

12   Having previously agreed to defer production of initial disclosures by Plaintiffs, on July 7,

13   2020, JLI, Altria, and the Director Defendants asked the class plaintiffs in the MDL to serve

14   initial disclosures by August 15.  The Parties are conferring on several related discovery issues,

15   and anticipate reaching agreement on the timing of production of any initial disclosures as well.

16   **B.    Changes to Default Discovery Limits**

17   Plaintiffs and Defendants continue to meet and confer regarding modifications to the

18   ordinary limits on discovery given the scope of this litigation, for example modifying the limits

19   on interrogatories and depositions.

20   **C.    Case Schedule**

21   Plaintiffs and Defendants have been meeting and conferring regarding a proposed case

22   schedule through bellwether trials and will be prepared to submit joint or competing proposals by

23   the August status conference.

24   **VI.   DISCOVERY STATUS**

25   Since the June 19 Case Management Conference, Plaintiffs, JLI, and Altria have

26   continued to confer on open discovery issues, including search terms and custodians, written

27   discovery responses, and the re-production of documents produced to regulators (discussed

28

8

further below). The parties continue to make progress and will bring any unresolved issues to Judge Corley promptly.

### A.     FTC Productions

JLI has agreed to produce into the MDL Document Depository the approximately 600,000 documents that it produced to the FTC to date in connection with the FTC's review of Altria's investment in JLI. JLI anticipates making this production on or before July 23, 2020, subject to an ongoing review of potentially inadvertently produced materials that may be subject to privilege issues.  Subject to these hold backs, this production will include all non-privileged documents produced pursuant to the FTC's Second Request under HSR, an unredacted version of the FTC Complaint, and any privilege logs provided to the FTC in connection with these materials. To facilitate this expedited production, Plaintiffs have agreed that JLI may bulk designate this production as Highly Confidential pursuant to the Protective Order, even though much of the material may not ultimately meet that standard.  JLI will conduct a prompt review and de-designate those materials on a rolling basis, and will provide Plaintiffs with an estimated time period before the July 17, 2020 Case Management Conference.  Plaintiffs have agreed not to display or comment on the "Highly Confidential" tag before the Court or any Jury if the designation on a document is timely downgraded and will treat the downgraded designation as the operative designation.

Plaintiffs in the MDL, along with plaintiffs in the antitrust actions, are continuing to meet and confer with Altria regarding its production of the FTC and HSR documents. *See* 20-cv-02345-WHO, ECF No. 78 at 2.

### B.     Update Regarding Third-Party Subpoenas

Plaintiffs and JLI are meeting and conferring regarding Plaintiffs' third-party subpoenas to JLI's investors and financial backers.  Plaintiffs and JLI will advise the Court regarding any agreements or present disputes to Judge Corley promptly.  Plaintiffs have served approximately 143 third-party subpoenas to date.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.   Government Entity Plaintiff and Defendant Fact Sheets

The relevant Parties are meeting and conferring regarding Plaintiff and Defendant fact sheets for the Government Entities.  The Parties propose a deadline of August 3, 2020, for either reaching agreement on the form and content of these fact sheets or submitting the issue to Magistrate Judge Corley for resolution.  Defendants expect that the same or substantially same form of Plaintiff Fact Sheet to be utilized by the Government Entity Plaintiffs will also be appropriate for use by the Tribal Plaintiffs.  Once Tribal representation on the PSC is established, Defendants will begin discussions with Plaintiffs on this topic, as well as the appropriate deadline for completing such Fact Sheets.

### D.   Class Representative Discovery

JLI has served written discovery on each of the individuals identified as a class representative.  Plaintiffs have requested to meet and confer regarding this discovery.

### E.   Supplemental Personal Injury Plaintiff Fact Sheets

Plaintiffs and the Retailer, Distributer, and E-Liquid, and Director Defendants have been meeting and conferring regarding a Supplemental Plaintiff Fact Sheet and propose a deadline of July 20, 2020 for either reaching agreement on the form and content of these facts sheets or submitting the issue to Magistrate Judge Corley for resolution. Plaintiffs and these Defendants will also meet and confer regarding any necessary amendments to CMO 8 in connection with the Supplemental Plaintiff Fact Sheet and will submit either an agreed-upon or competing proposals within five business days of any telephonic of video conference before Judge Corley which is anticipated to be prior to the August CMC.

## VII.   ADR STATUS

Pursuant to Civil Local Rule 16-10(d), the Parties report that the Court appointed Settlement Master Thomas J. Perrelli. ECF No. 564.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

| | | |
|---|---|---|
| 1 | Dated:  July 15, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | By: /s/ Gregory P. Stone | By: /s/ Sarah R. London |
| 4 | Gregory P Stone, SBN 78329 | Sarah R. London |
| 5 | Bethany W. Kristovich, SBN 241891<br>**MUNGER, TOLLES & OLSON LLP** | **LIEFF CABRASER HEIMANN &**<br>**BERNSTEIN** |
| 6 | 350 South Grand Avenue<br>Fiftieth Floor | 275 Battery Street, Fl. 29 |
| 7 | Los Angeles, California 90071-3426<br>Telephone:    (213) 683-9100 | San Francisco, CA 94111<br>Telephone:  (415) 956-1000 |
| 8 | Facsimile:    (213) 687-3702<br>gregory.stone@mto.com | |
| 9 | bethany.kristovich@mto.com | By: /s/ Dena C. Sharp |
| 10 | -and- | Dena C. Sharp<br>**GIRARD SHARP LLP** |
| 11 | By: /s/ Renee D. Smith | 601 California St., Suite 1400<br>San Francisco, CA 94108 |
| 12 | Renee D. Smith (pro hac vice)<br>Mike Brock (pro hac vice) | Telephone: (415) 981-4800 |
| 13 | **KIRKLAND & ELLIS LLP**<br>300 N. LaSalle | |
| 14 | Chicago, IL 60654<br>Telephone: (312) 862-2310 | By: /s/ Dean Kawamoto |
| 15 | -and- | Dean Kawamoto<br>**KELLER ROHRBACK L.L.P.** |
| 16 | | 1201 Third Ave., Ste. 3200<br>Seattle, WA 98101 |
| 17 | David M. Bernick (pro hac vice)<br>**PAUL, WEISS, RIFKIND, WHARTON &** | Telephone:  (206) 623-1900 |
| 18 | **GARRISON LLP**<br>1285 Avenue of the Americas | By: /s/ Ellen Relkin |
| 19 | New York, NY 10019-6064 | Ellen Relkin |
| 20 | *Attorneys for Defendant JUUL Labs, Inc.* | **WEITZ & LUXENBERG**<br>700 Broadway |
| 21 | | New York, NY 10003<br>Telephone: (212) 558-5500 |
| 22 | | |
| 23 | | *Co-Lead Counsel for Plaintiffs* |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1

2    By: */s/ John S. Massaro* _____       By: */s/ James Thompson* _____

3    **ARNOLD & PORTER KAYE SCHOLER**           **ORRICK HERRINGTON &**
     **LLP**                                     **SUTCLIFFE LLP**

4
     John C. Massaro (admitted pro hac vice)     James Thompson
5    Jason A. Ross (admitted pro hac vice)       James Kramer
     601 Massachusetts Ave., N.W.                Walt Brown
6    Washington D.C.  20001                      The Orrick Building
     Telephone:   (202) 942-5000                 405 Howard Street
7    Facsimile:  (202) 942-5999                  San Francisco, CA  94105-2669
     john.massaro@arnoldporter.com               Telephone: (415) 773-5700
8    Jason.ross@arnoldporter.com                 jthompson@orrick.com
                                                 jkramer@orrick.com
9    *Attorneys for Defendants Altria Group, Inc.*   wbrown@orrick.com
     *and Philip Morris USA Inc.*
10                                               *Attorneys for Defendant James Monsees*

11

12   By: */s/ Eugene Illovsky* _____       By: */s/ Michael J. Guzman* _____

13   **BOERSCH & ILLOVSKY LLP**                  **KELLOGG, HANSEN, TODD, FIGEL &**
                                                 **FREDERICK, P.L.L.C.**
14   Eugene Illovsky
     Martha Boersch                              Mark C. Hansen
15   Matthew Dirkes                              Michael J. Guzman
     1611 Telegraph Ave., Suite 806             David L. Schwartz
16   Oakland, CA 94612                           Sumner Square, 1615 M St., N.W., Suite 400
     Telephone: (415) 500-6643                   Washington, DC 20036
17   eugene@boersch-illovsky.com                 Telephone: (202) 326-7910
     martha@boersch-illovsky.com                 mguzman@kellogghansen.com
18   matt@boersch-illovsky.com

19   *Attorneys for Defendant Adam Bowen*

20                                               *Attorneys for Defendants Nicholas Pritzker,*
                                                 *Riaz Valani, and Hoyoung Huh*
21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1

By: */s/ Charles T. Hagan III*

2

**HAGAN BARRETT PLLC**

3

Charles T. Hagan III
J. Alexander S. Barrett
300 North Greene Street, Suite 200
Greensboro, NC 27401
Telephone: (336) 232-0650
chagan@haganbarrett.com
abarrett@haganbarrett.com

4

5

6

7

*Attorneys for Defendants Mother Murphy's
Labs, Inc., and Alternative Ingredients, Inc.*

8

9

10

By: */s/ Michael L. O'Donnell*

11

**WHEELER TRIGG O'DONNELL LLP**

12

13

Michael L. O'Donnell
James E. Hooper
Marissa Ronk
370 17th Street, Ste. 4500
Denver, CO 80202
Telephone: (303) 244-1850
Odonnell@wtotrial.com
hooper@wtotrial.com
Ronk@wtotrial.com

14

15

16

17

18

*Attorneys for Defendant McLane Company,
Inc.*

19

20

By: */s/ David R. Singh*

21

**WEIL, GOTSHAL & MANGES LLP**

22

David R. Singh
Bambo Obaro
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3083
david.singh@weil.com
bambo.obaro@weil.com

23

24

25

26

*Attorneys for Defendant Core-Mark Holding
Company, Inc.*

27

28

By: */s/ Robert Scher*

**FOLEY & LARDNER LLP**

Robert Scher
Peter N. Wang
Graham D. Welch
Dyana K. Mardon
90 Park Avenue
New York, NY 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
rscher@foley.com
pwang@foley.com
gwelch@foley.com
dmardon@foley.com

*Attorney for Defendants Tobacco
Technology, Inc., and Eliquitech, Inc.*

By: */s/ Christopher J. Esbrook*

**ESBROOK LAW LLC**

Christopher J. Esbrook
David F. Pustilnik
Michael S. Kozlowski
77 W. Wacker, Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681
christopher.esbrook@esbrooklaw.com
david.pustilnik@esbrooklaw.com
michael.kozlowski@esbrooklaw.com

*Attorneys for Defendants Eby-Brown
Company, LLC, Circle K Stores, and 7-
Eleven, Inc., Speedway, and Walgreen Co.*

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1   By: /s/ Robert K. Phillips

2   **PHILLIPS, SPALLAS & ANGSTADT LLP**

3   Robert K. Phillips
    Alyce W. Foshee
4   505 Sansome Street, 6th Floor
    San Francisco, CA  94111
5   Telephone: (415) 278-9400
    RPhillips@PSALaw.net
6   afoshee@psalaw.net

7   *Attorneys for Defendant Walmart Inc.*

8   By: /s/ Charles C. Correll Jr.

9   **KING & SPALDING LLP**

10  Andrew T. Bayman (Admitted *pro hac vice*)
    1180 Peachtree Street, Suite 1600
11  Atlanta, GA 30309
    Telephone: (404) 572-4600
12  abayman@kslaw.com

13  and

    Charles C. Correll, Jr.
14  Matthew J. Blaschke
    Alessandra M. Givens
15  101 Second Street, Suite 2300
    San Francisco, CA 94105
16  Telephone: (415) 318-1200
    ccorrell@kslaw.com
17  mblaschke@kslaw.com
    agivens@kslaw.com
18
    *Attorneys for Defendant Chevron Corporation*
19

20

21

22

23

24

25

26

27

28

14