1
2
3
4
5
6
7

[*Submitting Counsel on Signature Page*]

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

_____

Case No. 19-md-02913-WHO

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED AGENDA**

14

This Document Relates to:

15

ALL ACTIONS

16

17    Pursuant to Civil Local Rule 16-10(d) and the Court's July 17, 2020 Minute Order (ECF

18    No. 808), counsel for Defendants Juul Labs, Inc. ("JLI"), Altria,[1] Director Defendants,[2] E-Liquid

19    Defendants,[3] Retailer Defendants,[4] and Distributor Defendants[5] (collectively "Defendants"), and

20    Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as the "Parties")

21

22    [1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs'
23    Consolidated Class Action Complaint and Consolidated Master Complaint (collectively, "Complaints"), *see* ECF Nos. 387, 388.

24    [2] "Director Defendants" refers to Messrs. James Monsees, Adam Bowen, Nicholas Pritzker, Hoyoung Huh, and Riaz Valani.

25    [3] "E-Liquid Defendants" refers to Mother Murphy's Labs, Inc., Alternative Ingredients, Inc., Tobacco Technology, Inc., and Eliquitech, Inc.

26    [4] "Retailer Defendants" refers to Chevron Corporation, Circle K Stores, Inc., Speedway LLC, 7-
27    Eleven, Inc., Walmart, and Walgreen Co.

28    [5] "Distributor Defendants" refers to McLane Company, Inc., Eby-Brown Company, LLC, and Core-Mark Holding Company, Inc.

respectfully provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for August 21, 2020.

**I.   PARTICIPANT INFORMATION**

The conference will proceed via Zoom and the parties will not appear in person. Anyone who wishes to attend the conference must log in using the information provided by the Court on the public docket.

**II.  ISSUES TO BE DISCUSSED BELOW AND PROPOSED AGENDA**

    1.  Status of Case Filings and Dismissals

    2.  Case Management Matters

    3.  26(f) Report

    4.  Discovery Status

    5.  ADR Status

**III. STATUS OF CASE FILINGS AND DISMISSALS**

To date, 960 cases are pending in this MDL, naming 76 defendants. A list of these defendants is attached as **Exhibit A**. To date, 810 personal injury cases and 114 government entity cases (including 79 school districts, 19 counties, 1 city, and 15 tribes) have been filed in this MDL.  As of August 18, 2020, 42 MDL plaintiffs have voluntarily dismissed their cases (40 personal injury plaintiffs and 2 class plaintiffs).

There are 193 complaints pending in JCCP 5052, which is assigned to Judge Ann I. Jones of the Los Angeles Superior Court as the Coordination Trial Judge. There are 16 defendants named in those cases.

The Parties are also aware of 13 cases filed by state attorneys general, specifically: California, Illinois, Hawaii, New York, North Carolina, Mississippi, Minnesota, Washington D.C., Arizona, Pennsylvania, New Mexico, Massachusetts, and Colorado. Plaintiffs' Liaison Counsel are continuing their outreach to various State Attorneys General to discuss cooperation with this MDL.

IV.  **CASE MANAGEMENT MATTERS**

      A.      <u>**Case Schedule Proposals**</u>

The Parties have met and conferred regarding the case schedule but, as of the date of this statement, have been unable to reach agreement.  The Parties, however, continue to meet and confer on these issues.  In an effort to narrow disputes, the Parties respectfully request they be permitted to submit their joint or competing respective proposals and supporting positions to the Court under a later joint filing on Thursday, August 20, 2020.

      B.      <u>**Personal Injury Bellwether Proposals**</u>

The Parties have met and conferred regarding the bellwether selection proposals in the personal injury cases but, as of the date of this statement, have been unable to reach agreement. The Parties, however, continue to meet and confer on these issues.  In an effort to narrow disputes, the Parties respectfully request they be permitted to submit their joint or competing respective proposals and supporting positions to the Court under a later joint filing on Thursday, August 20, 2020

      C.      <u>**Amendment to ESI Protocol**</u>

The Retailer, Distributor, and E-Liquid Defendants have sent a suggested ESI protocol to Plaintiffs. The Parties are continuing to meet and confer regarding these proposed amendments and will submit either competing proposals or an agreed-upon submission by the September CMC.

      D.      <u>**Appointment of a Defense Liaison**</u>

Defendants have conferred and propose Renee D. Smith and Peter A. Farrell of Kirkland & Ellis LLP to serve as their liaison counsel to coordinate with Plaintiffs on scheduling and other case management matters.

      E.      <u>**Motion to Dismiss Certain Claims against the Retailer, Distributor, E-Liquid and Director Defendants**</u>

***Plaintiffs' Position:*** The Retailer, Distributor, E-Liquid and Director Defendants seek two additional rounds of pleading challenges: they propose filing a motion to dismiss some, but not all, claims in the Amended Master Complaint (Personal Injury) in October 2020, before the Bellwether Pool is selected, and then filing another set of motions targeting the Bellwether

1   Plaintiffs later on.   Plaintiffs have already agreed to narrow their claims against certain

2   Defendants via stipulation and contend that two additional rounds of pleadings challenges would

3   not be a productive use of the parties' resources and instead propose that any deferred motions to

4   dismiss proceed in one round, after the Bellwether Pool is selected.

5        As in the first wave, and consistent with the Manual for Complex Litigation section 11.32,

6   Plaintiffs propose that the parties begin with a meet and confer where Defendants identify the

7   scope and purpose of each motion to dismiss, no later than January 7, 2021. Other than the

8   cursory examples below, Plaintiffs are not clear as to what motions each of these Defendant

9   groups seek to bring, nor how resolving those motions on only certain claims would aid the

10   parties in selecting bellwether cases, focusing discovery, or streamlining resolution. Nor do

11   Plaintiffs understand how any contemplated motion to dismiss would turn only on the allegations

12   in the Amended Master Complaint (Personal Injury), without being tethered to the Plaintiff-

13   specific allegations in the Short Form Complaints or to any state's law (as all of the claims are

14   state-law claims). Since discovery against these Defendants will proceed regardless of the precise

15   contours of the complaints, Plaintiffs contend that the parties' and the Court's resources would be

16   best directed at completing that discovery and honing any pleading challenges to the Bellwether

17   Pool, which by definition and design should serve as a barometer for the other claims pending in

18   the MDL.

19        After the parties confer, Plaintiffs propose that the Bellwether Pool Plaintiffs would have

20   an opportunity to amend their Short Form Complaints—and if necessary the Master Complaint—

21   to cure any defect that Defendants identify by January 21, 2021. This step would allow the parties

22   to conserve resources and avoid needless motion practice—especially as discovery will be well-

23   underway and may provide sufficient factual support to overcome Defendants' purported

24   deficiencies.   If nevertheless, Defendants are not satisfied with these amendments, they may

25   move to dismiss the Bellwether Pool plaintiffs' claims, to the extent permitted by the Court, on or

26   before February 5, 2021.   Plaintiffs' oppositions would be due on March 1, 2021, Defendants'

27   replies would be due on March 15, 2021, and the Court would hold a hearing on April 1, 2021.

28

1    This proposal should allow the parties and the Court sufficient time to consider the Court's
2    rulings in determining the initial trial selections.

3         ***Retailer, Distributor, E-Liquid and <u>Director Defendants' Position</u>***: The Newly Named
4    Defendants (Retailer Defendants, Distributor Defendants, Director Defendants, and E-Liquid
5    Defendants) respectfully request the Court set a briefing schedule (proposed schedule below) for
6    motions to dismiss certain claims brought against them. The Newly Named Defendants were
7    added to the MDL after the initial motion to dismiss schedule was negotiated, and many of them
8    were only named in personal injury cases. Hence, the need for a separate motion to dismiss
9    schedule for the personal injury cases was flagged from the beginning of the Newly Named
10   Defendants' involvement.

11        The Retailer and Distributor Defendants have already met and conferred with Plaintiffs'
12   counsel since they have been involved in the case to understand which claims in the Amended
13   Master Complaint (Personal Injury) Plaintiffs contend apply to them. (*See, e.g.*, ECF No. 551
14   (May 13, 2020 Joint Case Management Conference Statement) at 6 (discussing that the Retailer
15   and Distributor Defendants are meeting and conferring with Plaintiffs' counsel regarding the
16   sufficiency of claims pleaded against them in the Master Complaint).) Plaintiffs and the Retailer
17   and Distributor Defendants have now reached agreement regarding three claims in the Master
18   Complaint (and underlying Short Form Complaints) that do not apply to these Defendants. That
19   agreement was recently memorialized in a Stipulation. (*See* ECF No. 875.) There are, however,
20   additional claims which the Newly Named Defendants believe are not properly pleaded against
21   them. The parties' good faith attempts to meet-and-confer regarding the sufficiency of these
22   claims have not resulted in agreement, and thus the Newly Named Defendants seek to move to
23   dismiss these claims now. The additional conferring that Plaintiffs propose would be pointless.
24   They already understand the issue, they cannot plead around it, and the litigation will not be
25   served by moving as to the insufficiency of the Master Complaint as it relates only to the few
26   claims selected as bellwethers when the same defect is present for all the personal injury cases.

27        The Newly Named Defendants understand Plaintiffs' opposition to any additional motion
28   practice to be threefold. First, Plaintiffs originally suggested in conferrals that the time for

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1   motions to dismiss has passed because Defendants already filed motions to dismiss on grounds

2   such as federal preemption. However, any prior motion to dismiss pursuant to the federal

3   pleading standards was not ripe because Plaintiffs and the Retailer and Distributor Defendants

4   were still meeting and conferring on these issues. The Retailer and Distributor Defendants were

5   able to resolve some, but not all, issues vis-à-vis the Stipulation. And through these conferrals,

6   Plaintiffs have been on notice for months that the Retailer and Distributor Defendants believe that

7   certain claims—not just the three claims resolved in the Stipulation—were insufficiently pleaded

8   against these Defendants. Plaintiffs have thus long been on notice that the Retailer and Distributor

9   Defendants would seek to move to dismiss some of those claims, particularly because prior Case

10  Management Conference statements make clear that the Retailer and Distributor Defendants were

11  reserving their rights for additional motions. For example, Plaintiffs, the Retailer Defendants, and

12  the Distributor Defendants stated in the May 13, 2020 Joint Case Management Conference

13  Statement that:

14          Retailer and Distributor Defendants, and Plaintiffs, agree that other
            motion practice [beyond motions to dismiss regarding preemption
15          and primary jurisdiction and motions to dismiss regarding directly
            filed cases] will be deferred until a later date. In addition, the
16          parties agree that the rights of Retailer and Distributor Defendants
            with respect to other motion practice are reserved, including, but
17          not limited to, personal jurisdiction challenges pursuant to Fed. R.
            Civ. P. 12(b)(2) in non-directly filed cases, or other challenges or
18          motions pursuant to Federal Rules 8, 9, or 12.

19  (ECF No. 551 at 6.)

20          Second, Plaintiffs argue that for efficiency purposes, any such motion practice should be

21  deferred until bellwether motion practice. Not so. The Newly Named Defendants' proposal to

22  move to dismiss these claims is _more_ efficient than Plaintiffs' proposal to defer these issues until

23  bellwether motion practice. The Newly Named Defendants are not proposing to file motions

24  based on the state laws of all fifty states or on personal jurisdiction grounds in individual cases.

25  Instead, they agree to reserve their rights as to those motions and move on those grounds as

26  appropriate after bellwether cases have been selected. There are, however, deficiencies that do not

27  turn on a fifty-state survey or an individual Short Form Complaint that are more efficient to

28  address now rather than in a piecemeal fashion later. For example, the Retailer, Distributor, and

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

E-Liquid Defendants' position is that the Master Complaint (and underlying Short Form Complaints) fail to meet Rule 9(b)'s requisite pleading standards for claims sounding in fraud. The Retailer, Distributor Defendants, and E-Liquid Defendants do not believe Plaintiffs will be able to cure these defects via amendment. Similarly, the Director Defendants believe strict liability claims against them are improperly pleaded. It will be more efficient for the Parties and the Court to have clarity on these issues now rather than waiting until the bellwether process.

Finally, Plaintiffs have suggested the Newly Named Defendants should not be allowed to file partial motions to dismiss targeting only some, rather than all, claims. Plaintiffs' argument directly contradicts the federal pleading rules, which require each claim be properly pleaded. Taken to its logical extension, Plaintiffs' argument would eliminate any partial motions to dismiss and never allow courts to narrow the issues before them—which is not desirable in MDL cases or otherwise. *See, e.g.*, Manual for Complex Litigation § 11.32 ("The legal insufficiency of a claim or defense may be raised by motion for failure to state a claim or for partial judgment on the pleadings.") (emphasis added). And motion practice helps the Court to "define and narrow issues" which "avoids later enlargement of issues and expansion or duplication of discovery." *Id.* § 11.32. Moreover, even dismissal of only certain claims is still of significance to the defendants. The claims in a case impact a wide variety of matters, including, for example, the scope of discovery and potential indemnity and insurance coverage. For these Newly Named Defendants, therefore, it is not a matter of mere pleading artifice to have the Court examine the sufficiency of the claims pleaded against them.

Motion practice presents an opportunity to whittle down and refine the issues in this litigation. The Newly Named Defendants are entitled to know the specific claims and allegations brought against them, and Plaintiffs have been on notice for months about concerns regarding the sufficiency of the allegations in the Master Complaint and Short Form Complaints. Accordingly, the Newly Named Defendants respectfully request the Court enter the following motion schedule:

- Opening briefs due October 7, 2020

- Plaintiffs' response due November 4, 2020

- Reply briefs due November 25, 2020

**F.  Failure to Serve Short Form Complaints**

Yesterday, the liaison counsel for the Distributor Defendants notified Co-Lead Counsel that at least 50 plaintiffs have not served short form complaints on at least some of the Retailer and Distributor Defendants within the time prescribed by Rule 4(m). The parties will meet and confer, including investigating any potential issues with email service, and attempt to resolve these concerns before the next status conference. While the parties are hopeful that meeting and conferring will address these service issues, the Newly Named Defendants request the Court dismiss those cases at an appropriate time should these issues not be cured.

**G.  Minor Issues Particular to E-Liquid Defendants**

On July 24, 2020, this Court entered an order approving Tyson & Mendes to substitute as counsel for MOTHER MURPHY'S LABORATORIES, INC. and ALTERNATIVE INGREDIENTS, INC. (Dkt. No, 823). Prior counsel for these defendants, J. Alexander Barrett of Hagan Barrett PLLC, had been appointed by this Court as Liaison Counsel for E-Liquid Defendants (Dkt. 808).

With the consent of counsel for all E-Liquid Defendants, as indicated in correspondence to the Court of July 27, 2020 (Dkt. 825), E-Liquid Defendants respectfully request that the minutes from this Case Management Conference appoint Mitchell B. Malachowski of Tyson & Mendes as liaison counsel for the E-Liquid Defendants.

Additionally, after the substitution of counsel referenced above, Tyson & Mendes, in accordance with Case Management Order No. 3 – Direct Filing Order (Dkt. 309), established the below email addresses to accept service of process for MOTHER MURPHY'S LABORATORIES, INC. and ALTERNATIVE INGREDIENTS, INC.:

MOTHER MURPHY'S LABORATORIES, INC.:

MDL2913_Service_MotherMurphysLaboratoriesInc@tysonmendes.com

ALTERNATIVE INGREDIENTS, INC.:

MDL2913_Service_AlternativeIngredientsInc@tysonmendes.com

MOTHER MURPHY'S LABORATORIES, INC. and ALTERNATIVE INGREDIENTS, INC. respectfully request that the minutes from this Case Management Conference include an

appropriate order such that service can be made upon these parties using these email address pursuant to Case Management Order No. 3 (Dkt. 309).

Plaintiffs will meet and confer with these Defendants to facilitate a seamless transition to the new service address and ensure adequate notice to all MDL plaintiffs.

### H.    Tribal Leadership Subcommittee

On August 7, 2020, Geoff Strommer, interim Tribal Representative on the PSC and lead counsel for a number of tribes in the MDL, filed a report on a proposed structure and recommended members for the established Tribal Leadership Sub-Committee.  In the report, Mr. Strommer requests the Court appoint four proposed members to serve on the Tribal Leadership Sub-Committee and to appoint him to serve as the Tribal representative on the PSC on a permanent basis.

## V.    26(F) REPORT

Plaintiffs and Defendants continue Rule 26 discussions.  Over the past few weeks, the parties had several meet and confer sessions and offer the following report:

### A.    Initial Disclosures

Since the July 17 CMC, E-Liquid Defendants and Retailer Defendants Walmart, Chevron and Walgreens each provided Plaintiffs with Rule 26(a)(1)(A) disclosures.  Plaintiffs, Eby-Brown, and the Retailer Defendants are continuing to meet and confer regarding supplementing the Initial Disclosures with the production of insurance policy documents, to the extent applicable.  The Parties are meeting and conferring on the timing and sequence of service of the class plaintiffs' initial disclosures, as well as potential initial disclosures for the government entity plaintiffs.

### B.    Changes to Default Discovery Limits

The Parties continue to confer regarding changing the default discovery limits to accommodate the scale and complexity of the litigation.

## VI.    DISCOVERY STATUS

Since the July 17 Case Management Conference, discovery-related developments include the following:

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

A.    **Discovery of Plaintiffs**

***Personal Injury Plaintiff Fact Sheets***

Personal injury plaintiffs have submitted approximately 397 plaintiff fact sheets, and 75 plaintiff fact sheets would have already been due, but have not been submitted pursuant to plaintiffs' requests for requests for extensions of time.   Pursuant to CMO #8, JLI has moved to dismiss 47 cases for failure to provide timely Plaintiff Fact Sheets, and Defendants are currently reviewing those fact sheets that have been submitted for potential deficiencies, which will be identified and addressed in accordance with CMO #8, as well.

On August 6, 2020, Judge Corley held a discovery hearing regarding Supplemental Plaintiff Fact Sheets and subsequently issued an order regarding their content.  *See* Dkt. No. 854. The Parties have since conferred regarding any necessary amendments to CMO-8 and will file promptly a proposed Amended CMO 8 or seek further guidance from Judge Corley if agreement cannot be reached.

***Government Entity Plaintiff and Defendant Fact Sheets***

The Parties have exchanged drafts of proposed fact sheets for the counties and the school districts and Plaintiffs have sent Defendants a proposed defendant fact sheet. The Parties are in the process of working through their differences on these fact sheets in an effort to either reach agreement on them or narrow the issues that should be presented to Judge Corley for resolution. Plaintiffs believe that these initial fact sheets should focus on information critical to the selection of government entity trial bellwethers, so that these bellwethers can be selected by the end of this year and further discovery can commence with respect to these bellwethers.  The Government Entity Plaintiffs are willing to discuss providing limited additional information for purposes of case assessment, but note that as this information is not critical for bellwether selection, it can be provided at a later date. Defendants believe that the initial plaintiff fact sheets will provide critical information to the bellwether selection process, but note that "fact sheets can serve multiple purposes," including providing an efficient mechanism to assist the parties and the court in assessing whether certain claims may be candidates for expedited resolution through voluntary withdrawal, dispositive motions, or through a settlement process." *See Guidelines & Best*

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

*Practices For Large & Mass-Tort MDLs*, Bolch Jud. Instit., Duke Law School, 2nd Ed. (Sept. 2018) ("*Duke MDL Guidelines*") at pg. 10.

### Class Representative Discovery

On June 19, 2020, JLI served 20 requests for production of documents and 20 interrogatories on the named plaintiffs in the Consolidated Class Action Complaint.  The parties continue to confer, and intend to seek guidance from Judge Corley regarding these requests.

### B.   Discovery of Defendants

### JLI

Plaintiffs have served on JLI 390 requests for production of documents and 42 interrogatories (not including subparts). JLI has requested, and Plaintiffs have agreed, to extensions for each set of discovery served to date. JLI has produced approximately 4 million pages of documents into the MDL Document Depository, including re-produced regulatory productions and other materials culled from more than 46 custodians, as well as certain self-select or other collections or reproductions. Pursuant to further discussions with Plaintiffs in the MDL and other litigation, JLI has agreed to add an additional 45 custodians.  JLI's production includes approximately 485,000 documents, previously produced to the FTC, including a privilege log and unredacted complaint. Plaintiffs provided modified ESI search terms to JLI on August 5, with JLI to provide a response this week. Plaintiffs have requested "real-time" discussions with JLI counsel and their ESI vendor to facilitate the process and finalize promptly. JLI produced a privilege log on August 10 (for JLI productions 002-004); the parties held a preliminary meet and confer regarding facial issues with the log on August 12.

### Altria

Altria has confirmed that will produce concurrently in the MDL the FTC productions it intends to make in the coordinated antitrust actions. The MDL Plaintiffs and Altria have exchanged and met and conferred regarding ESI search term proposals. The parties' meet and confer regarding Altria's responses and objections to written discovery is also ongoing, with the parties' most recent discussions having occurred on August 13.

1
2
3
4

*Director Defendants*

Plaintiffs have reviewed the Director Defendants' responses and objections to written discovery, and sent letters to defense counsel identifying areas for discussion. Plaintiffs also served jurisdictional discovery on JLI on August 5 and Director Defendants on August 7.

5

*Retailer, Distributor, and E-Liquid Defendants*

6
7
8

Plaintiffs and the Retailer, Distributor, and E-Liquid Defendants have scheduled an August 24 conference to discuss custodian identification and ESI search terms. On August 17, 2020, Plaintiffs served written discovery on the Retailer Defendants.

9

*ESI and Technical Issues*

10
11
12
13
14

Plaintiffs identified about 3,000 documents produced to date that require color versions. Plaintiffs and JLI met and conferred, and JLI produced requested documents on August 14. Plaintiffs have also identified issues regarding non-native redlined documents in production, and approximately 12,000 documents with document error codes. The parties continue to work on resolving these technical issues.

15

**C.      Coordination with JCCP on Discovery**

16
17
18
19

The MDL Plaintiffs are holding weekly calls with JCCP counsel regarding discovery coordination.  Defendants appreciate and encourage coordination between the MDL and the JCCP, as detailed by the Joint Coordination Order (CMO # 9, ECF No. 572) and the Deposition Protocol (CMO #10, ECF No. 573).

20

**D.      Update Regarding Third-Party Subpoenas**

21
22
23
24
25

Plaintiffs have issued notices of third party subpoenas to more than 140 entities or persons. A number of recipients have produced documents, while negotiations are ongoing with numerous others. Plaintiffs and JLI have continued to meet and confer regarding Plaintiffs' discovery from certain third-parties.  The Parties have reached an impasse on aspects of these issues and expect to seek guidance from Judge Corley.

26
27
28

Due to the continuing threat of COVID-19, Plaintiffs respectfully request an extension of the Order temporarily suspending the Rule 45 requirements for service of process for Subpoenas. A proposed order is attached as Exhibit B.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   **E.      <u>Deposition Protocol and Joint Use of Vendors</u>**

   The Parties conferred and reached agreement regarding an amended Deposition Protocol, filed on August 18, 2020 (Dkt. 888). Plaintiffs have also reached out to Defendants regarding joint-retention of vendors for remote depositions.

**VII.    ADR STATUS**

   Pursuant to Civil Local Rule 16-10(d), the Parties report that they continue to confer with Settlement Master Thomas J. Perrelli and cooperate with his recommendations and directives.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1  Dated:  August 19, 2020

2

3  By: /s/ Gregory P. Stone

4  Gregory P Stone, SBN 78329
   Bethany W. Kristovich, SBN 241891
5  **MUNGER, TOLLES & OLSON LLP**
   350 South Grand Avenue
6  Fiftieth Floor
   Los Angeles, California 90071-3426
7  Telephone:    (213) 683-9100
   Facsimile:    (213) 687-3702
8  gregory.stone@mto.com
   bethany.kristovich@mto.com
9

10  -and-

11  By: /s/ Renee D. Smith
    Renee D. Smith (pro hac vice)
12  Mike Brock (pro hac vice)
    **KIRKLAND & ELLIS LLP**
13  300 N. LaSalle
    Chicago, IL 60654
14  Telephone: (312) 862-2310

15  -and-

16

17  David M. Bernick (pro hac vice)
    **PAUL, WEISS, RIFKIND, WHARTON &**
18  **GARRISON LLP**
    1285 Avenue of the Americas
19  New York, NY 10019-6064

20  *Attorneys for Defendant JUUL Labs, Inc.*

21

22

23

24

25

26

27

28

Respectfully submitted,

By: /s/ Sarah R. London

Sarah R. London
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone:  (415) 956-1000

By: /s/ Dena C. Sharp

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

By: /s/ Dean Kawamoto

Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone:  (206) 623-1900

By: /s/ Ellen Relkin

Ellen Relkin
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500

*Co-Lead Counsel for Plaintiffs*

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1

2  By: */s/ John S. Massaro*                By: */s/ James Thompson*

3  **ARNOLD & PORTER KAYE SCHOLER        ORRICK HERRINGTON &
   LLP**                                    **SUTCLIFFE LLP**

4

5  John C. Massaro (admitted pro hac vice)   James Thompson
   Jason A. Ross (admitted pro hac vice)     James Kramer
6  601 Massachusetts Ave., N.W.              Walt Brown
   Washington D.C.  20001                    The Orrick Building
7  Telephone:   (202) 942-5000               405 Howard Street
   Facsimile:  (202) 942-5999                San Francisco, CA  94105-2669
8  john.massaro@arnoldporter.com             Telephone: (415) 773-5700
   Jason.ross@arnoldporter.com               jthompson@orrick.com
9                                            jkramer@orrick.com
   *Attorneys for Defendants Altria Group, Inc.*   wbrown@orrick.com
10 *and Philip Morris USA Inc.*
                                             *Attorneys for Defendant James Monsees*
11

12 By: */s/ Eugene Illovsky*                 By: */s/ Michael J. Guzman*

13 **BOERSCH & ILLOVSKY LLP**               **KELLOGG, HANSEN, TODD, FIGEL &
                                             FREDERICK, P.L.L.C.**
14 Eugene Illovsky
   Martha Boersch                            Mark C. Hansen
15 Matthew Dirkes                            Michael J. Guzman
   1611 Telegraph Ave., Suite 806            David L. Schwartz
16 Oakland, CA 94612                         Sumner Square, 1615 M St., N.W., Suite 400
   Telephone: (415) 500-6643                 Washington, DC 20036
17 eugene@boersch-illovsky.com               Telephone: (202) 326-7910
   martha@boersch-illovsky.com               mguzman@kellogghansen.com
18 matt@boersch-illovsky.com

19 *Attorneys for Defendant Adam Bowen*

20                                            *Attorneys for Defendants Nicholas Pritzker,
                                              Riaz Valani, and Hoyoung Huh*
21

22

23

24

25

26

27

28

15

1   By: */s/ Mitchell B. Malachowski*

2   **TYSON & MENDES, LLP**

3   James E. Sell
    Mitchell B. Malachowski
4   Stephen Budica
    April M. Cristal
5   523 4th Street, Suite 100
    San Rafael, CA 94901
6   Telephone:  (628) 253-5070
    jsell@tysonmendes.com
7   mmalachowski@tysonmendes.com
    sbudica@tysonmendes.com
8   acristal@tysonmendes.com

9   *Attorneys for Defendants Mother Murphy's*
    *Labs, Inc., and Alternative Ingredients, Inc.*
10

11  By: */s/ Michael L. O'Donnell*

12  **WHEELER TRIGG O'DONNELL LLP**

13  Michael L. O'Donnell
    James E. Hooper
14  Marissa Ronk
    370 17th Street, Ste. 4500
15  Denver, CO 80202
    Telephone: (303) 244-1850
16  Odonnell@wtotrial.com
    hooper@wtotrial.com
17  Ronk@wtotrial.com

18  *Attorneys for Defendant McLane Company,*
    *Inc.*
19

20

21  By: */s/ David R. Singh*

22  **WEIL, GOTSHAL & MANGES LLP**

23  David R. Singh
    Bambo Obaro
24  201 Redwood Shores Parkway, 6th Floor
    Redwood Shores, CA 94065
25  Telephone: (650) 802-3083
    david.singh@weil.com
26  bambo.obaro@weil.com

27  *Attorneys for Defendant Core-Mark Holding*
    *Company, Inc.*

28

By: */s/ Robert Scher*

**FOLEY & LARDNER LLP**

Robert Scher
Peter N. Wang
Graham D. Welch
Dyana K. Mardon
90 Park Avenue
New York, NY 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
rscher@foley.com
pwang@foley.com
gwelch@foley.com
dmardon@foley.com

*Attorney for Defendants Tobacco*
*Technology, Inc., and Eliquitech, Inc.*

By: */s/ Christopher J. Esbrook*

**ESBROOK LAW LLC**

Christopher J. Esbrook
David F. Pustilnik
Michael S. Kozlowski
77 W. Wacker, Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681
christopher.esbrook@esbrooklaw.com
david.pustilnik@esbrooklaw.com
michael.kozlowski@esbrooklaw.com

*Attorneys for Defendants Eby-Brown*
*Company, LLC, Circle K Stores, and 7-*
*Eleven, Inc., Speedway, and Walgreen Co.*

16

1

By: */s/ Robert K. Phillips*

2

**PHILLIPS, SPALLAS & ANGSTADT LLP**

3

Robert K. Phillips
Alyce W. Foshee

4

505 Sansome Street, 6th Floor
San Francisco, CA  94111

5

Telephone: (415) 278-9400
RPhillips@PSALaw.net

6

afoshee@psalaw.net

7

*Attorneys for Defendant Walmart Inc.*

8

By: */s/ Charles C. Correll Jr.*

9

**KING & SPALDING LLP**

10

Andrew T. Bayman (Admitted *pro hac vice*)
1180 Peachtree Street, Suite 1600

11

Atlanta, GA 30309
Telephone: (404) 572-4600

12

abayman@kslaw.com

13

and

14

Charles C. Correll, Jr.
Matthew J. Blaschke

15

Alessandra M. Givens
101 Second Street, Suite 2300

16

San Francisco, CA 94105
Telephone: (415) 318-1200

17

ccorrell@kslaw.com
mblaschke@kslaw.com

18

agivens@kslaw.com

19

*Attorneys for Defendant Chevron Corporation*

20

21

22

23

4815-0965-3960, v. 1
2031443.7

24

25

26

27

28