UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 19-md-02913-WHO<br><br>**CASE MANAGEMENT ORDER NO. 11: RE REMOTE DEPOSITIONS** |

The COVID-19 global pandemic has affected virtually every aspect of American society, including civil litigation in this Court and across the federal system. Governmental authorities have responded to this public health emergency by imposing travel restrictions, "stay at home" directives, and other social distancing measures designed to slow the communal spread of the disease. While the Parties may prefer to conduct in-person depositions in this litigation, social distancing restrictions and personal and public health concerns may sometimes preclude this option. Pursuant to Fed. R. Civ. P. 30(b)(4), this Court issues the following protocol to govern depositions where all, or most of the participants, including the court reporter and videographer, are attending remotely ("Remote Deposition").

1. Subject to all of the conditions below, depositions for cases filed in *In Re Juul Labs, Inc., Marketing, Sales Practices, And Products Liability Litigation*, Case No. 2:19-md-02913, may be noticed to take place remotely via video or internet video conference technology.

2. The protocols in this Order supplement Case Management Order No. 10 Deposition Protocol (Dkt. 573) and Case Management Order No. 9 Joint Coordination Order

1  (Dkt. 572). If the deposition protocols in this Order are deemed to conflict with any provisions in
2  the Joint Coordination Order or Deposition Protocol, the protocols in this Order shall control.

3      3.      The protocols in this Order shall apply to depositions of fact witnesses, including
4  those taken pursuant to the Deposition Protocol, and supplement that Order. For the avoidance of
5  doubt, this Order shall not apply to expert depositions. Protocols for remote depositions not
6  covered by this Order will be set forth in future order(s).

7      4.      Any Remote Deposition taken pursuant to this Court's Orders must comply with
8  the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (1) "[u]nless the
9  parties stipulate otherwise, a deposition must be conducted before an officer appointed or
10 designated under Rule 28," and (2) that officer must administer the oath or affirmation to the
11 deponent. A Remote Deposition taken pursuant to this Case Management Order will be deemed
12 to have been taken before an appropriate officer despite the court reporter not being in the same
13 physical location as the witness—as long as the court reporter attends the deposition by the same
14 remote means as the other participants and is able to hear and communicate with other attendees.
15 To the extent permitted by the law of the state in which the witness is located, the witness may be
16 sworn in remotely with the same effect as an oath administered in person.

17     5.      The deposition notice for any Remote Deposition pursuant to Fed. R. Civ. P. 30
18 must list the location(s) (city and state) from where the witness, the court reporter, and the
19 videographer will attend.

20     6.      All deposition notices must identify the company that will host and record the
21 Remote Deposition (the "Remote Deposition Vendor") and contain a general description of how
22 those attending may access the remote connection being utilized (e.g., GoToMeeting, Zoom,
23 WebEx). The party noticing the deposition must provide the witness and all other attendees with
24 detailed instructions regarding how to participate in the Remote Deposition at least three business
25 days before the deposition—and will use best efforts to provide the detailed instructions at least
26 five business days before the deposition. The noticing party shall bear the costs of the Remote
27 Deposition Vendor, except that if another party objects to the technology proposed by the
28

1  noticing party, and the noticing party is amenable to use another technology proposed by the
2  objecting party, the objecting party shall bear the costs of the technology proposed.

3       7.     To host a Remote Deposition, a Remote Deposition Vendor must have
4  implemented adequate security measures to ensure the confidentiality of the Remote Deposition
5  (e.g., video and audio feeds, exhibits).  These security measures include using tools such as a
6  "virtual waiting room" that allows the court reporter to admit only individuals authorized to
7  attend the deposition.

8       8.     At least 24 hours before the Remote Deposition is scheduled to start, noticing
9  counsel, defending counsel, the witness, and the Remote Deposition Vendor must conduct a test
10 of the system, equipment, and internet connection that will be used to conduct the Remote
11 Deposition (the "Remote Deposition Technology").  If a witness noticed for a Videoconference
12 Deposition does not have a webcam-equipped tablet, desktop or laptop computer that can be used
13 during the deposition, counsel defending the deposition must provide the deponent with an
14 agreed-upon tablet, desktop, or laptop computer containing the audio, webcam, and Wi-Fi
15 connectivity needed to participate in the deposition.  If a witness noticed for a Videoconference
16 Deposition is not being defended by counsel for any Party to this action, the Parties will confer
17 regarding a reasonable method for providing the deponent with an agreed-upon tablet, desktop, or
18 laptop computer containing the audio, webcam, and Wi-Fi connectivity needed to participate in
19 the deposition.

20      9.     At the time of the deposition, the witness must advise the court reporter of his or
21 her physical location.  The witness should endeavor to participate in the deposition from a quiet,
22 well-lit, indoor location, while seated in front of a neutral background, and facing the camera
23 being used to record the witness.  Only the witness's counsel and in-house counsel is/are
24 permitted to be in the same location as the witness during remote testimony, if the witness
25 consents and such attendance is consistent with social distancing restrictions.  Unless otherwise
26 stipulated by the noticing party and counsel for the witness, the deponent participating in a
27 Remote Deposition must participate through video conference (or other remote means capable of
28 producing audio-video transmission), as opposed to telephone or other audio-only means, so that

1  the officer and noticing party may properly identify and observe the witness throughout the
2  deposition.

3      10.    If counsel for the witness attends the deposition in person, that counsel shall also
4  log into the Remote Deposition, so that all participants can see and hear the counsel for the
5  witness at all times that the deposition is being conducted on the record.  Both counsel and the
6  witness shall also comply with any government law, regulation or guidance regarding public
7  health and safety during the COVID-19 pandemic.

8      11.    To avoid any potential disruptions of a Remote Deposition, those attending must
9  enable "do not disturb" settings for applications not in use, including but not limited to, Skype,
10 instant messaging, and/or e-mail notifications.  While on the record, the witness must put away
11 and not look at devices other than the device(s) being used for the Remote Deposition.  While on
12 the record, there shall be no other programs displaying images on the witness's screen other than
13 the agreed-upon Remote Deposition platform and any exhibits that have been marked for the
14 deposition.  The Court recognizes that the microphones for certain attendees (such as the witness,
15 the court reporter, the attorney taking the deposition, and the attorney defending the deposition)
16 must remain on when the deposition is on the record.  Other attendees should mute microphones
17 when not speaking. The participating attorneys may be visible to all other participants during the
18 deposition.

19     12.    Each witness, attorney, or other person attending the deposition, either remotely or
20 in-person, shall be identified on the record by name and physical location at the beginning of the
21 deposition (except for consulting experts).  Any individual participating remotely should not do
22 so in a public space.  Participants should ensure that they are acting in compliance with the
23 governing protective order.  After the deponent has been sworn, the deponent must confirm that
24 he or she has either powered down or, at a minimum, temporarily disabled the listening function
25 on any Google Home, Amazon Echo, or any other known "listening devices" placed within
26 listening distance of the deponent.

27     13.    A videographer employed by the Remote Deposition Vendor will record the
28 witness's deposition testimony, by the best technological means available, including remote video

1  capture/recording.  The video recording of the deposition may only be suspended during the
2  deposition upon stipulation by counsel conducting and defending the deposition.  With the
3  exception of the videographer and the court reporter, the deposition may not otherwise be
4  recorded electronically without the consent of the Parties. The videographer must only record (1)
5  the audio and video of the witness's testimony; (2) the video of any documents being displayed or
6  annotated for the witness during the deposition; (3) the audio of the attorney actively questioning
7  the witness; and (4) audio of the defending attorney not actively questioning the witness (or any
8  other attorney making an objection on the record).

9  14.  <u>Acceptable Exhibit Formats</u>: During the deposition, full and complete copies of
10  deposition exhibits must be provided to the witness and counsel who are attending the deposition.
11  Deposition exhibits may be made available in physical (hardcopy) form or via the Remote
12  Deposition Technology, file sharing software, or other electronic means.

13  15.  <u>Electronic Exhibits</u>: Exhibits provided electronically shall be accessible such that
14  the deponent and counsel may review the entire exhibit on their own computers or devices,
15  without reliance on the noticing attorney's "share screen." In the case of electronic exhibits, a
16  witness may be required to use a keyboard, mouse, or other similar means to open and/or advance
17  the pages of an exhibit. In such instances, access to a full copy of the deposition exhibit
18  electronically via iPad, tablet, laptop, or other devices, will be deemed to equate to hardcopy
19  access. The fact that a witness was provided with only an electronic copy of an exhibit will be an
20  insufficient basis, by itself, to object to the admissibility of that exhibit at trial.

21  16.  <u>Hardcopy Exhibits</u>:  Notwithstanding the foregoing and only if agreed in writing
22  by the participants in a particular deposition, all documents any attorney expects to use as exhibits
23  at a deposition that exceed 100 pages shall be sent to the witness in advance of the deposition in
24  hard copy form.  In addition, the Parties agree to work in good faith to reach agreements
25  regarding the provision of hard copy exhibits to a deponent for whom electronic-only versions are
26  particularly problematic.  To the extent hardcopy exhibits are provided to the deponent, the
27  package containing the documents shall be sealed, and the witness shall unseal it only when asked
28  to do so on the record at the deposition.

17. While the deposition is on the record, no person aside from the attorney conducting the examination is permitted to communicate with the witness directly or indirectly by any means not recorded in the same manner as the deposition itself (e.g., no private messages, text messages or emails). However, the witness's counsel may communicate with the witness in person, telephonically, or by other electronic means during breaks (including, but not limited to, by means of the use of remote connection software), consistent with Federal Rule of Civil Procedure 30(c)(1). To the extent that the Remote Deposition Vendor's technology includes a "chat" feature or similar capabilities, the noticing party shall ensure that the Remote Deposition Vendor either: (a) disables the feature or (b) implements settings (if available) that require all communications to be seen by all Participants. Nothing in this provision is to be read as prohibiting otherwise appropriate communications among participants and/or attendees by other means.

18. During breaks in the deposition, the Parties may use the breakout room feature provided by the Remote Deposition Vendor, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Remote Deposition Vendor prior to the deposition and controlled by the Remote Deposition Vendor.

19. Technical difficulties, including but not limited to pauses, lags, and/or interruptions in Internet connection shall be addressed as they would be in any in-person deposition. The Parties shall go off the record and attempt to resolve the issue. Technical difficulties will not result in waiver of objections by any party. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should: (1) extend the Remote Deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or (2) consider rescheduling the Remote Deposition for a later date, if the additional time required is an hour or more.

20. Any Remote Depositions conducted in accordance with these protocols may be admitted at trial with the same effect and pursuant to the same evidentiary rules as one recorded in-person. The "Confidential" or "Highly Confidential" designation of all or portions of Remote

1  Depositions will be governed by the provisions MDL Protective Order and the Deposition
2  Protocol (ECF Nos. 308, 573).
3       21.    The Parties acknowledge that Remote Depositions may take longer to complete
4  than an in-person deposition due to logistical challenges beyond anyone's control, and because it
5  may take time for everyone to adjust to the technology.  While the Parties will endeavor in good
6  faith to comply with the time limits set forth in the Deposition Protocol, there may be
7  circumstances under which depositions may need to exceed those limits.  The Parties will be
8  respectful and collaborative under these circumstances and will make good faith efforts to make
9  reasonable accommodations to allow all Parties adequate additional time to conduct a fair
10 examination. Nothing in this Order prevents a Party from moving for a protective order under
11 Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed in person.  However,
12 where a Remote Deposition has been requested by the deponent, the court reporter, or an
13 attorney, an in-person deposition may not be conducted without leave of the court, pursuant to the
14 procedures laid out in Section 7 of the Stipulated Joint Coordination Order ("Discovery Dispute
15 Resolution").  Further, nothing in this Order precludes counsel for a witness from being in the
16 same room as the witness, if the witness consents and such attendance is consistent with social
17 distancing restrictions.
18       SO ORDERED, on this 21st day of August, 2020.

_____
Judge William H. Orrick
UNITED STATES DISTRICT JUDGE