1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

In Re: Juul Labs, Inc., Marketing, Sales
Practices, and Products Liability Litigation

Case No.  19-md-02913-WHO

8
9
10

**ORDER REGARDING SEPTEMBER 21, 2020 HEARING AND CASE MANAGEMENT CONFERENCE; TENTATIVE OPINIONS**

11
12

In advance of the September 21, 2020 hearing on the first group of motions to dismiss, I

13

provide the following guidance.

14

Each side (defendants collectively and plaintiffs collectively) will have up to two hours of

15

argument time each.  How each side allocates their two hours of argument time is up to them, but

16

the allocation should be informed by the tentative opinions provided below.  **The hearing on the**

17

**motions will not exceed four hours in total**.  Motions will be heard in the order they appear in

18

the tentatives below.  I will take a 15-minute break in the morning and a lunch break at noon or

19

shortly after.

20

On or before **8:00 am PST Monday September 21, 2020**, Liaison Counsel for defendants

21

and Co-Lead plaintiffs' counsel shall email WHOpo@cand.uscourts.gov and

22

WHOcrd@cand.uscourts.gov a list of attorneys who are expected to argue during the hearing on

23

the motions and, separately, during the Case Management Conference.  There is no limit on the

24

number of attorneys who may address the substantive issues, and I generally encourage parties to

25

allow more junior attorneys and/or attorneys who have not yet appeared before me to argue issues

26

for which they had significant responsibility. That said, I do not want to hear argument for the

27

sake of argument; the choice of who argues should be informed by the tentative opinions and time

28

limit.

United States District Court
Northern District of California

1   At the conclusion of the hearing on the motions, I will start the Case Management

2   Conference.  There will be no liaison and Lead Counsel pre-meeting prior to the Case

3   Management Conference.

4

5   **TENTATIVE OPINIONS**

6   To help guide the parties in allocating their argument time, I provide the following

7   tentative opinions.

8   Motions to Stay or Dismiss Under Primary Jurisdiction Doctrine

9   The motions should be DENIED.  While the FDA is considering JLI's PMTA and its

10   determination will likely have relevance to a subset of the claims at issue in these MDL

11   proceedings, the TCA leaves significant room for state law claims to proceed irrespective of what

12   the FDA determines on JLI's PMTA and the relevance of the FDA's determination as to some

13   claims does not justify the significant delay a stay would impose on these proceedings.

14   Motions to Dismiss Based on Preemption

15   The motions should largely be DENIED, without prejudice to preemption arguments being

16   re-raised if and when the FDA issues additional regulations or rulings relevant to JLI's products or

17   ENDS more generally.  At this juncture, the Court is inclined to adhere to the lines drawn in the

18   *Colgate* Orders regarding preemption, including with respect to claims asserted against the

19   Retailer Defendants.

20   Plaintiffs shall be prepared to address why the otherwise expressly-saved product liability

21   claims based on a failure to warn of nicotine addiction on product packaging are not subject to

22   conflict preemption principles.  Both sides shall identify the strongest caselaw for their opposing

23   positions on whether despite the savings clause some product liability claims can nonetheless be

24   subject to conflict preemption.

25   The parties shall be prepared to discuss when I should address conflict preemption (based

26   on specific standards that have been or will be promulgated by the FDA).

27   Motions to Dismiss RICO Claims

28   The motions should be GRANTED in part, with leave to amend.  Plaintiffs shall be

United States District Court
Northern District of California

1    prepared to address the sufficiency and plausibility of their allegations with respect to the (1)

2    distinctness of the Enterprise; (2) Veratad's role in the scheme to defraud and the individual

3    defendants knowledge of and interactions with Veratad as part of the Enterprise; and (3) if certain

4    alleged acts of wire or mail fraud are not independently actionable (under the *Noerr-Pennington*

5    doctrine, or as opinion or puffery) whether they still have sufficient evidence of both the scheme

6    to defraud and the requisite pattern of predicate acts.

7    <u>Motions to Dismiss California Claims</u>

8          The motions should be DENIED, or granted in very limited part to allow leave to amend

9    (for example, with respect to the CLRA venue declaration and to expressly allege inadequate

10   remedies at law).  Given the clarifications plaintiffs make in their oppositions to defendants'

11   motions, the scope of some of the claims may be narrowed and types of relief limited as to some

12   of the defendants, but the claims themselves are adequately alleged and survive.

13         The Court is not inclined to address, at this juncture, any CAC claims other than those

14   asserted under California law.  A separate briefing schedule can be set to challenge the adequacy

15   of other state law claims and, relatedly, adequacy and jurisdiction of the Court over non-California

16   plaintiffs and defendants under those other state law claims.  As for the California claims, specific

17   jurisdiction is adequately alleged against each Director Defendant.

18   <u>Motions to Dismiss the Government Entity Complaints[1]</u>

19         JLI's motion to dismiss plaintiffs' public nuisance and negligence claims based on the

20   municipal cost recovery rule should be DENIED.  Plaintiffs' request for abatement falls under the

21   public nuisance exception.  It appears the doctrine is not applicable to plaintiffs' negligence

22   claims, for which they seek punitive damages, but the parties shall be prepared to address this

23   issue.

24         JLI's motion to dismiss plaintiffs' public nuisance claims should be DENIED.  Contrary to

25   JLI's mischaracterization, the allegations here are not premised on a defect of the JUUL products,

26

27   _____

[1] Gross negligence and punitive damages are not cognizable causes of action.  Plaintiff's gross
28   negligence allegations are deemed subsumed in their negligence cause of action.  Punitive
     damages remain as a requested form of relief.

3

but rather on JLI's promotion of JUUL to youth and efforts to create and maintain an e-cigarette market based on youth sales.  Plaintiffs sufficiently plead interference with a public right (public health), JLI's control over the nuisance-causing instrumentality (marketing and distribution targeted at the youth population), and a special injury that is unique to the schools and different from the harm suffered by the general public.  It appears that Santa Cruz County has also sufficiently pleaded a special injury for its non-representative public nuisance claim, but plaintiffs shall be prepared to respond to the arguments raised in JLI's reply brief.

JLI's motion to dismiss plaintiffs' negligence claims should be DENIED.  It is foreseeable that school districts would bear the costs of combating a youth e-cigarette crisis allegedly created by JLI's conduct in designing a product that appealed to young users and marketing it directly to youth.  Public policy considerations weigh in favor of finding a duty and thwart limitless or unbounded liability concerns.  The economic loss doctrine does not bar these claims in Arizona, Florida, and New York.  Plaintiffs shall be prepared to discuss whether California and Pennsylvania courts have similarly refused to apply the doctrine outside the product liability context, as is the case here, or other reasons why their negligence claims would not be barred by the doctrine in those states.

JLI's motion to dismiss the consumer protection claims for failure to allege actual damages should be DENIED.  The school districts' alleged damages are not derivative of the student users' damages or personal injuries.

Altria's motion to dismiss for failure to state a claim should be DENIED.  Plaintiffs sufficiently allege Altria's role in creating and maintaining the youth e-cigarette crisis, which began before it formally invested in JLI in December 2018.  These allegations form the basis of plaintiffs' public nuisance, negligence, and consumer protection claims.  I must accept these non-conclusory allegations as true. Altria's attempt to factually dispute them is inappropriate at this stage.

JLI and Altria's motion to dismiss the public nuisance and negligence claims for failure to plead proximate causation should be DENIED.  Plaintiffs sufficiently allege that each defendant's alleged conduct was a substantial factor in causing them harm.  Their state law claims survive

1   even if the more stringent RICO proximate cause standard is not satisfied.

2   The Management Defendants' motion to dismiss for lack of personal jurisdiction should be

3   DENIED.  Specific personal jurisdiction is proper due to the impact of the Management

4   Defendants' nationwide conduct on the forum states, from which plaintiffs' claims arise.

5   The Management Defendants' motion to dismiss for failure to state a claim should also be

6   DENIED.  Plaintiffs sufficiently describe the Management Defendants' personal participation,

7   both as a unit and individually, in designing the product to appeal to youth, developing the youth-

8   targeted marketing strategy, and/or approving the implementation of that strategy while knowing

9   the potential harmful appeal to youth users.  These allegations form the basis of plaintiffs' public

10  nuisance, negligence, and consumer protection claims.  It is clear that courts in Arizona,

11  California, New York and Pennsylvania have recognized individual liability for a public nuisance

12  tort.  The parties shall be prepared to address whether Florida courts do too.  Plaintiffs shall also

13  be prepared to respond to the Management Defendants' argument that abatement is impossible

14  when an individual director is no longer part of the corporation or has no authority to take action

15  on behalf of the corporation without the consent of the board of directors.

16  **IT IS SO ORDERED.**

17  Dated: September 18, 2020



William H. Orrick
United States District Judge