1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE JUUL LABS, INC., MARKETING,          Case No. 19-md-02913-WHO
     SALES PRACTICES, AND PRODUCTS
12   LIABILITY LITIGATION
                                                **SECOND AMENDED CASE**
13                                              **MANAGEMENT**
                                                **ORDER NO. 3 – DIRECT FILING ORDER**
14   This Document Relates to:

15   ALL ACTIONS

16

17          **SECOND AMENDED CASE MANAGEMENT ORDER NO.  3**

18   **I.      Scope of Order**

19          This Order shall govern all actions in the above-captioned MDL proceeding ("the MDL")

20   to the extent set forth herein that are directly filed in this District as a member case of the MDL

21   after the date of this Order.

22   **II.     Direct Filing of Actions into the MDL**

23          **A.      Direct Filing**:  To eliminate potential delays associated with transfer to this Court

24   of actions filed in or removed to other federal district courts, and to promote judicial efficiency,

25   any Plaintiff whose action qualifies for transfer to the MDL may, subject to the provisions set

26   forth below, file his or her action against one or more Defendants hereto directly in this District as

27   a member case of the MDL.

28

1    **B.    Pretrial Proceedings Only; No *Lexecon* Waiver**:  Each action filed directly in

2    this District will be deemed related to and become a member case in the MDL for pretrial

3    proceedings, consistent with the JPML's October 2, 2019, transfer Order.  Plaintiffs' and

4    Defendants' agreement to this Order does not constitute a waiver under *Lexecon, Inc. v. Milberg*

5    *Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) ("*Lexecon*"), by any party.  However,

6    nothing in this Order shall preclude the parties from agreeing to such waivers in the future.

7    **C.    Designated Forum.**  Each case filed directly in this District as a member case of

8    the MDL must identify the federal district court in which the Plaintiff would have filed his or her

9    case in the absence of direct filing.  This designation, shall not, standing alone, constitute a

10   determination by this Court that jurisdiction or venue is proper in the designed forum.  At the

11   completion of all pretrial proceedings applicable to such cases, and subject to any agreement that

12   may be reached concerning a waiver of the requirements for transfer pursuant to *Lexecon*, this

13   Court will transfer such cases to a federal district court of proper venue as defined by 28 U.S.C. §

14   1391.  The parties reserve all rights with respect to the proper venue for remand and any post-

15   remand jurisdictional, venue, or forum challenges or motions, including pursuant to 28 U.S.C. §

16   1404(a). For purposes of this Amended Order, and not limited to this section, "the parties" shall

17   include "CMO NO. 3 DEFENDANTS" and "NEWLY NAMED DEFENDANTS".

18   **D.    Choice of Law**.  Filing an action as a member case of the MDL pursuant to this

19   Order will not determine the applicable choice of law, including the choice of law for any of the

20   claims in the action and for statute of limitations purposes.  The parties' agreement to this Order

21   shall not constitute a waiver of or agreement to the application of any choice of law principles or

22   substantive choice of law to a particular Plaintiff's action.  The fact that an action was filed in this

23   District as a member case of the MDL pursuant to this Order will have no impact on choice of

24   law.  Choice of law issues are reserved and shall be briefed, as appropriate, at a later date.

25   **E.    Electronic Filing of Complaints**.  All complaints must be filed electronically.

26   Filing of a complaint in this District requires the completion of a Civil Cover Sheet which can be

27   found here: https://www.cand.uscourts.gov/forms/civil-forms/. When filing a complaint in this

28   District pursuant to this Order, plaintiff's counsel must identify the MDL Case name and number

1865184.6                                  - 2 -            SECOND AMENDED CASE MANAGEMENT ORDER NO. 3,
                                                                    CASE NO. 19-MD-02913-WHO

1    in Section VIII of the Civil Cover Sheet to ensure the case is included as a member case of the

2    MDL. Before any Plaintiff's attorney files a complaint in this District pursuant to this Order, that

3    attorney must become a Northern District of California ECF User and must be assigned a

4    Northern District of California ECF login name and password in accordance with Pre-Trial Order

5    No. 1 entered on October 2, 2019.  All forms and instructions may be found on the Court's

6    website at www.cand.uscourts.gov/cm-ecf.

7         **F.      Attorney Admission**.  Immediately after filing a complaint in this District

8    pursuant to this Order, counsel who are not admitted to practice in the Northern District of

9    California must file an application to be admitted *pro hac vice* in accordance with instructions

10   provided in Pre-Trial Order No. 1 entered on October 2, 2019, as well as Northern District of

11   California Civil Local Rule 11-3. The *pro hac vice* application shall be filed only in the

12   underlying member case, and not in the main MDL Docket.  Any attorney whose *pro hac vice*

13   application is granted in a member case has permission to appear in MDL proceedings and file in

14   the main MDL Docket.  Once a counsel is admitted *pro hac vice* for any case in this litigation,

15   that admission will suffice for any future cases filed in this MDL.

16        **G.      Service of Process**.   For Complaints that are properly filed in, removed to, or

17   transferred to this MDL, the following "CMO NO. 3 DEFENDANTS" and "NEWLY-NAMED

18   DEFENDANTS" per CMO NO. 7 (Doc. No. 309) agree to waive formal service of summons

19   pursuant to Rule 4 of the Federal Rules of Civil Procedure. This Case Management Order shall

20   supersede Section IV of CMO NO. 7 with respect to service of on the "NEWLY-NAMED

21   DEFENDANTS." Service upon these entities will be deemed complete upon providing copies of

22   the Short Form Complaint, Summons, Civil Cover Sheet and copies of this Order, CMO NO. 7 and

23   CMO NO. 7(B) to the following email addresses:

24        **JUUL Labs, Inc.**
         MDL2913_Service_JUUL@kirkland.com

25

26        **Altria Group, Inc. Defendants (Including Phillip Morris USA, Inc.)**
         MDL2913_Service_AltriaGroupInc@arnoldporter.com
27       MDL2913_Service_PMUSA@arnoldporter.com
         MDL2913_Service_AltriaClientServices@arnoldporter.com
28       MDL2913_Service_AltriaDistributionGroup@arnoldporter.com
         MDL2913_Service_AltriaEnterprises@arnoldporter.com

1

2      **James Monsees**
       mdl2913_service_monsees@orrick.com

3      **Adam Bowen**
       MDL2913_Service_Bowen@boersch-illovsky.com
4

5      **Hoyoung Huh, Riaz Valani, Nicholas Pritzker**
       JUULMDLService@nixonpeabody.com

6
       **Mother Murphy's Laboratories, Inc.**
7      MDL2913_Service_MotherMurphysLaboratoriesInc@tysonmendes.com

8      **Alternative Ingredients, Inc.**
       MDL2913_Service_AlternativeIngredientsInc@tysonmendes.com
9

10     **Tobacco Technology, Inc.**
       MDL2913_Service_TobaccoTechnology@tydings.com

11
       **Eliquitech, Inc.**
12     MDL2913_Service_Eliquitech@tydings.com

13     **McLane Company, Inc.**
       MDL2913_Service_McLane@wtotrial.com
14

15     **Eby-Brown Company, LLC**
       MDL2913_Service_EbyBrown@esbrooklaw.com

16
       **Core-Mark Holding Company, Inc.**
17     CoreMarkJUULService@weil.com

18     **Chevron Corporation**
       MDL2913ServiceChevron@KSLAW.com
19

20     **Circle K Stores Inc.**
       MDL2913_Service_CircleK@esbrooklaw.com

21
       **Speedway LLC**
22     MDL2913_Service_Speedway@esbrooklaw.com
       **7-Eleven, Inc.**
23     MDL2913_Service_7Eleven@esbrooklaw.com

24
       **Walmart**
25     MDL2913_Service_Walmart@kslaw.com

26     **Walgreens**
       MDL2913_Service_Walgreens@esbrooklaw.com
27

28

1865184.6

1    Defendants' email system will generate an automated response to the sender upon receipt of an e-

2    mail to the designated address.  The automated response will confirm receipt of the e-mail and

3    shall constitute proof of service upon each Defendant who has agreed to service per this Order.

4    Defendants will not otherwise respond to emails sent to the above e-mail address.  Plaintiffs shall

5    make proof of electronic service to the Court as required by Rule 4(1) of the Federal Rules of

6    Civil Procedure.  For all Complaints filed in, removed to, or transferred to this MDL: (i) all

7    requests for issuance of summons shall be made in the underlying member case, and not through

8    the MDL case; (ii) all proofs of service shall be filed only in the underlying member case and not

9    in the MDL Docket.  Acceptance of electronic service shall not constitute a waiver of any

10    defense.

11         **H.     Preservation of Defenses**. Neither the existence of this Order nor any of its terms

12    shall in any manner burden the right of any "CMO NO. 3 DEFENDANTS" or "NEWLY

13    NAMED DEFENDANTS" to assert defenses available under Federal Rule of Civil Procedure

14    12(b) or otherwise challenge the sufficiency of any claim in the Consolidated Master Complaint

15    or Consolidated Amended Master Complaint under the applicable laws. This Order and its terms

16    are expressly limited to this matter and shall not be used as evidence or considered in any other

17    matter filed against "CMO NO. 3 DEFENDANTS" or "NEWLY NAMED DEFENDANTS" as a

18    waiver to assert defenses of any kind including, but not limited to, choice of law, jurisdiction and

19    venue. Neither the existence of this Order nor any of its terms shall in any manner burden the

20    right of any "CMO NO. 3 DEFENDANTS" or "NEWLY NAMED DEFENDANTS" to assert

21    defenses of any kind including, but not limited to, those available under Federal Rule of Civil

22    Procedure 12(b) in any unrelated matter. All such defenses are expressly reserved by "CMO NO.

23    3 DEFENDANTS" and "NEWLY NAMED DEFENDANTS."

24         **I.     Filing Fees**.  Internet credit card payments shall be required for all electronically

25    filed complaints and made online through pay.gov.  Plaintiff's counsel will be prompted to pay

26    the required filing fee.  Information regarding filing fees may be found at

27    https://www.cand.uscourts.gov/ecf/payments.

28

1    **J.      Response to Complaint**.  Defendants need not move, plead, or otherwise respond

2  to any Complaint directly filed in this District as a member case of the MDL until so ordered by

3  the Court.

4

5          **IT IS SO ORDERED**.

6

7  Date:  September 21, 2020

8

9

10                                    HON. WILLIAM H. ORRICK
                                      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1865184.6                                - 6 -                SECOND AMENDED CASE MANAGEMENT ORDER NO. 3,
                                                                    CASE NO. 19-MD-02913-WHO