1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No.  19-md-02913-WHO   (JSC)

**IN RE JUUL LABS, INC.,
MARKETING, SALES PRACTICES &
PRODUCTS LIABILITY LITIGATION**

**ORDER REGARDING GOVERNMENT
ENTITY PLAINTIFF FACT SHEETS**

Re: Dkt. No. 1016

On October 7, 2020, the Court held a formal discovery hearing on the parties' disputes over the questions that should be included in the Government Entity and School District Plaintiff Fact Sheets (PFSs).  Having heard argument on the matter, the Court rules as follows.

Plaintiffs' PFSs provide – with some significant clarifications and a few additions/modifications– the relevant information necessary for the parties and the Court to engage in bellwether selection, but also serve the purposes identified in the Joint Letter.  Dkt. No. 1016 (purposes of PFSs include "to facilitate settlement negotiations" and "to screen cases in which plaintiffs lack information to support a claim against a defendant").  Much of the information Defendants seek is inappropriate for inclusion in a fact sheet.  For example, they ask Plaintiffs to quantify the amount of damages per category suffered, and to allocate such damages among Defendants.  Such quantification and allocation is likely not possible until expert reports are prepared.  Other questions ask minutia of limited relevance at this stage, for example the name of each school in a district and the number of students per school.  Further, this detailed information is likely available online if Defendants actually want it now.  On the other hand, some of the information Defendants seek and that Plaintiffs do not appear to include seems relevant, helpful and, with modification, not burdensome.

By this Order the Court does not intend to dictate the final form of the fact sheets; instead, it is ordering the parties to begin with Plaintiffs' PFSs and then make changes in accordance with the Court's direction given below.

United States District Court
Northern District of California

### A. Clarifications

#### 1. "Reports" "in the ordinary course of business"

The primary clarification is that the "reports" maintained "in the ordinary course of business" – as used throughout Plaintiffs' proposed PFSs – means any existing report, survey, analysis, study, or other document tracking or otherwise providing an overview of the issues (JUUL use/prevention/discipline, other non-JUUL e-cigarette use/prevention/discipline, tobacco use/prevention/discipline, etc.). The information provided and documents produced under Plaintiffs' PFSs as modified by this Order would necessarily include reports, surveys, analyses, studies, etc., that document the prevalence of JUUL use (and ones discussing the prevalence of the comparator products/substances) as well as the expenditures each plaintiff and any of its subdivisions made to address the use of those products/substances.

If these types of documents exist, they are covered by the Plaintiffs' proposed PFSs and should be produced. What is not covered and does not need to be described, located, or produced is, for example, information regarding expenditures made at the school/district/municipal levels that has not been compiled and summarized, evidence regarding records of discipline at the school or district level that has not been compiled and summarized, or emails/other forms of communication that touch upon the relevant issues. In other words, Plaintiffs are not required to compile, sort, and describe or produce underlying records that might show the prevalence of use or expenditures incurred to address these products/substances.

That already compiled information is only available or stored via email is not a reason for it not to be produced. The Court expects each Plaintiff to diligently investigate whether it has compiled in any form the information sought. This investigation might involve a district employee asking an appropriate person at each school to provide the district with a document/report that has already compiled information, or a municipality asking an appropriate person at particular city agencies. For example, each Government Entity should gather all reports (as defined above) that they have and can reasonably locate that describe, record, etc. e-cigarette and vaping use and consequent problems/issues.

//

2

### 2. "Citizen"

The non-school district Plaintiff PFS uses the term "citizen."  The Court assumes, but does not know, that Plaintiffs are using "citizen" to mean residents within the geographic bounds of the government entity plaintiff and not in a legalistic way.  The parties might want to define that term so that the fact sheets are answered consistently by each responding plaintiff.

### B. Additions/Modifications

#### 1. Numbers of people

One minor difference between Plaintiffs' and Defendants' proposed PFSs is that Plaintiffs call for current student numbers (School PFS Nos. 8-12) or citizens (Government No. 9), whereas Defendants ask for numbers for each year from 2010 to the present.  Numbers of students/residents could be important to bellwether selection, and the current number should give the parties a good estimate unless the current numbers are significantly different from past numbers.  Accordingly, Plaintiffs' PFSs should add a question that asks whether the number of students in the District or persons within the Government Entity's jurisdiction has been higher or lower in the past 10 years by a significant percentage (for example, 25%) or whatever percentage would actually be material.  If the answer is yes, then the Plaintiff should state when it was higher or lower and by approximately how much.

#### 2. Communications between the parties

Similarly minor (but given the nature of the parties' submission the Court has no way of knowing if material), Defendants' PFSs ask for interactions with Defendants while Plaintiffs ask only if Defendants contacted Plaintiffs. (*See e.g.,* Plaintiffs' Government No. 16.)  There seems to be no reason to limit the question to contacts initiated by defendants as opposed to interactions between the parties, to the extent known as the burden on the plaintiffs appears the same regardless.  If a municipality reached out to a Defendant (perhaps to ask for its assistance in combatting underage vaping, for example) that does not seem materially different from Defendants initiating contact with Plaintiffs.

#### 3. Government entities representing schools

Defendants' Government Entity PFS includes questions related to school districts similar

3

to those included in the School District fact sheets to the extent the government entity is seeking damages on behalf of the schools.  Plaintiffs do not include such questions in their Government PFS.  If that omission means that no government entity plaintiff is seeking damages on behalf of school districts then the Government Entity Plaintiffs should make that representation; if some are, then the Court can discern no good reason why these Government Entities should not have to answer at least some of the same questions as the School Districts to the extent they are seeking similar damages.

### 4.  Other issues

The above may or may not be at issue and there may be other similar issues; the parties' submissions did not really explain the many differences in their questions.  The Court nonetheless hopes that this provides the guidance needed to finalize the sheets.

### C. Dismissals

As to the dispute over timing and method of dismissal with prejudice for Government Entity and School District Plaintiffs who failed to submit adequate PFSs and who have already been dismissed without prejudice (under the parties' agreed-to provisions in the Proposed PFS Implementation Order, Dkt. No. 1016-3), Defendants may – consistent with the provisions provided in the Personal Injury PFS Implementation Order – move the Court no earlier than 30 days after the dismissal without prejudice to convert identified cases to an Order of Dismissal with prejudice.  The inclusion of this provision does not in any way reduce or mitigate Defendants' burden in proving to the Court that a dismissal with prejudice is warranted under whatever statute, rule or caselaw Defendants bring their motion.

### CONCLUSION

The parties are ordered to meet and confer by video and submit revised fact sheets on or before October 16, 2020.  As explained above, the parties shall start with Plaintiffs' PFSs and then modify from there.  To the extent there are still questions to which the parties cannot agree after exhausting all good faith efforts, by that same date the parties shall submit the agreed-to PFSs together with a submission that identifies each and every point of disagreement in an accessible format.  The Court will not hold a hearing so the submission must address each remaining dispute

in sufficient detail for the Court to resolve.  The Court is not inviting such a submission; instead, it is its hope that this Order can help the parties come to resolution.

**IT IS SO ORDERED.**

Dated: October 9, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge