1

2

3

4

5

6

7     [*Submitting Counsel on Signature Page*]

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11    IN RE: JUUL LABS, INC., MARKETING,          Case No. 19-md-02913-WHO
      SALES PRACTICES, AND PRODUCTS
12    LIABILITY LITIGATION                        **JOINT CASE MANAGEMENT**
                                                  **CONFERENCE STATEMENT AND**
13                                                **PROPOSED AGENDA**

14    This Document Relates to:

15    ALL ACTIONS

16

17          Pursuant to Civil Local Rule 16-10(d) and the Court's September 21, 2020 Minute Order

18    (ECF No. 993), counsel for Defendants Juul Labs, Inc. ("JLI"), Altria,[1] Director Defendants,[2] E-

19    Liquid Defendants,[3] Retailer Defendants,[4] and Distributor Defendants[5] (collectively

20    "Defendants"), and Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as

21

22    [1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs'
      Consolidated Class Action Complaint and Consolidated Master Complaint (collectively,
23    "Complaints"), *see* ECF Nos. 387, 388.

24    [2] "Director Defendants" refers to Messrs. James Monsees, Adam Bowen, Nicholas Pritzker,
      Hoyoung Huh, and Riaz Valani.

25    [3] "E-Liquid Defendants" refers to Mother Murphy's Labs, Inc., Alternative Ingredients, Inc.,
      Tobacco Technology, Inc., and Eliquitech, Inc.
26
      [4] "Retailer Defendants" refers to Chevron Corporation, Circle K Stores, Inc., Speedway LLC, 7-
27    Eleven, Inc., Walmart, and Walgreen Co.

28    [5] "Distributor Defendants" refers to McLane Company, Inc., Eby-Brown Company, LLC, and
      Core-Mark Holding Company, Inc.

                                        1              JOINT CASE MANAGEMENT
                                                       CONFERENCE STATEMENT

1  the "Parties") respectfully provide this Joint Case Management Statement in advance of the

2  Further Case Management Conference scheduled for October 16, 2020.

3  **I. PARTICIPANT INFORMATION**

4  The conference will proceed via Zoom, and the Parties will not appear in person. Anyone

5  who wishes to attend the conference must log in using the information available at:

6  https://www.cand.uscourts.gov/judges/orrick-william-h-who/.

7  **II. ISSUES TO BE DISCUSSED BELOW AND PROPOSED AGENDA**

8      1. Status of Case Filings and Dismissals

9      2. Case Management Matters

10      3. Rule 26(f) Report

11      4. Discovery Status

12      5. ADR Status

13  **III. STATUS OF CASE FILINGS AND DISMISSALS**

14  As of October 13, 2020, 1130 cases are pending in this MDL, naming 82 defendants. A

15  list of these defendants is attached as **Exhibit A**. To date, 963 personal injury cases and 131

16  government entity cases (including 93 school districts, 18 counties, 1 city, and 19 tribes) have

17  been filed in this MDL. 75 MDL plaintiffs have voluntarily dismissed their cases (71 personal

18  injury plaintiffs and 4 class plaintiffs).

19  There are 223 complaints pending in JCCP 5052, which is assigned to Judge Ann I. Jones

20  of the Los Angeles Superior Court as the Coordination Trial Judge. There are 58 government

21  entity cases, including 52 school districts and 162 personal injury cases brought on behalf of over

22  2200 individual personal injury plaintiffs. There are 16 defendants named in those cases.

23  The Parties are also aware of 14 cases filed by state attorneys general specifically:

24  California, Illinois, Hawaii, New York, North Carolina, Mississippi, Minnesota, Washington

25  D.C., Arizona, Pennsylvania, New Mexico, Massachusetts, Colorado, and Washington.

26  Plaintiffs' Liaison Counsel continue their outreach to various State Attorneys General to discuss

27  cooperation with this MDL. Counsel for Plaintiffs and Defendants will discuss a process for

28  updating the Court and the Parties regarding matters of significance in the "Related Actions", as

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1  required pursuant to the Coordination Order (CMO 9 at 1, 3), including whether such updates

2  should be provided as part of the Joint CMC Statements or on the first business day of each

3  month (as is currently in the CMO).

4  **IV.  CASE MANAGEMENT MATTERS**

5      **A.  Bellwether Jurisdiction Issues**

6  Pursuant to the Court's September 21, 2020 Minute Order, the Parties continued to meet

7  and confer and attempt to "agree on a solution that allows for the trial of representative cases over

8  which the Court can assert jurisdiction in the Northern District of California as bellwether." (ECF

9  No. 993 at 2.)  The Parties have been unable to reach an agreement on such a solution and

10  therefore propose each Party file simultaneous separate briefs of no more than 15 pages on

11  October 22, 2020.

12  In response to the Court's request for input on the mechanical procedure for the Court's

13  random selections for bellwether candidates, the  Parties will participate in a conference call with

14  Brown Greer, the vendor charged with maintaining the fact sheets, who we expect has the

15  technology and experience to do randomized selections.

16      **B.  Government Entity Bellwether Selection Protocol**

17  The Parties are meeting and conferring regarding the appropriate procedures for selecting

18  the Government Entity Bellwethers.  While the Parties are making progress, they request

19  additional time to either reach agreement on a selection procedure or narrow the issues that must

20  be presented to the Court for resolution.  Subject to the Court's approval, the Parties propose

21  submitting either agreed-upon or disputed procedures as part of the Case Management

22  Conference for the November status conference.

23      **C.  Class Bellwethers**

24  As discussed in previous case management statements, the Parties to the class action have

25  agreed that any California subclass and federal claims remaining after the Court rules on motions

26  to dismiss will be among the initial summary judgment, class certification, and trial bellwether

27  candidates. The Parties to the class action reserved their rights to propose additional state-

28  subclass claims for inclusion in the bellwether pool, but agreed that the later inclusion of any such

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

additional subclass claims will not impact or delay the schedule for adjudicating and resolving (through summary judgment, class certification, and/or trial) the claims asserted by the proposed California or federal subclasses.

Plaintiffs continue to advocate for Defendants' prompt identification of additional state subclass claims for consideration as class bellwethers, and remain available to confer with Defendants in this regard.  Plaintiffs have indicated that they will likely amend the Consolidated Class Action Complaint to add or dismiss class representatives and/or to address the Court's rulings on the pending motions to dismiss, but have continued to engage with Defendants on the scope of discovery they seek from the various class representatives.  Defendants are considering whether additional subclasses are appropriate, and believe a settled pleading and further information (including basic discovery from the proposed class representatives and the receipt of any amended complaint) should inform this discussion.

## V.      26(F) REPORT

Plaintiffs and Defendants continue Rule 26 discussions.  The parties had several meet-and-confer sessions and offer the following report:

### A.      Initial Disclosures

Plaintiffs and Defendants are continuing to meet and confer regarding supplementing certain Defendants' Initial Disclosures with the production of insurance policy documents, to the extent applicable, and the Parties continue to discuss the timing and Plaintiffs' Initial Disclosure Requirements.

### B.      Changes to Default Discovery Limits

The Parties continue to confer regarding changing the default discovery limits to accommodate the scale and complexity of the litigation.

## VI.     DISCOVERY STATUS

Since the September 21, 2020 Case Management Conference, discovery-related developments include the following:

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1

### A.     Party Discovery

2

***Personal Injury Plaintiff Fact Sheets***

3

On September 21, 2020, the Court entered CMO 12 regarding Supplemental Plaintiff Fact

4

Sheets and Retailer Defendant Fact Sheets.

5

***Government Entity Fact Sheets***

6

The Parties were unable to reach agreement on Government Entity fact sheets and

7

submitted competing fact sheets to Judge Corley for resolution.   On October 9, 2020, Judge

8

Corley issued an order resolving many of the issues relating to the Government Entity fact sheets

9

and providing additional guidance to the Parties regarding finalizing of the fact sheets.   As

10

directed by Judge Corley, the Parties are meeting and conferring and, if necessary, will submit

11

any narrow outstanding disputes to her by October 16th.   Dkt. No. 1038. The Parties appreciate

12

Judge Corley's guidance and anticipate being able to reach agreement on any outstanding issues.

***Class Representative Discovery***

13

The Parties continue to meet and confer concerning discovery of class representatives, and

14

will bring any remaining disputes to Judge Corley.

15

***JLI***

16

*Status.*   To date, Plaintiffs have served JLI with 390 requests for production of documents,

17

and 42 interrogatories (not including subparts).  JLI has produced over 1.3 million documents,

18

constituting over 6.5 million pages of documents, all of which have been previously produced to

19

state and federal regulatory bodies investigating JLI.  On October 7, JLI made its most recent

20

rolling production, which included over 300,000 documents.  On October 8, 2020, JLI and

21

Plaintiffs reached agreement on search terms, and JLI and Plaintiffs have agreed to a set of

22

custodians, which includes 99 individuals. The parties are conferring over the date by which JLI

23

will substantially complete their document production and will bring disputes to Judge Corley

24

promptly.

25

*PMTA-related discovery.* On October 8, 2020, Judge Corley ordered JLI to produce the

26

Premarket Tobacco Product Application ("PMTA") it recently submitted to the FDA regarding

27

JUUL products on or before October 15, 2020.  Dkt. No. 1036.  JLI will produce the PMTA with

28

and subject to heightened confidentiality protections, including those available under the

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1 │ operative Protective Order. Parties will confer as to any additional PMTA-related discovery

2 │ Plaintiffs seek and bring any unresolved issues to Judge Corley.

3 │     *Rule 30(b)(6) depositions.* On August 31, 2020, Plaintiffs served their First Notice of

4 │ Deposition pursuant to Fed. R. Civ. P. 30(b)(6) regarding the design and development of JUUL,

5 │ sources of JUUL ingredients and the content of JUUL warnings, and JLI served its responses to

6 │ and objections to the Notice and the accompanying document requests on September 30, 2020,

7 │ while reserving all rights with respect to further motion practice if necessary. Plaintiffs served a

8 │ second notice regarding marketing and advertisements on October 5, 2020. Plaintiffs have

9 │ requested that JLI produce a witness or witnesses before the end of November. JLI has not

10 │ foreclosed the possibility of a witness on certain 30(b)(6) topics by the end of November,

11 │ provided that issues concerning sequencing, scope, and other objections are resolved such that the

12 │ timing works on the topics that the parties agree should and/or the Court rules may proceed. The

13 │ parties will meet and confer over scope of the topics and bring to Judge Corley any areas in

14 │ dispute promptly.

15 │     Plaintiffs anticipate noticing multiple 30(b)(6) depositions, with each notice covering

16 │ separate, non-overlapping topics. To the extent not covered in the topics noticed to date (design &

17 │ development, marketing), Plaintiffs have advised that they plan to seek to depose JLI regarding

18 │ sales, youth prevention, and product testing/safety. Plaintiffs reserve the right to add additional

19 │ non-duplicative topics to this initial list. JLI does not agree to waive its right to seek to limit

20 │ Plaintiffs to one 30(b)(6) deposition notice and are open to meeting and conferring with Plaintiffs

21 │ on whether additional topics may be added to the extant Notice.

22 │     *Privilege.* The parties continue to meet and confer regarding JLI's privilege log entries

23 │ and will bring any unresolved issues to Judge Corley promptly.

24 │     ***Altria***

25 │     Altria has responded to certain of Plaintiffs' interrogatories and requests for production.

26 │ Altria's production to date includes approximately 716,000 documents consisting of over 4.8

27 │ million pages, largely including documents previously produced to the FTC. Plaintiffs and Altria

28 │ have reached agreement on custodians and search terms. The parties are conferring over the date

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    by which Altria will substantially complete their document production and will bring disputes to

2    Judge Corley promptly.

3         Plaintiffs and Altria continue to meet and confer regarding Altria's responses to Plaintiffs'

4    written discovery and will bring any unresolved issues to Judge Corley promptly.

5         ***Director Defendants***

6         Plaintiffs and the Director Defendants continue to meet and confer regarding the Director

7    Defendants' responses to Plaintiffs' initial sets of written discovery and will bring any unresolved

8    issues to Judge Corley promptly.

9         ***Retailer, Distributor, and E-Liquid Defendants***

10   Plaintiffs served the Retailer Defendants with written discovery requests on August 17,

11   2020.  Plaintiffs served the Distributor Defendants with written discovery requests on August 26,

12   2020.  Plaintiffs served the E-Liquid Defendants with written discovery requests on June 24, 2020.

13   On August 24, 2020, Plaintiffs and the liaison counsels for the Retailer, Distributor, and E-Liquid

14   Defendants held a meet and confer teleconference to discuss custodian identification and ESI

15   search terms.

16        Plaintiffs and the Retailer Defendants held a meet-and-confer session on September 15

17   regarding these Defendants' responses to Plaintiffs' first set of interrogatories.

18        Plaintiffs and the Distributor Defendants held meet-and-confer sessions on September 25

19   and September 29 regarding proposed ESI custodian lists and various issues in connection with

20   Plaintiffs' first set of requests for production and first set of interrogatories. The Retailer and

21   Distributor Defendants have all provided Plaintiffs with their proposed ESI custodian lists.

22        **B.       Coordination with JCCP on Discovery**

23        The MDL Plaintiffs are holding weekly calls with JCCP counsel regarding discovery

24   coordination.  Defendants appreciate and encourage coordination between the MDL and the JCCP,

25   as detailed by the Joint Coordination Order (CMO # 9, ECF No. 572) and the Deposition Protocol

26   (CMO #10, ECF No. 573).

27

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

**C.**     **Update Regarding Third-Party Subpoenas**

Plaintiffs have issued third party subpoenas to more than 153 entities or persons. A number of recipients have produced documents, while negotiations are ongoing with numerous others.

**D.**     **Deposition Protocol and Joint Use of Vendors**

The Parties conferred and reached agreement regarding an amended Deposition Protocol, filed on August 18, 2020 (Dkt. 888). After reviewing more than a dozen responses to Plaintiffs' requests for proposals, testing multiple platforms, and reaching consensus with Plaintiffs' leadership in the JCCP, Plaintiffs have selected a deposition vendor. Throughout this process, Plaintiffs attempted to work with Defendants to jointly retain a deposition vendor to minimize costs and promote efficiency, but those discussions have not progressed.

## VII.    ADR STATUS

Pursuant to Civil Local Rule 16-10(d), the Parties report that they continue to confer with Settlement Master Thomas J. Perrelli and cooperate with his recommendations.

1    Dated:  October 14, 2020                    Respectfully submitted,

2

3    By: /s/ *Renee D. Smith*                    By: /s/ *Sarah R. London*

4     Renee D. Smith (*pro hac vice*)             Sarah R. London
      James F. Hurst (*pro hac vice)*             **LIEFF CABRASER HEIMANN &**
5     **KIRKLAND & ELLIS LLP**                    **BERNSTEIN**
      300 N. LaSalle                              275 Battery Street, Fl. 29
6     Chicago, IL 60654                           San Francisco, CA 94111
      Telephone: (312) 862-2310                   Telephone:  (415) 956-1000
7

8
      By: */s/ Peter A. Farrell*                  By: */s/ Dena C. Sharp*
9
       Peter A. Farrell (*pro hac vice*)          Dena C. Sharp
10     **KIRKLAND & ELLIS LLP**                    **GIRARD SHARP LLP**
       1301 Pennsylvania Ave, N.W.                601 California St., Suite 1400
11     Washington, D.C. 20004                     San Francisco, CA 94108
       Telephone: (202) 389-5959                  Telephone: (415) 981-4800
12

13
      By: */s/ Gregory P. Stone*                  By: */s/ Dean Kawamoto*
14
      Gregory P Stone, SBN 78329                  Dean Kawamoto
15    Bethany W. Kristovich, SBN 241891           **KELLER ROHRBACK L.L.P.**
      **MUNGER, TOLLES & OLSON LLP**              1201 Third Ave., Ste. 3200
16    350 South Grand Avenue                      Seattle, WA 98101
      Fiftieth Floor                              Telephone:  (206) 623-1900
17    Los Angeles, California 90071-3426
      Telephone:    (213) 683-9100
18
                                                  By: */s/ Ellen Relkin*
      *Attorneys for Defendant Juul Labs, Inc.*
19
                                                  Ellen Relkin
20                                                **WEITZ & LUXENBERG**
                                                  700 Broadway
21                                                New York, NY 10003
                                                  Telephone: (212) 558-5500
22

23                                                *Co-Lead Counsel for Plaintiffs*

24

25

26

27

28

                                    9
                                                         CONFERENCE STATEMENT

1

2   By: */s/ John S. Massaro*                      By: */s/ James Kramer*

3   **ARNOLD & PORTER KAYE SCHOLER**              **ORRICK HERRINGTON &**
    **LLP**                                        **SUTCLIFFE LLP**
4
5   John C. Massaro (admitted pro hac vice)       James Kramer
    Jason A. Ross (admitted pro hac vice)         James Thompson
6   601 Massachusetts Ave., N.W.                  Walt Brown
    Washington D.C.  20001                        The Orrick Building
7   Telephone:   (202) 942-5000                   405 Howard Street
    Facsimile:  (202) 942-5999                    San Francisco, CA  94105-2669
8   john.massaro@arnoldporter.com                 Telephone: (415) 773-5700
    Jason.ross@arnoldporter.com                   jthompson@orrick.com
9                                                 jkramer@orrick.com
    *Attorneys for Defendants Altria Group, Inc.* wbrown@orrick.com
10  *and Philip Morris USA Inc.*
                                                  *Attorneys for Defendant James Monsees*
11

12  By: */s/ Eugene Illovsky*                      By: */s/ Michael J. Guzman*

13  **BOERSCH & ILLOVSKY LLP**                     **KELLOGG, HANSEN, TODD, FIGEL &**
                                                   **FREDERICK, P.L.L.C.**
14  Eugene Illovsky
    Martha Boersch                                 Mark C. Hansen
15  Matthew Dirkes                                 Michael J. Guzman
    1611 Telegraph Ave., Suite 806                 David L. Schwartz
16  Oakland, CA 94612                              Sumner Square, 1615 M St., N.W., Suite 400
    Telephone: (415) 500-6643                      Washington, DC 20036
17  eugene@boersch-illovsky.com                    Telephone: (202) 326-7910
    martha@boersch-illovsky.com                    mguzman@kellogghansen.com
18  matt@boersch-illovsky.com
                                                   *Attorneys for Defendants Nicholas Pritzker,*
19  *Attorneys for Defendant Adam Bowen*           *Riaz Valani, and Hoyoung Huh*

20
21
22
23
24
25
26
27
28

JOINT CASE MANAGEMENT
                                CONFERENCE STATEMENT

By: */s/ Mitchell B. Malachowski*

**TYSON & MENDES, LLP**

James E. Sell
Mitchell B. Malachowski
Stephen Budica
April M. Cristal
523 4th Street, Suite 100
San Rafael, CA 94901
Telephone:  (628) 253-5070
jsell@tysonmendes.com
mmalachowski@tysonmendes.com
sbudica@tysonmendes.com
acristal@tysonmendes.com

*Attorneys for Defendants Mother Murphy's
Labs, Inc., and Alternative Ingredients, I*


By: */s/ Michael L. O'Donnell*

**WHEELER TRIGG O'DONNELL LLP**

Michael L. O'Donnell
James E. Hooper
Marissa Ronk
370 17th Street, Ste. 4500
Denver, CO 80202
Telephone: (303) 244-1850
Odonnell@wtotrial.com
hooper@wtotrial.com
Ronk@wtotrial.com

*Attorneys for Defendant McLane Company,
Inc.*


By: */s/ David R. Singh*

**WEIL, GOTSHAL & MANGES LLP**

David R. Singh
Bambo Obaro
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3083
david.singh@weil.com
bambo.obaro@weil.com

*Attorneys for Defendant Core-Mark Holding
Company, Inc.*


By: */s/ Robert Scher*

**FOLEY & LARDNER LLP**

Robert Scher
Peter N. Wang
Graham D. Welch
Dyana K. Mardon
90 Park Avenue
New York, NY 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
rscher@foley.com
pwang@foley.com
gwelch@foley.com
dmardon@foley.com

*Attorney for Defendants Tobacco
Technology, Inc., and Eliquitech, Inc.*


By: */s/ Christopher J. Esbrook*

**ESBROOK LAW LLC**

Christopher J. Esbrook
David F. Pustilnik
Michael S. Kozlowski
77 W. Wacker, Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681
christopher.esbrook@esbrooklaw.com
david.pustilnik@esbrooklaw.com
michael.kozlowski@esbrooklaw.com

*Attorneys for Defendants Eby-Brown
Company, LLC, Circle K Stores, and 7-
Eleven, Inc., Speedway, and Walgreen Co.*

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1   By: */s/ Donald F. Zimmer, Jr.*

2   **KING & SPALDING  LLP**

3   Donald F. Zimmer, Jr.
    Quyen L. Ta
4   Jennifer T. Stewart
    101 Second Street, Suite 1000
5   San Francisco, CA 94105
    Telephone:    (415) 318-1200
6   fzimmer@kslaw.com
    qta@kslaw.com
7   jstewart@kslaw.com

8   *Attorneys for Defendant Walmart Inc.*

9   By: */s/ Charles C. Correll Jr.*

10  **KING & SPALDING LLP**

    Andrew T. Bayman (Admitted *pro hac vice*)
11  1180 Peachtree Street, Suite 1600
    Atlanta, GA 30309
12  Telephone: (404) 572-4600
    abayman@kslaw.com
13
    and
14
    Charles C. Correll, Jr.
15  Matthew J. Blaschke
    Alessandra M. Givens
16  101 Second Street, Suite 2300
    San Francisco, CA 94105
17  Telephone: (415) 318-1200
    ccorrell@kslaw.com
18  mblaschke@kslaw.com
    agivens@kslaw.com
19
    *Attorneys for Defendant Chevron Corporation*
20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT
                                                           CONFERENCE STATEMENT