# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Renee D. Smith
To Call Writer Directly:
+1 312 862 2310
renee.smith@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

October 28, 2020

The Honorable Jacqueline Scott Corley
United States District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re Juul Labs, Inc., Mktg., Sales Prac. & Prods. Liab. Litig.,* 19-md-02913

Dear Judge Corley,

Pursuant to Case Management Order No. 6 (ECF No. 357), counsel for Defendants Juul Labs, Inc. ("JLI"), Altria,[1] and Director Defendants[2] (collectively "Defendants"), and Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as the "Parties") respectfully submit this Joint Letter Brief regarding class representative discovery issues. The Parties have engaged in multiple good faith meet-and-confers, and now submit their positions on certain ripened disputed issues for the Court's consideration and resolution below.[3]

For context, the Parties note that Judge Orrick's Scheduling Order requires in relevant parts: (i) Plaintiffs to serve class certification expert reports and their motion for class certification ("as to California subclass, federal nationwide class, [and] any other state(s) agreed or ordered to be included in first class bellwether trial(s)") on March 17, 2021; and (ii) Defendants to serve class certification response expert reports, *Daubert* motions, and briefs in opposition to Plaintiffs' class certification motions on June 16, 2021. (ECF No. 938 at 3-4.) The Order also sets June 18, 2021 as the deadline for substantial completion of fact discovery, and schedules the class certification hearing for August 13, 2021. (*Id.* at 4.)

---

[1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs' Am. Consolidated Class Action Complaint and Am. Consolidated Master Complaint (collectively, "Complaints"), ECF Nos. 679, 677.

[2] The "Director Defendants" are James Monsees, Adam Bowen, Nicholas Pritzker, Hoyoung Huh, and Riaz Valani.

[3] This Letter is limited to certain pending discovery and deposition requests. The Parties reserve all rights as to additional discovery of named plaintiffs, as well as discovery of absent class members and third-party discovery.

## KIRKLAND & ELLIS LLP

Hon. Jacqueline Scott Corley
October 28, 2020
Page 2

### **Defendants' Position**

Defendants seek PFSs and depositions from MDL class representatives, including the 107 representatives named in the Amended Consolidated Class Action Complaint ("CCAC") and the 25 representatives who are not on the CCAC but are named as class representatives in other pending MDL class cases (collectively "Named Plaintiffs"). This discovery is plainly appropriate. Each Named Plaintiff is a party; the discovery is relevant, and Plaintiffs have shown no undue burden or justified delay. Each Named Plaintiff should complete the personal-injury PFS (as modified by agreement in a forthcoming proposed Order) and timely appear for a deposition.

**1.    Each Of The Named Plaintiffs Is A Party; None Is An "Absent Class Member."**

All the Named Plaintiffs *are parties*. Contrary to Plaintiffs' claims, the 25 Named Plaintiffs who are not on the CCAC are not "Absent Class Members" who can avoid discovery.[4] Neither these 25 Plaintiffs (nor any Plaintiffs on the CCAC) have dismissed their claims or withdrawn as representatives. Unless and until their claims are dismissed, each of the 132 Named Plaintiffs "remain a named plaintiff," and there is "no case authority upon which the court may rely to treat [them] as an absent class member under these circumstances."[5] *Fraley v. Facebook Inc.*, 2012 WL 555071, at *2 (N.D. Cal. Feb. 21, 2012). Thus, all 132 Named Plaintiffs are "named parties," from whom relevant and proportional discovery is permitted.[6] *See* Fed. R. Civ. P. 26(b)(1); *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 824 (9th Cir. 2004).[7]

---

[4]   *See* Exs. A & B, Pls. & Absent Class Members Objs to JLI's RFPs & Interrogs at 1 n.2.

[5]   None of the Named Plaintiffs has requested to withdraw or filed notices of dismissal—even though they could have done so in cases where Defendants have not answered. *See* Fed. R. Civ. P. 41(a)(1)(A).

[6]   Plaintiffs' citations are not to the contrary. *First, In re Nat'l Hockey League Players' Concussion Injury Litig.*, 2015 WL 1191272, at *3 (D. Minn. Mar. 16, 2015) and *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 283 F.R.D. 623, 625 (D. Colo. 2005) confirm that all named plaintiffs in a master complaint should be subject to discovery. In *In re Lucent Techs. Inc. Sec. Litig.*, (upon which *Qwest* relies) the court found plaintiffs were "akin" to absent class members because they (unlike Named Plaintiffs here) were "*not proposed as class representatives.*" 2002 WL 32818345, at *1 (D.N.J. May 9, 2002). *Second*, if these out-of-Circuit cases are inconsistent with cases in this District on similar issues, the Court should follow the cases here. *Third*, the *Toyota* order is not convincing either; it appears to have been agreed to (subject to a reservation of rights), and allowed discovery of 22 named plaintiffs—far more than of the three class representatives proposed here. *In re Toyota Motor Corp. Unintended Accel. Mk'g, Sales Pracs., & Prods. Liab. Litig.*, No. 8:10-ml-2151, ECF No. 1955 (Exhibit C, below).

[7]   Courts order even withdrawn representatives to respond to discovery and sit for deposition where "the discovery is necessary to its defense against a complaint based in part on [the plaintiffs'] allegations, and there is no indication" of "an undue burden." *In re Nest Labs Litig.*, 2016 WL 8231155, at *2 (N.D. Cal. Mar. 9, 2016); *see also A.B. v. Pacific Fertility Ctr*, 2019 WL 6605883, at *1 (N.D. Cal. Dec. 3, 2019) (Corley, J.) (denying request to depose absent class members who were prior named plaintiffs, but compelling responses to interrogatories).

## KIRKLAND & ELLIS LLP

Hon. Jacqueline Scott Corley
October 28, 2020
Page 3

Indeed, as class representatives, the Named Plaintiffs are fiduciaries to the class who allege (as they must) that they will "vigorously" prosecute these actions and will "fairly and adequately protect and represent the interests of the classes."[8]  This includes complying with discovery obligations.  *See* Fed. R. Civ. P. 23(a)(4); MAN. FOR COMPLEX LITIG. § 21.26 (4th ed. 2004).  As this Court recognized, "of course, you do get discovery of the named class reps always." (9/1/2020 Hr'g Tr. at 29).  The Named Plaintiffs should respond to basic discovery, including both (i) completing the PFSs in the near-term to assist the Parties in determining which non-California-subclasses (if any) should be added as bellwethers; and (ii) appearing for a deposition.

### 2.     All The Named Plaintiffs Should Be Deposed In A Reasonable Timeframe.

"It is beyond dispute that Defendants are entitled to take the deposition of a party." *Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 2011 WL 5865059, at *1–2 (D. Colo. Nov. 22, 2011). "As a party, [a named plaintiff] can be required to sit for a deposition on notice." *Roz v. Nestle Waters North America Inc.*, 2017 WL 6940512, at *1 (C.D. Cal. June 21, 2017).[9]  The depositions are clearly relevant to Plaintiffs' burden on both class certification and on the merits.  *See, e.g.*, *Pappas v. Naked Juice Co. of Glendora, Inc.*, 2012 WL 12248744, at *2 (C.D. Cal. Dec. 7, 2012) (deposition of consumer "may have relevance to class certification issues, or may lead to the discovery of admissible evidence, even if [he] ultimately is no longer a party"). And "there is no indication that participating in" a "deposition would be unduly burdensome" for any Named Plaintiff.[10]  *See id.* at 3.  As the Court recognized, "it's hard to claim burden when you put yourself up as a named plaintiff."  (9/1/2020 Hr'g Tr. at 29.)[11]  Plaintiffs' request to delay indefinitely the depositions of all but three-to-five bellwether Named Plaintiffs is misguided.

---

[8]   *E.g.,* Doker, Harrison, No. 19-cv-06466 ¶ 161 ("committed to vigorously prosecuting this case"); M.E.D., No. 19-cv-06928 ¶ 207 ("determined to diligently discharge [fiduciary] duties by vigorously seeking . . . recovery"); ECF No. 679 at ¶ 624; Cooper, No. 20-cv-01238 at ¶ 247; McKnight, No. 18-cv-02499 at ¶ 95.

[9]   The specter that some Named Plaintiffs may later dismiss their claims does not alter the result.  They are all currently parties, and courts have compelled depositions even of class representatives who are in the process of withdrawing or dismissing their claims.  *See Nilon v. Natural-Immunogenics Corp.*, 2014 WL 3779006, at *4 (S.D. Cal. July 31, 2014) (compelling withdrawing plaintiff deposition); *Dysthe v. Basic Research, L.L.C.,* 273 F.R.D. 625, 627–28 (C.D. Cal. Apr. 8, 2011) (compelling deposition of withdrawing plaintiff because, among other things, "his testimony is expected to be relevant to issues pertaining to class certification").

[10]  The Named Plaintiffs are represented by sophisticated law firms and seek extensive relief.  And the Parties agreed to and the Court entered a Remote Deposition Protocol to address logistical issues. (CMO No. 11, ECF No. 914.)

[11]  Fairness also favors deposing these ***parties***—particularly compared to the massive discovery propounded by Plaintiffs to dozens of Defendants and 140+ nonparties. *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (Orrick, J.) (noting "preference" "to obtain discovery from [parties] before burdening non-parties") (citation and quotation omitted). Limiting depositions to a handful of Named

# KIRKLAND & ELLIS LLP

Hon. Jacqueline Scott Corley
October 28, 2020
Page 4

*First*, Defendants do not object to reasonable sequencing, but simply request that each Named Plaintiff be deposed at a mutually convenient time before the class certification motion deadline of March 17, 2021. *Second*, it is critical to the MDL process that the Parties know "sooner rather than later," if there is a problem with a class representative. (9/1/2020 Hr'g Tr. at 32.) The ability and willingness to appear for deposition is fundamental to adequacy concerns. "Refusing to answer proper discovery inquiries inexpugnably suggests that the representative would be less than adequate," and this is "especially true when the class representative refrains from appearing at her deposition." *McDaniel v. Cty of Schenectady,* 2005 WL 1745566, at *3 (N.D.N.Y. July 21, 2005).[12] And widespread attrition in the face of depositions could also implicate counsel adequacy. *Third*, delaying depositions for years risks fading or blurred memories of relevant events, compromising the search for the truth and a fair defense. *Fourth*, Named Plaintiffs' depositions are relevant regardless of whether a class is an early bellwether. Depositions will marshal information not only necessary to resolve class certification, dispositive motion practice, or trial purposes, but also for potential resolution, and thus will move these coordinated cases "in a diligent fashion toward resolution by motion, settlement, or trial." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006).[13]

## Plaintiffs' Position

The proposed class representatives for the bellwether claims that will be at issue in the March 2021 class certification motion and trial set for early 2022 have already agreed to fully respond to written discovery, produce documents, and sit for depositions. All of the other proposed class representatives named in the CCAC have agreed to complete Plaintiff Fact Sheets, as suggested by this Court. And Plaintiffs have invited Defendants to identify additional state subclass claims they wish to test and ultimately prepare for certification and trial.

Defendants ignore these facts and demand additional discovery, namely to also (1) depose, by March 2021, *all* 100+ of the class representatives who are currently named in the operative class action complaint, but whose state law claims will not be part of the first class certification motion and first class bellwether trial ("Non-Bellwether CACC Plaintiffs"), and (2) to depose and get Plaintiff Fact Sheets from individuals who filed class actions but who are not named as class representatives in the operative class action complaint ("Non-CCAC Plaintiffs").

---

Plaintiffs is disproportionate here. And Plaintiffs' suggestion, below, that seeking basic discovery from parties is a "scorched earth" or "punitive" tactic is incorrect and unhelpful to the resolution of this dispute.

[12] Conversely, sitting for deposition may support adequacy. *Sidibe v. Sutter Health*, 333 F.R.D. 463, 488 (N.D. Cal. Oct. 18, 2019) ("plaintiffs have actively participated in this case," including "ma[king] themselves available for . . . depositions"); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 311 (N.D. Cal. Aug. 15, 2018) (similar).

[13] Indeed, compliance with discovery is particularly critical in "multidistrict litigation," which "is a special breed of complex litigation where the whole is bigger than the sum of its parts." *In re PPA*, 460 F.3d at 1232.

KIRKLAND & ELLIS LLP

Hon. Jacqueline Scott Corley
October 28, 2020
Page 5

The discovery Defendants seek is premature, unduly burdensome, inefficient, and out of proportion to the needs of this case at this time. Defendants demand depositions and PFSs from individuals who will not serve as class representatives for purposes of the certification motion due in March 2021 or the first class bellwether trial. Other courts have rejected similar "scorched earth" discovery strategies where a class bellwether proposal offers a more orderly path. *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Pracs., and Prods. Liab. Litig.*, No. 8:10-ml-2151-JVS-FMO, ECF No. 1955 (Attached as Exhibit C) at 3 (limiting discovery to class bellwether plaintiffs). Defendants note that at the September 1, 2020 informal discovery conference, the Court said that "you do get discovery of the named class reps," but immediately before that the Court had explained that "you'd get discovery on whatever five [bellwether class representatives] they put up" and noted that "[i]t'll be narrowed." (9/1/2020 Hr'g Tr. at 29).

Deposing the Non-Bellwether CACC Plaintiffs and Non-CCAC Plaintiffs —more than 120 individuals—prior to March 2021 is inconsistent with the orderly conduct of this litigation in general and the class bellwether process the parties have undertaken. Defendants' proposal to take scores of depositions in the next five months (averaging more than twenty depositions each month) would be an expensive and wasteful exercise that would divert time and resources from the matters at hand—namely preparations for the imminent bellwether certification and trial proceeding—without any countervailing benefit to the efficient resolution of claims. *See* Fed. R. Civ. P. 42(b) (court may order separate trial of one or more issues or claims "to expedite and economize"); Eldon E. Fallon, et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2337-38 (2008) (goals of bellwether programs include focusing discovery and trial on representative cases to advance resolution of the litigation).

As noted above, the plaintiffs whose claims are presently at issue in the first bellwethers have agreed to provide the discovery Defendants have requested. Defendants' argument that they also need to depose all the other potential class representatives to determine which individuals' claims should be tested as bellwethers and for class certification is misguided for several reasons.

*First*, a major objective of the class certification and bellwether trial proceedings ahead will be to test and resolve claims under the laws of the state(s) at issue. The focus of a class bellwether selection process should, therefore, be based on the laws of each state, rather than the facts of each individual class representative's case. *See Collazo v. WEN by Chaz Dean, Inc*., No. 215CV01974ODWAGR, 2018 WL 3424957, at *2 (C.D. Cal. July 12, 2018) ("When selecting which cases should be tried in a bellwether trial, the process should accurately reflect the individual categories of cases that comprises the action in toto, illustrate the likelihood of success and measure of damages within each respective category.") (internal alternations and citations omitted).

*Second*, while the parties have agreed that the Non-Bellwether CACC Plaintiffs are not at this time required to answer interrogatories or respond to full-blown document requests, over two-thirds of the Non-Bellwether CACC Plaintiffs have already submitted a PFS and, pursuant to the parties' agreement, the remaining proposed class representatives will do so shortly. To the extent

## KIRKLAND & ELLIS LLP

Hon. Jacqueline Scott Corley
October 28, 2020
Page 6

Defendants need information about the plaintiffs' economic injuries to select bellwether states, they can obtain that information from the PFS responses efficiently in the first instance, and at significantly less cost and burden than preparing for and conducting a deposition. *See* 9/1/2020 Hr'g Tr. at 31 (stating that the PFS should "give you enough information" to pick bellwether states). In addition, it would make more sense to depose plaintiffs after they have completed written discovery and their claims are designated for trial.

*Third*, as in any other class action, Defendants are able to make typicality arguments under Rule 23 without taking depositions of scores of class members aside from the class representatives at issue in the class certification motion. This is particularly true here where Defendants will have access to information from at least 100 class members through the Plaintiff Fact Sheets completed by the Non-Bellwether CACC Plaintiffs.

With respect to the Non-CCAC Plaintiffs, they are not currently named in the consolidated complaint and are thus not currently in the pool of potential class bellwether plaintiffs.[14] In Pretrial Order No. 1, the Court ordered that "no further discovery shall be initiated" (ECF No. 2 at 6), and has not lifted that stay with respect to the Non-CCAC Plaintiffs. In addition, many of the Non-CCAC Plaintiffs have dismissed (or soon will dismiss) their complaints. Defendants cannot clear the high bar to take discovery of these "absent class members." *See McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008) ("While some courts have permitted discovery of absent class members, they have done so only where the proponent of the discovery establishes that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent."). Defendants have provided no showing of necessity or justification for imposing undue burdens on these absent class members at this stage of the proceedings. The Non-CCAC Plaintiffs who have not dismissed their claims are also "akin to absent class members" and so some of the same "special considerations" about discovery should apply to them as well. 32B Am. Jur. 2d Federal Courts § 1733. *See also In re Nat'l Hockey League Players' Concussion Injury Litig.*, No. MDL 14-2551 SRN/JSM, 2015 WL 1191272, at *4 (D. Minn. Mar. 16, 2015) (requiring only representative plaintiffs named in operative consolidated complaint to respond to discovery; describing plaintiffs who brought suit but were not named in operative complaint as "absent plaintiffs" not required to respond to discovery); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 283 F.R.D. 623, 625 (D. Colo. 2005) ("named" plaintiffs who filed complaints but were not named "Lead Plaintiffs" are "on equal footing with absent class members" and "are not generally subject to discovery") (internal citations and quotation marks omitted). The

---

[14] Plaintiffs reserve their right to include Non-CCAC Plaintiffs in an amended consolidated complaint. Co-lead counsel has consulted with counsel for Non-CCAC Plaintiffs regarding the positions taken in discovery and in this letter brief, and are authorized to represent that Non-CCAC Plaintiffs are prepared to participate in discovery to the extent ordered by the Court.

**KIRKLAND & ELLIS LLP**

Hon. Jacqueline Scott Corley
October 28, 2020
Page 7

inefficiency of deposing the Non-CCAC Plaintiffs or having them complete a PFS is even more pronounced and counterproductive to the bellwether process than discovery of the Non-Bellwether CACC Plaintiffs. But in neither case is the discovery warranted.

Defendants' efforts to depose the Non-CCAC and Non-Bellwether Plaintiffs appear to be a punitive tactic to burden plaintiffs and delay the proceedings. The requested discovery is premature and disproportionate to the current needs of the case. All parties should instead direct resources towards preparing the bellwether claims for class certification and trial, and revisit additional class representative discovery as additional bellwether claims come into focus. Defendants' request should be denied.

* * *

The Parties look forward to discussing these issues on October 30, 2020.

Respectfully submitted,

/s/ Renee D. Smith
/s/ Peter A. Farrell

*Counsel for Defendant Juul Labs, Inc.*
*& Lead Defense Liaison Counsel*

cc:   MDL Counsel of Record