1    Renee D. Smith (*pro hac vice*)
     renee.smith@kirkland.com
2    KIRKLAND & ELLIS LLP
     300 N. LaSalle Street
3    Chicago, Illinois 60654
     Telephone:     (312) 862-2310
4
     Peter A. Farrell, P.C. (*pro hac vice*)
5    peter.farrell@kirkland.com
     KIRKLAND & ELLIS LLP
6    1301 Pennsylvania Ave., N.W.
     Washington, DC 20004
7    Telephone:     (202) 389-5000

8    Gregory P. Stone (SBN 78329)
     gregory.stone@mto.com
9    Bethany W. Kristovich (SBN 241891)
     bethany.kristovich@mto.com
10   MUNGER, TOLLES & OLSON LLP
     350 South Grand Ave., 50th Floor
11   Los Angeles, CA 90071
     Telephone:     (213) 683-9100
12
     *Attorneys for Defendant Juul Labs, Inc.*
13
     [*Additional Submitting Counsel on Signature Page*]
14

15                  **UNITED STATES DISTRICT COURT**

16                 **NORTHERN DISTRICT OF CALIFORNIA**

17                    **SAN FRANCISCO DIVISION**

18

19
     IN RE: JUUL LABS, INC., MARKETING,          Case No. 19-md-02913-WHO
20   SALES PRACTICES, AND PRODUCTS
     LIABILITY LITIGATION                        **DEFENDANTS' BRIEF REGARDING**
21                                               **CLAIMS OF NAMED PLAINTIFFS IN**
                                                 **CLASS ACTION CASES**
22
     This Document Relates to:
23
     ALL ACTIONS
24

25

26

27

28

Plaintiffs ask for a blanket ruling that including *not yet identified* named plaintiffs as class representatives on an amended consolidated class action complaint that has *not yet been filed* will not "waive" or "imperil" any *pending or future* personal injury claims that may be brought under *unspecified* state laws by some or all of those same plaintiffs. The Court should deny this request.

*First*, a premature ruling on the legal effects of prospective pleadings would be a prohibited advisory opinion—particularly given the unsettled state of the pleadings. *See Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1138 (9th Cir. 2000); *Tokio Marine Specialty Ins. Co. v. Thompson Brooks, Inc.*, 252 F. Supp. 3d 753, 764 (N.D. Cal. 2017) (Orrick, J.).

*Second*, if the Court offers an opinion on the merits, it should hold that maintaining separate named party class claims and personal injury claims is impermissible claim splitting of "two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).[1]

## BACKGROUND

**The Pleadings Are Not Settled.** The First Amended Consolidated Class Complaint ("FAC") includes 108 named plaintiffs who purport to bring claims on behalf of a nationwide federal RICO class and/or one of 49 state subclasses. ECF 679. Approximately 82 of the class representatives have pending personal injury Short Form Complaints ("SFCs"). The SFCs provide bare bones information regarding the scope of and facts underlying these personal injury claims, and do not identify the substantive state law under which Plaintiffs purport to bring their claims.[2]

On October 23, 2020, the Court entered an order dismissing RICO and certain other claims with leave to amend. ECF 1084. Plaintiffs will file a second amended complaint ("SAC") by November 12, 2020. *Id.*; ECF 1115 at 1. Plaintiffs have not shared the forthcoming SAC with Defendants or disclosed which named plaintiffs will be included on the SAC—let alone identified which of those named plaintiffs have filed or may file personal injury claims.

---

[1] Quotation omitted; *overruled on other grounds, Taylor v. Sturgell*, 553 U.S. 880 (2008).

[2] Plaintiffs rejected Defendants' concern that the "SFC does not identify the particular state law or laws under which each plaintiff purports to bring claims," observing that, as masters of their complaint, Defendants had no "say in the verbiage" of Plaintiffs' SFCs. ECF 397 at 7, 9.

**There Is No Pending Claim-Splitting Motion Before The Court**.  Defendants[3] anticipate submitting proposed motion-to-dismiss briefing schedules following the SAC filing.  Plaintiffs' motion for class certification on the California (and any other bellwether state) subclass is due on March 17, 2021 and is set for hearing on August 13, 2021.  ECF No. 938 at 3, 4.  The deadlines to answer or otherwise respond to any personal injury SFCs are stayed until further Court order.  CMO No. 7, ECF 405 at 3, ¶ 10.   In other words, there are no motions before this Court seeking dismissal of, summary judgment on, or denial of class certification of the forthcoming SAC or pending or future personal injury claims based on improper claims splitting (or anything else).

**Plaintiffs' Request Is Premature And Unsupported**.  Despite the unsettled state of the class and personal injury pleadings, Plaintiffs asked Defendants to forfeit their right to "argue that solely by virtue of serving as a named class representative in the consolidated class action complaint in the MDL, an individual has waived any right she or he might have to pursue individual personal injury claims for personal injury through separate Short Form Complaints."  ECF 1115 at 1, 2.  While the scope of the requested relief is not clear, Plaintiffs' request appears to stem from "claims splitting" concerns.[4]  10/30/2020 Hr'g Tr. at 41.[5]  Defendants in good-faith considered Plaintiffs' request, but ultimately could not in the abstract advise Plaintiffs on the legal impact that a prospective amended class complaint may have on unspecified pending or future personal injury claims[6]—particularly where Plaintiffs' declined to provide authority in support of their position.

---

[3] The E-Liquid, Distributor, and Retailer Defendants are not named in the FAC, but join the brief to the extent it involves personal injury Plaintiffs who filed (or may file) claims against them.

[4] On October 30, 2020, Plaintiffs filed a motion for expedited briefing, which the Court granted.  ECF 1115, 1116.  Defendants do not believe simultaneous briefing on this issue is appropriate or necessary and reserve all rights to seek leave to respond to any arguments raised in Plaintiffs' brief.

[5] This brief addresses the claims splitting issue raised by Plaintiffs.  Defendants reserve rights to seek leave to address non-claim-splitting issues or arguments Plaintiffs may raise in their briefing.

[6] Plaintiffs complain that Defendants "refused to agree" and "have provided no authority for their position."  ECF 1115 at 3.  However, it is unclear why, as the Party seeking the stipulation, Plaintiffs did not provide authority.  For example, Defendants noted that they were "considering the legal issue of whether there would be waiver etc," and informed Plaintiffs that they "would appreciate any authority or proposed order on this."  10/19/2020 Email from R. Smith.  Plaintiffs responded without providing authority, but instead simply restated their position that "certain of the proposed class representatives may separately pursue personal injury claims" and noted that "class plaintiffs expressly reserved their right to separately "'seek damages or other relief for personal injuries they

The Court should refrain from issuing a premature ruling that serving as a named class representative on a forthcoming, unfiled, amended complaint will not waive or "imperil" personal injury claims that are filed or or may in the future be filed by those same named plaintiffs.

## ARGUMENT AND AUTHORITIES

### I.    The Court Should Deny Plaintiffs' Request For An Unlawful Advisory Opinion.

It is fundamental that a federal court may not issue advisory opinions. *Coalition for a Healthy Cal. v. F.C.C.*, 87 F.3d 383, 386 (9th Cir. 1996) (citation omitted).  The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1122 (9th Cir. 2009) (quotation and citation omitted).  A court should not resolve issues "involv[ing] 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods.*, 473 U.S. 568, 580–81 (1985) (quoting 13A Fed. Prac. & Proc. § 3532 (1984)).  The Court should deny Plaintiffs' request for an unlawful advisory opinion for each of the following reasons.

*First*, Plaintiffs seek a ruling on the effect of a prospective amended class complaint on personal injury complaints (many of which also have likely not been filed).  Offering such an opinion when "the pleadings are not yet settled;" "discovery has essentially yet to commence" as to the named plaintiffs at issue; and "the exact forms of relief sought under each claim has not yet been determined" creates "a danger" that the Court "may make an advisory opinion that could be undermined by amendments of pleadings." *Tokio Marine*, 252 F. Supp. 3d at 764; *see also Acer, Inc. v. Tech. Props. Ltd.*, 2010 WL 3618687, at *5 (N.D. Cal. Sept. 10, 2010) ("any opinion" on whether "proposed amended" claims would be barred as claims splitting "would be premature"); *McConnell v. Iovino Boersma Enters., Inc.*, 2005 WL 1520806, at *2 (N.D. Ill. June 23, 2005) (request for ruling that "Plaintiff should not be able to refile her Complaint because doing so would constitute impermissible claim splitting" "goes to the merits of prospective complaint that is not presently before the Court and is premature."); *Layne v. Nationstar Mortg. LLC*, 2017 WL 736868,

---

may have suffered,'" and "[f]or many months, certain class plaintiffs have separately asserted personal injury claims" and "JLI has never objected."  10/21/2020 Email from S. Grzencyzk.

at *3 (C.D. Cal. Feb. 24, 2017) ("The Court cannot make a ruling as to an [amended complaint] until [it] has been filed—such a ruling would amount to an improper advisory opinion.").

Conversely, the soon-to-be amended FAC will be "a nullity" and ruling on the FAC "would be expressing views on 'abstract propositions of law'—in other words, issuing the type of advisory opinion that the Supreme Court has long prohibited." *Exeltis USA, Inc. v. First Databank, Inc.*, 779 F. App'x 486, 487 (9th Cir. 2019) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam).

*Second*, filing the SAC will be insufficient to ripen the claim-splitting question. Until both the SAC and the relevant personal injury claims are filed and the scope and bases of the claims are disclosed, the Court cannot determine whether the anti-claim-splitting doctrine applies. To make such a determination, the Court must "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689; *see also Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 881 (N.D. Ill. 2005) (summary judgment on claim splitting based on not-yet-asserted claims "would amount to an improper advisory opinion").[7]

*Third*, there is no pending motion to dismiss, for summary judgment, or for class certification placing the issue before the Court. *See Doe v. Alameda Unified Sch. Dist.*, 2006 WL 734348, at *8 n.7 (N.D. Cal. Mar. 20, 2006) ("in the absence of a motion for summary judgment as to specific claims in the Amended Complaint, the Court will not issue a blanket ruling that may be an advisory opinion on [an] issue."). And, while Plaintiffs assert that "Defendants bear the burden of demonstrating that individuals would waive their right to pursue personal injury claims if they served as class representatives" (ECF No. 1115 at 3), they identify no rule requiring that defense be asserted at any particular time and outside of dispositive or class certification motions or trial.[8] *See Feamster v. Gaco W., LLC*, 2018 WL 4219199, at *2 (N.D. Cal. Sept. 5, 2018)

---

[7] Claim-splitting concerns could be mooted by later amendments to the either the class complaints, personal injury complaints, or both. *See, e.g. IPS Grp., Inc. v. CivicSmart, Inc.*, 2017 WL 4810099, at *2 (S.D. Cal. Oct. 25, 2017) (denying motion to dismiss based on claim splitting as moot where potentially duplicative actions were dismissed); *Rodgers v. Eisel*, 2020 WL 1333410. at *1 n.1 (E.D. Mich. Mar. 23, 2020) ("claim-splitting argument" was "moot" after dismissal of first lawsuit).

[8] Any contention that Defendants "waived" their rights on this issue is incorrect and unsupported. Plaintiffs have identified no vehicle for "objecting" based on claim splitting, which is of course usually addressed in a motion to dismiss, motion for summary judgment, or opposition to class certification. The deadline for these events has not passed as to any class representatives' claims on a not-yet-filed amended complaint, nor has it even been set as to any personal injury claim—for

1  (questioning whether "a dismissal motion, as opposed to class certification litigation, is the

2  appropriate mechanism for addressing whether Plaintiff has improperly split his

3  putative class claims from his contemporaneous request for individual relief;" concluding "[t]hat

4  issue is better addressed on a motion for class certification"). Raising the issue in the abstract now

5  unfairly hinders Defendants' ability to fully brief and present this defense at a proper time.[9]

6  **II.    If The Court Reaches The Issue, It Should Deny Plaintiffs' Request On The Merits.**

7          If the Court concludes that the issue is ripe for resolution, it should reject Plaintiffs' position.

8  The prohibition on claim splitting bars Plaintiffs in this case from asserting claims for economic

9  loss and personal injury in separate complaints. Plaintiffs generally may not "maintain two separate

10  actions involving the same subject matter at the same time in the same court and against the same

11  defendant." *Adams*, 487 F.3d at 688; *see also* Restatement (Second) of Judgments § 24, cmt. a

12  (1982) (explaining that "the litigative unit or entity [ ] may not be split").

13         The prohibition on claim splitting is rooted in the doctrine of claim preclusion, which bars

14  successive claims if "the causes of action and relief sought, as well as the parties or privies to the

15  action, are the same." *Adams*, 487 F.3d 689; *see* Restatement (Second) of Judgments § 24

16  (judgment extinguishes "all rights of the plaintiff to remedies against the defendant with respect to

17  all or any part of the transaction, or series of connected transactions, out of which the action arose").

18

19

---

20  which all responsive pleading deadlines are stayed until further order of the Court per CMO Nos.
    3 and 7. *See also* ECF No. 442 at 15 ("except for cross-cutting primary-jurisdiction and preemption
21  issues, the Parties have agreed to reserve setting a schedule for any motions regarding the personal
    injury complaint and claims asserted therein."). "It is well established ... that waiver is not
22  effective unless it is a 'voluntary or intentional relinquishment of a known right.'" *Aeroground,*
    *Inc. v. City & Cty. of San Francisco*, 170 F. Supp. 2d 950, 953-54 (N.D. Cal. 2001) (quoting *Matsuo*
23  *Yoshida v. Liberty Mut. Ins. Co.*, 240 F.2d 824, 829 (9th Cir. 1957)). Here there was no
    relinquishment of a known right at all—let alone a "voluntary or intentional" one.

24

25  [9] A suggested "class action" exception does not apply here. That narrow exception usually arises
    in the context of absent class members—not named plaintiffs— in non-certified classes, and even
26  in certified classes, adequacy of representation must be tested on "a claim by claim basis" to
    determine whether separate lawsuits by unnamed plaintiffs are barred. *See Beckerley v. Alorica,*
27  *Inc.*, 2014 WL 4670229, at *5–6 (C.D. Cal. Sept. 17, 2014). In addition, to the extent MDL courts
    have allowed separate trials, those cases involved *agreed* MDL procedures to allow separate trials
28  on distinct facts and in a manner that does not raise Seventh Amendment concerns. *Orange Cty.*
    *Water Dist. v. Unocal Corp.*, 2018 WL 8799900, at *3 (C.D. Cal. Oct. 23, 2018).

1    "[T]he appropriate inquiry is whether, assuming that the first suit were already final, the second

2    suit could be precluded pursuant to claim preclusion." *Adams*, 487 F.3d at 689 (quotation omitted).

3        The extensive factual overlap between the FAC and the master personal injury complaint

4    (ECF 677) makes plain that bringing a second suit would be precluded.  Regardless of whether

5    Plaintiffs' damage claims are couched in terms of economic loss or personal injury, they turn on

6    substantive liability for the same allegations, including: (1) designing "products to create and

7    sustain addiction" by using "nicotine formulas and delivery methods much stronger than

8    combustible cigarettes"; (2) "engag[ing] in a campaign of deceit" "understat[ing] the nicotine

9    content in its products" and portraying them as "benign smoking cessation devices"; and (3)

10   "target[ing] kids" by marketing products "to appear slick and high-tech" with "kid-friendly

11   flavors."  ECF 677 ¶¶ 4–6; ECF 679 ¶¶ 4–6.  Indeed, the complaints overlap so much that Plaintiffs

12   expressly carved out personal-injury damages from the class complaint "regardless of whether

13   those damages are sought through causes of action alleged herein or otherwise."  ECF 679 ¶ 3371.

14   A personal injury plaintiff who serves as a class representative would do so in peril that a judgment

15   in the first-tried case will bar that plaintiff from trying a second case "pursuant to claim preclusion."

16   *Adams*, 487 F.3d at 689.[10]  Thus, the claim-splitting doctrine applies and bars the second claim.

17       That the claim-splitting doctrine applies is also evident from a comparison of individual

18   complaints and allegations.  To take one example, J.D., a New York FAC class representative,

19   alleges that JLI's advertising "materially impacted J.D.'s assessment of, and eventual decision to

20   use, JUUL products," eventually leading to his addiction.  ECF 679-1 ¶ 331.  That "severe

21   addiction," in turn, allegedly "had significant psychological and social effects on" him.  *Id.* at ¶¶

22   339, 343.  These allegations mirror J.D.'s personal-injury allegations, in which J.D. asserts that the

23   identical alleged conduct by JLI caused him to suffer behavioral and cognitive issues.  ECF 159,

24   No. 3:18-cv-02499 (N.D. Cal. Apr. 13, 2020).  To prove *both* his economic-loss and personal-injury

25   claims, J.D. must prove that JLI's advertising was misleading, targeted at youth, and its products

26   were more addictive than represented.  J.D. impermissibly has split his claims under New York

27

28   [10] *See L.A. Terminals, Inc. v. City of Los Angeles* 2019 WL 1744851, at *5 (C.D. Cal. Feb. 5, 2019) (claim preclusion, "unlike res judicata, does not require a judgment or adjudication of the action").

law, which requires him to "combine all legal theories arising out of a transaction or series of connected transactions where the several theories are dependent on the same evidence." *Brown v. Lockwood*, 432 N.Y.S.2d 186, 199 (1980); *Small v. Lorillard Tobacco Co.,* 679 N.Y.S.2d 593, 602 (1998). Other named representatives' claims also are based on personal-injury allegations. *E.g.*, ECF 679-1 ¶¶ 8, 270, 323, 413, 470, 520, 855, 883, 1098–1100, 1147.

The claim preclusive effect of a judgment depends on state law and, more specifically, the substantive state law that will be applied when the case is remanded for trial. *See Pollok v. Vanguard Fiduciary Tr. Co.*, 803 F. App'x 67, 68–69 (9th Cir. 2020); *Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1066 (9th Cir. 1994). Given the substantial overlap between the personal injury and class action complaints, most (if not all) states would regard a judgment in one complaint as preclusive of pursuing claims in the other, separate case. *See, e.g.*, *Krueger v. Wyeth, Inc.*, 2008 WL 481956, at *2 (S.D. Cal. Feb. 19, 2008) (under California law, a named plaintiff "only seeking [a price refund]" who will not pursue "damages for those that have manifest personal injuries" "is engaging in claim-splitting").[11] Plaintiffs have identified no opinion under any state's law holding that a personal injury complaint based on alleged misleading advertising is a separate and divisible claim from a claim of misrepresentation and consumer fraud founded on those same allegations.

If the Court reaches the merits now, it should rule that the claim-splitting doctrine precludes named plaintiffs from asserting economic loss and personal injury claims in separate complaints.

\*       \*       \*

In short, the Court should not issue an advisory opinion and should not rule on the claim-splitting issue until it is ripened by, among other things, (i) the filing of the SAC; (ii) the filing and identification of class representatives' separate personal injury SFCs; and (iii) a motion or other appropriate procedure. However, if the Court concludes that the issue is ripe for decision, it should find that named plaintiffs' separate personal injury lawsuits are barred as improper claims splitting.

---

[11] *See also Small*, 679 N.Y.S.2d at 602 (under New York law, representatives who "tailored the class claims" "to improve the possibility of demonstrating commonality" risked "being told later that they had impermissibly split a single cause of action"); *Sanchez v. Wal Mart Stores, Inc.*, 2009 WL 1514435, at *3 (E.D. Cal. May 28, 2009) (declining to pursue "personal injury claims on behalf of those class members, but rather to limit their claims to 'economic injury'" is "claim-splitting").

Dated:  November 5, 2020

By: /s/ Renee D. Smith

Renee D. Smith (*pro hac vice*)
James F. Hurst (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2310

By: /s/ Peter A. Farrell

Peter A. Farrell (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 389-5959

By: /s/ Gregory P. Stone

Gregory P Stone, SBN 78329
Bethany W. Kristovich, SBN 241891
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Fiftieth Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100

*Attorneys for Defendant Juul Labs, Inc.*

By: /s/ Charles C. Correll Jr.

**KING & SPALDING LLP**

Andrew T. Bayman (Admitted *pro hac vice*)
1180 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
abayman@kslaw.com

and

Charles C. Correll, Jr.
Matthew J. Blaschke
Alessandra M. Givens
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
ccorrell@kslaw.com
mblaschke@kslaw.com
agivens@kslaw.com

*Attorneys for Defendant Chevron Corporation*

By: /s/ Michael J. Guzman

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**

Mark C. Hansen
Michael J. Guzman
David L. Schwartz
Sumner Square, 1615 M St., N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7910
mguzman@kellogghansen.com

*Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh*

By: /s/ James Kramer

**ORRICK HERRINGTON & SUTCLIFFE LLP**

James Kramer
James Thompson
Walt Brown
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
jthompson@orrick.com
jkramer@orrick.com
wbrown@orrick.com

*Attorneys for Defendant James Monsees*

By: /s/ Eugene Illovsky

**BOERSCH & ILLOVSKY LLP**

Eugene Illovsky
Martha Boersch
Matthew Dirkes
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Telephone: (415) 500-6643
eugene@boersch-illovsky.com
martha@boersch-illovsky.com
matt@boersch-illovsky.com

*Attorneys for Defendant Adam Bowen*

1    By: */s/ John S. Massaro*                          By: */s/ Michael L. O'Donnell*

2    **ARNOLD & PORTER KAYE SCHOLER**                   **WHEELER TRIGG O'DONNELL LLP**
     **LLP**
3                                                        Michael L. O'Donnell
     John C. Massaro (admitted pro hac vice)            James E. Hooper
4    Jason A. Ross (admitted pro hac vice)              Marissa Ronk
     601 Massachusetts Ave., N.W.                       370 17th Street, Ste. 4500
5    Washington D.C.  20001                             Denver, CO 80202
     Telephone:   (202) 942-5000                        Telephone: (303) 244-1850
6    Facsimile:  (202) 942-5999                         Odonnell@wtotrial.com
     john.massaro@arnoldporter.com                      hooper@wtotrial.com
7    Jason.ross@arnoldporter.com                        Ronk@wtotrial.com

8    *Attorneys for Defendants Altria Group, Inc. and   Attorneys for Defendant McLane Company,*
     *Philip Morris USA Inc.*                            *Inc.*
9
     By: */s/ Mitchell B. Malachowski*                  By: */s/ Robert Scher*
10
     **TYSON & MENDES, LLP**                            **FOLEY & LARDNER LLP**
11
     James E. Sell                                      Robert Scher
12   Mitchell B. Malachowski                            Peter N. Wang
     Stephen Budica                                     Graham D. Welch
13   April M. Cristal                                   Dyana K. Mardon
     523 4th Street, Suite 100                          90 Park Avenue
14   San Rafael, CA 94901                               New York, NY 10016-1314
     Telephone:  (628) 253-5070                         Telephone: (212) 682-7474
15   jsell@tysonmendes.com                              Facsimile: (212) 687-2329
     mmalachowski@tysonmendes.com                       rscher@foley.com
16   sbudica@tysonmendes.com                            pwang@foley.com
     acristal@tysonmendes.com                           gwelch@foley.com
17                                                      dmardon@foley.com
     *Attorneys for Defendants Mother Murphy's*
18   *Labs, Inc., and Alternative Ingredients, Inc.*    *Attorney for Defendants Tobacco*
                                                        *Technology, Inc., and Eliquitech, In*
19   By:*/s/ Christopher J. Esbrook*
                                                        By: */s/ David R. Singh*
20   **ESBROOK LAW LLC**
                                                        **WEIL, GOTSHAL & MANGES LLP**
21   Christopher J. Esbrook
     David F. Pustilnik                                 David R. Singh
22   Michael S. Kozlowski                               Bambo Obaro
     77 W. Wacker, Suite 4500                           201 Redwood Shores Parkway, 6th Floor
23   Chicago, IL 60601                                  Redwood Shores, CA 94065
     Telephone: (312) 319-7681                          Telephone: (650) 802-3083
24   christopher.esbrook@esbrooklaw.com                 david.singh@weil.com
     david.pustilnik@esbrooklaw.com                     bambo.obaro@weil.com
25   michael.kozlowski@esbrooklaw.com
                                                        *Attorneys for Defendant Core-Mark Holding*
26   *Attorneys for Defendants Eby-Brown Company,*      *Company, Inc*
     *LLC, Circle K Stores, and 7-Eleven, Inc.,*
27   *Speedway, and Walgreen Co*

28

1    By: /s/ Donald F. Zimmer, Jr.

2    **KING & SPALDING  LLP**

3    Donald F. Zimmer, Jr.
     Quyen L. Ta
4    Jennifer T. Stewart
     101 Second Street, Suite 1000
5    San Francisco, CA 94105
     Telephone:     (415) 318-1200
6    fzimmer@kslaw.com
     qta@kslaw.com
7    jstewart@kslaw.com

8    *Attorneys for Defendant Walmart Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28