UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation | Case No. 19-md-02913-WHO<br><br>**ORDER REGARDING (1) LEXECON AND BELLWETHER SELECTION FOR PERSONAL INJURY CASES AND (2) CLASS REPRESENTATIVE PERSONAL INJURY CLAIMS** |

This Order addresses two case management issues. First, should I limit the bellwether selection pool to personal injury cases that I can try in this jurisdiction or include in the bellwether pool cases that I may not be able to try in this District (because they were transferred by the JPML or were direct filed in this District under CMO No. 3 and indicated they would have been filed in another jurisdiction absent that direct filing order)?[1] Second, may a plaintiff pursue claims as a named class representative in the class action track and separately litigate personal injury claims in the personal injury track? I agree with plaintiffs' perspective on these issues.

Regarding the first question, I previously indicated that I wanted to try the bellwether cases

---

[1] CMO No. 3 provides:

> C. **Designated Forum**. Each case filed directly in this District as a member case of the MDL must identify the federal district court in which the Plaintiff would have filed his or her case in the absence of direct filing. This designation, shall not, standing alone, constitute a determination by this Court that jurisdiction or venue is proper in the designed forum. At the completion of all pretrial proceedings applicable to such cases, and subject to any agreement that may be reached concerning a waiver of the requirements for transfer pursuant to *Lexecon*, this Court will transfer such cases to a federal district court of proper venue as defined by 28 U.S.C. § 1391. The parties reserve all rights with respect to the proper venue for remand and any post-remand jurisdictional, venue, or forum challenges or motions, including pursuant to 28 U.S.C. § 1404(a).

Dkt. No. 996, Second Amended Case Management Order No. 3 – Direct Filing Order.

myself because of the obvious efficiency that would provide: I can control my trial schedule, but I cannot control the trial schedules of colleagues across the country who might receive a returned or transferred bellwether. As defendants point out, *Lexecon*[2] and jurisdiction concerns may prevent me – without waivers from at least some of the defendants – from trying cases that have been transferred to me by the JPML and those that have been direct filed in this District under CMO No. 3 in which plaintiffs identified a district other than the Northern District of California as their "designated forum." While that is true, I do have jurisdiction over JLI and at least some (if not all) of the Officer and Director defendants.[3] By taking plaintiffs' suggestion and granting them leave to amend to change their "designated forum" under CMO No. 3 to designate the Northern District of California, I can have a sufficient bellwether pool of cases to try here. That will create real utility for settlement and general management of these MDL proceedings.

Defendants argue that it is unfair to allow plaintiffs to make this amendment to the direct-filed cases and that re-designation will prejudice them because it allows plaintiffs to cherry-pick cases for inclusion in the bellwether pool. I disagree. These proceedings are still in their early stages, despite the significant motion and discovery practice to date. The procedure discussed above will allow development of a bellwether pool of sufficient size and will move these proceedings forward more expeditiously than would including cases that cannot be tried here and must be transferred elsewhere for trial on an uncertain date. That is true even if the bellwether trials here are, in some instances, limited to plaintiffs' claims against only JLI and the Officer and Director defendants (who are by all measures the central defendants). Defendants' interests are adequately protected by their input into the selection of the ultimate bellwethers through the selection process that I have approved (not to mention their ability to waive *Lexecon* and jurisdiction issues if that is in their interest).

---

[2] *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) ("*Lexecon*").

[3] I recognize that personal jurisdiction over the Officer and Director defendants has not yet been tested with respect to the claims in the PIC, and that with respect to the CAC and GECs jurisdiction was found over Monsees and Bowen, but not over Huh, Valani, and Pritzker. Dkt. No. 1084. However, leave to amend has been provided with respect to the claims and bases for jurisdiction over Huh, Valani, and Pritzker. *Id*.

2

Accordingly, plaintiffs are given fourteen days from the date of this Order to re-designate this forum as their designated forum. Any such re-designated cases will be included in and available for selection as part of the bellwether pool.

On the second question, plaintiffs seek a ruling – in advance of their November 12, 2020 deadline to file the Second Amended Consolidated Class Action Complaint – that a named plaintiff in the Consolidated Class Action Complaint (CAC) be allowed to pursue both the consumer protection claims asserted in the CAC as a class representative and separate personal injury claims in the personal injury track. Defendants argue that any such determination is premature and would be a disfavored advisory opinion given that the Second Amended Consolidated CAC has not yet been filed. Defendants also argue that allowing a plaintiff to assert claims in both the class action track under the CAC and in the personal injury track is impermissible claim splitting.

As a matter of effective case management, I find that it is appropriate to resolve this issue now: A particular plaintiff's class claims and personal injury claims may be severed and pursued through each track. I will not force a plaintiff to choose whether to potentially waive one set or the other of their claims. Plaintiffs have already excluded personal injury damages from the scope of the class action track, limiting the monetary relief they seek in the CAC to economic loss. I can ensure that defendants' interests are protected as the proceedings move forward, including prohibiting any duplicative recovery and determining whether a particular plaintiff is an adequate class representative. Rather than being premature or advisory, this decision provides clarity to all concerned and gives defendants' notice of the issues they may wish to raise in pretrial and trial proceedings.

**IT IS SO ORDERED.**

Dated: November 9, 2020

William H. Orrick
United States District Judge