1

*[Submitting counsel on signature page]*

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10   IN RE: JUUL LABS, INC., MARKETING,          Case No. 19-md-02913-WHO
     SALES PRACTICES, AND PRODUCTS
11   LIABILITY LITIGATION                        **JOINT DISCOVERY STATUS REPORT**

12   _____            Judges:   Hon. Jacqueline Scott Corley
                                                 Courtroom: Video Conference
13   This Document Relates to:                   Hearing Date: November 17, 2020
                                                 Hearing Time: 9:00 a.m.
14   ALL ACTIONS

15

16        Pursuant to the Court's instruction at the October 30, 2020 hearing, counsel for

17   Defendants Juul Labs, Inc. ("JLI"), Altria,[1] Director Defendants,[2] E-Liquid Defendants,[3] Retailer

18   Defendants,[4] and Distributor Defendants[5] (collectively "Defendants"), and Plaintiffs' Co-Lead

19   Counsel ("Plaintiffs") (collectively referred to herein as the "Parties") respectfully provide this

20

21   _____

22   [1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs'
     Consolidated Class Action Complaint and Consolidated Master Complaint (collectively,
23   "Complaints"), *see* ECF Nos. 387, 388.

24   [2] "Director Defendants" refers to Messrs. James Monsees, Adam Bowen, Nicholas Pritzker,
     Hoyoung Huh, and Riaz Valani.

25   [3] "E-Liquid Defendants" refers to Mother Murphy's Labs, Inc., Alternative Ingredients, Inc.,
     Tobacco Technology, Inc., and Eliquitech, Inc.
26
     [4] "Retailer Defendants" refers to Chevron Corporation, Circle K Stores, Inc., Speedway LLC, 7-
27   Eleven, Inc., Walmart, and Walgreen Co.

28   [5] "Distributor Defendants" refers to McLane Company, Inc., Eby-Brown Company, LLC, and
     Core-Mark Holding Company, Inc.

Joint Discovery Status Report in advance of the Discovery Conference scheduled for November 17, 2020.

## I.    DISCOVERY FROM DEFENDANTS

### A.    JLI

*Document Productions*

Discovery of JLI: To date, JLI has produced over 1.3 million documents, consisting of over 6.7 million pages, including re-productions of materials produced to federal and state authorities.  With the Court's assistance, JLI and Plaintiffs reached agreement on custodians and search terms for ESI productions on October 9.  JLI has agreed to make further rolling document productions between now and mid-April.

On October 15, 2020, pursuant to this Court's order, JLI produced its Premarket Tobacco Product Application ("PMTA") to Plaintiffs as Highly Confidential – Outside Counsel Only, in accordance with the proposed Amended Protective Order.  Plaintiffs have expressed some concerns to JLI regarding the use of the PMTA at depositions and will attempt to work through those issues before seeking Court guidance. The Parties will confer as to any additional PMTA-related discovery Plaintiffs seek and bring any unresolvable issues to Your Honor.

*Depositions*

On October 30, 2020, the Parties sought guidance regarding Plaintiffs' process of noticing 30(b)(6) depositions.  Your Honor indicated that Plaintiffs may take multiple 30(b)(6) depositions as discovery progresses, but asked plaintiffs to share the other anticipated early topics with JLI now, and cautioned that Plaintiffs do not "get to duplicate" their questioning, so any future notices will be on "different topics."  (10/30/20 Hearing Tr. at 12:11-21, 13:5-18, 14:23-24, 15:1-4, 19:14-19.)  As a practical matter, Plaintiffs contend that they may notice additional topics that fall under the same umbrella as the early topics (i.e., such as other topics related to marketing, sales, design, safety testing, and youth prevention—including the "why"), but they will not ask the same questions again.  JLI contends that Plaintiffs' deposition notices, as currently drafted, already cover all aspects of the noticed topics—including the "why."  Thus, further notices on

1    these topics would be improper.  Plaintiffs understand the Court has already issued guidance on

2    this point, but apparently the parties need further clarification.

3         To date, Plaintiffs have served JLI with five 30(b)(6) deposition notices regarding

4    design/warnings, marketing, sales, safety/testing, and youth prevention, and on November 11,

5    2020, Plaintiffs indicated that they would be serving one more notice to JLI limited to

6    communications with tribes.  Plaintiffs and JLI have met and conferred regarding all topics

7    multiple times, including on October 9 (Design/Warnings), October 14 (Design/Warnings),

8    October 21 (Design/Warnings and Marketing), November 4 (Sales), and November 11

9    (Safety/Testing and Youth Prevention). Plaintiffs have served amended notices for all but the

10   Sales notice.  JLI is currently working to confirm whether the information plaintiffs seek in the

11   Sales notice is available and has offered to continue to meet and confer with plaintiffs on

12   Wednesday, November 18.

13        The current versions of the Rule 30(b)(6) deposition notices are attached hereto as

14   Exhibits A - E.  As discussed with the Court and JLI, Plaintiffs designed their notices to gather

15   testimony regarding who, what, where, and when of the conduct at issue in this complex MDL to

16   efficiently gather information and to guide and streamline future discovery. The deposition

17   notices include 64 enumerated topics, and there are 128 topics including subparts.  JLI contends

18   that the topics in each notice are extensive and cover, in great detail, nearly every facet of JLI's

19   business.  For example:

20   **Marketing (Ex. B):**  Seeks information on all aspects of JLI's marketing and
21   advertising, including:

22   - Role of third parties in JLI's marketing strategies and advertisements;

23   - Development, design, modification, modification, and implementation of JLI's
     marketing strategies;

24   - Effectiveness of the marketing strategy and advertisements;

25   - Distribution of advertisements;

26   - Development of in-person promotional events; and

27   - Development, design, and modification of product labels.

28

JOINT DISCOVERY
STATUS REPORT

**Youth Prevention (Ex. E):**  Seeks information on each and every facet of JLI's Youth Prevention efforts, including:

- Communications or requests from third parties, your employees, or others concerning youth prevention activities or programs;

- All youth prevention programs or curricula presented, developed or in development;

- Details of the terms and conditions of all contracts or agreements with schools, school districts, out-of school programs, summer camps, or other activities or functions frequented by youth;

- Documents intended to be used to gather any youth participant data as a part of any youth prevention activity and a complete description of all data that was in fact gathered by means of such documents;

- How all schools, school districts, out-of-school programs, summer camps, or other activities or functions frequented by youth, were selected or targeted for contact;

- All payments made by or to JLI in connection with its youth prevention activity to any schools, school districts, out-of-school programs, summer camps, or other activities or functions frequented by youth;

- Training that was given to your representatives, regardless of whether such representatives were employed by you, to conduct any youth prevention and education programs at any schools, school districts, out-of-school programs, summer camps, or other activities or functions frequented by youth;

- Details, content, topics, agenda and substance of any meetings and communications related to your youth prevention activities between you or your representative and any person who at the time of the meeting was not employed by JLI, but was either currently employed any tobacco company or was consulting with JLI based on previous experience at any tobacco company; and

- Details of the "Moving Beyond" program.

Because of the breadth and scope of the topics, JLI contends that it must compile a significant amount of information, confirm whether additional documents need to be produced from the 2.6 million documents that hit on the parties' recently agreed upon search terms, produce them, and prepare a witness on each topic.  Plaintiffs note that JLI has already produced millions of pages of documents, and given the pace of this litigation, it will not be practical or necessary for JLI to wait to produce a witness until it has reviewed and produced more documents; if these are to be early depositions, they should proceed promptly.  JLI states that document production is just one aspect of the time needed for deposition preparation, particularly given the scope of Plaintiffs' 30(b)(6) notices.  Moreover, JLI's document productions are not yet complete, and it should have

1    the opportunity to produce responsive documents before the depositions occur to ensure that each

2    corporate representative has a complete record on which to base the company's testimony.

3    Again, Plaintiffs believe the Court already issued guidance on this point, but apparently the

4    parties need further clarification.

5           Consistent with the Court's guidance, Plaintiffs contend that JLI has sufficient

6    information now to begin setting dates on the proposed topics and ask the Court to set a deadline

7    for JLI to begin producing witnesses before the end of the year.  JLI has advised that it plans to

8    propose potential deposition dates for the 30(b)(6) witnesses once it has received all of plaintiffs'

9    deposition notices and has evaluated the overlapping topics, coverage, and has confirmed witness

10   availability.  In exchange for Plaintiffs withdrawing certain of the 30(b)(6) topics, JLI has also

11   agreed to provide responses to an additional six Rule 30(b)(6) topics concerning Design and

12   Warnings in writing.  The parties have negotiated a November 23, 2020 date for the written

13   responses.  The written topics overlap extensively with the Design and Warnings topics for which

14   plaintiffs have requested a live witness.  Thus, JLI asserts that it requires final confirmation that

15   its written responses are acceptable before moving forward with live testimony on the Designs

16   and Warning topics.  Plaintiffs contend that allowing JLI to delay setting depositions based on the

17   sufficiency of its own responses will simply frustrate the process and lead to more delay.

18   Nevertheless, as a practical matter, Plaintiffs will review the written responses and confer with

19   JLI before any deposition occurs, and suggest that the other topics proceed first to keep things

20   moving forward.

21          Pursuant to CMO 10, on Monday, October 19, Plaintiffs notified JLI that they intend to

22   depose nine fact witnesses who are either current or former JLI employees.  On Monday, October

23   26, Plaintiffs send deposition notices for each of the nine fact witnesses, all set for December 18,

24   2020.  Plaintiffs have indicated that these deposition dates are placeholders and the parties are

25   continuing to negotiate dates that are acceptable for the witnesses and counsel.  On November 5,

26   JLI confirmed that its counsel will represent two of the witnesses, Ari Atkins and Steven

27   Christensen.  JLI is working on deposition dates for Mr. Atkins and Mr. Christensen and will

28   promptly provide them to plaintiffs.  Plaintiffs' counsel has reached out to the firm that JLI

advised would be representing Chelsea Kania (KC Maxwell), but was advised that Ms. Kania no longer lives in the United States and Ms. Maxwell would not accept service of the subpoena. Plaintiffs are continuing to attempt to work with Ms. Maxwell to coordinate a deposition and will seek out other avenues as necessary. Counsel for Mr. Harter, Ms. Henderson, and Ms. Taylor (Foley & Lardner) advised that he would promptly provide a range of available dates beginning in mid-January and will encourage his clients to allow him to accept service of the subpoenas. JLI's counsel is not representing two other witnesses, former employees Spencer Pederson and Chenyue Xing.  JLI is in the process of confirming representation for Mr. Pederson and Ms. Xing. JLI confirmed that it cannot accept service of former employee Andrew Martin, and provided Plaintiffs with contact information on November 16.  Plaintiffs seek the Court's assistance in getting deposition dates for the initial 30(b)(6) topics and fact witnesses that will be represented by JLI's counsel.  JLI does not believe the Court's assistance is necessary, as JLI will promptly propose deposition dates after it has received the appropriate information from Plaintiffs.

On November 16, JLI confirmed that it will promptly produce transcripts from depositions taken in related proceedings.

### Production of Custodial Files

JLI is working on production of custodial files for the nine fact witnesses.  Applying the search terms the parties agreed to on October 9, JLI has identified more than 250,000 documents for production.  JLI is working diligently to analyze the documents for confidentiality and privilege and will begin its rolling production on or about November 18.  In accordance with CMO 10, the custodial files will be produced thirty days before the depositions will be held.

### Written Discovery

JLI has provided responses to all of Plaintiffs' written discovery requests.  On September 14, 2020 and again on October 15, 2020, Plaintiffs requested further responses and clarification regarding JLI's responses to request numbers 127 and 142 in Plaintiffs' fifth set of requests for the production of documents regarding sales data.  On November 15, JLI informed plaintiffs that it is working on providing the requested information (i.e., sales and revenue data broken down by state for all 50 states, a lookup table providing detailed product information for dozens of SKUs,

1    as well as sales, revenue, profit, loss, cost and pricing data at "the most granular level available—

2    such as by product, month, state, and channel").  Plaintiffs and JLI continue to meet and confer on

3    these responses and will bring any additional disputed issues to Your Honor's attention, if

4    necessary.

5           **B.    <u>Altria</u>**

6           ***Document Production***

7           To date, Altria has produced over 731,000 documents, consisting of over 5 million pages,

8    largely including re-productions of documents produced to the FTC.  Altria and Plaintiffs have

9    reached agreement on search terms and custodians for a further document production.  Altria has

10   agreed to substantially complete this production by late December.

11          ***Depositions***

12          On October 29, 2020, Plaintiffs served a deposition notice seeking the testimony of Altria

13   Group, Inc.'s former CEO, Howard Willard.  Altria has offered January 12 or 13, 2021 for Mr.

14   Willard's deposition.  Plaintiffs have agreed to those dates, beginning on January 12 and

15   continuing through January 13 per CMO 10.

16          ***Written Discovery***

17          Altria has provided responses to all of Plaintiffs' written discovery requests.  Plaintiffs

18   and Altria continue to meet and confer on these responses and will bring any disputed issues to

19   Your Honor's attention, if necessary.

20          **C.    <u>E-Liquid Defendants</u>**

21          ***Document Production***

22          Plaintiffs and E-Liquid Defendants continue to confer on potential custodians and search

23   terms for document productions.

24          ***Depositions***

25          On October 16, 2020, Plaintiffs served 30(b)(6) deposition notices on each E-Liquid

26   Defendant.  E-Liquid Defendants and Plaintiffs continue to confer regarding E-Liquid

27   Defendants' objections and potential dates for deposition.

28

JOINT DISCOVERY
STATUS REPORT

*Written Discovery*

Plaintiffs served the E-Liquid Defendants with written discovery requests on June 24, 2020.  Plaintiffs continue to meet and confer with E-Liquid Defendants regarding the sufficiency of their responses.

### D.       Retailer and Distributor Defendants

*Document Production*

Counsel for the Retailer and Distributor Defendants have all provided Plaintiffs their proposed custodians and have produced, at Plaintiffs' request, select organizational charts.

*Written Discovery*

Plaintiffs served the Retailer Defendants with written discovery requests on August 17, 2020.  Plaintiffs served the Distributor Defendants with written discovery requests on August 26, 2020.  The Distributor Defendants responded to Plaintiffs' first set of interrogatories on November 6, 2020.  Plaintiffs and the Retailer and Distributor Defendants continue to meet and confer regarding the scope of written discovery and will bring disputes to Your Honor promptly.

### E.       Director Defendants

The Director Defendants have provided responses to all of Plaintiffs' written discovery requests.  ESI discussions have not progressed.  Plaintiffs and counsel for the Director Defendants continue to meet and confer regarding discovery responses and document productions.

## II.      DISCOVERY FROM PLAINTIFFS

### A.       Personal Injury Plaintiffs

To date, Plaintiffs have served 594 Plaintiff Fact Sheets with record authorizations.  The parties are meeting and conferring regarding alleged deficiencies in Plaintiffs' Fact Sheet responses and will bring disputes to the Court promptly for resolution.  There are additional outstanding Fact Sheets, including from 174 plaintiffs whose Fact Sheets are past due and 141 plaintiffs whom JLI has granted extensions.  To date, 45 plaintiffs' cases have been dismissed without prejudice for non-compliance, and 133 plaintiffs have cases that are currently subject to dismissal motions.

1    Plaintiffs have asked Defendants to provide copies of records, including medical records,

2    obtained pursuant to the authorizations provided with the Plaintiff Fact Sheets.  Plaintiffs reached

3    out to the vendor that Defendants advised they are using to gather medical records, to ensure they

4    would be receiving copies.  According to the vendor, Defendants have not yet ordered records.

5    Plaintiffs are concerned that Defendants' delay in ordering records may impact the schedule and

6    may seek the Court's guidance on this issue.

7    **B.    Class Plaintiffs**

8    *Written Discovery*

9    The parties have extensively met and conferred regarding written discovery requests

10   served by JLI. Plaintiffs serving as Class Representatives for the current bellwether proceedings

11   are preparing amended responses based on the agreements reached by the parties and are in the

12   process of forensically collecting and producing documents.

13   The significant majority of the Class Representatives who are not presently a part of the

14   bellwether proceedings have completed Plaintiff Fact Sheets, and those who have not are in the

15   process of completing them.

16   Consistent with the parties' discussion with the Court during the October 30, 2020

17   discovery conference, Class Representatives who are part of the current bellwether proceedings

18   are in the process of producing documents. The parties are currently negotiating a revised CMO

19   for the Class Representative Plaintiff Fact Sheets.  On November 15, Defendants provided

20   Plaintiffs with an updated draft.  The parties will continue negotiating the proposed order,

21   including the applicability of amendments made to the Plaintiff Fact Sheets by parties that are not

22   defendants in the class action, and will promptly submit to the Court any remaining issues.

23   *Depositions*

24   Pursuant to the Court's November 2, 2020 Order, Defendants will identify 15 Class

25   Representatives for deposition in addition to the named Class Representatives put forward by

26   plaintiffs to represent the California class and the nationwide RICO class.  Dkt. No. 1117.

27   Defendants reserve all rights to seek additional depositions and other discovery related to Class

28   Representatives and class allegations, including of discovery of absent class members, including

JOINT DISCOVERY
STATUS REPORT

but not limited to any of the 29 class representatives who were in the First Amended Consolidated Class Complaint (ECF No. 679), but were dropped from the Second Amended Consolidated Class Complaint (ECF No. 1035).

### C. Government Entity Plaintiffs

*Government Entity Fact Sheets*

The parties have reached agreement on Government Entity plaintiff fact sheets, and the Plaintiffs are using their best efforts to complete these fact sheets by December 21, 2020. On October 22, 2020, the Court entered CMO 13, the implementing order for the Government Entity and School District Plaintiff Fact Sheets. The parties are continuing to discuss general parameters for the selection of bellwethers, and are optimistic that they can submit an agreed upon proposal for government entity bellwether selection along with an agreed upon scheduling stipulation as part of next week's Case Management Conference statement.

## III. THIRD-PARTY DISCOVERY

Plaintiffs have issued third party subpoenas to more than 150 entities or persons. In total, responsive recipients have thus far produced approximately 58,000 documents and negotiations are ongoing with numerous others. Per the Court's guidance, Plaintiffs have withdrawn subpoenas to certain JLI investors pending review of JLI's production of documents containing correspondence with these entities. Plaintiffs anticipate serving deposition notices on one or more third party witness(es) over the next few weeks.

To date, JLI has issued five third party subpoenas.

1    Dated:  November 16, 2020                         Respectfully submitted,

2

3    By: /s/ Renee D. Smith                            By: /s/ Sarah R. London

4    Renee D. Smith (*pro hac vice*)                   Sarah R. London
5    James F. Hurst (*pro hac vice*)                   **LIEFF CABRASER HEIMANN &**
     **KIRKLAND & ELLIS LLP**                          **BERNSTEIN**
6    300 N. LaSalle                                    275 Battery Street, Fl. 29
     Chicago, IL 60654                                 San Francisco, CA 94111
7    Telephone: (312) 862-2310                         Telephone:  (415) 956-1000

8
     By: /s/ Peter A. Farrell                          By: /s/ Dena C. Sharp
9
     Peter A. Farrell (*pro hac vice*)                 Dena C. Sharp
10   **KIRKLAND & ELLIS LLP**                          **GIRARD SHARP LLP**
     1301 Pennsylvania Ave, N.W.                       601 California St., Suite 1400
11   Washington, D.C. 20004                            San Francisco, CA 94108
     Telephone: (202) 389-5959                         Telephone: (415) 981-4800
12

13
     By: /s/ Gregory P. Stone                          By: /s/ Dean Kawamoto
14
     Gregory P Stone, SBN 78329                        Dean Kawamoto
15   Bethany W. Kristovich, SBN 241891                 **KELLER ROHRBACK L.L.P.**
     **MUNGER, TOLLES & OLSON LLP**                    1201 Third Ave., Ste. 3200
16   350 South Grand Avenue                            Seattle, WA 98101
     Fiftieth Floor                                    Telephone:  (206) 623-1900
17   Los Angeles, California 90071-3426
     Telephone:     (213) 683-9100
18                                                     By: /s/ Ellen Relkin
     *Attorneys for Defendant Juul Labs, Inc.*
19                                                     Ellen Relkin
                                                       **WEITZ & LUXENBERG**
20                                                     700 Broadway
                                                       New York, NY 10003
21                                                     Telephone: (212) 558-5500

22
                                                       *Co-Lead Counsel for Plaintiffs*
23

24

25

26

27

28

                                     11                          JOINT DISCOVERY
                                                                 STATUS REPORT

1

2   By: */s/ John S. Massaro*                          By: */s/ James Kramer*
                                                **ORRICK HERRINGTON &**
3   **ARNOLD & PORTER KAYE SCHOLER**            **SUTCLIFFE LLP**
    **LLP**
4                                               James Kramer
    John C. Massaro (admitted pro hac vice)     James Thompson
5   Jason A. Ross (admitted pro hac vice)       Walt Brown
    601 Massachusetts Ave., N.W.                The Orrick Building
6   Washington D.C.  20001                      405 Howard Street
    Telephone:   (202) 942-5000                 San Francisco, CA  94105-2669
7   Facsimile:  (202) 942-5999                  Telephone: (415) 773-5700
    john.massaro@arnoldporter.com               jthompson@orrick.com
8   Jason.ross@arnoldporter.com                 jkramer@orrick.com
                                                wbrown@orrick.com
9   *Attorneys for Defendants Altria Group, Inc.*
    *and Philip Morris USA Inc.*                *Attorneys for Defendant James Monsees*
10

11  By: */s/ Eugene Illovsky*                        By: */s/ Michael J. Guzman*

12  **BOERSCH & ILLOVSKY LLP**                   **KELLOGG, HANSEN, TODD, FIGEL &**
                                                **FREDERICK, P.L.L.C.**
13  Eugene Illovsky
    Martha Boersch                              Mark C. Hansen
14  Matthew Dirkes                              Michael J. Guzman
    1611 Telegraph Ave., Suite 806              David L. Schwartz
15  Oakland, CA 94612                           Sumner Square, 1615 M St., N.W., Suite 400
    Telephone: (415) 500-6643                   Washington, DC 20036
16  eugene@boersch-illovsky.com                 Telephone: (202) 326-7910
    martha@boersch-illovsky.com                 mguzman@kellogghansen.com
17  matt@boersch-illovsky.com
                                                *Attorneys for Defendants Nicholas Pritzker,*
18  *Attorneys for Defendant Adam Bowen*        *Riaz Valani, and Hoyoung Huh*

19

20

21

22

23

24

25

26

27

28

JOINT DISCOVERY
                                              STATUS REPORT

1    By: */s/ Mitchell B. Malachowski*      By: */s/ Robert Scher*     

2    **TYSON & MENDES, LLP**        **FOLEY & LARDNER LLP**

3    James E. Sell        Robert Scher
        Mitchell B. Malachowski        Peter N. Wang

4    Stephen Budica        Graham D. Welch
        April M. Cristal        Dyana K. Mardon

5    523 4th Street, Suite 100        90 Park Avenue
        San Rafael, CA 94901        New York, NY 10016-1314

6    Telephone:  (628) 253-5070        Telephone: (212) 682-7474
        jsell@tysonmendes.com        Facsimile: (212) 687-2329

7    mmalachowski@tysonmendes.com        rscher@foley.com
        sbudica@tysonmendes.com        pwang@foley.com

8    acristal@tysonmendes.com        gwelch@foley.com
                              dmardon@foley.com

9    *Attorneys for Defendants Mother Murphy's*
        *Labs, Inc., and Alternative Ingredients, I*

10                                 *Attorney for Defendants Tobacco*
                                *Technology, Inc., and Eliquitech, Inc.*

11    By: */s/ Michael L. O'Donnell*       

12    **WHEELER TRIGG O'DONNELL LLP**     By: */s/ Christopher J. Esbrook*    

13    Michael L. O'Donnell        **ESBROOK LAW LLC**
        James E. Hooper

14    Marissa Ronk        Christopher J. Esbrook
        370 17th Street, Ste. 4500        David F. Pustilnik

15    Denver, CO 80202        Michael S. Kozlowski
        Telephone: (303) 244-1850        77 W. Wacker, Suite 4500

16    Odonnell@wtotrial.com        Chicago, IL 60601
        hooper@wtotrial.com        Telephone: (312) 319-7681

17    Ronk@wtotrial.com        christopher.esbrook@esbrooklaw.com
                                david.pustilnik@esbrooklaw.com

18    *Attorneys for Defendant McLane Company,*    michael.kozlowski@esbrooklaw.com
        *Inc.*

19                                 *Attorneys for Defendants Eby-Brown*
                                *Company, LLC, Circle K Stores, and 7-*

20                                 *Eleven, Inc., Speedway, and Walgreen Co.*

21    By: */s/ David R. Singh*       

22    **WEIL, GOTSHAL & MANGES LLP**

23    David R. Singh
        Bambo Obaro

24    201 Redwood Shores Parkway, 6th Floor
        Redwood Shores, CA 94065

25    Telephone: (650) 802-3083
        david.singh@weil.com

26    bambo.obaro@weil.com

27    *Attorneys for Defendant Core-Mark Holding*
        *Company, Inc.*

28

JOINT DISCOVERY
STATUS REPORT

1   By: */s/ Donald F. Zimmer, Jr.*

2   **KING & SPALDING LLP**

3

4   Donald F. Zimmer, Jr.
    Quyen L. Ta
    Jennifer T. Stewart
5   101 Second Street, Suite 1000
    San Francisco, CA 94105
6   Telephone:     (415) 318-1200
    fzimmer@kslaw.com
7   qta@kslaw.com
    jstewart@kslaw.com
8

9   *Attorneys for Defendant Walmart Inc.*

    By: */s/ Charles C. Correll Jr.*
10
    **KING & SPALDING LLP**
11
    Andrew T. Bayman (Admitted *pro hac vice*)
12  1180 Peachtree Street, Suite 1600
    Atlanta, GA 30309
13  Telephone: (404) 572-4600
    abayman@kslaw.com
14  and

15  Charles C. Correll, Jr.
    Matthew J. Blaschke
16  Alessandra M. Givens
    101 Second Street, Suite 2300
17  San Francisco, CA 94105
    Telephone: (415) 318-1200
18  ccorrell@kslaw.com
    mblaschke@kslaw.com
19  agivens@kslaw.com

20  *Attorneys for Defendant Chevron Corporation*

21

22

23

24

25

26  2060257.6

27

28

                        14                    JOINT DISCOVERY
                                              STATUS REPORT