1

2

3

4

5

6

7    [*Submitting Counsel on Signature Page*]

8    UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE: JUUL LABS, INC., MARKETING,
     SALES PRACTICES, AND PRODUCTS
12   LIABILITY LITIGATION

13   _____

14   This Document Relates to:

15   ALL ACTIONS

16

    Case No. 19-md-02913-WHO

    **JOINT CASE MANAGEMENT
    CONFERENCE STATEMENT AND
    PROPOSED AGENDA**

17         Pursuant to Civil Local Rule 16-10(d) and the Court's November 20, 2020 Minute Order

18   (ECF No. 1156), counsel for Defendants Juul Labs, Inc. ("JLI"), Altria,[1] Director Defendants,[2] E-

19   Liquid Defendants,[3] Retailer Defendants,[4] and Distributor Defendants[5] (collectively

20   "Defendants"), and Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as

21   _____

22   [1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs'
     Consolidated Class Action Complaint and Consolidated Master Complaint (collectively,
23   "Complaints"), *see* ECF Nos. 387, 388.

24   [2] "Director Defendants" refers to Messrs. James Monsees, Adam Bowen, Nicholas Pritzker,
     Hoyoung Huh, and Riaz Valani.

25   [3] "E-Liquid Defendants" refers to Mother Murphy's Labs, Inc., Alternative Ingredients, Inc.,
     Tobacco Technology, Inc., and Eliquitech, Inc.

26   [4] "Retailer Defendants" refers to Chevron Corporation, Circle K Stores, Inc., Speedway LLC, 7-
27   Eleven, Inc., Walmart, and Walgreen Co.

28   [5] "Distributor Defendants" refers to McLane Company, Inc., Eby-Brown Company, LLC, and
     Core-Mark Holding Company, Inc.

the "Parties") respectfully provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for December 18, 2020.

## I.   PARTICIPANT INFORMATION

The conference will proceed via Zoom, and the Parties will not appear in person.  Anyone who wishes to attend the conference must log in using the information available at: https://www.cand.uscourts.gov/judges/orrick-william-h-who/.

## II.   ISSUES TO BE DISCUSSED BELOW AND PROPOSED AGENDA

1.   Status of Case Filings and Dismissals

2.   Case Management Matters

3.   Rule 26(f) Report

4.   Discovery Status

5.   ADR Status

## III.   STATUS OF CASE FILINGS AND DISMISSALS

As of December 16, 2020, 1459 cases are pending in this MDL, naming 83 defendants. A list of these defendants is attached as **Exhibit A**.  To date, 1293 personal injury cases and 143 government entity cases (including 104 school districts, 19 counties, 1 city, and 19 tribes) have been filed in this MDL.  119 MDL plaintiffs have voluntarily dismissed their cases (114 personal injury plaintiffs, 1 government entity, and 4 class plaintiffs); 105 cases have been dismissed without prejudice pursuant to CMO No. 8; and 64 other cases are subject to pending motions to dismiss that have not yet been ruled upon.

There are 279 complaints pending in JCCP 5052, which is assigned to Judge Ann I. Jones of the Los Angeles Superior Court as the Coordination Trial Judge.  There are 66 government entity cases, including 64 school districts and 214 personal injury cases brought on behalf of over 2400 individual personal injury plaintiffs.  There are 16 defendants named in those JCCP cases.

The Parties are also aware of 15 cases filed by State Attorneys General specifically: California, Illinois, Hawaii, New York, North Carolina, Mississippi, Minnesota, Washington D.C., Arizona, Pennsylvania, New Mexico, Massachusetts, Colorado, Alaska and Washington.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    Plaintiffs' Liaison Counsel continue their outreach to various State Attorneys General to discuss

2    cooperation with this MDL.

3           An update on matters of significance in (including hearings, schedules, deadlines,

4    depositions, substantive orders, and trial dates) in Related Actions as defined by the Joint

5    Coordination Order (CMO 9, ECF No. 572 at 1, 3) is attached hereto as **Exhibit B**.

6    **IV.   CASE MANAGEMENT MATTERS**

7           **A.      Personal Injury Actions**

8                     **1.   Bellwether Discovery Pool**

9           On December 15, 2020, pursuant the Court's (i) September 9, 2020 Order Regarding

10   Bellwether Selection and Case/Trial Schedule (ECF No. 938), (ii) November 9, 2020 Order

11   Regarding (1) *Lexecon* and Bellwether Selection for Personal Injury Cases and (2) Class

12   Representative Personal Injury Claims (ECF No. 1125); and (iii) November 20, 2020 Civil

13   Minutes (ECF No. 1156), the Parties filed a Joint Notice of the 12 cases that were selected

14   through a random-selection process and which will comprise the Court's 12 bellwether discovery

15   pool selections. (ECF No. 1188). The Parties' selections of 12 additional cases (6 each) will be

16   made on December 29, 2020. (ECF No. 1156).[6] Plaintiffs have agreed with work with

17   Defendants to resolve any service issues among the eligible bellwether cases.

18          **Defendants' Position**

19          In its November 9, 2020 Order, the Court, over Defendants' objections, limited the

20   bellwether discovery pool to those cases that had designated the Northern District of California as

21   the trial forum, and gave Plaintiffs an opportunity to amend their complaints to change their

22   designated forum if they wished to do so. (ECF No. 1125.) Defendants' concerns about the

23   impact of that Order on the representativeness of the resulting bellwether pool have come to pass.

24          *First*, the forum limitation shaved off over 85% of the cases (895 out of 1042) that

25   otherwise may have been eligible for the bellwether discovery pool because they were filed in or

26

27   ───────────────
     [6] Defendants reserve all objections to the selection process for the pool, including the alteration of
28   a selected forum through an amendment (rather than dismissal) process. Defendants also reserve
     all rights as to cases selected for the bellwether discovery pool, including but not limited to
     personal jurisdiction, subject matter jurisdiction, venue, and *Lexecon*.

                                                                    JOINT CASE MANAGEMENT
                                                                    CONFERENCE STATEMENT

1   transferred to the MDL by October 15, 2020   (ECF No. 938 at 2).  *Second*, that only 147 cases in

2   total selected this jurisdiction as the forum—even after the Court provided an opportunity to

3   amend complaints to alter the designated forum (ECF No. 1125)—suggests that the

4   overwhelming majority of plaintiffs may prefer having their cases tried before juries in their

5   home jurisdiction.[7]  *Third*, the opportunity for a forum-selection redo has compromised the

6   representativeness of the pool in other ways: (i) 36% of the overall pool alleges first JUUL use as

7   adults, while only 23% of the abbreviated pool does; (ii) 27% of the larger pool alleges use of

8   combustible cigarettes or other nicotine products <u>before</u> alleged first JUUL use, while only 16%

9   of the truncated pool does; and (iii) 11% of the larger pool alleges addiction as the only claimed

10   injury, but that number decreases to 3% of cases in the smaller pool.[8]

11        Defendants believe the constraints on the bellwether selection process—coupled with the

12   nature of how these claims are pled—results in a bellwether pool that will not to provide reliable

13   information necessary to facilitate the successful resolution of this MDL

14        **<u>Plaintiffs' Position</u>**

15        Plaintiffs do not join in Defendants' grievances regarding the bellwether selection process.

16   Defendants' complaints that the pool is too small ring hollow. Having chosen to wield *Lexecon* as

17   a sword to substantially limit the number of cases that could be tried in this forum to a mere 37,

18   Defendants now take the incredible position that this Court's Order enlarging the pool by more

19   than 100 cases somehow made the bellwether pool *less* representative. Defendants could have

20   agreed to have the entire pool of cases that were filed be part of the potential bellwether pool if

21   they only agreed to waive *Lexecon*. But their desire to prevent a trial in the very MDL jurisdiction

22   they advocated for resulted in their counterproductive position. Plaintiffs disagree that the cited

---

[7] Indeed, the selective amendments go in both directions.  At least one Plaintiff, Lauren Beauvais, originally filed a short form complaint on October 14—one day before the Court's original bellwether deadline, in which she selected the Northern District of California as the venue she would have filed but for the absence of direct filing. *See* Case No. 3:20-cv-07148-WHO at ECF No. 1. After the Court's *Lexecon* order, however, Ms. Beauvais filed an "amended" complaint selecting the Northern District of Arizona as the district she would have filed absent direct filing and effectively opted **out** of the potential bellwether pool.

[8] The skewed sample applies in other areas as well. For example, the Beasley Allen law firm represents less than 10% of plaintiffs in the larger pool, but their representation in the smaller pool is more than double that, at nearly 22% (and nearly 42% (5 out of 12) of the random selection picks are Beasley Allen cases.

4

1  data points—if accurate, and Plaintiffs have not had the opportunity to assess them—are

2  determinative in driving resolution (i.e., which cases belong to which law firm). In any event, the

3  Court's process already adjusts for these concerns in making the final bellwether trial selections.

4  Defendants will have the opportunity to submit six potential bellwether cases on December 29

5  and can later advocate to the Court why they believe their selections are more appropriate for

6  early trials.

7  **2.   Motions To Dismiss With Prejudice**

8  On November 25, 2020, JLI moved to convert 95 dismissals without prejudice to

9  dismissals with prejudice. (ECF No. 1167) The PSC filed a timely opposition,(ECF No. 1176),

10  and JLI filed a timely reply  on December 16, 2020 (ECF No. 1189). The Motion is scheduled for

11  hearing on January 15, 2021.

12  **B.   <u>Government Entity Actions</u>**

13  The parties have previously reached agreement and the Court has ordered (ECF No.

14  1157) that the bellwether pool will consist of 12 government entities with a mix of counties and

15  school districts, that the discovery, trial preparation, and trial deadlines and dates for the cases in

16  the pool shall be sequenced in a manner agreed to by the Parties and approved by the Court, or as

17  ordered by the Court, with the pool divided into at least two subgroups for which the dates and

18  deadlines for discovery, trial preparation, and trial shall be separated by at least nine months, and

19  that deadline for government entity plaintiffs to submit their Plaintiff Fact Sheets ("PFS") was

20  extended from November 16, 2020, to December 21, 2020.  The defendants and plaintiffs shall

21  each select 6 of the 12 government entity cases to be included in the bellwether pool and to

22  submit their selections by January 20, 2021.  (ECF No. 1157).  The parties are continuing to meet

23  and confer regarding the selection of specific trial bellwethers and the grouping of these

24  bellwethers into two or more different waves.  The parties are hopeful that they will either be able

25  to reach agreement on a comprehensive proposal to present to the Court, or at minimum narrow

26  the issues that the Court will need to resolve.  The parties will either submit an agreed upon

27  bellwether proposal, or competing proposals, to the Court by January 20, 2021.

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    COVID-19 continues to impose significant burdens on counties and school districts.

2  Nevertheless, Plaintiffs wish to advise the Court that they are making best efforts to complete the

3  plaintiff fact sheets and anticipate having a significant number of fact sheets submitted by

4  December 21st.  Defendants note that they, too, are having to work under the constraints resulting

5  from the COVID-19 pandemic, including in responding to discovery and preparing witnesses for

6  depositions and defending those depositions.  More to the point, however, Defendants need the

7  information required to be disclosed in the government entity PFSs in order to make informed

8  choices of government entity cases for inclusion in the bellwether pool.  Thus, Defendants request

9  that the Court set a deadline of January 4, 2021, by which date all bellwether-eligible government

10  entity plaintiffs shall have submitted completed PFSs.  Plaintiffs object to Defendants' proposal

11  that government entities that do not have completed fact sheets on file by January 4, 20201 are

12  ineligible for consideration as a bellwether.  This request is directly contrary to the stipulation that

13  Defendants agreed to just last month providing that:  "While the government entity plaintiff in

14  each such bellwether case shall use its best efforts to have its PFS served and filed on or before

15  December 21, 2020, the absence of a completed fact sheet will not preclude an otherwise eligible

16  government entity plaintiff from being put forward by a party for inclusion in the bellwether

17  pool." ECF No. 1157 at 3.  All of the Government Entity plaintiffs are working hard to meet the

18  current December 21, 2020 deadline and anticipate that there will be a very substantial number

19  completed by that deadline.  Plaintiffs do not anticipate any problems with a timely and orderly

20  bellwether selection process on the current timeline, but in the unlikely event that things were to

21  change, the issue could be revisited at next month's Case Management Conference and any

22  scheduling issues addressed at that time, which is before the January 20 deadline for bellwether

23  selection. To be clear, Defendants do not seek to exclude any government entity cases from the

24  bellwether pool that otherwise are eligible for inclusion.  To the contrary, Defendants request

25  only that the Court order government entity plaintiffs who do not meet the current deadline of

26  December 21, 2020 for the submission of their PFSs to do so by January 4, 2021.  What

27  sanctions, if any, should be imposed for the failure of government entity plaintiffs to meet that

28  deadline may be addressed another day, but for now, Defendants ask only that the government

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    entity plaintiffs be given a firm deadline that they must meet, particularly since they have

2    previously been granted extensions of this deadline.

3            The existing case schedule also contains a deadline of December 22, 2020 (60 days from

4    the entry of the Court's order on defendants' initial motions to dismiss) for filing amended

5    government entity complaints.  On November 12, 2020, Plaintiffs amended the seven government

6    entity "briefing bellwether" complaints to revise their RICO claims and add additional factual

7    allegations.  These complaints were filed under seal, and Defendants are still in the process of

8    determining whether any of new the material contained in these complaints needs to remain under

9    seal.  The parties have agreed to extend Defendants' deadline for doing so until January 11, 2020.

10   Because this determination may reduce, if not eliminate, the need to file additional government

11   entity amended complaints under seal, the Parties have agreed that the Plaintiffs do not need to

12   file any amended government entity complaints on the public docket and can instead just serve

13   them on the Defense counsel.  The parties have also agreed to extend the deadline for serving

14   such complaints from December 22, 2020 to December 29, 2020.

15           **C.      Scheduling Issues**

16                   **1.   Extension of Alternative Service**

17           On April 22, 2020, due to the challenges presented by the COVID-19 pandemic, Plaintiffs

18   filed a motion for alternative service, requesting an order from the Court deeming the personal

19   service requirements set forth in Rule 45 of the Federal Rules of Civil Procedure satisfied by

20   delivering subpoenas via certified mail until September 1, 2020.  ECF No. 486.  On May 1, 2020,

21   the Court granted the requested relief.  ECF No. 518.  On September 21, 2020, at Plaintiffs'

22   request and due to ongoing threat of COVID-19, the Court extended the effect of its Order to

23   January 1, 2021.

24           Due to the continuing threat of COVID-19, Plaintiffs respectfully request a further

25   extension of the Order temporarily suspending the Rule 45 requirements for service of process for

26   subpoenas.   Defendants do not oppose this request.  A proposed order is attached as **Exhibit C**.

27                   **2.   Scheduling And COVID-Issues**

28           **Plaintiffs' Position**

1    Plaintiffs continue to strive to work collaboratively with Defendants to find ways to

2  alleviate the burden on everyone during this difficult time—counsel, clients, the Court, and all

3  those who support these efforts—while keeping this litigation moving with all due speed.  To this

4  end, we negotiated the Remote Deposition Protocol, reached agreements regarding alternative

5  service, and whenever appropriate, have agreed to extend deadlines.  Most recently, to

6  accommodate JLI's concerns about needing additional time to prepare its witness remotely,

7  Plaintiffs agreed to postpone the deposition scheduled for December 17 until January. At the

8  December 11 Discovery Conference, JLI indicated that certain witnesses scheduled for deposition

9  in January may require accommodations (in part because they have to sit for depositions in other

10  cases) and asked that Plaintiffs agree to push those dates out two to three weeks. At the

11  Conference, Plaintiffs agreed to work with Defendants on the specifics of those accommodations

12  and to work through a mutually agreeable schedule.  Plaintiffs have asked Defendants to provide

13  a list of the witnesses they would like to reschedule and alternative dates.  Defendants have not

14  responded to these requests, instead choosing to push for a wholesale delay in the entire case

15  schedule, which Plaintiffs do not agree is warranted at this time.

16    Plaintiffs remain open to accommodating Defendants, but only if adjusting the schedule

17  will be fair to both sides and will get depositions moving in this MDL (just as they are proceeding

18  in many other coordinated proceedings, including in California).  For example, Plaintiffs ask that

19  custodial files be produced 30 days before the originally scheduled dates, so our review and

20  preparation can proceed apace.  Mindful of the discovery cut-off, Plaintiffs have been attempting

21  to set deposition dates since the end of August.  JLI had resisted for months and did not set any

22  dates until after Judge Corley ordered them to do so.  Postponing nearly all the depositions—and

23  all the custodial file productions—into the late winter, early spring will jam and unfairly prejudice

24  Plaintiffs. Further, leaving open the question of whether scheduled depositions will move forward

25  in the next eight weeks would require Plaintiffs to continuously prepare for deposing witnesses

26  over the holidays, only to have Defendants reschedule in piecemeal fashion.  Plaintiffs ask the

27  Court to facilitate any changes to the deposition schedule in a way that reasonably accommodates

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

both sides and provides certainty in the near term, while maintaining the current case schedule that is in place absent an agreement of the parties or showing of good cause.

**Defendants' Position**

The COVID pandemic unfortunately continues to rage.  The first distributions of the vaccine are promising, but the effects of this national health emergency on *all parties* to this litigation (as well as the numerous non-parties who have been or will be subpoenaed for document production and deposition) show no sign of abating within the next several months.  Circumstances have deteriorated since the Court entered its September 9, 2020 Scheduling Order, and they seem likely to get worse in the near term before they get better.  As Judge Corley observed, "these are tough times;" "the schedule is important, but it's not the most important."  "Everything just takes longer and just seems so much harder right now."  (12/11/2020 Hr'g Tr. at 17-18.)  These challenges have had particularly significant impacts on the parties here.  Most of JLI's witnesses are again subject to lockdown conditions in San Francisco, and many of the plaintiffs are school districts and governmental entities who are facing a host of challenges of their own.

For example, in the last 48 hours alone, plaintiffs have requested significant extensions for submitting government entity fact sheets in light of the COVID emergency.  In one case, plaintiffs requested an extension because the school superintendent contracted COVID-19 and could not complete the fact sheet on time.  Plaintiffs have also asked for extensions of their deadline to file amended complaints, complete personal injury fact sheets, among others.   Defendants have not hesitated to agree to those requested extensions, but the June 18, 2021 fact discovery cutoff is a looming issue given that fact discovery has not yet even begun from the government entity plaintiffs (or any of the plaintiffs for that matter).

In the meantime, Plaintiffs have identified about 40 current or former employees of JLI or Altria and certain third parties who they intend to depose, and Plaintiffs have not yet provided a number of how many additional fact depositions they will pursue.  While coordinating and completing that many depositions amidst the challenges of COVID would be difficult before even the June 18, 2021 fact discovery cutoff, Plaintiffs have demanded that JLI produce witnesses on

1    five separate 30(b)6 notices and many other individual witnesses before Plaintiffs' class

2    certification motion is due on March 17, 2021.  As a result, despite the challenges of COVID,

3    Plaintiffs have in effect asked to *shorten* an already aggressive schedule by three months while

4    pursuing discovery well beyond the standard limits of the Federal Rules.

5              To address Plaintiffs' request for depositions before their class motion is due, JLI

6    proposed that the parties agree (and submit to the Court for consideration) to extend current

7    deadlines by 120 days or some other reasonable period of time (e.g., 90 days).  This would allow

8    additional time to complete the extensive discovery Plaintiffs seek before filing their class

9    motion, which would be due this summer instead of March.  It would also allow additional time

10   to schedule depositions of witnesses who will or may be deposed in one or more of the other

11   cases pending against JLI and Altria outside this MDL.  Plaintiffs declined to discuss changes to

12   the schedule and offered only to adjust certain proposed deposition dates by a week or two.

13            Contrary to Plaintiffs' assertion, Defendants have not ignored Plaintiffs' offer, which was

14   made only yesterday.  Defendants have been conferring with clients and witnesses regarding

15   which depositions may need to be rescheduled and will notify Plaintiffs as soon as practicable.

16   More broadly, however, Defendants respectfully submit that Plaintiffs' offer to reschedule a few

17   depositions by a week or two is not adequate given the circumstances of this case and COVID-19.

18   Defendants look forward to continuing dialogues with Plaintiffs on these issues.  If the parties

19   cannot resolve their concerns, Defendants may need to seek relief from the Court and Judge

20   Corley, as appropriate.

21            **D.      Amendment to CMO-5**

22            To facilitate the efficient management of reviewing compensable time spent by Plaintiffs'

23   counsel working on this litigation, Plaintiffs' request that the Court adopt an amended monthly

24   time report form.  The proposed amendment adds a column to track leadership authorization of

25   tasks and expenses. Plaintiffs will submit a proposed order with the amendment on or before

26   December 18, 2020.

27

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

### E.   Amended Protective Order

The parties are working to finalize an amended protective order governing the production of confidential information in these proceedings.  The parties will submit a stipulation by December 18 or raise any disputes with the Court at the Conference.

## V.   26(F) REPORT

Plaintiffs and Defendants continue Rule 26 discussions.  The parties had several meet-and-confer sessions and offer the following report:

### A.   Initial Disclosures

Plaintiffs and Defendants are continuing to meet and confer regarding supplementing certain Defendants' Initial Disclosures with the production of insurance policy documents, to the extent applicable, and the Parties continue to discuss the timing and Plaintiffs' Initial Disclosure Requirements.

### B.   Changes to Default Discovery Limits

The Parties continue to confer regarding changing the default discovery limits to accommodate the scale and complexity of the litigation.

## VI.   DISCOVERY STATUS

### A.   MDL Discovery

On December 11, 2020, the Parties participated in a discovery conference with Judge Corley.  A copy of the December 9, 2020 Joint Discovery Status Report provided in advance of that conference is attached as **Exhibit D**.  In addition, on December 9, Plaintiffs notified JLI that they intend to depose 15 additional fact witnesses.  And today, JLI filed a letter regarding the withdrawal of certain public records requests addressed at the December 11th conference. (ECF No. 1190).

### B.   Coordination with JCCP on Discovery

The MDL Plaintiffs are holding weekly calls with JCCP counsel regarding discovery coordination.  Defendants appreciate and encourage coordination between the MDL and the JCCP, as detailed by the Joint Coordination Order (CMO No. 9, ECF No. 572) and the Deposition Protocol (CMO No. 10, ECF No. 573).

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

## VII.   ADR STATUS

Pursuant to Civil Local Rule 16-10(d), the Parties report that they continue to confer with Settlement Master Thomas J. Perrelli and cooperate with his recommendations.

Dated:  December 16, 2020

Respectfully submitted,

By: /s/ Renee D. Smith

Renee D. Smith (*pro hac vice*)
James F. Hurst (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2310

By: /s/ Peter A. Farrell

Peter A. Farrell (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5959

By: /s/ Gregory P. Stone

Gregory P Stone, SBN 78329
Bethany W. Kristovich, SBN 241891
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100

*Attorneys for Defendant Juul Labs, Inc.*

By: /s/ Sarah R. London

Sarah R. London
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone:  (415) 956-1000

By: /s/ Dena C. Sharp

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

By: /s/ Dean Kawamoto

Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone:  (206) 623-1900

By: /s/ Ellen Relkin

Ellen Relkin
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500

*Co-Lead Counsel for Plaintiffs*

12

1

2   By: */s/ John C. Massaro*                          By: */s/ James Kramer*

3   **ARNOLD & PORTER KAYE SCHOLER**          **ORRICK HERRINGTON &**
    **LLP**                                    **SUTCLIFFE LLP**

4
    John C. Massaro (admitted pro hac vice)    James Kramer
5   Jason A. Ross (admitted pro hac vice)      James Thompson
    601 Massachusetts Ave., N.W.               Walt Brown
6   Washington D.C.  20001                     The Orrick Building
    Telephone:   (202) 942-5000                405 Howard Street
7   Facsimile:  (202) 942-5999                 San Francisco, CA  94105-2669
    john.massaro@arnoldporter.com              Telephone: (415) 773-5700
8   Jason.ross@arnoldporter.com                jthompson@orrick.com
                                               jkramer@orrick.com
9   *Attorneys for Defendants Altria Group, Inc.*   wbrown@orrick.com
    *and Philip Morris USA Inc.*
10                                             *Attorneys for Defendant James Monsees*

11

12  By: */s/ Eugene Illovsky*                  By: */s/ Michael J. Guzman*

13  **BOERSCH & ILLOVSKY LLP**                 **KELLOGG, HANSEN, TODD, FIGEL &**
                                               **FREDERICK, P.L.L.C.**
14  Eugene Illovsky
    Martha Boersch                             Mark C. Hansen
15  Matthew Dirkes                             Michael J. Guzman
    1611 Telegraph Ave., Suite 806             David L. Schwartz
16  Oakland, CA 94612                          Sumner Square, 1615 M St., N.W., Suite 400
    Telephone: (415) 500-6643                  Washington, DC 20036
17  eugene@boersch-illovsky.com                Telephone: (202) 326-7910
    martha@boersch-illovsky.com                mguzman@kellogghansen.com
18  matt@boersch-illovsky.com
                                               *Attorneys for Defendants Nicholas Pritzker,*
19  *Attorneys for Defendant Adam Bowen*       *Riaz Valani, and Hoyoung Huh*

20

21

22

23

24

25

26

27

28

13

By: */s/ Mitchell B. Malachowski*

**TYSON & MENDES, LLP**

James E. Sell
Mitchell B. Malachowski
Stephen Budica
April M. Cristal
523 4th Street, Suite 100
San Rafael, CA 94901
Telephone:  (628) 253-5070
jsell@tysonmendes.com
mmalachowski@tysonmendes.com
sbudica@tysonmendes.com
acristal@tysonmendes.com

*Attorneys for Defendants Mother Murphy's Labs, Inc., and Alternative Ingredients, I*

By: */s/ Michael L. O'Donnell*

**WHEELER TRIGG O'DONNELL LLP**

Michael L. O'Donnell
James E. Hooper
Marissa Ronk
370 17th Street, Ste. 4500
Denver, CO 80202
Telephone: (303) 244-1850
Odonnell@wtotrial.com
hooper@wtotrial.com
Ronk@wtotrial.com

*Attorneys for Defendant McLane Company, Inc.*

By: */s/ David R. Singh*

**WEIL, GOTSHAL & MANGES LLP**

David R. Singh
Bambo Obaro
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3083
david.singh@weil.com
bambo.obaro@weil.com

*Attorneys for Defendant Core-Mark Holding Company, Inc.*

By: */s/ Robert Scher*

**FOLEY & LARDNER LLP**

Robert Scher
Peter N. Wang
Graham D. Welch
Dyana K. Mardon
90 Park Avenue
New York, NY 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2309
rscher@foley.com
pwang@foley.com
gwelch@foley.com
dmardon@foley.com

*Attorney for Defendants Tobacco Technology, Inc., and Eliquitech, Inc.*

By: */s/ Christopher J. Esbrook*

**ESBROOK LAW LLC**

Christopher J. Esbrook
David F. Pustilnik
Michael S. Kozlowski
77 W. Wacker, Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681
christopher.esbrook@esbrooklaw.com
david.pustilnik@esbrooklaw.com
michael.kozlowski@esbrooklaw.com

*Attorneys for Defendants Eby-Brown Company, LLC, Circle K Stores, and 7-Eleven, Inc., Speedway, and Walgreen Co.*

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1

By: */s/ Donald F. Zimmer, Jr.*

2

**KING & SPALDING  LLP**

3

Donald F. Zimmer, Jr.
Quyen L. Ta

4

Jennifer T. Stewart
101 Second Street, Suite 1000

5

San Francisco, CA 94105
Telephone:      (415) 318-1200

6

fzimmer@kslaw.com
qta@kslaw.com

7

jstewart@kslaw.com

8

*Attorneys for Defendant Walmart Inc.*

9

By: */s/ Charles C. Correll Jr. _____*

10

**KING & SPALDING LLP**

11

Andrew T. Bayman (Admitted *pro hac vice*)
1180 Peachtree Street, Suite 1600

12

Atlanta, GA 30309
Telephone: (404) 572-4600

13

abayman@kslaw.com

and

14

Charles C. Correll, Jr.

15

Matthew J. Blaschke
Alessandra M. Givens

16

101 Second Street, Suite 2300
San Francisco, CA 94105

17

Telephone: (415) 318-1200
ccorrell@kslaw.com

18

mblaschke@kslaw.com
agivens@kslaw.com

19

*Attorneys for Defendant Chevron Corporation*

20

21

22

23

24

25

26

27

28

15