UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| **Date:** December 18, 2020 | **Time:** 10 minutes<br>1:00 p.m. to 1:10 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.**: 19-md-02913-WHO | **Case Name:** In Re: Juul Labs, Inc., Marketing, Sales Practices | |

**Attorneys for Plaintiffs:**   Sarah London, Dean Kawamoto, Ellen Relkin and Dena Sharp

**Attorneys for Defendants:**   Peter A. Farrell, Gregory P. Stone, John Massaro,
Michael J. Guzman, Michael O'Donnell,
Mitchell B, Malachowski, Christopher J. Esbrook, James Kramer,
and Eugene Illovsky

*(Additional counsel in attendance; only those who were approved in advance to address the Court are identified.)*

**Deputy Clerk:** Jean Davis                              **Court Reporter:** JoAnn Bryce

PROCEEDINGS

At 12:30 p.m. plaintiff Co-Lead Counsel and defense counsel identified above participated in an *in camera* videoconference.

At 1:00 p.m. the monthly Case Management Conference was conducted via videoconference.

The court acknowledges the hard work being performed by counsel in this matter.

The agreements of the parties in the Case Management Statement are adopted by the court, including the extension of plaintiffs' deadline to serve amended government entity complaints (extended to December 29, 2020) and defendants' deadline to determine what materials should remain under seal in the amended seven government entity "briefing bellwether" complaints (extended to January 11, 2020).  Plaintiffs' counsel shall submit in Word proposed orders extending alternative service (Exhibit C) and the proposed Amendment to CMO No. 5 (amended monthly time report form).

The court acknowledges the defendants' concerns regarding the bellwether pool for personal injury trials and repeats its intent to maintain the schedule as it exists and try the cases that it can

try as part of that bellwether process, to keep this action moving forward and provide real utility to the parties in valuing cases.

The court also acknowledges the defendants' concerns regarding the discovery schedule and the difficulties of scheduling during the pandemic. Individual continuances and accommodations should continue to be provided by both sides when appropriate, as has been occurring. The court does not intend to grant a wholesale continuance to case dates.

Generally, custodial files for those selected for deposition should be provided within 30 days of the original notice date. Extensions as necessary for individualized circumstances should be provided.

To allow defendants sufficient information for Government Entity bellwether selections, plaintiffs shall provide completed (or as substantially completed as possible) Governmental Entity Fact Sheets by January 13, 2021. The court will address the consequences of any deficiencies in those fact sheets at the January 15, 2021 Case Management Conference.

Parties should know that full cooperation with Judge Corley and Special Master Perrelli is important. They both speak for the court. When they ask for information or responses, that information and those responses should be promptly and comprehensively provided.

Finally, responses to motions to dismiss for failure to comply with CMO No. 8 should be filed only in the underlying cases and not in the main MDL docket. JLI shall file the underlying motions (on a going-forward basis) in both the main MDL docket but also in each of the underlying cases. Deposition notices may be filed in the main MDL docket to facilitate notice to all parties.