**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES**</u>

| **Date:** January 15, 2021 | **Time:** 10 minutes 12:59 p.m. to 1:09 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 19-md-02913-WHO | **Case Name:** In Re: Juul Labs, Inc., Marketing, Sales Practices | |

**Attorneys for Plaintiffs:**    Sarah London, Dean Kawamoto, Ellen Relkin and Dena Sharp

**Attorneys for Defendants:**    Peter A. Farrell, Gregory P. Stone, John Massaro, Michael J. Guzman, Michael O'Donnell, Mitchell B, Malachowski, Christopher J. Esbrook, and Eugene Illovsky

*(Additional counsel in attendance; only those who were approved in advance to address the Court are identified.)*

 **Deputy Clerk:** Jean Davis                                   **Court Reporter:** JoAnn Bryce

**PROCEEDINGS**

At 12:30 p.m. plaintiff Co-Lead Counsel and defense counsel identified above participated in an *in camera* videoconference.

At 1:00 p.m. the monthly Case Management Conference was conducted via videoconference.

Motions to Convert Cases Dismissed without Prejudice to Dismissal with Prejudice.  Dkt. Nos. 1167, 1169.  For the reasons discussed, the Court will dismiss with prejudice all cases identified in Exhibit A of the motions ("covered-plaintiffs"), if those covered-plaintiffs have not filed plaintiff fact sheets on or before **February 16, 2021**.  This is the last notice the covered-plaintiffs will get before dismissal with prejudice will be entered.  Defense counsel shall submit a proposed order of dismissal, approved as to form by plaintiffs' counsel, identifying each case and covered-plaintiff, on or after February 17, 2021.

For the motions to dismiss without prejudice noticed for today's date (Dkt Nos. 1161, 1171, 1178), defense counsel shall file a proposed order identifying the specific cases covered by these motions where plaintiffs have not filed PFSs by that date.  Those cases will be dismissed without prejudice as of the entry of that proposed order.

The Administrative Motions to Seal the Portions of Paragraph 548 of Plaintiffs' Second Amended Consolidated Class Action Complaint (Dkt. No. 1134, 1249) is GRANTED in part. Only the second sentence, identifying specific amounts attached to specific names, may remain under seal. Plaintiffs shall file a revised redacted version of the Second Amended Consolidated Class Action Complaint redacting only that one sentence within ten days.

The court expresses appreciation for the amount of work being accomplished by counsel with Magistrate Judge Corley and Mr. Perrelli.

The amended briefing schedule for motions to dismiss the 24 bellwether personal injury cases – which are the only personal injury pleadings that will be formally tested at this juncture – is amended as stipulated to by the parties, except that the hearing on those motions will be April 9, 2021.  Answers shall be filed, if and as appropriate, within 30 days following the Court's rulings on those motions.

The proposal for selecting the bellwether Government Entity cases will be submitted to the court, as a stipulation or as competing proposals, by January 27, 2021.  The Court reiterated its preference to try bellwether cases here but is willing to remand Government Entity bellwether cases (on agreement of the parties) to be tried in transferor districts following the trials conducted here.  The Court is also willing to sit by designation and try cases in other jurisdictions within the Ninth Circuit.

Procedures for the bellwether trials will be on the agenda for discussion at next month's CMC.