UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO<br><br>**SECOND AMENDED NOTICE OF TAKING REMOTE VIDEO CONFERENCE AND VIDEOTAPED DEPOSITION** |

**PLEASE TAKE NOTICE** that the undersigned attorneys will take the remote videotaped deposition identified below. This notice has been amended only to reflect a new start time of 10:00 a.m. EST.

| **NAME:** | **DATE AND TIME:** | **LOCATION:** |
|---|---|---|
| Thomas Perfetti | January 28–29, 2021, beginning each day at 10:00 a.m. EST | Witness's Residence or other agreed-upon location TBD |

PLEASE TAKE NOTICE that, pursuant to the Rule 30 of the Federal Rules of Civil Procedure and *In Re: Juul Labs, Inc., Marketing, Sales Practices, And Products Liability Litigation*, Case No. 19-md-02913-WHO, Case Management Order Numbers 10 and 11 (CMO Nos. 10 and 11), Plaintiffs, by and through the undersigned counsel, intend to depose Thomas Perfetti via remote audio-video conference on January 28 and January 29, 2021 beginning each day at 10 a.m. Eastern Time via a remote meeting platform provided by Golkow Technologies.

The remote deposition will be coordinated by Golkow Technologies, with a business address of 1650 Market St # 51, Philadelphia, PA 19103. A link and any necessary credentials will be provided at least three days in advance of the deposition. The deposition will be conducted using teleconference and/or video conference technology, without a court reporter being physically present with the witness, consistent with CMO No. 11 and all existing governmental and court orders relating to COVID-19 and consistent with best practices recommended by the CDC to prevent the spread of COVID-19.

This deposition is being taken for the purpose of discovery, for use at trial, or such other purposes as are permitted under the Rules. The deposition will be recorded by stenographic means and by audio and video.

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rule Civil Procedure 30(b)(2) and 34, the deponent is requested to produce all documents and communications used to refresh the witness's recollection.

Dated: January 26, 2021

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Sarah R. London*
    Sarah R. London

275 Battery Street, 29th Floor
San Francisco, California, 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

GIRARD SHARP LLP

By: */s/ Dena Sharp*
    Dena Sharp

601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

NOTICE OF VIDEO CONFERENCE AND DEPOSITION
CASE NO. 19-MD-02913-WHO

1

KELLER ROHRBACK L.L.P.

2
By: */s/ Dean Kawamoto*
   Dean Kawamoto

3

4
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone: (206) 623-1900

5

6
WEITZ & LUXENBERG

7
By: */s/ Ellen Relkin*
   Ellen Relkin

8

9
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500

10
*Co-Lead Counsel for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2021, a true and correct copy of the foregoing Second Amended Notice of Taking Remote Video Conference and Videotaped Deposition was served via electronic mail upon the following:

Gregory P. Stone
Bethany Woodard Kristovich
Jeremy K Beecher
MUNGER TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: 213-683-9100
Facsimile: 213-687-3702
gregory.stone@mto.com
Bethany.Kristovich@mto.com
jeremy.beecher@mto.com

Renee D. Smith
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone: 312-862-2310
Facsimile: 312-862-2200
renee.smith@kirkland.com

Mike Brock
Peter A. Farrell
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-879-5000
mike.brock@kirkland.com
pfarrell@kirkland.com

David Horowitz
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: 213-680-8400
david.horowitz@kirkland.com

David M. Bernick
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-757-3990
dbernick@paulweiss.com

*Attorneys for Defendant JUUL Labs, Inc.*

NOTICE OF VIDEO CONFERENCE AND DEPOSITION
CASE NO. 19-MD-02913-WHO

John C. Massaro
Jason A. Ross
David E. Kouba
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C.  20001
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999
john.massaro@arnoldporter.com
Jason.ross@arnoldporter.com
David.Kouba@arnoldporter.com

Lauren S. Wulfe
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
lauren.wulfe@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc. and Philip Morris USA Inc.*

James Thompson
James N. Kramer
Walt Brown
ORRICK HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco CA  94105
Telephone: 415.773.5923
Facsimile: 415.601.5488
jthompson@orrick.com
jkramer@orrick.com
wbrown@orrick.com

Attorneys for Defendant James Monsees
Eugene Illovsky
Martha Boersch
Matthew Dirkes
BOERSCH & ILLOVSKY LLP
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Telephone: (415) 500-6643
eugene@boersch-illovsky.com
martha@boersch-illovsky.com
matt@boersch-illovsky.com

*Attorneys for Defendant Adam Bowen*

Michael J. Guzman
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
Sumner Square, 1615 M St., N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7910
mguzman@kellogghansen.com

Karl Belgum
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Telephone: (415) 984-8409
kbelgum@nixonpeabody.com

*Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh*

James E. Sell
Mitchell B. Malachowski
TYSON & MENDES, LLP
523 4th Street, Suite 100
San Rafael, CA 94901
Telephone: (628) 253-5070
Fax: (415) 785-3165
jsell@tysonmendes.com
mmalachowski@tysonmendes.com

*Attorneys for Defendants Mother Murphy's Labs, Inc., and Alternative Ingredients, Inc.*

Robert A. Scher
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212)338-3405
rscher@foley.com

*Attorney for Defendants Tobacco Technology, Inc., and Eliquitech, Inc.*

Michael L. O'Donnell
James E. Hooper
Marissa Ronk
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Ste. 4500
Denver, CO 80202
Telephone: (303) 244-1850
Odonnell@wtotrial.com
hooper@wtotrial.com
Ronk@wtotrial.com

*Attorneys for Defendant McLane Company, Inc.*

Christopher J. Esbrook
David F. Pustilnik
Michael S. Kozlowski
ESBROOK LAW LLC
77 W. Wacker, Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681
christopher.esbrook@esbrooklaw.com
david.pustilnik@esbrooklaw.com
michael.kozlowski@esbrooklaw.com

*Attorneys for Defendants Eby-Brown Company, LLC, Circle K Stores, 7-Eleven, Inc., Speedway, LLC, and Walgreens Boots Alliance, Inc.*

David R. Singh
Bambo Obaro
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3083
david.singh@weil.com
bambo.obaro@weil.com

*Attorneys for Defendants Core-Mark Holding Company, Inc.*

Charles C. Correll, Jr.
Matthew J. Blaschke
Alessandra M. Givens
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
ccorrell@kslaw.com
mblaschke@kslaw.com
agivens@kslaw.com

*Attorneys for Defendant Chevron Corporation*

Donald F. Zimmer, Jr.
Quyen L. Ta
Jennifer T. Stewart
KING & SPALDING LLP
101 Second Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
fzimmer@kslaw.com
qta@kslaw.com
jstewart@kslaw.com

*Attorneys for Defendant Walmart*

1    Dated: January 26, 2021               LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

2                                        By: */s/ Sarah R. London*

3                                           Sarah R. London

4                                        275 Battery Street, 29th Floor
                                          San Francisco, California  94111-3339

5                                        Telephone:  (415) 956-1000
                                          Facsimile:  (415) 956-1008

6

7                                        GIRARD SHARP LLP

8                                        By: */s/ Dena Sharp*
                                        Dena Sharp

9

10                                      601 California St., Suite 1400
                                          San Francisco, CA 94108
                                          Telephone: (415) 981-4800

11

12                                        KELLER ROHRBACK L.L.P.

13                                        By: */s/ Dean Kawamoto*
                                        Dean Kawamoto

14

15                                      1201 Third Ave., Ste. 3200
                                          Seattle, WA 98101
                                          Telephone: (206) 623-1900

16

17                                        WEITZ & LUXENBERG

18                                        By: */s/ Ellen Relkin*
                                        Ellen Relkin

19

20                                      700 Broadway
                                          New York, NY 10003
                                          Telephone: (212) 558-5500

21

22                                      *Co-Lead Counsel for Plaintiffs*

23

24

25

26

27

28

NOTICE OF VIDEO CONFERENCE AND DEPOSITION
CASE NO. 19-MD-02913-WHO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>*All matters* | CASE NO. 19-md-02913-WHO<br><br>**CASE MANAGEMENT ORDER NO. 10: DEPOSITION PROTOCOL ORDER**<br><br>HONORABLE JUDGE WILLIAM H. ORRICK |

This Order, agreed to after extensive negotiations and with the agreement of counsel, governs the conduct of depositions of fact witnesses on issues of general applicability to the litigation (as opposed to solely case-specific witnesses). This Order applies to all such depositions in the MDL and JCCP Proceedings ("Lead Actions") and those actions involving the same or similar subject matter as the MDL pending in other state and federal courts that adopt the Joint Coordination Order[1] ("Coordinated Actions"). The purpose of this Order is to gain the highest degree of efficiencies in the taking of fact witness depositions. At no time has it been, nor will it be, the intention of the Court or the parties that judges in any of the participating jurisdictions delegate their duties to any other judicial officer.

**1. General Provisions**

Counsel and all parties (both represented and *pro se*) shall comply with this Order, and to the extent consistent with this Order, with the applicable Rules of Civil Procedure and the Local Rules of the presiding court. Unless specifically modified herein, nothing in this Order shall be construed to abrogate the Rules of Civil Procedure or the Local Rules.

---

[1] Case Management Order No. 9: Joint Coordination Order ("Joint Coordination Order").

Conduct of all participants in depositions shall be in accordance with the Northern District of California Professional Guidelines and the customs and practices expected of lawyers and witnesses appearing before the presiding court in their home jurisdictions, including as if each was appearing personally before the Courts at the time of the depositions. Counsel shall not at any time conduct themselves in a manner not becoming of an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Courts. Neither counsel nor witnesses shall, at any time, engage in inappropriate conduct that impedes, delays, or frustrates the examination of the witness. All counsel and deponents must be treated with civility and respect.

**2.      Scope**

This Order shall apply to: (i) all fact depositions of witnesses who are currently or were formerly employees, agents,  or contractors of Defendants; and (ii) all third-party witnesses, other than third-party witnesses who are relevant only to the claims of a particular plaintiff, i.e., case-specific witnesses (together, "Common Witnesses").  For the avoidance of doubt, this Order shall not apply to: (i) fact depositions of any Plaintiff, their representatives, employees, family members, personal acquaintances, healthcare providers, and all other case-specific fact witnesses; and (ii) expert depositions.

**3.      Coordination of Depositions**

The protocols in this Order supplement the Joint Coordination Order.  If the deposition protocols in this Order are deemed to conflict with any provisions in the Joint Coordination Order, the protocols in this Order shall control.

The parties, the Courts in the Lead Actions, and the Courts in the Coordinated Actions wish to minimize the expense and inconvenience of this litigation by minimizing the depositions of any Common Witness.  Accordingly, as a general rule, a witness may be deposed once within the time limits set forth in this Order.  Such deposition shall be noticed in the Lead Actions and shall be deemed to be cross-noticed in the Coordinated Actions as long as the Coordinated Action: (1) has adopted the Coordination Order and (2) receives notice of the deposition as described in Section 5.  Depositions shall be noticed according to the Federal Rules of Civil Procedure.  A witness may be deposed once in total across all Lead and Coordinated Actions and, following the deposition, shall not be re-deposed in a Lead or Coordinated

2

Action unless otherwise agreed by the parties or authorized by an order of Court upon a showing of good cause by the party seeking the additional deposition.

Plaintiffs' Counsel in the Lead Actions shall take reasonable efforts and engage in good faith efforts to coordinate with each other before serving deposition notices and with respect to which depositions to notice.

Depositions, in addition to those being taken in the Lead Actions, may also be taken in Coordinated Actions, but only upon leave of the Court in which the Coordinated Action is pending, obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the Lead Actions. Coordinated Action Plaintiffs' Liaison Counsel[2] and JLI Counsel in a Coordinated Action in which any such motion is filed shall promptly notify the MDL Court and Plaintiffs' Lead Counsel in the Lead Actions of such filing and provide a copy of the motion. If a deposition in a Coordinated Action has been cross-noticed by the Lead Actions, then parties in the Coordinated Action may not take a subsequent deposition of that witness except for good cause shown.

If the Lead Action Plaintiffs, or Defendants and their respective Counsel in any Coordinated Action have received at least 21 days' notice of a deposition in either of the Lead Actions or any Coordinated Action (or if (a) the parties agree in writing that such notice is not necessary or (b) upon order of the MDL Court, a deposition is permitted to be taken with fewer than 21 days' notice), such deposition may be used in the Lead Actions and each Coordinated Action for all purposes prescribed in Fed. R. Civ. P. 32, California Code of Civil Procedure 2025.620, et seq. or corresponding rule of civil procedure in a Coordination Action, or as otherwise permitted by the Federal, California, or Coordinated Action's state's Rules of Evidence, by or against any party including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation, without regard to whether any Lead Actions' Plaintiffs' Counsel or any Defendants' Counsel or any counsel representing plaintiffs or defendants in any Coordinated Action attended or examined the witness at the noticed deposition.

Fed. R. Civ. P. 6(a) shall govern the computation of time periods set forth in this Order.

---

[2] *See* Joint Coordination Order.

3

**4.      Length and Scope**

The following rules shall apply to depositions noticed pursuant to this Protocol (absent an agreement of the parties or further order of the Court on a showing of good cause):

(a) There may be two days of questioning by the Lead Actions—the first day will be limited to seven hours on the record and the second day will be limited to five hours on the record, exclusive of redirect examination as provided below if necessary.

(b) Any Counsel from a Coordinated Action who is designated as an examiner shall be permitted a reasonable amount of time to question the deponent (up to two hours combined for all Coordinated Actions that shall occur immediately following the examination by the Lead Actions), and shall be permitted to make objections during examination by other counsel, subject to the below provisions regarding objections and in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the Orders of the MDL Court, and in accordance with the terms and procedures set forth in subparts (i) through (iii) below providing the following:

(i)      the Court in which the Coordinated Action is pending has adopted the Discovery Orders or has entered a Protective Order, ESI Order, Deposition Protocol Order or other discovery order substantially similar to the Discovery Orders;

(ii)     Plaintiffs' Counsel from the Coordinated Action shall make best efforts to ask questions that are non-duplicative of questions already asked at the deposition, however, nothing shall prevent Plaintiffs' Counsel from a Coordinated Action to probe further into issues already covered during the questioning of Noticing Party; and

(iii)    participation of Plaintiffs' Counsel from the Coordinated Actions shall be arranged so as not to delay discovery or other proceedings as scheduled in the Lead Actions.

(c) After questioning by the Lead and Coordinated Actions, the party defending the deposition ("Defending Party") may elect to ask follow up questions of the deponent for up to two hours. If Defending Party elects to question the deponent, then the Plaintiffs in the Lead and Coordinated Actions shall be entitled to an equal amount of time to perform redirect examination (up to two hours total).  Absent

4

agreement of the parties or order by a Lead Action Court for good cause shown, no further examination will be permitted by any party after redirect examination.

(d) Depositions shall begin at 9:00 a.m. absent agreement of the parties.

(e) Absent agreement of the parties, the days of questioning will take place on consecutive business days to the extent possible.

(f) No speaking objections or other actions that unnecessarily delay depositions will be permitted, and will result in additional time being added to the deposition for the questioning party.

Counsel in the Lead Actions shall confer before the deposition concerning allocation of time to question the witness and collaborate to avoid needless duplication (i.e., asking the same questions). In the event that the deposition involves a translator requested by the witness, the maximum length of the deposition shall be increased as is reasonably necessary by up to 50% and the parties shall negotiate a reasonable allocation of the translator costs. Absent agreement otherwise, the parties should set aside two days for each Common Witness to account for sufficient time on the record in accordance with this Order. The parties are encouraged to make full and efficient use of each deposition day so as not to waste valuable time and incur unnecessary expenses. Not every witness will require an examination that lasts as long as the presumptive time limits set forth above, and no party will be prevented from using a deposition merely because it did not continue into a subsequent day. To the extent the parties can anticipate a witness will take less time, they will attempt to agree to lesser time limits and, for planning purposes, will provide other deposition attendees with advance notice of any agreement to lessen the examination time. This procedure may be particularly useful in the event that more than one deposition is scheduled on a given day.

5.      **Scheduling, Logistics, and Service of Notices**

Cooperation in Scheduling. Lead Counsel for the MDL Plaintiffs, or their designee, Lead Counsel for the JCCP Plaintiffs, or their designee, Counsel for the Defendants, and Counsel for the deponent, if applicable, shall cooperate on selecting a mutually convenient date, time, and location for each deposition. Unless otherwise agreed by the parties or ordered by either the MDL or JCCP Court, depositions shall not be taken on Saturdays, Sundays, or federal or state court holidays.

Plaintiffs' Counsel in the Lead Actions must make best efforts to coordinate their deposition dates with each other, including providing three days written notice of proposed deposition dates to persons designated by the other Lead Action to schedule depositions before issuing the notice.  If the non-noticing Lead Action does not object to the date within three days, the deposition may be noticed for that date.

Location.  In the absence of agreement, a deposition may take place within (a) the county in which the deponent resides or (b) the county in which the deponent is employed.

Content of Notice.  Each deposition notice subject to this Order shall comply with Fed. R. Civ. P. 30(b) or California Code of Civil § 2025.220, absent agreement of the parties or Court order.  Depositions subject to this Order noticed in the Coordinated Actions shall be noticed and conducted pursuant to rules of the relevant jurisdiction and with this Order.  The deposition notice shall include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time, and location of the deposition.  Any notice for the deposition of a corporate or organizational representative under Fed. R. Civ. P. 30(b)(6) or California Code of Civil Procedure § 2025.230 shall describe with reasonable particularity the matters for examination.  This Order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.  The notice shall clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means.

Adequacy of Notice.  After counsel, through consultation, have arrived on a date and location for a deposition, the Noticing Party shall serve an amended Notice reflecting the agreed upon date and location. Witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty calendar days before a scheduled deposition.

Costs.  The Noticing Party shall be responsible for retaining and paying for a court reporter and videographer.

Service Manner and Timing.  Notices for Depositions in the Lead Actions and Coordinated Actions shall be served by e-mail or other electronic means on Lead Actions' Co-Lead Counsel, State/Federal Liaison Counsel, and Counsel for the Defendants. Each Plaintiffs' Liaison Counsel in a Coordinated Action, or his or her designee, shall be responsible for distributing such documents to other counsel for

6

plaintiffs in their Coordinated Action.  Notices served in accordance with this paragraph shall be deemed cross-noticed in the Coordinated Actions as long as the Coordinated Action: (1) has adopted the Coordination Order and (2) receives notice of the deposition as described above.

To allow for planning, preparation, and coordination between the Lead Actions and the Coordinated Actions, depositions must be noticed at least 21 days before they are scheduled to occur. Expedited depositions may be scheduled by agreement of the parties in writing or as ordered by the MDL or JCCP Courts, or a Court in a Coordinated Action, and in which event the time limitations for notice shall be lessened, as well as the time limitation for production of any documents sought by third-party subpoena in conjunction with said deposition.

Challenges to the Notice. Any party or witness receiving notice of a deposition that contends is not permitted by the terms of this Order shall have five business days from receipt of the notice within which to serve the noticing party with a written objection to the deposition.

Disputes. In accordance with this Order, all disputes regarding any matters arising under this Order, whether pertaining to a deposition in the Lead Actions or any Common Witness deposition in a Coordinated Action, shall be resolved pursuant to Section 7 of the Stipulated Joint Coordination Order ("Discovery Dispute Resolution").  In the event of such an objection, the deposition shall not go forward unless (a) the parties and the deponent reach an agreement in writing to resolve the objection or (b) the noticing party applies for and receives an order pursuant to the Section 7 of the Stipulated Joint Coordination Order  granting leave to take the deposition.  Before filing a discovery motion pursuant to Section 7 of the Stipulated Joint Coordination Order, the parties must first attempt to resolve the dispute in good faith.

## 6.    Means of Recording Depositions

A certified court reporter shall stenographically record all deposition proceedings and testimony and provide a "real time" transcription feed to devices such as video monitors and computers at the deposition venue.  A party seeking to transmit "real time" transcription feeds to  computers not located at the deposition venue may do so at their own expense by making a request to the court reporting service five business days before the deposition; that party will ensure that any remote viewing is in compliance

7

with all applicable Protective Orders. The court reporter shall administer the oath or affirmation to the deponent. The written transcript prepared by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30's requirements concerning filing, retention, certification, and the like. The Lead Actions can choose their own reporting service for depositions that they notice. All videotaped depositions shall be accompanied by a simultaneous audiotape recording and be stenographically recorded by a court reporter as provided in the previous paragraph. As noted above, the stenographically prepared transcript shall constitute the official record of the deposition.

Where the party wishing to videotape the proceeding did not notice the deposition, a request to videotape the deposition shall be submitted in writing to the Lead Actions Counsel, Counsel for the Defendants, and Plaintiffs' State/Federal Liaison Counsel, no later than seven days before the date on which the deposition is scheduled to occur. The party wishing to videotape the deposition, if not originally noticed as such, shall be responsible for arranging and paying for the videotaping and providing a copy to Lead Actions Counsel.

Services or products offered or provided by the operator of the videotape equipment must be offered to counsel for all parties, regardless of which party is financing the videotaping of the deposition. Further, any video operator is subject to the orders of this Court whether the deposition was noticed or cross-noticed in the MDL or JCCP Proceedings or in a Coordinated Action, including but not limited to the Confidentiality Order and Joint Coordination Order. The video operator shall be given a copy of all applicable orders at least five days before the deposition.

The operator of the videotape recording equipment is subject to the provisions of Fed. R. Civ. P. 28(c). At the start of the deposition, the operator shall swear or affirm to record the proceedings fairly and accurately.

Each witness, attorney, and other person attending the deposition (in person or telephonically) shall be identified on the record at the commencement of the deposition, however, a consulting expert who has signed the applicable protective order and is attending the deposition telephonically need not be identified on the record. The videotape recording shall include the court reporter administering the oath

or affirmation to the witness. Thereafter, the deponent and, if necessary, exhibits and any demonstratives will be videotaped.

The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted with the witness seated in front of a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as might be reasonably necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a bible, medical equipment, or props.

Video recording will be suspended during all "off the record" discussions and the video operator shall note such suspensions.

The videotape operator shall use recording equipment with an appropriate timer and, unless otherwise agreed to by the parties, shall prepare and provide counsel with a log, cross-referenced with timestamps, that identifies the portion of the recording at which examination by different counsel begins and ends, when exhibits are used, and when there is any interruption of continuous tape recording, whether for recess, "off the record" discussions by counsel, mechanical failure, or other interruption.

The video operator shall maintain custody of the original video medium in its original condition, without editing in any fashion. No part of the video or audio record shall be released or made available to the public unless authorized by an order of the MDL or JCCP Court.

The parties shall meet and confer to determine whether an agreement can be reached to limit the number of independent court reporting and videography firms involved in recording the deposition proceedings covered by this Order and to develop a cost-sharing agreement between the various parties or party groups for the associated fees, including the cost of the facilities where depositions are conducted.

9

**7. Remote Participation via Telephone, Internet, or Video Streaming**

If requested at least ten days before a deposition, telephone facilities shall be provided so that parties wishing to participate in the deposition by telephone may do so at their own expense. By indicating in a deposition notice that it wishes to examine a witness over the telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(4). Unless an objection is filed and served within five days after such notice is received, the Court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present in the location with the deponent shall be identified on the deposition record and shall not by word, sign, or other means coach or suggest answers to the deponent and shall act in accordance with applicable federal rules of civil procedure and professional conduct governing interaction with the deponent. In addition, the court reporter stenographically recording the deposition shall be located in the same room as the deponent.

Technical difficulties with telephonic participation shall not constitute grounds for postponing the deposition or for rendering inadmissible a deposition that otherwise would be admissible in evidence. If technical problems with the telephonic facilities create disruptions in the deposition, counsel attending a deposition in person may discontinue telephonic participation for such periods of time as necessary.

A party may request, at their own expense, to make the live deposition proceedings available to locations that are remote from the deposition venue through the use of video streaming over secure and encrypted Internet connections and to allow for remote real-time participation by interested counsel, such as through the use of a private group chat system that enables remote counsel to collaborate with their on on-site colleagues. A party seeking these services shall make a request to the court reporting service five business days before the deposition. The viewing of or participation in any deposition via the Internet is expressly subject to the [MDL Protective Order, Doc. 308 and JCCP CMO No. 3], or a substantially similar order in a Coordinated Action. The party participating remotely is responsible for providing his or her own Internet connection and shall not re-record the deposition by video or audio means.

**8. Appearances and Examination**

Unless otherwise agreed to by the parties or ordered under Fed. R. Civ. P. 26(c) and subject to the terms of the [Protective Order, Doc. #308 and JCCP CMO No. 3], depositions may be attended only by

10

the parties, the deponent, the deponent's attorney, attorneys of record in the MDL and JCCP Proceedings, attorneys of record in the Coordinated Actions, in-house counsel and corporate representatives, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by the aforementioned counsel of record who is bound by any applicable Protective Order (such as a consulting expert).

Upon motion, and for good cause shown, the MDL Court may permit attendance by a person who does not fall within any of the categories above.

For there to be adequate deposition space, counsel intending to attend a deposition noticed in the Lead Actions, or in a Coordinated Action, should advise all parties, including counsel for the Noticing Party, of their intention to attend in person at least two business days before the deposition.

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to a court. Counsel who have only a marginal or slight interest in a noticed deposition or who expect their interests to be adequately protected by other counsel should not attend the deposition.

Lead Counsel for the Lead Actions shall designate up to two attorneys to serve as the examiners of each deponent on behalf of the Lead Actions.  Given deposition time limits and in the interest of efficiency, the Court strongly encourages Plaintiffs' Counsel from the Coordinated Actions to designate one attorney to serve as the examiner of each deponent on behalf of all Plaintiffs in the Coordinated Actions.  If Plaintiffs in the Coordinated Actions are unable to agree on that examiner for a given deponent, Lead Counsel for the MDL Plaintiffs and Lead Counsel for JCCP Plaintiffs shall assist in attempting to reach such an agreement.  For those depositions where an agreement is not reached, Plaintiffs' Counsel shall diligently work together to ensure that questioning on behalf of Plaintiffs in the Lead Actions and in the Coordinated Actions proceeds in the most efficient manner possible.

One counsel representing each Defendant shall be permitted to examine deponents.  Each Lead Actions Defendant should designate one attorney to conduct the principal examination of each deponent.  Examination by other counsel for the Lead Actions Defendants shall make best efforts to ask questions that are non-duplicative of questions already asked at the deposition.  Notwithstanding the number of

11

examiners, the time limits set forth above shall still apply. Counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

The parties shall meet and confer to develop supplemental protocols for (a) allotting examination time to various parties or party groups and (b) determining order of examination of a witness.

Counsel representing parties in the Lead Actions shall be entitled to attend the deposition of any witness whose deposition is taken in a Coordinated Action. The Plaintiffs in all Coordinated Actions shall designate one counsel to examine the witness. One counsel representing the MDL Plaintiffs, one counsel representing the JCCP Plaintiffs, and one counsel representing both the MDL and JCCP Defendants shall each be permitted to ask questions and make objections during examination by other counsel.

**9.      Objections**

Unless otherwise specified, an objection by a single defendant shall be deemed an objection by all defendants; similarly, an objection by a single plaintiff shall be deemed an objection by all plaintiffs unless otherwise specified. However, unless otherwise specified, (a) an instruction not to answer by one defendant shall not be deemed an instruction not to answer by all defendants and (b) an instruction not to answer by one plaintiff shall not be deemed an instruction not to answer by all plaintiffs.

The only objections allowed during the deposition are those for the following bases: form of the question, privilege (the nature and grounds for which must be stated succinctly on the record), or a limitation imposed by court order. All objections, except as to form, privilege, or a limitation imposed by a court order, shall be preserved for ruling by the MDL Court, JCCP Court, or the Court in the Coordinated Action at trial or other use of the deposition.

Counsel shall comply with Fed. R. Civ. P. 30(c)(2) and the Northern District of California Guidelines on Professional Conduct concerning objections at a deposition. Counsel shall not engage in colloquy in objecting to a question or responding to an objection. Any objections to an examiner's questions shall be made in a concise manner, and counsel shall not suggest an answer to the witness. The phrases "objection as to form," or similar language are sufficient and shall preserve all objections as to form and foundation until a party seeks to use a deposition. However, to determine whether there is a need to cure a defect in a question, counsel conducting the examination may ask the attorney lodging the

12

form or foundation objection to identify the specific defect.  The response shall be stated succinctly and shall be limited to the legal grounds for the form objection (e.g., "lacks foundation" rather than "the witness didn't work in that department and couldn't possibly know the answer").  Counsel shall refrain from all comments that could be perceived as instructive to a witness, such as "you can answer if you understand the question" or "you can answer if you know."

**10.    Additional Provisions Relating to Corporate Witnesses**

The party producing a corporate witness pursuant to Rule 30(b)(6) and/or California Code of Civil Procedure § 2025.230 shall disclose the identity of that witness no later than 10 days before the deposition.

**11.    Use of Exhibits and Documents During the Deposition**

Provided that plaintiffs notify the defendants at least 60 days in advance of the intended deposition of any present or former company employee of a Defendant whose custodial file has not been produced in its entirety, that Defendant will conduct a good-faith, reasonable search using search terms or other reasonable methods, and based on that search produce non-privileged, custodial file documents responsive to outstanding discovery requests at least 30 days in advance of the noticed deposition date.  The Defendant will be obligated to produce only previously non-produced portions of the custodial file responsive to outstanding discovery requests if the Defendant's prior production included metadata identifying the deponent as a custodian of the previously produced custodial file documents.   The scope of discovery related to custodial files will be determined at least 45 days before the deposition, subject to prior orders of the Court; applicable rules of civil procedure; agreements of the parties regarding the sequence, timing, and methods of discovery, including document production; and, if necessary, court order resolving any dispute regarding the scope of production.  Unless the Parties agree or a court orders otherswise, the Defendant shall have at least 30 days to produced non-privileged responseive documents following determination of the scope of discovery, but no later than 30 days before the deposition is noticed.  The custodial file of that employee shall be produced 30 days in advance of the scheduled deposition to the address specified by plaintiffs' counsel.  If 100 or fewer pages are produced between 14 and 29 days prior to the scheduled deposition, the deposition shall proceed as scheduled. Any documents produced fewer than 14 days prior to the scheduled deposition must be delivered to the primary examiner,

13

if one has been designated by plaintiffs' counsel. If a primary examiner has not been designated, the documents shall be produced to the same address to which the previous documents were produced. The parties shall meet and confer regarding the impact, if any, of this production on the scheduled deposition. If the parties cannot agree, the matter shall be referred to the Courts for resolution pursuant to the protocol for Discovery Dispute Resolution set forth in Section 7 of the Joint Coordination Order.

Third-party witnesses subpoenaed to produce documents at a deposition shall be served with the document subpoena at least 30 days before a scheduled deposition, absent written agreement by the parties, time constraints due to orders by the Lead Actions' Court, or a shorter period authorized by the Lead Actions' Court. The requested documents shall be produced at least 14 days before the date noticed for the deposition. Any documents produced fewer than 14 days prior to the scheduled deposition must be delivered to the primary examiner, if one has been designated by plaintiffs' counsel. If a primary examiner has not been designated, the documents shall be produced to the same address to which the previous documents were produced. The parties shall meet and confer regarding the impact, if any, of this production on the scheduled deposition. If the parties cannot agree, the matter shall be referred to the Courts for resolution pursuant to the protocol for Discovery Dispute Resolution set forth in Section 7 of the Joint Coordination Order.

During the deposition, copies of documents about which counsel plan to examine the deponent shall be provided to counsel for the deponent and counsel for the other party participants. As a general rule, hard copies of the documents should be made available to the deponent, the deponent's attorney, and the principal examiners of the deponent. The documents may be provided to other attendees on electronic media such as USB drives or through a secure file sharing service. To the extent possible, all exhibits should have printed Bates or other document control numbers affixed before distribution, which shall remain constant throughout the litigation.

Counsel shall use best efforts to mark exhibits sequentially during each deposition and across depositions, consistent with Northern District of California Local Rule 30-2. All documents marked as exhibits will be attached to the original transcript and will be retained with the original transcript. The

court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.

Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are reserved for later ruling by the MDL or JCCP Court or the court in a Coordinated Action.

**12.    Examination Concerning Confidential Information**

If a deponent is questioned about any document or exhibit stamped Confidential or Highly Confidential or the Information contained therein, persons to whom disclosure is not authorized under the Protective Order of this Court will be excluded from the deposition for that portion of the examination. Any portion of a deposition transcript containing Confidential Information or Highly Confidential Information shall be sealed so as not to waive confidentiality.

**13.    Disputes During or Relating to Depositions**

All disputes regarding any matters arising under this Order, whether pertaining to a deposition in the Lead Actions or any Common Witness deposition in a Coordinated Action, shall be resolved pursuant to Section 7 of the Stipulated Joint Coordination Order ("Discovery Dispute Resolution"). Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3) and seek relief as set forth in Section 7 of the Stipulated Joint Coordination Order.

**14.    Transcript and Time to Review Transcript**

Unless waived by the deponent, the deposition transcript shall be submitted to the deponent for correction and signature, and shall be corrected and signed within 45 days after the official transcript of the Court Report is made available to counsel for the party defending the deposition. This time period shall not be extended, absent good cause shown. Corrections to a deposition shall be listed on an errata sheet signed by the deponent and the court reporter shall serve copies of the errata sheet on all parties purchasing the transcript. Should the deponent fail to submit corrections within 45 days, the transcript will be presumed accurate, and all parties shall have the right to use the copy sent to the deponent as if it were final and signed with no corrections needed.

Counsel representing any party in the MDL or JCCP Proceeding or any Coordinated Action may obtain directly from the court reporter, at the requesting counsel's own expense, a transcript of any

15

deposition taken in the Lead Actions or in any other Coordinated Action, unless stated otherwise in this Order. The transcript of any deposition taken in the Lead Actions or a Coordinated Action shall not be used or disseminated except in accordance with the terms of this Order and the MDL Court's discovery orders.

**15.     Use and Admissibility of Depositions**

Under the conditions prescribed in FED. R. CIV. P. 32(a) (1)- (4) CAL. C.C.P. § 2025.620; or as otherwise permitted by the Federal and California Rules of Evidence or the rules in the presiding jurisdiction, depositions taken in accordance with this order may be used against any party (including parties later added and parties in cases subsequently filed in any state court covered by this order, cases filed in, removed to or transferred to the federal court which is covered by this order; all of which are part of this litigation) who:

(a) was present or represented at the deposition; or

(b) had reasonable notice thereof; or

(c) within 30 days after the deposition is taken or within 45 days after becoming a party in one of the Lead or Coordinated Actions fails to show just cause why such deposition should not be used against such party.

This order does not address trial preservation depositions. Nor does it address the timing of any such trial preservation deposition. Such determinations shall be made in each coordinated proceeding.


**IT IS SO ORDERED.**

**DATE: May 20, 2020**



Hon. William H. Orrick
United States District Court Judge

16

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN FRANCISCO DIVISION

7

8  IN RE JUUL LABS, INC., MARKETING,      Case No. 19-md-02913-WHO
   SALES PRACTICES, AND PRODUCTS
9  LIABILITY LITIGATION                    **CASE MANAGEMENT ORDER NO. 11:**
                                           **RE REMOTE DEPOSITIONS**
10

11  This Document Relates to:
    ALL ACTIONS
12

13

14         The COVID-19 global pandemic has affected virtually every aspect of American society,

15  including civil litigation in this Court and across the federal system. Governmental authorities

16  have responded to this public health emergency by imposing travel restrictions, "stay at home"

17  directives, and other social distancing measures designed to slow the communal spread of the

18  disease. While the Parties may prefer to conduct in-person depositions in this litigation, social

19  distancing restrictions and personal and public health concerns may sometimes preclude this

20  option. Pursuant to Fed. R. Civ. P. 30(b)(4), this Court issues the following protocol to govern

21  depositions where all, or most of the participants, including the court reporter and videographer,

22  are attending remotely ("Remote Deposition").

23         1.      Subject to all of the conditions below, depositions for cases filed in *In Re Juul*

24  *Labs, Inc., Marketing, Sales Practices, And Products Liability Litigation*, Case No. 2:19-md-

25  02913, may be noticed to take place remotely via video or internet video conference technology.

26         2.      The protocols in this Order supplement Case Management Order No. 10

27  Deposition Protocol (Dkt. 573) and Case Management Order No. 9 Joint Coordination Order

28

(Dkt. 572). If the deposition protocols in this Order are deemed to conflict with any provisions in the Joint Coordination Order or Deposition Protocol, the protocols in this Order shall control.

3. The protocols in this Order shall apply to depositions of fact witnesses, including those taken pursuant to the Deposition Protocol, and supplement that Order. For the avoidance of doubt, this Order shall not apply to expert depositions. Protocols for remote depositions not covered by this Order will be set forth in future order(s).

4. Any Remote Deposition taken pursuant to this Court's Orders must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (1) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent. A Remote Deposition taken pursuant to this Case Management Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness—as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. To the extent permitted by the law of the state in which the witness is located, the witness may be sworn in remotely with the same effect as an oath administered in person.

5. The deposition notice for any Remote Deposition pursuant to Fed. R. Civ. P. 30 must list the location(s) (city and state) from where the witness, the court reporter, and the videographer will attend.

6. All deposition notices must identify the company that will host and record the Remote Deposition (the "Remote Deposition Vendor") and contain a general description of how those attending may access the remote connection being utilized (e.g., GoToMeeting, Zoom, WebEx). The party noticing the deposition must provide the witness and all other attendees with detailed instructions regarding how to participate in the Remote Deposition at least three business days before the deposition—and will use best efforts to provide the detailed instructions at least five business days before the deposition. The noticing party shall bear the costs of the Remote Deposition Vendor, except that if another party objects to the technology proposed by the

noticing party, and the noticing party is amenable to use another technology proposed by the objecting party, the objecting party shall bear the costs of the technology proposed.

7.     To host a Remote Deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the Remote Deposition (e.g., video and audio feeds, exhibits).  These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

8.     At least 24 hours before the Remote Deposition is scheduled to start, noticing counsel, defending counsel, the witness, and the Remote Deposition Vendor must conduct a test of the system, equipment, and internet connection that will be used to conduct the Remote Deposition (the "Remote Deposition Technology").  If a witness noticed for a Videoconference Deposition does not have a webcam-equipped tablet, desktop or laptop computer that can be used during the deposition, counsel defending the deposition must provide the deponent with an agreed-upon tablet, desktop, or laptop computer containing the audio, webcam, and Wi-Fi connectivity needed to participate in the deposition.  If a witness noticed for a Videoconference Deposition is not being defended by counsel for any Party to this action, the Parties will confer regarding a reasonable method for providing the deponent with an agreed-upon tablet, desktop, or laptop computer containing the audio, webcam, and Wi-Fi connectivity needed to participate in the deposition.

9.     At the time of the deposition, the witness must advise the court reporter of his or her physical location.  The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness.  Only the witness's counsel and in-house counsel is/are permitted to be in the same location as the witness during remote testimony, if the witness consents and such attendance is consistent with social distancing restrictions.  Unless otherwise stipulated by the noticing party and counsel for the witness, the deponent participating in a Remote Deposition must participate through video conference (or other remote means capable of producing audio-video transmission), as opposed to telephone or other audio-only means, so that

the officer and noticing party may properly identify and observe the witness throughout the deposition.

10.     If counsel for the witness attends the deposition in person, that counsel shall also log into the Remote Deposition, so that all participants can see and hear the counsel for the witness at all times that the deposition is being conducted on the record.  Both counsel and the witness shall also comply with any government law, regulation or guidance regarding public health and safety during the COVID-19 pandemic.

11.     To avoid any potential disruptions of a Remote Deposition, those attending must enable "do not disturb" settings for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications.  While on the record, the witness must put away and not look at devices other than the device(s) being used for the Remote Deposition.  While on the record, there shall be no other programs displaying images on the witness's screen other than the agreed-upon Remote Deposition platform and any exhibits that have been marked for the deposition.  The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record.  Other attendees should mute microphones when not speaking. The participating attorneys may be visible to all other participants during the deposition.

12.     Each witness, attorney, or other person attending the deposition, either remotely or in-person, shall be identified on the record by name and physical location at the beginning of the deposition (except for consulting experts).  Any individual participating remotely should not do so in a public space.  Participants should ensure that they are acting in compliance with the governing protective order.  After the deponent has been sworn, the deponent must confirm that he or she has either powered down or, at a minimum, temporarily disabled the listening function on any Google Home, Amazon Echo, or any other known "listening devices" placed within listening distance of the deponent.

13.     A videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony, by the best technological means available, including remote video

capture/recording.  The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition.  With the exception of the videographer and the court reporter, the deposition may not otherwise be recorded electronically without the consent of the Parties. The videographer must only record (1) the audio and video of the witness's testimony; (2) the video of any documents being displayed or annotated for the witness during the deposition; (3) the audio of the attorney actively questioning the witness; and (4) audio of the defending attorney not actively questioning the witness (or any other attorney making an objection on the record).

14.    Acceptable Exhibit Formats: During the deposition, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition. Deposition exhibits may be made available in physical (hardcopy) form or via the Remote Deposition Technology, file sharing software, or other electronic means.

15.    Electronic Exhibits: Exhibits provided electronically shall be accessible such that the deponent and counsel may review the entire exhibit on their own computers or devices, without reliance on the noticing attorney's "share screen." In the case of electronic exhibits, a witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit. In such instances, access to a full copy of the deposition exhibit electronically via iPad, tablet, laptop, or other devices, will be deemed to equate to hardcopy access. The fact that a witness was provided with only an electronic copy of an exhibit will be an insufficient basis, by itself, to object to the admissibility of that exhibit at trial.

16.    Hardcopy Exhibits:  Notwithstanding the foregoing and only if agreed in writing by the participants in a particular deposition, all documents any attorney expects to use as exhibits at a deposition that exceed 100 pages shall be sent to the witness in advance of the deposition in hard copy form.  In addition, the Parties agree to work in good faith to reach agreements regarding the provision of hard copy exhibits to a deponent for whom electronic-only versions are particularly problematic.  To the extent hardcopy exhibits are provided to the deponent, the package containing the documents shall be sealed, and the witness shall unseal it only when asked to do so on the record at the deposition.

17.     While the deposition is on the record, no person aside from the attorney conducting the examination is permitted to communicate with the witness directly or indirectly by any means not recorded in the same manner as the deposition itself (e.g., no private messages, text messages or emails).  However, the witness's counsel may communicate with the witness in person, telephonically, or by other electronic means during breaks (including, but not limited to, by means of the use of remote connection software), consistent with Federal Rule of Civil Procedure 30(c)(1).  To the extent that the Remote Deposition Vendor's technology includes a "chat" feature or similar capabilities, the noticing party shall ensure that the Remote Deposition Vendor either: (a) disables the feature or (b) implements settings (if available) that require all communications to be seen by all Participants.  Nothing in this provision is to be read as prohibiting otherwise appropriate communications among participants and/or attendees by other means.

18.     During breaks in the deposition, the Parties may use the breakout room feature provided by the Remote Deposition Vendor, which simulates a live breakout room through videoconference.  Conversations in the breakout rooms shall not be recorded.  The breakout rooms shall be established by the Remote Deposition Vendor prior to the deposition and controlled by the Remote Deposition Vendor.

19.     Technical difficulties, including but not limited to pauses, lags, and/or interruptions in Internet connection shall be addressed as they would be in any in-person deposition.  The Parties shall go off the record and attempt to resolve the issue.  Technical difficulties will not result in waiver of objections by any party.  If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should:  (1) extend the Remote Deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or (2) consider rescheduling the Remote Deposition for a later date, if the additional time required is an hour or more.

20.     Any Remote Depositions conducted in accordance with these protocols may be admitted at trial with the same effect and pursuant to the same evidentiary rules as one recorded in-person.  The "Confidential" or "Highly Confidential" designation of all or portions of Remote

1    Depositions will be governed by the provisions MDL Protective Order and the Deposition

2    Protocol (ECF Nos. 308, 573).

3        21.     The Parties acknowledge that Remote Depositions may take longer to complete

4    than an in-person deposition due to logistical challenges beyond anyone's control, and because it

5    may take time for everyone to adjust to the technology. While the Parties will endeavor in good

6    faith to comply with the time limits set forth in the Deposition Protocol, there may be

7    circumstances under which depositions may need to exceed those limits. The Parties will be

8    respectful and collaborative under these circumstances and will make good faith efforts to make

9    reasonable accommodations to allow all Parties adequate additional time to conduct a fair

10   examination. Nothing in this Order prevents a Party from moving for a protective order under

11   Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed in person. However,

12   where a Remote Deposition has been requested by the deponent, the court reporter, or an

13   attorney, an in-person deposition may not be conducted without leave of the court, pursuant to the

14   procedures laid out in Section 7 of the Stipulated Joint Coordination Order ("Discovery Dispute

15   Resolution"). Further, nothing in this Order precludes counsel for a witness from being in the

16   same room as the witness, if the witness consents and such attendance is consistent with social

17   distancing restrictions.

18        SO ORDERED, on this 21st day of August, 2020.

19

20

21                      Judge William H. Orrick
                           UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28