# KELLER ROHRBACK L.L.P.

January 29, 2021

**VIA ELECTRONIC FILING CM/ECF**

The Honorable William H. Orrick
United States District Court, N.D. California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *In re: Juul Labs Inc., Marketing, Sales Practices, and Products Liability Litigation*, 19-md-02913-WHO / **Plaintiffs' Response to Defendants' Government Entity Bellwether Sequencing Proposal**

Dear Judge Orrick:

This Court has repeatedly provided guidance that for reasons of efficiency and judicial economy, the initial bellwether trials should focus on cases that it can try. *See* ECF No. 1125 at 1-2; Transcript of Videoconference Proceedings, January 15, 2021 at 8:1-3. Plaintiffs have heeded the Court's guidance and are proposing four Wave 1 bellwethers all triable by this Court. Defendants' have ignored the Court by proposing three Wave 1 bellwethers, none of which can be tried by Your Honor without raising *Lexecon* issues.

Plaintiffs are proposing that Wave 1 consist of four government entity cases: *San Francisco Unified School District, Livermore Valley Joint Unified School District, Tucson Unified School District* and *King County*. Two of these entities – San Francisco and Livermore – are located in the Northern District of California and can be tried by Your Honor. The Tucson and King County cases can be remanded back to their home districts, the District of Arizona and the Western District of Washington, respectively, where Your Honor can also sit by designation and try them without any *Lexecon* issues. *See In re Motor Fuel Temperature Sales Practice Litigation*, 711 F.3d 1050, 1053 (9th Circ. 2013) (rejecting argument that allowing an MDL judge to sit by designation and try a remanded case raises *Lexecon* issues: "*Lexecon* dealt with venue, not judicial case assignment"); 15 Wright & Miller, *Federal Practice & Procedure* § 3866.2, n.29 (4th ed.) ("28 U.S.C.A. § 292 permits an intercircuit or intracircuit assignment of judges, which would permit the assignment of the transferee MDL judge to the transferor district to oversee trial."). Unlike *inter*circuit assignments, which require the approval of the Chief Justice of the United States and a Certificate of Necessity from either the chief judge or presiding justice of the home district's circuit, *intra*circuit assignments like this one may be made by the chief judge "in the public interest." *Compare* 28 U.S.C.A. § 292(d) (intercircuit assignments) *with* 28 U.S.C.A. § 292(b) (intracircuit assignments). The public interest in judicial efficiency and economy is clearly served by MDL judges sitting by designation to try cases in transferor courts that cannot be resolved pretrial.[1] *See In re Motor Fuel*, 711 F.3d at 1053 (noting comments from

---

[1] Plaintiffs recognize that there is conflicting authority over *inter*circuit assignments, though the weight of authority permits and encourages these assignments in the interests of judicial efficiency. *Compare In re Motor Fuel Temperature Sales Practice Litigation*, 711 F.3d 1050 (9th Circ. 2013) (declining to permit intercircuit assignment) *with* Edward F. Sherman, WHEN REMAND IS APPROPRIATE IN MULTIDISTRICT LITIGATION, 75 La. L. Rev. 455, 460 (2014) (noting that intercircuit assignments "are

Honorable Judge Orrick
January 29, 2021
Page 2

KELLER ROHRBACK L.L.P.

Judge Motz, former chair of the Committee on Intercircuit Assignments, emphasizing the benefits to judicial efficiency by permitting MDL judges to sit by designation).

In contrast to the Plaintiffs, Defendants have proposed one case, the City of Rochester, that some of the Defendants suggest may be triable by Your Honor in the Northern District of California because it was directly filed in the District. But Plaintiffs note that the Altria Defendants are only joining in portions of Defendants' submission that proposes each side select three cases and identifies the three Defendant cases that would comprise Wave 1. ECF No. 1336 fn. 1. The Altria Defendants are *not* joining Defendants' statement that this case is triable by Your Honor, and will presumably seek to raise *Lexecon* issues, and possibly jurisdictional issues, to avoid a trial in this District.

Defendants also seek to justify their picks by paying lip service to the argument that their picks are somehow representative of the larger pool and hence will advance this litigation. As explained in Plaintiffs' initial submission, this is incorrect. Defendants' alleged focus on "geographic diversity" ignores the distribution of government entity cases. Resolving the only case filed in New Hampshire (the City of Rochester) or the only case filed in Wyoming (Natrona School District) will do little to assist in the resolution of the majority of cases in the MDL. Moreover, none of Defendants' bellwethers are from the jurisdictions identified as briefing bellwethers, whereas both California and Arizona are state laws that were already subject to extensive motion practice. Plaintiffs' proposed bellwethers also come from states where a number of schools and/or other government entities have filed suit, ensuring that resolution of Plaintiffs' selections will give the parties information about other, similar cases in the MDL. For example, because many of the Government Entity Plaintiffs are from California, resolving any issues specific to California law would be efficient. No trial dates are set in the JCCP as of now. It is quite possible that this Court will try its first bellwether trials before that proceeding.

Given the limitations on the government entity bellwethers selected by Defendants there is nothing unfair about placing all of these bellwethers into Wave 2. The Court has been clear that it is focused on cases that it can try, and Defendants' decision to ignore this guidance has consequences. Plaintiffs are proposing government entity bellwethers that are consistent with the case schedule set by the Court which provides for five trials starting in early 2022. Defendants' proposal makes clear that they have no interest in any government entity trials occurring next year and are instead advocating that the Court and the parties expend valuable resources completing discovery far in advance on cases that cannot be tried on the Court's schedule.

---

often granted routinely by circuit chief judges"); Hon. Eduardo C. Robreno, THE FEDERAL ASBESTOS PRODUCT LIABILITY MULTIDISTRICT LITIGATION (MDL-875): BLACK HOLE OR NEW PARADIGM?, 23 Widener L.J. 97, 146-47 (2013) (intercircuit assignment process is routinely utilized "to ensure that a remanded case is not placed at the 'end of the line' or otherwise delayed for trial for lack of an available judge."). Regardless, this does not apply to *intra*circuit assignments of the type contemplated here.

Honorable Judge Orrick
January 29, 2021
Page 3

**KELLER ROHRBACK L.L.P.**

Sincerely,

*/s/ Dean Kawamoto*
*/s/ Sarah R. London*
*/s/ Dena C. Sharp*
*/s/ Ellen Relkin*

***Co-Lead Counsel for Plaintiffs***

cc:     MDL Counsel of Record