[*Submitting counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 19-md-02913-WHO<br><br>**JOINT DISCOVERY STATUS REPORT**<br><br>Judges:  Hon. Jacqueline Scott Corley<br>Courtroom: Video Conference<br>Hearing Date: February 9, 2021<br>Hearing Time: 8:30 a.m. |

Pursuant to the Court's instructions at the hearings on October 30th and January 26th of 2020, counsel for Defendants Juul Labs, Inc. ("JLI"), Altria,[1] Director Defendants,[2] E-Liquid Defendants,[3] Retailer Defendants,[4] and Distributor Defendants[5] (collectively "Defendants"), and Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as the "Parties")

---

[1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs' Consolidated Class Action Complaint and Consolidated Master Complaint (collectively, "Complaints"), *see* ECF Nos. 387, 388.

[2] "Director Defendants" refers to Messrs. James Monsees, Adam Bowen, Nicholas Pritzker, Hoyoung Huh, and Riaz Valani.

[3] "E-Liquid Defendants" refers to Mother Murphy's Labs, Inc., Alternative Ingredients, Inc., Tobacco Technology, Inc., and Eliquitech, Inc.

[4] "Retailer Defendants" refers to Chevron Corporation, Circle K Stores, Inc., Speedway LLC, 7-Eleven, Inc., Walmart, and Walgreen Co.

[5] "Distributor Defendants" refers to McLane Company, Inc., Eby-Brown Company, LLC, and Core-Mark Holding Company, Inc.

respectfully provide this Joint Discovery Status Report in advance of the Discovery Conference scheduled for February 9, 2021.

## I.     DISCOVERY FROM DEFENDANTS

### A.     JLI

*Document Productions*

To date, JLI has produced over two million documents, consisting of over nine million pages, including re-productions of materials produced to federal and state authorities. With the Court's assistance, JLI and Plaintiffs reached agreement on custodians, and search terms for ESI productions. JLI continues to make rolling document productions, including of custodial files of individuals the Parties have identified as likely deposition witnesses (addressed further below).

*Depositions*

Plaintiffs continue to seek mutually agreeable dates for deposing JLI witnesses. Plaintiffs have been conferring with JLI on this issue since October. The Parties agreed upon scheduling for five former and current JLI employees (Henderson, Harter, Pederson, Atkins, and Edmonson-Taylor). Pursuant to the Court's January 26 Order, on January 28, JLI provided dates for six of the seven additional witnesses to be completed before March 17 (Walker, Mumby, Morgan, Long, Myers, and Marand), and Plaintiffs accepted those dates. JLI referred Plaintiffs to Mr. Guzman to discuss scheduling for Mr. Asseily, a former JLI Board Member, who lives outside of the United States. Plaintiffs are working with JLI to schedule additional depositions and will bring any disputes to the Court promptly if needed.

As to 30(b)(6) depositions, the parties have agreed to take the Marketing topics off-calendar pursuant to a stipulation regarding the admissibility of testimony from the North Carolina state attorney general's action. (ECF No. 1354) The Sales and Youth Prevention topics are on track to proceed as scheduled. As to the Design notice, the parties plan to proceed as scheduled on a number of topics, and continue to meet and confer on certain others, including regarding certain topics regarding product constituents, ingredients, and supply chain. Specifically, Plaintiffs agreed to consider written responses to these topics in lieu of producing a witness. After reviewing the written responses, Plaintiffs have requested that JLI produce a

witness. JLI seeks to further meet and confer over the issue. Plaintiffs request a date certain for the parties to resolve the issue or file a letter brief consistent with CMO 6.  With respect to the Testing notice, Plaintiffs have likewise agreed to consider written responses to these topics in lieu of producing a witness. JLI has agreed to produce the requested spreadsheet next week. Plaintiffs are working with JLI to schedule additional 30(b)(6) depositions and the parties will bring any disputes to the Court promptly if needed.

### *Production of Custodial Files*

The parties have reach agreement regarding timing of producing custodial files, as reflected in proposed Case Management Order No. 10-A.  (ECF No. 1371)

### *Written Discovery*

The parties continue to meet and confer regarding the sufficiency of responses to written discovery and will present any ripened issues promptly.

### B. <u>Altria</u>

### *Document Production*

To date, Altria has produced over 830,000 documents, consisting of over 6.3 million pages.  These document productions have included Altria's productions to the FTC, as well as the documents that hit on the parties' agreed search terms and from among the files of custodians previously agreed to.

### *Depositions*

Former CEO Howard Willard's deposition proceeded on January 12-13, 2021.  Four depositions covering topics within Plaintiffs' 30(b)(6) notice regarding the transaction between Altria and JLI are scheduled before the end of March, and the parties continue to meet and confer over scheduling and scope of additional 30(b)(6) topics.

Five current or former Altria employees' depositions are scheduled before the end of April, and the parties continue to meet and confer over scheduling the depositions of additional current and former Altria employees. An additional deposition of a current Altria employee was previously scheduled for February, but Plaintiffs have requested that the deposition be postponed to later in the discovery period.  The parties have reached an impasse on one issue regarding the

scope of production of documents from a deponent's custodial file. The parties will submit a joint letter brief on or before Friday, February 12 to the Court for resolution of this issue.

*Written Discovery*

Altria has provided responses to all of Plaintiffs' written discovery requests. Plaintiffs and Altria continue to meet and confer on these responses and will bring any disputed issues to Your Honor's attention, if necessary.

### C. E-Liquid Defendants

The parties plan to notify the Court shortly that Plaintiffs are dismissing the E-Liquid Defendants with prejudice from the 24 personal injury bellwether cases. As will be further explained to the Court, Plaintiffs made this decision based on the relatively slower progress in discovery as to these more recently-named Defendants and the importance of keeping the Court's schedule intact as to the other Defendants. The parties have agreed that they will all continue to coordinate with respect to overall case discovery, as the dismissals will apply to the bellwether cases only, and the remaining claims against these Defendants will proceed.

*Depositions*

On October 16, 2020, Plaintiffs served initial 30(b)(6) deposition notices on each E-Liquid Defendant. The parties will meet and confer over the scope and timing of these depositions and bring disputes to Your Honor if necessary.

*Document Production and Written Discovery*

Plaintiffs and the E-Liquid Defendants continue to meet and confer regarding the scope of written discovery, document production, and Defendants' responses and will bring any disputes to Your Honor promptly.

### D. Retailer and Distributor Defendants

The parties plan to notify the Court shortly that Plaintiffs are dismissing the Retailer and Distributor Defendants with prejudice from the 24 bellwether cases. As will be further explained to the Court, Plaintiffs made this decision based on the relatively slower progress in discovery as to these more recently-named Defendants and the importance of keeping the Court's schedule intact as to the other Defendants. The parties have agreed that they will all continue to coordinate

with respect to overall case discovery, as the dismissals will apply to the bellwether cases only, and the remaining claims against these Defendants will proceed.[6]

*Document Production*

After finalizing the Protective Order late in January, Defendants 7-Eleven, Walgreens, Speedway, Eby-Brown, Circle K and McLane produced a tranche of documents, Defendants Walmart and Core-Mark have agreed to produce their first rounds of production by Tuesday, February 9. Plaintiffs and Chevron are meeting and conferring over the scope of plaintiffs' RFPs in light of Chevron's prior production in 2019 of more than 2,000 pages in response to Plaintiffs' Rule 45 subpoena.

Plaintiffs and certain Retailer and Distributor Defendants continue to confer regarding the sufficiency of their proposed custodians. The parties have made progress on this issue and will continue to meet and confer in good faith on these issues. The parties will seek the Court's guidance if necessary.

*Written Discovery*

Plaintiffs served the Retailer Defendants with written discovery requests on August 17, 2020. Plaintiffs served the Distributor Defendants with written discovery requests on August 26, 2020. The Distributor Defendants responded to Plaintiffs' first set of interrogatories on November 6, 2020. Plaintiffs and the Retailer and Distributor Defendants continue to meet and confer regarding the scope of written discovery and Defendants' responses and will bring any disputes to Your Honor promptly.

E. **Director Defendants**

The Director Defendants have provided responses to all of Plaintiffs' written discovery requests. Defendants Monsees and Bowen have advised that their document productions largely will come through JLI. Defendants Pritzker, Valani, and Huh produced documents responsive to Plaintiffs' first set of document requests on January 19, 2021, with a privilege log to follow in

---

[6] The parties' agreement does not constitute a waiver of the ability of a party to object to discovery. The parties reserve all rights with respect to, among other things, objections on the basis of privilege, privacy, relevance, proportionality, burden, admissibility, or that the discovery sought is unreasonably cumulative and/or can be obtained from another more convenient, less burdensome, or less expensive source.

accordance with Case Management Order No. 4. Plaintiffs note that Defendants Pritzker, Valani and Huh did not confer with Plaintiffs regarding input on their proposed search terms as contemplated by the ESI Order in this MDL (ECF No. 323, ¶6) in advance. Plaintiffs are thus conducting an initial review of the productions made to date, and will confer regarding any additional proposed searches.

## II.     DISCOVERY FROM PLAINTIFFS

### A.     Personal Injury Plaintiffs

*ESI Discovery*

The parties have been meeting and conferring regarding the scope of ESI discovery from the Personal Injury Bellwether Plaintiffs.  JLI and Plaintiffs have reached an impasse on an ESI issue.  Subject to the Court's approval, JLI and Plaintiffs propose submitting a joint letter brief setting forth their respective positions in up to five pages each by noon Pacific on February 8, 2021.

*Plaintiff Fact Sheets*

There are 1652 personal injury cases pending in the MDL.  Defendants have received Plaintiff Fact Sheets ("PFSs") for approximately 896 personal injury claims. Defendants continue to track plaintiffs with overdue PFSs and, as set forth in CMO No. 8, Section 12, notify plaintiffs of their overdue discovery and subsequently move for plaintiffs' dismissal where plaintiffs fail to submit their PFSs as required by the CMO even after receiving such notice.   Pursuant to CMO No. 8, 95 cases have been dismissed without prejudice,[7] and  167 other cases are subject to pending motions to dismiss without prejudice that have not yet been ruled upon.  An additional 45 PFSs are overdue, and per CMO No. 8, Section 7, JLI is serving plaintiffs' individual counsel with Notices of Deficiencies identifying where supplementation is required.

---

[7] Also pursuant to CMO No. 8, of these dismissed cases, 107 other cases are subject to pending motions to covert dismissals without prejudice to dismissals with prejudice.

### B. Class Plaintiffs

*Written Discovery*

The bellwether class plaintiffs have served amended responses to Defendants' discovery requests, and the parties are meeting and conferring concerning those responses. ESI has been collected from each of the Class Representatives for the class bellwether proceedings, and the parties recently reached agreement on the search terms.  Plaintiffs are in the process of running those search terms and reviewing the responsive documents.

Plaintiffs have nearly completed the submission of Plaintiff Fact Sheets, and the remainder is in the process of being completed.

The parties have reached agreement on a Plaintiff Fact Sheet Implementation Order applicable to the Non-Bellwether Class Representatives that is similar to those entered the Court with respect to the submission of Plaintiff Fact Sheets by personal injury plaintiffs (CMO No. 8, ECF No. 406); and government entities (CMO No. 13, ECF No. 1075), except for one issue on which the parties seek the Court's guidance. The parties disagree as to whether the provision allowing Defendants to move to convert a dismissal without prejudice to a dismissal with prejudice should be included in this PFS Order.  (Attached hereto as Exhibit A is a draft of the Proposed Non-Bellwether Class Representative Fact Sheet Implementation Order, which is agreed to with the exception of the highlighted portion on page 5).

***Plaintiffs' Statement***

Plaintiffs do not dispute that, if a non-bellwether class representative fails to serve a Plaintiff Fact Sheet by the applicable deadlines and does not cure that deficiency, that individual's claim should be dismissed without prejudice. There is, however, no basis for preventing that individual from recovering as an absent class member in any settlement or judgment that may eventually occur. There is, of course, no requirement that absent class members participate in discovery as prerequisite to receiving a portion of any class action settlement or judgment. It thus follows that to the extent an individual does not comply with discovery obligations that arise only by virtue of that person serving filing a complaint and as a class representative, the appropriate sanction is to dismiss that person's complaint and prevent him or her from serving as a class

representative. It does not, however, follow that there should be additional punishment in the form of preventing that person from recovering as an absent class member and putting the person in a *worse* position than if he or she had never filed a complaint in the first place. Doing so serves no purpose than to unfairly and unnecessarily punish that individual.

### *Defendants' Statement*:

The Court should not depart from the motion-to-dismiss procedure that has twice been considered and adopted by the Court in the Personal Injury and Government Entity PFS Orders. (CMO Nos. 8, 13; ECF Nos. 406, 1075.)  Both Orders provide that, if—after the generous time periods for compliance, notification procedures, and opportunities to cure—a party plaintiff has not complied with the Court ordered PFS deadlines, then Defendants may move to convert the dismissal without prejudice to a dismissal with prejudice.  The same process should be available here for the following reasons.

*First,* regardless of whether absent class members are required to respond to discovery, these are not absent class members.  They are named party plaintiffs who would be subject to this provision only if they repeatedly violated Court discovery orders that are applicable to them.  Any named plaintiff who may be subject to a motion to convert a dismissal from one without prejudice to one with prejudice will have had abundant time to submit a PFS (which, as Plaintiffs note above, does not even require documents or signed records authorizations) before the provision would potentially apply.  In particular, by the time Defendants could even first *move* to convert to a dismissal with prejudice, that plaintiff would not have submitted a complete PFS even though:

- more than *three months* will have elapsed after the expected entry of the PFS Order;
- more than *seven months* will have elapsed after the parties reached an agreement on the PFS form in October 2020 and Plaintiffs' counsel had indicated their clients were completing the PFSs; and
- more than *one year* will have elapsed since these class representatives were included on the Amended Consolidated Class Action complaint filed on March 11, 2020.

*Second*, as the Court has recognized in connection with the PFS Order on Government Entity cases, "[t]he inclusion of this provision does not in any way reduce or mitigate Defendants' burden in proving to the Court that a dismissal with prejudice is warranted under whatever statute,

8                                                     JOINT DISCOVERY
                                                          STATUS REPORT

1    rule or caselaw Defendants bring their motion."  (ECF No. 1038 at 4; *see also* 10/7/2020 Hr'g Tr.
2    at 31:4-11).

3        *Third*, we now know that the process works.  In connection with the personal injury PFS
4    Order (CMO No. 8), Judge Orrick recently commented that this procedure for dismissals with
5    prejudice "made a lot of sense."  (1/15/2021 Hr'g Tr. at 6:19-20.)  In particular, Judge Orrick
6    considered JLI's motions to covert dismissals of 95 plaintiffs from without prejudice to with
7    prejudice under CMO No. 8.  (*See* ECF Nos. 1167, 1169.)  Judge Orrick afforded those subject
8    plaintiffs another 30 days to submit their PFS or face dismissal with prejudice, noting "these
9    lawsuits were filed for people, and the defendants are producing billions of pieces of paper in this
10   case, and if somebody wants to participate they need to step up now."  (1/15/2021 Hr'g Tr. at
11   6:12-20; *see also* ECF No. 1277 ("the Court will dismiss with prejudice all cases identified in
12   Exhibit A of the motions ('covered-plaintiffs'), if those covered-plaintiffs have not filed plaintiff
13   fact sheets on or before **February 16, 2021**. This is the last notice the covered-plaintiffs will get
14   before dismissal with prejudice will be entered.").)

15       Defendants thus respectfully request the Court adopt the same dismissal-with-prejudice
16   procedure with respect to the Class Action PFSs as provided in CMO Nos. 8 and 13.

17       *Depositions*

18       On January 22, 2021, Defendants noticed the depositions on the class bellwether plaintiffs,
19   and the class bellwether plaintiffs have provided their availability.  The parties are discussing the
20   sequencing and timing of those depositions, including with respect to how the timing of document
21   productions impacts the sequencing of the depositions.  Plaintiffs have asked Defendants to
22   identify the 15 non-bellwether plaintiffs they wish to depose pursuant to the Court's November 2,
23   2020 Order Regarding Class Representative Discovery.  (ECF No. 1117.)  .

24       In the context of discussing issues related to class representative depositions, the parties
25   came to an impasse on the issue of whether depositions of class representatives can include
26   questions concerning the class representatives' alleged physical injuries and treatment, if
27   any.  The parties will be prepared to discuss the issue during the conference, and look forward to
28   the Court's guidance.

### C. Government Entity Plaintiffs

On January 20th, pursuant to the case schedule, the parties submitted their selections for the government entity bellwethers. By agreement, each side identified six government entities for a total pool of 12 bellwether cases. On January 21st, Defendants served discovery on all twelve bellwethers. On January 27th, both sides submitted proposals for the sequencing and division of the bellwether pool into Wave 1 and Wave 2 bellwethers. On February 1st, the Court designated the following six government entities as Wave 1 bellwethers: *San Francisco Unified School District v. JUUL Labs, Inc. et al.*, No. 3:19-cv-08177; *King County v. JUUL Labs, Inc., et al.*, No. 3:20-cv-07324; *Tucson Unified School District v. JUUL Labs, Inc. et al.*, No. 3:19-cv-07335; *The School Board of Palm Beach County, Florida v. JUUL Labs, Inc. et al.*, No. 3:19-cv-08081; *Unified School District 265 Goddard v. JUUL Labs, Inc.*, No. 3:19-cv-07852; and *City of Rochester, New Hampshire v. JUUL Labs, Inc., et al.*, No. 3:19-cv-07298. ECF No. 1355 (Feb. 1, 2021).

The parties are in the process of meeting and conferring regarding the appropriate scope and timing of bellwether discovery. In the event that the parties are unable to resolve these issues, they will seek the assistance of the Court.

## III. THIRD-PARTY DISCOVERY

*Objections to Dr. Tom Perfetti Deposition Exhibits*

On January 28-29, Plaintiffs deposed third-party Dr. Thomas Perfetti, a former R.J. Reynolds Tobacco Company chemist who served as a former consultant to Ploom Inc., a predecessor to JLI. During the deposition, a dispute arose as to Plaintiffs' counsel attempt to examine Dr. Perfetti on two documents that JLI had designated "Highly Confidential". The Parties are returning to complete Dr. Perfetti's deposition, though a date has not been set. The Parties have conferred since the deposition was adjourned and are attempting to resolve their differences as to whether the documents satisfy either or both criteria in the recently amended protective order for showing highly confidential documents to former JLI consultants. If the Parties cannot resolve the disputes, they will prepare letter briefs and may request a hearing date at the Court's convenience.

*Depositions*

The parties have agreed to schedule the deposition of third-party witness, James Xu, CEO and Chairman of Avail Vapor, on March 10-11.

*Subpoenas*

Plaintiffs have issued third party subpoenas to more than 161 entities or persons. In total, responsive recipients have thus far produced approximately 90 documents and negotiations are ongoing with numerous others.

To date, JLI has issued five third-party subpoenas.  JLI is conferring with the recipients, but may require the Court's intervention through an informal discovery conference and/or motions practice.

| | |
|---|---|
| Dated: February 5, 2021 | Respectfully submitted, |

By: /s/ *Renee D. Smith*

Renee D. Smith (*pro hac vice*)
James F. Hurst (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2310

By: */s/ Peter A. Farrell*

Peter A. Farrell (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5959

By: */s/ Gregory P. Stone*

Gregory P Stone, SBN 78329
Bethany W. Kristovich, SBN 241891
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100

*Attorneys for Defendant Juul Labs, Inc.*

By: /s/ *Sarah R. London*

Sarah R. London
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000

By: */s/ Dena C. Sharp*

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

By: */s/ Dean Kawamoto*

Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone:  (206) 623-1900

By: */s/ Ellen Relkin*

Ellen Relkin
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500

*Co-Lead Counsel for Plaintiffs*

| | |
|---|---|
| By: */s/ John C. Massaro* | By: */s/ James Kramer* |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | **ORRICK HERRINGTON & SUTCLIFFE LLP** |
| John C. Massaro (admitted pro hac vice)<br>Jason A. Ross (admitted pro hac vice)<br>601 Massachusetts Ave., N.W.<br>Washington D.C.  20001<br>Telephone:   (202) 942-5000<br>Facsimile:  (202) 942-5999<br>john.massaro@arnoldporter.com<br>Jason.ross@arnoldporter.com | James Kramer<br>James Thompson<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA  94105-2669<br>Telephone: (415) 773-5700<br>jthompson@orrick.com<br>jkramer@orrick.com<br>*Attorneys for Defendant James Monsees* |
| *Attorneys for Defendants Altria Group, Inc. and Philip Morris USA Inc.* | |
| By: */s/ Eugene Illovsky* | By: */s/ Michael J. Guzman* |
| **BOERSCH & ILLOVSKY LLP** | **KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.** |
| Eugene Illovsky<br>Martha Boersch<br>Matthew Dirkes<br>1611 Telegraph Ave., Suite 806<br>Oakland, CA 94612<br>Telephone: (415) 500-6643<br>eugene@boersch-illovsky.com<br>martha@boersch-illovsky.com<br>matt@boersch-illovsky.com | Mark C. Hansen<br>Michael J. Guzman<br>David L. Schwartz<br>Sumner Square, 1615 M St., N.W., Suite 400<br>Washington, DC 20036<br>Telephone: (202) 326-7910<br>mguzman@kellogghansen.com |
| *Attorneys for Defendant Adam Bowen* | *Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh* |

| | | |
|---|---|---|
| 1 | By: */s/ Mitchell B. Malachowski* | By: */s/ Robert Scher* |
| 2 | **TYSON & MENDES, LLP** | **FOLEY & LARDNER LLP** |

James E. Sell
Mitchell B. Malachowski
Stephen Budica
April M. Cristal
523 4th Street, Suite 100
San Rafael, CA 94901
Telephone: (628) 253-5070
jsell@tysonmendes.com
mmalachowski@tysonmendes.com
sbudica@tysonmendes.com
acristal@tysonmendes.com

*Attorneys for Defendants Mother Murphy's Labs, Inc., and Alternative Ingredients, I*

By: */s/ Michael L. O'Donnell*

**WHEELER TRIGG O'DONNELL LLP**

Michael L. O'Donnell
James E. Hooper
Marissa Ronk
370 17th Street, Ste. 4500
Denver, CO 80202
Telephone: (303) 244-1850
Odonnell@wtotrial.com
hooper@wtotrial.com
Ronk@wtotrial.com

*Attorneys for Defendant McLane Company, Inc.*

By: */s/ David R. Singh*

**WEIL, GOTSHAL & MANGES LLP**

David R. Singh
Bambo Obaro
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3083
david.singh@weil.com
bambo.obaro@weil.com

*Attorneys for Defendant Core-Mark Holding Company, Inc.*

Robert Scher
Peter N. Wang
Graham D. Welch
Dyana K. Mardon
90 Park Avenue
New York, NY 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
rscher@foley.com
pwang@foley.com
gwelch@foley.com
dmardon@foley.com

*Attorneys for Defendants Tobacco Technology, Inc., and Eliquitech, Inc.*

By: */s/ Christopher J. Esbrook*

**ESBROOK LAW LLC**

Christopher J. Esbrook
David F. Pustilnik
Michael S. Kozlowski
77 W. Wacker, Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681
christopher.esbrook@esbrooklaw.com
david.pustilnik@esbrooklaw.com
michael.kozlowski@esbrooklaw.com

*Attorneys for Defendants Eby-Brown Company, LLC, Circle K Stores, and 7-Eleven, Inc., Speedway, and Walgreen Co.*

By: */s/ Donald F. Zimmer, Jr.*

**KING & SPALDING LLP**

Donald F. Zimmer, Jr.
Quyen L. Ta
Jennifer T. Stewart
50 California St., Suite 3300
San Francisco, CA 94111
Telephone:    (415) 318-1200
fzimmer@kslaw.com
qta@kslaw.com
jstewart@kslaw.com

*Attorneys for Defendant Walmart Inc.*

By: */s/ Charles C. Correll Jr.*

**KING & SPALDING LLP**

Andrew T. Bayman (Admitted *pro hac vice*)
1180 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
abayman@kslaw.com

and

Charles C. Correll, Jr.
Matthew J. Blaschke
Alessandra M. Givens
50 California St., Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
ccorrell@kslaw.com
mblaschke@kslaw.com
agivens@kslaw.com

*Attorneys for Defendant Chevron Corporation*

2127423.4