# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## CIVIL MINUTES

| Date: February 19, 2021 | Time: 19 minutes 1:16 p.m. to 1:35 p.m. | Judge: WILLIAM H. ORRICK |
|---|---|---|
| Case No.: 19-md-02913-WHO | Case Name: In Re: Juul Labs, Inc., Marketing, Sales Practices | |

**Attorneys for Plaintiffs:**   Sarah London, Dena Sharp, Ellen Relkin, and Dean Kawamoto

**Attorneys for Defendants:**   Renee D. Smith, Peter A. Farrell, Gregory P. Stone, John Massaro, Michael J. Guzman, Michael O'Donnell, Mitchell B. Malachowski, Christopher J. Esbrook, James Thompson, and Eugene Illovsky

*(Additional counsel in attendance; only those who were approved in advance to address the Court are identified.)*

**Deputy Clerk:** Jean Davis                **Court Reporter:** Ruth Levine Ekhaus

## PROCEEDINGS

At 12:30 p.m. plaintiff Co-Lead Counsel and defense counsel identified above participated in an *in camera* videoconference.

At 1:16 p.m. the monthly Case Management Conference was conducted via videoconference.

The Court approves the parties' agreement to dismiss certain defendants from the bellwether personal injury cases only.

Defendants' request to be allowed to strike one of the personal injury bellwether cases selected by plaintiffs is DENIED. At this juncture, the Court does not want to reduce the number of cases in the pool as that may impact its ability to select cases for trial that will serve the bellwether purpose. At the appropriate time, defendants will be able to argue for selection or rejection of cases for selection in the first wave of personal injury trials.

Having reminded the parties that the Court is not generally in favor of continuing case management deadlines, especially those that impact trial dates, plaintiffs' request to continue the class certification schedule by six weeks and Altria's suggestion that the related class summary judgment and expert discovery deadlines should correspondingly be continued six weeks are

GRANTED. The parties shall meet and confer regarding modification of the schedule beyond that, based on concrete and actual due process concerns. The parties shall submit a revised stipulated proposed schedule (including the continued class certification and related class dates) and any other continued dates they can agree to by February 26, 2021. If the parties cannot agree on the other dates, they shall submit their competing proposals by February 26, 2021.

The parties may defer meeting and conferring on trial mechanics, but serious consideration of them should be on the minds of counsel by the summer.

The plaintiffs' appointment of Ms. Aelish Baig, a partner in Robbins Geller's San Francisco office, in place of Christopher Gold on the PSC is approved.

With respect to discovery of the Wave 1 and Wave 2 Government Entity bellwethers, discovery for the Wave 1 cases is deemed to have commenced following my selection of the Wave 1 cases on February 1, 2021. Discovery for the Wave 2 cases is stayed pending further agreement of the parties or order from the Court. The Court is cognizant of defendants' concerns about the timeline for the Wave 1 discovery; those concerns may be raised again at the April CMC if appropriate based on what actually has or has not transpired.

The parties' Proposed Non-Bellwether Class Representative Fact Sheet Implementation Order is adopted, except that there should be no provision for converting a dismissal without prejudice to a dismissal with prejudice given the distinctions between the role/burdens of class representatives and those of personal injury/Government Entity plaintiffs. The parties shall provide a revised Order for the Court to enter.

The Court has reviewed the CBO Time Report from Judge Andler submitted *in camera* and appreciates the work Judge Andler and plaintiffs have put in to ensure these proceedings and the JCCP proceedings are litigated as efficiently as possible. The next quarterly report shall be submitted on or around April 15, 2021.

Counsel who intend to participate in depositions in underlying MDL cases may enter their notice of appearance in the main MDL Docket only.

Where counsel agree to substitution of bellwether cases, notice of the identified dismissed and substituted bellwether cases should be filed in the main MDL Docket.

The motions to dismiss cases for failure to comply with CMO No. 8 by submitting Plaintiff Fact Sheets (Motions at Dkt. Nos. 1192, 1210, 1237, 1274) are GRANTED. On or after March 15, 2021, defendants shall provide the Court a Proposed Order with one consolidated exhibit listing all cases to be dismissed (after ascertaining that the PFS remains outstanding for each of the plaintiffs/cases).

The motion to convert dismissal without prejudice to dismissal with prejudice (Motion at Dkt. No. 1243) is GRANTED. On or after March 15, 2021, defendants shall provide the Court a Proposed Order with one consolidated exhibit listing all cases whose dismissal are converted to dismissal WITH PREJUDICE.