BOERSCH & ILLOVSKY LLP
Martha Boersch (State Bar No. 126569)
martha@boersch-illovsky.com
Eugene Illovsky (State Bar No. 117892)
eugene@boersch-illovsky.com
Matthew Dirkes (State Bar No. 255215)
matt@boersch-illovsky.com
Kevin Calia (State Bar no. 227406)
kevin@boersch-illovsky.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Defendant
Adam Bowen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Documents Relates to:<br><br>ALL ACTIONS | Case No. 19-md-02913-WHO<br><br>**DEFENDANT BOWEN'S REPLY IN SUPPORT OF MOTION TO DISMISS RICO CLAIMS FROM PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT AND SEVEN GOVERNMENT ENTITY AMENDED COMPLAINTS**<br><br>Date:  March 26, 2021<br>Time:  9:00 a.m.<br>Courtroom:  2<br>Judge:  Hon. William H. Orrick |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................................1

ARGUMENT .......................................................................................................................................2

    I.    THE SAC DOES NOT ALLEGE FACTS SHOWING THAT BOWEN CONDUCTED THE AFFAIRS OF JLI THROUGH INDICTABLE ACTS OF MAIL OR WIRE FRAUD .......................2

        A.    The SAC Allegations Show no More Than Bowen Conducting his own Affairs as a Founder of JLI and a Designer of its JUUL Product .......................................................................2

        B.    The SAC Allegations do not Show that Bowen Conducted the Affairs of JLI Through a Pattern of Racketeering Activity .................................................................................3

    II.    THE PLAINTIFFS' MAIL AND WIRE FRAUD CLAIMS ARE LEGALLY DEFICIENT AND PLAINTIFFS' OPPOSITION FAILS TO ADDRESS THOSE DEFICIENCIES ...............................6

        A.    Plaintiffs' Opposition does not Address the Legal Deficiencies of Their Mail and Wire Fraud Allegations ..................................................................................................6

        B.    Plaintiffs' Opposition to Bowen's Motion to Dismiss Confuses the Issues and Misconstrues His Arguments ............................................................................................8

    III.    THE NEW "ENTERPRISE" ALLEGATIONS STILL FAIL TO ALLEGE AN ENTERPRISE DISTINCT FROM JLI'S ORDINARY BUSINESS OPERATIONS ..................................................10

    IV.    THE SAC DOES NOT ALLEGE A VIABLE RICO CONSPIRACY CLAIM OR FACTS PLAUSIBLY ALLEGING THAT BOWEN ENGAGED IN A RICO CONSPIRACY ....................11

CONCLUSION ...................................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Bridge v. Phoenix Bond & Indemnity Co.*,
  553 U.S. 639 (2008) ................................................................................................................ 8

*Cedric Kushner Promotions, Ltd. v. King*,
  533 U.S. 158 (2001) ................................................................................................................ 3

*Colony at Holbrook, Inc. v. Strata G.C. Inc.*,
  928 F.Supp. 1224 (E.D.N.Y. 1996) ........................................................................................ 4

*Committee to Protect our Agricultural Water v. Occidental Oil & Gas Corp.*,
  235 F.Supp.3d 1132 (E.D. Cal. 2017) .................................................................................... 4

*Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.*,
  528 F.3d 1001 (8th Cir. 2008) ................................................................................................ 6

*DeFalco v. Bernas*,
  244 F.3d 286 (2nd Cir. 2001) ............................................................................................... 10

*Ferrari v. Mercedes-Benz USA, LLC*,
  2016 WL 7188030 (N.D.Cal. Dec. 12, 2016) ........................................................................ 5

*Gardner v. Starkist Co.*,
  418 F.Supp.3d 443 (N.D.Cal. 2019) .................................................................................... 10

*Goren v. New Vision International, Inc.*,
  156 F.3d 721 (7th Cir. 1998) .................................................................................................. 7

*Hoffman, M.D. v. Zenith Insurance Co.*,
  487 Fed.Appx. 365 (9th Cir. 2012) ........................................................................................ 8

*Howard v. America Online Inc.*,
  208 F.3d 741 (9th Cir. 2000) ................................................................................................ 11

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*,
  MDL No. 2672 CRB (JSC), 2017 WL 4890594 (N.D. Cal. Oct. 30, 2017) .................... 2, 9

*Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.*,
  46 F.3d 258 (3rd Cir. 1995) ................................................................................................. 10

*Kerrigan v. ViSalus*,
  112 F.Supp.3d 580 (E.D. Mich. 2015) ........................................................................... 3, 4, 9

*Loughrin v. United States*,
  573 U.S. 351 (2014) ............................................................................................................ 7, 8

*Neder v. United States,*
    527 U.S. 1 (1999) ................................................................................................................8

*New York States Catholic Health Plan, Inc. v. Academy O & P Assoc.,*
    312 F.R.D. 278 (E.D.N.Y. 2015) .........................................................................................6

*R.E. Davis Chemical Corp. v. Nalco Chemical Co.,*
    757 F.Supp. 1499 (N.D. Ill. 1990) .......................................................................................9

*United States v. Persico,*
    832 F.2d 705 (2nd Cir. 1987) ..........................................................................................3, 9

*United States v. Shields,*
    844 F.3d 819 (9th Cir. 2016) ...............................................................................................7

*United States v. Turkette,*
    452 U.S. 576 (1981) .........................................................................................................5, 9

**Statutes**

18 U.S.C. § 1961 ...........................................................................................................................9

18 U.S.C. § 1962 ...........................................................................................................................3

18 U.S.C. § 1964 ...........................................................................................................................3

Fed. R. Civ. P. 9(b) .......................................................................................................................7

**INTRODUCTION**

In his motion to dismiss, defendant Bowen showed how Plaintiffs fail to allege facts demonstrating that he conducted the affairs of the enterprise – now JLI itself – *through* a pattern of racketeering activity. Motion to Dismiss RICO Claims Against Defendant Bowen From Plaintiffs' Second Amended Class Action Complaint and Seven Government Entity Amended Complaints ("MTD"), Dkt. 1229, at 2. The SAC's non-conclusory allegations show no more than Bowen conducting his own affairs as a founder of JLI and a designer of its JUUL product. Those allegations do not plausibly show that he conducted the affairs of JLI *through* a pattern of racketeering activity, or in other words, that he committed at least two acts of mail or wire fraud. Plaintiffs' opposition provides no legal basis for this Court to ignore that failure.

Bowen also showed that Plaintiffs have not sufficiently pled the elements of the racketeering predicate acts of mail or wire fraud. MTD at 3-11.[1] In response, Plaintiffs utterly fail to address Bowen's legal arguments or to point to any factual allegations demonstrating that Bowen committed indictable acts of mail or wire fraud. Instead, they continue to rely on vague, conclusory, or group allegations of allegedly fraudulent marketing activity by JLI. *See, e.g.* Plaintiffs' Opposition to Motions to Dismiss by Defendants Bowen, Monsees, Huh, Pritzker, Valani and the Altria Defendants ("Opp."), Dkt. 1364 at 24.

Plaintiffs also conflate the elements of a RICO cause of action with the elements of the predicate acts of mail and wire fraud, which must be separately stated and sufficiently alleged against each defendant. Plaintiffs rely heavily on this Court's prior (but inapposite) ruling that Bowen's role as a founder of JLI and developer of the JUUL product was sufficient to allege one element of RICO, *i.e.* that he "conducted the affairs" of the previously-alleged association-in-fact. But that ruling did

---

[1] Bowen incorporates herein and preserves all arguments by all defendants made in the first round of motions to dismiss the RICO claims and other claims in the original Class Action and Government Entity Complaints. *See* Defendant Adam Bowen Joinder in Motions, Dkt. 646. Bowen also incorporates the arguments made by codefendants to dismiss the RICO and other claims in the SAC. *See* Altria Defendants' Motion to Dismiss Plaintiffs' UCL and RICO Claims, Dkt. 1223 ("Altria MTD"); Non-Management Director Defendants Motion to Dismiss Second Amended Class Action Complaint and Amended Government Entity Complaints, Dkt. 1222 ("Non-Management Director Defendant MTD").

1    REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO F.R.CIV.P. 12(b)(6)
Case No.: 19-md-02913-WHO

not address RICO's racketeering activity element or the elements of mail or wire fraud, which are separate but necessary elements of Plaintiffs' newly-conceived RICO claim.

Because Plaintiffs fail to allege indictable acts of mail or wire fraud against Bowen and because, as the Altria Defendants argue, they still fail to allege a distinct RICO enterprise, the RICO claims against Bowen must be dismissed.

## ARGUMENT

**I. THE SAC DOES NOT ALLEGE FACTS SHOWING THAT BOWEN CONDUCTED THE AFFAIRS OF JLI THROUGH INDICTABLE ACTS OF MAIL OR WIRE FRAUD**

The alleged racketeering activity must consist of acts that are indictable under the mail and wire fraud statutes.[2] Nowhere in the SAC do Plaintiffs allege how Bowen directed the supposed enterprise through an ostensible pattern of mail fraud and wire fraud activity, something they are required to establish *as to each individual defendant*. In the absence of specific allegations about Bowen's individual role in the alleged criminal acts of mail and wire fraud, the RICO claim against him must be dismissed.

  A. The SAC Allegations Show no More Than Bowen Conducting his own Affairs as a Founder of JLI and a Designer of its JUUL Product

As Bowen showed in his opening brief, the SAC does not allege that he "conducted the affairs" of JLI, the new enterprise, "*through a pattern of racketeering activity,*" but rather only that he conducted his own affairs as a product designer, founder, and board member of JLI. MTD at 2. The non-conclusory, individualized allegations of Bowen's conduct are that he: 1) was the Chief Technology Officer and a member of the Board of Directors (SAC ¶ 23); 2) "drew on his experience as a design engineer at Apple, Inc. to make JUUL resonate with Apple's popular aesthetics" (SAC ¶ 145); 3) studied the cigarette industry documents made public under the Master Settlement

---

[2] "Whether a violation of § 1962 is asserted as a civil or criminal offense, the definition of "racketeering activity" remains the same: it is defined as any number of criminal offenses, including murder, kidnapping, brivery, counterfeiting, and (as relevant here) mail and wire fraud. The civil RICO statute, then, incorporates the crimes of mail and wire fraud in their entirety." *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 4890594 at *12 (N.D. Cal. Oct. 30, 2017) (internal citations omitted).

Agreement (SAC ¶ 72); 4) sought investors (SAC ¶ 88); 5) participated in studies of nicotine salt formulations (SAC ¶ 106, 109, 113, 121, 128, 190); and 6) as a board member had "final say" over JLI marketing (SAC ¶ 391, 931).[3] *See also* Opp. at 23 (citing only Bowen's co-founding of JLI, his job as Chief Technology Officer, and his board membership). These are ordinary, legitimate activities of a founder and executive of JLI, not illegal racketeering acts separate and distinct from JLI's regular business. These allegations are not sufficient to allege mail or wire fraud against Bowen.

### B. The SAC Allegations do not Show that Bowen Conducted the Affairs of JLI *Through* a Pattern of Racketeering Activity

RICO requires plaintiffs to allege facts sufficient to show that each defendant conducted the affairs of an enterprise *through* a pattern of racketeering activity. 18 U.S.C. § 1962(c) & 1964; *United States v. Persico,* 832 F.2d 705, 714 (2nd Cir. 1987) ("The focus of Section 1962(c) is on individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise"). It is not enough to simply allege that a defendant engaged in conduct that consists of the performance of his job as an employee, officer or director of the enterprise. Order at 40 ("Cases recognize that where the individual constituents of an asserted enterprise are alleged to have conducted only the 'regular business' of the corporate entity or business in their own interests, those allegations are insufficient to support a RICO enterprise"). That is especially true where, as here, the alleged enterprise is a legitimate company engaged in a legitimate business. The "affairs" that must be conducted to be illegal under RICO are the unlawful activities that are separate and distinct from the ordinary business of the company. As the Supreme Court stated in *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 163 (2001), plaintiffs must allege

---

[3] This Court held that the "final say" allegation is insufficient to show that any defendant participated in the conduct of JLI through a pattern of racketeering activity. Order on Substantive Motions ("Order"), Dkt. 1084 at 50; *see also Kerrigan v. ViSalus,* 112 F.Supp.3d 580, 606 (E.D. Mich. 2015) ("it is far from clear that a defendant 'participates in the affairs of an enterprise through a pattern of racketeering activity' merely by 'permitting' someone else to commit two predicate acts. The passive act of not preventing another person from committing a predicate act seems to fall short of the active conduct required to establish 'participation' in the enterprise—*i.e.,* making decisions or carrying them out—through a pattern of racketeering activity").

3   REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO F.R.CIV.P. 12(b)(6)
Case No.: 19-md-02913-WHO

1    that each RICO defendant conducted the affairs of the corporation "in a RICO-forbidden way," that
2    is, "through illegal acts." As to Bowen, Plaintiffs have failed to do so.
3        In their SAC and opposition, Plaintiffs continue to rely on generalized, conclusory allegations
4    of group activity; they do not "'connect the allegations of fraud to each individual defendant,'" and
5    particularly not to Bowen. But when RICO claims are alleged against multiple individuals,
6    "plaintiffs must allege at least two racketeering acts by each defendant." *Committee to Protect our*
7    *Agricultural Water v. Occidental Oil & Gas Corp.,* 235 F.Supp.3d 1132, 1177 (E.D. Cal. 2017);
8    *Colony at Holbrook, Inc. v. Strata G.C. Inc.*, 928 F.Supp. 1224, 1231-32 (E.D.N.Y. 1996) ("Where
9    there are multiple defendants involved, the plaintiff must 'connect the allegations of fraud to each
10   individual defendant'" (citation omitted)); *Kerrigan,* 112 F.Supp.3d at 606 (plaintiffs must allege that
11   each defendant committed at least two predicate acts).[4]
12       Plaintiffs do not point to specific, individualized, and plausible allegations in the SAC that
13   Bowen conducted the affairs of JLI "in a RICO-forbidden way," that is, by committing at least two
14   predicate acts of mail or wire fraud. Instead, Plaintiffs point to this Court's previous conclusion that
15   they had sufficiently alleged Bowen "conducted the affairs" of the formerly-alleged association-in-
16   fact enterprise, given Bowen's "role in the company as a founder and officer and given the more
17   specific allegations about his direct involvement and control over the design, testing and initial roll-
18   out of the JUUL product." Opp. at 22-23 (citing Order at 50); *see also* Opp. at 23 ("given that
19   Bowen and Monsees co-founded the company that became JLI, Monsees was CEO of JLI until
20   October 2015, Bowen has at all relevant times been the Chief Technology Officer of JLI, and both
21   were Board members from the inception of JLI until at least March 2020 . . . Bowen and Monsees
22   undoubtedly had some part in directing [the] affairs of JLI"). But that does not advance their

---

[4] The Plaintiffs' miasmic allegations of a fraudulent scheme do not, by themselves, state a claim of mail or wire fraud against any specific individual. *Colony,* 928 F.Supp. at 1231, 1232 ("sweeping and general allegations of mail and wire fraud directed at all defendants" were deficient because a RICO complaint "cannot generally refer to fraudulent acts by all or some of the defendants because each defendant is entitled to be informed of the facts surrounding the allegations so that they may respond").

argument, since none of Bowen's conduct mentioned there constitutes mail or wire fraud.[5]  *See Ferrari v. Mercedes-Benz USA, LLC,* 2016 WL 7188030, at *3-4 (N.D.Cal. Dec. 12, 2016) (dismissing RICO claims against individual defendants where plaintiffs failed to allege with specifics how "the individual defendants participated in a pattern of racketeering acts by a RICO enterprise").  Those allegations show no more than Bowen conducting the lawful affairs of JLI as an officer and director and do not "connect the allegations of fraud" – *i.e.* the racketeering activity alleged in the RICO claim – to him.

Plaintiffs' argument confuses and conflates two separate legal issues:  1) whether the allegations of an enterprise are sufficient, and 2) whether the allegations of the racketeering acts as to each individual defendant are sufficient.  This Court's prior ruling that Bowen's conduct was sufficient to show one element of RICO – *i.e.,* that he "conducted the affairs" of the former association-in-fact enterprise – says nothing about whether the new SAC sufficiently alleges a different element of RICO – *i.e.,* whether he personally committed at least two acts of mail or wire fraud.  *See United States v. Turkette,* 452 U.S. 576, 583 (1981) ("The 'enterprise' is not the 'pattern of racketeering activity;' it is an entity separate and apart from the pattern of activity in which it engages").  Even if a defendant conducted the general business affairs of a legitimate enterprise, a plaintiff must still allege that he or she conducted those affairs "through a pattern of racketeering activity," that is, that the defendant committed a "series of criminal acts defined by the statute." *Turkette,* 452 U.S. at 583.

Instead of identifying allegations in the SAC plausibly showing that Bowen committed two acts of mail or wire fraud, Plaintiffs again merely cite this Court's prior order to argue that "[t]he Court referred to their [presumably Bowen's and Monsees'] conduct as 'RICO conduct'" Opp. at 23 (citing Order at 48, 52).  At the same time, however, Plaintiffs concede that the Court "has not

---

[5] In its prior order addressing the previously-alleged RICO enterprise, this Court concluded that the former complaint "adequately alleged a scheme to defraud using mails and wires to conduct and further that scheme."  Order at 58-59.  The Court also characterized this alleged scheme as "stem[ming] in part from acts and representations taken by Bowen and Monsees," but the Court did not refer to any specific representation by Bowen or any particular act by Bowen that would satisfy the elements of mail or wire fraud.

addressed whether the RICO Defendants conducted the affairs of the JLI Enterprise through a pattern of racketeering activity." Opp. at 20. This Court's prior ruling that the allegations of Bowen's role in developing the JUUL product and his responsibilities as a board member were sufficient to show that he conducted the formerly alleged association-in-fact enterprise (a conclusion Bowen disputes) said nothing about whether he conducted that former enterprise *through* a pattern of racketeering activity, much less whether he conducted the affairs of the new enterprise, JLI, by committing at least two indictable acts of mail or wire fraud.

## II. THE PLAINTIFFS' MAIL AND WIRE FRAUD CLAIMS ARE LEGALLY DEFICIENT AND PLAINTIFFS' OPPOSITION FAILS TO ADDRESS THOSE DEFICIENCIES

This Court must find plausible allegations of indictable acts of mail and wire fraud by Bowen to sustain the RICO claim against him. As Courts have described their duty:

> Due to the 'routine use of mail and wire communications in business operation,' courts must closely scrutinize RICO claims based on allegations of mail or wire fraud, 'because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it.' . . . .

*New York States Catholic Health Plan, Inc. v. Academy O & P Assoc.,* 312 F.R.D. 278, 298-99 (E.D.N.Y. 2015). That Court went on to reinforce that "[w]here more than one defendant is charged with wire fraud, the plaintiff must 'particularize and prove each defendant's participation in the fraud and each defendant's enactment of the two necessary predicate acts.'" *Id.* Plaintiffs' failure or inability to respond to the legal deficiencies of their mail and wire fraud allegations against Bowen dooms their RICO claim. *See Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.* 528 F.3d 1001, 1028 (8th Cir. 2008) (failure to show evidence of "any one element of a RICO claim means the entire claim fails").

### A. Plaintiffs' Opposition does not Address the Legal Deficiencies of Their Mail and Wire Fraud Allegations

In his opening brief, Bowen showed that the SAC fails to state the elements of the racketeering acts of mail or wire fraud against him (or any defendant) because:

- The alleged statements described as acts of mail or wire fraud cannot plausibly be viewed as material, *i.e.*, "naturally inducing" any plaintiff to part with money (MTD at 5-7 (*citing Loughrin v. United States,* 573 U.S. 351, 363 (2014));
- The allegedly false statements of those who are not co-schemers (including, now, JLI), cannot be attributed to Bowen (MTD at 9);[6]
- The alleged statements of opinion cannot be false or fraudulent (MTD at 8);
- The alleged mailings and wirings made after the object of the alleged scheme has been obtained cannot be in furtherance of the scheme (MTD at 8-9);
- The alleged omissions cannot be indictable as part of a fraud scheme because Bowen owed no fiduciary-type duty of disclosure to any plaintiff (MTD at 10 (*citing United States v. Shields,* 844 F.3d 819, 822 (9th Cir. 2016) (mail or wire fraud based on non-disclosure requires an independent duty that has been breached))).
- The vague allegations about the "Vaporized Campaign" are insufficient under Rule 9(b) (MTD at 10).[7]

Although Plaintiffs admit that the Court has not addressed whether Bowen conducted the affairs of the JLI Enterprise through a pattern of racketeering activity, (Opp. at 20)[8] their opposition brief simply ignores the legal deficits of their mail and wire fraud allegations. But without sufficient allegations that the RICO Defendants committed mail or wire fraud, there is no viable RICO claim. *See Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 730 (7th Cir. 1998) (dismissing RICO claim in part for failure to allege predicate acts of fraud with requisite particularity).

///

///

---

[6] Plaintiffs say Bowen directed a false statement regarding JUUL pods' nicotine content to be made to the Washington Post. Opp. at 24. But that statement is not pled as an act of mail or wire fraud, nor could it be. There are no allegations that the statement induced any plaintiff to legally or illegally buy a JUUL or that it would be otherwise indictable under the mail or wire fraud statutes.

[7] The Vaporized Campaign, which allegedly occurred in 2015, was not conducted by Juul Labs Inc.

[8] Other than whether many of the alleged statements cannot be false because they are opinions, (Order at 60), this Court has not addressed the adequacy of the specific mail and wire fraud allegations.

### B. Plaintiffs' Opposition to Bowen's Motion to Dismiss Confuses the Issues and Misconstrues His Arguments

In his opening brief, Bowen argued that none of the alleged statements are indictable acts of mail or wire fraud because none of them plausibly could have induced a plaintiff to part with money and no plaintiff alleges inducement by those alleged false statements. (MTD at 5, 6-7). Plaintiffs respond, but to arguments Bowen did not make, or to confuse the elements of different offenses. For instance, they cite *Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 642 (2008) for the proposition that reliance is not an element of a civil RICO claim. Opp. at 24. But Plaintiffs confuse the elements of civil RICO with the elements of mail and wire fraud, which require materiality of falsehood; that is, a statement naturally inducing a consumer to part with money. *Neder v. United States,* 527 U.S. 1, 16 (1999); *Loughrin v. U.S.*, 573 U.S. 351, 363 (2014).

Moreover, while *Bridge* held that first-party reliance is not required to state a civil RICO claim, the Supreme Court was clear that where fraud is alleged as a RICO predicate, "plaintiff's loss must be a foreseeable result of *someone's* reliance" on the allegedly false statements. *Bridge,* 553 U.S. at 656 (emphasis in original). Since Plaintiffs' legal theory is that the defendants' allegedly false statements caused their loss (*i.e.* their purchase of a JUUL), they *do* need to allege and prove reliance. *See Hoffman, M.D. v. Zenith Ins. Co.,* 487 Fed.Appx. 365 (9th Cir. 2012) ("Although proximate cause, not reliance, is the essential element of statutory standing under RICO, proving reliance is necessary where it is integral to Plaintiffs' theory of causation"). In sum, Plaintiffs have failed to allege indictable acts of mail or wire fraud because the SAC does not allege that the false statements specifically pled as mail or wire fraud (SAC ¶ 959) induced them to part with money.

Bowen also argued that statements by JLI or others cannot be attributed to him because they are not alleged to be co-schemers. Plaintiffs misconstrue Bowen's argument as well as the law. Bowen did not argue that a person "cannot be indicted for a co-conspirator's statement." Opp. at 24. Rather, he simply pointed out that (1) JLI is now *not* alleged to be either a RICO co-conspirator or a mail or wire fraud co-schemer, and (2) a person cannot be indicted for statements made by one who is neither a co-conspirator nor a co-schemer, as this Court recognized. *See* Order at 64 (plaintiffs *must*

*allege* that "*a co-schemer's* acts of mail and wire fraud occurred during [defendant's] participation in the scheme and were within the scope of the scheme" (*citing In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Products Liab. Litig.*, 295 F.Supp.3d 927, 979 (N.D. Cal. 2018) (emphasis added))).

Plaintiffs also continue to confuse RICO's enterprise element with the required elements of the predicate acts. They argue that "it is immaterial to the existence of the JLI enterprise, or to Bowen's involvement with it, whether certain statements could be attributed to Bowen." Opp. at 24. But "the existence of the JLI enterprise" is not the issue here. Showing that false statements by others are fairly attributable to Bowen is critical to stating a RICO claim that he conducted the affairs of JLI *through* the pattern of alleged mail and wire fraud. *Turkette,* 452 U.S. at 583 (distinguishing the enterprise from the pattern of racketeering activity); *Persico,* 832 F.2d at 714 ("The focus of Section 1962(c) is on individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise"); *Kerrigan,* 112 F.Supp.3d at 604-06 (particularly in a multi-defendant case, "a plaintiff must allege that *each defendant* individually committed at least two predicate acts" (emphasis in original)); *R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F.Supp. 1499, 1509 (N.D. Ill. 1990) ("Because a 'pattern of racketeering activity' requires at least two predicate acts of racketeering activity . . . it follows that an individual must have committed at least two predicate acts in order to be held liable") (citations omitted)).[9]

In sum, because the Plaintiffs have not alleged indictable acts of mail or wire fraud committed by Bowen, the RICO claim against him must be dismissed.

///

---

[9] Furthermore, conspiracy to commit mail or wire fraud is not listed in the RICO statute as a predicate act. 18 U.S.C. § 1961(1)(B) (omitting 18 U.S.C. § 1349). Therefore, to state a civil RICO claim based on mail or wire fraud, particularly in a case such as this where the alleged RICO enterprise is a legitimate corporation, the complaint must state facts showing that each individual defendant committed mail or wire fraud. *Nalco Chemical*, 757 F.Supp at 1514-15 (if the enterprise is a legitimate corporation, rather than a conspiracy among several individuals, "then there is no quality inherent in the nature of the enterprise which would permit the acts of one member of the enterprise to be attributed to the other members. . . . In this context, liability must be limited to those who have personally engaged in two or more acts of racketeering activity").

III. **THE NEW "ENTERPRISE" ALLEGATIONS STILL FAIL TO ALLEGE AN ENTERPRISE DISTINCT FROM JLI'S ORDINARY BUSINESS OPERATIONS**

As the Altria and Non-Management Director defendants argue, the Plaintiffs' new RICO claim seems to be a litigation "shell game" and the SAC still fails to allege a RICO enterprise distinct from the RICO defendants. Altria MTD at 7-10; Non-Management Director Defendant MTD at 14-19. Neither the SAC nor Plaintiffs' opposition points to any conduct by Bowen or the other RICO Defendants that is distinct and separate from their business activities as employees, directors, or investors in JLI. While Plaintiffs allege that JLI's legitimate business activities included allegedly false advertising, RICO is not an all-purpose federal fraud statute. Altria MTD at 9 (citing cases).

For a lawful corporation named as a RICO enterprise to be distinct from the RICO persons, more is required than a simple formalistic naming of a legitimate corporate entity as the enterprise and the employees, officers, and investors of that corporation as the RICO defendants. As Plaintiffs' own authorities show, the alleged conduct – the racketeering activity *through* which the affairs of the corporation were conducted – must be separate and distinct from the ordinary business operations of the corporation. *See, e.g., Gardner v. Starkist Co.*, 418 F.Supp.3d 443, 461 (N.D.Cal. 2019) ("Simply characterizing routine commercial dealings as a RICO enterprise is not enough").

In *DeFalco v. Bernas,* 244 F.3d 286 (2nd Cir. 2001), the enterprise was the Town of Delaware and the RICO defendants engaged in blatant acts of extortion, threatening to abuse their political power if their demands were not met. That racketeering activity was separate and distinct from the defendants responsibilities as public officials; it was *ultra vires*. *Id.* at 307 (jury "could reasonably have concluded that the RICO persons . . . were a separate and distinct assortment of public officials, private individuals, and corporations who used their political power to influence the Town of Delaware's [the enterprise] exercise of governmental authority over plaintiffs' development"). So too in *Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.,* 46 F.3d 258 (3rd Cir. 1995). The RICO enterprise alleged was a car dealership and the RICO persons were the owners and operators of the dealership. The racketeering activity consisted of the submission of thousands of fraudulent warranty claims for non-existent or unnecessary repairs, fictitious timesheets, doctoring warranty paperwork

and altering new parts to make them look old. *Id.* at 261. Again, the racketeering conduct was separate and distinct from the ordinary business operations of the company.

Here, Plaintiffs allegations show no more than the defendants conducting their own affairs as officers, directors, or investors of JLI, not engaging in separate racketeering conduct. Acceptance of Plaintiffs' theory would create what every court has said RICO is not – an all-purpose general corporate fraud statute.

## IV. THE SAC DOES NOT ALLEGE A VIABLE RICO CONSPIRACY CLAIM OR FACTS PLAUSIBLY ALLEGING THAT BOWEN ENGAGED IN A RICO CONSPIRACY

Without sufficient allegations of indictable acts of mail or wire fraud, there is no viable RICO claim. Without a viable RICO claim or plausibly alleged facts showing an agreement to engage in conduct that would satisfy each element of RICO, there can be no conspiracy to violate RICO. Plaintiffs have not, as they wrongly assert (Opp. at p. 40), alleged facts "establishing each element of a Section 1962(c) violation" as to Bowen as they are required to do. *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO). Nor does the SAC allege any facts plausibly showing that Bowen agreed with any other defendant to commit acts of mail or wire fraud. The conspiracy claim therefore must also be dismissed.

## CONCLUSION

For the reasons stated herein and in Bowen's opening brief, and based on the record before this Court, the RICO claims against Adam Bowen should be dismissed.

Dated: February 24, 2021

BOERSCH & ILLOVSKY LLP
MARTHA A. BOERSCH
EUGENE ILLOVSKY
MATTHEW DIRKES
KEVIN CALIA

 /s/Eugene Illovsky
Eugene Illovsky

Attorneys for
Defendant Adam Bowen

11      REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO F.R.CIV.P. 12(b)(6)
Case No.: 19-md-02913-WHO