1    [Submitting Counsel on Signature Page]

2

3

4

5

6

7

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                       SAN FRANCISCO DIVISION

13

14   IN RE JUUL LABS, INC., MARKETING,        Case No. 19-md-02913-WHO
     SALES PRACTICES, AND PRODUCTS
15   LIABILITY LITIGATION                      **PLAINTIFFS' OPPOSITION TO
                                               DEFENDANTS' MOTION TO DISMISS
16   _____       AND/OR STRIKE SUBCLASS CLAIMS IN
                                               THE SECOND AMENDED
17   This Document Relates to:                 CONSOLIDATED CLASS ACTION
     CLASS ACTIONS                             COMPLAINT FOR LACK OF SUBJECT-
18                                             MATTER JURISDICTION (ECF 1397)**

19                                             **Judge:   Hon. William H. Orrick**
                                               **Date:    March 26, 2021**
20                                             **Time:    9:00 a.m.**
                                               **Ctrm.:   2**
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     ARGUMENT ............................................................................................................. 1

     A.    Whether Class Representatives Can Represent Purchasers in Delaware,
         District of Columbia, Idaho, and North Dakota Is Not a Matter of Standing
         or Subject Matter Jurisdiction, It Is a Matter of Typicality Under Rule 23 ........... 1

     B.    The Court Should Reject Defendants' Request to Dismiss the Claims of
         Plaintiffs Without Underlying Complaints ............................................................ 5

         1.    Relevant Background ................................................................................. 5

         2.    Defendants' Requested Relief is Moot ...................................................... 7

         3.    There Is No Basis to Dismiss the Claims of Plaintiffs Without
             Underlying Complaint ............................................................................... 8

III.    CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

Page

**CASES**

*Garcia v. Harley-Davidson Motor Co., Inc.*
2019 WL 6050768 (N.D. Cal. Nov. 15, 2019)............................................................................. 2

*In re Asacol Antitrust Litig.*
907 F.3d 42 (1st Cir. 2018) .......................................................................................................... 3

*In re Carrier IQ, Inc.*
78 F. Supp. 3d 1051 (N.D. Cal. 2015) ........................................................................................ 4

*In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs., and Prods Liab. Litig.*
295 F. Supp. 3d 927 (N.D. Cal. 2018) .................................................................................... 2, 4

*In re Farmers Ins. Exch. Claims Reps.' Overtime Pay Litig.*
2008 WL 4763029 (D. Or. Oct. 28, 2008)................................................................................... 9

*In re Graphics Processing Units Antitrust Litigation*
527 F. Supp. 2d 1011 (N.D. Cal. Sept. 27, 2007) ....................................................................... 3

*In re Incretin Mimetics Prods. Liab. Litig.*
2013 WL 12171761 (S.D. Cal. Nov. 13, 2013) ........................................................................... 9

*In re Intel Corp. CPU Mktg., Sales Practices and Products Liability Litigation*
2018 WL 7049419 (D. Or. Dec. 14, 2018) .................................................................................. 3

*In re Intel Corp. CPU Mktg., Sales Practices and Products Liability Litigation*
2020 WL 1495304 (D. Or. Mar. 27, 2020) .................................................................................. 3

*In re Korean Air Lines*
642 F.3d 685 (9th Cir. 2011)........................................................................................................ 8

*In re Packaged Ice Antitrust Litig.*
2011 WL 6178891 (E.D. Mich. Dec. 12, 2011)........................................................................... 9

*In re Takata Airbag Products Liability Litigation*
379 F. Supp. 3d 1333 (S.D. Fla. 2019) ....................................................................................... 9

*In re Toyota Motor Corp. Unintended Mktg., Sales Practices, & Prods. Lib. Litig.*
785 F. Supp. 2d 925 (C.D. Cal. 2011) ........................................................................................ 8

*In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*
2017 WL 3058563 (N.D. Cal. July 19, 2017).............................................................................. 3

*Johnson v. Fujitsu Tech. and Business of Am., Inc.*
250 F. Supp. 3d 460 (N.D. Cal. Apr. 11, 2017) .......................................................................... 2

*Johnson v. Nissan N. Am., Inc.*
272 F. Supp. 3d 1168 (N.D. Cal. 2017) ...................................................................................... 4

1

2

**TABLE OF AUTHORITIES**
(continued)

Page

3

4
*Langan v. Johnson & Johnson Consumer Companies, Inc.*
   897 F.3d 88 (2d Cir. 2018) ........................................................................... 3

5
*Melendres v. Arpaio*
   784 F.3d 1254 (9th Cir. 2015) ..................................................................... 2

6

7
*Peacock v. The 21st Amendment Brewery Cafe, LLC*
   2018 WL 452153 (N.D. Cal. Jan. 17, 2018) ............................................... 2

8
*Pecanha v. The Hain Celestial Group, Inc.*
   2018 WL 534299 (N.D. Cal. Jan. 24, 2018) ............................................... 4

9

10
*Senne v. Kansas City Royals Baseball Corp.*
   114 F. Supp. 3d 906 (N.D. Cal. July 13, 2015) .......................................... 2

11
*Staley v. Gilead Sciences, Inc.*
   446 F. Supp. 3d 578 (N.D. Cal. 2020) ..................................................... 2, 4

12

13
*True Health Chiropractic, Inc. v. McKesson Corp.*
   332. F.R.D. 589 (N.D. Cal. 2019) ............................................................... 2

14

15
*Welgus v. TriNet Group, Inc.*
   2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) ............................................ 3

16
**RULES**

17
Fed. R. Civ. P. 12(b) ............................................................................... 3, 4

18

19

20

21

22

23

24

25

26

27

28

1

## I.    **INTRODUCTION**

Defendants' motion seeks dismissal of certain of Plaintiffs' class action claims on two separate grounds. First, Defendants seek dismissal of claims under the laws of four jurisdictions (Delaware, District of Columbia, Idaho, and North Dakota) because "the SAC [Second Amended Consolidated Class Action Complaint] does not identify *any* class representative." Mot. at 3. Although ambiguous on this point, presumably Defendants mean that the SAC does not include a class representative who resides in those four jurisdictions. The proper time to determine whether any of the named plaintiffs can serve as a suitable class representative for those claims is when Plaintiffs move to certify those claims, however, because it is a question of typicality that is relevant to Rule 23, as opposed to a question of subject matter jurisdiction or standing.

Second, Defendants argue that the Court should dismiss fifty-seven class representatives (and the claims brought under the laws of the states in which they reside) because they have not filed separate, individual ("underlying") complaints. The parties have disagreed about whether each class representative should be required to file an underlying complaint, and the Court declined to reach that issue previously because it was irrelevant to the bellwether proceedings. Defendants' position is the epitome of form over substance, and a waste of time and resources. Nevertheless, in an effort to compromise and avoid motion practice in an already complex MDL, Plaintiffs agreed to give Defendants what they wanted: the preparation of underlying complaints for the fifty-seven class representatives. All the same, Defendants now seek to dismiss the claims of those plaintiffs because the filing of their underlying complaints has not occurred fast enough. As the parties have agreed the underlying complaints will be identical to the SAC, there is no practical reason the complaints need to have been filed already, and no sensible reason to dismiss the claims of fifty-seven plaintiffs. Defendants' motion is moot and, even if it was not, raises no substantive issue.

## II.    **ARGUMENT**

### A.    **Whether Class Representatives Can Represent Purchasers in Delaware, District of Columbia, Idaho, and North Dakota Is Not a Matter of Standing or Subject Matter Jurisdiction, It Is a Matter of Typicality Under Rule 23**

Defendants contend that Plaintiffs' claims arising under of the laws of Delaware, District of Columbia, Idaho, and North Dakota must be dismissed because no named plaintiff resides there.

1    Def. Mot. at 5. Defendants' argument is inconsistent with authority from the Ninth Circuit and

2    courts throughout this District.

3         In *Melendres v. Arpaio*, the Ninth Circuit rejected an assertion that the named plaintiffs

4    lacked standing to represent the claims of class members who were subjected to unconstitutional

5    searches outside the types of police patrols during which the named plaintiffs were detained. 784

6    F.3d 1254, 1261 (9th Cir. 2015). The Court adopted the "class certification approach" under which,

7    once a named plaintiff establishes his or her individual standing under Article III, the extent to

8    which that individual can represent the claims of differently situated absent class members should

9    be resolved at class certification, and not as a threshold standing inquiry. *Id*. at 1261-62. Although

10   *Melendres* concerned absent class members with different factual claims than the named plaintiffs,

11   as opposed to legal claims arising under different state laws, courts have held that distinction to be

12   "immaterial." *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs., and Prods Liab. Litig.*,

13   295 F. Supp. 3d 927, 955-56 (N.D. Cal. 2018). Where there is "a 'disjuncture between the claims

14   of the named plaintiffs and absent class members' . . . *Melendres* requires courts in the Ninth Circuit

15   to apply the 'class certification approach.'" *Id*. (quoting *Melendres*, 784 F.3d at 1261).

16        Courts in this District both before, and particularly after, *Melendres* have deferred questions

17   concerning the ability of named plaintiffs to represent claims of absent class members until class

18   certification in a variety of contexts. *E.g. Staley v. Gilead Sciences, Inc.*, 446 F. Supp. 3d 578, 622

19   (N.D. Cal. 2020) (Chen, J.) (state law claims in jurisdictions in which named plaintiffs did not

20   reside); *EcoDiesel*, 295 F. Supp. 3d at 955-56 (Chen, J.) (same); *Senne v. Kansas City Royals*

21   *Baseball Corp.*, 114 F. Supp. 3d 906, 925-26 (N.D. Cal. July 13, 2015) (Spero, M.J.) (same); *Garcia*

22   *v. Harley-Davidson Motor Co., Inc.*, 2019 WL 6050768, at *12 (N.D. Cal. Nov. 15, 2019) (Spero,

23   M.J.) (California plaintiff seeking to represent a nationwide class); *Peacock v. The 21ˢᵗ Amendment*

24   *Brewery Cafe, LLC*, 2018 WL 452153, at *10 (N.D. Cal. Jan. 17, 2018) (Tigar, J.) (same); *True*

25   *Health Chiropractic, Inc. v. McKesson Corp.*, 332. F.R.D. 589, 604 (N.D. Cal. 2019) (Gilliam, J.)

26   (TCPA case where plaintiffs' claims included faxes he did not receive); *Johnson v. Fujitsu Tech.*

27   *and Business of Am., Inc.*, 250 F. Supp. 3d 460, 465 (N.D. Cal. Apr. 11, 2017) (Cousins, M.J.)

28   (class included purchasers of different investments than those purchased by named plaintiffs); *In*

*re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 2017 WL 3058563, at *4 (N.D. Cal. July 19, 2017) (Breyer, J.) (same). In some instances, judges in this District have reconsidered their prior decisions declining to defer standing questions until class certification as a result of *Melendres*. In *Welgus v. TriNet Group, Inc.*, for example, Judge Freeman found "it necessary to reconsider [the Court's] prior order" that had "rejected Plaintiff's argument that because he has standing to pursue his own claims, he may assert claims on behalf of the class for which he cannot allege standing because the claims implicate a similar set of concerns against the same defendants." 2017 WL 6466264, at *25 (N.D. Cal. Dec. 18, 2017). Other circuit courts to have squarely addressed this issue have likewise adopted the "class certification approach." *E.g. Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 93 (2d Cir. 2018) ("as long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is proper for a class to include out-of-state, nonparty class members with claims subject to different state laws is a question of predominance under Rule 23(b)(3)"); *In re Asacol Antitrust Litig.*, 907 F.3d 42, 50-51 (1st Cir. 2018) ("once the named plaintiff establishes injury and membership in the class, the inquiry should shift from the elements of justiciability to the ability of the named representative to fairly and adequately protect the interests of the class") (internal quotation omitted).

The two cases cited by Defendants do not compel a different result. *In re Graphics Processing Units Antitrust Litigation*, 527 F. Supp. 2d 1011 (N.D. Cal. Sept. 27, 2007), predates the relevant caselaw, including from the Ninth Circuit. And *In re Intel Corp. CPU Mktg., Sales Practices and Products Liability Litigation*, 2020 WL 1495304 (D. Or. Mar. 27, 2020), is inconsistent with the authority in this District and did not cite *Melendres*. Nor was the relevant authority presented to that court: the plaintiffs addressed the issue in a single footnote in their brief, and they did not rely on the caselaw holding that the ability to bring claims under the laws of multiple states is a question best left for class certification. *See* Plaintiffs' Opposition to Defendant Intel Corporation's Corrected Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b), 2018 WL 7049419, at 40 n.28 (D. Or. Dec. 14, 2018).

- 3 -

PLAINTIFFS' OPP. TO DEFENDANTS' MTN. TO DISMISS SUBCLASS
CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 19-MD-02913-WHO

Plaintiffs recognize that this Court has previously dismissed state law claims where a named plaintiff did not reside in those states. *See Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175-76 (N.D. Cal. 2017). Plaintiffs respectfully suggest that the Court should reach a different conclusion here. The plaintiffs in *Johnson* did not present the Court with the Ninth Circuit's decision in *Melendres*. *See* Plaintiffs' Corrected Response to Nissan's Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint, Case No. 17-cv-517, ECF. No. 43 (June 28, 2017). In addition, while the Court relied on Judge Chen's decision in *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051 (N.D. Cal. 2015), Judge Chen's more recent decisions have applied the "class certification approach," deferring resolution of the extent to which named plaintiffs can represent absent class members until class certification. *See EcoDiesel*, 295 F. Supp. 3d at 955-56 (citing *Melendres*); *Pecanha v. The Hain Celestial Group, Inc.*, 2018 WL 534299, at *8-9 (N.D. Cal. Jan. 24, 2018) (declining to follow *Carrier IQ* in light of *Melendres*); *Gilead*, 446 F. Supp. 3d at 622 (applying *Melendres*).

Even if *Melendres* does not require deferring the question of the class representatives' ability to bring claims under the laws of Delaware, District of Columbia, Idaho, and North Dakota until class certification, the Court should exercise its discretion to do so. Here, there are named plaintiffs who reside in every jurisdiction (including the parties' agreed "bellwether jurisdiction") but four and Plaintiffs assert nationwide RICO claims, so there is no concern about unfairly subjecting Defendants to nationwide discovery that would otherwise not occur. In contrast, in *Johnson* there were only two plaintiffs from only two states who asserted nationwide claims, 272 F. Supp. 3d at 1175-76, and in *Carrier IQ*, plaintiffs from thirteen states sought to bring claims on behalf of thirty-five additional states. 78 F. Supp. 3d at 1074. This case is akin to *EcoDiesel*, which distinguished *Carrier IQ* because the named plaintiffs resided in forty-three states and there was no named plaintiff in only seven states. 295 F. Supp. 3d at 956. Just as Judge Chen did in *EcoDiesel*, the Court should defer this question until class certification. *See id*.

**B.     The Court Should Reject Defendants' Request to Dismiss the Claims of Plaintiffs Without Underlying Complaints**

Defendants' request to dismiss the claims of Plaintiffs who have not yet filed underlying complaints should be denied. Contrary to Defendants' assertion, Plaintiffs have not refused to cure deficiencies in their pleadings. Plaintiffs dispute that any deficiencies exist, but nonetheless agreed to go through the time and expense of filing the underlying complaints. Defendants' motion is therefore moot. The motion also raises no substantive issue. There is no rule that requires actions in an MDL to have been transferred to the MDL by the JPML, and Plaintiffs have provided all the information needed to ensure the efficient remand of individual Plaintiffs' claims at the appropriate time.

**1.     Relevant Background**

Defendants' motion distorts the record in several significant ways. First, Defendants argue that Plaintiffs have been on notice of a "fundamental problem" concerning subject matter jurisdiction since Defendants filed their initial motion to dismiss in March 2020. Def. Mot. at 2, 7. But at every step, Plaintiffs' position has been that there is no subject matter jurisdiction problem that requires fixing. *See* ECF 758 at 39-40. Second, Defendants assert that Plaintiffs "conced[ed] they have not properly invoked the Court's subject-matter jurisdiction." Def. Mot. at 2. To the contrary, Plaintiffs opposed Defendants' argument, rather than conceding it. ECF 758 at 39-40. Third, Defendants suggest that the Court granted their prior subject matter jurisdiction motion and required Plaintiffs to "amend to remedy the defects identified by JLI." Def. Mot. at 1. Not so. The Court's tentative opinion stated that it was not reaching state law claims other than those brought under California law. ECF 977 at 3. The Court's full opinion likewise stated that it "will not reach the arguments raised," directed the parties to meet and confer, and left open the possibility of further briefing on the issue. ECF 1084 at 101. The Court has not ruled that there are any subject matter "defects" in Plaintiffs' class complaint.

In this complex and demanding litigation, motion practice concerning an issue that has no impact on the bellwether proceedings is not an effective use of the parties' or the Court's resources. Despite their position (explained more fully below) that there is no reason for Plaintiffs to go through the wasteful exercise of filing over fifty underlying complaints, out of respect for the

Court's time, on November 9, 2020, Plaintiffs reached out to Defendants to discuss Defendants' position on subject matter jurisdiction issues in light of the Court's order. Declaration of Dena C. Sharp, ¶ 2. Defendants stated that they wished to defer any such discussion until after the filing of the amended class complaint. *Id*. Having heard nothing further from Defendants, Plaintiffs followed up on December 4, 2020, and Defendants responded on December 9. *Id*. The parties met and conferred on December 16, 2020. *Id*.

On December 22, 2020, Plaintiffs agreed to compromise and file the underlying complaints. *Id*., ¶ 3. The parties met and conferred about the logistics of such filings, and Defendants declined to make compromises, insisting, for example, that while hundreds of personal injury complaints have been direct filed in this Court (designating their transferor forum), the class action's underlying complaints could not be direct filed and instead needed to be filed in their transferor district and then transferred to this Court by the JPML. *Id*. And even though there are no deadlines impacted by when the underlying complaints are filed, Defendants insisted that all such complaints be filed by January 19. *Id*. With the January 4 deadline for Defendants to file their motion approaching, the parties met and conferred the week of December 28, 2020, including on New Year's Eve, and on that call Plaintiffs, again seeking to avoid unnecessary motion practice, agreed to include a February 2 deadline to file the underlying complaints in the parties' stipulation. *Id*., ¶ 4; ECF 1219 at 2. But Plaintiffs made it very clear that they would likely be unable to meet that deadline (particularly in light of the parties' ongoing disagreement about the logistics of filing the complaints) and that it would need to be extended. Sharp Decl., ¶ 4. It was not until January 22, 2021, that Defendants agreed that Plaintiffs could direct file the underlying complaints, and by then the February 2 deadline became even more impractical to meet. *Id*., ¶ 5. The parties discussed the situation with the Court prior to the January Case Management Conference, and Plaintiffs understood that the Court preferred the parties to resolve the issue informally. *Id*. Plaintiffs were, in fact, unable to meet the February 2 deadline despite their best efforts and Defendants declined to discuss continuing that deadline to a later date. *Id*., ¶ 6.

Defendants attempt to paint Plaintiffs as "intransigen[t]" on this issue, but it was Plaintiffs who first reached out the Defendants to discuss this issue (a discussion Defendants deferred) and

1   compromised and agreed to undertake the time-consuming task of filing the underlying complaints,

2   while Defendants have chosen to pursue this unnecessary motion practice.

3               **2.       Defendants' Requested Relief is Moot**

4          The relief requested by Defendants' motion is that Plaintiffs file underlying complaints for

5   the fifty-seven plaintiffs who have not yet done so. Plaintiffs voluntarily agreed to create the

6   underlying complaints and are in the process of doing so. Sharp Decl., ¶ 12. To the extent

7   Defendants wanted to know sooner which transferor jurisdiction each plaintiff will select, Plaintiffs

8   offered to provide that information many months ago. *See* ECF 758 at 40 ("The Court could direct

9   plaintiffs who were added to the consolidated complaint to identify the forum to which their

10  individual claims should be remanded (including this District if appropriate)"). Given these facts,

11  Defendants' motion is moot.

12         While Plaintiffs are (and have been) working as fast as practicable to prepare the

13  complaints, doing so for fifty-seven complaints takes time. As explained in the Sharp Declaration,

14  since January 22 (when Defendants agreed that Plaintiffs could direct file the underlying

15  complaints) counsel and staff have devoted significant time and energy to creating underlying

16  complaint template, testing the template and process for preparing the complaints, refining the

17  process, preparing the complaints, and conducting quality control reviews at various points in the

18  process. Sharp Decl., ¶¶ 7-12. The administrative and resource demands associated with this project

19  are particularly significant because Plaintiffs have also been busy with other, more immediate tasks,

20  such as opposing Defendants' motions to dismiss, discovery of Plaintiffs and Defendants, preparing

21  for class certification, and moving forward with the personal injury bellwether cases. Given that

22  the remand of any class representative's complaint to its transferor jurisdiction is likely more than

23  a year away at the earliest, the fact that underlying complaints have not been filed has not prejudiced

24  Defendants in any way. To the extent that Defendants believe Plaintiffs have moved too slowly,

25  their proposed remedy that the Court dismiss the claims of half the class representatives is extreme

26  and unreasonable. It also makes little practical sense. For any plaintiffs whose the Court dismisses

27  for lack of an underlying complaint, those plaintiffs would again be class representatives once the

28  underlying complaints are filed, and each plaintiff would need to be added back into the

consolidated complaint through amended consolidated complaints. There is no reason to proceed through such a tortured exercise.

### 3.   There Is No Basis to Dismiss the Claims of Plaintiffs Without an Underlying Complaint

The crux of Defendants' argument is that, for class representatives without underlying complaints, there is no remand jurisdiction for those plaintiffs' complaints, and thus no basis for subject matter jurisdiction. Defendants elevate form over substance.

First, since this issue first arose, Plaintiffs have offered to designate the remand jurisdiction for any plaintiff without an underlying complaint. *See* ECF 758 at 40. That is, of course, exactly what the parties have done with respect to personal injury cases via the Direct Filing Order. *See* ECF 651 at 2. There is thus an easy solution to the question of where a class representatives' claims should be remanded for trial (if they do not proceed in this Court). Second, Defendants have insisted that the underlying complaints be substantively identical to the operative consolidated class complaint. ECF 1219 at 1. There are thus no practical concerns regarding the allegations and claims that would be remanded.

The authority Defendants cite correctly notes that in an MDL, claims by individual plaintiffs retain their separate identities and must be remanded when the appropriate time comes. Def. Mot. at 4 (citing *In re Korean Air Lines*, 642 F.3d 685, 700 (9th Cir. 2011)). Plaintiffs agree, which is why, when this issue first arose, they proposed a procedure that would identify, for each class representative, the claims subject to remand and where those claims should be transferred at the appropriate time. Such a procedure would allow each class representative to "resume their independent status once the pretrial stage of litigation is over." *Korean Air*, 642 F.3d at 700. There is thus no need for the filing of identical underlying complaints to ensure that the "MDL be managed in such a manner [that] take[s] into account that the cases are destined to be returned to their" home jurisdiction. *In re Toyota Motor Corp. Unintended Mktg.*, *Sales Practices*, *& Prods. Lib. Litig.*, 785 F. Supp. 2d 925, 930 (C.D. Cal. 2011). Plaintiffs have therefore addressed the concerns expressed by courts in cases cited by Defendants. *Cf. In re Packaged Ice Antitrust Litig.*, 2011 WL 6178891,

- 8 -

PLAINTIFFS' OPP. TO DEFENDANTS' MTN. TO DISMISS SUBCLASS CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION CASE NO. 19-MD-02913-WHO

at *8 (E.D. Mich. Dec. 12, 2011) ("the Court would be without options at the time of remand as these proposed Plaintiffs' claims have no 'home,' i.e. no transferor court").

While Defendants cite cases for the proposition that an MDL court cannot "exercise subject matter jurisdiction over state law claims not transferred by the MDL Panel" (Def. Mot. at 1 (citing *In re Farmers Ins. Exch. Claims Reps.' Overtime Pay Litig.*, 2008 WL 4763029 (D. Or. Oct. 28, 2008))), the Direct Filing Order *in this case* demonstrates that no such bright line rule exists. In fact, several of the personal injury trial bellwether plaintiffs directly filed in this District. Many other courts have similarly entered direct filing orders in which cases become part of the MDL without being transferred pursuant to section 1407, in some instances without requiring any designation of the transferor forum. *E.g. In re Incretin Mimetics Prods. Liab. Litig.*, 2013 WL 12171761, at *1-2 (S.D. Cal. Nov. 13, 2013); *see also* J.P.M.L. Rule 7.2(a) (JPML action not required for cases directly filed in transferee district).

In *In re Takata Airbag Products Liability Litigation*, for example, consolidated class action complaints "directly add[ed] the Direct File Plaintiffs and their respective claims." 379 F. Supp. 3d 1333, 1337 (S.D. Fla. 2019). The court, noting that "direct filing complaints in MDL proceedings is not uncommon, nor is it *per se* impermissible under the MDL statute, the JPML Rules of Procedure, or interpretive case law," declined to dismiss the Direct File Plaintiffs and held that their claims would be severed from the consolidated complaint and remanded to the appropriate venue at the appropriate time. *Id*. at 1338, 1345. In none of these cases did the court violate the principles of subject matter or multidistrict jurisdiction, as Defendants suggest. Instead, they recognized that multidistrict litigation is designed to increase efficiency, and there is nothing impermissible about exercising jurisdiction over plaintiffs and claims that did not become a part of an MDL through the section 1407 transfer procedure. And even Defendants have now agreed that the underlying class complaints can also be direct filed, *i.e.* they can become a part of the MDL without going through the 1407 transfer process. They cannot identify any practical reason why plaintiffs added to the MDL via a consolidated complaint cannot be considered to have directly filed their claims.

In short, the concerns that have led courts to dismiss claims for lack of subject matter jurisdiction where there are no underlying complaints are not present here. All Defendants are left

1    with is an entirely formalistic legal argument they are using to manufacture temporary dismissals

2    of certain non-bellwether class representatives and claims. Defendants' position that underlying

3    complaints must be filed even if no statute or practical consideration imposes such a requirement

4    would not aid the interests of justice or efficient case management.

5          In addition, as noted above, even if the Court were inclined to dismiss the class

6    representatives, that would not require dismissal of any state law claims they may have asserted

7    because the extent to which any remaining class representatives could assert those claims should

8    be resolved if and when Plaintiffs seek to certify such claims.

9    **III.    <u>CONCLUSION</u>**

10         For the foregoing reasons, the Court should deny Defendants' motion to dismiss certain

11   class representatives and state law claims for lack of subject matter jurisdiction.

12

13    Dated: February 26, 2021                    Respectfully submitted,

14                                                By: /s/ *Sarah R. London*

15
                                                  Sarah R. London
16                                                **LIEFF CABRASER HEIMANN &**
                                                  **BERNSTEIN**
17                                                275 Battery Street, Fl. 29
                                                  San Francisco, CA 94111
18                                                Telephone: (415) 956-1000
                                                  slondon@lchb.com
19

20

21                                                By: /s/ *Dena C. Sharp*

22
                                                  Dena C. Sharp
23                                                **GIRARD SHARP LLP**
                                                  601 California St., Suite 1400
24                                                San Francisco, CA 94108
                                                  Telephone: (415) 981-4800
25                                                dsharp@girardsharp.com

26

27

28

PLAINTIFFS' OPP. TO DEFENDANTS' MTN. TO DISMISS SUBCLASS
                                                  CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION
                                                  CASE NO. 19-MD-02913-WHO

1

2

3                              By: */s/ Dean Kawamoto*

4                              Dean Kawamoto
                                **KELLER ROHRBACK L.L.P.**

5                              1201 Third Ave., Ste. 3200
                              Seattle, WA 98101

6                              Telephone: (206) 623-1900
                              dkawamoto@kellerrohrback.com

7

8                              By: */s/ Ellen Relkin*

9

10                           Ellen Relkin
                             **WEITZ & LUXENBERG**

11                           700 Broadway
                           New York, NY 10003

12                           Telephone: (212) 558-5500
                           erelkin@weitzlux.com

13

14                           *Co-Lead Counsel for Plaintiffs*

15

16                          **ECF ATTESTATION**

17       I, Dena C. Sharp, am the ECF User whose ID and password are being used to file the

18 foregoing document. In compliance with Civil Local Rule 5-1(i)(3), I attest that concurrence in

19 this filing has been obtained from all signatories above.

20

21                      By: */s/ Dena C. Sharp*

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on February 26, 2021, I electronically filed the foregoing document

3   with the Clerk of the Court using the CM/ECF system, which will automatically send notification

4   of the filing to all counsel of record.

5                                                  By: /s/ *Dena C. Sharp*
                                                        Dena C. Sharp
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPP. TO DEFENDANTS' MTN. TO DISMISS SUBCLASS
CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 19-MD-02913-WHO