BOERSCH & ILLOVSKY LLP
Martha Boersch (State Bar No. 126569)
martha@boersch-illovsky.com
Eugene Illovsky (State Bar No. 117892)
eugene@boersch-illovsky.com
Matthew Dirkes (State Bar No. 255215)
matt@boersch-illovsky.com
Kevin Calia (State Bar no. 227406)
kevin@boersch-illovsky.com
Sharon Frase (State Bar No. 282923)
sharon@boersch-illovsky.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Defendant
Adam Bowen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO |
| | **DEFENDANT ADAM BOWEN'S NOTICE OF MOTION AND MOTION TO DISMISS BELLWETHER PERSONAL INJURY COMPLAINTS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| This Documents Relates to: | |
| *Nicole Dramis, individually and as the mother and next of friend of J.D. v. Juul Labs, Inc. et al.*, Case No. 3:19-md-02913; | |
| *Kristof Rest v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01330-WHO; | CTRM: 2 <br> TIME: To be set by the Court <br> DATE: To be set by the Court <br> JUDGE: Hon. William H. Orrick |
| *Mason Edwards v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01866-WHO; | |
| *Roberto Pesce v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-02658-WHO; | |
| *Cody Arnett v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03548-WHO; | |

1 | *Kerrigan Bagley v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03770-WHO;

2 | *Zachary Mangham v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03781-WHO;

3 | *J.L.K. v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-04131-WHO;

4 | *Clark Fish v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-05653-WHO;

5 | *Lucas Willis Barnes v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-06599-WHO;

6 | *Cameron Widergren v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-06608-WHO;

7 | *Jacob Fairess v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-06765-WHO;

8 | *Jayme Westfaul v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-06865-WHO;

9 | *Nicco Wong v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-06912-WHO;

10 | *Lauren Gregg v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-07151-WHO;

11 | *Timugen Keffer v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-07164-WHO;

12 | *Robin Bain v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-07174-WHO;

13 | *D.H. v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-07250-WHO;

14 | *Catherine Faulds v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-07255-WHO;

15 | *Saliana Rosenfield v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-08149-WHO;

16 | *Griffith Miles v. Juul Labs, Inc. et al.*, Case No. 3:19-cv-06546-WHO.

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on a date and time to be set by the Court, in the Courtroom of the Honorable William H. Orrick of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Defendant Adam Bowen will and hereby does move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing with prejudice the following Bellwether actions filed in *In re Juul Labs, inc., Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2913: *Nicole Dramis, individually and as the mother and next of friend of J.D. v. Juul Labs, Inc. et al.*, Case No. 3:19-md-02913-WHO ("J.D. Complaint"); *Kristof Rest v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01330-WHO ("Rest Complaint"); *Mason Edwards v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01866-WHO ("Edwards Complaint"); *Roberto Pesce v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-02658-WHO ("Pesce Complaint"); *Cody Arnett v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03548-WHO ("Arnett Complaint"); *Kerrigan Bagley v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03770-WHO ("Bagley Complaint"); *Zachary Mangham v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03781-WHO ("Mangham Complaint"); *J.L.K. v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-04131-WHO ("J.L.K. Complaint"); *Clark Fish v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-05653-WHO ("Fish Complaint"); *Lucas Willis Barnes v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-06599-WHO ("Barnes Complaint"); *Cameron Widergren v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-06608-WHO ("Widergren Complaint"); *Jacob Fairess v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-06765-WHO ("Fairess Complaint"); *Jayme Westfaul v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-06865-WHO ("Westfaul Complaint"); Nicco Wong *v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-06912-WHO ("Wong Complaint"); *Lauren Gregg v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-07151-WHO ("Gregg Complaint"); *Timugen Keffer v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-07164-WHO ("Keffer Complaint"); *Robin Bain v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-07174-WHO ("Bain Complaint"); *D.H. v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-07250-WHO ("D.H. Complaint"); *G.F., A Minor, P.P.A. Catherine Faulds v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-07255-WHO ("G.F. Complaint"); *Saliana Rosenfield v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-08149-WHO

("Rosenfield Complaint"); *Griffith Miles v. Juul Labs, Inc. et al.*, Case No. 3:19-cv-06546-WHO ("Miles Complaint").  Mr. Bowen does not waive other defenses to these or any other complaints in this MDL by making this motion.

This Motion is based on this Notice of Motion, the Memorandum of Points of Authorities served concurrently herewith, any Reply Memorandum, the Motions to Dismiss filed by other defendants, the pleadings and files in this MDL, and such additional pleadings, evidence or argument as may be presented at or before the hearing on this matter.

Dated:  March 2, 2021

BOERSCH & ILLOVSKY LLP
MARTHA A. BOERSCH
EUGENE ILLOVSKY
MATTHEW DIRKES
KEVIN CALIA
SHARON FRASE

  */s/Eugene Illovsky*
Eugene Illovsky

Attorneys for Defendant
Adam Bowen

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
Case No.: 19-md-02913-WHO

# TABLE OF CONTENTS

ISSUES TO BE DECIDED ....................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................2

   I.    INTRODUCTION AND SUMMARY OF ARGUMENT .....................................2

   II.   FACTUAL BACKGROUND ..................................................................................3

   III.  LEGAL STANDARDS ..........................................................................................5

       A.   Rules 12(b)(6), 8(a) and 9(b) ......................................................................5

       B.   Choice of Law ...............................................................................................6

   IV.  ARGUMENT ..........................................................................................................7

       A.   Bowen Cannot Be Liable To Any Personal Injury Plaintiffs Under A Theory of Strict Products Liability.......................................................................................................7

       B.   The Negligence-Based Claims for Relief Against Bowen Should Be Dismissed ..........11

       C.   The Fraud-Based Claims Against Bowen Are Legally Deficient And Not Pled With The Requisite Particularity...............................................................................................13

       D.   The Breach of Warranty Claims Against Bowen Are Legally Deficient And Must Be Dismissed .......................................................................................................17

       E.   Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress .............19

       F.   No Claim Is Stated Against Bowen Under Consumer Protection Statutes.....................20

   IV.  CONCLUSION......................................................................................................22

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
Case No.: 19-md-02913-WHO

# TABLE OF AUTHORITIES

**Cases**

*Altman v. HO Sports Co., Inc.*,
    No. 1:09-cv-1000 AWI SMS, 2009 WL 2590425 (E.D. Cal. Aug. 20, 2009) ................................10

*American Tobacco Co. v. United States*,
    328 U.S. 781 (1946) ................................................................................................................16

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
    7 Cal. 4th 503 (1994) .............................................................................................................16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................5, 15, 19

*Aubin v. Union Carbide Corp.*,
    177 So.3d 489 (Fla. 2015)......................................................................................................10

*B.L.M. v. Sabo & Deitsch*,
    55 Cal. App. 4th 823 (1997) .................................................................................................14

*Bank of America Corp. v. Superior Ct.*,
    198 Cal. App. 4th 862 (2011) ...............................................................................................15

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................................5

*Black v. Bank of America*,
    30 Cal. App. 4th 1 (1994) .....................................................................................................17

*Bryant v. Adams*,
    116 N.C. App. 448, 448 S.E.2d 832 (N.C. App. 1994) ..........................................................9

*Carlon v. Thaman (In re NationsMart Corp. Sec. Litig.)*,
    130 F.3d 309 (8th Cir. 1997) ..................................................................................................5

*Cherdak v. McKirdy*,
    No. 1:17-cv-500, 2017 WL 11501875 (E.D. Va. Aug. 15, 2017) ..........................................21

*Chism v. CHN America LLC*,
    No. 2:07CV00150 JLH, 1008 WL 495878 (E.D. Ark. Feb. 20, 2008)......................................9

*Coneff v. AT&T Corp.*,
    673 F.3d 1155 (9th Cir. 2012) ................................................................................................6

*Cooper v. Tokyo Electric Power Company Holdings, Inc.*,
    960 F.3d 549 (9th Cir. 2020) ..................................................................................................7

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
Case No.: 19-md-02913-WHO

*Davidson v. City of Westminster*,
  32 Cal. 3d 197 (1982) ...................................................................................................19

*Doleman v. Meji Mutual Life Insurance Co.*,
  727 F.2d 1480 (9th Cir. 1984) ......................................................................................16

*Emery v. Visa International Service Association.*,
  95 Cal. App. 4th 952 (2002) .........................................................................................21

*Ernest W. Hahn, Inc. v. Armco Steel Co.*,
  601 P.2d 152 (Utah 1979) .............................................................................................10

*First Intercontinental Bank v. Ahn*,
  798 F.3d 1149 (9th Cir. 2015) ........................................................................................6

*Fox v. Wilson*,
  85 N.C.App. 292 (1987) ...............................................................................................15

*Gauvin v. Trombatore*,
  682 F. Supp. 1067 (N.D. Cal. 1988) ....................................................................5, 19, 20

*Graham v. Bank of America*,
  226 Cal. App. 4th 594 (2014) .......................................................................................14

*Greenman v. Yuba Power Prod., Inc.*,
  59 Cal. 2d 57 (1963) ...............................................................................................9, 11

*Hamm v. Mercedes-Benz USA, LLC*,
  No. 5:16-CV-03370-EJD, 2019 WL 4751911 (N.D. Cal. Sept. 30, 2019).....................15

*Hanni v. American Airlines, Inc.*,
  No. C 08-00732 CW, 2008 WL 5000237 (N.D. Cal. Nov. 21, 2008) ........................16, 17

*Hernandezcueva v. E.F. Brady Co., Inc.*,
  243 Cal. App. 4th 249 (2015) .......................................................................................8, 9

*Icasiano v. Allstate Insurance Co.*,
  103 F. Supp. 2d 1187 (N.D. Cal. 2000) ........................................................................16

*In re Gilead Sciences Securities Litigation*,
  536 F.3d 1049 (9th Cir. 2008) ........................................................................................5

*In re Pacific Fertility Center Litigation*,
  No. 18-cv-01586-JSC, 2019 WL 3753456 (N.D. Cal. Aug. 8, 2019) ...........................13

*International Service Insurance Co. v. Gonzales*,
  194 Cal. App. 3d 110 (1987) ..........................................................................................6

v

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
Case No.: 19-md-02913-WHO

*Jimenez v. 24 Hour Fitness USA, Inc.*,
  237 Cal. App. 4th 546 (2015) ...................................................................................................11

*Jones v. Community Redevelopment Agency of the City of Los Angeles*,
  733 F.2d 646 (9th Cir. 1984) ...............................................................................................5, 20

*Joseph General Contracting, Inc. v. Couto*,
  119 A.3d 580 (Conn. 2015) ......................................................................................................22

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ....................................................................................................5

*Kennedy v. Guess. Inc.*,
  765 N.E.2d 213 (Ind. Ct. App. 2002)........................................................................................10

*Latin v. Affini*,
  160 Misc. 2d 457, 609 N.Y.S.2d 1013 (Sup. Ct. 1994) ............................................................11

*Lawson v. Honeywell International, Inc.*,
  75 So.3d 1024 (Miss. 2011) ......................................................................................................10

*LiMandri v. Judkins*,
  52 Cal. App. 4th 326 (1997) ......................................................................................................15

*Lobato v. Pay Less Drug Stores, Inc.*,
  261 F.2d 406 (10th Cir. 1958) ...................................................................................................11

*Los Angeles Memorial Coliseum Commission v. Insomniac, Inc.*,
  233 Cal. App. 4th 803 (2015) ....................................................................................................14

*Lovejoy v. AT&T Corp.*,
  92 Cal. App. 4th 85 (2001) ..................................................................................................13, 14

*Margosian v. Margosian*,
  No. CV F 11-0137 LJO SMS, 2011 WL 703614 (E.D. Cal. Feb. 18, 2011) ........................16, 19

*Mazza v. American Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ......................................................................................................6

*MBF Clearing Corp. v. Shine*,
  623 N.Y.S.2d 204 (N.Y. App. Div. 1995) ..................................................................................15

*McCann v. Foster Wheeler LLC*,
  48 Cal. 4th 68 (2010) ..............................................................................................................6, 7

*Mintel Learning Technology, Inc. v. Beijing Kaidi Educ*ation,
  No. C 06 7541 PJH, 2007 WL 2288329 (N.D. Cal. Aug. 9, 2007) ............................................15

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
Case No.: 19-md-02913-WHO

*Moore-Davis Motors, Inc. v. Joyner*,
    252 Ga. App. 617 (2001) ........................................................................................................20

*Nally v. Grace Community Church*,
    47 Cal. 3d 278 (1988) ...........................................................................................................19

*O'Neil v. Crane Co.*,
    53 Cal. 4th 335 (2012) ..........................................................................................................12

*Offshore Rental Co. v. Continental Oil Co.*,
    22 Cal. 3d 157 (1978) .............................................................................................................7

*Parducci v. Overland Solutions, Inc.*,
    399 F. Supp. 3d 969 (N.D. Cal. 2019) ....................................................................................6

*People v. Toomey*,
    157 Cal. App. 3d 1 (1984) .....................................................................................................22

*Powell v. Workmen's Compensation Board*,
    327 F.2d 131 (2d Cir. 1964).....................................................................................................5

*Pusser v. Gordon*,
    684 S.W.2d 639 (Tenn. Ct. App. 1984) .................................................................................15

*Putensen v. Clay Adams, Inc.*,
    12 Cal. App. 3d 1062 (1970) .................................................................................................13

*Reeves v. Acromed Corp.*,
    103 F.3d 442 (5th Cir. 1997) ...........................................................................................10, 11

*Reich v. Purcell*,
    67 Cal. 2d 551 (1967) .............................................................................................................6

*Reniger v. Hyundai Motor Am.*,
    122 F. Supp. 3d 888 (N.D. Cal. 2015) ..................................................................................15

*Rice v. Ctr. Point, Inc.*,
    154 Cal. App. 4th 949 (2007) ...............................................................................................12

*Robinson v. Williamson*,
    245 Ga. App. 17 (2000) .........................................................................................................10

*Roggasch v. Sims*,
    481 S.W.3d 440 (Ark. Ct. App. 2016) ...................................................................................22

*Seattle-First National Bank v. Tabert*,
    86 Wash. 2d 145 (Wash. 1975)..............................................................................................10

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
Case No.: 19-md-02913-WHO

*Sprung v. MTR Ravensburg, Inc.,*
    99 N.Y.2d 468 (N.Y. 2003) ...........................................................................10

*Survine v. Cottle,*
    No. CV F 12-1453 LJO JLT, 2013 WL 103576 (E.D. Cal. Jan. 8, 2013) ........................16

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ............................................................... passim

*Systems Engineering & Securities, Inc. v. Science & Engineering Association,*
    962 So.2d 1089 (La.App. 4 Cir. 2007) ...............................................................14

*Torres v. Wells Fargo,*
    No. C 07-5561, 2008 WL 2397460 (N.D. Cal. June 11, 2008) .......................................17

*Tortilla Factory LLC v. Health-Ade LLC,*
    No. CV 17-9090-MWF (AFMx), 2018 WL 6174708 (C.D. Cal. July 13, 2018) ........................22

*United Virginia Bank v. Air-Lift Associates,*
    79 N.C. App. 315 (1997) ..................................................................................20

*Vandermark v. Ford Motor Co.,*
    61 Cal. 2d 256 (1964) .......................................................................................8

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ......................................................................5, 14

*Warner Constr. Corp. v. City of Los Angeles,*
    2 Cal. 3d 285 (1970) ......................................................................................15

*Washington Mutal Bank, FA v. Superior Court of Orange County,*
    24 Cal. 4th 906 (2001) .....................................................................................6

*Webb v. Zern,*
    422 Pa. 424 (Pa. 1966) ...................................................................................10

*Wendell v. Johnson & Johnson,*
    No. C 09-04124 CW, 2010 WL 271423 (N.D. Cal. Jan. 20, 2010) ....................................5

*Williams v. Beechnut Nutrition Corp.,*
    185 Cal. App. 3d 135 (1986) ...........................................................................13

*Zichichi v. Middlesex Memorial Hospital,*
    204 Conn. 399 (Conn. 1987).............................................................................9

**Statutes and Rules**

13 Pa. C.S. § 2314..........................................................................................18

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
Case No.: 19-md-02913-WHO

21 C.F.R. § 7.1 .................................................................................................................13

21 C.F.R. § 7.3 .................................................................................................................12

21 C.F.R. § 7.40 ...............................................................................................................13

C.G.S.A. § 52-572n ..........................................................................................................18

Cal. Com. Code § 2103 ....................................................................................................18

Cal. Com. Code § 2104 ....................................................................................................18

Cal. Com. Code § 2106 ....................................................................................................17

Cal. Com. Code § 2313 ....................................................................................................17

Cal. Com. Code § 2314 ....................................................................................................18

Conn. Gen. Stat. § 42-110g ..............................................................................................20

Fed. R. Civ. P. 8(a) .............................................................................................................5

Fed. R. Civ. P. 12(b)(6) ................................................................................................5, 22

Fed. R. Civ. P. 9(b) .......................................................................................................5, 20

Fla. Stat. § 501.212 ..........................................................................................................20

Fla. Stat. § 672.314 ..........................................................................................................18

Fla. Stat. § 672.106 ..........................................................................................................17

Ga. Code Ann. § 11-2-314 ...............................................................................................18

Ky. Rev. Stat. Ann § 355.2-314 ......................................................................................18

LA Civ. Code art. 2524 ....................................................................................................18

La. Stat. § 51:1409 ...........................................................................................................20

Miss. Code Ann. § 11-1-63 ..............................................................................................20

Miss. Code Ann. § 75-24-3 ..............................................................................................21

Miss. Code Ann. § 75-24-5 ..............................................................................................21

Miss. Code. Ann. § 75-24-151 .........................................................................................20

N.C. Stat. Ann. § 25-2-314 ..............................................................................................18

ix

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
Case No.: 19-md-02913-WHO

N.Y. U.C.C. § 2-314 ................................................................................17, 18

Or. Rev. Stat. § 72.3140 ....................................................................................18

Or. Rev. Stat. § 646.608 ....................................................................................21

Or. Rev. Stat. § 646.638 ....................................................................................20

R.C.W. § 4.22.70 ...............................................................................................18

R.I. Gen. Laws § 6-13.1-5.2 ..............................................................................20

Tenn. Code Ann. § 47-18-104 ...........................................................................21

Tenn. Code Ann. § 47-18-109 ...........................................................................20

Tenn. Code Ann. § 47-2-314 .............................................................................18

U.C.C. § 2-103 ..................................................................................................18

U.C.C. § 2-106 ..................................................................................................17

Utah Code Ann. § 13-11-22 ..............................................................................20

Utah Code Ann. § 13-11-3 ................................................................................21

Utah Code Ann. § 13-11-4 ................................................................................21

Utah Code Ann. § 70A-2-314 ...........................................................................18

Va. Code § 59.1-198 ..........................................................................................21

Va. Code § 59.1-200 ..........................................................................................21

**Treatises**

Rest.2d Torts § 402A ...................................................................................8, 10

Rest.3d Torts § 1 ...........................................................................................9, 11

Rest.3d Torts § 27 .............................................................................................16

**Other Authorities**

Am. L. Prod. Liab. 3d § 5:45 (1987 & Supp. 2008) .........................................9

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
Case No.: 19-md-02913-WHO

## ISSUES TO BE DECIDED

1.      Whether Plaintiffs' claims against Adam Bowen for strict products liability, negligence, fraud, unjust enrichment, violation of state consumer protection statutes, breach of warranty, intentional and/or negligent infliction of emotional distress, medical monitoring, and for wrongful death, survival action and loss of consortium claims under Oregon law, must be dismissed for failure to state a claim upon which relief may be granted.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **INTRODUCTION AND SUMMARY OF ARGUMENT**

In their newly-amended personal injury complaints, Plaintiffs bring a host of claims against Adam Bowen sounding in strict products liability, negligence, fraud, warranty, statutory prohibitions against unfair or deceptive trade practices, and other torts.[1]  With this motion to dismiss, the Court faces the question whether an individual employee or officer of a company that manufactured the product may be held liable for alleged injuries.  Under the factual circumstances Plaintiffs allege, the answer to the question is no.  After disregarding Plaintiffs' generalized grouping allegations, which lump Mr. Bowen in with JLI and the other defendants with no further particularized facts, the claims against Mr. Bowen must be dismissed for the reasons explained.

First, Mr. Bowen cannot be subject to strict products liability, a regime that places responsibility for defective products on the insurable entities that manufacture and sell those products.  Mr. Bowen is not (and cannot plausibly be) alleged to be a manufacturer or other seller of JUUL products.  That Mr. Bowen worked for, or even helped manage, the company that allegedly manufactured and sold JUUL products, does not make him the one who placed a product into the stream of commerce.

Second, the negligence-based claims are legally deficient and insufficiently pled.  Plaintiffs' allegations fail to identify any duty Mr. Bowen owed to the users of JLI's products that would subject him to general negligence liability.  The claims for negligent failure to recall, as well as the other negligence-based claims for manufacture, design and failure to warn, should also be dismissed as to Mr. Bowen, as they arise from duties that are imposed on *manufacturers*.  Employees of a company

---

[1] Bellwether Plaintiffs J.D., Edwards, Pesce, Arnett, Bagley, Mangham, J.L.K., Fish, Barnes, Widergren, Fairess, Westfaul, Wong, Gregg, Keffer, Bain, D.H, Faulds, Rosenfield, and  Miles have each served and filed a First Amended Complaint (Personal Injury), and Plaintiffs Rest and J.L.K have each served and filed a Second Amended Complaint (Personal Injury) (collectively, the "PI Complaints").  *See* Dckt. 1419 Exs. A-1 through A-20.  Because the factual allegations in paragraphs 1 through 745 in most of the PI Complaints are essentially the same (only the factual allegation paragraphs in the Rest and Miles Complaints do not align), this motion will cite to the Edwards Complaint as an exemplary Bellwether complaint .  References to plaintiff-specific and claim-specific allegations will identify the relevant complaint by plaintiff last name, e.g., "Pesce Compl. ¶__."  While Plaintiffs assert substantially similar allegations against Mr. Bowen, none assert exactly the same set of claims as another.  Mr. Bowen will therefore refer in this memorandum to the claims against him by name, e.g., "Negligent Failure to Warn," rather than to Cause of Action numbers or paragraph numbers.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

do not owe purchasers a duty to recall their employer's product, to exercise due care in the manufacture of a product, or to warn of a defect or danger in the manufacturer's product.

Third, the fraud-based claims against Mr. Bowen should also be dismissed, particularly given the heightened pleading standard controlling those claims. Beyond failing to identify a single misrepresentation Mr. Bowen purportedly made, Plaintiffs also fail to allege with particularity any of the other elements of their fraud claim. As to the fraudulent concealment claims, there are no allegations establishing the type of special relationship between the plaintiffs and Mr. Bowen needed to prevail on such a claim. In the absence of allegations establishing a fiduciary duty between Mr. Bowen and Plaintiffs, or some deceptively partial disclosure, dismissal of the fraudulent concealment claim is warranted.

Fourth, Mr. Bowen cannot be held liable for breach of the express and implied warranties. The allegations in PI Complaints identify *JLI and its distributors* as the parties to contracts of sale, not Mr. Bowen. The remaining claims against Mr. Bowen should also be dismissed for the reasons set forth below.

## II. FACTUAL BACKGROUND

The allegations pertinent to this Motion can be set forth concisely, despite the length of the new long-form PI Complaints. Plaintiffs allege that JUUL Labs, Inc. ("JLI") "designs, manufactures, sells, markets, advertises, promotes and distributes JUUL e-cigarette devices, JUUL pods and accessories (collectively 'JUUL or JUUL products')." Edwards Compl. ¶ 14. Mr. Bowen has been Chief Technology Officer and a member of JLI's Board of Directors. *Id*. ¶ 25. The Complaints sometimes clump him together with other officers and/or directors and refer to the group of "Management Defendants." *Id*. ¶ 29.

The Bellwether Plaintiffs are 21 individuals whose injuries allegedly occurred in 15 different states: Arkansas, Connecticut, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, New York, North Carolina, Oregon, Rhode Island, Tennessee, Utah, Virginia, and Washington.[2] *See id*. ¶

---

[2] Four of the Plaintiffs—Bagley (UT), Edwards (NY), Mangham (GA) and Rosenfield (PA) —assert claims under the laws of states in which they no longer reside, based on allegations that their injuries arose in the prior jurisdictions.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

12.[3]  The thrust of all the Plaintiffs' claims is that JLI and the other defendants allegedly targeted underage users, rather than adult smokers, although six of the plaintiffs are adults who do not allege they were underage users.[4]  *See, e.g., id*. ¶¶ 7,  55-56, 59, 63, 75, 108, 148, 172, 318-19, 524.  Many of the Plaintiffs allegedly "started using" JUUL products with friends because they seemed "fun" and "cool."  *See, e.g.*, Mangham Compl. ¶ 739; Gregg Compl. ¶ 746; D.H. Compl. ¶ 746.  Plaintiffs claim they had seen unspecified advertisements for JUUL products on social media and in stores, and include a host of JUUL-related advertisements, social media posts and other signage and imagery that they describe as being "examples" of the type of things they saw.  *See, e.g.,* Pesce Compl. ¶ 752, Fish Compl. ¶ 752; D.H. Compl. ¶ 751.  Plaintiffs allege they understood these types of advertisements and statements by JLI to mean that JUUL products were "not harmful or addictive,"  *see, e.g.*, Fish Compl. ¶ 746,  though they rarely identify any specific advertisement for JUUL products that they allegedly saw or relied on.

Most of the PI Complaints allege against Mr. Bowen: (1) strict product liability claims (design defect, failure to warn, manufacturing defect); (2) various claims in negligence and gross negligence; (3) negligent misrepresentation; (4) claims for fraud, fraudulent concealment, and conspiracy to commit fraud; (5) unjust enrichment; and (6) claims for breach of express warranty and the implied warranty of merchantability.  Fourteen PI Complaints also allege one or more of the following against Mr. Bowen: negligent design; negligent failure to warn; or negligent manufacturing.  Six allege negligent failure to recall.  Sixteen plaintiffs allege a violation of their state's unfair or deceptive trade practices act.  There are causes of action against Mr. Bowen for intentional infliction of emotional distress in six of the complaints, two of which also include separate claims for negligent infliction of emotional distress.  Those same six complaints, as well as four others, include a claim for medical monitoring.  The Keffer Complaint also includes claims for wrongful death, survival action, and loss of consortium under Oregon law.

---

[3] *See also* J.D., Rest, Pesce, Arnett, Bagley, Mangham, J.L.K., Fish, Barnes, Widergren, Fairess, Westfaul, Wong, Gregg, Keffer, Bain, D.H, Faulds, and Rosenfield Compls. at ¶ 12; Miles Compl. at ¶10.
[4] Mr. Bowen is joining in the motion by the Non-Management Director Defendants to dismiss the complaints of these six Plantiffs (Edwards, Arnett, Fairess, Miles, Rosenfield, and Rest) on the grounds they lack standing to challenge any alleged marketing to youth, as well as those Plaintiffs who never used mint-flavored JUUL products on the grounds they lack standing to challenge Defendnats' purported shielding of the mint flavor.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

### III. LEGAL STANDARDS

#### A. Rules 12(b)(6), 8(a) and 9(b)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). A claim is facially plausible when the plaintiff pleads facts describing the claim's elements so as to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While courts do typically not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." And the Court should not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

Under Rule 8(a), plaintiffs fail to state a claim when they do not "allege with at least some degree of particularity overt acts which defendants engage in" that support the cause of action. *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (quoting *Powell v. Workmen's Comp. Bd.*, 327 F.2d 131, 137 (2d Cir. 1964)). To give defendants fair notice of the claims against them, plaintiffs must differentiate which claim is alleged against which defendant. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). "Lumping" defendants together without attributing allegations to specific defendants fails to satisfy Rule 8(a). *Id.* The heightened pleading standards of Rule 9(b), which applies to any claims grounded in fraud, require Plaintiffs to state with particularity the circumstances constituting fraud against each of the defendants, including "the who, what, when, where, and how of the misconduct charged."[5] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation

---

[5] Because Plaintiffs' tort claims rest on a "unified course of fraudulent conduct," Rule 9(b) should apply to the entire complaint. *Vess*, 317 F.3d at 1103-04; *but see id* at 1105 (implying that claims of misrepresentation based upon negligence or strict liability pled outside a unified course of fraudulent conduct should survive a Rule 9b) motion) (quoting *Carlon v. Thaman (In re NationsMart Corp. Sec. Litig.)*, 130 F.3d 309, 315 (8th Cir. 1997)); *see also Wendell v. Johnson & Johnson*, No. C 09-04124 CW, 2010 WL 271423 *4 (N.D. Cal. Jan. 20, 2010) (negligence, strict liability and wrongful death claims not governed byRule 9(b)). At a minimum, Rule 9(b)'s heightened pleading standards apply to the fraud, negligent misrepresentation, fraudulent concealment, fraudulent conspiracy, unjust enrichment, state consumer protection and other claims sounding in fraud. *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126-27 (9th Cir. 2009).

omitted).  Group pleading is "impermissible."  *Parducci v. Overland Sols., Inc*., 399 F. Supp.3d 969, 978 (N.D. Cal. 2019) (Orrick, J.); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rather, plaintiffs must differentiate their allegations to inform each defendant separately of the allegations against him or her.  *Parducci*, 399 F. Supp.3d at 977; *Swartz*, 476 F.3d at 764-65 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together").

## B.  Choice of Law

Because the Court has permitted the Bellwether candidates to file Amended Complaints in this jurisdiction, California's choice-of-law rules apply.  *See First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015) (federal courts in diversity jurisdiction "apply the substantive law of the forum in which the court is located, including the forum's choice of law rules") (internal quotation marks and citation omitted); *Coneff v. AT&T Corp*., 673 F.3d 1155, 1161 (9th Cir. 2012).

California applies a "governmental interest test" to decide whether another state's substantive law applies to a plaintiff's claims.  *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87 (2010).  The Court must first assess whether there is a material difference between the two states' laws." *Washington Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906, 919 (2001).  Only if there is a distinction that would "make a difference in the litigation," the Court then balances the interests of the two jurisdictions.  *Mazza v. Am. Honda Motor Co*., 666 F.3d 581, 589 (9th Cir. 2012).  "The sole fact that two states are implicated does not create a conflict of laws" where "the result would be the same" under either state's laws.  *Int'l Serv. Ins. Co. v. Gonzales*, 194 Cal. App. 3d 110, 116 (1987).  If there is a material difference, the Court must then determine "what interest, if any, each state has in having its own law applied to the case."  *Washington Mut*., 24 Cal. 4th at 920 (citation omitted).  If both states have an interest in having their own law applied, the court applies the law of the state whose interests would be "more impaired" if its law were not applied.  *Id*. (citation omitted).  In tort cases, the state where the alleged wrong took place "has the predominant interest" in applying its laws to resolve an issue.  *Reich v. Purcell*, 67 Cal. 2d 551, 556 (1967).

Where California law and the law of the Plaintiffs' residence are identical, there is no conflict, and California law applies.  Where there is a conflict, the place where the wrong took place, and

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

therefore the state with the predominant interest, will be the Plaintiffs' home state.[6] *See McCann*, 48

Cal. 4th at 94 n. 12 (applying Oklahoma statute of limitations limiting defendant's liability for

asbestos claims); *Offshore Rental Co. v. Continental Oil Co.*, 22 Cal. 3d 157 (1978) (applying

Louisiana law foreclosing employer's cause of action for negligent injury to key employee).  Where

the law of a Plaintiff's state limits a defendant's liability, does not recognize a cause of action, or

otherwise would not allow the Plaintiff to bring a claim in their home state, deference to that state's

laws is warranted, and any such claims should be dismissed.  *See Cooper v. Tokyo Electric Power*

*Company Holdings, Inc.,* 960 F.3d 549, 668-59 (9th Cir. 2020) (rejecting plaintiff's argument that

court cannot decide fully briefed choice-of-law issues on a motion to dismiss).  For many of the

claims, Plaintiffs' allegations fail as a matter of law regardless of the substantive state law.

## IV.    ARGUMENT

### A.    Bowen Cannot Be Liable To Any Personal Injury Plaintiffs Under A Theory of Strict Products Liability

All of the Plaintiffs assert strict products liability claims for design and manufacturing

defects.  All but one (Fairess) also assert a strict liability claim for failure to warn.[7]  *Id.*  The key

design defect allegations are that Mr. Bowen is responsible for Plaintiffs' injuries because JUUL

products supposedly "do not perform as safely as a reasonable and ordinary consumer would

reasonably assume and reasonably expect," and "because the risks inherent in the design of JUUL

products significantly outweigh any utility of such design."  *See, e.g.*, Edwards Compl. ¶¶ 769-70.

The failure to warn allegations are that the JUUL products "posed risks" that "[o]rdinary consumers

would not have recognized," and that Mr. Bowen failed "to adequately warn about" those risks *Id.* ¶¶

786, 790-91.  The manufacturing defect allegations are that the "products deviated from component

specifications and design, posed a risk of serious injury or death, and failed to perform as safely as

the intended design would have performed."  *Id.* ¶ 805.  Plaintiffs assert the design and warning

defects in the JUUL product existed "when they left the JUUL Defendants' and

---

[6] Where the substantive law in a Plaintiff's home state gives rise to an actual conflict with California law with respect to Mr. Bowen, the material differences are noted below.

[7] Mr. Bowen joins in the motion of the Non-Management Director Defendants and Mr. Monsees to dismiss the strict liability claims.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

Management Defendants' possession" ¶¶ 778, 799, and that the JUUL products "contained manufacturing defects when they left the JUUL Defendants' and Management Defendants' . . . control and were placed in the stream of commerce." *Id.* ¶ 814.

A theory of strict liability for a defective product's harm imposes that liability only on the actual *seller* of the product, that is, the one responsible for placing the product in the stream of commerce. As a result, in the Bellwether jurisdictions that recognize it, strict product liability is limited to *manufacturers* and *distributors*, of which Mr. Bowen is neither. No state imposees strict liability on officer or director of the product's manufacturer. And indeed, as an employee or director, Mr. Bowen could not plausibly be said to have placed JLI's product into the stream of commerce.

### 1. Only a Seller or Distributor of a Product Can be Strictly Liable for Harm Caused by a Product's Defect

Under the seminal case of *Greenman v. Yuba Power Prod., Inc.*, which gave rise to strict product liability, "a manufacturer is strictly liable" for the harm from an injury-causing defect in "an article he places on the market." 59 Cal. 2d 57, 62 (1963). The Court in *Greenman* explained that such a liability rule would "insure that the costs of injuries resulting from defective products are borne by the manufacturers that put such products on the market" as opposed to consumers. *Id.* at 63. The principle of *Greenman v. Yuba Power Products* was quickly extended to retailers, since they, "like manufacturers are engaged in the business of distributing goods to the public." *Vandermark v. Ford Motor Co.,* 61 Cal. 2d 256, 262 (1964). Strict liability eventually came to be imposed on wholesalers and others who are "responsible for placing products in the stream of commerce." *Hernandezcueva v. E.F. Brady Co., Inc.,* 243 Cal. App. 4th 249, 258 (2015).

The Second and Third Restatements of Tort, at least one of which has been adopted in most states that have strict products liability, reflect these principles. For example, Section 402A of the Restatement (Second) of Torts, in pertinent part, makes one "who sells any product in a defective condition . . . subject to liability" if "the seller is engaged in the business of selling such a product." Restatement (Second) of Torts § 402A(1) & cmt. f (rule therefore "applies to any manufacturer of such a product, to any wholesale or retail dealer or distributor"). Section 402A reflects "a special rule

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

applicable to sellers of products" even though they "exercised all possible care in the preparation and sale of the product."  Restatement (Second) of Torts § 402A cmt. a.  Echoing the *Greenman v. Yuba Power Products* rationale, comment c explains that "the burden of accidental injuries caused by products" should fall on those entities that bring them to market and for whom the burden is the "cost of production for which liability insurance can be obtained."  Restatement (Second) of Torts § 402A cmt. c.

The Restatement (Third) of Torts: Products Liability reaffirms these principles.  Section 1 states the rule that "[o]ne engaged in the business of selling or otherwise distributing products who sells or distributes a defective product" may be subject to liability.  Restatement (Third) of Torts: Products Liability § 1.  The first comment to that section says that the rule stated is "applicable to commercial sellers and other distributors of products generally."  Restatement (Third) of Torts: Products Liability § 1 cmt. a. and comment c to that section makes clear the rule in the section "applies only to manufacturers and other commercial sellers and distributors who are engaged in the business of selling or otherwise distributing" the product.  Restatement (Third) of Torts: Products Liability § 1 cmt. c; *see also* Am. L. Prod. Liab. 3d § 5:45 (1987 & Supp. 2008) (the sellers are the businesses, not the employees who act as agents).

Consistent with these principles, California courts hold that strict liability may be imposed on sellers and others (such as wholesalers) "responsible for placing products in the stream of commerce."  *Hernandezcueva*, 196 Cal. Rptr. 3d at 601.  The other states where Plaintiffs' reside also limit strict liability to manufacturers, sellers, and those within the distribution chain.[8]  *See*, *e.g.*, *Chism v. CHN America LLC*, No. 2:07CV00150 JLH, 1008 WL 495878 (E.D. Ark. Feb. 20, 2008) (employee of tractor and supply company who handled sale to plaintiff was not "supplier" under the Arkansas Products Liability Act); *Zichichi v. Middlesex Memorial Hosp.*, 204 Conn. 399, 403, 528 A.2d 805, 807 (Conn. 1987) ("To maintain a product liability action under [the Connecticut Products Liability Act,] the plaintiff must establish and prove, inter alia, that . . . the defendant was engaged in

---

[8] In states that do not recognize strict liability, such as North Carolina, Plaintiffs have no claim in the first place.  *See Bryant v. Adams*, 116 N.C. App.. 448, 473, 448 S.E.2d 832, 845 (N.C. App. 1994) ("[I]t is clear that North Carolina expressly rejects strict liability in products liability actions. . . . ")

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

the business of selling the product.") (internal quotations and citation omitted); *Aubin v. Union Carbide Corp.,* 177 So.3d 489, 502 (Fla. 2015) (liability can be imposed for a defective "product the manufacturer places on the market"); *Robinson v. Williamson*, 245 Ga. App. 17, 19 (2000) (strict liability limited to manufacturers, not sellers); *Kennedy v. Guess. Inc.*, 765 N.E.2d 213, 217 (Ind. Ct. App. 2002) ("The Indiana Products Liability Act" . . . generally restricts the imposition of strict product liability to the manufacturer."); *Reeves v. Acromed Corp.*, 103 F.3d 442, 449 (5th Cir. 1997) (under Louisiana law, "[a] manufacturer or supplier is one who places a product on the market or introduces it into the stream of commerce.") (citing, inter alia, §402A comment f (1965)); *Lawson v. Honeywell Intern., Inc.*, 75 So.3d 1024, 1029 (Miss. 2011) (Mississippi Products Liability Act applies only to manufacturers and sellers, and not mere designers of a product); *Sprung v. MTR Ravensburg, Inc.,* 99 N.Y.2d 468, 473 (N.Y. 2003) (citing §402A cmt. c; liability for defective products "better placed on those who produce and market them" as "part of the ordinary course of the seller's business"); *Webb v. Zern*, 422 Pa. 424, 427 (Pa. 1966) (adopting §402A); *Ernest W. Hahn, Inc. v. Armco Steel Co.*, 601 P.2d 152, 156 (Utah 1979); *Seattle-First Nat'l Bank v. Tabert*, 86 Wash. 2d 145, 148 (Wash. 1975) (strict liability under § 402A applies to "'those in the business of selling or distributing a product").

### 2. Plaintiffs Do Not and Cannot Plausibly Allege Bowen Is a "Seller" or Placed the JUUL Product in the Stream of Commerce

Plaintiffs make only conclusory, unsupported allegations that the JUUL Defendants and the Management Defendants, as a group, "manufactured, . . .distributed and/or sold the JUUL Products." *See* Edwards Compl. ¶¶ 763, 783, 800. This does not to state a strict liability claim against Mr. Bowen as a "seller." He is "Chief Technology Officer and a member of the Board of Directors of JLI or its predecessors." *Id*. ¶ 25. Plaintiffs cannot plausibly allege that Mr. Bowen is responsible for placing a JUUL defective product into the stream of commerce. That he *worked* for a company that allegedly placed JUUL products on the market, is not a basis for a strict liability claim against him. *See Altman v. HO Sports Co., Inc.*, No. 1:09-cv-1000 AWI SMS, 2009 WL 2590425, at *1 (E.D. Cal.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

Aug. 20, 2009) ("Under California law, it is clear that a mere employee of a manufacturer cannot be liable for a manufacturing defect under strict products liability").

Nothing in *Greenman v. Yuba Power Products* or its progeny supports the idea that a company's employees or directors are themselves "manufacturers and other commercial sellers and distributors who are engaged in the business of selling or otherwise distributing" JUUL products, Restatement (Third) of Torts: Products Liability § 1 cmt. c., or that employees and directors should be the insurers for such products. In *Reeves v. Acromed Corp.*, the court declined to hold strictly liable a defendant who invented the allegedly offending bone implant and served as chair of defendant manufacturer's board, because he "did not place the medical device on the market, introduce it into the stream of commerce or act as a professional vendor of the product." 103 F.3d at 449.

The analysis is substantially the same regardless of which law the Court applies. Because Mr. Bowen neither manufactures nor sells JUUL products, he cannot be liable in any of the Bellwether states. *See, e.g., Latin v. Affini*, 160 Misc. 2d 457, 609 N.Y.S.2d 1013 (Sup. Ct. 1994) (complaint fails to state a cause of action since defendant did not personally sell the drilling machine but acted only in his status as an employee); *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 408 (10th Cir. 1958) (drugstore employee who transacted with and delivered defective bicycle to plaintiffs was not "seller"; corporation was "seller" and employee was not personally liable).

**B.  The Negligence-Based Claims for Relief Against Bowen Should Be Dismissed**

All but one of the Plaintiffs allege "negligence and/or gross negligence" against Mr. Bowen.[9] Twelve Plaintiffs bring claims for negligent failure to warn, negligent design, and negligent manufacture. Six plaintiffs assert claims for negligent failure to recall. None of the Plaintiffs pleads facts sufficient to support essential elements of these claims.[10]

---

[9] California law does not recognize a separate cause of action for gross negligence. *Jimenez v. 24 Hour Fitness USA, Inc.* 237 Cal. App. 4th 546, 552, fn. 3 (2015). For that reason, as well as for the reasons that the negligence claim is inadequate, the gross negligence claims asserted by J.D. (NY), Rest (FL), Edwards (NY), Pesce (RI), Bagley (UT), Mangham (GA), J.L.K. (NC), Fish (KY), Widegren (FL), Fairess (LA), Westfaul (MS), Wong (FL), Gregg (NY), Keffler (OR), Bain (TN), Humphries (AR), Faulds (CT), Rosenfield (CO), and Miles (VA) should be dismissed.

[10] Mr. Bowen also joins the motions of the Non-Management Director Defendants and Mr. Monsees to dismiss Plaintiffs' negligence claims.

11                          MOTION TO DISMISS BELLWETHER
                            PERSONAL INJURY COMPLAINTS
                            Case No.: 19-md-02913-WHO

First, Plaintiffs fail to (and cannot) plead Mr. Bowen owed them a duty of care, an essential element of any negligence claim.  *See Rice v. Ctr. Point, Inc.*, 154 Cal. App. 4th 949, 955 (2007); *see also O'Neil v. Crane Co.*, 53 Cal. 4th 335, 363 (2012) ("existence of duty is a pure question of law").  Plaintiffs allege in conclusory fashion only that "JLI Defendants and Management Defendants" "owed a duty of reasonable care to avoid causing harm to those that consumed" JUUL products.  *See* Edwards Compl. ¶ 862; *see also id.* ¶¶ 816, 836, 849.  But Mr. Bowen, as an individual product design engineer who served as JLI's Chief Technology Officer, did not owe a free-floating duty of care to anyone who might happen to come into contact with a JUUL product he helped design.  California law does not recognize that sort of unlimited liability on an individual product designer who works for a manufacturer.

There are no allegations that Mr. Bowen engaged in any kind of interaction or relationship with a Plaintiff that could give rise to such a duty of care.  To the extent an underage user allegedly acquired JUUL products from an adult who illegally provided them after having purchased them from JLI, a retailer, or another source, such allegations are insufficient to state a duty.  *See, e.g.*, J.D. Compl. ¶ 748 (plaintiff and his peers "would stand outside Barcode and solicit strangers to purchase JUUL products for them").  Finally, Plaintiffs do not make sufficient allegations showing Mr. Bowen personally (as opposed to an undifferentiated group of defendants) engaged in conduct breaching any such duty.

Plaintiffs' claim for negligent failure to recall suffers from other defects.[11]  No jurisdiction that recognizes this cause of action imposes a duty to recall a product on an employee who has no power to recall the company's product.  Mr. Bowen, as an employee of JLI, could not have effectuated a recall of JUUL products.  Indeed, federal regulations governing products within the FDA's jurisdiction, which include the JUUL products, define a recall as "a firm's removal or correction of a marketed product."  *See* 21 C.F.R. § 7.3(g).  Those regulations explicitly place the responsibility for deciding to initiate a recall on the firms that are the "manufacturers" or

---

[11] Plaintiffs Kerrigan (UT), Westfaul (MS), Keffer (OR), Bain (TN), Humphries (AR), and Faulds (CT) have brought claims for negligent failure to recall.  Mr. Bowen also joins the motion of the Non-Management Director Defendants to dismiss the Negligent Failure to Recall claims.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

"distributors" of the products, not on individual employees like Mr. Bowen.  *See* 21 C.F.R. §§ 7.40, 7.1.

California law likewise requires limits negligent failure to recall claims to a "manufacturer," "distributor," or "seller," which in this case is JLI.  *See In re Pac. Fertility Ctr. Litig.*, No. 18-cv-01586-JSC, 2019 WL 3753456, at *11 (N.D. Cal. Aug. 8, 2019) (plaintiff must allege defendant *"*manufactured/distributed/sold the product" (internal quotation marks omitted) (emphasis added). Plaintiffs do not allege any circumstances under which Mr. Bowen would owe consumers of JUUL products a duty to recall (e.g., that the seller was an entity wholly-owned by him).

Similarly, the duty to warn of an alleged defect or danger in a manufacturer's product, and the duty to exercise due care in the manufacture of a product, are duties imposed on manufacturers, not on their employees.  *See Putensen v. Clay Adams, Inc.*, 12 Cal. App.3 d 1062, 1076-77 (1970) ("the manufacturer has a duty to . . . give warning of the dangerous condition" (emphasis added));  *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 141 (1986) ("A manufacturer/seller of a product is under a duty to exercise reasonable care in its design" (emphasis added)).[12]

### C.  The Fraud-Based Claims Against Bowen Are Legally Deficient And Not Pled With The Requisite Particularity

All Plaintiffs bring fraud claims, asserting defendants falsely claimed JUUL products "were reasonable alternatives to combustible cigarettes and that they misrepresented the nicotine content Edwards Compl. ¶ 898.  The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."[13]  *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001) (internal quotation marks omitted).  Most of the Plaintiffs also allege negligent misrepresentation, the elements of which mirror those of fraud and require Plaintiffs to plead Mr. Bowen personally made an affirmative misrepresentation upon which Plaintiffs actually

---

[12] Mr. Bowen also joins in the motion of the Non-Management Director Defendants and Mr. Monsees to dismiss the Negligent Design, Negligent Failure to Warn, and Negligent Manufacturing claims.

[13] Regardless of which state law applies, Plaintiffs are required to plead with specificity a misrepresentation and intent to defraud.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

and justifiably relied.[14]  *See B.L.M. v. Sabo & Deitsch,* 55 Cal. App. 4th 823, 834 (1997) ("Negligent misrepresentation is . . . a species of the tort of deceit"; the elements of negligent misrepresentation "consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages.") (internal quotation marks omitted).

The fraud causes of action should be dismissed.[15]  None of the Plaintiffs alleges he or she purchased JUUL products from Mr. Bowen.  There are no allegations that Mr. Bowen made a misrepresentation to any Plaintiff in connection with his or her acquisition of a JUUL product.  None have alleged how Mr. Bowen intended to deceive them or how Mr. Bowen intended to induct Plaintiffs' reliance through allegedly false marketing.[16]  *Graham v. Bank of Am.*, 226 Cal. App. 4th 594, 605-06 (2014).  To the contrary, Plaintiffs make only group-pled, conclusory statements that are legally insufficient, *e.g.*, that "Defendants' marketing and advertisements contained deceptive statements that JUUL cigarettes were reasonable alternatives to combustible cigarettes and that they contained nicotine 'approximately equivalent to a pack of cigarettes.'"  Edwards Compl. ¶ 911; *see Swartz*, 476 F.3d at 764-65 (group pleading is impermissible)..[17]

Plaintiffs' fraudulent concealment claim suffers an additional defect.[18]  They must allege that "the defendant was under a legal duty to disclose th[e] facts."  *Los Angeles Mem'l Coliseum Com. v. Insomniac, Inc.*, 233 Cal. App. 4th 803, 831 (2015); *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th at 96 (plaintiff must allege defendant had "a duty to disclose the [fraudulently concealed] fact to the plaintiff").  There is no such duty alleged here.  Indeed, this duty exists only where the defendant is in some fiduciary relationship, makes partial representations while suppressing other facts, in their

---

[14] Arnett, Fish, and Miles have not brought negligent misrepresentation claims.

[15] Mr. Bowen also joins in the motion of the Non-Management Director Defendants to dismiss the fraud and misrepresentation claims.

[16] While Louisiana law does not require knowledge of or recklessness as falsity of the statement, *see Systems Eng'g & Sec., Inc. v. Science & Eng'g Ass'n*, 962 So.2d 1089, 1091 (La.App. 4 Cir. 2007), Plaintiff still fails to allege Mr. Bowen made any false statement upon which they reasonable relied.

[17] Plaintiffs' effort to impute on all "Early Conspiracy Defendants," which includes Mr. Bowen, a broad range of statements purportedly made to the public via JLI's website and otherwise, *see* Edwards Compl. ¶ 978, is unconvincing and fails to satisfy the particularity requirements of Rule 9(b). *See Vess*, 317 F.3d at 1106 (plaintiff must state with particularity the "who, what, when, where, and how of the misconduct charged"); *Swartz*, 476 F.3d at 764-65.

[18] All Plaintiffs have brought a fraudulent concealment claim.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

dealings has knowledge of material facts not known or accessible to the plaintiff, or actively conceals discovery of material facts from the plaintiff.[19]  *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal. 3d 285, 294 (1970); *see also Bank of Am. Corp. v. Super. Ct.*, 198 Cal. App. 4th 862 (2011).  These circumstances "presuppose[] the existence of some [. . . ] relationship between the plaintiff and defendant," such as "between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement" – a relationship that is wholly absent here.[20]  *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336-37 (1997).

Plaintiffs' conclusory and group-pled allegations that *Defendants*, as a group, "fraudulently and deceptively concealed" facts regarding JUUL products do not state claims against Mr. Bowen.  *See* Edwards Compl. ¶¶ 930-35; *Swartz*, 476 F.3d at 764-65; *Iqbal*, 556 U.S. at 678.  Plaintiffs fail to allege (because they cannot) that *Mr. Bowen* made any representations relating to the safety of JUUL products, or that he had exclusive knowledge of any information he supposedly concealed, that could give rise to a duty to disclose.  There is simply no alleged interaction between any Plaintiff and Mr. Bowen that could be the basis of a claim of concealment.

Finally, Mr. Bowen cannot be liable for conspiracy to commit fraud.[21]  California, New York, North Carolina and Tennessee do not recognize a separate and distinct cause of action for civil conspiracy.  *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, No. C 06 7541 PJH, 2007 WL 2288329, at *4 (N.D. Cal. Aug. 9, 2007); *MBF Clearing Corp. v. Shine*, 623 N.Y.S.2d 204, 205 (N.Y. App. Div. 1995); *Fox v. Wilson*, 85 N.C. App.. 292, 300 (1987); *Pusser v. Gordon*, 684 S.W.2d 639, 642 (Tenn. Ct. App. 1984).  In addition, all of Plaintiffs' resident states require that civil conspiracy claims be predicated on an underlying tort.  Thus, "[i]f the plaintiff fails to adequately plead the underlying claim, the corresponding conspiracy claim must also fail."  *Mintel*, 2007 WL

---

[19] All of Plaintiffs' resident states require the plaintiff to allege a duty to speak or disclose the information in order to state a fraudulent concealment claim.

[20] To the extent Plaintiffs suggest "Defendants" owed them a duty to disclose these facts because "JUUL's products pose an unreasonable risk of substantial bodily injury," such allegations are not only group-pled, but they are inapplicable to Mr. Bowen, who is not a manufacturer. *See, e.g.*, *Hamm v. Mercedes-Benz USA, LLC*, No. 5:16-CV-03370-EJD, 2019 WL 4751911, at *4 (N.D. Cal. Sept. 30, 2019) ("a manufacturer has a duty to disclose a defect that poses an unreasonable safety risk" (emphasis added)); *see Reniger v. Hyundai Motor Am.*, 122 F. Supp. 3d 888, 897 (N.D. Cal. 2015) (same); *Swartz*, 476 F.3d at 764-65.  Plaintiffs' safety-based omissions theory does not apply to corporate officers and directors like Mr. Bowen, who play no role in the manufacturing process.

[21] All Plaintiffs assert a claim for conspiracy to commit fraud.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

2288329, at *4; *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort"). Since Plaintiffs fail to plead any underlying fraud by Mr. Bowen, as shown above, the conspiracy claim against Mr. Bowen must also fail. *See Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2008 WL 5000237, at *5 (N.D. Cal. Nov. 21, 2008) (dismissing conspiracy claim where plaintiffs failed to plead underlying fraud); *Margosian v. Margosian,* No. CV F 11-0137 LJO SMS, 2011 WL 703614, at *9 (E.D. Cal. Feb. 18, 2011) (same).

Plaintiffs also do not sufficiently plead an agreement by Mr. Bowen or agreement and intent to engage in the subject fraudulent conduct. *See Doleman v. Meji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 n.3 (9th Cir. 1984) (existence of a conspiracy must be "established by *clear, cogent,* and *convincing* evidence" (emphasis in original) (internal quotation marks omitted)). A conspiracy claim, if allowed, requires a plaintiff to allege, *with specificity*, the existence of an agreement between two or more persons to engage in a common scheme – *i.e.*, they "reached 'a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful agreement.'" *Survine v. Cottle*, No. CV F 12-1453 LJO JLT, 2013 WL 103576, at *11 (E.D. Cal. Jan. 8, 2013) (quoting *Am. Tobacco Co. v. United States*, 328 U.S. 781, 809-10 (1946)); *Swartz*, 476 F.3d at 765 (civil conspiracy claim subject to Rule 9(b)). Here, there are no particularized allegations regarding any agreement by Mr. Bowen, *e.g.*, when it was agreed to or how Mr. Bowen was involved. *Margosian*, 2011 WL 703614, at *9 (dismissing conspiracy claim against corporate officers where "the complaint fail[ed] to allege facts of [officers'] agreement between themselves or with others to plan or commit wrongs along with actual commission of an intentional tort").

Moreover, because a corporation can only act through its officers, directors, and employees, and claim that Mr. Bowen conspired with JLI "amounts to a claim that the corporation conspired with itself, which is an impossibility." Restatement (Third) of Torts: Liab. for Econ. Harm § 27 cmt. d. "There can be no civil conspiracy among a corporation and its own employees." *Icasiano v. Allstate Ins. Co.*, 103 F. Supp.2d 1187, 1192 (N.D. Cal. 2000) (dismissing civil conspiracy claims "because an employer cannot 'conspire' with its employee as a matter of law"); *see also Torres v.*

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

*Wells Fargo*, No. C 07-5561, 2008 WL 2397460, at *2 (N.D. Cal. June 11, 2008) ("[Plaintiff] may not maintain a claim based upon an alleged conspiracy between Wells Fargo and its agents and employees because a corporate entity 'cannot conspired with itself any more that a private individual can." (quoting *Black v. Bank of Am.*, 30 Cal. App. 4th 1, 6 (1994))); *see also Hanni*, 2008 WL 50000237, at *4 (same).

### D. The Breach of Warranty Claims Against Bowen Are Legally Deficient And Must Be Dismissed

All but one of the Plaintiffs assert claims for breach of express warranty and breach of the implied warranty of merchantability.[22] Because Mr. Bowen was not a party to a contract for the sale of goods, however, he cannot be held liable for any alleged breach of any such contract. In addition, under the relevant Uniform Commercial Code ("UCC") provisions adopted in the Plaintiffs' states, liability for breach of the implied warranty of merchantability is limited, by definition, to sellers, which Mr. Bowen is not.

### 1. Bowen Did Not Breach Any Express Warranty

Liability for breach of warranty is based on a contract. Under the UCC, express warranties about a product may become part of a contract for the sale of goods. *See* Cal. Com. Code § 2313 (an "affirmation of fact or promise made by the seller to the buyer," or a "description of the goods" or a "sample or model" that "becomes part of the basis of the bargain" creates an express warranty that the goods shall conform to the affirmation, promise, description, sample or model). Plaintiffs rely on these provisions to assert that Defendants "expressly warranted" through public statements, press releases, website, advertisement, marketing materials, and packaging that JUUL pods were safe for their intended use, and that they were a safer alternative to traditional combustible cigarettes." *See* Edwards Compl. ¶ 993.

The contract for the sale of goods, here the alleged JUUL products, effects "the passing of title from the seller to the buyer for a price." *See, e.g.*, Cal. Com. Code § 2106(1); Fla. Stat.§ 672.106; N.Y. U.C.C. § 2-314; U.C.C. § 2-106(1). And the "seller" is "the person who sells or

---

[22] Only Plaintiff Wong (FL) does not assert any warranty claims. Mr. Bowen also joins in the motions of the Non-Management Director Defendants and Mr. Monsees to dismiss the Breach of Warranty Claims.

contracts to sell the goods." *See, e.g.,* Cal. Com. Code § 2103(1)(d); U.C.C. § 2-103(d). If a seller breaches an express warranty, the buyer can bring a cause of action against the seller for breach of contract.

No cause of action for breach of contract can be stated against someone who was not a party to the contract and thus not bound by it. Nowhere do Plaintiffs allege Mr. Bowen is a party to the contract of sale for any JUUL products. Plaintiffs do not allege that, as an employee of JLI, he ever had title to the company's products that he could have passed to any buyer.

Plaintiffs attempt to circumvent this truism by grouping Mr. Bowen in with "Defendants" or "Management Defendants," then assert that the group "sold and/or otherwise placed JUUL Products into the stream of commerce." *See* Edwards Compl. ¶¶ 991, 1009. But Plaintiffs do not plausibly allege that any of the individual defendants were parties to a contract of sale that contained an express warranty. Indeed, any such suggestion is belied by the allegations a few paragraphs away, in which Plaintiffs refer to "*JUUL's* agreements with its distributors, dealers, and sellers for the distribution, dealing and sale of JUUL Products to Consumers." *Id.* ¶ 1020 (emphasis added). Thus, the only contracts for sale to which Plaintiffs refer are contracts to which *JLI* allegedly was a party. The allegations identify neither Mr. Bowen nor any other individual person as a party.

### 2. Bowen Did Not Breach Any Implied Warranty

Plaintiffs allege that "[e]ach JUUL product sold comes with an implied warranty that it will be merchantable." *See*, *e.g.*, Edwards Compl. ¶ 1012. The UCC inserts such an implied warranty of merchantability into a contract for the sale of goods.[23] *See., e.g.,* Cal. Com. Code § 2314(1). The law recognizes such a warranty only against sellers, who are parties to the contract of sale into which the warranty is implied. Cal. Com. Code §§ 2314, 2104. Because Mr. Bowen was not a party to any contract for the sale of JUUL products, he is not bound by such contract's express or implied provisions.

---

[23] With the exception of Louisiana, every state has adopted the implied warranty provisions of the UCC. *See, e.g.,* C.G.S.A. § 52-572n; Fla. Stat. § 672.314; Ga. Code Ann. § 11-2-314; Ky. Rev. Stat. Ann § 355.2-314; N.C. Stat. Ann. § 25-2-314; N.Y. U.C.C. 2-314; Or. Rev. Sat. § 72.3140; 13 Pa. C.S. § 2314(a); R.C.W. § 4.22.70(3)(a); Tenn. Code Ann. § 47-2-314; Utah Code Ann. § 70A-2-314. The Louisiana civil code provides that a product sold must be reasonably fit for its ordinary use. LA Civ. Code art. 2524.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

It does not work for Plaintiffs to allege they "were third-party beneficiaries of contracts JLI made, and were therefore beneficiaries of "JUUL's implied warranties." *Id.* at ¶ 1020. That is irrelevant, since they were not third-party beneficiaries of any contract that *Mr. Bowen* made. Nor is it enough to say Mr. Bowen "breached JUUL's implied warranty" (which did not bind him); plaintiffs must allege that he breached *his own* implied warranty. *Id.* at ¶ 1017.

## E. Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress ("IIED"), Plaintiffs must allege Mr. Bowen personally engaged in outrageous conduct and intended to cause (or acted with reckless disregard of the probability of causing) severe emotional distress, and that there was a causal link between that purportedly "outrageous" conduct and Plaintiffs' emotional distress.[24] *Margosian*, 2011 WL 703614, at *11; *Nally v. Grace Community Church*, 47 Cal. 3d 278, 300 (1988). Conduct is "outrageous" when it is "so extreme as to be beyond all bounds of that usually tolerated in a civilized community." *Nally*, 47 Cal. 3d at 300 (quoting *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982). Moreover, defendant's outrageous conduct must be "directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware.'" *Margosian*, 2011 WL 703614, at *12.

There are no allegations that any Plaintiffs ever interacted with Mr. Bowen. While Plaintiffs allege Mr. Bowen worked on JUUL products, and had "final say" over advertising at JLI, they do *not* allege Mr. Bowen undertook these activities with the goal of causing emotional distress to any of them. Nor do they allege any actions by Mr. Bowen himself that were outrageous. *See Margosian*, 2011 WL 703614, at *11-13 (dismissing IIED claim against corporate officers where "[t]he complaint lack[ed] allegations of [the officers'] outrageous conduct committed with their intention to cause, or reckless disregard of the probability of causing, emotional distress," but instead focused "only on their . . . officer roles in [the company]"); *Gauvin*, 682 F. Supp. at 1071 (lumping defendants impermissible); *see also Swartz*, 476 F.3d at 764-65 (same under Rule 9(b)); *Iqbal*, 556 U.S. at 678 (conclusory allegations insufficient). The conclusory allegations that "Defendants," as a group,

---

[24] Plaintiffs Edwards (NY), Bagley (UT), Mangham (GA), Westfaul (MS), and Bain (TN) assert causes of action for intentional infliction of emotional distress. Plaintiff Fish (Kentucky) asserts a claim for "outrage," the elements of which are essentially the same. Mr. Bowen also joins in the motion of the Non-Management Director Defendants and Mr. Monsees to dismiss the IIED claims.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

"acted willfully or wantonly toward [Plaintiff]," Edwards Compl. ¶ 1060, are insufficient.  Nowhere do they allege *Mr. Bowen's* conduct was beyond the bounds of human decency, let alone that he caused Plaintiffs' purported severe emotional distress.

In addition, Plaintiff Westfaul cannot state a stand-alone cause of action for intentional or negligent infliction of emotional distress.  Damages for emotional distress "are one potential element of recovery in products liability cases" under Mississippi's uniform product liability statute.  Miss. Code Ann. § 11-1-63.

### F.     No Claim Is Stated Against Bowen Under Consumer Protection Statutes

Fourteen of the Plaintiffs assert a claim under their states' Unfair or Deceptive Trade Practices Acts ("UDTPA").[25]  They claim Defendants violated these statutes through "false and misleading statements and omissions . . . targeting minors," and have thus engaged in "fraudulent, unfair and/or deceptive practices that violate consumer protection laws."[26]  See, e.g., Edwards Compl. ¶ 988-989.[27]  In several states, however, the UDTPA simply does not apply to Mr. Bowen, since he is not plausibly alleged to be a "supplier" or "seller" as the statutes define.  In others, Plaintiffs do not allege the unfair or deceptive conduct in which Mr. Bowen personally engaged.[28]

First, many of the UDTPA's limit the categories of potential defendants.  For example, North Carolina, Utah and Virginia law allow recovery for deceptive or unfair business practices only by *suppliers or sellers.  See United Virginia Bank v. Air-Lift Assocs.*, 79 N.C. App.. 315 (1997) ("[N.C.]

---

[25] In general, to allege a UDTPA violation, Plaintiffs must set forth facts that establish:  (1) Mr. Bowen personally participated in an "unfair or deceptive act or practice;" (2) the act or practice had a nexus to the Bellwether jurisdiction; and (3) that Mr. Bowen interacted or transacted with a consumer in the subject state in some capacity.  Many of the consumer protection statutes Plaintiffs invoke do not allow for recovery of personal-injury damages.  *See* Fla. Stat. § 501.212(3) (exempting claims for personal injury or death); Utah Code Ann. § 13-11-22(1)(c) (same); Or. Rev. Stat. § 646.638(a) (standing limited to persons with "ascertainable loss of money"); La. Stat. § 51:1409(A) (same); Miss. Code. Ann. § 75-24-151(a) (same); R.I. Gen. Laws § 6-13.1-5.2(a) (same); Tenn. Code Ann. § 47-18-109(a)(1) (same); Conn. Gen. Stat. § 42-110g(a) (same).  In addition, the sole remedy under the Georgia statute is injunctive relief, which plaintiffs do not seek.  *See Moore-Davis Motors, Inc. v. Joyner*, 252 Ga.App. 617, 619 (2001).

[26] Plaintiffs explain that they "*will bring* a cause of action for consumer fraud and/or unfair and deceptive trade practices under applicable state law," and that "Defendants are on notice that such claims *may* be asserted by Plaintiff."  *Id.* ¶¶ 990-91.  This falls far short of Plaintiffs' pleading obligations, as it fails to give Mr. Bowen fair notice of the claim against him, *Gauvin*, 682 F. Supp. at 1071, and does not allege any "overt acts which defendants engage[d] in" that support the cause of action, *Jones*, 733 F.2d at 649.

[27] Because that claim ("untrue or misleading statements with the intent to induce") sounds in fraud, Rule 9(b) requires it to be pled with particularity, stating what each individual did to violate the statutes.

[28] Mr. Bowen also joins the motion of the Non-Management Director Defendants to dismiss the state consumer protection claims.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

G.S. 75-1.1 . . . applies to dealings between buyers and sellers at all levels of commerce)); Utah Code Ann. §§ 13-11-3, 13-11-4 (act applies to "acts or practices by a supplier, defined as a person "who regularly solicits, engages in, or enforces consumer transactions); Va. Code §§ 59.1-198, 59.1-200 (applies to a "supplier in connection with a consumer transaction").  As discussed above, Plaintiffs do not (and cannot plausibly) allege Mr. Bowen was a seller or supplier of JUUL products.  *See* Section IV.A., *supra*; *see also Cherdak v. McKirdy*, No. 1:17-cv-500, 2017 WL 11501875, at *4 (E.D. Va. Aug. 15, 2017) (dismissing claim against company president since he was not a "supplier").

Furthermore, a claim for unfair and deceptive acts or practices usually must stem from a transaction that involves conduct in "trade or commerce." *See*, e.g., Or. Rev. Stat. § 646.608(1)(u) (prohibits unfair conduct "in trade or commerce"); Miss. Code Ann. §§ 75-24-5; 75-24-3 (requires the prohibited conduct be "in or affecting commerce," which the statute defines as advertising); Tenn. Code Ann. § 47-18-104 (applying to practices "affecting the conduct of any trade or commerce").  In other words, the defendant must have engaged in some potentially injurious transaction or interaction with the consumer in the state.  Plaintiffs do not allege facts showing any "transaction" between Mr. Bowen and a consumer that could give rise to a UDTPA violation.  As discussed above, the JUUL products were allegedly made, sold and distributed by JLI and retailers, not by any of the individual defendants.  Plaintiffs do not allege Mr. Bowen made material misrepresentations to consumers in their state or that he interacted with any consumers in a way that was likely to deceive that person. Not only do the allegations clump Mr. Bowen together with a group of defendants, they unfairly attribute to him activities JLI allegedly undertook, such as ad campaigns and marketing strategies. As Plaintiffs allege elsewhere, JLI—not any individual—"markets" and "sells" JUUL products.

Finally, Plaintiffs' claims fail because corporate officers and directors are not personally liable for a corporation's allegedly unlawful, unfair, or fraudulent business acts and practices absent facts establishing they "personal[ly] participat[ed]" in the purported wrongful conduct and had "unbridled control" of such conduct.[29]  *Emery v. Visa Internat. Service Ass'n.*, 95 Cal. App. 4th 952,

---

[29] The majority of states that have addressed director and officer liability for consumer protection claims have held, like California, that officers and directors are not liable unless they actively participated in corporate wrongdoing or personally committed an underlying tort.  To the extent Arkansas and Connecticut law extend liability to officers and

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO

960 (2002) (emphases added). Nowhere do Plaintiffs allege acts by Mr. Bowen personally, or that he had unbridled control over the alleged misconduct. *See* Merriam-Webster Dictionary (2020) (defining unbridled as "unrestrained"); *see also People v. Toomey*, 157 Cal. App. 3d 1, 15 (1984) (defendant has unbridled control where "orchestrat[ing] all aspects of the business" (emphasis added)). Indeed, Plaintiffs do not allege any facts establishing Mr. Bowen exercised control over the alleged wrongful conduct, much less "unbridled" control. If anything, Plaintiffs highlight Mr. Bowen lack of control. Edwards Compl. ¶¶ 41, 42; *see also id.* ¶¶ 395, 398.

Instead, Plaintiffs again impermissibly lump Mr. Bowen together with "Defendants" or "Management Defendants" and make no effort to plead facts specific to Mr. Bowen. *See Tortilla Factory LLC v. Health-Ade LLC*, No. CV 17-9090-MWF (AFMx), 2018 WL 6174708, at *11-12 (C.D. Cal. July 13, 2018) ("group-pleading" of consumer protection statute claims is "impermissible"). In the rare instances where Plaintiffs offer specific allegations regarding Mr. Bowen, they allege personal participation in ordinary business activities – not purported unlawful, unfair, or fraudulent conduct.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant Mr. Bowen's motions pursuant to Rule 12(b)(6) and dismiss all claims for relief against him.

Dated: March 2, 2021

BOERSCH & ILLOVSKY LLP
MARTHA A. BOERSCH
EUGENE ILLOVSKY
MATTHEW DIRKES
KEVIN CALIA
SHARON FRASE


 _/s/Eugene Illovsky_____
Eugene Illovsky

Attorneys for
Defendant Adam Bowen

---

directors who had actual knowledge of a fraud by the corporation and failed to take action to prevent it, *see, e.g.*, *Roggasch v. Sims*, 481 S.W.3d 440, 446-47 (Ark. Ct. App. 2016); *Joseph Gen. Contracting, Inc. v. Couto*, 119 A.3d 580, 586 (Conn. 2015), the result is the same as there are no allegations plausibly supporting a claim that Mr. Bowen knew of purported violations of consumer protection laws.

MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
Case No.: 19-md-02913-WHO