JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
JAMES THOMPSON (SBN 240979)
jthompson@orrick.com
ROLAND CHANG (SBN 271511)
rdchang@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant James Monsees

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>BELLWETHER PERSONAL INJURY COMPLAINTS | Case No. 3:19-md-02913-WHO<br><br>**DEFENDANT JAMES MONSEES' NOTICE OF MOTION AND MOTION TO DISMISS BELLWETHER PERSONAL INJURY COMPLAINTS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:   Hon. William H. Orrick<br>Date:    To be set by the Court<br>Time:    To be set by the Court<br>Ctrm:    2, 17th Floor |

1

## **NOTICE OF MOTION AND MOTION**

2      PLEASE TAKE NOTICE that on a date and time to be set by the Court, in the United

3   States District Court, Northern District of California, located at 450 Golden Gate Avenue, 17th

4   Floor, San Francisco, California, 94102, and in the Courtroom of the Honorable William H.

5   Orrick, Defendant James Monsees will and hereby does move to dismiss claims brought against

6   him in the twenty-one bellwether personal injury complaints pursuant to Rule 12(b)(6) of the

7   Federal Rules of Civil Procedure.  Specifically, Mr. Monsees seeks dismissal of the products

8   liability- and fraud-based claims brought against him, as well as the claims for intentional and

9   negligent infliction of emotional distress, outrage, survival action, loss of consortium, and the

10  consumer protection statute claims brought under Utah, North Carolina, and Virginia laws.

11      This Motion is based on this Notice of Motion, the Memorandum of Points and

12  Authorities, requests for consideration of documents incorporated by reference and/or judicially

13  noticed, the Motions to Dismiss filed by other Defendants in the case, and such additional

14  evidence or argument as may be presented at or before the hearing on this matter.

15

16  Dated: March 2, 2021

JAMES N. KRAMER
17                                                                      JAMES THOMPSON
ROLAND CHANG
18                                                                      Orrick, Herrington & Sutcliffe LLP

19

20   By _____*/s/ James N. Kramer*_____
JAMES N. KRAMER

21                                                                      Attorneys for Defendant
22                                                                      James Monsees

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II.  BACKGROUND ................................................................................................................ 2

III.  LEGAL STANDARDS ...................................................................................................... 2

    A.  Rule 12(b)(6) ........................................................................................................... 2

    B.  Rule 8(a) ................................................................................................................... 3

    C.  Rule 9(b) ................................................................................................................... 3

IV.  CHOICE OF LAW ............................................................................................................ 4

V.  ARGUMENT ..................................................................................................................... 5

    A.  Plaintiffs' Complaints Sound in Fraud and Must Be Pled with Particularity .......... 5

    B.  Plaintiffs' Products Liability-Based Causes of Action Are Improper and
    Fail to State a Claim Against Mr. Monsees ............................................................... 6

        1.  Plaintiffs Fail to State a Strict Products Liability Claim Against Mr.
        Monsees ........................................................................................................ 7

        2.  Plaintiffs Fail to State a Breach of Implied or Express Warranty
        Claim Against Mr. Monsees .......................................................................... 10

        3.  Plaintiffs Fail to State a Negligence-Based Products Liability Claim
        Against Mr. Monsees ..................................................................................... 12

    C.  Plaintiffs Fail to State Any Fraud-Based Claims Against Mr. Monsees ................. 13

        1.  Plaintiffs Fail to State a Fraud or Fraudulent Concealment Claim
        Against Mr. Monsees ..................................................................................... 13

        2.  Plaintiffs Fail to State a Conspiracy to Commit Fraud Claim
        Against Mr. Monsees ..................................................................................... 16

    D.  Plaintiffs' Remaining Tort Claims Against Mr. Monsees Should Be
    Dismissed ................................................................................................................ 17

        1.  Plaintiffs Fail to State A Claim for Intentional or Negligent
        Infliction of Emotional Distress Against Mr. Monsees ............................... 18

        2.  Plaintiff Keffer Fails to State a Survival Action or Loss of
        Consortium Claim Against Mr. Monsees ..................................................... 19

VI.  CONCLUSION ............................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                           **Page(s)**

*Adams v. Genie Indus., Inc.*,
    929 N.E. 2d 380 (N.Y. 2010) ................................................................................................... 12

*Altman v. HO Sports Co., Inc.*,
    No. 1:09-cv-1000 AWI SMS, 2009 WL 2590425 (E.D. Cal. Aug. 20, 2009) ....................... 7, 9

*Anthony v. Kelsey-Hayes Co.*,
    25 Cal. App. 3d 442 (1972) ................................................................................................... 10

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
    7 Cal. 4th 503 (1994) ............................................................................................................ 17

*Arriaga v. CitiCapital Commercial Corp.*,
    167 Cal. App. 4th 1527 (2008) ......................................................................................... 7, 8, 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ *passim*

*Bank of Am. Corp. v. Super. Ct.*,
    198 Cal. App. 4th 862 (2011) ............................................................................................... 15

*Baxter v. Super. Ct.*,
    19 Cal. 3d 461 (1977) ........................................................................................................... 20

*Beerbower v. State ex rel. Oregon Health Scis. Univ.*,
    85 Or. App. 33 (1987) ........................................................................................................... 20

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 3

*Blanco v. Baxter Healthcare Corp.*,
    158 Cal. App. 4th 1039 (2008) ............................................................................................. 11

*Blatt v. Pambakian*,
    432 F. Supp. 3d 1141 (C.D. Cal. 2020) .................................................................................. 4

*Buonanno v. Colmar Belting Co.*,
    733 A.2d 712 (R.I. 1999) ........................................................................................................ 7

*Cherdak v. McKirdy*,
    No. 1:17-cv-500, 2017 WL 11501875 (E.D. Va. Aug. 15, 2017) ............................................ 7

*Coneff v. AT&T Corp.*,
    673 F.3d 1155 (9th Cir. 2012) ................................................................................................ 4

*Craft v. Rice*,
   671 S.W.2d 247 (Ky. 1984) ................................................................................. 18

*Darling v. Green*,
   No. EDCV 12-362 ..................................................................................... 11, 12

*Dealertrack, Inc. v. Huber*,
   460 F. Supp. 2d 1177 (C.D. Cal. 2006) ................................................................ 14

*Elliot v. El Paso Corp.*,
   181 So. 3d 263 (Miss. 2015) ................................................................................. 6

*Ernest W. Hahn, Inc. v. Armco Steel Co.*,
   601 P.2d 152 (Utah 1979) ..................................................................................... 7

*Estate of Goldberg v. Goss Jewett Co., Inc.*,
   No. EDCV 14-1872 DSF (AFMx), 2019 WL 4221398 (C.D. Cal. June 4, 2019) ................... 19

*First Intercontinental Bank v. Ahn*,
   798 F.3d 1149 (9th Cir. 2015) ..................................................................... 4, 14, 19

*Ford Motor Co. v. Reese*,
   300 Ga. App. 82 (2009) ....................................................................................... 12

*Frances T. v. Vill. Green Owners Ass'n.*,
   42 Cal. 3d 490 (1986) ................................................................................... 10, 15

*In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*,
   76 F. Supp. 3d 321 (D. Mass. 2015) ...................................................................... 9

*Friedman v. Merck & Co.*,
   107 Cal. App. 4th 454 (2003) ............................................................................... 13

*Gaddy v. Am. Interstate Ins. Co.*,
   No. 1:18-cv-1928-WSD, 2018 WL 1659156 (N.D. Ga. Apr. 5, 2018) ............................. 12

*Gauvin v. Trombatore*,
   682 F. Supp. 1067 (N.D. Cal. 1988) ....................................................................... 3

*Gill v. CL Medical SARL*,
   No. 2:14-CV-109-KS-MTP, 2015 WL 5521866 (S.D. Miss. Sept. 18, 2015) ..................... 19

*Goldrich v. Nat. Y Surgical Specialties, Inc.*,
   25 Cal. App. 4th 772 (1994) ....................................................................... 15, 16, 17

*Graham v. Bank of Am.*,
   226 Cal. App. 4th 594 (2014) ............................................................................... 14

*Hamilton v. Greenwich Inv'rs XXVI, LLC*,
   195 Cal. App. 4th 1602 (2011) ............................................................................. 16

*Hanni v. Am. Airlines, Inc.*,
No. C 08-00732 CW, 2008 WL 5000237 (N.D. Cal. Nov. 21, 2008) ....................................... 17

*Hosbrook v. Ethicon, Inc.*,
No. 20-cv-88, 2020 WL 5214644 (S.D. Ohio Sept. 1, 2020) ..................................................... 19

*Houston v. Medtronic, Inc.*,
957 F. Supp. 2d 1166 (C.D. Cal. 2013) ...................................................................................... 6

*Icasiano v. Allstate Ins. Co.*,
103 F. Supp. 2d 1187 (N.D. Cal. 2000) ..................................................................................... 17

*Int'l Serv. Ins. Co. v. Gonzales*,
194 Cal. App. 3d 110 (1987) ...................................................................................................... 5

*Jackson v. Mayweather*,
10 Cal. App. 5th 1240 (2017), *as modified* (Apr. 19, 2017) .................................................... 19

*Jones v. Cmty. Redevelopment Agency of City of Los Angeles*,
733 F.2d 646 (9th Cir. 1984) ...................................................................................................... 3

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ................................................................................................ 3, 6

*Keegan v. Am. Honda Motor Co. Inc.*,
838 F. Supp. 2d 929 (C.D. Cal. 2012) ...................................................................................... 12

*Kimco Dev. Corp. v. Michael D's Carpet Outlets*,
536 Pa. 1 (1993) .......................................................................................................................... 7

*Estate of Lopez v. Gelhaus*,
149 F. Supp. 3d 1154 (N.D. Cal. 2016) ..................................................................................... 19

*Margosian v. Margosian*,
No. CV F 11-0137 LJO SMS, 2011 WL 703614 (E.D. Cal. Feb. 18, 2011) ..........14, 17, 18, 19

*Marsh v. Burrell*,
805 F. Supp. 1493 (N.D. Cal. 1992) ........................................................................................... 4

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012) ................................................................................................... 4, 5

*McCann v. Foster Wheeler LLC*,
48 Cal. 4th 68 (2010) .................................................................................................................. 4

*McCarty v. Johnson & Johnson*,
No. 1:10-cv-00350 OWW-DLB, 2010 WL 2629913 (E.D. Cal. June 29, 2010) ...................... 11

*McGhee v. Arabian Am. Oil Co.*,
871 F.2d 1412 (9th Cir. 1989) .................................................................................................... 4

*Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*,
No. C 06 7541 PJH, 2007 WL 2288329 (N.D. Cal. Aug. 9, 2007) ...................................... 16, 17

*Munning v. Gap, Inc.*,
No. 16-cv-03804-TEH, 2016 WL 6393550 (N.D. Cal. Oct. 28, 2016) ................................. 5

*Murray v. Gen. Motors*,
No. 3:10-cv-188-DPJ-FKB, 2011 WL 52559 (S.D. Miss. Jan. 7, 2011), *aff'd
sub nom. Murray v. Gen. Motors, LLC*, 478 F. App'x 175 (5th Cir. 2012) .............................. 12

*Nally v. Grace Cmty. Church*,
47 Cal. 3d 278 (1988) ............................................................................................................ 18

*O'Neil v. Crane Co.*,
53 Cal. 4th 335 (2012) ............................................................................................................. 7

*In re Pac. Fertility Ctr. Litig.*,
No. 18-cv-01586-JSC, 2019 WL 3753456 (N.D. Cal. Aug. 8, 2019) ...................................... 13

*Parducci v. Overland Sols., Inc.*,
399 F. Supp. 3d 969 (N.D. Cal. 2019) .................................................................................... 3

*Perlas v. GMAC Mort., LLC*,
187 Cal. App. 4th 429 (2010) ........................................................................................... 13, 15

*PPG Indus., Inc. v. Indus. Laminates Corp.*,
664 F.2d 1332 (5th Cir. 1982) ................................................................................................ 10

*Putensen v. Clay Adams, Inc.*,
12 Cal. App. 3d 1062 (1970) .................................................................................................. 13

*Reeves v. AcroMed Corp.*,
103 F.3d 442 (5th Cir. 1997) ................................................................................................... 8

*Reich v. Purcell*,
67 Cal. 2d 551 (1967) ............................................................................................................. 4

*Robinson v. Williamson*,
245 Ga. App. 17 (2000) ....................................................................................................... 7, 8

*Rodrigues v. Campbell Indus.*,
87 Cal. App. 3d 494 (1978) .................................................................................................... 11

*Royal v. Cook*,
984 So. 2d 156 (La. Ct. App. 2008) ........................................................................................ 10

*S. Cty., Inc. v. First W. Loan Co.*,
871 S.W.2d 325 (Ark. 1994) ................................................................................................... 14

*Sacramento E.D.M., Inc. v. Hynes Aviation Indus., Inc.*,
  965 F. Supp. 2d 1141 (E.D. Cal. 2013) ................................................................. 14

*Small v. Fritz Companies, Inc.*,
  30 Cal. 4th 167 (2003) ........................................................................................... 16

*Strauss v. Summerhays*,
  157 Cal. App. 3d 806 (1984) .................................................................................. 11

*Sukljian v. Charles Ross & Son Co.*,
  69 N.Y.2d 89 (1986) (New York) ............................................................................ 7

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ..........................................................................*passim*

*Sys. Eng'g & Sec., Inc. v. Sci. & Eng'g Ass'n Inc.*,
  962 So. 2d 1089 (La. Ct. App. 2007) ..................................................................... 14

*ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*,
  No. CV 11-01056-PHX-NVW, 2011 WL 6296833 (D. Ariz. Dec. 16, 2011) ........... 6

*Tipton v. CSX Transp., Inc.*,
  No. 3:15-CV-311-TAV-CCS, 2017 WL 10398182 (E.D. Tenn. Oct. 25, 2017) ....... 6

*Torres v. Wells Fargo*,
  No. C 07-5561, 2008 WL 2397460 (N.D. Cal. June 11, 2008) ............................... 17

*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*,
  1 Cal. 3d 586 (1970) ....................................................................................... 10, 14

*United Virginia Bank v. Air-Lift Assocs.*,
  79 N.C. App. 315 (1986) ......................................................................................... 7

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ......................................................................... 3, 6, 14

*Walker v. Ford Motor Co.*,
  406 P.3d 845 (Colo. 2017) ....................................................................................... 7

*Warner Constr. Corp. v. City of Los Angeles*,
  2 Cal. 3d 285 (1970) .............................................................................................. 15

*Washington Mut. Bank, FA v. Super. Ct.*,
  24 Cal. 4th 906 (2001) ............................................................................................. 4

*West v. Caterpillar Tractor Co.*,
  336 So. 2d 80 (Fla. 1976) (Florida) ......................................................................... 7

*Wilhelm v. Pray, Price, Williams & Russell*,
  186 Cal. App. 3d 1324 (1986) ............................................................................... 16

*Williams v. Beechnut Nutrition Corp.*,
    185 Cal. App. 3d 135 (1986) .................................................................. 13

**Rules and Statutes**

Fed. R. Civ. P.
    Rule 8(a) ...................................................................................................... 3
    Rule 9(b) ............................................................................................... *passim*
    Rule 12(b)(6) ....................................................................................... 1, 2, 3

Cal. Civ. Code
    § 1559 ....................................................................................................... 11

Cal. Code Civ. Proc.
    § 377.34 .................................................................................................... 20

Ark. Code Ann.
    § 16-116-101 .............................................................................................. 7

Cal. Com. Code
    § 2313 ................................................................................................ 10, 12
    § 2103(1)(d) ............................................................................................. 10
    § 2104 ....................................................................................................... 10
    § 2314 ....................................................................................................... 10

Conn. Gen. Stat.
    § 52-572m(a) .............................................................................................. 7
    § 52-572n .................................................................................................... 6

Ky. Rev. Stat. Ann.
    § 411.320 .................................................................................................... 7

La. Stat. Ann.
    § 9:2800.52 ................................................................................................. 6
    § 9:2800.53(1) ............................................................................................ 7

Miss. Code Ann.
    § 11-1-63 .................................................................................................... 7

N.C. Gen. Stat.
    § 99B-1.1 ................................................................................................... 7

Or. Rev. Stat.
    § 30.075(3) ............................................................................................... 20
    § 30.010(2) ............................................................................................... 20
    § 30.020 .................................................................................................... 20
    § 30.900 ...................................................................................................... 7

Tenn. Code Ann.
§ 29-28-102................................................................................................................... 7

Utah Code Ann.
§ 13-11-4.......................................................................................................................... 7

Va. Code Ann.
§ 59.1-197........................................................................................................................ 7
§ 59.1-198........................................................................................................................ 7
§ 59.1-200........................................................................................................................ 7

Wash. Rev. Code Ann.
§ 7.72.010..................................................................................................................... 6, 7

**ISSUES TO BE DECIDED**

1.      Whether Plaintiffs' products liability-based claims against Mr. Monsees, including strict liability for design defect, failure to warn, and manufacturing defect; negligent design, failure to warn, manufacturing, and failure to recall/retrofit; as well as breach of express and implied warranties, should be dismissed for failure to state a claim upon which relief may be granted under Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)");

2.      Whether Plaintiffs' fraud-based claims against Mr. Monsees, including fraud, fraudulent concealment, conspiracy to commit fraud, negligent misrepresentation, and constructive fraud, should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6);

3.      Whether Plaintiffs' other tort claims against Mr. Monsees, including intentional and negligent infliction of emotional distress, outrage, survival action, and loss of consortium, should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs [1] have sued James Monsees ("Mr. Monsees") and other entities and individuals affiliated with Juul Labs, Inc. ("JLI") for various products liability, fraud and negligence-based claims, and several other torts.[2]  Plaintiffs predicate these claims against Mr. Monsees, a co-founder and former officer and director of JLI, solely on his former corporate roles.  However, as this Court is aware, a corporate role standing alone, is not sufficient to state these claims.  Moreover, Plaintiffs' remaining conclusory, group-pled allegations against Mr. Monsees must be disregarded on a motion to dismiss, leaving no ***facts*** upon which to sustain any claim.  This is particularly true given that all of Plaintiffs' claims sound in fraud and are subject to a heightened pleading standard of Rule 9(b).

As to the specific claims, Plaintiffs do not allege that Mr. Monsees was a seller or manufacturer of JLI products, which are prerequisites to state any products liability-based claim.  Nor do Plaintiffs sufficiently allege that Mr. Monsees personally participated in any fraudulent or tortious conduct; made any fraudulent misrepresentation or fraudulently concealed information; or caused any resulting harm.  As explained further below, these pleading defects are dispositive, and Plaintiffs' Complaints should be dismissed in their entirety.

---

[1] "Plaintiffs" comprise Plaintiffs Cody Arnett, Kerrigan Bagley, Robin Bain, Lucas Willis Barnes, Nicole Dramis individually and as mother and next of friend of J.D., Mason Edwards, Jacob Fairess, G.F. (a minor) P.P.A. Catherine Faulds, Clark Fish, Lauren Gregg, Griffith A. Miles, D.H. (a minor) by and with Cheryl Humphries, J.L.K. (a minor) by his mother K.K., Timugen Keffer (individually and as personal representative for estate of his minor child, M.K.), Kristof Rest, Zachary Mangham, Roberto Pesce, Saliana Rosenfield, Jayme Westfaul, Cameron Widergren, and Nicco Wong.  Though the bellwether complaints involve plaintiffs of different ages and states of residence, they assert substantially similar allegations against Mr. Monsees.  As such, Mr. Monsees' instant Motion challenges all 21 bellwether complaints jointly.  Because no plaintiff asserts exactly the same set of claims as another, Mr. Monsees identifies in a corresponding footnote the specific complaints challenged by each of his arguments.

[2] Mr. Monsees is mindful of this Court's October 23, 2020 order addressing several claims that are substantially similar to those asserted by Plaintiffs here against Mr. Monsees (notably, claims for negligence, gross negligence, unjust enrichment, and consumer protection statute violations).  *See* ECF No. 1084.  Out of respect for this Court's prior order and time, this Motion does not re-brief those claims, but instead, focuses solely on the new claims alleged against Mr. Monsees, all of which should be dismissed as discussed below.

1   ## II.  BACKGROUND

2   Plaintiffs' Complaints tell a fictional story of an overt effort by "Defendants" to engage in

3   a coordinated scheme to defraud the public through the misrepresentation of JLI's products' risks

4   and fraudulent marketing and advertising of the products to minors.  *See, e.g.*, Plaintiff Robin

5   Bain, Individually and as the Legal Guardian of Her Minor Child, B.B.'s First Amended

6   Complaint (Personal Injury) [3] ("Bain Compl.") ¶¶ 3-9.  Despite the overall narrative, as to Mr.

7   Monsees, the Complaints plead only facts showing ordinary, lawful business activity, *e.g.*,

8   receiving results from consumer research, reviewing advertising materials, negotiating the

9   acquisition of JLI, speaking to an investor about JLI's branding approach, and providing direction

10  on JLI's website.  *See, e.g., id.*  ¶¶ 134, 274, 235, 347, 46, 105, 414, 404.[4]  Moreover – directly

11  contradicting the narrative that Mr. Monsees played a key part in the alleged scheme – Plaintiffs

12  assert that Mr. Monsees *lacked* both the "resources and expertise" necessary to achieve

13  widespread adoption of JLI products and control over any alleged wrongful conduct.  *Id.* ¶¶ 41,

14  42; *see also id.* ¶¶ 395, 398.[5]  The Complaints otherwise mention Mr. Monsees only to attribute

15  legally innocuous statements to him, such as his hope that JLI products could serve as an

16  alternative to traditional combustible cigarettes, *id.* ¶¶ 259, 263,[6] or that minors would not use JLI

17  products, *id.* ¶¶ 526, 529.[7]

18  ## III.  LEGAL STANDARDS

19  ### A.  Rule 12(b)(6)

20  Under Rule 12(b)(6), a district court must dismiss a cause of action if it fails to state a

21  claim upon which relief can be granted.  The court need not accept as true "[t]hreadbare recitals

22  of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v.*

23  *Iqbal*, 556 U.S. 662, 678 (2009).  Rather, plaintiffs must allege "enough facts to state a claim to

24

25  [3] All in-text citations to Plaintiffs' Amended Complaints refer to Plaintiff Bain's Complaint.  The paragraph cites are largely the same across all 21 complaints, but to the extent they differ, Mr.

26  Monsees has identified them in the attached Appendix for ease of reference.  *See* Appendix A.
    [4] *See id.* for parallel cites.

27  [5] *See id.*

28  [6] *See id.*
    [7] *See id.*

1   relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

2   "pleading that offers 'labels or conclusion' or 'a formulaic recitation of the elements of a cause of

3   action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Nor will

4   "'naked assertions' devoid of 'further factual enhancement'" satisfy Rule 12(b)(6).  *Id.* (quoting

5   *Twombly*, 550 U.S. at 557).

6       **B.     Rule 8(a)**

7       Under Rule 8(a), plaintiffs fail to state a claim when they do not "allege with at least some

8   degree of particularity overt acts which defendants engaged in" that support the cause of action.

9   *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984)

10  (quoting *Powell v. Workmen's Comp. Bd. of State of N.Y.*, 327 F.2d 131, 137 (2d Cir. 1964)).  To

11  give defendants fair notice of the claims against them, plaintiffs must differentiate which claim is

12  alleged against which defendant.  *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal.

13  1988).

14      **C.     Rule 9(b)**

15      Under Rule 9(b), a plaintiff must plead fraud, claims sounding in fraud, and allegations of

16  fraudulent conduct with specificity, "stat[ing] with particularity the circumstances constituting

17  fraud or mistake," against each of the defendants, including "the who, what, when, where, and

18  how of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.

19  2003) (citation omitted).  Group pleading is "impermissible."  *Parducci v. Overland Sols., Inc*.,

20  399 F. Supp. 3d 969, 978 (N.D. Cal. 2019) (Orrick, J.); *Swartz v. KPMG LLP*, 476 F.3d 756, 764

21  (9th Cir. 2007).  Rather, plaintiffs must differentiate their allegations to inform each defendant

22  separately of the allegations against them.  *Parducci*, 399 F. Supp. 3d at 977; *Swartz*, 476 F.3d at

23  764-65 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but

24  'requires plaintiffs to differentiate their allegations when suing more than one defendant.'"

25  (citation omitted)).  When a complaint alleges a unified course of fraudulent conduct, the entire

26  pleading must satisfy the particularity requirements of Rule 9(b).  *Kearns v. Ford Motor Co.*, 567

27  F.3d 1120, 1125 (9th Cir. 2009).

28

IV.    **CHOICE OF LAW**

In diversity jurisdiction cases, such as here, federal courts "apply the substantive law of the forum in which the court is located, including the forum's choice of law rules." *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015) (citation omitted); *Coneff v. AT&T Corp.*, 673 F.3d 1155, 1161 (9th Cir. 2012).  Plaintiffs brought these actions in the Northern District of California; thus, California's choice-of-law rules govern.  *Blatt v. Pambakian*, 432 F. Supp. 3d 1141, 1166 (C.D. Cal. 2020).

California applies a "governmental interest" test in deciding whether another state's substantive law applies to a plaintiff's claims.  *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87 (2010); *Washington Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906, 919 (2001).  It will be presumed "that [substantive] California law applies unless the proponent of foreign law can show otherwise" under the three-pronged governmental interest test.  *Marsh v. Burrell*, 805 F. Supp. 1493, 1496 (N.D. Cal. 1992); *see McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1422 (9th Cir. 1989) (burden of proving that a foreign jurisdiction's law applies is on the party invoking the foreign rule of decision).  ***First***, the court assesses whether there is any material difference between the two states' laws – *i.e.*, a distinction that would "make a difference in this litigation." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (citing *Washington Mut.*, 24 Cal. 4th at 919-20); *McCann*, 48 Cal. 4th at 87-88.  ***Second***, if there is a material difference, the court then determines "what interest, if any, each state has in having its own law applied to the case." *Washington Mut.*, 24 Cal. 4th at 920 (citation omitted).  ***Third***, if both states have an interest in having their own law applied, the court applies the law of the state whose interests would be "more impaired" if its law were not applied.  *Id.* (citation omitted).  In tort cases, the state where the wrong took place "has the predominant interest" in applying its laws to resolve an issue.  *Reich v. Purcell*, 67 Cal. 2d 551, 556 (1967).

California law is applicable to most of Plaintiffs' claims pursuant to these choice-of -law rules.  Plaintiffs fail to adequately plead the necessary elements of the respective claims under the law of any relevant jurisdiction (for example, demonstrating Mr. Monsees' personal participation in the conduct at issue), therefore any distinction in the respective states' laws would not "make a

1    difference in this litigation."  *Mazza*, 666 F.3d at 589; *see, e.g., Int'l Serv. Ins. Co. v. Gonzales*,

2    194 Cal. App. 3d 110, 116 (1987) ("that [the laws of] two states are implicated does not create a

3    conflict of laws" where "the result would be the same").  There are, however, certain claims

4    whose viability varies based on state of residence, thereby giving rise to an actual conflict (for

5    example, when the plaintiff's home state does not recognize a cause of action that California

6    does).  In these circumstances, pursuant to the governmental interest test, this Court should apply

7    the law of the relevant plaintiff's home state.  Mr. Monsees notes these instances where the

8    application of foreign law is necessary, but otherwise applies California law.[8]

9    **V.      ARGUMENT**

10   **A.      Plaintiffs' Complaints Sound in Fraud and Must Be Pled with Particularity**

11              Plaintiffs predicate each of their complaints on a purported coordinated effort by

12   "Defendants" to defraud the public by misrepresenting JUUL products' risks and fraudulently

13   marketing and advertising the products to minors.  *See, e.g.*, Bain Compl. ¶¶ 3-9.  Indeed, all of

14   Plaintiffs' claims arise from the same core allegations, which include, that:

15   - "Defendants devised and knowingly carried out a ***material scheme to defraud*** and addict
16     consumers by (a) misrepresenting the nicotine content, nicotine delivery profile, and risks
        of JUUL products…."  Bain Compl. ¶ 219 (emphasis added).[9]

17   - "JLI, the Management Defendants, and the Altria Defendants committed these ***deceptive,***
18     ***misleading, and fraudulent acts*** intentionally and knowingly."  *Id.* ¶ 255 (emphasis
19     added).[10]

20   - "Defendants continually and intentionally sought to frame JUUL products as smoking
       cessation devices in their public statements on their and [*sic*] website as part of their
21     ***scheme to mislead and defraud the public***."  *Id.* ¶ 259.[11]

22

23

24

25   [8] Mr. Monsees reserves all rights to challenge Plaintiffs' Complaints based on these other states'
     laws at any time in the future.  Mr. Monsees also joins in, and incorporates herein by reference,
26   the arguments set forth in JLI's, Altria's, Adam Bowen's, and the Non-Management Director
     Defendants' Motions to Dismiss.
27   [9] *See* Appendix A for parallel cites.
     [10] *See id.*
28   [11] *See id.*

Based on these allegations Plaintiffs put forth a unified course of fraudulent and deceptive conduct. *See, e.g., Munning v. Gap, Inc.*, No. 16-cv-03804-TEH, 2016 WL 6393550, at *3 (N.D. Cal. Oct. 28, 2016) (entire complaint subject to Rule 9(b) "where Plaintiff's claims arise out of the same alleged 'systematic scheme of false and misleading advertising, marketing, and sales practices'"). Where, as here, "Plaintiff's claims arise from a 'unified course of fraudulent conduct,'" **_all of their claims_** must satisfy Rule 9(b)'s heightened pleading requirements. *Id.*; *see also Kearns*, 567 F.3d at 1125 (heightened particularity in pleading is required not just for fraud claims, but for all claims that "sound in fraud"); *Vess*, 317 F.3d at 1103-04 (where plaintiff alleges a "unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud' and the pleading of that claim as a whole must satisfy the particularity requirement" for pleading fraud); *ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, No. CV 11-01056-PHX-NVW, 2011 WL 6296833, at *5 (D. Ariz. Dec. 16, 2011); *Houston v. Medtronic, Inc.*, 957 F. Supp. 2d 1166, 1180 (C.D. Cal. 2013) (strict products liability claim subject to Rule 9(b)).

## B.    Plaintiffs' Products Liability-Based Causes of Action Are Improper and Fail to State a Claim Against Mr. Monsees[12]

Plaintiffs' products liability-based claims all suffer from the same legal fatal flaw: they may only be brought against sellers, manufacturers, or those who place a product into the stream of commerce.[13] But, as explained below, no one in Mr. Monsees' position – a (former) officer and director of a large corporation – has ever been held to be any of these things, let alone found liable for the types of claims asserted by Plaintiffs. Plaintiffs' efforts to dramatically expand the

---

[12] Plaintiff Griffith A. Miles (Virginia) does not assert any strict products liability claims, though the other 20 plaintiffs do.

[13] Moreover, the products liability acts of Connecticut, Louisiana, Mississippi, Tennessee, and Washington preempt Plaintiffs' other common law claims seeking damages for injury allegedly caused by JUUL products, including negligence and warranty-based claims. *See* Conn. Gen. Stat. § 52-572n (Connecticut); La. Stat. Ann. § 9:2800.52 (Louisiana); *Elliot v. El Paso Corp*., 181 So. 3d 263, 268 (Miss. 2015) (Mississippi); *Tipton v. CSX Transp., Inc*., No. 3:15-CV-311-TAV-CCS, 2017 WL 10398182, at *3 (E.D. Tenn. Oct. 25, 2017) (Tennessee); Wash. Rev. Code Ann. 7.72.010 (Washington). Thus, the Connecticut, Louisiana, Mississippi, Tennessee, and Washington Plaintiffs' warranty and negligence-based products liability claims must be dismissed here on preemption grounds.

MONSEES MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
CASE NO.: 19-MD-02913-WHO

1   scope of products liability to reach individuals like Mr. Monsees is not supported by law and must

2   fail.[14]

### 1.   Plaintiffs Fail to State a Strict Products Liability Claim Against Mr. Monsees

3

4   Strict liability[15] may be "imposed only on those *entities* responsible for placing a defective

5   product into the stream of commerce," *O'Neil v. Crane Co.*, 53 Cal. 4th 335, 349 (2012)

6   (emphasis added), or otherwise "identifiable as 'an integral part of the overall producing and

7   marketing enterprise,'" *Arriaga v. CitiCapital Commercial Corp.*, 167 Cal. App. 4th 1527, 1534

8   (2008) (quoting *Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 262 (1964)).[16]   Plaintiffs fail to

9   plead, and cannot plead, that Mr. Monsees is either.   The law does not impose strict liability

10   merely based on an individual's corporate position.   *See Altman v. HO Sports Co., Inc.*, No. 1:09-

11   cv-1000 AWI SMS, 2009 WL 2590425, at *1 (E.D. Cal. Aug. 20, 2009) ("Under California law,

12

13   [14] Plaintiffs Miles' (Virginia), J.L.K. (North Carolina), and Bagley's (Utah) consumer protection statute claims must be dismissed because Mr. Monsees is not a seller or supplier.  In direct conflict with California law, Utah, North Carolina, and Virginia law allow recovery only for fraudulent, deceptive, or unfair business practices committed by "***sellers***" or suppliers.  Utah Code Ann. § 13-11-4; *see also* Va. Code §§ 59.1-197, 59.1-198, 59.1-200; *see also United Virginia Bank v. Air-Lift Assocs.*, 79 N.C. App. 315, 320 (1986).  As discussed below, Plaintiffs do not (and cannot) allege Mr. Monsees was a seller of JUUL products.  *See* Section V.B.1, *infra*; *see Cherdak v. McKirdy*, No. 1:17-cv-500, 2017 WL 11501875, at *4 (E.D. Va. Aug. 15, 2017) (dismissing claim against president of company as outside the definition of "supplier").

[15] In direct conflict with California law, North Carolina does not recognize a cause of action for strict products liability.  *See* N.C. Gen. Stat. § 99B-1.1.  North Carolina law applies to Plaintiff J.L.K.'s purported strict liability claims and, as a result, the claims should be dismissed.

[16] This analysis will be substantially the same regardless of which state's law the Court applies (with the exception of North Carolina, which, as noted above, does not recognize strict liability).  Indeed, all of Plaintiffs' resident states that recognize strict products liability claims limit such claims to an even narrower class of defendants than California courts – manufacturers, sellers, and those within the distributive chain.  *See, e.g.*, Ark. Code Ann. § 16-116-101 (Arkansas); Conn. Gen. Stat. § 52-572m(a) (Connecticut); *West v. Caterpillar Tractor Co.*, 336 So. 2d 80 (Fla. 1976) (Florida); Ky. Rev. Stat. Ann. § 411.320 (Kentucky); La. Stat. Ann. § 9:2800.53(1) (Louisiana); Miss. Code Ann. § 11-1-63 (Mississippi); *Sukljian v. Charles Ross & Son Co.*, 69 N.Y.2d 89, 94 (1986) (New York); Or. Rev. Stat. § 30.900 (Oregon); *Buonanno v. Colmar Belting Co.*, 733 A.2d 712, 716 (R.I. 1999) (Rhode Island); Tenn. Code Ann. § 29-28-102 (Tennessee); *Ernest W. Hahn, Inc. v. Armco Steel Co.*, 601 P.2d 152, 156 (Utah 1979) (Utah); Wash. Rev. Code Ann. § 7.72.010 (Washington); *Walker v. Ford Motor Co.*, 406 P.3d 845, 849 (Colo. 2017); *Kimco Dev. Corp. v. Michael D's Carpet Outlets*, 536 Pa. 1, 7 (1993).  Georgia limits strict liability solely to manufacturers, not sellers.  *Robinson v. Williamson*, 245 Ga. App. 17, 19 (2000).  Because Mr. Monsees neither manufactures nor sells JUUL products, he cannot be liable in any of these states.

it is clear that a mere employee of a manufacturer cannot be liable for a manufacturing defect under strict products liability"); *see, e.g.*, *Reeves v. AcroMed Corp.*, 103 F.3d 442, 449 (5th Cir. 1997) (holding defendant's role as inventor of bone implant and chairman of the board of company that manufactured the implant was insufficient to make him a manufacturer or supplier as he, "in his capacity of an individual person, did not place the medical device on the market" or "introduce it into the stream of commerce"). And Plaintiffs **concede,** as they must*,* that JLI – not Mr. Monsees – was the "seller" of JUUL products (*see, e.g.*, Bain Compl. ¶¶ 14, 208, 675[17]), **and** that the *entities* responsible for placing JUUL products into the stream of commerce did not include Mr. Monsees (*id.* ¶ 6). Plaintiffs' group-pled and conclusory allegations, *see, e.g.*, *id.* ¶ 761[18] ("At all relevant times, the JUUL Defendants and Management Defendants designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, and/or sold the JUUL Products that [Plaintiff] consumed"), do not alter this result. *Swartz*, 476 F.3d at 764-65; *Iqbal*, 556 U.S. at 678. Not surprisingly, Mr. Monsees' counsel was unable to identify a single case holding an officer or director of a manufacturer strictly liable in a products liability action.

Nor do Plaintiffs plead that Mr. Monsees was an "integral part" of the overall production and marketing of JUUL products. *Arriaga*, 167 Cal. App. 4th at 1535. To do so, Plaintiffs must allege that Mr. Monsees: "'(1) received a **direct financial benefit** from [his] activities and from the sale of the product;[19] (2) [played a] role [that] was integral to the business enterprise such that [his] conduct was a **necessary factor** in bringing the product to the initial consumer market; **and** (3) had control over, or a substantial ability to influence, **the manufacturing or distribution process**.'" *Id.* (quoting *Bay Summit Cmty. Ass'n v. Shell Oil Co.*, 51 Cal. App. 4th 762, 778 (1996)) (emphases added). Plaintiffs plead none of these elements. Indeed, they allege JLI – not

---

[17] *See* Appendix A for parallel cites.

[18] *See id.*

[19] Plaintiffs' conclusory assertions that "Defendants Bowen, Monsees, Pritzker, Huh, and Valani sought to personally profit from their unlawful acts," Bain Compl. ¶ 46, and that Altria's investment in JLI was "enormously lucrative for Defendants Monsees, Bowen, Pritzker, Huh, and Valani," *id.* ¶ 62 (*see also* Appendix A), does nothing to remedy their pleading failure. Plainly, for-profit companies make money, but nowhere do Plaintiffs allege any "direct" financial benefit to **_Mr. Monsees_** from the sale of JLI products. *Arriaga*, 167 Cal. App. 4th at 1535.

1    Mr. Monsees – controlled the manufacturing and distribution process of JUUL products, and fail

2    to allege any direct financial benefit received by Mr. Monsees, let alone that he was a "necessary

3    factor" in bringing JUUL to the consumer market.  *See, e.g.*, Bain Compl. ¶ 14[20] ("JLI[] designs,

4    manufactures, sells, markets, advertises, promotes and distributes JUUL e-cigarettes"); *see also*

5    *id.* ¶¶ 82, 520, 521, 671.[21]  This failure is fatal to the product liability claims against Mr.

6    Monsees.  *Altman*, 2009 WL 2590425, at *3 ("[The defendant] does not fit into the category of

7    defendants that are held liable for products liability, rather he is simply . . . in the employ of the

8    [co-defendant manufacturer]."); *see also In re Fresenius Granuflo/Naturalyte Dialysate Prods.*

9    *Liab. Litig.*, 76 F. Supp. 3d 321, 338 (D. Mass. 2015) (applying California law and dismissing

10   strict liability claim against officer and director for "fail[ure] to establish the requisite nexus for

11   strict product liability").

12          Moreover, Mr. Monsees cannot be held strictly liable because the underlying policy

13   considerations – enhancing safety, protecting an injured plaintiff, and apportioning costs among

14   defendants – do not justify application of the doctrine.  *Arriaga*, 167 Cal. App. 4th at 1535

15   (noting "[w]here these policy justifications are not applicable, . . . defendant [should not be held]

16   strictly liable").  While strict liability may be proper against entities actively participating in and

17   directly profiting from the stream of commerce – which can influence product safety, plaintiff

18   protection, and division of costs, including insurance – extending the doctrine to individuals like

19   Mr. Monsees, who are not alleged to have the power to unilaterally force corporate action, does

20   not advance the stated policy goals and contravenes well-settled principles of corporate liability.

21   *Altman*, 2009 WL 2590425, at *3 ("[As an] employee of the product manufacturer, the Court

22   does not see how the policies underlying strict products liability . . . would be furthered by

23   applying the doctrine to [the individual defendant].  [The plaintiff] has presented no California

24   cases that have held a manufacturer's [employee] liable under a strict products liability theory."

25   (citation omitted)).  Extending strict liability to individual officers and directors with only

26   passive, attenuated involvement in the manufacturing and distribution process, such as Mr.

27

28   [20] *See* Appendix A for parallel cites.
     [21] *See id.*

1   Monsees, is antithetical to the well-settled principle that corporate liability extends to only

2   officers and directors who have personally participated in wrongful conduct.  *United States Liab.*

3   *Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970); *Frances T. v. Vill. Green Owners*

4   *Ass'n.*, 42 Cal. 3d 490, 508 (1986).

5          **2.     Plaintiffs Fail to State a Breach of Implied or Express Warranty Claim**
6          **Against Mr. Monsees[22]**

7          Plaintiffs' claims against Mr. Monsees for breach of implied and express warranties must

8   also be dismissed because Plaintiffs do not allege that Mr. Monsees is a seller or "merchant" of

9   JLI products.[23]  An express warranty is actionable ***only*** as to the sale of goods by a "seller," Cal.

10  Com. Code § 2313, which is statutorily defined as "a person who sells or contracts to sell goods."

11  *Id.* § 2103(1)(d).  And an implied warranty claim is limited to "sellers" who are also "merchant[s]

12  with respect to goods of that kind . . . ."  *Id.* §§ 2314, 2104.[24]  As discussed above, Plaintiffs do

13  not and cannot allege that Mr. Monsees is either.  *See* Section V.B.1, *supra*.[25]

14         Moreover, Plaintiffs fail to allege the requisite privity with Mr. Monsees which is

15  necessary to recover on any implied warranty claim.[26]  *Clemens v. DaimlerChrysler* Corp., 534

16  F.3d 1017, 1023 (9th Cir. 2008); *Anthony v. Kelsey-Hayes Co.*, 25 Cal. App. 3d 442, 448 (1972)

17  (noting that warranty claim may be dismissed at pleading stage when "lack of privity between

18
19  [22] Plaintiff Nicco Wong (Florida) does not assert any warranty claims, though the other 20
    plaintiffs purport to do so.

20  [23] Louisiana courts have repeatedly held that "actions based on a breach of warranty against
    defects are to be brought in redhibition [a claim unique to Louisiana] instead of as a breach of

21  contract," *PPG Indus., Inc. v. Indus. Laminates Corp.*, 664 F.2d 1332, 1335 (5th Cir. 1982), and
    personal injury damages are not available in redhibition as a matter of law (only contract

22  rescission), *Royal v. Cook*, 984 So. 2d 156, 161-62 (La. Ct. App. 2008).  Thus, Louisiana law
    directly conflicts with California law and Plaintiff Fairess' warranty claims must be dismissed.

23  [24] This requirement is present in all of Plaintiffs' resident states.
    [25] Plaintiffs' conclusory and group-pled allegation that "JUUL Defendants at all times were

24  merchants with respect to JUUL Products" cannot cure these deficiencies.  Bain Compl. ¶ 1034;
    *see* Appendix A.

25  [26] To the extent Arkansas, Louisiana, Mississippi, Rhode Island, New York, Colorado,
    Pennsylvania, Utah, and Virginia law would not impose such a privity requirement here, and this

26  Court declines to apply California law to these claims, Plaintiffs' claims still fail as a matter of
    law as they have failed to allege Mr. Monsees is a manufacturer or seller of JUUL products, as

27  required in all jurisdictions.  *See* Section V.B.1, *supra*; *see also Iqbal*, 556 U.S. at 678; *Swartz*,
    476 F.3d at 764-65.

28

1  plaintiff and defendant is disclosed on the face of the complaint").  Plaintiffs do not and cannot

2  satisfy this requirement because they do not and cannot allege that they bought products *from Mr.*

3  *Monsees* or otherwise engaged in a transaction sufficient to establish privity.  *See McCarty v.*

4  *Johnson & Johnson*, No. 1:10-cv-00350 OWW-DLB, 2010 WL 2629913, at *6 (E.D. Cal. June

5  29, 2010) (plaintiff failed to state breach of implied warranty claim where individual defendant

6  "did not sell the product directly to [the plaintiff]" and plaintiff "never met [defendant] and did

7  not receive any representations from him").  Indeed, Plaintiffs do not even try to allege privity of

8  contract with Mr. Monsees.  *See* Bain Compl. ¶ 1042[27] ("[Plaintiff] has had sufficient direct

9  dealings . . . to establish privity of contract ***between JUUL*** [and Plaintiff]" (emphasis added)); *see*

10  *Darling v. Green*, No. EDCV 12-362 PSG (CWx), 2013 WL 12132058, at *5 (C.D. Cal. Apr. 18,

11  2013) (dismissing implied warranty claims because "[n]o contract [was] alleged to have existed

12  between Plaintiffs and [the defendant]").  Plaintiffs' attempt to invoke a purported exception to

13  the privity requirement – claiming they were "third-party beneficiar[ies] of JUUL's agreements

14  with its distributors, dealers, and sellers" – also fails.  Bain Compl. ¶ 1043.[28]  California courts

15  have not recognized this exception in the products liability context.  *See, e.g.*, *Rodrigues v.*

16  *Campbell Indus.*, 87 Cal. App. 3d 494, 500-501 (1978) (analyzing privity requirement for implied

17  warranty claim without reference to third party beneficiary exception, despite considering

18  exception in breach of contract claim); *see generally Blanco v. Baxter Healthcare Corp.*, 158 Cal.

19  App. 4th 1039, 1058 (2008) (rejecting broad extension of privity requirement).  And even if they

20  had, Plaintiffs do not allege facts establishing the existence of an underlying contract to which

21  Mr. Monsees was a party or from which Plaintiffs benefited or Mr. Monsees intended to benefit

22  Plaintiffs, as required.  *See* Cal. Civ. Code § 1559; *see also Strauss v. Summerhays*, 157 Cal. App.

23  3d 806, 816 (1984) (third party qualifies as beneficiary only if "parties must have intended to

24  benefit that third party, and their intent must appear from the terms of the contract").  The implied

25  warranty claims therefore also fail for this reason.

26        Lastly, Plaintiffs' express warranty claims fail because they do not arise from the requisite

27

28  [27] *See* Appendix A.
[28] *See id.*

1   "interaction between a seller and a purchaser in connection with the sale of goods."  *See Darling*,

2   2013 WL 12132058, at *5 (dismissing express warranty where plaintiff failed to allege any

3   "seller-purchaser relationship" or "any sale transaction between" plaintiff and defendant); *see*

4   *also Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 949 (C.D. Cal. 2012) ("An

5   express warranty is a term of the parties' contract").  As discussed above, Plaintiffs fail to allege

6   "any seller-purchaser relationship between themselves and [Mr. Monsees] or any sale transaction

7   between them."  *Darling*, 2013 WL 12132058, at *5.  Moreover, in every jurisdiction, an express

8   warranty exists only if the seller affirms a fact or makes a promise related to the goods sold that

9   becomes part of the basis of the bargain.  *See* Cal. Com. Code § 2313.  Plaintiffs, however, fail to

10   identify any affirmation or promise by Mr. Monsees about JUUL products, let alone one that

11   became the basis of any bargain between Mr. Monsees and Plaintiffs.  Thus, Plaintiffs' express

12   warranty claims should be dismissed for this reason as well.

### 3. Plaintiffs Fail to State a Negligence-Based Products Liability Claim Against Mr. Monsees

15        Plaintiffs' negligence-based products liability claims – negligent failure to recall,[29]

16   negligent failure to warn, negligent manufacturing, and negligent design[30] – suffer from the same

17   defects as their strict liability claims.  Though Plaintiffs assert in conclusory and group-pled

18   fashion that "JUUL Defendants and Management Defendants" failed to use reasonable care in

19   designing, manufacturing, and selling JUUL products, they do not (and cannot) allege **_Mr._**

[29] Plaintiffs Bagley (Utah), Bain (Tennessee), G.F. (Connecticut), D.H. (Arkansas), Keffer (Oregon), and Westfaul (Mississippi) assert negligent failure to recall claims.  Though Plaintiff Edwards does not raise failure to recall as an independent cause of action, it serves as one of the theories of liability for his negligence claim.  Plaintiff Edwards' (New York and/or Georgia) and Westfaul's (Mississippi) failure to recall claims are precluded by the laws of their resident states and must be dismissed.  *See Gaddy v. Am. Interstate Ins. Co.*, No. 1:18-cv-1928-WSD, 2018 WL 1659156, at *2 n.1 (N.D. Ga. Apr. 5, 2018); *Adams v. Genie Indus., Inc.*, 929 N.E. 2d 380, 285 (N.Y. 2010); *Murray v. Gen. Motors*, No. 3:10-cv-188-DPJ-FKB, 2011 WL 52559, at *2 (S.D. Miss. Jan. 7, 2011), *aff'd sub nom. Murray v. Gen. Motors, LLC*, 478 F. App'x 175 (5th Cir. 2012); *Ford Motor Co. v. Reese*, 300 Ga. App. 82, 85 (2009).

[30] Plaintiffs Bagley (Utah), Bain (Tennessee), J.D. (New York), Edwards (Georgia and/or New York), Fairess (Louisiana), G.F. (Connecticut), Fish (Kentucky), Gregg (New York), Miles (Virginia), D.H. (Arkansas), Keffer (Oregon), Rosenfield (Colorado, New York, and Pennsylvania), and Mangham (Georgia) assert claims for negligent design, negligent failure to warn, and negligent manufacturing.

*Monsees* ever sold, designed, or manufactured these products.[31]  *See, e.g.*, Bain Compl. ¶¶ 811-824.[32]  This defect is dispositive.  *See In re Pac. Fertility Ctr. Litig.*, No. 18-cv-01586-JSC, 2019 WL 3753456, at *11 (N.D. Cal. Aug. 8, 2019) (negligent failure to recall claim requires the plaintiff to plead the defendant "*manufactured/distributed/sold* the product" (internal quotation marks omitted) (emphasis added)); *Putensen v. Clay Adams, Inc.*, 12 Cal. App. 3d 1062, 1076-77 (1970) ("the *manufacturer* has a duty to . . . give warning of the dangerous condition" (emphasis added)); *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 141 (1986) ("A *manufacturer/seller* of a product is under a duty to exercise reasonable care in its design" (emphasis added)); *Putensen*, 12 Cal. App. 3d at 1076 (noting that "a *manufacturer* who fails to exercise reasonable care in manufacture of a chattel" may be liable in tort (emphasis added)).  Again, Plaintiffs' attempt to expand the scope of products liability to reach individuals like Mr. Monsees is improper and non-sensical.  Plaintiffs do not (and cannot) sufficiently plead any negligence-based products liability claim against Mr. Monsees.  *See* Section V.B.3, *supra*.

### C.   Plaintiffs Fail to State Any Fraud-Based Claims Against Mr. Monsees

#### 1.   Plaintiffs Fail to State a Fraud or Fraudulent Concealment Claim Against Mr. Monsees[33]

To state a claim for fraud or fraudulent concealment, Plaintiffs must plead that: (1) Mr. Monsees personally participated in an affirmative misrepresentation or actionable omission; (2) Mr. Monsees acted with the specific intent to defraud; *and* (3) Plaintiffs justifiably relied on Mr. Monsees' purported misrepresentation(s) or omission(s).[34]  *Perlas v. GMAC Mort., LLC*, 187 Cal.

---

[31] Further highlighting the absurdity of Plaintiffs' efforts to expand products liability to Mr. Monsees, even their group-pled allegations are directed at the Company, not Mr. Monsees.  *See, e.g.*, Bain Compl. ¶ 825, 841, 888, 853 (alleging that "a reasonable *company*" or a "reasonable manufacturer" would have acted differently under the same or similar circumstances); *see* Appendix A.  Mr. Monsees is obviously not a company, and the Complaints contain no well-pled facts suggesting that he participated in manufacturing JUUL products.

[32] *See* Appendix A.

[33] All plaintiffs allege fraud and fraudulent concealment claims, with the exception of Plaintiffs Rosenfield and D.H., who do not allege an independent fraudulent concealment claim.

[34] All plaintiffs *except* Plaintiffs Arnett, Fish, and Miles allege negligent misrepresentation claims.  The elements of negligent misrepresentation largely mirror those of fraud and require Plaintiffs to plead Mr. Monsees personally made an affirmative misrepresentation upon which Plaintiffs actually and justifiably relied.  *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 476

App. 4th 429, 434 (2010); *Haidinger-Hayes*, 1 Cal. 3d at 595.  Plaintiffs fail to plead any of these elements, *let alone all of them*, as to Mr. Monsees. [35]  *See Margosian v. Margosian,* No. CV F 11-0137 LJO SMS, 2011 WL 703614, at *6 (E.D. Cal. Feb. 18, 2011) (dismissing fraud claims against corporate officers where plaintiffs failed to plead in full, "factually and specifically, all of the elements of the cause of action").

   *First*, Plaintiffs do not allege any facts establishing that Mr. Monsees made an affirmative misrepresentation knowing that it "was false" or "recklessly and without regard for its truth."[36] *Graham v. Bank of Am.*, 226 Cal. App. 4th 594, 605-06 (2014).  Instead, Plaintiffs again fall back on primarily group-pled, conclusory assertions that, as a matter of law, are insufficient to state a claim (*e.g.*, that "Defendants' marketing, promotions and advertisements contained deceptive statements that JUUL e-cigarettes were reasonable alternatives to combustible cigarettes and that they contained nicotine 'approximately equivalent to a pack of cigarettes.'").  Bain Compl. ¶ 911[37]; *see Swartz*, 476 F.3d at 764-65 (group pleading is impermissible); *Iqbal*, 556 U.S. at 678.[38]  And

---

(2003).  As explained in this section, Plaintiffs have failed to do so, and their negligent misrepresentation claims therefore fail for the same reasons as the fraud claims. *See* Section V.C.1, *infra*.  Moreover, Arkansas does not recognize an independent tort of negligent misrepresentation, in direct conflict with California law. *S. Cty., Inc. v. First W. Loan Co.*, 871 S.W.2d 325, 326 (Ark. 1994) ("We decline to recognize the tort of negligent misrepresentation."). Thus, Plaintiff D.H.'s (an Arkansas resident) negligent misrepresentation claim must be dismissed for this reason as well.

[35] Plaintiff Miles asserts an independent claim for constructive fraud, which requires a plaintiff to allege a "fiduciary or confidential relationship" between him or herself and the defendant. *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1183 (C.D. Cal. 2006); *see Sacramento E.D.M., Inc. v. Hynes Aviation Indus., Inc.*, 965 F. Supp. 2d 1141, 1152 (E.D. Cal. 2013) (constructive fraud claim subject to Rule 9(b)).  Plainly, no such relationship exists here, and the constructive fraud claim must be dismissed.

[36] To the extent Louisiana law does not require knowledge of or recklessness as to falsity of the statement, *see Sys. Eng'g & Sec., Inc. v. Sci. & Eng'g Ass'n Inc.*, 962 So. 2d 1089, 1091 (La. Ct. App. 2007), should the Court decline to apply California law to this claim, the Louisiana Plaintiff's claim still fails as they have failed to allege Mr. Monsees made any false statement upon which they reasonable relied.

[37] *See* Appendix A.

[38] Plaintiffs' effort to impute on all "Early Conspiracy Defendants," which includes Mr. Monsees, a broad range statements purportedly made to the public via JLI's website and otherwise, *see* Bain Compl. ¶ 978 and Appendix A, is unconvincing and wholly insufficient to satisfy the particularity requirements of Rule 9(b). *See Vess*, 317 F.3d at 1106 (plaintiff must state with particularity the "who, what, when, where, and how of the misconduct charged"); *Swartz*, 476

1    in the rare occasion when Plaintiffs attempt to attribute statements to Mr. Monsees specifically,

2    they fail to allege how or why the statements were false when made,[39] or that Mr. Monsees acted

3    with the required intent to defraud – let alone with the requisite factual particularity.  Bain Compl.

4    ¶¶ 921, 929[40] ("Defendants knew, should have known, that its misrepresentations and/or omissions

5    were false and misleading" and worked together to "downplay[] the risks of e-cigarettes"); *Swartz*,

6    476 F.3d at 765 (dismissing conclusory, group-pled fraud allegations as a matter of law).

7         Nor do Plaintiffs sufficiently allege any actionable concealment by Mr. Monsees.  To do

8    so, Plaintiffs must allege Mr. Monsees made a partial representation while suppressing other

9    facts, had knowledge of material facts not known or accessible to Plaintiffs, or actively concealed

10   discovery of material facts from Plaintiffs.[41]  *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal.

11   3d 285, 294 (1970); *see also Bank of Am. Corp. v. Super. Ct.*, 198 Cal. App. 4th 862, 870-71

12   (2011) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336-37 (1997)).  Here, Plaintiffs have

13   made no such allegations.  Their conclusory and group-pled allegations that ***Defendants***, as a

14   group, "fraudulently and deceptively concealed" facts regarding JUUL products do not state

15   claims ***against Mr. Monsees***.  Bain Compl. ¶¶ 930-35[42]; *Swartz*, 476 F.3d at 764-65; *Iqbal*, 556

16   U.S. at 678.

17         ***Second***, Plaintiffs fail to plead ***facts*** establishing that Mr. Monsees acted with the specific

18   intent to defraud.  *Perlas*, 187 Cal. App. 4th at 434; *see, e.g.*, *Goldrich v. Nat. Y Surgical*

19   *Specialties, Inc.*, 25 Cal. App. 4th 772, 782-83 (1994) (conclusory allegations that defendants

20   made representations "in order to 'defraud and deceive' [plaintiff] and with the intent to induce

21   her to use the product" "did not come close to the required specificity").  Again, Plaintiffs offer

---

22   F.3d at 764-65. Moreover, Mr. Monsees cannot be vicariously liable for the statements of JLI.

23   *Frances T.*, 42 Cal. 3d at 505.

[39] *See*, *e.g.*, Bain Compl. ¶ 978 and Appendix A ("selling JUUL products to youth [is]

24   'antithetical to the company's mission"); *id.* (congressional testimony that "We never wanted any

25   non-nicotine user, and certainly nobody under the legal age of purchase, to ever use JLI products

      . . . That is a serious problem.  Our company has no higher priority than combatting underage

26   use").

[40] *See* Appendix A.

27   [41] All of Plaintiffs' resident states require the plaintiff to allege a duty to speak or disclose the

      information in order to state a fraudulent concealment claim.

28   [42] *See* Appendix A.

Monsees Motion to Dismiss Bellwether
Personal Injury Complaints
Case No.: 19-md-02913-WHO

1    only conclusory and group-pled allegations that "Defendants had a specific intent to defraud

2    regulators and the public," Bain Compl. ¶ 980[43], which are plainly insufficient to state a claim.

3    *Swartz*, 476 F.3d at 764-65; *Iqbal*, 556 U.S. at 678.

4          **Finally**, Plaintiffs have failed to plead their actual and justifiable reliance on any

5    purported misrepresentation by Mr. Monsees.  *Wilhelm v. Pray, Price, Williams & Russell*, 186

6    Cal. App. 3d 1324, 1331-32 (1986) ("actual reliance" means "the representation was an

7    'immediate cause' that altered their legal relations").  Plaintiffs complain that "[h]ad [Plaintiffs]

8    been adequately informed of the material facts concealed from [them] regarding the safety of

9    JUUL, . . . [they] would not have purchased or used JUUL Products."  Bain Compl. ¶ 940.[44]  But,

10   as noted above, this conclusory, group-pled language does not satisfy the specificity requirement

11   as to Mr. Monsees.  *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 184-85 (2003) (plaintiffs'

12   conclusory assertion "of having relied on defendants' misrepresentations . . . does not satisfy the

13   specificity requirement"); *see also Hamilton v. Greenwich Inv'rs XXVI, LLC*, 195 Cal. App. 4th

14   1602, 1615 (2011) (dismissing fraud claim where plaintiffs' allegations did not specify "who said

15   what to whom and how any such statements caused them harm" because causation lacking where

16   no facts justifying actual reliance).  Nor do Plaintiffs allege any facts showing that any such

17   reliance would have been justifiable, let alone any facts suggesting Mr. Monsees' alleged

18   fraudulent statements were the "immediate cause" of their reliance.  *Small*, 30 Cal. 4th at 184-85;

19   *Goldrich*, 25 Cal. App. 4th at 783.

20          **2.      Plaintiffs Fail to State a Conspiracy to Commit Fraud Claim Against
21                   Mr. Monsees**[45]

22          "Civil conspiracy is not a separate and distinct cause of action under California law."[46]

23   *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, No. C 06 7541 PJH, 2007 WL 2288329, at *4

24   (N.D. Cal. Aug. 9, 2007).  Thus, "[i]f the plaintiff fails to adequately plead the underlying claim,

25

26   [43] *See id.*
     [44] *See id.*

27   [45] All plaintiffs *except* Plaintiff Fish (Kentucky) allege a conspiracy to commit fraud claim.

28   [46] All of Plaintiffs' resident states also require that civil conspiracy claims be predicated on an
     underlying tort.

1  the corresponding conspiracy claim must also fail."  *Id.*; *Applied Equip. Corp. v. Litton Saudi*

2  *Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994) ("Standing alone, a conspiracy does no harm and

3  engenders no tort liability.  It must be activated by the commission of an actual tort").  As

4  demonstrated above (and in the motions being joined herein), Plaintiffs have failed to plead any

5  underlying fraud against Mr. Monsees.  *See* Section V.C.1, *supra*.  As a result, the conspiracy

6  claim against Mr. Monsees must also fail.  *See Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW,

7  2008 WL 5000237, at *5 (N.D. Cal. Nov. 21, 2008) (dismissing conspiracy claim where plaintiffs

8  failed to plead underlying fraud); *Margosian,* 2011 WL 703614, at *9 (same).

9      The conspiracy claim also fails because Plaintiffs do not sufficiently plead (1) Mr.

10  Monsees' agreement with others,[47] or (2) intent to engage in the fraudulent conduct underlying

11  the conspiracy claim, both necessary elements.  *See Margosian*, 2011 WL 703614, at *9; *see also*

12  *Hanni*, 2008 WL 5000237, at *5; *Swartz*, 476 F.3d at 765.   Here, there are no particularized

13  allegations regarding the details of any alleged agreement by Mr. Monsees, *e.g.*, when it was

14  agreed to or how Mr. Monsees was involved.  *Margosian*, 2011 WL 703614, at *9 (dismissing

15  conspiracy claim against corporate officers where "the complaint fail[ed] to allege facts of

16  [officers'] agreement between themselves or with others to plan or commit wrongs along with

17  actual commission of an actionable tort").  Nor do Plaintiffs sufficiently allege *Mr. Monsees'*

18  intent to commit any fraudulent activities as discussed above.  *See* Section V.C.1 *supra*; *Goldrich*,

19  25 Cal. App. 4th at 782-83.

20      **D.**    **Plaintiffs' Remaining Tort Claims Against Mr. Monsees Should Be Dismissed**

21      Plaintiffs' remaining tort claims fail to allege well-pled facts (rather than conclusory or

22  group-pled assertions) that *Mr. Monsees* personally engaged in any tortious or wrongful conduct,

23  or that their purported injuries were caused by anything *Mr. Monsees* did.  *See* Section V.D.1-2,

24

---

25  [47] To the extent Plaintiffs allege that Mr. Monsees conspired with JLI, *see* Bain Compl. ¶ 962 and

26  Appendix A ("***JLI*** and Defendants Bowen, Monsees, Pritzker, Huh, and Valani" conspired to engage in fraudulent marketing scheme) (emphasis added), this is an impossibility and their claim should be dismissed.  *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1192 (N.D. Cal. 2000)

27  (dismissing civil conspiracy claims "because an employer cannot 'conspire' with its employee as a matter of law"); *see also Torres v. Wells Fargo*, No. C 07-5561, 2008 WL 2397460, at *2 (N.D.

28  Cal. June 11, 2008); *Hanni*, 2008 WL 5000237, at *4.

MONSEES MOTION TO DISMISS BELLWETHER
PERSONAL INJURY COMPLAINTS
CASE NO.: 19-MD-02913-WHO

*infra*; *Iqbal*, 556 U.S. at 678; *Swartz*, 476 F.3d at 764-65.

### 1.   Plaintiffs Fail to State A Claim for Intentional or Negligent Infliction of Emotional Distress Against Mr. Monsees[48]

To state a claim for intentional infliction of emotional distress ("IIED"), Plaintiffs must allege Mr. Monsees personally engaged in outrageous conduct, intended to cause (or acted with reckless disregard of the probability of causing) severe emotional distress, and in fact caused Plaintiffs' emotional distress as a result of his purported "outrageous" conduct.  *Margosian*, 2011 WL 703614, at *11; *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 300 (1988).  Conduct is "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Nally*, 47 Cal. 3d at 300 (quoting *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)).  Moreover, defendant's outrageous conduct must be "directed at the plaintiff or occur in the presence of a plaintiff of whom the defendant is aware.'"  *Margosian*, 2011 WL 703614, at *12.

Plaintiffs' Complaints are devoid of any facts supporting their IIED claims against Mr. Monsees.  Setting aside their conclusory allegations that "Defendants," as a group, "acted willfully or wantonly toward [Plaintiff]," Bain Compl. ¶ 1060,[49] nowhere do they allege *Mr. Monsees* engaged in conduct beyond the bounds of human decency that caused Plaintiffs' purported severe emotional distress.  *Margosian*, 2011 WL 703614, at *12; *Swartz*, 476 F.3d at 764-65.  At  most, Plaintiffs allege that Mr. Monsees was engaged in ordinary and routine corporate activities: helping negotiate an acquisition of JLI, speaking with an investor about JLI's branding approach, receiving the results from consumer research, reviewing advertising materials, running board meetings, testifying to Congress on JLI's behalf, providing direction on JLI's website content, and making public statements advocating against youth use.  Bain Compl. ¶¶ 46,

---

[48] Plaintiffs Bagley (Utah), Bain (Tennessee), Edwards (Georgia and/or New York), Mangham (Georgia), and Westfaul (Mississippi) assert claims for intentional infliction of emotional distress. To the extent Plaintiff Fish (Kentucky) alleges a tort claim of "outrage," that cause of action appears to be identical to the IIED claims, *see Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984), and fails for the same reasons.  Plaintiffs Westfaul (Mississippi) and Bain (Tennessee) assert negligent infliction of emotional distress claims.
[49] *See* Appendix A.

1  105, 414, 134, 274, 235, 347, 529, 404, 526, 433.[50]  This is insufficient to state any claim, let

2  alone a claim for "outrageous conduct," against a corporate director or officer.  *Estate of*

3  *Goldberg v. Goss Jewett Co., Inc.*, No. EDCV 14-1872 DSF (AFMx), 2019 WL 4221398, at *1,

4  *3 (C.D. Cal. June 4, 2019) (noting that "officers of a corporation . . . oversee most or all aspects

5  of a corporation's activities" so defendant's participation must differ from ordinary relationship

6  with company and "specifically relate[] to" circumstances giving rise to tort claim); *Margosian*,

7  2011 WL 703614, at *11-13 (dismissing IIED claim against corporate officers where "[t]he

8  complaint lack[ed] allegations of [the officers'] outrageous conduct committed with their

9  intention to cause, or reckless disregard of the probability of causing, emotional distress," but

10  instead focused "only on their . . . officer roles in [the company]"); *Iqbal*, 556 U.S. at 678

11  (conclusory allegations insufficient).

12        Plaintiff Westfaul's and Bain's negligent infliction of emotional distress ("NIED") claims

13  also fail because NIED is not an independent cause of action under California law or under the

14  laws of their resident states.  *See Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1266 n.11

15  (2017), *as modified* (Apr. 19, 2017) ("There is no independent tort of negligent infliction of

16  emotional distress."); *see, e.g.*, *Gill v. CL Medical SARL*, No. 2:14-CV-109-KS-MTP, 2015 WL

17  5521866, at *4 (S.D. Miss. Sept. 18, 2015) (dismissing independent NIED claim that was

18  subsumed by plaintiff's products liability claims under the Mississippi Products Liability Act);

19  *see also Hosbrook v. Ethicon, Inc.*, No. 20-cv-88, 2020 WL 5214644, at *8 (S.D. Ohio Sept. 1,

20  2020) (applying Tennessee law and finding NIED claim was not independent of and was

21  subsumed by products liability claims asserted under Tennessee Product Liability Act).

22              **2.      Plaintiff Keffer Fails to State a Survival Action or Loss of Consortium
23                        Claim Against Mr. Monsees**

24        Plaintiff Keffer's claims against Mr. Monsees for "survival action" and loss of consortium

25  should also be dismissed.  *First*, a "survival action" is not an independent cause of action but a

26  procedural device to ensure that "a cause of action for or against a person is not lost by reason of

27  the person's death."  *See Estate of Lopez v. Gelhaus*, 149 F. Supp. 3d 1154, 1167 (N.D. Cal.

28  ────────────────
[50] *See id.*

2016) (holding separate "survivorship" claim was duplicative of substantive claim on which it was based).  And to the extent Plaintiff requests damages for pain and suffering in conjunction with his survivorship claim, such damages are unavailable as a matter of law.  Cal. Code Civ. Proc. § 377.34 ("In an action . . . by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable . . . do not include damages for pain, suffering, or disfigurement").[51]  *Second*, under California law, a parent (like Plaintiff Keffer) may not recover loss of consortium damages for injury to his or her child; thus, his claim must be dismissed.[52]  *Baxter v. Super. Ct.*, 19 Cal. 3d 461, 466 (1977).

## VI.   CONCLUSION

For the foregoing reasons, the Court should dismiss all of the products liability- and fraud-based claims against Mr. Monsees, as well as the claims for intentional and negligent infliction of emotional distress, outrage, survival action, loss of consortium, and the consumer protection statute claims under Utah and Virginia law.

Dated: March 2, 2021

JAMES N. KRAMER
JAMES THOMPSON
ROLAND CHANG
Orrick, Herrington & Sutcliffe LLP


By  _____/s/ James N. Kramer_____
                JAMES N. KRAMER

Attorneys for Defendant
James Monsees

---

[51] Plaintiff Keffer's "survival action" claim similarly fails under Oregon law, which provides that recovery of damages for disability, pain, suffering, and lost income may only be recovered in the wrongful death action where such a claim is asserted. *See* Or. Rev. Stat. § 30.075(3) ("If an action for wrongful death under ORS 30.020 is brought, recovery of damages for disability, pain, suffering and loss of income . . . may only be recovered in the wrongful death action.") (emphasis added).

[52] Should the Court decline to apply California law to Plaintiff Keffer's loss of consortium claim, the claim still fails because loss of consortium is as an element of damages and not a claim under Oregon law (Keffer's resident state). *See, e.g.*, *Beerbower v. State ex rel. Oregon Health Scis. Univ.*, 85 Or. App. 33, 335 (1987); *see also* Or. Rev. Stat. § 30.010(2) ("[a] parent may recover damages for the death of his or her child *only* under the [wrongful death statute]" (emphasis added)).