UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | CASE NO. 19-md-02913-WHO |
| | **CASE MANAGEMENT ORDER NO. 14: NON-BELLWETHER CLASS REPRESENTATIVES FACT SHEET IMPLEMENTATION ORDER** |
| This Document Relates to: | |
| *All matters* | HONORABLE WILLIAM H. ORRICK |

This Case Management Order ("CMO" or "Order") governs the form, schedule for completion, and service of Plaintiff Fact Sheets ("PFS") by Class Representatives who (i) are included in the Second Amended Consolidated Class Action Complaint (ECF No. 1035, 1035-1), but (ii) are not a representative of the California subclass, the RICO subclass, or any other state subclass which may be selected as a bellwether class ("Non-Bellwether Class Representatives").

This order relates only to obligations with respect to economic loss claims made by the Non-Bellwether Class Representatives. Discovery obligations with respect to claims brought on an individual basis for personal injury are governed by separate orders and agreements of the parties. Nothing in this order affects the discovery obligations of any plaintiff with respect to their individual claims for personal injury

**Online Platform**

The Court previously appointed BrownGreer, PLC ("BrownGreer") to serve as the online platform for the data management of the PFS. *See* ECF 406. The parties are directed to utilize BrownGreer's platform, "MDL Centrality," to fulfill their PFS obligations and also, to the extent necessary, directly or through their designated representatives, to enter into a contract with the company specifying the services

1

to be provided, the costs of such services, and the parties' payment obligations. BrownGreer shall work with the parties to compile all necessary data. Class Representatives shall serve their respective PFS and any documents responsive to the requests in the PFS that the Parties agree must be produced ("Responsive Documents") by uploading them to MDL Centrality. Uploading the responsive discovery to MDL Centrality shall constitute effective service.

**Plaintiff Fact Sheets**

The Court has approved a Personal Injury PFS that includes document requests.  *See* Exhibit 1. Each Non-Bellwether Class Representative must complete and submit the PFS as follows:

A.  Non-Bellwether Class Representatives who assert personal injury claims in addition to their economic loss claims must complete questions 32 – 46 and Authorizations 1 – 8 in the Personal Injury PFS. If a Non-Bellwether Class Representative has previously completed a PFS in connection with his or her personal injury claim, such Non-Bellwether Class Representative will not be required to complete a separate PFS with respect to his or her class action claim; and

B.  Non-Bellwether Class Representatives who assert only economic loss claims are not required to complete questions 32 – 46 and Authorizations 1 – 8 in the Personal Injury PFS.  However, JLI reserves all rights to seek additional information on medical or education records and Plaintiffs reserve their right to oppose any such request.

All Non-Bellwether Class Representatives shall also answer JLI's First Set of Interrogatories No. 9.

**Discovery Mechanism**

The effect of a Non-Bellwether Class Representative's response to the questions contained in the PFS shall be considered the same as interrogatory responses, and where documents are requested, responses shall be considered the same as responses to requests for production under the Federal Rules of Civil Procedure, and will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure.

2

A PFS is served without prejudice to the Defendants' rights to serve additional discovery (which Defendants specifically reserve the right to serve). The Parties have agreed that additional discovery requests are appropriate for those Non-Bellwether Class Representatives that are chosen by the Parties and/or the Court as potential bellwether class representatives. The Non-Bellwether Class Representatives do not waive their rights to assert objections permitted under the Federal Rules of Civil Procedure to any additional discovery.

**PFS Deadlines**

Each Non-Bellwether Class Representative must complete and submit a PFS and produce Responsive Documents on or before February 19, 2021.

**Substantial Completeness of PFS**

**A.** <u>**Substantial completeness:**</u> PFS submissions must be substantially complete, which means the Non-Bellwether Class Representative must:

1. Answer all applicable questions (a Non-Bellwether Class Representative may answer questions in good faith by indicating "not applicable," "I don't know," or "unknown");

2. Include a signed Declaration; and

3. Produce Responsive Documents to the extent such documents are in the Non-Bellwether Class Representative's possession, custody, or control.

**B.** <u>**Deficiency notice:**</u> If a Defendant considers a PFS to be materially deficient, a deficiency notice outlining the purported deficiency(ies) shall be served on the Non-Bellwether Class Representative's attorney of record via MDL Centrality and on interim co-lead counsel for the plaintiffs via email. The deficient Non-Bellwether Class Representative will have thirty (30) days to correct the alleged deficiency(ies).

**Objections Reserved to PFS**

All objections to the admissibility of information contained in the PFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit a Non-Bellwether Class Representative from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege shall be

3

**[~~PROPOSED~~] NON-BELLWETHER CLASS REPRESENTATIVES FACT SHEET IMPLEMENTATION ORDER – CASE NO. 19-MD-02913-WHO**

logged in accordance with the requirements of Case Management Order No. 4: Rule 502(d) and Privileged Materials Order, Docket No. 322, Section C.

**Confidentiality of Data**

Information any Non-Bellwether Class Representative provides pursuant to a PFS is deemed confidential, and may be disclosed only as permitted by the Protective Order.

**Scope of Depositions and Admissibility of Evidence**

Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The Federal Rules of Evidence shall govern the admissibility of information contained in responses to the PFS and no objections are waived by virtue of providing information in any PFS.

**Failure to Serve PFS**

A.    **Notice by Defendants of overdue discovery:** Any Non-Bellwether Class Representative who fails to comply with its PFS obligations under this Order may be subject to having its claims dismissed. If a Non-Bellwether Class Representative has not submitted a completed PFS within 30 days following the due date set forth herein, any Defendant may send a Notice of Overdue Discovery via MDL Centrality and on interim co-lead counsel for the plaintiffs via email.

B.    **Motion to dismiss without prejudice:** If a Non-Bellwether Class Representative fails to submit a completed PFS within 30 days after receipt of the Notice of Overdue Discovery, any Defendant may move the Court for an order dismissing the Class Representative from the Second Amended Consolidated Class Action Complaint without prejudice. A Class Representative subject to such motion shall have 14 days from the date of the Defendant's motion to file a response either (a) certifying that the Non-Bellwether Class Representative has submitted a completed PFS or (b) opposing the Defendant's motion for other reasons. If a Non-Bellwether Class Representative certifies that he or she has submitted a completed PFS, the Non-Bellwether Class Representative shall not be dismissed from the Second Amended Consolidated Class Action Complaint (unless the Court finds that the certification is false or incorrect).

This Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO ORDERED**.

Date: March 10, 2021



HONORABLE WILLIAM H. ORRICK

5