1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re: Juul Labs, Inc., Marketing, Sales
Practices, and Products Liability Litigation

Case No.   19-md-02913-WHO

**TENTATIVE RULING FOR MARCH 26, 2021 HEARING: MOTIONS TO DISMISS**

I am inclined to deny all of the motions to dismiss except for the state claims where there are no class representatives—Delaware, District of Columbia, Idaho and North Dakota.

The plaintiffs have re-worked the RICO Enterprise allegations. Combined with the additional allegations regarding the individual defendants' and Altria's direction, control, and participation in the Fraudulent Marketing, Youth Access, Nicotine Content, Flavor Preservation and Cover-up Schemes (Altria is involved in the latter three Schemes only) that would benefit themselves and were not necessarily in the best interest of JLI, the allegations are plausible and sufficient for pleading purposes to allege a RICO Enterprise. Whether JLI could be the Enterprise given its own alleged fraudulent conduct and whether defendants were acting primarily in JLI's corporate interests may be revisited on summary judgment.

I have already held that the predicate acts of mail and wire fraud were sufficiently alleged and am not inclined to revisit that issue.

Pritzker, Huh, and Valani (the Other Director Defendants) are alleged to have numeric control of the Board, knew about JUUL's youth appeal and the growth of underage users, were involved in significant marketing decisions and were unusually active in management and decisions from which they profited billions of dollars. Their personal participation in RICO conduct is now sufficiently alleged for RICO.

1    Because of the additional allegations, particularly with respect to the personal participation

2    of the Other Director Defendants, the UCL claim is viable (I will deal with the restitution and

3    unjust enrichment claims on a full evidentiary record), and the government entities' public

4    nuisance, negligence, and New York/Florida consumer protection claims are also viable.

5    There is personal jurisdiction because of the Other Director Defendants' personal

6    participation and their forum-related contacts resulting from being directors of a San Francisco-

7    based company.  It appears that personal jurisdiction would exist for the same reasons in all cases,

8    but I will restrict this result to the bellwethers if defendants think there is a viable argument in

9    another case.  Any of the 57 state sub-class representatives who has not filed a separate complaint

10   asserting claims by April 1, 2021 will be dismissed.  As stated in the opening paragraph, the state

11   claims where there are no class representatives will be dismissed.

13   Dated:  March 25, 2021

William H. Orrick
United States District Judge

United States District Court
Northern District of California

2