UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

Case No. 19-md-02913-WHO (JSC)

**ORDER DENYING IN PART ADMINISTRATIVE MOTION TO SEAL AND REQUIRING FURTHER SUBMISSION**

Dkt. Nos. 1691, 1759

Pursuant to the Court's April 14, 2021 order, Altria and its related entities (collectively, Altria) submitted a revised administrative motion to file under seal portions of the parties' Joint Letter Brief and supporting Exhibits. Dkt. Nos. 1691, 1759. That motion is DENIED in part and, as to the remainder, Altria must submit a more narrowly tailored request.

Initially, the Court reminds counsel that requests to seal must be narrowly tailored. Overbroad requests to seal (as well as over-designation in the first instance) creates more work on the Court's end and will not be accepted.

Altria's request to seal portions of the Joint Letter Brief, even as modified in Dkt. No. 1759-4 is DENIED. Good cause has not been shown to seal the very generalized or publicly known information referred to in the Joint Letter Brief. Altria shall e-file an unredacted version of the Joint Letter Brief when submitting the further response required below.

More generally, with respect to the Exhibits, Altria's modified request is still facially overbroad even under the good cause standard. For example, cover letters and emails explaining generally what is attached are not sealable. More substantively, it appears to the Court that many of the general topics discussed in the underlying deposition transcripts, meeting notes, and presentations are known given the unsealed portions of the Joint Letter Brief, but also given the

facts alleged in the operative complaints in the MDL and the related antitrust actions – supported by refence to underlying documents produced by defendants and tested by defendants' motions to dismiss – that defendants have not sought to seal.  These general topics and general information cannot be sealed under the good cause standard.  However, still-confidential provisions in a term sheet (as opposed to publicly disclosed provisions or predicate verbiage) may be sealed under the good cause standard.  Altria needs to take another, closer look at what they believe meets the good cause standard in Exhibits D, E, and F.

Finally, Altria used opaque redactions in their sealed version of the revised redacted Joint Letter and Exhibits.  Dkt. No. 1759-4, Ex. B.  That means the Court cannot view the text that Altria believes should remain under seal.  Altria must resubmit the redacted Exhibits (B, G, and R) with the proposed redactions highlighted so that the Court can read them to determine whether the underlying text merits sealing.

Altria must submit the unredacted version of the Joint Letter Brief and their revised proposal for sealing narrowly tailored portions of Exhibits B, D, E, F, G, and R within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: April 28, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge