UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO (JSC)<br><br>**ORDER ON JOINT LETTER BRIEF RE: COMPULSORY MEDICAL EXAMINATIONS**<br><br>Dkt. Nos. 1770 |

Now pending before the Court is a Joint Letter Brief regarding the protocols to be followed for the compulsory medical examinations (CMEs) of four plaintiffs to be performed over Zoom video by psychiatrists selected by Defendants. (Dkt. No. 1770-2.)

Plaintiffs seek an order requiring the psychiatrists to identify and justify each diagnostic test they intend to conduct during the CMEs and preclude the psychiatrists from asking questions covered in deposition regarding each plaintiff's tobacco use, medical history, and social history. Defendants object and ague the agreed-to 4-hour time limit and notice of topics to be covered are sufficient to safeguard against any theoretical abuse of the CME process and that the psychiatrists should otherwise be free to perform their typical examination in accordance with the standard practice in their fields. Plaintiffs' requests are DENIED. The limits in place and notice are sufficient. The psychiatrists – who have no connection to any party and have not worked for any Defendant prior to this action – should be given fair leeway conduct the CMEs as they see fit.

Plaintiffs also seek permission for minor-plaintiff D.H.'s mother to attend the CME. Defendants object. Plaintiffs' request is DENIED. The presence of another individual in the CME is outside the usual practice of the retained psychiatrists and could (here, likely would with

the presence of D.H.'s mother) impact how the plaintiff responds.

Plaintiffs' counsel also seek permission to observe the CMEs without their cameras on so that they can object to any questions that call for attorney-client privileged information and minimize the "risk of abuse" of the CME process that allegedly occurred in the *Engle* tobacco litigation. This request is also DENIED. The presence of others "in" the CME, even if not on camera and attending remotely, could not only impact how plaintiffs respond but also negatively disrupt the flow of the CME.

Finally, Defendants seek permission to audio record the CMEs, through the standard Zoom functionality, and make the recordings available first to Plaintiffs (for a privilege review) and then to Defendants. Plaintiffs oppose, noting that recording is atypical and usually implemented only at the request of a plaintiff. Defendants' request is DENIED. Audio-recording poses the same problems as having a person "in" the room: the plaintiff will likely respond differently knowing that the responses are being recorded.

In sum, absent a significant risk of the abuse of the CME process – that has not been shown with respect to these proceedings – the CMEs should be conducted in their typical manner; with no one else attending or observing and with no recording.

Plaintiffs' administrative motion to file narrowly-tailored portions of the Joint Letter and Exhibit M under seal is GRANTED. (Dkt. No. 1770.) Good cause exists to seal the highly sensitive information regarding the minor.

This Order disposes of Docket No. 1770.

**IT IS SO ORDERED.**

Dated: May 3, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge