UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>Nicole Dramis, individually and as the mother and next friend of J.D.<br><br>v.<br><br>Juul Labs, Inc. et al.<br><br>Case No.: 3:18-cv-02499 | Case No. 19-md-2913-WHO<br><br>**NOTICE OF TAKING REMOTE VIDEO CONFERENCE AND VIDEOTAPED DEPOSITION [DUCES TECUM]**<br><br>Hon. William H. Orrick |

**PLEASE TAKE NOTICE** that the undersigned attorney will take the remote videotaped deposition of:

| **NAME:** | **DATE AND TIME:** | **LOCATION:** |
|---|---|---|
| Nicole Dramis | June 1, 2021, at 9:00 a.m. ET | Witness's Residence or other agreed-upon location TBD |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30 and *In Re: Juul Labs, Inc., Marketing, Sales Practices, And Products Liability Litigation,* Case No. 19-md-02913-WHO, Case Management Order Number 11 (CMO No. 11), Defendant Juul Labs, Inc. ("JLI"), by and through the undersigned counsel, intends to depose Nicole Dramis via remote audio-video conference on June 1, 2021 at

9 a.m. Eastern Time via Zoom cloud or similar remote platform meeting via TSG Reporting.

The remote deposition will be coordinated by TSG Reporting, with a business address of 1300 I Street NW, Suite 400E, Washington, District of Columbia, 20005. A link and any necessary credentials will be provided at least three days in advance of the deposition. The deposition will be conducted using teleconference and/or video conference technology, without a court reporter being physically present with the witness, consistent with CMO No. 11 and all existing governmental and court orders relating to COVID-19 and consistent with best practices recommended by the CDC to prevent the spread of COVID-19.

This deposition is being taken for the purpose of discovery, for use at trial, or such other purposes as are permitted under the Rules. The deposition will be recorded by stenographic means and by audio and video.

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rule Civil Procedure 30(b)(2) and 34, the deponent is requested to produce all documents and communications used to refresh the witness's recollection.

Date:  May 14, 2021

/s/ *Renee D. Smith*
Renee D. Smith
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Renee.smith@kirkland.com

Peter A. Farrell, P.C.

2

1  KIRKLAND & ELLIS LLP
   1301 Pennsylvania Ave., N.W.
2  Washington, DC 20004
   Telephone: (202) 389-5000
3  Facsimile: (202) 389-5200
   Peter.farrell@kirkland.com
4
   Gregory P. Stone (SBN 78329)
5  Gregory.stone@mto.com
   Bethany W. Kristovich (SBN 241891)
6  Bethany.kristovich@mto.com
   John M. Gildersleeve (SBN 284618)
7  john.gildersleeve@mto.com
   MUNGER, TOLLES & OLSON LLP
8  350 South Grand Avenue, 50th Floor
   Los Angeles, CA 90071-3426
9  Telephone: (213) 683-9100
   Facsimile: (213) 687-3702
10
   Timothy S. Danninger
11 Bradley R. Johnson
   GUNSTER, YOAKLEY & STEWART, P.A.
12 1 Independent Drive, Suite 2300
   Jacksonville, FL 32202
13 Telephone: (904) 350-7168
   Facsimile: (904) 354-2170
14 tdanninger@gunster.com
   bjohnson@gunster.com
15
   *Attorneys for Defendant Juul Labs, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021 a true and correct copy of the foregoing Notice of Taking Remote Video Conference and Videotaped Deposition [*DUCES TECUM*] was served via electronic mail upon the following:

Nicholas A. Migliaccio
Jason Samual Rathod
MIGLIACCIO & RATHOD LLP
412 H Street N.E.
Washington, DC 20002
Telephone: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiff Nicole Dramis, individually and as the mother and next friend of J.D.*

Sarah R. London
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
slondon@lchb.com

Dena Sharp
GIRARD SHARP LLP
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com
Dean Kawamoto
KELLER ROHRBACK L.L.P.
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone: (206) 623-1900
dkawamoto@kellerrohrback.com

Ellen Relkin
WEITZ & LUXENBERG
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
erelkin@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

John C. Massaro

Jason A. Ross
David E. Kouba
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
john.massaro@arnoldporter.com
Jason.ross@arnoldporter.com
David.Kouba@arnoldporter.com

Lauren S. Wulfe
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
lauren.wulfe@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc. and Philip Morris USA Inc.*

James Thompson
James N. Kramer
ORRICK HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco CA 94105
Telephone: 415.773.5923
Facsimile: 415.601.5488
jthompson@orrick.com
jkramer@orrick.com

*Attorneys for Defendant James Monsees*

Eugene Illovsky
Martha Boersch
Matthew Dirkes
BOERSCH & ILLOVSKY LLP
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Telephone: (415) 500-6643

eugene@boersch-illovsky.com
martha@boersch-illovsky.com
matt@boersch-illovsky.com

*Attorneys for Defendant Adam Bowen*

Michael J. Guzman
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
Sumner Square, 1615 M St., N.W., Suite 400

Washington, DC 20036
Telephone: (202) 326-7910
mguzman@kellogghansen.com

Karl Belgum
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Telephone: (415) 984-8409
kbelgum@nixonpeabody.com

*Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh*

James E. Sell
Mitchell B. Malachowski
TYSON & MENDES, LLP
523 4th Street, Suite 100
San Rafael, CA 94901
Telephone: (628) 253-5070
Fax: (415) 785-3165
jsell@tysonmendes.com
mmalachowski@tysonmendes.com

*Attorneys for Defendants Mother Murphy's Labs, Inc., and Alternative Ingredients, Inc.*

Robert A. Scher
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212)338-3405

1  rscher@foley.com

2  *Attorney for Defendants Tobacco Technology, Inc., and Eliquitech, Inc.*

3

4  Michael L. O'Donnell
James E. Hooper
5  Marissa Ronk
WHEELER TRIGG O'DONNELL LLP
6  370 17th Street, Ste. 4500
Denver, CO 80202
7  Telephone: (303) 244-1850
Odonnell@wtotrial.com
8  hooper@wtotrial.com
Ronk@wtotrial.com
9

10

11 *Attorneys for Defendant McLane Company, Inc.*

12

13 Christopher J. Esbrook
David F. Pustilnik
14 Michael S. Kozlowski
ESBROOK LAW LLC
15 77 W. Wacker, Suite 4500
Chicago, IL 60601
16 Telephone: (312) 319-7681
christopher.esbrook@esbrooklaw.com
17 david.pustilnik@esbrooklaw.com
michael.kozlowski@esbrooklaw.com
18

19

20 *Attorneys for Defendants Eby-Brown Company, LLC, Circle K Stores, 7-Eleven, Inc., Speedway LLC, and Walgreens Boots Alliance, Inc.*

21

22 David R. Singh
Bambo Obaro
23 WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
24 Redwood Shores, CA 94065
Telephone: (650) 802-3083
25 david.singh@weil.com
bambo.obaro@weil.com
26

27

28 *Attorneys for Defendants Core-Mark Holding Company, Inc.*

7

| | |
|---|---|
| 1 | Charles C. Correll, Jr. |
| 2 | Matthew J. Blaschke |
| | Alessandra M. Givens |
| 3 | KING & SPALDING LLP |
| 4 | 101 Second Street, Suite 2300 |
| | San Francisco, CA 94105 |
| 5 | Telephone: (415) 318-1200 |
| 6 | Facsimile: (415) 318-1300 |
| | ccorrell@kslaw.com |
| 7 | mblaschke@kslaw.com |
| 8 | agivens@kslaw.com |

*Attorneys for Defendant Chevron Corporation*

Donald F. Zimmer, Jr.
Quyen L. Ta
Jennifer T. Stewart
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
fzimmer@kslaw.com
qta@kslaw.com
jstewart@kslaw.com

*Attorneys for Defendant Walmart*

Date: May 14, 2021

/s/ *Renee D. Smith*
Renee D. Smith
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Renee.smith@kirkland.com

Peter A. Farrell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, DC 20004

8

Telephone: (202) 389-5000
Facsimile: (202) 389-5200
Peter.farrell@kirkland.com

Gregory P. Stone (SBN 78329)
Gregory.stone@mto.com
Bethany W. Kristovich (SBN 241891)
Bethany.kristovich@mto.com
John M. Gildersleeve (SBN 284618)
john.gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Timothy S. Danninger
Bradley R. Johnson
GUNSTER, YOAKLEY & STEWART, P.A.
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Telephone: (904) 350-7168
Facsimile: (904) 354-2170
tdanninger@gunster.com
bjohnson@gunster.com

*Attorneys for Defendant Juul Labs, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 19-md-02913-WHO<br><br>**CASE MANAGEMENT ORDER NO. 11: RE REMOTE DEPOSITIONS** |

The COVID-19 global pandemic has affected virtually every aspect of American society, including civil litigation in this Court and across the federal system. Governmental authorities have responded to this public health emergency by imposing travel restrictions, "stay at home" directives, and other social distancing measures designed to slow the communal spread of the disease. While the Parties may prefer to conduct in-person depositions in this litigation, social distancing restrictions and personal and public health concerns may sometimes preclude this option. Pursuant to Fed. R. Civ. P. 30(b)(4), this Court issues the following protocol to govern depositions where all, or most of the participants, including the court reporter and videographer, are attending remotely ("Remote Deposition").

1. Subject to all of the conditions below, depositions for cases filed in *In Re Juul Labs, Inc., Marketing, Sales Practices, And Products Liability Litigation*, Case No. 2:19-md-02913, may be noticed to take place remotely via video or internet video conference technology.

2. The protocols in this Order supplement Case Management Order No. 10 Deposition Protocol (Dkt. 573) and Case Management Order No. 9 Joint Coordination Order

(Dkt. 572). If the deposition protocols in this Order are deemed to conflict with any provisions in the Joint Coordination Order or Deposition Protocol, the protocols in this Order shall control.

3. The protocols in this Order shall apply to depositions of fact witnesses, including those taken pursuant to the Deposition Protocol, and supplement that Order. For the avoidance of doubt, this Order shall not apply to expert depositions. Protocols for remote depositions not covered by this Order will be set forth in future order(s).

4. Any Remote Deposition taken pursuant to this Court's Orders must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (1) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent. A Remote Deposition taken pursuant to this Case Management Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness—as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. To the extent permitted by the law of the state in which the witness is located, the witness may be sworn in remotely with the same effect as an oath administered in person.

5. The deposition notice for any Remote Deposition pursuant to Fed. R. Civ. P. 30 must list the location(s) (city and state) from where the witness, the court reporter, and the videographer will attend.

6. All deposition notices must identify the company that will host and record the Remote Deposition (the "Remote Deposition Vendor") and contain a general description of how those attending may access the remote connection being utilized (e.g., GoToMeeting, Zoom, WebEx). The party noticing the deposition must provide the witness and all other attendees with detailed instructions regarding how to participate in the Remote Deposition at least three business days before the deposition—and will use best efforts to provide the detailed instructions at least five business days before the deposition. The noticing party shall bear the costs of the Remote Deposition Vendor, except that if another party objects to the technology proposed by the

- 2 -

CASE MANAGEMENT ORDER
RE REMOTE DEPOSITIONS
CASE NO. 19-MD-02913-WHO

noticing party, and the noticing party is amenable to use another technology proposed by the objecting party, the objecting party shall bear the costs of the technology proposed.

7. To host a Remote Deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the Remote Deposition (e.g., video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

8. At least 24 hours before the Remote Deposition is scheduled to start, noticing counsel, defending counsel, the witness, and the Remote Deposition Vendor must conduct a test of the system, equipment, and internet connection that will be used to conduct the Remote Deposition (the "Remote Deposition Technology"). If a witness noticed for a Videoconference Deposition does not have a webcam-equipped tablet, desktop or laptop computer that can be used during the deposition, counsel defending the deposition must provide the deponent with an agreed-upon tablet, desktop, or laptop computer containing the audio, webcam, and Wi-Fi connectivity needed to participate in the deposition. If a witness noticed for a Videoconference Deposition is not being defended by counsel for any Party to this action, the Parties will confer regarding a reasonable method for providing the deponent with an agreed-upon tablet, desktop, or laptop computer containing the audio, webcam, and Wi-Fi connectivity needed to participate in the deposition.

9. At the time of the deposition, the witness must advise the court reporter of his or her physical location. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness. Only the witness's counsel and in-house counsel is/are permitted to be in the same location as the witness during remote testimony, if the witness consents and such attendance is consistent with social distancing restrictions. Unless otherwise stipulated by the noticing party and counsel for the witness, the deponent participating in a Remote Deposition must participate through video conference (or other remote means capable of producing audio-video transmission), as opposed to telephone or other audio-only means, so that

1    the officer and noticing party may properly identify and observe the witness throughout the
2    deposition.

3    10.    If counsel for the witness attends the deposition in person, that counsel shall also
4    log into the Remote Deposition, so that all participants can see and hear the counsel for the
5    witness at all times that the deposition is being conducted on the record. Both counsel and the
6    witness shall also comply with any government law, regulation or guidance regarding public
7    health and safety during the COVID-19 pandemic.

8    11.    To avoid any potential disruptions of a Remote Deposition, those attending must
9    enable "do not disturb" settings for applications not in use, including but not limited to, Skype,
10   instant messaging, and/or e-mail notifications. While on the record, the witness must put away
11   and not look at devices other than the device(s) being used for the Remote Deposition. While on
12   the record, there shall be no other programs displaying images on the witness's screen other than
13   the agreed-upon Remote Deposition platform and any exhibits that have been marked for the
14   deposition. The Court recognizes that the microphones for certain attendees (such as the witness,
15   the court reporter, the attorney taking the deposition, and the attorney defending the deposition)
16   must remain on when the deposition is on the record. Other attendees should mute microphones
17   when not speaking. The participating attorneys may be visible to all other participants during the
18   deposition.

19   12.    Each witness, attorney, or other person attending the deposition, either remotely or
20   in-person, shall be identified on the record by name and physical location at the beginning of the
21   deposition (except for consulting experts). Any individual participating remotely should not do
22   so in a public space. Participants should ensure that they are acting in compliance with the
23   governing protective order. After the deponent has been sworn, the deponent must confirm that
24   he or she has either powered down or, at a minimum, temporarily disabled the listening function
25   on any Google Home, Amazon Echo, or any other known "listening devices" placed within
26   listening distance of the deponent.

27   13.    A videographer employed by the Remote Deposition Vendor will record the
28   witness's deposition testimony, by the best technological means available, including remote video

capture/recording. The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition. With the exception of the videographer and the court reporter, the deposition may not otherwise be recorded electronically without the consent of the Parties. The videographer must only record (1) the audio and video of the witness's testimony; (2) the video of any documents being displayed or annotated for the witness during the deposition; (3) the audio of the attorney actively questioning the witness; and (4) audio of the defending attorney not actively questioning the witness (or any other attorney making an objection on the record).

14. <u>Acceptable Exhibit Formats</u>: During the deposition, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition. Deposition exhibits may be made available in physical (hardcopy) form or via the Remote Deposition Technology, file sharing software, or other electronic means.

15. <u>Electronic Exhibits</u>: Exhibits provided electronically shall be accessible such that the deponent and counsel may review the entire exhibit on their own computers or devices, without reliance on the noticing attorney's "share screen." In the case of electronic exhibits, a witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit. In such instances, access to a full copy of the deposition exhibit electronically via iPad, tablet, laptop, or other devices, will be deemed to equate to hardcopy access. The fact that a witness was provided with only an electronic copy of an exhibit will be an insufficient basis, by itself, to object to the admissibility of that exhibit at trial.

16. <u>Hardcopy Exhibits</u>: Notwithstanding the foregoing and only if agreed in writing by the participants in a particular deposition, all documents any attorney expects to use as exhibits at a deposition that exceed 100 pages shall be sent to the witness in advance of the deposition in hard copy form. In addition, the Parties agree to work in good faith to reach agreements regarding the provision of hard copy exhibits to a deponent for whom electronic-only versions are particularly problematic. To the extent hardcopy exhibits are provided to the deponent, the package containing the documents shall be sealed, and the witness shall unseal it only when asked to do so on the record at the deposition.

17. While the deposition is on the record, no person aside from the attorney conducting the examination is permitted to communicate with the witness directly or indirectly by any means not recorded in the same manner as the deposition itself (e.g., no private messages, text messages or emails). However, the witness's counsel may communicate with the witness in person, telephonically, or by other electronic means during breaks (including, but not limited to, by means of the use of remote connection software), consistent with Federal Rule of Civil Procedure 30(c)(1). To the extent that the Remote Deposition Vendor's technology includes a "chat" feature or similar capabilities, the noticing party shall ensure that the Remote Deposition Vendor either: (a) disables the feature or (b) implements settings (if available) that require all communications to be seen by all Participants. Nothing in this provision is to be read as prohibiting otherwise appropriate communications among participants and/or attendees by other means.

18. During breaks in the deposition, the Parties may use the breakout room feature provided by the Remote Deposition Vendor, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Remote Deposition Vendor prior to the deposition and controlled by the Remote Deposition Vendor.

19. Technical difficulties, including but not limited to pauses, lags, and/or interruptions in Internet connection shall be addressed as they would be in any in-person deposition. The Parties shall go off the record and attempt to resolve the issue. Technical difficulties will not result in waiver of objections by any party. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should: (1) extend the Remote Deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or (2) consider rescheduling the Remote Deposition for a later date, if the additional time required is an hour or more.

20. Any Remote Depositions conducted in accordance with these protocols may be admitted at trial with the same effect and pursuant to the same evidentiary rules as one recorded in-person. The "Confidential" or "Highly Confidential" designation of all or portions of Remote

1 | Depositions will be governed by the provisions MDL Protective Order and the Deposition
2 | Protocol (ECF Nos. 308, 573).

3 |     21.    The Parties acknowledge that Remote Depositions may take longer to complete than an in-person deposition due to logistical challenges beyond anyone's control, and because it may take time for everyone to adjust to the technology. While the Parties will endeavor in good faith to comply with the time limits set forth in the Deposition Protocol, there may be circumstances under which depositions may need to exceed those limits. The Parties will be respectful and collaborative under these circumstances and will make good faith efforts to make reasonable accommodations to allow all Parties adequate additional time to conduct a fair examination. Nothing in this Order prevents a Party from moving for a protective order under Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed in person. However, where a Remote Deposition has been requested by the deponent, the court reporter, or an attorney, an in-person deposition may not be conducted without leave of the court, pursuant to the procedures laid out in Section 7 of the Stipulated Joint Coordination Order ("Discovery Dispute Resolution"). Further, nothing in this Order precludes counsel for a witness from being in the same room as the witness, if the witness consents and such attendance is consistent with social distancing restrictions.

SO ORDERED, on this 21st day of August, 2020.

_____
Judge William H. Orrick
UNITED STATES DISTRICT JUDGE