1

2

3

4

5

6

7    [*Submitting Counsel on Signature Page*]

8                        UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE: JUUL LABS, INC., MARKETING,          Case No. 19-md-02913-WHO
     SALES PRACTICES, AND PRODUCTS
12   LIABILITY LITIGATION                        **JOINT CASE MANAGEMENT
                                                 CONFERENCE STATEMENT AND
13                                               PROPOSED AGENDA**

14   This Document Relates to:

15   ALL ACTIONS

16

17          Pursuant to Civil Local Rule 16-10(d) and the Court's April 16, 2021 Minute Order (ECF

18   No. 1720), counsel for Defendants Juul Labs, Inc. ("JLI"), Altria,[1] Director Defendants,[2] E-

19   Liquid Defendants,[3] Retailer Defendants,[4] and Distributor Defendants[5] (collectively

20   "Defendants"), and Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as

21

22   [1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs'
     Consolidated Class Action Complaint and Consolidated Master Complaint (collectively,
23   "Complaints"), *see* ECF Nos. 387, 388.

24   [2] "Director Defendants" refers to Messrs. James Monsees, Adam Bowen, Nicholas Pritzker,
     Hoyoung Huh, and Riaz Valani.

25   [3] "E-Liquid Defendants" refers to Mother Murphy's Labs, Inc., Alternative Ingredients, Inc.,
     Tobacco Technology, Inc., and Eliquitech, Inc.
26
     [4] "Retailer Defendants" refers to Chevron Corporation, Circle K Stores, Inc., Speedway LLC, 7-
27   Eleven, Inc., Walmart, and Walgreen Co.

28   [5] "Distributor Defendants" refers to McLane Company, Inc., Eby-Brown Company, LLC, and
     Core-Mark Holding Company, Inc.

46336263.1

                                    1                      JOINT CASE MANAGEMENT
                                                           CONFERENCE STATEMENT

the "Parties") respectfully provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for May 21, 2021.

## I.  PARTICIPANT INFORMATION

The conference will proceed via Zoom, and the Parties will not appear in person.  Anyone who wishes to attend the conference must log in using the information available at: https://www.cand.uscourts.gov/judges/orrick-william-h-who/.

## II.  ISSUES TO BE DISCUSSED BELOW AND PROPOSED AGENDA

1.  Status of Case Filings and Dismissals

2.  Case Management Matters

3.  Discovery Status

4.  ADR Status

## III.  STATUS OF CASE FILINGS AND DISMISSALS

As of May 19, 2021, approximately 2,155[6] cases are pending in this MDL, naming 107 defendants. A list of these defendants is attached as **Exhibit A**.  To date, 1,860 personal injury cases and 207 government entity cases (including 166 school districts, 20 counties, 2 cities, and 19 tribes) have been filed in this MDL.  420 MDL plaintiffs have voluntarily dismissed their cases (414 personal injury plaintiffs and 3 class plaintiffs and 3 school districts); 144 cases have been dismissed without prejudice pursuant to CMO Nos. 8 and 12; and 90 other cases are subject to pending motions to dismiss without prejudice hat have not yet been ruled upon.  Furthermore, 96 case dismissals without prejudice have been converted to dismissals with prejudice pursuant to CMO No. 8.

There are 435 complaints pending in JCCP 5052, which is assigned to Judge Ann I. Jones of the Los Angeles Superior Court as the Coordination Trial Judge.  There are 83 government entity cases, including 78 school districts and 349 personal injury cases brought on behalf of over 2,601 individual personal injury plaintiffs.  There are 16 defendants named in those JCCP cases.

---

[6] The numbers in this Statement reflect the Parties' good faith estimates based on reasonably available information.  The Parties will continue to work together to align their data and resolve any inconsistencies.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    The Parties are also aware of 15 cases filed by State Attorneys General specifically:

2  California, Illinois, Hawai'i, New York, North Carolina, Mississippi, Minnesota, Washington

3  D.C., Arizona, Pennsylvania, New Mexico, Massachusetts, Colorado, Alaska and Washington.

4  Plaintiffs' Liaison Counsel continue their outreach to various State Attorneys General to discuss

5  cooperation with this MDL.

6    An update on matters of significance (including hearings, schedules, deadlines,

7  depositions, substantive orders, and trial dates) in Related Actions as defined by the Joint

8  Coordination Order (CMO 9, ECF No. 572 at 1, 3), is attached hereto as **Exhibit B**.

9  **IV.  CASE MANAGEMENT MATTERS**

10    **A.    Answers To Class And Bellwether Government Entity Complaints.**

11    On .April 13, 2021, the Court issued its Order On Second Round Of Motions To Dismiss.

12  (ECF No. 1694.)  The opinion addressed certain claims asserted in the Second Amended

13  Consolidated Class Action Complaint and seven of the Second Amended Public Entity

14  Complaints.  Previously, time to answer the complaints was stayed.  (*See* PTO #1, ECF No. 2;

15  2nd Amd. CMO #3, ECF No. 996.)  In light of the Court's opinion, the Parties propose that

16  Defendants be required to answer the complaints at issue in the Second Round Motion to Dismiss

17  Order by July 15, 2021.

18    **B.    Potential Personal Jurisdiction Challenges.**

19    The E-Liquid Defendants respectfully request that the Court allow them to challenge

20  personal jurisdiction as to the non-bellwether personal injury plaintiffs. (The E-Liquid Defendants

21  have been dismissed from all bellwether cases.) E-Liquid Defendants assert that they are not

22  subject to personal jurisdiction in California as alleged in this matter, and as the discovery process

23  grows increasingly complex and expensive, the E-Liquid Defendants have an interest in asserting

24  their due process rights with respect to this Court's jurisdiction.

25    Plaintiffs maintain that this request is premature.  Discovery is incomplete as to these

26  defendants and the motion practice should await completion of discovery. Since the E-Liquid

27  defendants have been dismissed from the bellwether cases they do not incur any bellwether

28  discovery or trial costs, and their only obligations at this juncture are producing discovery.

1    Moreover, Plaintiffs just learned that the E-Liquid Defendants Mother Murphy and Alternative

2    Ingredients ceased doing business with JLI and there are important discovery questions arising

3    from that development that have not been explored at all from this very recent development.

**C.     Trial Mechanics**

5         The parties are scheduling a meet and confer among lead counsel to discuss and ideally

6    agree on some basic processes for trial.  Topics will include:

7              1.      Witness availability at trial (either live or via remote means),

8              2.      Use of exhibits in opening statement,

9              3.      Witness separation rules,

10             4.      Timing and page limits on briefing during trial,

11             5.      Jury questionnaire,

12             6.      Admissibility of JLI documents as business records,

13             7.      Permitting questions from jurors,

14             8.      Video recording of trial proceedings, and

15             9.      Motion in limine conference by lead trial counsel.

16        The parties anticipate discussing at least some of these issues with the Court at the June

17   2021 CMC.  Through their conferral process, the parties intend to narrow any disputes, and

18   present the Court with a mindful and deliberate plan for trial of these cases.

**D.     Government Entity Bellwether Submissions**

20        There are six Wave One government entity bellwethers—King County, the City of

21   Rochester, and school districts in San Francisco, Tucson, West Palm Beach, and Goddard

22   (Kansas)—that are being prepared for trial.  On May 19, Plaintiffs proposed that the parties

23   submit to the Court letter briefs setting forth their views regarding the selection and sequencing of

24   the Wave One bellwethers for trial, as is being done with the personal injury bellwether cases.

25   Plaintiffs simultaneously requested that the parties meet and confer regarding proposed dates for

26   such a submission.  Defendants agree that letter briefing on this issue would be helpful and have

27   agreed to meet and confer regarding proposed dates, but believe that it is premature to set a date

28   now, including because discovery of the six bellwethers is far from complete.  The parties would

also welcome any guidance the Court wishes to provide regarding an appropriate date for such submissions.

### E.     Native American Tribal Plaintiff Fact Sheets

Plaintiffs and Defendants have worked cooperatively to prepare a Native American Tribal Plaintiff Fact Sheet and corresponding Implementation Order.  Both were filed on May 19, 2021 for the Court's consideration.  (ECF No. 1881.)

## V.     DISCOVERY STATUS

On April 28, 2021 and May 10, 2021, the Parties participated in a discovery conferences with Judge Corley.  Copies of the April 27, 2021 and May 7, 2021 Joint Discovery Status Reports provided in advance of those conferences are attached as **Exhibits C & D**.  The parties will be prepared to update the Court regarding developments since that conference.

The MDL Plaintiffs are holding weekly calls with JCCP counsel regarding discovery, as detailed by the Joint Coordination Order (CMO No. 9, ECF No. 572) and the Deposition Protocol (CMO No. 10, ECF No. 573).   Pursuant to the Court's Order Appointing Special Master to Oversee Depositions (ECF No. 1786), Retired United States District Court Judge Stephen G. Larson has attended and provided guidance in  depositions.

## VI.     ADR STATUS

Pursuant to Civil Local Rule 16-10(d), the Parties report that they continue to confer with Settlement Master Thomas J. Perrelli and cooperate with his recommendations.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    Dated:  May 19 2021                          Respectfully submitted,

2

3    By: /s/ Renee D. Smith                       By: /s/ Sarah R. London

4    Renee D. Smith (*pro hac vice*)              Sarah R. London
     James F. Hurst (*pro hac vice)*              **LIEFF CABRASER HEIMANN &**
5    **KIRKLAND & ELLIS LLP**                     **BERNSTEIN**
     300 N. LaSalle                               275 Battery Street, Fl. 29
6    Chicago, IL 60654                            San Francisco, CA 94111
     Telephone: (312) 862-2310                    Telephone:  (415) 956-1000
7

8
     By: /s/ Peter A. Farrell                     By: /s/ Dena C. Sharp
9
     Peter A. Farrell (*pro hac vice*)            Dena C. Sharp
10   **KIRKLAND & ELLIS LLP**                     **GIRARD SHARP LLP**
     1301 Pennsylvania Ave, N.W.                  601 California St., Suite 1400
11   Washington, D.C. 20004                       San Francisco, CA 94108
     Telephone: (202) 389-5959                    Telephone: (415) 981-4800
12

13
     By: /s/ Gregory P. Stone                     By: /s/ Dean Kawamoto
14
     Gregory P Stone, SBN 78329                   Dean Kawamoto
15   Bethany W. Kristovich, SBN 241891            **KELLER ROHRBACK L.L.P.**
     **MUNGER, TOLLES & OLSON LLP**               1201 Third Ave., Ste. 3200
16   350 South Grand Avenue                       Seattle, WA 98101
     Fiftieth Floor                               Telephone:  (206) 623-1900
17   Los Angeles, California 90071-3426
     Telephone:     (213) 683-9100
18                                                By: /s/ Ellen Relkin
     *Attorneys for Defendant Juul Labs, Inc.*
19                                                Ellen Relkin
                                                  **WEITZ & LUXENBERG**
20                                                700 Broadway
                                                  New York, NY 10003
21                                                Telephone: (212) 558-5500

22
                                                  *Co-Lead Counsel for Plaintiffs*
23

24

25

26

27

28

                                        6                    JOINT CASE MANAGEMENT
                                                             CONFERENCE STATEMENT

1

2
By: */s/ John C. Massaro*         By: */s/ James Kramer*

3
**ARNOLD & PORTER KAYE SCHOLER LLP**

4
**ORRICK HERRINGTON & SUTCLIFFE LLP**

5
John C. Massaro (admitted pro hac vice)
Jason A. Ross (admitted pro hac vice)
601 Massachusetts Ave., N.W.

James Kramer
Roland Chang
The Orrick Building
405 Howard Street

6
Washington D.C.  20001
Telephone:   (202) 942-5000

San Francisco, CA  94105-2669
Telephone: (415) 773-5700

7
Facsimile:  (202) 942-5999
john.massaro@arnoldporter.com

jkramer@orrick.com
rdchang@orrick.com

8
Jason.ross@arnoldporter.com

9
*Attorneys for Defendants Altria Group, Inc. and Philip Morris USA Inc.*

*Attorneys for Defendant James Monsees*

10

11
By: */s/ Eugene Illovsky*        By: */s/ Michael J. Guzman*

12
**BOERSCH & ILLOVSKY LLP**

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**

13
Eugene Illovsky
Martha Boersch

Mark C. Hansen

14
Matthew Dirkes
1611 Telegraph Ave., Suite 806

Michael J. Guzman
David L. Schwartz

15
Oakland, CA 94612
Telephone: (415) 500-6643

Sumner Square, 1615 M St., N.W., Suite 400
Washington, DC 20036

16
eugene@boersch-illovsky.com
martha@boersch-illovsky.com

Telephone: (202) 326-7910
mguzman@kellogghansen.com

17
matt@boersch-illovsky.com

18
*Attorneys for Defendant Adam Bowen*

*Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh*

19

20

21

22

23

24

25

26

27

28

7

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

By: */s/ Mitchell B. Malachowski*

**TYSON & MENDES, LLP**

James E. Sell
Mitchell B. Malachowski
Stephen Budica
April M. Cristal
523 4th Street, Suite 100
San Rafael, CA 94901
Telephone:  (628) 253-5070
jsell@tysonmendes.com
mmalachowski@tysonmendes.com
sbudica@tysonmendes.com
acristal@tysonmendes.com

*Attorneys for Defendants Mother Murphy's
Labs, Inc., and Alternative Ingredients, I*


By: */s/ Michael L. O'Donnell*

**WHEELER TRIGG O'DONNELL LLP**

Michael L. O'Donnell
James E. Hooper
Marissa Ronk
370 17th Street, Ste. 4500
Denver, CO 80202
Telephone: (303) 244-1850
Odonnell@wtotrial.com
hooper@wtotrial.com
Ronk@wtotrial.com

*Attorneys for Defendant McLane Company,
Inc.*


By: */s/ David R. Singh*

**WEIL, GOTSHAL & MANGES LLP**

David R. Singh
Bambo Obaro
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3083
david.singh@weil.com
bambo.obaro@weil.com

*Attorneys for Defendant Core-Mark Holding
Company, Inc.*

By: */s/ Robert Scher*

**FOLEY & LARDNER LLP**

Robert Scher
Peter N. Wang
Graham D. Welch
Dyana K. Mardon
90 Park Avenue
New York, NY 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
rscher@foley.com
pwang@foley.com
gwelch@foley.com
dmardon@foley.com

*Attorney for Defendants Tobacco
Technology, Inc., and Eliquitech, Inc.*


By: */s/ Christopher J. Esbrook*

**ESBROOK LAW P.C.**

Christopher J. Esbrook
David F. Pustilnik
Michael S. Kozlowski
77 W. Wacker, Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681
christopher.esbrook@esbrooklaw.com
david.pustilnik@esbrooklaw.com
michael.kozlowski@esbrooklaw.com

*Attorneys for Defendants Eby-Brown
Company, LLC, Circle K Stores, and 7-
Eleven, Inc., Speedway, and Walgreen Co.*

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

By: */s/ Donald F. Zimmer, Jr.*

**KING & SPALDING LLP**

Donald F. Zimmer, Jr.
Quyen L. Ta
Jennifer T. Stewart
101 Second Street, Suite 1000
San Francisco, CA 94105
Telephone:     (415) 318-1200
fzimmer@kslaw.com
qta@kslaw.com
jstewart@kslaw.com

*Attorneys for Defendant Walmart Inc.*

By: */s/ Charles C. Correll Jr.*_____

**KING & SPALDING LLP**

Andrew T. Bayman (Admitted *pro hac vice*)
1180 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
abayman@kslaw.com

and

Charles C. Correll, Jr.
Matthew J. Blaschke
Alessandra M. Givens
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
ccorrell@kslaw.com
mblaschke@kslaw.com
agivens@kslaw.com

*Attorneys for Defendant Chevron Corporation*

4844-4125-1301, v. 1
2237504.2

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT