UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*All matters* | CASE NO. 19-md-02913-WHO<br><br>[~~PROPOSED~~] CASE MANAGEMENT ORDER NO. 15: NATIVE AMERICAN TRIBAL PLAINTIFF FACT SHEET IMPLEMENTATION ORDER<br><br>HONORABLE WILLIAM H. ORRICK |

This Case Management Order ("CMO" or "Order") governs the form, schedule for completion, and service of Native American Tribal Plaintiff Fact Sheets ("PFS") in this MDL. This Order applies to all Native American Tribal Plaintiffs (which includes Tribes and Tribal Organizations) and their counsel in: (a) all actions transferred to *In re: JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation* ("MDL 2913") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order dated October 2, 2019 and (b) to all related actions directly filed in or removed to this Court.

**Online Platform**

The Court hereby appoints BrownGreer, PLC ("BrownGreer") to serve as the online platform for the data management of the PFS. The parties are directed to utilize BrownGreer's platform, "MDL Centrality," to fulfill their PFS obligations and also, to the extent necessary, directly or through their designated representatives, to enter into a contract with the company specifying the services to be provided, the costs of such services, and the parties' payment obligations. BrownGreer shall work with the parties to compile all necessary data. Native American Tribal Plaintiffs shall serve their respective PFS and documents responsive to the requests in the PFS ("Responsive Documents") by uploading them

to MDL Centrality. Uploading the responsive discovery to MDL Centrality shall constitute effective service.

**Plaintiff Fact Sheets**

The Court has approved a PFS for Native American Tribal Plaintiffs, which also includes document requests. *See* Dkt. No. 1881-1. Each Native American Tribal Plaintiff must complete and submit a PFS and Responsive Documents through MDL Centrality pursuant to the terms of this Order.

The obligation to comply with this CMO and to provide a PFS shall fall solely to the individual counsel representing a Native American Tribal Plaintiff. As with all case-specific discovery, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee are not obligated to conduct case-specific discovery for Plaintiffs by whom they have not been individually retained. In addition, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee have no obligation to notify counsel for Native American Tribal Plaintiffs whom they do not represent of Defendants' notice of overdue or deficient discovery or to respond to any motion practice pertaining thereto.

**Discovery Mechanism**

The effect of a Native American Tribal Plaintiff's response to the questions contained in the PFS shall be considered the same as interrogatory responses, and where documents are requested, responses shall be considered the same as responses to requests for production under the Federal Rules of Civil Procedure, and will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure.

A PFS is served without prejudice to the Defendants' rights to serve additional discovery (which Defendants specifically reserve the right to serve). The Parties have agreed that additional discovery requests are appropriate for those cases that are chosen by the Parties and/or the Court as potential bellwether trial candidates. The Native American Tribal Plaintiffs do not waive their rights to assert objections permitted under the Federal Rules of Civil Procedure to any additional discovery.

**PFS Deadlines**

The following PFS deadlines shall apply:

**[PROPOSED] GOVERNMENT ENTITY AND SCHOOL DISTRICT FACT SHEET IMPLEMENTATION ORDER – CASE NO. 19-MD-02913-WHO**

**A.     Cases filed on or before the date of the entry of this Order:** For cases directly filed in this judicial district and entered on the MDL 2913 docket on or before entry of this Order and for cases the JPML transfers to MDL 2913 on or before entry of this Order, each Native American Tribal Plaintiff must complete and submit a PFS and produce Responsive Documents within 60 days after entry of this Order.  A case shall be deemed transferred to MDL 2913 either: (a) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

**B.     Cases filed after the date of the entry of this Order:** For cases directly filed in this judicial district and entered on the MDL 2913 docket after entry of this Order, each Native American Tribal Plaintiff must complete and submit a PFS and produce Responsive Documents within 60 days after the complaint has been entered on the docket.  For cases the JPML transfers to MDL 2913 after entry of this Order, each Native American Tribal Plaintiff must complete and submit a PFS and produce Responsive Documents within 60 days after the case has been transferred to this Court as defined in the preceding paragraph.

**Substantial Completeness of PFS**

**A.     Substantial completeness:** PFS submissions must be substantially complete, which means the Native American Tribal Plaintiff must:

1. Answer all applicable questions (a Native American Tribal Plaintiff may answer questions in good faith by indicating "not applicable," "I don't know," or "unknown");

2. Include a signed Declaration; and

3. Produce Responsive Documents to the extent such documents are in the Native American Tribal Plaintiff's possession, custody, or control.

**B.     Deficiency notice:** If a Defendant considers a PFS to be materially deficient, a deficiency notice outlining the purported deficiency(ies) shall be served on the Native American Tribal Plaintiff's attorney of record via MDL Centrality.  The deficient Native American Tribal Plaintiff will have thirty (30) days to correct the alleged deficiency(ies).

**Objections Reserved to PFS**

All objections to the admissibility of information contained in the PFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit a Native American Tribal Plaintiff from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege shall be logged in accordance with the requirements of Case Management Order No. 4: Rule 502(d) and Privileged Materials Order, Docket No. 322, Section C.

**Confidentiality of Data**

Information any Native American Tribal Plaintiff provides pursuant to a PFS is deemed confidential, and may be disclosed only as permitted by the Protective Order.

**Scope of Depositions and Admissibility of Evidence**

Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The Federal Rules of Evidence shall govern the admissibility of information contained in responses to the PFS and no objections are waived by virtue of providing information in any PFS.

**Failure to Serve PFS**

**A.** <u>**Notice by Defendants of overdue discovery:**</u> Any Native American Tribal Plaintiff that fails to comply with its PFS obligations under this Order may be subject to having its claims dismissed. If a Native American Tribal Plaintiff has not submitted a completed PFS within 30 days following the due date set forth herein, any Defendant may send a Notice of Overdue Discovery via MDL Centrality.

**B.** <u>**Motion to dismiss without prejudice:**</u> If a Native American Tribal Plaintiff fails to submit a completed PFS within 30 days after receipt of the Notice of Overdue Discovery, any Defendant may move the Court for an order dismissing the Native American Tribal Plaintiff's complaint without prejudice. A Native American Tribal Plaintiff subject to such motion shall have 14 days from the date of the Defendant's motion to file a response either (a) certifying that the Native American Tribal Plaintiff has submitted a completed PFS or (b) opposing the Defendant's motion for other reasons. If a Native American Tribal Plaintiff certifies that he or she has submitted a completed PFS, the Native American

Tribal Plaintiff's claims shall not be dismissed (unless the Court finds that the certification is false or incorrect).

   **C.**  **Motion to convert order of dismissal without prejudice to order of dismissal with prejudice:**  If the Court dismisses a complaint without prejudice under the previous paragraph, the Defendant may move the court no earlier than 30 days after the Court's entry of the Order of dismissal without prejudice to convert the Order to an Order of dismissal with prejudice.  This provision does not in any way reduce or mitigate Defendant's burden in proving to the Court that a dismissal with prejudice is warranted under whatever statute, rule, or caselaw Defendant brings its motion.  If the Native American Tribal Plaintiff serves Defendant's counsel or their designee(s) with a completed PFS prior to the filing of Defendant's motion to convert a dismissal without prejudice to a dismissal with prejudice, the parties shall submit a stipulated motion to vacate the dismissal without prejudice Order.

   This Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

   **IT IS SO ORDERED**.

DATED:  May 24, 2021

                 HONORABLE WILLIAM H. ORRICK
                 United States District Judge