UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO (JSC)<br><br>**ORDER ON MOTION FOR ISSUANCE OF SUBPOENA UNDER 28 U.S.C. § 1783 AND FOR ALTERNATIVE SERVICE**<br><br>Dkt. Nos. 1791, 1792 |

Third-party Scott Dunlap is a United States' citizen who is residing abroad in Austria. Dunlap is the former Chief Marketing Officer and Chief Operating Officer of defendant JLI and is represented by United States-based counsel. Dunlap has refused to accept service or allow his U.S.-based counsel to accept service of Plaintiffs' deposition subpoena. *See* Declaration of Sarah R. London, Dkt. No. 1792-1, ¶¶ 13, 15.

Therefore, Plaintiffs ask the Court to issue a subpoena under 28 U.S.C. § 1783 (the "Walsh Act")[1] and authorize Federal Rule of Civil Procedure 4(f)(3) alternative service of the subpoena on Dunlap through service on his U.S-based counsel (by certified mail and email) and by email on Dunlap. (Motion, Dkt. No. 1792.) Plaintiffs assert they have a critical need for Dunlap's testimony because he was a "key player" involved in launching the JUUL e-cigarette and its major marketing campaigns and he has "personal knowledge of events and discussions" that are critical to proving plaintiffs' claims. Motion at 3-7.

Dunlap does not contest that Plaintiffs have adequately shown a basis for the issuance of a subpoena under the Walsh Act. (Opposition, Dkt. No. 1875.) Instead, he opposes Plaintiffs'

---

[1] The Walsh Act authorizes a court to issue a subpoena of any American citizen or resident located outside of the United States if: (1) the testimony sought "is necessary in the interest of justice" and (2) "it is not possible to obtain [the] testimony in admissible form without [the individual's] personal appearance." 28 U.S.C. § 1783(a). The decision to issue a Walsh Act subpoena is committed to the discretion of the court. *MedImmune, LLC v. PDL Biopharma, Inc.*, 2010 WL 2640473, at *1 (N.D. Cal. June 30, 2010) (*citing Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 523 (D.Col.2003)).

request for alternative service of any subpoena under Rule 4(f)(3). Dunlap contends that because Austrian law prohibits direct service of foreign legal documents, plaintiffs must instead proceed by letters rogatory issued through diplomatic channels. *Id*. at 3. However, in the Ninth Circuit, alternative service under Rule 4(f)(3) requires only that service be "(1) directed by the court; and (2) not prohibited by international agreement." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); Fed. R. Civ. P. 4(f)(3). As long as alternative service is "court-directed and not prohibited by an international agreement, service of process under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id*.

Both sides agree that Austria is not a signatory to the Hague Convention and there is no other "international agreement" that would restrict the method of service here. Therefore, the fact that the service requested by Plaintiffs (on U.S.-based counsel and by email on Dunlap) might be in contravention of Austrian law if attempted in Austria does not bar this Court approving alternative service.[2]

Dunlap also argues that alternative service under Rule 4(f)(3) should be denied because Plaintiffs could have achieved timely service, consistent with the laws of Austria by utilizing the letters rogatory process with the assistance of Austrian-officials, if they had not made the decision to delay that form of service. Opposition at 4. That Plaintiffs may not be able to exhaust the letters rogatory process by the July 2021 fact discovery cutoff does not make alternative service under Rule 4(f)(3) appropriate according to Dunlap, given Plaintiffs' choice to first attempt other, less burdensome forms of service and the resulting weeks-long delay in filing this motion. *Id*.

Given the many moving parts in this complex, multi-party MDL, Plaintiffs' delay was not unreasonable delay. In light of the impending fact discovery cut-off in these coordinated actions, prompt service through alternative means under Rule 4(f)(3) is appropriate. *See, e.g., Badyal v. Bosch Packaging Tech., Inc*., 2:11-CV-00349-MCE-AC, 2014 WL 1922621, at *3 (E.D. Cal. May 14, 2014) (noting "concerns relating to coordinated discovery in consolidated actions. . . justify a

---

[2] Dunlap's reliance on a single case from the Southern District of New York, *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 2003 WL 1807148 (S.D.N.Y. Apr. 4, 2003), and other inapposite out-of-circuit authority addressing methods of acceptable service in Austria, Opposition at 2-3, is not persuasive.

2

court's intervention under Rule 4(f)(3)").

Plaintiffs attempted service through multiple reasonable means on Dunlap. London Decl., ¶¶ 13-17. While those efforts were not legally sufficient to effectuate service, they provided Dunlap and his counsel with adequate notice. Given those efforts, the repeated appearance of Dunlap's counsel in this action, and the need to promptly effectuate service given the status of coordinated discovery in this case, service through Dunlap's U.S.-based counsel – effectuating service *outside* of Austria – and by email adequately satisfies Dunlap's due process rights and is appropriate under Rule 4(f)(3). *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 538 (N.D. Cal. 2010) ("service on Chunghwa through its U.S. counsel comports with due process").

The Court accordingly GRANTS Plaintiffs' requests. A subpoena for deposition testimony pursuant to Federal Rule of Civil Procedure 45 and 28 U.S.C. § 1783 shall be issued to Scott Dunlap and Plaintiffs may effectuate service: (1) on Dunlap via the email addresses identified by plaintiffs; and (2) via email and certified mail on Dunlap's counsel, Robert Scher of Foley & Lardner LLP, 90 Park Ave. New York, NY 10016.

This Order disposes of Docket Nos. 1791, 1792.[3]

**IT IS SO ORDERED.**

Dated: May 25, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[3] JLI notified the Court at Dkt. No. 1866 that it does not seek to seal any information contained in the Motion and related exhibits. Therefore, the administrative motion to file under seal, Dkt. No. 1791, is DENIED and the Clerk SHALL UNSEAL Dkt. No. 1791.

3