UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO (JSC)<br><br>**ORDER FOLLOWING JUNE 16, 2021 DISCOVERY CONFERENCE**<br><br>Dkt. Nos. 1968, 1969, 1979, 1980 |

1. Plaintiffs' motion for a protective order and quashing the subpoenas served by JLI on nonparties Stanley Colgate, Lisa Henderson, Michael Feeley, Pat Black, Michael DiGiacinto, and Carrina Sisouvanh is GRANTED in part. (Dkt. No. 1968.) The motion to quash is granted as to all of the document subpoenas. Defendants have not shown that any third party is likely to possess sufficiently relevant information to justify the burden placed on the non-parties for searching for such documents.

As for the depositions themselves, a central issue in the consumer class action is whether the named plaintiffs Bradley Colgate and C.D. reasonably relied on JLI's alleged misrepresentations and omissions. (Dkt. No. 1084 at 75.)

Bradley Colgate testified that he had seen his roommate Patrick Black successfully switch from cigarettes to vaping and that was one reason he switched to Juul; thus, anything Mr. Black may have said to Mr. Colgate regarding his experience with Juul is relevant to test Mr. Colgate's testimony about his reliance on Juul's representations and omissions. Mr. Colgate also testified that he has had "many conversations" with his father regarding his decision to use Juul instead of cigarettes; thus, his father also has relevant information. Mr. Colgate's interrogatory responses also indicate he communicated with Mr. Black and others about his Juul use and purchases. Accordingly, Defendants may take Mr. Black's deposition remotely for no more than four hours.

1   The questioning shall be limited to Mr. Black's conversations with Mr. Colgate regarding Juul.
2   Defendants may not question Mr. Black regarding his own conduct—only about conversations, if
3   any, he had with Mr. Colgate regarding Juul. Defendants may take the deposition of Mr.
4   Colgate's father for up to four hours. The deposition shall be limited to the communications Mr.
5   Colgate's father had with his son regarding Juul and smoking cessation. The motion to quash is
6   granted as to Mr. Colgate's mother and other roommate as Defendants have not shown that these
7   potential witnesses possess relevant information that would make the depositions of these third
8   parties proportional to the needs of the consumer class action case.

C.D. testified that he tried Juul because his older brother convinced him it was safe. Michael's testimony as to what he conveyed to C.D. is thus relevant. Defendants may take Michael's remote deposition for no more than four hours. Defendants may not question Michael about his own use; only what he communicated about Juul to C.D., including selling or providing Juul to C.D. The motion to quash is granted as to Michael's sister as not proportional to the needs of this case.

The Court recognizes that it is not the norm in a putative consumer class action to take the depositions of the named plaintiffs' family and friends. Here, however, the named class representatives testified that they relied on communications with other persons to inform their decision to use the product at issue, circumstances also not normally encountered. For this reason the cases cited by Plaintiffs are inapposite. In *McKinney-Drobnis v. Massage Envy Franchising, LLC*, No. 16CV06450MMCKAW, 2017 WL 4798048, at *4 (N.D. Cal. Oct. 24, 2017), for example, the court held that the plaintiff's husband did not have relevant testimony regarding the central issue in the case; here, in contrast, the witnesses whose limited depositions the Court has allowed do—according to the plaintiffs' own testimony—have relevant information. The other cases involve documents—not witnesses with potentially relevant information.[1]

2.      The Court will take the Letter Brief for *In Camera* Review of Privilege Logs and related Exhibits under submission. (Dkt. No. 1979.) The Court will, consistent with the parties'

---

[1] The Administrative Motion to Seal the highly personal information submitted in connection with Plaintiffs' motion is GRANTED for good cause shown. (Dkt. No. 1969.)

2

practice, apply federal privilege law in reviewing the adequacy of defendants' privilege log entries and assertions of privilege over the identified documents.

3. On the Letter Brief Regarding Discovery of PMTA Related Material (Dkt. No. 1026), JLI shall produce all communications now. The distinction between formal and non-formal correspondence with the FDA is not persuasive—if correspondence is relevant is must be produced. Juul's proposal to update monthly is reasonable—Plaintiffs have not asked the Court to stay this action until the FDA process is complete. No real time production required.

JLI shall produce all correspondence from the FDA now. If a witness cannot answer a question about particular correspondence, then a witness cannot. That is not a reason not to produce.[2]

4. The lead defense and plaintiff liaisons for the school district cases shall meet and confer and agree to a plan for finalizing document production and scheduling the remaining depositions. That plan shall be filed with the Court by June 23, 2021. Whether there is good cause to require a second deposition of an already-deposed witness based on subsequent document production by a particular district will only be addressed on a case-by-case basis, if necessary, following the completion of the productions.

5. The next discovery hearing shall be held by video at 9:30 a.m. on June 30, 2021. A joint written discovery status update shall be filed by noon on June 28, 2021.

This Order disposes of Docket Nos. 1968, 1969 and 1980.

**IT IS SO ORDERED.**

Dated: June 17, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] The Administrative Motion to Seal the narrowly tailored information in the parties' Letter Brief Regarding Discovery of PMTA Related Material is GRANTED for good cause shown. (Dkt. No. 1980.)