[*Submitting counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS | Case No. 19-md-02913-WHO <br><br> **JOINT DISCOVERY STATUS REPORT** <br><br> Judges: Hon. Jacqueline Scott Corley <br> Courtroom: Video Conference <br> Hearing Date: August 18, 2021 <br> Hearing Time: 8:30 a.m. |

Pursuant to the Court's instructions at the hearings on October 30, 2020 and for July 26, 2021, counsel for Defendants Juul Labs, Inc. ("JLI"), Altria,[1] Director Defendants,[2] E-Liquid Defendants,[3] Retailer Defendants,[4] and Distributor Defendants[5]

---

[1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs' Consolidated Class Action Complaint and Consolidated Master Complaint (collectively, "Complaints"), *see* ECF Nos. 387, 388.

[2] "Director Defendants" refers to Messrs. James Monsees, Adam Bowen, Nicholas Pritzker, Hoyoung Huh, and Riaz Valani.

[3] "E-Liquid Defendants" refers to Mother Murphy's Labs, Inc., Alternative Ingredients, Inc., Tobacco Technology, Inc., and Eliquitech, Inc.

[4] "Retailer Defendants" refers to Chevron Corporation, Circle K Stores, Inc., Speedway LLC, 7-Eleven, Inc., Walmart, and Walgreen Co.

[5] "Distributor Defendants" refers to McLane Company, Inc., Eby-Brown Company, LLC, and Core-Mark Holding Company, Inc.

1

(collectively "Defendants"), and Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as the "Parties") respectfully provide this Joint Discovery Status Report in advance of the Discovery Conference scheduled for August 18, 2021.

## II.  DISCOVERY FROM DEFENDANTS

### A.  JLI

*Document Productions*

To date, JLI has produced approximately 7.5 million documents, consisting of over 23 million pages, including re-productions of materials produced to federal and state authorities.

On April 19, 2021, JLI indicated that the vast majority of its production was complete. JLI continues to make rolling document productions, including of custodial files of individuals the Parties have identified as likely deposition witnesses and of documents being produced in the State Attorney General cases.

*Depositions*

To date, Plaintiffs have noticed or requested more than 68 depositions of JLI-related witnesses. This includes at least 58 Rule 30(b)(1) or Rule 45 depositions. Plaintiffs have completed 26 30(b)(1) depositions of current and former JLI employees, and Plaintiffs' remaining JLI-related deposition requests include 19 former employees, 4 non-parties, 2 current or former Board members, and 7 current employees. To help streamline discovery, Plaintiffs have pulled back deposition notices for 14 Rule 30(b)(1) witnesses.

Plaintiffs continue to seek mutually agreeable dates for deposing JLI witnesses pursuant to CMO 10-A.

*Privilege Log Disputes*

The Parties have continued to meet-and-confer regarding JLI's privilege logs. Based on these conferrals and the Court's July 6, 2021 guidance (ECF 2052) JLI is conducting an ongoing re-review of its logs. As of August 6, 2021, JLI has de-designated

(in full or some part) approximately 15,000 documents after a review of more than 64,000 previously withheld documents. There are approximately 9,000 remaining documents to produce as part of this re-review process.

Separately, based in part on recent deposition testimony, plaintiffs have challenged JLI's privilege claims regarding communications among board members that were shared with third parties. JLI has agreed to produce documents shared with third parties who were merely board observers, but has maintained privilege claims for certain individuals pursuant to well-recognized exceptions to the general rule plaintiffs cite. The parties continue to exchange views.

In connection with the board observers dispute noted above, Plaintiffs further identified specific privilege log entries with K.C. Crosthwaite as a recipient before he became CEO of JLI--on September 25, 2019--and was a board observer for Altria. Plaintiffs seek production of this material sufficiently in advance of Mr. Crosthwaite's deposition. JLI indicated that it will produce some communications involving Mr. Crosthwaite but expects to continue to withhold on the basis of a Joint Defense and Common Interest agreement between JLI and Altria. Plaintiffs have requested that Defendants identify all entries designated privileged on these grounds for further assessment and will bring this issue to the Court for resolution, if necessary.

In addition, the parties have the following outstanding disputes:

<u>Gould Exhibit Clawback.</u> The parties have a disagreement over whether two documents pertaining to preparation for certain Congressional testimony are privileged and should be subject to clawback. Plaintiffs' counsel presented both documents during the deposition of Ashley Gould on July 13, 2021, but she was instructed not to answer questions about them and JLI later issued a notice to claw them back. A telephonic meet-and-confer occurred on August 9, 2021, but the parties were unable to resolve the dispute. Accordingly, they plan on seeking Court intervention.

Broader Clawback. The parties have met-and-conferred extensively regarding a substantial clawback notice JLI issued in May 2021 covering around 370 documents. There are approximately 7-10 substantive documents (*i.e.*, not counting near duplicates that increase the total to 50 items) that currently remain in dispute and may potentially require Court resolution. Plaintiffs are reviewing and considering a recent proposal JLI's counsel sent on August 8, 2021, to resolve all remaining items.

Documents concerning #juulnation. The parties disagree concerning whether deposition testimony by a former JLI employee related to a "hashtag" found on social media posts and her discussions with JLI in-house counsel about the hashtag were privileged. Plaintiffs first raised the privilege challenge on March 19, two weeks after the employee was deposed and was instructed not to answer questions that would reveal privileged communications. JLI diligently responded to Plaintiffs' privilege challenge both informally and formally on April 7 and April 10. In response to JLI's April 10 letter, Plaintiffs served interrogatories on April 12 seeking, among other things, information related to the hashtag testimony. JLI responded to the interrogatories on May 26 and again asserted privileged over communications with counsel related to the hashtag issue. Until this report, Plaintiffs have not re-raised any privileged challenges, either in response to JLI's April 10 letter explicitly discussing the privilege challenge or JLI's responses to the interrogatories asserting privilege. To the extent a dispute remains, the parties will brief the dispute for the Court's consideration the week of August 23rd.

Over 800+ individual challenges. From March 2021 to the present, Plaintiffs have made individual and some broader custodial challenges to documents in advance of depositions. There have been approximately 500 withdrawals of privilege but over 800 challenged for which JLI stood on its claims of privilege. Plaintiffs are reserving the right to seek in camera review as to a subset of those documents to determine if the privilege is properly applied.

The Parties will continue to meet and confer on this issue and will bring any disputes to Your Honor's attention, if necessary.

### B.     Altria

*Document Production*

To date, Altria has produced approximately 875,000 documents, consisting of over 6.6 million pages. These document productions have included Altria's productions to the FTC, as well as the documents that hit on the parties' agreed search terms and from among the files of custodians previously agreed to. Recently, the parties have negotiated an additional set of custodians and search terms related to communications between Altria and JLI prior to 2017.

*Depositions*

To date, Plaintiffs have taken 16 depositions of current and/or former Altria employees. Three additional depositions, including those covering topics within Plaintiffs' 30(b)(6) notice regarding the transaction between Altria and JLI, and one continuation of a prior deposition, are scheduled. The parties continue to discuss scheduling, custodial file, and privilege issues as they arise.

*Written Discovery*

Altria has provided responses to all of Plaintiffs' written discovery requests that have come due. Plaintiffs and Altria continue to meet and confer on these responses and will bring any disputed issues to Your Honor's attention, if necessary.

### C.     Director Defendants

*Document Productions and Depositions*

The Director Defendants have produced documents responsive to Plaintiffs' discovery requests. The parties have taken or scheduled depositions for nearly all of the Director Defendants and personnel associated with the Directors.

### D. E-Liquid Defendants

Mother Murphy's Laboratories Inc. and Alternative Ingredients Inc., are proffering Eduardo Berea, Charles Trout, and Don Jarell, who will be available on some combination of September 28, 29, and/or 30. Eliquitech and Tobacco Technology has not yet designated the witness as they are stating they need a meet and confer before doing so. The parties will have a meet and confer this week to finalize the deposition witnesses and schedule.

### E. Retailer and Distributor Defendants

Counsel for Plaintiffs, the Retailer Defendants, and the Distributor Defendants are continuing to meet-and-confer regarding finalization of search terms, hit reports, and production of custodial files. Retailer and Distributor Defendants have made productions pursuant to Plaintiffs' requests, and the parties continue to meet-and-confer regarding search terms and custodians for supplemental productions. Plaintiffs have reached agreements regarding custodians with the following Defendants: Eby-Brown, 7-Eleven, Core-Mark, and McLane. Additionally, counsel for the Plaintiffs are engaging in meet-and-confers with Wal-Mart, Walgreens, and Chevron to finalize custodians and related issues. Plaintiffs' counsel will continue to arrange additional meet-and-confers with the remaining Retailer Defendants to finalize custodians. Walmart served its interrogatory responses on March 5, 2021. Speedway and 7-Eleven served their interrogatory responses on July 23, Walgreens served its interrogatory responses on July 30, and Circle K served its interrogatory responses on August 6. Chevron will serve its interrogatory responses by August 24, 2021.

Further, McLane and Plaintiffs are working together cooperatively to ensure McLane's carriers have access to Plaintiff Fact Sheets.

### III. DISCOVERY FROM PLAINTIFFS

#### A. Personal Injury Plaintiffs

In addition to the initial discovery of the bellwether candidates prior to the Court's selection of the final four bellwether candidates, Defendants have now taken ten additional fact witness depositions, and an additional three are scheduled. Defendants may have an issue to discuss with the Court *in camera* regarding a deposition issue with a fact witness for one of the bellwether plaintiffs.

JLI also served its First Set of Requests for Admission and Second Set of Requests for Production on these Plaintiffs on July 16, 2021, and a Second Set of Requests for Admission on Roberto Pesce on August 17, 2021.

Altria served interrogatories in each of the four personal injury bellwether cases on July 1. The Parties have agreed that Plaintiffs will serve responses on August 16, 2021.

Defendants' seek an order from this Court permitting Dr. Matkovic, the psychiatrist who has done most of the other mental evaluations for bellwether plaintiffs, to evaluate Mr. Fish remotely under the jurisdiction of this Court. Such an order would ameliorate any concerns Defendants and Dr. Matkovic have regarding the Kentucky licensure laws. Additionally, the parties are meeting and conferring regarding physical medical exams of the bellwether plaintiffs as relates to their alleged injuries and previous treatment, if any. The issues under discussion include the location of the in-person exam, the extent of the exam (lung scan, etc.) and the timing of the exams. To the extent the parties are unable to resolve these issues, they will file a joint statement not to exceed three pages per side on these issues by 5 pm ET on Tuesday, August 24th.

Plaintiffs indicated to Defendants that both plaintiffs Bain and Pesce will have pulmonary examinations completed by August 30, 2021. Plaintiffs also offered to share those examination results and proposed briefing this issue on September 3, 2021, after

7

Defendants had the benefit of those reports. Defendants declined this proposed compromise.

### B. Class Plaintiffs

*Subpoenas on schools attended by certain class representatives*

In late April 2021, Defendants served document subpoenas on schools attended by certain class representatives. In July 2021, six additional subpoenas were served on schools attended by certain individual bellwether plaintiffs. To date, a number of those school districts have responded to the subpoenas and produced documents.

Defendants, however, have received no documents from two of the schools (RC Murphy Junior High and Ward Melville High School), both of whom were served with the subject subpoenas in April. In May and June, counsel for the school district (Three Village Central School District) raised questions about the scope of those subpoenas, which were discussed at the June 30, 2021 Discovery Conference. (6/30/2021 Hr'g Tr. at 29:19-31:6). After receiving the Court's guidance on that issue, on July 20, 2021, counsel for the school district over the two subpoenaed schools informed Defendants that responsive documents were being collected and would be produced the following week. To date, however, the two subpoenaed schools have produced no documents, nor have they committed to a date for production prior to the second half of September. Defendants request the Court's guidance on setting a deadline for these schools' production.

Plaintiffs are working to resolve this issue and will be prepared to update the Court at the August 18, 2021 hearing.

### D. Government Entity Plaintiffs

Altria has served contention interrogatories on the Government Entity Bellwether Plaintiffs, to which they served responses and objections. Altria wrote to the Government Entity Bellwether Plaintiffs regarding deficiencies in their responses and the parties met and conferred on those issues. Three Government Entity Bellwether Plaintiffs have provided supplemental responses and the remaining three will provide supplemental

responses by August 20, 2021. Altria is in the process of reviewing the supplemental responses and will bring any disputed issues to Your Honor's attention, if necessary.

## IV. THIRD-PARTY DISCOVERY

### *Depositions*

To date, Plaintiffs have deposed two third-party witness. Plaintiffs have scheduled two additional third-party depositions. Plaintiffs continue to confer with counsel to schedule others.

### *Subpoenas*

Plaintiffs have issued third party subpoenas to more than 166 entities or persons. In total, responsive recipients have thus far produced approximately 135,000 pages of documents and negotiations are ongoing with numerous others.

To date, JLI has issued approximately 143 third-party subpoenas. JLI is conferring with the recipients, but may require the Court's intervention through an informal discovery conference and/or motions practice.

JLI currently has one issue it wishes to bring to the Court's attention. JLI has served eight third party subpoenas on entities in Washington State, seeking information related to the allegations made by Government Entity Bellwether Plaintiff King County. The substantial majority of the work on those subpoenas is complete. There are, however, five outstanding subpoenas—to the Washington state Board of Health, Department of Health, Department of Revenue, State Board of Education and Consumer Protection Division— over which JLI and the third parties are still negotiating. The Washington Attorney General is responding on behalf of all five entities. JLI granted the AG a number of extensions to respond and subsequently engaged in a series of productive meet and confers that effectively resolved most disputes by July 29. Since then, however, discussions have turned to search terms and have temporarily stalled, in part because the AG's office represented that its members had pre-planned summer vacations that interrupted their review of the remaining issues.

JLI continues to believe that the outstanding issues may be resolved without court intervention, but the delays associated with these five subpoenas mean that any disputes likely will not ripen by August 31, the current date for the end of fact discovery with respect to King County. JLI therefore asks the Court to extend the time for JLI and these five third parties to resolve any dispute, and for the third parties to complete their productions, until September 30, 2021, in order to avoid potentially premature motion practice on the remaining disputes and on the sufficiency of these entities' eventual productions. The AG has informed JLI that that it joins in this request for an extension of time, but takes no position regarding the appropriate deadlines in the MDL case. To be clear, JLI seeks an extension only for resolution of these five subpoenas and not for discovery into King County itself.

Dated: August 16, 2021                                    Respectfully submitted,

By: /s/ *Renee D. Smith*                                  By: /s/ *Sarah R. London*

Renee D. Smith (*pro hac vice*)                           Sarah R. London
James F. Hurst (*pro hac vice*)                           **LIEFF CABRASER HEIMANN &**
**KIRKLAND & ELLIS LLP**                                  **BERNSTEIN**
300 N. LaSalle                                            275 Battery Street, Fl. 29
Chicago, IL 60654                                         San Francisco, CA 94111
Telephone: (312) 862-2310                                 Telephone: (415) 956-1000


By: */s/ Peter A. Farrell*                                By: */s/ Dena C. Sharp*

David M. Bernick (*pro hac vice*)                         Dena C. Sharp
Peter A. Farrell (*pro hac vice*)                         **GIRARD SHARP LLP**
**KIRKLAND & ELLIS LLP**                                  601 California St., Suite 1400
1301 Pennsylvania Ave, N.W.                               San Francisco, CA 94108
Washington, D.C. 20004                                    Telephone: (415) 981-4800
Telephone: (202) 389-5959

                                                          By: */s/ Dean Kawamoto*

By: */s/ Gregory P. Stone*                                Dean Kawamoto
                                                          **KELLER ROHRBACK L.L.P.**
Gregory P Stone, SBN 78329                                1201 Third Ave., Ste. 3200
Bethany W. Kristovich, SBN 241891                         Seattle, WA 98101
**MUNGER, TOLLES & OLSON LLP**                            Telephone: (206) 623-1900
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100                              By: */s/ Ellen Relkin*

*Attorneys for Defendant Juul Labs, Inc.*                 Ellen Relkin
                                                          **WEITZ & LUXENBERG**
                                                          700 Broadway
                                                          New York, NY 10003
                                                          Telephone: (212) 558-5500

                                                          *Co-Lead Counsel for Plaintiffs*

By: */s/ John C. Massaro*

**ARNOLD & PORTER KAYE SCHOLER LLP**

John C. Massaro (admitted pro hac vice)
Jason A. Ross (admitted pro hac vice)
601 Massachusetts Ave., N.W.
Washington D.C.  20001
Telephone:   (202) 942-5000
Facsimile:  (202) 942-5999
john.massaro@arnoldporter.com
Jason.ross@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc. and Philip Morris USA Inc.*

By: */s/ James Kramer*

**ORRICK HERRINGTON & SUTCLIFFE LLP**

James Kramer
Roland Chang
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone: (415) 773-5700

jkramer@orrick.com
rdchang@orrick.com
*Attorneys for Defendant James Monsees*

By: */s/ Eugene Illovsky*

**BOERSCH & ILLOVSKY LLP**

Eugene Illovsky
Martha Boersch
Matthew Dirkes
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Telephone: (415) 500-6643
eugene@boersch-illovsky.com
martha@boersch-illovsky.com
matt@boersch-illovsky.com

*Attorneys for Defendant Adam Bowen*

By: */s/ Michael J. Guzman*

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**

Mark C. Hansen
Michael J. Guzman
David L. Schwartz
Sumner Square, 1615 M St., N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7910
mguzman@kellogghansen.com

*Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh*

By: */s/ Mitchell B. Malachowski*

**TYSON & MENDES, LLP**

James E. Sell
Mitchell B. Malachowski
Stephen Budica
April M. Cristal
523 4th Street, Suite 100
San Rafael, CA 94901
Telephone:  (628) 253-5070
jsell@tysonmendes.com
mmalachowski@tysonmendes.com
sbudica@tysonmendes.com
acristal@tysonmendes.com

*Attorneys for Defendants Mother Murphy's Labs, Inc., and Alternative Ingredients, I*

By: */s/ Robert Scher*

**FOLEY & LARDNER LLP**

Robert Scher
Peter N. Wang
Graham D. Welch
Dyana K. Mardon
90 Park Avenue
New York, NY 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
rscher@foley.com
pwang@foley.com
gwelch@foley.com
dmardon@foley.com

*Attorneys for Defendants Tobacco Technology, Inc., and Eliquitech, Inc.*

By: */s/ Michael L. O'Donnell*

**WHEELER TRIGG O'DONNELL LLP**

Michael L. O'Donnell
James E. Hooper
Marissa Ronk
370 17th Street, Ste. 4500
Denver, CO 80202
Telephone: (303) 244-1850
Odonnell@wtotrial.com
hooper@wtotrial.com
Ronk@wtotrial.com

*Attorneys for Defendant McLane Company, Inc.*

By: */s/ Christopher J. Esbrook*

**ESBROOK LAW LLC**

Christopher J. Esbrook
David F. Pustilnik
Michael S. Kozlowski
77 W. Wacker, Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681
christopher.esbrook@esbrooklaw.com
david.pustilnik@esbrooklaw.com
michael.kozlowski@esbrooklaw.com

*Attorneys for Defendants Eby-Brown Company, LLC, Circle K Stores, and 7-Eleven, Inc., Speedway, and Walgreen Co.*

By: */s/ Donald F. Zimmer, Jr.*

**KING & SPALDING LLP**

Donald F. Zimmer, Jr.
Quyen L. Ta
Jennifer T. Stewart
50 California St., Suite 3300
San Francisco, CA 94111
Telephone:    (415) 318-1200
fzimmer@kslaw.com
qta@kslaw.com
jstewart@kslaw.com

*Attorneys for Defendant Walmart Inc.*

By: */s/ Charles C. Correll Jr.*

**KING & SPALDING LLP**

Andrew T. Bayman (Admitted *pro hac vice*)
1180 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
abayman@kslaw.com

and

Charles C. Correll, Jr.
Matthew J. Blaschke
Alessandra M. Givens
50 California St., Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
ccorrell@kslaw.com
mblaschke@kslaw.com
agivens@kslaw.com

*Attorneys for Defendant Chevron Corporation*

By: */s/ David R. Singh*

**WEIL, GOTSHAL & MANGES LLP**

David R. Singh
Bambo Obaro
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3083
david.singh@weil.com
bambo.obaro@weil.com

*Attorneys for Defendant Core-Mark Holding Company, Inc.*