[*Submitting Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 19-md-02913-WHO<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND DEADLINES UNDER LOCAL RULE 37-3** |

Pursuant to the Court's Order (ECF No. 2322) following the August 30, 2021 informal discovery conference, the undersigned parties jointly stipulate and agree, subject to the Court's approval, to an extension of the deadline for completion of certain discovery after the August 30, 2021 close of fact discovery (ECF No. 2092) and motions to compel under Local Rule 37-3 for certain discovery listed in the attached Appendix A;

WHEREAS, Local Rule 37-3 states that "no motions to compel discovery may be filed more than 7 days after the discovery cut-off;"

WHEREAS, the fact discovery cut-off in this case, with certain exceptions set forth below regarding bellwether cases, was August 30, 2021, setting the Local Rule 37-3 deadline as September 7, 2021;

WHEREAS, the parties have agreed to taking the depositions of more than twenty witnesses after the discovery cutoff;

WHEREAS, the Court previously ordered that "the parties shall submit a stipulation" that (1) "shall identify all of the fact discovery the parties **agree** may occur *after* the fact discovery cut off along with the deadline, if any, for any disputes regarding that future discovery to be brought to the Court's attention via a discovery dispute joint letter;" and (2) "to the extent there are outstanding discovery disputes that the parties need more time to confer about . . . , those disputes shall be specifically identified in the stipulation along with a date for bringing the dispute to the Court's attention via a discovery dispute joint letter." (ECF No. 2322)

WHEREAS, as directed by the Court, the undersigned parties have set forth in Appendix A the discovery that the parties agree may occur after the fact discovery deadline and outstanding discovery disputes, along with the dates for bringing to the Court any disputes that require the Court's attention;

WHEREAS, the undersigned parties anticipate potential disagreements about the timeliness, scope, and/or appropriateness of other discovery issues;

WHEREAS, the undersigned parties are working cooperatively to attempt to resolve these and other discovery disputes that have arisen without Court intervention but anticipate that issues will arise after the current Local Rule 37-3 deadline;

1   WHEREAS, nothing in this Stipulation shall or is intended to alter any parties' ability to seek relief beyond these deadlines, subject to a showing of good cause, regarding additional discovery disputes;

4   WHEREAS, certain third-party discovery also remains outstanding that may require the Court's intervention;

6   WHEREAS, nothing in this Stipulation shall, or is intended to, alter the discovery deadlines or related Local Rule 37-3 deadlines with respect to Personal Injury bellwethers B.B., Roberto Pesce, Jayme Westfaul, or Clark Fish; Government Entity bellwethers Tucson Unified School District, U.S.D. 265 (Goddard, KS) or the School Board of Palm Beach County; the to-be-selected Tribal bellwethers; or any additional class representatives who may be identified to represent classes of JUUL purchasers; each of which has or will have a fact discovery deadline different than the August 30, 2021 discovery deadline;

13   WHEREAS, nothing in this Stipulation shall, or is intended to, impose discovery deadlines or related Local Rule 37-3 deadlines with respect to the Distributor, Retailer and E Liquid Defendants who were brought into the case later and are not part of the present bellwether trial schedule, each of which has or will have a fact discovery deadline different than the August 30, 2021 discovery deadline;

18   WHEREAS, this Stipulation, by its own terms, shall not operate to extend other deadlines in this case;

20   WHEREAS, Plaintiffs and Defendants have agreed in principle that any witness disclosed on Plaintiffs' Trial Witness List who was not previously been deposed in the MDL may be deposed by Defendants before trial, and any witness on Defendants' Trial Witness Lists who has not been deposed in the MDL may be deposed by Plaintiffs before trial;

24   WHEREAS, the parties have not previously sought an extension of the deadlines under Local Rule 37-3;

26   WHEREAS, the parties met and conferred and have agreed, subject to the Court's approval, stipulate that the deadlines under Local Rule 37-3 should be extended for those issues set forth in Appendix A to the date set forth therein;

1    WHEREAS, the parties have a disagreement as to whether certain issues should be included as set forth on Appendix B and have set forth their respective positions and dates for anticipated presentation to the Court barring resolution therein;

**NOW THEREFORE**, the parties, through their undersigned counsel, hereby stipulate, agree and respectfully request that the Court enter an Order establishing the dates set forth in Appendix A as the deadlines to bring motions under Local Rule 37-3 or letter briefs under CMO-6.

| | |
|---|---|
| Dated:  September 16, 2021 | Respectfully submitted, |
| By: /s/ *Renee D. Smith* | By: /s/ *Sarah R. London* |
| Renee D. Smith (*pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>300 N. LaSalle<br>Chicago, IL 60654<br>Telephone: (312) 862-2310 | Sarah R. London<br>**LIEFF CABRASER HEIMANN & BERNSTEIN**<br>275 Battery Street, Fl. 29<br>San Francisco, CA 94111<br>Telephone:  (415) 956-1000 |
| By: */s/ Peter A. Farrell* | By: */s/ Dena C. Sharp* |
| David M. Bernick (*pro hac vice*)<br>Peter A. Farrell (*pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>1301 Pennsylvania Ave, N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 389-5000 | Dena C. Sharp<br>**GIRARD SHARP LLP**<br>601 California St., Suite 1400<br>San Francisco, CA 94108<br>Telephone: (415) 981-4800 |
| By: */s/ Gregory P. Stone* | By: */s/ Dean Kawamoto* |
| Gregory P Stone, SBN 78329<br>Bethany W. Kristovich, SBN 241891<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue<br>Fiftieth Floor<br>Los Angeles, California 90071-3426<br>Telephone:     (213) 683-9100 | Dean Kawamoto<br>**KELLER ROHRBACK L.L.P.**<br>1201 Third Ave., Ste. 3200<br>Seattle, WA 98101<br>Telephone:  (206) 623-1900 |
| *Attorneys for Defendant Juul Labs, Inc.* | By: */s/ Ellen Relkin*<br><br>Ellen Relkin<br>**WEITZ & LUXENBERG**<br>700 Broadway<br>New York, NY 10003<br>Telephone: (212) 558-5500<br><br>*Co-Lead Counsel for Plaintiffs* |

| | |
|---|---|
| By: */s/ John C. Massaro* | By: */s/ James Kramer* |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | **ORRICK HERRINGTON & SUTCLIFFE LLP** |
| John C. Massaro (admitted pro hac vice)<br>Jason A. Ross (admitted pro hac vice)<br>601 Massachusetts Ave., N.W.<br>Washington D.C. 20001<br>Telephone: (202) 942-5000<br>Facsimile: (202) 942-5999<br>john.massaro@arnoldporter.com<br>Jason.ross@arnoldporter.com | James Kramer<br>Roland Chang<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700<br><br>jkramer@orrick.com<br>rdchang@orrick.com |
| *Attorneys for Defendants Altria Group, Inc. and Philip Morris USA Inc.* | *Attorneys for Defendant James Monsees* |
| By: */s/ Eugene Illovsky* | By: */s/ Michael J. Guzman* |
| **BOERSCH & ILLOVSKY LLP** | **KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.** |
| Eugene Illovsky<br>Martha Boersch<br>Matthew Dirkes<br>1611 Telegraph Ave., Suite 806<br>Oakland, CA 94612<br>Telephone: (415) 500-6643<br>eugene@boersch-illovsky.com<br>martha@boersch-illovsky.com<br>matt@boersch-illovsky.com | Mark C. Hansen<br>Michael J. Guzman<br>David L. Schwartz<br>Sumner Square, 1615 M St., N.W., Suite 400<br>Washington, DC 20036<br>Telephone: (202) 326-7910<br>mguzman@kellogghansen.com |
| *Attorneys for Defendant Adam Bowen* | *Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh* |

1  **PURSUANT TO STIPULATION AND GOOD CAUSE SHOWING, IT IS SO ORDERED:**

2  The deadline under Local Rule 37-3 shall be extended and the parties shall bring their
3  remaining disputes before the Court in a manner consistent with the agreed upon process set forth
4  in Appendix A to the Joint Stipulation and [~~Proposed~~] Order to Extend Deadlines Under Local Rule
5  37-3.

Date: September 20, 2021

*Jacqueline Scott Corley*

HONORABLE JACQUELINE SCOTT CORLEY
United States Magistrate Judge

**APPENDIX A**

| DISCOVERY ISSUE | PROPOSED NEW L.R. 37-3 DEADLINE |
|---|---|
| 1. Fact discovery the parties agree may occur after the fact discovery cut off:<br>   a. White, Bryan (9/3/2021)<br>   b. Zisoulis, Dimitrios (9/8/2021)<br>   c. Valani, Riaz (9/30/2021)<br>   d. Christensen, Steven (9/9/2021)<br>   e. Daviduke, Brian (9/22/2021)<br>   f. 30(b)(6) Altria – Notice E (9/29/2021)<br>   g. 30(b)(6) Altria - Nicotine (10/14/2021)<br>   h. McKinsey & Co. (9/23/21)<br>   i. Monsees, James (9/27/21)<br>   j. Crosthwaite, Kevin "KC" (10/6/2021)<br>   k. Batchan, Mark (TBD)<br>   l. Murillo, Joe (TBD)<br>   m. Cruise, Daniel (TBD)<br>   n. 30(b)(6) JLI - Native American Tribes (10/6/21)<br>   o. Stewart, Melanie (9/21/21)<br>   p. Simons, Ann (9/23/21)<br>   q. Coates, Kimberly (SFUSD 30(b)(1)) (9/8/21)<br>   r. Nelson, Cheryl (SFUSD) (9/16/21))<br>   s. Swett, Dacotah (SFUSD 30(b)(1)) (TBD))<br>   t. Wallace, Meghan (SFUSD 30(b)(1) (TBD))<br>   u. Matthews, Dr. Vincent (SFUSD 30(b)(1) (TBD))<br>   v. Pak, Quarry (SFUSD 30(b)(6) & 30(b)(1)) (TBD)<br>   w. Ingbrethson, Brad (TBD) | Parties to set hearing with Court within 7 days of conclusion of deposition |
| 2. Potential Timeliness And/Or Other Objections - Written Discovery<br>   a. Plaintiffs' Third Set of RFAs to JLI, served on August 25, 2021, relating to authentication of documents<br>   b. Plaintiffs' First Set of RFAs to Altria, served on August 25, 2021, relating to authentication of documents<br>   c. Plaintiffs' Seventh Set of ROGs, served on JLI on August 13, 2021, regarding JUUL Pods | Sept. 24, 2021 |

| | |
|---|---|
| 3. To the extent that Discovery is Ruled to Be Timely or Otherwise is Answered, Disputes Attendant to Responses to:<br>   a. Plaintiffs' Third Set of RFAs to JLI, served on August 25, 2021, relating to authentication of documents<br>   b. Plaintiffs' First Set of RFAs to Altria, served on August 25, 2021, relating to authentication of documents<br>   c. Plaintiffs' Seventh Set of ROGs, served on JLI on August 13, 2021, regarding JUUL Pods | 7 Days After Responses Served |
| 4. Potential Timeliness And/Or Other Objections - Depositions<br>   a. 30 (b)(6) Deposition Notice, served on Altria on August 26, 2021 regarding Philip Morris USA Financials<br>   b. 30 (b)(6) Deposition Notice, served on JLI on August 20, 2021 regarding product warnings<br>   c. 30(b)(6) JLI Study and Testing<br>   d. Breja, Siddharth<br>   e. 30(b)(6) Sales data btw JLI and Retailers[1] | Sept. 24, 2021 |
| 5. Potential Timeliness And/Or Other Objections - Tribal Discovery<br>   a. First Set of RFPs from MDL Tribal Plaintiffs, served on Altria on August 20, 2021<br>   b. 30 (b)(6) Deposition Notice, served on Altria on August 20, 2021 regarding tribal discovery | Sept. 24, 2021 |
| 6. Dispute related to what extent JLI's July 14, 2021 production hit on MDL search parameters. | Sept. 30, 2021 |
| 7. Plaintiffs' Sixth Set of ROGs, served on JLI on July 28, 2021, regarding Youth Prevention | 7 Days After Response Served |
| 8. King County & SFUSD 30(b)(6) Depositions, Whether Plaintiff Required To Produce Witness on Relief | Sept. 30, 2021 |
| 9. Tribal Discovery Schedule re Discovery of Defendants | Sept. 24, 2021 |
| 10. Further Disputes Attendant to Bellwether Class Member Records Production | Sept. 24, 2021 |
| 11. Further Disputes Attendant to SFUSD Document Production | Sept. 30, 2021 |
| 12. JLI's Document Subpoenas To Third Parties<br>   a. Pop Vapor Co., LLC | Sept. 30, 2021 |

---

[1] Plaintiffs' position is that the August 30, 2021 discovery deadline does not apply to this Notice, because this 30(b)(6) deposition is focused on personal injury bellwether case-specific issues. Defendant JLI disagrees. Nevertheless, Plaintiffs agree to resolve and/or submit any issues related to this Notice by the agreed-upon date.

| | |
|---|---|
|     b. Banks Middle School, Alabama<br>    c. Elkins Mountain School, W.V.<br>    d. US Naval Academy<br>    e. Turning Point Brands<br>    f. RJ Reynolds Vapor Company<br>    g. Fontem US LLC<br>    h. NJOY, LLC<br>    i. HQDTech USA, LLC<br>    j. San Diegueito High School<br>    k. Sunset High School | |
| 13. Current Privilege Disputes<br>    a. Challenge to JLI clawback of two documents re Ashley Gould.<br>    b. Challenge to JLI clawback of 27 documents remaining in dispute from JLI's May 28, 2021 clawback production.<br>    c. Challenge to JLI privilege log entries including board observers and consultants.<br>    d. Assertions of privilege in deposition of Nora Walker related to "#juulnation".<br>    e. Assertions of privilege in depositions of Harold Handelsman and Adam Bowen. | Sept. 24, 2021 |
| 14. Further Privilege Disputes<br>    a. *In camera* review of sample set of the 800 individually challenged entries.<br>    b. Challenges to privilege log produced with Riaz Valani's custodial file<br>    c. Disputes related to ongoing re-review per Court's July 6, 2021 guidance (Dkt. No. 2052) | Oct. 1, 2021 |
| 15. Further Disputes Attendant to Documents Downgraded from the Privilege Challenges Listed under 'Current Privilege Disputes' and 'Further Privilege Disputes' | Oct. 15, 2021 |
| 16. Challenge to privilege log entries for Altria's production of KC Crosthwaite documents | Oct. 1, 2021 |
| 17. PMTA Communications with FDA | Oct. 29, 2021 |
| 18. Defendants' Responses to Plaintiffs' Contention Interrogatories Regarding Affirmative Defenses | Nov. 8, 2021 with respect to Contention Interrogatory Responses Due on 10/25/2021<br><br>Within 10 days of service of Responses with respect to Answers for any other complaints. |

| | | |
|---|---|---|
| 1 | 19. Further disputes attendant to Altria's production in response to RFPs #1 and #11 in Plaintiff's timely served 7th Set of RFPs | Oct. 15, 2021 |
| 2 | 20. Unresolved Disputes, if any, Attendant to Government Entity bellwethers San Francisco Unified School District's, King County's, and City of Rochester, New Hampshire's Supplemental Responses to Altria's First Set of Interrogatories | Oct. 22, 2021 |
| 3 | 21. Disputes attendant to depositions that may occur after the parties' respective disclosure of their Witness Lists | Parties to set hearing with Court within 7 days of conclusion of deposition |

**APPENDIX B: ISSUES ON WHICH THE PARTIES DISAGREE**

| DISCOVERY OR OTHER ISSUES | PLAINTIFFS' POSITION | DEFENDANTS' POSITION | PROPOSED DATE FOR JOINT LETTER BRIEF |
|---|---|---|---|
| 1. Disputes related to Plaintiffs' Subpoena for Deposition to Paul Bible | Plaintiffs disagree with the Non-Management Directors' and will seek resolution if necessary. | The Non-Management Directors' position is that any motions related to this issue must be heard in the District of Nevada. Plaintiffs chose to serve a subpoena in the District of Nevada on an individual who resides in Nevada and who serves as the trustee of a Nevada trust. | Oct. 15, 2021 |
| 2. Expert Report Supplementation | While not entirely clear what Defendants refer to here, Plaintiffs do not anticipate a dispute on these issues. | Defendants disagree with Plaintiffs on the circumstances under which supplementation of Plaintiffs' expert reports should be permitted and believe that, if Plaintiffs are granted leave to supplement, the schedule for Defendants' responsive reports should be adjusted appropriately. | Nov. 1, 2021 |