UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

Case No. 19-md-02913-WHO (JSC)

**ORDER RE: PRIVILEGE WAIVER DISPUTE; ITEM13(C)**

Re: Dkt. Nos. 2404, 2405

Pending before the Court is a dispute regarding whether JLI has properly withheld as attorney-client privileged communications shared with four individuals: Gwendolyn May, Zachary Frankel, Ben Schwartz, and Isaac Pritzker. After reviewing the parties' submissions, and the communications at issue *in camera*, the Court concludes that oral argument is not needed. *See* N.D. Cal. Civ. L.R. 7-1(b).

**DISCUSSION**

The attorney-client privilege is waived for communications which are voluntarily shared with third parties. *See United States v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2009) (stating that the rule is settled "that any voluntary disclosure of information to a third party waives the attorney-client privilege"). JLI, as the party resisting disclosure on the basis of privilege, bears the burden of proving that the privilege has not been waived. *Weil v. Inv./Indicators, Research and Mgt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) ("one of the elements that the asserting party must prove is that it has not waived the privilege").

**A.  Gwendolyn Moy**

Ms. Moy is an attorney for Global Asset Capital Europe LLP ("GAC"), an entity associated with JLI Board Member Riaz Valani. Ms. Moy has provided legal advice to Mr.

Valani, GAC, and its affiliates including Ploom Investment LLC, an investor in JLI. JLI claims that any attorney-client privilege was not waived by being shared with Ms. Moy because it was shared to help Board Member "Mr. Valani interpret the legal advice being offered by the Company or its attorneys so he could discharge his duties and responsibilities as a Board member." (Dkt. No. 2405-7 at 5.)

Any privilege in the communications shared with Ms. Moy is waived. Ms. Moy was not an attorney for JLI and was not participating in the communications to offer any legal advice to JLI. Therefore, the cases cited by JLI in which the privilege was not waived are inapposite as in each the third party was a consultant for the company. In *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509, 2013 WL 772668, at *2–3 (N.D. Cal. Feb. 28, 2013), for example, the court stated that the first question was whether Google had proved that the third party "served as either an employee or the functional equivalent of an employee" and if not, the privilege could not be maintained. JLI does not even argue, let alone prove, that Ms. Moy was the functional equivalent of a JLI employee. In any event, the Court has reviewed the communications at issue and finds that they do not support a finding that Ms. Moy was offering advice to Mr. Valani to help him discharge his responsibilities to JLI.

**B.      Zachary Frankel**

At issue are communications shared with Mr. Frankel during the period he officially served as a Board of Directors advisor. In particular, Mr. Frankel attests:

> On November 29, 2016, I entered into a Board Advisor Agreement with Pax Labs, Inc., (the "Company") pursuant to which I agreed to provide business advisory services to the Company's Board of Directors. As an advisor to the Company's Board of Directors, I attended board meetings, and contributed to certain issues for the Company. I advised the Company and its Board of Directors on certain subjects including, but not limited to, business development opportunities, compensation programs, and recruiting and assessment of management.

(Dkt. No. 2408-6 ¶ 2.) This testimony is corroborated by his written consulting agreement. (Dkt. No. 2408-7.)

Ms. Moy is copied on some of the communications involving Mr. Frankel (JLIPRIV0036995, MDL_047329, MDL_059558, MDL_059567); the privilege cannot be

2

maintained for those communications. Ms. Moy was not a functional employee of JLI; she was representing the interests of her clients.

The privilege is maintained for the redactions on MDL_019098, and for MDL_048403; sharing that communication with Mr. Frankel is consistent with his official consultant role with the Company.

### C.   Ben Schwartz

As Ms. Moy, Mr. Schwartz is (or was) an attorney for GAC. Unlike Ms. Moy, however, he had a consulting agreement with JLI and all of the communications at issue occurred while that agreement was in effect. JLI has met its burden of showing that in connection with those communications Mr. Schwartz was acting as a functional employee of JLI. In the communications the Court has reviewed, he does not appear to be acting on behalf of Mr. Valani or GAC as opposed to JLI. Accordingly, the privilege is not waived for including Mr. Schwartz. However, the Court is not ruling that the communications are privileged because Mr. Schwartz, an attorney, was on the communications as the Court understood that the issue was waiver and not whether a communication was entitled to protection in the first instance. Nonetheless, as a matter of guidance, neither Mr. Schwartz's agreement nor the emails support a finding of an attorney-client relationship with JLI.

### D.   Isaac Pritzker

Isaac Pritzker is the son of JLI early investor and Board Director Nicholas Pritzker. JLI admits that Isaac Pritzker initially served as a Board observer on behalf of his father's entity Tao Capital. It claims, however, that JLI hired him "as a full-time Advisor to the Executive Team pursuant to a written agreement effective February 16, 2018 and earned an annual salary" and therefore he was the functional equivalent of a JLI employee if not an actual JLI employee. (Dkt. No. 2405-7 at 8.) Mr. Pritzker's written agreement, however, shows that he was paid minimum wage. More importantly, Mr. Pritzker testified at deposition that he was not aware of the title Advisor to the Executive Team and that was not a role that he fulfilled. JLI offers no other evidence of Mr. Pritzker performing any services for JLI. For example, they do not submit any emails or other work product showing that he did anything for JLI. And the communications that

3

the Court has reviewed *in camera* do not support a finding that Mr. Pritzker performed any services for JLI.  It thus appears that the minimum wage contract agreement was designed to transfer Mr. Pritzker from a Board observer to an employee even though his role did not change at all.  JLI has not met its burden of proving that Isaac Pritzker was a JLI employee or functional equivalent of an employee such that the attorney-client privilege was not waived when communications were shared with him.

## CONCLUSION

JLI shall produce the withheld documents for which it has waived the attorney-client privilege within 7 days of the date of this Order.  In addition, as promised, JLI shall review its privilege log and produce documents consistent with this Order.

**IT IS SO ORDERED.**

Dated:  October 6, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4