UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

Case No. 19-md-02913-WHO (JSC)

**ORDER RE: JLI CLAWBACK PRIVILEGE DISPUTE 13(A)**

Re: Dkt. No. 2406

Now pending before the Court is a dispute regarding JLI's clawback of "Two Documents: re Ashley Gould" it contends were inadvertently produced. After reviewing the submissions, the Court concludes that oral argument is not required. *See* N.D. Cal. L.R. 7-1(b).

**DISCUSSION**

The attorney-client privilege protects confidential disclosures made by a client to an attorney to obtain legal advice, as well as an attorney's advice in response to such disclosures. *Upjohn Co. v. U.S.,* 449 U.S. 383, 389 (1981). The eight essential elements of the privilege are: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).

JLI has met its burden of proving that the draft congressional testimony is protected from disclosure by the attorney-client privilege. The draft states at its top: "Privileged and Confidential—Prepared at the Request of Counsel * Draft * Draft * Draft." JLI's evidence shows that the proposed testimony was drafted by JLI, its outside counsel, and a consultant retained by JLI. (Dkt. No. 2406-2 ¶ 9.) That the consultant created the first draft does not change the analysis. The consultant was retained by outside counsel for precisely that purpose. (*Id.* ¶¶ 5, 9, 11; Dkt. No. 2406-3.)

1    Plaintiffs' urging that no legal advice was involved is unpersuasive. There is no question that JLI's public statements to Congress were relevant to and could have consequences for the ongoing government investigations and regulatory matters in which JLI was involved; legal advice was needed to protect JLI's interests. (Dkt. No. 2404-2 ¶12.) To look at it another way, if JLI, outside counsel and the consultant had originally met in person and orally discussed the proposed testimony, no one would seriously question that such discussions are protected by the attorney-client privilege. The version of the written proposed testimony at issue here is the functional equivalent.

Finally, it does not appear that Plaintiffs contend that the involvement of the outside-counsel-retained consultant destroys any privilege claim. Nor could they. *See In re Grand Jury Subpoenas Dated Mar. 24, 2003 Directed to (A) Grand Jury Witness Firm & (B) Grand Jury Witness,* 265 F. Supp. 2d 321, 326 (S.D.N.Y. 2003); Dkt. No. at 2406-3. Any public statement made by JLI, especially to Congress, could impact the ongoing government investigations and regulatory proceedings.

JLI has also met its burden of proving that the Exhibit 10 draft questions and answers is protected by the attorney-client privilege for the same reasons as the draft congressional testimony. (Dkt. No. 2406-2 ¶¶ 6-10.) While Plaintiffs argue that metadata suggests that JLI prepared the first draft, even if so, JLI prepared the draft with the intent to have outside counsel and its retained consultant advise it on how it should respond to potential questions—a process that falls squarely within the attorney-client privilege. Again, there is no question that what JLI said to Congress would be relevant to ongoing government investigations and regulatory matters.

JLI's request that it be allowed to claw back the two documents is GRANTED.

**IT IS SO ORDERED.**

Dated: October 6, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge