UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO (JSC)<br><br>**ORDER RE: STATE REGULATORY STEERING COMMITTEE PRESENTATIONS REDACTIONS; ITEM 13(B)**<br><br>Re: Dkt. No. 2407 |

The parties dispute whether certain redactions Defendants made to powerpoint presentations of a JLI State Regulatory Steering Committee are justified by the attorney work-product privilege and attorney-client privilege. Rather than present all 25 to the Court, they have presented the redactions from three of the presentations as illustrative.[1] The Court concludes that oral argument is not required to resolve the dispute. *See* N.D. Cal. Civ. L.R. 7-1(b).

**DISCUSSION**

"The work product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). To qualify for work-product protection, "documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative." *In re Grand*

---

[1] JLI has withdrawn its assertion of privilege over two of the other documents identified in plaintiffs' letter. *See* Dkt. Nos. 2404-4 at 6-7; Dkt. No. 2405-6 at n.3. Nonetheless, plaintiffs want an order that JLI should produce all "similar" term sheet drafts and withdraw all assertions of privilege based on "legal advice" of Harold Handelsman. (Dkt. No. 2404-4 at 7.) The Court will not address unidentified privilege assertions without the necessary context and exhaustion of the parties' meet and confer process. However, JLI would be well-served by promptly "downgrading" and producing any truly related withheld information.

*Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d 900, 907 (9th Cir. 2004) (internal quotation omitted). A finding that a document was prepared in anticipation of litigation, however, does not always end the inquiry. In circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the "because of" test is used.

> Dual purpose documents are deemed prepared because of litigation if in light of the nature of the document and the factual situation in a particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. In applying the because of standard, courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.

*Richey*, 632 F.3d at 567-68 (emphasis added). The party resisting production of material based on the work product privilege bears the burden of proving that the privilege applies. *See Hernandez v. Tanninen,* 604 F.3d 1095, 1102 (9th Cir. 2010).

JLI has met its burden of proving that the information on most of the slides regarding attorney generals is protected attorney work product. (Dkt. No. 2407-26.) The Steering Committee was convened, in part, because JLI was in litigation with one state attorney general and was facing investigations from several others. Indeed, the Committee's Mission Statement recognizes this purpose: to lead "to resolution of State AG concerns/investigations, while preventing new investigations." (Dkt. No. 2407-10 at 3.) It is true that an additional purpose of the Committee was to prevent the adoption of punitive state and local laws, and develop a strategy for encouraging state-level policies favorable to JLI, but the redactions regarding the Committee's investigation into and possible interactions with state attorney generals relate to the former purpose: avoiding litigation/investigations with state attorney generals, ending investigations by state attorney generals, or, in one case, resolving ongoing litigation with a state attorney general. The Court finds that most of the redacted material would not have been prepared in substantially the same form or substance in the absence of JLI's concern about state attorney general investigations and litigation. *See* JLI Ex. 1 (JLI41679016)/Pls. Ex. 12 at 5, 26-34, 36-37, 40, 54-55; JLI Ex.2 (JLI09550300)/Pls. Ex. 15 at 5 (in part, "State AG & Lawsuits"), 6 (in part, "State AG & Lawsuits"); 9 (in full), 11 (in full); 18 (in full); 23 (in full); 24 (in full); JLI Ex. 3

1  (JLI9550215)/Pls. Ex. 14 at 2-8 (in full).

2  That the work was done in preparation for or to head off litigation as opposed to being
3  performed after litigation was already initiated is of no moment. The work-product privilege
4  applies to anticipated but not yet filed litigation. *In re Grand Jury Subpoena* (*Mark Torf/Torf Env't*
5  *Mgmt*.), 357 F.3d at 907; *see also Am. Civ. Liberties Union of N. California v. U.S. Dept. of J.*,
6  880 F.3d 473, 486–87 (9th Cir. 2018) ("We have never held, either within the FOIA context or in
7  litigation generally, that attorney work product must be prepared in anticipation of specific
8  litigation to be privileged, and we decline to do so here.").

9  Plaintiffs' assertion that the presentations were primarily for business purposes and thus
10 were not put together "because of" anticipated litigation is unpersuasive. The redactions are
11 directed at strategies involving state attorney generals. State attorney generals enforce a state's
12 laws, that is, they litigate. Some of the slides even recount strategies involving an active litigation.

13 However, some of the redactions include material not prepared in anticipation of litigation
14 but, instead, are related to attempts to influence state policies. *See* JL Ex. 2 (JLII0955030)/ Pl. Ex.
15 15 at 5-6 (discussing "Legislative" and "Program Management & Coordination"). These sections
16 of the slides have nothing to do with attorney generals or any litigation, but instead are about
17 influencing tax policy, considering sales, impact on revenue, etc., and not properly redacted. As
18 JLI has not proved that these redactions are protected by any privilege, they shall not be redacted.[2]

19 Further, citing the Richburg declaration, JLI contends that slides 50 and 53 are related to a
20 proposed settlement of the North Carolina action. Nothing in the Richburg declaration, however,
21 supports that assertion and on their face the slides appear to be about business
22 considerations/policy decisions unrelated to resolving ongoing litigation. JLI has not met its
23 burden of showing that these two slides are protected work product.

24 Finally, the Court notes that Plaintiffs submitted a 440-page exhibit submission without

25

---

26 [2] For each of the slides at issue, in addition to work-product protection, JLI asserts the slides are
27 "also covered by the attorney-client privilege," as they were compiled and created at the direction of counsel to facilitate rendering of legal advice" but the very generalized declaration of Scott
28 Richburg, JLI Ex. 26, fails to support that assertion. The parties have agreed to redact information from the slides highlighted in purple that is protected by the attorney-client privilege.

3

any separate files. That formatting meant that for the Court to find, for example, exhibit 7, the Court had to scroll through the entire 440 page submission to try to locate that particular exhibit. The Court will not do so again. Exhibits shall have subfiles (e.g., Dkt. No. 2405-1, No. 2405-2), so that they can be quickly accessed, much like when parties were required to file paper copies with exhibits separately tabbed.

This Order disposes of Docket No. 2407.

**IT IS SO ORDERED.**

Dated: October 6, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge