UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATIONJ | Case No. 19-md-02913-WHO   (JSC)<br><br>**ORDER RE: #JUULNATION DISCOVERY DISPUTE 13(D) AND MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 2404, 2405, 2409 |

Now pending before the Court is a discovery dispute regarding Plaintiffs' motion to compel a JLI deponent to answer certain questions which she was instructed not to answer on grounds of attorney-client privilege. Plaintiff also seek to compel additional discovery regarding the use of the #JUULNATION hashtag on JLI Instagram posts. (Dkt. Nos. 2404, 2409.) Also addressed herein are the administrative motions to seal related to this and discovery disputes re Items 13(b) and 13(c). The Court concludes that oral argument is not necessary to resolve these matters. *See* N.D. Cal. Civ. L.R. 7-1(b).

**I.   ITEM 13(D); ASSERTIONS OF PRIVILEGE RE: THE #JUULNATION HASHTAG**

The instructions not to answer on grounds of attorney-client privilege were proper. Plaintiffs' questions specifically asked the witness to reveal her communications with legal counsel as well as counsel's communications with her. For example, Plaintiffs asked:

> Plaintiffs' Counsel: So let me ask you, Ms. Walker, what specifically did you tell JUUL legal counsel when you discovered these things?
>
> Defendants' Counsel: Objection; instruct not to answer.
>
> Plaintiffs' Counsel: Okay. And what specifically did legal counsel tell you as it related to these JUUL Nation hashtags that had been placed on posts on the JUUL Instagram?
>
> Defendants' Counsel: Objection; instruction not to answer.

(Dkt. No. 2409-4, Ex. A 508:17-509:3.)  Plaintiffs do not articulate any reason as to how these questions did not call for privileged communications.  Plaintiffs' counsel next asked:

> Plaintiffs' Counsel: Okay. And -- and just to make sure our record is clear, what specifically did you do after speaking with legal counsel at JUUL about these hashtags you had discovered on the social media accounts of JUUL?
>
> Defendants' Counsel: Objection and instruct not to answer to the extent it would reflect communications with counsel.

(*Id.* at 509:7-14.)  There may have been things the witness did that she could disclose without revealing privileged communications, and defense counsel in fact instructed the witness not to answer only "to the extent it would reflect communications with counsel."  Plaintiffs' counsel, however, did not follow up; instead, counsel moved on to other related questions which the witness answered without objection.  That the witness on her own said just prior to counsel's instruction that she could not answer without revealing privileged material (*id.* at 508:1-4), does not change the analysis.  To make the record clear, Plaintiffs' counsel asked again what specifically the witness did after she spoke with legal counsel and counsel objected "to the extent" answering would reflect communications with counsel.  But, as explained above, Plaintiffs' counsel did not follow up.

Plaintiffs' insistence that Ms. Walker was not seeking legal advice is unpersuasive.  There was no reason to communicate with in-house counsel other than to seek legal advice and, in fact, JLI shows that is in fact what was sought.  (Dkt. No. 2409-4, Ex. D ¶¶ 6-8.)  As the instructions not to answer were all proper, Plaintiffs' motion to compel answers to the questions and a further deposition is DENIED.

To the extent Plaintiffs seek to compel further responses to interrogatories or leave to propound additional discovery on the issue the request is denied as untimely.  Discovery closed on August 30, 2021.  Plaintiffs were therefore required to file any outstanding discovery motions by September 6, 2021.  The Court, however, gave the parties an extension for certain disputes.  In particular, the Court ordered:

> to the extent there are outstanding discovery disputes that the parties need more time to confer about and thus cannot meet the deadline set

2

> forth in Civil Local Rule 37-3 ("no motions to compel discovery may be filed more than 7 days after the discovery cut-off"), those disputes shall be specifically identified in the stipulation along with a date for bringing the dispute to the Court's attention via a discovery dispute joint letter. For example, if the parties continue to have a dispute regarding Plaintiffs' late-noticed 30(b)(6) depositions, then that dispute shall be identified along with a specific deadline for raising the dispute with the Court.

(Dkt. No. 2322.) The parties submitted their stipulation on September 20, 2021. (Dkt. No. 2373.) The only dispute identified in connection with #JUULNATION was "Assertions of privilege in deposition of Nora Walker related to '#juulnation'." (Dkt. No. 2373 at 10.) The Court has now resolved that dispute. Therefore, fact discovery as to #JUULNATION has closed.

This Order disposes of Docket Nos. 2409-4.

## II.     MOTIONS TO SEAL

JLI seeks to file under seal significant portions of the parties' submissions in support of disputes re Items 13(b) – (d). (Dkt. Nos. 2404, 2405, 2407, 2408, 2409.) As of the date of this Order, JLI has not explained what it believes should be sealed in connection with plaintiffs' submission. (Dkt. No. 2404.) Looking at JLI's own administrative motions to seal (Dkt. Nos. 2405, 2409), portions of those requests are overbroad and fail to meet the good cause standard.[1]

Related to the Item 13(b), JLI contends that because some of the underlying information discussed is privileged and protected work-product, the parties' discussion of the same should be sealed. However, the very general discussion regarding the Steering Committee documents discussed in plaintiffs' letter brief is key to understanding both the dispute and the Court's ruling, and that generalized discussion does not disclose information that should be sealed for good cause.[2] However, the underlying exhibits (and JLI's excerpts of the same in its letter brief, Dkt. No. 24-5-6), contain detailed memorializations of JLI's "ongoing planning related to legal and government affairs and represent significant internal strategic investments of effort and

---

[1] None of JLI's own exhibits in support of Item 13(a) have been filed under seal and those exhibits are not covered by an administrative motion to seal. The only Item 13(a) information at issue, therefore, is what plaintiffs have conditionally filed under seal.

[2] The same is true for the other portions of plaintiffs' letter brief at Dkt. No. 2404-4. The very generalized discussions in that brief do not merit sealing under the good cause standard.

3

1    development over the years. Such internal processes and strategies are not known to the public"
2    and would place JLI at a competitive disadvantage if disclosed. (Declaration of Scott Richburg,
3    Dkt. No. 2407-26 ¶ 14.) The exhibits and highlighted portion of JLI's letter brief (Dkt. No. 2405-
4    6) may remain under seal for good cause shown.

5    Related to the Item 13(c) dispute, JLI seeks to seal only the salary and compensation
6    details regarding the arrangements with Frankel, Schwartz, and Isaac Pritzker. That limited
7    information may be sealed for good cause shown.

8    Related to the Item 13(d) dispute, resolved above, JLI seeks to seal portions of the letter
9    brief and the exhibits in support in full. (Dkt. No. 2409-1.) However, JLI provides **no**
10   **justification** for that sealing, other than the fact that it has designated some portion of that
11   information as confidential under the Amended Protective Order. (Dkt. No. 2409-1.). That is
12   insufficient. *See* Civ. L.R. 79-5(d)(1)(A). Independently reviewing the information disclosed in
13   the joint letter and exhibits, the Courts sees no reason under the good cause standard for any
14   portion of that information to remain under seal.

15   Therefore, defendants' administrative motion to seal at Dkt. No. 2405 is GRANTED and
16   the administrative motion to seal at Dkt. No. 2409 is DENIED. The Clerk shall UNSEAL Dkt.
17   No. 2409-4.

18   The Court has already determined that nothing in plaintiffs' letter brief (Dkt. No. 2404-4)
19   merits sealing under the good cause standard. Within five days of the date of this Order, and
20   consistent with the guidance provided in this Order, JLI shall file a declaration identifying the
21   narrowly-tailored information in the exhibits plaintiffs attach to their letter brief that should
22   remain under seal under the good cause standard.

23   This Order disposes of Dkt. Nos. 2405, 2409.

24   **IT IS SO ORDERED.**

25   Dated: October 6, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4