1    [Submitting Counsel on Signature Page]

2

3

4

5                UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7                  SAN FRANCISCO DIVISION

8

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO |
| | **PLAINTIFFS' OPPOSITION TO NON-MANAGEMENT DIRECTOR DEFENDANTS' MOTION TO DISMISS PERSONAL INJURY BELLWETHER CASES** |
| This Document Relates to: | **Judge:** **Hon. William H. Orrick** |
| *G.F. v. JUUL Labs, Inc., et al.* | **Date:** **December 10, 2021** |
| *Jayme Westfaul v. JUUL Labs, Inc., et al.* | **Time:** **1:00 PM** |
| *Bain v. JUUL Labs, Inc., et al.* | **Ctrm.:** **2** |
| *Fairess v. JUUL Labs, Inc., et al.* | |

2310348.2

PLAINTIFFS' OPP'N TO NON-MANAGEMENT
DIRECTOR DEFENDANTS' MOTION TO
DISMISS PERSONAL INJURY BELLWETHER CASES
CASE NO. 19-MD-02913-WHO

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................... 1

II.   ARGUMENT ................................................................................................ 1

    A.   The motion to dismiss B.B.'s complaint should be denied.................................. 1

        1.   The ODDs' motion contradicts the Court's order on the previous motion to dismiss. ............................................................................ 2

        2.   The ODDs' motion misunderstands the TPLA. .......................................... 3

        3.   At minimum, B.B.'s fraud and misrepresentation claims are exempt from the substantive limitations in the TPLA. ............................................. 4

        4.   B.B. appropriately pleads the factual basis for joint and several liability. ....................................................................................... 5

    B.   The motion to dismiss Westfaul's complaint should be denied.......................... 6

        1.   The ODDs' motion contradicts the Court's order on the previous motion to dismiss. ............................................................................ 6

        2.   Westfaul adequately alleges negligence claims under the MPLA. ............. 6

        3.   The MPLA does not bar fraud claims. ...................................................... 9

    C.   The motion to dismiss G.F.'s complaint should be denied. ............................... 10

    D.   The motion to dismiss Fairess's LPLA claims should be denied. ..................... 11

III.  CONCLUSION ............................................................................................. 12

2310348.2

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abels v. JBS Legal Grp., P.C.*,
  229 F.R.D. 152 (N.D. Cal. 2005)....................................................................................... 6, 11

*Bennett v. Madakasira*,
  821 So. 2d 794 (Miss. 2002) ................................................................................................ 10

*Coffman v. Armstrong Int'l, Inc.*,
  615 S.W.3d 888 (Tenn. 2021) .............................................................................................. 3, 4

*Elliott v. El Paso Corp.*,
  181 So.3d 263 (Miss. 2015) ................................................................................................ 6, 10

*Fox v. Amazon.com, Inc.*,
  930 F.3d 415 (6th Cir. 2019).................................................................................................. 2

*Funches v. Progressive Tractor & Implement Co., L.L.C.*,
  905 F.3d 846 (5th Cir. 2018).................................................................................................. 10

*Gaines v. Excel Indus., Inc.*,
  667 F. Supp. 569 (M.D. Tenn. 1987)...................................................................................... 2

*Hall v. Gaylord Entm't Co.*,
  No. 2014-2221, 2015 WL 7281784 (Tenn. App. 2015) .......................................................... 4

*Heath v. C.R. Bard Inc.*,
  No. 19-803, 2021 WL 3172315 (M.D. Tenn. July 27, 2021) ................................................... 4

*Jones v. Coty Inc.*,
  362 F. Supp. 3d 1182 (S.D. Ala. 2018)................................................................................... 6

*Knoth v. Apollo Endosurgery US, Inc.*,
  425 F. Supp. 3d 678 (S.D. Miss. 2019)................................................................................... 7

*LaMontagne v. E.I. DuPoint De Nemours & Co., Inc.*,
  41 F.3d 846 (2d Cir. 1994)..................................................................................................... 10

*Lawson v. Honeywell Int'l, Inc.*,
  75 So. 3d 1024 (Miss. 2011).................................................................................................. 6

*Lofgren v. Polaris Indus. Inc.*,
  No. 16-2811, 2021 WL 2580047 (M.D. Tenn. June 23, 2021) ................................................ 4

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000)................................................................................................ 5

*Maness v. Boston Scientific*,
  751 F. Supp. 2d 962 (E.D. Tenn. 2010) ................................................................................. 2

*Mazur v. eBay, Inc.*,
  No. 07-3967, 2008 WL 618988 (N.D. Cal. Mar. 4, 2008)....................................................... 5

*Mazurek v. Great Am. Ins. Co.*,
  930 A.2d 682 (Conn. 2007) ................................................................................................... 11

*R.J. Reynolds Tobacco Co. v. King*,
  921 So. 2d 268 (Miss. 2005).................................................................................................. 9

*Ray by Holman v. BIC Corp.*,
  925 S.W.2d 527 (Tenn. 1996)................................................................................................ 3

1
2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

*Seaton v. Black & Decker (U.S.), Inc.*,
  No. 20-124, 2021 WL 1395560 (E.D. Tenn. Apr. 13, 2021) ...................................................... 3

4

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010) ................................................................................................................. 11

5
6

*Strayhorn v. Wyeth Pharmaceuticals, Inc.*,
  737 F.3d 378 (6th Cir. 2013) ...................................................................................................... 2

7

*Taylor v. Google LLC*,
  No. 20-7956, 2021 WL 4503459 (N.D. Cal. Oct. 1, 2021) ................................................. 5, 11

8

*Webb v. Ethicon, Inc.*,
  No. 19-461, 2020 WL 5503646 (E.D. Tenn. Sept. 11, 2020) ..................................................... 5

9

*Wyeth Labs., Inc. v. Fortenberry*,
  530 So. 2d 688 (Miss. 1988) ....................................................................................................... 9

10

**STATUTES**

11

H.B. 680, 2014 Leg., Reg. Sess. (Miss. 2014) ........................................................................... 10

12

La. Stat. § 9:2800.54(B)(3) ........................................................................................................ 11

13

Miss. Code § 11-1-63 ................................................................................................................ 6, 7

14

Tenn. Code § 29-28-102(2) ........................................................................................................... 3

Tenn. Code § 29-28-102(8) ........................................................................................................... 3

15

Tenn. Code § 29-28-105(a) ........................................................................................................ 3, 4

16

Tenn. Code § 29-28-105(c) ............................................................................................................ 4

17

**OTHER AUTHORITIES**

18

Tenn. Prac. Pattern Jury Instr. – Civil 10.10 (2021 Ed.) ............................................................. 4

19

**RULES**

Fed. R. Civ. P. 8 ......................................................................................................................... 11

20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPP'N TO DEFENDANT JUUL LABS INC'S MOTION TO
DISMISS CLAIMS PREEMPTED BY FEDERAL LAW (MOTION #2)
CASE NO. 19-MD-02913-WHO

## I.       **INTRODUCTION**

In their new motion to dismiss, the ODDs claim to avoid "arguments … on which this Court has already ruled." Mot. at 2 n.3. If only. In reality, the motion is in large part a rehash of the same issues the Court already decided. The ODDs claim sweeping immunity because they are not "manufacturers" subject to state product liability statutes. Plaintiffs of course agreed with that factual premise (while disputing the legal conclusion). *See, e.g.*, Doc. 1802 at 35-38 (arguing that the statutes do not apply to the ODDs). But the Court held otherwise, finding that the allegations in this case establish "that the ODDs are 'covered' by the statutes' definitions of manufacturers or sellers." Doc. 2144 at 16 n.15. Now the ODDs want to have it both ways, enjoying as "manufacturers" the limitations and conditions imposed by the relevant statues, but also claiming absolute immunity because they are *not* "manufacturers" subject to those same statutes. While Plaintiffs, like the ODDs, preserve their positions on the inapplicability of the statutes for further review, that is not the posture of this case at this time. The Court has determined that the ODDs are manufacturers subject to the relevant statutes. The ODDs have not asked the Court to reconsider that determination or provided any basis for doing so. Plaintiffs' claims under those statutes can therefore proceed. With the exception of Plaintiff Fairess's fraud claims, the motion to dismiss should be denied.

## II.      **ARGUMENT**

### A.       **The motion to dismiss B.B.'s complaint should be denied.**

B.B.'s Second Amended Complaint pleads the following claims against the ODDs: (1) Negligent Design; (2) Negligent Failure to Warn; (3) Negligent Manufacturing; (4) Negligence/Gross Negligence; (5) Negligent Misrepresentation; (6) Fraud; (7) Fraudulent Concealment; and (8) Medical Monitoring. The SAC also sets out, immediately following the Fraud and Fraudulent Concealment claims, the basis for Joint and Several Liability for Fraud and Fraudulent Concealment.

The premise of the ODDs' motion is that the Tennessee Products Liability Act ("TPLA") immunizes officers and directors from any claims falling under the broad definition of "product liability action." The ODDs' argument is contradicted by the Court's order on the previous motion

to dismiss and the text of the TPLA, and it should be rejected.

### 1.      The ODDs' motion contradicts the Court's order on the previous motion to dismiss.

In the previous order denying the ODDs' motion to dismiss, the Court reached two conclusions about the TPLA. *First*, the Court agreed with Plaintiffs that the TPLA does not preclude a product liability claim against a non-manufacturer/non-seller. *See* Doc. 2144 at 15 (explaining that "Plaintiffs rely on cases demonstrating that Tennessee courts routinely hear claims against non-manufacturers/non-sellers that 'fall under the broad definition of "product liability action"').[1] *Second*, the Court determined the ODDs are "covered" by the TPLA because "the ODDs acted through the manufacturer/seller JLI and according to plaintiffs' own allegations had a significant degree of control over the products sold by JLI." Doc. 2144 at 15; *see also id.* at 16 n.15 (concluding "that the ODDs are 'covered' by the statutes' definitions of manufacturers or sellers"). Given those two holdings, the Court granted leave to amend to allege any non-strict-liability claims permitted by the TPLA.

Now the ODDs want to have their cake and eat it too. Having persuaded the Court that they qualify as "manufacturers" for the purpose of the TPLA, the ODDs now argue that they are *not* "manufacturers" and therefore escape liability under the TPLA. Those two things cannot both be true. If the ODDs are not manufacturers, then B.B.'s claims against them are "not based on any actions [the ODDs] took in a role as 'manufacturer' or 'seller,'" and so are not limited by the TPLA. Doc. 2144 at 16 (quoting *Gaines*, 667 F. Supp. 3d at 571). If, as the Court held, the claims against them *do* arise from their role as "manufacturers," the ODDs' arguments that the statute permits only claims against manufacturers or sellers are irrelevant.

---

[1] The ODDs seek to re-litigate this issue by citing a statement in *Strayhorn v. Wyeth Pharmaceuticals, Inc.*, that statutory "references fairly imply that a claim falling under the definition of 'product liability action' may be asserted only against the manufacturer or the seller of the product that harmed the plaintiff." 737 F.3d 378, 403 (6th Cir. 2013). This statement is dicta given that the claims in *Strayhorn* were based on the defendants' "status as manufacturers." *Id.* It is also not the law in the Sixth Circuit, where non-manufacturers/non-sellers *can* be liable. *See* Doc. 2144 at 15 (discussing *Fox v. Amazon.com, Inc.*, 930 F.3d 415, 421 (6th Cir. 2019) and *Gaines v. Excel Indus., Inc.*, 667 F. Supp. 569, 571, 573 (M.D. Tenn. 1987)); *see also Strayhorn*, 737 F.3d at 403 (acknowledging and distinguishing *Gaines*). The ODDs quote *Maness v. Boston Scientific*, 751 F. Supp. 2d 962, 968 (E.D. Tenn. 2010), cited in *Strayhorn*, but that case, like *Strayhorn*, involved only manufacturer/seller defendants.

## 2.     The ODDs' motion misunderstands the TPLA.

Even if the ODDs' two-faced manufacturer/non-manufacturer argument made any sense, the motion would still need to be denied for an additional reason. The premise of the ODDs' motion is that the TPLA defines the universe of "product liability claims" and any claim it does not expressly permit is barred. While that may be how some other state's product liability statutes work, it is not what the Tennessee legislature did in drafting the TPLA.

Nothing in the TPLA defines the universe of claims permitted against any type of defendant. Instead, the statute prescribes certain limitations and conditions on certain product liability claims. As relevant here, the TPLA does three things:

(1) codifies strict product liability standards under statutory terms "defective condition" and "unreasonably dangerous," Tenn. Code § 29-28-102(2) & (8); *see also Ray by Holman v. BIC Corp.*, 925 S.W.2d 527, 533 (Tenn. 1996) (explaining that the definitions, in effect, codify the "consumer expectation" and "risk-utility" tests); *Coffman v. Armstrong Int'l, Inc.*, 615 S.W.3d 888, 895 n. 8 (Tenn. 2021) ("The [TPLA] substantially codifies § 402A of the Restatement (Second) of Torts.") (internal quotation marks and alterations omitted).

(2) provides that "a manufacturer or seller of a product shall not be liable for any injury to a person or property caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller," Tenn. Code § 29-28-105(a); *see also Seaton v. Black & Decker (U.S.), Inc.*, No. 20-124, 2021 WL 1395560, at *2 (E.D. Tenn. Apr. 13, 2021) (explaining that this section of the statute sets out the "prima facie" elements of a "products-liability claim" against a manufacturer or seller, "regardless of the legal theory or theories on which the plaintiff relies"); and

(3) precludes liability against a seller except under particular circumstances, Tenn. Code. § 2-28-106.[2]

That's it.

According to the ODDs, if a claim is not expressly *provided for* in the TPLA, then it is

---

[2] The remaining sections of the statute concern the statute of limitations, Tenn. Code § 103, pleading of damages, *id.* § 107, and "unforeseeable change, improper maintenance, or abnormal use," *id.* § 108.

*prohibited*. But that is not how the Tennessee courts understand the law at all. In Tennessee, the "common law is not displaced by a legislative enactment, except to the extent required by the statute itself." *Coffman*, 615 S.W.3d at 894 (interpreting the TPLA) (citation omitted). For example, as the Court has already explained, although the statute speaks only of "manufacturers" and "sellers," claims against other entities remain viable. *See* Doc. 2144 at 15 (discussing *Amazon* and *Gaines*). Similarly, while the TPLA speaks only to defect claims, and does not expressly provide for failure-to-warn or negligence claims, such claims remain alive and well in Tennessee. *See Heath v. C.R. Bard Inc.*, No. 19-803, 2021 WL 3172315, at *6 (M.D. Tenn. July 27, 2021) (denying summary judgment on strict-liability and negligent warning- and design-based claims); *Lofgren v. Polaris Indus. Inc.*, No. 16-2811, 2021 WL 2580047, at *7-8 (M.D. Tenn. June 23, 2021) (same, on negligent design and warning claims); *Hall v. Gaylord Entm't Co.*, No. 2014-2221, 2015 WL 7281784, at *5 (Tenn. App. 2015) (setting out elements of negligent design claim); *see also* Tenn. Prac. Pattern Jury Instr. – Civil 10.10 (2021 Ed.) (setting out instruction for manufacturer's duty of care in negligence claim); *Coffman*, 615 S.W.3d at 892, 895-96 (analyzing how the TPLA modifies a pre-existing common law claim).

### 3. At minimum, B.B.'s fraud and misrepresentation claims are exempt from the substantive limitations in the TPLA.

The ODDs' argument that the TPLA precludes B.B.'s fraud and misrepresentation claims against them overlooks the language of the statute. The critical language of the TPLA is found in § 105, which states when "[a] manufacturer or seller of product shall not be liable" in a product liability case. Tenn. Code § 29-28-105(a); *see also Coffman*, 615 S.W.3d at 895 (describing this section as the "key operative provision" of the statute) (citation omitted). Even if, as the ODDs contend, this section somehow precluded liability against officers and directors, such a limitation would not apply to fraud claims. That is because the statute expressly exempts from substantive limitation fraud claims: "This section does not apply to an action based on … misrepresentation regarding the chattel." Tenn. Code § 29-28-105(c). Consequently, the statute does not limit liability for fraud claims.

#### 4.      **B.B. appropriately pleads the factual basis for joint and several liability.**

In denying the ODDs' previous motion to dismiss, the Court held that B.B.'s conspiracy allegations "are incorporated into the other fraud-based claims as appropriate and they may continue to seek joint and several liability for all relevant fraud-based claims against the ODDs." Doc. 2144 at 23. On amendment, B.B. faithfully implemented the Court's order, placing the conspiracy allegations under the rubric of joint and several liability immediately following the Fraud and Fraudulent Concealment claims (if for no other reason than to avoiding repetition of the allegations under each type of fraud claim). This pleading accomplishes the critical function of the pleadings under the Federal Rules: putting the parties and the Court on notice of the basis of B.B.'s asserted right to relief.

The ODDs prefer that the complaint (1) delete the heading "JOINT AND SEVERAL LIABILITY FOR FRAUD AND FRAUDULENT CONCEALMENT" and (2) copy-and-paste paragraphs 944-986 in both the Fraud and Fraudulent Concealment claims. A motion to dismiss is not an exercise in copyediting. *See Webb v. Ethicon, Inc.*, No. 19-461, 2020 WL 5503646, at *4 (E.D. Tenn. Sept. 11, 2020) (denying motion to dismiss under the TPLA and explaining that "Defendants' argument is really one of form over substance"); *Mazur v. eBay, Inc.*, No. 07-3967, 2008 WL 618988, at *14 (N.D. Cal. Mar. 4, 2008) ("[P]utting substance over form, this court holds that plaintiffs may validly seek restitution damages independent of how it is labeled.").

If the Court agrees with the ODDs, Plaintiff B.B. requests leave to amend to make this technical correction. There is no undue delay or prejudice to the ODDs: the ODDs have been on notice of the existence and nature of B.B.'s fraud claims against them; and the amendment is not sought for any improper purpose. *See, e.g.*, *Taylor v. Google LLC*, No. 20-7956, 2021 WL 4503459, at *9 (N.D. Cal. Oct. 1, 2021) ("Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,' because 'the court must remain guided by the underlying purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or technicalities.'") (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)); *Abels v. JBS Legal Grp., P.C.*, 229 F.R.D. 152, 155-56 (N.D. Cal. 2005) (setting out factors

2310348.2

- 5 -

PLAINTIFFS' OPP'N TO NON-MANAGEMENT
DIRECTOR DEFENDANTS' MOTION TO
DISMISS PERSONAL INJURY BELLWETHER CASES
CASE NO. 19-MD-02913-WHO

in determining leave to amend).

**B.    The motion to dismiss Westfaul's complaint should be denied.**

Westfaul's Second Amended Complaint sets forth the following claims against the ODDs: (1) Negligence under the Mississippi Products Liability Act, Miss. Code. § 11-1-63 ("MPLA"); (2) Fraud; (3) Fraudulent Concealment; (4) Conspiracy to Commit Fraud.

**1.    The ODDs' motion contradicts the Court's order on the previous motion to dismiss.**

The MPLA limits the product-related claims a plaintiff may bring against a product manufacturer, designer, or seller. Doc. 2144 at 34. As the Court has explained, the MPLA does not limit product-related claims against any other type of defendant. *See* Doc. 2144 at 13-14; *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1029-30 (Miss. 2011) ("Because the statute applies only to manufacturers and sellers, a person or entity other than the manufacturer or seller … may be held liable for common-law negligence or under any other available theory of liability"). In the prior order denying the ODDs' motion to dismiss, the Court determined that the MPLA applies to Westfaul's claims against the ODDs because the ODDs are "manufacturers" under the MPLA.

Now, the ODDs contend that the Court should dismiss Westfaul's MPLA claim because the ODDs do not "meet the statutory definition of 'manufacturers, designers, or sellers' under the MPLA." Mot. at 10. This makes no sense. Either, as the Court determined, the MPLA applies (and Westfaul may bring the MPLA claim the ODDs now seek to dismiss) or the MPLA does not apply (and Westfaul is entitled to bring claims under "any other available theory of liability"). *Lawson*, 75 So. 3d at 1029-30.

**2.    Westfaul adequately alleges negligence claims under the MPLA.**

Negligence claims based upon products liability are "subsumed by, analyzed under, and subject to the requirements of the MPLA." *Jones v. Coty Inc.*, 362 F. Supp. 3d 1182, 1203 (S.D. Ala. 2018) (refusing to dismiss negligent design and negligent failure to warn claims, but instead analyzing them under the MPLA); *see also Elliott v. El Paso Corp.*, 181 So. 3d 263, 269 (Miss. 2015) ("In short, Plaintiffs' *negligence* and strict-liability-based products-liability claims against [manufacturer defendants] must be analyzed under the MPLA.") (emphasis added); *Knoth v. Apollo*

2310348.2

PLAINTIFFS' OPP'N TO NON-MANAGEMENT DIRECTOR DEFENDANTS' MOTION TO DISMISS PERSONAL INJURY BELLWETHER CASES CASE NO. 19-MD-02913-WHO

1  *Endosurgery US, Inc.*, 425 F. Supp. 3d 678, 687 (S.D. Miss. 2019) ("The fact that the MPLA

2  provides the exclusive remedy for suits against a manufacturer, does not mean that common law

3  negligence or breach of implied warranty claims are disallowed.").

4      In practice, this means that any product-based negligence claim must satisfy the

5  requirements of the MPLA in addition to claim-specific elements. The MPLA requires a plaintiff

6  to show: (1) that product was defective at the time that it left the control of manufacturer or seller;

7  (2) that this defective condition rendered the product unreasonably dangerous to consumer; and (3)

8  that defective and unreasonably dangerous condition proximately caused the damages for which

9  recovery is sought. Miss. Code § 11-1-63(a).

10     Under the MPLA, a product can be defective in four different ways (1) "it deviated in a

11  material way from the manufacturer's or designer's specifications or from otherwise identical units

12  manufactured to the same manufacturing specifications," (2) "it failed to contain adequate warnings

13  or instructions," (3) it was "designed in a defective manner", or (4) it "breached an express warranty

14  or failed to conform to other express factual representations upon which the claimant justifiably

15  relied in electing to use the product." *Id.*

16     Here, Westfaul alleges that the ODDs negligently manufactured, marketed and sold a

17  defective product. Compl. ¶¶805-54. These allegations satisfy the three MPLA requirements. *First*,

18  Westfaul alleges that the JUUL was defective when it left the control of the ODDs. *Id.*, ¶¶ 800;

19  401. *Second*, Westfaul alleges the JUUL was defective in three different ways: (1) its design

20  rendered it unreasonably addictive and dangerous; (2) the ODDs negligently failed to provide

21  adequate warnings; and (3) the ODDs negligently misrepresented the JUUL as safe and less

22  addictive than it was. *Id.*, ¶¶ 805-54. *Third*, Westfaul alleges that each of these defects rendered the

23  JUUL unreasonably dangerous and proximately caused her harm. *Id.*, ¶¶ 824-25.

24     The ODDs make two arguments that these allegations are insufficient. Neither has merit.

25  *First*, the ODDs contend that they cannot be liable for any design defect because Westfaul does not

26  allege the existence of "a feasible design alternative that would have to a reasonable probability

27  prevented the harm . . . without impairing the utility, usefulness, practicality or desirability of the

28  product to users or consumers." Mot. at 8 (citation omitted). But Westfaul alleges many "reasonably

- 7 -

feasible alternative designs," including not engineering the product to cravenly addict youth with candy flavors, light-displays and smooth nicotine vapor, and not lacing an inhaler product with "toxic chemicals" that "injure multiple organ systems." *See* Compl. ¶¶ 771, 813, 820; *see also id.* ¶¶ 807-26. Westfaul alleges these design alternatives would have minimized the harms caused by the JUUL (*id.*, ¶ 771) and that the inclusion of the defective design features created "a substantial likelihood of harm." *Id.*, ¶ 764. These allegations plausibly describe a design alternative that would have reduced the dangers of the product while retaining any claims utility for adult smokers.

*Second*, the ODDs contend that Westfaul's negligent failure-to-warn claim is deficient because it is "implausible" that JLI did not sufficiently warn her of the JUUL's wild addiction potential and toxicity. Mot. at 15. Specifically, the ODDs argue that Westfaul began using JUUL *after* JLI began disclosing that JUUL product contained nicotine and that Westfaul once saw a JUUL ad that referenced "adult smokers." *Id.* Thus, according to the ODDs, its "clear that JLI warned about the very risks of which [Westfaul] complains." *Id.* This argument is profoundly misguided. As an initial matter, disclosing that the JUUL product simply contains nicotine does not adequately warn of the JUUL's unique nicotine delivery system, which, as alleged, was engineered to "create risks of abuse and addiction that exceeded that of a cigarette." Compl. 783. Nor does it warn of "the risks of concomitant health hazards that addictive [] behavior can result in" for minors or that JUULs "cause harm by increased exposure to nicotine and other harmful, toxic ingredients." *Id.*

Likewise, the argument that Westfaul was sufficiently warned by the e-mail JLI sent her—at age 17—that invited her to "Join a growing community of adult smokers" is erroneous. Nothing in that e-mail warns of "the risks of lung injuries, seizure, strokes, heart attacks, cardiovascular injuries, and behavioral, cognitive, and mental health injuries" associated with nicotine addiction. *Id.*, ¶ 747; *compare* ¶ 842. Rather, that e-mail (which was one of over 170 Westfaul received from JLI) refers to the JUUL as "The Alternative to Cigarettes" and touts JUUL's "Simple satisfaction" and "best-in-class design." *Id.*, ¶ 747. This advertising material does not provide adequate warning of the injuries Westfaul sustained or defeat the plausibility of her defect claim. *See Wyeth Labs., Inc. v. Fortenberry*, 530 So. 2d 688, 692 (Miss. 1988) ("The issue of a warning's adequacy is factual

1    and usually will be resolved by the trier of fact.").

### 3.    The MPLA does not bar fraud claims.

3    The ODDs contend that the MPLA bars Westfaul's fraud claims. Mot. at 6. Notably, the

4    ODDs cite no Mississippi law supporting this proposition. Instead, they assert that the Court's prior

5    order implicitly dismissed Westfaul's claims for fraud, fraudulent concealment, and conspiracy to

6    commit fraud with prejudice. Plaintiffs do not interpret the Court's order as doing either. In that

7    order, the Court specified that it was dismissing with prejudice the fraudulent concealment and

8    conspiracy to defraud claims for nine plaintiffs in seven states. Doc. 2144 at 42-43. Westfaul's

9    fraud claims were not among them. Putting aside her abandoned claims, the only claims the Court

10   dismissed from Westfaul's case were dismissed with leave to amend. *Id*. at 42.

11   More importantly, the ODDs are also wrong on the law. The Mississippi Supreme Court's

12   opinion in *R.J. Reynolds Tobacco Co. v. King*, 921 So. 2d 268 (Miss. 2005) is dispositive. There,

13   plaintiff King brought ten causes of action against R.J. Reynolds ("RJR") related to their cigarette

14   product and their role in a deceptive marketing and addiction scheme. On a motion for judgement

15   on the pleadings, RJR raised the "inherent characteristic" defense available under the MPLA. The

16   trial court determined that RJR was entitled to the "inherent characteristic" defense and dismissed

17   all claims that fell within the scope of the MPLA, but denied the "motion for judgment as to King's

18   fraudulent misrepresentation, conspiracy to defraud, negligent misrepresentation, deceptive

19   advertising, and wrongful death claims." *Id*. at 270.

20   RJR appealed and the *King* court was presented with the question of whether the MPLA's

21   inherent characteristic defense bars "any action for damages caused by manufactured commercial

22   cigarettes." *Id*. The court affirmed, holding that the MPLA's "inherent characteristic defense

23   applies only to a products liability action" subsumed by the MPLA. *Id.* at 272. Critically, the court

24   held that this was dispositive of the appeal because "the trial court dismissed the products liability

25   claims" and thus "no products liability claim is presently before the Court." *Id*. In other words, the

26   Mississippi Supreme Court held that the MPLA does not subsume claims for fraudulent

27   misrepresentation, conspiracy to defraud or deceptive advertising.

28   Nine years after *King*, the Mississippi legislature amended the MPLA in two ways: (1) it

- 9 -

1   included the word "designer" with each reference to "manufacturer or seller;" and (2) it added the

2   following language to the preamble: "In any action for damages caused by a product, *including,*

3   *but not limited to, any action based on a theory of strict liability in tort, negligence or breach of*

4   *implied warranty*, except for commercial damage to the product itself." *See* H.B. 680, 2014 Leg.,

5   Reg. Sess. (Miss. 2014).[3] These revisions were made in response to two Mississippi Supreme Court

6   decisions allowing (1) a common law suit to proceed against a product designer (*Lawson*); and (2)

7   a common law claim of breach of implied warranty to proceed against a drug manufacturer (*Bennett*

8   *v. Madakasira*, 821 So. 2d 794, 808 (Miss. 2002)). *See Funches v. Progressive Tractor &*

9   *Implement Co., L.L.C.*, 905 F.3d 846, 849 (5th Cir. 2018) (discussing the legislative history of the

10  MPLA). Neither of these revisions nor any subsequent Mississippi Supreme Court opinion has

11  disturbed the holding in *King*. Indeed, the only Mississippi Supreme Court case to even mention

12  fraud claims in the context of the MPLA—*Elliott*, 181 So.3d at 269—cites *King* with approval.

13  *King* remains the law of Mississippi and excludes Westfaul's fraud claims from the limits of the

14  MPLA.

15          **C.      The motion to dismiss G.F.'s complaint should be denied.**

16          In compliance with the Connecticut Projects Liability Act ("CPLA") and this Court's

17  previous order, G.F. asserts three claims against the ODDs: (1) Violation of the CPLA; (2) Fraud;

18  and (3) Conspiracy to Commit Fraud. G.F. drafted the fraud-based claims in separate causes of

19  action for point of clarity give that those claims are also pleaded against Altria, which the Court

20  has determined is not subject to the CPLA at this stage. *See* Doc. 2144 at 34-35 (denying Altria's

21  motion to dismiss under the CPLA).

22          The ODDs do not dispute that G.F. may maintain a fraud claim. Nor could they, given the

23  clear authority that "the CPLA … was not meant to alter the substance of a plaintiff's rights or the

24  facts a plaintiff must prove in order to prevail." *LaMontagne v. E.I. DuPoint De Nemours & Co.,*

25  *Inc.*, 41 F.3d 846, 855 (2d Cir. 1994). Instead, the ODDs contend that the Court should dismiss

26  G.F.'s fraud claims because of a drafting technicality: that they were not "allege[d] … perhaps in

27  separate paragraphs, under one count of the complaint." Mot. at 12 (citation omitted). Indeed, the

28  [3] *Available at*
    https://1.next.westlaw.com/Link/Document/Blob/I1826d530ae7d11e3b555d482a1e6b9a6.pdf

- 10 -

ODDs suggest that dismissal is required unless G.F. "identif[ies] the CPLA *by name and number*" in his fraud claims. Mot. at 12-13 (emphasis in original).

It is doubtful (at best) that hyper-technical state-law pleading requirements like these apply in federal court. *See* Fed. R. Civ. P. 8 (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (plurality) (explaining that when a federal rule "answers the question in dispute … it governs," state law "notwithstanding"). Indeed, even as a matter of Connecticut state law, the case cited by the ODDs explains that "as long as the defendant is sufficiently apprised of the nature of the action … the failure to comply with [Connecticut procedural rules] will not bar recovery." *Mazurek v. Great Am. Ins. Co.*, 930 A.2d 682, 689-90 (Conn. 2007) (citation omitted). Here, the ODDs do not argue that G.F.'s complaint fails to give them notice of the claims against them, and so dismissal is not warranted.

Alternatively, if the Court accepts the ODDs argument, G.F. requests leave to amend to relocate the fraud claims under the CPLA umbrella heading. There is no undue delay or prejudice to the ODDs: G.F.'s case has not been selected as a bellwether; the ODDs have been on notice of the existence and nature of G.F.'s fraud claims against them; and the amendment is not sought for any improper purpose. *See, e.g.*, *Taylor*, 2021 WL 4503459, at \*9; *Abels*, 229 F.R.D. at 155-56.

### D. The motion to dismiss Fairess's LPLA claims should be denied.

As with the arguments against B.B.'s claims under the TPLA, and Westfaul's claims under the MPLA, the ODDs' motion to dismiss Fairess's negligent failure to warn claim stands in contradiction to this Court's previous order. The Court determined that "the ODDs and Founder Defendants are reasonably considered 'manufacturers,' given that they necessarily acted through the manufacturer (JLI)." Doc. 2144 at 34. There is no question that the LPLA permits "failure to warn" claims. La. Stat. § 9:2800.54(B)(3).[4] If, as the Court found, the ODDs are "covered" by the LPLA, then Fairess's LPLA claims against them may proceed. If not, then Fairess may proceed on non-strict-liability claims outside of the LPLA. *See* Doc. 2144 at 11-12.

Plaintiffs concede that, if the LPLA governs Fairess's claims against the ODDs, the statute

---

[4] The ODDs describe negligent failure to warn as a "new claim." Mot. at 3. It is not. *See* Fairess Second Am. Compl., *Fairess* Doc. 10, ¶¶ 809-825.

1   precludes his fraud and conspiracy to commit fraud claims. The ODDs are protected from a fraud

2   claim (arising from intentional deceptive marketing) based on their status as "manufacturers," yet

3   have filed a motion to dismiss contesting that same status. The irony is apparently lost.

4   **III.    CONCLUSION**

5        For these reasons, Plaintiffs respectfully submit that the ODDs' motion to dismiss should

6   be denied, except as to Plaintiff Fairess's fraud claims.

7

8   Dated: October 27, 2021

                    Respectfully submitted,

9

10                       By: */s/ Sarah R. London*

11                       Sarah R. London

12                       **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**

13                       275 Battery Street, Fl. 29
                    San Francisco, CA 94111

14                       Telephone: (415) 956-1000
                    slondon@lchb.com

15

16

17                       By: */s/ Dena C. Sharp*

18                       Dena C. Sharp

19                       **GIRARD SHARP LLP**
                    601 California St., Suite 1400

20                       San Francisco, CA 94108
                    Telephone: (415) 981-4800

21                       dsharp@girardsharp.com

22

23                       By: */s/ Dean Kawamoto*

24                       Dean Kawamoto

25                       **KELLER ROHRBACK L.L.P.**
                    1201 Third Ave., Ste. 3200

26                       Seattle, WA 98101
                    Telephone: (206) 623-1900

27                       dkawamoto@kellerrohrback.com

28

2310348.2

1

2
                                        By: /s/ Ellen Relkin
3
                                        Ellen Relkin
4                                       **WEITZ & LUXENBERG**
                                        700 Broadway
5                                       New York, NY 10003
                                        Telephone: (212) 558-5500
6                                       erelkin@weitzlux.com
7
                                        *Co-Lead Counsel for Plaintiffs*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Sarah R. London*
    Sarah R. London

2310348.2