Mark C. Hansen (admitted *pro hac vice*)
Michael J. Guzman (admitted *pro hac vice*)
David L. Schwarz (CA Bar No. 206257)
 *Attorneys for Defendants Huh, Pritzker, and Valani*
KELLOGG HANSEN TODD FIGEL &
  FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
TEL: (202) 326-7900
mhansen@kellogghansen.com
mguzman@kellogghansen.com
dschwarz@kellogghansen.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | **Case No. 19-md-02913-WHO** |
| *This Document Relates to All Plaintiffs Listed on Page 1 of the Notice of Motion and Motion.* | **REPLY IN SUPPORT OF NON-MANAGEMENT DIRECTOR DEFENDANTS' MOTION TO DISMISS PERSONAL INJURY BELLWETHER CASES**<br><br>Date:       December 6, 2021<br>Time:      10:00 a.m.<br>Courtroom: 2<br>Judge:     Hon. William H. Orrick |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... II

STATEMENT OF THE ISSUES TO BE DECIDED ................................................................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................. 1

ARGUMENT ................................................................................................................................. 2

I.    THE COURT SHOULD DISMISS FAIRESS'S COMPLAINT BECAUSE HE DOES NOT STATE A CLAIM UNDER THE LPLA .......................................................... 2

    A.    Fairess's fraud claims are unavailable under Louisiana law. ................................... 3

    B.    Fairess does not state a claim for negligent failure to warn against the Non-Management Directors under the LPLA. ................................................................. 3

II.    THE COURT SHOULD DISMISS WESTFAUL'S COMPLAINT BECAUSE SHE DOES NOT STATE A CLAIM UNDER THE MPLA ......................................................... 4

    A.    Westfaul's fraud claims are unavailable under the MPLA. ..................................... 4

    B.    Westfaul does not state a negligence claim against the Non-Management Directors under the MPLA. .................................................................................... 6

III.    THE COURT SHOULD DISMISS B.B.'S COMPLAINT BECAUSE SHE DOES NOT STATE A CLAIM UNDER THE TPLA ............................................................................ 8

IV.    THE COURT SHOULD DISMISS G.F.'S FRAUD CLAIMS BECAUSE HE DOES NOT STATE A CLAIM UNDER THE CPLA ........................................................................ 11

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Arnoult v. CL Med. SARL*, 2015 WL 5554301 (S.D. Miss. Sept. 21, 2015) ............................... 5, 6

*Austin v. Will-Burt Co.*, 361 F.3d 862 (5th Cir. 2004) ........................................................................ 7

*Blouin v. Johnson & Johnson*, 2017 WL 4969345 (S.D. Miss. Nov. 1, 2017) ........................... 5, 6

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177 (5th Cir. 2012) ................................................ 2, 4

*Durham v. Johnson & Johnson*, 2021 WL 3745730 (E.D. Tenn. Aug. 24, 2021) ............................. 10

*Elliott v. El Paso Corp.*, 181 So. 3d 263 (Miss. 2015) .......................................................................... 5

*Fox v. Amazon.com, Inc.*, 930 F.3d 415 (6th Cir. 2019) ..................................................................... 9

*LaMontagne v. E.I. Du Pont De Nemours & Co.*, 41 F.3d 846 (2d Cir. 1994) ............................. 11

*Mazurek v. Great Am. Ins. Co.*, 930 A.2d 682 (Conn. 2007) ............................................................ 12

*McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835 (S.D. Miss. 2010) ......................................... 7

*Mechtronics Corp. v. ECM Motors Co.*, 1990 WL 254311 (D. Conn. Nov. 20, 1990) ................ 11

*Nelson v. C.R. Bard, Inc.*, 2021 WL 3578874 (S.D. Miss. Aug. 6, 2021) ....................................... 7

*R.J. Reynolds Tobacco Co. v. King*, 921 So. 2d 268 (Miss. 2005) .................................................. 5

*Shady Grove Orthopedic Assocs.., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) ....................... 11

*Tipton v. CSX Transp., Inc.*, 2017 WL 10398182 (E.D. Tenn. Oct. 25, 2017) ........................... 8, 9

*Webb v. Ethicon, Inc.*, 2020 WL 5503646 (E.D. Tenn. Sept. 11, 2020) ....................................... 10

*Williams v. Bennett*, 921 So. 2d 1269 (Miss. 2006) ........................................................................... 5

*Young v. Bristol-Myers Squibb Co.*, 2017 WL 706320 (N.D. Miss. Feb. 22, 2017) ....................... 7

**STATUTES**

La. Stat. Ann. § 9:2800 ............................................................................................................................ 2

Miss. Code Ann. § 11-1-63 ..................................................................................................................... 6

Miss. Code Ann. § 11-1-63(a) ............................................................................................................ 5, 8

Miss. Code Ann. § 11-1-63(f)(ii) ........................................................................................................... 7

Tenn. Code Ann. § 29-28-102 ............................................................................................................. 10

Tenn. Code Ann. § 29-28-102(4) .......................................................................................................... 9

Tenn. Code Ann. § 29-28-102(6) ........................................................................................... 8

Tenn. Code Ann. § 29-28-102(7) ........................................................................................... 9

Tenn. Code Ann. § 29-28-105(a) ......................................................................................... 10

Tenn. Code Ann. § 29-28-105(c) ......................................................................................... 10

**RULE**

Fed. R. Civ. P. 8 .................................................................................................................. 11

**STATEMENT OF THE ISSUES TO BE DECIDED**

Whether Plaintiffs Jacob Fairess, Jayme Westfaul, B.B., and G.F.'s claims against Defendants Hoyoung Huh, Nicholas Pritzker, and Riaz Valani should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

In their original complaints, Plaintiffs alleged that the Non-Management Directors "designed, manufactured . . . and/or sold" JUUL products. *See, e.g.*, Fairess First Am. Compl. ¶ 759, No. 3:20-cv-06765, ECF No. 6 (Feb. 17, 2021). The Non-Management Directors moved to dismiss, arguing that (1) this allegation was not plausible and (2) taking the allegation as true, state products-liability statutes would preempt Plaintiffs' common-law claims. *See* ECF No. 1500-2, at 16 (Mar. 2, 2021). The Court agreed that the applicable state statutes "cover[ ] and limit[ ] the types of product-related claims [Plaintiffs] can allege against" the Non-Management Directors in its Order dated July 22, 2021. *See* Order on Mots. To Dismiss Personal Injury Bellwether Compls. at 12, ECF No. 2144 (July 22, 2021) ("Order"). The Court gave Plaintiffs leave to amend to try to assert a claim cognizable under those statutes. Plaintiffs did amend, but largely just added references to the relevant products liability statutes, without making any effort to state claims thereunder. Plaintiffs again allege that the Non-Management Directors "designed, manufactured . . . and/or sold" JUUL products and assert statutory claims. Fairess Third Am. Compl. ¶ 821, ECF No. 2299 Ex. B-1 (Aug. 25, 2021). The Non-Management Directors again move to dismiss, renewing their arguments that (1) the allegation that they designed, manufactured, or sold JUUL products is not plausible, and (2) a number of Plaintiffs' claims remain precluded by the governing state products liability statutes.

Plaintiffs' opposition argues that the Non-Management Directors somehow *conceded* that they designed, manufactured, and sold JUUL products in their initial motion to dismiss. Opp. at 2 (stating that the Non-Management Directors "persuaded the Court that they qualify as 'manufacturers'"). And they read this Court's Order as holding, at the pleading stage, that the Non-Management Directors did, in fact, manufacture and/or sell JUUL products. *Id.* at 1  From these mistaken premises, Plaintiffs argue that the Non-Management Directors "want to have their

cake and eat it too." *Id.* at 2.

But Plaintiffs misconstrue both the Non-Management Directors' motions and this Court's Order. The Non-Management Directors never conceded that they designed, manufactured, or sold JUUL products. To the contrary, they have denied these allegations at every stage and argued that they lack plausibility. *See*, *e.g.*, ECF No. 1500-2, at 12 ("The Complaints Fail to Plausibly Plead that the Non-Management Directors Are or Were Manufacturers, Sellers, or Distributors[.]"). And the Non-Management Directors do not read this Court as having taken the unusual step of resolving a factual issue on a motion to dismiss. Instead, they read the Court to hold that, because Plaintiffs specifically *allege* that the Non-Management Directors designed, manufactured, and sold JUUL products, the products-liability statutes provide the statutory framework against which to test the adequacy of the complaints.

Under this framework, Plaintiffs' claims fail. Fairess, Westfaul, and B.B. do not plausibly allege that the Non-Management Directors satisfy the statutory definitions of a manufacturer, seller, or designer. The Court should dismiss their complaints with prejudice. Independently, Fairess and Westfaul again plead claims that the statutes do not permit, and they fail to plead the required elements of their remaining claims. B.B. pleads a nonexistent claim for "Joint and Several Liability for Fraud." G.F. again attempts to plead common-law claims, and he pleads his claims in a manner the CPLA does not permit. The Court directed Plaintiffs to plead claims cognizable under the applicable state statutes. Because they have failed, again, to do so, the Court should dismiss these claims with prejudice.

## ARGUMENT

### I. THE COURT SHOULD DISMISS FAIRESS'S COMPLAINT BECAUSE HE DOES NOT STATE A CLAIM UNDER THE LPLA

Under black-letter Louisiana law, a plaintiff may pursue only four theories when alleging that a defendant is a manufacturer liable for damage caused by a product: manufacturing defect, design defect, failure to warn, and breach of express warranty. *See* La. Stat. Ann. § 9:2800. All other claims are preempted. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (per curiam) ("The [LPLA] provides that it is the exclusive remedy for products liability

2

suits."). The Court should dismiss the fraud claims that Fairess asserts against the Non-Management Directors because they are unavailable under the Louisiana Products Liability Act ("LPLA"). The Court should dismiss Fairess's claim for negligent failure to warn because Fairess does not plausibly plead its elements.

### A. Fairess's fraud claims are unavailable under Louisiana law.

Plaintiffs concede (at 11-12) that Fairess's fraud claims should be dismissed. Thus, this Court should dismiss those claims with prejudice.[1]

### B. Fairess does not state a claim for negligent failure to warn against the Non-Management Directors under the LPLA.

The Court additionally should dismiss Fairess's negligent failure to warn claim because Fairess does not plausibly allege that the Non-Management Directors manufactured JUUL products or had control over a characteristic of the design or construction of JUUL products.

Fairess's complaint (at ¶ 821) does not contain any factual support for its conclusory allegation that the Non-Management Directors designed, manufactured, or sold JUUL products. In his opposition, and contrary to the allegations in his own complaint, Fairess argues (at 1), that he "of course agree[s]" that the Non-Management Directors are not manufacturers. Fairess thereby concedes that his allegation that the Non-Management Directors manufactured or sold JUUL products is not plausible.

Even if Fairess had identified factual support for his allegation, he does not explain how the allegation brings the Non-Management Directors within the scope of the LPLA's definition of "manufacturer" or "seller." In fact, he does not discuss the statutory definitions at all. Fairess argues that this Court already found, at the motion-to-dismiss stage, that the Non-Management Directors are "manufacturers." Opp. at 11. We do not read this Court as having taken the unusual step of resolving a factual issue on a motion to dismiss. Instead, we read the Court as having

---

[1] Plaintiffs argue that there is "irony" in the fact that the Non-Management Directors cannot be sued for fraud. Their mistake is in describing this protection as arising from "their status as 'manufacturers,'" Opp. at 12, which the Non-Management Directors dispute. But having specifically and repeatedly alleged that the Non-Management Directors are manufacturers, there is nothing ironic about application of the governing statute to Fairess's allegations.

reasoned that, because Plaintiffs *alleged* that the Non-Management Directors manufactured JUUL products, the products-liability statutes are the proper legal framework by which to test the adequacy of Fairess's complaint.  The Court allowed Plaintiffs to try to assert a claim cognizable under the statute.  Fairess's complaint is inadequate under that statutory framework, as he concedes.

Fairess also argues – in the alternative – that if the Non-Management Directors are not manufacturers, his claims "may proceed on non-strict-liability claims outside of the LPLA." *Id.* But the Court already rejected this argument, *see* Order at 12 ("Plaintiffs provide no explanation, given their other allegations, how the [Non-Management Directors] could be analogous to 'non-manufacturer sellers' or any other type of defendant that courts in Louisiana have recognized fall outside the scope of the LPLA."), and Plaintiffs have not sought (and could not seek) reconsideration of that ruling.  Fairess's complaint contains the exact same allegations that the Court considered in its Order, specifically alleging that the Non-Management Directors manufactured JUUL products.  Because the LPLA applies to products-liability claims against alleged manufacturers, there are no claims that Fairess can assert outside of the LPLA.  *See Demahy*, 702 F.3d at 182 ("The [LPLA] provides that it is the exclusive remedy for products liability suits.").

## II. THE COURT SHOULD DISMISS WESTFAUL'S COMPLAINT BECAUSE SHE DOES NOT STATE A CLAIM UNDER THE MPLA

In its Order (at 14), this Court held that the Mississippi Products Liability Act ("MPLA") "covers and limits the types of product-related claims Westfaul can allege against the [Non-Management Directors]."  Yet Westfaul again pleads claims that are unavailable under the MPLA, and that this Court has already rejected.  To the extent Westfaul asserts a claim that the MPLA recognizes, she fails to plausibly allege each element.  This Court should dismiss Westfaul's complaint as to the Non-Management Directors.

### A.   Westfaul's fraud claims are unavailable under the MPLA.

Westfaul concedes (at 6) that "[t]he MPLA limits the product-related claims a plaintiff may bring against a product manufacturer, designer, or seller."  The MPLA allows only four

claims for injury from a product: (1) manufacturing defect; (2) failure to warn; (3) design defect; or (4) breach of express warranty. *See* Miss. Code Ann. § 11-1-63(a). Westfaul pleads none of these claims; instead she pleads "MPLA – Negligence" (Count II); Fraud (Count V); Fraudulent Concealment (Count VI); and Conspiracy to Commit Fraud (Count VII).

This Court should dismiss Westfaul's fraud claims. The MPLA preempts fraud claims, as this Court has already held. *See* Order at 13 (rejecting Westfaul's argument that the MPLA does not apply to fraud claims). Undeterred, Westfaul argues (at 9) that the Non-Management Directors "cite no Mississippi law" supporting the proposition that the MPLA preempts fraud claims. But in fact, the Non-Management Directors rely on the plain text of the MPLA as interpreted by the Mississippi Supreme Court in *Williams*. Mot. at 6, ECF No. 2413 (Sept. 29, 2021); *see also Williams v. Bennett*, 921 So. 2d 1269, 1273 (Miss. 2006) ("Section (a) of the [MPLA] serves as a claimant's roadmap and provides the basic framework from which claimants classify their particular claims."). Federal courts have also held repeatedly that the MPLA preempts plaintiffs' fraud claims and dismissed them accordingly. *See, e.g.*, *Young v. Bristol-Myers Squibb Co.*, 2017 WL 706320, at *4-5 (N.D. Miss. Feb. 22, 2017) (dismissing plaintiff's fraud claims as "subsumed by the MPLA"); *Blouin v. Johnson & Johnson*, 2017 WL 4969345, at *1 (S.D. Miss. Nov. 1, 2017) ("the federal courts in this state have held that the MPLA subsumes claims of . . . fraud"); *Arnoult v. CL Med. SARL*, 2015 WL 5554301, at *11 (S.D. Miss. Sept. 21, 2015) (dismissing plaintiffs' claims for fraud and fraudulent concealment, explaining they were "subsumed by [p]laintiffs' claims for warning and design defects under the MPLA"). Mississippi law is well settled that the MPLA preempts fraud claims.

Westfaul cites (at 9) the Mississippi Supreme Court's decision in *R.J. Reynolds Tobacco Co. v. King*, 921 So. 2d 268 (Miss. 2005), for the proposition that her "fraud claims" are "exclude[d] . . . from the limits of the MPLA." Opp. at 10. But this Court has already held that Westfaul's fraud claims are not so excluded: Westfaul made this argument in response to the Non-Management Directors' first motion to dismiss – then citing the Mississippi Supreme Court's decision in *Elliott v. El Paso Corp.*, 181 So. 3d 263 (Miss. 2015) – and this Court rejected it. *See* Order at 13-14. Nor should this Court revisit its decision. The Mississippi Supreme Court

5

decided *Elliott* after *R.J. Reynolds*, and *Elliott* makes clear that "common law claims based on damages caused by a product are subsumed by the MPLA and must be analyzed under the statute." *Young*, 2017 WL 706320, at *3 (citing *Elliott*, 181 So. 3d at 269). That includes fraud claims, as multiple federal courts have held in decisions postdating both *R.J. Reynolds and Elliott*. *See id.* at *5; *Blouin*, 2017 WL 4969345, at *1; *Arnoult*, 2015 WL 5554301, at *11. Here, Westfaul's fraud claims are not based on any theory of recovery other than products liability. She specifically alleges that she suffered physical injuries from her use of JUUL products, *see* Westfaul Second. Am. Compl. ¶¶ 749-750 (describing Westfaul's alleged personal injuries from her JUUL usage); 757 (same); and that alleged "misrepresentations and/or omissions were a substantial factor in causing [her] harms," 907. *See also id.* ¶¶ 927 (alleging physical injuries from use of JUUL products); 969 (same). Because Counts V-VII claim an injury from the use of a product, they fall within the MPLA's scope and are precluded under Mississippi law. *See* Miss. Code Ann. § 11-1-63 (MPLA applies to "any action for damages caused by a product"). This Court should dismiss Westfaul's fraud claims with prejudice.[2]

**B.   Westfaul does not state a negligence claim against the Non-Management Directors under the MPLA.**

Westfaul fails to state a negligence claim under the MPLA for two reasons. First, even if the Court were to construe Count II as attempting to assert a claim that is cognizable under the MPLA, Westfaul has not plausibly alleged each statutory element of a claim for negligent manufacturing defect, negligent design defect, or negligent failure to warn. Westfaul concedes she does not allege a manufacturing defect claim, *see* Opp. at 7, and this Court already dismissed her warranty claims with prejudice because she expressly abandoned them, *see* Order at 42. Thus, to the extent she attempts to assert these theories of liability under the MPLA, they must be dismissed.

---

[2] Westfaul argues (at 9) that because this Court did not list her fraud claim among the various other fraud claims it dismissed, it did not hold that the MPLA preempts the claims. But this Court did dismiss Westfaul's fraud claims. Order at 42 ("The product-type claims asserted against the [Non-Management Directors] . . . related to their use of JLI's product that fall under the unified statutory causes of action in . . . Mississippi . . . are DISMISSED.").

1		As for design defect, Westfaul does not plausibly allege that "there existed a feasible design alternative that would have to a reasonable probability *prevented* the harm . . . *without impairing* the utility, usefulness, practicality or desirability of the product to users or consumers." Miss. Code Ann. § 11-1-63(f)(ii) (emphases added).  In opposition, Westfaul does not even try to argue that her supposed alternative designs would have *prevented* the alleged harm or maintained JUUL's desirability to consumers; she argues (at 8) only that the harms could be "minimized" or "reduced."  That is not enough under the plain language of the MPLA.  *See Nelson v. C.R. Bard, Inc.*, 2021 WL 3578874, at *13 (S.D. Miss. Aug. 6, 2021) (granting partial summary judgment where the plaintiff's proposed alternative design would minimize, but not prevent harm); *Young v. Bristol-Myers Squibb Co.*, 2017 WL 706320, at *11 (N.D. Miss. Feb. 22, 2017) (dismissing complaint because plaintiff failed to plead feasible alternative design).  Westfaul cites no contrary case law; as far as we are aware, none exists.

		Nor does Westfaul plausibly allege a failure-to-warn claim.  Westfaul does not dispute (at 8) that, according to her complaint, JLI warned her about JUUL Products' nicotine content, addiction risks, and inappropriateness for youth usage – the very risks she now alleges materialized.  So this Court should dismiss her claim to the extent it relies on these allegations. *See Austin v. Will-Burt Co.*, 361 F.3d 862, 868 (5th Cir. 2004).

		Instead, Westfaul argues (at 8) that JLI should have warned her about JUUL's "wild addiction potential and toxicity," including its "unique nicotine delivery system" and "concomitant health hazards."  This argument fails, because, as a matter of law, JLI's warning sufficed to apprise Westfaul of the potential risks of JUUL use.  The fact that Westfaul would have preferred a more dramatic or specific warning is legally irrelevant.  *See McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 844 (S.D. Miss. 2010) ("Mississippi law does not require the best and most obvious warning but only adequate warning.").  Under Mississippi law, a failure-to-warn claim is not an exercise in copy-editing advertisements and labels.

		Second, Westfaul's negligence claim against the Non-Management Directors fails because she does not plausibly allege that the Non-Management Directors meet the statutory definition of

"[M]anufacturer[s], designer[s] or seller[s]" under the MPLA. Miss. Code Ann. § 11-1-63(a); *see also* Mot. at 10 (defining these terms).

In opposition, Westfaul – like Fairess, *see supra* Part I.B. – does not even try to support her allegation that the Non-Management Directors designed, manufactured, or sold JUUL products within the statutory definitions of those terms, and in fact abandons the allegation, Opp. at 1. Westfaul instead argues (at 6) that the Non-Management Directors' motion to dismiss "contradicts the Court's order," because the Court previously "determined that . . . the [Non-Management Directors] are 'manufacturers' under the MPLA," and the Non-Management Directors now argue that they are not "manufacturers" within the MPLA's statutory definition. Again, we do not read the Court to have "determined" that the Non-Management Directors are "manufacturers." Rather, Westfaul's initial complaint, just like her amended complaint, specifically alleged that the Non-Management Directors were manufacturers. The only contradiction here is Westfaul's attempt to disavow her own allegations.

Finally, Westfaul suggests (at 6) that if the MPLA does preclude her claims, this Court should allow her to pursue her claims outside of the MPLA. Once again, the Court already rejected this argument. *See* Order at 13. Westfaul's complaint alleges that the Non-Management Directors manufactured JUUL products, and as a matter of law, the MPLA governs all products-liability claims against alleged manufacturers. The Court should dismiss Westfaul's claims against the Non-Management Directors with prejudice.

### III. THE COURT SHOULD DISMISS B.B.'S COMPLAINT BECAUSE SHE DOES NOT STATE A CLAIM UNDER THE TPLA

The Court correctly held that B.B. must bring any products-liability-type claims against the Non-Management Directors under the unified cause of action of the Tennessee Products Liability Act ("TPLA"), which "subsumes claims rooted in theories of strict liability, negligence, breach of warranty, misrepresentation, or 'any other substantive legal theory in tort or contract whatsoever,' so long as a 'product' is involved." *Tipton v. CSX Transp., Inc.*, 2017 WL 10398182, at *3 (E.D. Tenn. Oct. 25, 2017) (quoting Tenn. Code Ann. § 29-28-102(6)). Like the other Plaintiffs, B.B. does not plausibly allege that the Non-Management Directors meet the statute's definitions of

"manufacturers" or "sellers" as set forth in §§ 29-28-102(4) (defining a manufacturer as "the designer, fabricator, producer, compounder, processor or assembler of any product or its component parts"); 29-28-102(7) (defining a seller as "a retailer, wholesaler, or distributor, and means any individual or entity engaged in the business of selling a product"). The Court should therefore dismiss her claims.

In opposition, Plaintiffs argue (at 2) that the Court "agreed with Plaintiffs that the TPLA does not preclude a product liability claim against a non-manufacturer/non-seller." On the contrary, Plaintiffs had argued that "the TPLA only covers 'manufacturers' and 'sellers.'" Order at 15 (discussing *Fox v. Amazon.com, Inc.*, 930 F.3d 415 (6th Cir. 2019), "where the Sixth Circuit concluded that, given the structure of how Amazon advertises and facilitates sales, it could not be considered a 'seller' under the TPLA"). The Court held that the TPLA governed Plaintiffs' claims because "[P]laintiffs' own allegations" were that "the [Non-Management Directors] acted through the manufacturer/seller JLI." *Id.* As explained *supra*, pointing out the implausibility of Plaintiffs' allegations that the Non-Management Directors were manufacturers or sellers is consistent with the Non-Management Directors' arguments throughout this litigation. It *can* be, and is, the case that Plaintiffs' allegations against the Non-Management Directors all concern acts "committed through manufacturer (JLI)," *id.* at 16, (and that their claims are therefore governed by the TPLA), and that the allegations that the Non-Management Directors meet the definitions of "manufacturer" and "seller" do not stand up to the standard on motions to dismiss.

Plaintiffs' remaining arguments all fail. Plaintiffs first attack a straw man (at 3), claiming that the Non-Management Directors argue that the TPLA only allows certain claims, like the LPLA and the MPLA. But the Non-Management Directors do not argue that the TPLA limits products-liability actions to certain claims (as the statutes do in Louisiana and Mississippi). Rather, they argue that the statute permits claims only against defendants meeting certain criteria, and the allegations that the Non-Management Directors meet these criteria are unsupported by any facts. Plaintiffs' argument (at 4) that the statute "exempt[s]" B.B.'s misrepresentation claims is refuted by the plain language of the TPLA. As the *Tipton* court explained, the statute encompasses any "substantive legal theory in tort or contract" where injury from a product is involved. 2017 WL 10398182, at *3. Plaintiffs ignore this

9

Reply in Support of NMD Motion to Dismiss Personal Injury Bellwether Cases -
Case No. 19-md-02913-WHO

case, and likewise ignore *Durham v. Johnson & Johnson*, 2021 WL 3745730, at *3 (E.D. Tenn. Aug. 24, 2021) ("A 'product liability action' under the TPLA includes all actions based on: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.").

Plaintiffs' textual argument (at 4) based on § 29-28-105(c) of the Tennessee Code is misplaced. All that subsection does is exempt "plaintiffs from having to prove *one of the elements* of a claim under the TPLA in 'an action based on express warranty or misrepresentation regarding the chattel,'" *Webb v. Ethicon, Inc.*, 2020 WL 5503646, at *4 (E.D. Tenn. Sept. 11, 2020) (emphasis added), namely, the requirement of § 29-28-105(a) that the product be shown to be "in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." Tenn. Code Ann. § 29-28-105(a); *id*. § 29-28-105(c) ("*This section* does not apply to an action based on express warranty or misrepresentation regarding the chattel.") (emphasis added). That section does not exempt misrepresentation claims from the remaining requirements of the statute, including the requirement that defendants be sellers or manufacturers within the definitions of § 29-28-102.

The Court should also dismiss B.B.'s claim (at ¶¶ 944-986) for "Joint and Several Liability for Fraud and Fraudulent Concealment," (Count XII), which is not a real cause of action. The Non-Management Directors do not argue that the TPLA does not allow a negligence claim, for example (*see* Opp. at 4), but rather that "Joint and Several Liability for Fraud and Fraudulent Concealment" is not a cause of action in Tennessee, whether under the common law or the statute. Plaintiffs do not deny this or cite any case recognizing such a cause of action. They instead seek leave to amend *a third time*. Requiring a plaintiff to identify and plead an actual, non-fabricated cause of action does not elevate form over substance. The Court dismissed B.B. common-law-fraud claim, and Plaintiffs tried to do an end run around the Court's order by making up a non-existent claim. That should not be countenanced, much less rewarded with an opportunity to re-plead.

IV. **THE COURT SHOULD DISMISS G.F.'S FRAUD CLAIMS BECAUSE HE DOES NOT STATE A CLAIM UNDER THE CPLA**

"[A] plaintiff may not assert a cause of action against the seller of a product for harm caused by the product except within the framework of the CPLA [Connecticut Products Liability Act]." *LaMontagne v. E.I. Du Pont De Nemours & Co.*, 41 F.3d 846, 855 (2d Cir. 1994).  In its Order, this Court held (at 14-15) that G.F. must bring his products-liability claims against the Non-Management Directors under the CPLA.  But he again pleads fraud claims outside of the CPLA, and – in opposing dismissal – suggests he is entitled to a *third* chance to plead his claims under the CPLA.  He is not.  The Court should dismiss G.F.'s fraud claims as to the Non-Management Directors with prejudice.

G.F.'s opposition begins by mischaracterizing the Non-Management Directors' argument.  G.F.'s complaint is deficient not only because he failed to assert his products-liability claims in a single count (although it is deficient for that reason), but G.F. also failed to identify the CPLA as the basis for his fraud claims, even after this Court directed him to do so.  Instead, he still pleads his fraud claims "in the broadest sense, pursuant to all laws that may apply under choice-of-law principles." G.F. Second. Am. Compl. ¶ 976.  G.F.'s complaint does not merely, as he suggests (at 11), violate a "hyper-technical state-law pleading requirement[ ]." This Court's *Order* directed G.F. to plead his claims under the CPLA, and he chose to disregard that clear instruction.

Nor can G.F. ignore the requirements to plead a CPLA claim merely because he chose to sue in federal court.  G.F. disputes whether the CPLA's pleading requirements apply.  In support, G.F. cites (*id.*) Rule 8 of the Federal Rules of Civil Procedure and the Supreme Court's plurality opinion in *Shady Grove Orthopedic Associates., P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 398 (2010).  Neither of these authorities addresses pleading standards under the CPLA.  Federal courts interpreting the CPLA's pleading requirements have held that "[t]he proper way to plead a product liability claim under the [CPLA] is to allege all theories of recovery, perhaps in separate paragraphs, under one count of the complaint." *Mechtronics Corp. v. ECM Motors Co.*, 1990 WL 254311, at *2 (D. Conn. Nov. 20, 1990).  G.F. does not do this.  By contrast, courts have held that the CPLA "clearly abolishes the right of a plaintiff to allege separate causes of action in separate

11

counts under traditional theories of recovery as well as a count under the [CPLA]," *id.* – which is exactly what G.F. does. G.F. provides no contrary case law because, as far as we are aware, none exists.

Finally, citing a decision of the Connecticut Supreme Court, G.F. argues that "as long as the defendant is sufficiently apprised of the nature of the action . . . the failure to comply with [Connecticut procedural rules] will not bar recovery." Opp. at 11 (quoting *Mazurek v. Great Am. Ins. Co.*, 930 A.2d 682, 689-90 (Conn. 2007)). But G.F. omits the next sentence, in which the court limited this principle: "however, . . . the trial court is not obligated to substitute a cognizable legal theory that the facts, as pleaded, might conceivably support for the noncognizable theory that was actually pleaded." *Mazurek*, 930 A.2d at 690 (internal quotation marks omitted). G.F. also omits the outcome: the court affirmed summary judgment for the defendant. *Id.* The same result follows here. G.F. has pleaded (at ¶ 976) a noncognizable products-liability theory under "all laws that may apply." The Court should therefore dismiss G.F.'s fraud claims against the Non-Management Directors with prejudice.

## CONCLUSION

For these reasons, and those set forth in the Motion, the Court should dismiss the Fairess, Westfaul, and B.B. complaints in their entirety as against the Non-Management Directors, and should dismiss Counts IV and V of the G.F. complaint. Having failed to plead a cause of action on their third try, the dismissals should all be with prejudice.

DATED: November 17, 2021      Respectfully Submitted,

By:    */s/ Michael J. Guzman*
Mark C. Hansen (admitted *pro hac vice*)
Michael J. Guzman (admitted *pro hac vice*)
David L. Schwarz (CA Bar No. 206257)
*Attorneys for Defendants Huh, Pritzker, and Valani*
KELLOGG HANSEN TODD FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
TEL: (202) 326-7900
mhansen@kellogghansen.com
mguzman@kellogghansen.com
dschwarz@kellogghansen.com