[Submitting Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This Document Relates to:
TRIBAL CASES

Case No. 19-md-02913-WHO

**PLAINTIFFS' SUBMISSION IN SUPPORT OF TRIBAL-SPECIFIC DISCOVERY**

Pursuant to the Court's Order dated December 6, 2021 (Dkt. 2602), Plaintiffs make this submission regarding the scope of Tribal discovery and in support of allowing Tribal-specific discovery. The Court previously ordered the parties to submit a proposed Tribal case/trial schedule to the Court (*see, e.g.*, Dkt. 2541). The parties have been unable to reach an agreement on a schedule because of a dispute over what discovery the Tribes are entitled to pursue.

It is undisputed that Defendants specifically targeted Tribes and Tribal businesses and made specific representations to them that are relevant to the Tribal Plaintiffs' claims. Tribal Plaintiffs therefore seek additional discovery related to Defendants' Tribal-specific conduct, including: JLI's sales information and marketing programs directed to Tribes and Tribal businesses, including Tribal casinos; efforts to recruit Tribal leaders to influence and facilitate inroads into Tribes and Tribal organizations; the specific details surrounding the consideration and/or creation of "switching programs" and "cessation pilot programs" for Tribes; and the production of customer relationship management ("CRM") data regarding Tribal contacts.

These topics were among those addressed at the first, and only,[1] Tribal 30(b)(6) deposition. However, that deposition, which was adjourned several times by JLI, did not take place until November 10, 2021 – months after the discovery cutoff Defendants seek to impose. JLI's witness, Lawrence Bradley, was unable to answer many inquiries in response to the noticed topics. For example, Roger Stull and Shawn Johns were identified as key members of JLI's sales team for Tribes, but Mr. Bradley was unable to shed light on the many communications they had with Tribes and Tribal organizations. Mr. Bradley was unaware of many of the details regarding JLI's attendance and marketing activities at Tribal conferences, meetings, and events. In addition, the witness identified Kevin Cooke as the person with knowledge regarding sales to Tribal casinos and convenience stores. Mr. Cooke, a current JLI employee, was not previously identified in documents produced related to Tribes, nor was he deposed. Furthermore, Mr. Bradley was unable to explain references to Tribal businesses in connection with JLI's CRM software (Salesforce).

Tribal Plaintiffs do not seek to duplicate any discovery. The Tribal Leadership Sub-Committee ("TLC"), which is charged with managing the prosecution of the Tribal cases, made it clear to Defendants that any future discovery would be (a) Tribal-specific, and (b) not duplicative of any discovery taken to date. The Tribes proposed that the close of Tribal-specific fact discovery take place approximately 180 days after the selection of Tribal trial bellwethers.[2] This would allow Tribes to utilize relevant discovery to aid in their selection of trial bellwethers, and develop a record sufficient to prosecute their cases.

"[T]he scope of discovery should be liberally construed to ensure full and fair resolution of disputes." *Sepulveda v. Zhou*, No. 20-cv-08136-HSG, 2021 WL 5123610, at *2 (N.D. Cal. Nov. 4, 2021) (Illman, M.J.). Yet Defendants now seek to limit Tribal discovery to Tribes that are selected as bellwethers for trial. However, there is currently no process for the selection of

---

[1] Outstanding Requests for Production and a 30(b)(6) notice directed to the Altria Defendants have been deferred pursuant to an agreement that allowed Altria to provide a verified response describing the extent of Altria's involvement with Tribes. Tribal Plaintiffs have until December 17, 2021 to decide whether to continue to pursue these discovery demands.

[2] This is consistent with the period afforded Government Entity Plaintiffs for completion of fact discovery following selection of their bellwethers. Wave I of Government Entity Bellwethers was selected on February 1, 2021 (Dkt. 1355), and the close of general fact discovery was August 30, 2021 (Dkt. 2168).

Tribal trial bellwethers, and should Defendants prevail on this issue, Tribes will be reduced to mere observers in this litigation, unable to pursue any discovery for the foreseeable future. Moreover, lack of centralized discovery will necessitate duplicative, individualized discovery if and when the non-bellwether cases proceed.

The Court appointed Plaintiffs' Steering Committee ("PSC") on December 20, 2019 (Dkt. 341), but the first Tribal complaint was not filed until June 15, 2020, and it was not until August 21, 2020 that the Court created the TLC and appointed a Tribal liaison counsel to the PSC (Dkt. 915). Since that time, the TLC has been actively engaged in the litigation, including in the overall generic fact discovery. Nevertheless, nearly all case events involving Tribes have trailed the other Plaintiff groups by many months.[3] It is no surprise, therefore, that at the discovery conference held on November 17, 2020, the parties and the Court readily agreed to defer the Tribal 30(b)(6) depositions. (Dkt. 1160 at 10-16).

Sequencing of discovery is common in MDL proceedings. "Although discovery by all parties ordinarily proceeds concurrently, sometimes one or more parties should be allowed to proceed first." *Manual for Complex Litigation* § 11.422 (4th ed. 2004). Moreover, MDL courts routinely modify discovery orders to meet the needs of the various parties as the litigation proceeds. "If the court directs that discovery be conducted in a specified sequence, it should grant leave to vary the order for good cause . . . ." *Id*. Here, there is no order that specifies when Tribal-specific discovery should be conducted or concluded. Even assuming the general fact discovery cutoff applies to the Tribal cases, Tribal Plaintiffs have established good cause for allowing Tribal-specific discovery, particularly when no Tribal case schedule has been entered by the Court, and thus no schedule would need to be modified.

In sum, in order to satisfy the purpose of Federal Rule of Civil Procedure 26(b)(1), adequate Tribal-specific discovery must be allowed. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Tribal Plaintiffs' discovery proposal insures that this basic tenet of jurisprudence will be achieved.

[3] For example, Tribes were not included in the Order Regarding Bellwether Selection and Case/Trial Schedule entered on September 9, 2020 (Dkt. 938).

Dated: December 10, 2021

Respectfully submitted,

By: /s/ *Sarah R. London*

Sarah R. London
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000
slondon@lchb.com

By: /s/ *Dena C. Sharp*

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

By: */s/ Dean Kawamoto*

Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone: (206) 623-1900
dkawamoto@kellerrohrback.com

By: */s/ Ellen Relkin*

Ellen Relkin
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
erelkin@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Sarah R. London*
Sarah R. London

2333614.2