UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: JUUL LABS, INC., MARKETING SALES PRACTICE AND PRODUCTS LIABILITY LITIGATION

Case No. 19-md-02913-WHO (JSC)

**ORDER RE: TRIBAL DISCOVERY**

Re: Dkt. Nos. 2633, 2632

Generic fact discovery closed on August 30, 2021. Now pending before the Court is a request by the Tribal Plaintiffs to modify the scheduling order and permit them an additional 180 days of generic tribal-specific fact discovery of JLI after the selection of the Tribal Plaintiff bellwethers. (Dkt. No. 2633.) There is no dispute that after the bellwether selections Tribal Plaintiffs will get plaintiff-specific discovery of JLI; instead, they seek to create a new deadline for generic fact discovery that was supposed to occur prior to the August 30 deadline. After carefully considering the parties' submissions, the Court concludes that oral argument is not required. *See* N.D. Cal. Civ. L.R. 7-1(b).

Pretrial scheduling orders may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 607-09 (9th Cir. 1992)). "This standard 'primarily considers the diligence of the party seeking the amendment.'" *Id*.

Plaintiffs have not demonstrated good cause. There is no explanation for why the only discovery they requested of JLI during the generic fact discovery period was apparently a 30(b)(6) deposition. That this deposition was not completed until November is not good cause for extending the generic fact discovery deadline—without limit as to what discovery can be sought—

for over four months. Nor is the filing of the first Tribal complaint in June 2020, and the appointment of Tribal liaison counsel to Plaintiffs Steering Committee in August 2020—more than 12 months *before* the fact discovery deadline—good cause for an after-the-fact modification of the discovery process.

While the Court agrees with Plaintiffs that sequencing discovery often makes sense, and might have made sense in this case, the time to raise sequencing was after Tribal Liaison counsel was appointed and before Plaintiffs sought tribal-related discovery, or at least well before the fact discovery cut-off, so that the timing of tribal discovery could be coordinated with all the other moving parts of this sprawling MDL. In short, to hold that Plaintiffs have shown good cause on the record here would render the Rule 16(b) good cause requirement meaningless. Plaintiffs' request is therefore DENIED.

This Order applies only to generic discovery of JLI. The parties have agreed to continue certain discovery of Altria, and there is as of yet no generic fact discovery deadline as to the E-Liquid and Retailer Defendants. Further, the parties are directed to meet and confer on a process and deadlines for selection of Tribal bellwether plaintiffs. A stipulation as to that process and deadlines, or competing proposals, shall be submitted to Judge Orrick on or before January 14, 2022.

This Order disposes of Docket Nos. 2632 and 2633.

**IT IS SO ORDERED.**

Dated: December 13, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge