# EXHIBIT 90

# FILED UNDER SEAL

Highly Confidential - Outside Counsel Only

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: )
JUUL LABS, INC. MARKETING, ) CASE NO.
SALES PRACTICES AND PRODUCTS ) 19-md-2913-WHO
LIABILITY LITIGATION )
)
This Document Relates to: )
ALL ACTIONS. )
_______________________________)

"HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY"

\- - -

FEBRUARY 26, 2021

\- - -

Remote videotaped deposition of MICHAEL PARRISH, Volume II, 30(b)(6) designee of JUUL Labs, Inc., conducted at the location of the witness in San Jose, California, commencing at 9:06 A.M., on the above date before Pamela Cotten, CSR, RDR, Certified Realtime Reporter, Certificate No. 4497.

\- - -

GOLKOW LITIGATION SERVICES
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

The shops were an individual going in to try to attempt to purchase JUUL product and not produce an ID. And 30 percent -- 37, roughly, percent of the time they were able to transact without presenting an ID.

After RACS went in place, same -- same shop style. And the failure rate was less than 1 percent for the clerk to request an ID and scan an ID.

Q Okay. We'll talk about mystery shopper later. So thank you for that explanation.

Did either Mr. Crosthwaite or Mr. Murillo ever direct you or put you in contact with others at Altria in the area of youth prevention and suggest to you that JUUL Labs could or should adopt any other -- or any youth prevention programming or efforts that had been used or employed by Altria?

A No, neither of them did.

Q Did you at any point try yourself or direct others to ascertain or learn or find out about what Altria was doing or at least held itself out as doing in the areas of youth prevention and try to adopt any of those particular methods at JUUL?

A Our strategy for outreach was to work through either -- work through a third party, either We Card or a trade organization like NACS, for a