UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 19-md-02913-WHO   (JSC)<br><br>**ORDER RE: IN CAMERA PRIVILEGE REVIEW**<br><br>Re: Dkt. Nos. 2818, 2819 |

Plaintiffs and JLI Director Riaz Valani dispute three entries on Mr. Valani's privilege log. Now pending before the Court is an email string for *in camera* review to determine if the emails are privileged from disclosure. (Dkt. Nos. 2818, 2819.)  Upon *in camera* review, there is no question that the emails involve the giving of legal advice to Mr. Valani and his associated company Global Asset Capital Europe LLP (GAC).  In particular, GAC's legal counsel sought advice from outside counsel in China regarding the regulatory feasibility of JLI entering the China market. GAC was interested in that regulatory landscape because its affiliate—Ploom Investment—is one of JLI's investors.  Mr. Valani then shared that legal advice with two principals of Tao Capital, one of whom, Nicholas Pritzker, is also a JLI Director. Tao Capital and GAC are not affiliates; rather each (through its own affiliates) holds investments in JLI. The question, then, is whether Mr. Valani waived the privilege by sharing the legal advice with Tao Capital. GAC asserts that it has not based upon the common interest doctrine.

The common interest doctrine "prevents waiver of a pre-existing privilege if the privileged information is shared only with those with a common legal interest." *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2485382, at *7 (N.D. Cal. June 8, 2017).

> The common interest doctrine applies where (1) a communication is made by separate parties in the course of a matter of common legal interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived. The common

interest doctrine is not limited to parties to litigation, but can extend to "interested third parties who have a community of interests with respect to the subject matter of the communications," and "is applicable whenever parties with common interests join[ ] forces for the purpose of obtaining more effective legal assistance."

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *7 (N.D. Cal. May 1, 2019) (cleaned up). Mr. Valani has the burden of proving that the common interest doctrine applies. He has not met that burden.

The *in camera* review demonstrates that, at most, GAC and Tao Capital had a common business interest; exploring options for JLI's entrance into China and other foreign markets. That GAC independently sought advice from counsel on the regulatory landscape in China and options on how JLI's entrance could be achieved, does not create a common legal interest between GAC and Tao Capital (a separately situated co-investor in JLI). *See FSP Stallion 1, LLC v. Luce*, No. 2:08-CV-01155-PMP, 2010 WL 3895914, at *21 (D. Nev. Sept. 30, 2010) ("While the parties certainly intended to structure and implement this commercial transaction in compliance with applicable securities laws and regulations, this is insufficient to show they shared a common legal interest. The common interest doctrine does not extend to communications about a joint business or financial transaction, merely because the parties share an interest in seeing the transaction is legally appropriate."); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 580 (N.D. Cal. 2007) (legal analysis not protected under common interest doctrine where disclosure was made to further a commercial transaction and not promote a shared legal interest).

Simply because GAO and Tao Capital's economic interests aligned – to facilitate JLI's entrance into a foreign market in a way that complies with foreign law – does not create a common legal interest between those two separate entities. The privilege has been waived.

This Order disposes of Docket Nos. 2818, 2819.

**IT IS SO ORDERED.**

Dated: February 9, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge