1
2
3
4
5
6
7
8
9   *[Submitting Counsel on Signature Page]*

10
11                          UNITED STATES DISTRICT COURT

12                         NORTHERN DISTRICT OF CALIFORNIA

13

14  IN RE: JUUL LABS, INC., MARKETING,          Case No. 19-md-02913-WHO
    SALES PRACTICES, AND PRODUCTS
15  LIABILITY LITIGATION                        **STIPULATION AND [PROPOSED]
                                                ORDER REGARDING CERTAIN IN
16  _____            LIMINE ISSUES**

17  This Document Relates to:

18  *Robin Bain, individually and as the legal
    Guardian of her minor child, B.B. v. Juul*
19  *Labs, Inc., et al.,* Case No. 20-cv-07174-
    WHO

20
21
22
23
24
25
26
27
28

1    **WHEREAS,** the parties in *B.B. v. JUUL Labs, Inc., et al.*, Case No. 3:20-cv-07174-

2    WHO (B.B. case) met and conferred after exchanging a list of in limine motions that each party

3    intended to file.

4    **WHEREAS,** the parties agree and stipulate that certain evidence and argument will not be

5    introduced at the trial of B.B., unless the evidence and argument described herein become relevant

6    to rebut or explain because an opposing party opens the door to the admission of the evidence or

7    argument.[1]

---

[1] The parties agree that if during trial the opposing side opens the door to any evidence or argument excluded under this Stipulation and Order they will approach the Court before attempting to introduce evidence or argument.

Priv

# STIPULATIONS REGARDING
## ISSUES RAISED BY PLAINTIFF AND AGREED TO BY DEFENDANTS

**IT IS HEREBY STIPULATED**, by and between the Parties hereto, through their respective attorneys of record, that the Parties will not comment on, refer, suggest, introduce or elicit testimony, evidence, or argument (whether directly or indirectly) in the presence of the jury (at voir dire or during trial) about any of the following:

1.     Plaintiff's expert witnesses caused or contributed to the vaping epidemic or have harmed public health, including by publicizing any of Defendants' advertising as part of their academic writings or work;

2.     attorneys' fees; contractual arrangement of Plaintiff with her counsel, including but not limited to any reference to who is responsible for paying Plaintiff's litigation expenses or any references to contingent fee contracts; and circumstances surrounding Plaintiff's selection of counsel, including but not limited to any reference to lawyer advertisements;[2]

3.     professional legal associations, legal educational seminars or any course materials or trial strategy discussions presented at such seminars, including but not limited to Mass Torts Made Perfect, the American Association for Justice, Harris-Martin, the Reptile, the Jerry Spence Trial College, or any other books seminars or educational materials utilized by attorneys.

4.     any payment or other benefit obtained from any collateral source in connection with Plaintiff's injuries;

5.     the financial condition of Plaintiff or any beneficiary, including but not limited to the size of homes and property;

6.     any state's receipts of taxes from the sale of tobacco products;

7.     the political affiliations/activity of Plaintiff and her family or friends;

8.     the timing and circumstances of Plaintiff and her family receiving the Covid-19 vaccine; and,

---

[2] This does not preclude any party from putting on evidence regarding Plaintiff's decision to pursue the litigation.

Priv

9.     Troy Bain's invocation of the Fifth Amendment as related to his marijuana acquisition and usage.

## STIPULATIONS REGARDING
## ISSUES RAISED BY DEFENDANTS AND AGREED TO BY PLAINTIFFS

**IT IS FURTHER STIPULATED**, by and between the Parties hereto, through their respective attorneys of record, that Parties will not comment on, refer, suggest, introduce or elicit testimony, evidence, or argument (whether directly or indirectly) in the presence of the jury (at voir dire or during trial) about any of the following:

10.     the FDA "audit" including the "sanitized" influencer spreadsheet, allegedly deleted documents, and concealment of information from the FDA in the context of the audit;

11.     other individuals' specific allegations of personal injury including specific allegations of other lawsuits in the MDL, and other lawsuits and federal or state investigations against JLI or Altria, including FTC litigation, State AG lawsuits, DOJ investigation, or private securities litigation, as well as settlement discussions, offers, agreements, or payments related to those matters;[3]

12.     the prior representation of tobacco companies by counsel that have entered appearances in this case and/or their respective law firms;

13.     testimony or evidence regarding discovery disputes;

14.     the specific statement in Scott Dunlap's LinkedIn profile that states "addicting a generation of teens";

15.     Ari Atkins' rock climbing;

16.     Richard Mumby's personal Instagram account except references to JUUL or his work on JUUL or for Defendants;

17.     Plaintiff's anticipated use of any jury award;[4]

---

[3] Plaintiff reserves the right to use depositions from these other JUUL cases as is permitted consistent with the Federal Rules of Evidence and Civil Procedure and Plaintiff reserves the right to request the Court issue an instruction that this is a bellwether case.

[4] Plaintiff reserves the right to argue that the jury should be informed that the use of any award would be subject to court approval and monitoring because of Plaintiff's status as a minor.

Priv

1    18.    former Commissioner Scott Gottlieb's departure from FDA was related to Altria;

2    19.    Dr. Robert Jackler's opinions about collaboration in emerging nicotine products

3 between JLI, Altria, and PMI (*see* Jackler Generic Report (9/20/2021) at 430-31);

4    20.    FTC's challenge to Altria's investment in JLI;[5] and,

5    21.    the fact that witnesses are called/not called to testify live as opposed to via

6 deposition or remote means.[6]

7 **IT IS FURTHER STIPULATED**, that this Stipulation and Order:

8    22.    applies solely to the lawsuit filed by Plaintiff B.B. and shall have no effect on any

9 other lawsuit unless a stipulation is reached by the parties in that other lawsuit;

10    23.    does not preclude good faith objections at trial; and,

11    24.    should not be construed as forfeiture or waiver or, or to otherwise, preclude appellate

12 review.

---

[5] Plaintiff excludes from this stipulation the fact circumstances and evidence relating to the JLI/Altria transaction. This Stipulation is meant to be limited only to the challenge by the FTC, not any of the underlying facts that formed the basis of that challenge.

[6] Except that Plaintiff may explain that there are limits to who may be compelled to attend trial as an explanation for the amount of video testimony played.

Priv

Dated: March 18, 2022                    Respectfully submitted,


By: /s/ Renee D. Smith                   By: /s/ Sarah R. London

Renee D. Smith (*pro hac vice*)          Sarah R. London
James F. Hurst (*pro hac vice*)          **LIEFF CABRASER HEIMANN &**
**KIRKLAND & ELLIS LLP**                 **BERNSTEIN**
300 N. LaSalle                           275 Battery Street, Fl. 29
Chicago, IL 60654                        San Francisco, CA 94111
Telephone: (312) 862-2310                Telephone: (415) 956-1000


By: /s/ Peter A. Farrell                 By: /s/ Dena C. Sharp

David M. Bernick (*pro hac vice*)        Dena C. Sharp
Peter A. Farrell (*pro hac vice*)        **GIRARD SHARP LLP**
**KIRKLAND & ELLIS LLP**                 601 California St., Suite 1400
1301 Pennsylvania Ave, N.W.              San Francisco, CA 94108
Washington, D.C. 20004                   Telephone: (415) 981-4800
Telephone: (202) 389-5959


                                         By: /s/ Dean Kawamoto

By: /s/ Gregory P. Stone

Gregory P Stone, SBN 78329               Dean Kawamoto
Bethany W. Kristovich, SBN 241891        **KELLER ROHRBACK L.L.P.**
**MUNGER, TOLLES & OLSON LLP**           1201 Third Ave., Ste. 3200
350 South Grand Avenue                   Seattle, WA 98101
Fiftieth Floor                           Telephone: (206) 623-1900
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
                                         By: /s/ Ellen Relkin

*Attorneys for Defendant Juul Labs, Inc.*
                                         Ellen Relkin
                                         **WEITZ & LUXENBERG**
                                         700 Broadway
                                         New York, NY 10003
                                         Telephone: (212) 558-5500


                                         *Co-Lead Counsel for Plaintiffs*

By: _/s/ John C. Massaro_

**ARNOLD & PORTER KAYE SCHOLER LLP**

John C. Massaro (admitted pro hac vice)
Jason A. Ross (admitted pro hac vice)
601 Massachusetts Ave., N.W.
Washington D.C.  20001
Telephone:   (202) 942-5000
Facsimile:  (202) 942-5999
john.massaro@arnoldporter.com
Jason.ross@arnoldporter.com

_Attorneys for Defendants Altria Group, Inc._
_and Philip Morris USA Inc._

Priv