Lauren S. Wulfe (SBN 287592)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017
Telephone:  213-243-4000
Facsimile:  213-243-4199
Lauren.Wulfe@arnoldporter.com

John C. Massaro (*admitted pro hac vice*)
Daphne O'Connor (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone:  202-942-5000
Facsimile:  202-942-5999
John.Massaro@arnoldporter.com
Daphne.OConnor@arnoldporter.com
Jason.Ross@arnoldporter.com
David.Kouba@arnoldporter.com

Paul W. Rodney (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 15th Street, Suite 3100
Denver, CO 80202
Telephone: 303-863-1000
Facsimile: 303-832-0428
Paul.Rodney@arnoldporter.com

Angela R. Vicari (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: 212-836-8000
Facsimile: 212-836-8689
Angela.Vicari@arnoldporter.com

Attorneys for Defendants Altria Group, Inc.,
Philip Morris USA Inc., Altria Client Services LLC,
Altria Group Distribution Company, and
Altria Enterprises LLC

# * * * FILED UNDER SEAL * * *

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Pesce v. JUUL Labs, Inc., et al.* | Case No.: 19-MD-02913-WHO<br><br>**ALTRIA'S *DAUBERT* MOTION REGARDING PLAINTIFF'S EXPERTS**<br><br>Hon. William H. Orrick<br><br>Date:     To be determined<br>Time:    To be determined |

**PLEASE TAKE NOTICE** that on a date to be determined in Courtroom 2 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Group Distribution Company, and Altria Enterprises LLC ("Altria") will present its Motion to Exclude Certain Testimony of Dr. Minette E. Drumwright, Dr. Thomas E. Eissenberg, Dr. Neil E. Grunberg, Dr. Robert K. Jackler, Dr. Anthony R. Pratkanis, Alan Shihadeh, Dr. Jonathan Winickoff, and Dr. Judith Prochaska. Altria seeks an order excluding certain opinions of these witnesses under Federal Rule of Evidence 702.

Dated: March 22, 2022

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Angela R. Vicari*
John C. Massaro (*admitted pro hac vice*)
Daphne O'Connor (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
Paul W. Rodney (*admitted pro hac vice*)
Angela R. Vicari (*admitted pro hac vice*)
Lauren S. Wulfe (SBN 287592)

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, and ALTRIA ENTERPRISES LLC

**ISSUES TO BE DECIDED**

1. Whether the Court should exclude certain marketing and causation opinions of Dr. Minette E. Drumwright, Dr. Thomas E. Eissenberg, Dr. Neil E. Grunberg, Dr. Robert K. Jackler, Dr. Anthony R. Pratkanis, Alan Shihadeh, Dr. Jonathan Winickoff, and Dr. Judith Prochaska because they employed no methodology to reach those opinions.

2. Whether the Court should exclude certain marketing and causation opinions of Dr. Eissenberg, Dr. Grunberg, Dr. Jackler, Dr. Pratkanis, Dr. Shihadeh, Dr. Winickoff, and Dr. Prochaska because they lack the requisite qualifications.

The Court previously expressed an interest in *Daubert* arguments that seek to exclude "testimony of significant experts" because those expert opinions "lack[] an accepted methodology." Ex. 1 (Feb. 16, 2022 Civil Minutes) at 1. That is the case here. The Court should exclude the marketing and causation opinions offered against Altria by eight of the Plaintiff's experts—Dr. Minette E. Drumwright, Dr. Thomas E. Eissenberg, Dr. Neil E. Grunberg, Dr. Robert K. Jackler, Dr. Anthony R. Pratkanis, Alan Shihadeh, Dr. Jonathan Winickoff, and Dr. Judith Prochaska (the "Experts") because they employed no methodology to reach them.

The challenged opinions are similar for each of the Experts. They conclude, opine, or suggest that Altria's provision of retail and distribution services to JLI and other JUUL-related conduct *caused an increase* in underage vapor use, underage JUUL use, underage access to JUUL or vapor products, and/or underage purchases of JUUL. These opinions fail under *Daubert* for the same reason as in the *Bain* case: the Experts did not use a reliable methodology when forming these opinions and instead relied upon speculation, assumptions, and subjective beliefs.

The Experts have submitted lengthy reports containing their generic opinions in this litigation. When addressing Altria, the reports largely summarize internal company documents, describe Altria's relationship with JLI, and outline the retail, distribution, and other services Altria provided to JLI. While much of this discussion is improper narrative testimony, Altria recognizes the Court's preference not to address those arguments at the *Daubert* stage and does not raise them here. *See* Ex. 1 at 1-2.

Instead, Altria seeks to exclude opinions and conclusions the Experts might attempt to offer at trial that would be based on Altria's conduct and services, including that Altria caused an increase in sales of JUUL, increased underage access to JUUL, and/or increased use of JUUL or vapor products by underaged users. As set forth in Altria's *Daubert* motion in *Bain*, which Altria incorporates herein by reference,[1] the Experts seek to offer these conclusions without undertaking a

---

[1] *See* Altria's *Daubert* Motion Regarding Plaintiff's Experts, ECF 2683 (Dec. 23, 2021). Altria also joined in the *Daubert* motions filed by JUUL Labs, Inc. ("JLI"). *See* Altria's Notice of Joinder and Joinder in Defendant JUUL Labs, Inc's *Daubert* Motions, ECF 2758 (Jan. 1, 2022). Altria also repeats and incorporates all arguments previously asserted by JLI, as well as JLI's *Daubert* motion in this case.

reliable methodology and without analyzing any sales data, market information, or any other data relevant to the complex questions of market causation and market impact underlying their purported conclusions. Instead, Plaintiff's Experts simply observe that certain services were provided and then speculate that those services caused an increase in underage JUUL and vapor use, underage access to JUUL, and/or underage JUUL purchasing without doing anything to test those assumptions. This approach does not satisfy the admissibility requirements set forth in *Daubert* and therefore Plaintiffs' Experts should not be permitted to offer these opinions at trial. *See* Altria's *Daubert* Motion Regarding Plaintiff's Experts, ECF 2683, at 1-2, 9-11 (Dec. 23, 2021); Altria's Reply in Further Support of Its *Daubert* Motion Regarding Plaintiffs' Experts, ECF 2875, at 1 (Feb. 14, 2022); Defendant JUUL Labs, Inc.'s Omnibus *Daubert* Motion to Exclude Fact Narrations and Opinions Regarding Intent, State-of-Mind, and Legality, ECF 2708, at 3, 8-9 (Dec. 24, 2021); Defendant JUUL Labs, Inc.'s Reply In Support of Omnibus *Daubert* Motion to Exclude Certain Marketing Opinions, ECF 2885, at 11-12 (Feb. 14, 2022).

Plaintiff's Experts' failure to conduct any analysis that would test their assumptions and speculation about market causation and market impact is perhaps unsurprising. The experience and qualifications claimed by these Experts lie in unrelated areas and do not include any background in economics, market behavior, econometrics, or similar fields relevant to the opinions challenged here. *See* Altria's *Daubert* Motion, ECF 2683 at 2, 11-12; Altria's Reply in Further Support of Its *Daubert* Motion, ECF 2875 at 2-4; Defendant JUUL Labs, Inc.'s Omnibus *Daubert* Motion, ECF 2708 at 17-20; Defendant JUUL Labs, Inc.'s Reply in Support of Omnibus *Daubert* Motion, ECF 2885, at 3, 4-5, 9, 29-30, 43.

In addition, three of the Experts—Dr. Grunberg, Dr. Prochaska, and Dr. Winickoff—offer case-specific opinions in *Pesce* along with their generic opinions. These case-specific opinions, however, incorporate and rely upon these experts' generic causation opinions. Ex. 2 (Grunberg Pesce Report) at 1-2; Ex. 3 (Prochaska Pesce Report) at 3, 6, 8, 11; Ex. 4 (Winickoff Pesce Report) at 6-7. Accordingly any "specific" opinions concerning Altria and the impact of Altria's services

and conduct on underage JUUL and vapor use, access, and purchasing relevant to *Pesce* should be excluded.

So too should any opinions where the Experts attempt to lump together the "Defendants" when opining on what caused Plaintiff to begin or continue using JUUL products.  Dr. Grunberg, for example, states that ███████████████████████████████████████████ Ex. 2 (Grunberg Pesce Report) at 5 (emphasis added); *see also, e.g.*, Ex. 3 (Prochaska Pesce Report) at 11 (███████████████████████████████████████████████████████████████████████████████████████) (emphasis added); *id.* at 13 (similar).  The defendants are different parties and are alleged to have engaged in different courses of conduct.  Indeed, Altria is alleged to have been involved with JLI for only a portion of the relevant time period and not until after Pesce claims he began using JUUL.  Moreover, any causation conclusions that these experts could offer that would apply to Altria—whether directed at Altria specifically or "Defendants" generally—would be based on the generic opinions discussed above and fail under *Daubert*.

Dated:  March 22, 2022

ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Angela R. Vicari*
John C. Massaro (*admitted pro hac vice*)
Daphne O'Connor (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
Angela R. Vicari (*admitted pro hac vice*)
Lauren S. Wulfe (SBN 287592)

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, AND ALTRIA ENTERPRISES LLC

# CERTIFICATE OF SERVICE

I, Angela R. Vicari, hereby certify that on the 22nd day of March, 2022, I electronically filed the foregoing **ALTRIA'S *DAUBERT* MOTION REGARDING PLAINTIFF'S EXPERTS** with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to all counsel of record.

By:    */s/ Angela R. Vicari*

Angela R. Vicari (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
John.Massaro@arnoldporter.com