1    [Submitting Counsel on Signature Page]

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO **JOINT PRETRIAL CONFERENCE STATEMENT** |

13

14

15  This Document Relates to:                 **Judge:**    **Hon. William H. Orrick**
                                              **Date:**     **May 9, 2022**
16  *Robin Bain, individually, and as the legal*  **Time:**     **9:30 a.m.**
    *Guardian of her minor child, B.B. v. Juul*   **Ctrm.:**    **2**
17  *Labs, Inc., et al.*

18  Case No. 3:20-cv-07174

19

20  **I.      THE ACTION**

21          **A.      Substance of the Action**

22          *A brief description of the substance of claims and defenses that remain to be decided.*

23          Plaintiff B.B. alleges that use of the JUUL device caused her addiction to nicotine.

24  Defendants are Juul Labs, Inc. (JLI) and Altria Group, Inc., Philip Morris USA Inc., Altria Client

25  Services LLC, Altria Group Distribution Company, and Altria Enterprises LLC (the "Altria

26  Defendants"). By stipulation, the parties have agreed to treat the five Altria Defendants as a single

27  Defendant at trial. Doc. 2756.

28          B.B. asserts the following claims against JLI:

- strict products liability;

- failure to warn

- negligence; and

- misrepresentation by concealment.

B.B. has voluntarily dropped the following claim against JLI:

- intentional misrepresentation.

B.B. asserts the following claim against Altria:

- negligence.

B.B. has voluntarily dropped the following claims against Altria:

- intentional misrepresentation; and

- misrepresentation by concealment.

JLI asserts the following affirmative defenses:

- comparative fault;

- subsequent alteration/improper maintenance/abnormal use; and

- duty to mitigate.

Altria asserts the following affirmative defenses:

- comparative fault.

**B.    Relief Prayed**

*A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents, or other evidentiary material to be presented concerning the amount of those damages.*

Plaintiff seeks damages allegedly sustained because of the JUUL e-cigarette.

Specifically, Plaintiff seeks a joint and several judgment against all Defendants to compensate her for physical pain and suffering, mental anguish, loss of enjoyment of life, and mental distress. Plaintiff's injuries include addiction, anger/outbursts, mood swings, irritability, depression/anxiety, lack of concentration, shortness of breath/trouble breathing, headaches, nausea, cough, fatigue, lack of motivation, chest pain/tightness, and congestion.  Plaintiff also seeks punitive damages to punish and deter Defendants, costs of litigation, pre-judgment and post-judgment interest at the lawful rate, and any other relief as this Court may deem equitable and just.

Plaintiff's witnesses to be presented concerning these damages include B.B., Robin Bain, E. C., E. S., Troy Bain, Dr. Neil Grunberg, Dr. Judith Prochaska, Dr. Rosanne Dalton, and Dr. Jonathan Winickoff.  Plaintiff's key documents to be presented concerning these damages include documents reviewed and relied upon by Plaintiff's expert witnesses, B.B.'s medical records, and photos of B.B. and her family previously produced in discovery.

<u>Defendants' Response</u>: Defendants dispute that joint and several liability applies to negligence, the sole claim brought against both Defendants.  Plaintiff brought this claim under Tennessee law, which forecloses joint and several liability for a negligence claim.  *See* Tenn. Code. Ann. 29-11-107(a) ("If multiple defendants are found liable in a civil action governed by comparative fault, a defendant shall only be severally liable for the percentage of damages for which fault is attributed to such defendant by the trier of fact, and no defendant shall be held jointly liable for any damages.").

Defendants seek judgment in their favor and against Plaintiff, their costs and such other and further relief as the Court deems just and proper.  In addition, Defendants deny that Plaintiff is entitled to damages or to other any relief enumerated in her operative complaint or elsewhere and pray that Plaintiff take nothing.  Furthermore, as set out in JLI's Motion for Partial Summary Judgment (Doc. 2651-3), Altria's Motion for Summary Judgment (Doc. 2654), and in Defendants' opposition motions to Plaintiffs' Motion for Partial Summary Judgment (Docs. 2788 and 2787), any recoveries for non-economic and punitive damages are limited under Tennessee law (Tenn. Code Ann. §§ 29-39-102 and 29-39-104).

## II.      THE FACTUAL BASIS OF THE ACTION

### A.      Undisputed Facts

*A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.*

The parties have not at this time agreed to any stipulated facts. The parties have agreed to a jury instruction, titled "Claims and Defenses," introducing the jury to the nature of the case.

### B.      Disputed Factual Issues

*A plain and concise statement of all disputed factual issues that remain to be decided.*

The parties dispute whether Defendants committed tortious conduct, whether such conduct caused B.B.'s injury, the extent of that injury, and the amount of damages.

## C.    Agreed Statement

*A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.*

The parties have not at this time agreed to any stipulated facts.

## D.    Stipulations

*A statement of stipulations requested or proposed for pretrial or trial purposes.*

The parties have no proposed stipulations for the Court's consideration at this time.

## III.    DISPUTED LEGAL ISSUES

## A.    Points of Law

*Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions setting forth briefly the nature of each party's contentions concerning each disputed point of law, including procedural and evidentiary issues.*

The parties refer the Court to the following pending motions:

- Plaintiff's Motion for Partial Summary Judgment on Discrete Choice-of-Law Issues (Doc. 2647);

- JLI's Motion for Partial Summary Judgment (Doc. 2651-3);

- Altria's Motion for Summary Judgment (Doc. 2654);

- Plaintiff's *Daubert* Motion to Preclude Testimony by Dr. Jeffrey Arnett Regarding Health Risks of JUUL Use (Doc. 2727);

- JLI's *Daubert* Motions (Docs. 2701-2702, 2705-2709);

- Altria's *Daubert* Motion Regarding Plaintiff's Experts (Doc. 2683);

- Plaintiff's Motions in Limine (Doc. 2945);

- Defendants' Motions in Limine (Doc. 2950);

- Altria's Motion to Strike Untimely B.B. Case Specific Expert Opinion (Doc. 3044); and

- JLI's Motion to Strike Untimely B.B. Case Specific Expert Opinion (Doc. 3047).

Jury instructions: The parties have attached submitting joint and contested proposed jury instructions, including legal authority for contested instructions, as **Exhibit A**. The parties have attached contested proposed verdict forms, as **Exhibits B**, **C**, and **D**.

Jury questionnaire and voir dire: The parties continue to meet and confer regarding a jury questionnaire, and anticipate filing a proposed form identifying disputed questions or subparts for the Court's review within the next 24 hours.  The parties request that attorneys be permitted to participate in voir dire, and will be prepared to discuss the scope and timing of that process at the pretrial conference. Plaintiff has reached out to Defense counsel regarding mini-openings and a process for exchanging opening demonstratives and will be prepared to discuss progress in those discussions.

Live streaming: The parties anticipate discussing with the Court whether members of the trial team or MDL counsel will have access to a video stream of the trial.

Witness-related motions: Plaintiff filed two motions on April 25, 2022: (1) a motion under Rule 43(a) to permit testimony in open court by contemporaneous transmission of Zachary Frankel; and (2) a motion to deem the deposition of JLI employee Daniel Myers that of an "office, director, [or] managing agent" under Rule 32(a)(3). Docs. 3057, 3059. The parties have stipulated that Defendants may file separate responsive letter briefs on one or both of issues on or before May 2, 2022. Each letter brief as to each separate issue will not exceed 5 pages. Doc. 3056.

Tenn. Code § 29-28-105: Plaintiff submits that one legal issue presented in the contested jury instructions would benefit from resolution in advance of trial: whether claims for misrepresentation by concealment are subject to the threshold requirements of Tenn. Code § 29-28-105. The parties have articulated their positions on this issue in their position statements on disputed jury instructions, and stand ready to submit further briefing should the Court request it.

Deposition designations: Plaintiff anticipates filing a motion regarding how and when video depositions may be presented at trial.  In Plaintiff's view, Defendants have counter-designated a disproportionate amount of testimony to be played during Plaintiff's case-in-chief.  Plaintiff's motion will ask that each party's affirmative designations and counters for completeness be played during the introducing party's case-in-chief.

In Defendants' view, the Court has already addressed this issue on multiple occasions and there is no basis to revisit this issue.  If the Court allows briefing, however, the parties propose the following briefing schedule:

- Plaintiff's opening motion:  April 29, 2022 (no more than 10 pages)
- Defendants' response brief:  May 5, 2022 (no more than 10 pages)
- Plaintiff's reply brief:  May 6, 2022 (no more than 2 pages)

<u>Dismissal of claims</u>: Defendants bring to the attention of the Court Plaintiff's voluntary dismissal of the fraud claims against them and look forward to discussing a process for addressing the implications of the dismissal for narrowing the evidence that is appropriate to be presented in this trial.

## IV.   **TRIAL PREPARATION**

### A.   **Witnesses to be Called**

*A list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.*

Plaintiff's annotated witness list is attached as **Exhibit E**.  JLI's annotated witness list is attached as **Exhibit F**. Altria's annotated witness list is attached as **Exhibit G**.

### B.   **Exhibits, Schedules, and Summaries**

*A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each describing its substance or purpose and the identity of the sponsoring witness. Unless otherwise ordered, parties will indicate their objections to the receipt in evidence of exhibits and materials lodged and that counsel have conferred respecting such objections.*

By stipulation, the parties exchanged objections to "priority" exhibit lists. Plaintiff's "priority" exhibit list is attached as **Exhibit H**.  Defendants' "priority" exhibit list is attached as **Exhibit I**. The parties continue to meet and confer regarding the admissibility and authenticity of "priority" exhibits. The parties are exchanging supplemental exhibit lists on May 9, 2022.

Plaintiff has indicated she may disclose hundreds and hundreds of additional exhibits on May 9. Defendants do not believe this massive disclosure is consistent with the "supplemental" nature of this exhibit lists, nor is a realistic of practical that that number of exhibits (particularly when combined with the already-identified list of 300 priority exhibits) could be realistically used

1   at this trial.

2         Plaintiff notes that she has complied and will continue to comply with the parties' stipulated

3   pretrial schedule, which provides: "The purpose of the priority list of exhibits is to permit early

4   rulings and stipulations as to admissibility. No party is precluded from introducing at trial a

5   document not on the priority exhibit list." *See* Doc. 2943-1 at 2. Throughout negotiations regarding

6   the pretrial schedule, Defendant's counsel repeatedly offered and confirmed that all lists would be

7   "without prejudice" to amendment, and at no time imposed a limitation on the number of potential

8   exhibits. Plaintiff continues to refine her exhibit list, and anticipates the number of additional

9   exhibits will be well-below the number of exhibits typically listed in any tobacco or MDL

10  bellwether trial. There is no basis to change the rules of the game at this stage; doing so would be

11  manifestly prejudicial.

12        **C.    Estimate of Trial Time**

13        *An estimate of the number of court days needed for the presentation of each party's case,*

14  *indicating possible reductions in time through proposed stipulations, agreed statements of facts,*
    *or expedited means of presenting testimony and exhibits.*

15        The Court has ordered that each side have up to 40 hours to present their case, including

16  openings, closings, and the presentation of evidence. Doc. 2799.

17        **D.    Use of Discovery Responses**

18

19        *Counsel shall cite possible presentation at trial of evidence, other than solely for*
    *impeachment or rebuttal, through use of excerpts from depositions, interrogatory answers, or*

20  *responses to requests for admission. Counsel shall indicate any objections to use of these materials*
    *and that counsel has conferred respecting such objections.*

21        To avoid burdening the Court, the parties have not attached the current deposition,

22  interrogatory answer, or response to requests for admission designation reports, which continue to

23  be refined in accordance with the discovery designation process and pretrial schedule (Doc. 2929-

24  1).[1] The designations will require further refinement after Special Master Larson has reviewed

25  them, and the Court has ruled on the parties' motions *in limine* (Docs. 2945, 2950). The parties will

26  provide the Court with a narrowed, refined set of designations that require rulings from the Court

27  ──────────────
    [1] The pretrial schedule requires that the parties meet and confer regarding deposition designations

28  no later than May 10, 2022, and provide any adjustments to Special Master Larson by May 18,
    2022. Doc 3048.

JOINT PRETRIAL CONFERENCE STATEMENT
                                         CASE NO. 19-md-02913-WHO

as early as practicable in advance of trial.

### E.     Further Discovery or Motions

*A statement of all remaining discovery or motions, including motions in limine.*

Certain discovery is ongoing in accordance with Court orders, including certain depositions.

No third-party subpoenas remain outstanding.

The parties refer the Court to the list of pending motions in Category III.A.

## V.     <u>TRIAL ALTERNATIVES AND OPTIONS</u>

### A.     Settlement Discussion

*A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.*

The parties have been cooperatively working with the Court-appointed Settlement Master.

### B.     Consent to Trial Before a Magistrate Judge

*A statement whether reference of all or part of the action to a master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.*

The jury trial will be before Judge Orrick.

### C.     Amendments, Dismissals

*A statement of requested or proposed amendments to pleadings or dismissals of parties' claims or defenses.*

Plaintiff has voluntarily dropped the following claim against JLI:

- intentional misrepresentation.

Plaintiff has voluntarily dropped the following claims against Altria:

- intentional misrepresentation; and

- misrepresentation by concealment.

### D.     Bifurcation, Separate Trial of Issues

*A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.*

The Altria Defendants respectfully submit that, as to them, the presentation of evidence

regarding the appropriate amount, if any, of punitive damages should be bifurcated into a separate phase of trial, as the Court has done on prior occasions to ensure certain evidence, such as financial condition evidence, is not presented in Phase 1. *See, e.g.*, *Monroe v. Griffin*, No. 14-cv-00795-WHO, 2015 WL 528115, at *5-6 (N.D. Cal. Sep. 9, 2015).

Plaintiff agrees with Altria's request for bifurcation and contends that the amount of punitive damages for both JLI and Altria should be determined in Phase 2. Plaintiff objects to bifurcation as to only one Defendant as highly confusing for the jury, potentially misleading, and prejudicial. To ensure the jury has sufficient information to determine the amount of punitive damages, and to avoid having to reserve time that may ultimately not be necessary, Plaintiff requests an additional two hours for evidence and closing in Phase 2.

The Altria Defendants do not believe an additional two hours is warranted for Phase 2. JLI disagrees with Plaintiff's position on bifurcation to the extent Plaintiff is suggesting that bifurcation of punitive damages amounts *as to JLI* can or should be ordered absent JLI's request or over JLI's objection.

Dated: April 25, 2022                              Respectfully submitted,

By: /s/ *Sarah R. London*

Sarah R. London
**LIEFF CABRASER HEIMANN &
BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone:  (415) 956-1000
slondon@lchb.com

By: /s/ *Dena C. Sharp*

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

JOINT PRETRIAL CONFERENCE STATEMENT
CASE NO. 19-md-02913-WHO

1

2                                              By: /s/ Dean Kawamoto

3                                              Dean Kawamoto

4                                              **KELLER ROHRBACK L.L.P.**
                                               1201 Third Ave., Ste. 3200
5                                              Seattle, WA 98101
                                               Telephone:  (206) 623-1900
6                                              dkawamoto@kellerrohrback.com

7
                                               By: /s/ Ellen Relkin
8
                                               Ellen Relkin
9                                              **WEITZ & LUXENBERG**
                                               700 Broadway
10                                             New York, NY 10003
                                               Telephone: (212) 558-5500
11                                             erelkin@weitzlux.com

12
                                               *Co-Lead Counsel for Plaintiffs*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PRETRIAL CONFERENCE STATEMENT
                                               CASE NO. 19-md-02913-WHO

1    By: */s/ David M. Bernick*

2    David M. Bernick, P.C. (*pro hac vice*)
      Renee D. Smith (*pro hac vice*)
3    **KIRKLAND & ELLIS LLP**
      300 North LaSalle
4    Chicago, IL 60654
      Telephone: (312) 862-2000
5    Facsimile: (312) 862-2200
      david.bernick@kirkland.com
6    renee.smith@kirkland.com

7    Peter A. Farrell, P.C. (*pro hac vice*)
      **KIRKLAND & ELLIS LLP**
8    1301 Pennsylvania Ave., N.W. Washington,
      DC 20004
9    Telephone: (202) 389-5000
      Facsimile: (202) 389-5200
10    peter.farrell@kirkland.com

11    Gregory P. Stone (SBN 78329)
      Daniel B. Levin (SBN 226044)
12    Bethany W. Kristovich (SBN 241891)
      **MUNGER, TOLLES & OLSON LLP**
13    350 South Grand Avenue, 50th Floor
      Los Angeles, CA 90071-3426
14    Telephone: (213) 683-9100
      Facsimile: (213) 687-3702
15    gregory.stone@mto.com
      daniel.levin@mto.com
16    bethany.kristovich@mto.com

17    *Attorneys for Defendant Juul Labs, Inc.*

18

19

20

21

22

23

24

25

26

27

28

JOINT PRETRIAL CONFERENCE STATEMENT
CASE NO. 19-md-02913-WHO

1    By: /s/ *Beth A. Wilkinson*

2    Beth A. Wilkinson (pro hac vice)
     Brian L. Stekloff (pro hac vice)
3    James M. Rosenthal (pro hac vice)
     Hayter L. Whitman (pro hac vice)
4    Matthew R. Skanchy (pro hac vice)
     **WILKINSON STEKLOFF LLP**
5    2001 M Street NW, 10th Floor
     Washington, DC 20036
6    Telephone: (202) 847-4000
     bwilkinson@wilkinsonstekloff.com
7    bstekloff@wilkinsonstekloff.com
     jrosenthal@wilkinsonstekloff.com
8    hwhitman@wilkinsonstekloff.com
     mskanchy@@wilkinsonstekloff.com
9
     Moira K. Penza (pro hac vice)
10   **WILKINSON STEKLOFF LLP**
     130 West 42nd Street, 24th Floor
11   New York, NY 10036
     Telephone: 212-294-8910
12   mpenza@wilkinsonstekloff.com

13   *Attorneys for Defendants Altria Group, Inc.,*
     *Philip Morris USA Inc., Altria Client Services*
14   *LLC, Altria Group Distribution Company, and*
     *Altria Enterprises LLC*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PRETRIAL CONFERENCE STATEMENT
CASE NO. 19-md-02913-WHO

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on April 25, 2022, I electronically filed the foregoing document with

3

the Clerk of the Court using the CM/ECF system, which will automatically send notification of

4

the filing to all counsel of record.

5

By: <u>/s/ *Sarah R. London*          </u>

6

Sarah R. London

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PRETRIAL CONFERENCE STATEMENT
CASE NO. 19-md-02913-WHO