1  DAVID M. BERNICK (*pro hac vice*)
   david.bernick@kirkland.com
2  PETER A. FARRELL (*pro hac vice*)
   peter.farrell@kirkland.com
3  KIRKLAND & ELLIS LLP
   1301 N. Pennsylvania Ave., N.W.
4  Washington, D.C. 20004
   Telephone: (202) 389-5000
5  Facsimile: (202) 389-5200

6  RENEE D. SMITH (*pro hac vice*)
   renee.smith@kirkland.com
7  KIRKLAND & ELLIS LLP
   300 North LaSalle
8  Chicago, IL 60654
   Telephone: (312) 862-2000
9  Facsimile: (312) 862-2200

10 GREGORY P. STONE (SBN 78329)
   gregory.stone@mto.com
11 DANIEL B. LEVIN (SBN 226044)
   daniel.levin@mto.com
12 BETHANY W. KRISTOVICH (SBN 241891)
   bethany.kristovich@mto.com
13 MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, 50th Floor
14 Los Angeles, CA 90071-3426
   Telephone: (213) 683-9100
15 Facsimile: (213) 687-3702

16 *Attorneys for Defendant Juul Labs, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Roberto Pesce v. Juul Labs, Inc., et al.* | Case No. 19-md-02913-WHO<br><br>**DEFENDANT JUUL LABS, INC.'S STATEMENT IN SUPPORT OF MAINTAINING UNDER SEAL PORTIONS OF PLAINTIFF'S OPPOSITION TO DEFENDANT BOWEN'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. William H. Orrick |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Juul Labs, Inc. ("JLI") respectfully submits this Statement in Support of Maintaining Under Seal Portions of Plaintiff's Opposition to Bowen's Motion for Summary Judgement. The exhibits that JLI seeks to maintain under seal (collectively, the "Sealed Exhibits") are portions of Exhibits 15, 17, 18, 25, 35, and 39 of Plaintiff's Opposition to Defendant's Motion.

Plaintiff filed the Sealed Exhibits provisionally under seal pursuant to Civil Local Rule 79-5(f). *See* ECF No. 3095.

**Basis For Request to Maintain the Sealed Exhibits Under Seal**

It is well-established that "access to judicial records is not absolute," and that certain types of non-public, commercially sensitive documents may be protected from public disclosure. *See Kamakana v. City and Co. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Rule 26 of the Federal Rules of Civil Procedure provides district courts with broad discretion to seal filed materials in order to protect, among other things, "a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Civ. P. 26(c)(1)(g).

A party seeking to seal materials must provide "compelling reasons" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Ninth Circuit has recognized that compelling reasons to seal information exist when public disclosure of the information might harm a party's "competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). There also may be compelling reasons to seal materials that contain proprietary information, confidential business strategy, or similar documents, the disclosure of which "would result in harm to [the designating party's] business." *Tryfonas v. Splunk*, No. 17-cv-01420-HSG, 2018 WL 3077762, at *2 (N.D. Cal. 2018).

There are compelling reasons to grant JLI's request to redact Exhibits 15, 17, 18, 25, 35, and 39, which contain descriptions of JLI's confidential Pre-Market Tobacco Product Application ("PMTA") submitted to the Food and Drug Administration and the contents of which have not been publicly disclosed, confidential information about JLI suppliers, and proprietary data about JLI's products, including but not limited to proprietary formulas, testing results from studies

commissioned by JUUL, and evaluations of potential suppliers and component part manufacturers. *See* Declaration of Renee D. Smith at ¶¶ 2–8. Courts routinely seal similar confidential competitively sensitive information. *See, e.g.*, *In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal pricing terms, royalty rates, and guaranteed minimum payment terms); *Transperfect Glob., Inc. v. Motionpoint Corp.*, 2013 WL 209678, at *1 (N.D. Cal. 2013) (sealing document containing "proprietary information about Transperfect's business operations and technology"). Accordingly, JLI respectfully submits that compelling reasons exist for maintaining the Sealed Exhibits under seal.

Dated: May 6, 2022　　　　　　　　　　　Respectfully submitted,

By: */s/ Renee D. Smith*
Renee D. Smith (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2310

By: */s/ David M. Bernick*
David Bernick (*pro hac vice*)
Peter A. Farrell (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, N.W.
Washington D.C. 2004
Telephone: (202) 389-5959

*Attorneys for Defendant Juul Labs, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record. I also caused a copy of the under-seal documents to be served via electronic mail on all parties.

By: */s/ Renee D. Smith*
Renee D. Smith