# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This Document Relates to:

ALL ACTIONS

Case No. 19-md-02913-WHO

[~~PROPOSED~~] CASE MANAGEMENT ORDER NO. 16

---

### ~~PROPOSED~~ CASE MANAGEMENT ORDER NO. 16
### (Implementing JLI Settlement)

This Court is advised that Juul Labs, Inc. ("JLI" or "Defendant") and Plaintiffs' Lead Counsel ("PLC") have negotiated Settlement Agreements with the Personal Injury Plaintiffs, Government Entity Plaintiffs, and Tribal Plaintiffs ("Settlement Agreements") to resolve claims against JLI and other released parties in the above-captioned matter involving the design, manufacture, production, advertisement, marketing, distribution, sale, use, and performance of JUUL Products ("Claims").[1] The Settlement Agreements establish voluntary programs to settle the claims of the Personal Injury, Government Entity, and Tribal Plaintiffs, as specifically defined in each Settlement Agreement. This Order establishes a program to implement the Settlement Agreements.

## I.     AUTHORITY OF COURT TO OVERSEE SETTLEMENT

This Court has authority to enter Orders to facilitate settlement. Fed. R. Civ. P. 16(a)(5), (d); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 12773589, at *1 (N.D. Cal. Dec. 12, 2014). The instructions herein are to be construed as the orders of this Court.

---

[1]   Economic loss class action claims concerning the purchase of JUUL Products are subject to separate but parallel settlement proceedings under Federal Rule of Civil Procedure 23(e) in this MDL.

## II. NOTICE

All Personal Injury Plaintiffs, Government Entity Plaintiffs, and Tribal Plaintiffs with Claims against JLI with cases pending in MDL No. 2913 as of the date of this Order shall be given notice of this Order and of the Settlement Agreements. This Order shall be entered on this Court's master docket for MDL No. 2913 and counsel in individual cases that are part of this MDL shall further be notified electronically by PLC within twenty-four (24) hours.

## III. SETTLEMENT ADMINISTRATORS AND SPECIAL MASTER

Consistent with the terms of the Settlement Agreements, BrownGreer PLC is appointed as the Personal Injury Settlement Administrator, Government Entity Settlement Administrator, and Tribal Settlement Administrator.

Consistent with the terms of the Settlement Agreements, the appointment of Retired Judge Gail Andler as Common Benefit Special Master (ECF No. 680) is amended to expand the scope of Judge Andler's appointment to include the duties assigned to the Special Master in the Master Settlement Agreements.

## IV. REGISTRATION

Consistent with the terms of the Settlement Agreements, the following Plaintiffs are eligible to participate in the Settlement Programs:

- Personal Injury Cases: All individuals who personally, on behalf of another individual, or through an individual acting on their behalf have filed or tolled a tort claim or cause of action for personal injury against JLI as of December 13, 2022, whether or not the claim or cause of action has been consolidated into MDL No. 2913 or JCCP No. 5052, consistent with the requirements of the Personal Injury Master Settlement Agreement;

- Government Entity Cases: All Government Entities that (1) have filed a claim or cause of action against JLI as of December 6, 2022, whether or not those claims or causes of action have been consolidated into MDL No. 2913 or JCCP No. 5052; or (2) have retained, by no later than December 6, 2022, counsel who represent a different Government Entity that has filed a claim or cause of action against JLI as of December 6, 2022; and

- **Tribal Cases:** All federally recognized sovereign Native American tribes and tribal health organizations that filed a complaint against JLI on or before October 21, 2022 that is pending in MDL No. 2913.

All counsel of record in cases filed in this MDL must take such steps as are necessary to ensure that all eligible claims, and all claims derivative thereof, are registered. Counsel for the Personal Injury, Government Entity, and Tribal Plaintiffs shall complete a Counsel Certification Form, in the form of Exhibit A, identifying all of the personal injury claimants, government entities, or tribal entities that they represent, and confirming, *inter alia*, that they agree to abide by the confidentiality provisions set forth in the Master Settlement Agreements, and that neither the counsel nor their firms have other clients that they represent for whom they plan to file cases against JLI or any other released parties alleging claims asserted in MDL No. 2913 or JCCP No. 5052.

All Counsel must submit a Counsel Certification Form (in the form of Exhibit A) no later than December 19, 2022 for the Government Entity and Tribal cases and December 23, 2022 for the Personal Injury cases. The Counsel Certification Form shall be submitted via the electronic portal established by BrownGreer. BrownGreer has posted the Counsel Certification Forms and attachments thereto on MDL Centrality, which can be accessed at www.mdlcentrality.com. If a Plaintiff's counsel does not already have access to MDL Centrality, they shall contact BrownGreer by emailing juul@browngreer.com. Once on the portal, Plaintiffs' counsel should download the official forms, complete the forms, and then upload them in MDL Centrality no later than the applicable deadline, following the instructions provided there. They should use the forms and excel templates that are on the MDL Centrality portal.

Submission of a Counsel Certification Form does not obligate any Plaintiff to accept their offer under these Settlement Programs. Counsel who fail to submit a Counsel Certification Form shall confer with the PLC and the Parties' Special Master, Retired Judge Gail A. Andler, no later than January 15, 2023. Subject to the discretion of the Special Master, the conference shall occur by teleconference or by virtual video conference.

## V. PLAINTIFF COMPLAINTS AND FACT SHEETS

Consistent with Case Management Order Nos. 8 and 12, Personal Injury Plaintiffs must also serve completed and signed Plaintiff Fact Sheets on or before January 20, 2023.

To the extent they have not already done so, eligible Government Entity Plaintiffs must file their cases on or before January 5, 2023.

Consistent with Case Management Order Nos. 13 and 15, Government Entity and Tribal Plaintiffs must serve completed and signed Plaintiff Fact Sheets on or before January 13, 2023.

Consistent with this Court's Case Management Order No. 8, the parties are directed to serve documents required by Case Management Order Nos. 8, 12, 13, and 15 by uploading them to MDL Centrality. Uploading documents and documents called for in Plaintiff Fact Sheets to MDL Centrality shall constitute effective service.

Plaintiffs who fail to submit a substantially complete, signed Plaintiff Fact Sheet as required under Case Management Order Nos. 8, 12, 13, and 15 by the above deadlines are subject to the following provisions:

A. **Notice of Overdue Discovery.** If a Plaintiff has not submitted a completed Plaintiff Fact Sheet by the above deadlines, the Defendants may send a Notice of Overdue Discovery to the Plaintiff's counsel of record via email. If multiple non-compliant Plaintiffs are represented by the same counsel, the Defendants may send one Notice of Overdue Discovery to counsel of record for such Plaintiffs, via email, that lists each of the non-compliant Plaintiffs.

B. **Motion to Dismiss With Prejudice.** If a Plaintiff fails to submit a completed Plaintiff Fact Sheet within fifteen (15) days after receipt of the Notice of Overdue Discovery, Defendants may move the Court for an Order dismissing the Plaintiff's claim with prejudice. A Plaintiff subject to such motion shall have ten (10) days from the date of the Defendant's motion to file a response either (a) certifying that the Plaintiff has submitted a completed Plaintiff Fact Sheet or (b) opposing the Defendant's motion for other reasons. If any Plaintiff certifies that a Plaintiff Fact Sheet has been submitted, the Plaintiff's claims shall not be dismissed (unless the Court finds that the certification is false or incorrect) and the Plaintiff will be eligible to participate in the Settlement Program. Otherwise, the Plaintiff's claims shall

be subject to dismissal with prejudice.

## VI. INFORMED CONSENT

The PLC will prepare and serve on all MDL Plaintiffs' counsel Informed Consent Letters, compliant with the aggregate settlement rules, describing the settlement and the settlement process. Each Counsel for Plaintiffs must send this Informed Consent Letter to their respective clients to obtain informed consent to resolve their clients' claims through the relevant Settlement Program. The Informed Consent Letters will be sent to Counsel pursuant to the following schedule:

1.    Tribal Plaintiffs:  February 1, 2023

2.    City and County Government Entity Plaintiffs:  February 1, 2023

3.    School District Government Entity Plaintiffs:  February 17, 2023

4.    Personal Injury Plaintiffs:  February 17, 2023

After receiving the Informed Consent Letter, Personal Injury Plaintiffs whose counsel certify that they elect not to participate in the voluntary settlement program shall confer with the Parties' Special Master, Retired Judge Gail A. Andler. Such conferences shall take place no later than 30 days before the deadline the Court sets for plaintiffs to opt out of the settlement class. Subject to the discretion of the Special Master, the conference shall occur by teleconference or by virtual video conference.

## VII. KEY DATES

The parties are ordered to comply with the deadlines set forth above in this Order and in the parties' Settlement Agreements. As indicated above, the deadlines include the following:

A. **Personal Injury Cases**

| Action | Deadline |
|---|---|
| PLC provides Notice of this Order to all Personal Injury Plaintiffs, Government Entity Plaintiffs, and Tribal Plaintiffs with Claims against JLI with cases pending in MDL No. 2913 as of the date of this Order. | **12/17/2022** (within twenty-four (24) hours of entry of this Order) |
| MDL Plaintiffs' Counsel to file in MDL Centrality Counsel Certification Forms | No later than December 23, 2022 |
| Signed and Completed Personal Injury Plaintiff Fact Sheets Due | No later than January 20, 2023 |

Case No. 19-md-02913-WHO

| | |
|---|---|
| PLC will prepare and serve on all Counsel for Personal Injury Plaintiffs an Informed Consent Letter and Model Eligible Plaintiff Participation Form, including Release and Confidentiality Form | No later than February 17, 2023 |
| Eligible Plaintiffs submit Settlement Program Eligible Plaintiff Participation Form, including Release and Confidentiality Form | No later than May 15, 2023 |
| MDL Plaintiffs' Counsel to provide Certification for Personal Injury Opt-Outs, and produce a list of all Eligible Plaintiffs who failed to respond to their settlement offer ("Non-Communicating Plaintiffs") | No later than May 15, 2023 |
| Personal Injury Settlement Administrator shall provide Failure to Comply Notices to counsel for each Eligible Plaintiff | No later than May 22, 2023 |
| Personal Injury Settlement Administrator shall provide to Plaintiffs' Leadership and JLI a list of all Personal Injury Opt-Outs and Non-Communicating Plaintiffs | June 1, 2023 |
| Personal Injury Settlement Administrator shall notify counsel for each Claimant and Derivative Claimant of any deficiency in the Release or Settlement Program Eligible Plaintiff Participation Form | No later than June 15, 2023 |

B. **Government Entity Cases**

| Action | Deadline |
|---|---|
| PLC provides Notice of this Order to all Personal Injury Plaintiffs, Government Entity Plaintiffs, and Tribal Plaintiffs with Claims against JLI with cases pending in MDL No. 2913 as of the date of this Order. | **12/17/2022** (within twenty-four (24) hours of entry of this Order) |
| Government Entity Plaintiff's Counsel must complete and send to Plaintiff's Leadership and Defense Counsel the Counsel Certification Form | December 19, 2022 |
| All unfiled Eligible Government Entity Plaintiffs must file their cases, if not already filed | January 5, 2023 |
| Government Entity Plaintiffs must serve completed and signed Plaintiff Fact Sheets | No later than January 13, 2023 |

| | |
|---|---|
| Government Entity Plaintiffs' Leadership shall provide to Defense Counsel an updated and final list of all Eligible Government Entity Plaintiffs | No later than January 27, 2023 |
| Plaintiffs' Leadership shall prepare and serve on all Counsel for City and County Government Entity Plaintiffs an Informed Consent Letter | February 1, 2023 |
| Plaintiffs' Leadership shall prepare and serve on all Counsel for School District Government Entity Plaintiffs an Informed Consent Letter | February 17, 2023 |
| City and County Eligible Government Entity Plaintiffs Submit Release Document | No later than February 28, 2023 |
| All Other Eligible Government Entity Plaintiffs Submit Release Document | No later than April 7, 2023 |
| Government Entity Settlement Administrator shall provide to Plaintiffs' Leadership and JLI a list of all Government Entity Plaintiffs who failed to submit a Release Document | No later than April 15, 2023 |

C. **Tribal Cases**

| Action | Deadline |
|---|---|
| PLC provides Notice of this Order to all Personal Injury Plaintiffs, Government Entity Plaintiffs, and Tribal Plaintiffs with Claims against JLI with cases pending in MDL No. 2913 as of the date of this Order. | **12/17/2022** (within twenty-four (24) hours of entry of this Order) |
| Tribal Plaintiffs' Counsel will return completed and signed Counsel Certification Form to the Tribal Settlement Administrator | December 19, 2022 |
| Tribal Plaintiffs must serve completed and signed Plaintiff Fact Sheets | No later than January 13, 2023 |
| Tribal Plaintiffs' Leadership will prepare and serve on all Counsel for Tribal Plaintiffs an Informed Consent Letter | February 1, 2023 |
| Eligible Tribal Plaintiffs Submit Release Document | No later than February 28, 2023 |
| Tribal Settlement Administrator shall provide to Plaintiffs' Leadership and JLI a list of all Eligible Tribal Plaintiffs who (i) excluded | No later than April 15, 2023 |

| themselves from the Tribal Settlement Program or (ii) failed to submit a Release Document | |

## VIII. STAY OF PROCEEDINGS

Except for the requirements and procedures described in this Order, all proceedings involving Personal Injury Plaintiffs, Government Entity Plaintiffs, Tribal Plaintiffs, and Class Action Plaintiffs are hereby stayed as to the Defendants identified in Exhibit B. Exhibit B may be amended by the Court as necessary. This stay shall remain in effect until it is lifted.

## IX. APPROVAL OF QUALIFIED SETTLEMENT FUND

The JLI National Settlement Trust (the "Trust") is established as a Qualified Settlement Fund within the meaning of Section 1.468B 1 of the U.S. Treasury Regulations. The Trust is established for the purposes set forth in the JLI National Trust Agreement dated as of December 6, 2022, including for the purpose of distributing the settlement consideration in accordance with the terms of the Settlement Agreements. Separate sub-accounts may be created within the Trust as described in the JLI National Trust Agreement. The Trust will be governed in accordance with the JLI National Trust Agreement's terms and will be subject to the continuing jurisdiction of this Court.

SO ORDERED, on this 16th day of December, 2022.



By: _____

Hon. William H. Orrick
United States District Judge