EXHIBIT 1

# CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement, entered into as of this 6th day of December, 2022 (the "**Execution Date**"), is made by and between Juul Labs, Inc., and its successors and assigns (collectively "**JLI**"); and the Class Plaintiffs, on behalf of themselves and the proposed Settlement Class, and the JLI National Settlement Trust (together with JLI, the "**Parties**"). This Class Settlement Agreement establishes a program to resolve the actions, disputes, and claims that the Class Plaintiffs and their counsel, as well as Settlement Class Members, have or could have asserted against JLI and any other Released Party, subject to the terms below.

# RECITALS

WHEREAS, the Class Plaintiffs have brought suit against JLI and other Released Parties seeking legal and equitable relief under federal and state law in connection with the design, manufacture, production, advertisement, marketing, distribution, sale, and performance of JUUL Products;

WHEREAS, JLI, on its own behalf and on behalf of other Released Parties, has denied and continues to deny any wrongdoing and any liability in connection with the design, manufacture, production, advertisement, marketing, distribution, sale, and performance of JUUL Products;

WHEREAS, the Parties to this Class Settlement Agreement, after having (i) litigated cases in connection with the design, manufacture, production, advertisement, marketing, distribution, sale, use, and performance of JUUL Products for approximately four and a half years (including extensive motion practice); (ii) engaged in substantial discovery, including written discovery, the production of numerous documents, numerous fact and expert depositions, and preparation and disclosure of comprehensive expert reports; (iii) fully briefed and argued class certification, after which four classes of purchasers of JUUL Products were certified, (iv) engaged with the Mediator; and (v) engaged in arms-length negotiations, have now reached an agreement providing for a resolution of Settlement Class Released Claims that have been or could have been brought against JLI and any other Released Party in connection with the design, manufacture, production, advertisement, marketing, distribution, sale, and performance of JUUL Products;

WHEREAS, JLI now wishes to resolve any economic loss claims or causes of action against it and any other Released Party that the Class Plaintiffs and putative Settlement Class Members ever had, now have, or will have in the future in connection with the design, manufacture, production, advertisement, marketing, distribution, sale, and performance of JUUL Products, other than any claims for violations of antitrust law;

WHEREAS, the Class Plaintiffs and their counsel have conducted a thorough investigation of the relevant law and facts;

WHEREAS, after analyzing the relevant facts and applicable law, and taking into account the burdens, risks, uncertainties, time, and expense of litigation; issues related to the recovery of any judgment after trial; and the merits of the terms set forth herein, the Class Plaintiffs have concluded that the settlement set forth in this Class Settlement Agreement is fair, reasonable, adequate and in the best interests of the Class Plaintiffs, including the proposed Settlement Class;

WHEREAS, JLI has concluded that resolving the claims settled under the terms of this Class Settlement Agreement is desirable to reduce the time, risk, and expense of defending multiple-claim and multiple-party litigation across multiple jurisdictions, and to resolve finally and completely the cases of the Class Plaintiffs and the proposed Settlement Class without any admission of wrongdoing or liability; and

WHEREAS, the Parties believe that the terms of this Class Settlement Agreement involve good and fair consideration on behalf of all Parties, and that the terms of the Settlement Agreement are fair, reasonable and adequate with respect to the claims asserted by the Class against JLI and the other Released Parties;

NOW, THEREFORE, the Parties stipulate and agree to the terms and conditions set forth herein, subject to the Court's approval under Fed. R. Civ. P. 23(e).

## 1.  DEFINITIONS

As used in this Class Settlement Agreement, and in addition to the definitions set forth in the Preamble and Recitals above, capitalized terms shall have the following definitions and meanings, or such definitions and meanings as are accorded to them elsewhere in this Class Settlement Agreement. Terms used in the singular shall be deemed to include the plural and vice versa.

1.1     "**Business Day**" means any day that is not a Saturday, a Sunday or other day on which commercial banks in the City of New York, New York are required or authorized by law to be closed.

1.2     "**Class**" or "**Settlement Class**" means that, subject to the Court's approval, and the conditions of this Class Settlement Agreement, the following settlement class, to which the Parties agree and consent pursuant to Fed. R. Civ. P. 23(b)(3):

> All individuals who purchased, in the United States, a JUUL Product from a brick and mortar or online retailer before the date of execution of this Class Settlement Agreement.

> Excluded from the Settlement Class are (a) JLI, any Released Party, and any other named defendant in the litigation; (b) officers, directors, employees, legal representatives, heirs, successors, or wholly or partly owned subsidiaries or affiliated companies of JLI, any Released Party, and any other named defendant in the litigation; (c) Class Counsel and their employees; (d) the Court and other judicial officers, their immediate family members, and associated court staff assigned to MDL No. 2913 or JCCP No. 5052; and (e) those individuals who timely and validly exclude themselves from the Settlement Class.

1.3     "**Class Attorneys' Fees and Expenses**" means the attorneys' fees and documented litigation expenses of Class and Co-Lead Counsel and any other counsel incurred in connection with class-related litigation against any Released Party, and in connection with this Class Settlement Agreement sought out of the Settlement Fund.

1.4      "**Class Counsel**" means Dena C. Sharp of Girard Sharp LLP.

1.5      "**Class Settlement Administrator**" means the Person chosen by Class Counsel, with input from Defense Counsel, to administer the Notice Plan and claims process.

1.6      "**Class Settlement Account**" shall be the account established and funded in accordance with Section 2.

1.7      "**Class Settlement Fund**" or "**Settlement Fund**" means a non-reversionary cash fund of the Gross Class Settlement Amount deposited by JLI into the Class Settlement Account in accordance with Section 2.

1.8      "**Court**" means Judge William H. Orrick of the U. S. District Court for the Northern District of California, who is overseeing MDL No. 2913.

1.9      "**Defense Counsel**" shall mean counsel for each of JLI and the Individual Defendants.

1.10     "**Effective Date**" shall mean the first day after which all of the following events and conditions of this Class Settlement Agreement have occurred or have been met: (i) the Court has entered the Final Approval Order and Judgment, and (ii) the Final Approval Order and Judgment has become final in that the time for appeal or writ of certiorari has expired or, if an appeal or writ of certiorari is taken and this Class Settlement Agreement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. In the event of an appeal or other effort to obtain review, the Parties may agree jointly in writing to deem the Effective Date to have occurred; however, there is no obligation to agree to advance the Effective Date.

1.11     "**Fee and Expense Award**" has the same meaning as that term is given in Section 16.1.

1.12     "**Final Approval**" or "**Final Approval Order and Judgment**" means an order and judgment entered by the Court (i) certifying the Settlement Class; (ii) finding this Class Settlement Agreement to be fair, adequate, and reasonable, and finally approving the settlement set forth in this Class Settlement Agreement under Fed. R. Civ. P. 23(e); (iii) finding that the Notice to the Settlement Class was fair, adequate, and reasonable; and (iv) making such other findings and determinations as the Court deems necessary and appropriate to approve the settlement and terms of this Class Settlement Agreement and to release and dismiss with prejudice the Settlement Class Released Claims by any and all Settlement Class Members against all Released Parties.

1.13     "**Gross Class Settlement Amount**" means $255,000,000.00.

1.14     "**Individual Defendants**" means Adam Bowen, James Monsees, Nicholas Pritzker, Riaz Valani, and Hoyoung Huh.

1.15     "**JCCP No. 5052**" means the coordinated proceeding captioned *JUUL Labs Product Cases*, Judicial Counsel Coordination Proceeding No. 5052, pending in the Superior

Court of California, County of Los Angeles, Department 11, and all cases that are part of that proceeding.

1.16    "**JLI National Settlement Trust**" means the JLI National Settlement Trust, a Delaware statutory trust, under the JLI National Settlement Trust Agreement dated as of December 6, 2022.

1.17    "**JUUL Product**" means any JUUL product designed, manufactured, produced, advertised, marketed, distributed, or sold by JLI or under the logo of JUUL, including but not limited to "JUUL"-branded pods or devices.

1.18    "**MDL No. 2913**" means the consolidated proceeding captioned *In re: Juul Labs Inc., Marketing, Sales Practices, and Products Liability Litigatio*n, Case No. 3:19-md-02913, pending in the U.S. District Court for the Northern District of California, and all cases that are part of that proceeding.

1.19    "**Mediator**" the mediator appointed by the Court in MDL No. 2913, Thomas J. Perrelli.

1.20    "**Net Settlement Fund**" means the Gross Class Settlement Amount, reduced by the sum of the following, as may be approved by the Court: (1) the costs of the Notice Plan and of administering the settlement and the JLI National Settlement Trust, and (2) any Fee and Expense Award, and (3) any payments of Service Awards.

1.21    "**Notice Plan**" means the plan for disseminating notice of the settlement embodied in this Class Settlement Agreement to the Settlement Class as approved by the Court.

1.22    "**Opt-Out Deadline**" means the deadline to be established in the Opt-Out Procedure and set forth in the Preliminary Approval Order.

1.23    "**Opt-Outs**" shall mean all Persons who fall within the scope of the Settlement Class, and who have timely and properly exercised their right to exclude themselves from the Class pursuant to the procedure set forth in the Notice Plan.

1.24    "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's owners, members, partners, shareholders, spouse, heirs, predecessors, successors, representatives, and assignees.

1.25    "**Plan of Allocation**" means the plan for allocating the Net Settlement Fund as approved by the Court.

1.26    "**Preliminary Approval Order**" means an order entered by the Court under Federal Rule of Civil Procedure 23(e)(1)(B) and directing notice to the Settlement Class.

1.27    "**Released Party**" and "**Released Parties**" includes: (i) JLI and its past, present, and/or future affiliates, assigns, predecessors, successors, related companies, subsidiary companies, directors, officers, employees, shareholders, advisors, advertisers, attorneys, insurers, and agents; (ii) past, present, and/or future manufacturers, suppliers of materials, suppliers of components, and all other persons involved in development, design, manufacture, formulation, testing, distribution, marketing, labeling, regulatory submissions, advertising and/or sale of any JUUL Product or component thereof; (iii) past, present, and/or future distributors, licensees, retailers, sellers, and resellers of JUUL Products; (iv) all past, present and/or future persons and entities that are indemnified by JLI in connection with JUUL Products by contract or common law rights of indemnification or contribution, including those listed within; and (v) the respective past, present, and/or future parents, subsidiaries, divisions, affiliates, joint venturers, predecessors, successors, assigns, transferees, insurers, shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators, and personal representatives (or the equivalent thereto) of the parties referred to in this paragraph, including but not limited to the Persons in Appendix A. For avoidance of doubt, Released Parties does not include (a) Altria-related entities, including but not limited to Altria Group, Inc., Altria Client Services LLC, Altria Enterprises, LLC, Altria Group Distribution Company, Philip Morris USA, Inc., and any past, present, and future parents, subsidiaries, and affiliates of such Altria-related entities; and (b) any other named or unnamed defendants or others whose liability would be independent, separate, and/or distinct from that of the Released Parties, including but not limited to R.J. Reynolds, NJOY, VUSE, or any other vaping or e-cigarette company, or any of their respective past, present, or future parents, subsidiaries, and affiliates; provided however, that any such party that acquires a Released Party shall acquire the rights of that Released Party under this Release without enhancement or limitation.

1.28    "**Settlement Class Member**" or "**Class Member**" means all Persons who fall within the scope of the Settlement Class, and who do not timely and properly exercise their right to exclude themselves from the Class pursuant to the procedure as set forth in the Notice Plan.

1.29    "**Settlement Class Released Claims**" means any and all known or unknown claims, demands, actions, suits, causes of action, damages whenever incurred or manifesting (whether compensatory or exemplary), liabilities of any nature or under any theory or statute whatsoever, whether under federal, state, or other laws, and including costs, expenses, penalties and attorneys' fees, in law or equity, that any Settlement Class Member, whether or not such Settlement Class Member objects to this Class Settlement Agreement, ever had, now has, or will have in the future, directly, representatively, derivatively, or in any capacity, arising out of or related to any claims for economic loss that have been asserted or could have been asserted in the class actions filed in MDL No. 2913 or JCCP No. 5052 relating to the purchase or use of any JUUL Product by a member of the Settlement Class. For avoidance of doubt, the Settlement Class Released Claims do not include (or release) (1) claims for violations of antitrust law, or (2) personal injury claims, nor does this Class Settlement Agreement revive any such claims.

1.30    "**Settlement Class Representatives**" or "**Class Plaintiffs**" means Bradley Colgate, Joseph DiGiacinto on behalf of C.D., Lauren Gregg, Tyler Krauel, and Jill Nelson on behalf of L.B.

1.31    "**Service Award**" means the award, if any, approved by the Court and paid to any named plaintiffs in the Second Amended Consolidated Class Action Complaint, ECF No. 1358, in consideration for their service during the course of MDL No. 2913.

1.32    "**United States**" or "**U.S.**" means the United States of America including the fifty States of the United States, the District of Columbia, and the territories, possessions, and commonwealths of the United States.

2.    <u>**SETTLEMENT CONSIDERATION AND CLAIMS**</u>

2.1    Within five (5) days of the date of the Preliminary Approval Order, JLI shall cause payment to the Class Settlement Account of the estimated cost for (i) the Class Settlement Administrator to (a) administer the Notice Plan and (b) distribute the Net Settlement Fund to the Settlement Class under the Plan of Allocation and (ii) the administration of the JLI National Settlement Trust (the "**Initial Class Settlement Administration Payment**").

2.2    Within forty-five (45) days of entry of the Final Approval Order and Judgment (the "**Payment Date**"), JLI shall cause payment of the Gross Settlement Amount, less the Initial Class Settlement Administration Payment, to the Class Settlement Account (the "**Final Class Payment**"), notwithstanding the existence of any objections, pending or forthcoming appeals, or collateral attack on this Class Settlement Agreement.

2.3    An additional amount, but not less than zero, equal to 20% of (1) the sum of the amounts set forth in Sections 2.1 and 2.2 less (2) the amount of any payments paid when due under sections 2.1 and 2.2, shall be due and payable on December 15, 2026 from JLI to the respective payee(s) set forth in such sections 2.1 and 2.2.

2.4    All unpaid payment amounts set forth in Section 2.1, 2.2 and 2.3 shall become immediately due and payable, without need for further action by any other Person, upon JLI (i) commencing a voluntary case under any federal, state or foreign bankruptcy, examinership, insolvency, receivership or similar law now or hereafter in effect, (ii) consenting to the entry of an order for relief in an involuntary case, or to the conversion of an involuntary case to a voluntary case, under any such law from JLI to the respective payee(s) set forth in such sections; or (iii) failing to pay amounts when due and payable, provided that JLI be given an opportunity to cure any failure to pay amounts when due and payable. Related, confidential information regarding JLI's financial condition is further described in Appendix B, which shall be filed under seal if permitted by the Court.

2.5    Other than as set forth in Sections 2.3 and 4.3, neither JLI nor any Released Party shall have any additional payment obligations in connection with this Class Settlement Agreement in excess of the Gross Class Settlement Amount, including any attorneys' fees and expenses or costs of class notice and claims administration.

2.6      In exchange for the benefits being made available by this Class Settlement Agreement, the Settlement Class Members shall grant a full and complete release of the Released Parties from any and all Settlement Class Released Claims.

**3.      CLASS SETTLEMENT ADMINISTRATION**

3.1      The Class Settlement Administrator will administer the Notice Plan and the Plan of Allocation approved by the Court.

3.2      The reasonable costs for the Notice Plan shall be paid solely from the Class Settlement Account.

3.3      Class Counsel and the Class Settlement Administrator shall be responsible for the development of the Notice Plan and the Plan of Allocation. Class Counsel will confer with and in good faith consider the input of Defense Counsel concerning the proposed Notice Plan (including the content of notices), the Plan of Allocation, and expenditures for administering the Notice Plan and Plan of Allocation.

3.4      Class Counsel and the Class Settlement Administrator shall be solely responsible for compliance with any state or federal law concerning the settlement of claims asserted by any Settlement Class Member who is a minor.

3.5      Benefits will be provided to Settlement Class Members following the occurrence of the Effective Date pursuant to the procedures contained in the Plan of Allocation.

**4.      PRELIMINARY APPROVAL BY THE COURT**

4.1      The Parties shall cooperate, assist, and undertake all reasonable actions to accomplish the steps contemplated by this Class Settlement Agreement and to implement this Class Settlement Agreement on the terms and conditions provided herein.

4.2      Promptly after the execution of this Class Settlement Agreement, and no later than twenty-eight (28) days following the Execution Date, the Class Plaintiffs shall submit a motion to the Court for preliminary approval of this Class Settlement Agreement and to direct notice to the Settlement Class (the "**Preliminary Approval Motion**"), seeking entry of the Preliminary Approval Order. For purposes of settlement only, JLI and the Released Parties will not oppose this motion.

4.3      Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after this Class Settlement Agreement is filed with the Court, JLI shall cause at its sole expense the Class Settlement Administrator to timely serve, on its own behalf and on behalf of the Released Parties, proper notice of the proposed settlement upon those who are entitled to such notice pursuant to CAFA.

4.4      On the same day that Class Plaintiffs file the Preliminary Approval Motion, the Parties shall submit to the Court, and any other appropriate courts, if necessary, unopposed motions to stay during the pendency of the settlement proceedings contemplated

by this Class Settlement Agreement (i) the underlying proceedings against JLI and any other Released Party, (ii) the commencement and/or prosecution of any and all actions and proceedings (including discovery) against JLI and any other Released Party brought by anyone for any Settlement Class Released Claims against any of the Released Parties, including any actions brought on behalf of or through any Settlement Class Members, and (iii) any appeals initiated by JLI and any other Released Party related to the Settlement Class Released Claims. Any stay will remain effective during the pendency of the settlement proceedings contemplated by this Class Settlement Agreement unless modified by further order of the Court or any other appropriate courts, or until such point that this matter is resolved, and the stayed proceedings shall be dismissed with prejudice.

       4.5       In the event the Court does not enter a Preliminary Approval Order, then any party may terminate this Class Settlement Agreement. If a party terminates this Class Settlement Agreement, the terms and provisions of this Class Settlement Agreement will have no further force or effect with respect to the Parties and will not be used in this litigation or in any other proceeding for any purpose, and any order entered by the Court in accordance with the terms of this Class Settlement Agreement will be treated as vacated, *nunc pro tunc*.

## 5.      SETTLEMENT STATISTICS, PRELIMINARY REPORTING, AND FINAL REPORT

       5.1       On the first day of each month following entry of the Preliminary Approval Order, and until entry of the Final Approval Order and Judgment, the Class Settlement Administrator shall compile and send to Class Counsel, Defense Counsel, and the Mediator reports containing summary statistics detailing the implementation of the settlement process. Such reports shall include, at a minimum, the number of proper and timely Opt-Outs, the number of claims received, and the number of claims rejected and the reason for the rejection.

## 6.      FINAL APPROVAL BY THE COURT

       6.1       In accordance with the schedule set in the Preliminary Approval Order, Class Counsel will draft the motion requesting final approval of this Class Settlement Agreement and entry of the Final Approval Order and Judgment, and will provide those drafts to Defense Counsel before filing of the motion. Defense Counsel may provide feedback concerning the motion, and Class Counsel will meet and confer with Defense Counsel in good faith regarding their feedback.

       6.2       In the event that the Court does not enter a Final Approval Order and Judgment or that the Class Settlement Agreement's approval is conditioned on any material modifications that are not acceptable to either Party, the Final Approval Order and Judgment is vacated, overturned, or rendered void or unenforceable as a result of an appeal, or if this Class Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason permitted under this Class Settlement Agreement, then (a) this Class Settlement Agreement shall be null and void and of no force and effect; (b) any release shall be of no force or effect, and (c)(i) Class Counsel shall provide written direction and authorization to the Trustee to return to JLI any funds paid by JLI pursuant to the terms of this Class Settlement Agreement that are held in any Trust account(s) and any and all interest earned

thereon, less monies expended toward settlement and Trust administration, within ten (10) days after the date the Class Settlement Agreement becomes null and void (ii) any counsel to whom any portion of a Fee and Expense Award has been distributed and any plaintiff to whom any Service Award was distributed shall, within thirty (30) days, repay to the Class Settlement Account such portion of the Fee and Expense Award it received, and within ten (10) days Class Counsel shall provide written direction and authorization to the Trustee to return such funds. For the avoidance of doubt, Class Counsel shall have no obligation under any circumstances to reimburse the Class Settlement Account for any sums paid to, or that are billed by, the Class Settlement Administrator for notice, administration of the Class Settlement Agreement, and other appropriate and typical administration functions.

6.3     If the Final Approval Order and Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Final Approval Order and Judgment shall not become final. Any order or proceeding relating to the application for a Fee and Expense Award and/or Service Awards, the pendency of any such application, or any appeal from any such order, shall not operate to terminate or cancel this Class Settlement Agreement, or affect or delay the finality of the judgment approving the settlement.

## 7.     CLASS SETTLEMENT ACCOUNT

7.1     The Parties have agreed to the establishment of a Class Settlement Account. The Class Settlement Account is (or will be) a separate account of the JLI National Settlement Trust, and the Class Settlement Account is intended to constitute a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1 and shall remain subject to the continuing jurisdiction of the Court.

7.2     No disbursements shall be made from the Class Settlement Account prior to the Effective Date other than (a) to pay (i) the reasonable costs and expenses of the Class Settlement Administrator for implementing the Notice Plan and other administrative and claim processing activities of this Class Settlement Agreement, (ii) any Fee and Expense Award (per Section 16 below) as approved by the Court, or (iii) the reasonable costs and expenses of administering the JLI National Settlement Trust, or (b) to refund the funding Party in the event this Class Settlement Agreement is not approved or is terminated.

7.3     Disbursements from the Class Settlement Account shall be made in accordance with the JLI National Settlement Trust agreement to be entered into by the Parties, and pursuant to orders of the Court and in accordance with this Class Settlement Agreement.

7.4     The Class Settlement Account shall be held at a federally-insured bank selected by the Trustee of the JLI National Settlement Trust.

7.5     The Trustee of the JLI National Trust shall be responsible for all administrative, accounting, and tax compliance activities in connection with the Class Settlement Account. The Parties shall provide the Trustee with all information and documentation necessary to facilitate tax compliance activities.

7.6     Any interest that accrues on amounts in the Class Settlement Account shall be deemed to be part of the Class Settlement Account.

7.7     As described above, the Settlement Fund is non-reversionary and no portion of the Settlement Fund or Net Settlement Fund will revert to the JLI or any other Released Party.

## 8.     OPT-OUT PROCEDURES

8.1     All Persons who wish to exclude themselves from the Settlement Class shall be advised of the process for doing so that must be followed to be excluded. The procedure for requesting exclusion from the Settlement Class (the "**Opt-Out Procedure**") shall be set forth in the Preliminary Approval Order, and shall be subject to the Court's approval. Defense Counsel may provide feedback concerning the Opt-Out Procedure, and Class Counsel will meet and confer with Defense Counsel in good faith regarding their feedback.

8.2     All requests to opt out of the Settlement Class that fail to satisfy the requirements of the Opt-Out Procedure, as well as any additional requirements the Court may impose, shall be void. Each Person who submits an opt-out request must do so individually and separately; no consolidated or group opt-outs shall be accepted.

8.3     Other than a parent or guardian acting on behalf of a minor or other individual, no Person may opt-out of the Settlement Class on behalf of any other Person.

8.4     All Settlement Class Members shall in all respects be bound by all terms of this Class Settlement Agreement, and the Final Approval Order and Judgment finally dismissing the Settlement Class Released Claims as against the Released Parties, and shall be permanently barred from commencing, instituting, or prosecuting any action based on any Settlement Class Released Claims against the Released Parties in any court of law or equity, arbitration, tribunal or administrative or other forum. Any Opt-Outs shall not be bound by this Class Settlement Agreement; shall not be eligible to apply for or receive any benefit under the terms of this Class Settlement Agreement; and shall not be entitled to submit an objection to this Class Settlement Agreement.

8.5     Plaintiffs' and Defense Counsel agree that they will make no effort to solicit any Person who falls within the scope of the Settlement Class to exclude themselves from this Class Settlement Agreement.

## 9.     RELEASE

9.1     <u>Settlement Class Release</u>. Settlement Class Members, including the Settlement Class Representatives, agree that the Final Approval Order and Judgment entered by the Court will contain the following release, waiver and covenant not to sue, which shall take effect upon all members of the Settlement Class on the later of: (1) the Effective Date, or (2) payment of the Final Class Payment to the Class Settlement Amount:

Each Settlement Class Member hereby releases and forever discharges and holds harmless the Released Parties of and from any and all Settlement

Class Released Claims which the Settlement Class Member ever had, now have, or will have in the future. Each Settlement Class Member further covenants and agrees not to commence, file, initiate, institute, prosecute, maintain, or consent to any action or proceedings against the Released Parties based on the Settlement Class Released Claims.

9.2     In addition, Settlement Class Members, including the Settlement Class Representatives, agree that each Settlement Class Member hereby expressly waives and releases, upon the occurrence of the Effective Date, any and all provisions, rights, and benefits conferred by any law of the federal government or of any state or territory of the United States, or principle of common law, which purports to limit the scope and effectiveness of the release of any of the Settlement Class Released Claims provided pursuant to this Class Settlement Agreement, without regard to the subsequent discovery or existence of any different or additional facts not known by a Settlement Class Member at the time of this Class Settlement Agreement. By way of example, upon the Effective Date, each Settlement Class Member shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of §1542 of the California Civil Code, if any, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

9.3     Each Settlement Class Member also hereby expressly waives and fully, finally, and forever settles and releases any and all Settlement Class Released Claims it may have against the Released Parties under § 17200, et seq., of the California Business and Professions Code.

9.4     Each Settlement Class Member may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of this Class Settlement Agreement, but each Settlement Class Member hereby expressly waives and fully, finally, and forever settles and releases, upon the Execution Date, any known or unknown, suspected or unsuspected, contingent or non-contingent Settlement Class Released Claims with respect to the subject matter of this Class Settlement Agreement whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

9.5     No Released Party shall be subject to liability or expense of any kind to any Class Member or their respective counsel related to the Settlement Class Released Claims except as provided in this Class Settlement Agreement.

9.6     Settlement Class Representatives and each Settlement Class Member further covenant and agree that they will not sue or bring any action or cause of action, or seek restitution or other forms of monetary relief, including by way of third-party claim,

11

crossclaim, or counterclaim, against any of the Released Parties in respect of any of the Settlement Class Released Claims; they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties in respect of any of the Settlement Class Released Claims; if involuntarily included in any such class action, they will not participate therein; and they will not assist any third party in initiating or pursuing a class action lawsuit in respect of any of the Settlement Class Released Claims. Each Settlement Class Member expressly waives and fully, finally, and forever settles and releases any known or unknown, suspected or unsuspected, contingent or non-contingent Settlement Class Released Claims without regard to the subsequent discovery or existence of different or additional facts.

9.7     Settlement Class Representatives and each Settlement Class Member further covenant and agree that they will not sue or bring any action or cause of action under any state or federal law in respect of any challenge to the release, waiver, and covenant not to sue.

9.8     In the event of a preference, fraudulent transfer and/or related claim ("Recovery Claim") in a bankruptcy of JLI or any of its affiliates that concludes by voiding or reversing the prior payment of the Gross Settlement Amount by JLI or any of its affiliates, then the Class Releases shall become ineffective until such time as the Recovery Claim has been resolved to provide the Claimants the benefit of the Gross Class Settlement Amount. In the event of a Recovery Claim in a bankruptcy that concludes by voiding or reversing the prior payment of the Gross Class Settlement Amount, then the Class Releases shall become ineffective until such time as the Recovery Claim has been resolved to provide the Class the benefit of the Gross Class Settlement Fund.  For avoidance of doubt, however, consistent with section 10.3 of this Agreement, Plaintiffs must challenge the preference by every available means in bankruptcy and on appeal before attempting to re-open the MDL against the Released Parties.

## 10.     DISMISSAL WITH PREJUDICE, EXCLUSIVE REMEDY

10.1     Class Counsel agrees to seek Court dismissal with prejudice of all Settlement Class Released Claims against JLI and all Released Parties as part of the process of seeking issuance of the Final Approval Order and Judgment, with each Party to bear its own costs, except as otherwise provided herein.

10.2     The Parties agree that upon the Effective Date, all Settlement Class Released Claims shall be dismissed with prejudice in accordance with the Final Approval Order and Judgment entered by the Court.

10.3     Upon the effectiveness of the releases described in Section 9 and only in the event that the releases described herein and in the Final Approval Order and Judgment are not void, void ab initio or voided pursuant to Section 8 herein, this Class Settlement Agreement shall be the exclusive remedy for the Settlement Class with respect to Settlement Class Released Claims as against any and all Released Parties. No Settlement Class Member shall recover, directly or indirectly, any sums from JLI or the other Released Parties for Settlement Class Released Claims other than the consideration received under the terms of this Class Settlement Agreement, and any amounts for which they may be eligible in any

parallel settlement. For clarity and as noted above in Section 1.29, the Settlement Class Released Claims do not include any claims for (1) violations of antitrust law, or (2) personal injury, nor does this Class Settlement Agreement revive any such claims.

**11.    TOLLING**

11.1    All statutes of limitation applicable to all Parties relating to fraudulent transfer, conveyance, and related types of claims shall be tolled until the earlier of (a) commencement of a bankruptcy by or against JLI, or (b) Final Class Payment. Upon payment of the Final Class Payment, all tolled statutes of limitations claims that would have expired absent such tolling prior to such date relating to fraudulent transfer, conveyance, and related theories shall expire.

11.2    Upon Final Class Payment, all tolling shall end, and JLI shall provide a satisfactory release of fraudulent transfer, conveyance, and related types of claims to other Released Persons.

**12.    NO ADMISSION OF LIABILITY**

12.1    Neither this Class Settlement Agreement, whether approved or not approved, nor any appendix, document, or instrument delivered pursuant to this Class Settlement Agreement, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Class Settlement Agreement, is intended to or may be construed as or deemed to be evidence of (a) an admission or concession by JLI or any other Released Party of any liability or wrongdoing, or of the truth of any of the Class Plaintiffs' allegations, or of the appropriateness of class certification in any other context, or (b) an admission or concession by any Class Plaintiff of any lack of merit in those allegations.

12.2    Pursuant to this Class Settlement Agreement, and pursuant to Federal Rule of Evidence 408, and any other applicable law, rule, or regulation, the fact of entering into or carrying out this Class Settlement Agreement, and any negotiations and proceedings related hereto, shall not be construed as, offered into evidence as, or deemed to be evidence of, an admission or concession of liability by or an estoppel against any of the Parties, a waiver of any applicable statute of limitations or repose, and shall not be offered or received into evidence, or considered, in any action or proceeding against any Party in any judicial, quasi-judicial, administrative agency, regulatory or self-regulatory organization, or other tribunal, or proceeding for any purpose whatsoever, other than to enforce the provisions of this Class Settlement Agreement or the provisions of any related agreement, release, or appendix hereto.

**13.    REPRESENTATIONS AND WARRANTIES**

13.1    The Class Plaintiffs represent and warrant that they each have the authority to enter into this Class Settlement Agreement and have not assigned, in whole or in part, any rights or claims against JLI and any other Released Parties, and have not assigned, in whole or in part, any of the Released Claims. Class Counsel represent and warrant that they have authority to execute this Class Settlement Agreement.

13.2    JLI represents and warrants that it has the authority, and if applicable the requisite corporate power, to execute, deliver, and perform this Class Settlement Agreement. The execution, delivery, and performance by JLI of this Class Settlement Agreement has been duly authorized by all necessary corporate action. This Class Settlement Agreement has been duly and validly executed and delivered by JLI, and constitutes its legal, valid, and binding obligation.

13.3    The Parties (i) recommend that this Class Settlement Agreement be approved; and (ii) will undertake the necessary steps to support and effectuate the terms of this Class Settlement Agreement in the event it is approved by the Court.

13.4    The Parties represent and warrant that they shall comply with the terms of the protective order entered in MDL No. 2913 regarding the disposition of litigation materials following the Effective Date.

## 14.    INDEMNITY, LIENS, AND TAXES

14.1    JLI waives any right of subrogation or any other right belonging to JLI to recover back any settlement amount paid or made available to any Settlement Class Member under this Class Settlement Agreement by virtue of the Settlement Class Member's settlement with any other Person. The amounts made available and paid to Settlement Class Members under this Class Settlement Agreement are free and clear of any encumbrances now held or later acquired by JLI.

14.2    It is each Settlement Class Member's responsibility to pay any and all valid and enforceable liens, reimbursement claims, or encumbrances held or asserted by any private or governmental lien holders against them. The Class Plaintiffs and each Settlement Class Member on their own behalf, further understand and agree to indemnify, hold harmless and defend the Released Parties from all claims by any state or other government body, employer, attorney, insurer, and/or any other entity for all past, present and future liens or claims asserting a right of subrogation, right of indemnity, right of reimbursement or other such right for amounts paid or to be paid in consideration under this Class Settlement Agreement.

14.3    The Class Plaintiffs and each Settlement Class Member on their own behalf, further understand and agree that each Class Plaintiff or Settlement Class Member, as applicable, is responsible for any tax consequences to each such Class Plaintiff or Settlement Class Member arising from, related to, or in any way connected with the relief afforded to each such Class Plaintiff or Settlement Class Member, as applicable, under this Class Settlement Agreement.

## 15.    CONTINUING JURISDICTION

15.1    The Court shall retain jurisdiction over MDL No. 2913, the Class Settlement Administrator, the Class Settlement Account, this Class Settlement Agreement, the Final Approval Order and Judgment, the Settlement Class Members, and the Parties for the purpose of administering, supervising, construing, and enforcing this Class Settlement Agreement and the Final Approval Order and Judgment.

**16.**     <u>**FEES AND EXPENSES OF CLASS COUNSEL AND OTHER COUNSEL**</u>

      16.1     Class Counsel and other counsel with a basis to seek the payment of Class Attorneys' Fees and Expenses may apply to the Court for a reasonable award of Class Attorney's Fees and Expenses ("**Fee and Expense Award**") from the Settlement Fund. Settlement Class Representatives' approval of this Class Settlement Agreement, and Class Counsel's support of the Class Settlement Agreement, are not contingent on Class Counsel making an application for a Fee and Expense Award, or the Court approving any application for a Fee and Expense Award.

      16.2     The Parties have reached no agreement on the amount of attorneys' fees and expenses that Class Counsel will seek. While recognizing that this Class Settlement Agreement permits Class Counsel to apply for reasonable fees and expenses, Settlement Class Members will be given the opportunity to object to and oppose Class Counsel's request for a Fee and Expense Award in accordance with the Notice Plan and applicable authorities.

      16.3     Any Fee and Expense Award shall be payable from the Settlement Fund promptly and no more than three (3) business days after the Payment Date, notwithstanding the existence of any objections, pending or forthcoming appeals, or collateral attack on this Class Settlement Agreement, or any Fee and Expense Award. At least seven (7) days prior to payment of the Fee and Expense Award, Class Counsel shall furnish the Class Settlement Administrator with all necessary payment and routing information to facilitate the transfer.

      16.4     Any order or proceeding relating to the application for a Fee and Expense Award, the pendency of the application, or any appeal from any such order, will not operate to terminate or cancel this Class Settlement Agreement, or affect or delay the finality effected by entry of the Final Approval Order and Judgment or the Effective Date. Class Counsel will allocate the Fee and Expense Award among plaintiffs' counsel. In no event shall JLI or any other Released Party have any liability to any plaintiffs' counsel regarding the allocation of the Fee and Expense Award. No dispute regarding Fees and Expenses or the timing of payment of Fees and Expenses shall delay the timing or validity of the Release given in section 9 above.

      16.5     Any Fee and Expense Award shall not increase the Gross Class Settlement Amount.

**17.**     <u>**SERVICE AWARDS**</u>

      17.1     Class Counsel may apply for Service Awards, which shall be subject to approval of the Court and paid from the Class Settlement Fund. Any Service Award that Class Counsel seeks shall be in consideration of, and commensurate with, the recipients' services, time, and effort on behalf of the Settlement Class. Any such Service Awards are separate and apart from any payments the recipients may receive as a result of submitting claims as Settlement Class Members. For tax purposes, the Service Award will be treated as 100% non-wage claim payment. Class Counsel will provide a Form W-9 for each individual receiving a Service Award, and the Class Settlement Administrator will issue an IRS Form Misc.–1099 for the Service Award payment to each recipient.

17.2     Any order or proceeding relating to the application for a Service Award, the pendency of the application, or any appeal from any such order, will not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality effected by entry of the Final Approval Order and Judgment or the Effective Date. The Class Representatives' approval of this Settlement Agreement is not contingent on Class Counsel making an application for a Service Award, or the Court approving any application for a Service Award.

17.3     Subject to Court approval, any Service Award shall not increase the Gross Class Settlement Amount.

## 18.   <u>RIGHTS OF WITHDRAWAL</u>

18.1     Within seven (7) Business Days after the Opt-Out Deadline, Class Counsel will provide Defense Counsel information sufficient to show whether the condition enumerated in Section 18.3 occurred (which, to the extent this information needs to be filed with the Court, the Parties shall request remain under seal). Such information must include a reasonable estimate or minimum number of total Settlement Class Members and the total number of Opt-Outs.

18.2     On the same date that Class Counsel provide Defense Counsel with the information identified in Section 18.1, Class Counsel shall also represent in good faith, in writing to counsel for JLI, whether the condition enumerated in Section 18.3 has occurred.

18.3     If, seven (7) Business Days after the Opt-Out Deadline, the following condition occurs, JLI, in consultation with Defense Counsel, may withdraw from and terminate this Class Settlement Agreement, in which case this Class Settlement Agreement shall be null and void and the status of the litigation shall be as it was prior to the execution of this Class Settlement Agreement: total Opt-Outs from the Class Settlement exceeds a number agreed to by the Parties and set forth in Appendix C, which shall be filed under seal if permitted by the Court.

18.4     In the event that JLI, in consultation with Defense Counsel, wishes to exercise its right to terminate this Class Settlement Agreement under this Section 18 because of inadequate participation under Section 18.3 above, JLI must notify the other Parties in writing, within seven (7) days after receipt of the information described in Sections 18.1-18.3 of this Class Settlement Agreement.

18.5     In the event that this Class Settlement Agreement is not approved as submitted, does not reach Final Approval, or otherwise is terminated pursuant to the terms herein, the Parties will be restored to their respective positions in the litigation as of the day preceding the date of this Class Settlement Agreement; the terms and provisions of this Class Settlement Agreement will have no further force or effect with respect to the Parties; this Class Settlement Agreement or any of its terms will not be used in this litigation or in any other proceeding for any purpose; and any judgment or order entered by the Court in accordance with the terms of this Class Settlement Agreement, including any order to certify the Settlement Class, will be vacated, *nunc pro tunc*, and the status of the litigation shall be as it was prior to the execution of this Class Settlement Agreement.

19. **THIRD-PARTY BENEFICIARIES; ASSIGNMENT**

19.1    Any Released Party who is not a signatory to this Class Settlement Agreement is a third-party beneficiary of this Class Settlement Agreement, and is entitled to all of the rights and benefits under this Class Settlement Agreement. Further, any such Released Party may enforce any and all provisions of this Class Settlement Agreement as if that Released Party was a direct party to this Class Settlement Agreement.

19.2    Other than Section 19.1, no provision of this Class Settlement Agreement or any Appendix thereto is intended to create any third-party beneficiary to this Class Settlement Agreement.

20. **AMENDMENT; NO IMPLIED WAIVER**

20.1    This Class Settlement Agreement may be amended by (and only by) an instrument signed by JLI, on the one hand, and Class Counsel, on the other hand.

20.2    Except where a specific period for action or inaction is provided herein, no failure on the part of a Party to exercise, and no delay on the part of either Party in exercising, any right, power or privilege hereunder shall operate as a waiver thereof; nor shall any waiver on the part of either Party of any such right, power or privilege, or any single or partial exercise of any such right, power or privilege, preclude any other or further exercise thereof or the exercise of any other right, power or privilege; nor shall any waiver on the part of a Party, on any particular occasion or in any particular instance, of any particular right, power or privilege operate as a waiver of such right, power or privilege on any other occasion or in any other instance.

21. **CONFIDENTIALITY OF COMMUNICATIONS REGARDING CLASS SETTLEMENT AGREEMENT**

21.1    This Class Settlement Agreement, and the terms set forth herein, are confidential and are intended to remain confidential until the Parties file this Class Settlement Agreement with the Court. Prior to filing this Class Settlement Agreement with the Court, the Parties and their counsel may only make additional disclosures about this Class Settlement Agreement to comply with applicable law, rules of professional responsibility, court order, or existing legal obligation.

21.2    Neither Party nor their counsel shall issue a press release or media statement in any form announcing this Class Settlement Agreement or its terms, except with respect to a statement mutually agreeable by all Parties (acting reasonably) announcing the execution of this Class Settlement Agreement, or in accordance with the Notice Plan.

21.1    No Party or their counsel, including Class Counsel, or anyone else acting on behalf of any of them, shall make any public statement disparaging any Party or their counsel in connection with the Settlement Class Representatives' cases, this Class Settlement Agreement, or JUUL Products. Good-faith statements and allegations made by the Settlement Class Representatives or their counsel at any further court proceedings, including court proceedings related to the Settlement Class Representatives' cases against non-settling

defendants, shall not constitute disparagement for purposes of this Class Settlement Agreement.

21.2     In the event that the Court proceeds to hold any class trial against any non-settling defendant, Class Plaintiffs agree that they shall not subpoena any individual current or former director or any current or former employee of JLI to testify in-person or via video at such trial. Class Plaintiffs agree to use such person's video deposition as designated and deemed admissible in MDL No. 2913, JCCP No. 5052, or by any other appropriate court. JLI agrees to work with settling Class Counsel to avoid undue prejudice should Class Plaintiffs' counsel be unable to play a deposition because a witness is deemed "available" (*i.e.*, agree to testify within limited scope).

21.3     Good faith statements and allegations made by Class Plaintiffs or their counsel in connection with any trial of a case not covered by this Class Settlement Agreement shall not constitute disparagement for purposes of this agreement.

## 22.     **OTHER OBLIGATIONS; MISCELLANEOUS**

22.1     The Parties shall use their reasonable best efforts to perform all terms of this Class Settlement Agreement.

22.2      The Released Parties may file this Class Settlement Agreement and/or the Final Judgment and Order in any action that may be brought against them in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22.3     All agreements made and orders entered during this litigation relating to the confidentiality of information survive this Class Settlement Agreement.

22.4     Any E Appendices to this Class Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

22.5     This Class Settlement Agreement constitutes the entire Agreement by and among the Parties with regard to the subject matter of this Class Settlement Agreement, and supersedes any previous agreements and understanding among the Parties with respect to the subject matter of this Class Settlement Agreement and the settlement embodied within it.

22.6     All time periods and dates described in this Class Settlement Agreement are subject to the Court's approval. Unless set by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Class Settlement Agreement through written consent of the Parties' counsel, without notice to the Class Members; provided, however, that any such changes in the schedule of Class Settlement Agreement proceedings will be posted on a website established by the Class Settlement Administrator. Time periods and dates provided for in the Preliminary Approval Order may be altered by the Court.

22.7    Any notice, request, instruction, or other document to be given by any Party to this Class Settlement Agreement to any other Party to this Class Settlement Agreement, other than the Class Notice, shall be in writing and delivered by an overnight delivery service, with a courtesy copy via electronic mail to:

**If to Settlement Class Representatives and Settlement Class:**

Dena C. Sharp
GIRARD SHARP LLP
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

-and-

**If to the JLI National Settlement Trust**

Sarah R. London, Trustee
c/o Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Email: slondon@lchb.com

**If to JLI:**

Juul Labs, Inc.
1000 F Street, NW
Washington DC 20004
Attention: Tyler Mace and Scott Richburg
Email address:  tyler.mace@juul.com

-and-

Kirkland & Ellis LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
Attention:  Peter Farrell
Email address:  pfarrell@kirkland.com

-and-

Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Attention:  Renee Smith
Email address:  rdsmith@kirkland.com

with a copy to:

Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Attention:  Adam Moses
Email address: amoses@milbank.com

Kellogg Hansen Todd Figel & Frederick, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036
Attention:  Michael J. Guzman and David L. Schwarz
Email address:  mguzman@kellogghansen.com and
dschwarz@kellogghansen.com

with a copy to:

Van C. Durrer II
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071
Attention: Van C. Durrer II
Email address: van.durrer@skadden.com

22.8    All applications for Court approval or Court orders required under this Class Settlement Agreement shall be made on notice to all Parties to this Class Settlement Agreement.

22.9    This Class Settlement Agreement is the result of a mutual negotiation between counsel for the Parties. Any ambiguity in this Class Settlement Agreement shall not presumptively be construed in favor of or against any Party as the drafter of the Class Settlement Agreement.

22.10    The provisions of this Class Settlement Agreement are not severable.

22.11    All the terms of this Class Settlement Agreement shall be governed by and interpreted according to the laws of the State of California, except to the extent federal law applies.

22.12    References to a Section also includes any other sections or subparts within that Section, *e.g.*, a reference to Section 20, includes Sections 20.1, 20.2 and 20.3. The definitions contained in this Class Settlement Agreement or any Appendix hereto are applicable to the singular as well as the plural forms of such terms. Words of any gender (masculine, feminine, otherwise) mean and include correlative words of the other genders.

22.13    All representations, warranties, and covenants set forth in this Class Settlement Agreement shall be deemed continuing and shall survive the date of this Class Settlement Agreement, or termination or expiration of this Class Settlement Agreement.

22.14    Each of the Parties agrees, without further consideration, and as part of finalizing the settlement hereunder, to execute and deliver such other documents and take such other actions that may be necessary to perfect and effectuate the subject matter and purpose of this Class Settlement Agreement.

22.15    This Class Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Class Settlement Agreement, provided that this Class Settlement Agreement shall not be complete until it has been signed by everyone for whom a signature line has been provided.

22.16    This Class Settlement Agreement and any amendments thereto, to the extent signed and delivered by means of a facsimile machine or electronic scan (including in the form of an Adobe Acrobat PDF file format), shall be treated in all manner and respects as an original Class Settlement Agreement and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.

**IN WITNESS WHEREOF**, the Parties have executed this Class Settlement Agreement and have caused this Class Settlement Agreement to be executed by Class Counsel.

CLASS SETTLEMENT AGREEMENT
SIGNATURE PAGES

**PLAINTIFFS' COUNSEL:**

_____
Sarah R. London
MDL Plaintiffs' Liaison and Co-Lead Counsel


_____
Dena C. Sharp
MDL Plaintiffs' Co-Lead Counsel


_____
Ellen Relkin
MDL Plaintiffs' Co-Lead Counsel


_____
Dean N. Kawamoto
MDL Plaintiffs' Co-Lead Counsel


**JLI NATIONAL SETTLEMENT TRUST:**

By:   _____
Sarah R. London, as Trustee and not individually
Trustee of the JLI National Settlement Trust

<u>CLASS SETTLEMENT AGREEMENT</u>
<u>SIGNATURE PAGES</u>

**PLAINTIFFS' COUNSEL:**


_____
Sarah R. London
MDL Plaintiffs' Liaison and Co-Lead Counsel


_____
Dena C. Sharp
MDL Plaintiffs' Co-Lead Counsel


_____
Ellen Relkin
MDL Plaintiffs' Co-Lead Counsel


_____
Dean N. Kawamoto
MDL Plaintiffs' Co-Lead Counsel


**JLI NATIONAL SETTLEMENT TRUST:**


By:     _____
Sarah R. London, as Trustee and not individually
Trustee of the JLI National Settlement Trust

CLASS SETTLEMENT AGREEMENT
SIGNATURE PAGES

**PLAINTIFFS' COUNSEL:**

_____
Sarah R. London
MDL Plaintiffs' Liaison and Co-Lead Counsel


_____
Dena C. Sharp
MDL Plaintiffs' Co-Lead Counsel


_____
Ellen Relkin
MDL Plaintiffs' Co-Lead Counsel


_____
Dean N. Kawamoto
MDL Plaintiffs' Co-Lead Counsel


**JLI NATIONAL SETTLEMENT TRUST:**


By:      _____
Sarah R. London, as Trustee and not individually
Trustee of the JLI National Settlement Trust

<u>CLASS SETTLEMENT AGREEMENT</u>
<u>SIGNATURE PAGES</u>

**PLAINTIFFS' COUNSEL:**

_____
Sarah R. London
MDL Plaintiffs' Liaison and Co-Lead Counsel


_____
Dena C. Sharp
MDL Plaintiffs' Co-Lead Counsel


_____
Ellen Relkin
MDL Plaintiffs' Co-Lead Counsel

_____
Dean N. Kawamoto
MDL Plaintiffs' Co-Lead Counsel


**JLI NATIONAL SETTLEMENT TRUST:**


By:      _____
Sarah R. London, as Trustee and not individually
Trustee of the JLI National Settlement Trust

CLASS SETTLEMENT AGREEMENT
SIGNATURE PAGES

**DEFENDANT'S COUNSEL:**

DocuSigned by:

*Peter A. Farrell*

23B6FB9271B6477...

Peter A. Farrell
Kirkland & Ellis LLP
Counsel for Juul Labs, Inc.

Appendix A

## Released Parties

7-Eleven
Alternative Ingredients
AMCON Distributing
BP Products North America
Brookwood Gas
Buc-ee's
Casey's General Stores
Chevron
Chevron ExtraMile
Circle K
Core-Mark
DisCopyLabs
Eby-Brown
EG America
Element E-Liquid
eLiquiTech
Giant Eagle (d/b/a getGo)
GoBrands (d/b/a GoPuff)
GPM Investments
HS Wholesale
HT Hackney
Imperial Trading
J. Polep
KFIT F&B Holdings
Kum & Go
Kwik Trip
Love's Travel
Mapco Express
Martin & Bayley
Maverik
McKinsey & Co.
McLane Co.
MCX
Midwest Petroleum
Murphy Oil USA, Inc.
Pete's of Erie
Pilot Travel Centers LLC
Quick Check Corporation (a wholly owned subsidiary of Murphy Oil USA, Inc.)
QuikTrip
RaceTrac Petroleum
S. Abraham & Sons
Sam's Club
Sheetz, Inc.
SouthCo Distributing
Southwest Convenience Stores

SpartanNash
Speedway
Stewarts Shops
Thorntons
Travel Centers of America
Ultimate Product Distributors
United Pacific
Walgreens
Walmart
Wawa

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# Appendix B

## Document Filed Under Seal

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# Appendix C

## Document Filed Under Seal