[Submitting Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 19-md-02913-WHO <br><br> **PLAINTIFF'S BRIEF ON THE LENGTH OF THE SFUSD TRIAL** <br><br> **Judge:** Hon. William H. Orrick <br> **Date:** January 20, 2023 <br> **Time:** 1:00 PM <br> **Ctrm.:** Remote |
| This Document Relates to: <br><br> *San Francisco Unified School District v. JUUL Labs, Inc., et al.* <br><br> Case No. 3:19-cv-08177-WHO | |

Previously, the time for the trial involving Plaintiff San Francisco Unified School District ("SFUSD") was set for 50 hours, including Phase 1 (liability and compensatory damages) and Phase 2 (punitive damages), but excluding jury selection and Phase 3 (abatement hearing tried to the Court). Now several Defendants have settled, leaving only the four Altria Defendants for trial (collectively, "Altria"). Despite the reduction in parties, the core liability questions remain essentially the same. For that reason, Plaintiff respectfully requests that the Court allow 44 hours for this new trial, again including Phase 1 and Phase 2, and excluding jury selection and Phase 3. The settlements removed parties from the trial but left largely undisturbed the governing legal framework and relevant questions of fact. Altria argues that the new trial lineup renders irrelevant swaths of evidence predating Altria's formal investment in December 2018, or at least its initiation of talks with Juul Labs, Inc. ("JLI") in Summer 2017. That is not true.

Most notably, SFUSD's RICO claim requires that SFUSD paint a complete picture of the JLI enterprise/conspiracy—not merely of Altria's involvement, as Altria proposes. Thus, the RICO claim remains the key factor distinguishing this trial from a personal injury trial—such as the B.B. trial, which previously was set for 40 hours per side. Here, SFUSD must establish that Altria (1) participated in the conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity. *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). To make that showing, SFUSD needs to show the nature of the enterprise—most obviously that it involved a "pattern of racketeering activity." *Id.* On the conspiracy-based RICO claim, SFUSD must establish that Altria knowingly agreed with other members of the conspiracy that they would violate 18 U.S.C. § 1962(c). *See, e.g.*, *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004). So, the same elements are implicated.

SFUSD's RICO claim asserts that Altria consulted with, and then bought into, JLI when the Individual Defendants[1] were already running the enterprise as a fraudulent scheme. Altria then helped to manage and operate the enterprise to further the scheme, knowing the fraudulent nature of the scheme, its goals, and the manner in which it spurred massive youth vaping. To

---

[1] JLI founders and directors Bowen, Monsees, Pritzker, Valani, and Huh.

1

understand that argument, the jury needs to know, in detail, the operation and effect of the scheme that Altria joined. While the Court and the attorneys are well familiar with these details, the jury will enter the courtroom with little knowledge of them, so providing that context is critical to demonstrating the enterprise/conspiracy under RICO.

For example, Altria commissioned a due diligence report that it reviewed before purchasing a 35% stake in JLI. The consultant wrote ███████████████████████ ███████████████████████████████████████████████ Greenleaf Report, attached as Exhibit A, at 3.[2] Regarding the Vaporized campaign initiated by JLI in mid-2015, the report stated: ███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████ Id. at 26. The report further explained that ███████████████████████████████████
███████████████████████████████████████████████ Id. at 8.

SFUSD will show that Altria—having monitored JLI for years—began consulting with the Individual Defendants, and ultimately purchased a 35% stake in JLI, with eyes wide open. Altria knew that JLI was marketing to youth and that JLI's efforts were driving the youth vaping epidemic, ████████████████████. Instead of addressing that problem, Altria helped JLI to avoid regulation, keep products on the market, and expand its distribution. Altria also paid billions of dollars to the Individual Defendants with full knowledge of their prior actions. To understand SFUSD's argument, the jury needs to understand what JLI and the Individual Defendants were doing at each stage of the RICO enterprise/conspiracy—before Altria was

---

[2] The Greenleaf due diligence report ██████████████████████████ Altria has sought to exclude this report as hearsay, even though it is extremely probative as to Altria's knowledge and state of mind, before and at the time of its JLI purchase. Thus, the report is offered for a non-hearsay purpose. See Fed. R. Evid. 801(c)(2). As addressed in prior briefing, the report is also non-hearsay as an opposing party's statement that was made by an agent of Altria, and as a statement authorized by Altria. See Fed. R. Evid. 801(d)(2).

2

consulting with JLI, while they were in a consulting relationship, and after Altria bought into JLI and installed one of its people as CEO.

Altria's claim that the settlements wipe out the entire narrative pre-2017 is not only inconsistent with the governing legal standards, but it also makes no sense on its own terms. This Court has recognized that Altria is liable for the **entire** injury caused by the RICO enterprise's illegal conduct and/or the RICO Defendants' conspiracy, if proven: "[A]ll defendants who participated in the RICO enterprise are liable for the entire injury caused by the enterprise's illegal conduct." *In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*, No. 19-02913, 2022 WL 2343268, at *19 (N.D. Cal. June 28, 2022); *accord In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*, 497 F. Supp. 3d 552, 623 (N.D. Cal. 2020) (holding that because "liability under RICO is purposefully 'joint' and 'several,' once a defendant is found to have joined a RICO conspiracy, they may be liable for conduct throughout the whole Enterprise") (quotations omitted).[3] But even if Altria's position had a basis in law, it would not justify a shorter trial. If Altria intends to parse through which enterprise acts it is responsible for and which it is not, then it will take **more** time to explain to the jury how Altria's liability connects to each portion of the overall scheme to defraud.

Evidence from the onset of JLI to the present also remains relevant to SFUSD's nuisance and negligence claims. Most obviously, SFUSD still needs to show that a public nuisance exists in its schools and has caused property damage. SFUSD's claim is not that Altria initiated the nuisance, but that it contributed to and exacerbated an ongoing nuisance. Accordingly, Plaintiff

---

[3] *See also, e.g.*, *United States v. Garcia*, 497 F.3d 964, 967 n.1 (9th Cir. 2007) (holding that a defendant has "liability for acts committed by coconspirators both prior to, as well as during the defendant's participation"); *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 775 (9th Cir. 2002) ("[I]f a RICO conspiracy is demonstrated, [a]ll conspirators are liable for the acts of their co-conspirators.") (quotations omitted); *United States v. Saavedra*, 684 F.2d 1293, 1301 (9th Cir. 1982) ("Further[,] a conspirator who joins a preexisting conspiracy is bound by all that has gone on before in the conspiracy."). Knowledge of prior events is not necessary to hold a later-joining party liable for prior acts within the conspiracy. *See United States v. Umagat*, 998 F.2d 770, 772-73 (9th Cir. 1993) ("One may join a conspiracy already formed and in existence, and be bound by all that has gone before in the conspiracy, even if unknown to him.").

needs to explain to the jury what the nuisance was and how it came to be. Similarly, on the negligence claim this Court has held that Altria owed a "duty of care" to SFUSD "to act reasonably." *In re JUUL*, 497 F. Supp. 3d at 662. In establishing that Altria breached that duty, SFUSD will show that Altria knew that JLI had long been expanding the youth market for e-cigarettes through the design and marketing of JUUL, and that Altria encouraged, facilitated, and enhanced that activity, rather than shutting down the practice.

Even apart from the nuts and bolts of the individual claims, evidence of JLI's history—and its founders' and directors' contributions to the youth vaping epidemic—is critical to the Altria case in general. Every claim—RICO, nuisance, and negligence—depends on Altria being fully aware of the risks of investing in JUUL, covering up its appeal to non-smokers and youth, and turbocharging its distribution and sales. To be sure, the best proof of this is Altria's own words and documents. But proving intent, by its nature, often requires circumstantial evidence. *See, e.g.*, *United States v. Arredondo*, No. 2:12-CR-00128 WBS, 2013 WL 4676799, at *2 (E.D. Cal. Aug. 30, 2013) ("As we routinely instruct juries, intent must often be inferred from circumstantial evidence.") (citing *United States v. Santos*, 527 F.3d 1003, 1009 (9th Cir. 2008)). Altria's intent is relevant to the elements of SFUSD's RICO claim. *See Eclectic Properties*, 751 F.3d at 994 (affirming dismissal where RICO complaint failed to allege intent to defraud). Altria's state of mind also bears on whether Altria breached its duty of care. *See In re JUUL*, 497 F. Supp. 3d at 662.[4]

Finally, it bears emphasis that even if the Court or the jury accepts Altria's argument that its liability is time-limited, this changes absolutely nothing about all of the Plaintiff-side proof necessary in this case. This is not a personal injury case. Plaintiff is a large school district with

---

[4] Another critical point is that this trial involves a recidivist Defendant. Altria's knowledge and intent are not measured in isolation, but in the context of its history of marketing tobacco products to youth, a scheme enabled by cover-up and deception. *See United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 909 (D.D.C. 2006) (stating that "as long as Defendants are in the business of selling and marketing tobacco products, they will have countless 'opportunities' and temptations to take similar unlawful actions in order to maximize their revenues, just as they have done for the past five decades"), *clarified by United States v. Philip Morris USA, Inc.*, 477 F. Supp. 2d 191 (D.D.C. 2007).

4

more than 57,000 students. Its damages are not based exclusively on lay witness testimony of pain and suffering. Rather, they are supported by sophisticated, complex expert evaluations of the harm on school property. The settlements with JLI and the Individual Defendants changed nothing about that.

\* \* \*

All of this being said, SFUSD understands the Court's desire to streamline the trial as much as is reasonably possible, and it has been working toward that aim since the settlement with JLI and the Individual Defendants. The PSC has already cut numerous witnesses from its list. Such action is consistent with the argument that the entire RICO enterprise/conspiracy remains relevant. The reduction in the number of trial Defendants has reduced the depth of information that the jury needs about each Defendant, even though the jury still needs a full account of the JLI enterprise/conspiracy. Now, instead of needing to establish each Defendant's role in the JLI enterprise/conspiracy, as well as each Defendant's intent, SFUSD only needs to establish who the key players were and what transpired over time.

SFUSD, therefore, estimates that six hours can be cut from each side, leading to its proposal of 44 hours per side.

\* \* \*

Altria, by contrast, proposes a massive, 40% cut in trial time, from 50 hours per side to only 30. This proposal would hack 40 total hours from the SFUSD trial, and it even represents 20 fewer hours (ten per side) than the previously planned *B.B.* personal injury trial. There is no justification for permitting fewer hours here than in *B.B.* That case had no nuisance claim; no RICO claim; and an individual plaintiff, rather than a massive public school district. Thus, SFUSD's proposal of four hours per side more than *B.B.*, but six hours per side fewer than the previously planned SFUSD trial, is entirely logical.

None of Altria's arguments for 30 hours per side[5] support its position. Altria claims that its conduct is "indisputably far more limited than the other defendants who have now settled."

---

[5] The parties exchanged drafts, but Plaintiff has not seen Altria's final arguments.

5

SFUSD does dispute the characterization, but as explained above, it is immaterial whether that characterization is accurate or not. The RICO claim requires evidence of the entire enterprise/conspiracy, and Altria cites no law to the contrary—nor could it. SFUSD could not tell the full story of the JLI enterprise and Altria's contributions, plus the necessary information to prove its nuisance and negligence claims, plus all of the evidence needed to prove damages, plus openings and closings, plus cross-examinations of Altria's witnesses, plus the punitive damages phase, in anything close to 30 hours.

Altria also takes the opportunity to complain about SFUSD's witness list, even though that is not the issue before the Court. Altria claims that the list is not "materially narrower," even though SFUSD has removed **twelve** witnesses from its prior witness list. The PSC has also been working diligently to reduce the run time for all depositions to be played at trial. For instance, Jessica Edmondson-Taylor has been cut from a run time of 45 minutes, 27 seconds to only 12 minutes, 36 seconds. (*See* Edmondson-Taylor revised designations, Exhibit B). There are many other examples where SFUSD has cut substantially the video testimony to be played.

Next, Altria takes aim at certain witnesses whose testimony will focus primarily on JLI—Tabitha Wakefield, who attended a JLI launch party; Scott Dunlap, JLI's former Chief Operating Officer; and John Chandler, an expert witness. It is ironic that Altria is attacking these witnesses as irrelevant when Altria plans to call **live** at trial three of the Individual Defendants, all of whom were founders and/or directors of JLI. Adam Bowen, James Monsees, and Nicholas Pritzker are on Altria's live witness list. SFUSD agrees that these are relevant witnesses; it is simply pointing out the inconsistency in Altria's argument. All of the challenged SFUSD witnesses will tell important aspects of the story as to how the JLI enterprise addicted millions of American youth to e-cigarettes, including SFUSD students.

For all of these reasons, SFUSD respectfully requests that this Court issue an Order granting each side 44 hours in the upcoming trial.

**Dated:** January 18, 2023

Respectfully submitted,

By: */s/ Thomas P. Cartmell*
Thomas P. Cartmell
**WAGSTAFF & CARTMELL LLP**
4740 Grand Ave., Suite 300
Kansas City, MO 64112
Telephone: (816) 701-1100
tcartmell@wcllp.com

By: */s/ Sarah R. London*
Sarah R. London
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000
slondon@lchb.com

By: */s/ Dena C. Sharp*
Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

By: */s/ Dean Kawamoto*
Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone: (206) 623-1900
dkawamoto@kellerrohrback.com

By: */s/ Ellen Relkin*
Ellen Relkin
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
erelkin@weitzlux.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Thomas P. Cartmell*
Thomas P. Cartmell