UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, | Case No. 19-md-02913-WHO<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED AGENDA** |
| This Document Relates to:<br><br>ALL ACTIONS | |

Pursuant to Civil Local Rule 16-10(d), counsel for Defendants Juul Labs, Inc. ("JLI"), Altria,[1] Director Defendants,[2] E-Liquid Defendants,[3] Retailer Defendants,[4] and Distributor Defendants[5] (collectively "Defendants"), and Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as the "Parties") respectfully provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for January 20,

---

[1] "Altria" refers to Altria Group, Inc., and the Altria-affiliated entities named in Plaintiffs' Consolidated Class Action Complaint and Consolidated Master Complaint (collectively, "Complaints"), see ECF Nos. 387, 388.

[2] "Director Defendants" refers to Messrs. James Monsees, Adam Bowen, Nicholas Pritzker, Hoyoung Huh, and Riaz Valani.

[3] "E-Liquid Defendants" refers to Mother Murphy's Labs, Inc., Alternative Ingredients, Inc., Tobacco Technology, Inc., and Eliquitech, Inc.

[4] "Retailer Defendants" refers to Chevron Corporation, Circle K Stores, Inc., Speedway LLC, 7-Eleven, Inc., Walmart, and Walgreen Co.

[5] "Distributor Defendants" refers to McLane Company, Inc., Eby-Brown Company, LLC, and Core-Mark Holding Company, Inc.

2023.

I. **PARTICIPANT INFORMATION**

The January 20, 2023 CMC will proceed by Zoom. Anyone who wishes to attend the conference virtually may log in using the information available at: https://www.cand.uscourts.gov/judges/orrick-william-h-who/.

II. **ISSUES TO BE DISCUSSED AND PROPOSED AGENDA**

    1.    **Status of Case Filings and Dismissals**

    2.    **Case Management Matters**

    3.    **ADR Status**

III. **STATUS OF CASE FILINGS AND DISMISSALS**

As of January 18, 2023, approximately 5,702[6] cases are pending in this MDL, naming 120 defendants. A list of these defendants is attached as **Exhibit A**. To date, 4,270 personal injury cases and 1,435 government entity cases (including 1,349 school districts, 43 counties, 8 cities, and 36 tribes) have been filed in this MDL. 822 MDL plaintiffs have voluntarily dismissed their cases (813 personal injury plaintiffs, 27 class plaintiffs, and 2 school districts); 76 cases have been dismissed without prejudice pursuant to CMO No. 8; and 19 other cases are subject to pending motions to dismiss without prejudice that have not yet been ruled upon. Furthermore, 233 case dismissals without prejudice have been converted to dismissals with prejudice pursuant to CMO No. 8.

There are 775 complaints pending in JCCP 5052, which is assigned to Judge David S. Cunningham of the Los Angeles Superior Court as the Coordination Trial Judge. There are 84 government entity cases, including 79 school districts, and 691 personal injury cases brought on behalf of over 5,072 individual personal injury plaintiffs. There are 26 defendants named in those JCCP cases.

The Parties are also aware of 11 pending cases filed by State Attorneys General specifically: California, Illinois, Hawai'i, New York, Pennsylvania, Minnesota, Washington D.C.,

---

[6] The numbers in this Statement reflect the Parties' good faith estimates based on reasonably available information. The Parties will continue to work together to align their data and resolve any inconsistencies.

New Mexico, Massachusetts, Colorado, and Alaska.[7] In addition, the State Attorney General of North Carolina filed a case against Director Defendants, which was dismissed with prejudice for lack of personal jurisdiction. Plaintiffs' Liaison Counsel continue their outreach to various State Attorneys General to discuss cooperation with this MDL.

An update on matters of significance (including hearings, schedules, deadlines, depositions, substantive orders, and trial dates) in Related Actions as defined by the Joint Coordination Order (CMO 9, ECF No. 572 at 1, 3), is attached as **Exhibit B**.

### IV.   CASE MANAGEMENT MATTERS

#### 1.   June Trial Setting.

Plaintiffs and Altria have met and conferred about the June trial setting and will present letter briefs to the court next week concerning their differing positions. Plaintiffs would also like to discuss trial length issues.

#### 2.   Status of Altria's Motion for Stay Pending Altria's Appeal from the Court's June 28, 2022 Class Certification Decision, ECF No. 3734.

Altria has withdrawn its motion for stay pending appeal from the class certification decision. *See* Stipulation and [Proposed] Order Regarding Altria's Motion to Stay Pending Appeal, ECF No. 3755.

#### 3.   Status of Altria's Motion to Compel Production of Settlement Agreements and Related Materials, ECF No. 3733.

Altria has withdrawn its motion to compel production of settlement agreements and related materials. *See* Altria Defendants' Notice of Withdrawal of Motion to Compel Production of Settlement Agreements and Related Materials, ECF No. 3751.

#### 4.   SFUSD Trial.

<u>Hearing on Trial Length</u>.[8] SFUSD and Altria have filed short briefs setting forth both sides' positions about the length and scope of the trial in April. *See* ECF Nos. 3758, 3759.

---

[7] Hawai'i and Pennsylvania are parties to a multistate settlement agreement with JLI.
[8] *See* ECF 3754 at 10, scheduling hearing for January 20, 2023.

| | |
|---|---|
| 1 | **V.**     **Hearing on Round 1 Priority Briefing Regarding the Special Master's Deposition Designation Rulings.**[9] |

**V.**     **Hearing on Round 1 Priority Briefing Regarding the Special Master's Deposition Designation Rulings.**[9]

The parties will be prepared to argue the Round 1 Priority Briefing currently on file.[10]

**VI.**     **ADR STATUS**

       **1.**     **Settlement Progress**

As announced at the December 6, 2022 Case Management Conference, Plaintiffs, JLI, the Director Defendants, the E-Liquid Defendants, the Retailer Defendants, and the Distributor Defendants have reached an agreement that will create settlement programs to resolve the personal injury, class, tribal, and government entity cases as to those entities and individuals. *See* ECF No. 3690. On December 14, 2022, JLI filed Notice Regarding Proposed Order Re Implementing Settlement, attaching proposed Case Management Order No. 16. ECF No. 3706. Case Management Order No. 16 was entered by the Court on December 16, 2022. ECF No. 3714. On December 19, 2022, Plaintiffs moved for preliminary approval of the class action settlement. ECF No. 3724.

The above-referenced settlement does not include Altria. Plaintiffs and the Altria Defendants will continue to confer with Settlement Master Thomas J. Perrelli and cooperate with his recommendations.

       **2.**     **Status of Altria's Response and Objections to Plaintiffs' Motion for Preliminary Approval and Proposed Class Notice Plan**

Since Altria filed its Response and Objections to Plaintiffs' Motion for Preliminary Approval (ECF No. 3741 ("Altria's Prelim. Approval Resp.")), Altria has continued to meet and confer with Plaintiffs regarding class notice and review additional short-form notice and Plaintiffs' amended long-form notice. Altria and Plaintiffs also have met and conferred on whether class proceedings in general should be stayed pending Altria's appeal. Based on these continued discussions and additional materials, Altria is respectfully withdrawing certain

---

[9] *Id.* at 12.

[10] Plaintiff's brief (ECF No. 3594) and Defendants' response (ECF No. 3618); Defendants' brief (ECF No. 3595) and Plaintiff's response (ECF No. 3617). Plaintiff no longer seeks a ruling on Section II(A) of Plaintiff's brief. Altria does not seek rulings on testimony by Mr. Goldman or Mr. Asseily (rulings 4 and 5 raised in Defendants' brief), as these witnesses are no longer on any party's witness list.

1  objections that it previously raised with respect to Plaintiffs' proposed class notice and notice
2  plan.
3        In particular, and as reflected in the Stipulation and [Proposed] Order Regarding Altria's
4  Motion to Stay Pending Appeal, ECF No. 3755, Altria is withdrawing its objections to Plaintiffs'
5  proposal to give class notice to the litigation class before the Ninth Circuit rules on Altria's
6  appeal and their related proposal to give notice of both the settlement and the litigation classes in
7  a single notice and notice plan.  These objections appear in Sections I and II of Altria's
8  Preliminary Approval Response.
9        In addition, based on revisions that Plaintiffs made to their proposed long-form notice,
10  reflected in Ex. 12 to Plaintiffs' Response to Altria's Preliminary Approval Response, ECF No.
11  3745-2, Altria is withdrawing its objections to the description of the litigation class, the
12  description of allegations concerning Altria included in the long-form notice, the impact of
13  Altria's appeal on the case, the notice's description of the potential impact of remaining in the
14  class on other claims for economic loss for the same purchases of JUUL, the notice's use of red
15  font to describe the class claims against Altria.  These objections were raised in Section III of the
16  Altria's Preliminary Approval Response in the paragraphs that raised the "*First*", "*Fourth*," and
17  "*Fifth*" arguments in those sections.  Altria Resp. Preliminary Approval at 5, 7.
18        Altria also withdraws its objection raised in Section IV that Plaintiffs had not provided
19  certain components of the notice plan, because Plaintiffs have since provided the short-form
20  notices that were not initially included.  Altria, however, respectfully objects that the substance of
21  those documents is similar to the other short-form notices and, like those short-form documents,
22  does not provide sufficient information about the litigation class for the reasons described in
23  Altria's Response to Preliminary Approval when addressing the short-form notices.  *See id*. at 7-
24  8.
25        Altria maintains and preserves the remaining objections raised in its Response to
26  Preliminary Approval, including its objections that the long-form and short-form notice fail to
27  adequately advise class members concerning the res judicata impact of remaining in the class, the
28  impact on personal injury claims, and its objections that the notice plan does not establish that it

sufficiently reaches litigation class members. Altria also objects that the language added to page 11 should clarify that individuals remaining in the class may be unable to recover for economic harm based on the same JUUL purchases even when based on anticompetitive conduct. Altria acknowledges that the Court previously overruled objections similar to several of these remaining objections when approving Plaintiffs' prior notice plan, *see* ECF No. 3413, but will be prepared to address those objections should the Court have questions. In addition, Altria respectfully preserves its objections to class certification and its right to seek certain settlement-related materials in the future.

### 3. Proposed Case Management Order No. 17

On January 5, 2023, JLI submitted Proposed Case Management Order No. 17. ECF No. 3737. Pursuant to the Court's Order of January 12, 2023, ECF No. 3750, two entities have filed objections and responses, ECF Nos. 3747, 3748, to certain aspects of the proposed order. On January 18, 2023, JLI filed a response to those objections, ECF No. 3760. The parties will be prepared to address the issues raised in the responses and objections to Proposed Case Management Order No. 17 at the Case Management Conference.

With regard to Altria's objection to CMO 17, without addressing all issues of contention between JLI and Altria, and without taking a position generally, to clarify issues and minimize areas of disagreement before the court, Plaintiffs state:

1) They agree with JLI that under no circumstance should the terms of the proposed order apply to the settling plaintiffs. It would be counterproductive and a colossal waste of time and cost for the thousands of settling personal injury plaintiffs, government entities and tribes to be required to embark on the discovery proposed in CMO 17 that was specifically directed to cases that opt out of the settlement, or are filed subsequently. Moreover, as a condition of the settlement, plaintiffs were required to complete fact sheets so discovery exists as to all of them already.

2) Plaintiffs are in accord with and do not oppose Altria's suggestion that "any additional disclosures or productions shall be served on Altria in addition to JLI." In other words, if the Court is granting CMO 17, in sum or substance, the imposed discovery obligations for non-

1    settling plaintiffs that must be served on JLI, can also be served on Altria.

2           3)    With regard to Altria's fourth point seeking additional discovery, Plaintiffs would
3    not object to require any newly filed Plaintiffs to disclose where they purchased JUUL products at
4    retail locations.  This information was addressed in substance in the completed PFS, so there is no
5    need for non-settling Plaintiffs to provide that to Altria, as they would have completed the PFS,
6    but it is not unreasonable for the newly filed Plaintiffs to provide that information.

| | | |
|---|---|---|
| 1 | Dated: January 18, 2022 | Respectfully submitted, |
| 2 | By: /s/ Renee D. Smith | By: /s/ Sarah R. London |
| 3 | David M. Bernick (*pro hac vice*) | Sarah R. London |
| | Renee D. Smith (*pro hac vice*) | **LIEFF CABRASER HEIMANN &** |
| 4 | **KIRKLAND & ELLIS LLP** | **BERNSTEIN** |
| | 300 N. LaSalle | 275 Battery Street, Fl. 29 |
| 5 | Chicago, IL 60654 | San Francisco, CA 94111 |
| | Telephone: (312) 862-2310 | Telephone: (415) 956-1000 |
| 6 | | |
| 7 | By: /s/ Peter A. Farrell | By: /s/ Dena C. Sharp |
| 8 | Peter A. Farrell (*pro hac vice*) | Dena C. Sharp |
| | **KIRKLAND & ELLIS LLP** | **GIRARD SHARP LLP** |
| 9 | 1301 Pennsylvania Ave, N.W. | 601 California St., Suite 1400 |
| | Washington, D.C. 20004 | San Francisco, CA 94108 |
| 10 | Telephone: (202) 389-5959 | Telephone: (415) 981-4800 |
| 11 | By: /s/ Gregory P. Stone | By: /s/ Dean Kawamoto |
| 12 | Gregory P Stone, SBN 78329 | Dean Kawamoto |
| | Bethany W. Kristovich, SBN 241891 | **KELLER ROHRBACK L.L.P.** |
| 13 | **MUNGER, TOLLES & OLSON LLP** | 1201 Third Ave., Ste. 3200 |
| | 350 South Grand Avenue | Seattle, WA 98101 |
| 14 | Fiftieth Floor | Telephone: (206) 623-1900 |
| | Los Angeles, California 90071-3426 | |
| 15 | Telephone:    (213) 683-9100 | By: /s/ Ellen Relkin |
| 16 | *Attorneys for Defendant Juul Labs, Inc.* | Ellen Relkin |
| | | **WEITZ & LUXENBERG** |
| 17 | By: /s/ Beth A. Wilkinson | 700 Broadway |
| | | New York, NY 10003 |
| 18 | Beth A. Wilkinson (pro hac vice) | Telephone: (212) 558-5500 |
| | Brian L. Stekloff (pro hac vice) | |
| 19 | **WILKINSON STEKLOFF LLP** | *Co-Lead Counsel for Plaintiffs* |
| | 2001 M Street NW, 10th Floor | |
| 20 | Washington, DC 20036 | |
| | Telephone: (202) 847-4000 | |
| 21 | bwilkinson@wilkinsonstekloff.com | |
| | bstekloff@wilkinsonstekloff.com | |
| 22 | *Attorneys for Defendants Altria Group, Inc.,* | |
| 23 | *Philip Morris USA Inc., Altria Client Services LLC, Altria Distribution Company, and Altria* | |
| | *Enterprises LLC* | |

| | | |
|---|---|---|
| 1 | By: */s/ John C. Massaro* | By: */s/ James Kramer* |
| 2 | John C. Massaro (admitted pro hac vice)<br>Daphne O'Connor (admitted pro hac vice) | **ORRICK HERRINGTON & SUTCLIFFE LLP** |
| 3 | Jason A. Ross (admitted pro hac vice)<br>David E. Kouba (admitted pro hac vice) | James Kramer |
| 4 | **ARNOLD & PORTER KAYE SCHOLER LLP** | The Orrick Building<br>405 Howard Street |
| 5 | 601 Massachusetts Ave, NW<br>Washington, DC 20001 | San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700 |
| 6 | Telephone:  202-942-5000<br>Facsimile:  202-942-5999 | jkramer@orrick.com |
| 7 | John.Massaro@arnoldporter.com<br>Daphne.OConnor@arnoldporter.com | and |
| 8 | Jason.Ross@arnoldporter.com<br>David.Kouba@arnoldporter.com | Lauren Seaton<br>Main St Ste 1100 |
| 9 | | Irvine, CA 92614 |
| 10 | *Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, and Altria Distribution Company* | Telephone: (949) 567-6700<br>lseaton@orrick.com |
| 11 | | *Attorneys for Defendant James Monsees* |
| 12 | By: */s/ Eugene Illovsky* | |
| 13 | **BOERSCH & ILLOVSKY LLP** | |
| 14 | Eugene Illovsky<br>Martha Boersch | |
| 15 | Matthew Dirkes<br>1611 Telegraph Ave., Suite 806 | |
| 16 | Oakland, CA 94612<br>Telephone: (415) 500-6643 | |
| 17 | eugene@boersch-illovsky.com<br>martha@boersch-illovsky.com | |
| 18 | matt@boersch-illovsky.com | |
| 19 | *Attorneys for Defendant Adam Bowen* | |
| 20 | By: */s/ Michael J. Guzman* | |
| 21 | **KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.** | |
| 22 | Mark C. Hansen<br>Michael J. Guzman | |
| 23 | David L. Schwartz<br>Sumner Square, 1615 M St., N.W., Suite 400 | |
| 24 | Washington, DC 20036<br>Telephone: (202) 326-7910 | |
| 25 | mguzman@kellogghansen.com | |
| 26 | *Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh* | |
| 27 | | |
| 28 | | |