UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Class Actions | CASE NO. 19-md-02913-WHO<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

On December 6, 2022, Class Plaintiffs[1] entered into a settlement agreement to resolve economic loss claims asserted against JUUL Labs, Inc. (JLI) and certain additional Released Parties involving the manufacture, labeling, marketing, and sale of JUUL—an electronic nicotine delivery system consisting of an electronic cigarette and a nicotine pack called a JUULpod. Class Plaintiffs moved the Court for preliminary approval of the proposed class action settlement, the terms and conditions of which are set forth in the Class Settlement Agreement filed with the Court on December 19, 2022, Dkt. 3722-3.

The proposed settlement does not include Altria Group, Inc. or related companies (included but not limited to those named as Defendants in this litigation) so no class or individual claims against those entities will be released, and the litigation against those Defendants will continue.[2]

The Court has read and considered the Motion for Preliminary Approval ("Motion") and all of the supporting documents, including the Class Settlement Agreement (as revised, *see* (ECF 3745-4) and attachments, the proposed Notice Plan, and the proposed Plan of Allocation (ECF 3724-3). The Court finds that there are sufficient grounds for the Court to direct notice of the Settlement to be disseminated to the proposed Settlement Class, and authorize the steps needed to determine whether the Class Settlement Agreement should be finally approved and the economic-loss claims set forth in the Released Claims against JLI and the Released Parties (which do not include claims asserted in *In re Juul Labs, Inc. Antitrust Litigation*, Case No. 3:20-cv-02345-WHO that arise from alleged anticompetitive conduct) dismissed.

Accordingly, it is **HEREBY ORDERED** that:

**I. Settlement Approval**

1. The proposed Class Settlement Agreement is preliminarily approved as likely to be finally approved under Federal Rule of Civil Procedure 23(e)(2) and as meriting notice to the Settlement Class for its consideration. This determination is not a final finding that the Settlement

---

[1] The capitalized terms used in this Order shall have the same meaning as defined in the Class Settlement Agreement and Plan of Allocation except as otherwise noted.

[2] In separate agreements, JLI has resolved the claims brought by other claimants in the MDL, including individuals who asserted claims for personal injury, school district and local government entities, and Native American tribal entities.

2
[PROPOSED] ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 19-md-02913-WHO

or Plan of Allocation are fair, reasonable, and adequate, but it is a determination that good cause exists to disseminate notice to Settlement Class Members in accordance with the Notice Plan and to hold a hearing on final approval of the proposed Settlement and Plan of Allocation.

    2. Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

        a. Class Plaintiffs and Class Counsel have adequately represented the Class.

        b. The Class Settlement Agreement was negotiated at arm's length with the assistance of Thomas J. Perrelli, a well-respected and experienced private mediator, appointed by this Court.

        c. The monetary relief provided to the Settlement Class is adequate given the risks, delay, and uncertainty of continued litigation and trial, the effectiveness of the proposed method of distributing relief to the class, the terms of the proposed award of attorney's fees, and any agreement required to be identified under Rule 23(e)(3).

        d. The Class Settlement Agreement and Plan of Allocation treat all Class Members equitably relative to each other.

        e. The scope of the Released Claims is consistent with the economic loss claims pled in the class action complaint, and specifically excludes from the Released Claims any personal injury claims and the claims asserted in *In re Juul Labs, Inc. Antitrust Litigation*, Case No. 3:20-cv-02345-WHO that arise from alleged anticompetitive conduct.

## II. <u>Class Certification</u>

    3. Based upon the Motion and other submissions of the Parties, the Court finds that the Settlement Class is likely to be certified for settlement purposes only. The Settlement Class is defined as: "All individuals who purchased, in the United States, a JUUL product from brick and mortar or online retailers before December 6, 2022." Excluded from the Settlement Class are: (a) the judges in this case, and any other judges that may preside (or have presided) over the Litigation, including the coordinated proceeding captioned *JUUL Labs Product Cases*, Judicial Counsel

Coordination Proceeding No. 5052, pending in the Superior Court of California, County of Los Angeles, Department 11, Settlement Master Thomas J. Perrelli, and their staff, and immediate family members; (b) JLI, any Released Party, and any other named defendant in the litigation; (c) employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies of JLI, any Released Party, and any other named defendant in the litigation; (d) Class Counsel and their employees; (e) all purchases for purposes of resale or distribution; and (f) all individuals who timely and properly exclude themselves from the Settlement Class.

4. The Court previously certified a litigation class for claims under the federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962) ("RICO") and under California law for violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750), the California False Advertising Law (Cal. Bus. & Prof. Code § 17500), common law fraud, the implied warranty of merchantability, and unjust enrichment. The Court finds, for the reasons stated in the Motion, that the Settlement Class largely overlaps with those previously certified by the Court and that, for settlement purposes only, there is a sound basis for expanding the scope of the previously certified classes to encompass all the Settlement Class Released Claims against JLI and the Released Parties. Although the Settlement Class includes JUUL products not included within the certified litigation classes, the common questions that drove the certification of the litigation classes would likewise be the focal points of certification with respect to the additional products, *i.e.* the reasonable consumer standard, the existence of a RICO enterprise, and whether the products were fit for their ordinary use.

5. The Court preliminarily finds that as follows, for purposes of Settlement only:

   a. Members of the Settlement Class are so numerous as to make joinder impracticable. JLI's direct sales data, which covers only a portion of the Settlement Class, contains over two million unique names, meaning that the proposed Settlement Class contains millions of members.

b. There are questions of law and fact common to the Settlement Class. The litigation will focus on Defendants' conduct, its capacity to deceive, its materiality, the existence of a RICO enterprise, the existence of a pattern of racketeering, the existence of a scheme to defraud, whether Defendants' conduct was unfair and/or unconscionable, whether JUUL products were fit for their ordinary use, and the appropriate measure of aggregate damages.

c. Common questions predominate over any questions affecting only individual Settlement Class Members for purposes of the Settlement because the Defendants' conduct will drive the litigation. That is particularly true in the settlement context. As the Ninth Circuit has held, "predominance is easier to satisfy in the settlement context." *Jabbari v. Farmer*, 965 F.3d 1001, 1006 (9th Cir. 2020); *see also Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 304 n. 29 (3d Cir. 2011) (en banc) (courts are "more inclined to find the predominance test met in the settlement context") (internal quotation marks and alteration omitted). That is because "[s]ettlement may 'obviate the need to litigate individual issues that would make a trial unmanageable,' making common questions more important in the relative analysis." *Jabbari*, 965 F.3d at 1005-06 (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019)). One issue that takes on significantly less importance in a settlement class is the particulars of the state law being applied. *See id.* at 1007 ("For purposes of a settlement class, differences in state law do not necessarily, or even often, make a class unmanageable."). Even in the litigation context, "[w]hen 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as . . . some affirmative defenses peculiar to some individual class members.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-54 (2016) (quoting 7AA C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1778, at 123–24 (3d ed. 2005)). Under California law, for example, class members would not need to show their individual reliance, and Class Plaintiffs' California law claims focus on whether Defendants' conduct would have misled and have been material to a reasonable consumer. *See Krommenhick v. Post Foods*, 334 F.R.D. 552, 564, 565, 575 (N.D. Cal. 2020) (discussing the objective nature of the key inquires under the UCL, CLRA, and FAL). Class Plaintiffs may, for example, be able to

demonstrate classwide injury and damages through a price premium theory. *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1104 (N.D. Cal. 2018) ("It is well-established that the 'price premium attributable to' an alleged misrepresentation on product labeling or packaging is a valid measure of damages in a mislabeling case under the FAL, CLRA, and UCL.").

        d.      Class Plaintiffs' claims and the defenses thereto are typical of the claims of the Settlement Class Members and the attendant defenses for purposes of the Settlement. Class Plaintiffs allege that Defendants misled JUUL purchasers, engaged in a fraudulent scheme to enhance JUUL sales, and engaged in unfair conduct to market JUUL products to minors. Those theories of liability and injury are the same for Class Plaintiffs and members of the Settlement Class. Class Plaintiffs' allegation that JUUL products are not fit for their ordinary use is based on the design of JUUL products and is thus the same for Class Plaintiffs and members of the Settlement Class.

        e.      Class Plaintiffs and their counsel have fairly and adequately protected the interests of the Settlement Class Members in this action with respect to the Settlement, and will continue to do so. Each Class Plaintiff has the same goal as members of the proposed Settlement Class (*i.e.*, holding Defendants accountable for their alleged deceptive and youth-focused marketing). Class Plaintiffs' interests are aligned with, and not in conflict with, those of Settlement Class members. The record reflects that each Class Plaintiff has dedicated substantial time and effort to this litigation by working with their counsel; reviewing pleadings; responding to discovery; searching for, collecting, and producing documents; and preparing to sit for depositions, among other things.

        f.      A class action is superior to all other available methods for fairly and efficiently resolving this action. While individuals with personal injury claims may be motivated to file individual personal injury suits, the same is not true with respect to claims for economic losses. No plaintiffs have expressed a desire to individually litigate their economic loss claims; in fact, plaintiffs sought to litigate their economic loss claims as class actions instead of through their separate personal injury complaints. Given the substantial overlap among all class members' claims, it is highly desirable to concentrate economic loss claims in a single proceeding.

6. The Court finds, for the reasons stated in the Motion, that Class Plaintiffs and Class Counsel should be conditionally appointed to represent the Settlement Class. The Court appoints Dena Sharp of Girard Sharp LLP as Settlement Class Counsel.

### III. Settlement Administration

7. The Court appoints and designates Epiq Systems, Inc. as the Settlement Administrator.

8. The Court approves the proposed Notice Plan, including the form, method, and content of the proposed notices (as revised), as well as the proposed claim forms. The claim form and the notices are written in plain language, are easy to comprehend, and comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23, and any other applicable law. The Court finds that, given the nationwide scope of the litigation and extensive notice being provided, notice via publication in a California newspaper under the CLRA is not required in this case.

9. Responsibility regarding Settlement Administration, including implementing the Notice Plan, processing of claim forms, making payments under the Plan of Allocation, and any other related tasks assigned to the Settlement Administrator under the Class Settlement Agreement or as this Court may order, shall be performed by the Settlement Administrator, subject to the oversight of Class Counsel and this Court as described in the Class Settlement Agreement. No distributions shall be made from the settlement fund, or any account holding the settlement fund, absent the express authorization of Class Counsel.

10. The settlement fund shall be maintained as part of the JLI National Settlement Trust, which the Court established as a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1. The settlement fund shall remain subject to the continuing jurisdiction of the Court.

11. The Court authorizes the payment of up to $3,000,000 from the Initial Class Settlement Administration Payment for notice and settlement administration costs and for trust administration costs prior to entry of Final Approval. The Settlement Administrator shall, on a weekly basis, provide Class Counsel with (1) billing records and (2) reports containing statistics

concerning the delivery of notice, the submission of claims, and class member outreach (*e.g.* the number of calls to the toll-free website). The records and reports shall provide information as of the week prior to the report. Class Counsel shall review the billing records and reports within three days of receipt. Before engaging in any work that would result in costs exceeding $10,000, regardless of whether such costs fall within the general scope of the previously-authorized work, the Settlement Administrator shall obtain the express written consent of Class Counsel. Class Counsel and the Settlement Administrator shall, based on the information provided by the Settlement Administrator concerning the effectiveness of initial notice efforts, confer regarding the need for and type of reminder notices.

12. Prior to any payments being made for notice and settlement administration costs and for trust administration costs, Class Counsel shall review the billing records and payments shall only be made as reimbursement for costs that were previously authorized and already incurred.

13. Pursuant to Rule 23(e)(2) and 28 U.S.C. § 1715(d), a Final Approval Hearing shall be held on the date set forth below, before the undersigned at the Phillip Burton Federal Building and U.S. Courthouse, Courtroom 2, 17th Floor, 450 Golden Gate Ave, San Francisco, CA 94102, for the purpose of finally determining whether (a) the Settlement Class should be certified for settlement purposes under Federal Rule of Civil Procedure 23(a) and (b)(3); (b) the Class Settlement Agreement and Plan of Allocation should receive final approval as fair, reasonable, adequate, and in the best interests of the Settlement Class in light of any objections presented by Settlement Class Members and the Parties' responses to any such objections; (c) the applications of Class Counsel for the payment of attorneys' fees and expenses and the payment of a service award to each class representative are reasonable and should be approved, and (d) the Court should enter final judgment and dismissing Settlement Class Members' claims, as provided in the Class Settlement Agreement. The Final Approval Hearing may be postponed, adjourned, or continued by further order of this Court.

14. The Settlement Administrator shall provide a declaration attesting to its compliance with the obligations set forth herein and the terms of the Notice Plan by the deadline set forth below.

15. Each Settlement Class Member who wishes to be excluded from the Settlement Class must submit to the Settlement Administrator a written statement requesting exclusion from the Settlement. Such requests for exclusion must be made by submitting the online form on the settlement website or by mailing a valid exclusion request by First Class U.S. Mail to the address specified in the Long-Form Notice. Such requests for exclusion must be postmarked by the deadline set forth below. To be effective, the request for exclusion must:

    a. Include the Class Member's full name and address;

    b. Explicitly and unambiguously state his or her desire to be excluded from the Settlement Class; and

    c. Be individually and personally signed by the Class Member (if the Class Member is represented by counsel, it must also be signed by such counsel).

16. Any Settlement Class Member who fails to submit a timely and valid written request for exclusion consistent with this Order shall be deemed to be a member of the Settlement Class (if finally approved) and as such shall be bound by all terms of the Class Settlement Agreement and orders of this Court pertaining to the Settlement Class.

17. Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Class Settlement Agreement or any Final Approval Order, and shall have no standing to object to the Settlement.

18. Any Class Member wishing to make a claim must submit a Claim Form to the Settlement Administrator, pursuant to the instructions provided in the notice distributed to the Settlement Class. Whether submitted electronically online or mailed, Claim Forms must be postmarked no later than the deadline set forth below.

19. Any Settlement Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Class Settlement Agreement. Any Class Member who intends to object to the Settlement or the Class Settlement Agreement (including any request for attorneys' fees, expenses, or service awards) must submit a written notice of objections to the Clerk of the Court and the Settlement Administrator. Objections are valid only if postmarked before the deadline set forth below. Objections must be individually and personally signed by the Settlement

Class Member (if the Settlement Class Member is represented by counsel, the objection additionally must be signed by such counsel), and must include:

    a. The case name and number (*IN RE JUUL LABS, INC.*, Case No. 19-MD-02913-WHO).

    b. The objecting Class Member's full name, address, and telephone number, and, if available, email address;

    c. An attestation that the objector is a member of the Settlement Class;

    d. A written statement of all grounds for the Objection, accompanied by any legal support for the Objection;

    e. Copies of any papers, briefs, or other documents upon which the Objection is based;

    f. The name, address, email address, and telephone number of every attorney representing the objector; and

    g. A statement indicating whether the objector and/or his or her counsel intends to appear at the Final Approval Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the Objection.

20. The Settlement Administrator shall provide in writing to Defense Counsel and Class Counsel the names of those Class Members who have objected to the Settlement or who have requested exclusion from the Settlement Class in a valid and timely manner, and Class Counsel shall file a list of the persons who requested to be excluded from the Settlement Class and any objections (with supporting documentation) to the Settlement by the deadline set forth below.

21. Class Plaintiffs shall file a motion for Final Approval of the Class Settlement Agreement, including in response to any timely and valid objection to the Class Settlement Agreement, and any motion for attorneys' fees, expenses, and service awards by the deadline set forth below. Such materials shall be served on any member of the Settlement Class (or their counsel, if represented by counsel) whose objection is addressed in the Final Approval briefing. Copies of the motions shall be made available on the settlement website.

22. Following the Final Approval Hearing, and based upon the entire record in this matter, the Court will decide whether the Class Settlement Agreement should be finally approved and, if so, whether any attorneys' fees and expenses should be awarded to Class Counsel, and whether service awards should be awarded to class representatives.

23. If the Court determines the Settlement is reasonable, fair, and adequate, the Court will issue a Final Order and Judgment.

24. Pending final determination of whether the Settlement should be approved, Class Plaintiffs and each Class Member, and any person purportedly acting on behalf of any Class Member(s), are hereby enjoined from pursuing, maintaining, enforcing, or proceeding, either directly or indirectly, any Settlement Class Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties, provided that this injunction shall not apply to the claims of Settlement Class Members who have timely and validly requested to be excluded from the Class. This injunction will remain in force until the Effective Date or until such time as the Parties notify the Court that the Settlement has been terminated. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's authority regarding the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

25. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Class Settlement Agreement becomes null and void or terminates pursuant to its terms, this Order and all orders entered in connection herewith shall be of no further force and effect, and shall not be relied upon any purposes whatsoever in this Litigation or in any other case or controversy, and the Class Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Class Settlement Agreement.

26. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Class Settlement Agreement.

27. The following deadlines shall apply and within three business days of this order Class Plaintiffs shall file a notice setting the specific calendar date for each of the deadlines set forth below:

| Event | Days After Entry of This Order |
|---|---|
| Payment of the Initial Class Settlement Administration Payment | 5 |
| Notice Period Commences (Email and Postcard) | 45 |
| Publication Notice Commences | 45 |
| Notice Period Concludes (Email and Postcard) | 95 |
| Publication Notice Fully Concludes | 105 |
| Notice Completion / Settlement Administrator Declaration Date | 105 |
| Motion for Final Approval Deadline | 144 |
| Fee and Expense Application Deadline | 144 |
| Claims Filing Postmark Deadline | 165 |
| Opt-Out Deadline | 165 |
| Objection Deadline | 165 |
| Opposition to Final Approval and Fee and Expense Application Deadline | 165 |
| Deadline for the Parties to file information concerning timely filed opt out requests and objections | 172 |
| Replies in support of Final Approval and Fee and Expense Application Deadline (including the filing of list of opt outs and objections) | 179 |
| Final Approval Hearing | August 9, 2023 at 2:00 p.m. |

Dated: January 30, 2023

Hon. William H. Orrick  
U.S. District Court Judge