| | |
|---|---|
| Lauren S. Wulfe (SBN 287592) | Paul W. Rodney (*pro hac vice*) |
| ARNOLD & PORTER KAYE SCHOLER LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| 777 South Figueroa Street, Forty-Fourth Floor | 1144 15th Street, Suite 3100 |
| Los Angeles, California 90017 | Denver, CO 80202 |
| Telephone: 213-243-4000 | Telephone: 303-863-1000 |
| Facsimile: 213-243-4199 | Facsimile: 303-832-0428 |
| Lauren.Wulfe@arnoldporter.com | Paul.Rodney@arnoldporter.com |

John C. Massaro (*pro hac vice*)
Daphne O'Connor (*pro hac vice*)
Jason A. Ross (*pro hac vice*)
David E. Kouba (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
John.Massaro@arnoldporter.com
Daphne.OConnor@arnoldporter.com
Jason.Ross@arnoldporter.com
David.Kouba@arnoldporter.com

Angela R. Vicari (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: 212-836-8000
Facsimile: 212-836-8689
Angela.Vicari@arnoldporter.com

Beth A. Wilkinson (*pro hac vice*)
Brian L. Stekloff (*pro hac vice*)
James M. Rosenthal (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Moira K. Penza (*pro hac vice*)
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, NY 10036
Telephone: 212-294-8910
mpenza@wilkinsonstekloff.com

Attorneys for Defendants Altria Group, Inc.,
Philip Morris USA Inc., Altria Client Services LLC,
Altria Group Distribution Company, and
Altria Enterprises LLC

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 19-MD-02913-WHO |
| | **ALTRIA'S NOTICE OF MOTION AND MOTIONS *IN LIMINE*** |
| This Document Relates to: | Hon. William H. Orrick |
| *San Francisco Unified School District v. JUUL Labs, Inc., et al.* | Date: March 10, 2023 |
| | Time: 9:30 a.m. |
| | **PROVISIONALLY FILED UNDER SEAL** |

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that, on March 10, 2023, in Courtroom 2 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Defendants Altria Group, Inc., Altria Client Services LLC, Altria Group Distribution Company, and Philip Morris USA Inc. (collectively, "Altria") will and hereby do move the Court to enter an order *in limine* limiting evidence or argument regarding the topics specified in the following motions and their accompanying Table of Contents.

This Motion is based on this Notice of Motion and the following Motions *in Limine*.

Dated: February 10, 2023

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *John C. Massaro*

John C. Massaro (*admitted pro hac vice*)
Daphne O'Connor (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
Paul W. Rodney (*admitted pro hac vice*)
Angela R. Vicari (*admitted pro hac vice*)
Lauren S. Wulfe (SBN 287592)

WILKINSON STEKLOFF LLP
Beth A. Wilkinson (*pro hac vice*)
Brian L. Stekloff (*pro hac vice*)
James M. Rosenthal (*pro hac vice*)
Moira K. Penza (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)

Attorneys for Defendants ALTRIA GROUP, INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, and PHILIP MORRIS USA INC.

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

MOTIONS IN LIMINE .............................................................................................................. 1

I.     MOTION IN LIMINE NO. 1:  TESTIMONY OF MADELINE CHO AND KAYA LEHR-LOVE ........................................................................................................... 1

II.    MOTION IN LIMINE NO. 2:  REFERENCES TO THE SETTLEMENT BETWEEN SFUSD AND JLI ........................................................................................................ 3

III.   MOTION IN LIMINE NO. 3: EVIDENCE ABOUT WHICH ALTRIA HAS NO KNOWLEDGE ........................................................................................................... 5

IV.   MOTION IN LIMINE NO. 4:  INTERNAL JLI DOCUMENTS PRE-DATING ALTRIA'S INVOLVEMENT WITH JLI ...................................................................... 9

V.    ALTRIA'S PENDING MOTIONS IN LIMINE ...................................................... 10

CERTIFICATE OF SERVICE ................................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Active Sports Lifestyle USA LLC v. Old Navy, LLC*,
  2013 WL 11239385 (C.D. Cal. Nov. 21, 2013) .................................................................. 12

*Amini Innovation Corp. v. Anthony California Inc.*,
  2006 WL 6855371 (C.D. Cal. Sept. 21, 2006) ..................................................................... 3

*City of Long Beach v. Standard Oil Co.*,
  46 F.3d 929 (9th Cir. 1995) .................................................................................................. 7

*Contreras Fam. Tr. v. United States ex rel. Dept' of Agric. Farm Serv. Agency*,
  205 F. App'x 580 (9th Cir. 2006) ........................................................................................ 3

*Cooper v. Brown*,
  510 F.3d 870 (9th Cir. 2007) ................................................................................................ 6

*Digital Reg of Tex., LLC v. Adobe Sys., Inc.*,
  2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) ..................................................................... 9

*E.E.O.C. v. Evans Fruit Co.*,
  2013 WL 4498747 (E.D. Wash. Aug. 21, 2013) .................................................................. 3

*Flintkote Co. v. Lysfjord*,
  246 F.2d 368 (9th Cir. 1957) ................................................................................................ 8

*Grace v. Apple*, *Inc.*,
  2020 WL 227404 (N.D. Cal. Jan. 15, 2020) .................................................................... 4, 5

*Johnson v. City of Atwater*,
  2019 WL 283707 (E.D. Cal. Jan. 22, 2019) ......................................................................... 9

*In re JUUL Labs, Inc. Mktg. Sales Prac., & Prods. Liab. Litig.*,
  533 F. Supp. 3d 858 (N.D. Cal. 2021) ................................................................................. 7

*Mathew Enterprise, Inc. v. Chrysler Grp. LLC.*,
  2016 WL 11432038 (N.D. Cal. Sept. 21, 2016) ......................................................... 5, 7, 12

*Phillips v. United States*,
  356 F.2d 297 (9th Cir. 1965) ................................................................................................ 6

*RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.*,
  2021 WL 4258747 (W.D. Mo. Sept. 17, 2021) .................................................................... 4

*Speer v. County of San Bernardino*,
  2021 WL 5969521 (C.D. Cal. Aug. 9, 2021) .................................................................. 7, 9

*Tennison v. Circus Circus Enterprises, Inc.*,
    244 F.3d 684 (9th Cir. 2001) .................................................................................................. 13

*In re Tesla, Inc. Sec. Litig.*,
    2022 WL 17582008 (N.D. Cal. Dec. 7, 2022) ........................................................................... 4

*United States v. Baker*,
    116 F.3d 1486 (9th Cir. 1997) ............................................................................................ 7, 10

*United States v. Balwani*,
    2022 WL 597040 (N.D. Cal. Feb. 28, 2022) ............................................................................. 6

*United States v. Best*,
    2022 WL 4008087 (D. Conn. Sept. 2, 2022) ...................................................................... 8, 10

*United States v. Espinoza-Baza*,
    647 F.3d 1182 (9th Cir. 2011) .................................................................................................. 6

*United States v. Eubanks*,
    591 F.2d 513 (9th Cir. 1979) .............................................................................................. 8, 10

*United States v. Fielding*,
    645 F.2d 719 (9th Cir. 1981) .............................................................................................. 8, 10

*United States v. Frantz*,
    2004 WL 5642909 (C.D. Cal. Apr. 23, 2004) ........................................................................... 6

*United States v. Morrow*,
    39 F.3d 1228 (1st Cir. 1994) .............................................................................................. 8, 10

*Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
    2019 WL 2211897 (S.D. Cal. May 22, 2019) ....................................................................... 4, 9

**Rules**

Fed. R. Evid. 402 ............................................................................................................................ 5, 9

Fed. R. Evid. 403 ..................................................................................................................... 4, 5, 6, 9

Fed. R. Evid. 801 ............................................................................................................................ 5, 7, 9

Fed. R. Evid. 801(d)(2)(e) ..................................................................................................................... 7

**INTRODUCTION**

In addition to the evidence identified in the previously filed Defendants' Motions *in Limine*, ECF 3556 (incorporated by reference), Altria[1] hereby moves *in limine* to exclude four additional categories of evidence. This evidence would be irrelevant, unduly prejudicial, and potentially confusing now that Juul Labs Inc. ("JLI") and the individual defendants have been released, and much of this evidence is inadmissible hearsay for the same reason. Moreover, as set forth in section V, several categories of evidence addressed by the pending motions *in limine* are even more inadmissible now that this case only includes Altria.

**MOTIONS IN LIMINE**

**I.    MOTION IN LIMINE NO. 1:   TESTIMONY OF MADELINE CHO AND KAYA LEHR-LOVE**

The Court should preclude Plaintiff from offering the testimony of Madeline Cho and Kaya Lehr-Love, former SFUSD students who were disclosed more than a year after the close of fact discovery, because the basis under which the Court allowed their testimony no longer applies now that JLI is out of the case. When the Court heard this issue last fall, it initially ruled that it was not going to allow the testimony of Cho and Lehr-Love because their disclosure came "too late." Oct. 7, 2022 Hr'g Tr. at 6. As the Court recognized, the untimely disclosure of these two individuals well after the close of discovery and shortly before trial was improper, avoidable, and prejudicial. *See* Oct. 7, 2022 Hr'g Tr. at 81-82.

Plaintiff's prior justifications for this untimely disclosure continue to ring hollow. Plaintiff previously argued that it had only "recently located, spoke with, and secured the agreement of Lehr-Love and Cho to testify at trial." Pl. Letter Brief at 5 (ECF 3507). But Plaintiff made no effort to contact these former students until June and August of 2022, and did so initially to determine if they had relevant information to assist Plaintiff's opposition to summary judgment. *See* Pl. Letter Brief at 2 (ECF 3507); *see also* Sept. 16, 2022 Hr'g Tr. at 21. Before that time, Plaintiff did not designate any other students as witnesses or even include a placeholder in its disclosures showing it intended to

---

[1] "Altria" refers to Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services Inc., and Altria Group Distribution Company.

use student testimony. *See* Pl. Letter Brief at 5 (ECF 3507). Plaintiff also argued that "the issue about discovery as to students and which students to interview and how to go about finding students was a sensitive one." Oct. 7, 2022 Hr'g Tr. at 88; *see also* Pl. Letter Brief at 1 (ECF 3507) ("Due to student privacy concerns, particularly as it relates to minors, Plaintiff's counsel avoided contacting any then-current SFUSD students."). Plaintiff, however, contacted Lehr-Love via social media and Cho through a LinkedIn message. Pl. Letter Brief at 2 (ECF 3507). There is no reason Plaintiff could not have done so during fact discovery, especially since these individuals made public statements about JUUL or frequently reached out to SFUSD administrators, *id*. at 1-2, and both had graduated from high school.

The Court was unpersuaded by these arguments. It recognized that Plaintiff had not been diligent when seeking these witnesses' testimony, and found that this lack of diligence should foreclose Plaintiff from relying on these two witnesses at trial: "if you're working diligently and you're just scouring the schools and you can't find those people, put a place holder . . . *putting people on to a witness list right before trial on a -- in a case like this, I think it doesn't work*." Oct. 7, 2022 Hr'g Tr. at 82 (emphasis added); *see also id.* ("I can't imagine a trial lawyer for a school district who didn't think it would be a good idea to have a student or somebody or two or more explain what was going on in the school.").

The Court changed its mind only after Plaintiff argued that JLI had belatedly disclosed a company witness, Erik Auguston, prior to the B.B. trial. *See* Oct. 7, 2022 Hr'g Tr. at 80 (Plaintiff's counsel arguing that "I don't mean to create a 'what about a,' but this is kind of an equitable estoppel argument or waiver argument or something because, clearly, if the standard of this proceeding is that anyone whose name appeared somewhere in discovery, because, surely, Dr. Auguston appeared on some document we had read sometime in the litigation, they could appear on the witness list and then we would depose them."). Relying solely upon JLI's untimely disclosure of Dr. Auguston, the Court concluded that it would allow Plaintiff to offer Cho and Lehr-Love solely as a matter of "equity." *See* Oct. 7, 2022 Hr'g Tr. at 6, 78-83 (noting that Plaintiff's "equitable argument" regarding JLI's disclosure of Auguston was the only justification "that actually resonates with [the Court]."); Civil Minutes (Oct. 7, 2022) (ECF No. 3579).

This basis for allowing Cho and Lehr-Love despite their untimely disclosure does not apply to Altria.  Unlike JLI, Altria is not alleged to have belatedly disclosed a company witness, and it is not calling Dr. Auguston.  Altria should not have to bear alone the consequences of JLI's untimely disclosure, and any "equity" that informed the Court's prior decision should no longer excuse the Plaintiff's disclosure of two witnesses long after the close of discovery without any justification.  Accordingly, the Court should exclude the testimony of Cho and Lehr-Love in its entirety.

Alternatively, and at a minimum, the Court should limit these witnesses' testimony to their personal knowledge of JUUL use at SFUSD schools.  At their depositions, Cho and Lehr-Love repeatedly testified about what someone else told them.[2]  Such testimony is classic hearsay, and in some instances double hearsay, and should be excluded under Rules 801 and 803.  *See, e.g.*, *Contreras Fam. Tr. v. United States ex rel. Dept' of Agric. Farm Serv. Agency*, 205 F. App'x 580, 582 (9th Cir. 2006) ("The trustee's statements repeating things he had been told are hearsay and hence inadmissible."); *E.E.O.C. v. Evans Fruit Co.*, 2013 WL 4498747, at *3 (E.D. Wash. Aug. 21, 2013) ("[T]estimony from the claimants about what . . . someone else told them is objectionable as hearsay because it repeats the out-of-court statement . . . ."); *Amini Innovation Corp. v. Anthony California Inc.*, 2006 WL 6855371, at *11 (C.D. Cal. Sept. 21, 2006) (excluding testimony about what a witness was purportedly told, but admitting "first-hand observations").

## II.  MOTION IN LIMINE NO. 2:  REFERENCES TO THE SETTLEMENT BETWEEN SFUSD AND JLI

---

[2] *See, e.g.*, Cho Dep. (Oct. 21, 2022) at 113:21-114:7 (█████████████), 117:15-19 (█████████████████████████████), 118:13-18 (same), 125:17-24 (███████████████████████), 152:21-153:14 (█████████████████████████████), 155:17-22 (████████████████████████████████) (Ex. A); Lehr-Love Dep. (Oct. 23, 2022) at 56:3-13 (█████████████████████████████), 165:1-167:3 (██████████████████████████████████), 175:18-22 (█████████████████████████), 225:8-12 (████████████████████████) (Ex. B). ████████████████████████████████████████████████████████.  *See* Cho Dep. at 41:18-42:4.

The Court should preclude Plaintiff from telling the jury about any settlement between JLI and Plaintiff and the release of JLI and the individual defendants ("the Settlements") unless and until Plaintiff demonstrates that this information is essential to an issue before the jury. Plaintiff can offer no reason for doing so now. Altria was not a party to or released by the Settlements, and the mere fact that Plaintiff settled with JLI and released JLI and the individual defendants (together, the "Released Defendants") is not probative of the elements of Plaintiff's remaining claims against Altria.

Allowing Plaintiff to inform the jury about the Settlements under these circumstances would risk undue prejudice Altria. *See* Fed. R. Evid. 403; *Grace v. Apple*, *Inc.*, 2020 WL 227404, at *2 (N.D. Cal. Jan. 15, 2020) (excluding evidence that was primarily background in nature because its minimal probative value was "'substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time'"). Indeed, if Plaintiff is allowed to tell the jury that JLI or the individual defendants settled, it would suggest that JLI and the individual defendants engaged in wrongdoing. And, because Plaintiff claims that Altria conspired with the individual defendants and conducted JLI as a RICO enterprise, that suggestion would implicate Altria as well. This "would likely put doubt in the minds of the jury as to the merits of the current case" and "have a significant improper influence on the jury's determination of the issues in this case." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2019 WL 2211897, at *4 (S.D. Cal. May 22, 2019) (internal quotations omitted). Accordingly, the Court should foreclose Plaintiff from telling the jury that the other defendants settled without some compelling reason that does not exist yet. *See, e.g.*, *In re Tesla, Inc. Sec. Litig.*, 2022 WL 17582008, at *18 (N.D. Cal. Dec. 7, 2022) (evidence of settlement "outweighed by the risk of undue prejudice because a jury could be tempted to find liability."); *RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.*, 2021 WL 4258747, at *3 (W.D. Mo. Sept. 17, 2021) (excluding evidence of settlement in case involving conspiracy allegations where admitting such evidence "risks the jury mistakenly inferring that settlements are a concession of liability").

Moreover, if Plaintiff is allowed to tell the jury that Plaintiff and JLI settled and the individual defendants were released, Altria would need to explain the circumstances surrounding the settlement

and the claims and allegations against JLI and the individual defendants.[3]  This is further reason for the Court to limit Plaintiff's ability to reference the Settlements at trial.  *See Grace*, 2020 WL 227404, at *3  (excluding evidence of prior litigations to avoid "time-consuming tangents" and a "side trial," among other Rule 403 considerations); *Mathew Enterprise, Inc. v. Chrysler Grp. LLC.*, 2016 WL 11432038, at *7 (N.D. Cal. Sept. 21, 2016) (excluding evidence where that would result in "mini trials" and that would provide "little probative value and would be a waste of time").

There could come a point during trial when the jury should know about the Settlements.  For example, parties to the Settlements and their employees and officers, and individuals released by the Settlements, might testify during trial, such that the Settlements bear upon their credibility.  That point has not come yet.  Plaintiff can offer no reason to tell the jury that it settled claims with JLI and released the other Defendants, and the Court should foreclose Plaintiff from doing so unless and until Plaintiff gives notice of its intent to do so and demonstrates that this information informs an issue before the jury.

### III. MOTION IN LIMINE NO. 3: EVIDENCE ABOUT WHICH ALTRIA HAS NO KNOWLEDGE

The Court should exclude evidence concerning documents belonging to and communications among the Released Defendants that Altria did not create, receive, or know about before this litigation.  These documents and communications are irrelevant to the claims against Altria, would be unduly prejudicial and confusing, and constitute inadmissible hearsay to which no exception applies.  *See* Fed. R. Evid. 402, 403, 801.[4]

---

[3] Altria reserves the right to offer evidence concerning the Settlement to the extent the Court denies this Motion.

[4] At the January 20, 2023 case management conference, the Court recognized that "whether notice to JLI that Altria may be unaware of is notice to Altria" presents "a fair issue to raise in motions *in limine*." Jan. 20, 2023 Hr'g Tr. at 30.  The Court later rejected an argument concerning a portion of William Gifford's testimony where Mr. Gifford read from a document received by an Altria employee that Mr. Gifford had not seen prior to his deposition.  *See id.* at 35.  Altria preserves its objections to that testimony being read at trial but notes that the issue concerning that testimony is different from the issue presented in this motion, which seeks to exclude documents and communications that were not received by *anyone* at Altria.

*First*, evidence concerning documents and communications that Altria never saw and did not know about are irrelevant. "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). Documents and communications with no connection to Altria would not help the jury decide a fact in issue. These documents do not establish that Altria was aware of any information or show that Altria acted with any particular intent. Nor would Plaintiff's allegations that Altria conspired with the individual defendants make them relevant. The Ninth Circuit has rejected the argument that "receipt of [] documents by [one co-conspirator] constitute[s] notice to each of the [co-conspirators]." *Phillips v. United States*, 356 F.2d 297, 303 (9th Cir. 1965). As the court explained, "personal knowledge" that the "venture was operating deceitfully" is required to establish "intent to defraud," and therefore "'constructive' notice or knowledge of a circumstance, based upon the actual knowledge of a co-conspirator, agent of employee, has no tendency, circumstantially or otherwise, to prove criminal intent." *Id.*; *see also*, *e.g.*, *United States v. Frantz*, 2004 WL 5642909, at *5 (C.D. Cal. Apr. 23, 2004) (refusing to impute knowledge of purportedly false statement by one co-conspirator to another); *United States v. Balwani*, 2022 WL 597040, at *14 (N.D. Cal. Feb. 28, 2022) (noting that in *Phillips* "the Ninth Circuit rejected a 'constructive notice' theory imputing a co-conspirator's actual notice of prospective or actual customer complaints against another co-conspirator"). Accordingly, documents and communications that Altria never saw, received, or knew about are entirely irrelevant to claims against Altria.

*Second*, Altria would suffer severe prejudice if forced to defend itself against documents that it did not author, did not receive, and did not know about until this litigation. Allowing Plaintiff to offer these documents as evidence would incorrectly suggest to the jury that Altria was aware of them and took actions based off their contents. The undue prejudice and confusion that would result further warrants excluding such documents and communications. *See* Fed. R. Evid. 403; *United States v. Espinoza-Baza*, 647 F.3d 1182, 1189 (9th Cir. 2011) ("[A] district court has discretion to exclude even relevant evidence if its probative value is substantially out-weighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste

of time, or needless presentation of cumulative evidence.") (internal quotation marks omitted); *Speer v. County of San Bernardino*, 2021 WL 5969521, at *5 (C.D. Cal. Aug. 9, 2021) (similar).

*Third*, allowing Plaintiff to offer documents that Altria did not create or know about would waste time. Altria would need to put any such document in context by offering evidence concerning the document's origins, its history, why it was produced and by whom, and to demonstrate that Altria did not have knowledge of the document. The amount of time that would be needlessly spent do so further warrants excluding such documents. *See, e.g.*, *Mathew Enter., Inc.*, 2016 WL 11432038, at *7 (excluding evidence where that would result in "mini trials" and that would provide "little probative value and would be a waste of time").

*Finally*, even if Plaintiff could avoid these problems, documents created by and communications among non-parties, including JLI and the other Released Parties, are classic hearsay to which no exception applies. These documents are not Altria documents or statements by Altria—they were not authored by Altria or adopted by Altria, and thus are not an Altria-party opponent statement. *See United States v. Baker*, 116 F.3d 1486, 1486 (9th Cir. 1997) (quoting FRE 801) ("Under FRE 801(d)(2)(A), a statement is not hearsay if it is 'offered against a party and is . . . the party's own statement.'"). Nor would these documents or communications be admissible as co-conspirator statements under Rule 801(d)(2)(e).

As a threshold matter, the co-conspirator exception would not apply to documents prepared by or communications sent to the Released Defendants. Nor would the exception apply to statements made by JLI. FRE 801(d)(2)(E) is limited to statements that were "made *by the party's coconspirator*." FRE 801 (emphasis added); *see also City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 937 (9th Cir. 1995) (not an error to exclude statements as hearsay that were made by individuals who were not co-conspirators). Plaintiff does not allege that JLI conspired with Altria. *See, e.g.*, Am. Compl. ¶¶ 764, 884-892 (excluding JLI from definition of "RICO Defendants"); *see also In re JUUL Labs, Inc. Mktg. Sales Prac., & Prods. Liab. Litig.*, 533 F. Supp. 3d 858, 869, 871 (N.D. Cal. 2021) (noting that "JLI cannot be liable" under Plaintiff's RICO theory). Instead, Plaintiff made a strategic decision when alleging that there was a conspiracy in this case not to include JLI as

a coconspirator. Plaintiff should not be permitted to reverse course just to avoid the bar on hearsay evidence.

Moreover, "[t]o qualify for the hearsay exception of Rule 801(d)(2)(E), a foundation must be laid to show that: (1) the declaration was in furtherance of the conspiracy, (2) it was made during the pendency of the conspiracy, and (3) there is independent proof of the existence of the conspiracy and of the connection of the declarant and the defendant to it." *United States v. Eubanks*, 591 F.2d 513, 519 (9th Cir. 1979) (internal quotation marks omitted). In addition, "it cannot be seriously urged that naming a corporate defendant a co-conspirator makes every employee of said corporation a co-conspirator, subject to the rules of evidence which relate to a conspiracy." *Flintkote Co. v. Lysfjord*, 246 F.2d 368, 384 n.19 (9th Cir. 1957). Even if the Court finds the existence of an alleged conspiracy sufficient to invoke this exception,[5] many of the statements by the Released Parties would not have been made "in furtherance" of a conspiracy that included Altria and therefore would not be admissible as a co-conspirator's statement. *United States v. Fielding*, 645 F.2d 719, 726 (9th Cir. 1981).

"Where there are multiple conspiracies, co-conspirator statements are only admissible against defendants who are proven, by a preponderance of the evidence, to have joined the specific conspiracy that the co-conspirator statement allegedly furthered." *United States v. Best*, 2022 WL 4008087, at *15 (D. Conn. Sept. 2, 2022); *see also, e.g.*, *United States v. Morrow*, 39 F.3d 1228, 1235 (1st Cir. 1994) (statements related to one insurance fraud conspiracy that did not include defendant could not be used as evidence against defendant in second insurance fraud conspiracy). Plaintiff does not allege that Altria ever took part in the fraudulent marketing or youth access schemes that the individual defendants allegedly conducted. *See, e.g.*, Order on Second Round of Motions to Dismiss at 8-9 (ECF 1694). Accordingly, documents or communications related to these purported schemes did not further a conspiracy that included Altria and should not be admissible under Rule 801(d)(2)(e). This is especially so given that Altria is not alleged to have joined any conspiracy until 2017 and that purported conspiracy would have been different from the conspiracy existing before that time.

---

[5] Altria disputes that Plaintiff's evidence is sufficient to show that Altria joined a conspiracy with the individual defendants. *See* Altria's Mot. for Summary Judgment at 35-37 (ECF 3405).

## IV. MOTION IN LIMINE NO. 4: INTERNAL JLI DOCUMENTS PRE-DATING ALTRIA'S INVOLVEMENT WITH JLI

Putting aside whether Altria had knowledge of a document, the Court should preclude Plaintiff from introducing JLI's internal company documents, the individual defendants' internal documents, and communications among the Released Defendants that pre-date Altria's involvement with JLI. Plaintiff alleges that Altria's involvement with JLI began around "Summer 2017." Pl. Brief on the Length of the SFUSD Trial, at 1 (ECF 3758). Internal documents belonging to JLI or other Released Defendants or communications involving JLI and the Released Defendants created before that time are therefore irrelevant, prejudicial, and cannot be offered as a statement by Altria. *See* Fed. R. Evid. 402, 403, 801.

This evidence is irrelevant because it bears at most upon collateral issues that did not involve Altria. *See, e.g.*, *Digital Reg of Tex., LLC v. Adobe Sys., Inc.*, 2014 WL 4090550, at *12 (N.D. Cal. Aug. 19, 2014) (excluding irrelevant evidence of collateral controversy); *Johnson v. City of Atwater*, 2019 WL 283707, at *4 n.3 (E.D. Cal. Jan. 22, 2019) (excluding evidence of collateral matter). Moreover, this evidence would confuse the issues and be highly prejudicial, since it might lead the jury to impose liability against Altria based on conduct that had anything to do with Altria and precedes any involvement by Altria altogether. *See Whitewater W. Indus., Ltd.*, 2019 WL 2211897, at *4; *see also Speer*, 2021 WL 5969521, at *5 (excluding evidence relating to other plaintiffs' claims, where those claims were "unrelated to the events at issue . . . and unduly prejudicial"). The prejudice to Altria would be especially acute to the extent that Plaintiff is permitted to offer internal documents and communications concerning conduct that ended before Altria's involvement began, such as JLI's early marketing, launch parties, the "Vaporized" advertising campaign, and sampling events. Take, for example, the 2015 Vaporized campaign. This campaign ended long before Altria had any involvement with JLI. Yet Plaintiff includes on its exhibit list not only certain advertisements themselves, but also internal communications at JLI from 2015 about the Vaporized campaign. *See, e.g*, Pl. Exs. No. 001, 084, and 297 (collectively, Ex. C); Am. Compl ¶¶ 318-334. The same is true for JLI's influencer program, with which Altria had no involvement. *See, e.g.*, Pl. Exs. No. 99 and 333 (collectively, Ex. D).

Evidence pre-dating Altria's involvement is also hearsay to which no exception applies. *See Baker*, 116 F.3d at 1486. Such documents were not authored by Altria and therefore are not admissible under the party-opponent exception. *See* supra, at pg. 7. Plaintiff also cannot demonstrate, as it must to rely on FRE 801(d)(2)(e)'s hearsay exception, that the statement was made both "in furtherance of the conspiracy" or "during the pendency of the conspiracy." *Eubanks*, 591 F.2d at 519; *see also United States v. Fielding*, 645 F. 2d 719, 726 (9th Cir. 1981) (explaining the "in furtherance requirement" remains a viable limitation). Again, Plaintiff does not even allege that there was a conspiracy involving Altria until 2017. Nor does Plaintiff allege that Altria took part in the fraudulent marketing or youth access schemes even after its involvement began. *See* supra, at pgs. 8-9. Subsequent involvement in one scheme does not make statements about a different scheme admissible. *See, e.g.*, *Morrow*, 39 F.3d at 1235 (holding statements that related to conspiracy to commit insurance fraud concerning a 1975 Corvette, which did not include defendant, could not be used as evidence against defendant even though he was part of second insurance fraud conspiracy related to a different vehicle); *Best*, 2022 WL 4008087, at *15 ("Where there are multiple conspiracies, co-conspirator statements are only admissible against defendants who are proven, by a preponderance of the evidence, to have joined the specific conspiracy that the co-conspirator statement allegedly furthered.").

## V. ALTRIA'S PENDING MOTIONS IN LIMINE

Altria seeks to exclude each category of evidence and argument identified in the pending motions *in limine* on file by Defendants. *See* Defs. Motions *in Limine* (ECF No. 3556) ("Defs. MIL"). The same arguments warranting exclusion at a trial that included JLI and the individual defendants continue to apply now. For several categories, however, the reasons to exclude the evidence are even stronger in a trial that only includes Altria, since any possible relevance no longer exists, the prejudice and confusion the evidence would create is significantly higher, and, in many instances, the evidence challenged by these motions would include statements that are now inadmissible hearsay. This includes the following pending motions.

**Defs. Motion in Limine No. 3 – Marketing Not Distributed in San Francisco.** Defendants' Motion *in Limine* No. 3 seeks to exclude marketing materials that were never distributed in San

Francisco and thus could not have impacted Plaintiff in any way. These marketing materials are all the more irrelevant, prejudicial and confusing now that Altria is the only Defendant. Altria is not alleged to have had any involvement in these activities, which took place before Altria's alleged involvement even began.

**Defs. Motion in Limine No. 5 – Media Coverage Saying JLI Caused San Francisco's 2019 Ban on Vapor Products and JLI's Lobbying on "Proposition C".** Defendants' Motion *in Limine* No. 5 seeks to exclude certain evidence related to media coverage concerning San Francisco's ban on vapor products in 2019 and lobbying activity by JLI related to San Francisco's subsequent "Proposition C." Again, this evidence would be inadmissible even if JLI were still a party for the many reasons set forth in the pending motion *in limine*. Defs. MIL at 10-12. But this evidence is especially inadmissible at a trial that only includes Altria, since it has nothing to do with Altria at all. There is no evidence that Altria lobbied on JLI's behalf in San Francisco, and the media coverage speaks to JLI and not Altria.

**Defs. Motion in Limine No. 6 – Experimental Flavors Not Sold in San Francisco.** Defendants' Motion *in Limine* No. 6 seeks to exclude evidence regarding limited-release flavors that JLI sold in extremely limited quantities before the August 2016 Deeming Rule went into effect under FRE 104, 402, and 403. Defs. MIL at 12. Now that JLI is no longer a defendant in the case, this evidence is even more irrelevant, prejudicial, and risks confusing the jury. Altria was not involved in any way with JLI at the time these limited-release flavors were developed or sold. Thus, evidence of limited-release flavors should be excluded in a trial against Altria.

**Defs. Motion in Limine No. 9 – Education and Youth Prevention Programs.** Defendants' Motion *in Limine* No. 9 explains that evidence and testimony related to JLI's school program communications and visits should be excluded even in a case that included JLI under FRE 402 and 403. There is nothing in the record, nor does Plaintiff allege, that any school within SFUSD communicated with or was ever visited by JLI. Defs. MIL at 16-18. Now that Altria is the only defendant, this evidence is doubly inadmissible. Altria was not involved in any way with either the planning or execution of this program. Plaintiff does not contend otherwise. Indeed, the school program communications and visits pre-dated Altria's investment in December of 2018. *See* Am.

Compl. ¶¶ 488-93 (alleging that JLI's youth prevention program was discontinued in June 2018); *see also* Dep. of Bruce Harter (Feb. 18, 2021) at 118:24-119:11 (Ex. E); JLI04836594 (email stating JLI's education program was formally dissolved by September 2018) (Ex. F). This evidence is therefore irrelevant and unduly prejudicial and would invite confusion and inefficiency.

The Court should preclude Plaintiff from offering the testimony of Bruce Harter, who is included on Plaintiff's Witness List as a "likely call" by deposition designation, for similar reasons. Mr. Harter is a former school superintendent who began working as a consultant for JLI in December 2017. Dep. of Bruce Harter (Feb. 18, 2021) at 26:23-27:1, 31:9-12, 46:14-17. Again, there is also no evidence Mr. Harter visited any schools in SFUSD. *See generally* Harter Dep. (Feb. 18-19, 2021) (no testimony regarding San Francisco or SFUSD). There is no evidence Mr. Harter has *any* connection to Altria; he did not even know about Altria's investment in JLI until after he stopped working for JLI. *See* Harter Dep. (Feb. 18, 2021) at 279:5-15. And there is no evidence that Altria knew about Mr. Harter's consulting. Mr. Harter's testimony is therefore entirely irrelevant and, even if it had some marginal probative value, it pales in comparison to the risk of prejudice and confusion. *See Active Sports Lifestyle USA LLC v. Old Navy, LLC*, 2013 WL 11239385, at *7 (C.D. Cal. Nov. 21, 2013) ("[W]here the evidence is of very slight (if any) probative value . . . even a modest likelihood of unfair prejudice or a small risk of misleading the jury will justify excluding that evidence.") (internal quotation marks omitted); *Mathew Enterprise, Inc.*, 2016 WL 11432038, at *7 (excluding evidence where that would result in "mini trials" and that would provide "little probative value and would be a waste of time").

**Defs. Motion in Limine No. 10 – Online Age Verification and Purchases by Underage Persons.** Defendants' Motion *in Limine* No. 10 explained why evidence or argument relating to JLI's work with Veratad Technologies LLC ("Veratad") should have been excluded when JLI was a party. Now that JLI has been released, this evidence is all the more irrelevant and would be especially prejudicial and confusing. Indeed, Plaintiff has not produced a shred of evidence to connect its claims against Altria, directly or indirectly, to JLI's online age verification system or to JLI's work with Veratad. To the contrary, Plaintiff's allegations are based on internal JLI documents and/or communications between JLI and Veratad that pre-date Altria's investment in Altria. *See, e.g.*, Am.

Compl. ¶¶ 468-473. And Altria is not alleged to have been involved in the two schemes to which evidence concerning Veratad might pertain, the "fraudulent marketing scheme" and the "youth access scheme." *See, e.g.*, *id.* at ¶¶459-487 ("JLI worked with Veratad Technologies to Expand Youth Access"). Evidence concerning JLI's work with Veratad is therefore not relevant in any way to Plaintiff's claims against Altria. Moreover, even if Plaintiff could establish some marginal relevance, that relevance would be completely outweighed by the prejudice and confusion that would result if evidence that has no connection to Altria is presented at trial. Accordingly, the Court should exclude all such evidence. *See supra,* at pgs. 8-9.

**Defs. Motion in Limine No. 15 – Mr. Monsees' Congressional Testimony.** Defendants' Motion *in Limine* No. 15 seeks to exclude evidence related to Mr. Monsees' July 25, 2019 Congressional testimony. Defendants previously argued that presentation of Mr. Monsees' Congressional testimony risks confusing the jury and creating unfair prejudice. *See* Defs. MIL at 25. Not only are those risks amplified with Altria as the sole defendant, but any relevance that arguably existed when Mr. Monsees was a defendant does not exist now that he is not. Moreover, Plaintiff cannot be permitted to rely on Mr. Monsees' Congressional testimony to impose RICO liability on *Altria* as an alleged co-conspirator, where that testimony, as a matter of law, cannot serve as the basis for Plaintiff's RICO claims or satisfy the requisite "predicate act" element. If this testimony were permitted, Altria would be forced to engage in a mini-trial about testimony of another party attributed to it for purposes of liability; this would be grossly unfair and prejudicial, as well as confusing to the jury. *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (risk of mini-trial justified exclusion of evidence under Rule 403).

**Defs. Motion in Limine No. 19 – Nicholas Pritzker's Family's Ties to Tobacco Industry.** Defendants' Motion *in Limine* No. 19 seeks to exclude evidence of Nicholas Pritzker's family connections to any tobacco company. Defs. MIL at 32-33. Mr. Pritzker is no longer a defendant in this case. Thus, this evidence is completely irrelevant to Plaintiff's claims against Altria, and there is no probative value to its introduction.

**Defs. Motion in Limine No. 21 – Mr. Monsees' Recording of Conversation with Stanton Glantz.** Finally, in Defendants' Motion in Limine No. 21, Altria seeks to exclude evidence related

to a recording of a conversation between Mr. Monsees and Stanton Glantz. Defs. MIL at 35-36. Now that Altria is the sole Defendant in this case, evidence or references to the recording of this conversation are even more irrelevant and prejudicial. Altria was not involved in the recording of this conversation nor was a party to it.

Dated: February 10, 2023              ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *John C. Massaro*
    John C. Massaro (*admitted pro hac vice*)
    Daphne O'Connor (*admitted pro hac vice*)
    Jason A. Ross (*admitted pro hac vice*)
    David E. Kouba (*admitted pro hac vice*)
    Angela R. Vicari (*admitted pro hac vice*)
    Lauren S. Wulfe (SBN 287592)

WILKINSON STEKLOFF LLP
Beth A. Wilkinson (*pro hac vice*)
Brian L. Stekloff (*pro hac vice*)
James M. Rosenthal (*pro hac vice*)
Moira K. Penza (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)

Attorneys for Defendants ALTRIA GROUP, INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, AND PHILIP MORRIS USA INC.

# CERTIFICATE OF SERVICE

I, John C. Massaro, hereby certify that on the 10th day of February 2023, I electronically filed the foregoing **ALTRIA'S NOTICE OF MOTION AND MOTIONS *IN LIMINE*** with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to all counsel of record.

By:   */s/ John C. Massaro*

John C. Massaro (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
John.Massaro@arnoldporter.com