[Submitting Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO<br><br>**JOINT PRETRIAL CONFERENCE STATEMENT** |
| This Document Relates to:<br><br>*San Francisco Unified School Dist. v. Juul Labs, Inc., et al.*<br><br>Case No. 3:20-cv-08177-WHO | Judge:  Hon. William H. Orrick<br>Date:   March 10, 2023<br>Time:   9:30 a.m.<br>Ctrm.:  2 |

## I.   THE ACTION

### A.   Substance of the Action

*A brief description of the substance of claims and defenses that remain to be decided.*

Plaintiff San Francisco Unified School District ("SFUSD") alleges that extensive JUUL use by students within the district has caused a variety of harms for SFUSD. The Defendants are Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, and Altria Group Distribution Company (collectively, the "Altria"). By stipulation, the parties have agreed to treat the four Altria Defendants as a single Defendant at trial.

**Plaintiff's causes of action:**

SFUSD asserts the following claims against Altria:

- Negligence;
- Public nuisance;
- Civil RICO claims under 18 U.S.C. § 1962(c) (enterprise) and § 1962(d) (RICO conspiracy).

SFUSD has voluntarily dropped the following claim as an independent cause of action against Altria:

- Gross negligence

**Affirmative defenses:**

Altria asserts the following affirmative defense:

- Failure to Mitigate

**B.     Relief Prayed**

*A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents, or other evidentiary material to be presented concerning the amount of those damages.*

SFUSD's Statement:

On its negligence claim, SFUSD seeks damages allegedly sustained due to the vaping epidemic on SFUSD campuses, caused by the Altria's marketing, promotion, and sale of JUUL products, including Altria's efforts to keep all JUUL products, and particularly flavored products, on the market. SFUSD also seeks punitive damages. On its RICO claim, SFUSD seeks treble damages from the jury based on injuries caused to SFUSD's business or property by Altria's participation in an alleged RICO enterprise and conspiracy, along with several individuals who were founders and/or Board members at Juul Labs, Inc. ("the former Individual Defendants"). SFUSD alleges that Altria operated JLI as a fraudulent enterprise with the former Individual Defendants. SFUSD further alleges that Altria and the former Individual Defendants conspired to violate RICO, causing harm to SFUSD. On its public nuisance claim, SFUSD seeks abatement remedies, to be determined by the Court, to alleviate the public nuisance allegedly created by Altria, JLI, and the former Individual Defendants.

Specifically, SFUSD seeks a judgment against Altria on its negligence claim to compensate the district for various harms, including but not limited to physical damage to district property; lost access to district property; financial expenditures to address the vaping crisis, including past expenditures and necessary future expenditures for personnel and new equipment such as vaping detectors; lost staff time due to the vaping crisis, which necessitates the need to hire additional personnel; the need to create new and better programs at SFUSD to address and discourage vaping on SFUSD's campuses; and, the massive disruption caused at SFUSD's schools, which inhibits SFUSD's ability to complete its mission of educating its students and protecting their safety. Plaintiff also seeks punitive damages to punish and deter Defendants, costs of litigation, pre-judgment and post-judgment interest at the lawful rate, and any other relief as this Court may deem equitable and just. On SFUSD's RICO claim, SFUSD seeks treble damages from Altria, based on its conduct of a pattern of racketeering activity—namely, mail and wire fraud—along with the former Individual Defendants, which caused the vaping epidemic at SFUSD and directly harmed SFUSD's business or property.

SFUSD also has a claim for public nuisance. SFUSD seeks to hold Altria liable for its role in creating the vaping epidemic at SFUSD, and it seeks an order from the Court designed to fund all measures necessary to abate the nuisance caused by Altria, JLI, and the former individual Defendants. The jury will determine in Phase I of the trial whether Altria contributed to causing a public nuisance. Then, the Court will determine the remedy in Phase II, if the jury answers affirmatively.

SFUSD's damages calculations will be based primarily on the testimony of expert witness Michael Dorn, who has determined the measures necessary to address the vaping crisis in SFUSD's schools. Mr. Dorn also has determined the precise cost of those measures. Thus, any suggestion that Plaintiff's damages are speculative or non-economic in nature is inaccurate. They are also not "future damages," as Defendants contend, because Mr. Dorn proposes solutions for existing harms, not for harms that he predicts will occur in the future.[1] Further, Defendants' characterization of

---

[1] Altria's argument on damages, recited below, is similar to the argument that it makes in its supplemental summary judgment motion. SFUSD will soon respond to that motion. Plaintiff's position, broadly stated, is that Mr. Dorn's testimony will explain the need for, and the price of,

Plaintiff's damages as "expert opinions" that "relate to efforts to reduce youth vaping (*i.e.*, the alleged nuisance) in the future" is inaccurate, or at least incomplete. Mr. Dorn opines that physical alterations to SFUSD's property are needed to address the vaping crisis, including but not limited to the installation of vaping detectors and cameras. It is Plaintiffs' abatement experts that focus on a broader approach to reducing or eliminating youth vaping generally, thereby abating the nuisance into the future. Mr. Dorn's proposed actions are designed to detect vaping when it occurs, and therefore to deter students from vaping on school grounds.

SFUSD's witnesses to be presented concerning these damages and/or abatement include but are not limited to experts Dorn, Dr. Bonnie Halpern-Felsher, Dr. Steven Kelder, Dr. David Cutler, Dr. Jonathan Winickoff, Dr. Kurt Rbisil, Dr. Robert Johnson, and Dr. John Chandler. SFUSD anticipates that Drs. Kelder and Winickoff will only be called during the abatement phase. Several SFUSD witnesses will also testify as to the impact of the JUUL-led vaping epidemic at SFUSD. The SFUSD witnesses that Plaintiff expects to call live at trial include SFUSD administrators Erica Lingrell and Quarry Pak; health education teacher Christopher Pepper, who led development of SFUSD's "Juul School"; and former SFUSD students Madeline Cho and Kaya Lehr-Love. SFUSD's key documents to be presented concerning these damages include the documents reviewed and relied upon by expert witnesses, documents regarding SFUSD's finances, documents regarding the impact of JUUL on SFUSD and nationally, and internal documents showing the planning and the effect of Altria's and the former Defendants' product design and marketing strategies—including actions to prevent or reduce regulatory action to keep the JUUL product and certain flavors on the market.

Finally, SFUSD reserves the right to supplement or amend its witness and exhibit lists, designations, motions in limine, jury instructions, and proposed verdict forms, as necessary in response to Court orders or other developments.

---

personnel and equipment to remedy **existing** problems on the district's property. The fact that SFUSD has not had the finances to solve these problems does not mean that the problems do not exist, or that they do not constitute "damage to business or property." His report could be analogized to a life-care plan for a personal injury victim, in which the expert explains the measures that need to be taken to allow that person to live as normal a life as possible in light of damages already suffered.

Altria's Response:

Altria seeks judgment in its favor and against Plaintiff and denies that Plaintiff is entitled to damages or to any other relief enumerated in its operative complaint.

Furthermore, as set out in JLI's Motion for Summary Judgment (Doc. 3396), Altria's Motion for Summary Judgment (Doc. 3405), NMD's Motion for Summary Judgment (Doc. 3384), Bowen's Motion for Summary Judgment (Doc. 3394), Monsees's Motion for Summary Judgment (Doc. 3401), and in Defendants' reply memoranda in support of the same (Docs. 3520, 3521, 3525, 3527, 3530), Plaintiff does not have standing to bring a public nuisance action, cannot seek an equitable remedy as a matter of law, and fails to present admissible evidence concerning its claimed damages.

On both its negligence claim and its RICO claim, Plaintiff has failed to provide sufficient evidence of damages resulting from Altria's conduct. Its claims of physical property damage, alleged in support of its negligence claim, boil down to four alleged harms: (i) one broken bathroom door; (ii) one slightly damaged chain-link fence; (iii) one complaint of damage to seat covers and a water valve cover; and (iv) one chained and locked doorway to a balcony stairwell. *See* JLI's Reply re Motion for Summary Judgment (Doc. 3520) at 10. These alleged damages lack any connection to Altria's actions or JUUL products, and they are supported only by a handful of secondhand accounts and inadmissible hearsay. *Id.* at 10-11. Even if they were supported by admissible evidence, these minimal claims of property damage would be woefully insufficient to support Plaintiff's request for damages and abatement awards for hundreds of millions of dollars, and they cannot form the requisite basis for Plaintiff's public nuisance claim. Plaintiff has also tried to recast a portion of its abatement calculations as evidence of future damages for its negligence and RICO claims, but the expert opinions it relies on relate to efforts to reduce youth vaping (*i.e.*, the alleged nuisance) in the future, not a calculation of the economic damage Plaintiff itself will allegedly suffer in the future, and are thus classic abatement opinions (and have even been characterized as such by Plaintiff's own experts).

Plaintiff's other claimed damages are neither supported by admissible evidence nor attributable to Altria's conduct. Its vague claims such as "lost staff time" and "expenditures to

address the vaping crisis" are not enumerated or quantified in the admissible record evidence. In addition, none of Plaintiff's fleet of experts quantifies any actual past damages suffered by Plaintiff or performs a calculation of alleged future damages; all of Plaintiff's experts address abatement remedies, not measures of damages. As a result, Plaintiff has no non-speculative measures of actual damages, and thus no damages case to present to the jury for its tort claims in this matter. Furthermore, these alleged damages are connected to Altria's conduct only by an attenuated theory constructed by Plaintiff's experts: that JUUL products were uniquely responsible for an "epidemic" of youth vaping, and that Altria should be financially responsible for paying for all damages related to youth vaping and abating all youth vaping, despite Altria's limited involved with respect to JUUL products, and regardless of whether Altria has any connection to the other brands of vaping products used in the past or presently. Not only is this theory overly broad and improper on its face, Plaintiff's experts cannot point to any specific instances of wrongful Altria conduct that would support such a theory, nor can Plaintiff cite a single comparable instance where an investor in an individual manufacturer has been held accountable for the downstream effects of an entire product sector and all participants in that product sector's supply chain.

Altria also disputes that the specific abatement remedies Plaintiff's seek are appropriate or necessary in light of current trends related to e-vapor use, Altria's limited involvement in the alleged misconduct, and the time period during which that involvement took place, and further disputes that Plaintiff's proposed abatement structures are practical, feasible, or tailored to address youth vaping.

Plaintiff is therefore entitled to none of the relief it requests. As noted above, Plaintiff has presented no admissible evidence of physical or economic damages attributable to Altria's conduct, and its abatement case also suffers from multiple fatal flaws. Punitive damages are therefore inapplicable, as are Plaintiff's claimed RICO damages.

Altria's witnesses to be presented concerning the deficiencies in Plaintiff's causation, damages, and abatement theories claims include experts Jack Henningfield, Darius Lakdawalla, Larry Mefford, Kevin Murphy, and Ed Rock. Additional fact witnesses will also offer testimony relevant to Plaintiff's claims and Altria's defenses. Altria will also rely on testimony from

Plaintiff's own administrator witnesses as well as Plaintiff's own documents concerning its response to student vaping and its finances, as well as evidence and data concerning youth vaping, among other things, to demonstrate that Plaintiff cannot establish causation or entitlement to the relief it seeks. Finally, Altria reserves the right to supplement or amend its witness and exhibit lists, designations, motions in limine, jury instructions, and proposed verdict form.

## II.     THE FACTUAL BASIS OF THE ACTION

### A.     Undisputed Facts

*A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.*

The parties have agreed to a stipulation by which all of the Altria Defendants will be grouped together as if they are a single Defendant, and any verdict against this single Altria Defendant will constitute a verdict against Altria Group, Inc. (Doc. 3468). The parties have not agreed to a list of undisputed facts. The parties have agreed to many aspects of a jury instruction, titled "Claims and Defenses," introducing the jury to the nature of the case. But the parties disagree as to what, if anything, that instruction should say about SFUSD's settlement with JLI and the former Individual Defendants.

### B.     Disputed Factual Issues

*A plain and concise statement of all disputed factual issues that remain to be decided.*

The parties dispute whether Altria engaged in negligent conduct, whether Altria's alleged negligence caused SFUSD's alleged damages, whether SFUSD failed to mitigate its alleged damages, and the extent of SFUSD's alleged damages. The parties also dispute whether Altria and the former Individual Defendants operated JLI as an enterprise through a pattern of racketeering activity, which caused harm to SFUSD's business or property, such that Altria should be held jointly and severally liable for treble damages under the RICO enterprise statute (18 U.S.C. § 1962(c)). The parties also disagree about whether Altria and the former Individual Defendants conspired to violate the RICO statute in violation of 18 U.S.C. § 1962(d), thereby causing damage to SFUSD's business or property. The parties further dispute the amount of any damage to SFUSD's business or property. Finally, the parties dispute whether Altria contributed to causing a

public nuisance, and if so, the extent and location of any nuisance and the propriety of the remedies required to abate that nuisance.

### C. Agreed Statement

*A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.*

The parties have not agreed to present an agreed statement of facts.

### D. Stipulations

*A statement of stipulations requested or proposed for pretrial or trial purposes.*

The parties have no proposed stipulations for the Court's consideration at this time. In addition to the Altria stipulation noted above, the Court has entered an Order implementing the parties' stipulation deeming certain orders regarding Motions in Limine from the *B.B.* case to be effective in this action. (Doc. 3473).[2]

## III. DISPUTED LEGAL ISSUES

### A. Points of Law

*Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions setting forth briefly the nature of each party's contentions concerning each disputed point of law, including procedural and evidentiary issues.*

The parties refer the Court to the following pending motions:

- Plaintiff's Motion to Exclude the Expert Testimony of Larry Mefford (Doc. 3460);
- Altria's Motion for Summary Judgment (Doc. 3405); Altria's Supplemental Motion in Support of Summary Judgment (Doc. 3807); Valani, Pritzker, and Huh's Motion for Summary Judgment (Doc. 3384), joined by Altria (Doc. 3412);
- Bowen's Motion for Summary Judgment (Doc. 3394), joined by Altria (Doc. 3412);
- JLI's Motion for Summary Judgment (Doc. 3396), joined by Altria (Doc. 3412);
- Monsees' Motion for Summary Judgment (Doc. 3401), joined by Altria (Doc. 3412);

---

[2] SFUSD, through its Motion in Limine listed below (Doc. 3788, MIL A), has asked the Court to modify one aspect of the order that prohibits testimony about prior litigation in most circumstances, to allow limited information about *United States v. Philip Morris USA, Inc.*

- Valani, Huh, and Pritzker's *Daubert* Motion (Doc. 3388), joined by Altria (Doc. 3412);
- Altria's Motion to Exclude the Opinions of Plaintiff's Government Entity Bellwether Experts – David Cutler and Minette Drumwright (Doc. 3400);
- JLI's Motion to Exclude Testimony of Plaintiff's Abatement Experts (Doc. 3408), joined by Altria (Doc. 3412);
- JLI's Motion to Exclude Testimony of Plaintiff's Electronic Surveillance and School Infrastructure Abatement Experts (Doc. 3462), joined by Altria (Doc. 3816)[3];
- Plaintiff's Motions in Limine—those originally filed in the case with all Defendants (Doc. 3552):

  I.A. MIL to admit notes taken by Zachary Frankel

  I.B. MIL to admit evidence related to Philip Morris Int'l and K.C. Crosthwaite

  II.A. MIL to bar speculation as to how SFUSD would use a damages award

  II.B. MIL to bar Professor Rock's improper legal testimony

  II.C. MIL to bar certain evidence affecting public perceptions of SFUSD

  II.D. MIL to bar evidence regarding unspent tobacco grants/failure to apply

  --MIL II.E is moot, as Altria is no longer raising the comparative fault of SFUSD as a defense.

- Plaintiff's additional Motions in Limine, filed on February 10, 2023 (Doc. 3788):

  A. MIL to admit limited information from U.S. v. Philip Morris

  B. MIL to admit the Greenleaf Report (also MIL I.C. in Doc. 3552)

  C. MIL to admit certain testimony excluded by the Special Master

  D. MIL to exclude evidence about the value of Altria's investment in JLI

  E. MIL to exclude information about settlement terms

---

[3] SFUSD reserves the right to contend that this motion is not properly before the Court, given that Altria did not join the motion until the date of this filing—long after the *Daubert* deadline.

      - Defendants' Motions in Limine—those originally filed in the case with all Defendants (Doc. 3556):

  I. MIL to bar FDA's stayed interim denial of JUUL's PMTA

  II. MIL to bar hearsay concerning students' alleged vapor use and the impact of vapor use at schools

  III. MIL to bar certain marketing not distributed in San Francisco

  IV. MIL to bar vaping-related incidents not related to SFUSD or San Francisco

  V. MIL to bar evidence and media coverage characterizing JLI as the cause of San Francisco's 2019 ENDS ban and JLI's lobbying related to San Francisco's 2019 "Proposition C"

  VI. MIL to bar flavors not sold in San Francisco

  VII. MIL to bar evidence and argument regarding nicotine disclosures on labels/packaging (express preemption)

  VIII. MIL to bar evidence regarding youth THC usage

  IX. MIL to bar education and youth prevention programs in other school districts

  X. MIL to bar online age-verification processes and purchases by underage persons

  XI. MIL to bar JUUL advertisements and coupons for JUUL disseminated by Altria

  XII. MIL to bar Altria's retail and distribution services

  XIII. MIL to bar arguments that investment provides control or creates liability for investor

  XIV. MIL to bar opinions that vapor use contributed to school shooting deaths or injuries

  XV. MIL to bar Mr. Monsees' constitutionally protected congressional testimony

  XVI. MIL to bar expert testimony containing pejorative language, factual narratives, or new opinions

  XVII. MIL to bar expert testimony regarding abatement plans and alleged damages

  XVIII. MIL to bar dividends received from the Altria transaction

  XIX. MIL to bar Nicholas Pritzker's family ties to the tobacco industry

  XX. MIL to bar evidence of chemicals in JUUL other than nicotine and of health conditions other than addiction

  XXI. MIL to bar evidence regarding Mr. Monsees' recording of conversation with Stanton Glantz

- Altria's New Motions in Limine, filed on February 10, 2023 (Doc. 3790):

I. MIL to exclude the testimony of Madeline Cho and Kaya Lehr-Love

      II. MIL to exclude reference to the settlement between SFUSD and JLI and Individual Defendants

      III. MIL to exclude evidence about which Altria has no knowledge

      IV. MIL to exclude internal JLI documents pre-dating Altria's involvement with JLI

      V. Additional Argument on Previously Filed MILs

- The parties' joint submission on jury instructions, both agreed and contested, which is attached to this filing as **Exhibit A**;
- The parties' proposed verdict forms, which are attached as **Exhibit B** (SFUSD) and **Exhibit C** (Altria).

Jury instructions: The parties have exchanged proposed jury instructions and have worked on reaching agreement on as many instructions as possible. The Court-ordered deadline is today (February 24, 2023) for the parties to submit the agreed instructions, the instructions on which they disagree, and the arguments as to why the Court should issue their proposed instructions. As noted above, the parties' proposed instructions and arguments related to contested instructions are attached as **Exhibit A**.

Live streaming: Based on prior discussions, the parties anticipate that members of the trial teams and MDL counsel will have access to a video stream of the trial. The parties will work with the Court on the specific details.

    **B.**    **Juror Questionnaire and Voir Dire**

On October 11, 2022, the parties proposed competing juror questionnaires with the previous Joint Pretrial Statement. (Doc. Nos. 3591-6, 3591-8). On October 14, 2022, the Court adopted **Exhibit D** as the final questionnaire for the SFUSD trial. (Docs. 3598, 3599). The parties submit that Exhibit D remains appropriate for the April trial.

In addition to thirty minutes per side of attorney voir dire, the parties request that each side be permitted to give a five minute "mini opening" before voir dire begins. (*See* 5/9/22 Hearing Tr. at 73-74 (stating that the Court would permit this practice if the parties agreed)).

## IV. TRIAL PREPARATION

### A. Witnesses to be Called

*A list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.*

The parties exchanged witness lists in January 2023, pursuant to this Court's Scheduling Order (Doc. 3754). Plaintiff updated this witness list on February 9. Plaintiff's witness list is attached as **Exhibit E**. Plaintiff has separated its witness list into categories, showing which witnesses Plaintiff is likely to call and which are "may call" witnesses. Altria's witness list is attached as **Exhibit F**.[4]

### B. Exhibits, Schedules, and Summaries

*A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each describing its substance or purpose and the identity of the sponsoring witness. Unless otherwise ordered, parties will indicate their objections to the receipt in evidence of exhibits and materials lodged and that counsel have conferred respecting such objections.*

Pursuant to the Court's Scheduling Order (Doc. 3754), the parties exchanged exhibit lists on January 30, 2023. SFUSD's Exhibit List included a Priority Exhibit List, containing 425 exhibits.[5] Altria submitted a single Exhibit List of 276 exhibits. The parties exchanged their objections on February 6, 2023. The parties are continuing to go through the meet and confer process to resolve as many objections as they can, so the lists may be updated as that process continues. The parties' updated exhibit lists are attached to this Joint Pretrial Statement. Plaintiff's Exhibit List is attached as **Exhibit G**. Plaintiff's Priority Exhibit List, with Altria's objections, is attached as **Exhibit H**. Altria's Exhibit List, with Plaintiff's objections, is attached as **Exhibit I**.

---

[4] The parties are well familiar with these witnesses and have agreed to exchange simple lists without further description. The parties assume that the Court's standard procedure is written for the parties' benefit and is therefore waivable by the parties. But if the Court would like descriptions of each witness's likely testimony for its own purposes, the parties will be happy to supplement this filing with that information.

[5] SFUSD has reserved the right to move exhibits on or off the Priority List as it prepares its case.

### C. Estimate of Trial Time

*An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.*

The Court has ruled that each side will have up to 40 hours to present their cases, including openings, closings, and the presentation of evidence. Plaintiff has proposed 12 hours per side for the abatement phase, if there is one. Altria proposes that the Court wait to determine the length of an abatement phase, if any, until after the jury has reached a verdict in Phase 1.

### D. Use of Discovery Responses

*Counsel shall cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, interrogatory answers, or responses to requests for admission. Counsel shall indicate any objections to use of these materials and that counsel has conferred respecting such objections.*

The Court has entered the schedule to which the parties agreed. (Doc. 3785). Pursuant to the schedule, the parties exchanged their deposition designations in two tranches, on February 6 and February 21. The parties will exchange counter-designations and objections on February 27 and March 6. The parties will exchange counter-counters and objections on March 8 and March 13. The parties will exchange objections to counter-counters on March 15 and March 20. The parties will also exchange excerpts from Interrogatory answers and Requests for Admission on March 20. The parties will submit these materials to the Court on March 29.

### E. Further Discovery or Motions

*A statement of all remaining discovery or motions, including motions in limine.*

Certain discovery is ongoing in accordance with Court orders, including certain depositions of witnesses scheduled to appear live at trial.

The first round of motions in limine was filed on October 3, 2022, and responses were filed on October 17, 2022. The parties filed additional motions in limine on February 10 and will respond by February 28.

An additional contested issue is whether Altria may raise evidence or argument relating to events that post-date the close of discovery, given that Altria ceased production of responsive

material to Plaintiffs' requests after that date. Plaintiff anticipates filing a motion to preclude such evidence next week and will work with Altria on establishing a briefing schedule.

## V. TRIAL ALTERNATIVES AND OPTIONS

### A. Settlement Discussion

*A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.*

The parties have been cooperatively working with the Court-appointed Settlement Master.

### B. Consent to Trial Before a Magistrate Judge

*A statement whether reference of all or part of the action to a master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.*

The trial will be before Judge Orrick.

### C. Amendments, Dismissals

*A statement of requested or proposed amendments to pleadings or dismissals of parties' claims or defenses.*

Plaintiff has voluntarily dropped the following independent claim against Altria:

- Gross negligence.

### D. Bifurcation, Separate Trial of Issues

*A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.*

The trial will take place in phases. Assuming that all claims survive summary judgment, in Phase I the jury will decide liability and damages, including punitive damages, on the negligence and RICO claims. The jury also will decide whether Altria is liable for causing a public nuisance in SFUSD's schools. If the jury answers that question affirmatively, then the parties will try Phase II, the nuisance abatement phase, to the Court. The schedule for Phase II, if any, will be determined following Phase I.

**Dated:** February 24, 2023

Respectfully submitted,

By: /s/ *Sarah R. London*

Sarah R. London
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone:  (415) 956-1000
slondon@lchb.com


By: /s/ *Dena C. Sharp*

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com


By: */s/ Dean Kawamoto*

Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone:  (206) 623-1900
dkawamoto@kellerrohrback.com

By: */s/ Ellen Relkin*

Ellen Relkin
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
erelkin@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Thomas P. Cartmell*

Thomas P. Cartmell
**WAGSTAFF & CARTMELL LLP**
4740 Grand Ave., Suite 300
Kansas City, MO 64112
Telephone: (816) 701-1100
tcartmell@wcllp.com

*Counsel for SFUSD*

1  By: /s/ *Beth A. Wilkinson*

2  Beth A. Wilkinson (pro hac vice)
   Brian L. Stekloff (pro hac vice)
3  James M. Rosenthal (pro hac vice)
   Matthew R. Skanchy (pro hac vice)
4  **WILKINSON STEKLOFF LLP**
   2001 M Street NW, 10th Floor
5  Washington, DC 20036
   Telephone: (202) 847-4000
6  bwilkinson@wilkinsonstekloff.com
   bstekloff@wilkinsonstekloff.com
7  jrosenthal@wilkinsonstekloff.com
   mskanchy@@wilkinsonstekloff.com
8

   Moira K. Penza (pro hac vice)
9  **WILKINSON STEKLOFF LLP**
   130 West 42nd Street, 24th Floor
10  New York, NY 10036
   Telephone: 212-294-8910
11  mpenza@wilkinsonstekloff.com

12
   By: /s/ *John C. Massaro*
13
   John C. Massaro (*admitted pro hac vice*)
14  Daphne O'Connor (*admitted pro hac vice*)
   Jason A. Ross (*admitted pro hac vice*)
15  David E. Kouba (*admitted pro hac vice*)
   ARNOLD & PORTER KAYE SCHOLER LLP
16  601 Massachusetts Avenue NW
   Washington, DC 20001
17  Telephone:202-942-5000
   John.Massaro@arnoldporter.com
18  Daphne.OConnor@arnoldporter.com
   Jason.Ross@arnoldporter.com
19  David.Kouba@arnoldporter.com

20  Lauren S. Wulfe (SBN 287592)
   ARNOLD & PORTER KAYE SCHOLER LLP
21  777 South Figueroa Street, Forty-Fourth Floor
   Los Angeles, California 90017
22  Telephone:  213-243-4000
   Facsimile:  213-243-4199
23  Lauren.Wulfe@arnoldporter.com

24  Paul W. Rodney (*admitted pro hac vice*)
   ARNOLD & PORTER KAYE SCHOLER LLP
25  1144 15th Street, Suite 3100
   Denver, CO 80202
26  Telephone: 303-863-1000
   Facsimile: 303-832-0428
27  Paul.Rodney@arnoldporter.com

28

1
2   Angela R. Vicari (*admitted pro hac vice*)
    ARNOLD & PORTER KAYE SCHOLER LLP
3   250 West 55th Street
    New York, NY 10019
4   Telephone: 212-836-8000
    Facsimile: 212-836-8689
5   Angela.Vicari@arnoldporter.com

6   *Attorneys for Defendants Altria Group, Inc.,*
    *Philip Morris USA Inc., Altria Client Services LLC,*
7   *Altria Group Distribution Company, and*
    *Altria Enterprises LLC*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Thomas P. Cartmell*
Thomas P. Cartmell

**EXHIBIT LIST**

**Exhibit A:** Joint submission on jury instructions, both agreed and contested

**Exhibit B:** SFUSD's proposed verdict form

**Exhibit C:** Altria's proposed verdict form

**Exhibit D:** Juror questionnaire previously adopted by the Court

**Exhibit E:** SFUSD's updated witness list

**Exhibit F:** Altria's updated witness list

**Exhibit G:** SFUSD's updated Exhibit List

**Exhibit H:** SFUSD's updated Priority Exhibit List, with Altria's objections

**Exhibit I:** Altria's updated Exhibit List, with Plaintiff's objections