Lauren S. Wulfe (SBN 287592)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
Lauren.Wulfe@arnoldporter.com

John C. Massaro (*pro hac vice*)
Daphne O'Connor (*pro hac vice*)
Jason A. Ross (*pro hac vice*)
David E. Kouba (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
John.Massaro@arnoldporter.com
Daphne.OConnor@arnoldporter.com
Jason.Ross@arnoldporter.com
David.Kouba@arnoldporter.com

Moira K. Penza (*pro hac vice*)
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, NY 10036
Telephone: 212-294-8910
mpenza@wilkinsonstekloff.com

Paul W. Rodney (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 15th Street, Suite 3100
Denver, CO 80202
Telephone: 303-863-1000
Facsimile: 303-832-0428
Paul.Rodney@arnoldporter.com

Angela R. Vicari (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: 212-836-8000
Facsimile: 212-836-8689
Angela.Vicari@arnoldporter.com

Beth A. Wilkinson (*pro hac vice*)
Brian L. Stekloff (*pro hac vice*)
James M. Rosenthal (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)
Alysha Bohanon (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com

Attorneys for Defendants Altria Group, Inc.,
Philip Morris USA Inc., Altria Client
Services LLC, and Altria Group Distribution
Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*San Francisco Unified School District v. JUUL Labs, Inc., et al.* | Case No.: 19-MD-02913-WHO<br><br>**ALTRIA'S NOTICE OF MOTION AND MOTION TO STRIKE OR EXCLUDE PORTIONS OF SUPPLEMENTAL EXPERT REPORT OF DR. JUDITH PROCHASKA**<br><br>Judge:   Hon. William H. Orrick<br>Date:   *to be determined*<br>Time:   *to be determined*<br>Ctrm:   2 |

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on April 5, 2023, or a date to be set by the Court, in Courtroom 2 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, and Altria Group Distribution Company (collectively, "Altria") will and hereby move the Court to enter an order striking or excluding portions of the Supplemental Expert Report of Dr. Judith Prochaska, served on March 17, 2023.

DATED: March 22, 2023           Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By:  *John C. Massaro*
     John C. Massaro (*pro hac vice*)
     Daphne O'Connor (*pro hac vice*)
     Jason A. Ross (*pro hac vice*)
     David E. Kouba (*pro hac vice*)
     Paul W. Rodney (*pro hac vice*)
     Angela R. Vicari (*pro hac vice*)
     Lauren S. Wulfe (SBN 287592)

WILKINSON STEKLOFF LLP
Beth A. Wilkinson (*pro hac vice*)
Brian L. Stekloff (*pro hac vice*)
James M. Rosenthal (*pro hac vice*)
Moira K. Penza (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, and ALTRIA GROUP DISTRIBUTION COMPANY

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

ARGUMENT .................................................................................................................................2

I.   DR. PROCHASKA'S NEW OPINIONS ARE UNTIMELY AND INADMISSIBLE ...........2

    A.   *DOJ* Litigation and Historical Tobacco Conduct..............................................3

    B.   Altria's "Dependence" on Revenues from Combustible Tobacco Products....................3

    C.   Altria's Positions on Regulations Affecting Combustible Tobacco Products .................4

    D.   Pre-2018 E-Cigarette Advertising Expenditures and Sales ..............................4

II.  ALTRIA IS PREJUDICED BY PLAINTIFF'S LATE DISCLOSURE OF DR. PROCHASKA'S SUPPLEMENTAL REPORT .........................................................................5

CONCLUSION ..............................................................................................................................6

# INTRODUCTION

On March 16, 2023, Altria[1] moved to strike or exclude opinions offered in the Supplemental Expert Report of Neil E. Grunberg, Ph.D. *See* ECF 3854 ("Grunberg Mot."). The following day, on March 17, 2023, Plaintiff served the Supplemental Expert Report of Judith J. Prochaska ("Supplemental Report" or "Supp. Rpt.", attached hereto as Ex. 1). Like Dr. Grunberg's supplemental report, Dr. Prochaska's supplemental report includes untimely, improper, and inadmissible opinions, including some opinions that cover the same subjects that Dr. Grunberg now seeks to cover. The Court should strike or exclude these opinions for the same reasons.

Plaintiff served Dr. Prochaska's Generic Expert Report ("Report" or "Rpt.", attached hereto as Ex. 2) on September 20, 2021. Dr. Prochaska "is a clinical psychologist with a Master's Degree of Public Health, who offers opinions primarily related to the effects to youth from nicotine exposure and JLI's contribution to the youth vaping epidemic." Pls.' Omnibus Opp. to Defs.' Daubert Mots., ECF 2823 (Feb. 3, 2022), at 14. As described by Plaintiff, "[a]s it relates to Altria," Dr. Prochaska's generic report "opines regarding Altria's liability stemming from their investment in JLI, despite knowledge of JUUL's youth use problem and providing manufacturing, distribution, and promotional services that expanded JUUL's footprint and sales." *Id.* at 15-16 (citations omitted); *see also* Rpt. at 4-6.

A year and a half later, and just weeks before trial begins in the SFUSD case, Plaintiff served a "supplemental" expert report in which Dr. Prochaska applies her purported expertise in addiction and clinical psychology to subjects she did not previously address. Dr. Prochaska now offers the same opinion as Dr. Grunberg on Altria's litigation positions in *United States v. Philip Morris USA Inc. et al.* ("*DOJ*"), a case concerning combustible cigarettes that was tried 20 years ago. Dr. Prochaska also seeks to opine on Altria's position on legislation and regulations relating to combustible cigarettes—like Dr. Grunberg, she criticizes Altria's opposition to a prohibition on menthol cigarettes, and she also adds opinions about Altria's position on issues such as cigarette taxation and graphic cigarette warnings. And Dr. Prochaska adds two other new opinions that could

---

[1] "Altria" refers to Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services Inc., and Altria Distribution Company.

have been offered in her initial generic report. She now opines about the extent to which Altria's revenues are derived from combustible cigarettes and the amount of money that Altria spent on e-vapor advertising.

These new opinions should be stricken as untimely.[2] And even if they had been timely disclosed, several of these opinions are inadmissible: they are irrelevant to the issues in this case, focus on unduly prejudicial content that is likely inflame and confuse the jury, and would divert time and attention at trial away from the actual issues.

## ARGUMENT

### I. DR. PROCHASKA'S NEW OPINIONS ARE UNTIMELY AND INADMISSIBLE

Under Federal Rule of Civil Procedure 26(a), "litigants must disclose all expert opinions and related materials that may be used at trial and make such disclosures at the times directed by the court." *Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 186 (S.D. Cal. 2020). The Court's scheduling orders set the deadlines for exchanging generic and case-specific expert reports as September 20, 2021 and January 28, 2022, respectively. *See* ECF 2349; ECF 2660. Because the Supplemental Report violates the court-ordered schedule, it should be stricken on that basis alone. *See, e.g., Martinez*, 336 F.R.D. at 188 (striking expert report served three days after deadline based on untimeliness). Rule 37(c)(1) "gives teeth" to Rule 26's requirements and is a self-executing rule that excludes untimely expert witness testimony unless the "parties' failure to disclose the required information is substantially justified or harmless." *Martinez*, 336 F.R.D. at 187 (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

To avoid exclusion under Rule 37(c)(1), Plaintiff bears the burden of proving the failure to timely disclose was substantially justified or harmless. *Yeti by Molly, Ltd.*, 259 F.3d at 1106. Plaintiff cannot meet this burden. Disclosing the untimely opinions in the Supplemental Report at

---

[2] Plaintiff's email providing service of the Supplemental Report, attached hereto as Exhibit 3, stated that "[t]he supplemental additions are highlighted for convenience." Altria respectfully requests that the Court strike or exclude the highlighted opinions appearing on the following pages of Dr. Prochaska's Supplemental Report: 13-16, 41-43, and 104-05 (beginning at opinion #17). Altria does not in this motion challenge as untimely the other new opinions included in Dr. Prochaska's Supplemental Report, but reserves all other objections to and arguments concerning these opinions, including those based on the arguments previously raised concerning the FDA's Marketing Denial Order. *See* Supp. Rpt. at 104; Defs.' MIL No. 1, ECF 3556, at 2.

1  this stage of the litigation is not justified at all, much less "substantially justified." *Martinez*, 336
2  F.R.D. at 187. Dr. Prochaska's opinions are not "new" and there is no reason they could not have
3  been disclosed in accordance with the schedule set by the Court. As set forth in greater detail below,
4  all of the facts that supposedly inform the newly-disclosed opinions identified below were known a
5  long time ago. Moreover, several of these opinions are inadmissible for the same reasons that Dr.
6  Grunberg's newly-disclosed opinions are inadmissible.

7  **A.   *DOJ* Litigation and Historical Tobacco Conduct**

8  Plaintiff seeks to add to Dr. Prochaska's expert report the same opinion about the decades-
9  long *DOJ* litigation that it seeks to add to Dr. Grunberg's report. This proposed new opinion should
10 be struck for the same reasons that it should be struck from Dr. Grunberg's Supplemental Report:
11 (1) there was nothing preventing Dr. Prochaska from opining on this issue at the time her generic
12 expert report was due, and (2) Dr. Prochaska's opinion about Altria's litigation positions in an
13 unrelated lawsuit about combustible cigarettes would be inadmissible on numerous grounds. *See*
14 Grunberg Mot. at 3-4, 5-8.

15 **B.   Altria's "Dependence" on Revenues from Combustible Tobacco Products**

16 Dr. Prochaska's new opinion that Altria makes the majority of its money from its
17 combustible cigarette business likewise is not based on any new facts or evidence. On its face, this
18 opinion is based on facts that pre-date Dr. Prochaska's September 2020 Report:

> Rather than move beyond smoking, Altria's main business remains the promotion and continued use of cigarettes (***see 2017 investor presentation slide below***). Altria executives have said to its investors, "Our smokeable products strategy is to maximize the profitability of our combustible products while appropriately balancing investments in Marlboro with funding growth of our non-combustible portfolio" [***quoting investor presentation from 2017***] and "Our smokeable products segment is the engine that enables investments behind our non-combustible portfolio and rewards our shareholders with a strong dividend" [***quoting May 2021 shareholder meeting***].

24 Supp. Rpt. at 104-05 (emphases added). Moreover, Altria witnesses were questioned and testified
25 on these very same topics in depositions that pre-date Dr. Prochaska's original Report.[3] There is no
26 justification for Plaintiff's untimely disclosure of these opinions.

---

[3] *See, e.g.*, Romyak Dep. (July 27, 2021) at 136:6-17 (testimony regarding Altria's share of revenues from combustible cigarettes); Blaylock Dep. (Mar. 16, 2021) at 234:11-23 (testimony regarding Altria's ten-year vision to responsibly transition adult smokers to a noncombustible future);

### C. Altria's Positions on Regulations Affecting Combustible Tobacco Products

Similarly, while Dr. Prochaska now offers opinions on Altria's positions regarding (1) a California ban of flavored tobacco products, including menthol cigarettes, (2) proposed tobacco tax increases in California and elsewhere, and (3) graphic cigarette pack warnings, the history surrounding these issues plainly predates Dr. Prochaska's September 2021 Report. *See* Supp. Rpt. at 105 ("California's 2020 law [prohibited] the sale of flavored tobacco products, including menthol cigarettes."); *id.* at 105 n.475 (citing annual report that described Altria's opposition to SB 793 "in 2020 and 2021" (at p. 48)); *id.* at 105 & n.478 (citing Altria's opposition to a cigarette tax that went into effect in November 2016); *id.* at 105 & n.480 (citing lawsuit filed in May 2020 regarding graphic warning labels on cigarette packages). Dr. Prochaska's opinions are not based on recent events or newly disclosed evidence, and each of them could have been disclosed before the deadline. Moreover, they are irrelevant, unduly prejudicial, concern conduct protected under the *Noerr-Pennington* doctrine, and are otherwise inadmissible for the same reasons as Dr. Grunberg's newly-disclosed opinions on Altria's positions on legislation and regulations relating to combustible cigarettes. *See* Grunberg Mot. at 5-8.

### D. Pre-2018 E-Cigarette Advertising Expenditures and Sales

Dr. Prochaska also offers a new opinion on e-cigarette marketing expenditures and sales data for JUUL and other manufacturers. While the Supplemental Report cites several different studies and reports, all of the underlying data concerns marketing and sales between 2013 and 2018. For example, Dr. Prochaska cites a study by Kantar Media, published in 2020, for the opinion that "Altria had the highest e-cigarette advertising expenditures" from 2014-2018 (for products that are no longer on the market). Supp. Rpt. at 42 & n.229. Dr. Prochaska also inserts into her report a figure, excerpted from a study published in 2018, showing e-cigarette sales by manufacturer from 2013-2017. *See id.* at 42-43 & n.230. Again, to the extent Dr. Prochaska now purports to opine on pre-2018 marketing and sales data for JUUL and other e-vapor products, those opinions are untimely and there is no reason they could not have been disclosed on the schedule set by the Court.

---

Blaylock Dep. (Mar. 17, 2021) at 639:13-24 (testimony regarding cigarette revenues funding investments in non-combustible products).

## II. ALTRIA IS PREJUDICED BY PLAINTIFF'S LATE DISCLOSURE OF DR. PROCHASKA'S SUPPLEMENTAL REPORT

Plaintiff's late disclosure of Dr. Prochaska's Supplemental Report is not harmless. Plaintiff intends to use the Supplemental Report to argue, for example, that "Altria continues its efforts to mislead regulators and the American public on the health harms of smoking," Supp. Rpt. at 13, and that "Altria is not pursuing the solution; it is furthering the problem and remains responsible for the resulting harms [of youth tobacco usage]," *id.* at 105. Setting aside the admissibility issues discussed above, Plaintiff's untimely disclosure—in a complex case going to trial in just a few weeks and in which discovery has closed—has deprived Altria of the opportunity to tailor discovery to Dr. Prochaska's newly-disclosed opinions and to challenge those opinions under *Daubert*.[4] And as with Dr. Grunberg's newly-disclosed opinions, Altria would need to place Dr. Prochaska's opinions in context, which would necessitate time-consuming, and potentially confusing, mini-trials. *See* Grunberg Mot. at 6-7. The "disruption to the schedule of the court and other parties" created by Plaintiff "is not harmless" and does not excuse the belated disclosure. *Martinez v. Cnty. of San Bernardino*, 2018 WL 1863013, at *2 (N.D. Cal. Apr. 18, 2018) (quoting *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)); *In re Toy Asbestos Litig.*, 2020 WL 8815916, at *3 (N.D. Cal. May 27, 2020) (rejecting supplemental expert report where allowing it "at this late stage would require the Court to re-open discovery" and "significantly alter the case schedule").

---

[4] Dr. Prochaska's new opinions, like Dr. Grunberg's, are lacking in any methodology, much less a reliable one. Dr. Prochaska's *ipse dixit* conclusions regarding Altria's corporate motives embody the kind of unsubstantiated speculation and narrative testimony—divorced from any scientific, technical, or other specialized knowledge—that is not helpful to the trier of fact, and indeed intrudes on the province of the jury to weigh the credibility of witnesses and resolve evidentiary conflicts. *See, e.g., Gocke v. United States*, 2019 WL 8013876, at *5 (C.D. Cal. 2019) (excluding expert's opinions that were "based on his credibility determinations based on conflicting evidence"); *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013) ("It is also inappropriate for experts to become a vehicle for factual narrative."); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315-16 (9th Cir. 1995) ("[S]omething doesn't become 'scientific knowledge' just because it's uttered by a scientist.").

# CONCLUSION

For the foregoing reasons, the Court should strike or exclude the highlighted material appearing on the following pages of Dr. Prochaska's Supplemental Report: 13-16, 41-43, 104 (beginning at opinion #17), and 105.

Dated: March 22, 2023

ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ John C. Massaro
John C. Massaro (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
Paul W. Rodney (*admitted pro hac vice*)
Lauren S. Wulfe (SBN 287592)

WILKINSON STEKLOFF LLP

By:  /s/ Beth A. Wilkinson
Beth A. Wilkinson (*admitted pro hac vice*)
Brian L. Stekloff (*admitted pro hac vice*)

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, and ALTRIA GROUP DISTRIBUTION COMPANY

**CERTIFICATE OF SERVICE**

I, John C. Massaro, hereby certify that on the 22nd day of March, 2023, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to all counsel of record.

By: <u>/s/ John C. Massaro</u>