UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: JUUL LABS, INC.
MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY
LITIGATION

Re:  *San Francisco Unified School District
v. Juul Labs, Inc. et al.*

Case No. 20-cv-8177-WHO

Case No.  19-md-02913-WHO

**ORDER ON MOTIONS FOR
SUMMARY JUDGMENT AND
REMAINING MOTIONS IN LIMINE**

Dkt. Nos.: 3384, 3394, 3396, 3401, 3405,
3807

## I.     MOTIONS FOR SUMMARY JUDGMENT AGAINST SFUSD

Still pending are Altria's original and supplemental motions for summary judgment against SFUSD.  Dkt. Nos. 3405, 3807.  In addition, while JLI and the Founder and Other Director Defendants have settled, Altria joined those former-defendants' motions for summary judgment against SFUSD (Dkt. No. 3412), and therefore many of the arguments raised by the settling defendants remain relevant.

As I indicated in the hearing and minute order following the March 10, 2023 Pretrial Conference, my expectation is that this bellwether will raise many of the common evidence, theories, and defenses that will be raised in the other cases in this MDL.  As a result, I am interested in getting as complete an evidentiary record on which I can evaluate the parties' positions as possible, which means that I will determine some issues post-trial. With that in mind, I will briefly address why the original and supplemental motions for summary judgment are DENIED.

<u>Nuisance</u>.  Defendants raise significant challenges to the ability of SFUSD to pursue a "public nuisance claim" under California Code of Civil Procedure § 731,[1] at least with respect to

---

[1] Cal. Code Civ. Proc. § 731 "An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance, as defined in Section 3479 of the Civil Code, and by the judgment in that action the nuisance may be enjoined or abated as well as damages recovered therefor. A civil action may be brought in the name of the people of the State of California to abate a public nuisance, as defined in Section 3480 of the Civil Code, by the district attorney or county counsel of any county in which the nuisance exists, or by the city attorney of any town or city in which the nuisance exists. Each of those officers shall have concurrent right to bring an action for a public nuisance existing within a town or city. The district

pursuing damages outside of narrowly defined "property damage."  Defendants also argue that SFUSD cannot be a "private person" that can seek to abate a "public nuisance" (rampant vaping in schools, allegedly caused by JLI and contributed to by Altria) because the impact of the vaping crisis cannot be shown to be "specially injurious to [SFUSD], but not otherwise" under California Civil Code § 3493.[2]  Finally, defendants contend that SFUSD has not been "otherwise authorized" by any other laws to bring a public nuisance claim under Civil Code § 3494.[3]

These arguments are weighty and could dramatically impact the scope of damages or nature of abatement to which SFUSD might be entitled if the jury finds Altria liable for nuisance.  At a minimum, I find that SFUSD is authorized under section 731 to sue for public nuisance that damaged its property, and that SFUSD has sufficient evidence of injury to its property at this juncture to proceed with its nuisance claim.  How broadly "property" extends – as determined under California law – and whether, for example, it reaches to use and enjoyment of property that had to be closed off due to vaping or staff time that was shifted away from other purposes to address the vaping crisis, will be resolved post-trial after the development of a full evidentiary record.  Given those concerns, I am inclined to provide the jury with a special verdict form that, if the jury finds liability against Altria, separates out the categories of damages SFUSD seeks.  That form of verdict will provide the most useful information not only for determining post-trial what damages or forms of abatement are permissible for SFUSD, but will also provide useful information for the other public entity cases pending in this MDL.

Negligence.[4]  SFUSD has presented sufficient disputed facts to show that Altria had a duty to SFUSD.  Materially similar duty arguments were rejected at the motion to dismiss stage and no

---

attorney, county counsel, or city attorney of any county or city in which the nuisance exists shall bring an action whenever directed by the board of supervisors of the county, or whenever directed by the legislative authority of the town or city."

[2] Cal. Civil Code § 3493 provides: "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise."

[3] Cal. Civ. Code § 3494 provides: "Abatement; parties authorized.  A public nuisance may be abated by any public body or officer authorized thereto by law."

[4] SFUSD agrees that summary judgment should be granted to defendants on its gross negligence claim, leaving only ordinary negligence.  MSJ Oppo. at 4.

United States District Court
Northern District of California

United States District Court
Northern District of California

undisputed evidence presented by defendants undermines those conclusions.  To the contrary, SFUSD has shown evidence regarding the widespread use of JUUL by students in SFUSD and widespread use of social media and other marketing by JLI that Altria allegedly knew had and would continue to reach school-aged youth in San Francisco (then the headquarters of JLI).  Similarly, there is sufficient disputed evidence that Altria did not "simply invest" in JLI but instead substantially directed or aided in the injurious activities that continued to cause harm to SFUSD.  Defendants' arguments regarding the differences between damages (recoverable under the negligence claim) and abatement (available only under the nuisance claim) can be addressed post-trial based on a full evidentiary record.

RICO/Damage/Causation.  SFUSD has produced sufficient, disputed evidence of damage to its "business or property" as defined by California law to survive summary judgment.  Whether, and if so how, the *Canyon County* case impacts RICO damages for "government expenditures" related to the alleged unique and unexpected vaping crisis will be determined post-trial if necessary.

The length and strength of the causal link between Altria's provision of services and alleged guidance, control, or direction of JLI preceding and during its investment in JLI, and the harm SFUSD suffered "by reason of" that conduct, are subject to material disputes of fact.[5]

RICO/Enterprise/Control.  The degree of Altria's control or direction of JLI, and whether Altria's intent was different from the intent of JLI itself, are subject to disputes of material fact.  Whether the evidence at trial is legally sufficient to establish the necessary degree of control of or direction over JLI can be challenged post-trial.

RICO/Pattern.  There is sufficient, material disputed evidence of the parties' alleged patten of RICO conduct to survive summary judgment.  As repeatedly noted, whether any of the alleged conduct is protected by the *Noerr-Pennington* doctrine will be determined post-trial.

Abatement Remedy.  SFUSD is not precluded from seeking abatement at this juncture under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), given the different scope

---

[5] SFUSD's RICO claim is not barred under the Private Securities Litigation Reform Act because of the later-filed securities fraud case pending in the Eastern District of Virginia.

1    and purpose of damages versus abatement.  It remains plausible that damages are inadequate.  Any

2    potential overlap between damages and abatement can be addressed post-trial.[6]

3          The motions for summary judgment against SFUSD's remaining claims are DENIED.

## II.    REMAINING MOTIONS *IN LIMINE*[7]

### A.    The Court Should Admit the Report Prepared by the Entity that Conducted Altria's Regulatory Due Diligence, Greenleaf Health - Plaintiff's Original MIL C to Admit; Plaintiff's Supplemental MIL B to Admit.

**GRANTED**.  I have already ruled that portions of the Greenleaf Report may be used for notice and intent with specific witnesses to establish Altria's knowledge and intent.   The report also appears to satisfy the criteria in the Ninth Circuit for admissions of a party-opponent under Rule 801(d)(2), given its purpose, circulation and use by Altria executives.  *See Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292 (9th Cir. 1983) (report prepared at request of the anti-trust defendants' board and was prepared by person who was given free access to all of the antitrust defendant's books and records was admissible against the antitrust defendant as an admission of the party-opponent); *see also Fed. Trade Comm'n v. Fleetcor Techs., Inc.,* No. 1:19-CV-5727-AT, 2022 WL 3273286, at *14 (N.D. Ga. Aug. 9, 2022) ("the surveys, that were 'conducted by [ ] outside consultant[s] specially retained by the defendant to identify' customer concerns, are plainly not hearsay'"); *V5 Techs., LLC v. Switch, Ltd*., No. 217CV02349KJDVCF, 2021 WL 5283952, at *1 (D. Nev. Nov. 10, 2021) (report issued by consultant fell within Rule 801(d)(2)); *Walden v. Seaworld Parks & Ent., Inc*., No. 4:11CV113, 2012 WL 4050176, at *2 (E.D. Va. May 31, 2012)  ("The accessibility audit at issue was conducted by an outside consultant specially retained by the defendant to identify accessibility compliance issues at Busch Gardens Williamsburg and to provide the defendant with a report detailing those issues and proposing corrective actions.").

---

[6] The same is true for whether Altria should benefit from an offset given SFUSD's settlement with JLI and the other defendants.  SFUSD has identified disputed evidence demonstrating its harm and damages may exceed the settlement.

[7] The deferred motions *in limine* regarding THC, the FDA/MDO, and the diminution in value of Altria's investment have either been resolved by stipulation or Court order.

United States District Court
Northern District of California

**B.**     **The Court Should Bar Evidence Regarding Unspent Tobacco Grant Funds or a Failure to Apply For Additional Grants - Plaintiff's Original MIL D to Exclude**

**DENIED**.  SFUSD should be prepared to explain how it reacted to the vaping epidemic, and part of that is why it did or did not pursue known sources of grant funding.  This may be relevant concerning the credibility of the "epidemic" as well as the remedies plaintiff seeks.

**C.**     **The Court should permit limited information about *U.S. v. Philip Morris***

**DENIED.**  While I am allowing a limited amount of historical/ background testimony, I am precluding testimony regarding other judicial findings and opinions, including *U.S. v. Philip Morris*, except that "counsel may explore a witness's knowledge of the litigation if it impacted his or her conduct in a way that is relevant to this case."  Dkt. No. 3170 at 4-5.  SFUSD's arguments that the rulings and findings of fact in *U.S. v. Philip Morris* are relevant to RICO continuity and punitive damages do not overcome the Rule 403 risks, particularly juror confusion and excessive time.

Dated: April 10, 2023

William H. Orrick
United States District Judge