United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**IN RE: JUUL LABS, INC. MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Re: *San Francisco Unified School District v. Juul Labs, Inc. et al.*

Case No. 20-cv-8177-WHO

Case No.  19-md-02913-WHO

**PRELIMINARY JURY INSTRUCTIONS**

**Duty of Jury**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a lawsuit involving JUUL products. JUUL products are electronic nicotine delivery systems sold under the brand name JUUL. JUUL is manufactured and sold by a company named Juul Labs, Inc., or "JLI." These are tobacco products that contain nicotine, but are not traditional combustible cigarettes. The products work by the user inhaling, which activates a heating element that in turn converts the nicotine solution in the JUUL pod into an aerosol, which can then be inhaled by the user.

The Plaintiff in this case is the San Francisco Unified School District, also referred to as "SFUSD." The Defendants in this case are four related companies referred to collectively as "Altria" or the "Altria Defendants." Those four companies are:

- Altria Group, Inc.;
- Philip Morris USA Inc.;
- Altria Client Services LLC; and
- Altria Group Distribution Company.

The claims asserted against JLI and its directors by SFUSD have been resolved; JLI and its directors are not defendants in this trial. You should not draw any conclusions or inferences of any kind about Altria's liability from the fact that the other claims are resolved. The fact that JLI and individuals associated with JLI are not defendants in this trial may not be used by you in any way as evidence against any party to this case.

Plaintiff brings four claims against Altria. Those are:

- Public nuisance;
- Negligence;
- Violation of the Racketeer Influenced and Corrupt Organizations Act, also known as "RICO"; and
- Conspiracy to violate RICO.

Later I will explain the legal requirements that Plaintiff must prove for these claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

      The Plaintiff has the burden of proving these claims. Altria denies the claims made by SFUSD. Altria contends that it is not liable for any injuries suffered by SFUSD, and also asserts the affirmative defense of failure to mitigate. Altria has the burden of proof on this affirmative defense. Plaintiff denies Altria's affirmative defense.

**Corporations**

The Altria Defendants in this case are corporations. The fact that a corporation is a party must not influence you in your deliberations or in your verdict. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

A corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is only responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority. An employee, agent, director, or officer is acting within the scope of authority if he or she is engaged in the performance of duties which were expressly or impliedly assigned to them by the corporation.

**The Altria Defendants**

There are four Altria Defendants: Altria Group, Inc.; Philip Morris USA Inc.; Altria Client Services LLC; and Altria Group Distribution Company. The jury instructions and verdict form refer to these entities collectively as "Altria." You may see evidence that discusses one or more of these Altria Defendants individually. In evaluating the evidence against the Altria Defendants, you should treat these four Defendants as if they are a single Defendant. Your verdict must be the same as to all of the Altria Defendants.

United States District Court
Northern District of California

**Burden of Proof**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

You should base your decision on all of the evidence, regardless of which party presented it.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1)  the sworn video and live testimony of any witness;

(2)  the exhibits that are admitted into evidence;

(3)  any facts to which the lawyers have agreed; and

(4)  any facts that I have instructed you to accept as proved.

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

8

**Evidence for a Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you may consider it only for that limited purpose, but not for any other purpose.

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**Ruling on Objections**

There are rules of evidence that control what can and cannot be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Implicit Bias**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of and others we might not be fully aware of, which is why they are called "implicit" or "unconscious biases." No matter how unbiased we think we are, our brains are hardwired to make unconscious decisions. We look at others, and filter what they say, through the lens of our own personal experience and background. Because we all do this, we often see life – and evaluate evidence – in a way that tends to favor people who are like ourselves or who have had life experience like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make important decisions in this case. You must:

(1) Take the time you need to reflect carefully and thoughtfully about the evidence.

(2) Think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion, or sexual orientation, would you still view them, and the evidence, the same way?

(3) Listen to one another. You must carefully evaluate the evidence and resist and help each other resist any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions, and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision-making.

(4) Resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious bias.

The law demands that you make a fair decision, based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### Video Deposition

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

You will be shown video-recorded testimony of certain witnesses. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**Expert Opinion**

You will hear testimony from expert witnesses, who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

**Food and Drug Administration**

You will hear evidence mentioning the Food and Drug Administration, or "FDA." The FDA is a federal agency with responsibilities for regulation of tobacco products. Before May 10, 2016, no federal regulations or other requirements applied to the design, development, marketing or sale of JUUL. On May 10, 2016, the FDA issued a rule deeming electronic nicotine delivery systems like JUUL to be tobacco products within FDA's regulatory authority. The FDA required these products to include a minimum nicotine warning beginning in August 2018. The required statement is: "WARNING: This product contains nicotine. Nicotine is an addictive chemical." The FDA did not stop manufacturers from including other warnings as well.

Manufacturers of vapor products are required to submit a Premarket Tobacco Application—referred to as a PMTA—seeking FDA authorization to sell their products. When the FDA deemed vapor products like JUUL to be tobacco products in 2016, it permitted existing vapor products, including JUUL, to remain on the market while manufacturers submitted Premarket Tobacco Applications.

JUUL's PMTA remains pending.

You may hear evidence regarding the standard that FDA applies in deciding whether to authorize a Premarket Tobacco Application, that is, whether to permit a vapor product like JUUL to continue being sold. That standard is referred to as "appropriate for the protection of public health," or "APPH." You may consider evidence regarding the appropriate for the protection of public health standard, but it is not the standard you will apply in deciding whether Altria is liable to Plaintiff in this case. Your decision should be guided by all of the evidence in the case and the instructions that I will give you at the end of the case.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as

17

1   jurors. If you happen to read or hear anything touching on this case in the media, turn away and

2   report it to me as soon as possible.

3           These rules protect each party's right to have this case decided only on evidence that has

4   been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy

5   of their testimony is tested through the trial process. If you do any research or investigation

6   outside the courtroom, or gain any information through improper communications, then your

7   verdict may be influenced by inaccurate, incomplete or misleading information that has not been

8   tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if

9   you decide the case based on information not presented in court, you will have denied the parties a

10  fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you

11  follow these rules. A juror who violates these restrictions jeopardizes the fairness of these

12  proceedings. If any juror is exposed to any outside information, please notify the court

13  immediately.

United States District Court
Northern District of California

**Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. You must disable "push notifications" from any news, media, or social media source on your phone. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

United States District Court
Northern District of California

**No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

**Outline of Trial**

2          Trials proceed in the following way: First, each side may make an opening statement. An

3   opening statement is not evidence. It is simply an outline to help you understand what that party

4   expects the evidence will show.

5          The plaintiff will then present evidence, and counsel for the defendants may cross-

6   examine.

7          Then the defendants may present evidence, and counsel for the plaintiff may cross-

8   examine.

9          After the evidence has been presented, I will instruct you on the law that applies to the case

10  and the attorneys will make closing arguments.

11         After that, you will go to the jury room to deliberate on your verdict.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California