# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## CIVIL MINUTES

| Date: April 19, 2023 | Time: 53 mins<br>2:38 p.m. to 3:31 p.m. | Judge: WILLIAM H. ORRICK |
|---|---|---|
| Case No.: 19-md-02913-WHO | Case Name: In Re: Juul Labs, Inc., Marketing, Sales Practices | |

**Attorneys for Plaintiffs:** Sarah London, Thomas Cartmell, Andrew Kaufman, Dean Kawamoto, and Michael Weinkowitz

**Attorneys for Defendants:** Beth Wilkinson, Brian Stekloff, and Alysha Bohanon.

**Deputy Clerk:** Jean Davis        **Court Reporter:** Marla Knox

## PROCEEDINGS

*(Additional counsel in attendance; only counsel who spoke at the Conference are identified.)*

Pretrial conference, motion hearing, and conference to stipulate to proposed jurors to be excused from voir dire conducted via hybrid format with counsel appearing both in person and via videoconference.

Surveys completed by prospective jurors have been provided to counsel and reviewed. Counsel have had an opportunity to meet and confer as to prospective jurors to be excused from voir dire.

Ms. London advises that counsel have stipulated to excuse the following jurors for cause or hardship: 33, 47, 6, 14, 54, 55, 60, 61, 62, 65, 67.

Additional prospective jurors discussed briefly: Prospective juror no. 8 owns Altria stock. Prospective juror no. 64 is an employee of the San Francisco Unified School District. Both of those jurors are excused for cause.

Counsel should continue to meet and confer and if there is agreement on any additional for cause or hardship excusals, counsel may inform the Court on Thursday, April 19th so that those prospective jurors can be excused from Friday's proceedings.

The Court explained the voir dire process. Counsel may ask follow up question during the Court's questioning of individual prospective jurors at the well, but those questions will reduce counsel's otherwise allotted 30 minutes for questions of the larger, whole group.

Counsel did not argue, with one exception, any of the Court's April 18 2023 Tentative Rulings. Dkt. No. 3923. The uncontested Tentative Rulings are ADOPTED as final.

Regarding plaintiff's objection to the ruling on lines 514:24-519:9 from the KC Crosthwaite deposition, the Court clarifies that the testimony from Crosthwaite remains excluded but that plaintiff's expert may discuss the severance package in support of her opinions.

The Court provided its tentative opinions on the Tranche 3 deposition designations: sustain the objections to Matthew Romyak at 233:2-248:9 and overrule all other objections to Romyak and the other Tranche 3 deponents. Counsel may address these tentatives Friday morning if necessary.

Defendant's objections to the Grunberg demonstrative are OVERRULED.

The Court will review the issue re commenting on witnesses not brought live and clarify the rule on Friday morning.

Plaintiff may take a deposition of up to three hours as requested regarding the inputs Altria provided to Ernst & Young for the diminution in value opinion. The Court cautions the parties not to open the door regarding the MDO or other matters that have been excluded thus far.

The Court has issued rulings regarding what the FDA has and hasn't done and the admissibility or inadmissibility of the parties' perspectives on that after the end of discovery. Given that language is subject to nuance, the parties should meet and confer on these ground rules and seek guidance if there is disagreement.