Beth A. Wilkinson (*admitted pro hac vice*)
Brian L. Stekloff (*admitted pro hac vice*)
James M. Rosenthal (*admitted pro hac vice*)
Matthew R. Skanchy (*admitted pro hac vice*)
Alysha Bohanon (*admitted pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com

Moira K. Penza (*admitted pro hac vice*)
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, NY 10036
Telephone: 212-294-8910
mpenza@wilkinsonstekloff.com

John C. Massaro (*admitted pro hac vice*)
Daphne O'Connor (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone:202-942-5000
John.Massaro@arnoldporter.com
Daphne.OConnor@arnoldporter.com
Jason.Ross@arnoldporter.com
David.Kouba@arnoldporter.com

Lauren S. Wulfe (SBN 287592)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
Lauren.Wulfe@arnoldporter.com

Paul W. Rodney (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 15th Street, Suite 3100
Denver, CO 80202
Telephone: 303-863-1000
Facsimile: 303-832-0428
Paul.Rodney@arnoldporter.com

Angela R. Vicari (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: 212-836-8000
Facsimile: 212-836-8689
Angela.Vicari@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, and Altria Group Distribution Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*San Francisco Unified School District v. JUUL Labs, Inc., et al.*, Case No. 3:19-cv-08177-WHO | **Case No. 19-md-02913-WHO**<br><br>**ALTRIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S TRIAL BRIEF RE: FRE 1006 EXHIBIT CONCERNING JUUL SALES AND ADULT SMOKING PREVALENCE**<br><br>Judge:      Hon. William H. Orrick |

CASE NO. 3:19-md-02913-WHO

ALTRIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S TRIAL BRIEF RE FRE 1006 EXHIBIT CONCERNING JUUL SALES & ADULT SMOKING PREVALENCE

## INTRODUCTION

The Court should deny Plaintiff's request to transform a standard demonstrative—that compares cherry-picked data on distinct issues from different sources—into admissible evidence.

Contrary to Plaintiff's assertion, Altria's[1] objection to the demonstrative's admissibility does not hinge on whether the underlying data is presented in a "misleading" manner. Indeed, Altria does not object to the use of the proposed chart as a demonstrative during testimony with an appropriate witness, and the extent to which the demonstrative is misleading can be addressed through examination at the time.

Instead, there are three reasons why this demonstrative does not meet the standards for admission of a summary exhibit under Federal Rule of Evidence 1006: (1) it is not a summary of voluminous data, but rather attorney work product that cobbles together unrelated data (some of which is unfit for summarization) to make an argumentative comparison, (2) the underlying data is not admissible in its own right, and (3) Plaintiff has not identified a sponsoring witness who prepared the chart.

## ARGUMENT

### I.     The Proposed Demonstrative Is Not A Summary Exhibit.

Litigants may use a "chart . . . to prove the contents of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. These summary exhibits "must be accurate and nonprejudicial," *United States v. Mitchell*, 816 F.3d 865, 876 (D.C. Cir. 2016), and they may not be "argumentative," *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1159 (11th Cir. 2004). In proper practice, they merely compile and display relevant information from dozens of similar, related documents that would otherwise be inconvenient to move into evidence. For example, in *United States v. Aubrey*, the Ninth Circuit affirmed the use of a summary exhibit to represent "multiple bankers' boxes worth of documents concerning deposits and withdrawals from [the defendant's] bank accounts." 800 F.3d 1115, 1130–31 (9th Cir. 2015); *see also, e.g.*, *United States v. Stargell*, 738 F.3d 1018, 1022–23 (9th

---

[1] "Altria" refers to Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services, Inc. and Altria Distribution Company.

1  Cir. 2013) (summary of tax returns); *United States v. Rizk*, 660 F.3d 1125, 1228–29 (9th Cir.
2  2011) (summary of real estate transaction records); *United States v. Boulware*, 470 F.3d 931,
3  935–36 (9th Cir. 2006) (summary of taxable transactions), *rev'd on unrelated grounds*, 552 U.S.
4  421 (2008).

5        Measured against this standard, Plaintiff's demonstrative does not qualify as a summary
6  exhibit.  It does not distill "voluminous," similar documents, such as years of tax returns or bank
7  statements.  Instead, it compares two different measures (JUUL's retail sales vs. adult smoking
8  rates) reported on different schedules (weekly vs. annually) from different sources (sales data
9  from a private business vs. survey data from the federal government) and then presents its
10 findings in an argumentative manner by, among other concerns, plotting the information on a
11 graph with two unrelated axes.  Such a demonstrative, which "summarize[s] or synthesize[s]
12 disparate pages in the record," should be excluded from evidence.  *Stop B2H Coal. v. Bureau of
13 Land Mgmt.*, 553 F. Supp. 3d 1101, 1120 (D. Or. 2021) (applying Rule 1006).

14       Plaintiff's mixing and matching of unrelated records is the paradigmatic demonstrative
15 that "should be used only as a testimonial aid, and should not be admitted into evidence or
16 otherwise used by the jury during deliberations." *United States v. Wood*, 943 F.2d 1048, 1053
17 (9th Cir. 1991).  Indeed, if this demonstrative were considered admissible under Rule 1006, it
18 would open the door to admission of dozens of demonstratives that will be used by both parties
19 throughout the trial but only present the respective litigant's view of certain data.

20       Notably, one of the two data points reported in the demonstrative—the adult smoking
21 rates—does not even qualify as "voluminous" for purposes of Rule 1006.  Plaintiff's adult
22 smoking rates come from three Morbidity and Mortality Weekly Reports ("MMWR") published
23 by the Centers for Disease Control and Prevention ("CDC").  Those Reports, combined, are 22
24 pages.  And the relevant portions of the key sentences from which the data in the demonstrative
25 are taken—again, combined—*are fewer than 75 words*.

26       Thus, these Reports are inappropriate for Rule 1006 summarization.  By its own terms,
27 Rule 1006 reaches only otherwise admissible evidence "that cannot be conveniently examined in
28 court" because it is so "voluminous."  Fed. R. Evid. 1006; *see also United States v. West*, 948

F.2d 1042, 1045 (6th Cir. 1991). "The rationale behind the rule is to offer the only practicable means of making their contents available to the judge and jury." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984). The Reports do not meet this standard. *See Logan v. Westfield Ins. Co.*, 2020 WL 7007944, at *4 (W.D. La. Jan. 24, 2020) (excluding proposed summary exhibit of 115 pages of medical bills); *United States v. Seleznev*, 2016 WL 4140951, at *2 (E.D. Wash. Aug. 4, 2016) (excluding proposed summary exhibit of 40 passport stamps).

This confirms that the point of Plaintiff's demonstrative is not to summarize voluminous and related data, but to make an argumentative comparison about two different forms of data. That may be an appropriate demonstrative, but it is not admissible evidence.

## II.     Plaintiff's Source Data Is Inadmissible.

To qualify the demonstrative as admissible under Rule 1006, Plaintiff also has the burden of establishing that the material the demonstrative purports to summarize is admissible. *See Rizk*, 660 F.3d at 1130. Yet, Plaintiff has failed to establish that either source of underlying data satisfies any hearsay exception. The inadmissibility of either source requires exclusion of the demonstrative because "a summary of both inadmissible and admissible hearsay should not be admitted." *Paddack*, 745 F.2d at 1260.

### A.  Public Records Exception

The CDC's MMWRs are not admissible public records. Plaintiffs cannot launder thousands of hearsay statements through a government agency and into evidence. "[S]tatements by third parties who are not government employees (or otherwise under a legal duty to report) may not be admitted pursuant to the public records exception." *United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013); *see also United Food Grp., LLC v. Cargill, Inc.*, 2015 WL 13868984, at *7–9 (C.D. Cal. June 8, 2015) (excluding government employee emails that contained statements from non-employees); *Mamani v. Berzaín*, 309 F. Supp. 3d 1274, 1297 (S.D. Fla. 2018) (excluding government documents for which "the only conceivable explanation for how the information was obtained was by listening to the hearsay statements of third-parties"). The triple hearsay at issue in the MMWRs (survey respondents to the National Health Interview Survey ("NHIS"), NHIS to MMWRs, MMWRs to court) should be excluded.

### B. Business Records Exception

Plaintiff mistakenly contends that the Information Resources, Inc. ("IRI") data is an admissible business record. But to be admissible as evidence under Rule 803(6), that data "must be (1) made by a regularly conducted business activity, (2) kept in the 'regular course' of that business, (3) 'the regular practice of that business to make the memorandum,' (4) and made by a person with knowledge or from information transmitted by a person with knowledge." *Clark v. City of Los Angeles*, 650 F.2d 1033, 1036–37 (9th Cir. 1981).

The IRI data is not a business record. "The basis for the business record exception is that accuracy is assured because the maker of the record relies on the record in the ordinary course of business activities." *Id.* But IRI did not make the records that Plaintiff is relying on. Unknown and unnamed retailers did. IRI just collected and resold it. So this data is not a business record of IRI's; it is IRI's product.

### C. Residual Exception

The residual exception does not apply either. That exception only applies in "exceptional circumstances." *United States v. Bonds*, 608 F.3d 495, 500 (9th Cir. 2010). None are present here. IRI is no more reputable than any other business for purposes of the Federal Rules. It does not matter that institutions like Altria and the federal government rely on their data for limited purposes. If the residual exception applies here, to information that IRI collects from unknown third parties and then resells for profit, it is hard to determine what work product from a reputable corporation or organization might not qualify. Businesspeople turn to premier news outlets and financial institutions precisely because they cannot obtain comparably excellent analysis from less established sources through reasonable efforts. Yet, documents produced from these companies are frequently challenged and excluded. *See, e.g.*, *In re Oracle Corp. Sec. Litig.*, 2009 WL 1709050, at *8–10 (N.D. Cal. June 19, 2009) (collecting cases). The only exceptional circumstance here is Plaintiff's desire to admit attorney work product into evidence.

### III. Plaintiff's Demonstrative Lacks A Sponsoring Witness

Finally, Plaintiff has not identified a sponsoring witness for its demonstrative. *See United States v. Spalding*, 894 F.3d 173, 185 (5th Cir. 2018) (the admissibility of a chart offered under

Rule 1006 is contingent on "the chart preparer [being] available for cross-examination"). And Altria is unaware of any of Plaintiff's experts who address both measures (JUUL retail sales and adult smoking rates) in their reports for the proposition asserted in the demonstrative; nor does any of Plaintiff's fact witnesses have apparent facility with both measures. Indeed, that Plaintiff is rushing to get a determination of the admissibility of this demonstrative *before* opening—and not in connection with any witness—further suggests that the demonstrative is attorney-generated. But the Federal Rules do not permit summaries "prepared by a lawyer trying the case" to enter evidence. *United States v. Grajales-Montoya*, 117 F.3d 356, 361 (8th Cir. 1997).

## CONCLUSION

For the above reasons, SFUSD's motion should be denied.

Dated: April 23, 2023

Respectfully submitted,

*By: /s/ Beth A. Wilkinson*
Beth A. Wilkinson (pro hac vice)
Brian L. Stekloff (pro hac vice)
James M. Rosenthal (pro hac vice)
Matthew R. Skanchy (pro hac vice)
Alysha Bohanon (pro hac vice)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com

Moira K. Penza (pro hac vice)
**WILKINSON STEKLOFF LLP**
130 West 42nd Street, 24th Floor
New York, NY 10036
Telephone: 212-294-8910
mpenza@wilkinsonstekloff.com

By: /s/ John Massaro
John C. Massaro (admitted pro hac vice)
Daphne O'Connor (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: 202-942-5000
John.Massaro@arnoldporter.com
Daphne.OConnor@arnoldporter.com
Jason.Ross@arnoldporter.com
David.Kouba@arnoldporter.com

Lauren S. Wulfe (SBN 287592)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
Lauren.Wulfe@arnoldporter.com

Paul W. Rodney (*admitted pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
1144 15th Street, Suite 3100
Denver, CO 80202
Telephone: 303-863-1000
Facsimile: 303-832-0428
Paul.Rodney@arnoldporter.com

Angela R. Vicari (*admitted pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Telephone: 212-836-8000
Facsimile: 212-836-8689
Angela.Vicari@arnoldporter.com

*Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, and ALTRIA GROUP DISTRIBUTION COMPANY*

CASE NO. 3:19-md-02913-WHO        -7-        ALTRIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S TRIAL BRIEF RE FRE 1006 EXHIBIT CONCERNING JUUL SALES & ADULT SMOKING PREVALENCE

# CERTIFICATE OF SERVICE

I, Beth A. Wilkinson, hereby certify that on the 23th day of April 2023, I electronically filed the foregoing Altria's Response in Opposition to Plaintiff's Trial Brief re: FRE 1006 Exhibit Concerning JUUL Sales and Adult Smoking Prevalence with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to all counsel of record.

By:   */s/  Beth A. Wilkinson*