Lauren S. Wulfe (SBN 287592)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, CA 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
Lauren.Wulfe@arnoldporter.com

John C. Massaro (*pro hac vice*)
Daphne O'Connor (*pro hac vice*)
Jason A. Ross (*pro hac vice*)
David E. Kouba (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
John.Massaro@arnoldporter.com
Daphne.OConnor@arnoldporter.com
Jason.Ross@arnoldporter.com
David.Kouba@arnoldporter.com

Moira K. Penza (*pro hac vice*)
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, NY 10036
Telephone: 212-294-8910
mpenza@wilkinsonstekloff.com

Paul W. Rodney (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 15th Street, Suite 3100
Denver, CO 80202
Telephone: 303-863-1000
Facsimile: 303-832-2301
Paul.Rodney@arnoldporter.com

Angela R. Vicari (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: 212-836-8000
Facsimile: 212-836-8689
Angela.Vicari@arnoldporter.com

Beth A. Wilkinson (*pro hac vice*)
Brian L. Stekloff (*pro hac vice*)
James M. Rosenthal (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)
Alysha Bohanon (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com

Attorneys for Defendants Altria Group, Inc.,
Philip Morris USA Inc., Altria Client Services LLC,
and Altria Group Distribution Company

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 19-MD-02913-WHO **ALTRIA'S SUPPLEMENTAL SUBMISSION REGARDING PROPOSED FINAL JURY INSTRUCTIONS** |
| This Document Relates to: *San Francisco Unified School District v. JUUL Labs, Inc., et al.* Case No. 3:19-cv-8177-WHO | Hon. William H. Orrick Ctrm: 2 |

**INTRODUCTION**

As referenced by counsel at the Court's May 8, 2023 charge conference, Altria[1] respectfully submits this supplemental filing to propose two additional final jury instructions, which are set out below with positions in support.[2]

In addition, and with apologies for not raising at the charge conference, Altria respectfully suggests the deletion of the following phrase from the second sentence in the second paragraph of the Court's "Compensatory Damages" instruction: "any remedy will be determined by the Court in a subsequent proceeding." Proposed Final Jury Instructions at 44, ECF 4006. Plaintiff's proposed instruction from February did not include this phrase; Altria's did. While Altria appreciates the Court's consideration on this point, upon further reflection, Altria is of the view that the instruction is better without this phrase. The phrase provides jurors with additional information that is not necessary for them to know and runs the risk of encouraging some jurors to defer their own consideration of the issues to the respected Court. A redlined version of this instruction is below.

**ALTRIA'S ADDITIONAL PROPOSED FINAL JURY INSTRUCTIONS**

**Evidence Concerning Combustible Cigarettes**

**ALTRIA'S PROPOSAL:**

You have heard testimony and evidence concerning Altria's conduct with respect to combustible cigarettes that occurred before Altria's interactions with JLI. You may consider this testimony and evidence only to the extent that you determine it tends to support or refute one or more of the elements of one of the claims in this case, which are claims based on Altria's interactions with JLI. The claims in this case do not otherwise concern Altria and combustible cigarettes at times prior to Altria's interactions with JLI.

---

[1] *See* ECF No. 3468 (stipulation providing that the four Altria Defendants—Altria Group, Inc., Philip Morris USA Inc., Altria Group Distribution Company, and Altria Client Services LLC—will be treated as single entity solely for purposes of trial in this case).

[2] Altria previously submitted proposed final jury instructions with the parties' Joint Pretrial Statement. *See* Jt. Pretrial Statement at Ex A, ECF 3817-1. Altria expressly preserves the arguments, positions, and objections it raised when previously submitting proposed instructions, including those reflected in Altria's preliminary statement, proposed instructions, positions in support of its instructions, and responses to Plaintiff's proposed instructions.

**ALTRIA'S POSITION:**

Altria's proposed instruction is warranted given Plaintiff's evidence during trial. Plaintiff's claims in this case are based on JUUL vapor products, Altria's conduct with respect to JUUL and JLI, and the impact of JUUL products on schools in the SFUSD. Despite this focus, from the outset, Plaintiff repeatedly offered evidence and arguments concerning Altria's historical conduct when manufacturing combustible cigarettes. As just one example, Plaintiff's first witness, Dr. Grunberg, spent his first day on the witness stand recounting conduct by tobacco companies, including Altria, that took place 30, 40, or 50-plus years ago. *See generally* Trial Tr. at 399:12-402:24 (discussing cigarette smoking numbers and Surgeon General Report and research from 1980s); *id.* at 405:24-406:13 (discussing cigarette company statement from 1980s); *id.* at 409:18-410:5 (discussing HIPPO research from late 1950s and early 1960s) (Grunberg); *see also* Trial Tr. at 527:13-529:9 (discussing historical cigarette advertising campaigns from 1950s, 1960s, and 1970s on second day of testimony; demonstrative slide 54). Plaintiff also offered Surgeon General Reports discussing combustible cigarettes and historical conduct by the tobacco industry. *See, e.g.*, TX 0476 (clip from 1988 Surgeon General Report); TX 0102 (A Report of the Surgeon General Preventing Tobacco Use Among Youth and Young Adults (2012)). Plaintiff's reasons for offering this evidence seem transparent. Plaintiff hopes to tap into historical animus against tobacco companies, taint the jury's consideration of the actual issues, and obtain a verdict based on historical conduct that has no bearing here. The requested instruction is necessary to mitigate the risk that the unnecessary and irrelevant tobacco-related evidence will have precisely that effect.

Altria's instruction is also necessary given the terms and limitations created by the Master Settlement Agreement ("MSA"), which Philip Morris USA and other cigarette companies entered into with 46 states, including California, on November 23, 1998. *See* MSA (*available at* https://www.naag.org/our-work/naag-center-for-tobacco-and-public-health/the-master-settlement-agreement/). The MSA precludes "Releasing Parties" from bringing "Released Claims" against "Released Parties." *See id.* § XII. "Released Parties" includes Philip Morris USA Inc. and Philip Morris USA Inc.'s past, present, and future "Affiliates," a broadly defined term that would include the other Altria Defendants. *Id.* §§ II(d), II(hh). "Releasing Parties" is also broadly defined to include

(1) any Settling State's subdivisions . . . public entities, public instrumentalities and public educational institutions; and (2) persons or entities acting in a parens patriae, sovereign, quasi-sovereign. . . capacity." *Id*. § II(nn). This term thus would include Plaintiff. Finally, "Released Claims" include claims that are "directly or indirectly based on, arising out of or in any way related, in whole or in part, to (A) the use, sale, distribution, manufacture, development, advertising, marketing or health effects of, (B) the exposure to, or (C) research, statements, or warnings regarding [cigarettes]." *Id*. § II(vv). To the extent that Plaintiff is permitted to seek recovery based on allegations and evidence concerning cigarettes, it would be bringing "Released Claims" that are barred under the MSA. *See id*. § 12.

**Punitive Damages – Conduct Related to Cigarettes Not a Basis for Punitive Damages**

**ALTRIA'S PROPOSAL:**

In determining the amount of punitive damages, if any, to be awarded against Altria you may not consider Altria's conduct with respect to combustible cigarettes.

**ALTRIA'S POSITION:**

Altria's proposed instruction is an accurate statement of law. "A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of the other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis . . ." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003); *see also, e.g.*, *Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) (holding that "the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties"); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580 (1996) (similar); *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 22 (1991) (similar); *Burke v. Deere & Co.*, 6 F.3d 497, 511 (8th Cir. 1993) (similar).

Given the evidence offered at trial, this instruction is necessary to prevent prejudice to Altria. This case concerns JUUL vapor products and Altria's JUUL-related conduct. It does not relate to combustible cigarettes. Plaintiff, however, offered extensive evidence at trial concerning Altria's

cigarette-related conduct. *See supra* at 3. This evidence cannot be the basis of punitive damages because its unrelated to Plaintiff's claims and alleged injuries.

Moreover, Plaintiff cannot recover punitive damages based on conduct related to cigarettes given the terms and limitations imposed by the Master Settlement Agreement ("MSA"), which Philip Morris US and other cigarette companies entered into with 46 states, including California, on November 23, 1998. *See* MSA (*available at* https://www.naag.org/our-work/naag-center-for-tobacco-and-public-health/the-master-settlement-agreement/). The MSA releases "Released Parties" from "Released Claims" brought by "Releasing Parties." *See id*. § XII. The term "Released Parties" includes Philip Morris USA and its past, present, and future "Affiliates," a defined term that would include the other Altria Defendants. *Id*. §§ II(d), II(hh). "Releasing Parties" is also broadly defined to include (1) any Settling State's subdivisions . . . public entities, public instrumentalities and public educational institutions; and (2) persons or entities acting in a parens patriae, sovereign, quasi-sovereign. . . capacity." *Id*. § II(nn). "Released Claims" include claims "directly or indirectly based on, arising out of or in any way related, in whole or in part, to (A) the use, sale, distribution, manufacture, development, advertising, marketing or health effects of, (B) the exposure to, or (C) research, statements, or warnings regarding [cigarettes]." *Id*. § II(vv). To the extent that Plaintiff is permitted to seek recovery based on allegations and evidence concerning cigarettes, it would be bringing "Released Claims" that are barred under the MSA. *See id*. § 12.

**ALTRIA'S PROPOSED AMENDED INSTRUCTION**

**COMPENSATORY DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for SFUSD on either its negligence or RICO claims, you must determine SFUSD's damages. For SFUSD's nuisance claim, you will not make any determination on damages, ~~any remedy will be determined by the Court in a subsequent proceeding~~.

SFUSD has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate SFUSD for any injury you find was caused by Altria. It is for you to determine what damages, if any, have been proved.

SFUSD does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, your award must be based on evidence and not on speculation, guesswork, or conjecture.

DATED: May 8, 2023                    ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ *John C. Massaro*
   John C. Massaro (*admitted pro hac vice*)
   Daphne O'Connor (*admitted pro hac vice*)
   Jason A. Ross (*admitted pro hac vice*)
   David E. Kouba (*admitted pro hac vice*)
   Angela R. Vicari (*admitted pro hac vice*)
   Paul W. Rodney (*admitted pro hac vice*)
   Lauren S. Wulfe (SBN 287592)

   WILKINSON STEKLOFF LLP
   Beth A. Wilkinson (*admitted pro hac vice*)
   Brian L. Stekloff (*admitted pro hac vice*)
   James M. Rosenthal (*admitted pro hac vice*)
   Moira K. Penza (*admitted pro hac vice*)
   Matthew R. Skanchy (*admitted pro hac vice*)
   Alysha Bohanon (*admitted pro hac vice*)

Attorneys for Defendants ALTRIA GROUP, INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, AND PHILIP MORRIS USA INC.

**CERTIFICATE OF SERVICE**

I, John C. Massaro, hereby certify that on the 8th day of May 2023, I electronically filed the foregoing **ALTRIA'S SUPPLEMENTAL SUBMISSION REGARDING PROPOSED FINAL JURY INSTRUCTIONS** with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to all counsel of record.

By: */s/ John C. Massaro*

John C. Massaro (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
John.Massaro@arnoldporter.com