[Submitting Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Cases | Case No. 3:19-md-02913-WHO<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT FEE COMMITTEE**<br><br>**Judge:** Hon. William H. Orrick<br>**Date:** July 19, 2023<br>**Time:** 2:00 PM<br>**Ctrm.:** 2 |

1

## NOTICE OF MOTION AND MOTION

2   **PLEASE TAKE NOTICE** that on July 19, 2023 at 2;00 PM, in Courtroom 2 of this

3   Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Plaintiffs,

4   through Court-appointed Co-Lead Counsel, and with the consent of JCCP-appointed Co-Lead

5   Counsel, will and hereby do move for an order appointing a Fee Committee to recommend

6   common benefit fee and cost awards in connection with the four JLI settlements.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

Plaintiffs, though Court-appointed Co-Lead Counsel, and with the consent of JCCP Co-Lead Counsel, respectfully move the Court to appoint a Fee Committee. The Committee will be responsible for recommending to the Court the allocation of law firm fee and cost common benefit awards in connection with the JLI settlements announced on December 6, 2022, with the awards to be derived from (1) the hold backs ordered by Case Management Order 5(A); (2) the hold backs ordered by the parallel orders to CMO 5(A) issued in the JCCP; and (3) the hold backs required by Section 21.2 of the Personal Injury Settlement Agreement, Section 19.2 of the Government Entity Settlement Agreement, and Section 19.2 of the Tribal Settlement Agreement. The Fee Committee will also make a recommendation on the allocation of any class fee or cost awards granted under Federal Rule of Civil Procedure 23(h). Plaintiffs also request that the Court clarify that Settlement Master Thomas J. Perrelli's responsibilities extend to assisting in resolving any disputes amongst the Fee Committee, and set a schedule for the Fee Committee's recommendations, any objections, a reply, and a hearing.

## II. BACKGROUND

### A. Case Management Orders 5 and 5(A) and Companion JCCP Orders Provide for a 7% Hold Back.

Early in this MDL, this Court entered Case Management Order 5(A) establishing common benefit fee and expense funds "to provide for the equitable sharing among Plaintiffs and their counsel of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all Plaintiffs in this complex litigation." ECF 586, ¶ 7. The order notes that "Plaintiffs' Co-Lead Counsel, Liaison Counsel, the members of the Plaintiffs' Steering Committee [] and other authorized counsel, have done and will continue to do common benefit work on a contingent basis. The MDL PSC has invested and will continue to invest substantial time and financial resources related to motion practice, discovery, and bellwether trials against many Defendants. This work has and will benefit all Plaintiffs with claims against Defendants related to the subject matter of this MDL." *Id.*, ¶ 2. The Court found it "just and appropriate to provide a system of assessment on any settlements and recoveries[] to which this substantial

effort has contributed." *Id.*, ¶ 6.

Accordingly, the order requires a "hold back" from any settlement or judgment in "[a]ll cases or claims settled pursuant to an MDL-negotiated or supervised settlement agreement." *Id.*, ¶ 12. The hold back was set at 7% (5% for fees and 2% for costs) of the "Gross Monetary Recovery" in any case. *Id.*, ¶ 37(a). For "cases subject to an assessment," the Court ordered that "Defendants … withhold an assessment from any and all amounts paid to plaintiffs and their counsel" and direct funds into specified accounts. *Id.*, ¶ 43. The hold back did not apply to "any class action settlement or recovery." *Id.*, ¶ 60. Parallel orders were entered in the JCCP. **Ex. A** (JCCP CMO 8); **Ex. B** (JCCP CMO 10).

In a separate Case Management Order 5, the Court set "specific guidelines and rules for work performed and expenses and costs incurred in this MDL." ECF 352 at 1, 3-6 (defining compensable "Common Benefit Work" and "Common Benefit Expenses"). The Court set forth requirements for time- and record-keeping and reporting of time and expenses to the Court. *Id.* at 6-14. And the Court anticipated that it "may appoint a fee committee per subsequent order." *Id.* at 2. Parallel orders were entered in the JCCP. **Ex. C** (JCCP CMO 5); **Ex. D** (JCCP CMO 9).

### B. The Non-Class Settlements Incorporate CMOs 5 and 5(A) and Parallel JCCP Orders.

On December 6, 2022, Plaintiffs announced that four settlements had been reached with JLI on behalf of personal injury plaintiffs, government entity plaintiffs, tribal plaintiffs, and the economic injury class. The personal injury, government entity, and tribal settlements all expressly incorporate CMOs 5 and 5(A). London Decl., ¶ 3. For example, the personal injury settlement provides that:

> The Personal Injury Settlement Administrator shall deduct common benefit funds from each allocation from the Personal Injury Settlement Trust Account made to a Personal Injury Plaintiff that accepts the settlement set forth in this Settlement Agreement. The Personal Injury Settlement Administrator shall place those funds into separate subtrust accounts created and held by the Settlement Trust, pursuant to MDL Case Management Order Nos. 5 and 5(a) and the parallel JCCP Case Management Orders Nos. 5 and 8, including all amendments thereto.

**Ex. E** at ¶ 21.2. Further:

> Counsel with a basis to seek the payment of Attorneys' Fees and Expenses from the

common benefit fund may apply to the MDL Court or the JCCP Court for an award of Attorney's Fees and Expenses pursuant to MDL Case Management Order Nos. 5 and 5(a) and the parallel JCCP Case Management Orders, including all amendments thereto.

*Id.*, ¶ 21.3. Parallel provisions appear in the government entity and tribal settlements. **Ex. F** at ¶¶ 19.2, 19.3, **Ex. G** at ¶¶ 19.2, 19.3.

### C.  The Class Will Move Under Rule 23(h) for Fee and Costs Awards.

Under CMO 5(A), the hold back does not apply to "any class action settlement or recovery." ECF 585, ¶ 60. Instead, "[t]he payment of attorneys' fees and expenses for any class action settlement or recovery is governed by Federal Rule of Civil Procedure 23(h) or any analogous state court procedural rules." *Id.* Here, the class will move for awards of fees and expenses under Rule 23(h) subject to Court approval, with any allocation to be addressed separately. *See*, *e.g.*, *In re Nat'l Football League Players' Concussion Injury Litig.*, 814 F. App'x 678, 684 (3d Cir. 2020) (affirming the same procedure in an MDL class settlement); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944, 2016 WL 4126533, at *3 n.6 (N.D. Cal. Aug. 3, 2015) ("This order does not decide how the aggregate fee is to be allocated among the many firms that represented the class. The Special Master reserved jurisdiction on the issue of allocation of attorneys' fees to decide after the Court issues its final award on approval of the settlement and attorneys' fees/costs and incentive awards.") (quotation marks omitted).

### III.  THE COURT SHOULD APPOINT A FEE COMMITTEE TO RECOMMEND COMMON BENEFIT FEE AND EXPENSE ALLOCATIONS.

As called for in CMO 5, the Court should appoint a Fee Committee to recommend individual law firm fee and expense awards from the hold-backs from settlements subject to CMO 5(A) or the JCCP equivalents. The Fee Committee will also make a recommendation regarding allocation of any class fee and cost award granted under Federal Rule of Civil Procedure 23(h). Appointment of a fee committee is standard practice in MDLs, including those involving multi-jurisdictional practice and both class- and non-class components, and any proposed allocations are subject to the Court's ultimate discretion. For example, in the Syngenta MDL litigation, which culminated in a class settlement across multiple jurisdictions, the Tenth Circuit affirmed the district court's allocations of fee and expenses, and noted that "it is neither

1  unusual nor inappropriate for courts to consider lead counsel's proposed allocation of attorneys'
2  fees where the district court retains the ultimate power to review applications and allocations and
3  to adjust them where appropriate." *In re Syngenta AG MIR 162 Corn Litig.*, 61 F. 4th 1126, 1206-
4  07 (10th Cir. 2023) (citation and alteration omitted); *In re Nat'l Football League Players'*
5  *Concussion Injury Litig.*, 814 F. App'x at 684 (class settlement); *In re Chinese Manufactured*
6  *Drywall Prod. Liab. Litig.*, MDL 2047, 2017 WL 2290198, at *1 (E.D. La. May 25, 2017) (class
7  settlement arising from federal and state litigation); *In re Vioxx Prod. Liab. Litig.*, 760 F. Supp.
8  2d 640, 645 (E.D. La. 2010) (mass settlement).

The Fee Committee should include those "individuals who have been involved since the beginning of the … litigation and have performed significant roles in either or both the MDL and State Court litigation and are familiar with the work performed by common benefit counsel in all [JUUL] matters." *Chinese Drywall*, 2017 WL 2290198, at *1. Here the proposed Fee Committee includes the lead counsel who guided the respective parallel litigations involving personal injury, government entity, and class action claims. Plaintiffs propose that the following individuals be appointed to the Fee Committee:

> Sarah London, MDL Co-Lead and Liaison Counsel
> Dean Kawamoto, MDL Co-Lead Counsel
> Ellen Relkin, MDL Co-Lead Counsel
> Dena Sharp, MDL Co-Lead Counsel and Settlement Class Counsel
> Paul Kiesel, JCCP Private Plaintiffs' Co-Lead Counsel
> Mark Robinson, JCCP Private Plaintiffs' Co-Lead Counsel

Further, the Court should clarify that Settlement Master Thomas J. Perrelli's role in "faciliat[ing] settlement discussions among all parties to this multi-district litigation," ECF 564, extends to facilitating discussions and helping to resolve any disputes amongst the Fee Committee. Finally, the Court should set a schedule for Fee Committee's recommendation, any objections, the Fee Committee's reply, and a hearing. Plaintiffs propose the following schedule:

- Fee Committee Recommendations: July 25, 2023
- Objections: August 14, 2023
- Any Fee Committee Reply: August 31, 2023
- Hearing: Earliest date in September convenient for the Court.

## IV. CONCLUSION

For the reasons stated, the Court should appoint a Fee Committee to recommend common benefit fee and cost awards and allocations in connection with the four JLI settlements.

Dated: June 9, 2023                                   Respectfully submitted,

By: /s/ *Sarah R. London*

Sarah R. London
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000
slondon@lchb.com

By: /s/ *Dena C. Sharp*

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

By: */s/ Dean Kawamoto*

Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone: (206) 623-1900
dkawamoto@kellerrohrback.com

By: */s/ Ellen Relkin*

Ellen Relkin
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
erelkin@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Sarah R. London*
Sarah R. London