United States District Court
Northern District of California

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                        NORTHERN DISTRICT OF CALIFORNIA

8

9                                              Case Nos.

10   IN RE JUUL LABS, INC.,                    19-md-2913-WHO
     MARKETING, SALES PRACTICES,               20-cv-03717-WHO
11   AND PRODUCTS LIABILITY
     LITIGATION
12                                             ORDER AND SUGGSTION OF
                                               REMAND
13   This Document Relates only to:
     Case No. 20-cv-03717                      Re: Dkt. No. 27
14   BREATHE D.C.,

15                 Plaintiff,

16        v.

17   JUUL LABS INC.,

18                 Defendant.

19        Construing plaintiff Breathe D.C.'s pending motion as a motion for an Order of Suggestion

20   of Remand to the Judicial Panel on Multidistrict Litigation ("JPML"), for the reasons explained

21   below, that motion is GRANTED.

22                                   **BACKGROUND**

23        In January 2020, plaintiff Breathe D.C. ("Breathe") filed this case in the Superior Court of

24   the District of Columbia.  Defendant JUUL Labs, Inc. ("JLI"), removed the case to the District

25   Court for the District of Columbia and filed with the Judicial Panel on Multidistrict Litigation a

26   notice of a potential tag-along action to the *In re JUUL Labs, Inc. Marketing, Sales Practices &*

27   *Products Liability Litigation* MDL,19-md-02913-WHO ("*In re JUUL MDL*" or "MDL").  *See*

28

United States District Court
Northern District of California

1    Dkt. Nos. 1, 2.

2       While the case was pending in the District of Columbia, Breathe filed a motion to remand.

3    Dkt. No. 8.  The D.C. District Court held that motion in abeyance, pending final the determination

4    by the JPML on whether to transfer this case to this MDL.  March 23, 2020 Minute Order.  Over

5    Breathe's objections, the JPML issued a final order transferring the case to the *In re JUUL MDL*.

6    Dkt. No. 16.  On January 29, 2021, Breathe moved to "retransfer" this case back to D.C. District

7    Court.  Dkt. No. 22.  I denied that motion explaining that given the early stage of the MDL and by

8    operation of my Pretrial Order #1, all pending motions to remand and other substantive motions

9    were stayed.  Dkt. No. 23.  I found that Breathe had not shown a "sufficiently compelling reason"

10    for its motion to be addressed at that early juncture, but noted the " ambitious schedule" I had set

11    for resolution of the common issues and questions before me in the thousands of underlying cases

12    and indicated that Breathe's motion would be considered on the merits once it became effective

13    and efficient to do so.  *Id*.

14       On January 18, 2023, Breathe filed the pending motion requesting to lift the stay on its

15    pending motion to remand to D.C. Superior Court and its motion to "retransfer" this case "to D.C.

16    Federal Court."  Dkt. No. 27.  I heard oral argument on that motion on February 17, 2023.

17                     **LEGAL STANDARD**

18       Under 28 U.S.C. § 1407(a), each transferred action "shall be remanded by the [P]anel at or

19    before the conclusion of such [coordinated or consolidated] pretrial proceedings to the district

20    from which it was transferred[.]"  Although the Panel alone is vested with authority to remand a

21    case, it "has consistently given great weight to the transferee judge's determination that remand of

22    a particular action at a particular time is appropriate because the transferee judge, after all,

23    supervises the day-to-day pretrial proceedings." *In re Brand-Name Prescription Drugs Antitrust*

24    *Litig*., 170 F. Supp. 2d 1350, 1352 (J.P.M.L. 2001) ("*Prescription Drugs*") (citation omitted).

25       Generally speaking, the decision whether to remand a case or claim turns on "the totality of

26    circumstances involved in that docket." *Prescription Drugs*, 170 F. Supp. 2d at 1352. Section

27    1407 does not contemplate that a "transferee judge will necessarily complete all pretrial

28    proceedings in all actions transferred and assigned to him by the Panel[.]" *In re Evergreen Valley*

United States District Court
Northern District of California

1 *Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977).  To the contrary, the Panel "has the

2 discretion to remand a case when everything that remains to be done is case-specific," or when it

3 "will serve the convenience of the parties and witnesses and will promote the just and efficient

4 conduct of the litigation."  *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000) (citation and

5 alteration omitted); *see also In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs.*

6 *Litig.*, 840 F. Supp. 2d 1193, 1198 (D. Minn. 2012) ("[W]hether to remand turns on whether the

7 case will benefit from further coordinated proceedings as part of the MDL.") (quotation marks,

8 citation, and alteration omitted).

9 **DISCUSSION**

10 Having reviewed the arguments of Breathe D.C., as well as the objections of JLI, I find it

11 appropriate to send this case back to the JPML now with a suggestion of remand.  I do not reach

12 the merits of whether there was or is jurisdiction over Breathe D.C.'s sole claim (asserted under

13 the District of Columbia's Consumer Protection Procedures Act, "CPPA").  I only determine that

14 given the state of related proceedings in this MDL – in particular the settlement structures into

15 which JLI and Co-Lead Plaintiffs' Counsel have entered to resolve participating personal injury,

16 school district and local government entities, and Native American tribal entities' claims, as well

17 as the preliminary approval of the settlement of the consumer class action claims asserted against

18 JLI--I see no benefit from this case remaining in the MDL.  There are no further actions that I can

19 or should take to facilitate the pre-trial preparation or resolution of this specific, distinct case. *See*

20 Dkt. Nos. 3706, 3779.[1]

21 **CONCLUSION**

22 Therefore, it is SUGGESTED to the United States Judicial Panel on Multidistrict

23 Litigation that this case, 20-cv-03717-WHO *Breathe DC v. Juul Labs, Inc*. be remanded to the

24

25 [1] Both Breathe and JLI argue about whether there was or is federal jurisdiction over this case at
26 all, and relatedly whether this case should have been transferred to me as part of the *In re JUUL MDL*.  *See* Dkt. Nos. 27, 29, 30.  I already determined that there was subject matter overlap
27 between the types of factual allegations made by Breathe and the allegations in cases in this MDL. *See* Dkt. No. 23.  I have not and do not reach the question of whether there was jurisdiction in
28 federal court over the CPPA claim.  That issue is better determined within the District of Columbia upon remand.

3

United States District Court for the District of Columbia.

**IT IS SO ORDERED.**

Dated: June 12, 2023

William H. Orrick
United States District Judge

4