# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICE AND PRODUCTS LIABILITY LITIGATION<br><br>*This Document Relates to All Plaintiffs Identified in Exhibit A* | 3:19-md-02913 (WHO)<br><br>Hon. William H. Orrick |

## JLI'S NOTICE OF MOTION TO DISMISS WITH PREJUDICE NON-COMMUNICATING PLAINTIFFS' CLAIMS

**PLEASE TAKE NOTICE** that on July 19, 2023, or as soon thereafter as this matter may be heard, in Courtroom 2 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Defendant Juul Labs, Inc. ("JLI") will and hereby does move for the Court to dismiss with prejudice plaintiffs identified in Exhibit A to JLI's Motion to Dismiss With Prejudice Non-Communicating Plaintiffs' Claims. The Motion is based on this Notice of Motion and the following Motion to Dismiss.

Dated: July 11, 2023                    /s/ *Timothy S. Danninger*

Timothy S. Danninger, FL Bar 95195
GUNSTER, YOAKLEY & STEWART, P.A.
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Telephone: (904) 354-1980
Facsimile: (904) 354-2170
tdanninger@gunster.com
(*pro hac vice*)

Gregory P Stone, SBN 78329
Bethany W. Kristovich, SBN 241891
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
gregory.stone@mto.com
bethany.kristovich@mto.com


Renee D. Smith (*pro hac vice*)
David M. Bernick
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
renee.smith@kirkland.com
David.bernick@kirkland.com


Peter A. Farrell, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5959
Facsimile: (202) 389-5200
peter.farrell@kirkland.com

*Attorneys for Defendant Juul Labs, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2023, I electronically served the foregoing Motion on all counsel of record in this action using the CM/ECF system.

/s/ *Timothy S. Danninger*
Timothy S. Danninger

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICE AND PRODUCTS LIABILITY LITIGATION<br><br>*This Document Relates to All Plaintiffs Identified in Exhibit A* | 3:19-md-02913 (WHO)<br><br>Hon. William H. Orrick |

**JLI'S MOTION TO DISMISS WITH PREJUDICE
NON-COMMUNICATING PLAINTIFFS' CLAIMS**

Pursuant to Case Management Order ("CMO") No. 16, Juul Labs, Inc. ("JLI"), moves the Court for an Order dismissing the Plaintiffs listed on Exhibit A with prejudice for being "Non-Communicating Plaintiffs." This motion is supported by declarations of the Personal Injury Settlement Administrator, BrownGreer, and JLI's counsel, Timothy S. Danninger. Plaintiffs' Leadership does not object to the Court dismissing with prejudice the claims brought by the Non-Communicating Plaintiffs included on Exhibit A to this Motion.

**A. The Personal Injury Settlement Agreement**

On December 6, 2022, JLI and Plaintiffs' Leadership (the "Parties") entered into the Personal Injury Settlement Agreement (the "Settlement Agreement"). Pursuant to the Settlement Agreement, "'Eligible Plaintiff'…means any Person capable of meeting the definition of Personal Injury Plaintiff." Settlement Agreement at ¶ 1.15. "'Personal Injury Plaintiff' means all individuals who personally, on behalf of another individual, or through an individual acting on their behalf (i) have filed or tolled a tort claim or cause of action against any Released Party for personal injury as of the date of this Settlement Agreement, whether or not the claim or cause of action has been consolidated into MDL No. 2913 or JCCP No. 5052; or (ii) are represented by counsel to pursue a tort claim or cause of action against any Released Party for personal injury that has accrued as of the date of this Settlement Agreement, but which claim or cause of action has not yet been filed but is filed within five (5) Business Days of the Execution Date. . ." *Id.* at ¶ 1.39.

Pursuant to the Settlement Agreement, a Non-Communicating Plaintiff is defined as: "an Eligible Plaintiff whose attorney certifies that the Eligible Plaintiff cannot be located or fails to communicate or respond to their offer through the Settlement Program." *See id.* at ¶ 1.35.

The Settlement Agreement provides that any plaintiffs designated by their counsel as a Non-Communicating Plaintiffs by June 1, 2023 will be subject to the procedures outlined in the Implementation Order entered in the MDL Court, including dismissal of their Claims with prejudice. *See* Settlement Agreement at ¶ 9.3 ("Any Non-Communicating Plaintiff by June 1, 2023, will be subject to the procedures outlined in the Implementation Order entered in the MDL Court and the JCCP Court, including dismissal of their claims with prejudice.").

**B. The Court's Settlement Implementation Order (CMO 16)**

The Settlement Agreement was implemented by this Court through CMO No. 16. CMO No. 16 provides the process by which Eligible Plaintiffs[1] accept or opt-out of the Settlement Agreement. CMO No. 16 also provides processes by which non-compliant plaintiff claims are dismissed. *See, e.g.*, D.E. 3714 ("CMO 16") at Section V (Plaintiff Fact Sheet deficiencies).

CMO No. 16 requires plaintiffs' counsel to submit Counsel Certification Forms "identifying all of the personal injury claimants, government entities, or tribal entities that they represent." *Id.* at Section IV. These "Eligible Plaintiffs" are required to complete certain tasks in order to complete the settlement process, including submission of a completed and signed Plaintiff Fact Sheet. *Id.* at Section V.

Plaintiffs' counsel also had obligations and requirements under the Court's Settlement Implementation Order. For example, the Court ordered plaintiffs' counsel to "send [an] Informed Consent Letter to their respective clients to obtain informed consent to resolve their clients' claims

---

[1] An eligible personal injury plaintiff was defined by CMO No. 16 to be: "All individuals who personally, on behalf of another individual, or through an individual acting on their behalf have filed or tolled a tort claim or cause of action for personal injury against JLI as of December 13, 2022, whether or not the claim or cause of action has been consolidated into MDL No. 2913 or JCCP No. 5052, consistent with the requirements of the Personal Injury Master Settlement Agreement." CMO No. 16 at Section IV.

through the relevant Settlement Program." *Id*. at Section VI. The final step in a settling plaintiffs' CMO No. 16 submission obligations was to submit the "Settlement Program Eligible Plaintiff Participation Form, including Release and Confidentiality Form," which was due on May 15, 2023. *Id*. at Section VII.

CMO No. 16 required plaintiffs' counsel to "provide Certification for Personal Injury Opt-Outs, and produce a list of all Eligible Plaintiffs [to the Personal Injury Settlement Administrator ("BrownGreer")] who failed to respond to their settlement offer ("Non-Communicating Plaintiffs")" no later than May 15, 2023. CMO No. 16 at Section VII. And, on June 1, 2023, BrownGreer would provide "Plaintiffs' Leadership and JLI a list of all Personal Injury Opt-Outs and Non-Communicating Plaintiffs." *Id*.

**C. Implementation of CMO 16**

Plaintiffs' counsel provided BrownGreer lists of Non-Communicating Plaintiffs by law firm. (Affidavit of Morgan Meador ("Meador Aff.") ¶ 6.). The Non-Communicating Plaintiff figures have changed over time.

On June 1, 2023, BrownGreer provided the Parties with a list of 635 Non-Communicating Plaintiffs – comprised of 209 MDL personal injury plaintiff claims. (Meador Aff. ¶ 7(a)).

On June 7, 2023, BrownGreer provided the Parties with a revised Non-Communicating Plaintiffs' list that included 614 plaintiffs – comprised of 204 MDL personal injury plaintiffs.[2] (Meador Aff. ¶ 7(b)).

On June 15, 2023, BrownGreer provided the Parties with a further revised Non-Communicating Plaintiffs' list that included 616 plaintiffs – comprised of 212 MDL personal injury plaintiffs.[3] (Meador Aff. ¶ 7(c)).

---

[2] The total number of Non-Communicating Plaintiffs was reduced because 19 Non-Communicating Plaintiffs submitted completed enrollment packages and two Non-Communicating Plaintiffs communicated with their attorneys that they would be submitting the enrollment packages. (Meador Aff. ¶ 7(b) n.1).

[3] The total number of Non-Communicating Plaintiffs increased because seven Non-Communicating Plaintiffs had submitted completed enrollment packages/indicated they would be submitting the enrollment packages,

On June 23, 2023, BrownGreer again provided the Parties with a revised Non-Communicating Plaintiffs' list that included 608 plaintiffs – comprised of 212 MDL personal injury plaintiffs.[4] (Meador Aff. ¶ 7(d)).

On June 29, 2023, BrownGreer provided the Parties with a revised Non-Communicating Plaintiffs' list that included 639 plaintiffs – comprised of 222 MDL plaintiffs. (Meador Aff. ¶ 7(e)).[5]

On July 5, 2023, BrownGreer provided the Parties with a revised Non-Communicating Plaintiffs' list that included 639 plaintiffs – comprised of 221 MDL plaintiffs. (Meador Aff. ¶ 7(f)).[6]

BrownGreer has certified that plaintiffs' counsel has notified it of 221 MDL plaintiffs with filed cases that are deemed Non-Communicating Plaintiffs under the Settlement Agreement and CMO No. 16. (Meador Aff. ¶ 10). This motion only addresses 193 of the 221 Non-Communicating Plaintiffs, because the remaining plaintiffs identified with respect to the MDL action have had their claims previously dismissed or are unfiled. (Danninger Aff. ¶ 11-15).[7] These 193 MDL plaintiffs are included on Exhibit A, attached hereto.

---

but nine MDL Plaintiffs that were initially identified by counsel as opt-out plaintiffs were later confirmed to be Non-Communicating Plaintiffs. (Meador Aff. ¶ 7(c) n.2).

[4] The total number of Non-Communicating Plaintiffs was reduced because seven Non-Communicating Plaintiffs submitted completed enrollment packages and one Non-Communicating Plaintiff was determined to have duplicate actions in the JCCP and MDL actions. (Meador Aff. ¶ 7(c) n.3).

[5] The total number of Non-Communicating Plaintiffs increased because two Non-Communicating Plaintiffs submitted completed enrollment packages and two Non-Communicating Plaintiffs communicated with their attorneys that they would be submitting the enrollment packages, but 35 Plaintiffs that were not initially identified by counsel as Non-Communicating Plaintiffs were later confirmed to be Non-Communicating Plaintiffs. (Meador Aff. ¶ 7(e) n.4).

[6] The total number of Non-Communicating Plaintiffs remained the same, while the number of MDL plaintiffs was reduced because one Non-Communicating Plaintiff in the MDL action completed an enrollment package and one Non-Communicating Plaintiff in the JCCP action completed an enrollment package, but two JCCP plaintiffs were re-certified as Non-Communicating. (Meador Aff. ¶ 7(f) n.5).

[7] Specifically, JLI has determined:

(1) 26 plaintiffs BrownGreer identified as Non-Communicating Plaintiffs in the MDL action had previously had their claims dismissed with prejudice or, in the alternative, voluntarily dismissed their claims (Danninger Aff. ¶ 13) and;

**D. Relief**

Here, JLI seeks to dismiss with prejudice the claims of 193 Non-Communicating Plaintiffs in the MDL action, who have failed to communicate with their counsel despite receiving notices, documents, and filings ordered by this Court. These plaintiffs were all included on counsel's CMO No. 16 certifications of eligible plaintiffs, received notice of the Settlement Agreement and CMO No. 16 as ordered by the Court, received Informed Consent Letters from their counsel, failed to submit documents required to accept the settlement or to opt-out of the settlement, and repeatedly failed to communicate with their counsel regarding the settlement.

Plaintiffs' Leadership does not object to dismissing the claims of these 193 Non-Communicating Plaintiffs with prejudice. And dismissing the claims of the Non-Communicating Plaintiffs with prejudice is appropriate under the Settlement Agreement and CMO No. 16 and will further the purposes behind the Settlement Agreement and this Court's implementation thereof. *See, e.g.*, *In re Diet Drugs Products Liability Litigation*, 2009 WL 3444763 at *2 (E.D. Pa. Oct. 23, 2009) (upholding dismissal with prejudice of non-responsive plaintiff's claim where the Settlement Agreement and corresponding Implementation Order explicitly provided for such action in the absence of excusable neglect); *see also In re Deepwater Horizon*, 988 F.3d 192 (5th Cir. 2021) (same). Namely, the parties – with the Court's approval – carefully crafted CMO No. 16 to afford a process for those plaintiffs wanting to accept the settlement, an opt-out process for those desiring to reject the settlement, and to dismiss those plaintiffs with prejudice who fail to comply with the settlement or opt-out processes in a timely manner. Thus, dismissal here will remove from the settlement population those plaintiffs who have failed over a period of months to communicate with their own counsel. Moreover, it will bring finality for the Parties in this settlement to claims that plaintiffs have clearly evinced a desire not to pursue. Absent dismissals with prejudice, these Non-

---

(2) two plaintiffs BrownGreer identified as Non-Communicating Plaintiffs in the MDL action did not have valid case numbers or active cases before this Court and thus were not subject to dismissal. (Danninger Aff. ¶ 14).

Communicating Plaintiffs remain able to resurrect their claims or actions against JLI in the future, undermining a key purpose behind the settlement.

Accordingly, based on the foregoing, JLI hereby moves to dismiss with prejudice the claims of the plaintiffs identified in Exhibit A, all of whom are Non-Communicating Plaintiffs – as certified by their counsel.

Dated: July 11, 2023

/s/ *Timothy S. Danninger*

Timothy S. Danninger, FL Bar 95195
GUNSTER, YOAKLEY & STEWART, P.A.
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Telephone: (904) 354-1980
Facsimile: (904) 354-2170
tdanninger@gunster.com
(*pro hac vice*)

Gregory P Stone, SBN 78329
Bethany W. Kristovich, SBN 241891
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
gregory.stone@mto.com
bethany.kristovich@mto.com

Renee D. Smith (*pro hac vice*)
David M. Bernick
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
renee.smith@kirkland.com
David.bernick@kirkland.com

Peter A. Farrell, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5959
Facsimile: (202) 389-5200

JLI's Motion to Dismiss With Prejudice
Non-Communicating Plaintiffs' Claims

peter.farrell@kirkland.com

*Attorneys for Defendant Juul Labs, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2023, I electronically served the foregoing Motion on all counsel of record in this action using the CM/ECF system.

/s/ *Timothy S. Danninger*
Timothy S. Danninger