Neville S. Hedley (SBN 241022)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
Voice: 312-342-6008
Email: ned.hedley@hlli.org

*Attorneys for Objector Reilly Stephens*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-02913-WHO |
|---|---|
| This Document Relates to: ALL CLASS ACTIONS | Judge: Hon. William H. Orrick III<br>Courtroom: 2, 17th Floor<br>Date: August 9, 2023<br>Time: 2:00 P.M. |

DECLARATION OF REILLY STEPHENS

I, Reilly Stephens, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. My full name is Reilly Walsh Stephens. My address is 1952 3rd Street NE, Apt. 102, Washington, D.C., 20002. My phone number is 443-791-6801, and my email address is rstephens@libertyjusticecenter.org.

3. Before December 7, 2022, I commonly purchased JUUL products from brick-and-mortar retail gas stations and convenience stores in the United States. For example, I first recall purchasing a JUUL device and package of JUUL pods from Backbay Tobacco in Millsboro, Delaware, in the fall of 2020.

4. I do not fall within any of the categories of persons excluded from the class listed in paragraph 1.2 of the settlement agreement.

5. On July 5, 2023 I submitted a claim through the settlement website portal. My claim confirmation code is RI3CCHVS.

6. I intend to appear through my counsel Neville Hedley of the Hamilton Lincoln Institute's Center for Class Action Fairness ("CCAF") at the fairness hearing currently scheduled for August 9, 2023. Mr. Hedley jointly represents me with several other attorneys at CCAF: Theodore Frank; Anna St. John, Adam Schulman; Frank Bednarz; John Andren; and Max Schreiber..

7. I bring this objection in good faith. My objection applies to the entire class, because each class member is being asked to pay an excessive portion of the common fund in attorneys' fees.

8. I have no intention of settling this objection for any sort of side payment. Unlike many objectors who attempt or threaten to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of attorneys' fees, it is my understanding and belief that CCAF does not engage in *quid pro quo* settlements and will not withdraw an objection or appeal in exchange for payment.

9. Thus, if contrary to CCAF's practice and recommendation, I agree to withdraw my objection or any subsequent appeal for a payment by plaintiffs' attorneys or the defendant(s) paid to me or any person or entity related to me in any way without court approval, I hereby irrevocably waive

any and all defenses to a motion seeking disgorgement of any and all funds paid in exchange for dismissing my objection or appeal.

10. If I were to opt out from the settlement, I would not find it financially feasible to vindicate any claims I might have against the released parties.

11. The specific grounds of my objection are identified in the memorandum to be filed by my attorney contemporaneously with this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 10, 2023, in Washington, DC.

*Reilly Stephens*
Reilly Stephens