UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>ALL CLASS ACTIONS | Case No. 19-md-02913-WHO<br><br>**DECLARATION OF DENA C. SHARP IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF ALTRIA CLASS ACTION SETTLEMENT**<br><br>DATE: TBD<br>TIME: TBD<br>LOCATION: TBD<br><br>HON. WILLIAM H. ORRICK III |

I, Dena C. Sharp, declare as follows:

1. I am a partner of Girard Sharp LLP and am admitted to practice in the Northern District of California. I am one of the Court-appointed co-lead counsel in this matter. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this declaration in support of Class Plaintiffs' Motion for Preliminary Approval of Altria Class Action Settlement.

3. Attached as **Exhibit 1** is a true and correct copy of the Altria Class Action Settlement Agreement.

4. Attached as **Exhibit 2** is a true and correct copy of the Altria Plan of Allocation.

5. Attached as **Exhibit 3** is a true and correct copy of the Altria Long Form Notice.

6. Attached as **Exhibit 4** is a true and correct copy of the summary Postcard Notice.

7. Attached as **Exhibit 5** is a true and correct copy of the email notice to be sent to JUUL purchasers for whom JLI has email addresses and purchase data.

8. Attached as **Exhibit 6** is a true and correct copy of the email notice to be sent to identified Class Members other than direct purchasers, *i.e.*, Class Members for whom the Settlement Administrator obtained an email address because they filed a claim or sought to opt out of the JLI settlement.

9. Attached as **Exhibit 7** is a true and correct copy of the telephone script to be used for the automated number where class members can receive additional information (and talk to a live representative, if they so desire).

10. Attached as **Exhibit 8** is a true and correct copy of the template online claim form for class members with and without direct purchases from JLI (which, as modified, will also be the general form and content of paper claim forms should any Settlement Class Member request one).

11. Attached as **Exhibit 9** is a true and correct copy of exemplar internet banner ads.

12. Attached as **Exhibit 10** is a true and correct copy of a script for the video to be used for certain online publications.

- 1 -

DECLARATION OF DENA. SHARP IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
ALTRIA CLASS ACTION SETTLEMENT
CASE NO. 19-MD-02913-WHO

1      13.      Attached as **Exhibit 11** is a true and correct copy of a press release that provides information concerning the Settlement and the process for submitting claims.

14.      Attached as **Exhibit 12** is Class Plaintiffs' Proposed Order Granting Preliminary Approval of the Altria Class Action Settlement.

15.      Attached as **Exhibit 13** is a draft Proposed Order Granting Final Approval of the Altria Class Action Settlement that, if the Court grants Preliminary Approval, we anticipate submitting in connection with the Motion for Final Approval.

16.      Attached as **Exhibit 14** is a chart summarizing information identified in District Guidelines ¶ 11 regarding past distributions in class settlements.

17.      On May 18, 2020, this Court appointed Thomas J. Perrelli as Settlement Master. Dkt. 564. The Altria Class Action Settlement now before the Court is the result of extensive discussions conducted under Mr. Perrelli's supervision, and was reached under during the MDL bellwether trial of government entity San Francisco Unified School District. In those settlement negotiations, I served as counsel for the proposed Settlement Class, with the other co-lead counsel representing the interests of personal injury and government entity plaintiffs.

18.      Although I have confidence in Class Plaintiffs' claims, a favorable outcome at trial was far from assured. Class Plaintiffs would need to prevail on the interlocutory appeal of this Court's class certification order, overcome numerous substantive defenses at trial, maintain class certification through entry of a final judgment, and succeed on any post-judgment appeals. Defendants and their experts were prepared to contest every theory of liability and measure of damages. There are, for example, substantial disputes as to whether Altria was a part of an enterprise that engaged in a pattern of fraud and violated RICO, to what extent and in what time frame Altria could be found liable, and the quantum of damages. Both sides believed they had persuasive facts to support their positions, and there are limited precedents available regarding the parties' competing theories. At trial, competing experts would have offered conflicting opinions as to Altria's liability, the methods of calculating damages, and ultimately what damages, if any, should be awarded.

- 2 -

DECLARATION OF DENA. SHARP IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
ALTRIA CLASS ACTION SETTLEMENT
CASE NO. 19-MD-02913-WHO

19. After a competitive bidding process, Class Counsel previously selected Epiq to administer the class notice relating to the JLI Class Action Settlement, as well as the certification and pendency of the class claims against Altria. Before engaging Epiq to serve as the proposed Settlement Administrator for the Altria Settlement, we obtained a further cost estimate from Epiq which, in my experience and that of other members of the PSC and based on review of comparable estimates, is reasonable, particularly in light of Epiq's resources and relevant experience in this case and others. Epiq has developed a detailed plan for published and direct notice to class members. Epiq has also already processed and cleaned the data reflecting JLI's online sales, and has implemented the JLI Settlement notice plan, and received claims, opt outs, and other communications from Class Members in connection with the JLI Settlement. Given its ongoing work in connection with the JLI Settlement and the fact that we anticipate that the distribution of funds to class members will occur in a single set of distributions of the two settlement funds, Epiq is the most sensible choice for administration of the settlement. Choosing another administrator at this time would only lead to duplication of work and additional expense.

20. Pursuant to District Guidelines ¶1(g), I estimate, based on my experiences with recent settlements in other comparable consumer and economic loss class actions and the input of the Class Settlement Administrator, that between 200,000 and 2,000,000 Class Members (up to 15% of the Class) may receive payments.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of July, 2023 in San Francisco, CA.

*/s/ Dena C. Sharp*
Dena C. Sharp

- 3 -

DECLARATION OF DENA. SHARP IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF ALTRIA CLASS ACTION SETTLEMENT
CASE NO. 19-MD-02913-WHO

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2023 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Dena C. Sharp*
Dena C. Sharp

- 4 -

DECLARATION OF DENA. SHARP IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
ALTRIA CLASS ACTION SETTLEMENT
CASE NO. 19-MD-02913-WHO