UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Class Actions | Case No. 19-md-02913-WHO<br><br>**ORDER GRANTING PRELIMIMARY APPROVAL OF ALTRIA SETTLEMENT OF CLASS CLAIMS**<br><br>Re: Dkt. No. 4082 |

On July 26, 2023, Class Plaintiffs[1] entered into a settlement agreement to resolve economic loss claims asserted against Defendant Altria Group, Inc. and the other Released Parties ("Altria") involving the manufacture, labeling, marketing, and sale of JUUL—an electronic nicotine delivery system consisting of an electronic cigarette and a nicotine pack called a JUULpod. Class Plaintiffs moved the Court for preliminary approval of the proposed class action settlement, the terms and conditions of which are set forth in the Altria Class Settlement Agreement. Dkt. 4082-2.

This settlement follows the December 2022 JLI Class Action Settlement, which this Court preliminarily approved in January, 2023. Dkt. 3779. The Altria settlement will resolve the remaining class action claims in this MDL.

The Court has read and considered the Motion for Preliminary Approval ("Motion") and all of the supporting documents, including the Altria Class Settlement Agreement and attachments, the proposed Notice Plan, and the proposed Plan of Allocation. The Court finds that there are sufficient grounds for the Court to direct notice of the Settlement to be disseminated to

---

[1] The capitalized terms used in this Order shall have the same meaning as defined in the Altria Class Settlement Agreement and Plan of Allocation except as otherwise noted.

1  the proposed Settlement Class, and authorize the steps needed to determine whether the Altria
2  Class Settlement Agreement should be finally approved and the economic-loss claims set forth in
3  the Released Claims against Altria and the other Released Parties (which do not include claims
4  asserted in *In re Juul Labs, Inc. Antitrust Litigation*, Case No. 3:20-cv-02345-WHO that arise
5  from alleged anticompetitive conduct) dismissed.

Accordingly, it is **HEREBY ORDERED** that:

**Settlement Approval**

1. The proposed Altria Class Settlement Agreement is preliminarily approved as likely to be finally approved under Federal Rule of Civil Procedure 23(e)(2) and as meriting notice to the Settlement Class for its consideration. This determination is not a final finding that the Settlement or Plan of Allocation are fair, reasonable, and adequate, but it is a determination that good cause exists to disseminate notice to Settlement Class Members in accordance with the Notice Plan and to hold a hearing on final approval of the proposed Settlement and Plan of Allocation.

2. Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

   a. Class Plaintiffs and Class Counsel have adequately represented the Class.
   b. The Altria Class Settlement Agreement was negotiated at arm's length with the assistance of Thomas J. Perrelli, a well-respected and experienced private mediator, appointed by this Court as a Special Settlement Master.
   c. The monetary relief provided to the Settlement Class is adequate given the risks, delay, and uncertainty of continued litigation and trial, the effectiveness of the proposed method of distributing relief to the class, the terms of the proposed award of attorney's fees, and any agreement required to be identified under Rule 23(e)(3).
   d. The Altria Class Settlement Agreement and Plan of Allocation treat all Class Members equitably relative to each other.

  e. The scope of the Released Claims is consistent with the economic loss claims pled in the class action complaint, and specifically excludes from the Released Claims any personal injury claims and the claims asserted in *In re Juul Labs, Inc. Antitrust Litigation*, Case No. 3:20-cv-02345-WHO that arise from alleged anticompetitive conduct.

**Class Certification**

3. Based upon the Motion and other submissions of the Parties, the Court finds that the Settlement Class is likely to be certified for settlement purposes only. The Settlement Class is defined as: "All individuals who purchased, in the United States, a JUUL product from brick and mortar or online retailers before December 6, 2022."[2] Excluded from the Settlement Class are: (a) the judges in this case, and any other judges that may preside (or have presided) over the Litigation, including the coordinated proceeding captioned *JUUL Labs Product Cases*, Judicial Counsel Coordination Proceeding No. 5052, pending in the Superior Court of California, County of Los Angeles, Department 11, Settlement Master Thomas J. Perrelli, and their staff, and immediate family members; (b) Altria and any other named defendant in the litigation; (c) officers, directors, employees, legal representatives, heirs, successors, or wholly or partly owned subsidiaries or affiliated companies of Altria and any other named defendant in the litigation; (d) Class Counsel and their employees; (e) all purchases for purposes of resale or distribution; and (f) all individuals who timely and properly exclude themselves from the Settlement Class.

4. The Court previously certified a nationwide litigation class for claims under the federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962) ("RICO"). The Court finds, for the reasons stated in the Motion, that the Settlement Class largely overlaps with the one previously certified by the Court and that, for settlement purposes only, there is a sound basis for expanding the scope of the previously certified classes to encompass all the Settlement Class Released Claims against Altria and the other Released Parties. Although the Settlement Class includes JUUL products not included within the certified litigation classes, the common

---

[2] The Settlement Class here is identical to the Settlement Class in the JLI Class Action Settlement, which this Court previously considered and preliminarily approved. *See* Dkt. 3779.

3

questions that drove the certification of the litigation classes would likewise be the focal points of certification with respect to the additional products, *i.e.* the existence of a RICO enterprise.

    5.    The Court preliminarily finds that as follows, for purposes of Settlement only:

    a.    Members of the Settlement Class are so numerous as to make joinder impracticable. JLI's direct sales data, which covers only a portion of the Settlement Class, contains over two million unique names, meaning that the proposed Settlement Class contains millions of members.

    b.    There are questions of law and fact common to the Settlement Class. The litigation will focus on Defendants' conduct, its capacity to deceive, the existence of a RICO enterprise, the existence of a pattern of racketeering, the existence of a scheme to defraud, and the appropriate measure of aggregate damages.

    c.    Common questions predominate over any questions affecting only individual Settlement Class Members for purposes of the Settlement because the Defendants' conduct will drive the litigation. That is particularly true in the settlement context. As the Ninth Circuit has held, "predominance is easier to satisfy in the settlement context." *Jabbari v. Farmer*, 965 F.3d 1001, 1006 (9th Cir. 2020); *see also Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 304 n. 29 (3d Cir. 2011) (en banc) (courts are "more inclined to find the predominance test met in the settlement context") (internal quotation marks and alteration omitted). That is because "[s]ettlement may 'obviate the need to litigate individual issues that would make a trial unmanageable,' making common questions more important in the relative analysis." *Jabbari*, 965 F.3d at 1005-06 (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019)). "When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as . . . some affirmative defenses peculiar to some individual class members.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-54 (2016) (quoting 7AA C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1778, at 123–24 (3d ed. 2005)). Common questions—including the existence of the RICO

4

enterprise and Altria's involvement in that enterprise—will drive the resolution of the class claims.

   d. Class Plaintiffs' claims and the defenses thereto are typical of the claims of the Settlement Class Members and the attendant defenses for purposes of the Settlement. Class Plaintiffs allege that Defendants misled JUUL purchasers, engaged in a fraudulent scheme to enhance JUUL sales, and engaged in unfair conduct to market JUUL products to minors. Those theories of liability and injury are the same for Class Plaintiffs and members of the Settlement Class.

   e. Class Plaintiffs and their counsel have fairly and adequately protected the interests of the Settlement Class Members in this action with respect to the Settlement. Each Class Plaintiff has the same goal as members of the proposed Settlement Class (*i.e.*, holding Defendants accountable for their alleged deceptive and youth-focused marketing). Class Plaintiffs' interests are aligned with, and not in conflict with, those of Settlement Class members. The record reflects that each Class Plaintiff has dedicated substantial time and effort to this litigation by working with their counsel; reviewing pleadings; responding to discovery; searching for, collecting, and producing documents; and preparing to sit for depositions, among other things.

   f. A class action is superior to all other available methods for fairly and efficiently resolving this action. While individuals with personal injury claims may be motivated to file individual personal injury suits, the same is not true with respect to claims for economic losses. In fact, plaintiffs sought to litigate their economic loss claims as class actions instead of through their separate personal injury complaints. Given the substantial overlap among all class members' claims, it is highly desirable to concentrate economic loss claims in a single proceeding.

6. In its order preliminarily approving the JLI Class Action Settlement, the Court appointed Dena Sharp of Girard Sharp LLP as Settlement Class Counsel. Dkt. 3779. The Court finds, for the reasons stated in the Motion, that Class Plaintiffs and Class Counsel should represent the Altria Settlement Class as well.

Settlement Administration

7. The Court appoints and designates Epiq Systems, Inc. as the Settlement Administrator.

8. The Court approves the proposed Notice Plan, including the form, method, and content of the proposed notices, as well as the proposed claim form. The claim form and the notices are written in plain language, are easy to comprehend, and comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23, and any other applicable law. The Court finds that, given the nationwide scope of the litigation and extensive notice being provided, notice via publication in a California newspaper under the CLRA is not required in this case.

9. Responsibility regarding Settlement Administration, including implementing the Notice Plan, processing of claim forms, making payments under the Plan of Allocation, and any other related tasks assigned to the Settlement Administrator under the Altria Class Settlement Agreement or as this Court may order, shall be performed by the Settlement Administrator, subject to the oversight of Class Counsel and this Court as described in the Altria Class Settlement Agreement. No distributions shall be made from the settlement fund, or any account holding the settlement fund, absent the express authorization of Class Counsel.

10. The settlement fund shall be maintained as a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1. The settlement fund shall remain subject to the continuing jurisdiction of the Court.

11. The Court authorizes the payment of up to $2,500,000.00 from the Initial Class Settlement Administration Payment for notice and settlement administration costs prior to entry of Final Approval. The Settlement Administrator shall, on a weekly basis, provide Class Counsel with (1) billing records and (2) reports containing statistics concerning the delivery of notice, the submission of claims, and class member outreach (*e.g.* the number of calls to the toll-free website). The records and reports shall provide information as of the week prior to the report. Class Counsel shall review the billing records and reports within three days of receipt. Before engaging in any work that would result in costs exceeding $10,000, regardless of whether such

1  costs fall within the general scope of the previously-authorized work, the Settlement
2  Administrator shall obtain the express written consent of Class Counsel. Class Counsel and the
3  Settlement Administrator shall, based on the information provided by the Settlement
4  Administrator concerning the effectiveness of initial notice efforts, confer regarding the need for
5  and type of reminder notices.

6      12.    Prior to any payments being made for notice and settlement administration costs
7  and for trust administration costs, Class Counsel shall review the billing records and payments
8  shall only be made as reimbursement for costs that were previously authorized and already
9  incurred.

10      13.    Pursuant to Rule 23(e)(2) and 28 U.S.C. § 1715(d), a Final Approval Hearing shall
11  be held on the date set forth below, before the undersigned at the Phillip Burton Federal Building
12  and U.S. Courthouse, Courtroom 2, 17th Floor, 450 Golden Gate Ave, San Francisco, CA 94102,
13  for the purpose of finally determining whether (a) the Settlement Class should be certified for
14  settlement purposes under Federal Rule of Civil Procedure 23(a) and (b)(3); (b) the Altria Class
15  Settlement Agreement and Plan of Allocation should receive final approval as fair, reasonable,
16  adequate, and in the best interests of the Settlement Class in light of any objections presented by
17  Settlement Class Members and the Parties' responses to any such objections; (c) the application
18  of Class Counsel for the payment of attorneys' fees and expenses is reasonable and should be
19  approved, and (d) the Court should enter final judgment and dismissing Settlement Class
20  Members' claims, as provided in the Altria Class Settlement Agreement. The Final Approval
21  Hearing may be postponed, adjourned, or continued by further order of this Court.

22      14.    The Settlement Administrator shall provide a declaration attesting to its
23  compliance with the obligations set forth herein and the terms of the Notice Plan by the deadline
24  set forth below.

25      15.    Each Settlement Class Member who wishes to submit a claim shall submit a claim
26  individually using the procedures specified in the Long-Form Notice. Other than a parent or
27  guardian acting on behalf of a minor or other individual, or a duly authorized legal representative,
28

1  no Person may submit a claim on behalf of any other Person. For clarity, claims submitted by
2  third-party claims aggregators shall not be accepted by the Settlement Administrator.

3        16.     Each Settlement Class Member who wishes to be excluded from the Settlement
4  Class must submit to the Settlement Administrator a written statement requesting exclusion from
5  the Settlement. For clarity and to ensure the class members have full flexibility in exercising their
6  rights, individuals who previously opted out of the JLI Class Action Settlement must submit a
7  separate request for exclusion from the Altria Settlement if they wish to opt out of the Altria
8  Settlement. Such requests for exclusion must be made by submitting the online form on the
9  settlement website or by mailing a valid exclusion request by First Class U.S. Mail to the address
10 specified in the Long-Form Notice. Such requests for exclusion must be postmarked by the
11 deadline set forth below. To be effective, the request for exclusion must:

12           a.    Include the Class Member's full name and address;
13           b.    Explicitly and unambiguously state his or her desire to be excluded from the
14                Settlement Class; and
15           c.    Be individually and personally signed by the Class Member (if the Class
16                Member is represented by counsel, it must also be signed by such counsel).

17       17.     Any Settlement Class Member who previously requested exclusion from the JLI
18 Class Action Settlement may now, if they choose, opt back in to the JLI Class Action Settlement
19 by submitting to the Settlement Administrator by First Class U.S. Mail to the address specified in
20 the Long-Form Notice a written statement requesting to opt back in to the JLI Class Action
21 Settlement, and providing the Class Member's name, address, telephone number, and signature.
22 Such requests for exclusion must be postmarked by the deadline set forth below.

23       18.     Any Settlement Class Member who fails to submit a timely and valid written
24 request for exclusion consistent with this Order shall be deemed to be a member of the Settlement
25 Class (if finally approved) and as such shall be bound by all terms of the Altria Class Settlement
26 Agreement and orders of this Court pertaining to the Settlement Class.

19. Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Altria Class Settlement Agreement or any Final Approval Order, and shall have no standing to object to the Settlement.

20. Any Class Member wishing to make a claim must submit a Claim Form to the Settlement Administrator, pursuant to the instructions provided in the notice distributed to the Settlement Class. Whether submitted electronically online or mailed, Claim Forms must be submitted or postmarked no later than the deadline set forth below. Class Members who previously submitted a Claim Form in connection with the JLI Class Action Settlement will be deemed to have submitted a claim in Altria Settlement as well, and are not required to submit an additional Claim Form.

21. Any Settlement Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Altria Class Settlement Agreement. Any Class Member who intends to object to the Altria Class Settlement Agreement (including any request for attorneys' fees, expenses, or service awards) must submit a written notice of objections to the Clerk of the Court and be filed or postmarked by the deadline below. For clarity and to ensure the class members have full flexibility in exercising their rights, individuals who previously objected to the JLI Class Action Settlement must submit a separate objection to the Altria Settlement if they wish to object to the Altria Settlement. Objections must be individually and personally signed by the Settlement Class Member (if the Settlement Class Member is represented by counsel, the objection additionally must be signed by such counsel), and must include:

    a. The case name and number (*IN RE JUUL LABS, INC.*, Case No. 19-MD-02913-WHO).

    b. The objecting Class Member's full name, address, and telephone number, and, if available, email address;

    c. An attestation that the objector is a member of the Settlement Class;

    d. A written statement of all grounds for the Objection, accompanied by any legal support for the Objection;

      e.  Copies of any papers, briefs, or other documents upon which the Objection is based;

      f.  The name, address, email address, and telephone number of every attorney representing the objector; and

      g.  A statement indicating whether the objector and/or his or her counsel intends to appear at the Final Approval Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the Objection.

22.    The Settlement Administrator shall provide in writing to Defense Counsel and Class Counsel the names of those Class Members who have objected to the Settlement or who have requested exclusion from the Settlement Class in a valid and timely manner, and Class Counsel shall file a list of the persons who requested to be excluded from the Settlement Class and any objections (with supporting documentation) to the Settlement by the deadline set forth below.

23.    Class Plaintiffs shall file a motion for Final Approval of the Altria Class Settlement Agreement, including in response to any timely and valid objection to the Altria Class Settlement Agreement, and any motion for attorneys' fees and expenses by the deadline set forth below. Such materials shall be served on any member of the Settlement Class (or their counsel, if represented by counsel) whose objection is addressed in the Final Approval briefing. Copies of the motions shall be made available on the settlement website.

24.    Following the Final Approval Hearing, and based upon the entire record in this matter, the Court will decide whether the Altria Class Settlement Agreement should be finally approved and, if so, whether any attorneys' fees and expenses should be awarded to Class Counsel.

25.    If the Court determines the Settlement is reasonable, fair, and adequate, the Court will issue a Final Order and Judgment.

26.    Pending final determination of whether the Settlement should be approved, Class Plaintiffs and each Class Member, and any person purportedly acting on behalf of any Class Member(s), are hereby enjoined from pursuing, maintaining, enforcing, or proceeding, either

directly or indirectly, any Settlement Class Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties, provided that this injunction shall not apply to the claims of Settlement Class Members who have timely and validly requested to be excluded from the Class. This injunction will remain in force until the Effective Date or until such time as the Parties notify the Court that the Settlement has been terminated. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court, authority regarding the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

27. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Altria Class Settlement Agreement becomes null and void or terminates pursuant to its terms, this Order and all orders entered in connection herewith shall be of no further force and effect, and shall not be relied upon any purposes whatsoever in this Litigation or in any other case or controversy, and the Altria Class Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Altria Class Settlement Agreement.

28. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Altria Class Settlement Agreement.

29. The following deadlines shall apply and within three business days of this order Class Plaintiffs shall file a notice setting the specific calendar date for each of the deadlines set forth below:

| Event | Days After Entry of This Order |
|---|---|
| Payment of the Initial Class Settlement Administration Payment | 5 |
| Notice Period Commences (Email and Postcard) | 30 |
| Publication Notice Commences | 30 |
| Notice Period Concludes (Email and Postcard) | 60 |

11

| | |
|---|---|
| Publication Notice Fully Concludes | 90 |
| Notice Completion / Settlement Administrator Declaration Date | 90 |
| Motion for Final Approval Deadline | 129 |
| Fee and Expense Application Deadline | 129 |
| Claims Filing Postmark Deadline | 150 |
| Opt-Out Deadline | 150 |
| Objection Deadline | 150 |
| Opposition to Final Approval and Fee and Expense Application Deadline | 150 |
| Deadline for the Parties to file information concerning timely filed opt out requests and objections | 157 |
| Replies in support of Final Approval and Fee and Expense Application Deadline (including the filing of list of opt outs and objections) | 164 |
| Final Approval Hearing | March 6, 2024 |

**IT IS SO ORDERED.**

Dated: September 7, 2023



William H. Orrick
United States District Judge