UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO<br><br>**ORDER APPROVING FEE COMMITTEE RECOMMENDATIONS** |

In July 2020, I appointed a Fee Committee, comprised of attorneys who would be best situated to collectively understand how the case was litigated and settled, to recommend fee and expense awards in connection with the JLI settlements. Dkt. No. 4068. The Fee Committee has now made its recommendations that encompass distribution of funds available from (1) the hold backs ordered by Case Management Order 5(A); (2) the hold backs ordered by the parallel orders to CMO 5(A) issued in the JCCP; and (3) the hold backs required by section 21.2 of the Personal Injury Settlement Agreement, Section 19.2 of the Government Entity Settlement Agreement, and Section 19.2 of the Tribal Settlement Agreement. *Id.*[1] I also authorized Settlement Special Master Thomas J. Perrelli to facilitate discussions and help to resolve any disputes amongst the Fee Committee or other interested parties. *Id*. The Fee Committee shared its preliminary recommendations with all involved firms, and after months of negotiations and significant assistance from Special Master Perrelli, the Fee Committee submitted its Recommendations for my approval. Dkt. Nos. 4152, 4153.

The recommendations are based, first, on the audits of time made by Special Master Hon.

---

[1] The Fee Committee also made a recommendation on the allocation of any class fees or costs award granted under Federal Rule of Civil Procedure 23(h) from the JLI Settlement Fund of the class claims. *Id*. The award of those funds is addressed by a separate order.

(Ret.) Gail Andler under CMO 5 and its amendments, and then on the Fee Committee's weighing the hours each firm billed on the MDL through January 31, 2023, considering the totality of each firm's contributions to the litigation, and finally on negotiations conducted with the assistance of Special Master Perrelli. His work throughout this MDL made him uniquely situated to help counsel reach agreements. Dkt. Nos. 352, 596, 1202, 2307.

Out of the 62 firms that were part of this process and considered by the Fee Committee Recommendations, only one firm filed objections. Dkt. No. 4160 (Objections from the Law Offices of Esfand Nafisi PC). That firm's objections are two-fold.

First, the Nafisi firm objects that its time expended for the common benefit of the MDL was discounted because the firm was "tardy" and did not submit its common time according to the requirements of CMO 5(A) and its amendments. This objection is OVERRULED. As explained in the Fee Committee's response, Dkt. No. 4164, not all of the MDL time submitted by the Nafisi firm was discounted. The majority was, in part because *every* firm's common benefit time was discounted in light of the shortfall between monies available and the common benefit lodestar, and in part because the Nafisi firm's time records were not submitted for Judge Andler's audits, contrary to the clear requirements of CMO No. 5(A).[2] The Fee Committee appropriately discounted that firm's time for its noncompliance with the reporting requirements.[3] *See, e.g., In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 914 F.3d 623, 645 (9th Cir. 2019) (affirming denial of fees to objector who failed to provide evidence that "efforts actually benefited the class" and who failed to comply with the court-approved reporting and timekeeping requirements); *see also In re Am. Integrity Sec. Litig.*, No. CIV. A. 86-7133, 1989 WL 89316, at

---

[2] Mr. Nafisi's firm submitted thousands of hours on June 1, 2023, the "vast majority" of which were never submitted for review by the Co-Leads or Judge Andler or approved by a Co-Lead, as required under CMO 5 and its amendments. Joint Declaration (Dkt. No. 4164-2) ¶¶ 12-13; *see also* Dkt. No. 4152-1 ¶¶ 6-8 (describing review requirements and process).

[3] While Mr. Nafisi claims to have spent 7,500 "MDL hours," he does not identify what work was done to account for that significant amount of time or otherwise show why his firm should be treated differently than any of the other 61 firms, be excused from the requirements of CMO 5(A) and its amendments, and given its full lodestar. According to the Fee Committee, and not disputed by Mr. Nafisi, his role in the MDL was limited to work in connection with one addiction expert and taking two third-party depositions. Joint Declaration ¶¶ 6-7.

1   *3 (E.D. Pa. Aug. 8, 1989) (noting fees for "late time submissions were awarded when the court
2   was satisfied that failure to award any fees for the time spent would have been inequitable," but
3   "no quality multiplier has been awarded" because counsel violated the court orders "delineating
4   how time is to be accounted for and when it is to be submitted to lead counsel and/or the court"
5   given those orders "are significant in the orderly administration of the class action and cannot be
6   ignored without sanction.").

   Second, the Nafisi firm objects that the method by which the Fee Committee and the Class Counsel have divided up the monies, essentially combining the money available through the holdbacks authorized under CMO No. 5 and its amendments and the fees and expenses secured in connection with the JLI Class settlement, prioritizes firms with private fee agreements over firms that did work for the common benefit, like Mr. Nafisi's firm. *Id*.  This objection is OVERRULED.  As explained in the Order granting plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards, the coordinated nature of how this case was litigated – where the firms primarily representing one type of plaintiff (*e.g*., class, personal injury, tribal entity, or government entity) took on the common benefit work – ensured that work was not duplicated and efficiencies were achieved within the MDL.  That made sense, and so it was reasonable and appropriate to combine the potential funds available from holdbacks with the Class fees (as awarded) to determine fees and expenses compensation for the 62 firms was reasonable and appropriate.

   In addition to my independent observations and approval of the approach of the Fee Committee and Co-Lead Plaintiffs, I also acknowledge that Special Master Perrelli played a key role in securing fair and reasonable agreements between the Fee Committee and the firms involved.  He has done an outstanding job throughout this litigation, and his involvement in this process gives me added confidence in its fairness.  At the end of the day, there is only one firm that has objected to the Fee Committee's Recommendations.  This is a testament to the hard work of the Fee Committee and Special Master Perrelli.

Therefore, I ORDER as follows:

1. I approve the Fee Committee's proposed allocations of fees and costs in relation to the JLI Settlements as set forth in Exhibit 1 to the Fee Committee's Recommendations.

2. Co-Lead Counsel, the Fee Committee, and the JLI Settlement Trust Trustee are directed to take all actions necessary to implement the approved allocations, including paying individual firm awards as funds become available.

3. By separate order, I have issued a ruling on Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. Class Counsel and the JLI Settlement Trust Trustee have been directed to transmit the awarded fees and expenses from the class settlement to the appropriate sub-trust accounts established for MDL CMO 5 and 5(A) hold backs.

4. Co-Lead Counsel, the Fee Committee, Class Counsel and the JLI Settlement Trust Trustee are authorized to hold back, in whole or in part, the payment of the portions of the fee and cost allocations reflecting the Rule 23(h) class settlements awards until any appeals from the Rule 23(h) order are resolved.

5. Co-Lead Counsel, the Fee Committee, Class Counsel, and the JLI Settlement Trust Trustee are authorized to hold back, in whole or in part, the payment of any fee or cost allocations pending resolution of any appeals from this order.

**IT IS SO ORDERED.**

Dated: December 18, 2023



William H. Orrick
United States District Judge