EXHIBIT 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

IN RE JUUL LABS, INC.,
MARKETING SALES PRACTICES
AND PRODUCTS LIABILITY
LITIGATION

This Document Relates to:
All Class Actions

**CASE NO.  19-md-02913-WHO**

**SUPPLEMENTAL DECLARATION OF PROFESSOR ROBERT H. KLONOFF
RELATING TO ATTORNEYS' FEES**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................1

II.   QUALIFICATIONS ...........................................................................................................2

III.  MATERIALS REVIEWED ................................................................................................2

IV.   OVERVIEW .......................................................................................................................2

    A.    The Settlement ........................................................................................................2

    B.    Lodestar Information ..............................................................................................4

V.    DISCUSSION OF MY OPINION ......................................................................................5

VI.   CONCLUSION ...................................................................................................................9


APPENDIX A:    Curriculum Vitae

ROBERT H. KLONOFF, under penalty of perjury, declares as follows:

## I.   INTRODUCTION

1.      In a declaration I submitted in this MDL on June 23, 2023, Dkt. 4056-2 (hereafter Klonoff 6/23/2023 Decl.), I opined on class counsel's request for a 30 percent attorneys' fee award from a non-reversionary $255 million classwide settlement with JUUL Labs, Inc. ("JLI") relating to the manufacture, labeling, marketing, and sale of JUUL, an electronic nicotine delivery system. I opined on the methodology for calculating the lodestar attributable to the JLI settlement, given that the lodestar hours benefitted not only that settlement but also (1) the government entity and tribal cases, (2) the personal injury cases, and (3) the class settlement with Altria.[1]  I opined that the total lodestar should be divided into three equal categories: (1) one-third for the government entity and tribal cases, (2) one-third for the personal injury cases, and (3) one-third for the consumer class actions.  I urged the Court, in assessing the lodestar for the JLI settlement, to further reduce the lodestar attributable to the consumer class action category by 15 percent to reflect the fact that, out of the total combined fund that would be created by the JLI and Altria settlements, 15 percent of that fund was attributable to the Altria settlement.  Class counsel has now asked me to opine on a methodology for estimating the lodestar that should be attributed to the class settlement with Altria.  I recognize that my role is limited and that the Court will make the decision on the appropriate method for calculating the lodestar and, ultimately, the reasonableness of any fee request made by class counsel.

---

[1] Altria is used herein to refer collectively to Altria Group, Inc., Altria Client Services LLC, Altria Enterprises, LLC, Altria Group Distribution Company, and Philip Morris USA, Inc.

## II.    QUALIFICATIONS

2.      I described my qualifications at length in my prior declaration, *see* Klonoff 6/23/2023 Decl. ¶¶ 2-11, and will not repeat that discussion here.  My updated CV is attached hereto as Appendix A.

## III.    MATERIALS REVIEWED

3.      In addition to the materials listed in ¶ 12 of my 6/23/2023 Declaration, I have reviewed the preliminary approval papers filed in connection with the Altria settlement and updated lodestar information provided by class counsel.

## IV.    OVERVIEW

### A.  The Settlement

4.      I incorporate herein the discussion in my 6/23/2023 Declaration of the genesis of this litigation (¶¶ 14-17), motions to dismiss (¶¶ 18-26), discovery (¶¶ 27-28), case management (¶ 29), class certification and *Daubert* issues (¶¶ 30-38), merits experts (¶ 39), summary judgment (¶¶ 40-41), and the settlement agreement with JLI (¶¶ 42-44).

5.      The proposed settlement with Altria is for a non-reversionary fund of $45,531,250. The Altria settlement would resolve all remaining class claims against all remaining defendants in the MDL.[2]  After payment of attorneys' fees and expenses, as approved by the Court, this fund (like the fund from the JLI settlement) will be used to compensate class members who do not opt out of the settlement and submit timely claims.  Payments to class members will be based on

---

[2] Separately, Altria has now resolved personal injury claims by those asserting such claims, and public nuisance claims asserted by school districts and local government entities.

estimated amounts paid by class members for JUUL Products during the relevant time period. Apart from involving a smaller fund, the Altria settlement essentially mirrors the JLI settlement. As noted, the settlement encompasses all individuals in the United States (with certain exclusions, including, *e.g.*, employees of defendants) who purchased a JUUL Product from a brick-and-mortar or online retailer before December 6, 2022.  Class members can make a claim by using a special website, replying through an email link, returning a postcard, or following instructions for submitting a paper claim.  Moreover, class members who submitted a claim in connection with the JLI settlement need not submit another claim form but will receive a single payment that encompasses amounts due to them under both settlements.  The exact amounts awarded will depend on how much each claimant spent on JUUL Products compared to other class members who submit claims.  As noted in my prior declaration, Klonoff 6/23/2023 Decl. ¶ 43, class members will receive cash payments representing a percentage of the theoretical damages they could have received at trial.  Class members can opt out of the settlement, and those who do not can lodge objections.

6.    I am advised by class counsel that the settlement with Altria stemmed from extensive and protracted negotiations under the supervision of the court-appointed settlement master, Thomas Perrelli.  After the JLI settlement, the litigation continued against Altria.  The Altria settlement was announced on the twelfth day of the first MDL bellwether trial (involving a government entity plaintiff, the San Francisco Unified School District) and in the midst of Altria's appeal of the Court's class certification order.

### B.  Lodestar Information

7.      I am advised by class counsel that the total lodestar for the three categories of cases in both this MDL and in related California coordinated proceedings incurred through September 30, 2023, is $220,459,095.85, which is based on a total of 396,045.7 hours by the collection of timekeepers.  This lodestar figure includes time billed from the inception of the case through December 6, 2022 (363,344.1 hours, $199,336,544.05 lodestar), discussed in the Klonoff 6/23/2023 Decl., and new time billed after December 6, 2022 (32,701.6 hours, $21,122,551.80 lodestar).  I am advised by class counsel that, to ensure that class counsel's request for fees in connection with the Altria settlement is not based on hours spent pursuing attorneys' fees under Rule 23(h), time related to the JLI Fee Motion is *not* included in the lodestar figures above.  That lodestar also does not include more than 125 additional hours that class counsel anticipates spending to finalize and implement both the Altria and JLI settlements.  Such additional work will focus on providing high-level input concerning determinations that need to be made as part of the claims administration process and preparing submissions to the Court.  As in the JLI settlement, class counsel believe that a blended rate of approximately $750 will take into account the various levels of timekeepers who will assist in post-settlement work.  I am advised by class counsel that, under this Court's Case Management Order number 5, Doc. 352, counsel who submitted time were subject to rigorous time and expense reporting guidelines.  As discussed in my prior declaration, Klonoff 6/23/2023 Decl. ¶ 45, time records for common benefit work were subjected to review by Co-Lead Counsel and subsequently by Retired Judge Gail Andler.

8.      The highest billing rates for the five highest billing timekeepers at each of the co-lead law firms are set forth in my prior declaration, *see* Klonoff 6/23/2023 Decl. ¶ 45.  The five highest billing timekeepers at each co-lead law firm remain the same when the new time is

incorporated, and the billing rates for those timekeepers are largely unchanged.[3]   My prior declaration also set forth the average billing rate for each category of timekeeper, *id.* ¶ 46, and that information has not substantially changed.   Incorporating the new time billed after December 6, 2022, the average billing rates for each category are: $301 for paralegals/staff; $415 for staff attorneys; $429 for contract attorneys; $518 for associates; $778 for of counsel; and $840 for partners.

## V.   DISCUSSION OF MY OPINION

9.     On December 18, 2023, this Court issued its order approving attorneys' fees, expenses, and service awards to class representatives in the JUUL or JLI settlement.   *In re Juul Labs, Inc. Mktg., Sales Prac. & Prod. Liab. Litig.*, No. 19-md-02913-WHO, Dkt. 4179 at 1 (N.D. Cal. Dec. 18, 2023) (hereafter 12/18/23 Order).   The Court awarded class counsel 30% of the $255 million settlement fund, noting that an upward adjustment was warranted in light of factors such as the skill of class counsel, the "superb" quality of their work, and risks involved in the litigation. 12/18/23 Order at 4.   The Court also awarded class counsel accrued interest, expenses totaling $4.1 million, and approved service awards to class representatives, varying from $5,000 to $33,000 per representative. *Id.* at 1-2.   The Court noted that, while a 30% award "is large, it is not inconsistent with similar awards in similarly complex and risky cases" and that "[e]ach of the relevant facts supports an upward adjustment." *Id.* at 3.

---

[3] The only changes in billing rates are: Sarah London (partner at Lieff Cabraser) from $740 to $815; Reilly Stoler (partner at Lieff Cabraser) from $615 to $710; Robert Fernez, Alex Larrabee, and Peter Roos (contract attorneys at Lieff Cabraser) from $475 to $525; Dean Kawamoto (partner at Keller Rohrback) from $1,010 to $1,095; Garrett Heilman (associate at Keller Rohrback) from $650 to $695; and Brenna Willott (staff attorney at Keller Rohrback) from $475 to $480.

10.     This Court's evaluation of the reasonableness of the percentage fee included "roughly calculating" the lodestar cross-check. *Id.* at 5.  The Court noted that "calculating the appropriate lodestar to use for a cross-check [was] more difficult" considering the complexity of this MDL, and how plaintiffs' counsel "worked collaboratively to advance the common interests of all plaintiffs." *Id.*  More specifically, because plaintiffs' counsel "staffed and litigated the three tracks of cases within this MDL" and "substantial common benefit work . . . benefitted all of the tracks," there were a variety of proposed lodestar calculations offered. *Id.* at 5 n.5.  The Court found that my proposed methodology in roughly calculating the lodestar multiplier made "the most sense" given the amount of common benefit work performed in the three litigation tracks. *Id.* Ultimately, the Court concluded that the resulting 1.36 multiplier was "justified . . . by the excellent results of the Settlement, the skill and effectiveness of plaintiffs' counsel, the significant risks counsel faced, and the large expenses counsel incurred." *Id.* at 5.

11.     Here, class counsel is seeking, as attorneys' fees, 30 percent of the approximately $45.5 million non-reversionary settlement fund, *i.e.,* approximately $13.65 million, plus a proportionate share of any accrued interest.  For the reasons explained below, I believe this Court should use the same methodology for estimating the lodestar that it used in its 12/18/23 Order.

12.     As I explained in my 6/23/2023 Declaration (¶ 81), this case presents an unusual and challenging context to apply a lodestar cross-check.  The JLI class settlement involved the resolution of class claims against JLI and certain released parties.  It did not involve the consumer class claims against the Altria defendants, nor did it resolve the claims brought by the government entity cases or the personal injury plaintiffs.  Yet, much of the work by plaintiffs' counsel over the past several years was relevant not only to the consumer claims against JLI and the released parties

but also to the class claims against the Altria defendants and the claims in the other two categories of cases (personal injury and government entity).  For example, the first and second-wave motions to dismiss addressed legal issues in all three categories.  Many of the experts designated by both sides opined on issues relevant to all the cases.  Similarly, many of the documents produced by defendants and reviewed by plaintiffs' counsel—and many of the depositions taken—were relevant to all three categories of cases.  There is, accordingly, no simple method for determining the lodestar cross-check approach applicable to this settlement.

13.     Unlike the situation where a settlement resolves all claims against all defendants, there is no obvious method of isolating the time entries (or portions thereof) that should count towards the lodestar for this settlement with the Altria defendants.  The question, therefore, is: How much of the total lodestar should be allocated to this settlement?  In the JLI settlement, class counsel offered a variety of possible approaches for determining the lodestar.  12/18/23 Order at 5 n.5.  This Court referenced the methodology I proposed for the JLI settlement when it "roughly calculate[ed]" the lodestar. *Id*. at 5.

14.     I can think of no reason not to apply that same approach to the Altria settlement as well.  Indeed, the lodestar calculation used by this Court in connection with the JLI settlement specifically excluded 15 percent of the class action portion of the lodestar from the inception of the litigation to the date of the JLI settlement, recognizing that this time included work litigating the case against Altria but that the Altria settlement was not before it. *Id.*  I know of no change in facts or circumstances that would render the approach this Court took in the JLI settlement to be ill-advised for the Altria settlement.  Indeed, when I proposed this approach for the JLI settlement, I contemplated that the same approach could also be used for the Altria settlement.  Doing so

provides consistency in the fee awards, guards against double counting, and yields an overall lodestar for the two settlements that reasonably and conservatively estimates the total lodestar for the consumer class portion of the MDL.

15.     Thus, consistent with both this Court's 12/18/23 Order in the JLI settlement and my prior declaration, I would urge the Court to divide the $220 million lodestar figure by three— a third allocated to the consumer class actions, a third allocated to the personal injury cases, and a third allocated to the governmental entity cases.  Under this approach, a third of the total lodestar would be about $73.33 million. *Id.* at 5 (noting "1/3 of the work was attributable to each main category of case within this MDL").  The total settlement for both JLI and Altria is just over $300 million.  Of that total, the vast bulk of the fund is for the JLI settlement ($255 million for the JLI settlement and $45.5 million for the Altria settlement).  To ensure the most conservative approach, the one-third attributed to the consumer class actions should be further reduced substantially so that it reflects only the Altria settlement.  In percentage terms, 15 percent of the one-third lodestar figure should be attributed to the Altria settlement, with 85 percent already being attributed to the JLI settlement.  Thus, reducing the $73.33 million figure by 85 percent would yield an Altria-specific consumer class lodestar of approximately $11 million.  The $13.6 million fee sought here, and the $11 million Altria-specific lodestar then yield a multiplier of 1.24.  This Court has already found a higher multiplier of 1.36 to be reasonable.  12/18/23 Order at 5.[4]

---

[4] It is possible to derive a higher lodestar (thus a lower multiplier) by allocating to Altria post-settlement time that was spent solely on the Altria consumer class litigation.  I do not do so, however, because I believe that the approach outlined in this declaration and my prior declaration is a reasonable one.  Moreover, a 1.24 multiplier derived from my approach is reasonable under this Court's 12/18/23 Order.

## VI.   CONCLUSION

16.     In my opinion, the methodology for estimating the lodestar adopted by this Court in the JLI settlement works equally well for the Altria settlement.

* * *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct based on information known to me.

_Robert Klonoff_

Robert H. Klonoff

January 11, 2024

**APPENDIX A**

# CURRICULUM VITAE

**ROBERT H. KLONOFF**
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
Tel:  503-768-6601 (Office)
E-Mail:  klonoff@lclark.edu

Date of Birth:   March 15, 1955
Place of Birth:  Portland, Oregon

## EDUCATION:

J.D., Yale University, 1979

A.B., University of California, Berkeley, 1976, Majored in Political Science/Economics (Highest Honors)

## WORK EXPERIENCE:

### Current Position:

Jordan D. Schnitzer Professor of Law, Lewis & Clark Law School (since 2014)

### Prior Positions:

Dean of the Law School, Lewis & Clark Law School (2007-2014)

Douglas Stripp/Missouri Endowed Professor of Law, University of Missouri-Kansas City School of Law (2003-2007)

Jones Day, Washington, D.C. (Partner, 1991-July 2003; Of Counsel, 1989-1991, 2003- 2007)

Adjunct Professor of Law, Georgetown University Law Center (class action law and practice) (1999-2003)

Visiting Professor of Law, University of San Diego School of Law (1988-1989)

Assistant to the Solicitor General of the United States (1986-1988)

Assistant United States Attorney (Criminal Division, District of Columbia) (1983-1986)

Associate, Arnold & Porter, Washington, D.C. (1980-1983)

Law Clerk to the Honorable John R. Brown, Chief Judge, United States Court of Appeals for the Fifth Circuit (1979-1980)

Summer Associate, Baker & Botts, Houston, and Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C. (1978)

Summer Associate, Sidley & Austin, Washington, D.C. (1977)

## SPECIAL HONORS AND ACHIEVEMENTS:

Recipient, 2018 Albert Nelson Marquis Lifetime Achievement Award in the field of law from *Who's Who in America*

Member, 2011-2017, United States Judicial Conference Advisory Committee on Civil Rules (appointed by Chief Justice John G. Roberts, Jr., in 2011 as the sole voting member from the law school academy; reappointed May 2014 for a second three-year term)

Elected Member, International Association of Procedural Law

Selected in November 2013 for the J. William Fulbright Specialist Roster

Recipient, Oregon Consular Corps Award for Individual Achievement in International Outreach, Portland, Oregon (May 2013)

Associate Reporter, American Law Institute's *Principles of the Law of Aggregate Litigation* (class action project; drafts presented at several annual meetings; final version approved by full ALI in May 2009 annual meeting and published in May 2010)

Fellow, American Academy of Appellate Lawyers

Sustaining Life Fellow, American Bar Foundation

Academic Fellow, Pound Institute

Elected Member, American Law Institute

Recipient, 2007 Award for Outstanding UMKC Law Professor (based on vote of 3d year class)

2007 UMKC Law School Commencement Speaker (based on vote of 3d year class)

Recipient, 2006 UMKC Law School Elmer Pierson Teaching Award for Most Outstanding Teacher in the Law School (selected by the Dean)

Recipient, 2005 President's Award for Outstanding Service from the UMKC Law School Foundation

Reporter, 2005 National Conference on Appellate Justice (co-sponsored by the Federal Judicial Center, National Center for State Courts, and other organizations)

Co-Recipient, District of Columbia Bar's Frederick B. Abramson Award for Superior Service to the Community (June 1998)

Attorney General's Special Achievement Award for Outstanding Work as an Assistant to the Solicitor General of the United States (1986, 1987)

Attorney General's Special Achievement Award for Outstanding Work as an Assistant United States Attorney (1984, 1985)

The Benjamin N. Cardozo Prize for Best Moot Court Brief for Academic Year 1978-1979, Yale Law School

Semi-Finalist, Moot Court Oral Argument, Yale Law School (Fall, 1978)

Phi Beta Kappa

U.C. Berkeley's Most Outstanding Political Science Student (1976)

The Edward Kraft Award for Outstanding Work as a Freshman Student, U.C. Berkeley (1974)

**MEMBERSHIPS:**

U.S. Supreme Court Bar

Various Federal Circuit and District Courts

District of Columbia Bar

Missouri State Bar

Oregon State Bar

Multnomah County Bar

American Law Institute

American Bar Association

American Bar Association Committee on Class Actions & Derivative Suits (Section of Litigation)

**PUBLICATIONS:**

**Books:**

Klonoff, *Federal Multidistrict Litigation in a Nutshell* (West 2019)

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (West 5th ed. 2017)

Castanias & Klonoff, *Federal Appellate Practice in a Nutshell* (West  2d ed. 2017)

Klonoff, *Class Actions and Other Multi-Party Litigation: Cases and Materials* (West 4th ed. 2017) (with teacher's manual)

Klonoff, *Introduction to the Study of U.S. Law:  Cases and Materials* (West 2016)

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (Thomson West 4th ed.) (2012)

Klonoff, Bilich & Malveaux, *Class Actions and Other Multi-Party Litigation: Cases and Materials* (West 3d ed.) (2012) (with teacher's manual)

Klonoff (associate reporter), *Principles of the Law of Aggregate Litigation*, American Law Institute Publications (2010) (along with Samuel Issacharoff, reporter, and associate reporters Richard Nagareda and Charles Silver)

Castanias & Klonoff, *Federal Appellate Practice and Procedure in a Nutshell* (Thomson West) (2008)

Klonoff & Colby, *Winning Jury Trials:  Trial Tactics and Sponsorship Strategies* (NITA 3d ed.) (2007)

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (Thomson West 3d ed.) (2007)

Klonoff, Bilich & Malveaux, *Class Actions and Other Multi-Party Litigation: Cases and Materials* (Thomson West 2d ed.) (2006) (with teacher's manual)

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (Thomson West 2d ed.) (2004)

Klonoff & Colby, *Winning Jury Trials:  Trial Tactics and Sponsorship Strategies* (Lexis Nexis 2d ed.) (2002)

Klonoff & Bilich, *Class Actions and Other Multi-Party Litigation: Cases and Materials* (West Group 2000)

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (West Group 1999)

Klonoff & Colby, *Sponsorship Strategy:  Evidentiary Tactics for Winning Jury Trials* (Michie Co. 1990)

### **Articles and Book Chapters:**

Klonoff, *International Handbook on Class Actions,* chapter on the Future of U.S. Aggregate Litigation, Cambridge University Press (forthcoming 2020)

*Application of the New Discovery Rules in Class Actions: Much Ado About Nothing,* 71 Vanderbilt L. Rev. 1949 (2018)

*Class Actions in the U.S. and Israel: A Comparative Approach*, 19 Theoretical Inquiries in the Law 151 (2018) (co-author)

*Class Actions Part II: A Respite from the Decline*, 92 N.Y.U. L. Rev. 971 (2017)

*The Remedy For Election Fraud Is A New Election,* Law 360 (July 20, 2017) (www.law360.com/whitecollar/articles/946569/the-remedy-for-election-fraud-is-a-new-election)

*Class Actions in the Year 2025: A Prognosis*, 65 Emory L.J. 1569 (2016)

*Why Most Nations Do Not Have U.S.-Style Class Actions*, 16 BNA Class Action Litigation Report, Vol. 16, No. 10, at 586 (May 22, 2015) (selected for presentation at the May 2015 World Congress of the International Association of Procedural Law, Istanbul, Turkey)

*Federal Rules Symposium:  A Tribute to Judge Mark R. Kravitz -- Introduction to the Symposium*, 18 Lewis & Clark L. Rev. 583 (2014) (co-author)

*Class Actions for Monetary Relief Under Rule 23(b)(1)(A) and (b)(1)(B):  Does Due Process Require Notice and Opt-Out Rights?*, 82 Geo. Wash. L. Rev. 798 (2014)

*The Decline of Class Actions,* 90 Wash. U. (St. Louis) L. Rev. 729 (2013)

*Reflections on the Future of Class Actions,* 44 Loy. U. Chi. L.J. 533 (2013)

*Richard Nagareda: In Memorium,* 80 U. Cin. L. Rev. 289 (2012)

*Introduction and Memories of a Law Clerk,* 47 Houston L. Rev. 529, 573 (2010)

*ALI's Aggregate Litigation Project Has Global Impact,* 33 ALI Reporter 7 (Fall 2010)

Book Review, *In the Public Interest,* 39 Env. Law 1225 (2009)

*The Public Value of Settlement,* 78 Fordham L. Rev. 1177 (2009)(co-author)

*Making Class Actions Work:  The Untapped Potential of the Internet,* 69 U. Pitt. L. Rev. 727 (co-author)(2008), adapted and published in 13  J. Internet Law 1 (2009)

*The Class Action Fairness Act:  An Ill-Conceived Approach to Class Settlements*, 80 Tul. L. Rev. 1695 (co-author) (2006)

*The Twentieth Anniversary of* Phillips Petroleum v. Shutts, *Introduction to the Symposium*, 74 UMKC L. Rev. 433 (2006)

*The Adoption of a Class Action Rule:  Some Issues for Mississippi to Consider*, 24 Miss. C. L. Rev. 261 (2005)

*Antitrust Class Actions:  Chaos in the Courts*, 11 Stan. J. L. Bus. & Fin. 1 (2005), reprinted in Litigation Conspiracy:  An Analysis of Competition Class Actions (Stephen G.A. Pitel ed. Irwin Law 2006), and 3 Canadian Class Action Review 137 (2006)

*The Judiciary's Flawed Application of Rule 23's "Adequacy of Representation" Requirement*, 2004 Mich. St. L. Rev. 671 (2004)

*Class Action Rules — Are They Driven by Substance?*, 1 Class Action Litigation Report 504 (Nov. 10, 2000) (co-author)

*Response to May 2000 Article on Sponsorship Strategy*, 63 Tex. B.J. 754 (Sept. 2000) (co-author)

*A Look at Interlocutory Appeals of Class Certification Decisions Under Rule 23(f)*, 1 Class Action Litigation Report 69 (May 12, 2000) (co-author)

*The Mass Tort Class Action Gamble*, 7 Metro. Corp. Counsel 1, 8 (Aug. 8, 1999) (co-author)

"Legal Approaches to Sex Discrimination" (co-author), in H. Landrine & E. Klonoff, *Discrimination Against Women:  Prevalence, Consequences, Remedies* (Sage Pub. 1997)

*Sponsorship Strategy:  A Reply to Floyd Abrams and Professor Saks*, 52 Md. L. Rev. 458 (1993) (co-author)

*A Trial Lawyer's Roadmap for Handling Bad Facts:  The Role of Credibility*, 16 Trial Diplomacy Journal 139 (July/Aug. 1993) (co-author)

*Opening Statement*, 17 Litigation 1 (ABA Spring 1991) (co-author)

Contributing Editor, *Criminal Practice Institute Trial Manual*, Young Lawyers Section, Bar Ass'n of D.C. (1986)

*The Congressman as Mediator Between Citizens and Government Agencies: Problems and Prospects*, 15 Harv. J. Legis. 701 (1979)

*A Dialogue on the Unauthorized Practice of Law*, 25 Villanova L. Rev. 6 (1979) (co-author)

*The Problems of Nursing Homes: Connecticut's Non Response*, 31 Admin. L. Rev. 1 (1979)

## SIGNIFICANT LEGAL EXPERIENCE:

Argued eight cases before the U.S. Supreme Court

Authored dozens of U.S. Supreme Court filings (certiorari petitions, certiorari oppositions, merits briefs, reply briefs)

Briefed and argued numerous cases before various U.S. circuit and district courts and state trial and appellate courts

Tried dozens of cases (primarily jury trials)

Handled more than 100 class action cases as counsel

Served as an expert witness in numerous federal and state class action cases, including the *British Petroleum Deepwater Horizon Oil Spill* litigation, the *National Football League Concussion* litigation, the *Syngenta Corn* litigation, the *Volkswagen Clean Diesel* litigation, and the *Wells Fargo Unauthorized Accounts* litigation

Worked extensively with testifying and consulting experts on class action issues, including economists, securities experts, medical and scientific experts, and leading academics

Presented more than 100 cases to the grand jury while serving as an Assistant U.S. Attorney

Handled hundreds of sentencing hearings, preliminary hearings, and probation revocation hearings

## SIGNIFICANT TEACHING AND SPEAKING ENGAGEMENTS

Keynote Speaker, Harold Schnitzer Spirit of Unity Peace Leadership Award Ceremony, Salem, Oregon (Nov. 20, 2019).

Conference Chair and Participant, 2019 Symposium on Class Actions and Aggregate Litigation, Pound Civil Justice Institute and Lewis & Clark Law School, Portland, Oregon (Nov. 1-2, 2019).

Speaker, International Class Actions Conference, Vanderbilt Law School, Nashville, Tennessee (Aug. 23, 2019)

Keynote Speaker, Pound Civil Justice Institute, Aggregate Litigation in State Court: Conference of State Court Appellate Judges, San Diego, California (July 27, 2019)

Visiting Professor of Law, University of Bologna School of Law, Ravenna, Italy (July, 2019) (faculty member for summer program on Transnational Torts)

Visiting Professor of Law, University of Trento School of Jurisprudence, Trento, Italy (May, 2019) (taught Introduction to U.S. Law)

Visiting Professor of Law, Royal University of Law and Economics, Phnom Penh, Cambodia (April 2019)

Speaker, Impact Fund Class Action Conference, San Francisco, California (Feb. 22, 2019)

Speaker on Class Actions, 17th Annual Impact Fund Class Action Conference, San Francisco, California (Feb. 23, 2019)

Visiting Professor of Law, National Taiwan University, Taipei, Taiwan (December 2018) (taught course on U.S. Class Actions)

Speaker on the National Football League Concussion case, National Taiwan University, Taipei, Taiwan (December 20, 2018)

Speaker on Class Actions, Live Webinar Broadcast, Rule 23 Will Be Amended in Four Days: Are You Ready, American Bar Association (Nov. 27, 2018)

Speaker, American Bar Association's 22d Annual Institute on Class Actions, Chicago, Illinois (Oct. 18, 2018)

Speaker, MDL at 50 –The 50th Anniversary of Multidistrict Litigation, New York University School of Law, New York, New York (Oct. 12, 2018)

Visiting Professor of Law, University of Bologna School of Law, Ravenna, Italy (July 2018) (faculty member for environmental law program; lectured on environmental class actions)

Speaker on Class Actions, Freie University Faculty of Law, Berlin, Germany (June 26, 2018)

Visiting Professor of Law, Royal University of Law and Economics, Phnom Penh, Cambodia (April 2018) (taught course on Introduction to United States Law)

Co-Chair, Moderator, and Panelist, Posner on Class Actions, Columbia Law School, New York, New York (March 2, 2018)

Panelist on Civil Discovery, Vanderbilt University School of Law, Nashville, Tennessee (October 13, 2017)

Panelist on the Civil Rules Committee Process, University of Arizona College of Law, Tucson, Arizona (October 7, 2017)

Visiting Professor of Law, University of Bologna School of Law, Ravenna, Italy (July 2017) (faculty member for environmental law program; lectured on environmental class actions)

Visiting Professor of Law, University of Trento School of Jurisprudence, Trento, Italy (May 2017) (taught course on Introduction to U.S. Law)

Panelist on Class Actions, Beard Group, Class Action Money and Ethics Conference, New York, New York (May 1, 2017)

Visiting Professor of Law, Tel Aviv University, Tel Aviv, Israel (January 2017) (taught course on class actions)

Panelist on Class Actions, Tel Aviv University, Fifty Years of Class Actions – A Global Perspective (January 4, 2017)

Panelist on Class Actions, New York University Law School Conference on Rule 23@50, New York, New York (December 2, 2016)

Panelist on Class Actions, Appellate Judges Education Institute, Philadelphia, Pennsylvania (November 11, 2016)

Speaker on Class Actions, National Legal Aid Defender Association National Farmworker Conference, Indianapolis, Indiana (November 10, 2016)

Panelist on Class Actions, American Bar Association Class Action Institute, Las Vegas, Nevada (October 20, 2016)

Panelist, Duke University Law School Conference on Class Action Settlements, San Diego, California (October 6, 2016)

Fulbright Scholar, Hong Kong University School of Law (August- September 2016) (taught course on class actions and delivered campus-wide lecture on criminal procedure)

Visiting Professor of Law, National Taiwan University, Taipei, Taiwan (June 2016) (taught course on Introduction to United States Law)

Speaker on Class Actions, University of Zagreb Law School, Zagreb, Croatia (May 11, 2016)

Panelist on Civil Litigation, Association of American Law Schools Annual Meeting, New York, New York (January 8, 2016)

Visiting Professor of Law, Bahçeşehir University School of Law, Istanbul, Turkey (December 2015) (taught Introduction to United States Law)

Participant, Conference on Civil Justice (Pound Institute) Emory University Law School, Atlanta, Georgia (October 15, 2015)

Participant, Conference on Class Actions, Duke Law School, Arlington, Virginia (July 23-24, 2015)

Participant, Conference on Class Actions, Defense Research Institute, Washington, D.C. (July 23-24, 2015)

Participant, Civil Procedure Workshop, Seattle University Law School, Seattle, Washington (July 17, 2015)

Panelist on Class Actions, Annual Meeting, American Association for Justice, Montreal, Canada (July 12, 2015)

Speaker on Class Actions, International Association of Procedural Law, Istanbul, Turkey (May 28, 2015)

Panelist, Subcommittee on Class Actions of U.S. Judicial Conference Advisory Committee on Civil Rules, American Law Institute Annual Meeting, Washington, D.C. (May 17, 2015)

Moderator, Ethical Issues in Class Actions and Non-Class Aggregate Litigation, American Law Institute Annual Meeting, Washington, D.C., (May 17, 2015)

Visiting Professor of Law, University of Trento School of Jurisprudence, Trento, Italy (March 2015) (taught U.S. Class Actions)

Speaker on Class Actions, European University Institute, Fiesole, Italy (February 23, 2015)

Visiting Professor of Law, University of Notre Dame, Fremantle Australia (January 2015) (taught course on U.S. Civil Rights and Civil Liberties)

Visiting Professor of Law, Universidad Sergio Arboleda, Bogota and Santa Marta, Colombia (December 2014) (taught course on Introduction to United States Law)

Visiting Professor of Law, National Taiwan University, Taipei, Taiwan (November 2014) (taught course on Introduction to United States Law)

Panelist, American Bar Association, National Institute on Class Actions, Chicago, Illinois (October 23, 2014)

Visiting Professor of Law, East China University of Political Science and Law, Shanghai, China (October 2014) (taught U.S. Class Actions)

Visiting Professor of Law, Herzen State Pedagogical University of Russia, St. Petersburg, Russia (September 2014) (taught U.S. Class Actions)

Visiting Professor of Law, Royal University of Law and Economics, Phnom Penh, Cambodia (July 2014) (taught Introduction to United States Law)

Speaker on U.S. Legal Education, Universidad Sergio Arboleda School of Law, Bogota, Colombia (June 3 and 5, 2014)

Speaker on Class Actions, Superintendencia de Industria y Comercio, Bogota, Colombia (June 3, 2014)

Speaker on Class Actions and the Fukushima Nuclear Accident, Waseda University School of Law, Tokyo, Japan (January 24, 2014)

Speaker on Class Actions, Osaka Bar Association, Osaka, Japan (January 23, 2014)

Speaker on Class Actions, East China University of Political Science and Law, Shanghai, China (January 15, 2014)

Speaker on Class Actions, AmCham Shanghai, Shanghai, China (January 14, 2014)

Speaker on Development of Animal Law in the Legal Academy, 2013 Animal Law Conference, Stanford Law School, Palo Alto, California (November 25, 2013)

Speaker on U.S. Law and Legal Education, Royal University of Law and Economics, Phnom Penh, Cambodia (October 1, 2013)

Speaker on U.S. Law and Legal Education, Paññāsāstra University of Cambodia, Phnom Penh, Cambodia (October 1, 2013)

Speaker on U.S. Legal Education, International Association of Law Schools International Deans' Forum, National University of Singapore Law School, Singapore (September 26, 2013)

Speaker on Class Actions, Japan Federation of Bar Associations, Tokyo, Japan (September 19, 2013)

Speaker on Class Actions, Waseda University School of Law, Tokyo, Japan (September 19, 2013)

Speaker on Ethics of Aggregate Settlements, American Association for Justice Annual Meeting, San Francisco, California (July 22, 2013)

Speaker on the British Petroleum Class Action Settlement, International Water Law Conference, National Law University of Delhi, Delhi, India (May 31, 2013)

Speaker on U.S. Supreme Court Confirmation Process, Jewish Federation of Greater Portland's Food for Thought Festival, Portland, Oregon  (April 21, 2013)

Speaker on Class Actions, Class Action Symposium, George Washington University Law School, Washington, D.C. (March 8, 2013)

Speaker on Class Actions, Impact Fund Class Action Conference, Oakland, California (March 1, 2013)

Speaker on Class Actions, Hong Kong University Department of Law (November 15, 2012)

Speaker on Class Actions, Fudan University Law School (Shanghai, China) (November 13, 2012)

Keynote Speaker, National Consumer Law Center Symposium, Seattle, Washington (October 28, 2012)

Speaker, American Bar Association, National Institute on Class Actions, Chicago, Illinois (October 25, 2012)

Speaker, Conference on Class Actions, Washington University St. Louis School of Law and the Institute for Law and Economic Policy (April 27, 2012)

Speaker, Conference on Class Actions, Loyola Chicago School of Law (April 13, 2012)

Panelist on leadership and world peace with Former South African President F.W. De Klerk, University of Portland (February 29, 2012)

Panelist on class actions before the Standing Committee on Rules of Practice and Procedure, Phoenix, Arizona (January 5, 2012)

Speaker on Class Actions Lawsuits in the U.S., University of the Philippines, College of Law, Quezon City, Philippines (August 2011)

Speaker on Environmental Class Actions, Kangwon University Law School, Chuncheon, South Korea (August 2011)

Speaker on Class Actions, Federal Judicial Center Conference on Class Actions, Duke University School of Law (May 20, 2011)

Speaker, Conference on Aggregate Litigation, University of Cincinnati College of Law (April 1, 2011)

Speaker on Class Actions, Seoul National University School of Law (May 18, 2010)

Keynote Speaker (addressing US Supreme Court confirmation process), Alaska Bar Annual Meeting (April 28, 2010)

Speaker, Conference on the Future of Animal Law, Harvard Law School (April 11, 2010)

Speaker, Conference on Aggregate Litigation: Critical Perspectives, George Washington University Law School (Mar. 12, 2010)

Speaker, U.S. Supreme Court Confirmation Process, Multnomah County Bar Association and City Club of Portland, (Sept. 30, 2009)

Speaker on Class Actions, American Legal Institutions, and American Legal Education at National Law Schools of India in Bangalore, Hyderabad, Calcutta, Jodhpur, and Delhi (August 2009)

Speaker, China/U.S. Conference on Tort and Class Action Law, Renmin University of China School of Law, Beijing, China (July 11-12, 2009)

Speaker on Class Actions, Southeastern Association of Law Schools annual meeting, Palm Beach, Florida (August 1, 2008)

Speaker on Class Actions, National Foundation for Judicial Excellence (meeting of 150 state appellate court judges), Chicago, Illinois (July 12, 2008)

Speaker on Class Actions, Practising Law Institute, New York, NY (July 10, 2008)

Speaker at Conference on Class Actions in Europe and North America, sponsored by New York University School of Law, the American Law Institute, and the European University Institute, Florence, Italy (June 13, 2008)

Speaker on Class Actions at the American Bar Association Tort and Insurance Section Meeting, Washington, D.C. (Oct. 26, 2007)

Speaker on Antitrust Class Actions at the American Bar Association's Annual Antitrust Meeting, Washington D.C. (April 18, 2007)

Chair, Organizer, and Moderator of Class Action Symposium at UMKC School of Law (April 7, 2006) (other speakers (26 in all) included, *e.g.*, Professors Arthur Miller, Edward Cooper, Sam Issacharoff, Geoffrey Miller, and Linda Mullenix, as well as several prominent federal judges and practicing lawyers)

Speaker on Class Actions, Missouri CLE (Nov. 18, 2005)

Speaker on Class Actions, Practising Law Institute (July 29, 2005)

Speaker on Class Actions, Kansas CLE (June 23, 2005)

13

Speaker on Class Actions at Bureau of National Affairs Seminar on the Class Action Fairness Act of 2005 (June 17, 2005)

Visiting Lecturer on Class Actions, Peking University (May 30-June 3, 2005)

Speaker on Oral Argument, American Bar Association 2005 Section of Litigation Annual Conference (April 22, 2005) (part of panel including Second Circuit Chief Judge Walker and several others)

Speaker on Class Actions, Federal Trade Commission/Organization for Economic Co-operation and Development, Workshop on Consumer Dispute Resolution and Redress in the Global Marketplace (April 19, 2005)

Speaker at Antitrust Class Action Symposium, University of Western Ontario College of Law (April 1, 2005)

Speaker at Class Action Symposium, Mississippi College of Law (February 18, 2005)

Speaker on Class Actions, Practising Law Institute (July 30, 2004)

Visiting Lecturer on Class Actions, Peking University (June 2004)

Visiting Lecturer on Class Actions, Tsinghua University (June 2004)

Speaker at Class Action Symposium, Michigan State University (April 16-17, 2004)

Speaker on U.S. Supreme Court advocacy, David Prager Advanced Appellate Institute (Kansas City Metropolitan Bar Association) (Feb. 27, 2004)

Speaker on Class Actions, Institute of Continuing Legal Education in Georgia (Oct. 24, 2003)

Speaker on Class Actions, Practising Law Institute (July 31, 2003)

Speaker on Class Actions, Practising Law Institute (Aug. 5, 2002)

Speaker on Class Actions, Practising Law Institute (Aug. 16, 2001)

Speaker on many occasions throughout the country on "Sponsorship Strategy" (1990-present) and advocacy before the U.S. Supreme Court (1988-present)

## OTHER PROFESSIONAL ACTIVITIES:

Member of American Bar Association Group Evaluating Qualifications of Merrick Garland to serve on the U.S. Supreme Court (reviewed Judge Garland's civil procedure opinions)

Advisory Board Consulting Editor, *Class Action Litigation Report* (BNA)

Advisory Board, The Flawless Foundation (an organization that serves troubled children)

Member, Board of Directors, Citizens' Crime Commission (Portland, Oregon) (2007-2011)

Served on numerous UMKC School of Law committees, including Programs (Chair), Promotion and Tenure, Appointments, and Smith Chair Appointment

Chair of pro bono program for all 27 offices of Jones Day (2000-2004); also previously Chair of Washington office pro bono program (1992-2003)

Member, Board of Directors, Bread for the City (a D.C. public interest organization providing medical, legal, and social services) (2001-2003)

Master, Edward Coke Appellate Practice Inn of Court in Washington, D.C. (other participants include Ted Olson, Seth Waxman, Ken Starr, Walter Dellinger, and several sitting appellate judges) (2001-2003)

Member, Board of Directors, Washington Lawyers' Committee for Civil Rights and Urban Affairs (2000-2003); Advisory Board Member (2003-present)

Member, D.C. Court of Appeals Committee on Unauthorized Practice of Law (1997-2000)

Handled and supervised numerous pro bono matters (*e.g.*, death penalty and other criminal defense, civil rights, veterans' rights)

Played a major role in establishing a walk-in free legal clinic in Washington, D.C.'s Shaw neighborhood

## **VOLUNTEER WORK:**

Numerous guest speaker appearances at public schools and retirement homes; volunteer at local soup kitchen; volunteer judge for Classroom Law Project.