EXHIBIT A

January 26, 2024

*Via: Regular Mail &*
*Email:* dsharp@girardsharp.com

JUUL Labs, Inc.
Settlement Administrator
P.O. Box 5730
Portland, OR 97228–5730

      Re:    Altria Settlement Objection; In re JUUL Labs, Inc. Marketing, Sales Practices, and Products Liability Litigation, No. 19-md-02913-WHO (N.D. Cal.)

Dear Settlement Administrator:

      I, Jaclyn Addeo, declare under penalty of perjury under the laws of the United States of America that I am a member of the Settlement Class in the above-mentioned Court Case. From 2015 through 2022, I purchased JUUL products, including branded pods and devices, from retail stores such as 7-Eleven and Cumberland Farms in high frequency.

  I would like to object to the fairness of the Altria Settlement and the distributable balance listed on the Plan of Allocation which affects myself and the entire class for the following reasons:

1. Receipts or other documentation / proofs of purchase for Juul Products demonstrating purchases are almost impossible to gather back thirty (30) days much less back to 2015 to determine the allocation associated with "Retail Expenditure" on the Plan of Allocation and therefore Eligible Claimant's Retail Expenditures that exceed $300 and require proof of purchase is unfair.

2. "Points" for Youth Purchases are valued at a Retail Expenditure x 4 and the likelihood of any Minors submitting a claim are extremely low and therefore could result in a high distribution of unspent funds.

3. "Appropriate recipient or recipients" is not well defined in section 4.2 "If six months after the redistribution any balance still remains in the Net Settlement Fund as a result of (1) payments that have not been deposited, and Class Counsel has determined that a further redistribution of such balance to Settlement Class Members would be uneconomical or (2) all Eligible Claimants have received distributions in an amount equal to their Class Payment Cap, Class Counsel shall petition the Court to distribute the remaining funds to an appropriate recipient or recipients." and therefore could mean that the Net Settlement Fund does go not go back to the Settlement Class.

Please note that although I was not formally noticed for this case, nor the original JUUL settlement, I just learned of these settlement and I am an Eligible Claimant with Retail Expenditures that will exceed $300. Further, according to your website, I am able to submit this objection and still file a timely claim so, which I have completed online at https://www.juulclassaction.com.

I believe that the misinformation about the JUUL products' addictiveness and safety have caused many to suffer and I am happy there is representation in this matter. Should you need additional information regarding this Objection, please contact me at the number below.

        Jaclyn R. Addeo
        1412 Seahouse Street
        Sebastian, FL 32958
        jacaddeo@yahoo.com
        720-256-5143

I look forward to your reply. Should I need to appear at the Final Approval Hearing, I plan to do so.

        Regards,

        /s/: Jaclyn Addeo

        Jaclyn R. Addeo

cc:    Dena C. Sharp
        GIRARD SHARP LLP
        601 California Street, 14th Fl.
        San Francisco, CA 94108