**FILED**

**UNITED STATES DISTRICT COURT** FEB -5 2024
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION** CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 19-MD-02913-WHO<br><br>**OBJECTION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT.** |
| THIS DOCUMENT RELATES TO:<br>CLASS ACTIONS | |

Class member DAVID MADRIGAL ("Mr. Madrigal or Class Member") objects to the settlement agreement on two issues brought forward on February 20, 2024 by the Claims Administrator EPIQ'S Senior Vice President Cameron Azari ("Epiq") Declaration ECF 4198-1. Mr. Madrigal is a member of the class because he purchased juul products directly from retail locations including "king smokes & Vapes Claremont, Ca, Heavy Clouds Smoke and vape Shop Upland,Ca, Vape Avenue in Chino, Ca among other retail locations prior to December 7, 2022  Mr. Madrigal could not file this objection prior to the deadline of February 6, 2024 because he did not know Epiq's intentions prior to their filing February 20, 2024 "Support of Motions for Final Approval of Altria Class Acton Settlement and Attorney Fees and Expenses ECF 4198-1. I'm still baffled how claims administrators are able to file motions after the objection deadline has passed. There are **TWO OBJECTIONS** that have been brought to light and need to be addressed before the court makes its final approval decision in the above entitled case. These two issues warrant attention.

**The First Objection** is Epiq's proposal to violate millions of class members' Fifth and Fourteenth Amendment rights to due process protections under the constitution of the USA.  Epiq's Cameron Azari Declaration proposes to do just that. ECF 4198-1 at 14-15 ¶ 47

> 47. **If Epiq were to send rejection notices to every single claim rejected as fraudulent, even by email, the additional cost to notice the estimated 11.2 million questionable and/or denied Claims would be in excess of $600,000 to the ranges above. This added cost would include transactional and hourly time for the defect noticing, as well as additional incomplete attempts to cure deficient Claims, written correspondence, and emails and phone calls**

**to the administrator requiring processing and/or responses. Depending on the strength and number of indicia of fraud, the best and most fair option to control costs and preserve the Settlement Funds for the Class Members may <u>be to not send such notices to some or all of this population</u>**

Epiq proposes to not provide notice to over 11 million potential valid class members is a direct violation of the US Constitution. I do not want to waste the court's time with verbiage it already knows but only a sentence or two to protect this objection if an appeal is to follow. First and foremost the Fifth Amendment says the federal government that no one shall be deprived of life, liberty, or property interest without due process of law. Those protections have been determined by the Fourteenth Amendment that due process requires, at a minimum: (1) notice; (2) an opportunity to be heard; and (3) an impartial tribunal. Notice has been sent regarding this class action, however that notice is not sufficient enough to overcome due process rights in relation individually to class members who filed a claim. Over 11 million questionable claims EPIQ seeks to deny with one swing of a sword. Although thousands of these claims can simply defeat questionable issues, with proper notice. To deprive them of their right to due process is not an option, but the obligation of this court and what it serves to protect. No matter the cost.

Epiq alleges in order to control cost and to preserve the settlement funds for class members "it is the best and most fair option" to not provide notice. But in reality what EPIQ is proposing is to violate millions of class members' due process rights in order to keep costs down for they can line their own pockets with millions of dollars as seen in their astronomical request for administration cost. EPIQ said it themselves the claims that they are proposing to not provide notice are not all considered fraudulent but "questionable" ECF 4198-1 p.14 ¶ 47 ln 27-28

The fact that they don't even know if the claim is fraudulent, but "questionable" gives more reason to send out deficiency notices to those members. Equitable treatment should be treated to all class members, one class member should not be given a green apple while the other class member is given a rotten apple. The notice provided to class members stated they did not need to provide supporting documentation at this time, although Claim Administrator

OBJECTION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT

2

may request supporting documentation at a later time. But now what EPIQ is proposing is to ignore those class members who filed no documentation of claims over $300. This change or proposal dramatically changes the settlement agreement in ways it cannot be approved.

Let's not forget millions of these class members are kids who have just turned 18-22 of age and have just begun their adulthood. Clearly many of them have no clue the inner workings of the legal system nor will they understand what happened to their claim and or how to pursue their claim without proper due process protections. Epiq seeks to take advantage of this fountain of youth class population. Therefore I object on the settlement agreement being approved at this time due to class members Fifth and Fourteenth amendment being violated and not being treated equitably.

**The Second Objection** is to the Claims Administrator's EPIQ request for fees and cost in relation to all aspects of their claims administration processes that have garnered their astronomical request of over 10,000,000 dollars. **LET'S BE FRANK!!** Claims Administrators are not Neurosurgeons, they are not Cardiovascular Surgeons, they are not Doctors, they do not deliver babies in ER, they are not Professional Athletes, they do not sell out concert tickets like Justin Biever or Metallica and they certainly are not Movie Stars. To a certain extent they are not even trial lawyers, they are not criminal lawyers, in class action cases their attorney title rarely is necessary at all. Yet they seek fees as if they are the attorneys for class members and are the ones harmed by the defendants themselves.

Lets stop and think about this for a second? Are claims administrators really worth millions of dollars? Now if EPIQ misjudged the amount of claims that were going to be submitted that is not a reason to seek millions of dollars.(ECF 4198-1 p.15 ¶ 48 ln 10-14) It is no question EPIQ is an expert and has served in hundreds of Federal and State cases involving class action notices and this case is no different. It is becoming common practice now for Claims Administrators to use the same verbiage ex/ "overwhelming claims submitted" and/or "millions of fraudulent claims showing indicia fraud". These terms used by EPIQ and administrators are strategically thought out in order to squeak out additional funds right from under class members' feet. One can make an argument that

claims administrators are a conflict of interest to be administering a class action settlement in the first place being that they have an interest in the overall amount in a settlement fund.

The court cannot continue to allow administrators to Scrooge McDuck and swim in piles of money that is not rightfully theirs. Of course they have a duty, and a job, and should be paid accordingly but not given windfalls every settlement case. If you look at the past year, Claims Administrators have doubled and in most cases tripled their cost at the expense of doing exactly if not less than what they have been doing for years. It is Artificial Intelligence (AI) that is doing the majority of the heavy lifting for them now.

It is bad enough class counsel is seeking over 30% of the settlement fund but now on top of that you have claims administrators setting up shop to appear as two entities under the same umbrella in order to double dip in the settlement fund for their cost. Example, Hilsoft Notifications ("Hilsoft") is undoubtedly the same exact company as EPIQ and in no way different than what the settlement administrator is composed of and represents. In order to double dip into the fund they created this alter ego company that essentially does the exact same thing EPIQ has done "as one company" for years. Claims Administrators are smart, financially savvy accountants and responsible for millions and millions of dollars but there needs to be a line drawn. Violating class members rights to due process and receiving a windfall of fees at the expense of class members is where the court needs to draw the line Do not allow administrators to build precedent cases where they can use and quote in their future memorandums in class action cases to show that this type conduit will be allowed.

For the foregoing reasons I respectfully request the court to accept this late filing objection and not approve the settlement agreement at this time. If I was provided with EPIQ's intentions of requesting astronomical fees and denying millions of class members' due process rights by not treating them equitably I would have filed this objection on time. But that would have been impossible..

3-1-24
Date

David Madrigal (KTQGLIGV)
13002 9th St.
Chino, Ca 91710-4213
davidmadrigal@aol.com

OBJECTION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT
4

**Sent Via Direct Email And US Postal Service to:**

<u>CLERK OF COURT AS SHOWN ON CLAIMS WEBSITE</u>

**Office of the Clerk of Court U.S.**
District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

<u>CONTACT INFORMATION PROVIDED ON CLAIMS WEBSITE</u>

**EPIQ CLAIMS ADMINISTRATION**                    Sent via Email and US Postal
In re JUUL Labs, Inc.
Settlement Administrator
P.O. Box 5730
Portland, OR 97228–5730
info@JUULClassAction.com

<u>CLASS COUNSEL AS SHOWN ON CLAIMS WEBSITE</u>

Dena C. Sharp                                      Sent via US Postal
**GIRARD SHARP LLP**
601 California Street, 14th Fl.
San Francisco, CA 94108
1-415-981-4800

Dean Kawamoto                                      Sent Via US Postal
**KELLER ROHRBACK L.L.P.**
1201 Third Ave.
Ste. 3200
Seattle, WA 98101
1-206-623-1900

Sarah R. London                                    Sent Via US Postal
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
1-415-956-1000

Ellen Relkin                                       Sent Via US Postal
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
1-212-558-5500

Retail

U.S. POSTAGE PAID
FCM LETTER
CLAREMONT, CA 91711
MAR 01, 2024

94102

**$5.08**

RDC 99

R2304M114026-06

CERTIFIED MAIL

9589 0710 5270 0963 0784 33

RECEIVED
MAR 05 2024
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

David Madrigal
13002 9th st.
Chino, Ca 91710

Office of the Clerk of Court
District Court for the Northern
450 Golden Gate Ave.
San Francisco, CA 94102