[Submitting Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Cases | Case No. 3:19-md-02913-WHO<br><br>**FEE COMMITTEE'S ALTRIA SETTLEMENT FEE RECOMMENDATIONS AND FIRST SUPPLEMENTAL EXPENSE RECOMMENDATIONS**<br><br>**Judge:** Hon. William H. Orrick<br>**Date:** May 15, 2024<br>**Time:** 2:00 PM<br>**Ctrm.:** 2 |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on May 15, 2024, at 2:00 PM, in Courtroom 2 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, the Court-Appointed Fee Committee, will and hereby does move for an order accepting the Fee Committee's Altria settlement fee recommendations and first supplemental cost recommendations.

## I.    INTRODUCTION

The Court-Appointed Fee Committee (ECF 4068), submits this set of recommendations concerning: (1) fees in connection with the settlements between the Altria Defendants and the personal injury, government entity, and class Plaintiffs; and (2) supplemental expense payments. The recommended fee allocation, by firm, are attached as **Exhibit 1**. The recommended expense reimbursements, by firm, are attached as **Exhibit 2**. The Fee Committee also respectfully seeks this Court's guidance on reporting and authorization of cost fund expenses going forward.

## II.   BACKGROUND

### A.    The Fee Committee's approach to Altria-related fees.

In addition to the settlement with Defendant Juul Labs, Inc., three groups of Plaintiffs (personal injury, government entity, and class) have reached settlements with the Altria Defendants. When allocating fees in connections with the JLI settlements, the Fee Committee was aware of the estimated fees to come from the Altria settlements, as well as the efforts various firms put towards both class certification and the *SFUSD* trial against Altria. London Decl. ¶ 3. (The time and expenses spent on trial and on the class certification appeal were reported to the Court on November 15, 2023.)

To set firms' expectations, the Fee Committee determined it made sense to account for the potential Altria fees in allocating JLI fees. *Id.* ¶ 4. In particular, the Committee decided that, for most firms, their JLI allocation would reflect their contributions to the litigation as a whole. *Id.* ¶ 5. They would receive no additional Altria allocation. *Id*. A few firms, especially those that contributed most significantly to the *SFUSD* trial or to class certification, would receive Altria-specific allocations (and bear the risks that the Court would reduce the Altria class fee or the Altria settlements would not become final). *Id.* ¶ 6. The Fee Committee communicated this arrangement to all affected firms, and they were given the opportunity to respond or object. *Id.* ¶ 7. The Committee reiterated its determination in its Recommendations submitted to the Court:

> The Fee Committee, in connection with the work associated with the JLI allocation, has agreed to and communicated to affected firms an allocation of anticipated fees flowing from the Altria settlements. That allocation provides for Altria-related fees to go to the subset of firms primarily responsible for the San Francisco Unified School District trial as well as firms primarily responsible for the class portion of the litigation.

ECF 4174 at 7.

On February 26, 2023, the Fee Committee sent to each firm that reported common benefit time to this Court or the JCCP the Committee's Altria-related recommendations. London Decl. ¶ 8. The Committee invited any firm that wished to discuss their proposed allocation to schedule a meeting with the Committee. *Id.* ¶ 9. A few firms requested and received meetings. *Id.* The Committee took those meetings into account when crafting the allocation attached to these Recommendations. *Id.* ¶ 10.

### B. Status of CMO 5(A) cost account.

On December 18, 2023, the Court approved reimbursement of MDL and JCCP cost fund assessments and held cost, as well as transfer of $700,000 to the MDL common litigation fund and anticipated payments to BrownGreer PLC up to $4,300,000. ECF 4178; *see* ECF 4152-2, 4153-1, 4153-2.

At this time, Co-Lead Counsel have authorized payment of 93% of the awarded cost fund assessments and held costs, payment of $700,000 to the MDL cost fund, and Brown Greer's initial invoices of $1,350,000. London Decl. ¶ 12. Co-Lead Counsel withheld the remaining 7% of firm payments to ensure the fund would have enough money to pay ongoing MDL bills. *Id.* ¶ 13. The JLI CMO 5(A) cost account currently includes approximately $1,883,000. *Id.* More funds are expected when the Altria settlements become effective, and when JLI makes its future settlement payments. *Id.* ¶ 14.

After the Court approved the Fee Committee Recommendations, Co-Lead Counsel became aware of two record-keeping errors in the held cost data. First, certain held costs ($28,996.21) were inadvertently attributed to one firm when they should have been attributed to two other firms. *Id.* ¶ 15. This error will be corrected in future cost payments. *Id*. Second, one firm had a $200,000 cost fund assessment that was mistakenly double-counted. *Id*. This error has already been accounted for by reducing one of that firm's fee payment (with the difference transferred from the fee account to the cost account). *Id*.

**III. THE FEE COMMITTEE RECOMMENDS THE COURT AUTHORIZE THE ATTORNEY FEE PAYMENTS IN EXHIBIT 1.**

As with the JLI settlement fees, the Fee Committee recommends pooling all fees deriving from the three Altria settlements (including any fees awarded under Rule 23(h) in the class settlement). As before, the Fee Committee recommends this approach because of the interrelated nature of the various plaintiff groups' claims and the work performed. *See* ECF 4174 at 5-6.

The recommended fee percentages are set out in **Exhibit 1**.

**IV. THE FEE COMMITTEE RECOMMENDS THE COURT AUTHORIZE REIMBURSEMENT OF INCURRED AND ANTICIPATED EXPENSES.**

Since the Court approved the Fee Committee's Recommendations, several cost-related developments have occurred. First, MDL and JCCP firms continued to report their held costs to Judge Andler and MDL firms continued to report to the Court. London Decl. ¶ 16.[1] Second, the MDL cost fund continues to incur expenses related to MDL management generally. *Id*. Third, the Tribal Subcommittee has established a Tribal Litigation Fund to manage common expenses related to the ongoing tribal litigation against Altria. *Id*. Fourth, BrownGreer PLC has submitted invoices and projected expenses that exceed the $4.3 million the Court has already authorized. *Id.*

The Fee Committee recommends the Court authorize additional reimbursements in all four areas. The Fee Committee also recommends that the Court authorize Co-Lead Counsel to pay cost reimbursements from either the JLI or Altria CMO 5(A) costs accounts (i.e., costs previously authorized by the Court can be paid from the Altria account, and any current or future costs authorized can be paid from either the JLI or Altria accounts).

**A. Held Costs**

The Committee recommends reimbursement of $2,076,034.37 in MDL held costs and $121,903.33 in JCCP held costs. *Id.* ¶ 18.[2] As with the held costs previously authorized by the Court, all of these expenses were submitted to and approved by Judge Andler. *Id*. One firm

---

[1] Exhibit 1 to the Fee Committee Recommendations (ECF 4152-2) inadvertently omitted one firm's contribution of $300,000 to the MDL common litigation fund. London Decl. ¶ 24. Exhibit 2 to these Recommendations includes that omitted amount. *Id.*

[2] These numbers account for a large trial-related cost refund that will be included in the April 15, 2024 report to the Court.

1  reported negative costs in the most recent reporting period (refunded travel expenses). Co-Lead
2  Counsel will account for this change in future costs payments to that firm.

### B.     MDL Cost Fund

Even in a settlement posture, this litigation continues to require significant ongoing expenses, including document hosting costs and Special Master fees. *Id.* ¶ 19. To simplify ongoing cost payments, the MDL and the JCCP have agreed that future expenses will be paid for out of the MDL cost fund.[3] *Id*. Currently, the MDL cost fund has a balance of $34,758.26 and outstanding bills of $722,051.33. *Id*. To cover those expenses and others expected in the near future, the Committee recommends payment of $900,000 to the MDL cost fund.

Although Co-Lead Counsel are exploring ways to reduce the size of ongoing expenses, the MDL cost fund will continue to incur significant costs throughout the multi-year JLI settlement process. There are two approaches to managing these expenses going forward. The Fee Committee can continue to file cost-related recommendations with the Court when the MDL cost fund's bills exceed its balance. Alternatively, the Court could authorize MDL Co-Lead Counsel to transfer funds from the CMO 5(A) cost account to pay common benefit costs as they are incurred. The proposed order attached to this motion adopts the latter approach, authorizing the current $800,000 payment to the MDL cost fund and granting Co-Lead Counsel the discretion to make those payments going forward. The Fee Committee welcomes any feedback from the Court on how to structure the process.

### C.     Contributions to Tribal Litigation Fund

The Altria settlements included personal injury, government entity, and class plaintiffs, but did not include the tribal cases. Those cases continue to be litigated. *See* ECF 4197 (latest proposed tribal bellwether schedule). The Court-appointed Tribal Subcommittee, consistent with CMO 5 and with the approval and under the supervision of Co-Lead Counsel, established a Tribal Litigation Fund to manage expenses for that ongoing litigation that meet the definition of "Shared

---

[3] The JCCP cost fund has a current balance of approximately $5,900, will use these funds to pay ongoing expenses in connection with JCCP proceedings, and will transmit the balance to the MDL at the appropriate time. *Id*. ¶ 19.

1  Costs" set out in CMO 5. ECF 352 at 8-9; London Decl. ¶ 21. At this time, firms have contributed

2  $750,000 into that fund. *Id.* ¶ 22. The fund currently has $59,828.50 in remaining funds (with

3  $19,074.06 in invoices outstanding), which will be used to pay ongoing tribal-related Shared

4  Expenses (with any unused funds to be transferred to the MDL cost fund to pay for common

5  expenses). *Id.* The Committee recommends that the contributions to the Tribal Litigation Fund be

6  reimbursed.

### D.  Anticipated Payments to BrownGreer PLC

The Court earlier authorized payment up to $4.3 million to the BrownGreer PLC, the non-class settlement administrator. Co-Lead Counsel directed payments of $1,350,000 in initial invoices. BrownGreer has now submitted invoices for an additional $3,127,029.23. *Id.* ¶ 23. BrownGreer estimates its future fees and expenses in connection with administering the JLI and Altria settlements will be $572,000. *Id.* The Fee Committee recommends authorizing additional payment of BrownGreer's invoices up to $800,000 (on top of the $4.3 million already authorized). Should BrownGreer's bills exceed $5.1 million, the Fee Committee will return to the Court to ask for additional allocation.

## V. THE FEE COMMITTEE RECOMMENDS THAT THE COURT AUTHORIZE CO-LEAD COUNSEL TO PAY AUTHORIZED EXPENSES FROM EITHER JLI OR ALTRIA FUNDS.

Finally, the Fee Committee recommends that the Court authorize payment of any expense awards (both those previously awarded, those requested here, and those requested in any future supplemental recommendations) from Altria-related funds as well as JLI-related funds. Altria-related funds would include CMO 5(A) hold backs and costs awarded as part of the class settlement. *See* ECF 4192 (Altria-related class fee and costs motion).

## IV. CONCLUSION

The Fee Committee respectfully recommends the Court authorize the fee and cost payments described in **Exhibits 1 and 2**, order that any cost payments may be made from Altria-related funds in addition to JLI-related funds, and clarify how the Court wishes the Committee to handle MDL cost fund replenishments in the future.

| | | |
|---|---|---|
| 1 | Dated: April 9, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ *Sarah R. London* |
| 4 | | Sarah R. London |
| | | **LIEFF CABRASER HEIMANN &** |
| 5 | | **BERNSTEIN** |
| | | 275 Battery Street, Fl. 29 |
| 6 | | San Francisco, CA 94111 |
| 7 | | Telephone: (415) 956-1000 |
| | | slondon@lchb.com |
| 8 | | |
| | | By: /s/ *Dena C. Sharp* |
| 9 | | |
| 10 | | Dena C. Sharp |
| | | **GIRARD SHARP LLP** |
| 11 | | 601 California St., Suite 1400 |
| | | San Francisco, CA 94108 |
| 12 | | Telephone: (415) 981-4800 |
| 13 | | dsharp@girardsharp.com |
| 14 | | By: */s/ Dean Kawamoto* |
| 15 | | |
| | | Dean Kawamoto |
| 16 | | **KELLER ROHRBACK L.L.P.** |
| | | 1201 Third Ave., Ste. 3200 |
| 17 | | Seattle, WA 98101 |
| 18 | | Telephone: (206) 623-1900 |
| | | dkawamoto@kellerrohrback.com |
| 19 | | |
| | | By: */s/ Ellen Relkin* |
| 20 | | |
| 21 | | Ellen Relkin |
| | | **WEITZ & LUXENBERG** |
| 22 | | 700 Broadway |
| | | New York, NY 10003 |
| 23 | | Telephone: (212) 558-5500 |
| 24 | | erelkin@weitzlux.com |
| 25 | | *Co-Lead Counsel for Plaintiffs* |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on April 9, 2024, I electronically filed the foregoing document with |
| 3 | the Clerk of the Court using the CM/ECF system, which will automatically send notification of |
| 4 | the filing to all counsel of record. |

By: /s/ *Sarah R. London*
Sarah R. London