UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Cases | Case No. 3:19-md-02913-WHO<br><br>**DECLARATION OF SARAH R. LONDON IN SUPPORT OF FEE COMMITTEE'S FIRST SUPPLEMENTAL RECOMMENDATIONS RE: EXPENSE PAYMENTS** |

I, Sarah R. London, declare and state as follows:

1. I am an attorney in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP. I serve as Co-Lead Counsel and Liaison Counsel in this litigation. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this declaration in support of the Fee Committee's Altria Settlement Fee Recommendations and First Supplemental Expense Recommendations.

**The Fee Committee's Approach to Altria-Related Fees**

3. When allocating fees in connections with the JLI settlements, the Fee Committee was aware of the estimated fees to come from the Altria settlements, as well as the efforts various firms put towards both class certification and the *SFUSD* trial against Altria.

4. To set firms' expectations, the Fee Committee determined it made sense to account for the potential Altria fees in allocating JLI fees.

5. In particular, the Committee decided that, for most firms, their JLI allocation would reflect their contributions to the litigation as a whole. They would receive no additional Altria allocation.

6. A few firms, especially those that contributed most significantly to the *SFUSD* trial or to class certification, would receive Altria-specific allocations (and bear the risks that the Court would reduce the Altria class fee or the Altria settlements would not become final).

7. The Fee Committee communicated this determination to all affected firms, and they were given the opportunity to respond or object.

8. On February 26, 2023, the Fee Committee sent to each firm that reported common benefit time to this Court or the JCCP the Committee's Altria-related recommendations.

9. The Committee invited any firm that wished to discuss their proposed allocation to schedule a meeting with the Committee. A few firms requested and received meetings.

10. The Committee took those meetings into account when crafting the allocation attached to these Recommendations.

**Status of CMO 5(A) Cost Accounts**

11. As directed by the Court's order approving Fee Committee recommendations (ECF 4178), in my role as Co-Lead Counsel, Liaison Counsel, and JLI Settlement Trustee, I directed that the Court's authorized fee and cost payments be made from the CMO 5(A) cost fund established in connection with the JLI settlements.

12. The Settlement Trust paid out approximately 93% of the awarded cost fund assessments and held costs, $700,000 in pending and anticipated expenses to the MDL cost fund, and $1,350,000 to BrownGreer PLC, reflecting its initial invoices.

13. As of April 1, 2024, the CMO 5(A) cost fund currently has approximately $1,883,000. We deliberately held back this amount to ensure sufficient funds to pay the MDL's ongoing bills while awaiting future payments from the JLI and Altria settlements.

14. More funds are expected when the Altria settlements become effective, and when JLI makes its future settlement payments.

15. After the Court approved the Fee Committee Recommendations, Co-Lead Counsel became aware of two record-keeping errors in the held cost data. First, certain held costs ($28,996.21) were inadvertently attributed to one firm when they should have been attributed to two other firms. This error will be corrected in future cost payments. Second, one firm had a $200,000 cost fund assessment that was mistakenly double-counted. This error has already been accounted for by reducing one of that firm's fee payment (with the difference transferred from the fee account to the cost account).

**REQUESTED COST REIMBURSEMENTS**

16. Since the Court approved the Fee Committee's Recommendations, several cost-related developments have occurred. First, MDL and JCCP firms continued to report their held costs to Judge Andler and to the Court (for MDL firms). Second, the MDL cost fund continues to incur expenses related to MDL management generally. And third, the Tribal Subcommittee has established a Tribal Litigation Fund to manage common expenses related to the ongoing tribal litigation against Altria. Fourth, BrownGreer PLC has submitted invoices and projected expenses that exceed the $4.3 million the Court has already authorized.

17. The Fee Committee recommends the Court authorize additional reimbursements in all three areas. At this time, there are not sufficient funds available to reimburse all of the held costs, but the Fee Committee anticipates making those payments when future JLI and Altria settlement payments are made.

18. The Committee recommends reimbursement of $2,076,034.37 in MDL held costs and $121,903.33 in JCCP held costs. These numbers account for a large trial-related cost reversal that will be included in the March 15, 2024 report to the Court. As with the held costs previously authorized by the Court, all of these amounts were submitted to and approved by Judge Andler.

19. Even in a settlement posture, this litigation continues to require significant ongoing expenses, including large document hosting costs and Special Master fees. To simplify ongoing cost payments, the MDL and the JCCP have agreed that significant ongoing expenses will be paid for out of the MDL cost fund. As of March 25, 2024, the JCCP cost fund had a current balance of approximately $5,900, will use these funds to pay ongoing expenses in connection with JCCP proceedings, and will transmit the balance to the MDL at the appropriate time. As of April 9, 2024, the MDL cost fund has a balance of $34,758.26 and outstanding bills of $722,051.33.

20. The Altria settlements include personal injury, government entity, and class plaintiffs, but did not include the tribal cases. Those cases continue to be litigated.

21. The Court-appointed Tribal Subcommittee, consistent with CMO 5 and with the approval and under the supervision of Co-Lead Counsel, established a Tribal Litigation Fund to manage expenses for that ongoing litigation that meet the definition of "Shared Costs" in CMO 5.

22. At this time, firms have contributed $750,000 into the tribal litigation fund. As of March 27, 2024, the fund had $59,828.50 in remaining funds (with $19,074.06 in invoices outstanding), which will be used to pay ongoing tribal-related expenses.

23. The Court earlier authorized payment up to $4.3 million to the BrownGreer PLC, the non-class settlement administrator. Co-Lead Counsel directed payments of $1,350,000 in initial invoices. BrownGreer has now submitted invoices for an additional $3,127,029.23.

BrownGreer estimates its future fees and expenses in connection with administering the JLI and Altria settlements will be $572,000.

24. Exhibit 1 to the Fee Committee's Recommendations (ECF 4152-2) inadvertently omitted one firm's contribution of $300,000. Exhibit 2 to these Recommendations includes that omitted amount.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 9th day of April, 2024, in San Francisco, California.

/s/ *Sarah R. London*
Sarah R. London