Lauren S. Wulfe (SBN 287592)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
Lauren.Wulfe@arnoldporter.com

Paul W. Rodney (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 15th Street, Suite 3100
Denver, CO 80202
Telephone: 303-863-1000
Facsimile: 303-832-0428
Paul.Rodney@arnoldporter.com

John C. Massaro (*admitted pro hac vice*)
Daphne O'Connor (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
John.Massaro@arnoldporter.com
Daphne.OConnor@arnoldporter.com
Jason.Ross@arnoldporter.com
David.Kouba@arnoldporter.com

Attorneys for Defendants Altria Group, Inc.,
Philip Morris USA Inc., Altria Client Services LLC,
Altria Group Distribution Company, and
Altria Enterprises LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*All Plaintiffs Identified in Exhibit A* | Case No.:19-MD-02913-WHO<br><br>**ALTRIA'S MOTION TO DISMISS WITH PREJUDICE NON-COMMUNICATING PLAINTIFFS' CLAIMS**<br><br>Hon. William H. Orrick<br><br>Date:    May 29. 2024<br>Time:    2:00 pm |

**ALTRIA'S MOTION TO DISMISS WITH PREJUDICE
NON-COMMUNICATING PLAINTIFFS' CLAIMS**

Pursuant to Case Management Order ("CMO") No. 18, Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Group Distribution Company, and Altria Enterprises LLC ("Altria") moves the Court for an Order dismissing the Plaintiffs listed on Exhibit A with prejudice for being "Non-Communicating Plaintiffs." This motion is supported by the declarations of the Personal Injury Settlement Administrator, BrownGreer, and Altria's counsel, David Kouba. Plaintiffs' Leadership does not object to the Court dismissing with prejudice the claims brought by the Non-Communicating Plaintiffs included on Exhibit A to this Motion. Moreover, the Court previously granted the same relief sought in this motion in orders granting JUUL Labs, Inc.'s ("JLI") motions to dismiss non-communicating plaintiffs after the settlement between JLI and Plaintiffs. *See* D.E. 4074, 4147.[1]

**A. The Personal Injury Settlement Agreement**

On July 26, 2023, Altria and Plaintiffs' Leadership (the "Parties") entered into the Personal Injury Settlement Agreement (the "Settlement Agreement"). Pursuant to the Settlement Agreement, "'Eligible Plaintiff' . . . means any Person capable of meeting the definition of Personal Injury Plaintiff." Settlement Agreement ¶ 1.14. "'Personal Injury Plaintiff' means all individuals who personally, on behalf of another individual, or through an individual acting on their behalf (i) have filed or tolled a tort claim or cause of action against any Released Party for personal injury as of the date of this Settlement Agreement, whether or not the claim or cause of action has been consolidated into MDL No. 2913 or JCCP No. 5052; or (ii) are represented by counsel to pursue a tort claim or cause of action against any Released Party for personal injury that has accrued as of the date of this Settlement Agreement, but which claim or cause of action has not yet been filed but is filed within five (5) Business Days of the Execution Date. . . ." *Id*. ¶ 1.32. The Settlement Agreement defines "Non-Communicating Plaintiff" as "an Eligible Plaintiff whose attorney certifies that the Eligible

---

[1] JLI filed two motions to dismiss non-communicating plaintiffs with prejudice. The first motion included a list of 193 Non-Communicating Plaintiffs (D.E. 4061) and the second included 3 additional plaintiffs who were later identified as Non-Communicating Plaintiffs (D.E. 4140).

Plaintiff cannot be located or fails to communicate or respond to their offer through the Settlement Program." *See id*. ¶ 1.27.

The Settlement Agreement provides that any plaintiff designated by their counsel as a Non-Communicating Plaintiffs by January 19, 2024 will be subject to the procedures outlined in the Implementation Order entered in the MDL Court, including dismissal with prejudice. *See* Settlement Agreement ¶ 9.3 ("Any Non-Communicating Plaintiff by January 19, 2024, will be subject to the procedures outlined in the Implementation Order entered in the MDL Court and the JCCP Court, including dismissal of their claims with prejudice.").

**B. The Court's Settlement Implementation Order (CMO 18)**

The Settlement Agreement was implemented by this Court through CMO No. 18. *See, e.g.*, D.E. 4111 ("CMO 18"). CMO No. 18 requires plaintiffs' counsel to submit Counsel Certification Forms "identifying all of the personal injury claimants, government entities, or tribal entities that they represent." *Id*. at Section IV. These "Eligible Plaintiffs" are required to complete certain tasks in order to complete the settlement process, including submission of a completed and signed Plaintiff Fact Sheet. *Id*. at Section V. CMO No. 18 provides the process by which Eligible Plaintiffs[2] accept or opt-out of the Settlement Agreement. CMO No. 18 also provides processes by which a non-compliant plaintiff's claims are dismissed. *See, e.g.*, CMO 18 at Section V.B (Motion to Dismiss with Prejudice).

Plaintiffs' counsel also had obligations and requirements under the Court's Settlement Implementation Order. For example, the Court ordered plaintiffs' counsel to "send [an] Informed Consent Letter to their respective clients to obtain informed consent to resolve their clients' claims through the relevant Settlement Program." *Id*. at Section VI. The final step in a settling plaintiffs' CMO No. 18 submission obligations was to submit the "Settlement Program Eligible Plaintiff

---

[2] CMO No. 18 defines an eligible personal injury plaintiff as: "All individuals 1) who have filed or tolled any claim based upon, relating to, or arising out of an alleged personal injury tort claim or cause of action against Altria as of the date of the Personal Injury Settlement Agreement, whether or not those claim(s) or causes of action have been consolidated into MDL No. 2913 or JCCP No. 5052; or 2) are represented by plaintiffs' counsel to pursue a tort claim or cause of action against Altria for personal injury that has accrued as of the date of the Personal Injury Settlement Agreement but which claim or cause of action has not yet been filed but will be filed within five days of execution of the Personal Injury Settlement Agreement and who will provide completed and signed fact sheets within forty-five days of execution of the Personal Injury Settlement Agreement." CMO No. 18 at Section IV.

Participation Form, including Release and Confidentiality Form," which was due on January 2, 2024. *Id.* at Section VII.

CMO No. 18 also required plaintiffs' counsel to "provide Certification for Personal Injury Opt-Outs, and produce a list of all Eligible Plaintiffs [to the Personal Injury Settlement Administrator ("BrownGreer")] who failed to respond to their settlement offer ("Non-Communicating Plaintiffs")" no later than January 2, 2024. *Id.* And CMO No. 16 provided that, on January 19, 2024, BrownGreer would provide "Plaintiffs' Leadership and Altria a list of all Personal Injury Opt-Outs and Non-Communicating Plaintiffs." *Id.*

### C. Implementation of CMO 18

On January 19, 2024 BrownGreer provided the Parties with a list of Non-Communicating Plaintiffs. BrownGreer provided updated lists on January 24, 2024, February 2, 2024, February 9, 2024, February 16, 2024, February 23, 2024, March 1, 2024, March 15, 2024, March 29, 2024, April 1, 2024, April 16, 2024 and April 19, 2024. Declaration of Morgan Meador ("Meador Dec") ¶ 5.

BrownGreer has certified that plaintiffs' counsel notified it that 231 MDL plaintiffs with filed cases are Non-Communicating Plaintiffs under the Settlement Agreement and CMO No. 18. Meador Dec. ¶ 7; Declaration of David Kouba ("Kouba Dec.") ¶ 16. This motion only addresses 193 of these 231 Non-Communicating Plaintiffs, who are identified in Exhibit A, attached hereto. The remaining 39 plaintiffs already had their claims dismissed or did not file claims that were included in the MDL. Kouba Dec. ¶ 17.

### D. Relief

Altria respectfully requests that the Court dismiss with prejudice the claims of 193 Non-Communicating Plaintiffs in the MDL action identified in Exhibit A, who have failed to communicate with their counsel despite receiving notices, documents, and filings ordered by this Court. These plaintiffs were included on counsel's CMO No. 18 certifications of eligible plaintiffs, received notice of the Settlement Agreement and CMO No. 18 as ordered by the Court, and received Informed Consent Letters from their counsel. These plaintiffs, however, have failed to submit documents required to accept or opt-out from the settlement and repeatedly failed to communicate with their counsel regarding the settlement.

Plaintiffs' Leadership does not object to dismissing the claims of these 193 Non-Communicating Plaintiffs with prejudice. And dismissing the claims of the Non-Communicating Plaintiffs with prejudice is appropriate under the Settlement Agreement and CMO No. 18 and will further the purposes behind the Settlement Agreement and this Court's implementation thereof. *See, e.g., In re Diet Drugs Products Liability Litigation*, 2009 WL 3444763 at *2 (E.D. Pa. Oct. 23, 2009) (upholding dismissal with prejudice of non-responsive plaintiff's claim where the Settlement Agreement and corresponding Implementation Order explicitly provided for such action in the absence of excusable neglect); *see also In re Deepwater Horizon*, 988 F.3d 192 (5th Cir. 2021) (same). The parties—with the Court's approval—carefully crafted CMO No. 18 to afford a process for plaintiffs to accept or opt-out from the settlement and to dismiss with prejudice plaintiffs who fail to participate in this process in a timely manner.

Dismissal here will remove from the settlement population plaintiffs who have failed over a period of months to communicate with their own counsel. It will bring finality for the parties to this settlement to claims that plaintiffs have clearly evinced a desire not to pursue. Absent dismissals with prejudice, these Non-Communicating Plaintiffs remain able to resurrect their claims or actions against Altria in the future, undermining a key purpose behind the settlement.

This Court previously granted similar motions filed by JLI.   *See* D.E. 4074, 4147. In these Orders, the Court dismissed with prejudice the claims of plaintiffs who failed to communicate as required by the settlement between Plaintiffs and JLI and the Court's order implementing that settlement. The Court should enter similar relief here.

## **CONCLUSION**

For reasons set forth above, the Court should dismiss with prejudice these plaintiffs.

Dated:  April 23, 2024                                      ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ *David E. Kouba*
John C. Massaro (*admitted pro hac vice*)
Daphne O'Connor (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
Angela R. Vicari (*admitted pro hac vice*)
Lauren S. Wulfe (SBN 287592)

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, AND ALTRIA ENTERPRISES LLC

**CERTIFICATE OF SERVICE**

I, John C. Massaro, hereby certify that on the 23rd day of April, 2024, I caused to be electronically filed the foregoing **ALTRIA'S MOTION TO DISMISS WITH PREJUDICE NON-COMMUNICATING PLAINTIFFS' CLAIMS** with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to all counsel of record.

By:  */s/ David E. Kouba*

John C. Massaro (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
David.Kouba@arnoldporter.com