1  [*Submitting Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO<br><br>**CLASS PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE DECLARATION OF LOREE KOVACH**<br><br>**N.D. Cal. Local Rules 7-11 and 79-5**<br><br>HON. WILLIAM H. ORRICK III |
| This Document Relates to:<br><br>CLASS ACTIONS | |

**TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Class Plaintiffs hereby move the Court, pursuant to Civil Local Rule 79-5, for an administrative order to file under seal certain portions of the Declaration of Loree Kovach In Response to the Court's Request For Steps Taken to Identify, Analyze, and Handle Likely Fraudulent Claims ("Kovach Decl.") submitted with Class Counsel's Notice Regarding Administration of the JLI and Altria Class Action Settlements.

Class Plaintiffs file this motion pursuant to the Amended Protective Order (Dkt. No. 1282) and Civil Local Rule 79-5. Pursuant to Civil Local Rules 79-5 and 7-11(c), no hearing date has been set.

**Materials to Be Filed Under Seal**

Class Plaintiffs and Epiq, the Settlement Administrator for the JLI and Altria Class Action Settlements, have designated certain information described in the Kovach Declaration as confidential. These portions of the declaration contain information that, if disclosed, may undermine the anti-fraud efforts of Class Counsel and the Settlement Administrator. Class Plaintiffs move to file under seal the following:

| Document | Portions to be Sealed |
|---|---|
| Kovach Declaration | Portions of ¶¶ 9, 10, 13.f, 15–40, 41, and 43 |

**Basis for Request to Seal**

The Kovach Declaration describes the steps that Epiq has taken to analyze suspected fraudulent claims in connection with the administration of the settlements. Epiq evaluated indicia of fraud present in the claims population and applied a fraud scoring model to classify claims based on whether and to what extent they exhibit indicia of fraud. Kovach Decl. ¶ 8. Each of the indicia of fraud are detailed in the Kovach Declaration, along with a description of how each indicium was weighted in the scoring model and the prevalence of that indicium in the claimant population. *See generally id*. ¶¶ 15-40. Class Plaintiffs request that the Court enter an order permitting them to file portions of the declaration that identify the indicia of fraud and describe

the fraud scoring model under seal to prevent fraudsters from learning how to better evade detection.

Good cause exists for this request. Publicizing the details of the fraud analysis here could provide significant aid to bad actors who have recently been increasing their efforts to systematically file massive amounts of fraudulent claims in class action settlements to syphon money away from legitimate class members. *See, e.g.*, *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC Dkt. No. 1181 (granting a motion to seal declaration of settlement administrator discussing the anti-fraud efforts and indicia considered). Certain commonalities in the suspect claims here suggest that bad actors submit a large inventory of programmatically created fraudulent claims. These bad actors thus have every incentive to study publicly available information about how settlement administrators like Epiq detect and reject them, to hone their efforts. On the other hand, legitimate Class Members and the public have little interest in the limited information Class Plaintiffs seek to seal.

Courts' reasons for sealing opt-out thresholds in class action settlements is instructive. Opt-out thresholds are routinely placed under seal (as they were in these Settlements), as there is a "compelling reason[] to keep this information confidential" because it "prevent[s] third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts." *Thomas v. Magnachip Semiconductor Corp.*, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016); *accord In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 1:12-MD-2343, 2015 WL 1486709, at *2 (E.D. Tenn. Mar. 31, 2015) (finding good cause to seal walk-away agreement because "[p]otential opt-outs may exploit this type of provision by demanding undue compensation for not scuttling the settlement"). The same reasoning applies with even stronger force here, where the purpose of sealing is to prevent bad actors from exploiting the settlement to obtain a payout based on fraudulently submitted claims.

For these reasons, Class Plaintiffs respectfully request permission to file the identified portions of the Kovach Declaration under seal.

Dated: April 24, 2024

Respectfully submitted,

By: /s/ *Dena C. Sharp*

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

*Co-Lead Counsel and Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Dena C. Sharp*
Dena C. Sharp