UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.  19-md-02913-WHO<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED AGENDA** |

Pursuant to Civil Local Rule 16-10(d), Plaintiffs' Co-Lead Counsel as well as counsel to the eleven of the thirteen personal injury plaintiffs who have elected to opt out from Plaintiffs' settlements with JLI and/or Altria ("PI opt-outs"), counsel to Defendant Juul Labs, Inc. ("JLI"), counsel to the JLI Settling Defendants[1], and counsel to Defendants Altria Group, Inc., Philip Morris USA, Inc., Altria Client Services LLC, Altria Enterprises LLC, and Altria Group Distribution Company ("Altria"), (collectively referred to herein as the "Parties") respectfully provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for May 6, 2024.

**I.    PARTICIPANT INFORMATION**

The May 6, 2024 CMC will proceed by Zoom. Anyone who wishes to attend the conference virtually may log in using the information available at: https://www.cand.uscourts.gov/judges/orrick-william-h-who/.

**II.    ISSUES TO BE DISCUSSED AND PROPOSED AGENDA**

    **1.    Status of Case Filings and Dismissals**

    **2.    Opt Out Plaintiffs**

---

[1] Specifically the JLI Settling Defendants include: JUUL LABS, INC., previously d/b/a PAX LABS, INC. and PLOOM INC.; JAMES MONSEES; ADAM BOWEN; NICHOLAS PRITZKER; HOYOUNG HUH; RIAZ VALANI; MOTHER MURPHY'S LABS, INC.; ALTERNATIVE INGREDIENTS, INC.; TOBACCO TECHNOLOGY, INC.; eLIQUITECH, INC.; MCLANE COMPANY, INC.; EBY-BROWN COMPANY, LLC; CORE-MARK HOLDING COMPANY, INC.; CHEVRON CORPORATION; CIRCLE K STORES INC.; SPEEDWAY LLC; 7-ELEVEN, INC.; WALMART; WALGREENS BOOTS ALLIANCE, INC.

  **3.**  **Tribal Cases**

  **4.**  **Fee Committee Recommendations**

**III.** **STATUS OF CASE FILINGS AND DISMISSALS**

  **1.**  **JLI**

   **a.**  **MDL**

As of May 6, 2024, JLI and JLI Settling Defendants have settled claims with 5,023[2] plaintiffs (3,499 personal injury plaintiffs, 1,492 government entities, and 32 tribes ("Settling Plaintiffs")) in this MDL. Pursuant to the terms of the Settlement Agreement, 4,976 Settling Plaintiffs (3,456 Personal Injury Plaintiffs, 1,491 Government Entity Plaintiffs, 32 Tribal Plaintiffs) have voluntarily dismissed their claims with prejudice against JLI and JLI Settling Defendants. Fifty-eight (58) cases remain pending against JLI and the JLI Settling Defendants.

Six adult Personal Injury Settling Plaintiffs and one Government Entity Settling Plaintiff have not dismissed their claims with prejudice against JLI and JLI Settling Defendants. A list of these plaintiffs is attached hereto as **Exhibit A.** JLI intends to file a Motion to Dismiss Settled Cases with Prejudice no later than May 13, 2024, if these cases are not voluntarily dismissed. Plaintiffs' leadership is working with one plaintiff, Lisa Marie Vail, individually and on behalf of the Estate of Daniel David Wakefield, *Vail v. Juul Labs, Inc.*, 3:19-cv-06597, and her counsel to work through remaining settlement issues before JLI files its Motion to Dismiss that matter with prejudice.

Thirty-seven (37) minor Personal Injury Settling Plaintiffs have not dismissed their claims with prejudice and have deferred filing voluntary dismissals due to their minor status, which requires court approval of settlement amounts. A list of these plaintiffs is attached hereto as **Exhibit B.** Plaintiffs' Leadership has proposed implementing the processes executed in the JCCP action whereby Special Master Andler would be delegated that duty to oversee approval hearings.[3] This proposed order will be filed tomorrow, May 2, 2024. Since many of the minors are coming of age,

---

[2] The numbers in this Statement reflect the Parties' good faith estimates based on reasonably available information. The Parties will continue to work together to align their data and resolve any inconsistencies.

[3] A copy of the JCCP Case Management Order No. 18, implementing the minor settlement processes is attached hereto as **Exhibit C.**

the Settlement Administrator, BrownGreer, has represented that by May 6, the number of minors to whom this order would apply will be thirty-one (31) in the MDL. Additional investigation will be done to ascertain the final number of minor plaintiffs and the Parties represent that a few of the names listed on Exhibit B may no longer need to be treated as minors. Since liens must be fully resolved for the minors before the minor approvals can be completed, some minor cases will not yet be ripe for approval. The individual attorneys per the proposed orders will submit the necessary documentation to Judge Andler per the proposed order.

Eleven Personal Injury Plaintiffs, discussed *infra*, have opted out of settlement and continue to litigate their claims. Three Tribal Plaintiffs, discussed *infra*, filed their claims after the settlement cutoff and continue to litigate their claims.

### b.    JCCP

As of May 6, 2024, JLI and the JLI Settling Defendants have settled claims with 4,018 plaintiffs (3,975 personal injury plaintiffs and 43 government entities ("Settling Plaintiffs")) in JCCP 5052, which is assigned to Judge David S. Cunningham of the Los Angeles Superior Court as the Coordination Trial Judge.  As of May 6, 2024, 3,995 Settling Plaintiffs (3,952 personal injury plaintiffs and 43 government entity plaintiffs) have filed Requests for Dismissal with the Court and 3,968 of these Requests have been entered by the Court.

Sixty (60) cases are pending in the JCCP against JLI and some of the JLI Settling Defendants. Twenty-Seven (27) adult personal injury Settling Plaintiffs' Requests for Dismissal were rejected by the Court for filing errors. One personal injury Settling Plaintiff has refused to file a Request for Dismissal, and JLI currently is moving to dismiss this Plaintiff's claims with prejudice. Twenty-two (22) minor plaintiffs have deferred filing of Requests for Dismissal pending approval of agreed-upon allocations by Hon. Gail A. Andler pursuant to Case Management Order No. 18. Nine (9) Personal Injury Plaintiffs and one Government Entity Plaintiff have opted out of settlement and continue to litigate their claims.

### 2.    Altria

As announced on May 10, 2023, during the *SFUSD* trial, Plaintiffs and the Altria Defendants reached an agreement that will create settlement programs to resolve the personal

1   injury, class, and government entity cases as to Altria. The Court granted final approval of the class
2   settlement on March 14, 2024. (ECF No. 4212). Altria's payment of the settlement funds is due
3   May 13, 2024.

4         In connection with implementation of the Altria settlement, Case Management Order 18
5   ("CMO 18") requires personal injury plaintiffs to provide certain information to the Settlement
6   Administrator and elect to either participate in or opt out from the personal injury settlement. The
7   personal injury plaintiffs who are participating in the personal injury settlement will dismiss their
8   claims within 15 days of Altria's payment of the personal injury settlement payment. The personal
9   injury plaintiffs who have opted out are discussed in Section IV, *infra*.

10        CMO 18 also provides that those personal injury plaintiffs who fail to communicate with
11  the Settlement Administrator will have their claims dismissed with prejudice and sets forth the
12  process for seeking dismissal. Pursuant to CMO 18, on April 23, 2024, Altria moved to dismiss
13  the claims of "Non-Communicating Plaintiffs." *See* ECF No. 4216. Plaintiffs' Leadership does not
14  object to the Court dismissing with prejudice the Non-Communicating Plaintiffs' claims against Altria.
15  The motion to dismiss is noticed for May 29, 2024.

16        All of the government entities that brought cases against Altria are participating in the
17  government entity settlement. The government entity plaintiffs will dismiss their cases within 30
18  days of Altria's payment of the government entity settlement payment.

19        On April 26, 2024, the Ninth Circuit extended the administrative closure period for Altria's
20  appeal from the Court's class certification order until July 25, 2024.

21  **IV.  OPT OUT PLAINTIFFS**

22        There are eleven opt-out cases in the MDL where plaintiffs opted out from the settlement
23  between JLI, the JLI Settling Defendants, and Plaintiffs and the settlement between Altria and
24  Plaintiffs. Ten personal injury plaintiffs are represented by the Schlesinger firm (the "Schlesinger
25  opt-outs") and one personal injury plaintiff is represented by TorHoerman law—Jay Patel, *Jay*
26  *Patel et al. v. Juul Labs, Inc. et al.*, 3:20-cv-06985. The schedule for opt-outs from the JLI
27  settlement has advanced through the initial discovery processes and mediation contemplated by
28  Case Management Number 17 ("CMO No. 17" or "CMO 17") (as applicable to JLI and the JLI

Settling Defendants).

The same eleven plaintiffs also opted-out from the settlement between the Altria Defendants and Plaintiffs. In addition, two plaintiffs who did not opt-out from the JLI settlement opted out from the settlement between Altria and Plaintiffs. These plaintiffs are Tyler Butler in *Tyler Butler*, Case No. 3:22-cv-05685 (represented by Morgan & Morgan), and Ethan Honorat in *Ethan Honorat*, Case No. 3:22-cv-05635 (represented by Morgan & Morgan). Under Case Management Order 19 (CMO No. 19) (as applicable to the Altria Defendants), and as set forth in greater detail below, plaintiffs who opted out from the Altria settlement are subject to additional disclosure and discovery requirements beyond those required by the JLI settlement, and the deadlines for these requirements have not yet passed. The parties describe the status of the opt-out cases and offer their respective positions on next steps below.

**The Schlesinger Opt-Outs**

The Schlesinger opt-outs have advanced through the initial discovery processes and mediation contemplated by CMO No. 17 (as applicable to JLI and JLI Settling Defendants).

Specifically, under CMO No. 17, following an initial discovery period in which Litigating Plaintiffs were required to produce (1) Preservation Notices (CMO No. 17 § III.A); (2) "Certain Specified Information Regarding their Claims" (CMO No. 17 § IV.A); and (3) a Statute of Limitations Affidavit (CMO No. 17 § VIII.A;), the Parties were required to participate in mediation before the Parties' Settlement Master, Thomas Perrelli, pursuant to Section V of CMO No. 17. (CMO No. 17 § V). This mediation occurred on April 8, 2024, and involved JLI and the Schlesinger opt-outs. Altria also participated.

Pursuant to CMO No. 17, if mediation as contemplated by those case management orders is unsuccessful, Plaintiff has otherwise complied with his or her initial discovery obligations, and Plaintiff has not previously engaged in case-specific discovery, "then the Parties, as applicable, shall submit a proposed Scheduling Order to the Court that: (a) grants the Parties one hundred eighty (180) days from the entry of the Scheduling Order to conduct discovery on case-specific issues ("Additional Discovery"); and (b) sets a briefing schedule that gives the Parties forty-five (45) days from the close of Additional Discovery for the Parties to submit summary judgment

1  motions and Daubert motions, twenty-eight (28) days for responses, and twenty-eight (28) days for
2  replies." (CMO No. 17 § VIII.B).[4]

3  Because the Schlesinger opt-outs have otherwise fulfilled their initial discovery obligations
4  with JLI and JLI Settling Defendants, and because the Schlesinger opt-outs, JLI, and the JLI
5  Settling Defendants, have mediated and reached an impasse, JLI, the JLI Settling Defendants, and
6  the Schlesinger opt-outs are submitting herewith their respective proposed Scheduling Orders.

**1. Plaintiffs' Position**

The ten Schlesinger opt-outs maintain that case specific discovery should commence immediately in all their respective cases as provided by CMO 17 and 19. By way of background, all ten allege addiction, behavioral, and respiratory injuries. Three of the ten allege additional severe pulmonary injuries. Two of the ten allege additional neurological injuries. One of the plaintiffs also alleges that his Juul use contributed substantially to causing a kidney injury.

These Plaintiffs opted out of the settlement to try their claims. To that end, they produced their case-specific material pursuant to CMO 17 in August 2023 and case-specific expert reports in September 2023. The Parties also met and conferred on various deficiencies that JLI raised, which these Plaintiffs cured by amending their fact sheets, serving additional preservation notices, and producing records. These Plaintiffs even moved to modify CMO 17 to afford them the ability to subpoena providers and employers who had yet to produce records or "no-records" statements.

Schlesinger opt-outs produced case-specific reports from experts the Court is familiar with and issued orders respecting their opinions. For example, Dr. Jonathan Winickoff produced a case-specific report for all Schlesinger opt-outs, just as he did for the first bellwether personal injury case. Dr. Judith Prochaska produced a case-specific report in five of the cases. Other addiction

---

[4] Pursuant to CMO No. 17 § VIII.B, during "Additional Discovery," the Parties may "(a) take the depositions of the Plaintiff, the Plaintiff's spouse, if applicable, and any other non-party lay fact witness specific to the Plaintiff for up to seven (7) hours each, with Counsel for the Settling Defendants questioning first at each deposition; and (b) take the depositions of no more than three (3) of a Personal Injury Plaintiff's treating healthcare providers, with Counsel for the Settling Defendants questioning first at each deposition."

Should Plaintiff serve written discovery upon the Settling Defendants, "the Parties shall meet and confer about an appropriate deadline for responding to such discovery, which deadline shall be at least sixty (60) days after service of such discovery."

- 6 -

experts who submitted reports, including Dr. Bonnie Halpern-Felsher, followed Dr. Prochaska's case-specific methodology. Dr. Charles Pue produced case-specific reports in the three cases of severe pulmonary injuries. The Court and the Parties, accordingly, have the benefit of the Court's prior rulings as they relate to these experts.

The Schlesinger opt-outs' proposed schedule is attached as **Exhibit D**. In that 180-day window, the Parties are free to take the fact witness and treating physician depositions as provided in CMO 17 § VIII.B. As indicated in Schlesinger opt-outs' proposal, their case specific experts may update their reports and shall be made available for deposition. In addition, the Defendants must disclose their case-specific experts, produce Rule 26 reports, and make their experts available for deposition. At the end of the Expedited Discovery period, the Parties may file summary judgment motions as provided in CMO 17 and 19, including *Daubert* motions on issues the Court has not already addressed that may bear on summary judgment,

Defendants' proposal below is contrary to CMO 17 and 19, and, in essence, would deprive these Plaintiffs of their due process. These orders do not contemplate the need for individual, long-form complaints or for additional Rule 12 motions. Here, Plaintiffs' leadership filed a master personal injury complaint, and each Plaintiff filed his or her respective short-form complaint. Plaintiffs should not have to file additional complaints. What's more, the Court has already addressed Rule 12 motions. *See* Docket No. 2144. There is no basis to revisit the Court's rulings or to provide Defendants with additional opportunity to file Rule 12 motions. Following Defendants' proposal would frustrate the very purpose and efficiencies of multi-district litigation.

Moreover, CMO 17 and 19 do not contemplate a staggered or waive-based approach to working up opt-out cases, as Defendants propose, where less than a handful of cases may be prosecuted while the rest are paused. Just the opposite. Opt-outs who have met their CMO 17 and 19 obligations, who have not settled in mediation, are entitled to push their cases forward with "Expedited Discovery." This is not a situation where a defendant must work up hundreds, if not thousands, of cases in waves as in other MDLs. Here, out of the several thousand cases filed, just ten remain. Defendants' argument about "efficiency" ignores all the work that the Parties and Court put into the MDL. There is a body of prior rulings on *Daubert* and dispositive motions, such that

further "narrowing" of issues, as Defendants suggest, is unnecessary. Defendants' position is counterproductive to resolving these cases. First, it does not permit the further workup of all cases. Second, Defendants' proposal to move forward on three cases offers a haphazard path that will create stagnation as they fail to offer a way to trial. The Court should, respectfully, reject Defendants' proposal.

The Court should also be made aware of Plaintiff Walker McKnight's situation. Mr. McKnight was hospitalized for a prolonged period in 2019 with acute respiratory distress syndrome. He ultimately underwent a double lung transplant and a kidney transplant in April 2022. While his initial recovery was successful, his body began rejecting the implants in 2023. His medical providers continue to administer treatments to stave off that rejection. With this, the Parties have discussed taking Mr. McKnight's deposition to preserve his testimony but have not come to an agreement on modifying CMO 17 or on a protocol on which to take his deposition. At this juncture, the Court should order that Mr. McKnight's deposition be taken forthwith.

Schlesinger opt-outs also seek to raise and discuss with the Court, generally, and, if the Court prefers, more specifically at the following status conference, setting these cases for trial, including the venue of such trials and whether cases should be consolidated for trial. These Plaintiffs respectfully urge the Court to set a trial date shortly after summary judgment is fully briefed. Finally, the Court should be aware that there are pending motions to remand to state court in in the *McKnight* (3:20-cv-02600-WHO, Dkt. No. 10) and *Shapiro* 3:19-cv-07428-WHO, Dkt. No. 17) matters. McKnight and Shapiro respectfully request a hearing date on these motions as well.

Overall, all these Plaintiffs met their heavy burden in complying with the case management orders. Schlesinger opt-outs respectfully request the Court to enter a scheduling order that enables the Parties to fully work-up the ten cases to trial in an expeditious manner.

**2. JLI and the JLI Settling Defendants' Position**

The Schlesinger firm is implicitly asking the Court to vacate CMO 17, after having objected unsuccessfully to CMO 17 in January 2023. Dkt. 3748 at 1. As JLI explained then, CMO 17 is proper given "the comparative history in this case" because "JLI has produced over 9 million

documents . . . and has produced for deposition at least 64 current and former company employees and executives, but there has been no comparable discovery on plaintiffs with the exception of the bellwether process." Dkt. 3760 at 6. That number of defense depositions increases to over a hundred when considering Altria's current and former employees. This Court entered CMO 17 after a hearing. *See* Dkt. 3772, 3780.

CMO 17 appropriately gives Defendants the opportunity to pursue proportional discovery of Plaintiffs. In the Additional (or Expedited) Discovery period, Defendants may "conduct discovery on case-specific issues" by deposing the plaintiff, "any . . . non-party lay fact witness specific to the Plaintiff," and the plaintiff's "treating healthcare providers." CMO 17 ¶ 48.

By contrast, CMO 17 precludes Plaintiffs from taking "additional 'generic' or 'core' discovery against the Settling Defendants at this time." *Id.* The discovery Plaintiffs can take is instead limited to case-specific matters and, even then, subject to further limitations. For example, Plaintiffs may not depose any of Defendants' witnesses "absent prior leave granted by the Court upon a showing of good cause." *Id.* And although Plaintiffs can serve "written discovery upon the Settling Defendants," the deadline for "responding to such discovery . . . shall be at least sixty (60) days after service." *Id.*

Under CMO 17, a plaintiff can proceed to full fact and expert discovery only if the Court is satisfied – after an initial set of dispositive motions – that a plaintiff's claim is viable. CMO 17 does not preclude the filing of answers or motions to dismiss. And the summary-judgment and *Daubert* motions that the parties may file after the Additional Discovery period do "not prejudice or otherwise foreclose the opportunity . . . to file *later, non-duplicative summary judgment and* Daubert *motions after completing full fact and expert discovery*." *Id.* ¶ 49 (emphasis added).

Here, the Schlesinger opt-outs' proposal violates CMO 17 twice over. First, it confuses the Additional Discovery period with "full fact and expert discovery." As described above, CMO 17 limits the discovery that the parties can take during the Additional Discovery period (indeed, that is why the Additional Discovery can be Expedited). Contrary to the Schlesinger opt-outs' proposal, CMO 17's limitations do not allow – much less require – Defendants to "disclose their case-specific experts, produce Rule 26 reports, [or] make their experts available for deposition." This discovery

- 9 -

only occurs, if at all, during the "full fact and expert discovery" period that follows this Court's determination that the individual opt-out cases are entitled to proceed. By trying to jam discovery of Defendants' experts into the initial discovery period, the Schlesinger opt-outs' proposals contravene the plain language of CMO 17, and would replace it with the very proposal they made and that the Court rejected in January 2023.

Second, the Schlesinger opt-outs' proposal improperly sets trial shortly after the parties finish the initial set of dispositive motions. That proposal leaves no time for the "full fact and expert discovery" and the "later, non-duplicative summary-judgment and *Daubert* motions" that CMO 17 expressly contemplates. CMO 17 ¶ 49. Again, by their proposal the Schlesinger opt-outs implicitly seek to vacate CMO 17.

The Court should enter JLI, the JLI Settling Defendants, and Altria's proposed scheduling order, attached as **Exhibit E**. Defendants' proposal is fully consistent with CMO 17 because it provides deadlines for the Additional Discovery period and the initial set of dispositive motions required under CMO 17. Further deadlines can be set in the future if needed. Defendants' proposal appropriately omits a trial date, which also can be set in the future if needed.

JLI, the Settling Defendants, and Altria respectfully request that the Court require any opt-out plaintiffs to submit long form complaints and allow the Defendants to file Rule 12 motions with respect to those long form complaints. This Court has previously required bellwether plaintiffs to file long-form complaints[5] and allowed Defendants to move to dismiss those complaints; the Schlesinger opt-outs' contrary suggestion is baseless. *See* Dkt. 2144.[6] That motion practice narrowed the parties left in the bellwether cases. Importantly, for due process purposes, at least some of the Settling Defendants (that were not implicated in the prior bellwether cases) have, at a minimum, personal-jurisdiction arguments that should be resolved promptly.[7] Plaintiffs cite no

---

[5] For example, B.B. was required to submit a long-form complaint. *See* Case No. 3:20-cv-07174 at Dkt. 6, 9, and 10.

[6] The Schlesinger opt-outs' claim that "the Court has already addressed Rule 12" motions is incorrect. Dkt. 2144 – which the Schlesinger opt-outs cite – is this Court's Order on Motions To Dismiss Personal Injury Bellwether Complaints. None of those bellwethers were Schlesinger opt-outs, and this Court's ruling on those motions does not substitute for a ruling on motions to dismiss the Schlesinger opt-outs. The Schlesinger opt-outs do not try arguing otherwise.

[7] Defendants should have an opportunity to move to dismiss the Schlesinger opt-outs' claims because no Defendant has previously done so and – regardless – the Settling Defendant group is

1  authority for forcing Defendants with personal jurisdiction arguments to wait until the end of
2  discovery to raise those issues for the first time.

3  Defendants also respectfully submit that, for reasons of efficiency and proportionality, the
4  Court should initially focus the parties' discovery on three representative plaintiffs. Many common
5  issues applicable to all Schlesinger opt-outs can be resolved through staging the ten cases instead
6  of litigating all ten cases at once. This Court has "inherent authority" to establish discovery
7  procedures, and it has also acknowledged such case management orders can be "rigorous…when a
8  defendant has taken steps to settle a significant portion of the claims pending against it." CMO 17
9  ¶¶ 3, 6 (citing authority). Defendants request that the Court allow briefing within a week of the
10 case management conference on their proposed selection of representative plaintiffs.[8]

11 Finally, with respect to Mr. McKnight, the Settling Defendants are not and have never been
12 opposed to taking a preservation deposition of Mr. McKnight. On the contrary, the Settling
13 Defendants have worked with Mr. McKnight's counsel to appropriately safeguard any preservation
14 deposition and to ensure fairness and appropriate means of managing the deposition – time
15 questioning, availability for multiple days based on health limitations, a possible advance discovery
16 deposition, etc. The Settling Defendants have made numerous proposals for a preservation
17 deposition. Counsel for Mr. McKnight rejected these proposals and the parties have not been able
18 to agree on the parameters for a preservation deposition.

19 **3. Altria's Position**

20 Altria reached a settlement with plaintiffs more than six months after JLI and the JLI
21 Settling Defendants reached a settlement with plaintiffs, and the Court entered separate case
22 management orders, CMO 18 and CMO 19, to address the timeline for the Altria settlement and set
23 forth the obligations of plaintiffs who opt-out from that settlement. The schedule for opt-out
24 plaintiffs to produce information and documents related to Altria is therefore different from the

---

26 significantly broader than the defendants to the individual bellwether cases.
27 [8] The Schlesinger opt-outs' observation that "CMO 17 and 19 do not contemplate a staggered or waive-based approach to working up opt-out cases" is beside the point. Nothing in these CMOs bars such an approach. And it makes sense they do not contemplate this approach expressly
28 because, when the Court entered these CMOs, it was unclear how many opt-out or new plaintiffs there would be.

schedule that applied to disclosures required by the CMO entered after the JLI settlement. In addition, two MDL plaintiffs who did not opt out from the JLI settlement opted out of the settlement with Altria. These plaintiffs are Tyler Butler in *Tyler Butler*, Case No. 3:22-cv-05685 (represented by Morgan & Morgan), and Ethan Honorat in *Ethan Honorat*, Case No. 3:22-cv-05635 (represented by Morgan & Morgan).

Under CMO 19, opt-out plaintiffs are required to provide Altria-related information and documents within 105 days from the date they elect not to participate in the Altria settlement. The deadline for opting out from the Altria settlement was January 19, 2024. Accordingly, May 3, 2024 is the deadline for providing Altria-related documents and information under CMO 19. Altria received certain materials from the ten Schlesinger opt-outs on April 16, 2024 pursuant to sections III.A and IV.A of CMO 19 and is in the process of reviewing those materials. To date, Altria has not received documents or disclosures from the remaining three opt-out plaintiffs: Jay Patel, Tyler Butler, and Ethan Honorat.

In addition, under CMO 19, opt-out plaintiffs must provide any expert report concerning the basis for Altria's purported liability within 130 days from the date that they elect not to participate in the Altria settlement. Accordingly, May 28, 2024 is the last date for opt-out plaintiffs to produce such reports. To date, Altria has not received any Altria-specific expert disclosures.

Under CMO-19, the claims brought by these thirteen opt-out plaintiffs against Altria are subject to a stay pending these disclosure and production deadlines and subsequent events that have not taken place, including a period of time for completion mediation. Altria is open to waiving the three-month mediation period required by section V of CMO 19 and agreeable further to a schedule that would align the timetable for claims against JLI and the JLI Settling Defendants with the timetable for claims against Altria, provided that schedule allows time to complete the events required by CMO 18 and CMO 19 and does not prejudice Altria. Altria believes that the deadlines for fact discovery and motions for summary judgment and under Daubert in the schedules proposed by JLI and the JLI Settling Defendants and the Schlesinger Opt-Outs would not provide sufficient time for these events. Altria submits instead that these deadlines and any other proposed deadlines that the Court adopts should be extended by three months. Thus, for example, the deadline for fact

1  discovery would be extended from November 3, 2024 (as proposed by JLI and the JLI Settling
2  Defendants) to February 5, 2025 and the deadline for summary judgment and Daubert motions
3  would be extended from December 20, 2024 (as proposed by JLI and the JLI Settling Defendants)
4  to March 20, 2025, and any related or additional proposed deadlines adopted by the Court similarly
5  extended.

6       Subject to this adjustment to the deadlines in the proposed schedules, Altria believes that
7  the events and sequencing proposed by JLI and the JLI Settling Defendants in Exhibit **E** are
8  reasonable. In addition, Altria agrees with and joins the proposal made by JLI and the JLI Settling
9  Defendants to set a schedule and proceed at this time with three opt-out cases rather than all of the
10  opt-out cases. Finally, Altria believes that it would be premature, inefficient, and run counter to
11  the purpose of coordination to remand any opt-out case at this point, and likewise believes that it
12  would be premature to set trial dates in any of these cases.

13       ***Patel v. Juul Labs, Inc. et al.*, 3:20-cv-06985**

14       The Parties do not agree on the issue of whether deficiencies remain with Mr. Patel's initial
15  discovery obligations contemplated by CMO Nos. 17. JLI and counsel for Mr. Patel met and
16  conferred in the fall regarding the deficiencies in Mr. Patel's initial productions, at which time JLI
17  agreed to stay any further action and afford Mr. Patel time to remedy the deficiencies in his
18  production and complete initial productions. The Parties continue to work through their concerns,
19  and progress has been made. The Parties anticipate completing their meet and confer process by
20  June 1, by which point they will either seek guidance from the Court or be ready to move to the
21  next step in the discovery processes contemplated by CMO No. 17. Mr. Patel also notes that there
22  is a fully briefed motion to remand pending, and maintains that this case should be remanded to the
23  State of Georgia, Gwinnett County. JLI disagrees with Mr. Patel's position and expects to oppose
24  Mr. Patel's motion, when it is heard.

25  **V.  CLASS SETTLEMENT ADMINISTRATION**

26       On April 24, 2024, Class Counsel filed an update regarding the administration of the JLI
27  and Altria Class Action Settlements, proposing Class Counsel's and the Settlement Administrator's
28  plan regarding the identification and handling of fraudulent claims for the Court's approval. ECF

No. 4218. Class Counsel also filed a motion to file under seal the accompanying declaration by the Settlement Administrator, detailing the analysis of fraudulent claims. ECF No. 4217. Class Counsel and a representative from Epiq will be prepared to discuss the proposed claims handling process, as well as administration expenses, at the Case Management Conference.

## VI. JLI TRIBAL CASES

Three tribal plaintiffs—the Choctaw Nation of Oklahoma, the Chickasaw Nation, and the Muscogee (Creek) Nation (the "JLI Litigating Tribes")—filed their claims after the tribal settlement cutoff date of October 21, 2022, as contemplated by the Case Management Order No.16. Accordingly, the JLI Litigating Tribes are subject to the discovery and procedures contemplated by CMO No. 17.

The JLI Litigating Tribes have completed their initial productions as contemplated by CMO No. 17. On January 11, 2024, the JLI Litigating Tribes, JLI, and the JLI Settling Defendants participated in one single mediation conducted by Settlement Master Perrelli. Mediation has been recessed to allow JLI and the JLI Litigating Tribes to continue to exchange information and discuss possible resolution.

## VII. ALTRIA TRIBAL CASES

The Altria settlement does not include the Tribal Plaintiffs. Pursuant to Civil Local Rule 16-10(d), the Tribal Plaintiffs and the Altria Defendants report that they continue to confer with Settlement Master Thomas J. Perrelli and cooperate with his recommendations.

The depositions of Plaintiffs' experts are complete. Defendants served their expert reports on March 28, 2024. Plaintiffs are reviewing the reports for possible rebuttal; the Altria Defendants note that the Court's scheduling order does not provide for rebuttal reports and reserve all rights to oppose any possible rebuttal reports. The parties have established a schedule for the depositions of Defendants' experts and jointly request extending the current June 7, 2024 deadline for Defendants' experts (*see* ECF No. 4197) for one of those depositions, which is scheduled for June 17, 2024. Per the Court's February 20, 2024 Order to Amend Schedule, the deadlines for summary judgment and *Daubert* motions are currently as follows:

- Motions due by July 3, 2024;

- Oppositions due by September 6, 2024; and
- Replies due by October 1, 2024.

*Id*.

The parties jointly request that those dates be modified as follows:

- Motions due by July 16, 2024;
- Oppositions due by September 13, 2024; and
- Replies due by October 17, 2024.

## VIII. COMMON BENEFIT MATTERS

On April 9, 2024, the Court-appointed Fee Committee filed its fee recommendations in connection with the Altria Settlement, as well as its first supplemental recommendations regarding expense reimbursements. ECF No. 4214. No objections—which were due by March 23, 2024—were filed in response. The Court has advanced the hearing to the at the May 6 CMC.

Because the amount of common benefit time in this litigation has reduced significantly, Plaintiffs' counsel requests that the Court adjust the schedule for time and expense reporting to occur twice annually.

| | | |
|---|---|---|
| 1 | Dated: May 1, 2024 | Respectfully submitted, |
| 2 | By: /s/ Timothy S. Danninger<br>Timothy S. Danninger (*pro hac vice*) | By: /s/ Sarah R. London<br>Sarah R. London |
| 3 | **GUNSTER YOAKLEY & STEWART, P.A.** | **LIEFF CABRASER HEIMANN & BERNSTEIN** |
| 4 | 1 Independent Drive, Suite 2300<br>Jacksonville, 32204 | 275 Battery Street, Fl. 29<br>San Francisco, CA 94111 |
| 5 | Telephone: (904) 354-1980 | Telephone: (415) 956-1000 |
| 6 | *Attorneys for Defendant Juul Labs, Inc.* | By: /s/ Dena C. Sharp<br>Dena C. Sharp |
| 7 | By: /s/ Beth A. Wilkinson<br>Beth A. Wilkinson (pro hac vice) | **GIRARD SHARP LLP**<br>601 California St., Suite 1400 |
| 8 | Brian L. Stekloff (pro hac vice)<br>**WILKINSON STEKLOFF LLP** | San Francisco, CA 94108<br>Telephone: (415) 981-4800 |
| 9 | 2001 M Street NW, 10th Floor<br>Washington, DC 20036 | By: /s/ Dean Kawamoto |
| 10 | Telephone: (202) 847-4000 | Dean Kawamoto<br>**KELLER ROHRBACK L.L.P.** |
| 11 | *Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services* | 1201 Third Ave., Ste. 3200<br>Seattle, WA 98101 |
| 12 | *LLC, Altria Distribution Company, and Altria Enterprises LLC* | Telephone: (206) 623-1900 |
| 13 | | By: /s/ Ellen Relkin<br>Ellen Relkin |
| 14 | By: /s/ John C. Massaro<br>John C. Massaro (admitted pro hac vice) | **WEITZ & LUXENBERG** |
|    | Daphne O'Connor (admitted pro hac vice) | 700 Broadway |
| 15 | Jason A. Ross (admitted pro hac vice)<br>David E. Kouba (admitted pro hac vice) | New York, NY 10003<br>Telephone: (212) 558-5500 |
| 16 | **ARNOLD & PORTER KAYE SCHOLER LLP** | *Co-Lead Counsel for Plaintiffs* |
| 17 | 601 Massachusetts Ave, NW<br>Washington, DC 20001 | By: /s/ Scott P. Schlesinger |
| 18 | Telephone: 202-942-5000<br>Facsimile: 202-942-5999 | Scott P. Schlesinger, (*pro hac vice*)<br>Jonathan R. Gdanski, (*pro hac vice*) |
| 19 | | Jeffrey L. Haberman, (*pro hac vice*)<br>**SCHLESINGER LAW OFFICE, P.A.** |
| 20 | *Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services* | 1212 SE Third Avenue |
|    | *LLC, and Altria Distribution Company* | Fort Lauderdale, FL 33317 |
| 21 | | Tel: (954) 467-8800 |
| 22 | By: /s/ Eugene Illovsky<br>Eugene Illovsky | By: /s/ Martin Schmidt |
|    | Martha Boersch | Martin Schmidt, SBN 171673 |
| 23 | Matthew Dirkes<br>**BOERSCH & ILLOVSKY LLP** | **SCHMIDT NATIONAL LAW GROUP**<br>3033 Fifth Avenue, Suite 335 |
| 24 | 1611 Telegraph Ave., Suite 806<br>Oakland, CA 94612 | San Diego, CA 92103<br>Tel: (800) 631-5656 |
| 25 | Telephone: (415) 500-6643 | |
| 26 | *Attorneys for Defendant Adam Bowen* | *Attorneys for Plaintiffs Aragona, Dupree, Fay, Cunningham, Legacki, McKnight, NesSmith, Sedgwick, Shapiro, Tortorici* |
| 27 | By: /s/ Michael J. Guzman | |
|    | Mark C. Hansen | By: /s/ Steven D. Davis |
| 28 | Michael J. Guzman | Steven D. Davis, SBN _____ |

| | | |
|---|---|---|
| 1 | David L. Schwarz<br>**KELLOGG, HANSEN, TODD, FIGEL &** | Jacob W. Plattenberger, (*pro hac vice*)<br>**TORHOERMAN LAW LLC** |
| 2 | **FREDERICK, P.L.L.C.**<br>Sumner Square, 1615 M St., N.W., Suite 400 | 227 West Monroe, Suite 2650<br>Chicago, Illinois 60606 |
| 3 | Washington, DC 20036<br>Telephone: (202) 326-7910 | Tel: (312) 372-4800<br>Fax (618) 556-4401 |
| 4 | | |
| 5 | *Attorneys for Defendants Nicholas Pritzker,*<br>*Riaz Valani, and Hoyoung Huh* | *Attorneys for Plaintiff Patel* |
| 6 | By: */s/ James Kramer* | By: */s/ Christopher J. Esbrook* |
| 7 | James Kramer<br>**ORRICK HERRINGTON & SUTCLIFFE** | Christopher J. Esbrook<br>David F. Pustilnik |
| 8 | **LLP**<br>The Orrick Building | **ESBROOK P.C.**<br>321 N. Clark St., Suite 1930 |
| 9 | 405 Howard Street<br>San Francisco, CA 94105-2669 | Chicago, IL 60654<br>Telephone: (312) 319-7680 |
| 10 | Telephone: (415) 773-5700<br>jkramer@orrick.com | *Attorneys for Defendants Eby-Brown* |
| 11 | and | *Company, LLC, Core-Mark Holding*<br>*Company, Inc., 7-Eleven, Inc., and Wawa, Inc* |
| 12 | Lauren Seaton | By: */s/ Charles C. Correll, Jr.* |
| 13 | Main St Ste 1100<br>Irvine, CA 92614 | Charles C. Correll, Jr.<br>Matthew Blaschke |
| 14 | Telephone: (949) 567-6700<br>lseaton@orrick.com | Bailey J. Langner<br>Alessandra M. Givens |
| 15 | *Attorneys for Defendant James Monsees* | **KING & SPALDING LLP**<br>50 California Street, Suite 3300 |
| 16 | By: */s/ Marissa S. Ronk* | San Francisco, CA 94111 |
| 17 | Michael L. O'Donnell (*pro hac vice*)<br>James E. Hooper (*pro hac vice*) | Telephone: (415) 318-1200<br>ccorrell@kslaw.com |
| 18 | Marissa S. Ronk (*pro hac vice*)<br>**WHEELER TRIGG O'DONNELL LLP** | blangner@kslaw.com<br>agivens@kslaw.com |
| 19 | 370 17th Street, Suite 4500<br>Denver, CO 80202 | *Attorneys for Defendant Chevron Corporation* |
| 20 | Telephone: (303) 244-1800 | By: */s/ Robert Allen Scher* |
| 21 | *Attorneys for Defendant McLane Company,*<br>*Inc.* | Robert A. Scher (*pro hac vice*)<br>**FOLEY & LARDNER LLP** |
| 22 | | 90 Park Avenue<br>New York, NY 10016 |
| 23 | By: */s/ Mitchell B. Malachowski*<br>Mitchell B. Malachowski | Telephone: (212) 682-7474 |
| 24 | James Sell<br>**TYSON & MENDES LLP** | *Attorneys for Defendant eLiquitech, Inc., and*<br>*Tobacco Technologies, Inc.* |
| 25 | 371 Bel Marin Keys Blvd., Suite 100<br>Novato, CA 94949 | |
| 26 | Telephone: (628) 253-5070 | |
| 27 | *Liaison Counsel for E-Liquid Defendants and*<br>*Attorneys for Defendants Mother Murphy's* | |
| 28 | *Laboratories Inc. and Alternative Ingredients,*<br>*Inc.* | |