

May 13, 2024

By CM/ECF:
Honorable William H. Orrick
United States District Judge
United States District Court
San Francisco Courthouse
450 Golden Gate Avenue,
San Francisco, CA 94102

      Re: *In Re Juul Labs, Inc., Marketing, Sales Practices, and Products Liab. Lit.*
      **Case No: 3:19-md-02913-WHO**

Dear Judge Orrick:

      We write to update the Court on the Parties' efforts to come to an agreement regarding a preliminary deposition and preservation deposition of Walker McKnight.  Following the Case Management Conference of May 6, 2024, the Parties met and conferred by Zoom and further by email to discuss how these depositions would take place and what parameters would be set.  The Parties have not been able to reach an agreement, and therefore need the Court's guidance.

Background

      As an initial matter, and as the Court was informed in the Case Management Statement, Mr. McKnight's state of health is precarious (Doc. 4220 at page 8).  He was hospitalized for a prolonged period in 2019 with acute respiratory distress syndrome.  He was kept alive by an ECMO machine (extracorporeal membrane oxygenation) for over 60 days.  His lungs failed.  As did his kidneys.  He was on oxygen and had dialysis for a couple years before undergoing a bilateral lung transplant and a kidney transplant in April 2022.  Beginning in about February 2023, however, Mr. McKnight has had various episodes of rejection of his lungs.  This required further hospitalizations and continued medical treatment. While Mr. McKnight's care has bought more time, his time is sadly limited.

      Plaintiff first raised preserving Mr. McKnight's testimony on August 25, 2023, when the first production pursuant to CMO 17 was served.  After much back and forth, on February 19, 2024, Plaintiff's counsel told Defendants that Mr. McKnight would be made available for a full discovery deposition and provided 5 dates of availability in March 2024.  Defendants declined, and said that it opted to follow the process provided in CMO 17 that discovery would commence after mediation.

The Court held a status conference on March 6, 2024, where, among other things, the Court discussed the opt-out cases and set an additional conference for May 6.  Given the proximity in time to the next hearing, Plaintiff's counsel decided to hold-off on seeking further relief from CMO 17, and, instead, opted to raise this issue at the May 2024 status conference.

<u>Plaintiff's Proposal</u>

Plaintiff's counsel proposes that Defendants have up to two hours to conduct a preliminary deposition, and that his counsel may conduct a brief re-direct if they think one is appropriate.  This is consistent with what the Court stated at the May 6th hearing: "I would not think, for example, that you would need a seven-hour deposition of Mr. McKnight.  I would think you might need a couple of hours to get things that you really care about in a discovery deposition, and then the plaintiff would proceed."  May 6, 2024, Hrg. Tr. 25:2-6.

For the preservation deposition, Plaintiff's counsel proposes that each side has up to 3 hours for their respective direct and cross examinations, and that re-direct and re-cross may proceed as necessary.  The Parties agree that the preservation deposition will take place between 7 and 14 days following the preliminary one.

<u>Plaintiff's Objections to Defendants' Proposal</u>

Plaintiff's counsel takes issue with several of Defendants' conditions as we understand them based on the most recent meet and confer.  First, Defendants claim to need a 5-hour preliminary deposition. That is unreasonable under the circumstances.  It is three hours longer than the Court recommended.  Here, Mr. McKnight already produced extensive discovery including, fact sheets, photographs, proof of Juul-use, medical records, and case-specific expert reports.  Defendants have had this production for over 6 months. Since Defendants have such a robust production, Defendants can effectively home in on what is necessary for the initial deposition.

Second, Defendants claim they need 7 hours to conduct their side of a cross-examination in the preservation deposition.  This too is unreasonable.  Defendants would never cross-examine Mr. McKnight at trial for this length of time. The preservation deposition should be reasonably tailored to how the parties would conduct an examination at trial.

Third, Defendants seek an agreement that the preservation deposition will not be used until all the parties have had the opportunity to question Mr. McKnight.  On this point, Plaintiff's counsel expressed that the Parties need not make a limiting agreement at this time, but rather each side would reserve all rights to argue over its admissibility at a later time.

Finally, Defendants seek further written discovery in advance of the discovery deposition.  Plaintiff opposes this.  Defendants have all the discovery they need under CMO 17.  Additional written discovery only builds in further, unnecessary delay. Specifically as it related to the discover JLLI has indicated thy would ask for, text messages and similar items, Plaintiff's position is that such discovery has already been produced as part of CMO 17 and that during the course of negotiations between leadership in the MDL an agreement as reached that the Plaintiff would not

request text messages or similar items between the founding and investor Defendants in exchange for similar information not being sought from respective personal injury Plaintiffs.

Accordingly, Plaintiff, Mr. McKnight, respectfully requests the Court to follow Plaintiff's proposal and overrule Defendant's proposal.

Respectfully yours,

s/Jeffrey L. Haberman
Jeffrey L. Haberman
Scott P. Schlesinger
Jonathan R. Gdanski
SCHLESINGER LAW OFFICES, P.A.
1212 SE Third Ave.
Ft. Lauderdale, FL 33316
954-467-8800
jhaberman@schlesingerlaw.com
scott@schlesingerlaw.com
jgdanski@schlesingerlaw.com

**Certificate of Service**

I hereby certify that on May 13, 2024, I served a copy of the foregoing on the Clerk of Court by CM/ECF, which will provide notice to all parties and counsel of record.

s/Jeffrey L. Haberman
Jeffrey L. Haberman