**GUNSTER YOAKLEY & STEWART, P.A.**
1 Independent Drive, Suite 2300
Jacksonville, 32204
Telephone: (904) 354-1980

**BOERSCH & ILLOVSKY LLP**
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Telephone: (415) 500-6643

**ESBROOK P.C.**
321 N. Clark St., Suite 1930
Chicago, IL 60654
Telephone: (312) 319-7680

**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474

**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Sumner Square, 1615 M St., N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7910

**ORRICK HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700

**TYSON & MENDES LLP**
371 Bel Marin Keys Blvd., Suite 100
Novato, CA 94949
Telephone: (628) 253-5070

**WHEELER TRIGG O'DONNELL LLP**
370 17th Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800

**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone:  202-942-5000

May 13, 2024

**VIA ELECTRONIC FILING**

Honorable William H. Orrick
United States District Court
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *McKnight et al v. Juul Labs, Inc. et al,* Case No. 3:20-cv-02600-WHO

Dear Judge Orrick:

Defendants Juul Labs, Inc. ("JLI"), the JLI Settling Defendants[1], and Defendants Altria Group, Inc., Philip Morris USA, Inc., Altria Client Services LLC, Altria Enterprises LLC, and Altria Group Distribution Company ("Altria") (collectively "Defendants"), having met and conferred with the Schlesinger Firm, counsel for Plaintiffs Walker McKnight, David McKnight, and Candace McKnight  (collectively referred to herein as the "Parties"), pursuant to this Court's

---

[1] The JLI Settling Defendants are: JUUL LABS, INC., previously d/b/a PAX LABS, INC. and PLOOM INC.; JAMES MONSEES; ADAM BOWEN; NICHOLAS PRITZKER; HOYOUNG HUH; RIAZ VALANI; MOTHER MURPHY'S LABS, INC.; ALTERNATIVE INGREDIENTS, INC.; TOBACCO TECHNOLOGY, INC.; eLIQUITECH, INC.; MCLANE COMPANY, INC.; EBY-BROWN COMPANY, LLC; CORE-MARK HOLDING COMPANY, INC.; and WAWA, INC.

Re: *McKnight et al v. Juul Labs, Inc. et al,* Case No. 3:20-cv-02600-WHO
May 13, 2024
Page 2

May 6, 2024 order, hereby submit this letter regarding the discovery dispute related to the preservation deposition of Mr. McKnight.

## I.    Background

Walker McKnight is a 24-year-old male.  He and his parents David and Candace McKnight initiated this action in Florida state court on January 30, 2020. Plaintiffs' case was consolidated into the MDL in April 2020.[2]

Plaintiffs assert sixteen claims against Defendants in connection with injuries Mr. McKnight allegedly suffered due to his use of JUUL products.[3] On June 1, 2023, Plaintiffs opted out of the Master Personal Injury Settlement Agreement entered into between JLI, JLI Settling Defendants, and Plaintiffs' Leadership. Plaintiffs therefore are bound by the discovery processes set forth in Case Management Order No. 17 ("CMO No. 17"), which this Court entered on January 30, 2023 (DKT 3780).

On August 25, 2023, Plaintiffs made their initial production under CMO No. 17. The Schlesinger Firm stated that they intended to move to lift the stay of discovery as to Plaintiffs so that counsel could take Mr. McKnight's deposition and preserve his testimony. The Schlesinger Firm claimed that Mr. McKnight's condition was severe and that "time is of the essence" to preserve his testimony. Counsel also said that they would seek to take Mr. McKnight's deposition by the end of September 2023. *See* **Exhibit A** (Aug. 25, 2023 Email from J. Haberman). JLI agreed to take Mr. McKnight's deposition before the Additional Discovery period if necessary and requested more information about Mr. McKnight's condition. **Exhibit B** (Sept. 8, 2024 Email from T. Danninger to J. Haberman). In response, counsel referred JLI to Mr. McKnight's medical records and claimed that his condition was "uncertain, at best." **Exhibit C** (Sept. 13, 2023 Email from J. Gdanski to T. Danninger).

The Parties did not address Mr. McKnight's testimony again until December 15, 2023, when the Schlesinger Firm requested to meet and confer to discuss setting a deposition for January.  The Parties met and conferred on January 15, 2024.  They discussed the terms of a preservation deposition but were unable to reach agreement then or in their subsequent email exchanges.

On February 19, 2024, the Parties held an additional meet and confer. The Schlesinger Firm proposed that Defendants notice Mr. McKnight's deposition, which JLI declined. The Schlesinger Firm responded that they would notice the deposition themselves. Because the parties did not discuss their respective positions regarding the terms for a preservation deposition, however,

---

[2] On March 31, 2020, Plaintiff moved to remand his claims to state court. Plaintiffs' case was thereafter consolidated into this MDL; their motion to remand remains pending. Defendants reserve the right to address arguments regarding remand at a later time.

[3] The claims Plaintiff alleged in his First Amended Complaint are: (1) strict liability – design defect, (2) strict liability – failure to warn, (3) strict liability –manufacturing defect, (4) products liability – negligent design, (5) products liability –negligent failure to warn, (6) products liability – negligent manufacturing, (7) negligence and/or gross negligence, (8) negligent failure to recall/retrofit, (9) negligent misrepresentation, (10) fraud, (11) fraudulent concealment, (12) conspiracy to commit fraud, (13) unjust enrichment, (14) violation of unfair trade practices/consumer protection law, (15) breach of express warranty, and (16) breach of an implied warranty of merchantability.

Re: *McKnight et al v. Juul Labs, Inc. et al,* Case No. 3:20-cv-02600-WHO
May 13, 2024
Page 3

Defendants requested that the Schlesinger Firm schedule another meet and confer to do so. The Schlesinger Firm never scheduled the meet and confer or noticed the deposition.

Meanwhile, Mr. McKnight's ability to sit for the discovery and preservation depositions outlined below, is bolstered by his recent social media posts.  For example, Mr. McKnight appears to have attended a Lana Del Rey concert in January 2024.  And, on or around March 22, 2024, Mr. McKnight was part of a friend's bridal party. *See* **Exhibit D** (Instagram post of Walker McKnight).

This Court held a Case Management Conference on May 6, 2024.  At the conference, Mr. Schlesinger said, "We desperately need to preserve Mr. McKnight's testimony as soon as possible. That poor fellow has got one foot on a banana peel and the other in the grave." (Dkt. 4229 at 14:20-22, Transcript of Proceedings by Zoom Webinar, Case No. 19-md-02913-WHO (N.D. Cal. May 6, 2024)).  The Court ordered the parties to meet and confer and "set this [deposition] quickly," but it noted that "Mr. Schlesinger may have been exaggerating somewhat in – on the health issue given that this has now been delayed for five months."  *Id.* at 24:16-19.  The Court also noted that it has "sat through many trials where people's depositions get played and they're not effective without some preliminary discovery deposition so that you can actually do a – do decent preservation testimony."  *Id.* at 24:21-24.  Finally, the Court said it "would not think . . . that [Defendants] would need a seven-hour deposition of Mr. McKnight.  I would think you might need a couple of hours to get to things that you really care about in a discovery deposition, and then the plaintiff would proceed."  *Id.* at 25:2-6.

The Parties met and conferred on May 8, 2024, in an attempt to agree upon terms for the preservation deposition. JLI proposed the following:

1. Defendants would be allowed four (4) hours to question Mr. McKnight in a discovery deposition that would be taken at least seven (7) and no more than fourteen (14) days before the preservation deposition;

2. Defendants would be allowed seven (7) hours to question Mr. McKnight in a preservation deposition;

3. the deposition would not be used in any lawsuit unless all Defendants completed questioning or the time for questioning expired;

4. to accommodate Mr. McKnight, the preservation deposition could be scheduled for three (3) consecutive days and continue until completed;

5. Defendants reserved the right to re-depose Mr. McKnight if he survives more than nine (9) months after the preservation deposition; and

6. before the discovery deposition, Defendants could seek limited written discovery from McKnight.

The Parties were unable to reach agreement on the first three items and the last item.  The Schlesinger Firm offered Defendants only three (3) hours for the preservation deposition and two (2) hours for the discovery deposition.  *See* **Exhibit E** (May 6–13, 2024, Email from J. Haberman

Re: *McKnight et al v. Juul Labs, Inc. et al,* Case No. 3:20-cv-02600-WHO
May 13, 2024
Page 4

to T. Danninger).  The Schlesinger Firm also would not agree that the preservation deposition could not be used unless Defendants had a full opportunity to question Mr. McKnight.  Finally, the Schlesinger Firm refused any written discovery, stating simply:  "We do not agree with the requests you sent."  *Id.*[4]

## II.      Defendants' Position

### a.   Length of Depositions

Defendants should be permitted to take a four (4) hour discovery deposition and up to seven (7) hours of preservation testimony of Mr. McKnight.

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."  Fed. R. Civ. P. 30(d)(1).  Under CMO No. 17, if the Parties reach an impasse at mediation, an Additional Discovery period follows in which Defendants may take "the depositions of the Plaintiff . . . for up to seven (7) hours . . . , with Counsel for the Settling Defendants questioning first at each deposition." (CMO No. 17 § VIII(B)).  Here, the Federal Rules of Civil Procedure presumptively entitle Defendants to a seven-hour discovery deposition, and CMO No. 17 shows that the usual rule applies to opt-outs plaintiffs in the Additional Discovery period.  Defendants nonetheless offered to take a four-hour discovery deposition in the interest of compromise and out of respect for this Court's statement that the usual seven hours should not be needed "to get to things that [Defendants] really care about."

Four hours is the minimum time needed for that purpose.  Plaintiffs assert sixteen claims against twenty-one Defendants.  These facts justify a four-hour discovery deposition even in the abstract.  That time is all the more justified given the circumstances here. Defendants need time to test Plaintiffs' claims in light of what they know.  By way of example only, Plaintiffs' disclosures to date contain significant discrepancies as to when Mr. McKnight allegedly started using JUUL products.[5]  They also suggest numerous alternate causes for his claimed injuries besides JUUL products.[6]  The discovery deposition might be Defendants' only opportunity to probe these factual deficiencies in Plaintiffs' claims, and four hours is the minimum required to do so.

The Schlesinger Firm's two-hour proposal is unreasonable.  To the extent that proposal reflects a view of Mr. McKnight's condition, Defendants have consistently and reasonably agreed to set aside multiple days for Mr. McKnight's depositions.  *See, e.g., De Wagenknecht v. Stinnes*, 243 F.2d 413 (D.C. Cir. 1957) (allowing dozens of hours of deposition testimony over the course of multiple weeks).  As the Court recognized, a discovery deposition is necessary to ensure an

---

[4] The Parties agreed only that Defendants may take a discovery deposition, that the discovery deposition will occur at least seven (7) and no more than fourteen (14) days before the preservation deposition, and that Defendants reserve the right to re-depose Mr. McKnight.

[5] Plaintiff represented in his first two Plaintiff Fact Sheets and multiple medical records that he began using JUUL products in 2018.  Only in his third and fourth Plaintiff Fact Sheets did Plaintiff report alleged JUUL use in 2017, in what appears to be an effort to blame pre-existing mental health issues on JUUL.

[6] Plaintiff admits to vaping THC and resides in a state where recreational marijuana is illegal, strongly suggesting that the THC products he used were responsible for his alleged E-Cigarette, or Vaping-Use Associated Lung Injury (EVALI).

Re: *McKnight et al v. Juul Labs, Inc. et al,* Case No. 3:20-cv-02600-WHO
May 13, 2024
Page 5

organized examination at the preservation deposition, and two hours is not enough time for 21 Defendants to accomplish that shared goal.

The same logic applies to the preservation deposition. Florida (where Mr. McKnight allegedly used JUUL products and suffered injury) is a comparative fault state, and therefore it is imperative that Defendants have sufficient time to test (among other things) Mr. McKnight's use of other illegal substances that appear to have contributed to his claimed injuries. Because Plaintiffs have chosen to sue 21 separate Defendants, the Defense side also needs sufficient time to test their alleged involvement in any activity that could give rise to liability. At trial, these Defendants would have no fixed limits on their examination of Mr. McKnight. Because the preservation deposition is intended as a stand-in for trial testimony, the proposed 7-hour cap already imposes significant constraints. Defendants require sufficient time to develop their defenses to Mr. McKnight's claims, and respectfully submit that 7 hours is the minimum necessary for them collectively to do so.

Defendants respectfully request this Court set a discovery deposition time limit of four (4) hours and a preservation time limit of three (7) hours.

### b. Use of Testimony

Defendants requested a stipulation by the Parties that any preservation deposition will not be used in any lawsuit/action unless and until all Defendants complete questioning or time for questioning expires. The Schlesinger Firm has taken the position that all Parties can reserve all rights and that there is no need to make any commitment or position as to this issue at present. Defendants respectfully disagree. Defendants' request is not unreasonable under the circumstances where the Schlesinger Firm has affirmatively represented that Mr. McKnight's current health is precarious at best. Should Mr. McKnight not be able to complete his preservation deposition, the testimony taken should not be admissible until it is complete. The Due Process Clause and the Federal Rules of Evidence require no less. *See* Fed. R. Evid. 804(b)(1); *Walker v. Blackmer Pump Co.*, 367 F. Supp. 3d 360, 373 (E.D. Pa. 2019).

Accordingly, Defendants respectfully request this Court enter an Order barring the use of Mr. McKnight's preservation deposition testimony in any lawsuit/action unless and until all Defendants complete questioning or the time afforded Defendants for questioning expires.

### c. Written Discovery

Defendants requested limited written discovery in advance of Mr. McKnight's discovery deposition to ensure that they have the necessary documents to conduct a proper cross examination at the preservation deposition. To date, the Parties have not agreed as to the scope, if any, of discovery that may be collected.

Although Mr. McKnight has made initial productions under CMO No. 17, which include medical records and proof of JUUL use, Defendants have not had the opportunity to pursue the basic discovery provided for under the CMO during the Additional Discovery period. Because they may only have one opportunity to question Mr. McKnight before his trial, Defendants seek to obtain basic documents necessary for cross examination, including:

Re: *McKnight et al v. Juul Labs, Inc. et al,* Case No. 3:20-cv-02600-WHO
May 13, 2024
Page 6

(1) Documents or communications consulted in completing Mr. McKnight's Plaintiff Fact Sheet and April 3, 2024 Declaration;

(2) Communications concerning Mr. McKnight's purported use of JUUL products, ENDS products, tobacco products, other inhaled products (including Cannabis products), alcohol use, illegal drug use, or illicit drug use, as well as his alleged damages;

(3) Photographs, films, movies, or movie recordings of Mr. McKnight using the items listed in item (2), supra; and

(4) Documents reflecting the basis of Mr. McKnight's allegations against each non-JLI Defendant.

Written discovery to each of the opt-out plaintiffs is contemplated by CMO No. 17, which allows Defendants to serve written discovery before any deposition of an opt-out plaintiff. Indeed, Mr. McKnight's case is on the verge of entering the Additional Discovery period. In order to expedite the discovery and preservation depositions, Defendants currently seek to serve only five (5) Requests for Production, attached here as **Exhibit F.** The need to take an imminent trial deposition provides good cause for this tailored and narrow request.

Defendants, therefore, respectfully request this Court enter an order granting them limited written discovery upon Mr. McKnight, to be answered prior to any deposition, and within the confines of CMO No. 17.

**III.    Conclusion**

Defendants have, at all times, sought to work with the Schlesinger Firm regarding its request to preserve Mr. McKnight's anticipated trial testimony in light of alleged, immediate health concerns. Defendants have consistently sought to reasonably protect their interests in connection with the Schlesinger Firm's request for a preservation deposition. While the Parties have agreed on some parameters for the depositions, Defendants respectfully request this Court enter an order:

1. That Defendants, collectively, have four (4) hours to examine Walker McKnight in a discovery deposition;

2. That the Defendants, collectively, have seven (7) hours to examine Walker McKnight in a preservation deposition;

3. That no testimony obtained from the preservation deposition be used by either party in any lawsuit/action until all Parties have completed questioning; and

4. that Defendants are permitted to serve limited written discovery upon Walker McKnight prior to the commencement of any discovery deposition.

Re: *McKnight et al v. Juul Labs, Inc. et al,* Case No. 3:20-cv-02600-WHO
May 13, 2024
Page 7

Dated: May 13, 2024                    Respectfully submitted,

                                       By: */s/ Timothy S. Danninger*
                                       Timothy S. Danninger (*pro hac vice*)
                                       **GUNSTER YOAKLEY & STEWART,
                                       P.A.**
                                       1 Independent Drive, Suite 2300
                                       Jacksonville, 32204
                                       Telephone: (904) 354-1980

                                       *Attorneys for Defendant Juul Labs, Inc*

                                       By: */s/ Eugene Illovsky*
                                       Eugene Illovsky
                                       Matthew Dirkes
                                       **BOERSCH & ILLOVSKY LLP**
                                       1611 Telegraph Ave., Suite 806
                                       Oakland, CA 94612
                                       Telephone: (415) 500-6643

                                       *Attorneys for Defendant Adam Bowen*

                                       By: */s/ Christopher J. Esbrook*
                                       Christopher J. Esbrook
                                       David F. Pustilnik
                                       **ESBROOK P.C.**
                                       321 N. Clark St., Suite 1930
                                       Chicago, IL 60654
                                       Telephone: (312) 319-7680

                                       *Attorneys for Defendants Eby-Brown
                                       Company, LLC, Core-Mark Holding
                                       Company, Inc., 7-Eleven, Inc., and Wawa, Inc*

                                       By: /s/ Robert Allen Scher
                                       Robert A. Scher (*pro hac vice*)
                                       **FOLEY & LARDNER LLP**
                                       90 Park Avenue
                                       New York, NY 10016
                                       Telephone: (212) 682-7474

                                       *Attorneys for Defendant eLiquitech, Inc., and
                                       Tobacco Technologies, Inc.*

                                       By: */s/ Michael J. Guzman*
                                       Mark C. Hansen
                                       Michael J. Guzman

Re: *McKnight et al v. Juul Labs, Inc. et al,* Case No. 3:20-cv-02600-WHO
May 13, 2024
Page 8

David L. Schwarz
**KELLOGG, HANSEN, TODD, FIGEL &**
**FREDERICK, P.L.L.C.**
Sumner Square, 1615 M St., N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7910

*Attorneys for Defendants Nicholas Pritzker,*
*Riaz Valani, and Hoyoung Huh*


By: */s/ Charles C. Correll, Jr.*
Charles C. Correll, Jr.
Matthew Blaschke
Bailey J. Langner
Alessandra M. Givens
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
ccorrell@kslaw.com
blangner@kslaw.com
agivens@kslaw.com

*Attorneys for Defendant Chevron*
*Corporation*


By: */s/ James Kramer*
James Kramer
**ORRICK HERRINGTON & SUTCLIFFE**
**LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
jkramer@orrick.com

and

Lauren Seaton
Main St Ste 1100
Irvine, CA 92614
Telephone: (949) 567-6700
lseaton@orrick.com

*Attorneys for Defendant James Monsees*

By: */s/ Mitchell B. Malachowski*

Re: *McKnight et al v. Juul Labs, Inc. et al,* Case No. 3:20-cv-02600-WHO
May 13, 2024
Page 9

Mitchell B. Malachowski
James Sell
**TYSON & MENDES LLP**
371 Bel Marin Keys Blvd., Suite 100
Novato, CA 94949
Telephone: (628) 253-5070

*Liaison Counsel for E-Liquid Defendants and
Attorneys for Defendants Mother Murphy's
Laboratories Inc. and Alternative Ingredients,
Inc.*

By: */s/ Marissa S. Ronk*
Michael L. O'Donnell (*pro hac vice*)
Marissa S. Ronk (*pro hac vice*)
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800

*Attorneys for Defendant McLane Company,
Inc.*

By: */s/ Beth A. Wilkinson*
Beth A. Wilkinson (pro hac vice)
Brian L. Stekloff (pro hac vice)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000

and

By: */s/ John C. Massaro*
John C. Massaro (admitted pro hac vice)
Daphne O'Connor (admitted pro hac vice)
Jason A. Ross (admitted pro hac vice)
David E. Kouba (admitted pro hac vice)
**ARNOLD & PORTER KAYE SCHOLER
LLP**
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone:  202-942-5000
Facsimile:  202-942-5999

Re: *McKnight et al v. Juul Labs, Inc. et al,* Case No. 3:20-cv-02600-WHO
May 13, 2024
Page 10

*Attorneys for Defendants Altria Group, Inc.,*
*Philip Morris USA Inc., Altria Client Services*
*LLC, and Altria Distribution Company*

CC:    Scott Schlesinger (*scott@schlesingerlaw.com*)
         Jonathan Gdanski (*jonahtan@schlesingerlawoffices.com*)
         Jeffrey Haberman (*jhaberman@schlesingerlaw.com*)
         **SCHLESINGER LAW OFFICE, P.A.**
         1212 SE Third Ave
         Fort Lauderdale, FL 33317
         Telephone: (954) 467-8800