# EXHIBIT F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO |
| This Document Relates to: *Walker McKnight et al. v. JUUL Labs, Inc., et al.*, Case No. 20-cv-02600-WHO | DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS WALKER MCKNIGHT, DAVID MCKNIGHT, AND CANDACE MCKNIGHT |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, through undersigned counsel, propound the following First Set of Requests for Production of Documents to Plaintiffs Walker McKnight, David McKnight, and Candace McKnight. Responses to these Requests for Production, or objections in lieu thereof, shall be served within 14 days after service of this document. Defendants expressly reserve the right to serve additional document requests at a later time.

# DEFINITIONS

1. "Action" means *Walker McKnight et al. v. Juul Labs, Inc., et al.*, Case No. 20-cv-02600-WHO.

2. "Cannabis" or "Cannabis Products" means any product, including but not limited to smoking, vaping, or food products, containing tetrahydrocannabinol or cannabidiol.

3. "Communication" or "Communications" means any written or oral disclosure, transfer, or exchange of information, data, or opinion, however made, and shall mean, but is not limited to, any transmittal and/or receipt of information, whether such was formal or informal, and specifically include conversations in person, telephone conversations, letters, memoranda, electronic mail, and social media posts or messages.

4. The terms "Concern" or "Concerning," in addition to their natural meaning, shall also mean reflecting, constituting, containing, pertaining, supporting, referring, indicating, showing, evidencing, describing, discussing, mentioning, bearing upon, comprising, and relating.

5. "Defendants" shall be construed to include JLI, Altria Group, Inc., Philip Morris USA, Inc., Altria Client Services LLC, Altria Distribution Company, and Altria Enterprises LLC, Adam Bowen, Nicholas Pritzker, Riaz Valani, Hoyoung Huh, James Monsees, Mother Murphy's Laboratories Inc., Alternative Ingredients, Inc, eLiquitech, Inc, Tobacco Technologies, Inc., Chevron Corp., Eby-Brown Company, LLC, Core-Mark Holding Company, Inc., 7-Eleven, Inc., and Wawa, Inc.

6. "Document" or "Documents" shall be construed to the fullest extent permitted under the Federal Rules of Civil Procedure and is used in the broadest sense, meaning all written, printed, typed, recorded or graphic matter, however produced or reproduced, of every kind and description, in whatever form (e.g., final and draft versions) in Your actual or constructive possession, custody, care, or control, including but not limited to all writings, correspondence, emails, letters, notes, agendas, memoranda, inter-office Communications, reports, projects, analyses, working papers, charts, debit or credit card or bank account statements, receipts, calendars, appointment books, diaries, journals, drawings, graphs, photographs, notes of telephone

conversations or meetings, extracts or summaries of other Documents, computer files, computer printouts, data stored on computer storage disks, hard drives, or networks, social media posts or communications, videos, data compilations from which information can be obtained or can be translated through detection devices into reasonably useable form, or any other tangible thing. The term "Document" or "Documents" shall include not only originals but also any copies or reproductions of all such written, printed, typed, recorded, or graphic matter upon which notations in writing, print, or otherwise have been made that do not appear in the originals. In addition to the items in the foregoing list, any comment, notation, strike-out, interlineation, or other alterations appearing on any Document or any copy of any Document, and not a part of the original text of such Document, is considered a separate Document, as is any draft or preliminary form of any Document.

7. "ENDS" or "ENDS Products" shall mean any electronic nicotine delivery system, including but not limited to e-cigarettes, personal vaporizers, vape pens, e-cigars, e-hookahs, vaping devices, mod systems, nicotine e-liquids or pod systems, or any other product that heats a composition to produce an aerosol that contains nicotine that is inhaled by the user.

8. The terms "Identify" or "Identifying," when used as to a Person or entity, means to state their full name, address, date of birth, and telephone numbers; when used in reference to a documents means to provide the Bates number associated with it or, if no Bates number is applicable, to state whether such document exists, the name and a detailed description of the document's contents, the date of the document, and the current custodian and location of the document; when used in reference to a location means to state the address of the location and, if applicable, the name of the location; otherwise means to provide information that specifically identifies the information or item requested; and/or means to provide any other specific information requested.

9. "Illegal Drug" or "Illegal Drugs" shall mean any illicit drug in the United States, including, but not limited to cocaine, crack, inhalants, hallucinogens, heroin, methamphetamine, or prescription-type drugs used non-medically.

10. The terms "Include," "Includes," and "Including" mean "including but not limited to" or "including without limitation."

11. "JLI" shall mean Defendant Juul Labs, Inc., as well as any parent, affiliate, subsidiary or business segment, predecessor, successor or assignee, principal, operating division, present or former owners, employees, officers, directors, agents, representatives, attorneys, accountants, distributors, and any other Person acting on behalf of or under the direction, authorization, or control of JLI.

12. "JUUL Product" or "JUUL Products" means any ENDS Product manufactured, designed, advertised, sold, or distributed by JLI, including JUUL devices and JUUL pods.

13. "Non-JLI Defendants" shall be construed to include all Defendants except for JLI.

14. "Person" or "Persons" includes any natural person, custodian of records, firm, association, partnership, joint venture, corporation, related or associated company, trust, or other form of legal entity.

15. "Tobacco Product" or "Tobacco Products" refers to any product made or derived from tobacco that is intended for human consumption, including any component, part, or accessory of a Tobacco Product (except for raw materials other than tobacco used in manufacturing a component, part, or accessory of a tobacco product).

16. "You," "Your," and "Plaintiffs" shall mean the Plaintiffs in the Action and each of his or her employees, agents, present and former attorneys, and any other Person acting on his or her behalf, including guardians.

17. As used herein, the singular shall include the plural and the present tense shall include the past tense. The words "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of a Request all documents or things that might otherwise be construed to be outside its scope. The use of the term "the" shall not be construed as limiting the scope of any Request.

18. In keeping with the Court's Order Re: Discovery of Electronically Stored Information, Dkt. No. 323, all technical terms shall follow or be defined by *The Sedona Conference Glossary: E- Discovery and Digital Information Management.*

**INSTRUCTIONS**

1. If any Document responsive to these Requests was, but no longer is, in Your possession, or subject to Your custody or control, or in existence, state in writing whether: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred voluntarily or involuntarily to others; or (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the Person(s) directing or authorizing the same and the date(s) thereof. Identify each Document by listing its author, his or her address, type (e.g., letter, memorandum, telegram, chart, photograph), date, subject matter, present location(s) and custodian(s), and state whether the Document (or a copy) is still in existence.

2. If You claim that any Document requested is protected by the attorney-client privilege, the work product doctrine, or any other privilege, the protocol outlined in Case Management Order No. 4: 502(D) and Privileged Materials Order is applicable, including any privilege log obligations.

3. These Requests for Production are continuing requests. If, after producing the requested Documents, You obtain or become aware of any additional Documents responsive to these Requests for Production, You are required to produce such additional Documents.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**

All Documents and Communications consulted in completing or identified in Your Plaintiff Fact Sheet.

**REQUEST NO. 2**

All Documents and Communications consulted in completing or identified in Your April 3, 2024, Declaration in this Action.

**REQUEST NO. 3**

All Communications Concerning Walker McKnight's alleged JUUL Product use, ENDS Product use, Tobacco Product use, other inhaled product use (Including inhaled Cannabis Products), alcohol use, Illegal Drug use, or illicit use of legal drugs, Your alleged damages, or Your allegations in the Action.

**REQUEST NO. 4**

All photographs, films, movies, or video recordings of Walker McKnight using Tobacco Products, ENDS Products, JUUL Products, other inhaled products (Including inhaled Cannabis Products), alcohol, Illegal Drugs, or legal drugs illicitly.

**REQUEST NO. 5**

All Documents reflecting the basis of Your allegations against each Non-JLI Defendant, including Documents sufficient to identify each of Your interactions with each of the Non-JLI Defendants.

| | |
|---|---|
| Dated: May 13, 2024 | Respectfully submitted, |
| | By: /s/ *Timothy S. Danninger* <br> Timothy S. Danninger (*pro hac vice*) <br> **GUNSTER YOAKLEY & STEWART, P.A.** <br> 1 Independent Drive, Suite 2300 <br> Jacksonville, 32204 <br> Telephone: (904) 354-1980 |
| | *Attorneys for Defendant Juul Labs, Inc* |
| | By: /s/ *Eugene Illovsky* <br> Eugene Illovsky <br> Matthew Dirkes <br> **BOERSCH & ILLOVSKY LLP** <br> 1611 Telegraph Ave., Suite 806 <br> Oakland, CA 94612 <br> Telephone: (415) 500-6643 |
| | *Attorneys for Defendant Adam Bowen* |
| | By: /s/ *Christopher J. Esbrook* <br> Christopher J. Esbrook <br> David F. Pustilnik <br> **ESBROOK P.C.** <br> 321 N. Clark St., Suite 1930 <br> Chicago, IL 60654 <br> Telephone: (312) 319-7680 |
| | *Attorneys for Defendants Eby-Brown Company, LLC, Core-Mark Holding Company, Inc., 7-Eleven, Inc., and Wawa, Inc* |
| | By: /s/ *Robert Allen Scher* <br> Robert A. Scher (*pro hac vice*) <br> **FOLEY & LARDNER LLP** <br> 90 Park Avenue <br> New York, NY 10016 <br> Telephone: (212) 682-7474 |
| | *Attorneys for Defendant eLiquitech, Inc., and Tobacco Technologies, Inc.* |
| | By: /s/ *Michael J. Guzman* <br> Mark C. Hansen <br> Michael J. Guzman <br> David L. Schwarz <br> **KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.** <br> Sumner Square, 1615 M St., N.W., Suite 400 <br> Washington, DC 20036 <br> Telephone: (202) 326-7910 |
| | *Attorneys for Defendants Nicholas Pritzker,* |

|   |   |
|---|---|
| 1 | *Riaz Valani, and Hoyoung Huh* |
| 2 | By: */s/ Charles C. Correll, Jr.* |
| 3 | Charles C. Correll, Jr. |
|   | Matthew Blaschke |
| 4 | Bailey J. Langner |
|   | Alessandra M. Givens |
| 5 | **KING & SPALDING LLP** |
|   | 50 California Street, Suite 3300 |
| 6 | San Francisco, CA 94111 |
|   | Telephone: (415) 318-1200 |
| 7 | ccorrell@kslaw.com |
|   | blangner@kslaw.com |
| 8 | agivens@kslaw.com |
| 9 | *Attorneys for Defendant Chevron Corporation* |
| 10 | |
|   | By: */s/ James Kramer* |
| 11 | James Kramer |
|   | **ORRICK HERRINGTON & SUTCLIFFE LLP** |
| 12 | The Orrick Building |
| 13 | 405 Howard Street |
|   | San Francisco, CA 94105-2669 |
| 14 | Telephone: (415) 773-5700 |
|   | jkramer@orrick.com |
| 15 | and |
| 16 | Lauren Seaton |
| 17 | Main St Ste 1100 |
|   | Irvine, CA 92614 |
| 18 | Telephone: (949) 567-6700 |
|   | lseaton@orrick.com |
| 19 | *Attorneys for Defendant James Monsees* |
| 20 | By: */s/ Mitchell B. Malachowski* |
| 21 | Mitchell B. Malachowski |
|   | James Sell |
| 22 | **TYSON & MENDES LLP** |
|   | 371 Bel Marin Keys Blvd., Suite 100 |
| 23 | Novato, CA 94949 |
|   | Telephone: (628) 253-5070 |
| 24 | |
|   | *Liaison Counsel for E-Liquid Defendants and Attorneys for Defendants Mother Murphy's Laboratories Inc. and Alternative Ingredients, Inc.* |
| 25 | |
| 26 | |
| 27 | By: */s/ Marissa S. Ronk* |
|   | Michael L. O'Donnell (*pro hac vice*) |
| 28 | Marissa S. Ronk (*pro hac vice*) |

|   |   |
|---|---|
| 1 | **WHEELER TRIGG O'DONNELL LLP** |
| 2 | 370 17th Street, Suite 4500 |
|   | Denver, CO 80202 |
| 3 | Telephone: (303) 244-1800 |
| 4 | *Attorneys for Defendant McLane Company, Inc.* |
| 5 | By: */s/ Beth A. Wilkinson* |
|   | Beth A. Wilkinson (pro hac vice) |
| 6 | Brian L. Stekloff (pro hac vice) |
|   | **WILKINSON STEKLOFF LLP** |
| 7 | 2001 M Street NW, 10th Floor |
|   | Washington, DC 20036 |
| 8 | Telephone: (202) 847-4000 |
| 9 | and |
| 10 | By: */s/ John C. Massaro* |
|   | John C. Massaro (admitted pro hac vice) |
| 11 | Daphne O'Connor (admitted pro hac vice) |
|   | Jason A. Ross (admitted pro hac vice) |
| 12 | David E. Kouba (admitted pro hac vice) |
|   | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| 13 |   |
|   | 601 Massachusetts Ave, NW |
| 14 | Washington, DC 20001 |
|   | Telephone:  202-942-5000 |
| 15 | Facsimile:  202-942-5999 |
| 16 | *Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, and Altria Distribution Company* |
| 17 |   |