## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## <u>CIVIL MINUTES</u>

| **Date:** May 6, 2024 | **Time:** 45 minutes 10:00 a.m. to 10:45 a.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 19-md-02913-WHO | **Case Name:** In Re: Juul Labs, Inc., Marketing, Sales Practices | |

**Attorneys for Plaintiffs:**   Sarah London, Dena Sharp, Ellen Relkin, and Dean Kawamoto With guests Nina Gliozzo and Lorree Kovach

**Attorneys for Defendants:**   Tim Danninger, David F. Pustilnik, Charles Correll, Ryan Folio, Arthur Luk, and Peter Farrell

**Attorneys for Parties Opting Out of Settlement:**  Jeffrey L. Haberman and Scott Schlesinger

**Deputy Clerk:** Jean Davis                              **Court Reporter:** Kelly Shainline

### PROCEEDINGS

Case Management Conference and hearing on motions to approve proposed Fee Committee Recommendations (Dkt. No. 4214) and the related pending motion for attorney fees and costs from the Altria class settlement (Dkt. No. 4192), the proposed plan to address fraudulent claims in the Class settlement administration process (Dkt. No. 4218), and the request for entry of proposed CMO No. 21 (Dkt. No. 4223) conducted via videoconference.

No party or participant expressed a desire to be heard with respect of any of the motions or requests.

Having reviewed the submissions, the Court will grant each of the motions by separate order.

The Court thanks Ms. Kovach from claims administrator Epiq for her declaration explaining the fraud determination process being utilized in the administration of the JLI and Altria class settlements. The Court APPROVES the proposed procedures for the identification and handling of fraudulent claims.

The case management conference for the class settlements' post-distribution accounting remains set for October 2, 2024, but may be moved on stipulation of the parties.

The Court approves Altria and the Tribal Entities' request to modify the case schedule, as stipulated.  *See* Dkt. No. 4220 at 15.

The Court approves the request to adjust the schedule for time and expense reporting to twice annually.

Regarding the CMO 17/CMO 19 requirements and schedule for the opt-out personal injury cases, the Court is inclined to abide by the CMO 17/19 requirements, with some modifications. The Court is inclined to think that to the extent they have not been filed, long form complaints should be filed for each opt-out plaintiff. However, any motion to dismiss/claim dispositive arguments would be deferred until the close of the Additional Discovery period (November 3 or 4). At that point, defendants may file a first motion for summary judgment, raising legal or factual dispositive arguments. Because the Court is not inclined to keep any of the opt-out cases for trial, the Court would rule on issues that have previously been raised with respect to the bellwether cases or more generally within the MDL, but reserve ruling on any state-law-specific issues for the transferor judge to address. The Court is also inclined to think that CMO 19 requirements for the Additional Discovery period should be shortened significantly because of the discovery already provided by the plaintiffs and the time remaining to do further discovery in the JLI Additional Discovery period, but will consider Altria's arguments regarding prejudice in shortening the period, if any.

The Court is not inclined to handle the Additional Discovery and first motions for summary judgment in waves; the parties should proceed with the Additional Discovery and related motions practice for all opt-outs.

The Court will address the remand motions that are on file in the opt-out cases. The parties shall meet and confer and submit proposed stipulated or competing proposed briefing (if necessary) and hearing schedules for those motions.

The parties are ordered to meet and confer within the next two days regarding the deposition of Mr. McKnight. If the parties have not agreed upon a deposition date and protocol for the McKnight by **May 13, 2024**, a joint discovery letter should be submitted on that date for the Court's consideration.

**A further Case Management Conference is set for May 29, 2024 at 2:00 p.m.,** to allow the parties to consider the Court's inclinations regarding the schedule and to propose agreed-to or alternative procedures/timing. **A further Case Management Statement should be filed by May 22, 2024, addressing this**.

A further **Case Management Conference** is also set for **August 13, 2024 at 2:00 p.m.** (To coincide with the CMC set in the JUUL Antitrust case.)

*The Court directs that any transcript of this proceeding should omit the full name of plaintiff BB and reflect the plaintiff's identity as BB.*