UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES AND COSTS FROM ALTRIA CLASS SETTLEMENT** |

Following a settlement with JUUL Labs, Inc. ("JLI") and related Released Parties ("JLI Class Settlement"), the Class Plaintiffs, on behalf of themselves and the Settlement Class, entered into a subsequent settlement with the remaining defendant Altria[1] to fully resolve the Class's claims.[2] I preliminarily approved the Altria Class Settlement on September 7, 2023, and granted final approval on March 14, 2024. I have considered Class Counsel's Motion for Attorneys' Fees and Expenses ("Motion," Dkt. 4192) from the Altria Settlement, as well as the briefing and objections submitted with respect to the Order Granting Motion for Attorney Fees and Costs re the JLI Settlement (Dkt. No. 4179), and the Fee Committee's Recommendations Re: Fee and Expense Payments from Altria Settlement. Dkt. No. 4214.

I **GRANT** the motion and **ORDER** as follows:

**I.      SUMMARY OF ATTORNEYS' FEES AND EXPENSES**

Class Counsel request the following payments from the $45,531,250.00 Altria Settlement Fund:

---

[1] "Altria" refers to Defendants Altria Group, Inc., Altria Client Services LLC, Altria Enterprises, LLC, Altria Group Distribution Company, Philip Morris USA, Inc.
[2] Unless otherwise defined herein, capitalized terms have the same meaning as in the Altria Class Settlement.

- Attorneys' fees in the amount of 30% of the Altria Settlement Fund ($13,659,375.00), plus a proportionate amount of accrued interest; and
- Expenses of $1,000,000.

Class Counsel seeks these awards solely from the proceeds of the Altria Settlement, and are not seeking the payment of any service awards from that settlement.

No Class Member objected to Class Counsel's requested fee and expense awards in connection with the Altria Class Settlement, but objections to the related motion for attorney fees and costs in connection with the JLI Class Settlement were addressed and rejected. *See* Dkt. No. 4179.

## II.   ATTORNEY FEES

I GRANT plaintiffs' request for an award of 30% of the gross Altria Settlement Fund. In making this award, I have considered – as explained in more detail below – the excellent result secured for the Class that justifies an award higher than the Ninth Circuit's 25% benchmark, as well as an appropriate lodestar cross-check.

At the start of these MDL proceedings and as part of my selection and appointment process, I required the Co-Lead Plaintiffs' Counsel ("Co-Leads") and members of the Plaintiffs' Steering Committee ("PSC") to address how they were going to ensure that all counsel working within the MDL only billed reasonable and necessary hours for MDL work and accurately tracked and reported their time. Dkt. Nos. 229, 341.  Common Benefit Orders were entered to govern what common benefit work and expenses could be covered by any eventual settlement or judgment in the MDL cases. Dkt. Nos. 352, 596, 1202, 2307.

Soon after the appointment of the Co-Leads and PSC, I appointed the Hon. (Ret.) Gail A. Andler as a Common Benefit Special Master under Rule 53 of the Federal Rules of Civil Procedure.  Judge Andler's duties included monitoring, auditing, conducting legal analysis and advising Co-Leads on all matters relating to common benefit time, fees, expenses and disbursements. Dkt. No. 680.  The settlement process – for all the Class, personal injury government entity, and tribal entity claims – was overseen and facilitated through the intensive efforts of Thomas J. Perrelli, who I appointed as the Settlement Special Master for these MDL

proceedings. Dkt. No. 564.

The review of the reasonableness of hours billed by attorneys working for the common benefit in this MDL – including the hours that benefitted the litigation and eventual resolution of the Class claims – has been thorough and consistent throughout this litigation. As the Co-Lead filings submitted in connection with the motion for fees re the JLI Settlement and this Motion as well as the filings submitted in the related Motion to Approve the Fee Committee Recommendations demonstrate, the excellent result in this case for the Class claims was achieved as the result of common benefit work necessarily performed by numerous attorneys: This included attorneys who primarily represented Class plaintiffs and also attorneys who primarily represented personal injury plaintiffs and public entity plaintiffs.  In approving the request made here – for 30% of the gross Altria Settlement Fund – I necessarily consider the Fee Committee Recommendations as well as the reality that the work of these differently-situated lawyers contributed to the litigation of the Class claims as well as the other claims asserted specifically against Altria throughout the MDL.

Significantly here, the benefit to the class of a single lump-sum common fund payment by Altria is easily quantified and permits a straightforward application of the percentage method. Also counseling for application of the percentage method in this case is the nature of this litigation and how it was prosecuted. In this MDL, lawyers representing plaintiffs with different types of claims (class action, personal injury, and government entity) worked collaboratively to advance the common interests of all plaintiffs.

I GRANT plaintiffs' request for an award of 30% of the gross Altria Settlement Fund. In making this award, I have considered – as explained in more detail below – the excellent result secured for the Class that justifies an award higher than the Ninth Circuit's 25% benchmark, as well as an appropriate lodestar cross-check.

Percentage of Fund: This was an excellent result for the Class. It recovered a substantial amount as a result of their economic losses.  And the plaintiffs faced significant legal (*e.g.*, potential preemption of claims, defendants' attacks on plaintiffs' theories of economic loss and common proof of damages) and practical risks (*e.g.*, potential rejection of plaintiffs' theory of

3

Altria's contributory liability). In light of that, I find that an upward departure to 30% of the Altria Settlement Fund is merited.

The skill of the attorneys representing the Class's interests – the Co-Leads and PSC members – and the quality of their work has been superb. Their payment was contingent on a successful outcome. They incurred millions of dollars in out-of-pocket expenses in order to manage more than 33 million of pages of documents produced by defendants and obtain expert opinions regarding Altria's role, as well as the related evidence against JUUL, the nature and impact of nicotine addiction, the marketing of JUUL, the regulatory landscape impacting JUUL, and in particular here econometric models of economic loss damages. Plaintiffs' counsel undertook these tasks at great expense and produced high quality work product while they faced the significant threat of bankruptcy by JLI and the uncertainty of regulatory actions by the FDA.

While the resulting award is large, it is not inconsistent with similar awards in similarly complex and risky cases. Each of the relevant facts supports an upward adjustment.

Lodestar Cross-Check: A lodestar cross-check analysis supports the 30% award. Given the efficient and effective approach plaintiffs' counsel took in this MDL, where lawyers representing plaintiffs with different types of claims worked collaboratively to advance the common interests of all plaintiffs, calculating the appropriate lodestar to use for a cross-check is more difficult. *See* Dkt. Nos. 4055, 4152. As was the case in connection with the JLI Class Fee Order, I have also considered the report of Professor Robert H. Klonoff, Dkt. 4193-2. But I am intimately familiar with the work that has been done by counsel in this MDL and am well-situated to review the reasonableness of the hours billed and the results achieved with respect to the resolution of the Class claims.

The claims against Altria were heavily litigated – through multiple rounds of motions to dismiss, numerous and unusually complex informal and formal discovery disputes, class certification, motions for summary judgment, and a bellwether trial that proceeded against Altria alone after JLI and related defendants settled.[3] While some of the discovery, summary judgment,

---

[3] Taking in account all matters handled in the MDL, including discovery from all defendants, there were more than 33 million pages of documents produced by defendants and reviewed by plaintiffs;

1  and pre-trial issues did not directly concern the Class claims, in large part the discovery, motions
2  practice, and case management work was common work that benefitted every case within the
3  MDL. I need not and do not rely on Klonoff for my conclusion as to reasonableness of the time
4  billed. I do find Klonoff's analysis of the possible lodestar cross-checks and resulting multiplier
5  to be helpful.

6  The total fee is $90,159,375.00 (30% awarded from the JLI settlement, Dkt. 4179, and
7  30% from Altria here), for a 1.23 multiplier on the $73.4 million cumulative Class lodestar. To
8  evaluate the Altria fee alone, Professor Klonoff starts with the same 1/3 of the total lodestar
9  attributable to the Class, and further reduces it by 85 percent to account for the separate JLI
10 settlement. That calculation, based on reasonable averaged hourly rates charged, yields a 1.24
11 multiplier. Klonoff Report ¶ 15. This level of multiplier is justified, as noted above, by the
12 excellent results of the Settlement, the skill and effectiveness of plaintiffs' counsel, the significant
13 risks counsel faced, and the large expenses counsel incurred. This lodestar cross-check is
14 meaningful, as the lodestar reflects hours reasonably spent and reasonable hourly rates.[4] The
15 hours spent were audited first by a Co-Lead and then by Judge Andler. Judge Andler concluded
16 that "the tasks, hours and expenses incurred were appropriate, fair and reasonable and for the
17 common benefit." *See* Declaration of Dena C. Sharp (Dkt. No. 4193), Ex. 1 at 11; Sharp Decl. in
18 support of JLI Fees (Dkt. No. 4056), Ex. 1 at 12.

### III. EXPENSES

20 Class Counsel request for reimbursement of expenses of $1,000,000, bringing the total
21 expense award from the combined Class settlements to $5.1 million. *See* JLI Class Fee Order at 7
22 (awarding $4.1 million in expenses).

23 I find the payment of $1,000,000 from the Altria Settlement Fund would be reasonable in
24 light of the expenses incurred by counsel, the size of the Settlement, and the relative proportion of

---

more than 190 third-party subpoenas issued; more than 100 fact witness depositions; more than 50 generic or bellwether-specific experts who prepared reports and were deposed; dozens of highly contested motions made or opposed; 24 bellwethers worked up through the close of discovery; one bellwether (B.B.) taken to the eve of trial, and one bellwether (SFUSD) taken to the eve of submission to the jury.

[4] I previously approved the same or similar rates. *See* JLI Class Fee Order at 6.

5

1 the expenses that counsel expects to be borne by each plaintiff group.  The requested expense
2 reimbursement from the Altria Settlement Fund is therefore significantly less than it otherwise
3 would have been absent the involvement of other plaintiff groups.  In other words, the class
4 substantially benefits from the involvement of other plaintiff groups by spreading litigation costs
5 among the various plaintiff groups.  As noted in the JLI Class Fee Order, the expenses that would
6 have been incurred in the litigation would likely have exceeded $10 million if those claims had
7 been litigated independently instead of along with the personal injury, government entity and
8 tribal claims.  *Id*. at 6.

In addition, since the JLI expense request was submitted, plaintiffs have incurred over $188,000 in additional document hosting expenses, and over $1,700,000 in deposition-related expenses that were not included in the JLI expense request, such as additional costs for deposition transcripts, service of subpoenas, fees for Special Master Judge Larson's services resolving disputes during depositions and ruling on objections in deposition designations, expenses for Nextpoint (a technology platform used to prepare, exchange, and review designations), and expenses for technicians to cut the deposition video corresponding to designations as plaintiffs revised and refined their cuts. Thus, on those isolated case costs alone, the class would have incurred costs exceeding the requested $1,000,000.[5]

Finally, as with the common benefit time, Judge Andler reviewed and audited the common benefit expenses and concluded that they were reasonably incurred.  *See* Sharp. Decl., Ex. 1 at 11 (finding that the expenses were "appropriate, fair and reasonable and for the common benefit"); *see also* Dkt. No. 4056-01 at 12 (same).

Plaintiffs' request for costs of $1,000,000 is GRANTED.

---

[5] The requested amount is consistent with the amount that results from applying a 2% cost assessment to the Class, which is the amount of assessments paid by other plaintiffs in the litigation. *See* Dkt. 586 at 11. A 2% cost assessment on the Altria settlement alone would be $910,625.00, while a 2% cost assessment on the combined class settlements would be $6,010,625.00. Considering that the Court previously granted $4.1 million in expenses from the JLI Class Settlement, the additional $1,000,000 in expenses requested here for the class is reasonable and a fair approximation of the 2% cost assessment, both individually and in the aggregate.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Class Counsel's motion and the following awards:

- Attorneys' fees in the amount of 30% of the Altria Settlement Fund ($13,659,375.00), plus a proportionate amount of accrued interest; and
- Expenses of $1,000,000.

**IT IS SO ORDERED.**

Dated: May 15, 2024



William H. Orrick
United States District Judge