# EXHIBIT A

| | |
|---|---|
| **From:** | Danninger, Timothy |
| **To:** | Jeffrey L. Haberman; Jonathan R. Gdanski |
| **Cc:** | Folio, Ryan M.; Luk, Arthur; Jonathan R. Gdanski; Kouba, David E.; Massaro, John; Guzman, Michael J.; Schwarz, David L.; LeMieux, George; Wilson, Gabrielle; *Eugene@boersch-illovsky.com; Christopher J. Esbrook; Robert Scher; ccorrell@kslaw.com; David Pustilnik; *jkramer@orrick.com; Seaton, Lauren; Langner, Bailey; agivens@kslaw.com; Mitchell Malachowski; jsell@tysonmendes.com; doconnor@oconlaw.com; *odonnell@wtotrial.com; *Ronk@wtotrial.com; dgervase@provisionlaw.com |
| **Subject:** | RE: JLI - McKnight |
| **Date:** | Monday, May 13, 2024 12:36:13 PM |
| **Attachments:** | 3881189_3 2024 05 XX McKnight - Defendants_ First Set of RFP_s to Plaintiffs.docx |

Jeff/Jon:

Attached are the proposed requests to produce. Please let us know if you will consent to this limited discovery in advance of the discovery deposition we have been discussing. You will note that we removed requests for text messages based on your representation of the earlier agreement regarding text messages of plaintiffs and defendants (text messages are not included in the definitions).

If you agree to these requests, or some agreeable modified requests, we will work with you on timing and process for production.

Let us know if you have any questions or would like to discuss.

We plan to include this in our discovery letter if the parties cannot agree. If the parties agree, we will indicate to the court that the parties have met and conferred and agreed on a limited set of requests to produce in advance of the discovery deposition.

Tim

---

**From:** Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>
**Sent:** Monday, May 13, 2024 11:27 AM
**To:** Jonathan R. Gdanski <Jonathan@schlesingerlawoffices.com>; Danninger, Timothy <TDanninger@gunster.com>
**Cc:** Folio, Ryan M. <rfolio@kellogghansen.com>; Luk, Arthur <Arthur.Luk@arnoldporter.com>; Jonathan R. Gdanski <JGdanski@schlesingerlaw.com>; Kouba, David E. <David.Kouba@arnoldporter.com>; Massaro, John <John.Massaro@arnoldporter.com>; Guzman, Michael J. <mguzman@kellogghansen.com>; Schwarz, David L. <dschwarz@kellogghansen.com>; LeMieux, George <GLeMieux@gunster.com>; Wilson, Gabrielle <GWilson@gunster.com>
**Subject:** Re: JLI - McKnight

Tim-
Is the discovery letter supposed to be done jointly, with each side putting in its respective position? Or do we each file our own letter? Please advise. If it's to be joint, we will have our letter to you soon.
Thanks

**Jeffrey Haberman**
Attorney
1212 Southeast Third Avenue



Fort Lauderdale, Florida 33316
**O**    (954) 467-8800

JHaberman@schlesingerlaw.com
**www.SchlesingerLawOffices.com**

*NOTICE:* THE CONFIDENTIALITY OF THIS E-MAIL AND ATTACHMENTS ARE  PROTECTED BY THE
ELECTRONIC COMMUNICATIONS  **PRIVACY ACT,18 U.S.C. §§ 2510-2521**.
IF YOU RECEIVED THIS EMAIL IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM &
NOTIFY US AT **1-877-467-8800**.

---

**From:** Jonathan R. Gdanski <Jonathan@schlesingerlawoffices.com>
**Sent:** Friday, May 10, 2024 3:54:50 AM
**To:** Danninger, Timothy <TDanninger@gunster.com>
**Cc:** Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>; Folio, Ryan M.
<rfolio@kellogghansen.com>; Luk, Arthur <Arthur.Luk@arnoldporter.com>; Jonathan R. Gdanski
<JGdanski@schlesingerlaw.com>; Kouba, David E. <David.Kouba@arnoldporter.com>; Massaro, John
<John.Massaro@arnoldporter.com>; Guzman, Michael J. <mguzman@kellogghansen.com>;
Schwarz, David L. <dschwarz@kellogghansen.com>; LeMieux, George <GLeMieux@gunster.com>;
Wilson, Gabrielle <GWilson@gunster.com>
**Subject:** Re: JLI - McKnight

Please see below for comments and responses.

**Jonathan Gdanski**
Attorney



1212 Southeast Third Avenue
Fort Lauderdale, Florida 33316
**O**    (954) 467-8800

Jonathan@schlesingerlawoffices.com
**www.SchlesingerLawOffices.com**

*NOTICE:* THE CONFIDENTIALITY OF THIS E-MAIL AND ATTACHMENTS ARE  PROTECTED BY THE
ELECTRONIC COMMUNICATIONS  **PRIVACY ACT,18 U.S.C. §§ 2510-2521**.
IF YOU RECEIVED THIS EMAIL IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM &
NOTIFY US AT **1-877-467-8800**.

On May 10, 2024, at 8:18 AM, Danninger, Timothy <TDanninger@gunster.com> wrote:

Jeff:

We disagree with the unreasonable restrictions you have put on Mr. McKnight's depositions.

First, 5 hours is reasonable for the discovery deposition. It is our first deposition of Mr. McKnight and will be attended by at least 6 distinct defendant parties. We have repeatedly agreed that we will accommodate Mr. McKnight as necessary in order to complete the deposition.

We are not on the same page. So we will have to reflect our respective positions in the letter brief to the judge.

Second, within 7 days is unreasonable for the time between the depositions. As stated, we believe that the preservation deposition should begin no less than 7 days and no more than 14 days after the discovery deposition. This will allow the parties time to receive the transcript from the discovery deposition and to prepare for the preservation deposition.

We are OK with the preservation deposition taking place between seven and 14 days.

Third, it is patently unreasonable for you to refuse to agree that the preservation deposition will not be used until all parties have had the opportunity to question Mr. McKnight within the confines set by the court or by our agreement. Based on Scott's representation to the court, this seems to be a possibility and is a reasonable standard for the parties to agree to.

Our position on this issue is that all sides are reserving all rights. No one has to make a commitment or take a position now. Therefore there should be no part of anybody's position that is patently unreasonable.

Fourth, 7 hours is reasonable for the preservation deposition in light of the number of parties who will question the witness – possibly in lieu of trial testimony. At trial, all parties would be able to cross-examine Mr. McKnight and that will be no different here. Your attempt to limit the deposition to three hours – the same as you question is patently unreasonable.

Fifth, we are still waiting to hear from you regarding limited written discovery to Mr. McKnight in advance of the discovery deposition.

Please let us know specifically what you are thinking about. If you could let us know what that is today, we would appreciate it. Some of it may be objectionable some of it may not.

My understanding is that at least as it relates to text messages and other messaging applications, there was an agreement not to request that information from the founders or investors in exchange for that not being requested from the personal injury plaintiffs.

Please advise as soon as possible if you will agree to the above.

Tim

---

**From:** Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>
**Sent:** Thursday, May 9, 2024 3:59 PM
**To:** Danninger, Timothy <TDanninger@gunster.com>; Folio, Ryan M. <rfolio@kellogghansen.com>; Luk, Arthur <Arthur.Luk@arnoldporter.com>; Jonathan R. Gdanski <Jonathan@schlesingerlawoffices.com>
**Cc:** Jonathan R. Gdanski <JGdanski@schlesingerlaw.com>; Kouba, David E. <David.Kouba@arnoldporter.com>; Massaro, John <John.Massaro@arnoldporter.com>; Guzman, Michael J. <mguzman@kellogghansen.com>; Schwarz, David L. <dschwarz@kellogghansen.com>; LeMieux, George <GLeMieux@gunster.com>; Wilson, Gabrielle <GWilson@gunster.com>
**Subject:** Re: JLI - McKnight

Good afternoon,

On behalf of Walker McKnight, we propose the following regarding the preservation of his testimony.  Mr. McKnight will be made available for a deposition before his preservation deposition.  Defendants shall have up to two hours to examine Mr. McKnight in the initial deposition.  Plaintiff's counsel may conduct a re-direct examination as they deem appropriate.  After the completion of the initial deposition, Mr. McKnight will be made available for a preservation deposition within seven business days.  Plaintiff's counsel shall have up to three hours to conduct a direct examination.  Defendants shall have up to three hours to conduct a cross-examination.  Re-direct and re-cross may proceed as necessary.

Please let us know if you agree and/or provide us with your position.

Thanks,
Jeff

**Jeffrey Haberman**
Attorney
1212 Southeast Third Avenue

Fort Lauderdale, Florida 33316
**O**    (954) 467-8800

JHaberman@schlesingerlaw.com
**www.SchlesingerLawOffices.com**

*NOTICE:* *THE CONFIDENTIALITY OF THIS E-MAIL AND ATTACHMENTS ARE  PROTECTED BY THE ELECTRONIC COMMUNICATIONS* ***PRIVACY ACT,18 U.S.C. §§ 2510-2521****.* *IF YOU RECEIVED THIS EMAIL IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM & NOTIFY US AT* **1-877-467-8800***.*

---

**From:** Danninger, Timothy <TDanninger@gunster.com>
**Sent:** Tuesday, May 7, 2024 10:14 PM
**To:** Folio, Ryan M. <rfolio@kellogghansen.com>; Luk, Arthur <Arthur.Luk@arnoldporter.com>; Jonathan R. Gdanski <Jonathan@schlesingerlawoffices.com>
**Cc:** Jonathan R. Gdanski <JGdanski@schlesingerlaw.com>; Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>; Kouba, David E. <David.Kouba@arnoldporter.com>; Massaro, John <John.Massaro@arnoldporter.com>; Guzman, Michael J. <mguzman@kellogghansen.com>; Schwarz, David L. <dschwarz@kellogghansen.com>; LeMieux, George <GLeMieux@gunster.com>; Wilson, Gabrielle <GWilson@gunster.com>
**Subject:** RE: JLI - McKnight

I will send a zoom.

---

**From:** Folio, Ryan M. <rfolio@kellogghansen.com>
**Sent:** Tuesday, May 7, 2024 10:11 PM
**To:** Danninger, Timothy <TDanninger@gunster.com>; Luk, Arthur <Arthur.Luk@arnoldporter.com>; Jonathan R. Gdanski <Jonathan@schlesingerlawoffices.com>
**Cc:** Jonathan R. Gdanski <JGdanski@schlesingerlaw.com>; Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>; Kouba, David E. <David.Kouba@arnoldporter.com>; Massaro, John <John.Massaro@arnoldporter.com>; Guzman, Michael J. <mguzman@kellogghansen.com>; Schwarz, David L. <dschwarz@kellogghansen.com>; LeMieux, George <GLeMieux@gunster.com>; Wilson, Gabrielle <GWilson@gunster.com>
**Subject:** RE: JLI - McKnight

> This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Yes.  Thank you.

**Ryan M. Folio**
*Associate*
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7985 | Fax: (202) 326-7999

NOTICE:  This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.  Thank you.

---

**From:** Danninger, Timothy <TDanninger@gunster.com>
**Sent:** Tuesday, May 7, 2024 10:10 PM
**To:** Luk, Arthur <Arthur.Luk@arnoldporter.com>; Jonathan R. Gdanski <Jonathan@schlesingerlawoffices.com>
**Cc:** Folio, Ryan M. <rfolio@kellogghansen.com>; Jonathan R. Gdanski <JGdanski@schlesingerlaw.com>; Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>; Kouba, David E. <David.Kouba@arnoldporter.com>; Massaro, John <John.Massaro@arnoldporter.com>; Guzman, Michael J. <mguzman@kellogghansen.com>; Schwarz, David L. <dschwarz@kellogghansen.com>; LeMieux, George <GLeMieux@gunster.com>; Wilson, Gabrielle <GWilson@gunster.com>
**Subject:** [EXTERNAL] RE: JLI - McKnight

Ryan – noon works for all of us, does it work for you?

---

**From:** Luk, Arthur <Arthur.Luk@arnoldporter.com>
**Sent:** Tuesday, May 7, 2024 9:03 PM
**To:** Jonathan R. Gdanski <Jonathan@schlesingerlawoffices.com>; Danninger, Timothy <TDanninger@gunster.com>
**Cc:** Folio, Ryan M. <rfolio@kellogghansen.com>; Jonathan R. Gdanski <JGdanski@schlesingerlaw.com>; Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>; Kouba, David E. <David.Kouba@arnoldporter.com>; Massaro, John <John.Massaro@arnoldporter.com>; Guzman, Michael J. <mguzman@kellogghansen.com>; Schwarz, David L. <dschwarz@kellogghansen.com>; LeMieux, George <GLeMieux@gunster.com>; Wilson, Gabrielle <GWilson@gunster.com>
**Subject:** RE: JLI - McKnight

We can as well, thanks.

---

**From:** Jonathan R. Gdanski <Jonathan@schlesingerlawoffices.com>

**Sent:** Tuesday, May 7, 2024 4:30 PM
**To:** Danninger, Timothy <TDanninger@gunster.com>
**Cc:** Luk, Arthur <Arthur.Luk@arnoldporter.com>; Folio, Ryan M.
<rfolio@kellogghansen.com>; Jonathan R. Gdanski <JGdanski@schlesingerlaw.com>;
Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>; Kouba, David E.
<David.Kouba@arnoldporter.com>; Massaro, John
<John.Massaro@arnoldporter.com>; Guzman, Michael J.
<mguzman@kellogghansen.com>; Schwarz, David L. <dschwarz@kellogghansen.com>;
LeMieux, George <GLeMieux@gunster.com>; Wilson, Gabrielle
<GWilson@gunster.com>
**Subject:** Re: JLI - McKnight

External E-mail

We can make noon eastern work. Tx



**Jonathan Gdanski**

Attorney

1212 Southeast Third Avenue
Fort Lauderdale, Florida 33316
**O**   (954) 467-8800

Jonathan@schlesingerlawoffices.com
**www.SchlesingerLawOffices.com**

*NOTICE:* THE CONFIDENTIALITY OF THIS E-MAIL AND ATTACHMENTS ARE  PROTECTED BY THE ELECTRONIC COMMUNICATIONS *PRIVACY ACT,18 U.S.C. §§ 2510-2521.* IF YOU RECEIVED THIS EMAIL IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM & NOTIFY US AT *1-877-467-8800.*

On May 7, 2024, at 11:21 PM, Danninger, Timothy
<TDanninger@gunster.com> wrote:

Jon/Jeff:

Are you or someone from your team available any time
tomorrow afternoon? I am tied up until noon also.

Tim

**From:** Luk, Arthur <Arthur.Luk@arnoldporter.com>
**Sent:** Tuesday, May 7, 2024 3:12 PM
**To:** Jonathan R. Gdanski <Jonathan@schlesingerlawoffices.com>; Folio,
Ryan M. <rfolio@kellogghansen.com>

**Cc:** Danninger, Timothy <TDanninger@gunster.com>; Jonathan R. Gdanski <JGdanski@schlesingerlaw.com>; Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>; Kouba, David E. <David.Kouba@arnoldporter.com>; Massaro, John <John.Massaro@arnoldporter.com>; Guzman, Michael J. <mguzman@kellogghansen.com>; Schwarz, David L. <dschwarz@kellogghansen.com>; LeMieux, George <GLeMieux@gunster.com>; Wilson, Gabrielle <GWilson@gunster.com>
**Subject:** RE: JLI - McKnight

Like Ryan, afternoon would be better for us as we have some conflicts tomorrow morning.

---

**From:** Jonathan R. Gdanski <Jonathan@schlesingerlawoffices.com>
**Sent:** Tuesday, May 7, 2024 2:01 PM
**To:** Folio, Ryan M. <rfolio@kellogghansen.com>
**Cc:** Danninger, Timothy <TDanninger@gunster.com>; Jonathan R. Gdanski <JGdanski@schlesingerlaw.com>; Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>; Kouba, David E. <David.Kouba@arnoldporter.com>; Massaro, John <John.Massaro@arnoldporter.com>; Luk, Arthur <Arthur.Luk@arnoldporter.com>; Guzman, Michael J. <mguzman@kellogghansen.com>; Schwarz, David L. <dschwarz@kellogghansen.com>; LeMieux, George <GLeMieux@gunster.com>; Wilson, Gabrielle <GWilson@gunster.com>
**Subject:** Re: JLI - McKnight

External E-mail

I can do between 10-12 eastern. Tx

**Jonathan Gdanski**
Attorney

1212 Southeast Third Avenue
Fort Lauderdale, Florida 33316
**O**    (954) 467-8800

<image001.jpg>

Jonathan@schlesingerlawoffices.com
**www.SchlesingerLawOffices.com**

*NOTICE: THE CONFIDENTIALITY OF THIS E-MAIL AND ATTACHMENTS ARE PROTECTED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT,18 U.S.C. §§ 2510-2521. IF YOU RECEIVED THIS EMAIL IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM & NOTIFY US AT 1-877-467-8800.*

On May 7, 2024, at 5:13 PM, Folio, Ryan M.
<rfolio@kellogghansen.com> wrote:


I can be flexible, but afternoon is preferable.  Thanks Tim.

**Ryan M. Folio**
*Associate*
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7985 | Fax: (202) 326-7999

NOTICE:  This transmission is intended only for the use of the addressee
and may contain information that is privileged, confidential and exempt
from disclosure under applicable law.  If you are not the intended recipient,
or the employee or agent responsible for delivering the message to the
intended recipient, you are hereby notified that any dissemination,
distribution or copying of this communication is strictly prohibited.  If you
have received this communication in error, please notify the sender
immediately via reply e-mail, and then destroy all instances of this
communication.  Thank you.

---

**From:** Danninger, Timothy <TDanninger@gunster.com>
**Sent:** Monday, May 6, 2024 10:25 PM
**To:** jgdanski@schlesingerlaw.com;
jhaberman@schlesingerlaw.com;
*david.kouba@arnoldporter.com
<David.Kouba@arnoldporter.com>;
*john.massaro@arnoldporter.com
<John.Massaro@arnoldporter.com>; Luk, Arthur
<Arthur.Luk@arnoldporter.com>; Guzman, Michael J.
<mguzman@kellogghansen.com>; Folio, Ryan M.
<rfolio@kellogghansen.com>; Schwarz, David L.
<dschwarz@kellogghansen.com>
**Cc:** LeMieux, George <GLeMieux@gunster.com>; Wilson,
Gabrielle <GWilson@gunster.com>
**Subject:** [EXTERNAL] JLI - McKnight

We need to set a time Wednesday for a meet and
confer to discuss the McKnight deposition. Please
respond to this email with your team's
availability – one person per party, please.

Tim

**Timothy S. Danninger** | Shareholder
**Gunster, Yoakley & Stewart, P.A.**
One Independent Drive | Suite 2300
Jacksonville, FL 32202

o: +1.904.350.7410 | f: +1.904.350.5957
c: +1.602.616.2386
tdanninger@gunster.com
*Authorized to Practice Law in Arizona and Florida*

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

1    [Counsel block]

2

3

4

5

6

7

8

9

10

11

12

13

14

15                          UNITED STATES DISTRICT COURT

16                        NORTHERN DISTRICT OF CALIFORNIA

17   IN RE: JUUL LABS, INC., MARKETING,        **Case No. 19-md-02913-WHO**
     SALES PRACTICES, AND PRODUCTS
18   LIABILITY LITIGATION

19                                             **DEFENDANTS'**
     This Document Relates to:                 **FIRST SET OF REQUESTS FOR**
20                                             **PRODUCTION OF DOCUMENTS TO**
                                               **PLAINTIFFS WALKER MCKNIGHT,**
     *Walker McKnight et al. v. JUUL Labs, Inc., et*   **DAVID MCKNIGHT, AND CANDACE**
21   *al.*, Case No. 20-cv-02600-WHO           **MCKNIGHT**

22

23

24

25

26

27

28

---

Defendants' First Set of Requests for Production of Documents to the McKnights –
Case No. 19-md-02913-WHO

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, through undersigned counsel, propound the following First Set of Requests for Production of Documents to Plaintiffs Walker McKnight, David McKnight, and Candace McKnight.  Responses to these Requests for Production, or objections in lieu thereof, shall be served within 14 days after service of this document.  Defendants expressly reserve the right to serve additional document requests at a later time.

**DEFINITIONS**

1. "Action" means *Walker McKnight et al. v. Juul Labs, Inc., et al.*, Case No. 20-cv-02600-WHO.

2. "Cannabis" or "Cannabis Products" means any product, including but not limited to smoking, vaping, or food products, containing tetrahydrocannabinol or cannabidiol.

3. "Communication" or "Communications" means any written or oral disclosure, transfer, or exchange of information, data, or opinion, however made, and shall mean, but is not limited to, any transmittal and/or receipt of information, whether such was formal or informal, and specifically include conversations in person, telephone conversations, letters, memoranda, electronic mail, and social media posts or messages.

4. The terms "Concern" or "Concerning," in addition to their natural meaning, shall also mean reflecting, constituting, containing, pertaining, supporting, referring, indicating, showing, evidencing, describing, discussing, mentioning, bearing upon, comprising, and relating.

5. "Defendants" shall be construed to include JLI, Altria Group, Inc., Philip Morris USA, Inc., Altria Client Services LLC, Altria Distribution Company, and Altria Enterprises LLC, Adam Bowen, Nicholas Pritzker, Riaz Valani, Hoyoung Huh, James Monsees, Mother Murphy's Laboratories Inc., Alternative Ingredients, Inc, eLiquitech, Inc, Tobacco Technologies, Inc., Chevron Corp., Eby-Brown Company, LLC, Core-Mark Holding Company, Inc., 7-Eleven, Inc., and Wawa, Inc.

6. "Document" or "Documents" shall be construed to the fullest extent permitted under the Federal Rules of Civil Procedure and is used in the broadest sense, meaning all written,

Defendants' First Set of Requests for Production of Documents to the McKnights –
Case No. 19-md-02913-WHO

1   printed, typed, recorded or graphic matter, however produced or reproduced, of every kind and

2   description, in whatever form (e.g., final and draft versions) in Your actual or constructive

3   possession, custody, care, or control, including but not limited to all writings, correspondence,

4   emails, letters, notes, agendas, memoranda, inter-office Communications, reports, projects,

5   analyses, working papers, charts, debit or credit card or bank account statements, receipts,

6   calendars, appointment books, diaries, journals, drawings, graphs, photographs, notes of telephone

7   conversations or meetings, extracts or summaries of other Documents, computer files, computer

8   printouts, data stored on computer storage disks, hard drives, or networks, social media posts or

9   communications, videos, data compilations from which information can be obtained or can be

10  translated through detection devices into reasonably useable form, or any other tangible thing. The

11  term "Document" or "Documents" shall include not only originals but also any copies or

12  reproductions of all such written, printed, typed, recorded, or graphic matter upon which notations

13  in writing, print, or otherwise have been made that do not appear in the originals. In addition to the

14  items in the foregoing list, any comment, notation, strike-out, interlineation, or other alterations

15  appearing on any Document or any copy of any Document, and not a part of the original text of

16  such Document, is considered a separate Document, as is any draft or preliminary form of any

17  Document.

18         7.      "ENDS" or "ENDS Products" shall mean any electronic nicotine delivery system,

19  including but not limited to e-cigarettes, personal vaporizers, vape pens, e-cigars, e-hookahs,

20  vaping devices, mod systems, nicotine e-liquids or pod systems, or any other product that heats a

21  composition to produce an aerosol that contains nicotine that is inhaled by the user.

22         8.      The terms "Identify" or "Identifying," when used as to a Person or entity, means to

23  state their full name, address, date of birth, and telephone numbers; when used in reference to a

24  documents means to provide the Bates number associated with it or, if no Bates number is

25  applicable, to state whether such document exists, the name and a detailed description of the

26  document's contents, the date of the document, and the current custodian and location of the

27  document; when used in reference to a location means to state the address of the location and, if

28  applicable, the name of the location; otherwise means to provide information that specifically

1   identifies the information or item requested; and/or means to provide any other specific

2   information requested.

3         9.     "Illegal Drug" or "Illegal Drugs" shall mean any illicit drug in the United States,

4   including, but not limited to cocaine, crack, inhalants, hallucinogens, heroin, methamphetamine,

5   or prescription-type drugs used non-medically.

6         10.    The terms "Include," "Includes," and "Including" mean "including but not limited

7   to" or "including without limitation."

8         11.    "JLI" shall mean Defendant Juul Labs, Inc., as well as any parent, affiliate,

9   subsidiary or business segment, predecessor, successor or assignee, principal, operating division,

10  present or former owners, employees, officers, directors, agents, representatives, attorneys,

11  accountants, distributors, and any other Person acting on behalf of or under the direction,

12  authorization, or control of JLI.

13        12.    "JUUL Product" or "JUUL Products" means any ENDS Product manufactured,

14  designed, advertised, sold, or distributed by JLI, including JUUL devices and JUUL pods.

15        13.    "Non-JLI Defendants" shall be construed to include all Defendants except for JLI.

16        14.    "Person" or "Persons" includes any natural person, custodian of records, firm,

17  association, partnership, joint venture, corporation, related or associated company, trust, or other

18  form of legal entity.

19        15.    "Tobacco Product" or "Tobacco Products" refers to any product made or derived

20  from tobacco that is intended for human consumption, including any component, part, or

21  accessory of a Tobacco Product (except for raw materials other than tobacco used in

22  manufacturing a component, part, or accessory of a tobacco product).

23        16.    "You," "Your," and "Plaintiffs" shall mean the Plaintiffs in the Action and each of

24  his or her employees, agents, present and former attorneys, and any other Person acting on his or

25  her behalf, including guardians.

26        17.    As used herein, the singular shall include the plural and the present tense shall

27  include the past tense. The words "and" and "or" shall be construed disjunctively or conjunctively

28  as necessary to bring within the scope of a Request all documents or things that might otherwise

4

1   be construed to be outside its scope. The use of the term "the" shall not be construed as limiting

2   the scope of any Request.

3       18.    In keeping with the Court's Order Re: Discovery of Electronically Stored

4   Information, Dkt. No. 323, all technical terms shall follow or be defined by *The Sedona*

5   *Conference Glossary: E- Discovery and Digital Information Management.*

6                                    **INSTRUCTIONS**

7       1.    If any Document responsive to these Requests was, but no longer is, in Your

8   possession, or subject to Your custody or control, or in existence, state in writing whether: (a) it is

9   missing or lost; (b) it has been destroyed; (c) it has been transferred voluntarily or involuntarily to

10  others; or (d) it has been disposed of otherwise. In each instance, explain the circumstances

11  surrounding such disposition and identify the Person(s) directing or authorizing the same and the

12  date(s) thereof. Identify each Document by listing its author, his or her address, type (e.g., letter,

13  memorandum, telegram, chart, photograph), date, subject matter, present location(s) and

14  custodian(s), and state whether the Document (or a copy) is still in existence.

15      2.    If You claim that any Document requested is protected by the attorney-client

16  privilege, the work product doctrine, or any other privilege, the protocol outlined in Case

17  Management Order No. 4: 502(D) and Privileged Materials Order is applicable, including any

18  privilege log obligations.

19      3.    These Requests for Production are continuing requests. If, after producing the

20  requested Documents, You obtain or become aware of any additional Documents responsive to

21  these Requests for Production, You are required to produce such additional Documents.

22                              **REQUESTS FOR PRODUCTION**

23  **REQUEST NO. 1**

24      All Documents and Communications consulted in completing or identified in Your

25  Plaintiff Fact Sheet.

26  **REQUEST NO. 2**

27      All Documents and Communications consulted in completing or identified in Your April 3,

28  2024, Declaration in this Action.

**REQUEST NO. 3**

All Communications Concerning Walker McKnight's alleged JUUL Product use, ENDS Product use, Tobacco Product use, other inhaled product use (Including inhaled Cannabis Products), alcohol use, Illegal Drug use, or illicit use of legal drugs, Your alleged damages, or Your allegations in the Action.

**REQUEST NO. 4**

All photographs, films, movies, or video recordings of Walker McKnight using Tobacco Products, ENDS Products, JUUL Products, other inhaled products (Including inhaled Cannabis Products), alcohol, Illegal Drugs, or legal drugs illicitly.

**REQUEST NO. 5**

All Documents reflecting the basis of Your allegations against each Non-JLI Defendant, including Documents sufficient to identify each of Your interactions with each of the Non-JLI Defendants.


DATED:  May ___, 2024                    Respectfully Submitted,


                                         By:  */s/[DRAFT]*_____
                                              [Signature block]