# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LITIGATION, | Case No. 19-md-02913-WHO |
| | **CASE MANAGEMENT ORDER NO. 22** |
| This Document Relates to: | |
| TRIBAL CASES | |

### CASE MANAGEMENT ORDER NO. 22
### (Implementing Altria Tribal Settlement)

The Tribal Leadership Steering Committee, in coordination with Plaintiffs' Lead Counsel ("PLC"), and Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Enterprises LLC, and Altria Group Distribution Company ("Altria") have negotiated a settlement agreement on behalf of the Tribal Plaintiffs ("Tribal Settlement Agreement") to resolve claims against Altria and other released parties in the above-captioned matter involving *inter alia* the design, manufacture, production, advertisement, marketing, distribution, sale, use, and performance of JUUL Products ("Claims"). The Tribal Settlement Agreement establishes a voluntary program to settle the claims of the Tribal Plaintiffs, as specifically defined in the Tribal Settlement Agreement. This Order establishes a program to implement the Tribal Settlement Agreement.

## I. AUTHORITY OF COURT TO OVERSEE SETTLEMENT

This Court has authority to enter Orders to facilitate settlement. *See* Fed. R. Civ. P. 16(a)(5), (d); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 12773589, at *1 (N.D. Cal. Dec. 12, 2014). The instructions herein are to be construed as the orders of this Court.

## II. NOTICE

All Tribal Plaintiffs with Claims against Altria with cases pending in MDL No. 2913 shall be given notice of this Order and of the Tribal Settlement Agreement. This Order shall be entered on this Court's master docket for MDL No. 2913 and the PLC shall within twenty-four (24) hours of the filing

of this Case Management Order electronically notify counsel in individual cases that are part of this MDL.

**III.     SETTLEMENT ADMINISTRATOR**

Consistent with the terms of the Tribal Settlement Agreement, BrownGreer PLC is appointed as the Tribal Settlement Administrator.

**IV.     REGISTRATION**

Consistent with the terms of the Tribal Settlement Agreement, all federally recognized sovereign Native American tribes, tribal health organizations, and tribal school boards that filed a complaint against Altria that was pending in MDL No. 2913 on or before May 13, 2024 or that are represented by Plaintiffs' counsel in connection with any potential claims against any released party are eligible to participate in the Tribal Settlement Program, as set forth in Exhibit 4 to the Tribal Settlement Agreement.  All counsel of record in cases filed or that are pending in this MDL must take such steps as are necessary to ensure that all eligible claims, and all claims derivative thereof, are registered.  Counsel for the Tribal Plaintiffs shall complete a Counsel Certification Form, in the form of Exhibit 3 to the Tribal Settlement Agreement, identifying all of the unfiled tribal entities that they represent, and confirming, *inter alia*, and that neither the counsel nor their firms have other clients that they represent for whom they plan to file cases against Altria or any other released parties alleging the Claims asserted in MDL No. 2913.

All Counsel must submit a completed Counsel Certification Form no later than July 8, 2024. The Counsel Certification Form shall be submitted via the electronic portal established by BrownGreer.  BrownGreer has posted the Counsel Certification Form on MDL Centrality, which can be accessed at www.mdlcentrality.com.  If a Plaintiff's counsel does not already have access to MDL Centrality, they shall contact BrownGreer by emailing juul@browngreer.com.  Once on the portal, Plaintiffs' counsel should download the official forms, complete the forms, and then upload them in MDL Centrality no later than the applicable deadline, following the instructions provided there.  They should use the forms and excel templates that are on the MDL Centrality portal.

Submission of a Counsel Certification Form does not obligate any Plaintiff to accept its offer under the Tribal Settlement Program. Counsel who fail to submit a Counsel Certification Form shall confer with the PLC no later than seven (7) days from the entry of this order.

## V. PLAINTIFF COMPLAINTS AND FACT SHEETS

Consistent with Case Management Order No. 15, Tribal Plaintiffs must serve completed and signed Plaintiff Fact Sheets on or before August 1, 2024.

Consistent with this Court's Case Management Order No. 8, the parties are directed to serve documents required by Case Management Order Nos. 8, 12, and 15 by uploading them to MDL Centrality. Uploading documents and materials called for in Plaintiff Fact Sheets to MDL Centrality shall constitute effective service.

Plaintiffs that fail to submit a substantially complete, signed Plaintiff Fact Sheet as required under Case Management Order Nos. 8, 12, and 15 by the above deadlines are subject to the following provisions:

A. **Notice of Overdue Discovery**. If a Plaintiff has not submitted a completed Plaintiff Fact Sheet by the above deadlines, Altria may send a Notice of Overdue Discovery to the Plaintiff's counsel of record via email. If multiple non-compliant Plaintiffs are represented by the same counsel, Altria may send one Notice of Overdue Discovery to counsel of record for such Plaintiffs, via email, that lists each of the non-compliant Plaintiffs.

B. **Motion to Dismiss With Prejudice**. If a Plaintiff fails to submit a completed Plaintiff Fact Sheet within fifteen (15) days after receipt of the Notice of Overdue Discovery, Altria may move the Court for an Order dismissing the Plaintiff's claim with prejudice. A Plaintiff subject to such motion shall have ten (10) days from the date of Altria's motion to file a response either (a) certifying that the Plaintiff has submitted a completed Plaintiff Fact Sheet or (b) opposing Altria's motion for other reasons. If any Plaintiff certifies that a Plaintiff Fact Sheet has been submitted, the Plaintiff's claims shall not be dismissed (unless the Court finds that the certification is false, incorrect, or materially incomplete) and the Plaintiff will be eligible to participate in the Settlement Program. Otherwise, the Plaintiff's claims shall be subject to dismissal with prejudice.

## VI.    INFORMED CONSENT

The PLC will prepare and serve on all MDL Plaintiffs' counsel Informed Consent Letters, compliant with the aggregate settlement rules, describing the settlement and the settlement process. Each counsel for Plaintiffs must send this Informed Consent Letter to their respective clients to obtain informed consent to resolve their clients' claims through the relevant Settlement Program. The Informed Consent Letters will be sent to counsel by July 31, 2024.

## VII.    PARTICIPATING TRIBAL PLAINTIFFS' DISMISSALS

Each Tribal Plaintiff that chooses to accept its settlement offer under the Tribal Settlement Agreement shall, within five (5) business days of Altria's payment of the Base Payment as provided for in the Tribal Settlement Agreement, dismiss with prejudice all claims asserted by the Tribal Plaintiff against Altria and any other released party in that Tribal Plaintiff's case, wherever filed. Each Tribal Plaintiff shall cause a copy of the dismissal to be provided to Plaintiffs' Leadership and to Altria's counsel within three (3) days of the dismissal's filing.[1]

## VIII.   KEY DATES

The parties are ordered to comply with the deadlines set forth above in this Order and in the parties' Settlement Agreement.  As indicated above, the deadlines include the following:

| ACTION | DEADLINE |
|---|---|
| **PLC provides Notice of this Order to all Tribal Plaintiffs with Claims against Altria with cases pending in MDL No. 2913 as of the date of this Order.** | Within twenty-four (24) hours of entry of this Order |
| **Return completed and signed Counsel Certification Form to the Tribal Settlement Administrator** | July 8, 2024 |
| **Tribal Plaintiff Informed Consent Package to be ready for distribution** | July 31, 2024 |

---

[1]  Dismissals shall be provided to Altria by email at the following email address: JUULDiscovery@arnoldporter.com.

| ACTION | DEADLINE |
|---|---|
| **Eligible Tribal Plaintiffs must submit Fact Sheets** | August 1, 2024 |
| **Tribal Plaintiff Release Due to Settlement Administrator, to be held in Escrow Pending Receipt of the Base Payment into the Tribal Settlement Trust Account** | August 30, 2024 |
| **Settlement Administrator to provide to Altria, Defense Counsel and Plaintiffs' Leadership a list of all Eligible Tribal Plaintiffs that did not submit releases** | September 13, 2024 |

## IX.    STAY OF PROCEEDINGS

Except for the requirements and procedures described in this Order, all proceedings involving the Tribal Plaintiffs are hereby stayed as to any Released Party as that term is defined in the Tribal Settlement Agreement.  This stay shall remain in effect until it is lifted.

SO ORDERED, on this 28 day of June, 2024.



By: _____
Hon. William H. Orrick
United States District Judge