UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LITIGATION,<br><br>This Document Relates to:<br><br>TRIBAL CASES | Case No. 19-md-02913-WHO<br><br>~~PROPOSED~~ CASE MANAGEMENT ORDER NO. 23<br><br>HONORABLE JUDGE WILLIAM H. ORRICK |

**~~PROPOSED~~ CASE MANAGEMENT ORDER NO. 23**
**(Case Management Order For Any Ongoing Litigation Against Altria)**

This Court previously entered Case Management Order No. 19, which imposed certain disclosure, production, and discovery requirements upon individuals and government entities that elected not to participate in Settlement Programs established by the Settlement Agreements between Plaintiffs' Lead Counsel and Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Enterprises LLC, and Altria Group Distribution Company (hereinafter "Altria") or filed actions after the date of the Settlement Agreements. *See* Case Management Order No. 19, ECF No. 4112 ("CMO 19"). Given the recent Tribal Settlement Agreement executed on June 17, 2024 between Plaintiffs' Lead Counsel and Altria (the "Tribal Settlement Agreement"), the Court finds it appropriate to enter this Case Management Order ("CMO") to supplement CMO 19 and ensure that the requirements in CMO 19 apply consistently to Tribal Plaintiffs who elect not to participate in the Tribal Settlement Agreement with Altria or who file actions in the future against Altria.

This CMO applies to:

(i) all tribal entities that have filed complaints alleging claim(s) of any nature against Altria or any other Released Party, as defined in the Tribal Settlement Agreement, who have elected not to participate in the Settlement Program outlined in the Tribal Settlement Agreement (hereinafter "Litigating Tribal Plaintiffs"); and

(ii) all tribal entities alleging claim(s) of any nature against Altria or any other Released Party, as defined in the Tribal Settlement Agreement, that are newly filed in or

removed to this MDL on or after the dates outlined in the Settlement Implementation Order (CMO 22) (hereinafter "New Tribal Plaintiffs") (collectively, the "Parties").

Pursuant to the Court's inherent authority to manage these judicial proceedings, and in light of the recent settlements, the Court finds it appropriate to enter this CMO to efficiently manage any cases against Altria by Litigating Tribal Plaintiffs and New Tribal Plaintiffs.

**I.     Background and Status of Proceedings**

1.     On October 2, 2019, the United States Judicial Panel on Multidistrict Litigation ("JPML") established MDL No. 2913 to centralize cases against JLI, Altria, and other Defendants concerning the development, manufacture, labeling, and marketing of JUUL products, and the alleged risks posed by use of JUUL products.  Over 5,770 cases have been filed in or removed to this MDL.  During the course of these MDL proceedings, the Court has exercised its discretion and inherent authority to establish discovery procedures.  *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 16(c).

2.     JLI previously entered into Settlement Agreements with the Class Action, Personal Injury, Government Entity, and Tribal Plaintiffs to resolve the vast majority of the cases in this MDL.  Consistent with the Court's inherent power to manage, control, and streamline complex litigation and the broad discretion afforded the Court, the Court entered CMO 17, under which individuals and government entities who elect not to participate in the settlement with JLI or file actions that are coordinated in this MDL after the Settlement Agreements must meet certain preservation, disclosure, and discovery requirements and which sets forth certain early briefing requirements.  *See* CMO 17, ¶¶ 3-8 (citing relevant authorities).

3.     Since that time, without admission of fault or liability, Altria entered into Settlement Agreements with the Class Action, Personal Injury, and Government Entity Plaintiffs to resolve the vast majority of the remaining cases in this MDL.  The same considerations underlying and supporting CMO 17 supported the entry of CMO 19, which applies to Altria's Class, Personal Injury and Government Entity settlements.

4.     Altria has now entered into the Tribal Settlement Agreement with Tribal Plaintiffs. The same considerations underlying and supporting CMO 17 and CMO 19, including the Court's interest in efficiently managing an MDL that is proceeding on a settlement front, support the entry

of this CMO 23.  Indeed, as with CMOs 17 and 19, the discovery obligations imposed by this Case Management Order are consistent with the obligations imposed in similar orders by other MDL courts.[1]

5. For the foregoing reasons, and other good cause appearing therefor, it is Ordered as follows:

**II.    Stay of Proceedings Involving the Parties**

6. Except for the requirements and procedures described in this Order, as stated in CMO 22, all proceedings involving Litigating Tribal Plaintiffs and New Tribal Plaintiffs are hereby stayed as to Released Parties, as defined in the Tribal Settlement Agreement.  This stay shall remain in effect until it is lifted.

---

[1] *See*, *e.g.*, Case Management Order No. 15, *In re Sorin 3T Heater-Cooler System*, No. 1:18-md-02816-CCC-SES (M.D. Pa. April 16, 2019), ECF No. 250 (requiring non-settling plaintiffs to produce certain specific information regarding their claims, including general and case-specific causation expert reports); Case Management Order No. 17 at 1, *In re Fresenius Granuflo/NaturaLyte Dialysate Prod. Liab. Litig.*, No. 1:13-md-02428-DPW (D. Mass. Jan. 26, 2017), ECF No. 1825 (requiring parties who did not opt-in to "private global settlement that could resolve the vast majority of the thousands of products liability cases" to provide an affidavit identifying documents or data to support their claims and expert affidavit on causation); Case Management Order No. 78, *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, No. 3:12-md-02385-DRH-SCW (S.D. Ill. May 29, 2014), *available at* http://www.ilsd.uscourts.gov/documents/mdl2385/CMO78.pdf (requiring non-settling plaintiffs to produce applicable medical and pharmacy records, an affidavit attesting to the collection of these records, and causation expert reports); *see also* Pretrial Order No. 28, *In re Vioxx Prods. Liab. Litig.*, No. 2:05-md-01657-EEF-DEK (E.D. La. Nov. 9, 2007), ECF No. 12962, *available at* http://www.laed.uscourts.gov/sites/default/files/vioxx/orders/vioxx.pto28.mdl.pdf; Pretrial Order No. 29, *In re Vioxx Prods. Liab. Litig.*, No. 2:05-md-01657-EEF-DEK (E.D. La. Nov. 9, 2007), ECF No. 12963, *available at* http://www.laed.uscourts.gov/sites/default/files/vioxx/orders/vioxx.pto29.mdl.pdf (setting forth detailed discovery requirements for plaintiffs not participating in an established "Resolution Program"); Case Management Order No. 126, *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, No. 1:14-CV-01748 (N.D. Ill. June 11, 2018), ECF No. 2716 (in settlement context, requiring parties who elected not to participate in the settlement program to provide applicable medical and pharmacy records, an affidavit attesting to the collection of these records, and causation and liability expert reports).

### III.      Preservation Notice Requirements

####       A.      Preservation Notice Requirements for Litigating Tribal Plaintiffs

7.     To the extent that a Litigating Tribal Plaintiff has not already done so, within ninety (90) days after the date Litigating Tribal Plaintiff elects not to settle its claims, Counsel for Litigating Tribal Plaintiffs subject to this Order shall notify the following individuals or entities, by registered mail, that they may have records relevant to the Litigating Tribal Plaintiff's claim in this MDL Proceeding ("Claim") and that any records relating to the Litigating Tribal Plaintiff must be preserved pursuant to the Order re: Discovery of Electronically Stored Information entered by this Court on December 17, 2019 (ECF No. 323) (the "Notice"), pending collection by the Litigating Tribal Plaintiff:

   a.   All Contractors that performed repair, clean up, or other services in connection with alleged property damages;

   b.   All current and former tribal members from June 1, 2015 to present who may serve as witnesses; and

   c.   Any pharmacy, physician, other healthcare provider, agency, organization, or contractor asserting that use of JUUL products caused any alleged injury/injuries.

8.     A copy of this Court's December 17, 2019 Order re: Discovery of Electronically Stored Information (ECF No. 323) shall be attached to the Notice and all copies of the Notice shall be preserved by Counsel for the Litigating Tribal Plaintiff for so long as the Claim remains pending in this Proceeding.

9.     To the extent that a Litigating Tribal Plaintiff has not already done so pursuant to CMO 17, by no later than one hundred and five (105) days after the date Litigating Tribal Plaintiff elects not to settle its claims, Counsel for the Litigating Tribal Plaintiff shall serve a statement listing the names and addresses of all individuals or entities to which Notices were sent, along with copies of the Notices and a signed certification that the Notices were sent as required by this Order. Service by the Litigating Tribal Plaintiffs shall be made to Counsel for Altria at the following email address: JUULDiscovery@arnoldporter.com. To the extent a Litigating Tribal Plaintiff has not already resolved its claims against Juul Labs, Inc. ("JLI"), Adam Bowen, James Monsees, Nicholas Pritzker,

Riaz Valani, Hoyoung Huh, and/or any party listed on Exhibit B to the JLI Settlement Implementation Order (CMO 16) (hereinafter "Previously Settling Defendants"), service by the Litigating Tribal Plaintiffs shall be made via email to Counsel for Previously Settling Defendants at the following email address: JUUL_PlaintiffDiscovery@kirkland.com.

10. Litigating Tribal Plaintiffs who fail to fully comply with the requirements of this Order shall be given notice by email or fax from Altria's Counsel and shall be provided thirty (30) additional days to cure such deficiency ("Cure Period"). No other extensions will be granted, except for good cause shown.

11. Litigating Tribal Plaintiffs may not seek to introduce into evidence at trial any document or information from any individual or entity identified in paragraph 7 if a Notice was not sent to that individual or entity as required by this Order, except upon leave of court for good cause shown. A Litigating Tribal Plaintiff who fails to comply with this Order may also be subject to other sanctions or orders.

### B.   Preservation Notice Requirements for New Tribal Plaintiffs

12. To the extent that a New Tribal Plaintiff has not already done so, within ninety (90) days of their cases being newly filed in or removed to this MDL, Counsel for New Tribal Plaintiffs subject to this Order shall notify the following individuals or entities, by registered mail, that they may have records relevant to the New Tribal Plaintiff's Claim and that any records relating to the New Tribal Plaintiff must be preserved pursuant to the Order re: Discovery of Electronically Stored Information entered by this Court on December 17, 2019 (ECF No. 323) (the "Notice"), pending collection by the New Tribal Plaintiff:

    a. All Contractors that performed repair, clean up, or other services in connection with alleged property damages;

    b. All current and former students from June 1, 2015 to present who may serve as witnesses; and

    c. Any pharmacy, physician, other healthcare provider, agency, organization, or contractor asserting that use of JUUL products caused any alleged injury/injuries.

13. A copy of this Court's December 17, 2019 Order re: Discovery of Electronically Stored Information (ECF No. 323) shall be attached to the Notice and all copies of the Notice shall be preserved by Counsel for the New Tribal Plaintiff for so long as the Claim remains pending in this Proceeding.

14. To the extent that a New Tribal Plaintiff has not already done so pursuant to CMO17, by no later than one hundred and five (105) days after cases being newly filed in or removed to this MDL, Counsel for the New Tribal Plaintiff shall serve a statement listing the names and addresses of all individuals or entities to which Notices were sent, along with copies of the Notices and a signed certification that the Notices were sent as required by this Order. Service by the New Tribal Plaintiffs shall be made to Counsel for Altria at the following email address: JUULDiscovery@arnoldporter.com. Service by the New Tribal Plaintiffs shall be made via email to Counsel for Previously Settling Defendants at the following email address: JUUL_PlaintiffDiscovery@kirkland.com.

15. New Tribal Plaintiffs who fail to fully comply with the requirements of this Order shall be given notice by email or fax from Altria's Counsel and shall be provided thirty (30) additional days to cure such deficiency ("Cure Period"). No other extensions will be granted, except for good cause shown.

16. New Tribal Plaintiffs may not seek to introduce into evidence at trial any document or information from any individual or entity identified in paragraph 12 if a Notice was not sent to that individual or entity as required by this Order, except upon leave of court for good cause shown. A New Tribal Plaintiff who fails to comply with this Order may also be subject to other sanctions or orders.

**IV.   Litigating Tribal and New Tribal Plaintiffs' Requirements to Produce Certain Specified Information Regarding their Claims**

    **A.   Litigating Tribal Plaintiffs' Requirements**

        **(a)   Litigating Tribal Plaintiffs' Production Requirements**

17. All Litigating Tribal Plaintiffs shall serve the following documents and/or information upon Counsel for Altria within the timeframe provided in Section VI:

(1) All disclosures required by Fed. R. Civ. P. 26(a).

(2) <u>Plaintiffs Fact Sheets</u>. If not already completed, executed, and served, each Litigating Tribal Plaintiff must comply with all requirements of this Court's May 24, 2021 Case Management Order Regarding Native American Tribal Plaintiff Fact Sheet Implementation ("CMO 15").

(3) Each Litigating Tribal Plaintiff must produce all documents responsive to the document requests identified in the Plaintiff Fact Sheets required by CMO 15, including reports, surveys, analyses, studies, or other documents related to any vaping and e-cigarette-related services and programs, policies and reports relating to e-cigarettes, tobacco, alcohol, drugs, and other illicit substances.

(4) Each Litigating Tribal Plaintiff must produce proof of actual damages, including but not limited to (i) documents and communications concerning harm, monetary or otherwise, Plaintiff claims as a result of JLI's alleged conduct and Altria's alleged conduct; (ii) documents and communications sufficient to show how much money Plaintiff spent on issues related to JUUL product use through the present; (iii) documents and communications sufficient to show how much money Plaintiff received from any source to address ENDS product use, tobacco product use, other inhaled product use, illegal drug use or illicit use of legal drugs through the present; (iv) documents and communications sufficient to show how much money Plaintiff spent on issues related to ENDS product use, tobacco product use, other inhaled product use, illegal drug use or illicit use of legal drugs through the present; (v) documents and communications sufficient to show Plaintiff's efforts to address issues related to ENDS product use, tobacco product use, other inhaled product use, illegal drug use or illicit use of legal drugs; (vi) documents and

          communications reflecting or related to the prevalence of JUUL use, vapor product use, and tobacco product use within the locality or localities governed or overseen by Plaintiff from 2014 through the present; (vii) documents and communications sufficient to show how Altria in particular caused Plaintiff to incur any alleged injury or costs.

    (5)    <u>Abatement</u>. Each Litigating Tribal Plaintiff must specifically identify each of the categories of its claimed abatement costs and produce all documents supporting the basis for same.

    (6)    <u>Affidavit re: Claims and Defenses.</u>  An affidavit signed by the Litigating Tribal Plaintiff providing the following information: (i) the date Plaintiff first incurred vaping-related costs or injuries; (ii) the date Plaintiff first learned that Plaintiff's alleged costs/injuries may be related to JUUL products; (iii) how Plaintiff first learned that any of the Plaintiff's alleged costs/injuries may be related to JUUL products; (iv) the date that Plaintiff first spoke to or corresponded with an attorney about potential litigation related to the use of JUUL products; (v) the date that Plaintiff first retained Counsel for litigation related to use of JUUL products; (vi) whether and to what extent Plaintiff alleges that services provided by Altria at retail locations caused Plaintiff's vapor-related costs/injuries; (vii) whether and to what extent Plaintiff alleges that JUUL advertisements disseminated by Altria caused Plaintiff's vapor-related costs/injuries; (viii) whether and to what extent Plaintiff ever banned or restricted the sale of flavored vapor products; (ix) the rates of underage JUUL use and underage vapor use within the areas governed or overseen by Plaintiff between 2014 and the present; (x) the brand(s) of vapor products that are currently used most frequently by underage individuals within the

areas governed or overseen by Plaintiff; (xi) the extent to which Plaintiff requested and/or received funding from third parties to address vapor-related issues; (xii) whether and to what extent underage individuals within the areas governed or overseen by Plaintiff purchased and used JUUL because of Altria's conduct; (xiii) whether Plaintiff had a relationship with Altria and, if so, a description of that relationship, and (xiv) to the extent that Plaintiff brings a claim for nuisance, a description of condition(s) on Plaintiff's property giving rise to that claim, whether such condition(s) currently exist, and where.

(7) <u>Affidavit re: Compliance.</u> An affidavit signed by the Litigating Tribal Plaintiff's Counsel attesting (i) that the Litigating Tribal Plaintiff has complied with requirements of this Court's Order Regarding Plaintiffs' and Defendants' Fact Sheets and Service Protocol; (ii) that records described in Sections IV.A.a.17.3 – IV.A.a.17.5 have been collected; (iii) that all records collected have been produced pursuant to this CMO; and (iv) that the Litigating Tribal Plaintiff has provided the Affidavit described in Section IV.A.a.17.6. If any of the documents or records described in Sections IV.A.a.17.3 – IV.A.a.17.5 do not exist, the signed affidavit by the Litigating Tribal Plaintiff's Counsel shall state that fact and the reasons why such materials do not exist, and shall provide a "No Records Statement" from each records custodian if received or other documentation to explain why said missing records were not available.

**(b) Litigating Tribal Plaintiffs' Expert Reports**

18. All Litigating Tribal Plaintiffs shall serve, within the timeframe provided in Section VI, expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

(1) A Rule 26(a)(2) expert report on general causation concerning the alleged injury/injuries, and a complete set of records relied upon in forming the expert's opinion. If the Litigating Tribal Plaintiff seeks to rely upon one or more of the general causation expert reports previously served in the MDL, the Litigating Tribal Plaintiff shall identify each previously disclosed expert and the specific opinions offered by that expert that it intends to rely upon, including the date and page number(s) of the expert's report in which those specific opinions are stated.

(2) A Rule 26(a)(2) case-specific expert report concerning the causation of the Litigating Tribal Plaintiff's alleged injury/injuries and alternative causation. The case-specific expert report must include, at a minimum, a precise identification of the nature and timing of the Litigating Tribal Plaintiff's alleged injury; a sworn statement by an expert that JUUL product use caused the Plaintiff's alleged injury, along with a detailed description of all facts, scientific literature or other authorities relied upon by the expert to support such opinion; and a complete set of materials relied upon in forming the expert's opinion. The reports required by Sections IV.A.b.18.1 and IV.A.b.18.2 may be combined in a single report by a single expert.

(3) A Rule 26(a)(2) expert report on the basis for liability, including in particular the basis for Altria's purported liability, and a complete set of records relied upon in forming the expert's opinion.

(4) A Rule 26(a)(2) expert report on the basis for any abatement claims made by the Plaintiff, including a complete set of records relied upon in forming the expert's opinion.

       (5)      A Rule 26(a)(2) expert report describing all of the Litigating Tribal Plaintiff's alleged damages, including a complete set of records relied upon in forming the expert's opinion.

19. The Court expects to set further deadlines for management of the case, including deadlines for additional case-specific discovery and dispositive motion practice regarding the Litigating Tribal Plaintiff's claims.

**B.    New Tribal Plaintiffs' Requirements**

      **(a)    New Tribal Plaintiffs' Production Requirements**

20. All New Tribal Plaintiffs shall serve the following documents and/or information upon Counsel for Altria within the timeframe provided in Section VI:

    (1)    All disclosures required by Fed. R. Civ. P. 26(a).

    (2)    <u>Plaintiffs Fact Sheets</u>. If not already completed, executed, and served, each New Tribal Plaintiff must comply with all requirements of this Court's May 24, 2021 CMO 15 Regarding Native American Tribal Plaintiff Fact Sheet Implementation Order.

    (3)    Each New Tribal Plaintiff must produce all documents responsive to the document requests identified in the Plaintiff Fact Sheets required by CMO 15, including reports, surveys, analyses, studies, or other documents related to any vaping and e-cigarette- related services and programs, policies and reports relating to e-cigarettes, tobacco, alcohol, drugs, and other illicit substances.

    (4)    Each New Tribal Plaintiff must produce proof of actual damages, including but not limited to (i) documents and communications concerning harm, monetary or otherwise, Plaintiff claims as a result of Altria's alleged conduct, (ii) documents and communications sufficient to show how much money the Plaintiff spent on issues related to JUUL product use through the present, (iii) documents and communications sufficient to show how much money the Plaintiff

received from any source to address ENDS product use, tobacco product use, other inhaled product use, illegal drug use, or illicit use of legal drugs through the present, (iv) documents and communications sufficient to show how much money the Plaintiff spent on issues related to ENDS product use, tobacco product use, other inhaled product use, illegal drug use or illicit use of legal drugs through the present; (v) documents and communications sufficient to show Plaintiff's efforts to address issues related to ENDS product use, tobacco product use, other inhaled product use, illegal drug use or illicit use of legal drugs; (vi) documents and communications reflecting or related to the prevalence of JUUL use, vapor product use, and tobacco product use within the locality or localities governed or overseen by Plaintiff from 2014 through the present; (vii) documents and communications sufficient to show how Altria in particular caused Plaintiff to incur any alleged injury or costs.

(5)  **Abatement**. Each New Tribal Plaintiff must specifically identify each of the categories of its claimed abatement costs and produce all documents supporting the basis for same.

(6)  <u>Affidavit re: Claims and Defendants.</u> An affidavit signed by the New Tribal Plaintiff and its Counsel providing the following information and the basis for that information: (i) the date Plaintiff first incurred vaping-related costs or injuries; (ii) the date Plaintiff first learned that Plaintiff's alleged costs/injuries may be related to JUUL products; (iii) how Plaintiff first learned that any of the Plaintiff's alleged costs/injuries may be related to JUUL products; (iv) the date that Plaintiff first spoke to or corresponded with an attorney about potential litigation related to the use of JUUL products; (v) the date that Plaintiff first retained Counsel for litigation related to use of

JUUL products; (vi) whether and to what extent Plaintiff alleges that services provided by Altria at retail locations caused Plaintiff's vapor-related costs/injuries; (vii) whether and to what extent Plaintiff alleges that JUUL advertisements disseminated by Altria caused Plaintiff's vapor-related costs/injuries; (viii) whether and to what extent Plaintiff ever banned or restricted the sale of flavored vapor products; (ix) the rates of underage JUUL use and underage vapor use within the areas governed or overseen by Plaintiff between 2014 and the present; (x) the brand(s) of vapor products that are currently used most frequently by underage individuals within the areas governed or overseen by Plaintiff; (xi) the extent to which Plaintiff requested and/or received funding from third parties to address vapor-related issues; (xii) whether and to what extent underage individuals within the areas governed or overseen by Plaintiff purchased and used JUUL because of Altria's conduct; (xiii) whether Plaintiff had a relationship with Altria and, if so, a description of that relationship, and (xiv) to the extent that Plaintiff brings a claim for nuisance, a description of condition(s) on Plaintiff's property giving rise to that claim, whether such condition(s) currently exist, and where.

(7) <u>Affidavit re: Compliance.</u> An affidavit signed by the New Tribal Plaintiff's Counsel attesting (i) that the New Government Entity Plaintiff has complied with requirements of this Court's Order Regarding Plaintiffs' and Defendants' Fact Sheets and Service Protocol; (ii) that all records described in Sections IV.B.a.20.3 – IV.B.a.20.5 have been collected; (iii) that all records collected have been produced pursuant to this CMO; and (iv) that the New Tribal Plaintiff has provided the Affidavit described in Section IV.B.a.20.6. If any of the documents or records described in Sections IV.B.a.20.3

– IV.B.a.20.5 do not exist, the signed affidavit by the New Tribal Plaintiff's Counsel shall state that fact and the reasons why such materials do not exist and shall provide a "No Records Statement" from each records custodian or other documentation to explain why said records were not available.

    **(b)**    **New Tribal Plaintiffs' Expert Reports**

21. All New Tribal Plaintiffs shall serve, within the timeframe provided in Section VI, expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

(1) A Rule 26(a)(2) expert report on general causation concerning the alleged injury/injuries, and a complete set of records relied upon in forming the expert's opinion. If the New Tribal Plaintiff seeks to rely upon one or more of the general causation expert reports previously served in the MDL, the New Tribal Plaintiff shall identify each previously disclosed expert and the specific opinions offered by that expert that it intends to rely upon, including the date and page number(s) of the expert's report in which those specific opinions are stated.

(2) A Rule 26(a)(2) case-specific expert report concerning the causation of the New Tribal Plaintiff's alleged injury/injuries and alternative causation. The case-specific expert report must include, at a minimum, a precise identification of the nature and timing of the New Tribal Plaintiff's alleged injury; a sworn statement by an expert that the New Tribal Plaintiff has suffered the alleged injury the New Tribal Plaintiff claims and that JUUL product use caused the New Tribal Plaintiff's alleged injury, along with a detailed description of all facts, scientific literature or other authorities relied upon by the expert to support such opinion; and a complete set of materials relied upon in forming the expert's opinion. The reports required by Sections

IV.B.b.21.1 and IV.B.b.21.2 may be combined in a single report by a single expert.

(3) A Rule 26(a)(2) expert report on the basis for liability, including in particular the basis for Altria's purported liability, and a complete set of records relied upon in forming the expert's opinion.

(4) A Rule 26(a)(2) expert report on the basis for any abatement claims made by the New Tribal Plaintiff, including a complete set of records relied upon in forming the expert's opinion.

(5) A Rule 26(a)(2) expert report describing all of the New Tribal Plaintiff's alleged damages, including a complete set of records relied upon in forming the expert's opinion.

22. The Court expects to set further deadlines for management of the case, including deadlines for additional case-specific discovery and dispositive motion practice regarding the New Tribal Plaintiff's claims.

## V.     Mediation

23. All Litigating Tribal and New Tribal Plaintiffs who have fulfilled the requirements set forth in Section IV must participate in mediation before the Parties' Settlement Master, Thomas Perrelli. The costs for the mediation will be split equally between the respective Plaintiff and Defense. Mediation must occur within ninety (90) days of the date that production and expert requirements have been fulfilled. Mediation will proceed in accordance with Northern District of California Alternative Dispute Resolution Rules 6-7 ("Written Mediation Statements"), 6-9 ("Contact with Mediator Before the Mediation"), 6-10 ("Attendance at Session"), 6-11 ("Procedure at Mediation"), 6-12 ("Confidentiality"), and 6-13 ("Follow Up"), and 6-14 ("Certification of Session"). All discovery not otherwise required by this Order is stayed until after the requirements outlined in this Section have been completed.

## VI. Compliance

### A. Deadline to Comply

24. For each Litigating Tribal Plaintiff, the items required by Sections IV.A and VIII shall be produced no later than one hundred and five (105) days after the date such Litigating Tribal Plaintiff elects not to settle his/her claims, except with regard to expert reports, no later than one hundred and thirty (130) days after the date such Litigating Tribal Plaintiff elects not to settle his/her claims.

25. For each New Tribal Plaintiff, the items required by Sections IV.B and VIII shall be produced no later than one hundred and five (105) days after the case is filed in or removed to this MDL, except with regard to expert reports, that deadline will be one hundred and thirty (130) days after the case is filed in or removed to this MDL.

### B. Failure to Comply

26. The Court has established the foregoing deadlines for the purpose of ensuring that pretrial litigation against Altria will progress as smoothly and efficiently as possible. Accordingly, the Court expects strict adherence to these deadlines. Should any Plaintiff fail to comply with the obligations of Sections III, IV, V, VI, VII, or VIII or should Altria deem the Litigating Tribal or New Tribal Plaintiff's compliance with this CMO deficient, Counsel for Altria shall notify the Court of the alleged deficiency, and the Court shall issue an "Order to Show Cause Why the Case Should Not Be Dismissed With Prejudice and/or Sanctions Ordered." Litigating Tribal or New Tribal Plaintiff's Counsel shall have twenty-one (21) days to respond to said Order to Show Cause, which includes the ability to cure the alleged discovery deficiency. There shall be no imposition of a sanction for any Litigating Tribal or New Tribal Plaintiff who cures a deficiency within twenty-one (21) days after entry of an Order to Show Cause. If the Litigating Tribal or New Tribal Plaintiff fails to show cause within twenty-one (21) days of entry of the Court's Order to Show Cause, the Court shall dismiss the Litigating Tribal or New Tribal Plaintiff's case with prejudice and may impose additional sanctions the Court deems appropriate. *See*, *e.g.*, *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014); *In re PPA*, 460 F.3d at 1232.

### VII. Certification for Cases Filed After the Claim Registration Deadline

27. For all cases filed in or removed to this MDL after the entry of this CMO, Counsel for Plaintiff must serve a Certification that: (1) attests that the New Tribal Plaintiff had not retained said Counsel as of the deadline set forth in the Tribal Settlement Agreement; (2) identifies the date on which Counsel was retained by the New Tribal Plaintiff; (3) identifies the date on which Counsel first communicated about potential claims against JLI or Altria with the New Tribal Plaintiff; and (4) certifies that Counsel did not intentionally delay being retained by New Tribal Plaintiff for any reason, including but not limited to attempting to avoid the claim registration deadline for the Tribal Settlement Program.

28. Counsel for Plaintiff must serve the Certification on Counsel for all Defendants, including Altria, within seven (7) days of receipt of notice of this Order. Service shall be made via email to Counsel for Altria at the following email address: JUULDiscovery@arnoldporter.com. Service shall be made via email to Counsel for Previously Settling Defendants at the following email address: JUUL_PlaintiffDiscovery@kirkland.com.

29. Any Counsel who fails to comply with the requirements of this Section shall be given notice of such failure by email and fax from Altria's Counsel and shall be provided ten (10) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from Counsel for Altria. No other extensions will be granted. If Counsel fails to cure the deficiency within the Cure Period, Altria may file a Motion to Show Cause why sanctions should not be imposed for failure to comply with this Order. Counsel shall thereupon have twenty (20) days to respond to the Motion and show good cause why sanctions should not be imposed.

### VIII. Case-Specific Discovery and Related Dispositive Motion Practice

30. If mediation as set forth in Section V is unsuccessful, the Plaintiff has complied with the requirements outlined above in Sections IV, VII, and VIII, and the Plaintiff has not previously participated in case-specific discovery, then the Parties, as applicable, shall submit a proposed Scheduling Order to the Court that: (a) grants the Parties one hundred eighty (180) days from the entry of the Scheduling Order to conduct discovery on case-specific issues ("Additional Discovery"); and (b) sets a briefing schedule that gives the Parties forty-five (45) days from the

close of Additional Discovery for the Parties to submit summary judgment motions and Daubert motions, twenty-eight (28) days for responses, and twenty-eight (28) days for replies.

31. During such Additional Discovery, the Parties are permitted to: (a) take the depositions of the Plaintiff and any other non-party lay fact witness specific to the Plaintiff for up to seven (7) hours each, with Counsel for Altria questioning first at each deposition; and (b) take the depositions of no more than five (5) employees, consultants, or agents of a Plaintiff, with Counsel for Altria questioning first at each deposition. In the case of complex medical situations, Altria may be permitted to take additional depositions upon a showing of good cause. No other depositions may be taken during the expedited discovery period absent prior leave of Court upon a showing of good cause.

32. Plaintiff shall not be permitted to take additional "generic" or "core" discovery without leave of Court. If a Plaintiff serves any written discovery upon Altria, the Parties shall meet and confer about whether that discovery is specific to the Plaintiff and reasonably necessary and, if so, meet and confer about an appropriate deadline for responding to such discovery, which shall be at least sixty (60) days after service of such discovery.

33. Based upon the outcome of any summary judgment motions, if appropriate, the Court will set a Case Management Conference to determine whether any non-duplicative discovery including additional expert disclosures are necessary and to discuss other case management issues, however the witnesses specific to the Plaintiff's claims already deposed shall not be re-deposed. The filing and briefing of summary judgment motions and *Daubert* motions after the Expedited Discovery ordered above shall not prejudice or otherwise foreclose the opportunity for any Party or other defendant to file later, non-duplicative summary judgment and *Daubert* motions after completing full fact and expert discovery. The Court's use of the term "non-duplicative" is intended to express the Court's intention not to permit later summary judgment motions concerning topics addressed in summary judgment motions filed at the conclusion of the expedited discovery period or *Daubert* motions concerning witnesses addressed in *Daubert* motions filed at the conclusion of the expedited discovery period.

34. The foregoing provisions do not preclude any Party or other defendant from filing non- duplicative dispositive motions, including motions related to personal jurisdiction.

**IX.     Penalties for Fraud and Deception.**

35. Any party and/or Counsel for that party who submits false or misleading information, or otherwise attempts to satisfy the documentation requirements of this Order through deception, dishonesty, or fraud, may be subject to appropriate sanctions, including monetary sanctions and costs, and dismissal with prejudice pursuant to Federal Rule of Civil Procedure 37. Plaintiffs who fail to fully comply with the requirements of this Order may be subject to sanctions and dismissal of their claims pursuant to Federal Rule of Civil Procedure 37.

SO ORDERED, on this 9th day of July, 2024.

By: _____
Hon. William H. Orrick
United States District Judge