UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 19-md-02913-WHO<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED AGENDA** |

Pursuant to Civil Local Rule 16-10(d), Plaintiffs' Co-Lead Counsel as well as counsel to the eleven personal injury plaintiffs who have elected to opt out from Plaintiffs' settlement with JLI and/or Altria ("PI opt-outs"), counsel to Defendant Juul Labs, Inc. ("JLI"), counsel to the JLI Settling Defendants[1], counsel to the independent retailer Defendants, and counsel to Defendants Altria Group, Inc., Philip Morris USA, Inc., Altria Client Services LLC, Altria Enterprises LLC, and Altria Group Distribution Company ("Altria"), (collectively referred to herein as the "Parties") respectfully provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for August 13, 2024.

I. **PARTICIPANT INFORMATION**

The August 13, 2024 CMC will proceed by Zoom. Anyone who wishes to attend the conference virtually may log in using the information available at: https://www.cand.uscourts.gov/judges/orrick-william-h-who/.

II. **ISSUES TO BE DISCUSSED AND PROPOSED AGENDA**

    1.    **Status of Case Filings and Dismissals**

    2.    **CMO 5 Amendment**

---

[1] Specifically the JLI Settling Defendants include: JUUL LABS, INC., previously d/b/a PAX LABS, INC. and PLOOM INC.; JAMES MONSEES; ADAM BOWEN; NICHOLAS PRITZKER; HOYOUNG HUH; RIAZ VALANI; MOTHER MURPHY'S LABS, INC.; ALTERNATIVE INGREDIENTS, INC.; TOBACCO TECHNOLOGY, INC.; eLIQUITECH, INC.; MCLANE COMPANY, INC.; EBY-BROWN COMPANY, LLC; CORE-MARK HOLDING COMPANY, INC.; CHEVRON CORPORATION; CIRCLE K STORES INC.; SPEEDWAY LLC; 7-ELEVEN, INC.; WALMART; WALGREENS BOOTS ALLIANCE, INC.

3. **Opt Out Plaintiffs**

4. **Tribal Cases**

III. **STATUS OF CASE FILINGS AND DISMISSALS**

    1. **JLI**

        a. **MDL**

As of August 7, 2024, JLI and JLI Settling Defendants have settled claims with 5,023[2] plaintiffs (3,499 personal injury plaintiffs, 1,492 government entities, and 32 tribes ("Settling Plaintiffs")) in this MDL. The settlement agreement requires Settling Plaintiffs to voluntarily dismiss their claims with prejudice against JLI and JLI Settling Defendants. Most Settling Plaintiffs have done so.

As of August 7, 2024, 15 minor Personal Injury Settling Plaintiffs have not dismissed their claims with prejudice and have deferred filing voluntary dismissals due to their minor status, which requires court approval of settlement amounts. A list of these plaintiffs is attached hereto as **Exhibit A.** These cases will be dismissed upon the completion of minor settlement processes, including approval of agreed-upon allocations by Hon. Gail A. Andler under Case Management Order No. 20.

In addition, 153 plaintiffs in this MDL have active cases against JLI and (in some cases) JLI Settling Defendants. Upon information and belief, these plaintiffs include:

- Eleven (11) Personal Injury Opt-Out Plaintiffs, discussed *infra*;
- Three (3) Tribal Plaintiffs that filed their claims after the settlement, discussed *infra*;
- Settling Plaintiffs who had duplicate actions, only one of which was properly dismissed;
- Former minor Settling Personal Injury Plaintiffs who have reached the age of majority and now must dismiss their claims with prejudice; and
- Settling Government Entity Plaintiffs that properly dismissed their cases in

---

[2] The numbers in this Statement reflect the Parties' good-faith estimates based on reasonably available information. The Parties will continue to work together to align their data and resolve any inconsistencies.

- 2 -

the JCCP but were removed by Altria to this MDL.

JLI will work with Plaintiffs' Leadership to ensure that actions still pending against JLI are dismissed with prejudice as appropriate under the settlement and this Court's Case Management Orders.

**b.     JCCP**

As of August 7, 2024, 28 cases are pending in the JCCP against JLI and some of the JLI Settling Defendants. This Court rejected Requests for Dismissal filed by 11 adult Personal Injury Settling Plaintiffs for filing errors; corrected Requests are now pending. One adult Personal Injury Settling Plaintiff has not filed a Request for Dismissal. This personal injury plaintiff is a former minor plaintiff who has reached the age of majority.  Six (6) minor Settling Personal Injury plaintiffs have deferred filing of Requests for Dismissal pending approval of agreed-upon allocations by Hon. Gail A. Andler under Case Management Order No. 18. Nine (9) Personal Injury Plaintiffs and one Government Entity Plaintiff[3] opted out of the settlement and continue to litigate their claims.

**2.     Altria**

As announced on May 10, 2023 during the *SFUSD* trial, Plaintiffs and Altria reached an agreement that created settlement programs to resolve the class, personal injury, and government entity cases as to Altria.

The Court granted final approval of the class settlement on March 14, 2024. ECF No. 4212. Altria funded the class settlement on May 13, 2024, and administration of the Altria class settlement is discussed further in Section V, *infra*.

Altria also funded the personal injury and government entity settlements on May 13, 2024. In connection with the implementation of the personal injury settlements, Case Management Order 18 ("CMO 18") requires participating personal injury plaintiffs to dismiss their claims within 15 days of Altria's payment of the personal injury settlement.  A number of participating personal injury plaintiffs participating in the settlement have dismissed their claims as required, and Altria

---

[3] JLI and the Government Entity Opt-Out, the City of Baltimore, *Mayor and City Council of Baltimore v. Juul Labs, Inc.*, 20STCV21633, have negotiated and executed a settlement agreement and dismissal of the City's claims is expected in the near term.

- 3 -

is working with Plaintiffs' Leadership regarding the dismissals of the outstanding participating personal injury plaintiffs' claims. The personal injury plaintiffs who have opted out of the personal injury settlement are discussed in Section IV, *infra*.

With respect to the government entity settlement, all of the eligible government entities are participating in the settlement. Altria filed a notice of claims ripe for dismissal with prejudice for all government entity cases on July 11, 2024. ECF No. 4277.

### IV. CMO 5 AMENDMENT

After the next time and expense report due to the Court is delivered (currently due September 15), Co-Lead Counsel anticipate moving the Court to amend CMO 5 to simplify time-and-expense reporting going forward. At this point, the common litigation has moved into a settlement implementation posture. As a result, the volume of common benefit work has been reduced, and is now primarily being conducted by the Co-Lead firms. At the same time, ongoing reporting to Verus and review by Judge Andler imposes significant costs. And, with the exception of common benefit fees and expenses anticipated from the tribal Altria settlement, the Court has fully allocated all common benefit fees and expenses, making ongoing time data of limited utility. For these reasons, Co-Lead Counsel anticipate moving to modify CMO 5 to eliminate ongoing time reporting obligations, and to require only that Held Costs be reported to Co-Lead Counsel for possible inclusion in future reimbursement requests.

### V. OPT OUT PLAINTIFFS

Eleven personal-injury plaintiffs in the MDL opted out from the settlement among JLI, the JLI Settling Defendants, and Plaintiffs and the settlement between Altria and Plaintiffs. Ten plaintiffs are represented by the Schlesinger firm (the "Schlesinger Opt-Outs") and one is represented by TorHoerman law—Jay Patel, *Jay Patel et al. v. Juul Labs, Inc. et al.*, 3:20-cv-06985.

#### 1. The Schlesinger Opt-Outs

The Additional Discovery period contemplated in Case Management Order Nos. 17 and 19 is underway and will proceed under the Scheduling Orders that this Court entered on July 16, 2024 (ECF No. 4278; *McKnight v. Juul Labs, Inc., et al.*, 3:20-cv-2600, ECF No. 45). With one exception, *see infra*, Plaintiffs filed amended, long form complaints as required by the Scheduling

1  Orders.

2    **a.** *NesSmith v. Juul Labs, Inc., et al.*

3  Plaintiff Ashlynn NesSmith recently passed away. Plaintiff's counsel has advised JLI that they are working on opening an estate for Ms. NesSmith and expect to file an amended, long form complaint within 90 days. JLI does not object to this course of action, but requests that the Additional Discovery and motion deadlines under this Court's July 16, 2024, Scheduling Order (ECF No. 4278) be moved 90 days to accommodate this extension.

    **b.** *McKnight v. Juul Labs, Inc., et al.*

In the Order on Discovery Dispute dated May 14, 2024 (ECF No. 37) (the "Discovery Order"), the Court ordered (1) Mr. McKnight to produce documents in response to Defendants' requests for production and (2) the Parties to promptly schedule and take a 3.5-hour discovery deposition of Mr. McKnight.

**Plaintiff's Position**

On June 11, Plaintiff's counsel provided Defendants with three dates of Walker McKnight's availability to take his discovery deposition, July 8-10. To accommodate Defendants' schedules, the McKnight deposition was then set for July 23. On July 17, however, the Schlesinger Firm notified Defendants that the deposition needed to be postponed. Of note, Mr. McKnight was hospitalized that week. Mr. McKnight has proposed rescheduling the deposition during the week of either September 9 or 16.

Mr. McKnight responded to Defendants' first set of requests for production of documents on June 18. Given the robust productions made pursuant to CMO 17, Mr. McKnight did not produce additional responsive documents. The Court's order on the Discovery Dispute provided that Mr. McKnight respond to three of the requests for production. The first request sought documents Mr. McKnight consulted to complete his fact sheets. Mr. McKnight told Defendants which set of medical records were consulted to answer the fact sheet questions. These documents had been produced pursuant to CMO 17. The second request involved documents consulted in completing an affidavit pursuant to CMO 19. Mr. McKnight responded by identifying a document that is protected by attorney-client privilege, and submitted a privilege log on same. The third

1  request sought documents reflecting the basis of allegations against Non-JLI defendants.  Mr. McKnight pointed Defendants to his fact sheet, general expert reports, case specific reports of Dr. Winickoff and Dr. Prochaska, and the general discovery taken to date.  Defendants served a deficiency letter on July 15.  On July 29, Mr. Haberman spoke with Mr. Danninger and told him that a response would be forthcoming.  Mr. McKnight's counsel will respond to the deficiency letter by August 8.

Defendants request modification of the Court's order to allow a seven-hour deposition of Mr. McKnight.  The Court should overrule that request.  The need to preserve Mr. McKnight's testimony has not abated.  Mr. McKnight is frequently hospitalized due his condition.  In fact, he was hospitalized the week the parties planned on taking his deposition. A three-and-a-half hour discovery deposition is sufficient for purposes of preparing for a trial preservation cross-examination.  Defendants point out that some time has passed from the Court's order on the issue.  But it must be mentioned that lag was due, in part, to accommodating Defendants' request to depose Mr. McKnight in the week of July 22.

**Defendants' Position**

This Court's May 14, 2024 Order required the parties to take Mr. McKnight's deposition promptly.  The Schlesinger Firm waited until June 11 to contact Defendants about the deposition and sought to schedule it for July.  One week later, the Schlesinger Firm notified Defendants that Mr. McKnight would produce no documents in response to Defendants' requests for production.  Defendants nonetheless agreed to schedule the deposition for July 23.  The Schlesinger Firm then cancelled the deposition on July 17.  *See* **Exhibit B.**  The Schlesinger Firm did not reschedule the deposition because of (or even mention) Mr. McKnight's hospitalization; it instead said it had "two trials" and "they're both interfering with this deposition."  *Id.*  Despite promising to "get [Defendants] dates in the near future to get [the deposition] done," the Schlesinger Firm did not seek to reschedule the deposition until the date of this filing – *after* it had received an earlier version of this position statement noting that the Schlesinger Firm had not tried to reschedule the deposition.  Likewise, JLI objected to Mr. McKnight's insufficient production by letter dated July 15, and the Schlesinger Firm still has not responded.  Its above commitment to respond to the letter on August

8 had not previously been communicated to Defendants.

Defendants respectfully request that this Court modify its May 2024 order to allow a seven-hour discovery deposition of Mr. McKnight because the Additional Discovery period has started and provides for depositions of that length. *See* CMO No. 17 ¶ 48 ("During such Additional Discovery, the Parties are permitted to: (a) take the depositions of the Plaintiff . . . for up to seven (7) hours each."). There is good cause for modification because, in May, there was no tension between the Court's order and CMO No. 17 because the Additional Discovery period had not started. The Schlesinger Firm's representations[4] also created an "expectation" that the deposition procedures set forth in the Court's order would "be conducted and concluded promptly" – i.e., before the start of Additional Discovery. *See* Dkt. 37 at 2. But despite Defendants' efforts, the deposition did not happen promptly. Defendants do not seek to modify other aspects of the Court's order and remain committed to preserving Mr. McKnight's testimony expeditiously after completion of the discovery deposition.

2. *Patel*

**JLI's Position**

Mr. Patel has not met his initial discovery obligations under CMO Nos. 17 and 19. JLI and counsel for Mr. Patel met and conferred in the fall regarding the deficiencies in Mr. Patel's initial productions, at which time JLI agreed to stay any further action and afford Mr. Patel time to remedy the deficiencies in his production and complete initial productions. Altria and counsel for Mr. Patel have also met and conferred concerning Mr. Patel's obligations under CMO No. 19. As of August 7, 2024, Mr. Patel still has not met certain discovery obligations, and the case remains stayed.

Mr. Patel has refused to produce mental health records and has refused to produce "[a] Rule 26(a)(2) expert report describing all of the Litigating Plaintiff's alleged damages" as required by CMO No. 17 Section IV(A)(b)(4) ("All Litigating Personal Injury Plaintiffs shall serve, within the timeframe provided in Section VI, expert reports in compliance with Federal Rule of Civil

---

[4] For example, the Schlesinger Firm said at a May 6 hearing that Mr. McKnight has "one foot on a banana peel and the other in the grave," and therefore the Firm "desperately need[ed] to preserve Mr. McKnight's testimony as soon as possible." Dkt. 4229 at 14:20-22, Transcript of Proceedings by Zoom Webinar, Case No. 19-md-02913-WHO (N.D. Cal. May 6, 2024).

Procedure 26 as follows: ... (4) A Rule 26(a)(2) expert report describing all of the Litigating Plaintiff's alleged damages[.]"); *see also* CMO No. 19 Section IV(A)(b)(4). The report Mr. Patel has produced opines nowhere on damages—i.e., the monetary amount he believes would adequately compensate Mr. Patel for his alleged injuries. The report, thus, does not satisfy CMO No. 17 and CMO No. 19's requirement that Mr. Patel produce an expert report regarding damages, and Mr. Patel remains noncompliant with CMO No. 17 and CMO No. 19. JLI has advised Mr. Patel that Defendants intend to file a Motion for an Order to Show Cause based on these remaining deficiencies and as contemplated by CMO Nos. 17 and 19.[5]

**Plaintiff's Position**

There is one outstanding medical record that plaintiff anticipates receiving sometime in the next 14 days. Once that is received, Plaintiff's position is that all obligations pursuant to CMO Nos. 17 and 19 will be complied with. There are at least two other discovery issues (defendants request for mental health records, and defendants request for a specific computation of non-economic damages) that will require court intervention. The parties have met and conferred on those two issues and Plaintiff's understanding is that the defendant(s) will file motions on those two issues as they see fit, once the final medical record request has been received.

## VI. CLASS SETTLEMENT ADMINISTRATION

On April 24, 2024, Class Counsel filed an update regarding the administration of the JLI and Altria Class Action Settlements, proposing Class Counsel's and the Settlement Administrator's plan regarding the identification and handling of fraudulent claims for the Court's approval. ECF No. 4218. Class Counsel also filed a motion to file under seal the accompanying declaration by the Settlement Administrator, detailing the analysis of fraudulent claims. ECF No. 4217. Class Counsel and a representative from Epiq will be prepared to discuss the proposed claims handling process, as well as administration expenses, at the Case Management Conference.

---

[5] Plaintiff indicates that JLI has agreed to brief the outstanding discovery issues upon production of the final requested medical record. JLI has not agreed to any such issue and maintains that, should Plaintiff fail to comply with his obligations by August 15, 2024, it will move for an order to show cause.

### VII. JLI TRIBAL CASES

Three tribal plaintiffs—the Choctaw Nation of Oklahoma, the Chickasaw Nation, and the Muscogee (Creek) Nation (the "JLI Litigating Tribes")—filed their claims after the tribal settlement cutoff date of October 21, 2022, as contemplated by the Case Management Order No. 16. Accordingly, the JLI Litigating Tribes are subject to the discovery and procedures contemplated by CMO No. 17.

The JLI Litigating Tribes have completed their initial productions as contemplated by CMO No. 17. On January 11, 2024, the JLI Litigating Tribes, JLI, and the JLI Settling Defendants participated in one single mediation conducted by Settlement Master Perrelli. Mediation has been recessed to allow JLI and the JLI Litigating Tribes to continue to exchange information and discuss possible resolution.

### VIII. ALTRIA TRIBAL CASES

The Tribal Leadership Steering Committee, in coordination with Plaintiffs' Lead Counsel ("PLC"), and Altria have entered into a settlement that the parties are in the process of implementing pursuant to Case Management Orders 22 and 23.

| | |
|---|---|
| Dated: August 7, 2024 | Respectfully submitted, |

By: /s/ *Timothy S. Danninger*
Timothy S. Danninger (*pro hac vice*)
**GUNSTER YOAKLEY & STEWART, P.A.**
1 Independent Drive, Suite 2300
Jacksonville, 32204
Telephone: (904) 354-1980

By: /s/ *Peter A. Farrell*
Peter A. Farrell (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5959

*Attorneys for Defendant Juul Labs, Inc.*

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson (pro hac vice)
Brian L. Stekloff (pro hac vice)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000

*Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Distribution Company, and Altria Enterprises LLC*

By: /s/ David E. Kouba
David E. Kouba, (*pro hac vice*)
**ARNOLD & PORTER KAY SCHOLER, LLP**
601 Massachusetts Ave, NW
Washington, DC 20001
Tel: (202) 942-5230
Fax: (202) 942-5999
david.kouba@arnoldporter.com

By: /s/ Lauren S. Wulfe
Lauren S. Wulfe, SBN 287592
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 S. Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4000
lauren.wulfe@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, and Altria Distribution Company*

By: /s/ Eugene Illovsky

---

By: /s/ *Sarah R. London*
Sarah R. London
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000

By: /s/ *Dena C. Sharp*
Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

By: /s/ *Dean Kawamoto*
Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone: (206) 623-1900

By: /s/ *Ellen Relkin*
Ellen Relkin
**WEITZ & LUXENBERG**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500

*Co-Lead Counsel for Plaintiffs*

By: /s/ Scott P. Schlesinger
Scott P. Schlesinger, (*pro hac vice*)
Jonathan R. Gdanski, (*pro hac vice*)
Jeffrey L. Haberman, (*pro hac vice*)
**SCHLESINGER LAW OFFICE, P.A.**
1212 SE Third Avenue
Fort Lauderdale, FL 33317
Tel: (954) 467-8800

By: /s/ *Steven D. Davis*
Steven D. Davis, SBN _____
Jacob W. Plattenberger, (*pro hac vice*)
**TORHOERMAN LAW LLC**
227 West Monroe, Suite 2650
Chicago, Illinois 60606
Tel: (312) 372-4800
Fax (618) 556-4401

*Attorneys for Plaintiff Patel*

By: /s/ *Mitchell B. Malachowski*

| | | |
|---|---|---|
| 1 | Eugene Illovsky<br>Matthew Dirkes | Mitchell B. Malachowski<br>James Sell |
| 2 | **ILLOVSKY GATES & CALIA LLP**<br>1611 Telegraph Ave., Suite 806 | **TYSON & MENDES LLP**<br>371 Bel Marin Keys Blvd., Suite 100 |
| 3 | Oakland, CA 94612<br>Telephone: (415) 500-6643 | Novato, CA 94949<br>Telephone: (628) 253-5070 |
| 4 | | |
| 5 | *Attorneys for Defendant Adam Bowen* | *Liaison Counsel for E-Liquid Defendants and Attorneys for Defendants Mother Murphy's Laboratories Inc. and Alternative Ingredients, Inc.* |
| 6 | By: */s/ Michael J. Guzman*<br>**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.** | |
| 7 | Mark C. Hansen<br>Michael J. Guzman | By: */s/ Robert Allen Scher* |
| 8 | David L. Schwarz<br>Sumner Square, 1615 M St., N.W., Suite 400 | Robert A. Scher (*pro hac vice*)<br>**FOLEY & LARDNER LLP** |
| 9 | Washington, DC 20036<br>Telephone: (202) 326-7910 | 90 Park Avenue<br>New York, NY 10016 |
| 10 | | Telephone: (212) 682-7474 |
| 11 | *Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh* | *Attorneys for Defendant eLiquitech, Inc., and Tobacco Technologies, Inc.* |
| 12 | By: */s/ James Kramer*<br>**ORRICK HERRINGTON & SUTCLIFFE LLP** | By: */s/ Charles C. Correll, Jr.*<br>Charles C. Correll, Jr. |
| 13 | | Matthew Blaschke |
| 14 | By: */s/* James Kramer<br>James Kramer | Bailey J. Langner<br>Alessandra M. Givens |
| 15 | Catherine Malone<br>Kevin Askew | **KING & SPALDING LLP**<br>50 California Street, Suite 3300 |
| 16 | **ORRICK HERRINGTON & SUTCLIFFE LLP** | San Francisco, CA 94111 |
| 17 | The Orrick Building<br>405 Howard Street | Telephone: (415) 318-1200<br>ccorrell@kslaw.com |
| 18 | San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700 | blangner@kslaw.com<br>agivens@kslaw.com |
| 19 | jkramer@orrick.com<br>cmalone@orrick.com | *Attorneys for Defendant Chevron Corporation* |
| 20 | kaskew@orrick.com | |
| 21 | *Attorneys for Defendant James Monsees* | By: */s/ Derek Angell*<br>Derek Angell (pro hac vice) |
| 22 | By: */s/ Marissa S. Ronk*<br>Michael L. O'Donnell (*pro hac vice*) | **O'CONNOR, HAFTEL & ANGELL, PLLC**<br>800 N. Magnolia Ave., Suite 1350 |
| 23 | Marissa S. Ronk (*pro hac vice*)<br>**WHEELER TRIGG O'DONNELL LLP** | Orlando, FL 32803<br>Telephone: (407) 843-2100 |
| 24 | 370 17th Street, Suite 4500<br>Denver, CO 80202 | *Attorneys for Mega Select, Inc. d/b/a The Hook Up* |
| 25 | Telephone: (303) 244-1800 | |
| 26 | *Attorneys for Defendant McLane Company, Inc.* | By: */s/ Jessica M. Kennedy*<br>Jessica M. Kennedy<br>Scott Richman |
| 27 | | **Mcdonald Toole Wiggins, P.A.**<br>111 N Magnolia Ave #1300, |
| 28 | | Orlando, FL 32801<br>Telephone: (407) 838-4053 |

1 | By: */s/ Christopher J. Esbrook*  
Christopher J. Esbrook  
2 | David F. Pustilnik  
**ESBROOK P.C.**  
3 | 321 N. Clark St., Suite 1930  
Chicago, IL 60654  
4 | Telephone: (312) 319-7680  

*Attorneys for XMMS LLC d/b/a Climax Smoke Shop or Climax*

*Attorneys for Defendants Eby-Brown Company, LLC, Core-Mark Holding Company, Inc., 7-Eleven, Inc., and Wawa, Inc*