UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

Case No. 19-md-02913-WHO

**ORDER RE OPT-OUT PLAINTIFFS' DISCOVERY DISPUTE**

Dkt. No.: 4290

Defendants and the opt-out plaintiffs represented by the Schlesinger Law Office dispute whether the opt-out plaintiffs must respond to written discovery served during the "Additional Discovery period" created by CMO No. 17. Dkt. No. 4290.

Although CMO No. 17 specifies certain categories of "case-specific" discovery that are expressly permitted or expressly foreclosed during the Additional Discovery period, CMO No. 17 did not expressly address written discovery served by defendants. That discovery is allowed during the Additional Discovery period as long as the discovery is narrowly tailored to case-specific issues and not duplicative of the plaintiff fact sheet and affidavit responses otherwise required under CMO No. 17.

The disputed discovery was not provided and I take no position on possible valid objections, but consistent with the preceding paragraph it should be responded to in a substantive manner. As the Additional Discovery period does not close until mid-December 2024, there is no need to extend the period at this point as long as opt-out plaintiffs provide *substantive* written responses to the discovery requests within fourteen (14) days of the date of this Order. Any objections should be asserted and are deemed preserved, but the responses to case specific discovery must be *substantive* and opt-out plaintiffs shall give the fullest answers possible. If plaintiffs do not provide substantive responses to the written discovery or if a further, good faith

1  dispute exists with respect to the pending discovery that interferes with plaintiffs' compliance, the
2  Additional Discovery period will be extended, which will delay getting these cases to trial.
3  **IT IS SO ORDERED.**
4  Dated: September 4, 2024



William H. Orrick
United States District Judge