UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Cases | Case No. 3:19-md-02913-WHO<br><br>**DECLARATION OF SARAH R. LONDON IN SUPPORT OF FEE COMMITTEE'S TRIBAL ALTRIA SETTLEMENT FEE AND EXPENSE RECOMMENDATIONS AND SECOND SUPPLEMENTAL EXPENSE RECOMMENDATIONS** |

I, Sarah R. London, declare and state as follows:

1. I am an attorney in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP. I serve as Co-Lead Counsel and Liaison Counsel in this litigation. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this declaration in support of the Fee Committee's Tribal Altria Settlement Fee and Expense Recommendations and Second Supplemental Expense Recommendations.

**The Tribal Plaintiffs' Settlement with the Altria Defendants**

3. The personal injury, government entity, and class settlements with the Altria Defendants reached during the *SFUSD* bellwether trial did not include the tribal Plaintiffs.

4. Those Plaintiffs continued litigating against Altria, including obtaining additional document productions from the defendants, completing fact document and deposition discovery for three bellwether plaintiffs, preparing bellwether expert reports, and defending expert depositions.

5. This work was undertaken by the Tribal Leadership Committee, consisting of Hobbs Straus, Lieff Cabraser, Frazer Law, and Sonosky Chambers.

6. Three of these firms – Hobbs, LCHB, and Frazer – also each contributed $250,000 to a tribal litigation fund to pursue the Altria-tribal cases without the need for any additional contribution from the rest of the PSC.

7. As a result of those efforts, the tribal Plaintiffs reached a settlement of all litigation tribal Plaintiff claims. That settlement is expected the generate, under CMO 5(A), maximum common benefit fees of $1,187,500 and common benefit costs up to $475,000 (with the final amounts subject to certain conditions).

8. The Tribal Leadership Committee recommended to the Court-appointed Fee Committee how to allocate the fees and expenses derived from the settlement, recommendations the Fee Committee accepted.

9. The Fee Committee communicated the recommendations to all affected firms and invited any firm with questions or concerns to discuss with the Committee.

10. One firm reached out with questions. The Tribal Leadership Committee, with approval of the Fee Committee, took account of those questions in crafting the final allocation.

11. The Fee Committee's recommendations concerning the fees and expenses attributable to the tribal Altria settlement appear in **Exhibit 1**.

**Second Supplemental Expense Recommendations**

12. Since the Court approved the Fee Committee's First Supplemental Expense Recommendations, firms have reported (and Judge Andler has approved) an additional $12,682.63 in held costs. The Fee Committee recommends approval of those costs for reimbursements. Those amounts, by firm, appear in **Exhibit 2**.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 27th day of September, 2024, in Newport Beach, California.

/s/ *Sarah R. London*
Sarah R. London