[Submitting counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>CLASS ACTIONS | CASE NO. 19-md-02913-WHO<br><br>**CLASS PLAINTIFFS' REQUEST FOR ORDER AUTHORIZING DISTRIBUTION OF JLI AND ALTRIA CLASS ACTION SETTLEMENT FUNDS**<br><br>HON. WILLIAM H. ORRICK III |

## I. INTRODUCTION

The Court previously granted final approval of the Class Action Settlements with JLI and Altria. Dkts. 4138, 4212. The combined claimant population was subject to a single review process, and valid claimants will receive a distribution representing their share of both Settlements. *See* Dkt. 4212 at 15. Approximately 14.4 million total claims on the Settlements were submitted, with a substantial number of those claims being duplicative or having indicia of fraud. Class Counsel and the Settlement Administrator, Epiq, submitted a plan to the Court regarding the handling of likely fraudulent claims and outlining a verification process, Dkt. 4218, which the Court approved, Dkt. 4236. Consistent with the Court's suggestion, Class Counsel is in contact with the U.S. Attorney's Office regarding the filing of fraudulent claims in this case.

Epiq has completed the verification process approved by the Court, and Class Plaintiffs now request an order authorizing distribution of the JLI and Altria Class Action Settlement funds. Class Counsel noted in a recent stipulation that they "anticipate[d] sending out a first distribution of payments to claimants no later than October 4, 2024," Dkt. 4317, but the filing of this request was slightly delayed to ensure the distribution calculations were accurate. Class Counsel will of course not authorize Epiq to disburse the funds until the Court has approved the distribution, and will work with Epiq to disburse funds expeditiously once they receive approval. Class Counsel also provides an update for the Court regarding settlement administration expenses.

## II. DISTRIBUTION OF CLASS SETTLEMENT FUNDS

After Epiq's review of likely fraudulent claims, implementation of the verification process approved by the Court, and conducting claims review procedures, there are 842,004 valid claimants set to receive distribution from the JLI and Altria Class Settlements. As described in the proposed plan outlining the verification process, 759,953 claims exhibiting No or Low Indicia of Fraud proceeded directly to eligibility review (in addition to 34,224 direct purchaser claims submitted via pre-populated postcard, which were not subject to the fraud analysis and also proceeded directly to eligibility review); 11,193,267 claims exhibiting High Indicia of Fraud were rejected without expending further class funds to send rejection notices; and 2,499,216 claims exhibiting Medium Indicia of Fraud underwent the verification process. *See* Dkt. 4218. 61,636 claimants successfully completed the verification

1

procedures or verified their claims by contacting Epiq and were advanced to eligibility review. In the eligibility review, Epiq reviewed the supporting documentation submitted by claimants, consolidated any duplicate valid claims submitted in both settlements, and contacted claimants to address any deficiencies in the claims. After eligibility review, there are 842,004 valid claims with no deficiencies (or deficiencies that were resolved).

The JLI Class Settlement was $255,000,000, and the Altria Class Settlement was $45,531,250. The Court approved attorneys' fees, expenses, and service awards from the Class Settlements, yielding a net settlement fund of $204,497,275 before interest. Dkts. 4179, 4238.[1] The Court also pre-approved settlement administration costs up to $6 million, with any further request by Class Counsel for payment of additional administration costs, if needed, to be supported by adequate documentation. Dkt. 4138 at 19; Dkt. 4212 at 16 (same). Epiq subsequently committed to completing the administration of the settlements with costs not to exceed $7,500,000. Dkt. 4218. To date, Class Counsel has authorized payments to Epiq totaling $5,492,473.91 for settlement administration costs.

After accruing interest and paying administration costs to date, the current balance of the net settlement fund is $204,600,095.47. From the net fund, Class Plaintiffs propose holding back the following amounts from distribution:

- $2,007,526.09 cost reserve for future settlement administration costs (accounting for maximum administration costs of $7.5 million, as described below);
- $335,000.00 reserve for tax obligations, on the recommendation of tax advisors[2];
- $390,000.00 class reserve, on the recommendation of Epiq, for contested claims.

Each of the amounts above represent a conservative approach to ensure the obligations of the Class fund can be met.

---

[1] From the JLI Class Settlement, the Court approved attorneys' fees of $76,500,000 plus a proportionate amount of accrued interest, expenses of $4,100,000, and service awards to each of the proposed Settlement Class Representatives totaling $774,600. Dkt. 4179. From the Altria Class Settlement, the Court approved attorneys' fees of $13,659,375 plus a proportionate amount of accrued interest, and expenses of $1,000,000. Dkt. 4238.

[2] Class Counsel has also authorized estimated tax payments from the interest earned on the Class Settlement funds while the claims review process was ongoing.

Class Plaintiffs request authorization for the distribution of payments for 842,004 valid claims totaling $201,867,569.38. Class Counsel and Epiq are conducting final quality control checks on the distribution calculations, but seek authorization now to minimize delay in getting funds sent out as quickly as possible once final review is completed. Subject to any final minor adjustments, the distributions will be as follows.[3] The largest payment is approximately $13,000, with an average payment of approximately $240 and median payment of approximately $155. Per the Plan of Allocation, the minimum payment to valid claimants is $15. Of the 842,004 valid claimants, 80,650 requested a paper check, with the rest requesting digital payment. 181,153 claimants had direct purchases from JLI, with 49,162 of those direct purchasers also claiming indirect purchases; 660,851 claimants claimed only indirect purchases. 56,183 valid claimants submitted supporting documentation for their indirect purchases.

## III. SETTLEMENT ADMINISTRATION EXPENSES

In April 2024, Epiq committed to limit its costs for settlement administration in this case to $7.5 million if the Court approved the proposed plan for handling the fraudulent claims. Dkt. 4218; 4218-1 ¶ 48. At that time, Epiq estimated its total costs to be between $7.21 million and $7.5 million. Dkt. 4218-1 ¶ 45. The cost estimates remain approximately the same, including (1) costs for the claims review process in September (which have not been included in the invoices paid to date), such as claims analysts' time; (2) distribution costs yet to be incurred, such as digital payment fees and printing and postage fees for paper checks; (3) contact center and analyst costs to address any contested claims; and (4) potential additional distribution costs, if a second distribution is appropriate. As noted above, Class Counsel to date has authorized payments totaling $5,492,473.91 for settlement administration costs for Epiq's invoices through August 2024.

Because invoiced costs have not yet exceeded the $6 million pre-approved by the Court, and to avoid delaying distribution of funds to class members, Class Counsel request that the Court approve the distribution described above, which holds back enough funds to pay Epiq up to $7.5 million in total for administration costs actually incurred, if needed. Class Counsel will submit actual invoices for costs in

---

[3] Class Counsel do not anticipate any material changes as a result of the final quality control checks, but will notify the Court in the unlikely event that there are any.

excess of $6 million to the Court for approval once they are received. Class Counsel will continue to work with Epiq to complete the administration of the Settlements in an efficient and cost-effective manner, and will, of course, only seek authorization for payment for costs that are actually incurred by Epiq and reasonably spent.[4]

### IV. CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court enter an order authorizing the distribution of the Net Settlement Fund. A proposed order is submitted with this request.

Dated: October 4, 2024                                     Respectfully submitted,

By: /s/ *Dena C. Sharp*

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

*Co-Lead Counsel and Settlement Class Counsel*

---

[4] If Epiq's total costs are less than $7.5 million, the Plan of Allocation addresses the distribution of unspent funds, which can be redistributed among Eligible Claimants, along with any other remaining funds, if feasible. *See* Dkt. 4082-3 (Plan of Allocation) at ¶ 4.1. If redistribution would be uneconomical, the Plan of Allocation allows for distribution of the remaining funds "to an appropriate recipient" with Court approval. *Id.* ¶ 4.2.

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

                                        /s/ *Dena C. Sharp*
                                        Dena C. Sharp

5

CLASS PLAINTIFFS' REQUEST FOR ORDER AUTHORIZING DISTRIBUTION OF JLI AND ALTRIA CLASS ACTION SETTLEMENT FUNDS
CASE NO. 19-md-02913-WHO