UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**In re: JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation**

Case No. 19-md-02913-WHO

**ORDER REGARDING OPT OUT DISCOVERY DISPUTES**

Re: Dkt. No. 4331

I have reviewed the most recent discovery dispute between the opt-out plaintiffs and defendants JUUL Labs, Inc., Huh, Pritzker and Valani.  Dkt. No. 4331.

**Document Production**.  Plaintiffs bear the responsibility of promptly producing medical records related to their alleged injuries from using JUUL products, including production of "recent" records.  Failure to do so may result in limitation of evidence or damages at trial. Counsel should be able to agree on reasonable intervals for supplemental discovery productions.

Documents should be produced sufficiently in advance of depositions, pursuant to reasonable agreement between counsel.  Failure to do so may result in the continuation of depositions, upon a showing of good cause/necessity, at the expense of the party whose conduct necessitated the continuation.

**Deposition Conduct**.  The particular plaintiff-counsel objections identified by defendants in Dkt. No. 4331 do not appear to be egregious or establish cause for continuation of depositions. All counsel are reminded not to engage in speaking objections or instruct witnesses not to answer on any grounds other than privilege.  Privilege objections should be based on good faith. Communications between a plaintiff and his or her parents (even if they are also plaintiffs) would not appear to be protected by attorney-client privilege.  If counsel need more guidance on this issue, or if there is a ripe dispute, the parties may submit a supplemental joint discovery dispute

1  with authority supporting their positions and I will make a formal ruling regarding specific topics
2  and assertions of privilege.
3  **Witness Sequestration**.  McKnight is allowed to confer with his parents (and vice versa)
4  despite a deposition being held over or continued.  But McKnight shall not be coached by counsel
5  and topics already covered in the deposition shall not be discussed between McKnight and his
6  counsel while McKnight's deposition is continuing.
7  **McKnight Deposition**.  Absent agreement between parties and counsel, McKnight's
8  continued deposition shall be held in person, with limited attendance, COVID testing, and
9  masking.
10  **IT IS SO ORDERED.**
11  Dated: November 4, 2024



William H. Orrick
United States District Judge

2