Lauren S. Wulfe (SBN 287592)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199
Lauren.Wulfe@arnoldporter.com

John C. Massaro (*pro hac vice*)
Jason A. Ross (*pro hac vice*)
David E. Kouba (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: (202) 942-5000
John.Massaro@arnoldporter.com
Jason.Ross@arnoldporter.com
David.Kouba@arnoldporter.com

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, AND ALTRIA ENTERPRISES LLC

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: JUUL LABS, INC., MARKETING SALES PRACTICE AND PRODUCTS LIABILITY LITIGATION**<br><br>*This Document Relates to All Plaintiffs Identified in Exhibit A-H* | 3:19-md-02913 (WHO)<br><br>Hon. William H. Orrick |

## SUPPLEMENTAL NOTICE OF CLAIMS RIPE FOR DISMISSAL WITH PREJUDICE

### OVERVIEW

Defendants Altria Group, Inc.; Philip Morris USA, Inc.; Altria Client Services LLC; Altria Group Distribution Company; and Altria Enterprises LLC (collectively, "Altria") submit this notice to (1) inform the Court of the status of the notices of dismissal the plaintiffs participating in the settlements with Altria are filing and to (2) update the Court on the status of the open cases remaining on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket as

identified in the list of open cases provided to Altria and Plaintiffs' Leadership by the Court on September 23, 2024.

For the reasons provided in this Supplemental Notice, Altria respectfully requests that the Court: (1) close the cases of the plaintiffs who have filed voluntary dismissals of their cases as identified in Exhibits A (Tribal Plaintiffs), B (Personal Injury Plaintiffs), and F (Government Entity Plaintiffs); (2) dismiss and close the cases of the plaintiffs identified in Exhibit C (Personal Injury Plaintiffs) and G (Government Entity Plaintiffs) because these plaintiffs have delivered releases, received their settlement payments, and their claims are ripe for dismissal; (3) dismiss and close the cases of the non-communicating personal injury plaintiffs identified in Exhibit E; (4) close *Walker et al. v. Juul Labs, Inc. et al.,* 3:20-cv-09176, which the Court has already dismissed with prejudice because the case involves a non-communicating personal injury plaintiff, *see* Dkt. 4274; (5) dismiss and close the cases of the plaintiffs who asserted Settlement Class Released Claims, which have already been dismissed by this Court, as identified in Exhibit H; and (6) close the cases of two personal injury plaintiffs identified on page 6 who, while not participating in the personal injury settlement, have filed voluntary dismissals of their cases.

Altria also respectfully requests this court transfer the three cases involving antitrust class action claims identified below to the antitrust litigation docket for *In re Juul Labs, Inc. Antitrust Litigation*, 20-cv-0234.

Finally, Altria has identified two sets of cases that are included in the list of open cases remaining on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket, but that do not involve claims against Altria. The first set consists of twelve personal injury plaintiffs cases that the Personal Injury Settlement Administrator has determined are ineligible to participate in the Altria personal injury settlement because these twelve cases do not raise claims against Altria. Altria respectfully requests that these cases, identified in Exhibit D, be dismissed and closed. The second set consists of an additional thirteen cases that do not raise claims against Altria; the Personal Injury Settlement Administrator did not attempt to contact plaintiffs' counsel in these cases, but Altria has verified that the complaints do not assert claims against Altria and nine of these

thirteen cases were voluntarily dismissed already in November 2023. Altria respectfully requests that these cases, listed on pages 6-7 of this notice, be closed as to Altria.

## CASES RESOLVED THROUGH SETTLEMENT IMPLEMENTATION

***Tribal Plaintiff Settlement Participants.*** On June 17, 2024, Altria and Plaintiffs' Tribal Subcommittee on behalf of certain federally recognized sovereign Settling Native American Tribal Plaintiffs entered into the Tribal Plaintiff Settlement Agreement. The Tribal Plaintiff Settlement Agreement provides, in relevant part, that in exchange for the benefits each settling tribal plaintiff is receiving through the settlement, each settling tribal plaintiff would (1) deliver an executed release of Altria and other released parties, as defined in the Tribal Plaintiff Settlement Agreement; and (2) within five business days of Altria's payment of the settlement amount to the Tribal Settlement Trust Account, dismiss their claims against Altria with prejudice. Altria paid the settlement amount on October 4, 2024. Accordingly, the time to dismiss with prejudice has ripened.

The 38 settling tribal plaintiffs identified in Exhibit A have filed notices of dismissal of their cases as required by the Tribal Plaintiff Settlement Agreement. All 38 of these settling tribal plaintiffs' cases are included in the list of open cases for the on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket and may now be dismissed and closed.

***Personal Injury Settlement Participants***. On July 26, 2023, Altria and Plaintiffs' Leadership entered into the Personal Injury Settlement Agreement. The Personal Injury Settlement Agreement provides, in relevant part, that in exchange for the benefits each settling personal injury plaintiff is receiving through the settlement, each settling personal injury plaintiff will (1) deliver to the personal injury settlement administrator a Settlement Program Eligible Plaintiff Participation Form, including an executed release of Altria and other released parties, as defined in the Settlement Agreement; and (2) within 15 days of Altria's payment of the settlement amount to the Personal Injury Qualified Settlement Account, dismiss their claims against Altria with prejudice. Altria paid the settlement amount on May 13, 2024. Accordingly, the time to dismiss with prejudice has ripened.

The personal injury plaintiffs identified in Exhibit B have filed notices of dismissal of their cases as required by the Personal Injury Settlement Agreement.[1]

As of the filing of this notice, the Personal Injury Plaintiffs in Exhibit C do not appear to have filed notices of dismissal of their cases as required by the Personal Injury Settlement Agreement but their counsel have represented to the Personal Injury Settlement Administrator that their cases have been dismissed, they have delivered releases of Altria, and they received their settlement payments, such that their claims are ripe for dismissal.

***Ineligible Personal Injury Plaintiffs.*** The Personal Injury Settlement Administrator determined the twelve personal injury plaintiffs in Exhibit D are ineligible to participate in the Altria Personal Injury Settlement, as the Personal Injury Settlement Administrator could not verify that these twelve personal injury plaintiffs sued Altria. For each of these twelve personal injury plaintiffs, the Personal Injury Settlement Administrator contacted the plaintiffs' counsel, provided an opportunity to request reconsideration and provide information showing the plaintiff had sued Altria, but received no response. Because plaintiffs in these case are not pursuing claims against Altria, Altria believes these cases may be closed with respect to Altria and does not currently intend to address these cases further.

***Non-Communicating Personal Injury Plaintiffs.*** Altria has identified one personal injury case on the list of open cases on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket, *Walker et al. v. Juul Labs, Inc. et al.,* 3:20-cv-09176, that was already dismissed with prejudice when this Court dismissed non-communicating personal injury plaintiffs on July 9, 2024. *See* Dkt. 4274. Altria respectfully requests that this case be closed.

Altria has identified two additional personal injury plaintiffs in Exhibit E who were non-communicating plaintiffs. These plaintiffs were included on counsel's CMO No. 18 certifications of eligible plaintiffs, received notice of the Settlement Agreement and CMO No. 18, and should have received Informed Consent Letters from their counsel. These plaintiffs, however, failed to submit documents required to enroll claims with the Personal Injury Settlement Administrator and repeatedly

---

[1] Two cases, *Nivens OBO D.N. v. Juul Labs, Inc. at al.*, 3:22-cv-07191, and *Mills obo A.R. v. Juul Labs, Inc. et al*, 3:22-cv-04259, involve plaintiffs who recently reached the age of majority, have delivered their releases to Altria, and have filed notices of dismissal.

failed to communicate regarding the settlement. For these reasons, Altria respectfully requests that the cases listed in Exhibit E be dismissed and closed.

***Government Entity Settlement Participants***. On July 26, 2023, Altria and Plaintiffs' Leadership entered into the Government Entity Settlement Agreement (the "GE Settlement Agreement"). The GE Settlement Agreement provides, in relevant part, that in exchange for the benefits each settling government plaintiff is receiving through the settlement, each settling government plaintiff would (1) deliver to the government entity settlement administrator an executed release of Altria and other released parties as defined in the Settlement Agreement, and (2) within 30 days of payment of the settlement amount, dismiss their claims against Altria with prejudice. Altria paid the settlement amount on May 13, 2024. Accordingly, the time to dismiss with prejudice has ripened.

The government entity plaintiffs identified in Exhibit F have filed notices of dismissal of their cases as required by the GE Settlement Agreement. These settling government entity cases are included in list of open cases for the on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket and may now be dismissed and closed.

As of the filing of this notice, the government entity plaintiffs listed in Exhibit G do not appear to have filed notices of dismissal of their cases as required by the GE Settlement Agreement, but they have delivered releases of Altria and they received their settlement payments, such that their claims are ripe for dismissal.

***Settlement Class Released Claims***. On March 14, 2024, this Court granted final approval of the Altria Settlement with Class Plaintiffs. *See* Dkt. 4212. In the Final Approval, this Court dismissed the Second Amended Consolidated Class Action Complaint and any other complaints in the litigation asserting Settlement Class Released Claims with prejudice and without costs. *Id.* ("The Settlement Class Released Claims of the Settlement Class are dismissed with prejudice and without costs. Accordingly, the Second Amended Consolidated Class Action Complaint and any other complaints in the litigation asserting Settlement Class Released Claims are hereby dismissed with prejudice and without costs.").

The cases identified in Exhibit H are included in list of open cases for the on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket, but because they assert Settlement Class Released Claims which have been dismissed by this Court, they may be dismissed and closed.

## ADDITIONAL OPEN CASES

***Personal Injury Cases Not Included in the Personal Injury Settlement.*** Altria has identified two personal injury cases listed as open on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket as of September 23, 2024 that did not participate in the personal injury settlement but that have since filed notices of dismissal:

1. *McCullough v. JUUL Labs Inc., et al.*, 3:19-cv-06921; and
2. *Emidy v. JUUL Labs Inc., et al.*, 3:19-cv-06905.

Altria respectfully requests that these cases now be closed.

***Open Cases Involving Antitrust Class Action Claims.*** Altria also has identified three open cases on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket that allege antitrust class action claims:

1. *Deadwyler v. Altria Group, Inc. et al.*, 3:20-cv-02729;
2. *Walsh, et al. v. Altria Group Inc. et al.*, 3:20-cv-03183; and
3. *McGee v. Juul Labs Inc. et al.*, 3:20-cv-04413.

Because these cases allege antitrust class action claims, these cases appear to belong on the docket for *In re Juul Labs, Inc. Antitrust Litigation*, 20-cv-02345, and Altria respectfully requests that these cases be transferred to the antitrust litigation docket.

***Other Open Cases Not Involving Altria.*** In reviewing the list of open cases currently on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket, Altria has identified thirteen open cases that were not contacted by the Personal Injury Settlement Administrator, do not name Altria as a party in either the caption or in the body of the complaint, and do not include allegations against Altria in the complaint:

1. *Boyd v. JUUL Labs, Inc*, 3:19-cv-06914;
2. *McFaull v. JUUL Labs, Inc. et al.*, 3:19-cv-06923;

3.  *Jenus v. JUUL Labs, Inc. et al.*, 3:19-cv-07319*;
4.  *Maan v. Juul Labs, Inc. et al.*, 3:20-cv-03609;
5.  *Johnson, obo M.J. v. JUUL Labs, Inc. et al.*, 3:21-cv-05383*;
6.  *Mosier v. JUUL Labs, Inc. et al.*, 3:21-cv-05452*;
7.  *Fleenor v. JUUL Labs, Inc. et al.*, 3:21-cv-06043*;
8.  *Laliberty v. JUUL Labs, Inc. et al.*, 3:21-cv-07320*;
9.  *Nix v. Juul Labs, Inc. et al.*, 3:21-cv-07673*;
10. *Digraci v. JUUL Labs, Inc.*, 3:22-cv-00364*;
11. *Soulas v. JUUL Labs, Inc. et al.* 3:20-cv-01615*;
12. *Wall v. JUUL Labs, Inc.*, 3:22-cv-00771*; and
13. *Ali v. 7-Eleven, Inc.*, 3:22-cv-03240.

In nine of these cases, denoted with an asterisk, plaintiffs already filed notices of dismissal with prejudice in November 2023 in connection with settlement agreement between JUUL Labs, Inc. and Plaintiffs' Leadership. Altria respectfully requests that these nine cases be closed.

Because Altria is not a party in the remaining four cases—*Boyd*, *McFaull*, *Maan*, and *Ali*—Altria does not currently intend to address the four open cases further. Altria's counsel is available to assist should there be any steps Altria's counsel may take to assist the Court or the other parties.

\*   \*   \*

To summarize the foregoing, Exhibit I provides the status of all the cases that were included on the September 23, 2024 list of open cases. After accounting for the cases addressed in this supplemental notice, and excluding the twelve personal injury opt-out cases and cases involving minor plaintiffs subject to the separate minor's compromise process,[2] there are sixteen open cases remaining on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation*

---

[2] There are four cases involving minor plaintiffs listed on the court's list of open cases on the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket as of September 23, 2024. Altria understands that all of these cases involve minor plaintiffs who are participating in the personal injury settlement. Two cases involve minor plaintiffs who will reach the age of majority by June 2025, and Altria understands that these plaintiffs currently plan on filing voluntarily dismissing their cases around the time they reach the age of majority. Altria further understands that the remaining two cases will proceed through the minor's compromise process, which is expected to continue beyond June 2025.

docket in which Altria is named as a party. Altria and Plaintiffs' Leadership are working collaboratively to address these remaining cases. Altria is also conducting a review of its records and will advise the Court if it becomes aware of any other cases related to the *In re: JUUL Labs, Inc., Marketing Sales Practice and Products Liability Litigation* docket that have not been resolved.

**RELIEF REQUESTED**

Altria respectfully requests that the Court: (1) close the cases of the plaintiffs who have filed voluntary dismissals of their cases as identified in Exhibits A (Tribal Plaintiffs), B (Personal Injury Plaintiffs), and F (Government Entity Plaintiffs); (2) dismiss and close the cases of the plaintiffs identified in Exhibit C (Personal Injury Plaintiffs) and G (Government Entity Plaintiffs) because these plaintiffs have delivered releases, received their settlement payments, and their claims are ripe for dismissal; (3) dismiss and close the cases of the non-communicating personal injury plaintiffs identified in Exhibit E; (4) close *Walker et al. v. Juul Labs, Inc. et al.,* 3:20-cv-09176, which the Court has already dismissed with prejudice because this case involves a non-communicating personal injury plaintiff, *see* Dkt. 4274; (5) dismiss and close the cases of the plaintiffs who asserted Settlement Class Released Claims, which have already been dismissed by this Court, as identified in Exhibit H; and (6) close the cases of the non-settlement personal injury plaintiffs who have filed voluntary dismissals of their cases as identified on pg. 6.

Altria also respectfully requests this court transfer the three cases involving antitrust class action claims identified below to the antitrust litigation docket for *In re Juul Labs, Inc. Antitrust Litigation*, 20-cv-0234.

Finally, Altria respectfully requests that (1) the cases ineligible to participate in the Altria personal injury settlement because they do not allege claims against Altria identified in Exhibit D be dismissed and closed, and (2) the additional thirteen cases that do not allege claims against Altria listed on pages 6-7, including nine cases that were already dismissed in November 2023, be closed with respect to Altria.

Dated: November 27, 2024

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ David E. Kouba*
John C. Massaro (*admitted pro hac vice*)
Daphne O'Connor (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
Angela R. Vicari (*admitted pro hac vice*)
Lauren S. Wulfe (SBN 287592)

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, AND ALTRIA ENTERPRISES LLC

**CERTIFICATE OF SERVICE**

I, David E. Kouba, hereby certify that on the 27th of November, 2024, I caused to be electronically filed the foregoing **ALTRIA'S SUPPLEMENTAL NOTICE OF CLAIMS RIPE FOR DISMISSAL WITH PREJUDICE** with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to all counsel of record.

By: */s/ David E. Kouba*

John C. Massaro (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
David.Kouba@arnoldporter.com