UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.D., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JUUL LABS, INC., et al.,<br><br>    Defendants. | Case No. 19-md-02913-WHO<br><br>**ORDER REGARDING DISCOVERY DISPUTE OVER THIRD-PARTY DOCUMENT SUBPOENAS**<br><br>Re: Dkt. No. 4353 |

The opt-out plaintiffs object to third-party document request subpoenas issued to family and friends of the opt-out personal injury plaintiffs. They object based on:

1. Violation of CMO No. 17, which opt-out plaintiffs believe did not contemplate written discovery served on third parties;

2. Insufficient notice (as plaintiff was not informed of some or all of the subpoenas until almost two weeks after they were served); and

3. Overbreadth, in terms of: (A) the scope of requests, *e.g.*, they are not limited by time or by connection to plaintiff's use of JUUL, and they imposed significant and unnecessary burdens on these third parties; (B) subject matters that violate the third parties' privacy interests, *i.e.*, the requests seek documents about the third parties' and other non-plaintiffs' procurement of illegal drugs; and (C) the document requests are duplicative of those served on plaintiffs.

Defendants respond that these subpoenas fall within my prior ruling clarifying that under CMO No. 17 "narrowly tailored and case specific" written discovery was allowed during the Additional Discovery period, *See* Dkt. No. 4291. They also assert plaintiffs' lack standing to object to the written discovery served to witnesses plaintiffs identified and the inadvertent failure to provide plaintiffs notice with some of the subpoenas does not justify quashing them.

I rule as follows:

The subpoenas are QUASHED. The subpoenas apparently seek production of a significant amounts of documents from these non-parties – who have been deposed or will be deposed – without adequate justification for the burdens imposed and in light of the obvious privacy interests at stake.[1]

I agree with defendants that CMO No. 17 did not limit written discovery to the parties, but I was clear that written discovery must be "narrowly tailored" to case specific needs. That does not appear to be what defendants attempted through their subpoenas.[2]

The subpoena topics, as represented,[3] are overbroad. Seeking documents regarding a third-party's use or procurement of illegal drugs is, on its face, too invasive of that third-party's privacy interests. These wholesale requests also impose an undue burden on the third parties that defendants have not shown is justified. Absent a showing that specific written discovery from an identified third party is critical to a particular defense or necessary for impeachment of potential trial witnesses, document production on these broad topics by third parties is not warranted.

If after the depositions of the third parties, defendants identify crucially significant discrepancies between a plaintiff's document production/testimony and the third parties'

---

[1] While defendants complain that plaintiffs lack standing to object to deposition subpoenas served on witnesses plaintiffs have identified, as defense counsel know very well, the type and amount of discovery allowed from third parties during the pendency of this MDL was limited and closely controlled by Judge Corley. As one example, Judge Corley allowed limited depositions of third-party witnesses on subjects that were directly relevant to the named class representative plaintiffs' claimed injuries, but generally forbade questions regarding the third-parties' JUUL or drug use, and quashed the document subpoenas to third-parties. *See, e.g.,* Dkt. No. 2011 (transcript of June 16, 2021 discovery conference).

[2] The parties have not informed me of how many of these subpoenas were issued, to whom, and whether the questions were identical or were narrowly tailored to specific third parties based on case specific needs. Defendants assert they broadly seek information from these friends and family members about "Plaintiffs' nicotine and tobacco use, Plaintiffs' medical diagnoses and treatments, and Plaintiffs' drug use." Dkt. No. 4353. Those topics are facially overbroad. Defendants can, for example, seek medical treatment information from treatment providers given the signed releases plaintiffs have provided.

[3] *E.g.*, Request No. 10 (seeking documents concerning the third party's use or procurement of illegal drugs), Request No. 16 (seeking documents concerning procurement of illegal drugs by any person living with the third party).

2

testimony, defendants and plaintiffs should meet and confer regarding the reasonable scope of a follow up document subpoena to the deposed third party. If the parties cannot agree, the dispute should be submitted to me with a five page brief supported by deposition excepts and the proposed subpoenas and I will rule on the disputes promptly.

**IT IS SO ORDERED.**

Dated: December 17, 2024

William H. Orrick
United States District Judge