Lauren S. Wulfe (SBN 287592)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199
Lauren.Wulfe@arnoldporter.com

John C. Massaro (*pro hac vice*)
Jason A. Ross (*pro hac vice*)
David E. Kouba (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: (202) 942-5000
John.Massaro@arnoldporter.com
Jason.Ross@arnoldporter.com
David.Kouba@arnoldporter.com

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, AND ALTRIA ENTERPRISES LLC

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICE AND PRODUCTS LIABILITY LITIGATION<br><br>*This Document Relates to All Plaintiffs Identified in Exhibit A* | 3:19-md-02913 (WHO)<br><br>Hon. William H. Orrick |

**SUPPLEMENTAL NOTICE PROVIDING RESPONSE TO ORDER REGARDING CLAIMS RIPE FOR DISMISSAL AGAINST ALTRIA, DKT. 4342**

Defendants Altria Group, Inc.; Philip Morris USA, Inc.; Altria Client Services LLC; Altria Group Distribution Company; and Altria Enterprises LLC (collectively, "Altria") respectfully submit this response to the Court's December 9, 2024 Order Regarding Claims Ripe For Dismissal Against Altria, Dkt. 4342 (the "Order").

As explained in the accompanying declaration of Morgan M. Meador from BrownGreer, the Personal Injury Settlement Administrator for the Altria personal injury settlement ("Settlement Administrator"), the Settlement Administrator used as its starting point (a) information provided by

Plaintiffs' Leadership, working with Altria's counsel, regarding the cases filed against Altria, and (b) information already available to the Personal Injury Settlement Administrator from its administration of the JLI personal injury settlement. *See* Declaration of Morgan M. Meador at ¶¶ 4-7 ("Meador Decl."), attached as Exhibit B. If a plaintiff participated in the JLI Personal Injury Settlement but did not appear in the list of cases naming Altria as a defendant, the Settlement Administrator did not verify that plaintiff as having sued Altria. In addition, if there were discrepancies between the list the cases brought against Altria and the information in the Settlement Administrator's records, the Settlement Administrator did not verify that plaintiff as having sued Altria. Of the twelve cases subject to this Court's December 9, 2024 Order, three participated in the JLI Personal Injury Settlement but did not appear in the list of cases naming Altria as a defendant, and the remaining nine had discrepancies between the information provided in the list of cases and the information in the Settlement Administrator's records. *Id.* at ¶¶ 9-14.

Once the Settlement Administrator identified these twelve cases, it contacted the plaintiffs' counsel representing the twelve plaintiffs between October 12-13, 2023 and provided (1) a list of plaintiffs confirmed to have named Altria as a defendant, and (2) a list of plaintiffs who had not been verified as naming Altria as a defendant. Meador Decl. at ¶ 15-19. For the plaintiffs on the second list, the Settlement Administrator set a deadline of October 31, 2023 for plaintiffs' counsel to provide proof that their clients had, in fact, sued Altria. *Id.* at ¶ 20. Two of the firms representing plaintiffs responded to the Settlement Administrator, and their responses provided information showing that the two clients they represented subject to the Order were not suing Altria. *Id.* at ¶ 21-22.

The Pulaski Law Firm, which represents the remaining ten ineligible cases identified in the Order, did not respond to the Settlement Administrator's October outreach. Meador Decl. at ¶¶ 19-20, 23. The Settlement Administrator contacted the Pulaski Law Firm for a second time, on November 1, 2023, and against received no response. *Id.* at ¶ 24. Finally, the Settlement Administrator issued an Altria Notice of Ineligibility to the Pulaski Law Firm on December 21, 2023, identifying each of the claimants without verified claims against Altria. *Id.* at ¶ 25. The Settlement Administrator advised that the Pulaski Law Firm had a 10-day deadline to seek reconsideration and provide proof their cases named Altria as a defendant or those claimants would be ineligible to

participate in the Altria settlement. *Id.* The Settlement Administrator did not receive any response to these notices. *Id.* at ¶ 26.

On January 4, 2024, the Settlement Administrator determined that these twelve cases were ineligible. Meador Decl. at ¶ 28.

\*   \*   \*

Altria respectfully submits that, in light of the Settlement Administrator's efforts to contact the twelve plaintiffs through their counsel, each of the twelve cases identified in the Order should be dismissed with prejudiced.

*First*, counsel for Arman Rodriguez, 3:19-cv-06902, confirmed that it was not filing a claim against Altria. *See* Meador Decl. at ¶ 22.

*Second*, counsel for Allene White obo E.W., 3:21-cv-04180, identified for the Settlement Administrator the twenty-six cases for which it was bringing claims against Altria, and Allene White's case was not among them. *See* Meador Decl. at ¶ 21.

*Third*, with respect to the remaining ten cases, the Settlement Administrator provided plaintiffs' counsel with three separate opportunities to demonstrate that any of those ten cases involved claims against Altria. Plaintiffs' counsel never responded. In this regard, the Settlement Administrator provided notice and an opportunity for reconsideration comparable to the process used for identifying non-communicating plaintiffs, including a 10-day period for seeking reconsideration. *See* Meador Decl. at ¶ 27; Order Granting Altria's Motion to Dismiss With Prejudice Non-Communicating Plaintiffs' Claims, Dkt. 4274.

Altria also notes the plaintiffs in these ten cases had the opportunity to opt-out of the personal injury settlement had they been interested in doing so. The Court ordered any plaintiff choosing to opt out to do so by January 2, 2024. Case Management Order No. 18 ("CMO 18") at Sec. VII, Dkt. 4111. None of these plaintiff did so, nor have they complied with any deadlines or discovery obligations set forth in Case Management Order No. 19 ("CMO 19") for plaintiffs litigating claims against Altria. CMO 19 at ¶¶ 35-37, Dkt. 4112. In CMO 19, the Court ordered that those additional deadlines and discovery obligations were to be "strictly adhered to" and that plaintiffs who failed to comply with those deadlines and obligations without cause could have their cases dismissed. *Id.* at

¶ 37. These ten plaintiffs did not meet the deadlines or satisfy the discovery obligations for opt-out plaintiffs under CMO 18 or 19, either.

Dated: December 19, 2024

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ David E. Kouba*
John C. Massaro (*admitted pro hac vice*)
Daphne O'Connor (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
Angela R. Vicari (*admitted pro hac vice*)
Lauren S. Wulfe (SBN 287592)

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, AND ALTRIA ENTERPRISES LLC

# CERTIFICATE OF SERVICE

I, David E. Kouba, hereby certify that on the 19th of December, 2024, I caused to be electronically filed the foregoing **ALTRIA'S SUPPLEMENTAL NOTICE IN RESPONSE TO ORDER REGARDING CLAIMS RIPE FOR DISMISSAL AGAINST ALTRIA, DKT. 4342** with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to all counsel of record.

By: */s/ David E. Kouba*

John C. Massaro (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
David.Kouba@arnoldporter.com