# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*All Plaintiffs Identified in Exhibit A* | Case No.:19-MD-02913-WHO<br><br>Hon. William H. Orrick |

**DECLARATION OF MORGAN M. MEADOR**

1. I, Morgan M. Meador, am over eighteen years of age and am competent to testify to the facts stated herein. I am a Partner at BrownGreer PLC, located at 250 Rocketts Way, Richmond, Virginia 23231 ("BrownGreer"). Unless otherwise noted, the matters set forth in this Declaration are based upon my personal knowledge, information received from the parties in this proceeding (the "Parties"), and information provided by my colleagues at BrownGreer.

2. I provide this information in response to the Court's December 9, 2024 Order Regarding Claims Ripe For Dismissal Against Altria, Dkt. 4342.

3. By way of background, on July 26, 2023, Altria Group, Inc., Philip Morris USA, Inc., Altria Client Services LLC, Altria Enterprises, LLC, and Altria Group Distribution Company (collectively "Altria"); and Plaintiffs' Leadership in MDL No. 2913 and JCCP No. 5052 on behalf of all Personal Injury Plaintiffs, (together, the "Parties") entered into a Settlement Agreement to establish a program to resolve the actions, disputes and claims that the settling Personal Injury Plaintiffs and their counsel have or could have asserted against Altria and any other Released Party in respect of the Released Claims and Liabilities. Section 1.33 of the Settlement Agreement named BrownGreer as Personal Injury Settlement Administrator ("Settlement Administrator").

**Steps BrownGreer Took To Attempt To Verify That
Altria Was Not "Intended" To Be Sued**

4. To identify the universe of potential personal injury claimants eligible to participate in the Altria personal injury settlement, BrownGreer requested information regarding the cases brought against Altria from Plaintiffs' Leadership. Plaintiffs' Leadership, working with Altria's counsel, provided an Excel file containing two tabs of information: the first listing 3,403 personal injury cases that were initiated by short-form complaints, and the second listing 941 personal injury cases that were initiated by other complaints. BrownGreer understands that this Excel file contained the information that Altria's counsel had based on its tracking of the personal injury complaints filed against Altria.

5. BrownGreer then performed a comparison of the cases listed on the Excel spreadsheet against the population of claimants who participated in the JLI Personal Injury Settlement, which allowed BrownGreer to identify matches with the plaintiffs whose data was already available to BrownGreer based on our administration of the JLI Personal Injury Settlement.

6. For the personal injury cases initiated by short-form complaints, BrownGreer matched by Plaintiff name and/or case number. For the personal injury cases initiated by other complaints, BrownGreer matched by case numbers only; BrownGreer was unable to match by Plaintiff name because cases initiated by these complaints could have involved multiple plaintiffs.

7. Through this process, BrownGreer was able to verify the vast majority of cases involving plaintiffs who had sued Altria. To the extent this process could not verify that Altria was named as a defendant, as discussed next, BrownGreer proceeded to conduct additional diligence.

## How BrownGreer Reached Its Determinations

8. BrownGreer identified the 12 plaintiffs who are subject to the Court's December 9, 2024 Order as ineligible to participate in the Altria personal injury settlement. These 12 plaintiffs fall into one of three categories.

9. If a plaintiff participated in the JLI Personal Injury Settlement but did not appear on the list of cases naming Altria as a defendant that was provided to BrownGreer, the comparison process described in paragraphs 4-7 did not identify that plaintiff as having sued Altria.

10. Of the 12 plaintiffs who are subject to this Court's December 9, 2024 Order, the following three did not appear on the list of cases naming Altria as a defendant that BrownGreer received: (a) Emanual Blalock, 3:22-cv-08679; (b) Michelle Hilliard, 3:22-cv-08668; and (c) Donte Williams, 3:21-cv-08997.

11. Moreover, if there were discrepancies between the plaintiff's name and case number provided in the list of cases initiated by short-form complaint and the plaintiff's name and case number in BrownGreer's records, BrownGreer did not identify that plaintiff as having sued Altria.

12. Of the 12 plaintiffs who are subject to this Court's December 9, 2024 Order, the following six had discrepancies between the plaintiff's name and case number provided in the list of cases initiated by short-form complaint and the plaintiff's name and case number in BrownGreer's

records: (a) Melissa Bradley, 3:22-cv-01327; (b) Ambriel Butler, 3:22-cv-01463; (c) Erica Oxley, 3:21-cv-05680; (d) Abderrahim Rogadi, 3:21-cv-06241; (e) Ronnie Trussell, 3:22-cv-00203; and (f) Allene White obo E.W., 3:21-cv-04180.

13. Lastly, if there was a discrepancy between the case number provided in the list of non-short-form complaints and the case number in BrownGreer's records, BrownGreer did not identify that plaintiff as having sued Altria.

14. Of the 12 plaintiffs who are subject to this Court's December 9, 2024 Order, the remaining three had a discrepancy between the case number provided in the list from Plaintiffs' Leadership and the case number in our records: (a) Hannah Streitmann, 3:20-cv-07880; (b) Patrick Edge, 3:20-cv-07877; and (c) Arman Rodriguez, 3:19-cv-06902.

**When BrownGreer Communicated Its Determinations To These Plaintiffs**

15. In October 2023, after completing the process described in the preceding sections, BrownGreer individually notified Plaintiffs' counsel by email with information about the settlement program and provided a list of plaintiffs who: (a) were confirmed to have named Altria as a defendant in a filed lawsuit; and (b) did not name Altria as a defendant based on data available to the Settlement Administrator. Each of the 12 plaintiffs who are subject to this Court's December 9, 2024 Order were identified to their counsel as a plaintiff who did not name Altria as a defendant.

16. The 12 plaintiffs who are subject to this Court's December 9, 2024 Order were represented by three law firms: Wagstaff & Cartmell, Romanucci & Blandin, and Pulaski Law Firm.

17. On October 12, 2023, BrownGreer sent Wagstaff & Cartmell a list of 98 claimants with cases against Altria, and 30 claimants without cases against Altria, including Allene White obo E.W., 3:21-cv-04180.

18. On October 13, 2023, BrownGreer sent Romanucci & Blandin a list of seven claimants with cases against Altria and one claimant without a case against Altria, Arman Rodriguez, 3:19-cv-06902.

19. On October 13, 2023, BrownGreer sent Pulaski Law Firm a list of 537 claimants with cases against Altria, and 67 claimants without cases against Altria, including the remaining 10 plaintiffs who are subject to this Court's December 9, 2024 Order.

**How Long Plaintiffs Had To Respond or Seek Reconsideration**

20.  BrownGreer set a deadline of October 31, 2023, for plaintiffs' counsel to provide proof that their clients had, in fact, sued Altria.

21.  On October 15, 2023, Wagstaff & Cartmell provided a list of 26 claimants who had sued Altria and provided supporting proof. This list did <u>not</u> include Allene White obo E.W., 3:21-cv-04180. The 26 claimants identified by Wagstaff & Cartmell were then processed under the Altria Personal Injury Settlement.

22.  On November 1, 2023, Romanucci & Blandin confirmed that Arman Rodriguez, 3:19-cv-06902, did <u>not</u> file claims against Altria.

23.  Pulaski Law Firm did not respond by October 31, 2023.

24.  On November 1, 2023, BrownGreer followed up with Pulaski Law Firm. It did not respond again.

25.  On December 21, 2023, BrownGreer issued an Altria Notice of Ineligibility to the Pulaski Law Firm again identifying the 10 claimants the Pulaski Law Firm represented as not having verified claims against Altria.[1] Those notices contained a 10-day reconsideration period to provide proof of naming Altria as a defendant before making those claimants ineligible.

26.  BrownGreer did not receive any responses to these notices within the 10-day reconsideration period or otherwise.

27.  The 10-day reconsideration period offered to claimants who did not prove they sued Altria is the same as the 10-day reconsideration deadline contained in the Failure to Comply Notice the Settlement Administrator sent to Eligible Plaintiffs who failed to comply with Section 9.1 of the Settlement Agreement, including Eligible Plaintiffs identified to the Settlement Administrator by Plaintiffs' Counsel as Non-Communicating Plaintiffs subject to dismissal of their Claims with prejudice under Section 9.3 of the Settlement Agreement.

---

[1] BrownGreer sent the same Notice to Wagstaff & Cartmell and Romanucci & Blandin for the other two plaintiffs subject to this Court's December 9, 2024 Order, as well as other law firms representing plaintiffs who had not proven they named Altria as a defendant.

28. On January 3, 2024, BrownGreer concluded that the 12 claimants subject to this Court's December 9, 2024 Order were ineligible to participate in the Altria personal injury settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 18, 2024, in Richmond, VA.

Morgan M. Meador

DECLARATION OF MORGAN M. MEADOR