UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 19-md-02913-WHO<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED AGENDA** |

Pursuant to Civil Local Rule 16-10(d), Plaintiffs' Co-Lead Counsel as well as counsel to the eleven personal injury plaintiffs who did not accept Plaintiffs' settlement with JLI and/or Altria ("litigating plaintiffs"), counsel to Defendant Juul Labs, Inc. ("JLI"), counsel to the JLI Settling Defendants[1], counsel to the independent retailer Defendants, and counsel to Defendants Altria Group, Inc., Philip Morris USA, Inc., Altria Client Services LLC, Altria Enterprises LLC, and Altria Group Distribution Company ("Altria"), (collectively referred to herein as the "Parties") respectfully provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for January 14, 2025.

**I.      PARTICIPANT INFORMATION**

The January 14, 2025, CMC will proceed by Zoom. Anyone who wishes to attend the conference virtually may log in using the information available at: https://www.cand.uscourts.gov/judges/orrick-william-h-who/.

**II.     ISSUES TO BE DISCUSSED AND PROPOSED AGENDA**

      **1.      Status of Case Filings and Dismissals**

      **2.      Government Entity Settlements**

---

[1] Specifically the JLI Settling Defendants include: JUUL LABS, INC., previously d/b/a PAX LABS, INC. and PLOOM INC.; JAMES MONSEES; ADAM BOWEN; NICHOLAS PRITZKER; HOYOUNG HUH; RIAZ VALANI; MOTHER MURPHY'S LABS, INC.; ALTERNATIVE INGREDIENTS, INC.; TOBACCO TECHNOLOGY, INC.; eLIQUITECH, INC.; MCLANE COMPANY, INC.; EBY-BROWN COMPANY, LLC; CORE-MARK HOLDING COMPANY, INC.; CHEVRON CORPORATION; CIRCLE K STORES INC.; SPEEDWAY LLC; 7-ELEVEN, INC.; WALMART; WALGREENS BOOTS ALLIANCE, INC.

      3.      **Litigating Plaintiffs**

      4.      **Class Settlement Administration**

      5.      **Tribal Cases**

**III.**      **STATUS OF CASE FILINGS AND DISMISSALS**

      1.      **JLI**

          a.      **MDL**

As of January 10, 2025, JLI and JLI Settling Defendants have settled claims with 5,023[2] plaintiffs (3,499 personal injury plaintiffs, 1,492 government entities, and 32 tribes ("Settling Plaintiffs")) in this MDL. The settlement agreement requires Settling Plaintiffs to voluntarily dismiss their claims with prejudice against JLI and JLI Settling Defendants. Most Settling Plaintiffs have done so.

As of January 10, 2025, 9 minor Personal Injury Settling Plaintiffs have not dismissed their claims with prejudice and have deferred filing voluntary dismissals due to their minor status, which requires court approval of settlement amounts. A list of these plaintiffs is attached hereto as **Exhibit A.** These cases will be dismissed upon the completion of minor settlement processes, including approval of agreed-upon allocations by Hon. Gail A. Andler under Case Management Order No. 20. Four Personal Injury Settling Plaintiffs previously identified as minors who deferred filing of voluntary dismissals due to their minor status have now reached the age of majority and must voluntarily dismiss their claims. A list of these plaintiffs is attached hereto as **Exhibit B**.

In addition, JLI has identified approximately 111 plaintiffs in this MDL who continue to have active cases against JLI and (in some cases) JLI Settling Defendants. JLI is coordinating with the Settlement Administrator, BrownGreer, to determine the status of these plaintiffs' claims and intends to file a motion to dismiss these claims as appropriate under the settlement and this Court's Case Management Orders.

          b.      **JCCP**

As of August 7, 2024, 15 cases are pending in the JCCP against JLI and some of the JLI

---

[2] The numbers in this Statement reflect the Parties' good-faith estimates based on reasonably available information. The Parties will continue to work together to align their data and resolve any inconsistencies.

Settling Defendants. Six (6) minor Settling Personal Injury plaintiffs have deferred filing of Requests for Dismissal pending approval of agreed-upon allocations by Hon. Gail A. Andler under Case Management Order No. 18. Nine (9) Personal Injury Plaintiffs did not accept the settlement and continue to litigate their claims.[3]

### 2. Altria

As announced on May 10, 2023 during the *SFUSD* trial, Plaintiffs and Altria reached an agreement that created settlement programs to resolve the class, personal injury, and government entity cases as to Altria.

The Court granted final approval of the class settlement on March 14, 2024. ECF No. 4212. Altria funded the class settlement on May 13, 2024, and administration of the Altria class settlement is discussed further in Section VI, *infra*.

Altria also funded the personal injury and government entity settlements on May 13, 2024. The parties to the personal injury settlement have been implementing the settlement, including by dismissing with prejudice claims of personal injury plaintiffs who have not opted out pursuant to the terms of the personal injury settlement and Case Management Orders 18 and 19. ECF Nos. 4274, 4313, 4351, 4360. The personal injury plaintiffs who did not accept the personal injury settlement are discussed in Section V, *infra.*

With respect to the government entity settlement, all of the eligible government entities are participating in the settlement. The Court has dismissed with prejudice all of the government entity cases. ECF No. 4351.

In addition to the class, personal injury, and government entity settlements, on June 17, 2024, Altria and Plaintiffs' Tribal Subcommittee on behalf of certain federally recognized sovereign Settling Native American Tribal Plaintiffs entered into the Tribal Plaintiff Settlement Agreement. The parties participating in the Tribal Plaintiff Settlement Agreement have been proceeding with implementation of the settlement pursuant to the Tribal Plaintiff Settlement Agreement and Case Management Orders 22 and 23, and the Court has dismissed with

---

[3] One Government Entity, the City of Baltimore, *Mayor and City Council of Baltimore v. Juul Labs, Inc.,* 20STCV21633, opted out of the settlement with JLI. JLI and the City negotiated and executed a settlement agreement, and the City dismissed its claims on August 28, 2024.

prejudice the claims of the participating Tribal Plaintiffs. ECF No. 4342.

## IV. GOVERNMENT ENTITY SETTLEMENTS

### 1. JLI

At the October 30, 2024, case management conference, the Court requested an update on the use of government entity settlement funds. On December 6, 2024, Co-Lead Counsel filed a Status Report on Settlement Implementation, providing the requested update. Co-Lead Counsel are available to answer any questions the Court has or provide any additional information.

## V. LITIGATING PLAINTIFFS

Eleven personal-injury plaintiffs in the MDL did not accept the settlement among JLI, the JLI Settling Defendants, and Plaintiffs and the settlement between Altria and Plaintiffs. Ten plaintiffs are represented by the Schlesinger firm (the "Schlesinger Litigating Plaintiffs") and one is represented by TorHoerman law—Jay Patel, *Jay Patel et al. v. Juul Labs, Inc. et al.*, 3:20-cv-06985.

### 1. The Schlesinger Litigating Plaintiffs

The Additional Discovery period contemplated in Case Management Order ("CMO") Nos. 17 and 19 is proceeding under the Scheduling Orders that this Court entered on July 16, 2024 (ECF No. 4278; *McKnight v. Juul Labs, Inc., et al.*, 3:20-cv-2600, ECF No. 45). That period has been extended by Order of this Court based on delays that have been encountered in discovery, and the Additional Discovery period is currently set to end on January 30, 2025 (ECF No. 4354).

The Parties have made significant progress. As of January 10, JLI has served Requests for Production and Interrogatories. Defendants have deposed 30 individuals associated with MDL Plaintiffs, and 33 associated with JCCP Plaintiffs. And the *McKnight* preservation deposition concluded on December 10, 2024.

Much remains to be done during the Additional Discovery period. There are about 30 depositions scheduled or awaiting confirmation. Fourteen of those depositions are of plaintiffs. And multiple depositions of plaintiffs have begun but have not yet concluded. To accommodate these depositions, the Parties anticipate seeking a further extension of the Additional Discovery period, are negotiating that extension, and will notify the Court if the Court's assistance is needed.

**Defendants' Position**

At the close of the Additional Discovery period, Defendants anticipate filing summary-judgment motions as permitted by CMO 17 and the current scheduling order. CMO 17 at 31, ECF No. 3780; ECF No. 4278 at 2. Defendants request that the Court order state-court remand briefing in the *McKnight*, *Fay*, and *Shapiro* cases to occur alongside summary-judgment motions after the Additional Discovery period. (Defendants have not yet deposed Plaintiffs in the latter two cases.) *See, e.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (when resolving "[f]raudulent joinder claims" the court may "consider[] summary judgment-type evidence such as affidavits and deposition testimony"). Finally, Defendants request that—as needed after ruling on the motions—the Court set a conference to schedule full fact and expert discovery.

**Plaintiffs' Position**

Plaintiffs respectfully request the Court to set a hearing on the pending motions to remand in the matters of: 1) *Kaitlyn Fay*, Case No. 3:19-cv-07934; 2) *Walker McKnight*, Case No. 3:20-cv-02600; and *Ben Shapiro*, Case No. 3:19-cv-07428. In each of these cases, as detailed in the respective motions, the plaintiff sued non-diverse defendants. Because complete diversity is lacking, the Court lacks subject matter jurisdiction.

At the status conference of May 29, 2024, the Court addressed the issue of when to decide the three motions to remand to state court. *See* Hrg Tr. 4:21-24. There, the Court expressed it was inclined to deal with the remand motions rather than wait until later. This comports with the JPML's guidance, which emphasizes a plaintiff's right to prompt rulings on motions for remand. *See In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, 669 F. Supp. 3d 1375, 1379 (U.S. Jud. Pan. Mult. Lit. 2023). While the Court's intention to "get an order out with respect to remand" (*Id.* at 10:15-16), to date, no such order has been entered. Accordingly, Plaintiffs respectfully seeks entry of an order outlining a briefing schedule and setting a hearing for the parties to respond to Plaintiffs' pending motions for remand.

2. ***Patel***

Mr. Patel remains in the initial production phase contemplated by CMO Nos. 17 and 19. JLI and counsel for Mr. Patel met and conferred in the fall of 2023 regarding the deficiencies in

1 Mr. Patel's initial productions under CMO No. 17, at which time JLI agreed to stay any further
2 action and afford Mr. Patel time to remedy the deficiencies in his production and complete initial
3 productions. Altria and counsel for Mr. Patel have also met and conferred concerning Mr. Patel's
4 obligations under CMO No. 19. As of January 10, 2025, Mr. Patel's case remains stayed. JLI,
5 Altria, and Mr. Patel are coordinating to confirm Mr. Patel's final compliance with his initial
6 discovery obligations under CMO Nos. 17 and 19.

## VI. CLASS SETTLEMENT ADMINISTRATION

On October 8, 2024 the Court approved the distribution of funds from the JLI and Altria Class Action Settlements, with holdback amounts for costs, taxes, and disputed claims, ECF No. 4326, and Epiq began distributing funds in October. Claimants were allowed to submit disputes through December 31, 2024, and Epiq's review of the disputes is ongoing. Epiq and Class Counsel anticipate that distributions resulting from successful disputes will occur within the next one to two months. The current deadline to file a post-distribution accounting is April 30, 2025, and hearing to discuss the post-distribution accounting set for May 6, 2025. ECF No. 4318. Finally, settlement administration costs exceeded the Court's pre-approved amount in October, and Class Counsel submitted those invoices, which the Court approved, ECF No. 4350. Class Counsel will periodically submit documentation for additional administration costs for the Court's review.

## VII. JLI TRIBAL CASES

Three tribal plaintiffs—the Choctaw Nation of Oklahoma, the Chickasaw Nation, and the Muscogee (Creek) Nation (the "JLI Litigating Tribes")—filed their claims after the tribal settlement cutoff date of October 21, 2022, as contemplated by the Case Management Order No. 16. Accordingly, the JLI Litigating Tribes are subject to the discovery and procedures contemplated by CMO No. 17.

The JLI Litigating Tribes have completed their initial productions as contemplated by CMO No. 17. On January 11, 2024, the JLI Litigating Tribes, JLI, and the JLI Settling Defendants participated in one single mediation conducted by Settlement Master Perrelli. Mediation has been recessed to allow JLI and the JLI Litigating Tribes to continue to exchange information and discuss possible resolution.

| | |
|---|---|
| Dated: January 10, 2025 | Respectfully submitted, |
| By: /s/ *Timothy S. Danninger*<br>Timothy S. Danninger (*pro hac vice*)<br>**GUNSTER YOAKLEY & STEWART, P.A.**<br>1 Independent Drive, Suite 2300<br>Jacksonville, 32204<br>Telephone: (904) 354-1980 | By: /s/ *Sarah R. London*<br>Sarah R. London<br>**LIEFF CABRASER HEIMANN & BERNSTEIN**<br>275 Battery Street, Fl. 29<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000 |
| By: /s/ *Peter A. Farrell*<br>Peter A. Farrell (*pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>1301 Pennsylvania Ave, N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 389-5959 | By: */s/ Dena C. Sharp*<br>Dena C. Sharp<br>**GIRARD SHARP LLP**<br>601 California St., Suite 1400<br>San Francisco, CA 94108<br>Telephone: (415) 981-4800 |
| *Attorneys for Defendant Juul Labs, Inc.* | By: */s/ Dean Kawamoto*<br>Dean Kawamoto<br>**KELLER ROHRBACK L.L.P.**<br>1201 Third Ave., Ste. 3200<br>Seattle, WA 98101<br>Telephone: (206) 623-1900 |
| By: /s/ *Beth A. Wilkinson*<br>Beth A. Wilkinson (pro hac vice)<br>Brian L. Stekloff (pro hac vice)<br>**WILKINSON STEKLOFF LLP**<br>2001 M Street NW, 10th Floor<br>Washington, DC 20036<br>Telephone: (202) 847-4000 | By: */s/ Ellen Relkin*<br>Ellen Relkin<br>**WEITZ & LUXENBERG**<br>700 Broadway<br>New York, NY 10003<br>Telephone: (212) 558-5500 |
| *Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Distribution Company, and Altria Enterprises LLC* | *Co-Lead Counsel for Plaintiffs* |
| By: /s/ David E. Kouba<br>David E. Kouba, (*pro hac vice*)<br>**ARNOLD & PORTER KAY SCHOLER, LLP**<br>601 Massachusetts Ave, NW<br>Washington, DC 20001<br>Tel: (202) 942-5230<br>Fax: (202) 942-5999<br>david.kouba@arnoldporter.com | By: /s/ Scott P. Schlesinger<br>Scott P. Schlesinger, (*pro hac vice*)<br>Jonathan R. Gdanski, (*pro hac vice*)<br>Jeffrey L. Haberman, (*pro hac vice*)<br>**SCHLESINGER LAW OFFICE, P.A.**<br>1212 SE Third Avenue<br>Fort Lauderdale, FL 33317<br>Tel: (954) 467-8800 |
| By: /s/ Lauren S. Wulfe<br>Lauren S. Wulfe, SBN 287592<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>777 S. Figueroa St., 44th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 243-4000<br>lauren.wulfe@arnoldporter.com | By: /s/ *Steven D. Davis*<br>Steven D. Davis, SBN _____<br>Jacob W. Plattenberger, (*pro hac vice*)<br>**TORHOERMAN LAW LLC**<br>227 West Monroe, Suite 2650<br>Chicago, Illinois 60606<br>Tel: (312) 372-4800<br>Fax (618) 556-4401 |
| *Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, and Altria Distribution Company* | *Attorneys for Plaintiff Patel* |

| | |
|---|---|
| By: */s/* Eugene Illovsky<br>Eugene Illovsky<br>Matthew Dirkes<br>**ILLOVSKY GATES & CALIA LLP**<br>1611 Telegraph Ave., Suite 806<br>Oakland, CA 94612<br>Telephone: (415) 500-6643<br><br>*Attorneys for Defendant Adam Bowen* | By: */s/ Derek Angell*<br>Derek Angell (pro hac vice)<br>**O'CONNOR, HAFTEL & ANGELL, PLLC**<br>800 N. Magnolia Ave., Suite 1350<br>Orlando, FL 32803<br>Telephone: (407) 843-2100<br>*Attorneys for Mega Select, Inc. d/b/a The Hook Up* |
| By: */s/ Michael J. Guzman*<br>**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**<br>Mark C. Hansen<br>Michael J. Guzman<br>David L. Schwarz<br>Sumner Square, 1615 M St., N.W., Suite 400<br>Washington, DC 20036<br>Telephone: (202) 326-7910<br><br>*Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh* | By: */s/ Jessica M. Kennedy*<br>Jessica M. Kennedy<br>Scott Richman<br>**Mcdonald Toole Wiggins, P.A.**<br>111 N Magnolia Ave #1300,<br>Orlando, FL 32801<br>Telephone: (407) 838-4053<br>*Attorneys for XMMS LLC d/b/a Climax Smoke Shop or Climax* |
| By: */s/ James Kramer*<br>**ORRICK HERRINGTON & SUTCLIFFE LLP**<br><br>By: */s/ James Kramer*<br>James Kramer<br>Catherine Malone<br>Kevin Askew<br>**ORRICK HERRINGTON & SUTCLIFFE LLP**<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700<br>jkramer@orrick.com<br>cmalone@orrick.com<br>kaskew@orrick.com<br><br>*Attorneys for Defendant James Monsees* | By: */s/ Christopher J. Esbrook*<br>Christopher J. Esbrook<br>David F. Pustilnik<br>**ESBROOK P.C.**<br>321 N. Clark St., Suite 1930<br>Chicago, IL 60654<br>Telephone: (312) 319-7680<br><br>*Attorneys for Defendants Eby-Brown Company, LLC, Core-Mark Holding Company, Inc., 7-Eleven, Inc., and Wawa, Inc* |