UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re: JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation** | Case No.  19-md-02913-WHO |
| | **ORDER REGARDING PRIVACY OBJECTIONS** |
| | Re: Dkt. Nos. 4371, 4372 |
| This Order Relates to: *Cole Aragona v. Juul Labs, Inc., et al*, Case No. 3:20-cv-1928; *Jordan Dupree v. JUUL LABS, INC., et al*., Case No. 3:20-cv-03850; *Kaitlyn Fay v. JUUL LABS, INC., et al.*, Case No. 3:19-cv-07934; *Jennifer Lane v. JUUL LABS, INC., et al*., Case No. 3:20-cv-04661; *Bailey Legacki v. JUUL LABS, INC., et al*., Case No. 3:20-cv-01927; *Walker McKnight v. JUUL LABS, INC., et al*., Case No. 3:20-cv-02600; *Carson Sedgwick v. JUUL LABS, INC., et al*., Case No. 3:20-cv-03882; *Ben Shapiro v. JUUL LABS, INC., et al*., Case No. 3:19-cv-07428; and *Matthew Tortorici v. JUUL LABS, INC., et al*., Case No. 3:20-cv-03847 | |

Defendants ask me to overrule privacy objections and compel the opt-out plaintiffs

identified in the caption to respond to specific Requests for Production and Interrogatories.[1]

_____

[1] Specifically: Requests for Production No. 5 (seeking "statements or communications . . . concerning JLI, your alleged JUUL product use, your ENDS product use, tobacco product use, other inhaled product use [] alcohol use, illegal drug use, or illicit use of legal drugs", if any, before or after your first alleged use of a JUUL product"); No. 6 (seeking "diaries, calendars, journals, private social media messages, or other writings, drawings, depictures, blogs, or internet posts (including but not limited to Instagram posts, Facebook posts, Snapchat posts, TikTok videos) kept or made by you or on your behalf concerning your alleged JUUL product use, your ENDS product use, tobacco product use, other inhaled product use (including inhaled cannabis products), alcohol use, illegal drug use, or illicit use of legal drugs, your alleged damages, or your allegations in the action"); and No. 8 (seeking "photographs, films, movies, or video recordings of you using tobacco products, ENDS products, JUUL products, other inhaled products (including inhaled cannabis products), alcohol, illegal drugs, or legal drugs illicitly").  And: Interrogatory No. 6 (seeking information about "cannabis product and illegal drug that you used before you allegedly first started using JUUL products"); No. 8 (seeking information about cannabis products and illegal drugs used after first starting JUUL products); No. 12 (seeking information regarding average weekly alcohol intake, tobacco product use, cannabis product use, ENDS product use (excluding JUUL product use), and illegal drug use, before or after the first JUUL use); and No. 15 (seeking descriptions of all alcohol or chemical dependency conditions).

United States District Court
Northern District of California

1    Defendants' concern is plaintiffs' apparent withholding of "information" and photos and videos of

2    plaintiffs' illegal drug use because of privacy objections.  Dkt. No. 4371 at 1.

3        With respect to the interrogatories, plaintiffs respond they did not withhold information

4    based on privacy objections and they provided substantive responses, in part by referring to

5    responses on the Plaintiff Fact Sheets.  *Id*. at 4 (plaintiff provided responses "in part, by directing

6    Defendants to the respective Fact Sheet question").  As long as the Plaintiff Fact Sheets provide

7    *full* answers to Interrogatories 6, 8, 12, and 15, plaintiffs may incorporate the Fact Sheet

8    responses.  However, to the extent the Interrogatories seek information beyond that provided in the

9    Fact Sheets or if plaintiffs need to *supplement* their Fact Sheet responses with more accurate or

10   complete disclosures, plaintiffs are required to provide further written responses.

11       With respect to the photos and videos of plaintiffs' illegal drug use, plaintiffs argue first

12   the requests are "overbroad, irrelevant, and not proportional to the needs of the case."  They also

13   contend that the bellwether plaintiffs in the main MDL were not required to produce photos or

14   videos, and they argue that production of those records would violate the plaintiffs' "privacy

15   rights" despite the existence of the protective order governing this case.

16       Plaintiffs' objections to producing photographs and videos of illicit drug use are

17   OVERRULED.[2]

18       Defendants have explained the relevance, which is to test the assertions made in plaintiffs'

19   Fact Sheets or interrogatory responses and explore any contradictory responses regarding drug

20   use.  The topic is squarely relevant to causation, and any contradictory responses are significant to

21   impeach plaintiffs during depositions or at trial.  For similar reasons, the class action

22   representatives in the main MDL (and likely the bellwether plaintiffs) had to submit to a forensic

23   collection of their documents, including cell phones and social media accounts.  *See* Dkt. No.

24   4055-1 at 13.  Finally, any privacy interests are adequately protected by the Protective Order in

25

26   _____

27   [2] The fact that similar productions were not required in my Order regarding the expedited
     preservation deposition in the McKnight case is not dispositive here.  *See* Case No. 20-cv-02600-
     WHO Dkt. No. 37.  That Order did not consider whether this type of information was

28   discoverable; the focus of that dispute was on the procedures governing that expedited and
     shortened preservation deposition.

this case that limits the use of information secured in discovery.  Whether any videos or photographs of illicit drug use may be introduced at summary judgment or trial will obviously be tightly controlled by me or the trial judges on remand.

If defendants attempt to "malign or embarrass" plaintiffs during depositions using these materials – as plaintiffs suggest they might, Dkt. No. 4371 at 5 – counsel shall immediately contact my courtroom deputy Jean Davis (whocrd@cand.uscourts.gov or 415-522-2077); I will not hesitate to sanction any misuse.[3]

**IT IS SO ORDERED.**

Dated: January 23, 2025

_____
William H. Orrick
United States District Judge

United States District Court
Northern District of California

---

[3] The administrative motion to seal the unredacted discovery responses of plaintiffs, Dkt. No. 4372, is GRANTED for good cause shown.

3