Dena C. Sharp
dsharp@girardsharp.com
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

*Co-Lead Counsel and Settlement Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>CLASS ACTIONS | CASE NO. 19-md-02913-WHO<br><br>**CLASS PLAINTIFFS' STATUS UPDATE AND REQUEST FOR ORDER AUTHORIZING FURTHER DISTRIBUTION OF JLI AND ALTRIA CLASS ACTION SETTLEMENT FUNDS**<br><br>HON. WILLIAM H. ORRICK III |

The Court previously granted final approval of the Class Action Settlements with JLI and Altria. Dkts. 4138, 4212. After Class Counsel and the Settlement Administrator, Epiq, completed the claims review process, the Court authorized distribution of the Net Settlement Fund to claimants. Dkt. 4326. Epiq received numerous disputes from claimants and conducted a review of these contested claims, and the Court approved distribution of funds to claimants who successfully disputed the initial denial of or payment amount on their claims. Dkt. 4394. Epiq has disbursed funds to successful disputing claimants, but some payments remain pending. Class Counsel provides this update on the distribution process, settlement administration and digital payment cards, and administration costs.

***Distribution of Settlement Funds***. The total number of claimants who were approved for payment, including the initially approved population and successful disputing claimants, is 843,451.[1] To date, 87% of payments (732,094 of 843,451) have been completed; 3% (or 25,480) remain pending (but will be stale by December 1, 2025); and 10% (or 85,877) payments went unclaimed and have expired.

Once all of the pending payments have been claimed or expired, Class Counsel plans to submit a recommendation to the Court for the handling of any remaining unspent funds per the Plan of Allocation. *See* Dkt. 4082-3 (Plan of Allocation) at ¶¶ 4.1-4.2 (providing for redistribution among eligible claimants if feasible and economical, or distribution "to an appropriate recipient" with Court approval if not). Epiq and Class Counsel project that after all pending payments become stale and expire, the balance of the Net Settlement Fund will likely be sufficient to warrant a second distribution.

If a second distribution is needed, counsel may request to defer by an appropriate period of time the current December 22, 2025, deadline for the filing of a post-distribution accounting. Dkt. 4407.

***Settlement Administration and Digital Payment Cards***. Following recent lawsuits filed against claims administrators related to certain alleged class action claims administration practices,[2] other courts

---

[1] At the time of the Court's approval of the distribution of funds to successful disputing claimants, some payments from the initial distribution had already become stale and money returned to the Net Settlement Fund. The Court approved Class Counsel's request to void the claims with stale payments and to use those unclaimed funds, in addition to the funds initially held back to pay contested claims, to pay successful disputing claimants. Dkt. 4394. The distribution for successful disputing claimants used only a portion of those funds.

[2] *See, e.g.*, https://www.law.com/therecorder/2025/08/19/suits-against-claims-administrators-throw-wrench-into-facebooks-725m-privacy-settlement/.

1

CLASS PLAINTIFFS' STATUS UPDATE AND REQUEST FOR ORDER AUTHORIZING
FURTHER DISTRIBUTION OF JLI AND ALTRIA CLASS ACTION SETTLEMENT FUNDS
CASE NO. 19-md-02913-WHO

in this District recently have inquired about the use of digital payment cards to distribute settlement proceeds and revenue sharing agreements between the settlement administrator and card distributor. *See Woods v. Google, LLC*, 5:11-cv-01263-EJD, Final Settlement Approval Order (Dkt. 906) at 6–9 (addressing revenue sharing agreement between settlement administrator, Angeion, and distributor of prepaid cards); *In re Facebook, Inc., Consumer Privacy User Profile Litigation*, 3:18-md-02843-VC, Joint Status Report (Dkt. 1238) (addressing Angeion's revenue sharing agreement and proposing modified procedures for distribution of settlement funds through prepaid cards); *id.* Order (Dkt. 1240) (approving modified procedures).

In this case, Class Counsel proactively discussed with Epiq concerns about payment cards. After full investigation, Class Counsel concluded that no corrective measures are necessary in this settlement. Epiq confirmed that Epiq does not receive any portion of the fees on the prepaid cards or of any unclaimed funds, nor does it have a revenue sharing agreement with the card distributor. In Class Counsel's view, Epiq's representations distinguish the claims administration process in this matter from the allegations and reports in other matters referenced above. Accordingly, Class Counsel believes no further action is necessary with respect to the handling of digital payment cards and unclaimed funds in this matter, but is available to address any questions the Court may have

Here, class members submitting a claim were given various payment selection options, including an option for a prepaid virtual MasterCard, the only settlement payment option in this case for which unclaimed settlement payments might not revert to the Net Settlement Fund. The terms for prepaid virtual MasterCards were clearly presented to claimants when they made a payment selection, including that there are no fees with the card until the card has been unused for twelve consecutive months, after which point the vendor who issues the cards, Blackhawk, deducts a 95 cent monthly fee from the balance of the virtual Mastercard as long as the card remains inactive. Prepaid cards that remain inactive for a statutorily-specified period are treated as unclaimed property under the escheatment laws of each Class Member's state of residence. After the prescribed time limit (typically three to five years), any unclaimed funds on

inactive prepaid cards will escheat to the states.[3]

***Administration Expenses***. Class Counsel also provides the following update concerning settlement administration expenses and requests an additional payment to Epiq for its claim administration work.

In connection with the approval of the settlements, the Court pre-authorized payment of up to $6,000,000 in administration costs. To the extent administration costs exceeded this amount, the Court directed Class Counsel to seek Court approval (based on supporting documentation) of any additional payments. *E.g.*, Dkt. 4212 (Altria Final Approval) at 16. To date, the Court has approved additional payment of Epiq's invoices above the initial $6,000,000 amount through January 2025, with approved administration costs totaling $6,756,886.42. Dkts. 4350, 4394.

Epiq has continued its work on the settlements, including analyzing the disputes submitted, communicating with certain disputing claimants to address deficiencies in their claims, distributing funds to successful disputing claimants, responding to a high volume of inquiries from both disputing claimants and individuals who did not submit a timely claim or dispute, and continued efforts to complete the distribution of funds. Epiq has had to respond to an unusually large number of of inquiries, given the notoriety of the litigation and the size of class member payments (which has resulted in higher-than-usual class member engagement). For example, Epiq reports that it has spent 2,942.58 hours of correspondence time since beginning the distribution of funds to successful disputing claimants at the end of April, and Epiq's case team has completed 1,266 related escalations since the beginning of May 2025. Epiq's invoices for the JLI and Altria settlements for February through August 2025 are attached as Exhibit A. The invoices total $979,036.15, bringing the overall total of administration costs incurred in these Settlements to $7,735,922.57.

Epiq has, however, previously committed to limit its costs for settlement administration to $7.5 million in this matter. Dkts. 4218; 4218-1 ¶ 48. The current total costs exceed that cap. While Class

---

[3] California, for example, has a website to allow residents to claim property that has escheated to the state. *See* https://claimit.ca.gov/ ("The State Controller safeguards lost or forgotten property for as long as it takes to reunite it with the rightful owners. There's no deadline to claim your property, and the process is free.").

Counsel believes that all costs to date were reasonably incurred and ultimately benefitted the class, at this time Class Counsel only seeks the Court's approval for payment to Epiq of $743,113.58, which will bring total settlement administration costs paid from the Settlements to $7.5 million.

Class Counsel will continue to work with Epiq to complete the administration of the Settlements in an efficient and cost-effective manner. Class Counsel and Epiq agree that Epiq will continue to provide Class Counsel a record of its expenses through the completion of the administration of these settlements, and Class Counsel may address the costs in excess of the cap in a later submission to the Court if appropriate and subject to the Court's guidance.

A proposed order is submitted with this request.

Dated: October 20, 2025                       Respectfully submitted,

By: /s/ *Dena C. Sharp*

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

*Co-Lead Counsel and Settlement Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

                                  /s/ *Dena C. Sharp*
                                  Dena C. Sharp

5

CLASS PLAINTIFFS' STATUS UPDATE AND REQUEST FOR ORDER AUTHORIZING FURTHER DISTRIBUTION OF JLI AND ALTRIA CLASS ACTION SETTLEMENT FUNDS
CASE NO. 19-md-02913-WHO