Scott P. Schlesinger (*pro hac vice*)
Jonathan R. Gdanski (*pro hac vice*)
Jeffrey L. Haberman (*pro hac vice*)
**SCHLESINGER LAW OFFICE, P.A.**
1212 SE Third Avenue
Fort Lauderdale, FL 33317
Tel: (954) 467-8800

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Cole Aragona v. Juul Labs, Inc., et al*,<br>    Case No. 3:20-cv-1928;<br>*Jordan Dupree v. JUUL LABS, INC., et al.*,<br>    Case No. 3:20-cv-03850;<br>*Jennifer Lane v. JUUL LABS, INC., et al.*,<br>    Case No. 3:20-cv-04661;<br>*Bailey Legacki v. JUUL LABS, INC., et al.*,<br>    Case No. 3:20-cv-01927;<br>*Carson Sedgwick v. JUUL LABS, INC., et al.*,<br>    Case No. 3:20-cv-03882; and<br>*Matthew Tortorici v. JUUL LABS, INC., et al.*, Case No. 3:20-cv-03847 | **Case No. 19-md-02913-WHO**<br><br>**OPT-OUT PLAINTIFFS' MEMORANDUM REGARDING THE COURT'S FORTHCOMING TRANSFER MEMORANDUM** |

Plaintiffs respectfully submit this memorandum pursuant to the Court's order that invited the parties to "provide their thoughts on what should be included in the Transfer Memorandum." Plaintiffs believe the following may assist the receiving district judges on how to efficiently move these cases towards trial.

As an initial matter, Plaintiffs encourage the Court to detail both the breadth and depth of the work completed in these MDL proceedings. Here, the Court actively supervised mertis and expert discovery that was common in all JUUL cases. As to the Defendants, discovery was comprehensive. This included numerous Rule 30(b)(6) depositions of JLI and Altria entities, as well as depositions of the Director Defendants, senior executives, JLI board-level directors, marketing personnel, regulatory and scientific witnesses, and other conduct-related witnesses. The parties engaged in voluminous written discovery and document production concerning product design and development, marketing strategies, regulatory interactions, internal communications, and corporate decision-making. These efforts were undertaken with the understanding that discovery on common issues would be developed centrally and used across cases.

Fact discovery regarding the 7 remaining Plaintiffs has also been extensive. These Plaintiffs, their parents, and friends have been deposed. Plaintiffs provided Fact Sheets and written discovery responses and productions. This contains information on Plaintiffs' injuries, medical history, causation theories, and damages. Plaintiffs also complied with CMO 17, which required complete Rule 26 expert reports and disclosures.

The receiveing courts should also be advised of significant rulings the Court made in the bellwether cases on dispositive and *Daubert* issues. This consists of a discussion on the Court's orders on Defendants' motions to dismiss, including that the Court denied the jurisdictional challenges raised by Defendants Valani, Pritzker, and Huh. The Court should refer receiving Court's to its orders denying summary judgment and *Daubert* motions. The Court supervised extensive expert discovery and adjudicated *Daubert* motions directed to both plaintiffs' and defendants' experts. The parties briefed and litigated admissibility issues concerning expert testimony on subjects including product design, warnings, addiction, marketing, causation, and

damages. The Court issued substantive rulings resolving those challenges, based on a developed factual record.

The Court should also note that it issued rulings on motions in *limine* and deposition designations, which may further guide the receiving courts. Here, the Court refined the evidentiary record and clarified the scope of testimony deemed appropriate for use in trial proceedings, reducing the likelihood that these issues would need to be relitigated. Considering the amount of discovery and related motion practice that had been ruled on, Plaintiffs believe the Transfer Memorandum should note the Court's expectation that common discovery need not be repeated, but additional, update discovery may be appropriate. This may include updated discovery in connection with Plaintiffs' punitive damages claims such as the Defendants' respective net worth, and other aggravating or mitigating related evidence; updated discovery pursuant to Rule 26's continuing duty to supplement; discovery limited to certain Director Defendants' – Pritzker, Valani, and Huh – motion for summary judgment for lack of personal jurisdiction.

Finally, Plaintiffs respectfully request the Court to emphasize to receiving courts that these cases should be set for trial as soon as practicable. Remaining tasks include updating Plaitniffs' expert disclosures to account for the evidence developed in compliance with CMO 17; ordering Defendants' expert disclosures; setting a deadline to complete fact and expert discovery; and setting deadlines to complete motion practice.

In sum, detailing the extensive work performed in the MDL, explaining the cross-cutting issues the Court ruled on in dispositive and *Daubert* motions, and enumerating the remaining tasks would help educate the judges who will soon receive these cases.

Respectfully submitted,

DATED: February 4, 2026

By: */s/ Jeffrey L. Haberman*
Scott P. Schlesinger (*pro hac vice*)
Jonathan R. Gdanski (*pro hac vice*)
Jeffrey L. Haberman (*pro hac vice*)

**SCHLESINGER LAW OFFICE, P.A.**
1212 SE Third Avenue
Fort Lauderdale, FL 33317
Tel: (954) 467-8800

*Attorneys for Plaintiffs*