```
1  Timothy S. Danninger (admitted pro hac vice)
   Timothy J. McGinn (admitted pro hac vice)
2  Gabrielle M. Wilson (admitted pro hac vice)
3  Attorneys for Juul Labs, Inc.
   GUNSTER, YOAKLEY & STEWART, P.A.
4  1 Independent Drive, Suite 2300
   Jacksonville, FL 32202
5  Tel.: (904) 354-1980
6  tdanninger@gunster.com
   tmcginn@gunster.com
7  gwilson@gunster.com
8  Additional counsel on signature page
```

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-02913 (WHO)<br><br>Hon. William H. Orrick |
| This Document Relates to:<br><br>*Cole Aragona v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01928;<br><br>*Jordan Dupree v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03850;<br><br>*Jennifer Lane v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-04661;<br><br>*Bailey Legacki v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01927;<br><br>*Ashlynn NesSmith v. Juul Labs, Inc. et al.*, Case No. 3:19-cv-06344;<br><br>*Carson Sedgwick v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03882; and<br><br>*Matthew Tortorici v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03847. | |

1

Defendants' Notice of Filing Proposed Transfer Memorandum and
Order Relating to Conclusion of Personal Injury Multidistrict Proceedings

# DEFENDANTS' NOTICE OF FILING PROPOSED TRANSFER MEMORANDUM AND ORDER RELATING TO CONCLUSION OF PERSONAL INJURY MULTIDISTRICT PROCEEDINGS

Pursuant to the Court's minute order of January 27, 2026, the undersigned Defendants respectfully submit the attached proposed transfer memorandum and order relating to the conclusion of multidistrict proceedings concerning the seven above-captioned personal injury actions.

Dated: February 4, 2026

By: /s/ Timothy S. Danninger
Timothy S. Danninger (*pro hac vice*)
Florida Bar No. 95195
Gabrielle M. Wilson (*pro hac vice*)
Florida Bar No. 1036090
GUNSTER, YOAKLEY & STEWART, P.A.
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Tel: (904) 354-1980
Fax: (904) 354-2170
tdanninger@gunster.com
gwilson@gunster.com

Timothy J. McGinn (*pro hac vice*)
Florida Bar No. 1000377
GUNSTER, YOAKLEY & STEWART, P.A.
600 Brickell Avenue, Suite 3500
Miami, FL 33131
Tel: (305) 376-6000
Fax: (305) 376-6010
tmcginn@gunster.com

*Attorneys for Defendant Juul Labs, Inc.*

Respectfully submitted,

By: /s/ David E. Kouba
David E. Kouba, (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Tel: (202) 942-5230
Fax: (202) 942-5999
david.kouba@arnoldporter.com

Lauren S. Wulfe, SBN 287592
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4000
lauren.wulfe@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Group Distribution Company, and Altria Enterprises LLC*

2

Defendants' Notice of Filing Proposed Transfer Memorandum and
Order Relating to Conclusion of Personal Injury Multidistrict Proceedings

| | |
|---|---|
| By: /s/ *Michael J. Guzman*<br>Mark C. Hansen<br>Michael J. Guzman<br>David L. Schwarz<br>KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.<br>Sumner Square, 1615 M St., N.W., Suite 400<br>Washington, DC 20036<br>Tel: (202) 326-7910<br>mhansen@kellogghansen.com<br>mguzman@kellogghansen.com<br>dschwarz@kellogghansen.com<br><br>*Attorneys for Defendants Nicholas Pritzker, Riaz Valani, and Hoyoung Huh* | By: /s/ *Eugene Illovsky*<br>Eugene Illovsky<br>Kevin Calia<br>Matthew Dirkes<br>ILLOVSKY GATES & CALIA LLP<br>1611 Telegraph Ave., Suite 806<br>Oakland, CA 94612<br>Telephone: (415) 500-6643<br>eugene@illovskygates.com<br>kevin@illovskygates.com<br>matt@illovskygates.com<br><br>*Attorneys for Defendant Adam Bowen* |

By: /s/ *James Kramer*
James Kramer
Catherine Malone
Kevin Askew
ORRICK HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700
jkramer@orrick.com
cmalone@orrick.com
kaskew@orrick.com

*Attorneys for Defendant James Monsees*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, I electronically served the foregoing Motion on all counsel of record in this action using the CM/ECF system.

/s/ *Timothy S. Danninger*
Timothy S. Danninger

3

Defendants' Notice of Filing Proposed Transfer Memorandum and
Order Relating to Conclusion of Personal Injury Multidistrict Proceedings

1
2
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

IN RE: JUUL LABS, INC., MARKETING SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This Document Relates to:

*Cole Aragona v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01928;

*Jordan Dupree v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03850;

*Jennifer Lane v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-04661;

*Bailey Legacki v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01927;

*Ashlynn NesSmith v. Juul Labs, Inc. et al.*, Case No. 3:19-cv-06344;

*Carson Sedgwick v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03882; and

*Matthew Tortorici v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03847.

Case No. 3:19-md-02913 (WHO)

Hon. William H. Orrick

**[PROPOSED] TRANSFER MEMORANDUM AND ORDER RELATING TO CONCLUSION OF PERSONAL INJURY MULTIDISTRICT PROCEEDINGS**

18
19
20
21

   This Transfer Memorandum and Order is intended to summarize proceedings in this Court and, in particular, to provide the courts to which these cases will be remanded ("transferor courts") with an understanding of the extensive discovery that has been conducted in the MDL over the last several years to assist them in avoiding duplication of effort.

22

  A. **Background of the Proceeding**

23
24
25
26
27
28

   The U.S. Judicial Panel on Multidistrict Litigation initiated this multidistrict proceeding on October 2, 2019. The Panel's order consolidated ten actions, including both personal-injury cases and purported class actions seeking economic damages, for pretrial proceedings pursuant to 28 U.S.C. § 1407 and transferred them to this Court for centralized proceedings. The actions "involve[d] allegations that [Juul Labs, Inc. ("JLI")] has marketed its JUUL nicotine delivery

1

[Proposed] Transfer Memorandum and Order Relating to
Conclusion of Personal Injury Multidistrict Proceedings

products in a manner designed to attract minors, that JLI's marketing misrepresents or omits that JUUL products are more potent and addictive than cigarettes, that JUUL products are defective and unreasonably dangerous due to their attractiveness to minors, and that JLI promotes nicotine addiction." The Panel determined that the "actions share multiple factual issues concerning the development, manufacture, labeling, and marketing of JUUL products, and the alleged risks posed by use of those products" and that centralization would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." Thousands of additional cases against JLI, the Altria Defendants,[1] JLI founders Adam Bowen and James Monsees, current JLI directors Nicholas Pritzker and Riaz Valani, and former JLI director Hoyoung Huh were either transferred to or directly filed in this Court and consolidated in this proceeding.

      The Court entered several case management orders governing the consolidated proceeding, including the seven remaining personal injury actions referenced above. On October 2, 2019, the Court granted the defendants "an extension of time for responding by motion or answer to the complaint(s)," stayed "all outstanding discovery proceedings," and prohibited the initiation of further discovery. Pretrial Order #1 at 6. It also instructed the plaintiffs to file master complaints in the class and personal injury proceedings and established a process for the parties to litigate a small subset of personal injury plaintiffs' claims while the overwhelming majority of individual cases were stayed. CMO No. 7 at 3 ("To eliminate potential delays and to promote judicial efficiency with respect to the administration of this MDL proceedings, all Defendants named in the Master Complaint . . . need not answer or otherwise respond to any [short-form complaint] filed in this MDL proceeding until ordered to do so by the Court.").

---

[1] Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Group Distribution Company, and Altria Enterprises LLC.

### B. Core Discovery of Defendants

Consistent with this approach, the Court allowed the plaintiffs to obtain comprehensive core discovery—discovery potentially applicable to all plaintiffs' claims, including discovery concerning JLI's products, marketing, and business practices—while allowing the defendants to obtain discovery from only a subset of the personal injury plaintiffs. *See, e.g.*, CMO No. 8 at 3; CMO No. 12 at 3; CMO No. 14 at 3. The remaining cases were not among those chosen for case-specific discovery.

During this defendant-focused, core discovery period, JLI produced to the plaintiffs, including the remaining Plaintiffs, nearly 10 million documents containing more than 33 million pages of information and answered interrogatories. JLI witnesses, including JLI's founders, board members, employees, and vendors, then sat for 129 depositions over 172 days. During this same period, the Altria Defendants produced more than 875,000 documents containing more than 6.6 million pages of information, and current and former Altria employees sat for 20 depositions. Defendants provided this discovery subject to a stipulated protective order. Given the substantial overlap in core discovery to be taken of JLI and its co-defendants in this proceeding and other forums, and to "reduce costs and unnecessary duplication of effort," the Court allowed Plaintiffs' counsel and counsel in other proceedings to access and use the documents Defendants produced in this proceeding "in accordance with the terms of the MDL Protective Order or its substantial equivalent, Federal Rule of Evidence 502(d) and the MDL Privileged Materials Order[.]"[2] CMO No. 9 at 1, 3.

General, non-case-specific fact discovery of JLI and its co-defendants—*e.g.*, discovery concerning JLI's products, marketing, and business practices—closed on August 30, 2021.

---

[2] The Court expects that each defendant will continue to make the discovery it produced in this proceeding available to future plaintiffs, if any, on the condition that such plaintiffs and their counsel enter into a protective or confidentiality order that is substantially identical to the MDL Protective Order.

C.     **Initial Litigation of Plaintiffs' Claims**

In December 2022, JLI and counsel for the MDL plaintiffs reached a global settlement to resolve the personal injury claims pending in this proceeding against JLI, its founders, its directors, and certain other defendants.[3] Shortly thereafter, the Court stayed all actions against these defendants indefinitely. The Court also entered a case management order establishing a process for individual plaintiffs to participate in the settlement and a separate case management order governing the claims of those plaintiffs who elected not to participate in the personal injury settlement against JLI and the other settling defendants. *See generally* CMO No. 16; CMO No. 17 (attached as Exhibit A). The Altria Defendants reached a global settlement in May 2023, and the Court entered similar stay and case management orders shortly thereafter. *See* CMO No. 18; CMO No. 19 (attached as Exhibit B). The remaining Plaintiffs did not opt into or participate in either settlement.

Under this Court's orders, a non-settling plaintiff who wished to continue litigating was required to make initial disclosures pursuant to Rule 26, complete a plaintiff fact sheet, and produce all records evidencing any purchase or use of JUUL products, all records relating to his alleged injuries, seven years of medical records, certain preliminary expert reports concerning causation, and an affidavit concerning the alleged timeliness of his claim. CMO No. 17 at 10–12, CMO No. 19 at 7–12. After mediation of each case, the Court entered a schedule providing for initial, case-specific discovery of Plaintiffs—which included depositions of Plaintiffs—and an initial round of dispositive motions. The initial, case-specific discovery of Plaintiffs did not include medical examinations of Plaintiffs or expert discovery. Plaintiffs also did not collect and produce their emails; accordingly, the Court has ordered them to do by February 16, 2026. ECF No. 4479 (Jan. 28, 2026).

---

[3] Mother Murphy's Labs, Inc.; Alternative Ingredients, Inc.; Tobacco Technology, Inc.; eLiquitech, Inc.; McLane Company, Inc.; Eby-Brown Company, LLC; Core-Mark Holding Company, Inc.; Chevron Corporation; Circle K Stores Inc.; Speedway LLC; 7-Eleven, Inc.; Walmart, Inc.; and Walgreens Boots Alliance, Inc.

The Court declined to further address the adequacy of Plaintiffs' pleadings on motions to dismiss. Plaintiffs' allegations can be tested on an evidentiary basis through summary judgment motions following remand. The Court also declined to rule on issues of state law, which it has concluded are better left for the transferor courts.

**D.    Outstanding Tasks for Remaining Cases on Remand to Transferor Courts**

To preserve the benefits of this consolidated proceeding for all parties and avoid duplicative discovery, to preserve state-law issues for the transferor courts, and to provide for the efficient disposition of the remaining personal injury actions the Court is remanding, the Court recommends that, in addition to CMO Nos. 17 and 19, the following procedures apply to cases on remand to the transferor courts:

1.    Core fact discovery of Defendants is closed with the exception of limited and narrowly tailored fact discovery concerning the marketing granted orders the U.S. Food & Drug Administration issued to JLI in July 2025. The extensive core discovery taken to date has made further core discovery unnecessary and disproportionate to the needs of the remaining cases.

2.    Other fact discovery of Defendants should not be permitted absent a case-specific showing of need and relevance under applicable state law.

3.    Outstanding case-specific fact discovery of and concerning Plaintiffs includes (but is not necessarily limited to): (a) production of Plaintiffs' emails and other communications, including social media posts and messages; (b) production of certain medical, employment, and educational records relating to Plaintiffs; (c) follow-up depositions concerning the emails, communications, and other records Plaintiffs produce; (d) non-party subpoenas for documents specifically identified during prior depositions; (e) depositions of non-party witnesses who have not been deposed to date; and (f) medical examinations of each Plaintiff. The Court has directed the parties to continue taking this discovery pending remand.

4.    The parties have not engaged in expert discovery beyond Plaintiffs' initial productions of preliminary expert reports. Under the Court's CMO No. 17 and CMO No. 19, Plaintiffs should be given an opportunity to supplement these prior expert reports and to designate

general MDL expert reports on which they intend to rely before Defendants depose Plaintiffs' experts and disclose their own experts. The Court acknowledges that Plaintiffs in these seven cases intend to offer many of the same experts, and that Defendants likely will do the same. In the interest of efficiency, the Court recommends that the parties meet and confer about coordination of this potentially overlapping discovery and that the transferor courts enter such orders as one or more parties may request, as appropriate, to facilitate such coordination.

5. As noted above, the Court generally has declined to rule on issues of state law, particularly, but not exclusively, where there are open questions or splits in authority. It is therefore for the transferor courts to decide, under applicable state law, the appropriate scope of the medical examinations of Plaintiffs and whether any further proposed case-specific discovery is relevant to the outstanding state-law claims. It is also for the transferor courts to decide whether they have personal jurisdiction over JLI's founders and directors, whether Plaintiffs' state-law claims can survive Defendants' motions to dismiss and/or motions for judgment on the pleadings, and whether Plaintiffs have sufficient evidence to survive summary judgment motions.

6. The Court, having denied certain individual Defendants' personal jurisdiction motions without prejudice and in favor of resolution of jurisdictional questions by the transferor courts, suggests, in accordance with CMO No. 17, which provides for two rounds of dispositive motion practice, that the transferor courts take up the individual Defendants' dispositive motions concerning personal jurisdiction immediately upon remand.

IT IS SO ORDERED.

Dated: February ___, 2026

Hon. William H. Orrick
United States District Judge

6

[Proposed] Transfer Memorandum and Order Relating to
Conclusion of Personal Injury Multidistrict Proceedings