# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LITIGATION,

This Document Relates to:

ALL ACTIONS

Case No. 19-md-02913-WHO

~~PROPOSED~~ **CASE MANAGEMENT ORDER NO. 19**

HONORABLE JUDGE WILLIAM H. ORRICK

~~PROPOSED~~ **CASE MANAGEMENT ORDER NO. 19**
**(Case Management Order For Any Ongoing Litigation Against Altria)**

This Court previously entered Case Management Order No. 17, which imposed certain disclosure, production, and discovery requirements upon individuals and government entities that elected not to participate in Settlement Programs established by the Settlement Agreements between Plaintiffs' Lead Counsel and JUUL Labs, Inc. ("JLI") or filed actions after the date of the Settlement Agreements. *See* Case Management Order No. 17, ECF No. 3780 ("CMO 17"). Given the recent Settlement Agreements between Plaintiffs' Lead Counsel and Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Enterprises LLC, and Altria Group Distribution Company (hereinafter "Altria"), the Court finds it appropriate to enter this Case Management Order ("CMO") to supplement CMO 17 and ensure that the requirements in CMO 17 apply consistently to individuals and government entities who elect not participate in the Settlement Agreements with Altria or file actions in the future against Altria.

This CMO applies to:

   (i)  all individuals and government entities that have filed complaints alleging claim(s) of any nature against Altria or any other Released Party, as defined in the Settlement Agreements entered between Plaintiffs' Lead Counsel and Altria on July 26, 2023, who have elected not to participate in the Settlement Programs outlined in those Settlement Agreements (hereinafter "Litigating Plaintiffs," "Litigating Personal Injury Plaintiffs," "Litigating Economic Loss Plaintiffs," or "Litigating Government Entity Plaintiffs"); and

(ii)     all individuals and government entities alleging claim(s) of any nature against Altria or any other Released Party, as defined in the July 26, 2023 Settlement Agreements between Plaintiffs' Lead Counsel and Altria, that are newly filed in or removed to this MDL on or after the dates outlined in the Settlement Implementation Order (CMO No. 18) (hereinafter "New Plaintiffs," "New Personal Injury Plaintiffs," or "New Government Entity Plaintiffs") (collectively, the "Parties").

Pursuant to the Court's inherent authority to manage these judicial proceedings, and in light of the recent settlements, the Court finds it appropriate to enter this CMO to efficiently manage any cases against Altria by Litigating Plaintiffs and New Plaintiffs.[1]

## I.     Background and Status of Proceedings

1.     On October 2, 2019, the United States Judicial Panel on Multidistrict Litigation ("JPML") established MDL No. 2913 to centralize cases against JLI, Altria, and other Defendants concerning the development, manufacture, labeling, and marketing of JUUL products, and the alleged risks posed by use of JUUL products. Over 5,770 cases have been filed in or removed to this MDL. During the course of these MDL proceedings, the Court has exercised its discretion and inherent authority to establish discovery procedures. Fed. R. Civ. P. 1; Fed. R. Civ. P. 16(c).

2.     JLI previously entered into Settlement Agreements with the Class Action, Personal Injury, Government Entity, and Tribal Plaintiffs to resolve the vast majority of the cases in this MDL. Consistent with the Court's inherent power to manage, control, and streamline complex litigation and the broad discretion afforded the Court, the Court entered CMO 17, under which individuals and government entities who elect not to participate in the settlement with JLI or file actions that are coordinated in this MDL after the Settlement Agreements must meet certain preservation, disclosure, and discovery requirements and which sets forth certain early briefing requirements. *See* CMO 17, ¶¶ 3-8 (citing relevant authorities).

---

[1] Aside from certain information relevant to claims against Altria, the requirements set forth in this CMO are similar in most respects to those that Litigating or New Plaintiffs proceeding against JLI would need to satisfy based on CMO 17. Accordingly, to the extent that a Litigating Plaintiff or New Plaintiff intends to proceed against JLI, that Litigating Plaintiff or New Plaintiff will have satisfied most of the requirements set forth below.

3.      Since that time, without admission of fault or liability, Altria entered into Settlement Agreements with the Class Action, Personal Injury, and Government Entity Plaintiffs to resolve the vast majority of the remaining cases in this MDL.  The same considerations underlying and supporting CMO 17 support the entry of this CMO, including the Court's interest in efficiently managing an MDL that is proceeding on a settlement front.  Indeed, as with CMO 17, the discovery obligations imposed by this Case Management Order are consistent with the obligations imposed in similar orders by other MDL courts.[2]

4.      For the foregoing reasons, and other good cause appearing therefor, it is Ordered as follows:

## II.      Stay of Proceedings Involving the Parties

5.      Except for the requirements and procedures described in this Order, as stated in CMO No. 18 (Implementation Order), all proceedings involving Litigating Plaintiffs and New Plaintiffs are hereby stayed as to Released Parties, as defined in the June 26, 2023 Settlement Agreements between Plaintiffs' Lead Counsel and Altria. This stay shall remain in effect until it is lifted.

---

[2] *See*, *e.g.*, Case Management Order No. 15, *In re Sorin 3T Heater-Cooler System*, No. 1:18-md-02816-CCC-SES (M.D. Pa. April 16, 2019), ECF No. 250 (requiring non-settling plaintiffs to produce certain specific information regarding their claims, including general and case-specific causation expert reports); Case Management Order No. 17 at 1, *In re Fresenius Granuflo/NaturaLyte Dialysate Prod. Liab. Litig.*, No. 1:13-md-02428-DPW (D. Mass. Jan. 26, 2017), ECF No. 1825 (requiring parties who did not opt-in to "private global settlement that could resolve the vast majority of the thousands of products liability cases" to provide an affidavit identifying documents or data to support their claims and expert affidavit on causation); Case Management Order No. 78, *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, No. 3:12-md-02385-DRH-SCW (S.D. Ill. May 29, 2014), *available at* http://www.ilsd.uscourts.gov/documents/mdl2385/CMO78.pdf (requiring non-settling plaintiffs to produce applicable medical and pharmacy records, an affidavit attesting to the collection of these records, and causation expert reports); *see also* Pretrial Order No. 28, *In re Vioxx Prods. Liab. Litig.*, No. 2:05-md-01657-EEF-DEK (E.D. La. Nov. 9, 2007), ECF No. 12962, *available at* http://www.laed.uscourts.gov/sites/default/files/vioxx/orders/vioxx.pto28.mdl.pdf; Pretrial Order No. 29, *In re Vioxx Prods. Liab. Litig.*, No. 2:05-md-01657-EEF-DEK (E.D. La. Nov. 9, 2007), ECF No. 12963, *available at* http://www.laed.uscourts.gov/sites/default/files/vioxx/orders/vioxx.pto29.mdl.pdf (setting forth detailed discovery requirements for plaintiffs not participating in an established "Resolution Program"); Case Management Order No. 126, *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, No. 1:14-CV-01748 (N.D. Ill. June 11, 2018), ECF No. 2716 (in settlement context, requiring parties who elected not to participate in the settlement program to provide applicable medical and pharmacy records, an affidavit attesting to the collection of these records, and causation and liability expert reports).

~~PROPOSED~~ CASE MANAGEMENT ORDER NO. 19

**III.    Preservation Notice Requirements**

**A.    Preservation Notice Requirements for Litigating Plaintiffs**

6.    To the extent that a Litigating Plaintiff has not already done so pursuant to CMO No. 17, within ninety (90) days after the date Litigating Plaintiff elects not to settle his/her claims, Counsel for Litigating Plaintiffs subject to this Order shall notify the following individuals or entities, by registered mail, that they may have records relevant to the Litigating Plaintiff's claim in this MDL Proceeding ("Claim") and that any records relating to the Litigating Plaintiff must be preserved pursuant to the Order re: Discovery of Electronically Stored Information entered by this Court on December 17, 2019 (ECF No. 323) (the "Notice"), pending collection by the Litigating Plaintiff:

a.    If Litigating Plaintiff asserts claims for personal injury, all Physicians and/or other Healthcare Providers, including Mental Health Treatment Providers, who, for any reason, treated the Litigating Plaintiff at any time during the seven (7) years prior to the date of the Litigating Plaintiff's alleged injury through the present;

b.    If Litigating Plaintiff asserts claims for personal injury, all Pharmacies that dispensed any medications to the Litigating Plaintiff at any time during the seven (7) years prior to the date of the Litigating Plaintiff's alleged injury through the present;

c.    If Litigating Plaintiff is seeking lost wages, all of his or her employers for the period from three (3) years prior to the date for which he or she is seeking lost wages through the last day for which Litigating Plaintiff is seeking lost wages;

d.    If Litigating Plaintiff is seeking lost wages, all of his or her tax preparers or advisors, if any, for the period from three (3) years prior to the date for which he or she is seeking lost wages through the last day for which Litigating Plaintiff is seeking lost wages;

e.    If Litigating Plaintiff is seeking damages for economic loss, all credit card companies and banking institutions which Litigating Plaintiff utilized to purchase JUUL products for the period from June 1, 2015 to the present;

f.    If Litigating Plaintiff is a Government Entity, all Contractors that performed repair, clean up, or other services in connection with alleged property damages; and

~~PROPOSED~~ CASE MANAGEMENT ORDER NO. 19

g.      If Litigating Plaintiff is a Government Entity, all current and former students from June 1, 2015 to present who may serve as witnesses.

7.      A copy of this Court's December 17, 2019 Order re: Discovery of Electronically Stored Information (ECF No. 323) shall be attached to the Notice and all copies of the Notice shall be preserved by Counsel for the Litigating Plaintiff for so long as the Claim remains pending in this Proceeding.

8.      To the extent that a Litigating Plaintiff has not already done so pursuant to CMO No. 17, by no later than one hundred and five (105) days after the date Litigating Plaintiff elects not to settle his/her claims, Counsel for the Litigating Plaintiff shall serve a statement listing the names and addresses of all individuals or entities to which Notices were sent, along with copies of the Notices and a signed certification that the Notices were sent as required by this Order. Service by the Litigating Plaintiffs shall be made to Counsel for Altria at the following email address: JUULDiscovery@arnoldporter.com. To the extent a Litigating Plaintiff has not already resolved its claims against Juul Labs, Inc. ("JLI"), Adam Bowen, James Monsees, Nicholas Pritzker, Riaz Valani, Hoyoung Huh, and/or any party listed on Exhibit B to the JLI Settlement Implementation Order (CMO No. 16) (hereinafter "Previously Settling Defendants"), service by the Litigating Plaintiffs shall be made via email to Counsel for Previously Settling Defendants at the following email address: JUUL_PlaintiffDiscovery@kirkland.com.

9.      Litigating Plaintiffs who fail to fully comply with the requirements of this Order shall be given notice by email or fax from Altria's Counsel and shall be provided thirty (30) additional days to cure such deficiency ("Cure Period"). No other extensions will be granted, except for good cause shown.

10.      Litigating Plaintiffs may not seek to introduce into evidence at trial any document or information from the Litigating Plaintiff's pharmacy, physician, or other healthcare provider asserting that use of JUUL products caused any alleged injury/injuries if a Notice was not sent to the Litigating Plaintiff's pharmacy, physician or other healthcare provider as required by this Order, except upon leave of court for good cause shown. A Litigating Plaintiff who fails to comply with this Order may also be subject to other sanctions or orders.

## B.       Preservation Notice Requirements for New Plaintiffs

11.       To the extent that a Litigating Plaintiff has not already done so pursuant to CMO No. 17, within ninety (90) days of their cases being newly filed in or removed to this MDL, Counsel for New Plaintiffs subject to this Order shall notify the following individuals or entities, by registered mail, that they may have records relevant to the New Plaintiff's Claim and that any records relating to the New Plaintiff must be preserved pursuant to the Order re: Discovery of Electronically Stored Information entered by this Court on December 17, 2019 (ECF No. 323) (the "Notice"), pending collection by the New Plaintiff:

a.       If New Plaintiff asserts claims for personal injury, all Physicians and/or other Healthcare Providers, including Mental Health Treatment Providers, who, for any reason, treated the New Plaintiff at any time during the seven (7) years prior to the date of the New Plaintiff's alleged injury through the present;

b.       If New Plaintiff asserts claims for personal injury, all Pharmacies that dispensed any medications to the New Plaintiff at any time during the seven (7) years prior to the date of the New Plaintiff's alleged injury through the present;

c.       If New Plaintiff is seeking lost wages, all of his or her employers for the period from three (3) years prior to the date for which he or she is seeking lost wages through the last day for which the New Plaintiff is seeking lost wages;

d.       If New Plaintiff is seeking lost wages, all of his or her tax preparers or advisors, if any, for the period from three (3) years prior to the date for which he or she is seeking lost wages through the last day for which the New Plaintiff is seeking lost wages;

e.       If New Plaintiff is seeking damages for economic loss, all credit card companies and banking institutions which New Plaintiff utilized to purchase JUUL products for the period from June 1, 2015 to the present;

f.       If New Plaintiff is a Government Entity, all Contractors that performed repair, clean up, or other services in connection with alleged property damages; and

g.       If New Plaintiff is a Government Entity, all current and former students from June 1, 2015 to present who may serve as witnesses.

12.     A copy of this Court's December 17, 2019 Order re: Discovery of Electronically Stored Information (ECF No. 323) shall be attached to the Notice and all copies of the Notice shall be preserved by Counsel for the New Plaintiff for so long as the Claim remains pending in this Proceeding.

13.     To the extent that a Litigating Plaintiff has not already done so pursuant to CMO No. 17, by no later than one hundred and five (105) days after cases being newly filed in or removed to this MDL, Counsel for the New Plaintiff shall serve a statement listing the names and addresses of all individuals or entities to which Notices were sent, along with copies of the Notices and a signed certification that the Notices were sent as required by this Order. Service by the New Plaintiffs shall be made to Counsel for Altria at the following email address: JUULDiscovery@arnoldporter.com. Service by the New Plaintiffs shall be made via email to Counsel for Previously Settling Defendants at the following email address: JUUL_PlaintiffDiscovery@kirkland.com.

14.     New Plaintiffs who fail to fully comply with the requirements of this Order shall be given notice by email or fax from Altria's Counsel and shall be provided thirty (30) additional days to cure such deficiency ("Cure Period"). No other extensions will be granted, except for good cause shown.

15.     New Plaintiffs may not seek to introduce into evidence at trial any document or information from the New Plaintiff's pharmacy, physician, or other healthcare provider asserting that use of JUUL products caused any alleged injury/injuries if a Notice was not sent to the New Plaintiff's pharmacy, physician or other healthcare provider as required by this Order, except upon leave of court for good cause shown. A New Plaintiff who fails to comply with this Order may also be subject to other sanctions or orders.

## IV.     Litigating and New Plaintiffs' Requirements to Produce Certain Specified Information Regarding their Claims

### A.     Litigating Personal Injury Plaintiffs' Requirements

#### (a)     Litigating Personal Injury Plaintiffs' Production Requirements

16.     All Litigating Personal Injury Plaintiffs shall serve the following documents and/or information upon Counsel for Altria within the timeframe provided in Section VI:

(1)     All disclosures required by Fed. R. Civ. P. 26(a).

(2)     <u>Plaintiff Fact Sheets</u>. If not already completed, executed, and served, each Litigating Personal Injury Plaintiff must comply with all requirements of this Court's March 27, 2020 CMO No. 8 Regarding Plaintiffs' and Defendants' Fact Sheets and produce the items described in Section IV.A.a.21.

(3)     <u>Records Relating to Alleged Exposure to JUUL Products</u>. All records evidencing any purchases or use of JUUL products and the dates of such purchases or use of JUUL products, including emails, invoices, receipts, bank, credit card or debit card statements, bills, cancelled checks, or other proofs of purchase, and any social media related to Litigating Personal Injury Plaintiff's use of JUUL products.

(4)     <u>Documents Relating to Claims Against Altria.</u>  All documents that relate to the Litigating Personal Injury Plaintiff's claims against Altria, including but not limited to records related to any retail services or advertisements involving Altria that Plaintiff claims are related to Plaintiff's injuries.

(5)     <u>Medical Records Relating to Alleged Injury</u>. All records that relate to the Litigating Personal Injury Plaintiff's alleged JUUL product-related injury/injuries, including medical records, pharmacy records, and mental health treatment records, if applicable.

(6)     <u>Medical Records Relating to Medical Conditions</u>. All records relating to the Litigating Personal Injury Plaintiff from health care providers for the period from seven (7) years prior to the date of the Litigating Personal Injury Plaintiff's alleged injury to the present. If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed.

(7) <u>Record Collection Production</u>. The Litigating Personal Injury Plaintiff and his/her Counsel shall affirmatively collect and produce such records from all available sources in the Litigating Personal Injury Plaintiff's possession, custody, or control, which includes but is not limited to any relevant records that can be collected from the Litigating Personal Injury Plaintiff's medical facilities, health care providers, and/or pharmacies that treated and/or dispensed drugs to, or for, the Litigating Personal Injury Plaintiff. A Litigating Personal Injury Plaintiff and his/her Counsel shall not be in compliance with this CMO by only producing authorizations to allow Altria to collect such records.

(8) <u>Affidavit re: Claims and Defenses.</u>  An affidavit signed by the Litigating Personal Injury Plaintiff providing the following information and the basis for that information: (i) the date Plaintiff first learned their alleged injury/injuries may be related to the use of JUUL products; (ii) how Plaintiff first learned their alleged injury/injuries may be related to the use of JUUL products; (iii) the date Plaintiff first spoke to or corresponded with an attorney about potential litigation related to the use of JUUL products; (iv) the date Plaintiff first retained Counsel for litigation related to use of JUUL products; (v) the date Plaintiff first used a JUUL product; (vi) if applicable, the date the Plaintiff first saw a JUUL advertisement, including a description of the advertisement, (vii) whether Plaintiff purchased JUUL products at retail locations, the address for each such locations and the date(s) of JUUL purchases, and whether and to what extent Plaintiff claims to have been injured by services provided by Altria at that retailer; (viii) whether Plaintiff purchased packs of cigarettes that contained a JUUL coupon and, if so, the location and

date of any such purchase and the brand of cigarettes purchased; (ix) whether Plaintiff received direct mail or emails concerning JUUL products from Altria and, if so, the date Plaintiff received any such direct mail or email; (x) whether Plaintiff currently uses JUUL and, if not, the last date Plaintiff purchased JUUL and the last date Plaintiff used JUUL; (xi) whether Plaintiff currently uses vapor products; if so, the brand Plaintiff currently uses; and, if not, the last date Plaintiff used a vapor product and the brand Plaintiff used; (xii) whether Plaintiff currently uses any other product containing nicotine; if so, the product Plaintiff currently uses; and, if not, the last date Plaintiff used any other product containing nicotine and the brand Plaintiff used; (xiii) whether Plaintiff had a relationship with Altria and, if so, a description of that relationship, and (ix) whether Plaintiff purchased and/or used JUUL in California.

(9) <u>Affidavit re: Compliance</u>. An affidavit signed by the Litigating Personal Injury Plaintiff's Counsel attesting (i) that the Litigating Personal Injury Plaintiff has complied with requirements of this Court's Order Regarding Plaintiffs' and Defendants' Fact Sheets and Service Protocol; (ii) that all available records described in Sections IV.A.a.21.3 – IV.A.a.21.7 have been requested; (iii) that all records collected have been produced pursuant to this CMO; and (iv) that the Litigating Personal Injury Plaintiff has provided the Affidavit described in Section IV.A.a.21.8. If any of the documents or records described in Sections IV.A.a.21.3 – IV.A.a.21.7 do not exist or exist but cannot be obtained, the signed affidavit by the Litigating Personal Injury Plaintiff's Counsel shall state that fact and the reasons why such materials do not exist or cannot be obtained, and shall provide a "No Records Statement" from each records custodian if received, or

proof of return to sender from the United States Postal Service if the last known address of the medical provider is no longer valid or other documentation to explain why said missing records were not available.

**(b)** **Litigating Personal Injury Plaintiffs' Expert Reports.**

17. All Litigating Personal Injury Plaintiffs shall serve, within the timeframe provided in Section VI, expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

(1) A Rule 26(a)(2) expert report on general causation concerning the alleged injury/injuries, to the extent the alleged injury/injuries were not adequately addressed in the general causation expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

(2) A Rule 26(a)(2) case-specific expert report concerning the existence and causation of the Litigating Personal Injury Plaintiff's alleged injury/injuries. The case-specific expert report should include, at a minimum, an as-precise- as-possible identification of all drug use by Litigating Personal Injury Plaintiff, whether legal or illegal, including the Plaintiff's JUUL usage, other ENDS product usage and/or combustible cigarette usage, if any, and the nature and timing of the Plaintiff's alleged injury, along with the details of any medical exams, testing, diagnosis or treatment relied upon to support any claimed injury; a sworn statement by a competent medical expert that the expert believes to the appropriate degree of medical certainty that Plaintiff has suffered the alleged injury the Plaintiff claims and that Plaintiff's use of JUUL products substantially contributed to the Plaintiff's alleged injury, along with a detailed description of all facts, medical and scientific literature or other authorities relied upon by the expert to support such opinion; and a complete set of medical records

Case No. 19-md-02913-WHO

relied upon in forming the expert's opinion. The reports required by Sections IV.A.b.22.1 and IV.A.b.22.2 may be combined in a single report by a single expert.

(3)    A Rule 26(a)(2) expert report on the basis for liability, including in particular the basis for Altria's purported liability, to the extent the alleged basis for liability was not adequately addressed in the expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

(4)    A Rule 26(a)(2) expert report describing all of the Litigating Plaintiff's alleged damages, including a complete set of records relied upon in forming the expert's opinion.

18.    No reference to the causation expert reports required by this Section IV.A.b.22 shall be made at trial unless said expert(s) have had an opportunity to supplement such report(s) based on the subsequently developed record of the case.  Any and all such reports shall be disclosed to Altria no later than 60 days before trial, and Altria shall have the right to depose any expert(s) submitting such reports no later than 30 days before trial.  At trial, Litigating Personal Injury Plaintiffs may present additional evidence on specific causation including expert testimony not part of this disclosure provided the specific case management order was complied with. If a Litigating Personal Injury Plaintiff provides Rule 26 expert reports as contemplated by this section, the Court expects to set further deadlines for management of the case, including but not limited to deadlines for additional case-specific discovery and dispositive motion practice regarding the Litigating Personal Injury Plaintiff's claims.

**B.    New Personal Injury Plaintiffs' Requirements**

**(a)    New Personal Injury Plaintiffs' Production Requirements**

19.    All New Personal Injury Plaintiffs shall serve the following documents and/or information upon Counsel for Altria within the timeframe provided in Section VI:

(1)    All disclosures required by Fed. R. Civ. P. 26(a).

(2) <u>Plaintiff Fact Sheets</u>. Each New Personal Injury Plaintiff must comply with all requirements of this Court's March 27, 2020 CMO No. 8 Regarding Plaintiffs' and Defendants' Fact Sheets and produce the items described in Section IV.B.a.24.

(3) <u>Records Relating to Alleged Exposure to JUUL Products</u>: All records evidencing any purchases or use of JUUL products and the date of such purchases or use of JUUL products, including emails, invoices, receipts, bank, credit card or debit card statements, bills, cancelled checks, or other proof of purchase, and any social media related to the New Personal Injury Plaintiff's use of JUUL products.

(4) <u>Documents Relating to Claims Against Altria.</u>  All documents that relate to the New Personal Injury Plaintiff's claims against Altria specifically, including but not limited to records related to any retail services or advertisements involving Altria that Plaintiff claims are related to Plaintiff's injuries.

(5) <u>Medical Records Relating to Alleged Injury</u>: All records that relate to the New Personal Injury Plaintiff's alleged JUUL product-related injury/injuries, including medical records, pharmacy records, and mental health treatment records, if applicable.

(6) <u>Medical Records Relating to Medical Condition</u>: All records relating to the New Personal Injury Plaintiff from health care providers for the period from seven (7) years prior to the date of the New Personal Injury Plaintiff's alleged injury to the present. If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed.

(7) <u>Record Collection Production</u>. The New Personal Injury Plaintiff and his/her Counsel shall affirmatively collect and produce such records from all available sources in the New Personal Injury Plaintiff's

possession, custody, or control, which includes but is not limited to any relevant records that can be collected from the New Personal Injury Plaintiff's medical facilities, health care providers, and/or pharmacies that treated and/or dispensed drugs to, or for, the New Personal Injury Plaintiff. A New Personal Injury Plaintiff and his/her Counsel shall not be in compliance with this CMO by only producing authorizations to allow Altria to collect such records.

(8)    <u>Affidavit re: Claims and Defenses.</u>  An affidavit signed by the New Personal Injury Plaintiff providing the following information and the basis for that information: (i) the date Plaintiff first learned their alleged injury/injuries may be related to the use of JUUL products; (ii) how Plaintiff first learned their alleged injury/injuries may be related to the use of JUUL products; (iii) the date Plaintiff first spoke to or corresponded with an attorney about potential litigation related to the use of JUUL products; (iv) the date Plaintiff first retained Counsel for litigation related to use of JUUL products; (v) the date Plaintiff first used a JUUL product; (vi) if applicable, the date Plaintiff first saw a JUUL advertisement, including a description of the advertisement, (vii) whether Plaintiff purchased JUUL products at retail locations, the address for each such locations and the date(s) of JUUL purchases, and whether and to what extent Plaintiff claims to have been injured by services provided by Altria at that retailer; (viii) whether Plaintiff purchased packs of cigarettes that contained a JUUL coupon and, if so, the location and date of any such purchase and the brand of cigarettes purchased; (ix) whether Plaintiff received direct mail or emails concerning JUUL products from Altria and, if so, the date Plaintiff received any such direct mail or email; (x whether Plaintiff currently uses JUUL and, if not, the last date Plaintiff

~~PROPOSED~~ CASE MANAGEMENT ORDER NO. 19

purchased JUUL and the last date Plaintiff used JUUL; (xi) whether Plaintiff currently uses vapor products; if so, the brand Plaintiff currently uses; and, if not, the last date Plaintiff used a vapor product and the brand Plaintiff used; (xii) whether Plaintiff currently uses any other product containing nicotine; if so, the product Plaintiff currently uses; and, if not, the last date Plaintiff used any other product containing nicotine and the brand Plaintiff used; (xiii) whether Plaintiff had a relationship with Altria and, if so, a description of that relationship, and (xiv) whether Plaintiff purchased and/or used JUUL in California.

(9) <u>Affidavit re: Compliance</u>. An affidavit signed by the New Personal Injury Plaintiff's Counsel attesting (i) that the New Personal Injury Plaintiff has complied with requirements of this Court's Order Regarding Plaintiffs' and Defendants' Fact Sheets and Service Protocol; (ii) that all available records described in Sections IV.B.a.24.3 – IV.B.a.24.7 have been requested (iii) that all records collected have been produced pursuant to this CMO; and (iv) that the New Personal Injury Plaintiff has provided the Affidavit described in Section IV.A.a.24.8. If any of the documents or records described in Sections IV.B.a.24.3 – IV.B.a.24.7 do not exist, or exist but cannot be obtained, the signed affidavit by the New Personal Injury Plaintiff's Counsel shall state that fact and the reasons why such materials do not exist or cannot be obtained, and shall provide a "No Records Statement" from each records custodian if received, or proof of return to sender from the United States Postal Service if the last known address of the medical provider is no longer valid or other documentation to explain why said missing records were not available..

**(b)     New Personal Injury Plaintiffs' Expert Reports**

20.     All New Personal Injury Plaintiffs shall serve, within the timeframe provided in Section VI, expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

> (1)     A Rule 26(a)(2) expert report on general causation concerning the alleged injury/injuries, to the extent the alleged injury/injuries were not adequately addressed in the general causation expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

> (2)     A Rule 26(a)(2) case-specific expert report concerning the causation of the New Personal Injury Plaintiff's alleged injury/injuries. The case-specific expert report should include, at a minimum, an as-precise-as-possible identification of all drug use by New Personal Injury Plaintiff, whether legal or illegal, including the Plaintiff's JUUL usage, other ENDS product usage and/or combustible cigarette usage, if any, and the nature and timing of the Plaintiff's alleged injury, along with the details of any medical exams, testing, diagnosis or treatment relied upon to support any claimed injury; a sworn statement by a competent medical expert that the expert believes to the appropriate degree of medical certainty that Plaintiff has suffered the alleged injury the Plaintiff claims and that Plaintiff's use of JUUL products substantially contributed to the Plaintiff's alleged injury, along with a detailed description of all facts, medical and scientific literature or other authorities relied upon by the expert to support such opinion; and a complete set of medical records relied upon in forming the expert's opinion. The reports required by Sections IV.B.b.25.1 and IV.B.b.25.2 may be combined in a single report by a single expert.

> (3)     A Rule 26(a)(2) expert report on the basis for liability, including in particular the basis for Altria's purported liability, to the extent the

alleged basis for liability was not adequately addressed in the expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

(4)    A Rule 26(a)(2) expert report describing all of the New Plaintiff's alleged damages, including a complete set of records relied upon in forming the expert's opinion.

21.    No reference to the causation expert reports required by this Section IV.B.b.25 shall be made at trial unless said expert(s) have had an opportunity to supplement such report(s) based on the subsequently developed record of the case. At trial, New Personal Injury Plaintiffs may present additional evidence on specific causation including expert testimony not part of this disclosure provided the specific case management order was complied with. If a New Personal Injury Plaintiff provides Rule 26 expert reports as contemplated by this section, the Court expects to set further deadlines for management of the case.

**C.    Litigating Economic Loss Plaintiffs' Requirements**

**(a)    Litigating Economic Loss Plaintiffs' Production Requirements**

22.    All Litigating Economic Loss Plaintiffs shall serve the following documents and/or information upon Counsel for Altria within the timeframe provided in Section VI:

(1)    All disclosures required by Fed. R. Civ. P. 26(a).

(2)    <u>Plaintiff Fact Sheets</u>. If not already completed, executed, and served, each Litigating Economic Loss Plaintiff must comply with all requirements of this Court's March 10, 2021 CMO No. 14 Regarding Non-Bellwether Class Representatives Fact Sheet Implementation Order and produce the items described in Section IV.C.a.27.

(3)    <u>Proof of Purchase</u>. Each Litigating Economic Loss Plaintiff must produce proof of purchase for all JUUL products purchased after June 1, 2015, including emails, invoices, receipts, bank, credit card or debit card statements, bills, cancelled checks, or other proofs of purchase.

(4)  <u>Documents Relating to Claims Against Altria.</u>  All documents that relate to the Litigating Economic Loss Plaintiff's claims against Altria specifically, including but not limited to records related to any retail services or advertisements involving Altria that Plaintiff claims are related to Plaintiff's injuries.

(5)  <u>Affidavit re: Claims and Defenses.</u>  An affidavit signed by the Litigating Economic Loss Plaintiff providing the following information: (i) the date Plaintiff first learned about their alleged injury/injuries; (ii) how Plaintiff first learned their alleged injury/injuries may be related to the purchase of JUUL products; (iii) the date Plaintiff first spoke to or corresponded with an attorney about potential litigation related to JUUL products; (iv) the date Plaintiff first retained Counsel for litigation related to JUUL products; (v) the date Plaintiff first used a JUUL product; (vi) if applicable, the date Plaintiff first saw a JUUL advertisement, including a description of the advertisement, (vii) whether Plaintiff purchased JUUL products at retail locations, the address for each such locations and the date(s) of JUUL purchases, and whether and to what extent Plaintiff claims to have been injured by services provided by Altria at that retailer; (viii) whether Plaintiff purchased packs of cigarettes that contained a JUUL coupon and, if so, the location and date of any such purchase and the brand of cigarettes purchased; (ix) whether Plaintiff received direct mail or emails concerning JUUL products from Altria and, if so, the date Plaintiff received any such direct mail or email; (x) whether Plaintiff currently uses JUUL and, if not, the last date Plaintiff purchased JUUL and the last date Plaintiff used JUUL; (xi) whether Plaintiff had a relationship with Altria and, if so, a description of that

Case No. 19-md-02913-WHO

relationship, and (xii) whether Plaintiff purchased and/or used JUUL in California.

(6) <u>Affidavit re: Compliance</u>. An affidavit signed by the Litigating Economic Loss Plaintiff's Counsel attesting (i) that the Litigating Economic Loss Plaintiff has complied with requirements of this Court's Order Regarding Plaintiffs' and Defendants' Fact Sheets and Service Protocol; (ii) that records described in Section IV.C.a.27.3 have been collected; (iii) that all records collected have been produced pursuant to this CMO; and (iv) that the Litigating Economic Loss Plaintiff has provided the Affidavit described in Section IV.C.a.27.5. If any of the documents or records described in Section IV.C.a.27.3 do not exist, the signed affidavit by the Litigating Economic Loss Plaintiff's Counsel shall state that fact and the reasons why such materials do not exist, and shall provide a "No Records Statement" from each records custodian.

**(b)** **Litigating Economic Loss Plaintiffs' Expert Reports**

23. All Litigating Economic Loss Plaintiffs shall serve, within the timeframe provided in Section VI, expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

(1) A Rule 26(a)(2) expert report on general causation concerning the alleged injury/injuries, to the extent the alleged injury/injuries were not adequately addressed in the general causation expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

(2) A Rule 26(a)(2) expert report on the basis for liability, including in particular the basis for Altria's purported liability, to the extent the alleged basis for liability was not adequately addressed in the expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

19

(3)     A Rule 26(a)(2) expert report describing all of the Litigating Economic Loss Plaintiff's alleged damages, including a complete set of materials relied upon in forming the expert's opinion.

24.     No reference to the causation expert reports required by this Section IV.C.b.28 shall be made at trial unless said expert(s) have had an opportunity to supplement such report(s) based on the subsequently developed record of the case. At trial, Litigating Economic Loss Plaintiffs may present additional evidence on specific causation including expert testimony not part of this disclosure provided the specific case management order was complied with. If a Litigating Economic Loss Plaintiff provides Rule 26 expert reports as contemplated by this section, the Court expects to set further deadlines for management of the case, including deadlines for additional case-specific discovery and dispositive motion practice regarding the Litigating Economic Loss Plaintiff's claims.

### D.     New Economic Loss Plaintiffs' Requirements

#### (a)     New Economic Loss Plaintiffs' Production Requirements

25.     All New Economic Loss Plaintiffs shall serve the following documents and/or information upon Counsel for Altria within the timeframe provided in Section VI:

(1)     All disclosures required by Fed. R. Civ. P. 26(a).

(2)     <u>Plaintiff Fact Sheets</u>. Each New Economic Loss Plaintiff must comply with all requirements set forth in this Court's March 10, 2021 CMO No. 14 Regarding Non-Bellwether Class Representatives Fact Sheet Implementation Order and produce the items described in Section IV.D.a.30.

(3)     <u>Proof of Purchase</u>. Each New Economic Plaintiff must produce proof of purchase for all JUUL products purchased after June 1, 2015, including emails, invoices, receipts, bank, credit card or debit card statements, bills, cancelled checks, or other proofs of purchase.

(4)     <u>Documents Relating to Claims Against Altria.</u>  All documents that relate to the New Economic Loss Plaintiff's claims against Altria

specifically, including but not limited to records related to any retail services or advertisements involving Altria that Plaintiff claims are related to Plaintiff's injuries.

    (5)    <u>Affidavit re: Claims and Defenses.</u>  An affidavit signed by the New Economic Loss Plaintiff providing the following information: (i) the date Plaintiff first learned about their alleged injury/injuries; (ii) how Plaintiff first learned their alleged injury/injuries may be related to the purchase of JUUL products; (iii) the date Plaintiff first spoke to or corresponded with an attorney about potential litigation related to JUUL products; (iv) the date Plaintiff first retained Counsel for litigation related to JUUL products; (v) the date Plaintiff first used a JUUL product; (vi) if applicable, the date Plaintiff first saw a JUUL advertisement, including a description of the advertisement, (vii) whether Plaintiff purchased JUUL products at retail locations, the address for each such locations and the date(s) of JUUL purchases, and whether and to what extent Plaintiff claims to have been injured by services provided by Altria at that retailer; (viii) whether Plaintiff purchased packs of cigarettes that contained a JUUL coupon and, if so, the location and date of any such purchase and the brand of cigarettes purchased; and (ix) whether Plaintiff received direct mail or emails concerning JUUL products from Altria and, if so, the date Plaintiff received any such direct mail or email; (x) whether Plaintiff currently uses JUUL and, if not, the last date Plaintiff purchased JUUL and the last date Plaintiff used JUUL; (xi) whether Plaintiff had a relationship with Altria and, if so, a description of that relationship, and (xii) whether Plaintiff purchased and/or used JUUL in California.

    (6)    <u>Affidavit re: Compliance.</u>  An affidavit signed by the New Economic Loss Plaintiff's Counsel attesting (i) that the New Economic Loss

Plaintiff has complied with requirements of this Court's Order Regarding Plaintiffs' and Defendants' Fact Sheets and Service Protocol; (ii) that all records described in Section IV.D.a.30.3 have been requested; (iii) that all records collected have been produced pursuant to this CMO; and (iv) that the New Economic Loss Plaintiff has provided the Affidavit described in Section IV.C.a.30.5. If any of the documents or records described in Section IV.D.a.30.3 do not exist, the signed affidavit by the New Economic Loss Plaintiff's Counsel shall state that fact and the reasons why such materials do not exist, and shall provide a "No Records Statement" from each records custodian if received or other documentation to explain why said missing records were not available.

**(b)** **New Economic Loss Plaintiffs' Expert Reports**

26. All New Economic Loss Plaintiffs shall serve, within the timeframe provided in Section VI, expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

(1) A Rule 26(a)(2) expert report on general causation concerning the alleged injury/injuries, to the extent the alleged injury/injuries were not adequately addressed in the general causation expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

(2) A Rule 26(a)(2) expert report on the basis for liability, including in particular the basis for Altria's purported liability, to the extent the alleged basis for liability was not adequately addressed in the expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

(3) A Rule 26(a)(2) expert report describing all of the New Economic Loss Plaintiff's alleged damages, including a complete set of records relied upon in forming the expert's opinion.

27.     No reference to the causation expert reports required by this Section IV.D.b.31 shall be made at trial unless said expert(s) have had an opportunity to supplement such report(s) based on the subsequently developed record of the case. At trial, New Economic Loss Plaintiffs may present additional evidence on specific causation including expert testimony not part of this disclosure provided the specific case management order was complied with. If a New Economic Loss Plaintiff provides Rule 26 expert reports as contemplated by this section, the Court expects to set further deadlines for management of the case.

**E.     Litigating Government Entity Plaintiffs' Requirements**

       **(a)     Litigating Government Entity Plaintiffs' Production Requirements**

28.     All Litigating Government Entity Plaintiffs shall serve the following documents and/or information upon Counsel for Altria within the timeframe provided in Section VI:

       (1)     All disclosures required by Fed. R. Civ. P. 26(a).

       (2)     <u>Plaintiffs Fact Sheets</u>. If not already completed, executed, and served, each Litigating Government Entity Plaintiff must comply with all requirements of this Court's October 22, 2020 CMO No. 13 Regarding Government Entity and School District Fact Sheet Implementation Order and produce the items described in Section IV.E.a.33.

       (3)     Each Litigating Government Entity Plaintiff must produce all documents responsive to the document requests identified in the Plaintiff Fact Sheets required by CMO Nos. 13 and 15, including reports, surveys, analyses, studies, or other documents related to any vaping and e-cigarette- related services and programs, policies and reports relating to e-cigarettes, tobacco, alcohol, drugs, and other illicit substances.

       (4)     Each Litigating Government Entity Plaintiff must produce proof of actual damages, including but not limited to (i) documents and communications concerning harm, monetary or otherwise, Plaintiff

claims as a result of JLI's alleged conduct and Altria's alleged conduct; (ii) documents and communications sufficient to show how much money Plaintiff spent on issues related to JUUL product use through the present; (iii) documents and communications sufficient to show how much money Plaintiff received from any source to address ENDS product use, tobacco product use, other inhaled product use, illegal drug use or illicit use of legal drugs through the present; (iv) documents and communications sufficient to show how much money Plaintiff spent on issues related to ENDS product use, tobacco product use, other inhaled product use, illegal drug use or illicit use of legal drugs through the present; (v) documents and communications sufficient to show Plaintiff's efforts to address issues related to ENDS product use, tobacco product use, other inhaled product use, illegal drug use or illicit use of legal drugs; (vi) documents and communications reflecting or related to the prevalence of JUUL use, vapor product use, and tobacco product use within the locality or localities governed or overseen by Plaintiff from 2014 through the present; (vii) documents and communications sufficient to show how Altria in particular caused Plaintiff to incur any alleged injury or costs.

(5)     Abatement. Each Litigating Government Entity Plaintiff must specifically identify each of the categories of its claimed abatement costs and produce all documents supporting the basis for same.

(6)     Affidavit re: Claims and Defenses.   An affidavit signed by the Litigating Government Entity Plaintiff  providing the following information: (i) the date Plaintiff first incurred vaping-related costs or injuries; (ii) the date Plaintiff first learned that Plaintiff's alleged costs/injuries may be related to JUUL products; (iii) how Plaintiff first

learned that any of the Plaintiff's alleged costs/injuries may be related to JUUL products; (iv) the date that Plaintiff first spoke to or corresponded with an attorney about potential litigation related to the use of JUUL products; (v) the date that Plaintiff first retained Counsel for litigation related to use of JUUL products; (vi) whether and to what extent Plaintiff alleges that services provided by Altria at retail locations caused Plaintiff's vapor-related costs/injuries; (vii) whether and to what extent Plaintiff alleges that JUUL advertisements disseminated by Altria caused Plaintiff's vapor-related costs/injuries; (viii) whether and to what extent the locality or localities governed or overseen by Plaintiff banned or restricted the sale of flavored vapor products; (ix) the rates of underage JUUL use and underage vapor use within the locality or localities governed or overseen by Plaintiff between 2014 and the present; (x) the brand(s) of vapor products that are currently used most frequently by underage individuals within the locality or localities; (xi) the extent to which Plaintiff requested and/or received funding from third parties to address vapor-related issues; (xii) whether and to what extent underage individuals within the locality or localities purchased and used JUUL because of Altria's conduct; (xiii) whether Plaintiff had a relationship with Altria and, if so, a description of that relationship, and (xiv) to the extent that Plaintiff brings a claim for nuisance, a description of condition(s) on Plaintiff's property giving rise to that claim, whether such condition(s) currently exist, and where.

(7) <u>Affidavit re: Compliance.</u> An affidavit signed by the Litigating Government Entity   Counsel attesting (i) that the Litigating Government Entity Plaintiff has complied with  requirements of this Court's Order Regarding Plaintiffs' and Defendants' Fact Sheets and

Service Protocol; (ii) that  records described in Sections IV.E.a.33.3 – IV.E.a.33.5 have been collected; (iii) that all records collected have been produced pursuant to this CMO; and (iv) that the Litigating Government Entity Plaintiff has provided the Affidavit described in Section IV.F.a.33.6. If any of the documents or records described in Sections IV.E.a.33.3 – IV.E.a.33.5 do not exist, the signed affidavit by the Litigating Government Entity Plaintiff's Counsel shall state that fact and the reasons why such materials do not exist, and shall provide a "No Records Statement" from each records custodian if received or other documentation to explain why said missing records were not available.

**(b)      Litigating Government Entity Plaintiffs' Expert Reports**

29.      All Litigating Government Entity Plaintiffs shall serve, within the timeframe provided in Section VI, expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

(1)      A Rule 26(a)(2) expert report on general causation concerning the alleged injury/injuries, to the extent the alleged injury/injuries were not adequately addressed in the general causation expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

(2)      A Rule 26(a)(2) case-specific expert report concerning the causation of the Litigating Government Entity Plaintiff's alleged injury/injuries and alternative causation. The case-specific expert report should include, at a minimum, a precise identification of the nature and timing of the Litigating Government Entity Plaintiff's alleged injury; a sworn statement by an expert that JUUL product use caused the Plaintiff's alleged injury, along with a detailed description of all facts, scientific literature or other authorities relied upon by the expert to

support such opinion; and a complete set of materials relied upon in forming the expert's opinion. The reports required by Sections IV.E.b.34.1 and IV.E.b.34.2 may be combined in a single report by a single expert.

(3)     A Rule 26(a)(2) expert report on the basis for liability, including in particular the basis for Altria's purported liability, to the extent the alleged basis for liability was not adequately addressed in the expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

(4)     A Rule 26(a)(2) expert report on the basis for any abatement claims made by the Plaintiff, including a complete set of records relied upon in forming the expert's opinion.

(5)     A Rule 26(a)(2) expert report describing all of the Litigating Government Entity Plaintiff's alleged damages, including a complete set of records relied upon in forming the expert's opinion.

30.     No reference to the causation expert reports required by this Section IV.E.b.34 shall be made at trial unless said expert(s) have had an opportunity to supplement such report(s) based on the subsequently developed record of the case. At trial, Litigating Government Entity Plaintiffs may present additional evidence on specific causation including expert testimony not part of this disclosure provided the specific case management order was complied with. If a Litigating Government Entity Plaintiff provides Rule 26 expert reports as contemplated by this section, the Court expects to set further deadlines for management of the case, including deadlines for additional case-specific discovery and dispositive motion practice regarding the Litigating Government Entity Plaintiff's claims.

## F.     New Government Entity Plaintiffs' Requirements

### (a)     New Government Entity Plaintiffs' Production Requirements

31.     All New Government Entity Plaintiffs shall serve the following documents and/or information upon Counsel for Altria within the timeframe provided in Section VI:

(1)     All disclosures required by Fed. R. Civ. P. 26(a).

(2)     <u>Plaintiffs Fact Sheets</u>. If not already completed, executed, and served, each New Government Entity Plaintiff must comply with all requirements of this Court's October 22, 2020 CMO No. 13 Regarding Government Entity and School District Fact Sheet Implementation Order and produce the items described in Section IV.F.a.36.

(3)     Each New Government Entity Plaintiff must produce all documents responsive to the document requests identified in the Plaintiff Fact Sheets required by CMO Nos. 13 and 15, including reports, surveys, analyses, studies, or other documents related to any vaping and e-cigarette- related services and programs, policies and reports relating to e-cigarettes, tobacco, alcohol, drugs, and other illicit substances.

(4)     Each New Government Entity Plaintiff must produce proof of actual damages, including but not limited to (i) documents and communications concerning harm, monetary or otherwise, Plaintiff claims as a result of Altria's alleged conduct, (ii) documents and communications sufficient to show how much money the Plaintiff spent on issues related to JUUL product use through the present, (iii) documents and communications sufficient to show how much money the Plaintiff received from any source to address ENDS product use, tobacco product use, other inhaled product use, illegal drug use, or illicit use of legal drugs through the present, (iv) documents and communications sufficient to show how much money the Plaintiff spent on issues related to ENDS product use, tobacco product use, other inhaled product use, illegal drug use or illicit use of legal drugs through the present; (v) documents and communications sufficient to show Plaintiff's efforts to address issues related to ENDS product use,

tobacco product use, other inhaled product use, illegal drug use or illicit use of legal drugs; (vi) documents and communications reflecting or related to the prevalence of JUUL use, vapor product use, and tobacco product use within the locality or localities governed or overseen by Plaintiff from 2014 through the present; (vii) documents and communications sufficient to show how Altria in particular caused Plaintiff to incur any alleged injury or costs.

(5)  <u>Abatement</u>. Each New Government Entity Plaintiff must specifically identify each of the categories of its claimed abatement costs and produce all documents supporting the basis for same.

(6)  <u>Affidavit re: Claims and Defendants.</u>  An affidavit signed by the New Government Entity Plaintiff and its Counsel providing the following information and the basis for that information: (i) the date Plaintiff first incurred vaping-related costs or injuries; (ii) the date Plaintiff first learned that Plaintiff's alleged costs/injuries may be related to JUUL products; (iii) how Plaintiff first learned that any of the Plaintiff's alleged costs/injuries may be related to JUUL products; (iv) the date that Plaintiff first spoke to or corresponded with an attorney about potential litigation related to the use of JUUL products; (v) the date that Plaintiff first retained Counsel for litigation related to use of JUUL products; (vi) whether and to what extent Plaintiff alleges that services provided by Altria at retail locations caused Plaintiff's vapor-related costs/injuries; (vii) whether and to what extent Plaintiff alleges that JUUL advertisements disseminated by Altria caused Plaintiff's vapor-related costs/injuries; (viii) whether and to what extent the locality or localities governed or overseen by Plaintiff banned or restricted the sale of flavored vapor products; (ix) the rates of underage JUUL use and underage vapor use within the locality or

localities governed or overseen by Plaintiff between 2014 and the present; (x) the brand(s) of vapor products that are currently used most frequently by underage individuals within the locality or localities; (xi) the extent to which Plaintiff requested and/or received funding from third parties to address vapor-related issues; (xii) whether and to what extent underage individuals within the locality or localities purchased and used JUUL because of Altria's conduct; (xiii) whether Plaintiff had a relationship with Altria and, if so, a description of that relationship, and (xiv) to the extent that Plaintiff brings a claim for nuisance, a description of condition(s) on Plaintiff's property giving rise to that claim, whether such condition(s) currently exist, and where.

(7)     Affidavit re: Compliance. An affidavit signed by the New Government Entity Plaintiff's Counsel attesting (i) that the New Government Entity Plaintiff has complied with  requirements of this Court's Order Regarding Plaintiffs' and Defendants' Fact Sheets and Service Protocol; (ii) that all records described in Sections IV.F.a.36.3 – IV.F.a.36.5 have been collected; (iii) that all records collected have been produced pursuant to this CMO; and (iv) that the New Government Entity Plaintiff has provided the Affidavit described in Section IV.F.a.36.6. If any of the documents or records described in Sections IV.F.a.36.3 – IV.F.a.36.5 do not exist, the signed affidavit by the New Government Entity Plaintiff's Counsel shall state that fact and the reasons why such materials do not exist and shall provide a "No Records Statement" from each records custodian or other documentation to explain why said records were not available.

**(b)** **New Government Entity Plaintiffs' Expert Reports**

32.     All New Government Entity Plaintiffs shall serve, within the timeframe provided in Section VI, expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

(1)     A Rule 26(a)(2) expert report on general causation concerning the alleged injury/injuries, to the extent the alleged injury/injuries were not adequately addressed in the general causation expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

(2)     A Rule 26(a)(2) case-specific expert report concerning the causation of the New Government Entity Plaintiff's alleged injury/injuries and alternative causation. The case-specific expert report should include, at a minimum, a precise identification of the nature and timing of the New Government Entity Plaintiff's alleged injury; a sworn statement by an expert that Plaintiff has suffered the alleged injury the Plaintiff claims and that JUUL product use caused the Plaintiff's alleged injury, along with a detailed description of all facts, scientific literature or other authorities relied upon by the expert to support such opinion; and a complete set of materials relied upon in forming the expert's opinion. The reports required by Sections IV.F.b.37.1 and IV.F.b.37.2 may be combined in a single report by a single expert.

(3)     A Rule 26(a)(2) expert report on the basis for liability, including in particular the basis for Altria's purported liability, to the extent the alleged basis for liability was not adequately addressed in the expert reports previously served in the MDL, and a complete set of records relied upon in forming the expert's opinion.

(4)     A Rule 26(a)(2) expert report on the basis for any abatement claims made by the Plaintiff, including a complete set of records relied upon in forming the expert's opinion.

(5)     A Rule 26(a)(2) expert report describing all of the New Government Entity Plaintiff's alleged damages, including a complete set of records relied upon in forming the expert's opinion.

33.     No reference to the causation expert reports required by this Section IV.F.b.37 shall be made at trial unless said expert(s) have had an opportunity to supplement such report(s) based on the subsequently developed record of the case. At trial, New Government Entity Plaintiffs may present additional evidence on specific causation including expert testimony not part of this disclosure provided the specific case management order was complied with. If a New Government Entity Plaintiff provides Rule 26 expert reports as contemplated by this section, the Court expects to set further deadlines for management of the case.

## V.     Mediation

34.     All Litigating and New Plaintiffs who have fulfilled the requirements set forth in Section IV must participate in mediation before the Parties' Settlement Master, Thomas Perrelli. The costs for the mediation will be split equally between the respective Plaintiff and Defense. Mediation must occur within ninety (90) days of the date that production and expert requirements have been fulfilled. Mediation will proceed in accordance with Northern District of California Alternative Dispute Resolution Rules 6-7 ("Written Mediation Statements"), 6-9 ("Contact with Mediator Before the Mediation"), 6-10 ("Attendance at Session"), 6-11 ("Procedure at Mediation"), 6-12 ("Confidentiality"), and 6-13 ("Follow Up"), and 6-14 ("Certification of Session"). All discovery not otherwise required by this Order is stayed until after the requirements outlined in this Section have been completed.

## VI.     Compliance

### A.     Deadline to Comply

35.     For each Litigating Plaintiff, the items required by Sections IV.A, IV.C, IV.E, and VIII shall be produced no later than one hundred and five (105) days after the date such Litigating Plaintiff elects not to settle his/her claims, except with regard to expert reports, no later than one hundred and thirty (130) days after the date such Litigating Plaintiff elects not to settle his/her claims.

36.     For each New Plaintiff, the items required by Sections IV.B, IV.D, IV.F, and VIII shall be produced no later than one hundred and five (105) days after the case is filed in or removed to this MDL, except with regard to expert reports, that deadline will be one hundred and thirty (130) days after the case is filed in or removed to this MDL.

**B.     Failure to Comply**

37.     The Court has established the foregoing deadlines for the purpose of ensuring that pretrial litigation against Altria will progress as smoothly and efficiently as possible. Accordingly, the Court expects strict adherence to these deadlines. Should any Plaintiff fail to comply with the obligations of Sections III, IV, V, VI, VII, or VIII or should Altria deem the Litigating or New Plaintiff's compliance with this CMO deficient, Counsel for Altria shall notify the Court of the alleged deficiency, and the Court shall issue an "Order to Show Cause Why the Case Should Not Be Dismissed With Prejudice and/or Sanctions Ordered." Litigating or New Plaintiff's Counsel shall have twenty-one (21) days to respond to said Order to Show Cause, which includes the ability to cure the alleged discovery deficiency. There shall be no imposition of a sanction for any Litigating or New Plaintiff who cures a deficiency within twenty-one (21) days after entry of an Order to Show Cause. If the Litigating or New Plaintiff fails to show cause within twenty-one (21) days of entry of the Court's Order to Show Cause, the Court shall dismiss the Litigating or New Plaintiff's case with prejudice and may impose additional sanctions the Court deems appropriate. *See*, *e.g.*, *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014); *In re PPA*, 460 F.3d at 1232.

**VII.     Certification for Cases Filed After the Claim Registration Deadline**

38.     For all cases filed in or removed to this MDL after the entry of this CMO, Counsel for Plaintiff must serve a Certification that: (1) attests that the New Plaintiff had not retained said Counsel as of the deadline set forth in the Settlement Agreements; (2) identifies the date on which Counsel was retained by the New Plaintiff; (3) identifies the date on which Counsel first communicated about potential claims against JLI with the New Plaintiff; and (4) certifies that Counsel did not intentionally delay being retained by New Plaintiff for any reason, including but not limited to attempting to avoid the claim registration deadline for the Settlement Program.

39.    Counsel for Plaintiff must serve the Certification on Counsel for all Defendants, including Altria, within seven (7) days of receipt of notice of this Order. Service shall be made via email to Counsel for Altria at the following email address: JUULDiscovery@arnoldporter.com. Service shall be made via email to Counsel for Previously Settling Defendants at the following email address: JUUL_PlaintiffDiscovery@kirkland.com.

40.    Any Counsel who fails to comply with the requirements of this Section shall be given notice of such failure by email and fax from Altria's Counsel and shall be provided ten (10) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from Counsel for Altria. No other extensions will be granted. If Counsel fails to cure the deficiency within the Cure Period, Altria may file a Motion to Show Cause why sanctions should not be imposed for failure to comply with this Order. Counsel shall thereupon have twenty (20) days to respond to the Motion and show good cause why sanctions should not be imposed.

**VIII.    Case-Specific Discovery and Related Dispositive Motion Practice**

41.    If mediation as set forth in Section V is unsuccessful, the Plaintiff has complied with the requirements outlined above in Sections IV, VII, and VIII, and the Plaintiff has not previously participated in case-specific discovery, then the Parties, as applicable, shall submit a proposed Scheduling Order to the Court that: (a) grants the Parties one hundred eighty (180) days from the entry of the Scheduling Order to conduct discovery on case-specific issues ("Additional Discovery"); and (b) sets a briefing schedule that gives the Parties forty-five (45) days from the close of Additional Discovery for the Parties to submit summary judgment motions and Daubert motions, twenty-eight (28) days for responses, and twenty-eight (28) days for replies.

42.    During such Additional Discovery, the Parties are permitted to: (a) take the depositions of the Plaintiff, the Plaintiff's spouse, if applicable, and any other non-party lay fact witness specific to the Plaintiff for up to seven (7) hours each, with Counsel for Altria questioning first at each deposition; and (b) take the depositions of no more than three (3) of a Personal Injury Plaintiff's treating healthcare providers or no more than five (5) employees, consultants, or agents of a Government Entity Plaintiff, with Counsel for Altria questioning first at each deposition. In the case of complex medical situations, Altria may be permitted to take additional depositions upon a

1   showing of good cause. No other depositions may be taken during the expedited discovery period

2   absent prior leave of Court upon a showing of good cause.

3       43.    Plaintiff shall not be permitted to take additional "generic" or "core" discovery

4   without leave of Court.  If a Plaintiff serves any written discovery upon Altria, the Parties shall meet

5   and confer about whether that discovery is specific to the Plaintiff and reasonably necessary and, if

6   so, meet and confer about an appropriate deadline for responding to such discovery, which shall be

7   at least sixty (60) days after service of such discovery.

8       44.    Based upon the outcome of any summary judgment motions, if appropriate, the Court

9   will set a Case Management Conference to determine whether any non-duplicative discovery

10   including additional expert disclosures are necessary and to discuss other case management issues,

11   however the witnesses specific to the Plaintiff's claims already deposed shall not be re-deposed.

12   The filing and briefing of summary judgment motions and Daubert motions after the Expedited

13   Discovery ordered above shall not prejudice or otherwise foreclose the opportunity for any Party or

14   other defendant to file later, non-duplicative summary judgment and *Daubert* motions after

15   completing full fact and expert discovery. The Court's use of the term "non-duplicative" is intended

16   to express the Court's intention not to permit later summary judgment motions concerning topics

17   addressed in summary judgment motions filed at the conclusion of the expedited discovery period

18   or *Daubert* motions concerning witnesses addressed in *Daubert* motions filed at the conclusion of

19   the expedited discovery period.

20       45.    The foregoing provisions do not preclude any Party or other defendant from filing

21   non- duplicative dispositive motions, including motions related to personal jurisdiction.

22   **IX.    Penalties for Fraud and Deception.**

23       46.    Any party and/or Counsel for that party who submits false or misleading information,

24   or otherwise attempts to satisfy the documentation requirements of this Order through deception,

25   dishonesty, or fraud, may be subject to appropriate sanctions, including monetary sanctions and

26   costs, and dismissal with prejudice pursuant to Federal Rule of Civil Procedure 37. Plaintiffs who

27   fail to fully comply with the requirements of this Order may be subject to sanctions and dismissal

28   of their claims pursuant to Federal Rule of Civil Procedure 37.

SO ORDERED, on this 11th day of August, 2023.

By: _____
Hon. William H. Orrick
United States District Judge

PROPOSED CASE MANAGEMENT ORDER NO. 19