Scott P. Schlesinger (*admitted pro hac vice*)
Jonathan R. Gdanski (*admitted pro hac vice*)
Jeffrey L. Haberman (*admitted pro hac vice*)
**SCHLESINGER LAW OFFICES, P.A.**
1212 SE Third Avenue
Ft. Lauderdale, FL 33317
Telephone: (954) 467-8800
Email: scott@schlesingerlaw.com
Email: jgdanski@schlesingerlaw.com
Email: jhaberman@schlesingerlaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| IN RE: JUUL LABS, INC. MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Aragona v. Juul Labs, Inc. et al.*<br>*Case No. 3:20-cv-1928*<br>*Dupree v. Juul Labs, Inc. et al.*<br>*Case No. 3:20-cv-03850*<br>*Lane v. Juul Labs Inc. et al.*<br>*Case No. 3:20-cv-04661*<br>*Legacki v. Juul Labs, Inc. et al.*<br>*Case No. 3:20-cv-01927*<br>*Nessmith v. Juul Labs, Inc. et al.*<br>*Case No. 3:19-cv-06344*<br>*Sedgwick v. Juul Labs, Inc. et al.*<br>*Case No. 3:20-cv-03882*<br>*Tortorici v. Juul Labs, Inc. et al.*<br>*Case No. 3:20-cv-03847* | **PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUPPLEMENT DISCOVERY PURSUANT TO JANUARY 27, 2026 ORDER** |

**COMES NOW**, the above-captioned Plaintiffs, by and through undersigned counsel, and respectfully files this motion in abundance of caution and pursuant to L.R. 6-3 for a 30 day extension of time to comply with the Court's January 27, 2026 Order directing Plaintiffs to produce their email records within twenty (20) days. As detailed in this motion, Plaintiffs produced non-privileged email records that are responsive to Defendants' discovery requests (to the extent they have non-privileged, responsive emails) on this date, February 17, 2026. Since

the Court's order, Plaintiffs hired a third party vendor to assist Plaintiffs in this effort. The vendor is extracting Plaintiffs' emails. Once the extraction is complete, Plaintiffs will apply search terms to the overall set of emails and will produce responsive documents.  This process takes time to complete.  In support of this motion, Plaintiffs submit the accompanying declaration of Jeffrey L. Haberman, and further state as follows:

1.    On January 27, 2026, the Court conducted a Case Management Conference and entered a Minute Order directing Plaintiffs to produce emails responsive to discovery within twenty (20) days.

2.    The Court's Order requires compliance on or before February 17, 2026.

3.    Plaintiffs have acted diligently and in good faith to comply with the Court's directive. Specifically, Plaintiffs took the search terms provided by Defendants along with other terms that would be relevant in the respective cases, and ran those terms against Plaintiffs' email accounts. The results of those searches are being produced today.

4.    However, in an abundance of caution—and to ensure that no responsive material is inadvertently missed—Plaintiffs have also retained a third-party vendor to conduct an additional, comprehensive collection and search of the email accounts at issue.

5.    The third-party collection is a multi-step process that necessarily takes time, including to collect, process, index, review and produce all responsive materials.

6.    Accordingly, Plaintiffs seek this extension in good faith and not for purposes of delay.

7.    To that end, the record reflects that Plaintiffs have been producing responsive documents continuously since August 2023, including medical records, photographs, videos, social-media content, financial records, and electronically stored information.

8.    Plaintiffs produced thousands of documents, and supplemented productions whenever Defendants raised alleged deficiencies—each of which was addressed.

9.    Plaintiffs further sat for depositions and were examined extensively regarding their productions, without objection or complaint from Defendants at the time.

10.    Defendants did not raise any issue concerning the sufficiency of Plaintiffs' email productions until January 18, 2026—after fact discovery was well underway and after Plaintiffs had already been deposed on these very issues.

11.    That said, Plaintiffs understand the Court's Order and are following its directive. Plaintiffs are making substantial productions now based on the search terms provided to Plaintiffs by Defendants, and seek a limited extension solely to allow completion of the third-party process so that any additional responsive materials can be identified and produced in an orderly manner.

12.    Defendants will suffer no prejudice from the requested extension. Plaintiffs are not refusing production and have already recovered and produced substantial portions of the ordered materials.

13.    Granting this limited extension will promote accuracy, completeness, and judicial efficiency.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order granting a 30-day extension of time to comply with the Court's January 27, 2026 Order directing production of Plaintiffs' email records, and for such other and further relief as the Court deems just and proper.

DATED: February 17, 2026                    Respectfully submitted,

                                            /s/ *Jeffrey L. Haberman*

Jeffrey L. Haberman, Esq.
Jonathan R. Gdanski, Esq.
Lili D. Lowell, Esq.
SCHLESINGER LAW OFFICES, P.A.
1212 SE Third Avenue,
Fort Lauderdale, FL 33316
Tel: (954) 467-8800
Fax: (954) 320-9509
Jhaberman@schlesingerlaw.com
Jonathan@schlesingerlaw.com
Llowell@schlesingerlaw.com

*Attorneys for Plaintiffs*