Scott P. Schlesinger (*admitted pro hac vice*)
Jonathan R. Gdanski (*admitted pro hac vice*)
Jeffrey L. Haberman (*admitted pro hac vice*)
**SCHLESINGER LAW OFFICES, P.A.**
1212 SE Third Avenue
Ft. Lauderdale, FL 33317
Telephone: (954) 467-8800
Email: scott@schlesingerlaw.com
Email: jgdanski@schlesingerlaw.com
Email: jhaberman@schlesingerlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC. MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO |
| THIS DOCUMENT RELATES TO:<br><br>*Aragona v. Juul Labs, Inc. et al.*<br>Case No. 3:20-cv-1928<br>*Dupree v. Juul Labs, Inc. et al.*<br>Case No. 3:20-cv-03850<br>*Lane v. Juul Labs Inc. et al.*<br>Case No. 3:20-cv-04661<br>*Legacki v. Juul Labs, Inc. et al.*<br>Case No. 3:20-cv-01927<br>*Nessmith v. Juul Labs, Inc. et al.*<br>Case No. 3:19-cv-06344<br>*Sedgwick v. Juul Labs, Inc. et al.*<br>Case No. 3:20-cv-03882<br>*Tortorici v. Juul Labs, Inc. et al.*<br>Case No. 3:20-cv-03847 | **DECLARATION OF JEFFREY L. HABERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUPPLEMENT DISCOVERY PURSUANT TO JANUARY 27, 2026 ORDER** |

I, Jeffrey L. Haberman, declare as follows:

1. I am counsel of record for the above captioned Plaintiffs. I submit this declaration in support of Plaintiffs' motion for a 30-day extension of time to supplement discovery.

2. On January 27, 2026, the Court conducted a Case Management Conference and entered a Minute Order directing Plaintiffs to produce emails responsive to discovery within twenty (20) days.

3. The Court's Order requires compliance on or before February 17, 2026.

4. Plaintiffs have acted diligently and in good faith to comply with the Court's directive. Specifically, Plaintiffs took the search terms provided by Defendants along with other terms that would be relevant in the respective cases, and ran those terms against Plaintiffs' email accounts. The results of those searches are being produced today.

5. However, in an abundance of caution—and to ensure that no responsive material is inadvertently missed—Plaintiffs have also retained a third-party vendor to conduct an additional, comprehensive collection and search of the email accounts at issue.

6. The third-party collection is a multi-step process that necessarily takes time, including to collect, process, index, review and produce responsive materials.

7. Accordingly, Plaintiffs seek this extension in good faith and not for purposes of delay.

8. To that end, the record reflects that Plaintiffs have been producing responsive documents continuously since August 2023, including medical records, photographs, videos, social-media content, financial records, and electronically stored information.

9. Plaintiffs produced thousands of documents, and supplemented productions whenever Defendants raised alleged deficiencies—each of which was addressed.

10. Plaintiffs further sat for depositions and were examined extensively regarding their productions, without objection or complaint from Defendants at the time.

11. Defendants did not raise any issue concerning the sufficiency of Plaintiffs' email productions until January 18, 2026—after fact discovery was well underway and after Plaintiffs had already been deposed on these very issues.

DECLARATION OF JEFFREY L. HABERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUPPLEMENT DISCOVERY PURSUANT TO JANUARY 27, 2026 ORDER - 2

12. Plaintiffs are making substantial productions now based on the search terms provided to Plaintiffs by Defendants, and seek a limited extension solely to allow completion of the third-party process so that any additional responsive materials can be identified and produced in an orderly manner. Plaintiffs may suffer substantial harm or prejudice if the Court did not change the time, as responsive material may be excluded if not produced within the 20 days the Court initially set.

13. Defendants will suffer no prejudice from the requested extension. Plaintiffs are not refusing production and have already recovered and produced substantial portions of the ordered materials. The requested time modification will not effect the schedule for these cases, as there is no case schedule at this time.

14. Granting this limited extension will promote accuracy, completeness, and judicial efficiency.

15. As this motion is being filed in abundance of caution the day compliance with the Court order is required, Plaintiffs' counsel has not as of yet, but will, seek a stipulation from Defendants. Plaintiffs will inform the Court of Defendants' position.

I declare under the penalty of perjury that the foregoing is true and correct.

DATED: February 17, 2026                    Respectfully submitted,

                                            /s/ *Jeffrey L. Haberman*
                                            Jeffrey L. Haberman

DECLARATION OF JEFFREY L. HABERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUPPLEMENT DISCOVERY PURSUANT TO JANUARY 27, 2026 ORDER - 3