Timothy S. Danninger (admitted *pro hac vice*)
Timothy J. McGinn (admitted *pro hac vice*)
*Attorneys for Juul Labs, Inc.*
GUNSTER, YOAKLEY & STEWART, P.A.
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Tel.: (904) 354-1980
tdanninger@gunster.com
tmcginn@gunster.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-02913 (WHO) <br><br> Hon. William H. Orrick |
| This Document Relates to: <br><br> *Cole Aragona v. Juul Labs, Inc., et al.,* Case No. 3:20-cv-01928; <br><br> *Jordan Dupree v. Juul Labs, Inc., et al.,* Case No. 3:20-cv-03850; <br><br> *Jennifer Lane v. Juul Labs, Inc., et al.,* Case No. 3:20-cv-04661; <br><br> *Bailey Legacki v. Juul Labs, Inc., et al.,* Case No. 3:20-cv-01927; <br><br> *Ashlynn NesSmith v. Juul Labs, Inc., et al.,* Case No. 3:19-cv-06344; <br><br> *Carson Sedgwick v. Juul Labs, Inc., et al.,* Case No. 3:20-cv-03882; and <br><br> *Matthew Tortorici v. Juul Labs, Inc., et al.,* Case No. 3:20-cv-03847. | |

**DEFENDANT JUUL LABS, INC.'S OPPOSITION TO PLAINTIFFS'**
**MOTION FOR EXTENSION OF TIME TO SUPPLEMENT**
<u>**DISCOVERY PURSUANT TO JANUARY 27, 2026 ORDER**</u>

1

## I. Introduction

Plaintiffs' motion for extension of time presents a distorted account of their discovery conduct and its consequences. For years, Plaintiffs have failed to meet their obligations under this Court's Orders, despite clear directives requiring production of basic categories of electronically stored information—namely, email and social media communications bearing upon issues central to their claims. Plaintiffs delayed collection, employed informal search practices without their counsel's supervision, and, when unambiguously ordered to produce all emails within 20 days, made incomplete, noncompliant productions on the Court-ordered deadline before immediately seeking additional time to do what should have been done long ago. Having exaggerated their efforts to identify potentially responsive documents and their respective productions, Plaintiffs ask the Court for still more time to satisfy their baseline discovery obligations while resisting the Court's continuing supervision of their efforts.

Defendant Juul Labs, Inc. ("JLI") opposes Plaintiffs' motion to correct the record, identify specific deficiencies in Plaintiffs' email and social media productions for the Court, and explain why this Court should retain jurisdiction over these MDL matters through the completion of all email- and social media-related enforcement and compliance disputes.

## II. Procedural Background

1. On January 30, 2023, this Court entered Case Management No. 17 ("CMO 17") to govern post-settlement litigation against JLI. *See generally* Dkt. 3780. CMO 17 required litigating plaintiffs to produce certain "case-specific" and "non-duplicative" discovery, including emails and social media. *See id.* at 10–13.

2. On July 12, 2024, JLI served its first sets of requests for production in the above-captioned cases, all of which demanded all non-privileged email and social media communications concerning Plaintiffs' use of JUUL products, other tobacco and nicotine products, cannabis products, and illegal drugs, among other material topics. Plaintiffs never objected to producing email or social media records generally. Ex. A (Declaration of Timothy S. Danninger) ¶ 2.

3. Despite repeated demands from JLI and other defendants, Plaintiffs failed to produce emails and produced only a very limited number of social media communications. Plaintiffs' claim that Defendants

failed to request these documents previously is false. Defendants requested email and social media communications in their first requests for production in mid-2024. *Id.* ¶ 3.

4. In October 2025, it became apparent from discussions in the *McKnight* matter (formerly before this Court and now being litigated in Florida state court) and during various depositions of Plaintiffs that, to the extent they had done anything at all, Plaintiffs had apparently searched their own phones and social media accounts for responsive documents without (i) assistance by a third-party vendor, (ii) supervision by their counsel, or (iii) search terms calculated to identify potentially responsive documents. Unsurprisingly, these self-guided, amateur searches yielded zero responsive emails. *See* Ex. B (Oct. 7, 2025 Email from G. O'Hickey to J. Haberman).

5. On January 27, 2026, after learning that Plaintiffs had not produced their emails, this Court ordered Plaintiffs *sua sponte* to produce them within 20 days. Dkt. 4479.

6. Plaintiffs did not confer with Defendants regarding appropriate search terms and did not use those search terms JLI and other Defendants would have insisted upon as part of any search to identify potentially responsive documents. Plaintiffs' resulting productions were incomplete. Plaintiffs also failed to produce sufficient metadata or data load files and otherwise failed to comply with this Court's Order Re: Discovery of Electronically Stored Information. *See generally* Dkt. 323; Ex. A ¶¶ 6.

7. Plaintiffs made their first productions of emails on February 17, 2026. Ex. A ¶ 7. On the same date, without conferring with Defendants, Plaintiffs filed their motion for an extension of time to produce email communications, seeking an additional thirty (30) days. *Id.* ¶ 7; Dkt. 4484. The motion made numerous misrepresentations regarding the sufficiency of Plaintiffs' attempts to comply with their discovery obligations and their email productions. Ex. A ¶ 7.

8. By filing the motion for extension of time with this Court, Plaintiffs consented to this Court's continuing supervision of their compliance with their discovery obligations and the Court's orders.

9. On February 20, 2026, the Parties met and conferred regarding Plaintiffs' already-filed motion and deficiencies in Plaintiffs' document productions. *See* Ex. C (Feb. 20, 2026 Email from G. O'Hickey to J. Haberman). Defendants set forth the terms upon which they would agree to an extension, including, among others, that the MDL cases remain before this Court pending Plaintiffs' compliance with

the Court's January 27, 2026 Order and related discovery obligations. *Id.* Defendants requested a stipulation to that effect, and Plaintiffs indicated that they would confer internally and provide a response. *See id.*

10. On February 23, 2026, Plaintiffs responded that they would not stipulate to the cases remaining consolidated before this Court through the completion of email discovery. Ex. D (Feb. 23, 2026 Email from J. Haberman to G. O'Hickey).[1] Despite several additional requests for clarification as to Plaintiffs' position on the remaining terms of a potential stipulation, Plaintiffs have only responded in part, leaving several points unresolved and necessitating this Response.

11. On February 24, 2026, JLI sent Plaintiffs correspondence addressing additional deficiencies in Plaintiffs' February 17, 2026 document production, including Plaintiffs' failure to produce any social media communications, missing email attachments, incomplete email address searches, and the failure to provide privilege logs during the entire pendency of these matters.

### III. Argument

Plaintiffs' Motion misstates their actions and the consequences thereof. Plaintiffs have not diligently attempted to comply with the Court's Order concerning email productions. As their production of February 17, 2026, demonstrates, Plaintiffs have not identified the email accounts and social media accounts they must search and have not prepared appropriate search terms. Plaintiffs seek additional time from this Court to do what they should have done by February 17, 2026 (and, in fact, long before that), but refuse to stipulate that this Court should retain jurisdiction for enforcement and compliance purposes—no doubt hoping that, after this Court suggests remand, the transferor courts, which are less familiar with these matters, will not follow with enforcement of this Court's orders directing Plaintiffs to provide basic discovery of electronically stored information.

---

[1] Plaintiffs failed to confer with JLI until February 20, 2026, and did not communicate their unwillingness to agree to Defendants' terms for a stipulated extension until February 23, 2026. JLI withheld the filing of this opposition in an effort to resolve the parties' dispute without the need for further motion practice.

**A.    Despite the Court's orders, Plaintiffs have not diligently searched for and produced emails.**

In the Motion, Plaintiffs contend that they have "acted diligently … to comply with the Court's directive" to produce emails. Dkt. 4484-1 at ¶ 4. That isn't true.

These actions have been pending for years. In all that time, Plaintiffs and their counsel never took basic steps to preserve, collect, and produce their relevant email and social media communications. All Plaintiffs' counsel appear to have done is ask Plaintiffs to forward along those emails they deemed relevant following a self-guided search. *See id.* at ¶¶ 4–5. That is neglect, not diligence.

Plaintiffs should have engaged a third-party vendor years ago—at the outset of these cases, before relevant documents were likely lost—to meet their discovery obligations. Counsel's retention of a vendor at the Court-ordered production deadline "in an abundance of caution" and "to ensure that no responsive material is inadvertently missed" is a fig leaf on years of noncompliance with best practices and disregard for Plaintiffs' obligations under the rules of civil procedure. *See id.* at ¶ 5. Even then, Plaintiffs offer no explanation for why, having been ordered to produce emails within 20 days, they waited until the production deadline to engage the vendor and produced only a fraction of what the Court ordered without complying with the Court's ESI order.

**B.    Plaintiffs failed to confer with Defendants concerning appropriate search terms.**

Plaintiffs represent they used "the search terms provided by Defendants" and "ran [them] against Plaintiffs' email accounts." *See id.* at ¶¶ 4, 12. That did not happen. *See* Ex. C. Rather, without conferring with Defendants, Plaintiffs used search terms that Defendants provided for the *McKnight* matter specifically, excluding unidentified terms their counsel believed not to be relevant to these cases, and adding other unidentified terms they believed to be relevant. *See id.* Plaintiffs have never provided Defendants with a list of search terms used in the MDL matters, and the parties have had no discussions relating to which search terms are appropriate for any matter other than *McKnight*.

**C.    Plaintiffs' email productions received to date are deficient.**

The productions Plaintiffs made on February 17, 2026 are markedly deficient. The productions demonstrate that multiple email addresses controlled by Plaintiffs have not been searched. There are

5

numerous instances of missing email attachments. The productions do not include any social media communications. And the production does not comply with the Court's Order Re: Discovery of Electronically Stored Information. *See generally* Dkt. 323; Ex C.

Plaintiffs also failed to produce privilege logs identifying the documents they are withholding. In fact, in the five-year history of these proceedings, Plaintiffs have never produced privilege logs in any of the current MDL cases.

On February 19, 2026, Defendants conferred with counsel for Plaintiffs by videoconference and by email. Defendants also sent related correspondence to Plaintiffs on February 24, 2026, but the parties have been unable to resolve these issues as of this filing.

### D. The MDL matters should remain pending before this Court until Plaintiffs have complied with their discovery obligations.

The present discovery disputes all relate to Plaintiffs' compliance with this Court's prior orders. It is critical that Plaintiffs' compliance with these Order be uniform and consistent. If the Court transfers these cases to their trial venues before email and social media discovery is complete, JLI will be forced to litigate these compliance matters before seven different courts, which are likely to issue inconsistent rulings. JLI respectfully submits that this Court's interpretation and enforcement of its own orders is the far more efficient procedure.

By filing their motion for extension in this Court, Plaintiffs seem to recognize that this Court is in the best position to monitor compliance with and enforce its prior orders. Yet they have refused to stipulate that email and social media discovery should remain before this Court for compliance purposes. Plaintiffs contend that Defendants "will suffer no prejudice from the requested extension" (Dkt. 4484-1 at ¶ 13), but an extension coupled with remand of these actions before Plaintiffs satisfy their threshold discovery obligations, as this Court has ordered, would prejudice JLI and the other Defendants by multiplying the costs of litigation and introducing the risk of inconsistent decisions.

## IV. Conclusion

Plaintiffs have failed to make meaningful email productions for years, despite Defendants' discovery requests and this Court's orders. On the day the Court specifically ordered Plaintiffs to produce responsive

emails, they offered misleading statements about their email-collection diligence in an effort to further extend their compliance deadline. Moreover, while Plaintiffs are eager to seek this Court's approval for further delay of their discovery obligations, they refuse to agree that the Court should also evaluate whether they sufficiently complied with its Orders. For these reasons, JLI respectfully requests that this Court retain the above-referenced MDL cases until the resolution of all enforcement and compliance matters related to email productions, including but not limited to compliance with this Court's Order Re: Discovery of Electronically Stored Information.

Dated: February 24, 2026

/s/ *Timothy S. Danninger*
Timothy S. Danninger (*pro hac vice*)
Florida Bar No. 95195
GUNSTER, YOAKLEY & STEWART, P.A.
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Telephone: (904) 354-1980
Facsimile: (904) 354-2170
tdanninger@gunster.com

Timothy J. McGinn (*pro hac vice*)
Florida Bar No. 1000377
GUNSTER, YOAKLEY & STEWART, P.A.
600 Brickell Avenue, Suite 3500
Miami, FL 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010
tmcginn@gunster.com

*Attorneys for Defendant Juul Labs, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I electronically served the foregoing Motion on all counsel of record in this action using the CM/ECF system.

/s/ *Timothy S. Danninger*
Timothy S. Danninger