# EXHIBIT A

1  Timothy S. Danninger (admitted *pro hac vice*)
2  Timothy J. McGinn (admitted *pro hac vice*)
   *Attorneys for Juul Labs, Inc.*
3  GUNSTER, YOAKLEY & STEWART, P.A.
   1 Independent Drive, Suite 2300
4  Jacksonville, FL 32202
   Tel.: (904) 354-1980
5  tdanninger@gunster.com
   tmcginn@gunster.com
6

7                    **UNITED STATES DISTRICT COURT**
8              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9
10 IN RE: JUUL LABS, INC., MARKETING SALES          Case No. 3:19-md-02913 (WHO)
   PRACTICES, AND PRODUCTS LIABILITY
11 LITIGATION                                        Hon. William H. Orrick

12 This Document Relates to:

13 *Cole Aragona v. Juul Labs, Inc., et al.,*
   Case No. 3:20-cv-01928;
14
15 *Jordan Dupree v. Juul Labs, Inc., et al.,*
   Case No. 3:20-cv-03850;
16
17 *Jennifer Lane v. Juul Labs, Inc., et al.,*
   Case No. 3:20-cv-04661;
18
19 *Bailey Legacki v. Juul Labs, Inc., et al.,*
   Case No. 3:20-cv-01927;
20
21 *Ashlynn NesSmith v. Juul Labs, Inc., et al.,*
   Case No. 3:19-cv-06344;
22
23 *Carson Sedgwick v. Juul Labs, Inc., et al.,*
   Case No. 3:20-cv-03882; and
24
25 *Matthew Tortorici v. Juul Labs, Inc., et al.,*
   Case No. 3:20-cv-03847.

26        **DECLARATION OF TIMOTHY S. DANNINGER IN SUPPORT OF DEFENDANT**
27        **JUUL LABS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

28                                       1

Declaration of Timothy S. Danninger in Support of
Juul Labs, Inc.'s Response in Opposition to Plaintiffs' Motion for Extension of Time

1. I, Timothy S. Danninger, am over eighteen years of age and am competent to testify to the facts stated herein. The facts set forth in this declaration are from my personal knowledge.

2. On July 12, 2024, JLI served its first sets of requests for production in the above-captioned cases, all of which demanded all non-privileged email and social media communications concerning Plaintiffs' use of JUUL products, other tobacco and nicotine products, cannabis products, and illegal drugs, among other material topics. Plaintiffs never objected to producing email or social media records generally.

3. Despite repeated demands from JLI and other defendants, Plaintiffs failed to produce emails and produced only a very limited number of social media communications. Plaintiffs' claim that Defendants failed to request these documents previously is false. Defendants requested email and social media communications in their first requests for production in mid-2024.

4. In October 2025, it became apparent from discussions in the *McKnight* matter (formerly before this Court and now being litigated in Florida state court) and during various depositions of Plaintiffs that, to the extent they had done anything at all, Plaintiffs had apparently searched their own phones and social media accounts for responsive documents without (i) assistance by a third-party vendor, (ii) supervision by their counsel, or (iii) search terms calculated to identify potentially responsive documents. Unsurprisingly, these self-guided, amateur searches yielded zero responsive emails.

5. On January 27, 2026, after learning that Plaintiffs had not produced their emails, this Court ordered Plaintiffs *sua sponte* to produce them within 20 days.

6. Plaintiffs did not confer with Defendants regarding appropriate search terms and did not use those search terms JLI and other Defendants would have insisted upon as part of any search to identify potentially responsive documents. Plaintiffs' resulting productions were incomplete. Plaintiffs also failed to produce sufficient metadata or data load files and otherwise failed to comply with this Court's Order Re: Discovery of Electronically Stored Information.

7. Plaintiffs made their first productions of emails on February 17, 2026. On the same date, without conferring with Defendants, Plaintiffs filed their motion for an extension of time to produce email communications, seeking an additional thirty (30) days. The motion made numerous misrepresentations

2

Declaration of Timothy S. Danninger in Support of
Juul Labs, Inc.'s Response in Opposition to Plaintiffs' Motion for Extension of Time

regarding the sufficiency of Plaintiffs' attempts to comply with their discovery obligations and their email productions.

8. By filing the motion for extension of time with this Court, Plaintiffs consented to this Court's continuing supervision of their compliance with their discovery obligations and the Court's orders.

9. On February 20, 2026, the Parties met and conferred regarding Plaintiffs' already-filed motion and deficiencies in Plaintiffs' document productions. Defendants set forth the terms upon which they would agree to an extension, including, among others, that the MDL cases remain before this Court pending Plaintiffs' compliance with the Court's January 27, 2026 Order and related discovery obligations. Defendants requested a stipulation to that effect, and Plaintiffs indicated that they would confer internally and provide a response.

10. On February 23, 2026, Plaintiffs responded that they would not stipulate to the cases remaining consolidated before this Court through the completion of email discovery. Despite several additional requests for clarification as to Plaintiffs' position on the remaining terms of a potential stipulation, Plaintiffs have only responded in part, leaving several points unresolved and necessitating this Response.

11. On February 24, 2026, JLI sent Plaintiffs correspondence addressing additional deficiencies in Plaintiffs' February 17, 2026 document production, including Plaintiffs' failure to produce any social media communications, missing email attachments, incomplete email address searches, and the failure to provide privilege logs during the entire pendency of these matters.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 24, 2026 in Jacksonville, Duval County, Florida.

/s/ *Timothy S. Danninger*
Timothy S. Danninger

3

Declaration of Timothy S. Danninger in Support of
Juul Labs, Inc.'s Response in Opposition to Plaintiffs' Motion for Extension of Time