# EXHIBIT A

## McGinn, Timothy

| | |
|---|---|
| **From:** | Jeffrey L. Haberman <JHaberman@schlesingerlaw.com> |
| **Sent:** | Thursday, March 26, 2026 4:01 PM |
| **To:** | O'Hickey, Grant |
| **Cc:** | Jonathan R. Gdanski; Megan L. Barrett; Feeney, James; Wulfe, Lauren S.; Kouba, David E.; Ross, Jason A.; Folio, Ryan M.; Reinbold, Derek C.; Kevin Calia; Eugene Illovsky; Askew, Kevin M.; Kramer, James N.; Malone, Catherine; awinawer@orrick.com; Danninger, Timothy; McGinn, Timothy; Steif, Andrew; Davis, William; Tyler Owens |
| **Subject:** | Re: JLI - MDL - Meet and Confer Memorialization |

> This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Grant,

We'll agree to the 45-day extension.  I will address the points you raise separately.  In the meantime, here is a new link and passwords for the production we made on March 6.

FTP link:

███████████████████████████████████████████████████████████
████████████████████

Password to download: ████████████

Password to unzip: ████████████

Let me know if you have any issues accessing these documents.

Thanks,
Jeff



**Jeffrey Haberman**
Attorney

1212 Southeast Third Avenue
Fort Lauderdale, Florida 33316
**Office** (954) 467-8800
**Fax** (954) 320-9509
JHaberman@schlesingerlaw.com
**www.SchlesingerLawOffices.com**

*NOTICE: THE CONFIDENTIALITY OF THIS E-MAIL AND ATTACHMENTS ARE  PROTECTED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT,18 U.S.C. §§ 2510-2521.  IF YOU RECEIVED THIS EMAIL IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM & NOTIFY US AT 1-877-467-8800.*

**From:** O'Hickey, Grant <gohickey@gunster.com>
**Sent:** Thursday, March 26, 2026 1:23 PM

**To:** Jeffrey L. Haberman <JHaberman@schlesingerlaw.com>
**Cc:** Jonathan R. Gdanski <JGdanski@schlesingerlaw.com>; Megan L. Barrett <MBarrett@schlesingerlaw.com>; Feeney, James <james.feeney@arnoldporter.com>; Wulfe, Lauren S. <lauren.wulfe@arnoldporter.com>; Kouba, David E. <David.Kouba@arnoldporter.com>; Ross, Jason A. <Jason.Ross@arnoldporter.com>; Folio, Ryan M. <rfolio@kellogghansen.com>; Reinbold, Derek C. <dreinbold@kellogghansen.com>; Kevin Calia <kevin@illovskygates.com>; Eugene Illovsky <eugene@illovskygates.com>; Askew, Kevin M. <kaskew@orrick.com>; Kramer, James N. <jkramer@orrick.com>; Malone, Catherine <cmalone@orrick.com>; awinawer@orrick.com <awinawer@orrick.com>; Danninger, Timothy <TDanninger@gunster.com>; McGinn, Timothy <TMcGinn@gunster.com>; Steif, Andrew <ASteif@gunster.com>; Davis, William <WDavis@gunster.com>; Tyler Owens <TOwens@schlesingerlaw.com>
**Subject:** JLI - MDL - Meet and Confer Memorialization

Jeff,

Thank you for meeting and conferring with us about Plaintiffs' email and social-media productions yesterday. Before close of business today, please agree to a 45-day extension of the MDL so that the parties can work through the deficiencies in Plaintiffs' productions. If you disagree, we will timely notify the Court about those deficiencies and send you our portion of a joint discovery dispute statement.

Below, we summarize yesterday's meet and confer and seek clarification on several topics you were unable to address at the meeting. Regardless of whether Plaintiffs agree to an extension, please respond promptly in writing to the points below.

Thank you,
Grant

********

**SLO Search Terms.** We started the meet and confer by discussing the search terms that you sent for the first time yesterday afternoon. As you know, we previously had discussed working together on search terms, and we asked you to send your terms by March 19, which did not happen.

We believe an extension is warranted on this basis alone: we should have input into the search terms that Plaintiffs run to respond to our discovery requests. The process you confirmed you used—applying the *McKnight* search terms in all cases and adding other case-specific terms of your choosing—is one-sided and incomplete. Notably, many of the *McKnight* terms (e.g., EVALI) have no clear relevance to these cases. And the case-specific terms you devised are incomplete. As one example, we noted the NesSmith terms omit "Shane," the name of Ashlynn's boyfriend who was with her when she passed away. We will provide proposed search terms under separate cover and look forward to working with you on those.

The search terms you used also are deficient for other reasons. We asked the below questions about those deficiencies, but you did not know the answer to any of them and agreed to check with Tyler Owens, who you said handled these searches. Can you please provide answers?

- Yesterday you did not know whether Plaintiffs obtained hit reports but agreed to share them. Did Plaintiffs obtain hit reports, and will Plaintiffs provide those?

- The search terms contain a number of spelling errors (e.g., Carson Sedwick, opiod, post-truamatic, hospilization). You agreed to confirm whether the terms were run with those errors. Were they?

2

- Some phrases have quotation marks (e.g., "philip morris") and others don't (e.g., bilateral pneumothorax).  You agreed to confirm how these terms were run.  Is there a difference in how terms in quotation marks were run versus those without quotation marks?

- Some terms are separated by a slash (e.g., flowers/edibles and migraines/headaches).  You agreed to confirm how these terms were run.  Were the terms on either side of the slash (e.g., flowers and edibles) run separately, or was each term run as you gave it to us (e.g., as flowers/edibles)?

- Some proximity searches are within quotation marks (e.g., "food /2 drug").  You agreed to confirm how these searches were run.  Were such searches for the exact phrase within quotation marks, or were they run as proximity searches (e.g., food [within two words of] drug)?

- You said Plaintiffs searched documents for various terms related to smoke or smoking, which are not among the search terms you sent.  You said you would provide us those terms.  What are the terms, and did Plaintiffs run any other terms they did not send us?

- The spreadsheet says you searched for the term advertis (without a root expander).  Was that term run with or without a root expander?

- Some terms are listed with asterisks (e.g., vap*) and others are listed with exclamation points (e.g., addict!).  Are both asterisks and exclamation points root expanders, and were those terms run correctly?

You confirmed you did not apply a date range to the productions.

**Accounts Searched.** We continued the meet and confer by discussing the list of email and social media accounts you provided.  This discussion further underscores the need for an extension because of the apparent deficiencies explained below.

To start, you did not know whether the list of accounts you provided were ones you merely identified or actually searched.  Can you please let us know which it is and whether you need to make any corrections to the list?

We also asked whether you accessed all of these accounts (including private features, like messaging) for collection or collected only public information from some of them (e.g., the Instagram account @ashlynn.softball23 and Tortorici's TikTok accounts), but you did not know.  You agreed to confirm this.  What is the answer to that question?

You also agreed to seek Court orders (which we said we would consent to) to obtain records from any account plaintiffs can no longer access (including the same accounts referenced in the last parenthetical).  Can you please let us know any accounts Plaintiffs identified but could not access?

The list says you searched certain accounts without identifying the account name (e.g., Legacki TikTok, Sedgwick Facebook). You agreed to identify these accounts.  Which are they?

Finally, you said you may need to provide an updated list of accounts searched because you may have missed some. Here are the accounts we think you've missed based on what you reported yesterday. Please confirm promptly that you'll search these accounts, that you'll direct your clients to identify any other accounts we've collectively missed, and that you'll search those as well.

| Plaintiff | Account Type | Username |
|---|---|---|
| Aragona | Facebook | ███████████████ |
| Aragona | Facebook | ███████████████ |

| | | |
|---|---|---|
| Aragona | Snapchat | *Unknown* |
| Aragona | YouTube | ██████████ |
| Cunningham | Facebook | ██████ |
| Cunningham | Instagram | ██████ |
| Cunningham | Instagram | ████ |
| Cunningham | Instagram | ███ |
| Cunningham | Instagram | ████████ |
| Cunningham | Instagram | ██████ |
| Cunningham (Lane) | ██████ | *Unknown* |
| Cunningham | Snapchat | ███ |
| Cunningham | Threads | ███ |
| Cunningham | TikTok | ███ |
| Cunningham | VSCO | ███ |
| Dupree | Instagram | ███████ |
| Dupree | LinkedIn | ████████████ |
| Dupree | TikTok | ███ |
| Dupree | VSCO | ██████ |
| Legacki | Email | ██████████ |
| Legacki | Email | ███████████ |
| Legacki | Email | ███████████ |
| Legacki | TikTok | *Unknown* |
| Legacki | YouTube | ████████ |
| NesSmith | Email | ███████████ |
| NesSmith | Facebook | ███████ |
| NesSmith | Facebook | █████████████ |
| NesSmith | Facebook | █████████████ |
| NesSmith | Facebook | ██████████████ |
| NesSmith | Instagram | ████████ (no search of non-public information) |
| NesSmith | Instagram | ████████ |
| NesSmith | Instagram | █████████ |
| NesSmith | Instagram | ██████ |
| NesSmith | Instagram | ███████ |
| NesSmith | TikTok | ██████ |
| NesSmith | TikTok | ████████ |
| NesSmith | YouTube | ██████████ |
| Sedgwick | Instagram | █████ |
| Sedgwick | LinkedIn | ███████ |
| Sedgwick | Snapchat | █████ |
| Sedgwick | X | █████ |
| Sedgwick | YouTube | █████████ |
| Tortorici | Email | ███████████ |
| Tortorici | Email | █████████ |

| Tortorici | Facebook | ████████████ | |
|-----------|----------|--------------|--|
| Tortorici | Instagram | ████████████ | |
| Tortorici | Pinterest | ██████ | |
| Tortorici | Smule | ██████ | |
| Tortorici | TikTok | ███ (no search of non-public information) | |
| Tortorici | TikTok | ██████████ (no search of non-public information) | |

**Other outstanding issues.**  We also covered the below topics, which we believe remove any doubt that an extension is necessary and appropriate.

Forthcoming Productions. At the meet and confer, we also discussed that Aragona produced zero emails.  You said a supplemental Aragona production will be made (albeit of social media files). Please provide the date by which it will be made.

Image Searching. Plaintiffs' review of images is insufficient. Relevant images cannot be identified with search terms. Defendants are aware of relevant, publicly available images that plaintiffs did not identify and produce.  It stands to reason that relevant, private images attached to emails and other communications (e.g., concerning plaintiffs' use of nicotine products, drugs, and alcohol) also were not identified and produced.  Defendants propose that plaintiffs review all image files collected from email and social media manually. Please confirm your agreement.

Extraction Password for March 6 Replacement Production. We noted that Plaintiffs still have not provided the password for the production they initially made on February 17.  You were unaware of this issue, even though we emailed you repeatedly about it on March 8, 9, 11, 13, 16, and 18, and you agreed yesterday to provide the password immediately.  Will you please do so?

Production Deficiencies. Plaintiffs' most recent production, made March 19, contains hundreds of corrupted and inaccessible files.  They will need to be re-produced.  We are working to compile a complete list.  Please confirm you will re-produce the corrupted files.

**Document Preservation.** We asked whether (and if so, when) you sent preservation notices to your clients, but you did not know.  Please provide any such notices you sent your clients and the dates on which you sent them.

**Redepositions.**  We asked whether you would agree to make your clients available for re-depositions after the document productions are complete or substantially complete, but you were unwilling to commit to that.  What is your position?



**Grant C. O'Hickey** | Associate

1 Independent Drive, Suite 2300
Jacksonville, FL 32202

**p** 904.350.7417 **c** 214.755.0160
gunster.com | gohickey@gunster.com