# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

cand.uscourts.gov

**Post-Distribution Accounting Form**

For guidance and instruction, please see
https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/

| | |
|---|---|
| Case Number (YY-xx-#####) | 19-md-02913-WHO |
| Case Name | In Re Juul Labs, Inc Marketing, Sales Practices, & Product Li |
| Attorney Name | Dena Sharp |
| Nature of Action | Consumer Class Action |
| Attorney Email | dsharp@girardsharp.com |
| Party Represented | Class Plaintiffs |
| This is: | ◉ An interim post-distribution accounting. Not all settlement funds have been distributed. ◯ A final post-distribution accounting. All settlement funds have been distributed. |

| | | | |
|---|---|---|---|
| 1. Total settlement fund | $ 300,531,250.00 | | |
| 2. Number of class members | # 2,911,877 | | |
| 3. Number of class members to whom notice was sent and not returned as undeliverable | # 2,797,943 | | |
| 4. Number of claim forms submitted | # 14,455,674 | N/A | ☐ |
| 5. Percentage of claim forms submitted  [=Q4/Q3] | % 516.0 | N/A | ☐ |
| 6. Number of opt-outs | # 2,801 | | |
| 7. Percentage of opt-outs  [=Q6/Q3] | % 0.1 | | |
| 8. Number of objections | # 466 | | |
| 9. Percentage of objections  [=Q8/Q3] | % 0.0 | | |
| 10. Average recovery per claimant | $ 216.82 | | |
| 11. Median recovery per claimant | $ 101.74 | | |
| 12. Maximum recovery per claimant | $ 12,289.56 | | |

| 13. Minimum recovery per claimant | $ 15.00 |
|---|---|

14. Methods of notice to class members [1 or more], and percentage of success by method if known. Leave percentage blank if not known.

| ✓ 85.00% | Mail | ✓ 93.00% | Email | ☐ 0.00% | Text |
|---|---|---|---|---|---|
| ✓ 0.00% | Advertisement | ✓ 0.00% | Website | ☐ 0.00% | Other |

15. Methods of payment to class members [1 or more], and percentage of success by method if known. Leave percentage blank if not known.

| ✓ 95.00% | Direct Deposit | ✓ 82.00% | Gift Card | ✓ 91.00% | Paper Check |
|---|---|---|---|---|---|
| ✓ 100.00% | Wire | ✓ 91.00% | Payment App | ☐ 0.00% | Other |

| 16. Number of checks not cashed | # 8,509 |
|---|---|
| 17. Total value of checks not cashed | $ 631,515.49 |
| 18. Amount of settlement funds claimed by class member | $ 202,371,470.02   N/A ☐ |
| 19. Amount of settlement funds distributed to class members | $ 203,002,985.51 |

| 20. Amounts distributed to each cy pres recipient | | Name | Amount |
|---|---|---|---|
| | 1. | | $ |
| | 2. | | $ |
| | 3. | | $ |
| | 4. | | $ |
| | 5. | | $ |
| | 6. | | $ |
| | 7. | | $ |
| | 8. | | $ |
| | 9. | | $ |
| | 10. | | $ |

| 21. Administrative costs | $ 7,500,000.00 |
|---|---|
| 22. Attorneys' fees | $ 90,159,375.00 |
| 23. Attorneys' costs ~~excluding expert costs~~ [see 32 below] | $ 5,100,000.00 |
| 24. Expert costs | $ |

| 25. Attorneys' fees in terms of percentage of the settlement fund | % 30 |
|---|---|
| 26. Plaintiffs' counsel's final lodestar total | $ 73,400,000.00 |
| 27. Lodestar multiplier [# x.y] | # x.y  1.23 |

| 28. | Describe any potential fraud issues encountered, the likely causes, and how they were addressed |
|---|---|

The below summary is taken from Document 4218-1 Filed 4/24/2024 "Declaration of Loree Kovach in Response to the Court's Request for Steps Taken to Identify, Analyze, and Handle Likely Fraudulent Claims." Please review the full document for additional details.

Epiq received a total of 14,488,748 claims during the JUUL and Altria claim periods. Even though a large number of the 14,452,436 online claims received appeared to be clearly fraudulent when they were filed, the parties requested Epiq record all claims submitted and then employ best practices (after Final Approval) to identify potentially fraudulent claims before eligibility review.
Epiq, working with Digital Disbursements, utilized an industry-leading fraud scoring model to classify these claims based on whether and to what extent they exhibit indicia of fraud. Epiq determined the following:
a. 759,953 claims (5.26% of claims filed) exhibited No or Low Indicia of Fraud. These claims were sent for standard eligibility review. Outreach was performed for any claims that were deficient to allow claimants the opportunity to cure the deficiency.
b. 2,499,216 claims (17.29% of claims filed) exhibited Medium Indicia of Fraud. With court approval, Epiq subjected these claims to a Verification Process. Any Medium Indicia claims that successfully verified were passed on to eligibility review. Any Medium Indicia claims that were not verified were rejected without further notice to avoid expending additional class funds, subject to the dispute process where applicable.
c. 11,193,267 claims (77.45%) exhibit High Indicia of Fraud. These claims were rejected based on clear and obviously fraudulent indicia without expending further class funds to send rejection notices to the alleged claimants, subject to the dispute process where applicable.

After the Verification Process and standard claim review was completed, 842,005 claims were approved to receive an award payment.

| 29. Number of class members availing themselves of nonmonetary relief | # 0 |
|---|---|
| 30. Aggregate value redeemed | $ 0.00 |

Continued on next page.

| 31. Where injunctive and or other non-monetary relief has been obtained, discuss the benefit conferred on the class. |
|---|
| N/A |

| 32. Other notes and issues required to be addressed by judge's standing order. |
|---|
| #19 excludes attempted payments in the initial disbursement that expired, as the same funds where subsequently included in the second disbursement to claimants. <br><br> Re #21, the Settlement Administrator, Epiq, agreed to limit administration expenses to $7,500,000. The Court approved payment of administration expenses in that amount. Dkt. 4461. Epiq has incurred additional expenses, and will continue to provide Class Counsel a record of its expenses through the completion of the administration of these settlements, and Class Counsel may address the costs in excess of the cap in a later submission to the Court if appropriate and subject to the Court's guidance. E.g. Dkt. 4444. <br><br> #23 reflects the combined expenses approved from the two class settlements, and does include expert costs, which cannot be carved out with precision. As noted in the Class's briefing, costs incurred in the litigation were well in excess of this amount, but were shared with the non-class plaintiff groups in the MDL. E.g. Dkt. 4192. Plaintiffs identified "$2,050,000 in expert costs for only those experts who provided opinions in connection with class certification (even though the class would have presented additional experts at trial)," among other costs, including additional expert costs. Id. at 22. |

End of form.