Mark C. Hansen (admitted *pro hac vice*)
Michael J. Guzman (admitted *pro hac vice)*
David L. Schwarz (CA Bar No. 206257)
*Attorneys for Defendants Huh, Pritzker, and Valani.*
KELLOGG HANSEN TODD FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, D.C. 200036
TEL: (202) 326-7900
mhansen@kellogghansen.com
mguzman@kellogghansen.com
dschwarz@kellogghansen.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | **Case No. 19-md-02913-WHO**<br><br>**NON-MANAGEMENT DIRECTORS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS ADAM BOWEN, HOYOUNG HUH, JAMES MONSEES, NICHOLAS PRITZKER, AND RIAZ VALANI** |

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants Hoyoung Huh, Nicholas Pritzker, and Riaz Valani (the "Non-Management Directors"), by and through their undersigned counsel, respond and object to Plaintiffs' First Set of Requests for Production of Documents to Defendants Adam Bowen, Hoyoung Huh, James Monsees, Nicholas Pritzker, and Riaz Valani, dated June 17, 2020, as follows:

**PRELIMINARY STATEMENT**

1. These responses and objections are based on Non-Management Directors' knowledge, information, and belief at this time. The Non-Management Directors reserve the right to supplement and amend their responses and objections as the facts and circumstances are more fully developed through additional investigation and discovery.

2. The following responses and objections are made without waiving but, instead, preserving: (a) the right to raise in any subsequent proceeding or in the trial of this or any other action all questions of authenticity, foundation, relevance, materiality, privilege, and evidentiary admissibility of any information or document provided or identified in these responses; (b) the right to object on any ground to the use or introduction into evidence of any information or document in any subsequent proceeding or in the trial of this or any other action on any ground; and (c) the right to object on any ground at any time to additional discovery.

3. The fact that the Non-Management Directors respond or object to a Request is not an admission that the Non-Management Directors accept or admit the existence of any facts assumed by such Request, nor should a response or objection be taken to constitute admissible evidence as to any such assumed facts.

4. The statement that non-privileged documents will be produced in response to a particular Request does not mean that the Non-Management Directors know the documents to exist, or to be in the Non-Management Directors' possession, custody or control.

5. By agreeing to produce documents in response to any Request, the Non-Management Directors do not waive, and do not agree to waive, any attorney work product protection or any applicable privilege, including the attorney-client privilege. Any inadvertent production of a protected document is not intended to waive any such protection, nor is the production of any protected document to be deemed a waiver of such protection as to any other document or information.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every one of the Requests, and should be considered part of the Non-Management Directors' response to each and every one of the Requests. Any specific objections provided below are made in addition to these General Objections, and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.

1. The Non-Management Directors object to each Request to the extent that it seeks information subject to the attorney-client privilege, the work product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity. The Non-Management Directors will identify specific documents withheld on these grounds to the extent required by the Court's Rule 502(d) and Privileged Materials Order. *See* ECF No. 322. The Non-Management Directors incorporate any forthcoming privilege logs and all related information into this general objection to the extent necessary to preserve any applicable privilege or immunity from discovery.

2. The Non-Management Directors object to each Request to the extent that it purports to require the Non-Management Directors to perform tasks not required by the Federal Rules of Civil Procedure or the Civil Local Rules of the U.S. District Court for the Northern District of California.

3. The Non-Management Directors object to each Request to the extent that it calls for disclosure of documents or information that is equally accessible to Plaintiffs or is otherwise available in the public domain.

4. The Non-Management Directors object to the terms "any" and "all" used in these Requests. The Non-Management Directors will provide documents that they locate as part of a reasonable, diligent investigation, in accordance with the ESI Protocol, and after the parties have negotiated and finalized searching protocols, including search terms, a discreet set of custodians, and such other conditions and processes as may be agreed upon by the parties or ordered by the Court.

5. The Non-Management Directors object to each Request to the extent that it seeks information prepared or compiled in connection with JUUL Labs, Inc.'s ("JLI" or "the Company") forthcoming Premarket Tobacco Product Application ("PMTA"), including but not limited to any request for information that would impose a requirement relating to tobacco product standards, premarket review, adulteration, misbranding, labeling, registration, good manufacturing standards, or modified risk tobacco products. *See* 21 U.S.C. § 387p(a)(2)(A). The Non-Management Directors further object to each Request to the extent that it requires production of information that would impair or interfere with the U.S. Food and Drug Administration's ("FDA") exclusive jurisdiction to consider JLI's forthcoming PMTA.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The following Objections to Definitions and Instructions apply to each and every one of the Requests, and should be considered part of the Non-Management Directors' response to each and every one of the Requests.

1. The Non-Management Directors object to Definition No. 5 ("Health or law enforcement agency") as vague and ambiguous to the extent that it includes "arm of an executive branch."

2. The Non-Management Directors object to Definition No. 7 ("JUUL") as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it includes "design prototypes or models of JUUL," which JLI neither developed, finished, nor sold.

3. The Non-Management Directors object to Definition No. 8 ("Legislative official") as vague and ambiguous to the extent that it includes "representative or agent of an elected legislative official."

4. The Non-Management Directors object to Definition No. 10 ("Other government entity") as overly broad, unduly burdensome, disproportionate to the needs of the case, and irrelevant to any claim or defense in this action to the extent that it includes "government entities outside the United States," as JLI's conduct in foreign jurisdictions is not at issue in this action. The Non-Management Directors also object to Definition No. 10 as vague and ambiguous to the extent that it includes an entity's "agents" and "representatives."

5. The Non-Management Directors object to Definition No. 11 ("Tobacco entity") as overly broad, unduly burdensome, disproportionate to the needs of the case, and irrelevant to any claim or defense in this action to the extent that it includes any entity other than Altria (as defined in Definition No. 2) and Avail Vapor, LLC ("Avail"). Ploom Inc.'s ("Ploom") relationship with Japan Tobacco International ("JTI") from 2011 to 2015 has no bearing on the claims asserted in this action. Moreover, the plaintiffs do not allege the existence of any relationship between JLI and Reynolds American, Inc., British American Tobacco, or Imperial Brands plc.

6. The Non-Management Directors object to Instruction No. 2, which states that the relevant time period for the information sought is from the date the Non-Management Directors "first communicated with JLI or any of its employees to the present." To the extent that any responsive information exists prior to January 1, 2015, it is highly unlikely to be relevant to any party's claims or defenses in light of the fact that the products at issue were not commercialized until June 2015. As a result, this instruction is overly broad, unduly burdensome, and disproportionate to the needs of the case. Except as set forth below, or as agreed with the plaintiffs for particular Requests, the Non-Management Directors will interpret the relevant time period and the Requests as covering the time period from January 1, 2013 to September 1, 2019.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**

All documents, communications, and correspondence between or among you and any legislative official, health or law enforcement agency, or other government entity, where such documents, communications, or correspondence pertain in any way to JUUL, including but not limited to JUUL's design, research, development, testing, manufacturing, marketing, advertising, distribution, sale, regulatory compliance, regulation, or potential regulation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

The Non-Management Directors are unaware of any "documents, communications, and correspondence" responsive to Request No. 1.

To the extent that such "documents, communications, and correspondence" may exist, the Non-Management Directors object to Request No. 1 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents, communications, and correspondence . . . pertain[ing] in any way" to a number of

topics regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the phrase "distribution, sale, [or] regulatory compliance" as vague, ambiguous, and undefined in this context.

**REQUEST FOR PRODUCTION NO. 2**

All communications from, to, or including you relating to legislative action or potential legislative action with respect to JUUL or ENDS by any legislative official.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

The Non-Management Directors object to Request No. 2 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll communications . . . relating to legislative action or potential legislative action with respect to JUUL or ENDS" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the phrase "legislative action or potential legislative action" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 3**

All communications from, to, or including you and any third party relating to legislative action or potential legislative action with respect to JUUL or ENDS by any legislative official.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

The Non-Management Directors are unaware of any "communications" responsive to Request No. 3.

To the extent that such "communications" may exist, the Non-Management Directors object to Request No. 3 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll communications . . . relating to legislative action or potential legislative action with respect to JUUL or ENDS" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the term "third party" and phrase "legislative action or potential legislative action" as vague, ambiguous, and undefined in this context.

**REQUEST FOR PRODUCTION NO. 4**

All communications from, to, or including you relating to the regulation or potential regulation of JUUL or ENDS by a health or law enforcement agency or other government entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

The Non-Management Directors object to Request No. 4 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll communications . . . relating to the regulation or potential regulation of JUUL or ENDS" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the phrase "regulation or potential regulation" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 5**

All communications from, to, or including you relating to any potential or actual investigatory or legal proceeding by a health or law enforcement agency or other government entity relating in any way to JUUL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

The Non-Management Directors object to Request No. 5 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll communications . . . relating to any potential or actual investigatory or legal proceeding . . . relating in any way to JUUL" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the phrase "potential or actual" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 6**

All documents reflecting interactions with, or preparation for interactions with, any legislative official, health or law enforcement agency, or other government entity, where such interactions relate in any way to JUUL, including, but not limited to, presentations, communications regarding strategy, meeting notes, agendas, summaries of interactions, calendars reflecting planned or actual attendance at meetings or calls, and all other such documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

The Non-Management Directors object to Request No. 6 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management

Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents" on a large category of "interactions" that "relate in any way to JUUL" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the terms "reflecting," "interactions," and "strategy" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 7**

Transcripts and/or recordings of any interactions between you and any legislative official, health or law enforcement agency, or other government entity, where such interactions relate in any way to JUUL or ENDS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

The Non-Management Directors state that Riaz Valani sat for a deposition with the Federal Trade Commission on February 5, 2020, but no transcript or recording of the deposition is in the Non-Management Directors' possession, custody, or control. The Non-Management Directors are unaware of any other transcripts or recordings responsive to Request No. 7.

The Non-Management Directors further object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it seeks recordings that are not searchable using terms and calls for the production of information that has no relevance to the claims or defenses in this action. For example, this Request seeks documents on "interactions" that "relate in any way to JUUL or ENDS" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the term "interactions" as vague, ambiguous, and undefined in this context.

**REQUEST FOR PRODUCTION NO. 8**

All communications from, to, or including you and any tobacco entity or its directors, officers, employees, or agents relating to JLI, to JUUL, or to other ENDS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

The Non-Management Directors object to Request No. 8 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll communications" involving a large category of persons or entities and "relating to JLI, to JUUL, or to other ENDS" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the term "agents" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 9**

All documents and communications relating to the potential for, or actual creation of, any formal or informal business relationship between you or JLI and any tobacco entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

The Non-Management Directors object to Request No. 9 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents and communications" on "business relationship[s]" regardless of whether the

information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the phrase "formal or informal business relationship" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 10**

All documents and communications relating to or reflecting any tobacco entity's role in JLI's business operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

The Non-Management Directors object to Request No. 10 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents and communications" on "business operations" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the terms "relating" or "reflecting" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to show your investments in JLI and/or ownership of JLI securities during the relevant time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

The Non-Management Directors object to Request No. 8 in that it seeks documents that the Company has already produced. The Non-Management Directors further object on the grounds

that this Request is overly broad and disproportionate to the needs of the case by seeking production of information that has no relevance to the claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 12**

All calendar entries, handouts, presentations, minutes, notes, "board decks" and other materials related to meetings of the Board of Directors of JLI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

The Non-Management Directors object to Request No. 12 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll" JLI Board materials regardless of whether the information has any bearing on the conduct at issue in this action.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 13**

All past and current policies and procedures governing the design or development of JUUL including, but not limited to, policies and procedures governing:

a. product development;
b. design controls;
c. design review;
d. design verification;
e. design validation;
f. design transfer;
g. design changes;
h. user needs and requirements;
i. maintenance of a design history file;
j. maintenance of a device master record;
k. maintenance of a device history record;
l. hazard analyses;
m. corrective action/preventative action (CAPA); and/or
n. risk management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

The Non-Management Directors object to Request No. 13 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. For example, this Request seeks "[a]ll . . . policies and procedures" regarding product development regardless of whether the information has any bearing on the conduct at issue in this action. The Request is also overly broad, unduly burdensome, and disproportionate to the extent that it includes informal practices, policies, and customs. Moreover, the Non-Management Directors object to the phrases "policies and procedures," "design controls," design review," "design verification," "design validation," "design transfer," "user needs and requirements," "design history file," "device master record," "device history record," "hazard analyses," "corrective action/preventative action (CAPA)," as "risk management" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 14**

All dictionaries, glossaries, policies, videos, or other such documents explaining or defining technical terms, including acronyms, used in the course of designing, developing, testing, or manufacturing JUUL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

The Non-Management Directors object to Request No. 14 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it seeks videos that are not searchable using terms

and calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll . . . documents explaining or defining technical terms" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the term "policies" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 15**

All past and current policies and procedures not produced in response to any preceding request that govern or pertain to any aspect of a quality management system or system of good manufacturing practices, by whatever name, that applied to the design, development, testing, or manufacture of JUUL or JUUL's e-vapor, including any corrective actions related to quality management or manufacturing practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

The Non-Management Directors object to Request No. 15 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll . . . policies and procedures . . . that govern or pertain to any aspect of a quality management system or system of good manufacturing practices" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the phrases "policies and procedures," "quality management system," and "system of good manufacturing practices" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 16**

All correspondence pertaining to any patent application for or relating to JUUL that was submitted by JLI, or by anyone else on JLI's behalf or under JLI's direction or control, to any patent office anywhere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

The Non-Management Directors object to Request No. 16 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, disproportionate to the needs of the case, and irrelevant to any claim or defense in this action to the extent that it includes patent offices outside the United States, as JLI's conduct in foreign jurisdictions is not at issue in this action. The Non-Management Directors also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll correspondence pertaining to any patent application for or relating to JUUL that was submitted . . . to any patent office anywhere" regardless of whether the information has any bearing on the conduct at issue in this action.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 17**

All documents relating to any patent (pending or issued) or patent application concerning any technology-based solution to restrict youth access and reduce youth use of ENDS, including JUUL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

The Non-Management Directors object to Request No. 17 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and

disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents relating to any patent . . . or patent application" on a particular topic regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the phrase "technology-based solution" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 18**

All documents relating to any patent (pending or issued) or patent application concerning any user-level access restrictions in connection with any ENDS, including JUUL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

The Non-Management Directors object to Request No. 16 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents relating to any patent . . . or patent application" on a particular topic regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the phrase "user-level access restrictions" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 19**

All documents contemplating, constituting, or reflecting the licensing, authorization for use, or other permitted use of any patented JUUL-related product or technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

The Non-Management Directors object to Request No. 19 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents contemplating, constituting, or reflecting the . . . permitted use" of JUUL technology regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the terms "contemplating," "constituting," and "reflecting" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 20**

All documents contemplating, constituting, or reflecting the licensing, authorization for use, or other permitted use of any trade secret or other non-patented proprietary information relating to JUUL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

The Non-Management Directors object to Request No. 20 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents contemplating, constituting, or reflecting the . . . permitted use" of JUUL-related

proprietary information regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the terms "contemplating," "constituting," and "reflecting" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 21**

All documents discussing or reflecting any third party's potential infringement upon any patent for or relating to JUUL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

The Non-Management Directors object to Request No. 21 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents discussing or reflecting any third party's potential infringement" of a JUUL-related patent regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the terms "reflecting" and "third party" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 22**

All versions of all protocols for any and all tests of JUUL, JUUL's e-vapor, or JUUL's nicotine salts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

The Non-Management Directors object to Request No. 22 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll versions of all protocols for any and all tests of JUUL" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the term "protocols" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 23**

For every test of JUUL, JUUL's e-vapor, or JUUL's nicotine salts, all documents constituting, containing, describing, or reflecting the following:

a. proposals that the test be performed;
b. all prior studies or publications or tests reviewed or referenced in regard to the test to be performed;
c. meeting agendas and minutes pertaining to the test;
d. testing approvals;
e. testing enrollment;
f. test methodology;
g. raw data generated in connection with the test;
h. invoices generated in connection with the test;
i. interim and final test results;
j. test reports or summaries;
k. submission of test results to third parties; and
l. all analyses of each and every such test.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

The Non-Management Directors object to Request No. 23 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has

no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents constituting, containing, describing, or reflecting" a number of topics regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the terms "constituting," "containing," "reflecting," and "third parties," and the phrases "all prior studies or publications or tests reviewed or referenced in regard to the test to be performed," "raw data generated in connection with the test," "invoices generated in connection with the test," and "interim . . . test results" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 24**

All documents reflecting the design or performance (or any actual or proposed change in or alternative to the design or performance) of JUUL, JUUL's e-vapor, or JUUL's nicotine salts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

The Non-Management Directors object to Request No. 24 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents reflecting the design or performance (or any actual or proposed change in or alternative to the design or performance) of JUUL" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the term "reflecting" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 25**

All communications between you and anyone else addressing, proposing, exploring or otherwise relating to testing or study of JUUL, JUUL's e-vapor, or JUUL's nicotine salts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

The Non-Management Directors object to Request No. 25 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll communications . . . relating to testing and study of JUUL" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the terms "addressing" and "exploring" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 26**

All documents constituting or reflecting the results of any investigation comparing JUUL to any other tobacco products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

The Non-Management Directors object to Request No. 26 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has

no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents constituting or reflecting the results of any investigation" on a topic regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the terms "constituting" and "reflecting" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 27**

All documents constituting or reflecting the results of any investigation of JUUL's health effects and/or risks, including the addictiveness or potential addictiveness of JUUL or any of JUUL e-liquid ingredients or aerosol constituents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

The Non-Management Directors object to Request No. 27 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents constituting or reflecting the results of any investigation" on a topic regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the terms "constituting" and "reflecting" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 28**

All documents related in any way to the manufacture of JUUL, JUUL e-liquid, or any of JUUL's components and parts or the ingredients and additives (as defined in 21 U.S.C. § 387(1)) of JUUL e-liquid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

The Non-Management Directors object to Request No. 28 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents related in any way" to a topic regardless of whether the information has any bearing on the conduct at issue in this action.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 29**

All documents concerning in any way the constituents of JUUL e-vapor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

The Non-Management Directors object to Request No. 29 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents concerning in any way the constituents of JUUL e-vapor" regardless of whether the information has any bearing on the conduct at issue in this action.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 30**

All clinical or nonclinical studies of JUUL, JUUL e-liquid, JUUL e-vapor, or JUUL nicotine salts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

The Non-Management Directors object to Request No. 30 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll clinical or nonclinical studies of JUUL" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the phrase "clinical or nonclinical" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 31**

All communications between you and anyone else relating to the labeling and/or packaging of JUUL, including communications relating to potential or actual warnings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

The Non-Management Directors object to Request No. 31 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll

communications . . . relating to the labeling and/or packaging of JUUL" regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the phrase "potential or actual" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 32**

All documents and communications containing, discussing, or reflecting:

a. JUUL sales or share of market;
b. revenues, profits, or losses from the sale of JUUL; or
c. JLI's financial performance or financial condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

The Non-Management Directors object to Request No. 32 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents containing, discussing, or reflecting" JLI's performance and finances regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the terms "containing" and "reflecting" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 33**

All documents, correspondence, or communications reflecting statements, reports, recommendations, opinions, forecasts, or projections made by you to any other person, business

entity, corporation, funder, investor or board of directors regarding the past performance, valuation, or anticipated future performance (including unit sales and revenues) of JLI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

The Non-Management Directors object to Request No. 33 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents, correspondence, or communications" to a number of persons and entities on JLI's performance and valuation regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the term "reflecting" as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 34**

All documents, correspondence, or communications reflecting statements, reports, opinions, projections, forecasts, or recommendations made by you to Altria or any entity or person acting on its behalf regarding the past business / financial performance, valuation, or anticipated future business / financial performance of JLI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

The Non-Management Directors object to Request No. 34 as unduly burdensome in that it seeks documents in the Company's possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks "[a]ll documents, correspondence, or communications" to Altria on JLI's performance and valuation

regardless of whether the information has any bearing on the conduct at issue in this action. Moreover, the Non-Management Directors object to the term “reflecting” as vague, ambiguous, and undefined in this context.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 35**

All documents, communications, or correspondence you gave or presented to Altria or any person or entity acting on its behalf during any negotiations for the sale of any stake in JLI to Altria or during Altria’s due diligence processes conducted regarding its investment in JLI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

The Non-Management Directors object to Request No. 35 as unduly burdensome in that it seeks documents in the Company’s possession, custody, or control. The Non-Management Directors further object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in that it calls for the production of information that has no relevance to the claims or defenses in this action. As written, this Request seeks “[a]ll documents, correspondence, or communications” to Altria during the lead-up to Altria’s investment in JLI regardless of whether the information has any bearing on the conduct at issue in this action.

Notwithstanding the preceding objections, the Non-Management Directors are willing to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

DATED: July 17, 2020

Respectfully Submitted,

By: */s/Michael J. Guzman*

Mark C. Hansen (admitted *pro hac vice*)
Michael J. Guzman (admitted *pro hac vice*)
David L. Schwarz (CA Bar No. 206257)
*Attorneys for Defendants Huh, Pritzker, and Valani.*
KELLOGG HANSEN TODD FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 200036
TEL: (202) 326-7900
mhansen@kellogghansen.com
mguzman@kellogghansen.com
dschwarz@kellogghansen.com