United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**IN RE: JUUL LABS, INC., MARKETING SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

This Document Relates to:

*Erin NesSmith et al. v. Juul Labs, Inc., et al.*, Case No. 3:19-cv-06344-WHO

*Bailey Legacki v. Juul Labs, Inc., et al.*, Case No. 3:20-cv-01927-WHO

*Cole Aragona v. Juul Labs, Inc., et al.*, Case No. 3:21-cv-01928-WHO

*Carson Sedgwick v. Juul Labs, Inc., et al.*, Case No. 3:20-cv-03882-WHO

*Jordan Dupree v. Juul Labs, Inc., et al.*, Case No. 3:20-cv-03850-WHO

*Matthew Tortorici v. Juul Labs, Inc., et al.*, Case No. 3:20-cv-03847-WHO

*Jennifer Lane et al. v. Juul Labs, Inc., et al.*, Case No. 3:20-cv-04661-WHO

Case No. 19-md-02913-WHO

**ORDER ON DISCOVERY DISPUTES**

Re: Dkt. No. 4514, 4516

Before me, after a long wait, is the sole issue I informed the parties I would resolve prior to issuing orders remanding or transferring these remaining cases to the courts where they were or would have been filed. This Order is self-executing. The parties may agree to extensions as necessary, but I see no further need for my intervention in these matters, as I expect counsel to work cooperatively to finish up these few, discrete issues on their own. I intend to issue the final

United States District Court
Northern District of California

orders in the MDL, transferring or remanding these cases as appropriate, to the relevant courts within sixty days of the date of this Order.

As to the current disputes, I rule as follows:

**1. Pritzker email**

Plaintiffs attempt to deflect defendants' current complaints by pointing to one example of an allegedly deficient production from defendant Pritzker. Plaintiffs point to an email between Pritzker and Jeffrey Epstein discussing recent investments by Pritzker's family, including in Ploom (JLI's predecessor) and other companies. The email was found by plaintiffs in the Department of Justice's release of the Epstein files. Dkt. No. 4516. Plaintiffs argue that this email was responsive to four Requests for Production ("RFPs") served in the main MDL, but this email was not produced. *Id*. As a result, plaintiffs argue that the adequacy of Pritzker's production in response to all RFPs has been called into question, and ask for an order requiring Pritzker to identify every email account he used, disclose whether each account was searched, identify why this Epstein email was not produced, and produce any further as-yet-unproduced documents. *Id*.

Plaintiffs' request is DENIED. This email mentions Ploom, but is not responsive to the RFPs identified by plaintiffs.

**2. Generic Discovery**

Defendants ask me to make it clear that upon remand or transfer no "generic" discovery will be allowed as all relevant generic discovery was produced in the MDL. Plaintiffs argue that the courts on transfer or remand should be allowed to determine what "generic" discovery, including supplemental or updated discovery, should be allowed. As I have repeatedly told both parties, generic discovery in this case is CLOSED. "Problems" with defendants' generic discovery productions are foreclosed. What discovery the courts on transfer or remand might allow that is *specific* and *necessary* to the state-law claims of the plaintiffs whose cases will be remanded or transferred is to be determined by those courts. For example, whether a particular plaintiff is entitled to updated financial information from a particular defendant – past what was provided in the MDL – based on a state-law punitive damages claim should be determined by the

United States District Court
Northern District of California

state court.

**3. Accounts**

I will address only the examples defendants identify as deficient.

Cunningham/Sony. It is unclear how much of a burden it is for Cunningham to secure the texts/messages through Sony that she admittedly used to text friends when her cellphone was unavailable. Cunningham shall take reasonable steps within the next thirty (30) days to secure those messages and keep defendants informed of that progress. Cunningham/Apple (texts). It appears text messages were produced and she was questioned about them during her deposition. No further action needs to be taken on that account.

Tortucci/TikTok "private" account. It appears that this account is not accessible for Tortucci. Therefore, it is covered by the provision discussed below for closed or inaccessible accounts.

Business Accounts. Accounts created by plaintiffs for business or employment, *e.g.,* LinkedIn, Pristine Powersports" for Sedgewick, do not need to be searched.

Accounts from 2015 or 2016. These should be searched by plaintiffs according to terms defendants proposed and plaintiffs have used. Responsive materials should be produced within sixty (60) days.

Recently created accounts. These should be searched by plaintiffs according to the terms defendants proposed and plaintiffs have used for non-business accounts. Responsive materials should be produced within sixty (60) days.

Accounts to which plaintiffs no longer have access listed on Exhibits A & B: Within twenty (20) days of the date of this Order, plaintiffs must provide: (1) declarations under penalty of perjury explaining (a) why they no longer have access to the account(s) and (b) the steps they took to access the accounts; and (2) consent/authorizations to defendants so defendants may subpoena and if necessary seek a court order to access those accounts. The burden to seek and submit the subpoenas or court orders shall be on defendants. The subpoenaed records shall be returned to plaintiffs' counsel, who shall review them for relevance and privilege and within fifteen (15) days of their receipt release responsive documents to defendants on a rolling basis.

United States District Court
Northern District of California

**4. Search Terms Used**

Plaintiffs attest that they searched their social media accounts using the search terms defendants suggested (apparently in the *McKnight* case), and sometimes found no responsive documents (*e.g.*, Aragona snapchat). According to the email chain at Dkt. No. 4514-17, it appears that plaintiffs disclosed the search terms they used to defendants and the parties met and conferred on the issue. While defendants questioned the use of the *McKnight* search terms proposed by defendants plus some case specific terms, it does not appear the terms were insufficient for these other plaintiffs although they might have been overbroad (*e.g.*, including EVALI). In the joint letter, defendants do not identify any obvious errors with the search terms used. Nothing else needs to be produced by plaintiffs on this issue.

**5. Embedded Media**

Plaintiffs have explained what they have provided and responded to the examples identified by defendants. Plaintiffs have produced all relevant embedded media that is accessible through DYI and commercially available tools and met and conferred about 300 specific examples identified by defendants. To the extent defendants seek *more* information about embedded images or other media, they may identify 25 more examples from the existing productions within ten (10) days of the date of this Order and plaintiffs shall manually review those 25 and provide explanations or supplemental productions to defendants within sixty (60) days of the date of this Order. The is a proportional response for this remaining discovery at this stage of the litigation.

<u>Instagram Stories</u>. Plaintiffs have explained that there is no commercially available tool that could connect archived stories to broken hyperlinks. If defendants at their own expense wish to seek an order directing Meta to provide any archived Stories, plaintiffs shall consent to such an order. The Stories retrieved shall be returned to plaintiffs' counsel for review and production to defendants' counsel within fifteen days of receipt.

<u>NesSmith Accounts</u>. It appears that any delay is the fault of the subpoenaed entities who are holding the records, not the plaintiffs. Plaintiffs shall produce responsive documents from those entities on a rolling basis, so that documents are provided to defense counsel within fifteen (15) days of plaintiffs' receipt of documents from the subpoenaed entities.

United States District Court
Northern District of California

**6. Resumed Depositions**

Defendants are allowed 1.5 hours to depose each plaintiff based on their recently produced documents. I expect defendants to exercise their professional judgment and only pursue additional depositions where the testimony about newly produced documents is critical to their defense.

**IT IS SO ORDERED.**

Dated: September 10, 2026

William H. Orrick
United States District Judge