John C. Massaro (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
John.Massaro@arnoldporter.com
Jason.Ross@arnoldporter.com
David.Kouba@arnoldporter.com

Lauren S. Wulfe (SBN 287592)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
Lauren.Wulfe@arnoldporter.com

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, and ALTRIA ENTERPRISES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This Document Relates to:

*Erin Nessmith v. Juul Labs, Inc. et al.*, Case No. 3:19-cv-06344;
*Bailey Legacki v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01927;
*Cole Aragona v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01928;
*Carson Sedgwick v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03882;
*Matthew Tortorici v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03847;
*Jordan Dupree v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03850;
*Victoria Cunningham v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-04661

**Case No. 19-md-02913-WHO**

**ALTRIA DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER AND REQUIRE DEFENDANTS TO SHOW GOOD CAUSE FOR CONTINUED CONFIDENTIALITY**

Date: November 4, 2026
Time: 2:00 p.m.
Department: Courtroom 2, 17th Floor
Judge: Hon. William H. Orrick

Less than two weeks after this Court announced its intention to suggest remand or transfer of these actions, Plaintiffs seek a wholesale reassessment of the confidentiality framework set forth in the Amended Protective Order, ECF No. 1282, (the "Order" or "Am. PO") that has governed this litigation since 2019. Having received the benefit of expedited production under the negotiated Order, Plaintiffs now ask the Court to vacate the Order's established process for designating and challenging confidential documents and order Defendants to re-review the entire MDL production, generate a log identifying documents or narrowly defined categories of documents that should remain protected, propose redactions, and produce supporting declarations—all within 45 days. Plaintiffs have not, and cannot, justify such sweeping relief. They have identified no disputes that require the imposition of the substantial cost of a comprehensive confidentiality re-review.

As a threshold matter, Plaintiffs did not follow the required meet-and-confer process before filing their motion. A motion to modify a protective order governing confidentiality is a discovery motion, and Plaintiffs made no effort to resolve or narrow the issues raised in their motion. To the contrary, despite participating in this litigation for more than six years, including serving on the Plaintiffs' Steering Committee, Plaintiffs never raised the subject until now.

Even if Plaintiffs had taken the necessary procedural steps before filing their motion, it would fail on its merits. At its core, Plaintiffs' motion conflates two different questions: who must substantiate a disputed confidentiality designation, and how a dispute encompassing millions of documents should be presented and resolved. A producing party's burden to demonstrate good cause for continued protection does not entitle Plaintiffs to upend the established procedure or require the Court to order a production-wide reassessment on a timetable that is not even feasible, let alone reasonable. And under any standard, Plaintiffs do not identify any confidentiality dispute or issue that the existing process cannot resolve. Instead, they demand a comprehensive review aimed at public dissemination of the remaining designated discovery, subject to limited exceptions, regardless of whether the documents have been or will be used in court.

Accordingly, and for the additional reasons set forth in the response filed by JUUL Labs, Inc.,[1] the Court should deny Plaintiffs' requested production-wide modification with prejudice and leave in place the current Order's process for resolving properly presented confidentiality challenges.

**BACKGROUND**

The current Protective Order was negotiated extensively by the parties to this MDL against the backdrop of comprehensive, overlapping discovery. At the December 9, 2019 case management conference, this Court acknowledged the practicality of the Order and in particular the process for designating confidential documents: "get the documents first and worry about the designations as time goes by and the things that matter." Dec. 9, 2019 Tr. 9:14–21. The original Protective Order was entered on December 13, 2019. ECF No. 308. The Amended Protective Order, entered January 19, 2021, superseded it and governs previously produced materials. ECF No. 1282 ("Am. PO") ¶ 7. The Order sought to expedite discovery while balancing the public interest in information concerning the litigation against the need to protect confidential materials. *Id.* ¶¶ 1–3. It expressly disclaims blanket protection for all discovery and limits protection to information entitled to confidential treatment under applicable law. *Id.* ¶ 4. The Order protects confidential information, including trade secrets, specified personal and health information, certain legally protected regulatory communications, and qualifying nonpublic business and financial information, but not information already in the public domain or later made public through publication that does not violate the Order. *Id.* ¶ 10. The Order also provides a process through which parties may challenge a confidentiality designation. The Order permits a party to challenge individual documents or categories of documents. Am. PO ¶¶ 31, 35. Such disputes require direct conferral, followed by a joint statement to the Court if necessary. *Id.* ¶¶ 37–38. The designating party retains the burden of persuasion, and material subject to a challenge remains protected pending waiver or a judicial ruling. *Id.* ¶ 38. This MDL protective-order framework has also been adopted in state-court proceedings,

---

[1] The Altria Defendants' join and fully incorporate by reference Defendants' Opposition to Plaintiffs' Motion to Modify Protective Order and Require Defendants to Show Good Cause for Continued Confidentiality (filed Oct. 8, 2026) ("Defs.' Opp.").

including the *Shapiro* case that the Court remanded to Florida, where the court rejected the Plaintiffs' argument that a protective order was unnecessary.[2]

Altria produced hundreds of thousands of documents at issue here several years ago.[3] From the outset of this litigation, Plaintiffs' counsel have been active participants, including serving on the MDL Plaintiffs' Steering Committee. *See* Order Appointing Plaintiffs' Leadership and Steering Committee Members, ECF No. 341, at 1 (Dec. 20, 2019). Documents from Altria's productions have been used in subsequent motion practice and a bellwether trial.

Not once, however, have Plaintiffs raised any concerns about the confidentiality of other documents included within Altria's productions. It was only after the Court stated its intention to suggest remand that Plaintiffs filed this Motion. Yet Plaintiffs fail to identify any confidential Altria document—or any document for that matter—they intend to rely on in any remaining case, much less explain how its designation impedes their ability to litigate those claims. Nor do Plaintiffs identify any specific additional Altria document whose public disclosure would provide information beyond what is already publicly available. Instead, they seek a reassessment of every remaining confidentiality designation in Defendants' productions, encompassing documents never filed with the Court and documents they give no indication they intend to use. Plaintiffs ask that the Court order Defendants, within 45 days, to re-review their massive productions, identify by Bates number each document, or narrowly defined category of documents, that merits continued protection; state the basis for protection and the particularized harm disclosure would cause; propose redactions; and support those positions with declarations. *See* Mot. at 12.[4] After Defendants complete this massive

---

[2] *See* Protective Order and Privileged Materials Order ¶¶ 36–39, *Shapiro v. Juul Labs, Inc.*, No. CACE-19-010866 (Fla. 17th Cir. Ct. May 5, 2026).

[3] JLI has already made public approximately 4 million documents—a subset of its MDL production—as part of various consent agreements in other litigations. *See, e.g.*, Defs.' Opp. Additional documents will be added to this public depository, including Altria's documents.

[4] Although Plaintiffs' Motion refers only to JLI and the Altria Defendants, the requested relief would impact every defendant named in this litigation, and any other non-party that produced documents under the Protective Order.

undertaking, the parties would confer and the Court would resolve the parties' disputes about confidentiality. *Id.*

If granted, Plaintiffs' procedurally defective Motion would require that Altria re-assess the confidentiality designations for the majority of approximately 875,000 documents and 6.6 million pages produced in the MDL and require that the Court then resolve any disputes about those designations. It would needlessly add further delay to the remand of the remaining cases without an indication that there might be benefits to the parties or the public. The Motion should be denied.

## ARGUMENT

### I. PLAINTIFFS' REQUEST IS PROCEDURALLY IMPROPER AND UNJUSTIFIABLY DELAYED.

The Court should deny the Motion because Plaintiffs have not attempted to resolve or narrow this discovery dispute before seeking judicial relief. A request to modify a discovery protective order falls within the Court's authority under Rule 26. *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-md-03047-YGR (PHK), 2024 WL 251404, at *7 (N.D. Cal. Jan. 23, 2024) (analyzing a protective-order modification request as a Rule 26 motion and recognizing the Court's continuing authority to manage discovery). This Court's Standing Order for Civil Cases requires counsel to confer before presenting an unresolved discovery dispute. Standing Order ¶ 4 (May 25, 2023). Case Management Order No. 6 incorporates that requirement. *See* ECF No. 357. And Civil Local Rule 37-1(a) independently requires that the parties confer before the Court entertains a discovery motion. Plaintiffs, however, filed this discovery motion without ever raising the issues involved with counsel to Altria. And Plaintiffs have made no efforts since filing their motion to resolve or narrow the requested relief through conferral.

Plaintiffs also ignore the Protective Order's established procedure for challenging confidentiality designations. Paragraph 36 requires a party challenging confidentiality to provide written notice identifying the challenged designations and the grounds for the challenge and gives the designating party an opportunity to respond. Am. PO ¶ 36. Paragraph 37 then requires that the parties attempt to resolve each challenge through direct, good-faith conferral. *Id.* ¶ 37. Only after

these steps are completed may a party raise a dispute about confidentiality with the Court, and even then must do so through a joint submission under paragraph 38. *Id.* ¶ 38. Plaintiffs cannot avoid these requirements by characterizing their motion—which seeks to challenge the confidentiality of documents produced in discovery—as a request to modify the Order

These problems are underscored by the years that preceded ***any*** effort by Plaintiffs to address this issue. The original Order dates back to December 2019, the amended Order to January 2021, and Altria's productions were made years ago. Plaintiffs waited until after the Court announced its intention to suggest remand to request this comprehensive reassessment.

While they claim to have previously devoted their resources to litigating and resolving claims rather than challenging designations, Mot. at 5, that strategic choice does not explain why they failed to even raise the issue or why they waited until remand is imminent to do so. Nor does it justify replacing the long-established process and forcing Defendants to revisit all remaining designations within 45 days. To the contrary, Plaintiffs' delay is further reason to deny their motion. *See Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc.*, 62 F.3d 1217, 1219–21 (9th Cir. 1995) (affirming denial of an untimely motion to intervene to seek modification of protective orders, considering the stage of the proceedings, prejudice, and unexplained delay, including the expense of reviewing voluminous records to safeguard confidentiality).

## II. PLAINTIFFS' MOTION TO MODIFY THE PROTECTIVE ORDER FAILS ON THE MERITS.

### A. Plaintiffs Focus On The Wrong Governing Legal Standard.

Plaintiffs' Motion incorrectly focuses on the standard Altria would need to meet to establish continued protection of challenged material. Mot. at 6–7. Plaintiffs, however, must ***first*** justify replacing the Order's established challenge process with the production-wide reassessment they demand. *See In re Social Media*, 2024 WL 251404, at *8 ("The party seeking the modification bears the burden of proving such good cause exists to modify the protective order.") (citing *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 205 (N.D. Cal. 2009)). In *In re Social Media*, another Judge in this District considered proposed changes to a protective order and held that to

justify a modification, "[t]he protective order must actually prejudice presentation of the moving party's case, not merely increase the difficulty of managing the litigation." *Id.* at *11 (quoting *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000)); *see also Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir. 1992) (upholding a protective order where the challenger failed to demonstrate prejudice to its case and had neither attempted the order's independent-consultant access procedure nor argued that the procedure was unduly burdensome). Here, Plaintiffs have not even invoked the Order's designation-challenge procedure, much less identified a dispute that it could not resolve.

That obligation is distinct from Altria's burden to establish good cause for continued protection of challenged material. *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (recognizing burden is on the producing party once documents are appropriately challenged). That Altria may ultimately bear the burden of establishing a basis for continued protection does not absolve Plaintiffs of their burden to ***first*** show why the Protective Order procedures must be modified. *See In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356–57 (11th Cir. 1987) (distinguishing the obligation to raise a challenge from the burden to justify confidentiality); *see also O'Neil v. City & Cnty. of S.F.*, No. 17-cv-07190-JCS, 2021 WL 1736809, at *4 (N.D. Cal. May 3, 2021) (declining to resolve thousands of confidentiality designations in one motion despite the defendants' ultimate burden).

### B. Plaintiffs Cannot Justify Their Requested Relief.

#### 1. Plaintiffs Have Not Established The Current Process Is Unworkable Or Prejudicial

Plaintiffs have not made any showing justifying the replacement of the Order's challenge procedures. *See supra* Section I. They identify no prejudice from having to specify the documents or groups of documents they seek to make public, no properly presented challenge that those procedures could not resolve, and no restriction preventing them from contesting information they believe has become public or stale. Plaintiffs have not identified any confidential Altria document or category of document that cannot proceed under this process—indeed, they have not identified a single document they intend to rely on whose designation impedes their ability to litigate their

claims. In short, Plaintiffs have established no good cause for departing from the current confidentiality designation process.

**2.** <u>The Absence Of An Initial Document-Specific Good Cause Finding Does Not Justify Mass Re-Review</u>

Plaintiffs assert that Defendants' designations "have never been systematically tested" as a basis for why the entire production must be re-reviewed. Mot. at 5. Plaintiffs overlook the review that has occurred through sealing proceedings, withdrawals or narrowing of requests for protection, and examination of materials used in motions and the bellwether trial.[5] Those proceedings show that the existing process permits meaningful review when disputed information is identified. But the absence of an initial document-specific good-cause finding does not establish that the information is unprotectable or require wholesale withdrawal of the Order. *Roman Catholic* expressly recognizes that a court need not make that initial finding when the parties stipulate to protection; the producing party retains its burden when protection is challenged. 661 F.3d at 424. *Biovail Labs., Inc. v. Anchen Pharms., Inc.*, 463 F. Supp. 2d 1073, 1082–83 (C.D. Cal. 2006), likewise acknowledged the absence of an initial particularized good-cause showing but rejected a modification request referring generally to all summary-judgment exhibits without identifying specific documents, and also found substantive grounds for continued trade-secret protection; *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122–23 (3d Cir. 1986) (explaining court need not review every document).

Those decisions do not prescribe the production-wide approach Plaintiffs demand. *Roman Catholic* addressed identified categories of clergy personnel records and deposition materials, including all personnel records from the clergy files produced in discovery. 661 F.3d at 422–23. *Phillips*—another case on which Plaintiffs rely—addressed specified settlement information. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1209, 1214 (9th Cir. 2002). Neither required the comprehensive reassessment of every remaining confidentiality designation

[5] Plaintiffs' assertion overlooks the sealing motions Defendants have filed and the Court's rulings addressing which information warrants continued protection. *See, e.g.*, ECF Nos. 4293, 4369, 4374, 4393.

within 45 days that Plaintiffs seek here—particularly in light of the fact that Plaintiffs have had access to all documents in the production for multiple years.

**3.** Nono of Plaintiffs' Remaining Arguments Require Production-Wide Re-Review

*First*, Plaintiffs concede that there are already millions of publicly available ***JLI*** documents, including audit-committee minutes and an investor prospectus that previously bore heightened confidentiality designations. Mot. at 4–5. From those examples, they make the conclusory assertion that other documents of the same kinds cannot plausibly remain sensitive. *Id.* at 5, 8. That inference is misguided. Altria does not seek protection for information JLI lawfully released in the public domain, which falls outside the Order's definition of "confidential information." Order ¶ 10. But publication of one set of meeting minutes does not establish publication of the different information in another set. Nor does the release of a JLI prospectus establish that ***Altria's*** undisclosed financial information, third-party terms, or other qualifying information is public. A common document label, topic, or historical transaction cannot substitute for an assessment of the contents.

*Second*, the mere passage of time does not establish automatic expiration of the confidentiality provisions in the Order. To the contrary, the Order contains no age-based expiration date and instead, provides for continuing confidentiality obligations absent agreement or further Court order. Am. PO ¶ 29. Moreover, although the age of a document may reduce the competitive significance of some information, other protected interests may remain. Continued protection turns on the documents' present sensitivity, not age alone. *See In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-63 (N.D. Cal. 1992) (recognizing continuing commercial and third-party interests in nonpublic information while treating the duration of protection as a relevant factor). Historical financial analyses, valuation methods, customer-specific pricing, and contractual terms may remain commercially sensitive despite their age. Likewise, nonparties' business information and personal details raise additional confidentiality interests. There is simply no rule that information loses protection after a fixed number of years and requires the unduly burdensome process that Plaintiffs seek.

Nor would any staleness concerns justify Plaintiffs' sweeping relief. If the age of the production alone warrants this exercise, what would prevent the same demand in another year or

two? Plaintiffs' premise would invite recurring reviews of hundreds of thousands of documents throughout the life of a case without any actual litigation need or identifiable defect in a particular designation. The existing process accommodates changes in confidentiality due to time through specific challenges to specific documents or categories and withdrawal of unsupported designations. Am. PO ¶¶ 30–31, 36–38.

*Third*, Plaintiffs' generalized appeal to public health does not justify the prejudice of a production-wide reassessment or the disclosure of still-sensitive business and private information. *Roman Catholic* requires the Court to weigh the public interest in disclosure against particularized harm; public health and the significance of the litigation inform that balance but are not dispositive. 661 F.3d at 424 n.5, 425–26 (citing *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). Plaintiffs cannot establish an entitlement to their sweeping relief merely by invoking the subject matter of this litigation.

The tobacco-document depository remedy itself confirms that public-health interests do not extinguish all legitimate confidentiality interests. It expressly permits specified personal-information redactions and qualified exceptions for privileged material, trade secrets, and documents whose disclosure is restricted by qualifying court orders. *U.S. v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 941-44 (D.D.C. 2006).[6] Plaintiffs' discussion of the value of tobacco-document research therefore does not establish that all remaining business and privacy interests must yield. Mot. at 8–12. The Order already facilitates appropriate sharing in Coordinated Actions, and Plaintiffs concede that some personal, health, and regulatory information warrants protection. Mot. at 7; Am. PO ¶ 39.

Plaintiffs' discussion of documents released under tobacco settlements and remedial orders does not establish that they are entitled to the relief sought here. *See* Mot. at 8–12. Those releases do not eliminate the depository regime's express confidentiality exceptions or establish that every still-designated Altria document must be disclosed. *See Phillip Morris*, 449 F. Supp 2d. at 941-44. Any publication obligation must be assessed under the governing order and its exceptions; the

[6] For the Court's reference, the relevant Westlaw citation is *United States v. Philip Morris USA Inc.*, No. 99-cv-02496, 2006 WL 2380681 (D.D.C. Aug. 17, 2006).

history of tobacco-document disclosure does not itself justify a new, production-wide confidentiality review within 45 days.

## III. PLAINTIFFS SEEK UNREASONABLY BROAD AND BURDENSOME RELIEF ON AN UNSUPPORTED 45-DAY TIMETABLE.

Even if Plaintiffs could justify modifying the Protective Order—and they cannot—Plaintiffs' proposed 45-day process would require far more than a list of documents bearing confidentiality designations. For the remaining universe within Altria's approximately 875,000-document, 6.6-million-page production, Altria would need to determine what information is already public, assess present sensitivity, evaluate third-party interests, identify meaningful categories, develop particularized support, propose redactions, and prepare declarations. Plaintiffs' reference to "narrowly defined" categories does not remove that work. Mot. at 12. Plaintiffs identify no proposed categories or organizing criteria, and Altria would still have to determine which materials fit, whether the asserted harm applies across a category, which public counterparts affect the analysis, and what portions can be released. Grouping genuinely similar materials may reduce duplication, but it does not transform an undefined production-wide reassessment into a ready-made undertaking that can be completed within an arbitrary period.

Courts have recognized these practical problems. In *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 893–95 (E.D. Pa. 1981), the court declined wholesale declassification of millions of pages, reasoning that the requesting party must justify the judicial and private resources required and that blanket proceedings could prejudice third parties unable to participate. The burden of revisiting completed designations likewise weighs against modification when a narrower procedure can address the asserted need. *See Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-cv-1455-WCB, 2017 WL 772486, at *6–7 (E.D. Tex. Feb. 28, 2017) (rejecting a proposed change to access restrictions that would require substantial review and redesignation, while accepting a narrower accommodation). Plaintiffs offer no reason why targeted challenges cannot address their concerns here.

Plaintiffs argue that any burden results from Defendants' bulk designations. Mot. at 12. But the Court expressly authorized that production method to expedite discovery, while preserving a procedure for later challenges. *See supra* at 3. Protective orders like this one are employed to facilitate discovery by allowing parties to produce sensitive information without first litigating the confidentiality of every document. *See Cipollone*, 785 F.2d at 1122–23 (endorsing umbrella protective orders to facilitate large-scale discovery). That function advances a central purpose of MDL proceedings: coordinating pretrial litigation to promote efficiency. *See* 28 U.S.C. § 1407(a). Plaintiffs received the benefit of that bargain: expedited access to Altria's production. They should not now be permitted to wield the authorized production method as a sword, treating it as sufficient reason to require a comprehensive review years later. That exercise would consume substantial resources reviewing materials with no identified confidentiality dispute and revisiting work already performed in sealing proceedings, defeating the efficiency the Order was designed to achieve.

Nor do the Ninth Circuit authorities cited by Plaintiffs support the wholesale review they seek. In *Fierro Cordero v. Stemilt AG Services, LLC*, 142 F.4th 1201 (9th Cir. 2025), the court vacated a discovery order that had been entered without a finding of good cause supporting that restriction, or a stipulation by the parties. *Id.* at 1207. Here, by contrast, the parties stipulated to the Order and its procedure for challenging confidentiality designations. *Fierro Cordero* did not address whether an existing, agreed-upon procedure for challenging confidentiality designations must be replaced with a review of every designation across an entire production. 142 F.4th at 1207-08. *Foltz* and *Beckman* likewise addressed materially different relief: access to discovery for use in other litigation. In *Foltz*, the court required the requesting litigants to demonstrate the discovery's relevance and general discoverability in their cases, and explained that legitimate confidentiality interests could be preserved by subjecting those litigants to the original order's restrictions on use and disclosure. *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1132–33 (9th Cir. 2003). Similarly, *Beckman* permitted collateral litigants to obtain six deposition transcripts for use under protective orders in their pending cases. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472, 475–76 (9th Cir. 1992). Those decisions facilitate access for identified litigation needs while preserving warranted protection.

The Court should deny the requested production-wide modification with prejudice while preserving challenges to particular documents or meaningful categories under the existing Order. Altria would respond to those challenges, withdraw unsupported designations, consider appropriate redactions, and substantiate any continuing protection.

**CONCLUSION**

Altria respectfully requests that the Court deny Plaintiffs' requested production-wide modification with prejudice, leaving the Amended Protective Order and its procedures for properly presented challenges in place. Plaintiffs remain free to challenge the confidentiality of particular documents under the Order's existing procedures.

Dated: October 8, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

By: *<u>/s/ David E. Kouba</u>*

John C. Massaro (*admitted pro hac vice*)
Jason A. Ross (*admitted pro hac vice*)
David E. Kouba (*admitted pro hac vice*)
Lauren S. Wulfe (SBN 287592)

Attorneys for Defendants ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, AND ALTRIA ENTERPRISES LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026 a copy of the foregoing was electronically filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants registered to receive service in this matter.

*/s/ David E. Kouba*
David E. Kouba