Timothy S. Danninger (*pro hac vice*)
Timothy J. McGinn (*pro hac vice*)
GUNSTER, YOAKLEY & STEWART, P.A.
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Telephone: (904) 354-1980
tdanninger@gunster.com
tmcginn@gunster.com

*Attorneys for Defendant Juul Labs, Inc.*

[*Additional counsel in signature block*]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Erin NesSmith et al. v. Juul Labs, Inc. et al.*, Case No. 3:19-cv-06344-WHO<br><br>*Bailey Legacki v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01927-WHO<br><br>*Cole Aragona v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01928-WHO<br><br>*Matthew Tortorici v. Juul Labs, Inc. et al.* Case No. 3:20-cv-03847-WHO<br><br>*Jordan Dupree v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03850-WHO<br><br>*Carson Sedgwick v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03882-WHO<br><br>*Jennifer Lane et al. v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-04661-WHO | Case No. 3:19-md-02913 (WHO)<br><br>Hon. William H. Orrick<br><br>**DEFENDANTS' STATUS REPORT REGARDING PLAINTIFFS' COMPLIANCE WITH COURT ORDERS ON PRODUCTION OF EMAIL AND SOCIAL MEDIA COMMUNICATIONS** |

On September 10, 2026, the Court ordered Plaintiffs to produce responsive documents from certain email and social media accounts. Dkt. 4517. While Plaintiffs appear to have timely made *some* of their productions, they have delayed others through noncompliance, unresponsiveness, and newly raised objections.

The Court also authorized Defendants to obtain records through subpoenas with productions to be made directly to Plaintiffs' counsel. Those subpoenas were served the week of October 5, 2026, and Defendants are actively engaging with the subpoena recipients to address objections and secure productions. No subpoena productions have been completed. Defendants anticipate the subpoena recipients to make their productions to Plaintiffs' counsel, in or around 30 days from the date of this submission.[1]

To ensure that Plaintiffs produce the materials that satisfy the Court's Order in a timely manner, Defendants respectfully request that the Court retain the above-listed cases for 30 additional days, until December 9, 2026, so that these productions can be completed. To the extent the Court is willing to grant such relief, Defendants will provide an update to the Court no later than December 7, 2026, regarding the status of these productions and whether additional time is required to complete them.

## I. PLAINTIFF-COLLECTED MATERIALS

### a. Recovered Accounts

The day before their deadline for producing authorizations, Plaintiffs disclosed that they had regained access to 9 of the accounts they earlier represented to have been "dormant for years" and thus "inaccessible."[2] Dkt. 4514 at 14. Plaintiffs represented that they intended to produce documents from the recovered accounts by the November 9 deadline the Court set for other

---

[1] The Court's order affords Plaintiffs' counsel 15 days to review and produce third-party produced documents to Defendants.

[2] These accounts include (i) baileylegacki (Threads), (ii) baileylegacki (Tumblr), (iii) breathebetweenbattles (Facebook), (iv) coleja35 (Threads), (v) erin_breathebetween (Threads), (vi) erin54 (TikTok), (vii) erin54 (X), (viii) mattymtor8 (Snapchat), and (ix) tori_girl_123 (Instagram).

Plaintiff-collected materials in its Order, and they made an initial production of 274 native files on that date. Because the production is not organized according to the categories in the Court's order or the accounts from which the documents come, it will take some time for Defendants to assess the production's completeness. If the production is not complete (or is otherwise defective), Plaintiffs technically have no deadline for correcting that as the Court's order did not address this category of accounts—a worrying situation given the years of delay that required Defendants to request the Court's assistance in obtaining these records.

**b. Accounts from 2015 or 2016 and Recently Created Accounts**

Plaintiffs made an initial production materials on the Court-ordered deadline of November 9, as detailed above. The production contains materials from all *Plaintiffs* whose accounts are at issue, but Defendants are still assessing whether it contains materials from each *account* addressed in the Order—which, again, is not apparent due to the production's organization. Defendants will provide further updates once they have assessed the production's completeness and sufficiency.

**c. Embedded Media**

Due to a technical issue, Plaintiffs did not receive the 25 embedded media exemplars Defendants timely identified for Plaintiffs on September 21 until November 6. Defendants recognize any delay in the search for and production of embedded media is not Plaintiffs' fault due to this technical issue and will work with Plaintiffs on a reasonable deadline for production of that information. As a result, the embedded media production will not be made until sometime after November 9.

**II. DEFENDANT-COLLECTED MATERIALS**

**a. Sony Account**

The Court ordered Plaintiff Victoria Cunningham to "take reasonable steps within the . . . thirty (30) days" after its Order "to secure the texts/messages through Sony that she admittedly used to text friends when her cellphone was unavailable" and to "keep defendants informed of that progress." Order, Dkt. 4517 at 3. The Court's deadline—October 13—passed without any

production or update from Plaintiffs. When Defendants raised the missed deadline the following day, Plaintiffs responded that "[n]either Victoria nor her mother have the Sony PlayStation" and offered to sign an authorization. Ex. A (J. Haberman email to G. O'Hickey (Oct. 14, 2026)). By omission, Plaintiffs imply that they made no effort to obtain the records from Sony aside from potentially looking for the PlayStation itself. This falls short of the "reasonable steps" the Court ordered Plaintiffs to take to obtain the records, which should have included a subpoena or records request and essentially amounts to 30 days of delay. The delay has continued since—Defendants sent Plaintiffs an authorization for these records on October 15 (one day after they offered to sign one) but they have not returned the signed authorization.[3]

**b. Meta Accounts**

Defendants served a subpoena on and are conferring with Meta regarding Plaintiffs' Facebook, Instagram, and Threads accounts—with the exception of two of Erin NesSmith's Facebook accounts (erin.nessmith.3 and erin.nessmith.9). Twenty days after the Court's Order, on their deadline for providing Defendants signed authorizations, Plaintiffs first took the position that several of Erin NesSmith's Facebook accounts that the Court ordered them to produce were business accounts and thus exempt from production under the Order. Defendants challenged this claim, citing Ms. NesSmith's use of her work email for anti-ENDS advocacy and to discuss her claims in this case. Two weeks later, Plaintiffs agreed and stated they would attempt to access the accounts and provide an authorization related to accounts they could not access. Defendants finally received the authorization on November 6 and now need to issue a new subpoena for those accounts. Defendants will promptly issue a subpoena and pursue Ms. NesSmith's records.

**c. Snapchat Accounts**

Defendants have served Snapchat with a subpoena and had several conferrals. On October 30, Snapchat requested additional verification that Plaintiffs own the accounts at issue, including copies of government-issued IDs and bills reflecting the phone number associated with the

[3] Plaintiffs' counsel initially said they would provide it Friday, November 6, 2026. On November 6, Plaintiffs' counsel said they would provide it on November 9.

account. Defendants are prepared to work with Plaintiffs to obtain Snapchat's requested information. Defendants also conferred with Snapchat on November 5 to discuss alternative verification methods since Plaintiffs have lost access to these accounts, may not know the associated phone numbers, and may not have related bills. Obtaining information and documents from Plaintiffs, working with Snapchat on productions, and waiting for Plaintiffs' counsel to review the documents before production to Defendants requires additional time.

**d. Google, TikTok, and VSCO Accounts**

Defendants received authorizations related to Plaintiffs' Google, TikTok, and VSCO accounts on September 30, 2026, and served subpoenas on each entity the following week. The subpoenas required document productions on or before October 22, 2026, but none of the entities have served responses or objections or contacted Defendants. Defendants are actively working to make contact with these entities but may ultimately require Court intervention to enforce the subpoenas.

## III. THE COURT SHOULD RETAIN THESE MATTERS TO SUPERVISE PLAINTIFFS' COMPLIANCE WITH THE COURT'S ORDER.

The Court has been clear about its intention to suggest remand of the pending cases to their respective home courts on or around November 10, 2026. The Court also ordered Plaintiffs to complete their productions on or before November 9, 2026 (and, thus, prior to the suggestion of remand). Through no fault of Defendants, Plaintiffs will not comply with the Court's order and complete their productions by November 9. Plaintiffs are responsible for much of the delay. Additional time is needed for third parties to confer with Defendants, collect documents, and produce them to Plaintiffs for review and production of responsive materials to Defendants.

Another important factor in the delay is the non-responsiveness of certain third-party subpoena recipients. Although the majority of subpoena recipients have engaged with Defendants regarding scope of the subpoenas and objections, three have made no effort to respond or object

to the subpoenas, and Defendants may need to move the Court for further orders to enforce the subpoenas.

There is good cause, summarized above, for the Court to continue its oversight of the cases for a short time. Additionally, the Court's retention of the cases until Plaintiffs and the remaining third parties comply with the Court's order will ensure that Defendants do not need to seek relief from multiple courts that did not issue the order and that have no familiarity with or experience managing these cases.

## IV. CONCLUSION

In light of the foregoing, Defendants respectfully request that the Court retain the above-listed cases for 30 additional days, until December 9, 2026, so that the email and social media productions it ordered can be completed and, to the extent not, Defendants can provide a further update as to the status of the productions.

Dated: November 9, 2026

Respectfully submitted,

By: */s/ Timothy S. Danninger*
Timothy S. Danninger (pro hac vice)
Timothy J. McGinn (pro hac vice)
**GUNSTER, YOAKLEY & STEWART, P.A.**
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Telephone: (904) 354-1980
tdanninger@gunster.com
tmcginn@gunster.com

*Attorneys for Defendant Juul Labs, Inc.*

By: */s/ Michael J. Guzman*
Mark C. Hansen (pro hac vice)
Michael J. Guzman (pro hac vice)
David L. Schwarz (SBN. 206257)
**KELLOGG HANSEN TODD FIGEL & FREDERICK, P.L.L.C.**
1615 M. Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
mhansen@kellogghansen.com

By: */s/ David E. Kouba*
John C. Massaro (pro hac vice)
Jason A. Ross (pro hac vice)
David E. Kouba (pro hac vice)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
john.massaro@arnoldporter.com
jason.ross@arnoldporter.com
david.kouba@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Group Distribution Company, Altria Enterprises LLC*

mguzman@kellogghansen.com
dschwarz@kellogghansen.com

*Attorneys for Defendants Nicholas Pritzker, Hoyoung Huh, and Riaz Valani*

By: */s/ Eugene Illovsky*

Eugene Illovsky
Kevin Calia
**ILLOVSKY GATES & CALIA LLP**
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Telephone: (415) 500-6643
eugene@illovskygates.com
kevin@illovskygates.com

*Attorneys for Defendant Adam Bowen*

By: */s/ James Kramer*

James Kramer
Catherine Malone
Kevin Askew
**ORRICK HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
jkramer@orrick.com
cmalone@orrick.com
kaskew@orrick.com

*Attorneys for Defendant James Monsees*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, I electronically served the foregoing document on all counsel of record in this action using the CM/ECF system.

/s/ *Timothy S. Danninger*
Timothy S. Danninger