Scott P. Schlesinger, (*pro hac vice*)
Jonathan R. Gdanski, (*pro hac vice*)
Jeffrey L. Haberman, (*pro hac vice*)
**SCHLESINGER LAW OFFICE, P.A.**
1212 SE Third Avenue
Fort Lauderdale, FL 33317
Tel: (954) 467-8800
scott@schlesingerlaw.com
jgdanski@schlesingerlaw.com
jhaberman@schlesingerlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICE AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Erin NesSmith et al. v. Juul Labs, Inc. et al.*, Case No. 3:19-cv-06344-WHO<br><br>*Bailey Legacki v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01927-WHO<br><br>*Cole Aragona v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-01928-WHO<br><br>*Matthew Tortorici v. Juul Labs, Inc., et al.* Case No. 3:20-cv-03847-WHO<br><br>*Jordan Dupree v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03850-WHO<br><br>*Carson Sedgwick v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-03882-WHO<br><br>*Jennifer Lane et al. v. Juul Labs, Inc. et al.*, Case No. 3:20-cv-04661-WHO | Case No. 3:19-md-02913 (WHO)<br><br>Hon. William H. Orrick<br><br>**PLAINTIFFS' STATUS REPORT REGARDING THEIR COMPLIANCE WITH THE COURT'S ORDER OF SEPTEMBER 10, 2026** |

Plaintiffs have fully complied with the Court's order of September 9, 2026. They timely served declarations on the accounts they could not access; they timely executed authorizations to subpoena documents from inaccessible accounts; and they timely produced responsive documents. Defendants' contentions otherwise are simply false.

The cases are ripe for transfer or remand to their relevant courts. On September 9, the Court wrote: "I see no further need for my intervention in these matters, as I expect counsel to work cooperatively to finish up these few, discrete issues on their own." That's right.

Nothing Defendants raise necessitates continued involvement or oversight. Defendants complain they have not yet received documents from third parties. It is unknown exactly when those will be produced. But the Court's "self-executing" order covers this scenario because Plaintiffs remain obligated to produce responsive documents within 15 days of receiving them. Transferring these cases does not negate the subpoenas. And, if the need arises, Defendants can litigate a third party's non-compliance in the receiving court.

Defendants' mention of "recovered accounts," "accounts from 2015 or 2016," and "recently created accounts" is of no moment. The Court ordered productions of those accounts to be made within 60 days from September 9. Plaintiffs did so. Defendants can't use Plaintiffs' compliance to request more time. The Court did not call for further updates.

There is no basis to hold onto these cases so Defendants can further assess "completeness and sufficiency." Take Defendants' embedded media concern. Defendants identified an additional 25 documents they contend had issues. Of note, Plaintiffs did not receive this list until November 6. Even still, Plaintiffs addressed these issues by November 9 – the very opposite of the delay Defendants' charge. Plaintiffs produced the documents in multiple formats, including in native form, and explained that *no* additional information was available at the time the documents were collected and no embedded media files were withheld.

Defendants try to raise an issue regarding Cunningham and NesSmith where none exists. Cunningham's Sony account was inadvertently omitted from the list of the inaccessible accounts

she named in in her declaration, which was timely provided. But for this omission, she would have provided an authorization back in for Defendants to subpoena that along with the others that were provided back in September. The fact is, Cunningham has not had that gaming device for years. Signing the authorization to subpoena the account is the only reasonable step she could have and did take.[1] Last, Defendants improperly fault NesSmith for not providing authorizations on two Facebook accounts. Those are dormant business accounts that were not accessible. And the Court ruled that business accounts need not be provided but Defendants would not accept Plaintiffs' representation. To avoid further conflict, NesSmith executed an authorization for Defendants to subpoena those accounts. None of this nit-picking merits retaining the cases.

Overall, the Court should see through and reject Defendants' thinly veiled attempt to hold onto these cases without end. The Court should transfer these cases to their respective trial courts as soon as practical.

Dated: November 10, 2026

Respectfully submitted,

By: */s/ Jeffrey L. Haberman*

Scott P. Schlesinger, (*pro hac vice*)
Jonathan R. Gdanski, (*pro hac vice*)
Jeffrey L. Haberman, (*pro hac vice*)
**SCHLESINGER LAW OFFICE, P.A.**
1212 SE Third Avenue
Fort Lauderdale, FL 33317
Tel: (954) 467-8800
scott@schlesingerlaw.com
jgdanski@schlesingerlaw.com
jhaberman@schlesingerlaw.com

*Attorneys for Plaintiffs*

[1] The Sony authorization would have been provided earlier, but Cunningham was ill with the flu and was unable to execute it before a notary by November 6.