UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: JUUL LABS, INC., MARKETING SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**<br><br>This Document Relates to:<br><br>*All Actions* | Case No. 19-md-02913-WHO<br><br>**ORDER ON MOTION TO MODIFY THE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 4519, 4523 |

Opt-out plaintiffs in this action move to modify the Protective Order covering the discovery produced in this MDL proceeding. Dkt. No. 4519; *see also* Dkt. No. 308 ("Protective Order"). They argue that the "blanket" good cause supporting my entry of the Protective Order under Rule 26 for the MDL proceedings no longer exists because: (1) the information in the discovery has grown stale; (2) a large trove of discovery from these proceedings has already been disclosed, pursuant to agreements between defendant JLI and settling Attorneys General in non-MDL cases and pursuant to an order from the Honorable Paul L. Friedman in *United States of America v. Philip Morris USA, Inc.*, Case No. 99-2496 (D.D.C., June 19, 2023 Order); and (3) given the high public interest in the historical record of these proceedings. As a result, they seek an order requiring defendants, within 45 days, to produce a log identifying by Bates number each document or category of documents for which they seek continued protection and identifying the particularized harm that would result from disclosure of those documents.

Under Rule 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). As the Ninth Circuit has explained where, as here, "the protective order 'was a stipulated order and no party ha[s] made a 'good cause' showing,' then 'the burden of proof ... remain[s] with the

United States District Court
Northern District of California

party seeking protection.' [*Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir.2002)] If a party takes steps to release documents subject to a stipulated order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

JLI and Altria argue that the opt-out plaintiffs have not shown good cause to amend the Protective Order, and point out that what the opt-out plaintiffs seek here is not a true amendment but instead avoidance of the Protective Order to impermissibly shift onto defendants the burden of justifying the confidential designation of every piece of discovery produced in this action. Dkt. Nos. 4521, 4522. Defendants assert that the purpose behind the opt-out plaintiffs' demand for a wholesale rereview of the millions of pages of discovery that were marked confidential is to harass defendants and drive up the costs of continued litigation against the opt-out plaintiffs. Defendants contend that the opt-out plaintiffs wholly fail to meet the good cause standard under Rule 26 to justify modification of the MDL Protective Order in the first instance and cannot identify any harm or prejudice because they will be able to use the general MDL discovery in their opt-out cases upon remand or transfer as long as they agree to similar protective orders. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2024 WL 251404, at *8 (N.D. Cal. Jan. 23, 2024 (where "plaintiffs seek modification of the Protective Order's terms, they bear the burden of establishing good cause for the modification and the burden to show that specific prejudice or harm will result if the motion is not granted.").[1]

I agree with the defendants. The opt-out plaintiffs are not challenging the confidential designation of any particular documents or sets of documents under the Protective Order. Instead, they challenge every confidentiality designation remaining in the millions of pages of discovery

---

[1] Altria separately argues that the opt-out plaintiffs' motion is procedurally improper and unjustifiably delayed. Dkt. No. 4521 at 4-5. The opt-out plaintiffs should have met and conferred and proceeded to challenge specific designations through the procedure identified in the Protective Order. *See infra*. But in the interest of efficiency, I will proceed to consider the narrowed request as one raised under the Protective Order and address it on its merits. If the opt-out plaintiffs seek further relief as to confidentiality designations, they shall meet and confer under the Protective Order provisions first.

produced. That is an improper attempt to bypass the provisions of the Protective Order that remain in place and provide a mechanism for any party to contest specifically identified document's confidentiality designation. Protective Order ¶¶ 33-36. As courts in this District have recognized, *parties* to Protective Orders – as the opt-out plaintiffs are here – cannot bypass the unsealing provisions of a protective order by seeking wholesale unsealing. *See In re Adobe Sys., Inc. Sec. Litig*., 141 F.R.D. 155, 165 (N.D. Cal. 1992) ("The court has found no adequate reason in either the facts of this case or the applicable case law to abandon the Protective Order which the parties negotiated and relied on throughout this case. The parties may un-designate documents to be offered at trial. However, they must follow the agreed-on procedures in doing so."); *see also Johnson v. City & Cnty. of San Francisco*, No. CV 09-5503 JSW JSC, 2012 WL 104635, at *4 (N.D. Cal. Jan. 12, 2012) ("Accordingly, Plaintiffs have failed to mount a sufficient challenge to the protective order as a whole and the Court finds that there is good cause for the protective order. To the extent that Plaintiffs seek to challenge the designation of specific documents, they may do so under the procedures set forth in the protective order.").

Modification of a protective order was sought in *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1134 (9th Cir. 2003). There, the district court applied the wrong standard in approving a blanket protective order that limited the disclosure and use of discovery produced in the case and failed to appropriately weigh the interests of the collateral litigant intervenors who sought access to the discovery against the reliance interests of the defendant who settled the case. In the end, the Ninth Circuit remanded so that the district court could consider good cause and whether to modify the existing protective order, including by making the collateral litigants parties to the existing protective order. That is a far cry from what plaintiffs seek here.

While the Ninth Circuit also recently struck down a protective order that was entered in a class action brought by a non-profit group representing farm workers against an agricultural employer, and required the defendant to do a wholesale review of its confidentiality designations, the protective order there prevented plaintiffs from using *any* discovery produced there for any purpose outside that action. Specifically, the "court's [protective] order requires 'Plaintiffs' counsel' to seek court permission before using in other advocacy discovery obtained in the class

action." *Fierro Cordero v. Stemilt AG Servs*., LLC, 142 F.4th 1201, 1205 (9th Cir. 2025). That restraint was imposed by the district court without a case-by-case showing of good cause and was an abuse of Rule 26.[2] That too is not what is at issue here.

Having said that, I recognize the public interest in and valuable historical record of the discovery produced in this proceeding. Both the opt-out plaintiffs and defendants point out that as part of settlement agreements of actions that were not within this MDL, state Attorneys General and JLI agreed to file in a repository maintained at the University of California, San Francisco ("UCSF") documents produced as discovery in this case that were generally created before September 14, 2019. *See* Mot. at 4-5; JLI Oppo. at 5-7. While the settlement agreement provisions varied, many allowed Attorneys General to request inclusion of documents post-dating September 14, 2019, and JLI was allowed 12 to 16 months to review the productions and redact or withhold attorney-client privileged, trade secret, confidential tax information and personnel information, and third party information from the productions. *Id*. The Attorney Generals often retained the ability to challenge defendants' withholdings and redactions, but the time to make those challenges has passed. JLI Oppo. at 7. In addition, Altria was required to publicly disclose its discovery in this MDL as a result of the June 19, 2023, order by Judge Friedman in *United States of America v. Philip Morris USA, Inc*., Case No. 99-2496 (D.D.C., June 19, 2023). The result is that millions of records from this MDL are now publicly available, although according to JLI, at least five million of the ten million documents it produced in the MDL remain "not publicly accessible." JLI Oppo. at 7.

With their reply, the opt-out plaintiff submit a letter from UCSF Librarian Chris Shaffer. Dkt. No. 4525-2. Shaffer argues there are "compelling reasons" to allow "deposition transcripts, and other key documents" from the MDL proceedings to be made public, and attests to the value

---

[2] *See Fierro Cordero*, 142 F.4th at 1207 ("the district court entered a broad and undifferentiated order prohibiting Columbia from using any information and documents obtained in discovery in this case without prior approval from the district court. The order included only a brief explanation and no finding of good cause to support this prohibition. The district court did not identify any prejudice or particularized harm that would result from Columbia's use of or public access to particular documents or information, and it did not balance the relevant interests against any potential harm. We therefore conclude that the district court erred in thus restricting Columbia's use of information and documents obtained in this litigation.").

of having these and other documents (from prior tobacco-related settlements) publicly accessible for "public health research, education and policy." *Id*. In reply, opt-out plaintiffs reassert their request to force defendants to rereview the confidentiality of millions of documents. But they also suggest something of a compromise, arguing "[o]f all that discovery, the testimony of Defendants' founders, directors, and executives is the most important to the public, the least likely to contain protectable information, and the least burdensome to review," echoing part of the UCSF letter. Dkt. No. 4525 at 9.

The opt-out plaintffs' limited request is an appropriate one *under* the existing Protective Order. Weighing that narrowed request against the demonstrated high public interest and the discrete burden on defendants, it is GRANTED.

Within one hundred twenty (120) days of the date of this Order, defendants shall review any not already publicly disclosed deposition transcripts from the MDL of testimony from their founders, directors, and executives and identify any testimony and related exhibits that they contend should be withheld from production because it discloses trade secrets or similar information, or personal information that should remain confidential. To the extent any of that deposition testimony was played in open court, it may not remain confidential. To the extent any deposition testimony was filed with the court in support of a non-discovery motion, continued withholding would have to be justified under the compelling justifications standard and redetermined in light of the continuing high public interest in these records as supported by the Shaffer letter. The opt-out plaintiffs may challenge any proposed redactions, and after a meet and confer process that shall conclude within forty five (45) days of defendants' initial identifications, submit any remaining disputes to me for final resolution.

In sum, I do not find good cause to modify the Protective Order at the request of the opt-out plaintiffs. I do find good cause for the narrowed request discussed above that is supported by the Shaffer letter. This Order, of course, does not bind non-parties from seeking further unsealing of specifically identified documents or well-defined categories of documents at any point in the future. As noted above, the Ninth Circuit has adopted a different analysis that would apply to any

such request.[3]

**IT IS SO ORDERED.**

Dated: November 13, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California

[3] JLI's administrative motion to file exhibits containing examples of information it argues should remain under seal is DENIED as MOOT. I have not considered those exhibits in ruling on this motion because I am not reaching whether any particular document merits continued protection as either non-filed discovery material or material filed in connection with a motion. As I did not consider the documents, they may remain locked from public view.