UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**In Re: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation**

This document relates to:
*Sedgwick v. Juul Labs, Inc., et al.*

Case No. 20-cv-03882-WHO

**ORDER OF TRANSFER**

This is one of seven personal injury cases that opted out of the Global Settlements reached in December 2022 and May 2023. Pursuant to Case Management Order ("CMO") Nos. 17 & 19, the opt-out plaintiffs were required to produce records related to their claims and damages, including plaintiff specific expert reports, and to identify third-parties who might have similar records in their possession. The parties were then required to attend a settlement mediation with Settlement Master Thomas Perrelli.

As the mediation efforts were unsuccessful in the seven cases, the parties proceeded to the "Additional Discovery" period to seek case-specific discovery, including depositions of the plaintiffs, fact witnesses, and healthcare providers. CMOs Nos. 17 & 19 contemplated that the parties would file summary judgment and *Daubert* motions. Dkt. Nos. 3780, 4112 in 19-md-02913. Because I granted defendants' request and ordered plaintiffs to file long-form complaints, the motions that were filed by defendants included motions to dismiss, motions for judgment on the pleadings, and motions for partial summary judgment. *See* Dkt. Nos. 70-72 in Case No. 19-cv-06344.

In November 2025, I heard argument and issued rulings on the final set of defense motions directed to these opt-out plaintiffs' claims. I have ruled on the cross-cutting issues and deferred

United States District Court
Northern District of California

any remaining state law questions to the recipient court. I have resolved some additional discovery issues. Any remaining issues with respect to those discovery disputes, including securing agreement to and compliance with third-party subpoenas, may be resolved by the recipient court. This case is now ready for transfer and a Remand or Transfer Memorandum is attached for the recipient court's reference.

As this case was Direct Filed in this Court, and plaintiff indicated that in absence of the Direct Filing Order he would have filed in the Northern District of Georgia (*see* Dkt. No. 1), it is ORDERED that this case is transferred to the United States District Court for the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

Dated: November 18, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**In Re: Juul Labs, Inc., Marketing, Sales Practices, and Products Litigation**

Case No. 19-md-02913-WHO

**REMAND OR TRANSFER MEMORANDUM**

In October 2019, the United States Judicial Panel on Multidistrict Litigation created this MDL for federal court cases in which plaintiffs alleged that JUUL Labs, Inc. ("JLI") marketed its JUUL nicotine delivery products in a manner designed to attract minors, that JLI's marketing misrepresented or omitted that JUUL products are more potent and addictive than cigarettes, that JUUL products are defective and unreasonably dangerous due to their attractiveness to minors, and that JLI promotes nicotine addiction. The MDL cases fell into four categories: (1) consumer class actions; (2) personal injury cases; (3) government entity cases; and (4) tribal entity cases. In addition to JLI, the defendants included Altria Group, Inc. (and related entities, collectively "Altria"), current and former managers and directors of JLI, and numerous retailers, distributors, and "E-Liquid" producers. Approximately 5,570 separate actions were transferred to or direct filed in the MDL.

I mandated the use of a Consolidated Class Action Complaint, a Master Personal Injury Complaint, and exemplar Government Entity Complaints. I approved Direct Filing and the use of Short Form Complaints to provide defendants with more information specific to each MDL personal injury plaintiff. *See* Dkt. Nos. 405, 966.

Substantial discovery occurred. I required the different categories of plaintiffs to submit plaintiff fact sheets. *See* Case Management Orders ("CMO") at Dkt. Nos. 406, 995, 1038, 1075,

1547, 1901. I selected 24 separate bellwethers from the four case categories, and allowed full discovery for the bellwether plaintiffs. By the close of general, non-case specific discovery in August 2021, defendants had produced more than 39 million pages of documents for review. More than 190 third-party subpoenas had been responded to. More than 150 defense depositions were taken. Expert discovery was extensive, covering topics including the nature and impact of nicotine addiction, the functioning of the JUUL device, the marketing of JUUL, the regulatory landscape impacting JUUL, the econometric models of economic loss damages, and expert opinions regarding Altria's role. More than 50 generic or bellwether-specific experts prepared reports and were deposed.

Motion practice was extensive. I decided multiple rounds of motions to dismiss. *See* Dkt. Nos. 1084, 1694, 2802. I granted the motion for class certification of the consumer claims and ruled on summary judgment motions for the claims of the leading personal injury bellwether (B.B., whose case was active to the eve of trial), and for the claims of the San Francisco Unified School District government bellwether. *See* Dkt. Nos. 3083, 3911. I heard and decided multiple general and case specific Rule 702 expert motions. *See* Dkt. Nos. 3270, 3327, 3911, 3958.

JLI entered into a global settlement in December 2022 on behalf of itself, its manager and directors, the retailer and distributor defendants, and the eLiquid defendants. Dkt. No. 3690. The Altria defendants were not included. JLI's global settlement resolved the claims of the class, personal injury, and governmental injury plaintiffs.

The bellwether government entity case brought by the San Francisco Unified School District proceeded to trial against Altria in April 2023. Dkt. No. 3911. I decided motions in limine and motions to strike, and ruled pretrial on innumerable evidentiary objections in depositions. Three weeks into the trial, just before Altria was to begin its defense case, lead plaintiffs and the Altria Group entities reached a settlement that covered the class, personal injury and government entity cases. The final settlement with Altria, which also included the pending tribal cases, was executed in May 2023. Dkt. No. 4289.

After each global settlement was announced, I entered further Case Management Orders (Nos. 16 & 17 (JLI) and 18 & 19 (Altria). These CMOs implemented certain provisions of the JLI

& Altria settlements, mandating deadlines by which personal injury and government entity plaintiffs had to elect to participate in the settlements, setting up procedures where "non-communicating" plaintiff cases would be dismissed with prejudice, setting out additional requirements, and permitting a discovery schedule that would apply to any opt-out plaintiffs. Dkt. Nos. 3714, 3780 (CMO No. 17), 4111, 4112 (CMO. No. 19).

Of the roughly 5,570 cases in the MDL, today only seven remain to be remanded or transferred. The plaintiffs in each of these cases are represented by the Schlesinger Law Office. The defendants are JLI, Altria, and individuals Valani, Pritzker, Huh, Bowen, and Monsees. After the MDL settlement process was exhausted, in May 2024, I ordered each opt-out plaintiff to submit a longform complaint, adding specificity to their particular claims. Dkt. No. 4254. I addressed a number of discovery disputes during the Additional Discovery period permitted for opt-out cases under CMO Nos. 17 & 19. After that period was concluded – during which plaintiffs (and their parents and friends) were deposed and plaintiffs provided Rule 26 expert reports, but no independent medical exams (IMEs) or further expert discovery was completed – I notified the parties that I did not intend to try the remaining cases and would send them back to the states where plaintiffs filed them or indicated they would have filed them absent the Direct Filing Order.

Given my decision not to try the cases, I also decided that I would avoid deciding state law issues or other matters that would be in the bailiwick of the trial courts. I did want to decide any cross-cutting motions to streamline the cases. *See* Dkt. Nos. 4236, 4254, 4278, 4354, 4375, 4397, 4406. I heard defendants' final set of motions with respect to the opt-out plaintiffs on October 31, 2025. I ruled on those motions and some further discovery disputes, and these cases are ready to be remanded or transferred to the jurisdictions where they were filed or would have been filed absent my Direct Filing Order. *See* Dkt. No. 4447 and Orders posted in each opt-out case.

I will of course be happy to discuss any matters related to the MDL with the trial courts if desired. I have a few general observations that may or may not be useful. First, an enormous amount of discovery was accomplished in the MDL, and I am skeptical that any further common discovery from defendants is needed if it could have been taken prior to the general discovery

deadline of August 30, 2021. The trial courts will need to decide what, if anything, occurred after that date that is relevant to the cases in front of them. Second, it is likely that each side will have overlapping experts in the seven cases—the parties should be encouraged to cooperate and collaborate to create an efficient and non-burdensome system to address scheduling and resolution of disputes. Third, I have tried to avoid deciding issues of state law, including the conduct of IMEs; some case specific discovery remains. I have encouraged the parties to continue their case specific discovery during the transition to the trial courts. The trial courts may wish to require counsel to promptly prepare a Joint Status report in their cases that describes any remaining discovery and to propose a tight schedule to get the case ready for trial. Each of the cases has been waiting a long time for resolution.

Dated: November 18, 2026

William H. Orrick
United States District Judge